UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC., CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **PRETRIAL ORDER NO. 1** |

The Judicial Panel on Multidistrict Litigation ("the Panel") has transferred to this Court certain lawsuits relating to the allegations about misuse of Facebook user data. The Court orders as follows:

1. **Applicability of Order.** The provisions of this Order shall govern the practice and procedure in the actions transferred to this Court for pretrial proceedings as part of MDL No. 2843. This Order also applies to all related cases filed in the Northern District of California and all "tag-along" actions later filed in, removed to, or transferred to this Court. *See* Panel Rule 1.1(h).

2. **Consolidation.** The civil actions governed by this Order are consolidated for pretrial purposes. Any tag-along action transferred to this Court or filed in this District will be automatically consolidated with this action without the need for future motions or orders. Pretrial consolidation does not mean the actions should be consolidated for trial, nor does it make any entity a party to an action in which it wasn't named, served, or added in accordance with the Federal Rules of Civil Procedure.

To facilitate consolidation, all parties to this MDL must notify the Panel of any related or tag-along action of which they are or become aware.  *See* Panel Rules 7.1, 7.2.

3. **Master docket file.**  The Clerk of Court will maintain a master docket case file under the style "In Re: Facebook, Inc., Consumer Privacy User Profile Litigation" and the identification "MDL No. 2843."  When a pleading applies to all actions, this shall be indicated in the caption by the words "This document relates to: ALL ACTIONS."  When a pleading applies to only certain actions, this shall be indicated in the caption by the words "This document relates to: [individual case(s), as identified by this Court's case number(s)]."

4. **Filing.**  Each attorney of record must become a Northern District of California ECF user with a user ID and password.  If counsel has not already done so, counsel must register immediately and be issued a user ID and password.  Forms and instructions can be found on the Court's website at www.cand.uscourts.gov/cm-ecf.

All documents must be filed in the master docket, 18-md-02843.  Documents that pertain to only certain actions must also be filed in the individual cases to which the document pertains.

5. **Appearances.**  Counsel who appeared in a transferor court prior to transfer don't need to enter an additional appearance before this Court.  Attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this MDL.  The requirements of Northern District of California Civil Local Rule 11-3, including the requirement to retain local counsel, are waived.  Counsel are advised that the Court typically requires in-person as opposed to telephonic appearances for those wishing to participate at a hearing.  Counsel should consult the Standing Order for Civil Cases Before Judge Chhabria.

6. **Lead counsel.**  The Court anticipates appointing a plaintiffs' lead counsel to coordinate and conduct pretrial activities, and to communicate with all other counsel.  The Court requires individual applications, and any attorney who has filed an action in this MDL may apply.  Applications must be filed in the master docket by Thursday, June 21, 2018.  Courtesy chambers copies are not required.

Each attorney's application must include a resume not exceeding two pages and a letter

not exceeding three pages.  The letter should address:

    i. professional experience with MDLs and with the subject matter of this litigation;

    ii. familiarity with the claims before the Court;

    iii. present and future ability to commit to time-consuming litigation;

    iv. ability to work cooperatively with others;

    v. resources available to prosecute this litigation in a timely manner; and

    vi. ability to maintain reasonable fees and expenses.

Applications may also include an attachment indicating the names of other counsel who have filed cases in this MDL and who support the applicant's appointment as lead counsel.

Responses or objections must be filed in the master docket by Thursday, June 28, 2018. Courtesy chambers copies are not required.

Applicants and objectors will have the opportunity to address the Court briefly in person at the initial case management conference.  The Court will appoint lead counsel as soon as possible thereafter.

    7. **Initial case management conference.**  An initial case management conference will be held Wednesday, July 18, 2018, at 9:30 am, in Courtroom 4, 17th Floor, 450 Golden Gate Avenue, San Francisco, California.

The case management conference will include discussion of the following matters:

    i. The appointment of lead counsel for the plaintiffs, and any further needs for organizational structure.  (The Court is tentatively of the view that nothing is needed by way of structure other than lead counsel.)

    ii. The schedule for adjudication of any motions relating to the pleadings, and for discovery.

    8. **Case management statements.**  The defendant shall attempt to file a single, consolidated case management statement, but if they are unable to do so they may file separate case management statements no later than June 29, 2018.  The plaintiffs also shall attempt to file a single, consolidated case management statement, but if they are unable to do so they may file

separate case management statements, no later than July 6, 2018.

The content and formatting requirements of the Standing Order for All Judges of the Northern District of California are waived.  However, the parties are encouraged to include in their statements any information required under that order that remains applicable to case management in this MDL.

9.     **Conference appearances.**  Counsel intending to participate at the initial case management conference must appear in person.  Plaintiffs with similar interests may, without waiving defenses or affecting future representation, agree on a single attorney to attend the conference on their behalf.  Those not actively participating in the conference may listen to it through CourtCall.  CourtCall access can be arranged by calling (866) 582-6878 no later than noon on July 16, 2018.

10.     **Pending motions.**  All pending motions must be renoticed once the Court sets a schedule for such motions.  Any orders previously entered by a transferor court — including protective orders — shall remain in effect until this Court orders otherwise.

11.     **Preservation of evidence.**  All parties and counsel are reminded of their duty to preserve evidence that may be relevant to this action, including electronically stored information.  Any evidence-preservation order previously entered in any of the transferred actions shall remain in effect until this Court orders otherwise.  Until the parties reach an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation.  Counsel, as officers of the court, must exercise all reasonable efforts to notify parties and nonparties, including the employees of corporate or institutional parties, of their preservation obligations.

12.     **Communication with the Court.**  Unless otherwise ordered, all substantive communication with the Court must be written and e-filed.

The Court recognizes that cooperation between plaintiffs' counsel and between defendants' counsel is essential for resolving complex litigation in an orderly and efficient manner.  To that end, sharing information between plaintiffs' counsel and between defendants'

counsel shall not be deemed a waiver of the attorney-client privilege or the work-product protection, and cooperation of this kind shall not be used against any plaintiff by any defendant or against any defendant by any plaintiff.

Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or work-product protection.

**IT IS SO ORDERED.**

Dated:  June 7, 2018

_____
VINCE CHHABRIA
United States District Judge