

June 21, 2018

Hon. Vince Chhabria
San Francisco Courthouse
450 Golden Gate Avenue, Courtroom 4, 17th Floor
San Francisco, CA 94102

**Re:** *In Re: Facebook, Inc., Consumer Privacy User Profile Litigation,*
Case No. 18-md-02843-VC

Dear Judge Chhabria:

I support the lead counsel application of Michael Sobol, of Lieff Cabraser Heimann & Bernstein ("LCHB"), my co-counsel in *Beiner v. Facebook*, 3:18-cv-1953-VC. I also support this Court's tentative decision to appoint a single Lead Counsel. Dkt. #2 at ¶7(i). However, given the complex issues involved in this litigation—including Facebook's technology, the potential for naming numerous unknown defendants, and the bankruptcy of one of the existing defendants—this litigation likely will involve multiple, concurrent tracks moving forward. To prosecute the case efficiently and effectively, I respectfully submit that the interests of the Plaintiffs and the proposed Class may be served best by appointing Co-Lead Counsel, rather than a single Lead Counsel, as it may facilitate coordination of simultaneous efforts on multiple fronts. If the Court departs from its tentative decision and appoints an underlying leadership structure, I submit this letter applying for an appointment within that structure for my firm, Carney Bates & Pulliam.

### I.   Carney Bates & Pulliam's Experience with Data Privacy and Security Litigation

My firm and I have been at the forefront of data privacy and data security litigation in this judicial district and nationwide. Representative data privacy cases include:

- *Ebarle, et al. v. LifeLock, Inc.*, 3:15-cv-00258 (N.D. Cal., Judge Haywood S. Gilliam): As co-lead counsel with LCHB, we secured a $68 million class action settlement of claims that LifeLock made material misrepresentations concerning its identity protection services and the security of its data.

- *Matera, et al. v. Google, Inc.*, 5:15-cv-04062-LHK (N.D. Cal., Judge Lucy S. Koh) As co-lead counsel with LCHB and Gallo, LLP, in an action involving allegations of violation of anti-wiretapping laws, we secured a class action settlement requiring Google to cease using content derived from email transmissions for user profiling and targeted advertising.

- *Campbell, et al. v. Facebook, Inc.*, 4:13-cv-05996-PJH (N.D. Cal., Judge Phyllis J. Hamilton) We served as co-lead counsel with LCHB in a class action involving allegations of email

519 W. 7th St.   |   Little Rock, AR 72201 |
p. 501-312-8500   |   f. 501-312-8505   |   tf. 888-551-9944
www.cbplaw.com

interception and violations of anti-wiretapping laws, winning certification of a 23(b)(2) injunctive-relief class and subsequently achieving a settlement requiring disclosures of and limitations on Facebook's interception and use of private message content.

- *Rushing, et al v. The Walt Disney Co., et al,* 3-17-cv-04419-JD (N.D. Cal., Judge James Donato); *Rushing, et al, v. Viacom, et al,* 3:17-cv-04492-JD (N.D. Cal.); *McDonald, et al. v. Kiloo APS et al*, 3:17-cv-04344-JD (N.D. Cal): We currently serve as co-lead counsel with LCHB in three related actions challenging twenty-four defendants' surreptitious tracking, profiling and targeting of tens of millions of children across the United States for commercial exploitation while they play popular, child-directed gaming apps.

- *Henson, et al. v. Turn*; 4:15-cv-1497-JSW (N.D. Cal., Judge Jeffrey S. White): We currently serve as co-lead counsel with LCHB in an action challenging defendants' practice of surreptitiously tracking and profiling Verizon subscribers through the use of "zombie cookies" – third-party tracking cookies designed to defeat users' efforts to delete them or otherwise prevent their placement on users' mobile devices.

In the context of data security litigation, we have represented financial institutions in MDL litigations involving some of the largest breaches in recent history:

- *In re Equifax Consumer Data Security Breach Litigation,* 1:17-md-02800-TWT: We were appointed to the Plaintiffs Steering Committee representing financial institutions in February 2018 in this active litigation.

