# EXHIBIT C

# BILLING AND EXPENSE PROTOCOL

1. Interim Co-Lead Counsel will be responsible for collecting monthly common benefit time and expense submissions, auditing such submissions for compliance with the directives set forth in this Order, and informing counsel when their submissions do not comply. Interim Co-Lead Counsel's auditing responsibility notwithstanding, the ultimate determination of what is compensable common benefit work, and the extent or rate at which it is compensable, is within the purview of the Court. In the event that counsel is unsure if the action they are about to undertake is considered common benefit work, they shall ask Interim Co-Lead Counsel in advance as to whether such time may be compensable. The following guidelines shall be followed and adhered to at the discretion of Interim Co-Lead Counsel. Each firm must submit to Lead Counsel summary time reports on a monthly basis by the 15th of the following month.

2. Lodestar shall be reported using current billable rates and each timekeeper must be identified as one of the following: (P) Partner, (O) Of Counsel, (A) Associate, (LC) Law Clerk, (PL) Paralegal, (C) Contract Attorney or (F) Foreign Language Specialist.

3. Computer-generated time reports substantiating the information set forth in the monthly time reports shall be maintained by each firm, but shall only be submitted if and when requested by Interim Co-Lead Counsel.

4. All time must be accurately and contemporaneously maintained and recorded in tenth of an hour. "Block billing" is not permissible. Each time entry must be specific as to the purpose and scope of the work performed.

5. Read and review time may not be billed, except to the extent it is necessary to perform a specific assignment from Lead Counsel. Unnecessary appearances at hearings or depositions also shall not be billed, unless expressly authorized by Interim Co-Lead Counsel.

6. Hourly billing rates must be reasonable, and must be the same hourly rate normally charged by that timekeeper for similar work for clients who pay by the hour, or, if the firm works only or primarily on contingent matters, the hourly rate must be the rate previously approved by a court as part of a fee petition (including when such rates are

submitted as part of a lodestar cross-check) or be reasonable compared to comparable hourly rate for lawyers in the forum city with comparable experience for comparable tasks.

7. Attorneys assigned to work on projects must have an appropriate level of experience suitable for the task. Partners and shareholders should not bill substantial time better suited for associates, and associates should not bill substantial time for work better suited for paralegals.

8. Time spent recording or monitoring time should not be included. Similarly, time devoted to internal filing or other ministerial tasks should not be included.

9. Use of contract attorneys must be approved in advance by Lead Counsel. The hourly rate for document review will be capped at $350/hour.

10. Travel time should be billed only up to 50%, unless, and to the extent that the timekeeper is working on the case during the travel time.

11. For attorneys assigned to document review, no daily entry should exceed 7.5 hours.

**EXPENSE PROTOCOL**

12. Every expense entry should be as detailed and specific as reasonably practical.

13. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket," "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient, for they fail to describe the purpose of the activity. Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to common benefit work. For example: What was filed and on behalf of whom? Who was served with what document and on behalf of whom? What hearing transcript was requested and for what purpose? For whom was the plane ticket purchased, for air travel from where to where, on what dates of travel? Similar particularity is required for expenses associated with hotels, taxis, car services, tips, meals, and any other travel-related expenses. Expense entries without sufficient detail may be disapproved at Lead Counsel's discretion.

14. Each firm must submit summary expense reports to Lead Counsel on a monthly basis with any time keeping, on the 15th of the month following the month in which the expenses are incurred. Actual invoices substantiating the information set forth in the monthly expense reports shall be maintained by each firm but shall only be submitted if and when requested by Lead Counsel.

15. All expenses for the period from inception through appointment of lead counsel shall be reported no later than 60 days following entry of this Order. Thereafter, monthly expense reports must be submitted by the 15th of the following month.

16. All expenses must be reasonable in amount and related to an assigned task and supported by documentation.

17. Caps on travel expenses: First or business class air fare is not permitted for domestic flights. Hotel accommodations may not exceed $400 per night.

No dinner may exceed $75.00 per person; for other meals, the limit is $35.00. Incidentals (hotel mini-bar, laundry, movies, etc.) are not to be charged to the case.

18. General firm overhead expenses must be excluded.

19. Internal copying shall not exceed $.20 per page.