

## AHDOOT & WOLFSON, PC
### ATTORNEYS

## Tina Wolfson, Founding Partner

Ms. Wolfson was born in the former Soviet Union and her family escaped when she was eleven. Seven years after her family arrived to the United States as indigent political refugees, without speaking any English, she attended Columbia College and graduated *cum laude*. She then attended and graduated Harvard Law School *cum laude* in 1994. Ms. Wolfson began her civil litigation career at the Los Angeles office of Morrison & Foerster, LLP, where she defended major corporations in complex actions and represented indigent individuals in immigration and deportation trials as part of the firm's *pro bono* practice. She then gained further invaluable litigation and trial experience at a boutique firm, focusing on representing plaintiffs on a contingency basis in civil rights and employee rights cases.

In March 1998, Ms. Wolfson and Robert Ahdoot founded AW. AW is a nationally recognized firm specializing in advocating consumer and employee rights. The attorneys at AW are experienced litigators who have vindicated the rights of millions of consumers or employees in protracted, complex litigation, to successful results. AW has been appointed class counsel in numerous class actions, and, as a founding member, Ms. Wolfson has extensive experience in prosecuting complex class action and representative lawsuits. She has served as plaintiffs' counsel/co-counsel or class counsel and litigated numerous class actions or representative actions against large corporate defendants involving varied consumer rights claims, with an emphasis on privacy rights.

Ms. Wolfson has been prosecuting cutting edge privacy cases on behalf of consumer classes since the late 1990's. She was among the first group of attorneys who successfully litigated the privacy rights of millions of consumers against major financial institutions (Chase Manhattan Bank, American Express, MBNA America Bank, Discover Bank, and Washington Mutual Bank, among others) based on the compilation and sale of detailed personal financial data to third party telemarketers without the consumers' consent. While such practices later became the subject of Gramm-Leach-Bliley Act regulation, at the time we were prosecuting these cases before the Hon. Richard R. Kramer (Ret.) in the complex department of San Francisco Superior Court, such practices were hidden from public scrutiny.

Ms. Wolfson and AW have extensive experience in leadership roles prosecuting consumer data breach and privacy class actions, including consolidated multidistrict litigation. Ms. Wolfson is currently serving as appointed co-lead counsel managing a PSC of six firms in the *Experian Data Breach Litig.*, No. 8:15-cv-01592-AG-DFM (C.D. Cal.), arising from a data breach disclosing the sensitive financial information of over 15 million T-Mobile customers, in which the parties recently reached a settlement in principle. In *The Home Depot, Inc., Customer Data Sec. Breach Litig.*, No. 1:14-md-02583-TWT (N.D. Ga.), Ms. Wolfson served, by court appointment, on the consumer PSC, which resulted in a $29 million settlement fund and as robust injunctive relief to the consumer class.

In *Remijas v. Neiman Marcus Group, LLC*, 794 N.E.3d 688 (7th Cir. 2015), Ms. Wolfson and AW were responsible for briefing and arguing the groundbreaking appeal from the trial court's order, which had granted the motion to dismiss on the pleadings based on lack of Article III standing. The Seventh Circuit's opinion was its first to address the Supreme Court's decision in *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013), rejecting *Clapper*'s view and establishing that data breach victims have standing to pursue claims based on the increased risk of identity theft and fraud, even before that theft or fraud materializes. The final approval motion of a class settlement is currently pending in this matter.

Ms. Wolfson and AW secured a class settlement in the *YapStone Data Breach* case, No. 4:15-cv-04429-JSW (N.D. Cal.), which included credit monitoring and identity theft services valued at approximately $4.5 million annually in perpetuity, a non-reversionary fund to non-profit organizations, and injunctive relief requiring YapStone to implement substantial data security measures. AW also contributed considerable effort to vetting hundreds of potential class representatives, legal research involving the different state laws in play, the consolidated complaint, and significant discovery efforts in the *Target Corp. Customer Data Sec. Breach Litig.*, No. 0:14-md-02522-PAM (D. Minn.), where a revised settlement agreement and final approval was recently affirmed by the 7th Circuit. Ms. Wolfson also served by appointment on the Executive Committees in consolidated class actions claiming violations of the California Confidentiality of Medical Information Act ("CMIA"). *Whitaker v. Health Net*, No. 2:11-cv-00910-KJM (E.D. Cal.); *Sutter Medical Information Cases*, No. JCCP 4698 (Cal. Super. Ct., Sacramento Cty.).

In the *Premera Blue Cross Customer Data Sec. Breach Litig.*, No. 15-md-02633-SI (D. Or.), Ms. Wolfson is currently serving, by court appointment, on the Executive Committee after a contested leadership application and hearing. In the *U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, No. 1:15-mc-01394-ABJ (D.D.C.), she is currently serving, by court

appointment, on the PSC, also after a contested leadership application and hearing; the court's order of dismissal is on appeal to the D.C. Circuit. Ms. Wolfson also is serving in leadership and executive committee roles in numerous other class actions arising from data breaches. *Gordon v. Chipotle Mexican Grill, Inc.*, No. 1:17-cv-01415-CMA-MLC (D. Colo.) (co-lead counsel for putative consumer class arising from nationwide restaurant data breach); *Adlouni v. UCLA Health Sys. Auxiliary*, No. BC589243 (Cal. Super. Ct. Los Angeles Cty. ("LASC")) (appointed to PSC for plaintiff class allegedly impacted by university medical data breach; settlement in principle pending); *L.D. v. Torrance Mem'l Med. Ctr.*, No. BC670591 (LASC) (co-lead counsel in consolidated class action arising from private hospital's medical data breach); *S.A. v. Wash. State Univ.*, No. 17-2-23244-1 SEA (Wash. Super. Ct., King Cty.) (co-lead counsel in consolidated class action arising from data breach of personal information from state research storage facility).

