

Gordon M. Fauth, Jr. (Cal. SBN: 190280)
Direct telephone: (510) 238-9610
Direct e-mail: gfauth@finkelsteinthompson.com

June 21, 2018

The Honorable Vince Chhabria
UNITED STATE DISTRICT JUDGE
Phillip Burton Federal Building & United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:     Leadership Structure
                   In re Facebook, Inc., Consumer Privacy User Profile Litigation,
                   Case No. 18-md-02843-VC

Dear Judge Chhabria:

      I, Gordon M. Fauth, of the law firm of Finkelstein Thompson LLP ("FT" or the "firm"), respectfully submit this application for appointment as Interim Lead Counsel or, in the alternative, appointment to such position as deemed suitable by the Court. FT represents Christina Labajo in *Labajo v. Facebook, Inc. et al.*, No. 5:18-cv-02093 (N.D. Cal.), and I am the firm's lead attorney in this litigation.

      **I.**     **Professional Experience with MDLs and with the subject matter of this litigation**.

      I and my firm have decades of experience in successfully prosecuting consumer class actions. FT is an AV-rated firm with offices in San Francisco, California and Washington D.C. FT practices solely in complex litigation. Since 1993, FT has served in leadership positions in class cases that have recovered an aggregate of over one billion dollars for class members. (*See* resume attached as Exhibit A hereto.) FT was a pioneer in bringing data breach cases, including *Krottner v. Starbucks Corp.*, 628 F.3d 1139 (9th Cir. 2010) (co-lead counsel), where the Ninth Circuit found Art. III standing for persons whose data is taken in breaches such as the instant one. Other data breach cases include *In Re TJX Companies Retail Security Breach Litigation*, MDL 1838 (D. Mass.) ($200 million settlement achieved for victims of data breach); *In re Countrywide Financial Corp. Customer Data Security*, MDL 1998 (W.D. Ky.) (co-lead counsel; $6.5 million settlement fund and credit monitoring); *In re Heartland Payment Systems Inc. Customer Data Security Breach Litigation*, MDL 2046 (S.D. Tex.) (co-lead counsel); and *In re: Target Corporation Customer Data Security Breach Litigation*, MDL No. 14-2522 (PAM/JJK).

      FT has been recognized as adept at prevailing on complex, cutting-edge legal issues on behalf of consumers, and the firm's work has resulted in substantial recoveries and corporate changes in business practices. In *Lilly v. Jamba Juice Co., et al.*, Case No. 13-2998 JST (N.D. Cal.), in granting final approval of a class action settlement where the firm was appointed co-lead counsel, Judge Jon S. Tigar recognized the firm as specializing in class actions and stated that it had been a "total pleasure" to witness the

3201 NEW MEXICO AVENUE, NW • SUITE 395 • WASHINGTON, DC 20016 • TEL: 202.337.8000 • FAX: 202.337.8090 • TOLL-FREE: 877.337.1050

100 PINE STREET • SUITE 1250 • SAN FRANCISCO, CA 94111 • TEL: 415.398.8700 • FAX: 415.398.8704 • TOLL-FREE: 877.800.1450

WWW.FINKELSTEINTHOMPSON.COM



lawyering in the case before him. In *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009), in a published decision affirming a settlement of $49 million achieved by FT and its co-counsel in an antitrust class action, the Ninth Circuit expressly recognized that "counsel has considerable experience in litigating . . . class actions, and other complex litigation."

## II.     Familiarity with the Claims Before the Court.

Prior to filing the complaint in *Labajo et al. v. Facebook, Inc. et al.*, I conducted a thorough research of the issues and claims now before this Court, including examination of Facebook's evolving methods of operation, including the services Facebook provides to consumer members as well as the products it sells to advertisers and third-party data miners.

I researched the types of personal information consumer users entrust to Facebook; the protections affords such data; the representations Facebook makes to users; and the ways in which it allows such data to be accessed by third-party entities. I researched the manner in which Cambridge Analytica allegedly enlisted researcher Aleksandr Kogan to develop the ThisIsYourDigitalLife app to utilize Facebook's API to harvest the data of "consenting" Facebook users as well as the data of their circles of "friends."

I have intimate knowledge of the subject matter of this litigation; and I will be able to contribute meaningfully to the litigation as it moves forward.

