**Lieff**
**Cabraser**
**Heimann &**
**Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

June 21, 2018

Michael W. Sobol
Partner
msobol@lchb.com

**VIA ELECTRONIC FILING**

Hon. Vince Chhabria
United States District Court for the
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      RE:    *In re Facebook, Inc., Consumer Privacy User Profile Litigation*
                  *MDL No. 2843 VC*

Your Honor:

      Pursuant to Pretrial Order No. 1, I respectfully apply to serve as Lead Counsel.  As the chair of Lieff, Cabraser, Heimann & Bernstein, LLP's ("LCHB") Consumer Protection practice group for over fifteen years and, more recently, the chair of our firm's Cybersecurity & Data Privacy group, I have litigated novel and challenging consumer class actions, many concerning complex privacy issues.  I have had the opportunity to work closely with colleagues across the country, cooperatively coordinating efforts to further the interests of putative class members, many of whom support this application. (See Exhibit B.)[1]  I appreciate the commitment and significant resources necessary for effective leadership in this extremely important and undoubtedly precedent-setting case, and am eager to make that commitment and devote the resources of my law firm.

**Professional Experience With MDLs and With the Subject Matter of This Litigation**

      My professional experience with consumer class actions generally, and cases enforcing the privacy rights of consumers specifically, leaves me uniquely situated to lead this litigation.  During the past several years, I have engaged extensively in important and prominent privacy litigation to ensure that while technology inexorably advances, it does not compromise our traditional common law values of privacy.  Respectfully, I believe this case exemplifies that tension. My pertinent experience, including MDL leadership appointments in several significant consumer and privacy class actions, is listed in Exhibit A.

      I serve as co-lead counsel in *Campbell v. Facebook, Inc.*, No. 13-5996-PJH (N.D. Cal.), a class action alleging that Facebook violated federal and state privacy laws by virtue of its intercepting content in users' Private Messages.  After litigating the case through pleading challenges, the contested certification of an injunctive relief, 23(b)(2) class, and extensive discovery, including in-depth review of source code pertinent to that case concerning Facebook's collection and use of personal data, we achieved by settlement the goal of ensuring Facebook's cessation of the challenged improper uses of Private Message content.  This background provides

---

[1] While this support is welcome and significant, neither I nor LCHB have made any agreements of any sort with any of these lawyers regarding the structure of counsel or assignment of work on this, or any other, case in exchange for that support.  I have likewise supported many of my colleagues in their applications because I believe, based on my own experience and others' at my firm, the participation of any one of them would contribute positively to the representation of the plaintiffs.

Hon. Vince Chhabria
June 21, 2018
Page 2

me with a unique ability to quickly understand the technology specific to this case that is unmatched even by my esteemed and otherwise deeply experienced colleagues seeking a leadership position in this case.

I serve as co-lead counsel in *Matera v. Google Inc.*, No. 5:15-cv-04062 (N.D. Cal.). The settlement of that case, brought by non-Gmail users seeking injunctive relief and alleging unauthorized interception of their private email, resulted in business practice changes, which the court described as an "excellent outcome for this lawsuit." LCHB serves as appointed class counsel, and I have personally actively litigated, in *In re Google Inc. Street View Electronic Communications Litigation*, No. 3:10-md-021784-CRB (N.D. Cal.) alleging that Google equipped its "Street View" vehicles with software to collect personal data from homes within the range of the vehicles' Wi-Fi antennas. We reached a confidential settlement in that case. I also served as class counsel in *Perkins v. LinkedIn Corporation*, No. 13-04303-HRL (N.D. Cal.), alleging the improper harvesting and use of consumers' email addresses and other data for commercial purposes. The class settlement included changes to LinkedIn's business practices, as well as monetary relief of $13 million, which the court noted "provides more recovery to the Class than other settlements that have been approved in privacy cases in this district."

I have successfully litigated the privacy rights of consumers in data breach cases. I currently serve on the Plaintiffs' Steering Committee in *In re Anthem Inc. Data Breach Litigation*, MDL No. 2617 (N.D. Cal.), in which Judge Koh has preliminarily approved a $115-million settlement—by far the largest data breach settlement to date. I also served as co-lead class counsel in *Corona v. Sony* Pictures *Entertainment, Inc.* 2:14-CV-09660-RGK (C.D. Cal.), concerning a data breach of employees' personal information. The successful settlement structure innovated in that case (injunctive relief, credit monitoring services, and ability to claim out-of-pocket losses) is now the standard for data breach settlements.

