

June 28, 2018

<u>Via ECF</u>
Honorable Vince Chhabria
United States District Judge

      Re:    MDL No. 2843 – *In re Facebook, Inc., Consumer Privacy User Profile Litigation*

Dear Judge Chhabria:

I write in support of my application for lead counsel. (Doc. 49.)

A common thread throughout the applications is that an attorney experienced in similar litigation should lead this case. In that regard, I write to update the Court on a development in *In re Vizio, Inc., Consumer Privacy Litigation*, MDL No. 2693 (C.D. Cal.). Earlier today, the parties announced a settlement-in-principle for class-wide monetary and injunctive relief, with further details to be publicized in the coming months. This multidistrict litigation, you may recall, concerns allegations that a manufacturer of internet-connected "smart" televisions captured second-by-second information about video displayed on millions of televisions, and then sold this data and information about consumers' digital identities to data brokers, without consumers' knowledge or consent. I am co-lead counsel for consumers.

There are stark parallels between *Vizio* and *Facebook*. Stripped to their essentials, the allegations in these cases are among the first to address what Harvard academic Shoshana Zuboff in 2015 coined "surveillance capitalism": the act of monetizing personal and behavioral data thorough real-time surveillance of consumers without their informed consent. These two particular companies, of course, have different business models and play different roles in the personal data industry. But the commercial model of aggregating and using data to facilitate predictive analytics, personalization, and measurement for marketing technologies—from online advertising to political communication to risk management—is fairly uniform across the personal data ecosystem. What's more, the broader infrastructure that enables real-time surveillance of consumers across various technologies, platforms, and databases is interlinked. This experience investigating relevant industries, technologies, contractual arrangements, and data flows—alongside technologists and privacy scholars with expertise in Facebook's platform, who stand ready to work with me again here—best positions me and my firm to steer this litigation on a prudent course.

If the Court would find it helpful in assessing my candidacy, I invite you to speak with Judge Josephine L. Staton of the Central District of California, who presides over the *Vizio* multidistrict litigation.

Thank you again for considering my application for lead counsel.

                                      Very truly yours,

                                      Eric H. Gibbs