Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc. and Mark Zuckerberg*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**CASE MANAGEMENT STATEMENT OF DEFENDANTS FACEBOOK, INC. AND MARK ZUCKERBERG** |

Defendants Facebook, Inc. and Mark Zuckerberg[1] (collectively, "Facebook") submit this CASE MANAGEMENT STATEMENT pursuant to this Court's Pretrial Order No. 1, dated June 7, 2018. (Dkt. No. 2).[2]

### 1. Appointment of Lead Counsel

Facebook agrees with the Court that lead plaintiffs' counsel should be appointed for purposes of filing a consolidated complaint and other aspects of coordinating and conducting pretrial proceedings in all cases consolidated into MDL No. 2843 (the "MDL"). Facebook takes no position regarding which counsel should be appointed lead.

### 2. Scheduling

Facebook proposes the following Schedule for the filing of a consolidated complaint and adjudication of Facebook's anticipated motion to dismiss.

| Deadline | Facebook's Proposal |
|---|---|
| Plaintiffs file Consolidated Complaint (30 days after Case Management Conference) | August 17, 2018 |
| Facebook files Motion to Dismiss (45 days after Consolidated Complaint Filed) | October 1, 2018 |
| Plaintiffs file Opposition (30 days after Motion to Dismiss Filed) | October 31, 2018 |
| Facebook files Reply (14 days after Opposition Filed) | November 14, 2018 |
| Hearing on Motion to Dismiss | December 13, 2018 |

---

[1] Mr. Zuckerberg was named as a defendant in two actions transferred by the JPML but has been served in only one action. *Comforte v. Cambridge Analytica*, No. 3:18-CV-03394 (N.D. Cal.) (served); *Burton v. Facebook, Inc.*, No. 3:18-CV-03643 (N.D. Cal.) (not served).

[2] Facebook has not attempted to submit a joint Case Management Statement with other named defendants because, to Facebook's knowledge, the other named defendants either have not been served or, in the case of Cambridge Analytica and its related entities, have filed for bankruptcy and are no longer in communication with their counsel of record.

Facebook notes that the recent bankruptcy and/or insolvency filings of Cambridge Analytica and its related entities in the United States and in the United Kingdom may affect the schedule set forth above. Plaintiffs have not yet indicated how they intend to prosecute these actions in light of the automatic bankruptcy stays that presently are in place with respect to the affected entities.

In Facebook's view, discovery should be stayed until the Court resolves Facebook's motion to dismiss, which likely will argue, among other things, that Plaintiffs lack standing to assert their claims or otherwise have failed to allege any actual damages. Whether to stay discovery pending a motion to dismiss is within the Court's discretion. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). In exercising that discretion, courts in this district have stayed discovery where the issues presented in the motion would be "potentially dispositive of the entire case" and where those issues could "be decided absent discovery." *Carter v. Oath Holdings, Inc.*, No. 17-CV-07086-BLF, 2018 WL 3067985, at *4 (N.D. Cal. June 21, 2018) (Freeman, J.); *In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (Freeman, J.); *Gibbs v. Carson*, No. 13-CV-0860-TEH, 2014 WL 172187, at *3 (N.D. Cal. Jan. 15, 2014) (Henderson, J.); *Hamilton v. Rhoads*, No. 11-CV-0227-RMW, 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011) (Whyte, J.). Facebook anticipates that its arguments on a motion to dismiss will resolve all the claims in the forthcoming consolidated complaint without the need for discovery.

Moreover, until Plaintiffs file a consolidated complaint and Facebook has an opportunity to meet and confer with Plaintiffs' lead counsel, Facebook cannot reliably estimate the length or scope of discovery that ultimately will be appropriate for this MDL, assuming Facebook's motion to dismiss is denied and/or discovery is not stayed. At this time, Facebook proposes that the schedule for the initial phases of discovery be triggered by the filing of Facebook's Answer, in the event the Court does not grant Facebook's motion to dismiss in full:

| Deadline | Facebook's Proposal |
|---|---|
| Exchange of Initial Disclosures | 14 days after service of Answer |
| Written Discovery Permitted | 30 days after service of Answer |

