1

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

3

4

5

6

7

| | |
|---|---|
| In re: Facebook, Inc., Consumer Privacy User Profile Litigation | ) ) ) |
| | ) |
| This document relates to: | ) |
| | ) |
| ALL ACTIONS | ) ) |

MDL Docket No. 2843 Case

No. 3:18-md-02843-VC

8

9

**PLAINTIFFS' CONSOLIDATED CASE MANAGEMENT STATEMENT**

10      Pursuant to Pretrial Order No. 1 (Dkt. No. 2), Plaintiffs hereby submit this consolidated

11   case management statement.[1]

12   **I.    Background**

13        **A.    Facts**

14        Plaintiffs bring these cases against Facebook, Inc. ("Facebook"), Cambridge Analytica,

15   LLC ("Cambridge Analytica"), and affiliated individuals, entities, and officers, on behalf of tens

16   of millions of Facebook users, to address the wholesale disregard of their personal privacy.

17   Facebook is responsible for allowing—even encouraging—third-party access to, and possession

18   of, Plaintiffs' data, including, in the case of Cambridge Analytica deploying an app for the

19   purposes of collecting data to deliver targeted political messages.

20        Although Facebook's *publicly*-proclaimed purpose "is to build useful and engaging

21   products that enable people to connect and share with friends and family through mobile devices,

22   personal computers, and other surfaces,"[2] Facebook's true, undisclosed purpose is to amass

23   personal data from its users.  Facebook operates to monetize the vast trove of its users' private

24

25   [1]  As described in Section III, below, Defendant Cambridge Analytica and certain related entities,
     including SCL USA, Inc., have filed for Chapter 7 bankruptcy liquidation in the Southern District

26   of New York.  *See, e.g.*, Suggestion of Bankruptcy filed in *Beiner et al. v. Facebook, Inc. and
     Cambridge Analytica, LLC*, No. 18-1953 (N.D. Cal.) (Dkt. No. 33).  Nothing in this Case

27   Management Statement is intended by Plaintiffs to constitute a continuation of the proceedings
     commenced against these Defendants.

28   [2]  *See* Facebook, Inc., 2017 Annual Report (Form 10-K), at 5.

data by, in part, laundering the data through app developers, who not only pay Facebook to place advertising on Facebook's platform, but also use the data they obtain to develop targeted advertising placed by others on Facebook's platform. As such, the true customers of Facebook are the developers and advertisers who benefit from the aggregation of Facebook users' data and the deployment of "an algorithmically-ranked series of stories and advertisements individualized for each person."[3] And Facebook users, rather than being the customers of Facebook, are in essence the product Facebook sells to its advertisers.

Facebook induces its users into giving up their most personal and private information on the Facebook platform, by making false promises to keep personal information private, and it fails to adequately disclose material information about its and third-party uses of personal data. Facebook then surreptitiously provides that information to third parties in order to generate advertising revenue. The private, personal information held by Facebook is so detailed that the company is able to target advertisements "by location, demographics, likes, keywords," and any other information Facebook collects about its users.[4]

Facebook allowed app developers like Cambridge Analytica (and other third-parties) access to this highly-personal user data in at least two ways. First, app developers (and mobile service providers) could gather Facebook users' data directly from the user. In addition, Facebook provided app developers, such as Cambridge Analytica, "friends permission" whereby the same data obtained from the app user could be collected from the app user's Facebook *friends*. Facebook implemented "friends permission" with no safeguards and without seeking permission from the app user's friends: the Facebook "friends" had no agreement with the app and had never consented to having their data collected by the app.[5] Once the data was collected by Cambridge Analytica and other developers, Facebook exercised no control over how the data was used, or with whom it was ultimately shared, but rather actively encouraged the use of this data for targeted political and commercial advertising.

---

[3] *Id.*

[4] *See* Data Use Policy, IV. How Advertising and Sponsored Stories Work, Facebook (updated Dec. 11, 2012), ¶¶ 43, 62, available at https://www.scribd.com/document/191118234/Facebook-2.

[5] *See* Josh Constine, *Facebook is Shutting Down Its API For Giving Your Friends' Data to Apps*, TECH CRUNCH (Apr. 28, 2015) https://techcrunch.com/2015/04/28/facebook-api-shut-down/.

In 2014, Facebook and Cambridge Analytica agreed to deploy the "friends permission" to allow Cambridge Analytica to obtain the personal information of more than 50 million Facebook users in the United States and the United Kingdom,[6] in direct contravention of the FTC Consent Decree Facebook had agreed to in 2011.  The nature of this information, including interests, likes, location, political affiliation, relationships, religion, photos, videos and more,[7] is of a profoundly personal nature.  Cambridge Analytica utilized this information to identify persons as targets for political advertisements, the content of which could be—and was—tailored to the targeted persons, as informed by their personal data that Facebook provided to Cambridge Analytica.

While the claims and particular facts alleged vary somewhat across the complaints that have been consolidated into the MDL, the complaints are generally in agreement regarding the following basic contours of the facts giving rise to this litigation.[8]  Global Science Research, through a researcher—Aleksandr Kogan—created an app called "thisisyourdigitallife" that allowed Facebook users to take a personality quiz and download the app.  The deployment of the app was undertaken at the direction of Cambridge Analytica, which funded Global Science Research's work and harvested its data.  The goal of this app was to obtain information about Facebook users who downloaded the app, and surreptitiously from those users' Facebook "friends."  Through this scheme, Cambridge Analytica reportedly was able to acquire the private data of up to 87 million Facebook users from the mere 277,000 Facebook users who downloaded the "thisisyourdigitallife" app.  Cambridge Analytica, in turn, created and sold psychological profiles of Facebook users that identified likely political persuasions and personality traits that it sold to political campaigns for targeted messaging and other unauthorized uses.  At the time it was uncovered, that acquisition was the largest known transfer of user data in Facebook history.

---

[6]  One of the complaints from a case transferred to this MDL, *Redmond et al. v. Facebook, Inc. et al.*, includes within its class definition citizens of the United Kingdom.

[7]  The personal information obtained by Cambridge Analytica includes at least the following data sets:  about me, actions, activities, birthday, check-ins, education history, events, games activity, groups, hometown, interests, likes, location, notes online presence, photo and video tags, photos, questions, relationship details, relationships, religion, politics, status, subscriptions, website and work history.

