# Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: 21st CENTURY ONCOLOGY
CUSTOMER DATA SECURITY BREACH
LITIGATION

MDL No. 2737

Case No: 8:16-md-2737-MSS-AEP

This Document Relates to ALL CASES

ORDER

**THIS CAUSE** is before the Court for consideration of matters raised during the Initial Status Conference held on November 16, 2016 before the Honorable Mary S. Scriven and the Honorable Anthony E. Porcelli. For the reasons stated in the hearing, it is hereby **ORDERED** as follows:

1. Within twenty-one (21) days of the date of appointment of counsel, [1] the Parties SHALL confer and file their joint proposed Case Management Report ("CMR"), which must include the name and contact information of the Parties' agreed upon mediator. In the event that the Parties fail to agree on a mediator, the Court will appoint one. The CMR shall also include Plaintiffs' counsel's proposed Fee and

---

[1] For the purpose of the case management deadlines within this Order, the date of the Court's appointment of designated counsel was Thursday, November 17, 2016.

Reimbursement Plan.

2. The Parties SHALL exchange proposed Protective Orders by Monday, November 21, 2016 and SHALL obtain final signatures by Tuesday, November 29, 2016.

3. Initial Rule 26 (a) disclosures SHALL commence within twenty-one (21) days of the date of appointment of counsel and SHALL be completed within thirty (30) days of the date of appointment of counsel.

4. Consistent with the rulings made at the initial status conference, Defendant's initial disclosures shall include the following:

   a. The complete forensic report prepared by its expert in this case, which shall include, but is not limited to a disclosure of the information that was or may have been released incident to the subject data breach, including but not limited to the types of personally identifiable information ("PII") and/or protected health information ("PHI") that was compromised,

   b. A complete list of individuals to whom notice of the subject data breach was sent,[2]

   c. The number of claims of financial loss stemming from the subject data breach of which Defendant is aware, whether such claims were received formally or informally, or directly or indirectly or whether the claims were specific or general, notwithstanding Defendant's impression of the merits of any such claims, and

---

[2] Notwithstanding the fact that the initial disclosures may be provided on a "rolling basis" or that a dispute may be pending regarding disclosure of the full list of persons to whom the notice of the data breach was sent, Defendant shall not delay in providing verification that a notice of the breach was sent to all named Plaintiffs in this multidistrict litigation and all other purported members of the putative class of whom Plaintiffs have made Defendant aware. To that end, Plaintiffs shall immediately provide Defendant with a complete list of all individuals known to them who claim to have received such notice.

    d. The extent of Defendant's available insurance coverage to cover losses that may be incurred in connection with this lawsuit, including, without limitation, indemnity and defense, and primary and excess coverage.

5. Plaintiffs SHALL file a Consolidated Complaint within sixty (60) days of the date of appointment of counsel. Plaintiffs' Consolidated Complaint SHALL include an identification of all Plaintiffs who claim to have suffered loss from the actual improper use or attempted use of their PII and/or PHI and the nature of that claimed loss, either as an exhibit to the complaint or an allegation within the complaint. In either event, the list shall be deemed to be within the four corners of the complaint for purposes of consideration of any motion to dismiss. Within thirty (30) days thereafter, Defendant SHALL file a response to the Consolidated Complaint. If Defendant chooses to file a motion to dismiss, the Defendant is granted leave to file a motion and memorandum of up thirty (30) pages. Plaintiffs' response may likewise be up to thirty (30) pages in length. In the event that Defendant files a motion to dismiss Plaintiffs' Consolidated Complaint, the Court will determine whether and in what manner discovery shall proceed during the pendency of the motion.

6. On or before Monday, November 28, 2016, the Parties SHALL file a Joint Notice of Proposed Dates on which the Court may hear oral arguments on Defendants' potential motion to dismiss.

7. Lead and Liaison Counsel SHALL appear at all future hearings. All other counsel are not required to appear; however, should they wish to appear, they must notify appointed Local Counsel, who shall file a notice with the Court at least three (3)

days before the hearing.

8. Future status conferences shall be held at approximately sixty (60) day intervals. The Court will provide the Parties with proposed dates for such conferences. At least five (5) days prior to a scheduled conference, the Parties SHALL file a Joint Agenda with proposed issues to be discussed at the conference. If any party wishes to be heard on a formal motion at the status conference, the motion must be filed no later than twenty-eight (28) days prior to the conference in order to allow a formal response to the motion to be filed no later than fourteen (14) days prior to the conference.

9. The <u>Manual for Complex Litigation</u> (4th ed. 2004) and the Local Rules of the Middle District of Florida shall govern this matter.

10. Defendants shall have leave to file a Motion for Reconsideration of the Court's Order directing production of the list of all persons notified of the data breach. Such motion and memorandum shall not exceed ten (10) pages and shall be filed within seven (7) days of the date of appointment of counsel. Within seven (7) days thereafter, Plaintiffs may file a response not to exceed ten (10) pages.

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of November, 2016.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Person