# Exhibit D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>LITHIUM ION BATTERIES ANTITRUST LITIGATION | Case No.: 13-MD-02420 YGR<br><br>MDL No.: 2420<br><br>ORDER RE: PRODUCTION OF INFORMATION PRODUCED TO GRAND JURY<br><br>THIS DOCUMENT RELATES TO:<br>ALL CASES |

This multi-district civil antitrust litigation regarding lithium ion batteries involves over 70 complaints. The Justice Department has opened an investigation by serving grand jury subpoenas on the Defendants named in these complaints. During the April 3, 2013 Case Management Conference, Plaintiffs requested the production of grand jury documents before being required to file consolidated amended complaints. The Defendants who were served with the grand jury subpoenas objected to producing these documents before Plaintiffs filed consolidated amended complaints and before the Court ruled upon potential motions to dismiss.

Through discovery, the Plaintiffs seek enough facts to survive the inevitable motion to dismiss, while the Defendants wish to subject any complaints to a *Twombly*/*Iqbal* pleading challenge before having to provide discovery. No consolidated complaints are on file, nor are motions to dismiss pending. The issue before the Court is simply the timing of discovery.

The Court has considered the parties' arguments with respect to Plaintiffs' requests that Defendants produce the documents in this case that have already been produced to the Department of Justice or any Grand Jury. For the reasons set forth more fully below, the Court will allow discovery of the documents that have already been produced to the Department of Justice or any Grand Jury as to Defendants Maxell Corporation of America; Samsung SDI America, Inc. and Samsung SDI Co.,

1  Ltd.; and Defendants LG Chem, Ltd. and LG Chem America, Inc. because the benefits of disclosure
2  of this information outweigh any burdens of production. Otherwise, discovery is **STAYED**.

3  **I.    BACKGROUND**

4         Plaintiffs seek production in this case of the documents that Defendants have already
5  produced to the Department of Justice and/or a Grand Jury. The Court requested the Plaintiffs to file
6  their Requests for Production and the Defendants to file their objections, which they submitted.
7  Plaintiffs' specific Request for Production seeks: "All documents that YOU produced to the United
8  States Department of Justice and/or any grand jury in response to or in connection with any
9  investigation relating to Lithium-Ion Rechargeable Batteries and/or Lithium-Ion Rechargeable
10 Battery Products." (Dkt. No. 152 at 3.)

11        All Defendants object to producing discovery without the protections and procedures afforded
12 by the Federal Rules of Civil Procedure. The Defendants argue that discovery at this stage amounts
13 to a pre-complaint fishing expedition, and according to several of the Defendants, it would be unduly
14 burdensome to produce these documents.

15 **II.   LEGAL FRAMEWORK**

16        The discovery provisions of the Federal Rules of Civil Procedure are designed to allow
17 litigants to gather the facts and information necessary to prepare their case before trial as well as to
18 make an informed decision about settlement. *U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 682
19 (1958) ("They together with pretrial procedures make a trial less a game of blind man's buff and
20 more a fair contest with the basic issues and facts disclosed to the fullest practicable extent") (citing
21 *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). Discovery under the Federal Rules of Civil Procedure
22 are "'accorded a broad and liberal treatment.'" *Calpine Corp. v. Ace Am. Ins. Co.*, 05-CV-00984 SI,
23 2007 WL 3010570 (N.D. Cal. Oct. 12, 2007) (quoting *Hickman*, *supra*, 329 U.S. at 507. Rule 26
24 provides that the scope of civil discovery includes "any nonprivileged matter that is relevant to any
25 party's claim or defense." Fed. R. Civ. P. 26(b); *Hickman*, *supra*, 329 U.S. at 507 ("No longer can
26 the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts
27 underlying his opponent's case.").

28

The Court also must balance the need for discovery against the burden imposed on the party ordered to produce the documents. *Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they 'be construed to secure the just, speedy, and inexpensive determination of every action.'"). Under Rule 26(c), the Court may, on a showing of good cause, enter an order to stay discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

### III. ANALYSIS

#### A. RELEVANCE

The Defendants in this case argue that discovery is premature as there is no operative complaint from which to gauge the relevance of a discovery request and also argue that Federal Rules of Civil Procedure do not countenance pre-complaint discovery. With more than 70 complaints on file, the Court is not convinced that there are no pleadings from which to measure the relevance of the requested discovery or that the Plaintiffs are seeking pre-complaint discovery. With respect to the complaints on file, several of the Defendants create artificial "contradictions" in these pleadings to argue the discovery requests vague. Based upon certain nonuniformity to the complaints—*e.g.*, varying class periods, different battery containing products—these Defendants claim they cannot ascertain the scope of the discovery requests. These are distinctions without any difference bearing upon the discovery requests themselves.

