# Exhibit F

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/30/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                               :
IN RE: PLATINUM AND PALLADIUM        10 Civ. 3617 (WHP)
COMMODITIES LITIGATION            :
                                                             ORDER
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                               :
THIS DOCUMENT RELATES TO:
                                             :
ALL ACTIONS
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Defendants move to stay discovery pending this Court's resolution of their motion to dismiss the First Amended Class Action Complaint (the "Complaint"). For the following reasons, Defendants' motion to stay discovery is granted in part and denied in part.

        "District courts have discretion to stay discovery for 'good cause' pending resolution of a motion to dismiss." In re Currency Conversion Fee Antitrust Litig., No. MDL-1409 (WHP), 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); see Fed. R. Civ. P. 26(c). In determining whether good cause exists, courts consider (1) whether the motion to dismiss appears to have substantial grounds; (2) the breadth of discovery and its burden on the party seeking the stay; and (3) unfair prejudice to the party opposing the stay. See Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc., No. 08 Civ. 2437 (RJS), 2009 WL 274483, at *1 (S.D.N.Y. Feb. 3, 2009); Niv v. Hilton Hotels Corp., No. 06 Civ. 7839 (PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007); In re Currency Conversion, 2002 WL 88278, at *1. "[I]mposition of a stay is not appropriate simply on the basis that a motion to dismiss has been filed . . . ." In re Currency Conversion, 2002 WL 88278, at *1.

-1-

Prior to the filing of this action, Defendants produced documents to the Commodities Futures Trading Commission ("CFTC") in response to subpoenas issued by the CFTC. Plaintiffs oppose Defendants' motion to stay discovery only as to documents produced pursuant to the CFTC subpoenas. Those documents consist of approximately 250,000 pages. As pruned, Plaintiffs' request is not overly burdensome. Defendants have already reviewed that production for privilege. Moreover, unlike the Private Securities Litigation Reform Act, the Commodities Exchange Act does not impose a mandatory stay of discovery. Thus, this limited discovery is reasonable under the circumstances while the motion to dismiss is pending.

Accordingly, Defendants are directed to provide Plaintiffs with copies of the documents produced to the CFTC by January 7, 2011. Defendants may redact any personal employee information or proprietary trading information unrelated to the allegations in the Complaint. All other discovery is stayed pending this Court's decision on Defendants' motion to dismiss. The Clerk of the Court is directed to terminate the motions pending at Docket Nos. 33 and 47.

Dated: November 30, 2010
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

Christopher Lovell, Esq.
Lovell Stewart Halebian Jacobson LLP
61 Broadway, Suite 501
New York, NY 10006
*Counsel for Plaintiffs*

John A. Lowther, Esq.
Doyle Lowther LLP
9466 Black Mountain Road, Suite 210
San Diego, CA 92126
*Counsel for Plaintiffs*

Christopher J. Gray, Esq.
Law Office of Christopher J. Gray, P.C
460 Park Avenue 21st Floor
New York, NY 10022
*Counsel for Plaintiffs*

David M. Zensky, Esq.
Akin Gump Strauss Hauer & Feld
One Bryant Park
New York, NY 10036
*Counsel for the Moore Defendants*

Jennifer L. Rochon, Esq.
Jade A. Burns, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
*Counsel for Christopher Pia*

Therese M. Doherty, Esq.
Herrick, Feinstein LLP
Two Park Avenue
New York, NY 10016
*Counsel for MF Global Inc.*