| | |
|---|---|
| **GIBSON, DUNN & CRUTCHER LLP**<br>Michael A. Rosenthal<br>Dylan Cassidy<br>200 Park Avenue<br>New York, New York 10166-0193<br>Telephone: (212) 351-4000<br>Facsimile: (212) 351-4035 | Hearing Date:<br>August 21, 2018 at 11:00 a.m. (ET)<br><br>Re: Docket No. 37 |

*Attorneys for Facebook, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
: 
In re: : Chapter 11
: 
SCL USA INC., : Case No. 18-11501 (SHL)
: 
                       Debtor. :
: 
---------------------------------------------------------------X

### LIMITED RESPONSE OF FACEBOOK, INC. TO RULE 2004 MOTION FILED BY CERTAIN PLAINTIFFS IN MDL LITIGATION

Facebook, Inc. ("Facebook"), respectfully submits this limited response to the motion by certain of the plaintiffs ("Moving Parties") in an ongoing Multidistrict Litigation in which Facebook, SCL USA Inc. (the "Debtor") and its affiliated debtor, Cambridge Analytica LLC, are defendants ("MDL"), for discovery in this proceeding pursuant to Bankruptcy Rule 2004,[1] [D.I. 37] (the "Rule 2004 Motion").

### BACKGROUND

As this Court may know, the Debtor, certain of its affiliates and Facebook have been named as defendants in dozens of federal actions filed by Facebook users arising from two

---

[1] *See Data Breach Plaintiffs' Motion Pursuant to Bankruptcy Rule 2004 for An Order Directing The Production of Documents From, and Authorizing the Examination of, SCL USA Inc.* Capitalized terms used, but not otherwise defined herein, have the meanings given such terms in the Rule 2004 Motion.

1

articles published in March 2018 relating to the alleged misuse of Facebook user data by the Debtor and/or its affiliates. The claims against the Debtor were automatically stayed pursuant to 11 U.S.C. § 362 when the Debtor filed its voluntary petition commencing the present chapter 7 case (the "Chapter 7 Case"). Subsequently, the federal actions filed by Facebook users were consolidated by the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407(a), into a single Multidistrict Litigation in the Northern District of California, and assigned to Judge Vince Chhabria. *See In Re: Facebook, Inc. Consumer Privacy User Profile Litig.*, MDL No. 2843, N.D. Cal. Case No. 18-MD-02843-VC (the "MDL" defined above).

On July 27, 2018, Judge Chhabria appointed as co-lead counsel in the MDL Derek Loeser of Keller Rohrback, and Lesley Weaver of Bleichmar Fonti & Auld ("MDL Lead Counsel"). MDL, Dkt. #102. Notably, counsel for the Moving Parties here were not named as lead counsel, and the named MDL Lead Counsel have not joined the Rule 2004 Motions pending before this Court. As part of the MDL, Judge Chhabria currently is entertaining briefing on the question what discovery, if any, should be allowed in the MDL pending the resolution of dispositive motions. Judge Chhabria also entered a document preservation order, attached hereto as Exhibit A, in one of the constituent cases in the MDL directing Cambridge Analytica LLC and related custodians to preserve documents potentially relevant to the litigation.[2]

The Moving Parties disclaim any intention to seek discovery or information relating to the ongoing MDL or other litigation in which the Debtor is named as a party. As noted, MDL Lead Counsel have not joined the Rule 2004 Motion or taken any position with respect thereto.

---

[2] *See Beiner v. Facebook, Inc. & Cambridge Analytica LLC*, N.D. Cal. No. 3:18-CV-1953-VC, Dkt. #30 (entered May 4, 2018). This preservation order was entered after certain of the Debtor's affiliates in the United Kingdom had filed insolvency proceedings but before the Debtor commenced the Chapter 7 Case.

2

On August 14, 2018, Salvatore LaMonica, Esq., in his capacity as the Chapter 7 Trustee (the "Trustee") of the bankruptcy estates of the Debtor and Cambridge Analytica LLC filed an objection (the "Trustee Objection") [D.I. 51] to the Rule 2004 Motion and a similar motion filed in the chapter 7 bankruptcy case of Cambridge Analytica LLC, arguing, among other things, that, due to the ongoing MDL, the discovery being sought is precluded by the "pending proceeding" rule with respect to Rule 2004.

## STATEMENT

As the Court may know, the MDL has focused on the assertion by the MDL plaintiffs that certain Facebook user data was used by one or more of the Debtor and/or its affiliates in a way that violated Facebook's policies. It is not known whether the Debtor and/or its affiliates currently possess any such Facebook user data. The Debtor and related parties have certified that any such data was destroyed, but the March 2018 news stories that gave rise to the MDL have reported that some or all of that data was not destroyed.

As noted, the Trustee has argued in the Trustee Objection that the Rule 2004 Motion should be denied. In the event the Court disagrees with the Trustee and grants the Rule 2004 Motion over the Trustee's objection, the Court should issue an appropriate protective order to ensure that Facebook user data (if any) that might be discovered in the process is subject to strict confidentiality protections. A protective order is appropriate to ensure that Facebook users' private information is not disclosed, inadvertently or otherwise.

