UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No.  18-md-02843-VC |
| This document relates to:<br>ALL ACTIONS | **PRETRIAL ORDER NO. 8: DUTIES AND AUTHORITY OF CO-LEAD COUNSEL**<br>Re: Dkt. No. 115 |

On July 27, 2018, this Court appointed Derek Loeser of Keller Rohrback L.L.P. and Lesley Weaver of Bleichmar Fonti & Auld LLP as Co-Lead Counsel ("Co-Lead Counsel").  ECF No. 102.  This Pretrial Order ("PTO 8") defines the duties and responsibilities of Co-Lead Counsel as set forth herein.  Counsel for any party in this action may rely on the conduct and representations of Co-Lead Counsel on behalf of any class or classes in all actions consolidated before this Court (the "Class") for any issue in the litigation consistent with the Rules of the Panel for Multidistrict Litigation ("MDL").  This includes but is not limited to the authority to engage in the following activities:

1.      To oversee case management and develop and implement a litigation plan, including strategic planning in all respects relating to Class claims, which shall be directed via careful oversight and management of all work on behalf of the Class;

2.      To draft, authorize, sign and file all pleadings and motions related to all actions on behalf of the Class, including but not limited to all filings with the MDL Panel as well as those consolidated in this Court, and any appellate or amicus briefs;

3.      To draft, authorize, sign and file all motions and other requests for relief related to all actions on behalf of the Class, including all briefs relating to Defendants' motions and other

requests for relief, as well as those by third parties, including but not limited to governmental entities or other interested parties;

4.      To communicate with the Class regarding the status of the pending action;

5.      To propound, seek and respond to discovery, including but not limited to written discovery, the taking or defending of depositions, and motion practice related thereto;

6.      To conduct informal discovery, including but not limited to informal investigation and related activities needed to support Plaintiffs' claims;

7.      To take steps necessary to effectuate litigation to pursue Class claims, including managing document review and analysis and any other logistical matters that support formal and informal discovery efforts in this action;

8.      To retain vendors, experts and consultants on behalf of the Class;

9.      To appear, argue and determine who shall present on behalf of the Class at status conferences and hearings, mindful of this Court's Standing Orders with respect to the same;

10.      To enter into stipulations, agreements and joint prosecution agreements on behalf of the Class;

11.      To craft pleadings, including identifying defendants to be named and claims to be asserted in the consolidated complaint(s) in the MDL on behalf of the Class.  Pursuant to this authority, Co-Lead Counsel may elect to include all claims asserted in the underlying complaints in the consolidated complaint(s), and for the fair and efficient adjudication of this MDL, propose prioritizing certain claims, and staying others, or, in the alternative, to dismiss certain claims without prejudice during the pendency of the MDL;

12.      To enter into tolling agreements and negotiations on behalf of the Class with any Defendant or potential defendant, including any previously named defendant not named in any consolidated complaint(s) on behalf of the Class;

13.      To assess and select class representatives and determine the claims brought on behalf of the Class;

14.     To implement and enforce a protocol for attorneys' fees, expenses, and/or costs for the Court's approval to ensure that fees, expenses, and/or costs incurred are reasonable and necessary to the litigation.  The protocol shall address, *e.g.*, the exercise of billing judgment; the maintenance of contemporaneous, detailed time records; the periodic reporting of fees, expenses and/or costs to Co-Lead Counsel and/or the Court; staffing; Co-Lead Counsel meetings; and Court hearings;

15.     To engage in settlement discussions with Defendants and any other entities, including governmental or regulatory entities, to enter into settlement on behalf of the Class and to propose a plan of allocation;

16.     To assess common litigation costs and collect such assessments;

17.     To determine whether it is necessary for the efficient and effective litigation of this matter to engage other qualified counsel to perform common benefit work, provided that (a) Co-Lead Counsel informs the Court of the specific tasks that other counsel will perform *in camera*, without waiver of any privileges, and the Court approves the engagement; and (b) Co-Lead Counsel manages and oversees the work of such other counsel, collects cost and time records from counsel and ensures that their work adheres to the Court-approved protocol regarding attorneys' fees, expenses, and/or costs;

18.     To allocate fees and expenses among Co-Lead Counsel and any other counsel whose engagement has been approved by the Court for purposes of any submission to the Court for reimbursement and compensation, and following the award of any such fees and expenses, for disbursement to counsel, including the determination for common benefit work; and

19.     To conduct all tasks ancillary and necessary to the above duties and any other duty as the Court may order.

**IT IS SO ORDERED.**

Dated: August 17, 2018

_____
VINCE CHHABRIA
United States District Judge