UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
|---|---|
| This document relates to:<br>ALL ACTIONS | **PRETRIAL ORDER NO. 9: PROTOCOL FOR COMMON BENEFIT WORK AND EXPENSES**<br>Re: Dkt. No. 114 |

By this Order, the following protocol shall govern all work for common benefit and expense, in this action, including, among other issues, the exercise of billing judgment; the maintenance of contemporaneous, detailed time records; the periodic reporting of fees, expenses, and/or costs; staffing; and rules for attendance at court hearings.[1]

**I. ADOPTION OF CASE MANAGEMENT PROTOCOLS FOR COMMON BENEFIT WORK**

The Court hereby adopts the following guidelines for the management of case-staffing, timekeeping, cost reimbursement, and related common benefit issues. The recovery of common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel." "Participating Counsel" shall be defined as Co-Lead Counsel and other counsel authorized by Co-Lead Counsel and approved by the Court to perform common benefit work at the direction of Co-Lead Counsel. For clarity, absent Court approval, no counsel other than Co-Lead Counsel shall be authorized to perform common benefit work.

If and to the extent that this litigation is certified as a class action under Fed. R. Civ. P. 23

---

[1] Nothing in this Order shall be interpreted to affect any proceedings other than those involving the authorities, duties, responsibilities, guidelines, and rules of and for Plaintiffs' counsel, as discussed herein.

for purposes of resolution and/or trial, any award of fees and costs for common benefit work will be governed by the standards and procedures set forth in Rule 23, including Rule 23(h). In any event, no award or payment of common benefit fees or costs shall be made without this Court's approval.

Participating Counsel shall be eligible to receive common benefit attorneys' fees and reimbursement of costs and expenses only if the time expended, costs incurred, and activity in question were (a) for the common benefit of Plaintiffs; (b) timely submitted; and (c) reasonable in the determination of Co-Lead Counsel and the Court. Costs or expenses that fall within the limitations set forth herein shall not be deemed presumptively reasonable, and the Court retains its discretion to evaluate any costs or expenses submitted by counsel for reasonableness.

Participating Counsel, as defined above, shall agree to the terms and conditions herein, including submitting to this Court's jurisdiction and agreeing that this Court has plenary authority regarding the award and allocation of common benefit attorneys' fees and expense reimbursements in this matter.

Any counsel seeking reimbursement for fees and expenses for work in this action will submit to Co-Lead Counsel monthly common benefit time and expense submissions. Co-Lead Counsel shall audit such submissions for compliance with the directives set forth in this Order, and inform Participating Counsel when their submissions do not comply with the directives set forth in this Order. Co-Lead Counsel's auditing responsibility notwithstanding, the ultimate determination of what is compensable common benefit work, and the extent or rate at which it is compensable, is within the purview of the Court. In the event that Participating Counsel are unsure if the action they are about to undertake is considered common benefit work, they shall ask Co-Lead Counsel in advance as to whether such time or expense may be compensable.

**A.     Compensable Common Benefit Work**

"Common Benefit Work" includes all work done and expenses incurred that inure to the common benefit of Plaintiffs in this MDL.

**B.     Travel Limitations**

Only reasonable expenses will be reimbursed.  Except in unusual circumstances approved by Lead Counsel, all travel reimbursements are subject to the following limitations:

- **Airfare**: For routine domestic flights, only the price of a refundable and convenient coach fare seat or its equivalent will be reimbursed unless approved by Co-Lead Counsel.  For international travel or transcontinental flights with a total duration exceeding four hours, business class, or if business class is not available, first class, may be reimbursed at Co-Lead Counsel's discretion.  Any unusual circumstances must be approved by Co-Lead Counsel.

- **Hotel**: Hotel room charges for the average available room rate of a reasonable business hotel will be reimbursed.  Unusually high hotel charges may be reviewed by Co-Lead Counsel and disallowed.

- **Meals**: Meal expenses must be reasonable.  Unusually large meal expenses may be reviewed by Co-Lead Counsel and disallowed.

- **Cash Expenses**: Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

- **Automobile Rental**: Automobile rentals must be reasonable for the date and location of the rental.  Unusually high car rental charges may be reviewed by Co-Lead Counsel and disallowed.

- **Mileage**: Mileage claims must be documented by stating origination point, destination, and total actual miles for each trip.  The rate will be the maximum rate allowed by the Internal Revenue Service.

**C.     Non-Travel Limitations**

- **Long Distance, Conference Call, and Cellular Telephone Charges**: Common benefit long distance, conference call, and cellular telephone charges are to be reported at actual cost.

