PAGES 1 - 22

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**BEFORE THE HONORABLE VINCE CHHABRIA, JUDGE**

IN RE FACEBOOK, INC.,           )      NO. 13-MD-2843 VC
CONSUMER PRIVACY USER           )
PROFILE LITIGATION,             )      TUESDAY, JULY 31, 2018
_____)

                                 SAN FRANCISCO, CALIFORNIA

                                 FURTHER CASE MANAGEMENT

**TRANSCRIPT OF TELEPHONIC PROCEEDINGS OF THE OFFICIAL ELECTRONIC
SOUND RECORDING 1:38 P.M. - 2:06 P.M.**

**APPEARANCES:**

**FOR PLAINTIFF:**               KELLER ROHRBACK, LLP
                            1201 THIRD AVENUE, SUITE 3200
                            SEATTLE, WASHINGTON 98101
                   BY:  DEREK LOESER, ESQUIRE
                            CARI LAUFENBERG, ESQUIRE

                            KELLER ROHRBACK, LLP
                            801 GARDEN STREET
                            SANTA BARBARA, CALIFORNIA 93101
                   BY:  CHRISTOPHER SPRINGER, ESQUIRE

                            BLEICHMAR FONTI & AULD, LLP
                            555 12TH STREET, SUITE 1600
                            OAKLAND, CALIFORNIA 94607
                   BY:  LESLEY E. WEAVER, ESQUIRE

(APPEARANCES CONTINUED)

**TRANSCRIBED BY:**       DIANE E. SKILLMAN, TRANSCRIBER

1

2      **FOR DEFENDANT:**                    GIBSON, DUNN & CRUTCHER
                                             200 PARK AVENUE
3                                            NEW YORK, NEW YORK 10166
                                        BY: ORIN SNYDER, ESQUIRE
4

5                                            GIBSON, DUNN & CRUTCHER
                                             555 MISSION STREET, SUITE 3000
6                                            SAN FRANCISCO, CALIFORNIA 94105
                                        BY: JOSHUA LIPSHUTZ, ESQUIRE
7                                            KRISTIN LINSLEY, ESQUIRE
                                             CHRISTOPHER LEACH, ESQUIRE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1    TUESDAY, JULY 31, 2018                              1:38 P.M.

 2                      P R O C E E D I N G S

 3         THE CLERK:  CALLING CASE NUMBER 18-MD-02843 IN RE

 4    FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION.

 5      COUNSEL FOR PLAINTIFFS, PLEASE STATE YOUR APPEARANCES FOR

 6    THE RECORD.

 7         MR. LOESER:  GOOD AFTERNOON, YOUR HONOR.  DEREK

 8    LOESER FROM KELLER ROHRBACK FOR THE PLAINTIFF.

 9         MS. WEAVER:  GOOD AFTERNOON.  LESLEY WEAVER OF

10    BLEICHMAR FONTI & AULD ALSO FOR PLAINTIFFS.

11         THE CLERK:  AND FOR DEFENDANTS?

12         MS. WEAVER:  NO, IT'S ALSO BLEICHMAR, FONTI & AULD.

13                  (PAUSE IN THE PROCEEDINGS.)

14         THE COURT:  HOW ABOUT THE DEFENDANTS?

15         MS. LAUFENBERG:  CARI LAUFENBERG FROM KELLER ROHRBACK

16    IS ALSO PRESENT.

17         MR. SPRINGER:  CHRISTOPHER SPRINGER FROM KELLER

18    ROHRBACK IS ALSO PRESENT FOR PLAINTIFFS.

19         THE COURT:  ALL RIGHT.  DEFENDANTS?

20                  (PAUSE IN THE PROCEEDINGS.)

21         MR. SNYDER:  ORIN -- ARE YOU THERE?  DID YOU SAY

22    DEFENDANTS?  I'M SORRY, I DIDN'T EVEN HEAR.

23      YES, IT'S ORIN SNYDER, JOSH LIPSHUTZ, KRISTIN LINSLEY, AND

24    CHRISTOPHER LEACH FROM GIBSON DUNN FOR DEFENDANTS.

25         THE COURT:  OKAY.  HI EVERYONE.  AND SORRY TO KEEP
```

```
1    YOU WAITING A LITTLE BIT.

