Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*
[*Additional counsel listed on signature page*]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC., CONSUMER PRIVACY USER PROFILE LITIGATION | Case No. 3:18-md-02843-VC |
| | **CO-LEAD COUNSEL'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULE 3-12** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

Pursuant to Civil Local Rules 3-12 and 7-11, Co-Lead Counsel move the Court to relate the actions *Rankins v. Facebook, Inc.*, No. 3:18-cv-05350-VC (N.D. Cal. Aug. 30, 2018), and *Hwang v. Facebook, Inc.*, No. 3:18-cv-05357-JSW (N.D. Cal. Aug. 30, 2018), to the above-captioned action *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, No. 3:18-cv-02843 (the *Hwang* and *Rankins* complaints are attached as Exhibits 1 and 2, respectively, to the Declaration of Lesley E. Weaver ("Weaver Decl.")).

## STATEMENT OF FACTS

This litigation was triggered by revelations on March 17, 2018 that Cambridge Analytica, a political consulting firm, purchased Personal Information[1] about as many as 87 million Facebook users to analyze the personalities of voters and influence their behavior.  It purchased this Personal Information from a Facebook app developer. Facebook has now admitted that thousands of other third parties have collected Personal Information of millions Facebook users and even of non-Facebook users.[2] Though Facebook declines to identify most of those third parties publicly, each passing month reveals more about how Facebook sells access to its users' Personal Information.[3]

---

[1] "Personal Information" refers to information that can be used to distinguish or trace an individual's identity, such as name, address, race, gender, orientation, education, compensation, date and place of birth, mother's maiden name, and biometric records, as well as information linked to that individual, including activities such as likes, shares, associations, relationships and status, as well as political, religious, financial data or emotions.

[2] Lia Eustachewich, *Zuckerberg: Facebook Auditing "Tens of Thousands" of Apps after Scandal*, N.Y. Post (Apr. 11, 2018), https://nypost.com/2018/04/11/zuckerberg-facebook-auditing-tens-of-thousands-of-apps-after-scandal ("Facebook is auditing 'tens of thousands' of apps that had access to users' personal information...."); Ime Archibong, *An Update on Our App Investigation*, Facebook (Aug. 22, 2018), https://newsroom.fb.com/news/2018/08/update-on-app-investigation (noting that as a result of Facebook's audit it has suspended more than 400 apps).

[3] *See, e.g.,* Natasha Singer, *Facebook's Push for Facial Recognition Prompts Privacy Alarms*, N.Y. Times (July 9, 2018), https://www.nytimes.com/2018/07/09/technology/facebook-facial-recognition-privacy.html; Gabriel J.X. Dance et al., *Facebook's Device Partnerships Explained*, N.Y. Times (June 4, 2018), https://www.nytimes.com/2018/06/04/technology/facebook-device-partnerships.html; Sheera Frankel, *Scholars Have Data on Millions of Facebook Users. Who's Guarding It?*, N.Y. Times (May 6, 2018), https://www.nytimes.com/2018/05/06/technology/facebook-information-data-sets-academics.

---

The first complaint following these revelations was filed on March 20, 2018. Twenty-nine more followed. All the complaints allege injury arising from Facebook's sharing of Personal Information with third parties, not limited to Cambridge Analytica. *See, e.g.*, Compl. ¶¶ 1, 6, *Schinder v. Facebook, Inc.*, No. 3:18-cv-02571 (N.D. Cal. May 1, 2018) (attached as Weaver Decl. Ex. 3) (alleging a "grievous and unprecedented breach of trust and invasion of privacy by which [Facebook] allowed [Cambridge Analytica] and ***other unknown third party defendants*** access to, and the potential unlimited use of, vast amounts of sensitive personal information . . . ." (emphasis added)).

On June 3, 2018, the *New York Times* reported as part of its ongoing coverage that Facebook had previously entered into agreements with "at least 60 device makers" that "allow[ed] phone and other device makers access to vast amounts of its users' personal information."[4] The article noted that "[t]he Cambridge Analytica scandal revealed how loosely Facebook had policed the bustling ecosystem of developers building apps on its platform," and that "Facebook allowed the device companies access to the data of users' friends without their explicit consent … ."[5] These specific facts emerged after briefing before the Judicial Panel on Multi-District Litigation ("JPML") to consolidate the actions closed.  On June 6, 2018, the JPML transferred all 30 actions to this Court, ordering that "the actions share factual issues arising out of allegations that Cambridge Analytica and other defendants exploited Facebook's platform to obtain user data, and that Facebook should have imposed more robust controls on the use of data by third party

---

[4] Gabriel J.X. Dance et al., *Facebook Gave Device Makers Deep Access to Data on Users and Friends*, N.Y Times (June 3, 2018), https://www.nytimes.com/interactive/2018/06/03/technology/facebook-device-partners-users-friends-data.html.

