Sabita J. Soneji (SBN 224262)
Annick Persinger (SBN 272996)
Tanya Koshy (SBN 277095)
**TYCKO & ZAVAREEI LLP**
483 Ninth St., Suite 200
Oakland, CA 94607
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
Email: ssoneji@tzlegal.com
       apersinger@tzlegal.com
       tkoshy@tzlegal.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC., CONSUMER PRIVACY USER PROFILE LITIGATION | Case No. 3:18-md-02843-VC<br><br>**PLAINTIFF RANKINS' OPPOSITION TO CO-LEAD COUNSEL'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

### I. Introduction

Counsel seeks to relate *Rankins v. Facebook, Inc.*, Case No. 3:18-cv-05350-VC (N.D. Cal.) and *Hwang v. Facebook, Inc.*, Case No. 4:18-cv-05357-JSW (N.D. Cal.) (hereafter "Device Maker Cases") to the above-captioned case (hereafter "*In re: Facebook Litigation*"). But the Device Maker Cases are not related to this case. As counsel explains, the above captioned case "was triggered by revelations on March 17, 2018 that Cambridge Analytica, a political consulting firm, purchased Personal Information about as many as 87 million Facebook users to analyze the personalities of voters and influence their behavior." Mot. at 1. The Device Maker Cases, on the other hand, were not. Instead, the Device Maker Cases arose from a separate—and worse—violation of Facebook users' privacy rights. Specifically, several months after the issues in this case arose, The New York Times revealed new information: Facebook had been in data-sharing partnerships with nearly 60 device makers for years. *See e.g.*, Weaver Decl. in Support of Motion to Relate, Dkt. 135, Ex. 1 (*Rankins* Compl.) at ¶ 1. Based on the Times' revelation of this egregious invasion of privacy, Plaintiff Rankins and Plaintiff Hwang filed the Device Maker Cases because they were harmed by Facebook's intentional sharing of personal information with these device makers despite Facebook's promises to the contrary. As a result, the Device Maker Cases are fundamentally different. Whereas the plaintiffs in this case accuse Facebook of lax protocols that enabled third-party application developers to easily exploit its Graph API (application programming interface), in the Device Maker Cases, Facebook is accused of much more serious violations—freely and intentionally sharing users' personal information with device makers by contract despite its promises it would not.

Indeed, counsel's motion to relate makes the distinction between this case and the Device Maker Cases clear. As counsel point out in their motion to relate, "'[t]he Cambridge Analytica scandal revealed *how loosely Facebook had policed* the busting eco-system of developers building apps on its platform.'" Mot. at 2 (quoting The New York Times, *Facebook Gave Device Makers Deep Access to Data on Users and Friends*). On the other hand, the separate issue that recently came to light involved "Facebook *allow[ing]* the device companies access to the data of users' friends without their explicit consent …." *See id.* In other words, in this case, Facebook is accused of failing to mind the store; in the Device

Maker Cases Facebook is accused of having its own sale. There is simply not enough of an overlap between this case and the Device Maker Cases to warrant relating them.

The only similarities between the Device Maker Cases and this one is that they all relate to Facebook and privacy. Counsel, however, does not have a monopoly on all cases related to Facebook and privacy. And counsel's effort to relate this case defies comprehension given that it has not tried to relate other pending actions in this district that also share surface level similarity with *In re: Facebook Litigation*. *See, e.g., Williams et al v. Facebook, Inc.*, 3:18-cv-01881-RS. Because the Device Maker Cases do not sufficiently overlap with this one, and for the reasons below, Plaintiff Rankins respectfully submits that counsel's motion should be denied.

