

WASHINGTON DC
1828 L Street, NW | Suite 1000
Washington, DC 20036
202.973.0900
www.tzlegal.com

CALIFORNIA
483 Ninth Street | Suite 200
Oakland, CA 94607
510.254.6808

The Honorable Vince Chhabria
United States District Court Judge
San Francisco Courthouse
Courtroom 4, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re: *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, MDL. No. 2842; *Rankins v. Facebook, Inc.*, Case No. 3:18-cv-05350-VC (N.D. Cal.); and *Hwang v. Facebook, Inc.*, Case No. 4:18-cv-05357-JSW (N.D. Cal.)

Dear Judge Chhabria:

      We write on behalf of Plaintiff Velma Serina Rankins and Plaintiff Susan Hwang and the putative class members they seek to represent in *Rankins v. Facebook, Inc.*, Case No. 3:18-cv-05350-VC (N.D. Cal.) and *Hwang v. Facebook, Inc.*, Case No. 4:18-cv-05357-JSW (N.D. Cal.). We write in response to Co-Lead Counsel's September 18, 2018 letter to the Court in *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, MDL. No. 2842.  In their letter, counsel write on behalf of new plaintiffs Steven Akins, Samuel Armstrong, Terry Fischer, Taunna Jarvimaki, Tyler King, Gretchen Maxwell, Kimberly Robertson, Cheryl Senko, Tonya Smith, and Charnae Tutt. Counsel call these plaintiffs the "*Akins* Plaintiffs" and assert that "to avoid argument to the contrary, the *Akins* Plaintiffs have filed this complaint so they can be included in the Consolidated Complaint that will be filed on September 21" in the *In re Facebook Litigation.* Dkt. 143. The *Akins* Plaintiffs filed that new complaint that same night. Dkt. 1, *Akins, et al. v. Facebook, Inc., et al.*, Case No. 3:18-cv-05714-LB (N.D. Cal.).

      Counsel's letter and filing of a new complaint that adds new plaintiffs, but no new allegations, is confusing. Indeed, review of the *Akins* Complaint reveals shockingly little difference from the allegations in Co-Lead Counsel's previously-filed complaint in the MDL. *Compare* Dkt. 1, *Schinder v. Facebook, Inc., et al.*, Case No. 3:18-cv-02571-VC (N.D. Cal.) *with* Dkt. 1, *Akins, et al. v. Facebook, Inc., et al.*, Case No. 3:18-cv-05714-LB (N.D. Cal.). For that reason, it is unclear to Plaintiffs Rankins and Hwang why this new complaint is even necessary. But if counsel seek to add the *Akins* Plaintiffs in an attempt to encompass the separate allegations in Plaintiff Rankins' and Plaintiff Hwang's cases, that attempt should fail. Plaintiff Rankins' and Hwang's cases relate only to each other, and not to the *In re Facebook Litigation* or the *Akins* claims.

      Because Rankins' and Hwang's cases stem from nearly identical facts and law, Plaintiff Hwang filed a motion to relate her case to that of Plaintiff Rankins before this court. Dkt. 13, *Hwang*, Case No. 3:18-cv-02843-VC (N.D. Cal.). As Plaintiff Hwang explains in her motion, both cases arise from Facebook's contractual partnerships with device makers under which they



September 21, 2018
Page 2

freely shared users' personal data without users' knowledge or consent. *See id.*; *see also* Dkt. 140, Plaintiff Rankins' Opposition to Co-Lead Counsel's Motion to Relate (discussing similarity between Plaintiff Rankins' and Plaintiff Hwang's device maker cases that involve Facebook's intentional sharing of information with device makers, and the differences between the device maker cases and the violations arising from the unlawful acts of third-party Cambridge Analytica); Dkt. 138, Plaintiff Hwang's Opposition to Co-Lead Counsel's Motion to Relate (same).

The *Akins* Complaint and the *In re Facebook Litigation* before this Court involve completely distinct factual and legal allegations against Facebook – namely, that Cambridge Analytica and other third-party application developers exploited Facebook's platform to obtain user data, and that Facebook should have imposed more robust controls on the use of data by third-party applications to prevent this conduct. *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, MDL. No. 2842. Co-Lead Counsel in that MDL ignored those fundamental differences and nevertheless moved to relate *Rankins* and *Hwang* cases to the MDL cases on September 12, 2018. Dkt. 135. Plaintiffs Rankins and Hwang each filed oppositions to that motion. Dkt. 140 and 138.

While Co-Lead Counsel's filing of the *Akins* Complaint and letter are befuddling, out of concern that Co-Lead Counsel have filed this new Complaint in an attempt to bridge the vast divide between the factual and legal allegations raised by Plaintiffs Rankins and Hwang and those raised in the MDL, and in an abundance of caution, Plaintiffs Rankins and Hwang respectfully request a brief hearing before the Court makes any rulings about whether to relate the *Rankins* and *Hwang* to the MDL. In addition, although Co-Lead Counsel failed to effect service on Plaintiffs Rankins and Hwang, because we have diligently been checking the docket, we recently learned that Co-Lead Counsel sought and obtained leave to file a reply in support of their motion to relate Plaintiff Rankins' and Hwang's device maker cases to the materially different allegations in the MDL. A hearing would also allow Plaintiffs Rankins and Hwang the opportunity to address any arguments raised in reply.

We believe that a hearing will provide an opportunity for the parties to clarify their positions and for Plaintiffs Rankins and Hwang to highlight the material differences between their claims and those related to Cambridge Analytica in the MDL so we respectfully request that the Court set such a hearing.

Sincerely,

  /s/ Sabita J. Soneji
SABITA J. SONEJI
TYCKO & ZAVAREEI LLP
483 Ninth St., Suite 200
Oakland, CA 94607
Telephone: (510) 254-6808
Facsimile: (202) 973-0950
Email: ssoneji@tzlegal.com
*Counsel for Plaintiff Rankins*