Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

Additional counsel listed on signature page

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ENTRY OF PRETRIAL ORDER ADDRESSING CLAIM PRIORITIZATION**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor<br>Hearing Date: November 8, 2018<br>Hearing Time: 10:00 a.m. |

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................1

II.  BACKGROUND .........................................................................................................3

III.  ARGUMENT ...............................................................................................................3

    A.  The Court Has Broad Discretion to Endorse Plaintiffs' View That the Consolidated Complaint Supersedes the Individual Complaints ......................3

    B.  The Court Should Use Its Broad Authority to Stay All Non-Priority Claims and Priority Claims Against Non-Priority Defendants to Ensure A Just and Efficient MDL Process ............................................................5

IV.  CONCLUSION ............................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re: Facebook, Inc. Consumer Privacy User Profile Litig.*,
    MDL No. 2843 (July 27, 2018), ECF. No. 103 ..................................................................3, 8

*Gelboim v. Bank of Am. Corp.*,
    ___ U.S. ___, 135 S. Ct. 897 (2015) ........................................................................................4

*In re Gen. Motors LLC Ignition Switch Litig.*,
    No. 14-MD-2543 (JMF), 2015 WL 3619584 (S.D.N.Y. June 10, 2015) ........................*passim*

*In re Gen. Motors LLC Ignition Switch Litig.*,
    No. 14-MD-2543 (JMF) (S.D.N.Y. Apr. 24, 2015) ..................................................................8

*In re Mortg. Elec. Registration Sys. (MERS) Litig.*,
    No. CV 10-215-PHX-JAT, 2011 WL 251453 (D. Ariz. Jan. 25, 2011) ...................................7

*In re Phenylpropanolamine Prods. Liab. Litig.*,
    460 F.3d 1217 (9th Cir. 2006) ..............................................................................................2, 6

*In re POM Wonderful LLC Mktg. & Sales Practices Litig.*,
    No. MDL 2199, 2018 WL 2213432 (C.D. Cal. May 14, 2018) ...............................................6

*In re Refrigerant Compressors Antitrust Litig.*,
    731 F.3d 586 (6th Cir. 2013) ..........................................................................................2, 4, 5

*Standard Fire Ins. Co. v. Knowles*,
    568 U.S. 588 (2013) .................................................................................................................6

*In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices,
    & Prods. Liab. Litig.*,
    No. 8:10-ml-2151-JVS (FMOx) (C.D. Cal. Nov. 17, 2010) ................................................5, 6

**Statutes**

28 U.S.C. § 1407(a) ...................................................................................................................2, 3

**Other Authorities**

Local Rule 5-1(i)(3) .......................................................................................................................11

Please take notice that on November 8, 2018 at 10:00 a.m., or as soon thereafter as it may be heard, Plaintiffs bring this Motion for Entry of Pretrial Order Addressing Claim Prioritization (the "Motion").

Plaintiffs seek a Pretrial Order establishing the following:

1. Plaintiffs' Consolidated Complaint shall be treated as a superseding, master consolidated complaint;

2. All non-priority claims and all claims against non-priority defendants named in the Consolidated Complaint shall be stayed until the Court certifies a nationwide class, or as otherwise ordered by the Court on motion of Co-Lead Counsel or Defendants; and

3. In the event the stay of non-priority claims is lifted, in whole or in part, Co-Lead Counsel and Defendants shall meet and confer regarding an appropriate approach to addressing the claims, and shall submit a status report describing their position(s).

On September 26, 2018, Plaintiffs provided a draft of this Motion to defense counsel for their consideration and to seek consensus in the event a joint stipulation might be possible. Defense counsel has indicated that Facebook does object to the proposal as a general matter but intends to file its own short statement in response to the Motion, seeking to clarify a few points.

## I. INTRODUCTION

In filing the Consolidated Complaint, Co-Lead Counsel have wrestled with several "thorny" issues of how best to balance the efficiency and convenience of this MDL with the rights and interests of all involved. *See In re Gen. Motors LLC Ignition Switch Litig.* (*In re GM*), No. 14-MD-2543 (JMF), 2015 WL 3619584, at *1 (S.D.N.Y. June 10, 2015). Plaintiffs' Consolidated Complaint aims to achieve that balance by including the common legal and factual issues in a single complaint that supersedes all the individual complaints transferred to this proceeding. But Plaintiffs face the additional question of how to preserve the rights of the non-lead plaintiffs whose claims Co-Lead Counsel will not prioritize in the MDL.

