UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FACEBOOK, INC., CONSUMER
PRIVACY USER PROFILE LITIGATION                                         MDL No. 2843


**TRANSFER ORDER**


    **Before the Panel:**[*] Plaintiff in the action listed on Schedule A (*People of Illinois*) moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2843. Defendant Facebook, Inc., opposes the motion.

    After considering all arguments, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2843, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2843 arise out of allegations that Cambridge Analytica and other defendants exploited Facebook's platform to obtain user data, and that Facebook should have imposed more robust controls on the use of data by third party applications to prevent this conduct. *See In re: Facebook, Inc., Consumer Privacy User Profile Litig.*, MDL No. 2843, __ F. Supp. 3d __, 2018 WL 3014953, ECF No. 140 (J.P.M.L. Jun. 6, 2018). Plaintiff does not dispute that this action shares factual questions with the MDL No. 2843 actions. The *People of Illinois* action involves allegations, similar to those in the MDL No. 2843 actions, that Cambridge Analytica improperly gathered the personal data of Facebook users using the app "thisisyourdigitallife," and that Facebook allowed and encouraged this kind of data collection.

    Plaintiff argues, *inter alia*, that (1) *People of Illinois* is unique because it is a government enforcement action; (2) the MDL No. 2843 consumer actions will involve issues not relevant to *People of Illinois*, including standing, damages suffered by plaintiffs, and class certification; (3) transfer will impinge on the state's sovereign prerogative to select who represents it and, therefore, *People of Illinois* will require a separate track and relief from case management orders, which will be inefficient; and (4) the Panel should delay transfer to allow the transferor court to rule on the pending motion for remand to state court.

    The Panel routinely transfers actions brought by states which enjoy certain sovereign defenses in our federal system.[1] And the Panel recently has rejected the argument that a sovereign

---

    [*] Judge Charles R. Breyer and Judge Ellen Segal Huvelle took no part in the decision of this matter.

    [1] *See, e.g.*, Transfer Order at 1-2, *In re: Auto Body Shop Antitrust Litig.*, MDL No. 2557
(continued...)

entity should not be subject to Section 1407 transfer so that it can retain control over its counsel. *See* Transfer Order, MDL No. 2804, ECF No. 1134 at p. 2 (J.P.M.L. Apr. 5, 2018) ("Plaintiff's counsel can ask to join the MDL leadership and, of course, plaintiff may keep its own lawyers throughout the proceeding.").

Section 1407 transfer "does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of . . . differing legal theories is not significant where, as here, the actions still arise from a common factual core." *In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014). Though there may be some legal issues that are unique to this action, discovery between this action and the consumer class actions will overlap significantly. We therefore are persuaded that inclusion of this action will result in efficiencies. The transferee judge can accommodate any unique interests that may arise because *People of Illinois* is a government enforcement action. While it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014). Moreover, if the transferee judge determines that *People of Illinois* is best excluded from centralized proceedings, procedures are available whereby this may be accomplished with a minimum of delay. *See* Panel Rules 10.1-10.3.

We will not delay a ruling on the motion to vacate to allow the transferor judge to rule on the pending motion for remand. Jurisdictional issues do not present an impediment to transfer, as plaintiff can present these arguments to the transferee judge.[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

---

[1](...continued)
(J.P.M.L. Dec. 12, 2014), ECF No. 306 (transferring enforcement action brought by the State of Louisiana to MDL involving private antitrust actions alleging industry-wide conduct to suppress reimbursement rates for automobile collision repair shops); Transfer Order at 1-2, *In re: Fresenius GranuFlo/NaturaLyte Dialysate Prods. Liab. Litig.*, MDL No. 2428, at 1-2 (J.P.M.L. Jun. 4, 2014), ECF No. 660 (rejecting Mississippi Attorney General's argument that state action should not be centralized with actions brought by individuals).

[2] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

-3-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Lewis A. Kaplan |
| R. David Proctor | Catherine D. Perry |

**IN RE: FACEBOOK, INC., CONSUMER**
**PRIVACY USER PROFILE LITIGATION**                    MDL No. 2843

## SCHEDULE A

<u>Northern District of Illinois</u>

PEOPLE OF THE STATE OF ILLINOIS, EX REL. KIMBERLY M. FOXX v.
    FACEBOOK, INC., C.A. No. 1:18-02667