MARK C. HANSEN
mhansen@kellogghansen.com
AARON M. PANNER
apanner@kellogghansen.com
DANIEL G. BIRD
dbird@kellogghansen.com
JACOB E. HARTMAN
jhartman@kellogghansen.com
CHRISTOPHER M. SARMA
csarma@kellogghansen.com
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile:  (202) 326-7999

*Counsel for Robert Mercer*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | Case No. 18-md-02843-VC<br>MDL No. 2843 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **DEFENDANT ROBERT MERCER'S OPPOSITION TO MOTION TO STAY CLAIMS**<br><br>Judge:          Hon. Vince Chhabria<br>Courtroom:   4, 17th Floor<br>Hearing Date: November 15, 2018<br>Hearing time:  10:00 a.m. |

Defendant Robert Mercer was first named in one of the now-consolidated complaints on March 23, 2018. *See* Complaint, *Lodowski v. Facebook, Inc., et al.*, 4:18-cv-00907 (S.D. Tex.). He was never served with that or any other complaint.  Now, more than six months later, plaintiffs seek to keep him in limbo indefinitely with their motion to maintain their claims against him without actually litigating them.  Because he is, in their view, a "non-priority"

defendant, plaintiffs ask for an extraordinary order that permits them to proceed against their intended targets (principally Facebook, Inc.), while Mr. Mercer waits on the sidelines for the case against him to come to life again.  *See* Pls.' Notice of Mot. & Mot. for Entry of Pretrial Order Addressing Claim Prioritization (Oct. 3, 2018), ECF No. 156.  This is both unprecedented and unfair; Mr. Mercer, according to plaintiffs' superseding consolidated complaint, did nothing more than attend a meeting, "listen" to a presentation on data analytics, and then invest in Cambridge Analytica – approximately a year before that firm contracted with Aleksandr Kogan and allegedly engaged in improper data scraping from Facebook users.  Corrected Consolidated Compl. ¶¶ 93, 138 (Sept. 25, 2018), ECF No. 152-2 ("Complaint").  There is no plausible basis for the claims against Mr. Mercer.  He should be permitted to move to dismiss these empty claims, on the schedule previously set by the Court.  In the unlikely event that any of these claims survive that motion, Mr. Mercer should be permitted to vigorously contest them.  Keeping him on ice in these circumstances, while discovery proceeds against other defendants, would prejudice his right to defend himself.

## BACKGROUND

The Complaint names one "priority" defendant – Facebook, Inc. – and five "non-priority" defendants – Stephen Bannon, Aleksandr Kogan, Robert Mercer, Sheryl Sandberg, and Mark Zuckerberg.  Compl. ¶¶ 89-95.[1]  The Complaint includes 21 "priority" causes of action and another 29 "non-priority" causes of action alleged variously against the defendants.

The Complaint contains *no* plausible factual allegations against Mr. Mercer.  He is mentioned only twice in its statement of claimed facts.  He was an investor in Cambridge

---

[1] The Complaint also asserts that 100 unnamed "Doe Defendants" are "priority" defendants.

Analytica and "funded" Cambridge Analytica Holdings, LLC.  Compl. ¶¶ 93, 98.  He allegedly met with two individuals involved with Cambridge Analytica, during which he "said very little." *Id.* at ¶ 93.  This meeting occurred in late 2013, long before Cambridge Analytica made any agreement with Aleksandr Kogan regarding Facebook data (or anything else).  *Id.* at ¶ 138.  That is it.  Based solely on these entirely benign facts, plaintiffs have asserted that Mr. Mercer invaded their privacy, violated the California constitutional right of privacy and the common law right of publicity, and engaged in "unfair competition."  *Id.* at ¶¶ 513-525; 563-595.  In addition, they make two claims on which they do not seek to proceed against any defendant at this stage: for conversion and violation of the California Right of Publicity statute.  *Id.* at ¶¶ 814-817; 966-975.

On October 3, 2018, Plaintiffs filed a motion with this Court seeking, among other relief,[2] to stay prosecution of the 21 "priority" claims as to the five "non-priority" defendants and to stay prosecution of the 29 "non-priority" claims as to all parties.  ECF No. 156.  As to Mr. Mercer, they seek Court permission to keep him as a defendant without actually litigating their case against him until some undefined date in the future.

## ARGUMENT

The motion should be denied, at least as to Mr. Mercer.  Granting the requested stay would deprive Mr. Mercer of the right to timely challenge the claims against him and be rid of this specious lawsuit.  In the unlikely event the Court were to permit the case to proceed against him, the relief sought by plaintiffs would prevent Mr. Mercer from participating fully in

---

[2] Plaintiffs also seek to have the Complaint treated as a superseding, master consolidated complaint.  Mr. Mercer does not object to that request.

discovery and thereby protecting his interests.  The case would be litigated without him, until such time as plaintiffs decided to bring him back into it.  This is obviously unfair.

