1  Benjamin H. Richman
   brichman@edelson.com
2  EDELSON PC
   350 North LaSalle Street, 14th Floor
3  Chicago, Illinois 60654
   Tel: 312.589.6370
4  Fax: 312.589.6378

5  *Special Assistant State's Attorney*

6  *Additional counsel listed on signature page*

7

8

9

10

11              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
12                **SAN FRANCISCO DIVISION**

13  | | |
    |---|---|
14  IN RE FACEBOOK, INC. CONSUMER | MDL NO. 2843
    PRIVACY USER PROFILE LITIGATION |

Case No. 18-md-02843-VC

15  Judge Vince Chhabria

16  This document relates to:
    *People of Illinois ex rel. Kimberly M. Foxx v.*    **ADMINISTRATIVE MOTION FOR**
17  *Facebook, Inc., et al.*, 18-cv-2667 (N.D. Ill.)    **ORAL ARGUMENT ON**
                                                        **FULLY-BRIEFED**
18                                                      **MOTION TO REMAND FOR LACK OF**
                                                        **SUBJECT MATTER JURISDICTION**
19

20      Pursuant to Civil Local Rule 7-11, the People of the State of Illinois ("Plaintiff"),

21  represented in this action by and through Kimberly M. Foxx, State's Attorney of Cook County,

22  requests that the Court set a hearing for oral argument on Plaintiff's fully-briefed motion to

23  remand for lack of subject matter jurisdiction (which is attached hereto). In support thereof,

24  Plaintiff states as follows:

25      1.      Plaintiff filed this action in Illinois state court on March 23, 2018, against

26  Facebook, Inc., SCL Group Limited, and Cambridge Analytica LLC, bearing the caption *People*

27  *of Illinois ex rel. Kimberly M. Foxx v. Facebook, Inc., et al.*, 2018-CH-03868 (Cook Cty., Ill.).

28

2.      Facebook removed the action to federal court in the Northern District of Illinois on April 12, 2018, contending that the federal court had diversity jurisdiction over the matter. (*People of Illinois ex rel. Kimberly M. Foxx v. Facebook, Inc., et al.*, 18-cv-2667, dkt. 1 (N.D. Ill.), attached hereto as Exhibit 1.)

3.      Plaintiff filed a motion to remand and supporting memorandum on April 20, 2018 on the basis that diversity jurisdiction was lacking over this government enforcement action brought by a State, which is not a citizen for diversity purposes. (*Id.*, dkts. 34, 35, jointly attached hereto as Exhibit 2.)

4.      The motion was fully briefed, with Facebook submitting a response brief on May 9, 2018, (*id.*, dkt. 44, attached hereto as Exhibit 3), and Plaintiff filing a reply brief on May 16, 2018, (*id.*, dkt. 49, attached hereto as Exhibit 4). Facebook also moved for leave to file a surreply with an attached proposed surreply, (*id.*, dkt. 51, along with exhibits, attached hereto as Exhibit 5), which Plaintiff opposed, (*id.*, dkt. 53, attached hereto as Exhibit 6).

5.      Meanwhile, this action was tagged in the MDL. Plaintiff opposed transfer given that the subject matter jurisdiction of the federal court was—and remains—in question. Plaintiff contended, too, that the presence of this government enforcement action in the MDL would create serious inefficiencies, including, *inter alia*, that: (1) the State would seek relief from case management orders that interfere with its sovereign interests; (2) many of the issues presented in the State's case are substantially different than those faced by the consumer plaintiffs—e.g., before reaching the merits, the consumer plaintiffs must address issues related to Article III standing and class certification; and (3) the State's ability to pursue bankrupt parties differs entirely from the consumer plaintiffs.