- *In re: The Home Depot, Inc., Customer Data Security Breach Litigation*, 1:14-md-02583-TWT (N.D. Ga.): We served on the Plaintiffs' Steering Committee. A settlement, with a common fund of $25 million and an additional fund of $2.25 million for distribution to financial institutions whose claims were purportedly released by third-party sponsors, was granted final approval on September 22, 2017.

- *In re: Target Corporation Customer Data Security Breach Litigation*, 1:14-cmd-02522-PAM-JJK (D. Minn.): We served as counsel for the Lead Plaintiff Umpqua Bank. A settlement, valued at $39.4 million, was finally approved by the Court in May 2016.

**II.    Carney Bates & Pulliam's Familiarity With the Claims Before the Court**

My firm and I have been active in pursuing this case and framing its future. With our co-counsel LCHB, we filed the successful motion for transfer and consolidation before this Court. On May 3, 2018, the day after Cambridge Analytica announced that it was filing for bankruptcy, we filed a joint stipulation ensuring the preservation of documents and evidence. Our commitment to this case is also demonstrated by our lead client, Theresa Beiner, who serves as Dean and the Nadine Baum Distinguished Professor of Law at the William H. Bowen School of Law, University of Arkansas, Little Rock. Dean Beiner has demonstrated interest in, commitment to, and sophisticated understanding of the important privacy and autonomy issues at stake in this litigation.

Carney Bates & Pulliam has extensive experience in highly technical, and case-specific, aspects of this litigation. In prior litigation, the firm conducted extensive review of Facebook's

source code and developed a detailed understanding the company's data-mining and data-sharing functionalities. Our forensic analyses and experience extend beyond Facebook's platform, leaving Carney Bates & Pulliam with a strong grasp of the complex issues related to the mechanisms for collecting and storing personal data and sharing that data with third parties, as well as an understanding of how to fashion relief that secures unlawfully obtained data.

Finally, I am a member of the California Bar and am closely familiar with the rules and customs of practice in this district. Although I moved home to Little Rock to be closer to family, I started my legal career here (with Earthjustice and Shute Mihaly & Weinberger in San Francisco), and despite having a national practice, I maintain a significant professional presence in the Bay Area, as demonstrated by the data privacy cases summarized above.

### III. Carney Bates & Pulliam's Ability to Prosecute this Action in an Efficient, Cooperative and Timely Manner

My firm's approach to even the most complex cases places great emphasis on efficiency of prosecution. In each of the five data privacy cases in this district highlighted at beginning of this letter, all or virtually all, of the work was done by two firms (three firms in the *Google* litigation), with my firm responsible for a corresponding portion of the work and financial commitment. We are prepared to provide that same commitment in a streamlined leadership team in this litigation.

In our experience, a lean prosecution team begets efficiency, efficiency begets prioritization, which in turn begets critical thinking and strategizing. Efficient litigation and swift prosecution are particularly important in the data privacy area, where injunctive relief is as critical as monetary relief. Given the speed with which industry norms and practices evolve, for injunctive relief to be meaningful it is critical to achieve it swiftly. That said, we are also mindful of the need to push cases to completion to achieve meaningful results and understand that some cases take longer to resolve. One example of staying power achieving excellent results is a recently-settled case (June 2018), *Williams v. State Farm Mutual Automobile Insurance Company*, 4:11-cv-00749-KGB (E.D. Ark.), in which we were one of two lead firms, litigated for roughly seven years, and achieved a common fund of $21.7 million with 7,635 individuals receiving 100% recovery plus 6 percent prejudgment interest while releasing no claims or rights (other than named plaintiffs).

We have worked with many of the firms in this litigation in other MDL contexts, including but not limited to the data breach MDL cases highlighted above. In whatever the capacity or title, we are deeply committed to this litigation and want to have a meaningful role in it. We have the conviction, background, and experience to prosecute this case efficiently, cooperatively, and successfully.

Sincerely,

Hank Bates