Ms. Wolfson and AW are also serving as plaintiffs' counsel in consumer privacy rights cases involving the right to control the collection and use of biometric information, successfully opposing motions to dismiss based on lack of standing. *Rivera v. Google, Inc.*, No. 1:16-cv-02714 (N.D. Ill.); *Monroy v. Shutterfly, Inc.*, No. 1:16-cv-10984 (N.D. Ill.). AW has also enjoyed success in cases prosecuting consumer rights pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA"). *Chimeno-Buzzi v. Hollister Co*, No. 1:14-cv-23120-MGC (S.D. Fla.) (Hon. Marcia G. Cooke) ($10 million non-reversionary fund and significant injunctive relief settlement); *Melito v. American Eagle Outfitters, Inc.*, No. 1:14-cv-02240-VEC (S.D.N.Y.) ($14.5 million non-reversionary settlement; final approval under appeal).

In addition to privacy-related class actions, AW has been appointed lead counsel in numerous other complex consumer class actions. In *Eck v. City of Los Angeles*, No. BC577028 (LASC), AW was appointed Class Counsel in a $295 million finally-approved settlement arising from the City's alleged violations of California's Propositions 218 and 26. In *Kirby v. McAfee, Inc.*, No. 14-cv-02475-EJD (N.D. Cal.), AW was appointed co-lead class counsel in a case arising from McAfee's auto renewal and discount practices; the settlement made $80 million available to the class and required McAfee to notify customers regarding auto-renewals at an undiscounted subscription price and change its policy regarding the past pricing it lists as a reference to any current discount.

In *Pantelyat v. Bank of Am., N.A.*, No. 1:16-cv-08964-AJN (S.D.N.Y.), AW is serving as counsel for plaintiffs in a class action arising from allegedly improper overdraft fees; preliminary approval of a $22 million class settlement is pending, representing approximately 80% of total revenues gleaned by the bank's alleged conduct. In the *Lumber Liquidators Chinese-Manufactured Flooring Durability Mktg. & Sales Practices Litig.*, No. 1:16-md-02743-AJT-TRJ (E.D. Va.), AW is serving as class counsel arising from alleged misrepresentations of laminate flooring durability, which is coordinated with MDL proceedings regarding formaldehyde emissions; the parties' $36 million settlement has been preliminarily approved. In *McKnight v. Uber Techs., Inc.*, No. 3:14-cv-05615-JST (N.D. Cal.), AW is serving as plaintiffs' counsel arising from "safe ride" fees charged to Uber customers, in which a settlement for $32.5 million is pending final approval. In *Smith v. Floor & Decor Outlets of Am., Inc.*, No. 1:15-cv-04316-ELR (N.D. Ga.), AW served as plaintiffs' counsel for a $14 million class settlement arising from alleged toxic emissions from flooring.

Ms. Wolfson's success as class counsel in many other matters has conferred millions of dollars in benefits and injunctive relief to the class. *E.g., Skeen v. BMW of N. Am., LLC*, No. 2:13-cv-01531-WHW-CLW (D.N.J.) (arising from MINI Coopers with allegedly defective timing chain; uncapped settlement fund for warranty extension, reimbursement for repairs, and compensation for sale at a loss); *In re: Uber FCRA Litig.*, No. 3:14-cv-05200-EMC (N.D. Cal.) (final approval pending for $7.5 million settlement, including injunctive relief guaranteeing Uber's compliance with FCRA background check requirements); *Cassidy v. Reebok International Ltd.*, No. 2:10-cv-09966-AHM (C.D. Cal.) ($25 million nationwide settlement of apparel false advertising case); *Carey v. New Balance Athletic Shoe, Inc.*, Nos. 1:11-cv-10632-LTS & 1:11-cv-10001-LTS (D. Mass.) ($3.7 million nationwide settlement of apparel false advertising case); *Pappas v. Naked Juice Co. of Glendora, Inc.*, No. 2:11-cv-8276-JAK-PLA (C.D. Cal.) ($9 million nationwide settlement, with injunctive relief in the form of product labeling changes, and periodic audits to assure compliance with labeling representations); *Trammell v. Barbara's Bakery, Inc.*, No. 3:12-cv-02664-CRB (N.D. Cal.) ($4 million nationwide settlement of food false advertising case); *West v. ExamSoft Worldwide Inc.*, No. 14-cv-22950-UU (S.D. Fla.) ($2 million nationwide settlement arising from bar exam software error).

Ms. Wolfson frequently lectures on numerous class action topics across the country. Her notable speaking engagements include: Association of Business Trial Lawyers: "Navigating Class Action Settlement Negotiations and Court Approval: A Discussion with the Experts," Los Angeles May 2017, featuring Hon. Philip S. Gutierrez and Hon. Jay C. Gandhi; CalBar Privacy Panel: "Privacy Law Symposium: Insider Views on Emerging Trends in Privacy Law Litigation and Enforcement Actions in California," Los Angeles Mar. 2017 (Moderator), featuring Hon. Kim Dunning; Federal Bar Association: N.D. Cal. Chapter "2016 Class Action Symposium," San Francisco Dec. 2016 (Co-Chair), featuring Hon. Joseph F. Anderson, Jr. and Hon. Susan Y. Illston; Federal Bar Association: "The Future of Class Actions: Cutting Edge Topics in Class Action Litigation," San Francisco Nov. 2015 (Co-Chair & Faculty), featuring Hon. Jon S. Tigar and Hon. Laurel Beeler.