## III.     Present and Future Ability to Commit to Time-Consuming Litigation.

I and FT are ready and willing to devote significant attorney time and financial resources to representing the interests of the consumer class in this litigation. The firm's attorneys and myself have considerable experience in successfully managing class action litigation; and have engaged in all aspects of complex litigation, including discovery, motion practice, class certification proceedings, summary judgment, trial, and the settlement process, in cases involving allegations of consumer fraud, data breach, securities and commodities fraud, and antitrust violations.

As shown by its accompanying resume, my firm has a proven track record of achieving outstanding results in many complex cases that took years to bring to fruition. Just a few of such cases include *In re Facebook, Inc., IPO Securities & Derivative Litig.*, (S.D.N.Y.) MDL No. 12-2389 (RWS) (Co-Lead Class Counsel; $26.5 million settlement achieved); *In re Natural Gas Commodity Litigation,* Case No. 03cv6186 (S.D.N.Y.) (Co-Lead Counsel, over $100 million achieved in settlements); *Rodriguez et al. v. West Publishing Corp. et al.,* Case No. CV-05-3222 R(MCx) (C.D. Cal.) (one of three firms appointed Class Counsel, obtained $49 million settlement);  *National Metals, Inc. v. Sumitomo Corp.,* Case No. 734001 (San Diego Sup. Ct.) (Co-Lead Counsel, $81 million achieved in settlements).

## IV.     Ability to Work Cooperatively with Others.

I and FT have worked professionally, civilly, and cooperatively with a diverse group of plaintiffs' counsel, as well as opposing counsel, to prosecute many large, multidistrict litigations efficiently and effectively. (*See* Exh. A.) We have a proven track record of working cooperatively with other counsel to



achieve litigation goals.[1] The Court can be assured that we are both capable and willing of serving effectively alongside any other counsel this Court may see fit to appoint to a leadership position.

If selected, my firm will contribute to the diversity of the attorneys working this case. The majority of FT attorneys are female and approximately half are of non-Caucasian descent, including African-American, Caribbean-American, and Asian-American ethnicities. Diversity in MDL counsel is increasingly recognized as beneficial where, as here, the attorneys will be representing a diverse nationwide class of consumers. *See e.g.,* Alyson Oliver & Reed Eriksson, Why Leadership Diversity In Litigation Is Crucial, Trial (Sept. 2014), https://law.duke.edu/sites/default/files/centers/judicialstudies/ panel_ 2-why_leadership_diversity_is_crucial_oliver_and_ reed_march.pdf (last visited 6/20/2018).

My application is endorsed by the attorneys listed in Exhibit B hereto.

**V.     Resources Available to Prosecute this Litigation in a Timely Manner**.

My firm possesses and is prepared to commit the professionals and capital necessary to take this case through pre-trial, trial and any appeals that may arise. The firm has attorneys in offices in Washington and San Francisco, and possesses substantial technology and other resources to support the litigation, including access to facilities to accommodate counsel meetings and depositions of witnesses.

As the firm has done in many other complex actions where it served in leadership capacities, FT will be able to fund the expenses of this litigation, which can be expected to require significant advances of costs by the firms that carry the litigation forward. FT has a long track record of funding long-term, complex litigation, and is prepared to do so here.

**VI.    Ability to Maintain Reasonable Fees and Expenses**.

FT is efficient in its use of attorney time and other resources. As is FT's customary practice, I would implement billing guidelines and efficiency protocols to ensure that duplicative billing is avoided. I would require all FT counsel authorized to work on this litigation to submit monthly time reporting. I would also personally review all bills to ensure compliance with the billing guidelines and efficiency protocols established in this case and would not charge the class for this time.

For the foregoing reasons, I respectfully request that the Court appoint me as Interim Lead Counsel in this litigation, or, alternately, to any other position, such the Plaintiffs' Executive Committee or the Plaintiffs' Steering Committee (if such are established), deemed appropriate by the Court.

> Sincerely yours,
>
> FINKELSTEIN THOMPSON, LLP
> /s/ Gordon M. Fauth, Jr.

---

[1] We invite the Court to review Finkelstein Thompson's full biography at www.finkelsteinthompson.com.