LCHB's Cybersecurity & Data Privacy group is steadfastly committed to preserving consumers' privacy, and is pursuing other cutting-edge privacy cases. For example, we represent plaintiffs in lawsuits in the N.D. Cal. that call for an end to the industry-wide practice of embedding third parties' advertising software in children's gaming apps to exfiltrate personal information used to build data profiles of children in order to target them with advertising. *McDonald v. Kiloo ApS*, No. 3:17-cv-4344-JD (N.D. Cal.) (lead case). I also act for plaintiffs alleging that an internet marketing company violates users' digital privacy by installing software tracking beacons on smartphones with so-called "zombie cookies" that cannot be detected or deleted. *Henson v. Turn, Inc.*, No. 4:15-cv-1497-JSW (N.D. Cal.).

I have been recognized by Law360 as a 2017 Cybersecurity MVP, by the National Law Journal as a 2017 Cybersecurity & Data Privacy Trailblazer, and by the Daily Journal as a Top California Cybersecurity Lawyer for 2018. In 2017, Law360 also singled out the two practice groups at LCHB which I chair for 2017 Practice Group of the Year awards in the categories of Consumer Protection and Digital Privacy/Data Protection. I have been a Contributing Author to the National Consumer Law Center's treatise *Consumer Class Actions* for the past ten years. Over the course of my career, I have been honored to also achieve many successes in consumer cases in other areas of law, some of which are listed on my resume attached as Exhibit A.

**Familiarity With the Claims Before the Court**

On behalf of Plaintiffs in the *Beiner* Action, my firm, along with co-counsel, issued proceedings in one of the earliest-filed cases in this MDL. On May 3, 2018, the day after Cambridge Analytica announced its bankruptcy filing, we filed a joint stipulation, which this Court has entered as an order, requiring the preservation of evidence. Dkt No. 30. My firm and co-counsel also filed the initial motion to consolidate before the JPML, which I argued. MDL No.

Hon. Vince Chhabria
June 21, 2018
Page 3

2843, Dkt. No 1. Through this work, I have become intimately familiar with the breadth of claims asserted across the numerous actions in this MDL.

The claims in this MDL center on the invasion of consumers' privacy and autonomy. While I believe very strongly in the merits of Plaintiffs' claims here, as with other privacy litigation addressing similar interests, this case will present significant challenges. My ability to foresee those challenges at the outset, as informed by my prior experience in class actions and privacy litigation, my familiarity with claims similar to those before the Court, as well as the support and strengths of my colleagues, will inure to the class members' benefit.

### Ability to Work Cooperatively With Others

As one of the nation's largest plaintiff-only law firms, LCHB routinely works with large groups of plaintiffs' counsel, and, as reflected on Exhibit A, I have been fortunate to serve in some of those leadership roles. The successful results in those cases were achieved through a group effort spearheaded by effective, cooperative leadership. Indeed, LCHB often serves as co-counsel with many plaintiffs' counsel appearing in the related actions, and enjoys professional and congenial relationships with the plaintiff and defense firms involved in this MDL.

The complex issues involved in this litigation—including Facebook's technology, the potential for naming numerous unknown defendants, and the bankruptcy of one of the defendants—will likely require moving forward on multiple tracks concurrently. To prosecute the case efficiently and effectively, I respectfully submit that the interests of the class members may be served by appointing Co-Lead Counsel, rather than a single Lead Counsel, as it may facilitate the efficient and effective coordination of simultaneous efforts on multiple fronts.

### Resources Available And Ability to Maintain Reasonable Fees and Expenses

LCHB is a 70-plus lawyer AV-rated firm, founded over 40 years ago here in San Francisco, with offices in New York, Nashville, and Seattle. We are dedicated *solely* to representing plaintiffs and plaintiff classes. We have tried over a dozen class actions to verdict and obtained several billions of dollars for consumers. We will commit the human and financial resources necessary to prosecute this litigation to completion. We do not rely on third party litigation funding, and we repeatedly have contributed substantial sums in up-front assessments to fund the work of MDLs.

My firm has developed a work culture designed to minimize fees and expenses in the interest of the class. In cases where LCHB has served as lead counsel, it utilizes cutting-edge, bespoke in-house databases for time and expense submissions in MDLs that can generate reports that track lodestar and expenses by firms, dates, timekeepers, and type of work, which helps prevent duplication and ensure efficiency.

### Present and Future Ability to Commit to Time-Consuming Litigation

My experience in leadership roles in consumer class actions has given me an appreciation of the magnitude of time, energy, and resources necessary for effective leadership. I can confirm that my other current responsibilities allow me to make that commitment here, and that I have more than sufficient time to lead this case.

Respectfully,

Michael W. Sobol
**Lieff Cabraser Heimann & Bernstein, LLP**