### 3. Cases Subject to MDL

The Judicial Panel on Multidistrict Litigation ("JPML") has Ordered the following cases coordinated before this Court for pretrial purposes:

| Case Name | District Court | Date of JPML Transfer Order |
|---|---|---|
| Price v. Facebook, Inc., et al., Case No. 3:18-01732 | N.D. Cal. | 6/7/2018 |
| Rubin v. Facebook, Inc., et al., Case No. 3:18-01852 | N.D. Cal. | 6/7/2018 |
| O'Kelly v. Facebook, Inc., et al., Case No. 3:18-01915 | N.D. Cal. | 6/7/2018 |
| Beiner, et al. v. Facebook, Inc., et al., Case No. 3:18-01953 | N.D. Cal. | 6/7/2018 |
| Gennock, et al. v. Facebook, Inc., et al., Case No. 3:18-01891 | N.D. Cal. | 6/7/2018 |
| Comforte, et al. v. Cambridge Analytica, et al., Case No. 3:18-03394 | N.D. Cal. (filed in N.D. Ill.) | 6/7/2018 |
| Malskoff, et al. v. Facebook, Inc., et al., Case No. 3:18-03393 | N.D. Cal. (filed in D.N.J.) | 6/7/2018 |
| Lodowski v. Facebook, Inc., et al., Case No. 3:18-03484 | N.D. Cal. (filed in S.D. Tex.) | 6/7/2018 |
| Williams v. Facebook, Inc., et al., Case No. 3:18-03676 | N.D. Cal. (filed in N.D. Ala.) | 6/8/2018 (finalized 6/18/2018) |
| Jordan O'Hara et al. v. Facebook, Inc. et al., Case No. 3:18-03709 | N.D. Cal. (filed in C.D. Cal.) | 6/8/2018 (finalized 6/18/2018) |
| Redmond et al. v. Facebook, Inc. et al., Case No. 3:18-03642 | N.D. Cal. (filed in D. Del.) | 6/8/2018 (finalized 6/18/2018) |
| Skotnicki v. Facebook, Inc. et al., Case No. 3:18-03790 | N.D. Cal. (filed in D. Del.) | 6/8/2018 (finalized 6/18/2018) |
| Burton v. Facebook, Inc. et al., Case No. 3:18-03643 | N.D. Cal. (filed in C.D. Ill.) | 6/8/2018 (finalized 6/18/2018) |

| Case Name | District Court | Date of JPML Transfer Order |
|---|---|---|
| People of the State of Illinois, ex rel. Kimberly M. Foxx v. Facebook, Inc., et al., Case No. 1:18-02667 | N.D. Ill. | 6/8/2018 (not finalized; subject to briefing on Plaintiff's motion to vacate conditional transfer order) |
| Kopecky v. Facebook, Inc., et al., Case No. 2:18-02573 | E.D. Pa. | 6/26/18 (not finalized; objections due 7/3/2018) |
| Reninger v. Facebook, Inc., Case No. 1:18-04332 | N.D. Ill. | 6/26/2018 (not finalized; objections due 7/3/2018) |

In addition, this Court has designated the following cases originally filed in this district as related to those pending in the MDL. Facebook believes that these cases should be consolidated into the MDL:

| Case Name | District Court |
|---|---|
| Haslinger v. Facebook, Inc. et al., Case No. 3:18-01984 | N.D. Cal. |
| Kooser et al. v. Facebook, Inc. et al., Case No. 3:18-02009 | N.D. Cal. |
| Picha v. Facebook, Inc. et al., Case No. 3:18-02090 | N.D. Cal. |
| Labajo v. Facebook, Inc. et al., Case No. 3:18-02093 | N.D. Cal. |
| Iron Wing et al. v. Facebook, Inc., Case No. 3:18-02122 | N.D. Cal. |
| Johnson et al v. Facebook, Inc., Case No. 3:18-02127 | N.D. Cal. |
| Buckles v. Facebook, Inc., Case No. 3:18-02189 | N.D. Cal. |
| Gerena v. Facebook, Inc., Case No. 3:18-02201 | N.D. Cal. |
| King v. Facebook, Inc. et al., Case No. 3:18-02276 | N.D. Cal. |
| Sanchez v. Facebook, Inc. et al., Case No. 3:18-02381 | N.D. Cal. |
| Schinder v. Facebook, Inc. et al., Case No. 3:18-02571 | N.D. Cal. |
| Pelc v. Facebook, Inc. et al., Case No. 3:18-02948 | N.D. Cal. |

| Case Name | District Court |
|---|---|
| Bouillon v. Facebook, Inc., Case No. 3:18-02565 | N.D. Cal. |
| Vance-Guerbe v. Facebook, Inc. et al., Case No. 3:18-02987 | N.D. Cal. |