[8]  Attached hereto as **Exhibit A** is a Table of Related Cases containing the names of cases brought against Facebook, the putative Defendants, causes of action, and whether these cases have been transferred to this court.

That status is now in doubt as, in May 2018, Facebook admitted that as many as hundreds of other app developers may have obtained Facebook user data similarly to Cambridge Analytica.

Facebook's attempt to characterize Plaintiffs' complaints as addressing the mere "misuse" of personal information by a single rogue entity rings hollow. *See* Dkt. No. 66 at 8. Facebook acknowledges that it committed "a breach of trust between Facebook and the people who share their data with us and expect us to protect it."[9] However, Facebook has not yet disclosed or voluntarily acknowledged the full scope of its distribution of private user data, nor has Facebook disclosed the known uses to which third parties put the data, and investigations into Facebook's conduct are ongoing. Facebook CEO Mark Zuckerberg was called to testify before the Senate and House Committees in April 2018. The Justice Department, FTC, SEC and FBI are reportedly investigating Cambridge Analytica. Nationwide, Facebook users have filed about 30 putative class actions against Facebook and other defendants seeking compensation for Facebook's dissemination and misuse of their private information, disgorgement of profits and other benefits attributable thereto, statutory and/or punitive damages as appropriate, reasonable attorney's fees and litigation expenses, and injunctive relief to bring the true scale and ramifications of Facebook's privacy violations to light, and to prevent such violations in the future. As of this filing, 29 cases have been consolidated in this MDL.

Public revelations since the initial reports upon which Plaintiffs' complaints were based have further shown the extent of Facebook's irreverence toward its users' privacy rights. In March of 2018, when news of Cambridge Analytica first broke, Facebook confirmed only that 277,000 people had downloaded the "thisisyourdigitallife" app. Facebook never commented on the reports that 50 million users' data had been accessed via that app. Not until weeks after intense public scrutiny did Facebook finally acknowledge that 87 million users' data had been exfiltrated via Cambridge Analytica's app. Facebook eventually had to concede that it "didn't take a broad enough view of what our responsibility was" and "will be able to uncover a large amount of bad activity that exists."[10]

---

[9] *See* Mark Zuckerberg, FACEBOOK (Mar. 21, 2018), https://www.facebook.com/zuck/posts/10104712037900071.

[10] *See* Sarah Frier, *Facebook Says Data on Most of Its 2 Billion Users Is Vulnerable,*

In the wake of the scandal, Facebook has broadly reiterated its promise of transparency and openness but its actions belie any such commitment.  During his Congressional testimony, Facebook CEO Mark Zuckerberg stated that Facebook would be "investigating many apps, tens of thousands of apps, and if we find any suspicious activity, we're going to conduct a full audit of those apps to understand how they're using their data and if they're doing anything improper.  If we find that they're doing anything improper, we'll ban them from Facebook and we will tell everyone affected."  Yet, in May 2018, when Facebook was forced to acknowledge that thousands of app developers had the same access to user data as Cambridge Analytica, and that at least hundreds of developers may have taken data for illicit purposes,[11] it refused, and still refuses, to disclose those app developers' identities.  In June 2018, it was revealed that Facebook also had current, ongoing "data sharing partnerships" with as many as sixty device makers, such as cell phone manufacturers, including Apple, Amazon, Microsoft, Samsung, Lenovo, and known national security risk Huawei Technologies Co.[12] under which the companies had extensive access to Facebook user data.  A few days later, another revelation showed Facebook had made special deals with certain app developers called "whitelists," permitting those developers access to user data, contrary to Facebook's prior promises.[13]  Indeed, Facebook has had to acknowledge that most of its 2 billion users worldwide had their data improperly compromised.[14]

---

BLOOMBERG (Apr. 4, 2018), https://www.bloomberg.com/news/articles/2018-04-04/facebook-says-data-on-87-million-people-may-have-been-shared.

[11]  *See* Ime Archibong, Facebook VP of Product Partnerships, *An Update on Our App Investigation and Audit*, FACEBOOK (May 14, 2018), https://newsroom.fb.com/news/2018/05/update-on-app-audit/.

[12]  *See* Gabriel J.X. Dance, Nicholas Confessore and Michael LaForgia, *Facebook Gave Device Makers Deep Access to Data on Users and Friends*, NEW YORK TIMES (June 3, 2018), https://www.nytimes.com/interactive/2018/06/03/technology/facebook-device-partners-users-friends-data.html?hp&action=click&pgtype=Homepage&clickSource=story-heading&module=first-column-region&region=top-news&WT.nav=top-news.

[13]  *See* Ashley Wong, *Facebook gave some develops access to users' friends after policy changed*, USA TODAY (June 8, 2018), https://www.usatoday.com/story/tech/2018/06/08/facebook-gave-some-companies-special-access-data-users-friends-report/686651002/

[14]  *See* Mike Schroepfer, Facebook Chief Technology Officer, *An Update on Our Plans to Restrict Data Access on Facebook*, FACEBOOK (April 4, 2018), https://newsroom.fb.com/news/2018/04/restricting-data-access/ ("Given the scale and sophistication of the activity we've seen, we believe most people on Facebook could have had their public profile scraped in this way.").

Recently, on June 29, 2018, Facebook admitted to Congress that it continued to grant sixty-one app developers "friends permission" for six months beyond the time it had previously publicly stated the practice had stopped.[15]  In its response to this Congressional inquiry, Facebook publicly acknowledged that many large, international corporations still have access to Facebook's user data, and that such access continues, some of which will have access for several more months.[16]

**B.      Legal Issues**

The following causes of action have been pled in the complaints transferred to this MDL:

1. Violation of Stored Communications Act, 18 U.S.C. §§ 2701 et seq.

2. Violation of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510 et seq.

3. Violation of Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c)

4. Violation of Video Privacy Protection Act, 18 U.S.C. § 2710

5. Violation of Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.

6. Violation of California Business & Professions Code §§ 17200 et seq.

7. Violation of the California Constitution Article I, Section I

8. Violation of California Invasion of Privacy Act, Cal. Pen. Code § 637.7

9. Violation of California Customer Records Act, Cal. Civil Code § 1798.90

10. Violation of California Security Breach Notification Law, Cal. Civil Code § 1798.80

11. Violation of California Right of Publicity Statute, Cal. Civil Code § 3344

12. Violation of California Consumer Legal Remedies Act, Cal. Civ. Code § 1750

13. Violation of Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505

---

[15] *See* Samuel Chamberlain, *Facebook document dump reveals it shared data with 52 companies, some based in China*, Fox News (July 2, 2018), http://www.foxnews.com/tech/2018/07/02/facebook-document-dump-reveals-it-shared-data-with-52-companies-some-based-in-china.html.