#### B. *TWOMBLY*

Stays of discovery may be deemed warranted where a motion to dismiss can resolve a threshold issue such as jurisdiction, qualified immunity, or where discovery may be especially burdensome or costly. Courts acknowledge that antitrust discovery can be enormously expensive and burdensome. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("it is one thing to be cautious before dismissing an antitrust complaint in advance of discovery, but quite another to forget that proceeding to antitrust discovery can be expensive."). For that reason, before allowing a potentially massive factual discovery to proceed, this Court will insist on some specificity in the pleadings. *Id*. ("it is only by taking care to require allegations that reach the level suggesting conspiracy that we can

hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence."). However, the costs and burdens of antitrust discovery do not erect an automatic barrier to discovery in every case in which an antitrust defendant challenges the sufficiency of a complaint. *In re Graphics Processing Units Antitrust Litigation*, 07-MD-1826 WHA, at 6-7 (N.D. Cal. Jul. 24, 2007) (*Twombly* "used concerns about the breadth and expense of antitrust discovery to identify pleading standards for complaints, it did not use pleading standards to find a reason to foreclose all discovery … at least when the discovery would be burdensome. When, however, the discovery would not be so burdensome, a closer question is presented, a question calling for the exercise of discretion and the balancing of competing factors.").

Just as there are no consolidated amended complaints on file, there are no motions to dismiss pending. With no motion to dismiss pending, it is premature to disallow discovery on the basis that a yet-to-be-filed complaint may fail to state a plausible claim for relief. At this time, the Court will not disallow discovery simply because the Defendants anticipate filing motions to dismiss.

**C. BURDEN**

Defendants Sony Corporation, Sony Energy Devices Corporation and Sony Electronics Inc. (collectively "Sony Defendants"), and Defendants Panasonic Corporation, Panasonic Corporation of North America, Sanyo Electric Co, Ltd, Sanyo North America Corporation (collectively "Panasonic and Sanyo Defendants") argue that the production of the requested documents would be unduly burdensome. The other Defendants do not make this same argument regarding the burdens of document production.

Plaintiffs argue that these two groups of Defendants have failed to establish that production of these requested documents would present an *undue* burden. According to Plaintiffs, because the documents already have been produced to the government, any additional burden of production is *de minimus*. The Sony Defendants and the Panasonic and Sanyo Defendants have explained that the review and production of the documents would be substantial. According to the Sony Defendants, responding to the discovery request would require Sony to review nearly 200,000 pages of documents at a cost that may exceed $250,000. As to the Panasonic and Sanyo Defendants, they produced over 500,000 pages of documents to the Department of Justice and estimate that producing

the requested information for the Plaintiffs would require almost 4,000 hours of additional attorney time.

At this time, the Court finds that as to the Sony Defendants and Panasonic and Sanyo Defendants only, the burdens outweigh the benefits of disclosure of the information. For that reason, the Court will stay the discovery as to these two groups of Defendants. The Defendants who do not argue that the document production will be unduly burdensome will have to produce relevant responsive documents. Once Defendants' motions to dismiss are on file, the Court will revisit this decision.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

By **June 17, 2013**, Defendants Maxell Corporation of America; Samsung SDI America, Inc. and Samsung SDI Co., Ltd.; and Defendants LG Chem, Ltd. and LG Chem America, Inc. shall produce documents responsive to Plaintiffs' Request for Production No. 1 (Dkt. No. 152). Otherwise, Discovery is **STAYED**;

By **June 24, 2013**, Plaintiffs shall file the Consolidated Amended Complaints. In light of the production of the documents, if additional time is required to draft the Consolidated Amended Complaints, counsel should promptly advise the Court;

A Pre-filing Conference regarding Motions to Dismiss will be scheduled during the week of July 8, 2013. Counsel are to meet and confer regarding their available dates and provide the Court with two proposed times during that week. (The afternoons of Monday, Tuesday and Thursday are not available);

By **August 23, 2013**, Defendants shall file their Responses to the Consolidated Amended Complaints;

By **September 23, 2013**, Plaintiffs shall file their Replies.

**IT IS SO ORDERED**.

Dated: May 21, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**