## RESERVATION OF RIGHTS

Nothing in this limited response is intended to or shall be deemed or construed as (a) consent by Facebook or its affiliates to the jurisdiction of this Court or any other court with respect to any proceedings involving or affecting Facebook; (b) a waiver of any rights of Facebook to (i) have final orders in any non-core matters entered only after de novo review by a

3

District Judge, (ii) trial by jury in any proceeding so triable in the Chapter 7 Case or any case, controversy, or proceeding related or connected to, or arising from, any aspect of the Chapter 7 Case, or (iii) have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or (c) a waiver or release of any other rights, claims, actions, defenses, setoffs, or recoupments, as appropriate, to which Facebook is or may be entitled, either in law or in equity, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

Facebook respectfully requests that, if the Court grants the Rule 2004 Motion, the Court should enter a protective order preserving the confidentiality of any Facebook user data or related information (if any) disclosed in connection with the Rule 2004 process.

Dated: August 14, 2018　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP
　　　　　New York, New York

By: */s/ Michael A. Rosenthal*
　　　Michael A. Rosenthal
　　　(mrosenthal@gibsondunn.com)
　　　Dylan Cassidy
　　　(dcassidy@gibsondunn.com)

200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Facebook, Inc.*

5

**Exhibit A**

| | | |
|---|---|---|
| 1 | Michael W. Sobol (State Bar No. 194857)<br>msobol@lchb.com | Hank Bates (State Bar No. 167688)<br>hbates@cbplaw.com |
| 2 | David T. Rudolph (State Bar No. 233457)<br>drudolph@lchb.com | Allen Carney<br>acarney@cbplaw.com |
| 3 | Melissa Gardner (State Bar No. 289096)<br>mgardner@lchb.com | David Slade<br>dslade@cbplaw.com |
| 4 | LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP | CARNEY BATES & PULLIAM, PLLC<br>519 West 7th Street |
| 5 | 275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339 | Little Rock, AR 72201<br>Telephone: 501.312.8500 |
| 6 | Telephone: 415.956.1000<br>Facsimile: 415.956.1008 | Facsimile: 501.312.8505 |

Nicholas Diamand
ndiamand@lchb.com
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: 212.355.9500
Facsimile: 212.355.9592

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BEINER and BRANDON HAUBERT, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., and CAMBRIDGE ANALYTICA, LLC<br><br>Defendants. | **CASE NO. 3:18-CV-1953-VC**<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING PRESERVATION OF EVIDENCE** |

1553097.3

STIPULATION AND [PROPOSED] ORDER REGARDING
PRESERVATION OF EVIDENCE
CASE NO. 3:18-CV-1953-VC

1  WHEREAS, on March 29, 2019 Plaintiffs Theresa Beiner and Brandon Haubert filed the above-captioned Class Action Complaint against Defendants Facebook, Inc. and Cambridge Analytica, LLC;

WHEREAS, the deadline for Cambridge Analytica to answer or otherwise respond to Plaintiffs' Complaint was April 24, 2018 (Dkt. No. 15);

WHEREAS, on April 20, 2018 Cambridge Analytica filed a motion for Extension of Time to File a Response to Plaintiffs' Complaint (Dkt. No. 25);

WHEREAS, on April 24, 2018 Cambridge Analytica filed a joinder to defendant Facebook, Inc.'s motion to stay (Dkt. No. 26);

WHEREAS, on May 2, 2018, Cambridge Analytica announced that it had filed for bankruptcy in the United Kingdom, will be pursuing parallel bankruptcy proceedings in the United States, and will be immediately ceasing all operations;

WHEREAS, also on May 2, 2018 Cambridge Analytica's counsel filed a Motion to Withdraw as Attorneys of Record (Dkt. No. 27);

WHEREAS, in light of Cambridge Analytica's announced bankruptcy and cessation of operations, Plaintiffs seek to ensure that documents and electronically stored information that contain information relevant to this action be preserved;

**NOW, THEREFORE, the Parties stipulate as follows:**

1. Defendant Cambridge Analytica LLC, as well as its respective officers, agents, employees, and/or other third-party custodians (collectively, "Cambridge Analytica"), shall preserve and maintain the integrity of all books and records of Cambridge Analytica, including all information, documents, and other tangible objects or electronically stored information as defined in Fed. R. Civ. P. 34(a) that are in its possession, custody and control which are reasonably anticipated to be subject to discovery under Fed. R. Civ. P. 26, 45, and 56(e) in this action ("Evidence").

2. Cambridge Analytica shall maintain all such Evidence relevant to this matter in its original tangible or electronic format, including metadata and native file formats, and shall

1  refrain from altering, transferring, reusing, destroying, or permitting the alteration, transfer
2  or destruction of the Evidence.
3
4  **IT IS SO STIPULATED.**
5
6
7  DATED: May 3, 2018          CAMBRIDGE ANALYTICA LLC
8
                               By:  /s/ Sean Richardson
9                                      Sean Richardson
10                             *Head of Legal*
                               *Cambridge Analytica LLC*
11
12 DATED: May 3, 2018          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                               CARNEY BATES & PULLIAM, PLLC
13
14                             By:  /s/ Michael W. Sobol
                                       Michael W. Sobol
15
16                             *Attorneys for Plaintiffs Theresa Beiner and Brandon Haubert*
17
18
19
20
21
22
23
24
25
26
27
28

Case 3:16-md-02741-VC Document 117-1 Filed 08/15/18 Page 10 of 10
Case 3:18-cv-01953-VC Document 52 Filed 05/04/18 Page 10 of 10
18-11501-shl Doc 52-6 Filed 06/14/18 Entered 06/14/18 22:23:01 Exhibit 6 Document Pg 10 of 10

1 PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: May 4, 2018

HON. VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE

1553097.3

STIPULATION AND [PROPOSED] ORDER REGARDING
PRESERVATION OF EVIDENCE
CASE NO. 3:18-CV-1953-VC