- **Shipping, Overnight, Courier, and Delivery Charges**: All claimed Common benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

- **Postage Charges**: Common benefit postage charges are to be reported at actual cost.

- **Telefax Charges**: Common benefit fax charges shall not exceed $0.50 per page.

- **In-House Photocopy**: The maximum charge for common benefit in-house copies is $0.15 per page.
- **Computerized Research – Lexis, Westlaw, or Bloomberg**: Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

No entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it. If, on the same day, one person incurs two expenses that fall into two different categories, then there should be two separate entries for that person for that date, each with the appropriate expense description and category code. Similarly, when practical, no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, then generally there should be a separate entry for each person, unless a single person paid the expense for multiple people.

Every expense entry should be as detailed and specific as reasonably practical. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket," "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient. Every entry must describe the task for which the expense was incurred in enough detail to reasonably identify what the expense was, who incurred it, why it was incurred, and how it related to Common Benefit Work. For example: What was filed and on behalf of whom? Who was served with what document and on behalf of whom? What hearing transcript was requested and for what purpose? For whom was the plane ticket purchased, for air travel from where to where, on what dates of travel? (The same goes for hotels, taxis, car services, tips, meals, and any other travel-related expenses.) Expense entries without sufficient detail may be rejected at Lead Counsel's discretion.

Attorneys shall provide receipts for all expenses. This does not mean that receipts are to be provided "upon request"—it means each firm must provide receipts monthly along with their expense submissions, in PDF form, not hard copy. Credit card receipts (not the monthly statements) are an appropriate form of verification. Hotel costs must be proven with the full

hotel invoice. The description of unclaimed expenses on the invoice may be redacted.

    **D.**    **Common Benefit Timekeeping Protocols**

        **1.**    **Recording Requirements**

All time must be accurately and contemporaneously maintained. Participating Counsel shall keep contemporaneous billing records of the time spent in connection with Common Benefit Work on this MDL, indicating with specificity the hours (in tenth-of-an-hour increments) and billing rate, along with a description of the particular activity (such as "conducted deposition of John Doe"). Descriptions must bear sufficient detail to identify the precise task and how it related to Common Benefit Work. Individuals identified in time descriptions must be described by at least their first initial and last name, not by initials. "John Doe" is preferred; "J. Doe" is acceptable; and "JD" is unacceptable. Each time entry must be categorized using one of the categories in Exhibit A. In general, when possible, a more specific category should be used in place of a more general category. Under no circumstances should a submitting firm make up new categories for use in its submission. While the categories are generally self-explanatory, below are some further explanations of some of the categories that may have the potential for the most confusion.

        **2.**    **Hourly Rates**

Counsel shall record their then-present hourly rates for all attorneys and staff. Although counsel may seek an award of fees based on their hourly rate at the time a settlement or judgment is reached to account for the delay in payment, their billing records shall be prepared and recorded at the then-present rates in monthly time reports submitted to Co-Lead Counsel. Counsel shall not bill a rate other than their standard rates at the time the work is performed. Use of these rates does not guarantee their payment.[2] Work performed contract attorneys shall be compensated at rates no more than $350/hour.

---

[2] The use of a current hourly rate for all hours billed is a permissible way to account for delay in payment. *See, e.g.*, *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 609 (9th Cir. 1997); *In re Washington Public Power Supply Systems Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994).

### 3. Document Analysis

Co-Lead Counsel will put out for bid any vendor services and strive to get the best services for the best price without sacrificing quality. A document analysis system will be used to avoid unnecessary travel expenses and procedures will be put in place to monitor how much time is spent analyzing documents and to monitor the efficiency and quality of analysis by other firms. Co-Lead Counsel may use junior associates, contract and staff attorneys for initial document analysis and coding; mid-level associates, contract and staff attorneys for higher level analysis and coding; and senior attorneys (including partners, as necessary) for top-tier analysis and quality control. Lawyers who perform initial document analysis and coding will be billed at an hourly rate consistent with the market rate for junior associates.

### E. Common Benefit Expenses Protocol

#### 1. Shared Costs

"Shared Costs" are costs that will be paid out of the Litigation Fund administered by Plaintiffs' Co-Lead Counsel. Co-Lead Counsel shall contribute to the Fund at times and in amounts sufficient to cover Plaintiffs' expenses for the administration of this MDL. The timing and amount of each assessment will be determined by Plaintiffs' Co-Lead Counsel, and each assessment will be paid within 14 days as instructed by Plaintiffs' Co-Lead Counsel. Failure to pay assessments will be grounds for removal from the appointments made in previous Court Orders or other common benefit assignments.