2         I WANTED TO MAINLY TALK ABOUT SCHEDULING FOR THE MOTION TO

3    STAY DISCOVERY.  I ALSO HAD A... ONE OTHER QUESTION ON MY

4    MIND.  MAYBE I'LL -- I'LL THROW IT OUT THERE BEFORE I FORGET

5    ABOUT IT.

6         I WAS SORT OF SCRATCHING MY HEAD AS I WAS READING THROUGH

7    THE COMPLAINTS IN ANTICIPATION OF OUR STATUS CONFERENCE FROM A

8    COUPLE OF WEEKS AGO WONDERING WHY ANY OF -- ANY INDIVIDUALS AT

9    FACEBOOK ARE NAMED AS DEFENDANTS.  YOU KNOW, IT WASN'T CLEAR

10   TO ME WHETHER THERE WAS ANY REAL REASON TO NAME ANY OF THE

11   INDIVIDUALS AS DEFENDANTS, OR IF IT WAS A DECISION BY SOME OF

12   THE PLAINTIFFS THAT WAS MORE, YOU KNOW, POLITICAL THAN

13   ANYTHING ELSE.

14        BUT I'M -- I JUST WANTED TO MENTION THAT TO -- TO I GUESS

15   MAINLY TO PLAINTIFFS' COUNSEL TO GIVE SOME CONSIDERATION TO

16   THAT AS YOU'RE PREPARING TO FILE A CONSOLIDATED AMENDED

17   COMPLAINT.

18            MR. LOESER:  YOUR HONOR, THIS IS DEREK LOESER FOR

19   PLAINTIFFS.

20        AND I'M NOT SURE IF YOU WANT US TO ADDRESS THAT QUESTION

21   FIRST, BUT I CAN PROBABLY DO SO VERY BRIEFLY, WHICH IS THAT WE

22   WILL GIVE THAT CONSIDERATION WHEN DRAFTING THE COMPLAINT.

23            THE COURT:  YEAH.  NO NEED TO DISCUSS IT NOW.  IT'S

24   JUST SORT OF A GUT, NOT EVEN GUT REACTION, JUST A QUESTION

25   THAT JUMPED OUT AT ME THAT, YOU KNOW, I DON'T KNOW THE ANSWER
```

1    OBVIOUSLY.

2         HAVE YOU ALL HAD A CHANCE TO TALK ABOUT WHEN MIGHT BE THE

3    BEST TIME TO TEE UP THE MOTION TO STAY DISCOVERY OR IS THAT

4    SOMETHING THAT WE SHOULD JUST START TALKING THROUGH RIGHT NOW?

5              **MR. LOESER:**  THIS IS DEREK AGAIN.

6         AND WE HAVE HAD ONE RELATIVELY BRIEF MEET AND CONFER.  I

7    WOULD SAY THAT THE PARTIES STILL HAVE A FAIR AMOUNT TO TALK

8    ABOUT AND WE WERE HOPING THAT WE WOULD GET SOME GUIDANCE ON

9    THIS CALL AND THAT MAY HELP SHAPE THOSE CONVERSATIONS.

10             **THE COURT:**  OKAY.  I HAVE A TENTATIVE FEELING ABOUT

11   IT, BUT, YOU KNOW, I'M HAPPY TO HEAR WHAT YOU ALL HAVE TO SAY.

12        MY TENTATIVE FEELING IS THAT... AS I THINK I INDICATED, I

13   THINK THAT SOME LIMITED DISCOVERY IS PROBABLY APPROPRIATE.  WE

14   WILL -- I WILL, OF COURSE, YOU KNOW, RESERVE JUDGMENT ON THAT,

15   BUT MY TENTATIVE VIEW IS THAT SOME LIMITED DISCOVERY IS

16   PROBABLY APPROPRIATE TO ALLOW THE PLAINTIFFS TO GET A LITTLE

17   BETTER SENSE OF THE SCOPE OF THE, YOU KNOW, OF THE ISSUES AND

18   THE ENTITIES OR PEOPLE INVOLVED.

19        SO, IN OTHER WORDS, YOU KNOW, WHO ELSE RECEIVED ACCESS TO

20   FACEBOOK USER INFORMATION, KIND OF ON THE SAME TERMS AS

21   CAMBRIDGE ANALYTICA AND WHAT WAS THE, YOU KNOW, WHAT DOES

22   FACEBOOK KNOW ABOUT HOW THAT DATA WAS GOING TO BE USED OR

23   INTENDED TO BE USED.  AND I THINK THAT, YOU KNOW, THAT COULD

24   BE, YOU KNOW, POTENTIALLY RELEVANT TO SOME OF THE STANDING

25   ISSUES.

1    AND SO ON REFLECTION, YOU KNOW, I WAS THINKING ABOUT

2  MR. SNYDER'S COMMENTS AT OUR LAST MEETING, YOU KNOW, ABOUT

3  THE -- HOW THE DISCOVERY, YOU KNOW PROPOSED IN THE PLAINTIFFS'

4  CASE MANAGEMENT STATEMENT IS ACTUALLY QUITE BROAD AND QUITE

5  BURDENSOME.  PERHAPS THAT'S RIGHT, BUT PERHAPS MORE NARROW

6  DISCOVERY, AS I'VE JUST DESCRIBED IT, COULD BE APPROPRIATE.

7    AND MY GUT IS THAT WE OUGHT TO RESOLVE THE QUESTION

8  WHETHER SUCH DISCOVERY IS APPROPRIATE SOONER RATHER THAN LATER

9  BECAUSE IT WILL EFFECT, YOU KNOW, IT WILL POTENTIALLY EFFECT

10  BRIEFING AND EFFECT THE PROCEEDINGS THAT YOU ALL ARE

11  CONTEMPLATING OVER THE NEXT SEVERAL MONTHS.

12    SO I GUESS -- I WOULD BE TENTATIVELY INCLINED TO TEE IT UP

13  FOR, YOU KNOW, BRIEF IT AND MAYBE SCHEDULE A HEARING IN