[5] *See id.* ("Facebook began moving to wind down the [device maker] partnerships in April, after assessing its privacy and data practices in the wake of the Cambridge Analytica scandal . . . .").

1  applications to prevent this conduct." Transfer Order, *In re Facebook*, MDL No. 2843 (J.P.M.L.

2  June 6, 2018), ECF No. 140 (attached as Weaver Decl., Ex. 4).

3       On August 30, 2018, relying on the *Times*'s "device maker" article, plaintiffs Hwang and

4  Rankins each filed complaints against Facebook in this District.[6] Their allegations substantially

5  overlap with the claims in the MDL. On September 10, 2018, Plaintiffs filed a notice of tag-along with

6  the JPML. The JPML ordered "The Panel has been properly notified of potential tag-along actions

7  pursuant to Rule 7.1(a). Because the actions listed originated in the transferee district, no further action

8  by the Panel is required." Rankin and Hwang did not seek consideration of whether the actions are

9  related to this consolidated action. Co-Lead Counsel does so now.

10  **ARGUMENT**

11       Under Civil Local Rule 3-12, an "action is related to another when: (1) the actions concern

12  substantially the same parties, property, transaction or event; and (2) it appears likely that there will be

13  an unduly burdensome duplication of labor and expense or conflicting results if the cases are

14  conducted before different Judges." Civil L.R. 3-12(a). The crux of the allegations in all of these

15  complaints is the same: Facebook illegally allows third parties to access users' Personal Information.

16  *See* Weaver Decl. Ex. 1 at ¶ 1 ("Facebook shares its users' personal data with third-party mobile

17  device makers . . . without the users' consent...."); Weaver Decl. Ex. 2 at ¶ 3 (alleging that Facebook

18  permitted third-party device manufacturers to collect Personal Information of Facebook users in

19  violation of FTC consent decree).  There is no meaningful difference between Facebook selling the

20  use of Personal Information to third party applications as opposed to device makers.[7] Indeed, the

21  *Rankins* and *Hwang* complaints admit that the "device maker" revelations arose from the Cambridge

22

23    [6] The *Hwang* action is filed by counsel who previously filed a complaint in this MDL and
    supported coordination. *See Price v. Facebook, Inc.*, No. 3:18-cv-01732 (N.D. Cal.) (plaintiff

24  represented by Morgan & Morgan); Response in Support of Motion to Transfer, JPML Docket,
    ECF No. 75 (filed by Morgan & Morgan on behalf of Plaintiff Lauren Price).

25
      [7] *See, e.g.*, *id.* ("Some device partners can retrieve Facebook users' relationship status, religion,

26  political leaning and upcoming events, among other data. Tests by *The Times* showed that the
    partners requested and received data in the same way other third parties did.").

27

28

Analytica investigation. Weaver Decl. Ex. 1 at ¶ 7; Weaver Decl. Ex. 2 at ¶ 16. Facebook has expressly referred to data sharing with "service providers," including "mobile devices" in this action. ECF No. 118 at 5, 6, 9.

Further, the claims raised in *Hwang* and *Rankins* will be litigated in this MDL. *Compare, e.g.*, Weaver Decl. Ex. 1 at ¶¶ 52–137 (bringing claims under, *inter alia*, the Stored Communications Act, California's constitutional right of privacy, intrusion upon seclusion, , and Unfair Competition Law) *with, e.g.*, Weaver Decl. Ex. 3 at ¶¶ 79–122.  Indeed, plaintiff Hwang asserts many identical allegations to those her counsel previously made in the *Price v. Facebook, Inc. et al.*, Case No. 5:18-cv-01732 (N.D. Cal. Mar. 20, 2018) action, now consolidated before the Court. *Compare* Compl. ¶¶ 34–55, *Price* (attached as Weaver Decl. Ex. 5) *with* Weaver Decl. Ex. 1 at ¶¶ 46–60, 74–81. In short, relating *Hwang* and *Rankins* to the MDL would prevent "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(2).

## CONCLUSION

Because the law and facts substantially overlap, Co-Lead Counsel respectfully ask the Court to order the three above-captioned cases related.

DATE: September 12, 2018

BLEICHMAR FONTI & AULD LLP

By:  */s/ Lesley E. Weaver*
    Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Matthew S. Weiler (SBN 236052)
Emily C. Aldridge (SBN 299236)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
mweiler@bfalaw.com
ealdridge@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

KELLER ROHRBACK LLP

By:  */s/ Derek W. Loeser*
     Derek W. Loeser

Derek Loeser (admitted *pro hac vice*)
Lynn Lincoln Sarko (admitted *pro hac vice*)
Gretchen Freeman Cappio (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*