**II.** *Rankins* **and** *Hwang* **Do Not Relate to** *In re: Facebook Litigation*

The JPML Transfer Order in this case does not cover the fundamentally different and intentional conduct alleged in the Device Maker cases. As counsel admits, the actions transferred to this court "share factual issues arising out of allegations that Cambridge Analytica and other defendants exploited Facebook's platform to obtain user data, and that Facebook should have imposed more robust controls on the use of data by third party applications to prevent this conduct.'" Mot at 2-3 (quoting Transfer Order at 1, *In re: Facebook*, MDL No. 2843 (J.P.M.L. June 6, 2018), ECF No. 140)). In contrast, the device makers in the Device Maker Cases did not need to "exploit[] Facebook's platform to obtain user data." *Id.* Nor do the Plaintiffs in the Device Maker Cases allege that Facebook should have maintained "more robust controls on the use of data by third party applications." *Id.* Rather, Plaintiff Rankins and Plaintiff Hwang claim that Facebook should not have entered into agreements with device makers to willfully, and intentionally, share their Personal Information—especially given Facebook's express promises to the contrary as well as the package of supposed privacy controls that lead users to believe their information is being kept private. *See* Weaver Decl., Ex. 1 (*Rankins* Compl.) at ¶¶ 17-32; *id.*, Ex. 2 (*Hwang* Compl.) at ¶¶ 8-30.

To support their motion, counsel incorrectly claims that "[t]here is no meaningful difference between Facebook selling the use of Personal Information to third-party applications as opposed to device makers." *See* Mot. at 3. But a comparison of the allegations in *Rankins* and the complaint in

OPPOSITION TO ADMINISTRATIVE MOTION TO RELATE    CASE NO. 3:18-CV-02483-VC

2

*Schinder v Facebook, Inc.*, Case No. 3:18-cv-02571 (N.D. Cal.), an action transferred under the Transfer Order, belie this contention. The *Schinder* allegations focus on Facebook's creation of a Graph API that provided application developers access to user data, and the misuse of such data by Dr. Alexander Kogan through his company Global Science Research ("GSR"). *See* Weaver Decl., Ex. 3 (*Shinder* Compl.) at ¶¶ 27-50. Dr. Kogan created an application called "ThisIsYourDigitalLife" ("YDL App") and provided data gathered from a personality quiz on the YDL App for defendant Cambridge Analytica. *See id.*, Ex. 3 at ¶¶35-50. *Schinder* further alleges that defendant Cambridge Analytica's unlawful access to user data through the YDL App is the result of "Facebook's inadequate data security practices and systematic failure to enforce its own ineffective data security policies." *See id.*, at ¶ 57.

Rankins and Hwang make no such allegations in the Device Maker Cases. Rankins and Hwang focus on Facebook's contractual partnerships with device makers—not application developers that were given access to data through Facebook's Graph API—and Facebook's misrepresentations and omissions that led the named plaintiffs and class members to believe that their data was not shared with device makers. *See, generally,* Weaver Decl., Ex. 1 (*Rankins* Compl.); *id.*, Ex. 2 (*Hwang* Compl.).[1]

Even Facebook believes that there is a "meaningful difference" between the allegations in Device Maker Cases and those in this one. Facebook's Vice President of Product Partnerships Ime Archibong explained to the New York Times that Facebook's device maker "partnerships work very differently from the way in which app developers use our platform . . . ."[2]

Moreover, Facebook makes different promises in its data use policy in the device makers Cases, undercutting counsel's argument that those cases are the same as this one.  With respect to the application developers at issue in this case, in its various iterations of its data use policy, Facebook

---

[1] Counsel claims that "the *Rankins* and *Hwang* complaints admit that the 'device makers' revelations arose from the Cambridge Analytica investigation." Mot. at 3-4. But this misconstrues Plaintiff's allegations. As the *Rankins* complaint expresses states, the Cambridge Analytica scandal, as well as the Federal Trade Commission's 2009 complaint against Facebook, serve only as a "backdrop" and provide color to the allegations involving device makers. *See* Weaver Decl., Ex. 1 (*Rankins* Compl.) at ¶ 33.

[2] *See* Facebook Gave Device Makers Deep Access to Data on Users and Friends, N. Y. TIMES, Jun. 3, 2018, *available at* https://www.nytimes.com/interactive/2018/06/03/technology/facebook-device-partners-users-friends-data.html (last visited Sept. 13, 2018).

OPPOSITION TO ADMINISTRATIVE MOTION TO RELATE                    CASE NO. 3:18-CV-02483-VC

affirmatively disclosed that third-party applications "receive information about what you post or share."[3] In contrast, Facebook made no such disclosure about sharing data with device makers until it revised its data policy on April 19, 2018. *See* Weaver Decl., Ex. 1 (*Rankins* Compl.) at ¶¶ 23-24. Indeed, given Facebook's representations to users that they "own all of the content and information [they] post on Facebook" and that they "can control how it is shared" through privacy and application settings, users like Rankins and Hwang reasonably believed that Facebook would not enter into contractual data-sharing partnerships with device makers. *Id.* at ¶ 21.