To avoid any prejudice, Plaintiffs have included all of the non-lead plaintiffs' claims against all non-bankrupt defendants named in the underlying complaints. But this admittedly limits the efficiency of these proceedings. Through this Motion, Plaintiffs seek to streamline this MDL by obtaining judicial approval to prioritize certain claims against a subset of Defendants. At the same time, Plaintiffs seek to stay all other claims, including claims asserted against all Defendants save Facebook, Inc. ("Facebook") and the "Doe" Defendants until the Court reaches a decision as to class certification on the prioritized claims, or the prioritized claims are dismissed with prejudice.

The Court is well within its discretion to treat the Consolidated Complaint as a superseding master complaint, to allow prioritization, and to stay certain claims and claims against certain defendants. Congress charged MDL Courts with the responsibility to ensure the "just and efficient conduct" of the MDL, 28 U.S.C. § 1407(a), and are thus rightfully afforded "broad discretion to administer the [MDL] proceeding as a whole," *In re Phenylpropanolamine Prods. Liab. Litig.* (*In re PPA*), 460 F.3d 1217, 1232 (9th Cir. 2006). In the early stages of an MDL, the Court faces a particular challenge in how to best manage the consolidation of claims without impairing individual rights. *See, e.g.*, *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 590-92 (6th Cir. 2013); *In re GM*, 2015 WL 3619584, at *6-*12. There is "a fundamental tension . . . between, on the one hand, facilitating effective motion practice, discovery, and resolution of all claims present in the MDL while, on the other hand, acknowledging (for purposes of eventual remand and otherwise) the individual character of all of the actions before an MDL Court." *In re GM*, 2015 WL 3619584, at *6 (emphasis omitted).

Plaintiffs' proposal strikes an appropriate balance between these interests without prejudicing either the non-lead plaintiffs or Defendants. By consolidating the existing claims into a single master, superseding complaint, Plaintiffs create efficiencies for all parties while preserving the rights of the non-lead plaintiffs. And by allowing prioritization and staying of certain claims, the Court will further narrow the common legal and factual issues to maximize the consolidating impact of this MDL proceeding without impairing the non-lead plaintiffs' or

Defendants' rights.

## II.     BACKGROUND

Pursuant to Pretrial Order Number 5, Plaintiffs, through Co-Lead Counsel, have filed a Consolidated Complaint. *See* Pretrial Order No. 5, *In re: Facebook, Inc. Consumer Privacy User Profile Litig.*, MDL No. 2843 (July 27, 2018), ECF. No. 103 ("Order No. 5"). The Consolidated Complaint contains a common set of factual allegations describing Facebook's alleged illegal and improper conduct. While the Consolidated Complaint contains all claims alleged against all Defendants named in the individual complaints transferred into this MDL, Co-Lead Counsel will pursue at this time only a subset of the claims against Defendant Facebook and the "Doe" Defendants. Co-Lead Counsel refer to these as the "priority" claims. For the remaining claims, Co-Lead Counsel have pleaded these in largely the same manner that they were pleaded in the now consolidated complaints to avoid any prejudice to the non-lead plaintiffs. The Consolidated Complaint includes no claims against any of the previously named bankrupt defendants, including Cambridge Analytica-related entities and Global Science Research Limited.

The Consolidated Complaint contains twelve "priority" claims and names Facebook and "Doe" Defendants as "priority" defendants. The Consolidated Complaint also included nine additional "priority" claims pleaded in the alternative, twenty-nine "non-priority" claims and five "non-priority" defendants.

## III.     ARGUMENT

### A.     The Court Has Broad Discretion to Endorse Plaintiffs' View That the Consolidated Complaint Supersedes the Individual Complaints

Ultimately the goal of the multidistrict litigation process is to "promote the just and efficient conduct" of "civil actions involving one or more common questions of fact" that are pending in different districts. 28 U.S.C. § 1407(a). "A district court must be afforded 'broad discretion to administer the [MDL] proceeding as a whole,' because 'multidistrict litigation is a special breed of complex litigation where the whole is bigger than the sum of its parts.'" *In re GM*, 2015 WL 3619584, at *6 (quoting *In re PPA*, 460 F.3d at 1232). This discretion has

particular importance when determining how to consolidate the various transferred actions. It is at this stage that "a multidistrict transfer threatens to submerge the transferee district court in paper." *In re Refrigerant Compressors*, 731 F.3d at 590. To avoid such chaos, MDL courts, such as this Court, commonly approve the filing of a single consolidated master complaint. *See id.*; *see also* Order No. 5.