In addition to being unfair, the stay plaintiffs seek is contrary to the Federal Rules (e.g. Rule 1, which calls for the speedy and efficient litigation of all claims) and the law of this district.  Stays are disfavored[3] to prevent just the kinds of harm that plaintiffs seek to inflict here. They undermine the speedy resolution of litigation and potentially prejudice the non-moving party.[4]  "The burden is on the movant to show that a stay is appropriate."  *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101 (N.D. Cal. 2016).  All requests for an "especially long or … indefinite" stay will be denied absent a substantial showing of need.  *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  Plaintiffs have not made any such showing, and indeed can make no showing that there is any need whatsoever to delay Mr. Mercer's exercise of his rights to defend himself against the long-pending, but so far unprosecuted, claims against him.

Plaintiffs cite various cases, but none provide any support for the indefinite stay of claims against Mr. Mercer.

*Standard Fire v. Knowles*, 568 U.S. 588 (2013) – which held that a plaintiff in a putative class action could not avoid federal court by stipulating to damages below the jurisdictional threshold established by the Class Action Fairness Act (since that stipulation would not bind class members pre-certification) – recognizes that a plaintiff can generally choose the causes of action it brings and the relief it seeks.  But it does *not* state or even suggest that plaintiffs may

---

[3] *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007) ("[S]tays should not be indefinite in nature… general policy favor[s] stays of short, or at least reasonable duration…").

[4] *See Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (noting the "public's interest in expeditious resolution of litigation"); *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay.").

carve out defendants or claims from their case and place them into indefinite suspension. *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 JMF, 2015 WL 3619584, at *10 (S.D.N.Y. June 10, 2015), states that "includ[ing] every underlying claim or theory" and naming every individual plaintiff in a consolidated complaint could "significantly compromise the efficiency that the MDL process was intended to provide," and notes that, if non-lead plaintiffs' claims are excluded from that complaint, they should not be dismissed with prejudice. *Id.* at *9-10. The opinion does not address *staying* claims, much less staying claims against some defendants. *In re POM Wonderful LLC Mktg. & Sales Practices Litigation,* No. MDL 2199, 2018 WL 2213432, at *1 (C.D. Cal. May 14, 2018), simply acknowledges that the court had previously stayed certain claims "*pursuant to the parties' stipulation.*" (emphasis added). The opinion does not state or suggest that it would be appropriate to stay claims over the objection of the defendant, much less a subset of defendants. *In re Mortgage Electronic Registration System (MERS) Litigation*, No. CV 10-215-PHX-JAT, 2011 WL 251453 (D. Ariz. Jan. 25, 2011) is even farther afield. In that case, several cases were transferred to an MDL court. They were subject to individual motions to dismiss. The court granted motions to dismiss, but did so without prejudice, allowing the dismissed parties to amend, provided it was done in a consolidated fashion. *Id.* at *11. The court did not consider, much less order a stay of any kind, and did not address any of the troubling issues raised by plaintiffs' motion here.

Fundamentally, litigants in federal court must be prepared to litigate the claims they file. Their failure to do so results in dismissal for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *Moss v. The City of Los Angeles*, 663 F. App'x 529, 530 (9th Cir. 2016) (affirming dismissal with prejudice for failure to prosecute where "plaintiffs concede[d] they did not intend to prosecute their claims."). Defendants are entitled to challenge the claims against them at the outset of the

case, *see* Fed. R. Civ. P. 12, so that they are not indefinitely shadowed by meritless litigation. Where claims proceed, defendants are entitled to defend themselves, and to participate fully in the pretrial discovery that is necessary to mounting a vigorous defense.  Where, as here, plaintiffs seek to stay all claims against a defendant, such as Mr. Mercer, they seek to prejudice his right to clear his name and to vigorously defend his interests.  There is neither practical reason nor legal support for inflicting this harm on Mr. Mercer.

## CONCLUSION

Plaintiffs' motion for a stay of the claims asserted against Mr. Mercer should be denied.


Dated: October 17, 2018

Respectfully submitted,


*/s/ Mark C. Hansen*
Mark C. Hansen
mhansen@kellogghansen.com
Aaron M. Panner
apanner@kellogghansen.com
Daniel G. Bird
dbird@kellogghansen.com
Jacob E. Hartman
jhartman@kellogghansen.com
Christopher M. Sarma
csarma@kellogghansen.com
**KELLOGG, HANSEN, TODD,**
  **FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile:  (202) 326-7999

*Counsel for Robert Mercer*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 17th day of October 2018, I electronically transmitted the above and foregoing document to the Clerk of the Court for the District Court for the Northern District of California by using the CM/ECF for filing.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Mark C. Hansen*