6.      The MDL Panel found these concerns did not pose an impediment to transfer, observing that this Court could decide the motion to remand, (Transfer Order, 18-md-2843, dkt. 160, at 2 ("[P]laintiff can present these [jurisdictional] arguments to the transferee court judge."), and that the transferee court could "accommodate any unique interests" that may be present in this enforcement action, (*id.*). The transfer order was entered in this Court's docket on October 9, 2018. (*Id.*)

7.      Accordingly, Plaintiff hereby submits the fully-briefed motion to remand for decision by this Court.[1]

8.      Plaintiff proposes that the questions regarding the existence (or lack thereof) of federal subject matter jurisdiction over this government enforcement action should be addressed as a threshold matter, and before Plaintiff is required to seek relief from certain case management orders in the MDL.[2] Notwithstanding, if the Court wishes to simultaneously consider this action's role in the broader MDL—assuming *arguendo* the motion to remand is ultimately denied—Plaintiff will of course do so promptly.

9.      Pursuant to Local Rule 7-11, this administrative motion is accompanied by a declaration from Plaintiff's counsel, Benjamin H. Richman, and a proposed order. As described in the Richman Declaration, Plaintiff's counsel reached out to Defendants' counsel on October 16, 2018, but a stipulation could not be reached by the time of filing.

---

[1]     Although the motion was briefed under the law of Illinois and of the Seventh Circuit, no new briefing is necessary now that the matter is before this Court. Indeed, the law of the transferor court must still be applied. *See In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 699 (9th Cir. 2011); *In re Nucorp Energy Sec. Litig.*, 772 F.2d 1486, 1492 (9th Cir. 1985) ("In this case, however, we must apply the choice of law rules of Illinois because the claims were originally filed in district court in Illinois before they were transferred to California by the Judicial Panel on Multidistrict Litigation."). And in any event, Ninth Circuit law was already raised by Facebook and addressed by the parties in their briefing. (*See* Ex. 3 at 12–13 (discussing *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 738 (9th Cir. 2011)); *see also* Ex. 4 at 12–13.) That said, before this motion was filed, Facebook requested that Plaintiff agree to the submission of supplemental briefing to address Ninth Circuit law. Plaintiff responded that it would consider that request and share its views with Facebook in short order, but nevertheless wished to proceed with the filing in the interim. (*See* Declaration of Benjamin H. Richman ¶ 4, attached hereto.)

[2]     One issue pending before the Court must be briefly addressed to reserve Plaintiff's rights in this regard: Co-lead Counsel's current motion to stay "de-prioritized" consumer claims and supersede the individual complaints, (Mot. for Entry of Pre-Trial Order Addressing Claim Prioritization, dkt. 156), should not adjudicate the status of the People's claims in the MDL. Plaintiff notes that the consolidated complaint filed by the consumer plaintiffs includes claims from each consumer action in the MDL, but does not include the claims asserted on behalf of the People in this government enforcement action. (*See* 18-md-2843, dkt. 148.) To be clear, Plaintiff does not believe that the People's claims can or should be addressed in such a complaint nor that they should proceed on the same litigation track, to say nothing of the sovereignty concerns that would arise should the consumer plaintiffs purport to act on behalf of the People of the State of Illinois. Consistent with those views, however, Plaintiff takes no position as to whether the consolidated consumer complaint should be treated as superseding the other consumer actions, or whether the consumers' "de-prioritized" claims should be stayed. (*See* Dkt. 156.) Plaintiff thus suggests that the parties and the Court address the question of the government enforcement action's role in the MDL should the motion to remand be denied.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Plaintiff respectfully requests that this Court set a hearing for oral argument on Plaintiff's fully-briefed motion to remand for lack of subject matter jurisdiction, and grant any additional relief as may be just and proper.

Respectfully submitted,

**PEOPLE OF THE STATE OF ILLINOIS ex rel. KIMBERLY M. FOXX,**

Dated: October 17, 2018

By: /s/ Benjamin H. Richman
       One of Plaintiff's Attorneys

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Ari J. Scharg
ascharg@edelson.com
Alfred K. Murray II
amurray@edelson.com
EDELSON PC
350 N. LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Special Assistant State's Attorneys*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Benjamin H. Richman, an attorney, hereby certify that I caused to be served the above and foregoing ***Administrative Motion for Oral Argument on Fully-Briefed Motion to Remand for Lack of Subject Matter Jurisdiction*** by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 17th day of October, 2018.

/s/ Benjamin H. Richman