Facebook believes that the following additional case is a related case within the definition of Local Rule 3-12, that it shares common questions of fact with the cases already in the MDL, and that it also should be consolidated into this MDL.

| Case Name | District Court | Presiding Judge |
|---|---|---|
| Burk et al. v. Facebook, Inc. et al., Case No. 4:18-02504 | N.D. Cal. | Judge Gonzalez Rodgers |

4. **Jurisdiction and Service**

The chart below outlines the status of service on Facebook in each of the listed cases.

| Case Name | Date of Service on / Waiver of Service by Facebook |
|---|---|
| People of the State of Illinois, ex rel. Kimberly M. Foxx v. Facebook, Inc., et al., Case No. 1:18-02667 (N.D. Ill.) | Served 3/27/2018 |
| Price v. Facebook, Inc., et al., Case No. 3:18-01732 (N.D. Cal.) | Served 3/28/2018 |
| Beiner, et al. v. Facebook, Inc., et al., Case No. 3:18-01953 (N.D. Cal.) | Served 4/2/2018 |
| Comforte, et al. v. Cambridge Analytica, et al., Case No. 3:18-03394 (N.D. Cal.) | Served 4/2/2018 |
| Rubin v. Facebook, Inc., et al., Case No. 3:18-01852 (N.D. Cal.) | Served 4/3/2018 |
| Gennock, et al. v. Facebook, Inc., et al., Case No. 3:18-01891 (N.D. Cal.) | Served 4/3/2018 |
| Lodowski v. Facebook, Inc., et al., Case No. 3:18-3484 (N.D. Cal.) | Served 4/5/2018 |
| Malskoff, et al. v. Facebook, Inc., et al., Case No. 3:18-03393 (N.D. Cal.) | Served 5/3/3018 |
| Jordan O'Hara et al. v. Facebook, Inc. et al., Case No. 3:18-03709 (N.D. Cal.) | Served 4/9/2018 |
| Picha v. Facebook, Inc. et al., Case No. 3:18-02090 (N.D. Cal.) | Served 4/12/2018 |
| Johnson et al v. Facebook, Inc., Case No. 3:18-02127 (N.D. Cal.) | Served 4/12/2018 |

| Case Name | Date of Service on / Waiver of Service by Facebook |
|---|---|
| Gerena v. Facebook, Inc., Case No. 3:18-02201 (N.D. Cal.) | Served 4/17/2018 |
| King v. Facebook, Inc. et al., Case No. 3:18-02276 (N.D. Cal.) | Served 4/18/2018 |
| Buckles v. Facebook, Inc., Case No. 3:18-02189 (N.D. Cal.) | Served 4/20/2018 |
| Sanchez v. Facebook, Inc. et al., Case No. 3:18-02381 (N.D. Cal.) | Served 4/24/2018 |
| Burk et al. v. Facebook, Inc. et al., Case No. 4:18-02504 (N.D. Cal.) | Served 4/30/2018 |
| Bouillon v. Facebook, Inc., Case No. 3:18-02565 (N.D. Cal.) | Served 5/4/2018 |
| Williams v. Facebook, Inc., et al., Case No. 3:18-03676 (N.D. Cal.) | Served 5/7/2018 |
| Haslinger v. Facebook, Inc. et al., Case No. 3:18-01984 (N.D. Cal.) | Service Waived 4/11/2018 |
| Labajo v. Facebook, Inc. et al., Case No. 3:18-02093 (N.D. Cal.) | Service Waived 4/11/2018 |
| Iron Wing et al. v. Facebook, Inc., Case No. 3:18-02122 (N.D. Cal.) | Service Waived 4/13/2018 |
| Redmond et al. v. Facebook, Inc. et al., Case No. 3:18-03642 (N.D. Cal.) | Service Waived 4/24/2018 |
| Skotnicki v. Facebook, Inc. et al., Case No. 3:18-3790 (N.D. Cal.) | Service Waived 5/8/2018 |
| Schinder v. Facebook, Inc. et al., Case No. 3:18-02571 (N.D. Cal.) | Service Waived 5/8/2018 |
| O'Kelly v. Facebook, Inc., et al., Case No. 3:18-01915 (N.D. Cal.) | Not yet served |
| Kooser et al. v. Facebook, Inc. et al., Case No. 3:18-02009 (N.D. Cal.) | Not yet served. |
| Pelc v. Facebook, Inc. et al., Case No. 3:18-02948 (N.D. Cal.) | Not yet served. |
| Vance-Guerbe v. Facebook, Inc. et al., Case No. 3:18-02987 (N.D. Cal.) | Service Waived 6/20/2018. |
| Burton v. Facebook, Inc. et al., Case No. 3:18-3643 (N.D. Cal.) | Not yet served. *Pro se* plaintiff did not comply with deadline to submit summonses. Plaintiff has now submitted summonses, but they have not been served. |
| Kopecky v. Facebook, Inc., et al., Case No. 18-CV-2573 (E.D. Pa.) | Service Waived 6/20/2018 |