[16] *See* Georgia Wells, *Facebook Reveals Apps, Others that Got Special Access to User Data*, Wall Street Journal (July 1, 2018), https://www.wsj.com/articles/facebook-reveals-apps-others-that-got-special-access-to-user-data-1530454712?mod=mhp.

14. Violation of New Jersey Consumer Fraud Act, N.J. Stat. § 56:8-1

15. Violation of Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1

16. Violation of Alabama Right to Publicity Act, Ala. Code § 6-5-770

17. Consumer Fraud pursuant to Delaware Commerce and Trade Code, 6 Del. C.

   § 2513

18. Invasion of Constitutional Right of Privacy

19. Invasion of Privacy (Intrusion Upon Seclusion)

20. Conversion

21. Civil Conspiracy

22. Negligence and Willful Negligence

23. Negligent Failure to Warn

24. Negligence Per Se

25. Breach of Contract

26. Unjust Enrichment

27. Quasi Contract

28. Intentional Misrepresentation

29. Fraudulent Misrepresentation

30. Negligent Misrepresentation

31. Misappropriation of Valuable Property without Compensation

32. Fraud

33. Breach of Covenant of Good Faith and Fair Dealing

34. Unlawful Interception of Communications

35. Declaratory Relief Pursuant to 28 U.S.C. § 2201

36. Wantonness and Punitive Damages

37. Injunctive Relief[17]

---

[17] *Karon v. Zuckerberg et al.*, 18-cv-1929 (N.D. Cal.) ("*Karon*"), a pending derivative lawsuit, also includes claims of (1) breach of fiduciary duty; (2) violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9; (3) Violation of Section 25402 of the California Corporations Code; (4) Violation of Section 25403 of the California Corporations Code; and (5) Contribution and Indemnification. *Karon* has been named a tag along action in the MDL, but its disposition is

### C.     Defendants

Facebook and in almost every case at least one incarnation of a Cambridge Analytica entity has been named as a defendant in every case transferred to this MDL.  In addition to Facebook, the following defendants have also been named in in cases consolidated in this MDL:

1. Cambridge Analytica (including Delaware entities Cambridge Analytica, LLC; Cambridge Analytica Holdings, LLC; Cambridge Analytica Commercial LLC; and Cambridge Analytica Political LLC; and Cambridge Analytica Ltd., a United Kingdom entity)

2. Global Science Research, Ltd., a United Kingdom entity

3. SCL Group (including United Kingdom entities SCL Group Limited and SCL Elections Ltd.; and SCL USA Inc., a Delaware entity)

4. Mark Zuckerberg, Chief Executive Officer at Facebook

5. Sheryl Sandberg, Chief Operating Office at Facebook

6. Robert Mercer, a Cambridge Analytica investor

7. Stephen Bannon, a part owner, Vice President, and Secretary of Cambridge Analytica

8. Aleksandr Kogan, a resident of the United Kingdom

9. Emerdata Ltd., a United Kingdom entity[18]

## II.     Status of MDL Proceedings and Pending Motions

The Table of Related Cases, attached hereto as **Exhibit A**, identifies the cases that have been, or are expected to be, transferred to this MDL, and the status of any motions adjudicated or pending in those cases.

The case captioned *Illinois, ex rel. Foxx v. Facebook, Inc. et al*., pending in the Northern District of Illinois, is subject to Conditional Transfer Order-1 ("CTO-1") in the JPML (JPML Dkt. No. 142).  In the Northern District of Illinois District Court, the State's Attorney of Cook County

---

[18]  *Karon* names Zuckerberg, Sandberg, and six current or former members of Facebook's Board of Directors: Marc Andreessen, Peter Thiel, Reed Hastings, Erskine Bowles, Susan Desmond-Hellman, and Jan Koum as defendants.

as yet undetermined.

on April 20, 2018 filed a motion to remand the case to the Circuit Court of Cook County, which has been fully briefed and is currently pending before the Honorable Judge Dow.  On June 29, 2018 the State filed a Motion to Vacate CTO-1 with the JPML.  JPML Dkt. No. 152.

### III.    Bankruptcy Proceedings

This matter is currently stayed against Defendants Cambridge Analytica LLC (which merged with Cambridge Analytica Commercial LLC and Cambridge Analytica Political LLC on April 27, 2018), and SCL USA, Inc. by virtue of the filing of voluntary petitions for relief pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York on May 17, 2018.  *See* Dkt. No. 14.  Salvatore LaMonica of LaMonica Herbst & Maniscalo, LLP, has been appointed as the Chapter 7 Trustee.  *Id.*

Litigation can and should proceed against the entities not subject to the bankruptcy stay, while the status of proceedings against the bankrupt entities is being determined.  Plaintiffs respectfully submit that once Interim Class Counsel is appointed, that they confer with all Defendants and the Bankruptcy Trustee with regard to any process for continuing the litigation against the Defendants that have filed bankruptcy.

### IV.    Amendment of Pleadings and Possible Joinder of Other Parties

Plaintiffs respectfully suggest that a Consolidated Amended Complaint should be filed within sixty (60) days of the appointment of Interim Class Counsel.  This schedule would accommodate seeking a lift of the bankruptcy stays (*see* section III), for Facebook to make immediate disclosures described herein (*see* Section V.A.), and allow for the possible joinder of other defendants (*see* below).

Plaintiffs *may* seek to add additional defendants not yet named with the filing of the Consolidated Amended Complaint.  The complaints centralized in this MDL were filed soon after the public revelation of Facebook's partnership with Cambridge Analytica, and thus focused on those parties (and their affiliates and officers).  Since the initial filing of many of these complaints, additional information has become public, including by virtue of Facebook's own slow drip of ongoing disclosures, which provides a basis for identifying app developers or other third parties

9

in addition to Cambridge Analytica that also worked with Facebook to obtain users' personal information.  The determination of the potential liability of these other parties will center around their relationship with Facebook and the same policies and practices of Facebook at issue with Cambridge Analytica and the other defendants.  Accordingly, Plaintiffs may join additional parties as defendants, provided proper procedural mechanisms and case management devices can be deployed to ensure the efficient conduct of the litigation.