Shared Costs are costs incurred for the common benefit of Plaintiffs in this MDL as a whole. No client-related costs, save certain costs relating to future cases selected as bellwether cases that will be for the common benefit (e.g., related to liability and causation), shall be considered Shared Costs, unless exceptional circumstances exist and are approved by later order of this Court. All Shared Costs must be approved by Co-Lead Counsel prior to payment.

All costs that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify for submission and payment directly from the Fund:

- Court, filing, and service costs related to common issues;

- Court reporter and interpreter costs for depositions;

- Document (both electronic and hard copy) depository creation, operation, staffing, equipment, and administration;

- Co-Lead Counsel or out-of-house or extraordinary administration matters (e.g., expenses for equipment, technology, courier services, long distance, electronic service, photocopy and printing, secretarial/temporary staff, meetings and conference calls, etc.);

- Legal, tax, and accountant fees relating to the Fund;

- Expert witness and consultant fees and expenses for experts whose opinions and testimony would be generic and for the common benefit of a substantial number of cases. There shall be no reimbursement for case-specific experts, except for liability and causation experts in bellwether cases, with the approval of Co-Lead Counsel;

- Printing, copying, coding, and scanning related to the above (only out-of-house or extraordinary firm costs);

- Research by outside third-party vendors/consultants/attorneys, approved by Co-Lead Counsel;

- Translation costs related to the above, approved by Co-Lead Counsel;

- Bank or financial institution charges relating to the Fund;

- Investigative services, approved by Co-Lead Counsel; and

- Any assessment paid by Co-Lead Counsel or by a non-Lead Counsel firm from whom an assessment was requested by Co-Lead Counsel.

- Co-Lead Counsel shall prepare and be responsible for distributing reimbursement procedures and the forms associated therewith. Requests for payments from the Fund for common benefit expenses shall include sufficient information to permit Co-Lead Counsel and a Certified Public Accountant to account properly for costs and to provide adequate detail to the Court if necessary.

   2. **Held Costs**

"Held Costs" are those that will be carried by each attorney in this MDL and reimbursed as and when Co-Lead Counsel determines to do so. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the common benefit of all Plaintiffs in this MDL. No client-specific costs can be considered Held Costs, other than certain common benefit

7

costs relating to class representatives and future bellwether cases at the discretion of Co-Lead Counsel. Held Costs shall be recorded in accordance with the guidelines set forth herein and shall be subject to the travel and administrative limitations set forth in this Order.

### F. Protocols for Submission of Time and Expenses

#### 1. Format

For Co-Lead Counsel to maintain all time submissions in a fully sortable and searchable format, all of the time and expense submissions must be provided by submitting counsel in the following format.

> A. Counsel must use the Excel forms provided as Exhibits to this Order. This means that each monthly submission will consist of one Excel file, within which there will be four "sheets" (marked by tabs at the bottom): "Expense Report," "Supplemental Expense Report," "Monthly Time Report," and "Monthly Time Report Totals."
>
> B. In the "Monthly Time Report," the person who performed each task should be identified in the column called "Last Name, First Name" by their complete last name, a comma, and their complete first name (e.g., Smith, John). Please do not use abbreviations or initials in this column.
>
> C. In all reports, the date must be provided in month/day/year format (e.g., 10/23/14).

#### 2. Deadlines

Time submissions shall be made to Co-Lead Counsel on a monthly basis, by deadlines and in accordance with the guidelines set forth herein. The first submission is due on September 15, 2018 and should include all time and expense from inception of work on Facebook-related litigation through August 31, 2018. After this first submission, each monthly submission should include all common benefit time and expenses incurred from the first to the last day of the preceding month (e.g., the submission due October 15, 2018, should contain all common benefit time and expenses incurred from September 1, 2018, through September 30, 2018.

Although counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 15th of the next month, the realities of third-party billing and credit card statement schedules may make such quick expense submission difficult in some circumstances. Thus, submissions of "supplemental" common benefit expense reports will be permitted for those expenses incurred during the previous six months that—because of circumstances outside the submitting counsel's control—could not have been submitted by the deadline. Any common benefit expenses submitted more than six months in arrears may not be considered or included in any compilation of common benefit expense calculation and may be disallowed, except for good cause shown and with approval of Co-Lead Counsel.

Supplemental submissions of common benefit time will be permitted only for good cause shown and with the approval of Co-Lead Counsel.

**IT IS SO ORDERED.**

Dated: August 17, 2018

VINCE CHHABRIA  
United States District Judge