14  SOMETIME IN AUGUST.  YOU KNOW, AUGUST 23RD, LET'S SAY, OR EVEN

15  POTENTIALLY AUGUST 16TH.  AND, YOU KNOW, MAYBE THAT I DON'T

16  NEED A HEARING ON IT, I CAN JUST DECIDE IT ON THE PAPERS.  I

17  THINK THAT'S QUITE POSSIBLE ACTUALLY DEPENDING ON HOW

18  COMPLICATED OR SIMPLE THE PARTIES' POSITIONS ARE.

19    BUT THAT WOULD BE MY TENTATIVE INCLINATION, BUT I'M HAPPY

20  TO HEAR FROM -- I MEAN MAYBE, MAYBE IT'S THE DEFENDANTS ARE

21  THE MOST LIKELY ONES TO BALK AT THAT, SO I'LL HEAR FROM YOU.

22    **MR. SNYDER:**  THANK YOU, JUDGE.  I APPRECIATE IT.

23  IT'S ORIN SNYDER.

24    YOUR HONOR, WE BELIEVE, AS I THINK YOU ANTICIPATE, THAT A

25  BRIEFING ON THAT SCHEDULE IS NEITHER EFFICIENT NOR FAIR FOR

1  FACEBOOK NOR SENSIBLE UNDER THE CIRCUMSTANCES FOR THE

2  FOLLOWING REASONS:

3       FIRST, OBVIOUSLY, THE STANDARD FOR WHETHER DISCOVERY

4  SHOULD OR SHOULD NOT BE STAYED WHEN A MOTION TO DISMISS IS

5  CONTEMPLATED IS WHETHER THE MOTION WOULD BE POTENTIALLY

6  DISPOSITIVE OF THE ENTIRE CASE OR WHETHER IT WILL

7  SUBSTANTIALLY NARROW THE CASE SUCH THAT IT CAN BE DECIDED

8  EITHER WITHOUT DISCOVERY -- EITHER SUCH THAT THERE IS NO

9  DISCOVERY NECESSARY BECAUSE THE CASE NO LONGER EXISTS AND

10  DISMISSED, OR THE SCOPE OF DISCOVERY WOULD BE SUBSTANTIALLY

11  NARROWED.  WE BELIEVE THAT FACEBOOK CAN'T REASONABLY ADDRESS

12  THIS STANDARD UNTIL PLAINTIFFS FILE A CONSOLIDATED COMPLAINT.

13       AND WE HAVE SEVERAL RELATED CONCERNS.  THE FIRST CONCERN

14  IS AT THE CASE MANAGEMENT CONFERENCE, THE PLAINTIFFS INDICATED

15  THAT THEY INTEND TO EXPAND THE FACTUAL ALLEGATIONS IN THE CASE

16  TO INCLUDE NEW PARTIES, AND AS A RESULT, ADDITIONAL THEORIES

17  OF LIABILITY.

18       UP UNTIL NOW THE ALLEGATIONS IN THE 37 -- OR HOWEVER MANY

19  COMPLAINTS THERE ARE, LARGELY FOCUSED ON CAMBRIDGE ANALYTICA'S

20  ALLEGED UNAUTHORIZED ACCESS, BUT DURING THE MEET AND CONFER WE

21  HAD THIS WEEK WITH LEAD COUNSEL, THEY INDICATED THAT THEY ARE

22  PLANNING TO ADD NEW FACTUAL ALLEGATIONS BASED ON ANY NEWS

23  DEVELOPMENTS BETWEEN NOW AND SEPTEMBER 21ST, THE DATE THEIR

24  CONSOLIDATED COMPLAINT IS DUE TO BE FILED.

25       THEY ALSO INDICATED THAT THE CONSOLIDATED AMENDED

1  COMPLAINT WOULD INCLUDE SOME SUBSET OF THE 37 CAUSES OF ACTION

2  IDENTIFIED IN PLAINTIFFS' CASE MANAGEMENT STATEMENT.

3      SO, UNTIL THESE ISSUES ARE RESOLVED, THAT IS, THE NATURE

4  OF THE CASE ITSELF, WHAT CLAIMS ARE IN, WHAT CLAIMS ARE OUT,

5  WHAT THEORIES OF LIABILITY ARE ASSERTED, WHAT THEORIES OF

6  LIABILITY ARE NOT ASSERTED, WHAT THE FACTUAL CONSTELLATION OF

7  THE CASE IS, FACEBOOK WILL BE REQUIRED REALLY TO GUESS AS TO

8  THE FACTUAL ALLEGATIONS AND CAUSES OF ACTION IN A CONSOLIDATED

9  COMPLAINT.

10     OTHERWISE WE WOULD HAVE TO, ON YOUR HONOR'S SCHEDULE,

11  ADDRESS WHY FACEBOOK'S MOTION TO DISMISS WILL BE DISPOSITIVE

12  ALL 37 DIFFERENT CAUSES OF ACTION ACROSS 30 DIFFERENT

13  PLEADINGS, AS ALLEGATIONS VARY FROM ONE TO THE OTHER.  AND SO

14  ESSENTIALLY WE WOULD BE FILING OUR MOTION TO SAY KIND OF

15  BLINDFOLDED WITH ONE HAND BEHIND OUR BACK.

16     I THINK EVERYONE RECOGNIZES THE NEED FOR A CONSOLIDATED

17  COMPLAINT.  THE PLAINTIFFS, IN OUR MEET AND CONFER, SUGGESTED

18  THAT THE CORE OF THE ALLEGATIONS IS CLEAR ACROSS THE

19  COMPLAINTS WHEN WE INQUIRED, BUT COUNSEL WAS UNABLE TO

20  ARTICULATE PRECISELY WHAT THAT CORE WAS.  AND ESSENTIALLY WHAT

21  MS. WEAVER SAID ON THE MEET AND CONFER IS THAT THE CASE

22  ADDRESSES SITUATIONS, MEANING THEY ARE CONSOLIDATED --

23                    (SIMULTANEOUS COLLOQUY.)

24          **THE COURT:**  IF I CAN JUST INTERRUPT YOU FOR A MINUTE.

25          **MR. SNYDER:**  SURE.