The consumers harmed by the allegations in these cases are also substantially different. The affected consumers in this case downloaded the YDL app from an app developer. Differently in the Device Maker Cases, affected class members include anyone who used Facebook on a device covered by Facebook's contracts. Accordingly, given the substantive differences in the cases' allegations, the resulting class definitions for the cases are substantially different.[4] The class members in the Device Maker Cases would not be protected by the class is in this one.

Given the differences between the conduct at issue in this case and the Device Maker Cases, the defendants and causes of actions in this case are also different from this one. This action includes third-party defendants, including Cambridge Analytica. *See* Transfer Order at 1, n.2. Rankins and Hwang name only Facebook as a defendant for the simple fact that, unlike in this case, the allegations in the Device Maker Cases only involve Facebook.

The causes of action are also different. For example, *Schinder* alleges that Cambridge Analytica violated California's Right of Publicity Statute, Cal. Civ. C. § 3344, by using "Plaintiff's and class members' Personal Information—including names, photographs, and video—to create and promote politically targeted advertisements and messaging." *See* Weaver Decl., Ex. 3 (*Schinder* Compl.) at ¶ 90-

---

[3] *See* Data Use Policy, Facebook, Inc. (Date of Revision: Sept. 29, 2016), *available at* https://web.archive.org/web/20170127204324/https://www.facebook.com/policy.php# (last visited Sept. 13, 2018).

[4] *Compare* Weaver Decl., Ex. 1 (*Rankins* Compl.) at ¶ 44 ("All persons in the United States who, from August 30, 2014 to April 19, 2018, had Facebook accounts that utilized Facebook's privacy settings and who accessed those accounts using mobile devices manufactured by device makers who had data-sharing partnerships with Facebook.") *with* Weaver Decl., Ex. 3 (*Schinder* Compl.) at ¶ 71 ("All persons who registered for Facebook in the United States and whose Personal Information was obtained by third parties through Facebook's Graph API's 'extended permissions' functionality.").

OPPOSITION TO ADMINISTRATIVE MOTION TO RELATE                    CASE NO. 3:18-CV-02483-VC

4

93. *Schinder* also alleges that Facebook violates the same statute because it provided personal information on its users "as a service" and that "third party app developers would not have purchased services from Facebook (including advertisements)" without user data. *See id.* at ¶ 92. In contrast, plaintiffs Rankins and Hwang neither allege any misconduct by Cambridge Analytica nor allege that third parties "purchased services" from Facebook.

Considering the substantial differences between the two sets of cases, Facebook's defenses will necessarily be different as well. In this case, Facebook can blame the illegal acts of third-party application developers. In the Device Maker Cases, Facebook claims that the device makers were not third parties at all, but rather "extensions of itself," and that the information sharing was permitted as a result. Weaver Decl., Ex. 1 (*Rankins* Compl.) at ¶ 31.

Finally, ignoring all the foregoing differences, counsel conclusorily argues that "relating *Hwang* and *Rankins* to the *In re: Facebook Litigation* would prevent 'unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.'" *See* Mot. at 4 (citing Civil L.R. 3-12(a)(2)). But counsel fails to explain how and what conflicting results could occur from the different violations. *See id.* Further, counsel does not explain what labor would be burdensome or duplicated. As such, counsel has not met their burden of showing that the cases are related. *See, e.g.*, *Nozolino v. Hartford Life & Acc. Ins. Co.*, No. 12-CV-04314-JST, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013); *Sorensen v. Lexar Media, Inc.*, No. 08-CV-00095-JW, 2008 WL 11344635, at *1 (N.D. Cal. July 25, 2008).

### III. Conclusion

Because counsel has not met their burden of showing that the actions substantially overlap and that there is any risk of duplication of labor or conflicting results, counsel's motion to relate should be denied.

Dated: September 14, 2018

Respectfully submitted,
 */s/ Sabita J. Soneji*
SABITA J. SONEJI
TYCKO & ZAVAREEI LLP
483 Ninth St., Suite 200
Oakland, CA 94607
Telephone: (510) 254-6808

Facsimile: (202) 973-0950
Email: ssoneji@tzlegal.com

*Counsel for Plaintiff Rankins*