This does not resolve all of the administrative and legal issues. The Court must also determine whether the consolidated complaint will be treated as "administrative" or "superseding" relative to the individual complaints. *See In re Refrigerant Compressors*, 731 F.3d at 591 (noting that the plaintiff must do more than merely label a consolidated complaint as a "master complaint" to avoid "prompting satellite litigation about the status of the documents submitted to the court"). A consolidated complaint is "administrative" where it merely packages the underlying individual complaints into an "'administrative summary'" which itself has no "independent legal existence or effect." *See In re GM*, 2015 WL 3619584, at *7; *see also In re Refrigerant Compressors*, 731 F.3d at 591 (describing administrative pleadings as "legally inert summaries of pleadings"). This, however, can lead to inefficiencies because "each individual complaint retains its separate legal existence." *In re Refrigerant Compressors*, 731 F.3d at 590. A consolidated complaint can also be treated as superseding (i.e., replacing) the "prior individual pleadings." *Gelboim v. Bank of Am. Corp.*, ___ U.S. ___, 135 S. Ct. 897, 904 n.3 (2015). "In such a case, the transferee court may treat the master pleadings as merging the discrete actions for the duration of the MDL pretrial proceedings." *Id.* This "assists in streamlining the litigation" and "control[ling] the course and scope of the proceedings." *In re GM*, 2015 WL 3619584, at *7 (citation and quotation omitted). The Court's ultimate consideration depends "on the particulars of a given MDL" because, "[l]ike snowflakes, no two MDLs are exactly alike." *Id.* at *8.

In this case, Plaintiffs believe the Consolidated Complaint should supersede the individual complaints to maximize the potential efficiencies and convenience the MDL procedure offers. Doing so enables the parties and Court to consider a single, unified set of factual allegations that will shape discovery, class certification, and, likely, summary judgment.

It also enables Defendants to file a single master answer (or motion to dismiss), rather than multiple, likely redundant responses to the individual complaints. The Court's adoption of Plaintiffs' proposal would accord with other similar MDL decisions. *See In re Refrigerant Compressors*, 731 F.3d at 591 (agreeing with the district court's determination that the consolidated complaint superseded the individual complaints); *In re GM*, 2015 WL 3619584, at *10 (determining that the consolidated complaint was properly treated as superseding); *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, & Prods. Liab. Litig.* (*In re Toyota*), Order No. 10, No. 8:10ML2151 JVS (FMOx) (C.D. Cal. Nov. 17, 2010), ECF No. 498 (Selna, J.) (same). On the other hand, treating the Consolidated Complaint as merely "administrative" would create a spiderweb of factual allegations spun throughout each individual complaint. This will undoubtedly cause needless duplication and, likely, confusion to the parties and Court.

Because of the potential for resource inefficiencies, Plaintiffs propose that the superseding complaint not be merely administrative. The Consolidated Complaint contains all claims alleged in the individual cases against all named, non-bankrupt defendants. Plaintiffs did so to avoid extinguishing or impairing individual rights of the non-lead plaintiffs. This undercuts any need to treat the Consolidated Complaint as administrative. And while inclusion of all underlying claims and non-bankrupt defendants adds potential redundancy and complexity, the Court can further streamline the case by permitting claim and defendant prioritization and staying all non-priority claims and priority claims against non-priority defendants. *See infra* Section III.B. For these reasons, Plaintiffs respectfully request the Court accept the Consolidated Complaint as a superseding master complaint for the duration of the MDL.