| Case Name | Date of Service on / Waiver of Service by Facebook |
|---|---|
| Reninger v. Facebook, Inc., Case No. 1:18-04332 (N.D. Ill.) | Served 6/25/2018 |

## 5. Facts

Any detailed discussion of the facts or factual allegations in this MDL is premature until Plaintiffs file a consolidated amended complaint. For the Court's benefit, below is an overview of the factual background of this litigation as framed by the existing pleadings:

In the wake of recent press reports describing Cambridge Analytica's misuse of Facebook user data,[3] a series of actions were filed in courts around the country against Facebook and Cambridge Analytica (among others). All of the actions arise from the same alleged facts: that a third-party app developer named Aleksandr Kogan, beginning in 2013, used an app he created to obtain information about Facebook users by paying them to take a personality test; that Kogan collected information about those individuals and their Facebook "friends" and then shared some of that information, through his company Global Science Research ("GSR"), with Cambridge Analytica, contrary to Facebook's terms and policies; that Kogan, GSR, Cambridge Analytica, and others each certified that they had deleted this data as demanded by Facebook; and that Cambridge Analytica nevertheless allegedly continued to retain and use the data.

## 6. Legal Issues

At this early stage of the litigation, and given that Plaintiffs have not yet filed a consolidated amended complaint, Facebook cannot know precisely what legal issues the Court will need to resolve in the course of this litigation. Reserving its right to assert any and all grounds, Facebook believes that the issues to be decided will include:

    a. Whether the cases should be dismissed for lack of Article III standing. In their individual complaints, Plaintiffs could not identify any concrete or particularized injury resulting from the alleged events, resorting instead to

---

[3] M. Rosenberg, N. Confessore & C. Cadwalladr, *How Trump "Consultants" Exploited the Facebook Data of Millions*, N.Y. Times (Mar. 17, 2018), https://www.nytimes.com/2018/03/17/us/politics/cambridge-analytica-trump-campaign.html; C. Cadwalladr & E. Graham-Harrison, *Revealed: 50 Million Facebook Profiles Harvested for Cambridge Analytica in Major Data Breach*, The Guardian (Mar. 17, 2018), https://www.theguardian.com/news/2018/mar/17/cambridge-analytica-facebook-influence-us-election.

implausible theories of injury. *See, e.g.*, *Comforte* Compl. ¶ 125 (alleging harm due to drained phone batteries): *Vance-Guerbe* Compl. ¶ 87 (alleging harm due to Cambridge Analytica's influence on the 2016 Presidential Election).

b. Whether the cases should be dismissed for failure to state a claim under Rule 12(b)(6). As several Plaintiffs have conceded, the alleged events did not constitute a data breach and no sensitive information (*e.g.*, social security numbers, credit card details) was compromised. *See* Ltr. From Steve W. Berman to Hon. Vince Chhabria at 1, Dkt. 64 (June 28, 2018).

c. Whether class certification should be denied under Rule 23. Facebook users are differently situated in multiple respects, including the way they share information on Facebook, their privacy expectations with respect to that information, and the degree of prior knowledge they had of the underlying issues.

**7.     Amendment of Pleadings**

In light of the overlapping factual allegations, causes of action, and class definitions, Plaintiffs should be required to file a consolidated complaint.