The undersigned Plaintiffs have reached an agreement with Defendants Facebook and Mark Zuckerberg to propose the following briefing schedule (somewhat different than Defendants' original proposal):

| Event | Deadline[19] |
|---|---|
| Plaintiffs File Consolidated Amended Complaint | 60 days from the appointment of Interim Class Counsel |
| Defendants File Responsive Pleadings and Motions | 45 days from filing of Consolidated Amended Complaint |
| Plaintiffs File Oppositions to Responsive Motions | 30 days from filing of Responsive Pleadings and Motions |
| Defendants File Replies to Oppositions to Responsive Pleadings | 21 days from filing of Oppositions to Responsive Motions |
| Hearing On Responsive Motions | TBD |

## V.    Discovery

Within fourteen (14) days after appointment of Interim Class Counsel, all parties are directed to meet and confer and present to the Court a proposed discovery plan under Rule 26(f).

Plaintiffs' position will be that discovery for all purposes should proceed upon the filing of the Consolidated Amended Complaint.  Prompt discovery into Facebook's current practices and its past dissemination of users' private information is needed to protect class members.

---

[19]  In the event the dates proposed herein result in scheduling conflicts due to the holidays, the parties hereto have agreed that they will confer in good faith with Defendants to propose to the Court a mutually agreeable amended schedule.

1   Defendants should be required to make an immediate production of certain evidence as part of

2   their Initial Disclosure obligations, as specified below.

3          Facebook's request to delay discovery until it answers the complaint is unwarranted.

4   Within this district, "a pending motion to dismiss does not typically stay discovery."

5   *Mandel v. Bd. of Trustees of Cal. State Univ.*, No. 17-03511, 2018 WL 1242067, at *24, n.19

6   (N.D. Cal. Mar. 9, 2018) (Orrick, J.).  Further, in complex data privacy actions, a number of

7   courts have similarly denied requests to stay discovery pending potentially dispositive motions. *In*

8   *re Anthem, Inc. Data Breach Litig.*, No. 15-md-2617-LHK (N.D. Cal.), Dkt. No. 113 at 12

9   (setting forth defendants' request that discovery be stayed until after the Court rules on its Rule

10  12 motion), Dkt. No. 153 at 2 (rejecting defendants' request for a stay of discovery and stating

11  that "discovery will start in this case as soon as lead Plaintiffs' counsel has been appointed").

12  Facebook and Mark Zuckerberg admit in their Case Management Statement that personal

13  information which Plaintiffs entrusted to Facebook was "misused" after Facebook handed

14  Cambridge Analytica unfettered privileges to that data in order to further its own commercial

15  purposes.  Dkt. No. 66 at 8.  Facebook's challenges to the pleadings will necessarily be technical

16  and in the end not overcome Plaintiffs' ability to state a cognizable claim upon which relief can

17  be granted.  As such, waiting several months for the pleadings to settle before discovery

18  commences makes no sense, despite Facebook's and Mr. Zuckerberg's astounding assertion that

19  their conduct is of no consequence to their users.  *See* Dkt. No. 66 at 8-9.  Rather, Facebook

20  should be required to make a prompt accounting of the scope of its malfeasance by producing

21  relevant documents and information.

22          **A.      Initial Disclosures**

23          Plaintiffs propose that all parties make the standard Rule 26(a) initial disclosures within

24  fourteen (14) days of the filing of the Consolidated Amended Complaint.

25          In addition, to facilitate efficient prosecution of this matter, Plaintiffs propose that

26  Facebook make an *immediate* disclosure of the following information:

27

28

a. The identity of all app developers and other third parties, in addition to Cambridge Analytica, whom Facebook gave permission to access or obtain the personal information of Facebook users, including via its "friends permission" practice;

b. The means to identify all Facebook users whose personal information was accessed or obtained by app developers and other third parties, including via Facebook's "friends permission" practice.

c. The identity of the nature and types of the content of all the personal information accessed or obtained by app developers and other third parties, including via Facebook's "friends permission" practice.

d. All non-privileged reports of investigations or audits, whether conducted internally at Facebook or by any federal, state, or foreign government, concerning Facebook's conduct as alleged in the complaints subject to this MDL, and all documents provided by Defendants as part of any such investigation.

### B. Preservation of Evidence

Plaintiffs have taken reasonable steps to preserve evidence that may be relevant to this litigation.  Facebook represents that it "has taken steps to preserve evidence relevant to the issues reasonably evident in this action."  *See* Dkt. No. 66 at 9.  With respect to Cambridge Analytica, pursuant to a stipulation entered into in *Beiner et al. v. Facebook, Inc. and Cambridge Analytica, LLC*, No. 18-1953 (N.D. Cal.), on May 4, 2018, this Court ordered Cambridge Analytica to "preserve and maintain the integrity of all books and records of Cambridge Analytica, including all information, documents, and other tangible objects or electronically stored information as defined in Fed. R. Civ. P. 34(a) that are in its possession, custody and control which are reasonably anticipated to be subject to discovery under Fed. R. Civ. P. 26, 45, and 56(e)… in its original tangible or electronic format…"  *Beiner* action, Dkt. No. 30.  Pursuant to Pretrial Order No. 1, that order remains in effect.

### C. Electronic Discovery

Plaintiffs are particularly cognizant that the production and handling of electronically stored information ("ESI") in this case may carry the risk of further disclosures of class members'

personal information.  Plaintiffs anticipate negotiating an ESI stipulation once Interim Class Counsel is appointed, which they propose be submitted to the Court for consideration within thirty (30) days after the Court appoints Interim Class Counsel.

### D.      Protective Order

Plaintiffs expect that the parties will be able to stipulate to a protective order governing the treatment of confidential information once Interim Class Counsel is appointed, which they propose be submitted to the Court for consideration within thirty (30) days after the Court appoints Interim Class Counsel.

### E.      Discovery Limits

Plaintiffs believe that discovery in this case will exceed the limitations imposed by Federal Rule of Civil Procedure 30.  Plaintiffs propose that they meet and confer with Defendants once Interim Class Counsel is appointed to negotiate and submit a proposed stipulation for the Court's further consideration.