```
 1              THE COURT:  I'M NOT INTERESTED IN HEARING WHAT ONE

 2    PERSON SAID --

 3              MR. SNYDER:  ALL RIGHT.

 4              THE COURT:  -- AND WHAT ANOTHER PERSON SAID ON A MEET

 5    AND CONFER.  I'M HAPPY TO HEAR FROM THEM NOW THOUGH --

 6              MR. SNYDER:  WHAT --

 7                      (SIMULTANEOUS COLLOQUY.)

 8              MR. SNYDER:  WHAT I MEANT TO SAY, YOUR HONOR --

 9              THE COURT:  BUT BEFORE I HEAR FROM THEM, I MEAN WHAT

10    I WANT TO ASK YOU IS, I UNDERSTAND -- I HAVE A SENSE FOR WHAT

11    YOUR ARGUMENTS ARE GOING TO BE FOR WHY DISCOVERY SHOULD NOT...

12    GO FORWARD NOW, BUT I GUESS I'M STILL NOT FULLY GRASPING WHY

13    YOU THINK WE SHOULD WAIT UNTIL AFTER THE CONSOLIDATED AMENDED

14    COMPLAINT IS FILED --

15              MR. SNYDER:  OKAY --

16              THE COURT:  -- BEFORE WE EVEN LITIGATE WHETHER --

17              MR. SNYDER:  SURE --

18              THE COURT:  -- DISCOVERY CAN PROCEED ON A LIMITED

19    BASIS.

20              MR. SNYDER:  LET ME BE CLEAR THEN, YOUR HONOR.

21       THE STANDARD FOR WHETHER A STAY IS APPROPRIATE IS WHETHER

22    OUR MOTION TO DISMISS WOULD BE POTENTIALLY DISPOSITIVE OF THE

23    OPERATIVE COMPLAINT.  THEREFORE, WE WOULD NEED TO TETHER OUR

24    ARGUMENTS TO THE OPERATIVE COMPLAINT.

25              THE COURT:  UH-HUH.
```

1          **MR. SNYDER:**  RIGHT NOW THERE IS NO OPERATIVE

2     COMPLAINT.  WE THINK IT'S UNFAIR AND ILLOGICAL FOR US TO FILE

3     A MOTION TO STAY DISCOVERY ON A COMPLAINT THAT HAS NOT YET

4     BEEN FILED.

5          **THE COURT:**  OKAY.

6          **MR. SNYDER:**  WE WOULD BE PREPARED TO FILE OUR MOTION

7     TO STAY PROMPTLY AFTER THE FILING OF THE CONSOLIDATED

8     COMPLAINT.

9          SO THE SCHEDULE THAT WE HAVE PROPOSED, WHICH WE THINK IS

10    FAIR AND EFFICIENT TO US, IS THAT THE CONSOLIDATED AMENDED

11    COMPLAINT WOULD BE FILED ON SEPTEMBER 21 PURSUANT TO THE CASE

12    MANAGEMENT SCHEDULE, AND THEN WE WOULD TWO WEEKS LATER FILE

13    OUR MOTION TO STAY, WHICH WOULD GIVE US 14 CALENDAR DAYS TO

14    STUDY THE OPERATIVE COMPLAINT AND TETHER OUR ARGUMENTS TO THE

15    OPERATIVE COMPLAINT AND WHY WE BELIEVE THAT COMPLAINT SHOULD

16    BE DISMISSED.

17         BECAUSE THAT COMPLAINT DOESN'T EXIST YET, WE WOULD HAVE TO

18    GUESS --

19         **THE COURT:**  OKAY.

20         **MR. SNYDER:**  -- AS TO WHAT THAT COMPLAINT WOULD BE,

21    AND YOUR HONOR WOULD BE ISSUING A DECISION ON A STAY MOTION

22    THAT FRANKLY IS AMORPHOUS.

23         AND SO WHAT WE WOULD LIKE TO DO IS, AGAIN, TAKE TWO WEEKS;

24    THAT THAT SCHEDULE IS NOT MUCH MORE DELAYED THAN THE ONE YOUR

25    HONOR IS PROPOSING, MAYBE SIX WEEKS OFF, BUT WE THINK IT GIVES

1    US --

2            **THE COURT:**  THE ONLY -- THE DOWNSIDE TO THAT IS THAT

3    WHAT I'M WORRIED IS GOING TO HAPPEN IS THIS COMPLAINT WILL BE

4    FILED ON SEPTEMBER 21ST.  WE WILL HAVE LITIGATION ON WHETHER

5    DISCOVERY CAN GO FORWARD.  IF I CONCLUDE THAT DISCOVERY ON A

6    LIMITED BASIS SHOULD BE ALLOWED TO GO FORWARD, THEN WE'RE

7    GOING TO HAVE BRIEFING ON THE MOTION TO DISMISS AND THERE'S

8    GOING TO BE SOME DISCOVERY.  AND THE, YOU KNOW, THE PLAINTIFFS

9    MAY WISH TO AMEND -- YOU KNOW, THEY MAY WISH TO SEEK LEAVE TO

10   AMEND THEIR COMPLAINT YET AGAIN IN RESPONSE TO SOME OF YOUR

11   ARGUMENTS ON THE MOTION TO DISMISS, AND WE'RE GOING TO PUSH

12   THINGS BACK EVEN FURTHER.

13       THAT'S WHY I'M WONDERING IF THERE'S SOME LIMITED DISCOVERY

14   THAT CAN BE DONE, YOU KNOW, AHEAD OF TIME.

15       BUT -- BUT LET ME ASK THE PLAINTIFFS, I MEAN, HOW MUCH

16   DOES IT MATTER TO YOU WHETHER WE ADJUDICATE THE QUESTION OF

17   WHETHER LIMITED DISCOVERY CAN GO FORWARD, YOU KNOW, IN AUGUST

18   VERSUS, YOU KNOW, SEPTEMBER OR OCTOBER?  HOW IMPORTANT IS THAT

19   TO YOU?  BECAUSE IF YOU'RE --

20           **MR. LOESER:**  YOUR HONOR, THIS IS DEREK LOESER.

21           **THE COURT:**  SORRY.  IF YOU ARE OKAY --