**B.       The Court Should Use Its Broad Authority to Stay All Non-Priority Claims and Priority Claims Against Non-Priority Defendants to Ensure A Just and Efficient MDL Process**

As noted, the superseding effect of the Consolidated Complaint, by itself, does not necessarily maximize the efficiency of the pretrial MDL process. That is because Plaintiffs, to protect the rights of the non-lead plaintiffs, have had to include all claims against all the non-

bankrupt defendants named in the underlying transferred actions. But the lead Plaintiffs, as "masters of their complaint[]," are well within their rights to litigate only the "priority" claims. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013); *accord In re GM*, 2015 WL 3619584, at *10. Because this could impact the non-lead plaintiffs' rights, Co-Lead Counsel seek judicial approval and an order staying all non-priority claims and priority claims against non-priority defendants.

Co-Lead Counsel's request to prioritize and stay falls well within the Court's broad discretion. "[I]n an MDL proceeding," the district court has the "discretion to manage" the "multiplicity of actions"—and the breadth of that discretion is "commensurate with" the task of case management. *In re PPA*, 460 F.3d at 1231. That task, as the Ninth Circuit observed, is "enormous." *Id.*

There is no set way to best accomplish consolidation and streamlining within an MDL. *Id.* at 1232 ("Pretrial plans will necessarily vary with the circumstances of the particular MDL."). Two methods have been deployed to handle the situation presented in this MDL. One method is to dismiss without prejudice all claims not pleaded in the master, superseding consolidated complaint. *See In re GM*, 2015 WL 3619584, at *1-*5, *10-*11; *see also* Order No. 10, *In re Toyota*, No. 8:10ML2151 JVS (FMOx), ECF No. 498 (dismissing without prejudice all theories and parties not asserted in the superseding, consolidated complaint). The Court in *In re GM* found this method appropriate because it believed it burdensome to require lead counsel "to name every individual Plaintiff in the amended Consolidated Complaints or to include every underlying claim or theory in the amended Consolidated Complaints." *In re GM*, 2015 WL 3619584, at *10 (noting that this was but one possible approach). The disadvantage to that approach is that an elaborate appeals process was necessary for each dismissed case. *See id.* This bred collateral litigation about litigation.

The other method that has been employed is simply to order that all claims not included in the master consolidated complaint be stayed up to at least class certification. *See In re POM Wonderful LLC Mktg. & Sales Practices Litig.*, No. MDL 2199, 2018 WL 2213432, at *1 (C.D.

Cal. May 14, 2018) (noting that the Court had approved a stipulated stay of claims that fell outside of an administrative consolidated complaint);[1] *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, No. CV 10-215-PHX-JAT, 2011 WL 251453, at *11 (D. Ariz. Jan. 25, 2011) (directing the plaintiffs "to jointly file a proposed consolidated amended complaint together with the various plaintiffs whose actions are currently joined to this MDL" to "facilitate the streamlining of this MDL").

Here the most efficient approach that preserves individual plaintiffs' rights is to stay all non-priority claims and priority claims against non-priority defendants. Prioritization allows Plaintiffs to create a unified factual narrative applicable to a set of common claims brought by the underlying plaintiffs. The priority claims in the Consolidated Complaint will focus this case on a subset of claims, while preserving the parties' ability to address the other claims and defendants at a later time only if necessary. Requiring Plaintiffs to pursue non-priority claims will undoubtedly create distractions and complexity that will not aid this MDL's resolution. *Accord In re GM*, 2015 WL 3619584, at *10 (noting that while "requiring Lead Counsel to file 'kitchen sink' amended Consolidated Complaints might protect the rights of all individual Plaintiffs, doing so would significantly compromise the efficiency that the MDL process was intended to provide"). And requiring Co-Lead Counsel to actively pursue all claims alleged against all defendants named in the underlying cases "would inevitably require litigation of claims or theories that might not ultimately be pursued—and by lawyers not necessarily committed to those claims or theories to boot." *Id.*

Staying the non-priority claims and priority claims against non-priority defendants effectively protects the rights of the individual plaintiffs without creating further complexity. At least three further considerations support this point.

*First*, the stay will toll each individual plaintiff's claims and protect her/his rights throughout the pendency of the MDL. There will be no need for individual plaintiffs to take any

---

[1] The fact that the master complaint was administrative and not superseding did not appear to impact the Court's decision as to the issuance of the stay.

other action to protect or preserve the claims.