The MDL statute contemplates that cases transferred by the JPML would be "consolidated [for] pretrial purposes," 28 U.S.C. § 1407(a), and Rule 42(a) empowers this Court to "order" "actions involving a common question of law or fact" to be "consolidated" and to make such orders concerning proceedings therein as may tend "to avoid unnecessary costs or delay," Fed. R. Civ. P. 42(a). For this reason, in multidistrict litigation, the "transferee court may require parties to file consolidated amended complaints superseding original ones." *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 699 (9th Cir. 2011) (citation omitted). Requiring plaintiffs to file a single consolidated complaint promotes judicial efficiency by allowing the Court "to receive memoranda and hear argument directed to one coherent pleading." *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976). Courts in this district regularly require MDL plaintiffs to file consolidated complaints. *See, e.g.*, Case Management Order No. 1, *In re Apple Inc. Device Performance Litig.*, No. 18-MD-02827-EJD (N.D. Cal. Apr. 26, 2018); Pretrial Order No. 4, *In re: German Automotive Mfrs. Antitrust Litig.*, No. 17-MD-02796-CRB (N.D. Cal. Dec. 20, 2017); Case Management Order, *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK (N.D. Cal. Sept. 11, 2015); Order Following Case Management Conference, *In re Google Inc. Street View Elec. Comm'cs Litig.*, No. 10-CV-03715-CRB (N.D. Cal. Sept. 14, 2010).

Requiring a consolidated complaint in this MDL will generate significant efficiencies.

8
CASE MANAGEMENT STATEMENT OF DEFENDANTS FACEBOOK, INC. AND MARK ZUCKERBERG
CASE NO. 3:18-MD-02843-VC

Plaintiffs collectively have filed 30 different complaints, a number that may increase as new "add-on" cases are included in this MDL. Although Plaintiffs' claims are based on the same underlying facts—Cambridge Analytica's alleged misuse of Facebook's platform—and overlapping causes of action, the 30 complaints differ in terms of the precise causes of action sought, which facts are alleged, and the precise nature of each plaintiff's alleged harm. Absent a consolidated complaint, Facebook would need to draft—and the Court would need to decide—30 separate motions to dismiss. Such an undertaking would waste the parties' and the Court's resources, and would defeat the efficiency goals of the MDL process.

**8.   Evidence Preservation**

Facebook certifies that it has reviewed ESI Guidelines 2.01 and 2.02 and the Checklist for ESI Meet and Confer, and has taken steps to preserve evidence relevant to the issues reasonably evident in this action. Facebook has not yet conferred with the parties pursuant to Rule 26(f), but will do so at the appropriate time after the Court appoints lead counsel.

**9.   Disclosures**

The parties have not yet made initial disclosures. Facebook believes that initial disclosures should be deferred until after this Court rules on Facebook's anticipated motion to dismiss, pursuant to the proposed schedule set forth above.

**10.   Discovery**

Facebook's position is that discovery should be deferred until after this Court rules on Facebook's anticipated motion to dismiss, which will likely argue, among other things, that Plaintiffs lack standing to raise their claims.

**11.   Class Actions**

For several reasons, Plaintiffs' claims are not suitable for class treatment pursuant to Federal Rule of Civil Procedure 23.

The Court's pretrial order indicated that the Initial Case Management Conference will include discussion of the schedule for adjudication of any motions relating to the pleadings, and for discovery; the pretrial order did not reference a schedule for adjudicating any motions for class certification. Facebook respectfully suggests that determining a schedule for class certification would

be premature at this point, particularly where the Court has not appointed Lead Counsel and Plaintiffs have not yet filed a consolidated complaint. Facebook proposes that the parties meet and confer after the Court rules on Facebook's anticipated motion to dismiss, assuming this Court does not dismiss all claims.

### 12.   Relief

Facebook denies that Plaintiffs are entitled to any relief in connection with the causes of action pled in their various complaints. At this time, Facebook has not brought any counterclaims or sought any affirmative relief.

### 13.   Settlement and ADR

The parties have not made any efforts at ADR or settlement to date. Facebook suggests that any ADR deadlines be deferred until after the Court appoints lead plaintiffs' counsel.

### 14.   Expedited Trial Procedure

Facebook believes that this case does not lend itself to treatment under the Court's Expedited Trial Procedure.

### 15.   Trial

Plaintiffs in all of the cases have demanded a jury trial, and Facebook reserves its right to do the same. In light of the early stage of these cases, the length of any trial is not yet known.

### 16.   Disclosure of Non-Party Interested Entities or Persons

Pursuant to Fed. R. Civ. P. 7.1, Defendant Facebook states that it is a publicly traded corporation, that it has no parent corporation, and that no publicly traded corporation owns more than 10% of its stock.

Pursuant to Civil Local Rule 3-15, Facebook and Mr. Zuckerberg certify that, other than the named parties in this action, they know of no persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities that have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

### 17.   Professional Conduct

All attorneys of record for Facebook have reviewed the Guidelines for Professional Conduct

for the Northern District of California.

DATE: June 29, 2018

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By: /s/ Orin Snyder
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendants Facebook, Inc. and Mark Zuckerberg*