### VI.      Pending Motions/Appointment of Interim Class Counsel

The Court intends to address the appointment of Interim Class Counsel at the Case Management Conference scheduled for July 18, 2018.

### VII.      Litigation Schedule for Continued Discovery, Class Certification and Summary Judgment

Facebook and the other Defendants put in motion a series of uniform policies and practices that compromised the personal information of all class members in violation of well-established legal standards and social norms honoring Americans' right to privacy. Accordingly, this case is exceptionally well-suited for class treatment.

Plaintiffs respectfully suggest that after the Court's ruling on motions challenging the pleadings, the parties meet and confer regarding a schedule for the continuation of discovery, and the filing of motions for summary judgment and class certification.  Plaintiffs do not believe it will be economical to litigate cross-motions for summary judgment on liability with respect to named plaintiffs prior to the Court's consideration of class certification.

**VIII.** **Consent to Magistrate Judge for All Purposes**

      Plaintiffs do not consent to have a magistrate judge conduct all further proceedings.

**IX.** **Plaintiffs' Counsels' Time-Keeping**

      Plaintiffs' counsel recommend adopting time-keeping protocols requiring the recording of daily time spent and expenses incurred in connection with this litigation, and reporting on a monthly basis such time and expenses to Interim Class Counsel.  Interim Class Counsel will make such records and reports available to the Court, upon request.  In order for time and expenses to be compensable, any counsel other than Interim Class Counsel must secure the express authorization of Interim Class Counsel for any projects or work undertaken in this litigation.

      On a quarterly basis (on the last business day of each October, January, April, and July), Interim Class Counsel shall submit to the Court in camera reports reflecting hours billed in this matter by all Plaintiffs' counsel.  Failure to maintain and submit records with sufficient descriptions of the time spent and expenses incurred may be grounds for denying attorneys' fees and/or expenses, for the period that relates to the missing or inadequate submissions.

**X.** **Status Conferences**

      Plaintiffs respectfully suggest that the Court schedule and hold status conferences at regular intervals, as it deems appropriate.  Counsel shall meet and confer in advance of each status conference and submit to the Court no later than 1:30 p.m. on the day before the status conference a joint agenda listing all matters to be considered.

**XI.** **MDL Website**

      In light of the high public interest in these proceedings, Plaintiffs recommend that the Court create a website for the posting of significant orders (typically located under the tab entitled "Cases of Interest" at https://cand.uscourts.gov/home).

July 6, 2018

Respectfully submitted,

/s/ Clayeo C. Arnold
Clayeo C. Arnold
Joshua H. Watson
CLAYEO C. ARNOLD
A PROFESSIONAL LAW CORPORATION
865 Howe Avenue
Sacramento, CA 95825
Telephone: 916.777.7777
Facsimile: 916.924.1829
carnold@justice4you.com
jwatson@justice4you.com

Steven W. Teppler
ABBOTT LAW GROUP, P.A.
2929 Plummer Cove Road
Jacksonville, FL 32223
Telephone: 904.292.1111
Facsimile: 904.292.1220
steppler@abbottlawpa.com

John A. Yanchunis
Patrick A. Barthle II
Ryan J. McGee
MORGAN & MORGAN COMPLEX LITIGATION GROUP
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: 813.223.5505
Facsimile: 813.223.5402
jyanchunis@ForThePeople.com
pbarthle@ForThePeople.com
rmcgee@forthepeople.com

*Plaintiffs' Counsel in Price v. Facebook, Inc., et al., No. 3:18-01732*

/s/ Nicholas A. Carlin
Nicholas A. Carlin
Brian S. Conlon
David M. Given
PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Ste. 201, The Presidio
San Francisco, CA 94129
Telephone: 415.398.0900
Facsimile: 415.398.0911
nac@phillaw.com
bsc@phillaw.com
dmg@phillaw.com

*Plaintiffs' Counsel in Rubin v. Facebook, Inc., et al., No. 3:18-01852*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Jason S. Hartley
Jason S. Hartley
STUEVE SIEGEL HANSON LLP
550 West C Street, Ste. 1750
San Diego, CA 92101
Telephone: 619.400.5822
Facsimile: 619.400.5832
hartley@stuevesiegel.com

Norman E. Siegel
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Ste. 200
Kansas City, MO 64112
Telephone: 816.714.7100
Facsimile: 816.714.7101
siegel@stuevesiegel.com

*Plaintiffs' Counsel in O'Kelly v. Facebook, Inc., et al., No. 3:18-01915*

1

2
/s/ Michael W. Sobol
Michael W. Sobol

3
David T. Rudolph
Melissa Gardner

4
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor

5
San Francisco, CA 94111.3339
Telephone: 415.956.1000

6
Facsimile: 415.956.1008
msobol@lchb.com

7
drudolph@lchb.com

8
mgardner@lchb.com

9
Nicholas Diamand

10
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor

11
New York, NY 10013.1413
Telephone: 212.355.9500

12
Facsimile: 212.355.9592
ndiamand@lchb.com

13
Hank Bates State Bar No. 167688.

14
Allen Carney
David Slade

15
CARNEY BATES & PULLIAM, PLLC

16
519 West 7th Street
Little Rock, AR 72201

17
Telephone: 501.312.8500
Facsimile: 501.312.8505

18
hbates@cbplaw.com
acarney@cbplaw.com

19
dslade@cbplaw.com

20
*Plaintiffs' Counsel in Beiner, et al. v. Facebook, Inc., et al., No. 3:18-01953*

21

22

23

24

25

26

27

28

/s/ Todd D. Carpenter
Todd D. Carpenter
Brittany C. Casola
CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP
1350 Columbia Street, Ste. 603
San Diego, CA 92101
Telephone: 619.762.1900
Facsimile: 619.756.6991
tcarpenter@carlsonlynch.com
bcasola@carlsonlynch.com

Gary F. Lynch
Kelly K. Iverson
CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: 412.322.9243
Facsimile: 412.231.0246
glynch@carlsonlynch.com
kiverson@carlsonlynch.com

Karen Hanson Riebel
Katie M. Baxter Kauf
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Ste. 2200
Minneapolis, MN 55401.2159
Telephone: 612.339.6900
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com

Arthur M. Murray
Caroline W. Thomas
MURRAY LAW FIRM
650 Poydras Street, Ste. 2150
New Orleans, LA 70130
Telephone: 504.525.8100
Facsimile: 504.584.5249
amurray@murray-lawfirm.com
CThomas@murray-lawfirm.com