22           **MR. LOESER:**  SORRY.

23           **THE COURT:**  -- WITH DOING IT IN SEPTEMBER OR OCTOBER,

24   IF BOTH SIDES ARE OKAY WITH THAT, THEN I WOULDN'T... I

25   WOULDN'T WANT -- I WOULDN'T UPSET THAT APPLE CART.

1        **MR. LOESER:**  THIS IS DEREK LOESER.  I DID DROP OFF

2   THE CALL FOR A MINUTE.  MY LINE WENT DEAD.  I THINK I HAVE A

3   PRETTY GOOD IDEA WHAT MOST OF THE ARGUMENT WAS BASED ON THE

4   PARTS THAT I HEARD.

5        BUT I WILL TELL YOU, WE DO THINK IT'S A BIG DEAL.  WE ARE

6   NOT OKAY WITH PUSHING OFF THE STAY MOTION.

7        IF YOU JUST LOOK AT WHAT NORMALLY HAPPENS IN CLASS, IN MDL

8   CASES IN THIS DISTRICT AND ELSEWHERE, BUT EVEN JUST LOOKING AT

9   THIS DISTRICT, IN *CHRYSLER-DODGE*, *CLEAN DIESEL*, IN *ANTHEM*, IN

10  *SINGH VERSUS GOOGLE*, *LITHIUM ION BATTERIES*, IN *APPLE DEVICE*

11  *PERFORMANCE*, AND MANY OTHER CASES, DISCOVERY, EITHER FULL OR

12  SOME LIMITED DISCOVERY WAS ALLOWED OUT OF THE GATE.

13       AND SO THE RULE THAT COUNSEL IS SUGGESTING WHICH YOU CAN'T

14  DO DISCOVERY UNTIL AFTER THE COMPLAINT IS FILED AND THEN YOU

15  ADJUDICATE THE STAY MOTION LATER IS OBVIOUSLY NOT THE STANDARD

16  PRACTICE.

17       **THE COURT:**  BUT THERE IS --

18       **MR. LOESER:**  YOUR HONOR --

19       **THE COURT:**  -- SOMETHING TO -- I MEAN, I WAS SORT OF

20  GLAD TO HEAR THAT YOU, YOU KNOW, THAT YOU ALL ARE APPARENTLY

21  TALKING ABOUT INCLUDING ONLY A SUBSET OF CLAIMS IN THE

22  CONSOLIDATED COMPLAINT.

23       I ASSUME BOTH -- JUST TO TAKE A TIME OUT ON THIS

24  DISCUSSION AND FLIP TO SOMETHING ELSE REAL QUICK, HAVE YOU ALL

25  BEEN RESEARCHING THE QUESTION THAT WE TALKED ABOUT LAST TIME

ABOUT WHETHER -- LIKE HOW YOU DEAL WITH THE STRAY CLAIMS IF

THE LEAD COUNSEL DECIDES TO ASSERT ONLY A SUBSET OF THE CLAIMS

IN THE CONSOLIDATED AMENDED COMPLAINT?  YOU JUST PUT THE

REMAINING CLAIMS ASIDE FOR NOW AND DECIDE IN THE END HOW TO

DEAL WITH THEM IN THE MDL PROCEEDINGS AT A LATER TIME?

          **MS. WEAVER:**  GOOD AFTERNOON, YOUR HONOR.  THIS IS

LESLEY WEAVER.

     WE HAVE LOOKED INTO THIS.  I DON'T -- I CAN'T NOT CONFIRM

THAT WE HAVE REACHED A DEFINITIVE SOLUTION, BUT EVEN IN THE

HEARING, THE PREVIOUS HEARING THAT WE HAD LAST WEEK, WE DIDN'T

HAVE OPPORTUNITY -- OR AT LEAST I DIDN'T FULLY ADDRESS IT, BUT

WE DID RECENTLY, FOR EXAMPLE, IN *INDUCTORS*, THE FIRST STEP IS

THAT A LEADERSHIP ORDER WOULD BE ENTERED, WHICH WOULD DEFINE

THE POWERS, DUTIES, AND RESPONSIBILITIES OF CLASS COUNSEL.

     SO, FOR EXAMPLE, IN THE *INDUCTORS* ACTION, THE KIND OF

DUTIES THAT WERE DESCRIBED INCLUDED THE AUTHORITY TO DRAFT ANY

AMENDED COMPLAINTS AND IDENTIFY DEFENDANTS TO BE NAMED AND

CLAIMS TO BE ASSERTED, TO ENTER INTO TOLLING AGREEMENTS WITH

ANY POTENTIAL DEFENDANTS, INCLUDING ANY PREVIOUSLY NAMED

DEFENDANT NOT NAMED, TO SELECT CLASS REPRESENTATIVES, ET

CETERA, AND THEN I THINK WE HAVE NOT YET HAD SUFFICIENT TIME

REALLY TO ANALYZE THE QUESTION THAT YOUR HONOR WAS POSING

ABOUT WHAT HAPPENS TO THOSE CLAIMS SINCE THEY ARE NOT PLED

NOW.

     I THINK IT MERITS A LITTLE FURTHER RESEARCH AND PERHAPS

1    SOME CONVERSATION ON OUR END.

2           **THE COURT:**  OKAY.  IN ANY EVENT, IT DOES STRIKE ME

3    THOUGH -- WHAT I WAS SAYING TO MR. LOESER UNTIL I INTERRUPTED

4    MYSELF IS THAT IT DOES STRIKE ME THAT MR. SNYDER HAS A POINT

5    THAT, YOU KNOW, YOU HAVE A POINT ABOUT WANTING TO GET MOVING,

6    AT LEAST ON SOME LIMITED DISCOVERY QUICKLY.  MR. SNYDER HAS A

7    POINT THAT IF THEY'RE ASKED TO FILE A MOTION TO STAY

8    DISCOVERY, YOU KNOW, KIND OF IN THE DARK IN THE NEXT WEEK OR

9    SO, IT MIGHT BE A LITTLE UNFAIR TO THEM.

10         SO WHY DON'T WE JUST -- WHAT IF -- TO ADDRESS BOTH OF

11   THOSE CONCERNS, WHAT IF WE HAD THE PLAINTIFFS START WITH A

12   REQUEST FOR DISCOVERY AND THE -- AND FACEBOOK COULD FILE A

13   RESPONSE TO THAT.  AND THEN -- THAT YOU'VE SORT OF SET THE

14   TABLE EXPLAINING WHAT YOU WANT AND WHY YOU WANT IT AND WHY IT