*Second*, staying the claims instead of dismissing them without prejudice will avoid the administrative headache that would be required to resolve any individual plaintiff's opposition to dismissal of her/his own complaint. This downside was apparent in *In re GM*, where dismissal without prejudice added significant complexity, ancillary motions practice, and judicial decision-making. *See In re GM*, 2015 WL 3619584, at *4-*5 (describing the appeals process by which a non-lead plaintiff could file individual objections to the dismissal of claims without prejudice); *see also* Order No. 50 at 4-5, *In re GM*, No. 14-MD-2543 (JMF) (S.D.N.Y. Apr. 24, 2015) (setting out the details of the appeals process). Here, Plaintiffs' requested stay of the non-priority claims will avoid these burdens—and any objection to a stay can and should be handled in the context of this single Motion.

*Third*, a stay will allow non-lead plaintiffs to protect their rights to preserve discovery from any non-priority defendants. If the Court instead were to dismiss claims against certain non-priority defendants, the individual plaintiffs pursuing those claims may not be able to demand a litigation hold against those non-priority defendants. By staying the case, all named defendants can be ordered to preserve evidence that may be necessary to non-priority claims.

Plaintiffs' proposal does not prejudice Defendants. First, Defendants' right to challenge the non-priority claims will be protected throughout the duration of the proposed stay. Second, consistent with Facebook's position that the individual cases should be transferred to this MDL for efficiency and convenience, Defendants will conserve substantial resources by responding to just the priority claims. *See* Facebook, Inc.'s Resp. in Supp. of Pls.' Mots. to Transfer Related Cases for Consol. Pretrial Proceedings, *In re: Facebook, Inc. Consumer Privacy User Profile Litig.*, MDL No. 2843 (J.P.M.L. Apr. 6, 2018), ECF No. 19 (arguing, in part, that consolidation "would be more convenient for the parties and efficient for the judicial system"). Without the stay, Defendants, including the non-priority defendants, will have to develop responses to nearly 30 additional claims. This would, to a degree, undermine the superseding effect of the Consolidated Complaint and effectively make it merely administrative. Third, by staying claims

instead of dismissing them, Defendants will avoid being embroiled in ancillary litigation over dismissal of individual claims as appears to have happened in the *In re GM* MDL. These factors further weigh in favor of Plaintiffs' requested relief.

Plaintiffs believe their proposal maximizes the potential efficiencies to be gained through the MDL process while protecting the rights and interest of all non-lead plaintiffs and Defendants pending the MDL's outcome.

## IV.     CONCLUSION

Plaintiffs appreciate the difficult balancing act that the Court faces in determining how best to handle consolidation of the underlying complaints. The relief requested in this Motion promotes prosecution of common legal and factual issues, while ensuring both optimal efficiency and preservation of the rights of the individual plaintiffs and Defendants. For these reasons, Plaintiffs respectfully request that the Court grant this Motion and enter a Pretrial Order on the terms set forth above and in the proposed order.

Dated: October 3, 2018                                                      Respectfully submitted,

| KELLER ROHRBACK L.L.P. | BLEICHMAR FONTI & AULD LLP |
|---|---|
| By:     */s/ Derek W. Loeser*<br>          Derek W. Loeser | By:     */s/ Lesley E. Weaver*<br>          Lesley E. Weaver |
| Derek W. Loeser (admitted *pro hac vice*)<br>Lynn Lincoln Sarko (admitted *pro hac vice*)<br>Gretchen Freeman Cappio (admitted *pro hac vice*)<br>Cari Campen Laufenberg (admitted *pro hac vice*)<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel.: (206) 623-1900<br>Fax: (206) 623-3384<br>dloeser@kellerrohrback.com<br>lsarko@kellerrohrback.com<br>gcappio@kellerrohrback.com<br>claufenberg@kellerrohrback.com | Lesley E. Weaver (SBN 191305)<br>Matthew S. Weiler (SBN 236052)<br>Emily C. Aldridge (SBN 299236)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>mweiler@bfalaw.com<br>ealdridge@bfalaw.com |

*Plaintiffs' Co-Lead Counsel*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Derek W. Loeser, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of October, 2018, at Seattle, Washington.

/s/ *Derek W. Loeser*
Derek W. Loeser

## CERTIFICATE OF SERVICE

I, Derek W. Loeser, hereby certify that on October 3, 2018, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

                                    /s/ *Derek W. Loeser*
                                    Derek W. Loeser