Kenneth W. DeJean
Adam R. Credeur
LAW OFFICES OF KENNETH W. DEJEAN
417 W. University Avenue 70506.
Post Office Box 4325
Lafayette, LA 70502
Telephone: 337.235.5294
Facsimile: 337.235.1095
kwdejean@kwdejean.com
adam@kwdejean.com

*Plaintiffs' Counsel in Gennock, et al. v. Facebook, Inc., et al.,
No. 3:18-01891*

1

2

/s/ James Vlahakis
James Vlahakis
Joseph Davidson

3

SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Ste. 200

4

Lombard, IL 60148
Telephone: 630.581.5456

5

jvlahakis@sulaimanlaw.com
jdavidson@sulaimanlaw.com

6

*Plaintiffs' Counsel in Comforte, et al. v. Cambridge Analytica,*

7

*et al., No. 3:18-03394*

8

/s/ Stephen A. Weiss
Stephen A. Weiss

9

Christopher A. Seeger
Christopher L. Ayers

10

SEEGER WEISS LLP
55 Challenger Road, 6th Floor

11

Ridgefield Park, NJ 07660
Telephone: 212.584.0700

12

Facsimile: 212. 584.0799
sweiss@seegerweiss.com

13

cseeger@seegerweiss.com
cayers@seegerweiss.com

14

15

James E. Cecchi
Donald A. Ecklund

Michael A. Innes

16

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY &
AGNELLO, PC

17

5 Becker Farm Road
Roseland, NJ 07068.1739

18

Telephone: 973.994.1700
jcecchi@carellabyrne.com

19

decklund@carellabyrne.com
minnes@carellabyrne.com

20

*Plaintiffs' Counsel in Malskoff, et al. v. Facebook, Inc., et al.,*

21

*No. 3:18-03393*

22

23

24

25

26

27

28

/s/ W. Craft Hughes
W. Craft Hughes
Jarrett L. Ellzey
HUGHES ELLZEY, LLP
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Telephone: 713.322.6387
Facsimile: 888.995.3335
craft@hughesellzey.com
jarrett@hughesellzey.com

*Plaintiffs' Counsel in Lodowski v. Facebook, Inc., et al., No. 3:18-03484*

/s/ Archibald I Grubb, II
Archibald I Grubb, II
Leslie Lee Ann Pescia
Wilson Daniel Miles , III
BEASLEY ALLEN CROW METHVIN PORTIS & MILES PC
218 Commerce Street
P O Box 4160
Montgomery, AL 36103-4160
Telephone: 334.269.2343
Facsimile: 334.954.7555
archie.grubb@beasleyallen.com
leslie.pescia@beasleyallen.com
dee.miles@beasleyallen.com

Luke Montgomery
Brad Ponder
MONTGOMERY PONDER, LLC
2226 1st Avenue South, Ste. 105
Birmingham, AL 35233
Telephone: 205.201.0303
Facsimile: 205.208.9443
luke@montgomeryponder.com
brad@montgomeryponder.com

*Plaintiffs' Counsel in Williams v. Facebook, Inc., et al., No. 3:18-03676*

/s/ Helen I. Zeldes
Helen I. Zeldes
Amy C. Johnsgard.
Andrew J. Kubik
Ben Travis 305641.
COAST LAW GROUP LLP
1140 S. Coast Highway 101
Encinitas, CA 92024
Telephone: 760.942.8505
Facsimile: 760.942.8515
helen@coastlaw.com
amy@coastlaw.com
andy@coastlaw.com
ben@coastlaw.com

Charles J. LaDuca
CUNEO GILBERT & LADUCA LLP
4725 Wisconsin Ave., NW, Ste. 200
Washington, D.C. 20016
Telephone: 202.789.3960
Facsimile: 202.789.1813
charlesl@cuneolaw.com

Michael J. Flannery
CUNEO GILBERT & LADUCA LLP
7733 Forsyth Boulevard, Ste. 1675
St. Louis, MO 63105
Telephone: 314.226.1015
Facsimile: 202.789.1813
mflannery@cuneolaw.com

Paul L. Hoffman
Aidan C. McGlaze
SCHONBRUN SEPLOW HARRIS & HOFFMAN, LLP
11543 W. Olympic Blvd
Los Angeles, CA 90064
Telephone: 310.396.0731
Facsimile: 310.399.7040
hoffpaul@aol.com
amcglaze@sdshh.com

Timothy G. Blood
Thomas J. O'Reardon II
BLOOD HURST & O'REARDON, LLP
501 W. Broadway, Ste. 1490
San Diego, CA 92101
Telephone: 619.339.1100
Facsimile: 619.338.1101
tblood@bholaw.com

*Plaintiffs' Counsel in Jordan O'Hara et al. v. Facebook, Inc.
et al., No. 3:18-03709*

1

2          /s/ Christopher P. Simon
           Christopher P. Simon
           David G. Holmes
3          CROSS & SIMON, LLC
           1105 North Market Street, Ste. 901
4          Wilmington, DE 19801
           Telephone: 302.777.4200
5          Facsimile: 302.777.4224
           csimon@crosslaw.com
6          dholmes@crosslaw.com

7          Robert F. Ruyak
           Korula T. Cherian
8          Richard Ripley
           Rebecca Anzidei
9          RUYAK CHERIAN LLP
           1700 K Street NW, Ste. 810
10         Washington, DC 20006
           Telephone: 202.838.1560
11         robertr@ruyakcherian.com
           sunnyc@ruyakcherian.com
12         rickr@ruyakcherian.com
           rebeccaa@ruyakcherian.com
13
           Richard W. Fields
14         FIELDS PLLC
           1700 K Street, NW, Ste. 810
15         Washington, DC 20006
           Telephone: 800.878.1432
16         Fields@fieldslawpllc.com

17         Matthew Jury
           MCCUE & PARTNERS, LLP
18         Fourth Floor
           158 Buckingham Palace Road
19         London SWIW 9TR
           United Kingdom
20         matthew.jury@mccue.law.com

21         *Plaintiffs' Counsel in Redmond et al. v. Facebook, Inc. et al.,
           No. 3:18-03642*