15   WOULD GO TO THE CORE OF WHAT YOU WILL BE ALLEGING IN YOUR

16   AMENDED COMPLAINT, AND THEN THEY CAN RESPOND TO IT, AND I CAN

17   DECIDE IT PROMPTLY?

18          **MR. SNYDER:**  YOUR HONOR, THIS IS MR. SNYDER.  IF I

19   CAN BE HEARD.

20          **THE COURT:**  I WAS JUST ASKING MR. LOESER IF HE

21   FELT --

22          **MR. SNYDER:**  I'M SORRY.

23          **THE COURT:**  -- IT MADE SENSE.

24          **MR. SNYDER:**  I'M SORRY, JUDGE.

25          **THE COURT:**  THAT'S OKAY.

1          **MR. LOESER:**  YOUR HONOR, I THINK THAT FOR ONE, YOU

2     SORT OF READ OUR MINDS.  BECAUSE SHORTLY BEFORE THIS CALL, WE

3     DID SEND OVER TO DEFENSE COUNSEL A LIST OF INITIAL DISCOVERY,

4     TOOK THE REQUEST OR THE ITEMS THAT WERE IN THE CASE MANAGEMENT

5     REPORT, WE NARROWED THEM IN SOME RESPECTS AND WE ADDED A

6     COUPLE MORE DISCRETE QUESTIONS.  AND WE CAN CERTAINLY COMPLETE

7     THE PROCESS OF CONFERRING WITH THEM ON THAT LIST.

8          MY ONE CONCERN ABOUT THE APPROACH, AND MAYBE THIS IS JUST

9     A QUESTION OF HOW IT'S DONE, IS THAT, YOU KNOW, IN OUR VIEW,

10    IN THE NORMAL COURSE, THIS IS INFORMATION, DISCOVERY STARTS

11    RIGHT AWAY.  AND I THINK IT WOULD BE UNFORTUNATE IF THE

12    BURDENS GOT SHIFTED SUCH THAT WE ARE ARGUING --

13          **THE COURT:**  YEAH -- NO --

14          **MR. LOESER:**  -- FOR ANY DISCOVERY --

15          **THE COURT:**  IT'S NOT ABOUT SHIFTING THE BURDEN.  IT'S

16    JUST ABOUT FIGURING OUT THE MOST EFFICIENT WAY TO TEE UP THE

17    ISSUE.

18          AND IT STRIKES ME THAT IF YOU FILE A BRIEF AND, YOU KNOW,

19    WE CALL IT A -- DOESN'T MATTER WHAT WE CALL IT, REQUEST FOR

20    DISCOVERY OR WHATEVER, WE -- YOU KNOW, YOU CAN LAY OUT IN YOUR

21    BRIEF WHAT YOU WANT AND WHY YOU WANT IT AND WHAT YOU DON'T

22    WANT YET AND WHY YOU DON'T NEED IT YET.

23          AND THEN THEY CAN, YOU KNOW, YOU COULD SAY FILE THAT IN

24    SEVEN DAYS, AND THEN THEY CAN FILE A RESPONSE IN SEVEN DAYS,

25    AND WE CAN SCHEDULE A HEARING IF YOU ALL WANT, OR WE CAN -- OR

1    I CAN DECIDE IT ON THE PAPERS.

2        WHAT WOULD BE WRONG WITH THAT?

3            **MR. LOESER:**  I DON'T THINK THERE WOULD BE ANYTHING

4    WRONG WITH THAT AS LONG AS -- AND I THINK THIS WOULD BE YOUR

5    PLAN AS WELL, IT HAPPENS QUICKLY.  IT WOULD BE -- IT'S ANOTHER

6    WAY OF MEETING AND CONFERRING WITH THE UNDERSTANDING THAT THE

7    END RESULT MAY BE THE INFORMATION IS PROVIDED OR THAT IT'S

8    NOT.

9        WHAT WE WOULD LIKE TO AVOID IS SOME ELONGATED MOTIONS

10   PRACTICE OVER INFORMATION THAT FRANKLY WE THINK IS IMPORTANT

11   TO GET NOW.  SO IF WE CAN -- AND I THINK WE CAN IF WE CAN

12   STRUCTURE THAT BRIEFING SO IT HAPPENS VERY QUICKLY --

13           **THE COURT:**  YEAH, YOU CAN --

14           **MR. LOESER:**  PERHAPS EVEN --

15           **THE COURT:**  YOU COULD FILE YOUR BRIEF ON THE 8TH AND

16   FACEBOOK CAN FILE ITS BRIEF ON THE 15TH, AND THEN WE CAN

17   SCHEDULE A HEARING IF YOU ALL -- IF YOU WANT FOR THE 23RD.

18   ALTHOUGH, AS I SAID, I COULD -- I MAY JUST DECIDE IT ON THE

19   PAPERS.  I'M NOT SURE IT'S NECESSARY TO EVEN SCHEDULE A

20   HEARING, ALTHOUGH I WOULD BE HAPPY TO SCHEDULE ONE IF PEOPLE

21   WANT IT -- IF ANYBODY WANTED WITH THE UNDERSTANDING THAT I MAY

22   DECIDE IT IN ADVANCE ON THE PAPERS.

23           **MR. SNYDER:**  YOUR HONOR, IT'S MR. SNYDER.  MAY I BE

24   HEARD ON THAT?

25           **THE COURT:**  SURE.

1        **MR. SNYDER:**  SO WE APPRECIATE THE SUGGESTION, BUT THE

2  THAT DOESN'T NECESSARILY ADDRESS OUR PREDICAMENT BECAUSE

3  WHETHER THEY STYLE IT AS A DISCOVERY REQUEST OR A MINI BRIEF,

4  THE KEY IS, THOUGH, WE STILL DON'T KNOW THEIR CAUSES OF

5  ACTION.

6        **THE COURT:**  AND YOU CAN --

7        **MR. SNYDER:**  THEIR THEORY OF THE CASE.

8        **THE COURT:**  IF THAT'S A REAL ISSUE, YOU CAN MAKE THAT

9  ARGUMENT IN YOUR BRIEF THAT YOU WOULD FILE ON THE 15TH.

10        **MR. SNYDER:**  ALL RIGHT.