22

23

24

25

26

27

28

1

2          /s/ Christopher P. Simon
           Christopher P. Simon
3          David G. Holmes
           CROSS & SIMON, LLC
4          1105 North Market Street, Ste. 901
           Wilmington, DE 19801
5          Telephone: 302.777.4200
           Facsimile: 302.777.4224
6          csimon@crosslaw.com
           dholmes@crosslaw.com

7          Jodi Westbrook Flowers
           Ann Ritter
8          Fred Baker
           Andrew Arnold
9          Annie Kouba
           Marlon Kimpson
10         MOTLEY RICE LLC
           28 Bridgeside Boulevard
11         Mount Pleasant, SC 29464
           Telephone: 843.216.9000
12         Facsimile: 843.216.9450
           jflowers@motleyrice.com
13         aritter@motleyrice.com
           fbaker@motleyrice.com
14         aarnold@motleyrice.com
           akouba@motleyrice.com
15         mkimpson@motleyrice.com

16         *Plaintiffs' Counsel in Skotnicki v. Facebook, Inc. et al., No.
           3:18-03790*

17         /s/ Timothy Scott Barton, Jr.
18         Timothy Scott Barton, Jr.
           115 Iowa Street
19         Danville, Illinois 61832
           Telephone: 217.799.8492
20         runnerforlife08@gmail.com

21         *Pro Se Plaintiff in Burton v. Facebook, Inc. et al., No. 3:18-
           03643*

22

23

24

25

26

27

28

/s/ Christopher Springer
Christopher Springer
KELLER ROHRBACK L.L.P.
801 Garden Street, Ste. 301
Santa Barbara, CA 93101
Telephone: 805.456.1496
Facsimile: 805.456.1497
cspringer@kellerrohrback.com

Lynn Lincoln Sarko
Gretchen Freeman Cappio
Cari Campen Laufenberg
Derek Loeser
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Ste. 3200
Seattle, WA 98101
Telephone: 206.623.1900
Facsimile: 206.623.3384
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com
dloeser@kellerrohrback.com

*Plaintiffs' Counsel in Haslinger v. Facebook, Inc. et al., No. 3:18-01984*

/s/ Joshua H. Watson
Joshua H. Watson
CLAYEO C. ARNOLD, A PROFESSIONAL LAW CORPORATION
865 Howe Avenue
Sacramento, CA 95825
Telephone: 916.777.7777
Facsimile: 916.924.1829
jwatson@justice4you.com

Kevin S. Hannon
THE HANNON LAW FIRM, LLC.
1641 Downing Street
Denver, CO 80218
Telephone: 303.861.8800
Facsimile: 303.861.8855
khannon@hannonlaw.com

*Plaintiffs' Counsel in Kooser et al. v. Facebook, Inc. et al., No. 3:18-02009*

1

2  /s/ Will Lemkul
Will Lemkul
3  MORRIS SULLIVAN & LEMKUL LLP
9915 Mira Mesa Boulevard, Ste. 300
San Diego, CA 92131
4  Telephone: 858. 566.7600
Facsimile: 858.566.6602
5  lemkul@morrissullivanlaw.com

6  Jodi Westbrook Flowers
Ann Ritter
7  Fred Baker
Kimberly Barone Baden
8  Andrew Arnold
Annie Kouba
9  Marlon Kimpson
MOTLEY RICE LLC
10  28 Bridgeside Boulevard
Mount Pleasant, SC 29464
11  Telephone: 843.216.9000
Facsimile: 843.216.9450
12  jflowers@motleyrice.com
aritter@motleyrice.com
13  fbaker@motleyrice.com
kbaden@motleyrice.com
14  aarnold@motleyrice.com
akouba@motleyrice.com
15  mkimpson@motleyrice.com

16  *Plaintiffs' Counsel in Picha v. Facebook, Inc. et al., No. 3:18-02090*

17  /s/ Gordon M. Fauth, Jr.
18  Gordon M. Fauth, Jr.
Rosanne L. Mah
19  FINKELSTEIN THOMPSON LLP
100 Pine Street, Ste. 1250
20  San Francisco, CA 94111
Telephone: 415.398.8700
21  Facsimile: 415.398.8704
gfauth@finkelsteinthompson.com
22  rmah@finkelsteinthompson.com

23  *Plaintiffs' Counsel in Labajo v. Facebook, Inc. et al., No. 3:18-02093*

24

25

26

27

28

1

2          /s/ Timothy G. Blood
           Timothy G. Blood
           Thomas J. O'Reardon II
3          Paula R. Brown
           BLOOD HURST & O'REARDON, LLP
4          501 West Broadway, Ste. 1490
           San Diego, CA 92101
5          Telephone: 619.338.1100
           Facsimile: 619.338.1101
6          tblood@bholaw.com
           toreardon@bholaw.com
7          pbrown@bholaw.com

8          Ben Barnow
           Erich P. Schork
9          Jeffrey D. Blake
           Anthony L. Parkhill
10         BARNOW AND ASSOCIATES, P.C.
           One North LaSalle Street, Ste. 4600
11         Chicago, IL 60602
           Telephone: 312.621.2000
12         Facsimile: 312.641.5504
           b.barnow@barnowlaw.com
13         e.schork@barnowlaw.com
           j.blake@barnowlaw.com
14         aparkhill@barnowlaw.com

15         *Plaintiffs' Counsel in Iron Wing et al. v. Facebook, Inc., No.
           3:18-02122*

16
           /s/ Shana E. Scarlett
17         Shana E. Scarlett
           HAGENS BERMAN SOBOL SHAPIRO LLP
18         715 Hearst Avenue, Ste. 202
           Berkeley, CA 94710
19         Telephone: 510.725.3000
           Facsimile: 510.725.3001
20         shanas@hbsslaw.com

21         Steve W. Berman
           Robert F. Lopez
22         HAGENS BERMAN SOBOL SHAPIRO LLP
           1918 Eighth Avenue, Ste. 3300
23         Seattle, WA 98101
           Telephone: 206.623.7292
24         Facsimile: 206.623.0594
           steve@hbsslaw.com
25         robl@hbsslaw.com

26         *Plaintiffs' Counsel in Johnson et al. v. Facebook, Inc., No.
           3:18-02127*