11     THE OTHER POINT IS, YOUR HONOR, WE HAVE SUGGESTED THAT

12  THEY TAKE 30 DAYS TO FILE THEIR CONSOLIDATED COMPLAINT.  THEY

13  ASKED FOR 60 DAYS.  SO IN SOME SENSE, THE DELAY OR

14  PROLONGATION OF THIS PROCESS REALLY IS A FUNCTION OF THE TIME

15  THEY ASKED FOR THEIR CONSOLIDATED PLEADING.

16     IF THEY WANT TO FILE THEIR CONSOLIDATED PLEADING EARLIER,

17  WE WILL TWO WEEKS AFTER THE FILING OF THAT PLEADING, WE'LL

18  PROMPTLY MOVE FOR A STAY.  SO ONE WAY TO ADDRESS IT --

19        **THE COURT:**  I UNDERSTAND.  I DON'T REALLY CARE WHOSE

20  FAULT IT IS, I WANT TO MAKE SURE WE MOVE THIS THING ALONG AT A

21  REASONABLY PROMPT PACE.

22     AND I THINK THAT GIVEN WHERE WE ARE NOW AND GIVEN THE

23  DEADLINE FOR FILING THE AMENDED COMPLAINT, THE BEST WAY TO

24  MOVE THINGS ALONG AT A REASONABLY PROMPT PACE IS TO ADOPT THE

25  SCHEDULE THAT I'VE JUST SUGGESTED.

1      IT MAY VERY WELL BE THAT I DETERMINE THAT NO DISCOVERY

2   SHOULD BE ALLOWED OR A MORE LIMITED SUBSET OF DISCOVERY SHOULD

3   BE ALLOWED THAN WHAT THE PLAINTIFFS ARE ASKING FOR, AND IF SO,

4   THEN WE'LL BE -- THAT WILL BE HOW WE PROCEED.

5      BUT I THINK LET'S TEE IT UP QUICKLY AND LET'S DO IT IN A

6   WAY WHERE THE PLAINTIFFS ARE FIRST REQUIRED TO PUT THEIR CARDS

7   ON THE TABLE, SO TO SPEAK, AND WE WILL HAVE THE PLAINTIFFS

8   FILE A REQUEST FOR DISCOVERY ON AUGUST 8TH, AND WE WILL HAVE

9   THE FACEBOOK DEFENDANTS FILE THEIR RESPONSE ON AUGUST 15TH.

10      AND WOULD ANYBODY LIKE ME TO SCHEDULE A HEARING ON

11   AUGUST 23RD OR WOULD YOU RATHER I JUST DECIDE IT ON THE

12   PAPERS?  EVEN IF WE SCHEDULE A HEARING FOR AUGUST 23RD, I

13   MIGHT END UP DECIDING IT ON THE PAPERS BEFOREHAND.  BUT IF YOU

14   WANT --

15          **MR. SNYDER:**  YOUR HONOR, IT'S MR. SNYDER.

16   I'M GOING TO BE ISTANBUL OFFICIATING A WEDDING ON THE

17   23RD.

18          **THE COURT:**  YOU HAVE MR. LIPSHUTZ.  YOU HAVE PLENTY

19   OF --

20          **MR. SNYDER:**  YEAH.

21          **THE COURT:**  -- BUT IF YOU ALL WOULD --

22          **MR. SNYDER:**  NO.  WE CAN SCHEDULE A HEARING.

23          **THE COURT:**  SORRY?

24          **MR. LOESER:**  YOUR HONOR, IF I CAN MAKE -- THIS IS

25   DEREK LOESER -- A PROPOSAL.

1          **THE COURT:**  UNLESS IT'S MR. LIPSHUTZ'S HEARING -- I

2    MEAN WEDDING.

3                       (LAUGHTER.)

4          **MR. LIPSHUTZ:**  I'M HAPPILY MARRIED FOR 12 YEARS, YOUR

5    HONOR.

6          **MR. LOESER:**  YOUR HONOR, WHAT I WAS -- THIS IS DEREK

7    LOESER.

8       IF YOUR HONOR -- HOW ABOUT THIS:  WE SUBMIT THE PAPERS.

9    IF YOUR HONOR BELIEVES IT IS NECESSARY TO HAVE A HEARING, WE

10   WILL SCHEDULE ONE.  BUT I SURE WOULDN'T WANT TO SLOW THINGS

11   DOWN BY WAITING FOR A HEARING IF THE COURT ALREADY HAS A CLEAR

12   IDEA OF WHAT IT'S GOING TO DO.

13         **THE COURT:**  THAT'S FINE.  YOU ALL HAVE LOTS OF MONEY,

14   SO BUY REFUNDABLE TICKETS TO SAN FRANCISCO AND WE'LL SCHEDULE

15   THE HEARING FOR THE 23RD AT 10:00 A.M.

16      BUT I'M GUESSING IT'S ABOUT 50/50 WHETHER WE'LL NEED THAT

17   HEARING AND I MAY DECIDE IT ON THE PAPERS BEFORE THAT.

18         **MR. LOESER:**  OKAY.

19         **THE COURT:**  AND THEN LET'S SEE.  IS THERE ANYTHING

20   ELSE ANYBODY WOULD LIKE TO DISCUSS NOW?

21         **MR. SNYDER:**  NOTHING FROM THE DEFENDANTS, YOUR HONOR.

22         **MR. LOESER:**  YOUR HONOR, I THINK MS. WEAVER, IF SHE'S

23   STILL ON THE LINE I BELIEVE SHE IS -- THERE ARE SOME CASE

24   MANAGEMENT ISSUES SHE WANTS TO INTRODUCE, AND I THINK

25   MS. WEAVER IS GOING TO COVER THOSE.

1          **THE COURT:**  OKAY.

2          **MS. WEAVER:**  THERE WAS A FEW ISSUES BRIEFLY.

3      ONE IS, IN ACCORDANCE WITH THE LEADERSHIP ORDER, WE WILL

4  ALSO ADDRESS TIMEKEEPING MATTERS AND CASE MANAGEMENT ISSUES.

5          **THE COURT:**  SO YOU'RE GOING TO SUBMIT A PROPOSED

6  LEADERSHIP ORDER?

7          **MS. WEAVER:**  YES.

8          **THE COURT:**  GREAT.