27

28

1

2          /s/ David S. Casey, Jr.
           David S. Casey, Jr.
3          Gayle M. Blatt
           Jeremy Robinson
           Angela Jae Chun
4          Alyssa Williams
           Casey Gerry Schenk
5          FRANCAVILLA BLATT & PENFIELD, LLP
           110 Laurel Street
6          San Diego, CA 92101
           Telephone: 619.238.1811
7          Facsimile: 619.544.9232
           dcasey@cglaw.com
8          gmb@cglaw.com
           jrobinson@cglaw.com
9          ajc@cglaw.com
           awilliams@cglaw.com
10
           *Plaintiffs' Counsel in Gerena v. Facebook, Inc., No. 3:18-*
11         *02201*

12         /s/ Eric H. Gibbs
           Eric H. Gibbs
13         Andre M. Mura
           Aaron Blumenthal
14         GIBBS LAW GROUP LLP
           505 14th Street, Ste. 1110
15         Oakland, CA 94612
           Telephone: 510.350.9700
16         Facsimile: 510.350.9701
           ehg@classlawgroup.com
17         amm@classlawgroup.com
           ab@classlawgroup.com
18
           *Plaintiffs' Counsel in King v. Facebook, Inc. et al., No. 3:18-*
19         *02276*

20         /s/ Robert Ahdoot
           Robert Ahdoot
21         Tina Wolfson
           Theodore W. Maya
22         Bradley K. King
           AHDOOT & WOLFSON, PC
23         10728 Lindbrook Drive
           Los Angeles, CA 90024
24         Telephone: 310.474.9111
           Facsimile: 310.474.8585
25         rahdoot@ahdootwolfson.com
           twolfson@ahdootwolfson.com
26         tmaya@ahdootwolfson.com
           bking@ahdootwolfson.com
27
           *Plaintiffs' Counsel in Sanchez v. Facebook, Inc. et al., No.*
28         *3:18-02381*

1

2
/s/ Lesley E. Weaver
Lesley E. Weaver

3
Matthew S. Weiler
BLEICHMAR FONTI & AULD LLP
555 12th Street, Ste. 1600

4
Oakland, CA 94607
Telephone: 415.445.4003

5
Facsimile: 415.445.4020
lweaver@bfalaw.com

6
mweiler@bfalaw.com

7
Daniel E. Gustafson
Daniel C. Hedlund

8
Joseph C. Bourne
GUSTAFSON GLUEK PLLC

9
120 South Sixth Street, Ste. 2600
Minneapolis, MN 55402

10
Telephone: 612.333.8844
Facsimile: 612.339.6622

11
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com

12
jbourne@gustafsongluek.com

13
Joseph Goldberg
Vincent J. Ward

14
FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD P.A.

15
20 First Plaza, Ste. 700
Albuquerque, NM 87102

16
Telephone: 505.842.9960
Facsimile: 505.842.0761

17
jg@fbdlaw.com
vjw@fbdlaw.com

18
*Plaintiffs' Counsel in Schinder v. Facebook, Inc. et al., No.*

19
*3:18-02571*

20

21

22

23

24

25

26

27

28

1

2        /s/ Linda M. Dardarian
         Linda M. Dardarian
3        GOLDSTEIN, BORGEN, DARDARIAN & HO
         300 Lakeside Drive, Ste. 1000
         Oakland, CA 94612
4        Telephone: 510.763.9800
         Facsimile: 510.835.1417
5        ldardarian@gbdhlegal.com

6        William H. "Hassan" Murphy III
         Will Zerhouni
7        Jessica H. Meeder
         MURPHY FALCON & MURPHY
8        1 South Street, 23rd Floor
         Baltimore, MD 21202
9        Telephone: 410.951.8744
         Facsimile: 410.539.6599
10       Hassan.Murphy@murphyfalcon.com
         jessica.meeder@murphyfalcon.com
11       will.zerhouni@murphyfalcon.com

12       April Falcon Doss
         SAUL EWING ARNSTEIN & LEHR, LLP
13       500 E. Pratt Street, Ste. 900
         Baltimore, MD 21202
14       Telephone: 410.332.8798
         Facsimile: 410.332.8178
15       April.Doss@saul.com

16       *Plaintiffs' Counsel in Pelc v. Facebook, Inc. et al., No. 3:18-02948*

17       /s/ Christopher P. Ridout
18       Christopher P. Ridout
         ZIMMERMAN REED LLP
19       2381 Rosecrans Ave., Ste. 328
         Manhattan Beach, CA 90245
20       Telephone: 877.500.8780
         Facsimile: 877.500.8781
21       christopher.ridout@zimmreed.com

22       *Plaintiffs' Counsel in Bouillon v. Facebook, Inc., No. 3:18-02565*

23

24

25

26

27

28

1

2
/s/ Rosemary M. Rivas
Rosemary M. Rivas
Quentin A. Roberts

3
LEVI & KORSINSKY, LLP
44 Montgomery Street, Ste. 650

4
San Francisco, CA 94104
Telephone: 415.291.2420

5
Facsimile: 415.484.1294
rrivas@zlk.com

6
qroberts@zlk.com

7
Courtney E. Maccarone
LEVI & KORSINSKY, LLP

8
30 Broad Street, 24th Floor
New York, NY 10004

9
Telephone: 212.363.7500
Facsimile: 866.367.6510

10
cmaccarone@zlk.com

11
*Plaintiffs' Counsel in Vance Guerbe v. Facebook, Inc. et al.,
No. 3:18-02987*

12
/s/ Andrew N. Friedman

13
Andrew N. Friedman
Douglas J. McNamara

14
Sally M. Handmaker
COHEN MILSTEIN SELLERS & TOLL PLLC

15
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005

16
Telephone: 202.408.4600
Facsimile: 202.408.4699

17
afriedman@cohenmilstein.com
dmcnamara@cohenmilstein.com

18
shandmaker@cohenmilstein.com

19
Charles Reichmann
LAW OFFICES OF CHARLES REICHMANN

20
16 Yale Circle
Kensington, CA 94708

21
Telephone: 415.373.8849
charles.reichmann@gmail.com

22
*Plaintiffs' Counsel in Burk v. Facebook, Inc., No. 4:18-02504*

23

24

25

26

27

28

### <u>Attestation Pursuant to Civil Local Rule 5-1(i)(3)</u>

I, Michael W. Sobol, am the ECF User whose ID and password are being used to file this Consolidated Case Management Statement.  I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

By:  <u>/s/ Michael W. Sobol</u>
Michael W. Sobol

1584068.5