9          **MS. WEAVER:**  FOR YOUR CONSIDERATION.  OKAY.

10     AND THEN THE FINAL ISSUE IS WE DID MENTION IN THE LAST

11  HEARING AN EARLY MEET AND CONFER ON ESI AND PRESERVATION

12  MATTERS.  AND WE UNDERSTOOD FROM MR. SNYDER'S COMMENTS THAT

13  THERE HAVE BEEN LITIGATION HOLDS ISSUED IN GENERAL.

14     IN THE CMC STATEMENT THAT WAS PUT BEFORE COLLECTIVELY, WE

15  PROPOSED A 26(F), WHICH WOULD HAVE BEEN TWO WEEKS FROM LAST

16  FRIDAY.  IF WE WANTED TO PARE IT DOWN AND JUST DISCUSS ESI, WE

17  WOULD BE AMENABLE TO THAT UNTIL THIS DISCOVERY ISSUE IS

18  RESOLVED, BUT I THINK THERE ARE SOME CONCERNS AROUND

19  PRESERVATION THAT IT MIGHT BE HELPFUL TO HAVE THE PARTIES

20  DISCUSS JUST AS THE GUIDELINES IN THE NORTHERN DISTRICT

21  SUGGEST.

22     SO THAT'S SOMETHING THAT WE WERE LOOKING FOR SOME GUIDANCE

23  ON.

24          **THE COURT:**  WELL, YEAH.  I MEAN, I CERTAINLY THINK

25  THAT IT IS APPROPRIATE FOR YOU ALL TO -- AND I'M... I AM NOT

1     AN ESI EXPERT.  NOT EVEN CLOSE.  BUT I CERTAINLY DON'T THINK

2     THERE'S ANYTHING WRONG WITH, YOU KNOW, HAVING YOU ALL MEET AND

3     CONFER ON ESI AND FOLLOWING THE NORTHERN DISTRICT GUIDANCE ON

4     THAT.

5             **MS. WEAVER:**  OKAY.  THANK YOU, YOUR HONOR.

6          AND THE ONLY OTHER ISSUES, WE'RE GOING TO BE DRAFTING ALSO

7     A PRESERVATION CONFIDENTIALITY ORDER.  WE'LL SUBMIT THAT TO

8     THE DEFENDANTS AND HOPEFULLY WE WILL BE ABLE TO NEGOTIATE THAT

9     AND GET THOSE LOGISTICAL ORDERS ENTERED AND SUBMITTED TO YOU

10    FOR YOUR CONSIDERATION SHORTLY.

11            **THE COURT:**  SHOULD I -- SHALL I SUGGEST A DEADLINE

12    FOR SOME OF THESE THINGS LIKE THE PROPOSED LEADERSHIP ORDER,

13    THE CONFIDENTIALITY ORDER, MEETING AND CONFERRING ON ESI?  DO

14    YOU WANT TO SET THAT -- SHALL WE SET DEADLINES?

15            **MS. WEAVER:**  ABSOLUTELY.  YES.

16            **THE COURT:**  WHY DON'T I GIVE YOU A DEADLINE OF

17    AUGUST 10TH FOR SUBMITTING THE LEADERSHIP ORDER AND THE

18    CONFIDENTIALITY ORDER.

19            **MS. WEAVER:**  OKAY.

20            **THE COURT:**  AND THEN DEADLINE FOR YOU ALL TO MEET AND

21    CONFER ON ESI, WHEN SHOULD THAT BE?

22            **MS. WEAVER:**  WE WERE PROPOSING TWO WEEKS FROM FRIDAY,

23    WHICH WOULD FALL RIGHT IN THE SAME TIME FRAME.  SAY

24    AUGUST 10TH.

25            **THE COURT:**  YOU WANT TO SAY THE 10TH ALSO?

1          **MS. WEAVER:**  YES.  THAT WOULD BE HELPFUL.  THANK YOU.

2          **THE COURT:**  OKAY.  ANY PROBLEM WITH THAT FROM

3   FACEBOOK?

4          **MR. SNYDER:**  NO, YOUR HONOR.

5          **THE COURT:**  OKAY.  ALL RIGHT.  SO THOSE THREE -- SO

6   THE PLAINTIFFS' REQUEST FOR DISCOVERY IS DUE THE 8TH,

7   FACEBOOK'S RESPONSE IS DUE THE 15TH, HEARING ON -- IF

8   NECESSARY, WILL BE ON THE 23RD.  PLAN ON THE HEARING TAKING

9   PLACE UNLESS YOU HEAR FROM ME.  AND THE DEADLINE FOR THE

10   PROPOSED LEADERSHIP ORDER, CONFIDENTIALITY ORDER, AND FOR

11   MEETING AND CONFERRING ON ESI IS AUGUST 10TH.

12       ANYTHING ELSE WE CAN DISCUSS RIGHT NOW?

13          **MS. WEAVER:**  NO, YOUR HONOR.

14          **MR. SNYDER:**  NO, YOUR HONOR.  THANK YOU.

15          **THE COURT:**  GREAT.  THANK YOU VERY MUCH.

16          **MR. LOESER:**  THANK YOU.

17          **MS. WEAVER:**  THANK YOU, YOUR HONOR.

18               (PROCEEDINGS CONCLUDED AT 2:06 P.M.)

19

20

21

22

23

24

25

## CERTIFICATE OF TRANSCRIBER

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT
TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF
THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE
U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE
PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN
THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED
TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH
THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT
FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE
ACTION.

DIANE E. SKILLMAN, TRANSCRIBER

THURSDAY, AUGUST 9, 2018