# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ex rel. Kimberly M. Foxx, State's Attorney of Cook County, Illinois,<br><br>*Plaintiff*,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation, SCL GROUP LIMITED, a United Kingdom private limited company, and CAMBRIDGE ANALYTICA LLC, a Delaware limited liability company,<br><br>*Defendants*. | Case No.: 1:18-cv-02667<br><br>Honorable Robert M. Dow, Jr. |

## **PLAINTIFF'S MOTION FOR REMAND TO STATE COURT**

The People of the State of Illinois, by Kimberly M. Foxx, State's Attorney of Cook County, hereby respectfully request that the Court enter an Order remanding this matter to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(c). Plaintiff's motion is based on the Notice of Motion and Memorandum of Law filed contemporaneously herewith, and the record in this matter, along with any oral argument that may be presented to the Court and evidence submitted in connection therewith.

WHEREFORE, Plaintiff respectfully requests that this Court remand the case to the Circuit Court of Cook County, Illinois and grant such other relief as the Court deems just and proper.

Dated: April 20, 2018

**KIMBERLY M. FOXX,**
**State's Attorney of Cook County,**

By: /s/ Kent S. Ray

Kent S. Ray
Assistant State's Attorney
kent.ray@cookcountyil.gov
COOK COUNTY STATE'S ATTORNEY'S OFFICE
69 W. Washington Street, Suite 3130
Chicago, Illinois 60602
Tel: 312.603.8600
Fax: 312.603.9830

Respectfully submitted,

**Special Assistant State's Attorneys,**

By: /s/ Jay Edelson

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Ari J. Scharg
ascharg@edelson.com
David I. Mindell
dmindell@edelson.com
Alfred K. Murray II
amurray@edelson.com
EDELSON PC
350 N. LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

## CERTIFICATE OF SERVICE

   I, Jay Edelson, an attorney, hereby certify that I caused to be served the above and foregoing ***Plaintiff's Motion for Remand to State Court*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system, on this the 20th day of April 2018.

                     /s/ Jay Edelson     

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ex rel. Kimberly M. Foxx, State's Attorney of Cook County, Illinois,<br><br>*Plaintiff*,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation, SCL GROUP LIMITED, a United Kingdom private limited company, and CAMBRIDGE ANALYTICA LLC, a Delaware limited liability company,<br><br>*Defendants*. | Case No.: 1:18-cv-02667<br><br>Honorable Robert M. Dow, Jr. |

**PLAINTIFF'S MEMORANDUM
IN SUPPORT OF MOTION FOR REMAND TO STATE COURT**

The State's Attorney of Cook County, Kimberly M. Foxx, filed this suit on behalf of the People of the State of Illinois to impose civil penalties, and declaratory and injunctive relief, against Facebook, Cambridge Analytica, and SCL Group Limited because they committed unfair and fraudulent practices in violation of the Illinois Consumer Fraud Act ("ICFA"). Specifically, Facebook, one of the world's largest aggregators of personal information, turned the keys to its data-mining operation over to a third party, resulting in Cambridge Analytica and SCL making off with the information of up to 87 million Facebook accounts, including those of Cook County, Illinois residents. (Dkt. 1-1.)

This action was brought in state court under the ICFA's public enforcement provisions. 815 ILCS 505/7 ("Whenever the Attorney General or a State's Attorney has reason to believe that any person is using, has used, or is about to use any method, act or practice declared by this

Act to be unlawful, and that proceedings would be in the public interest, he or she may bring an action in the name of the People of the State against such person . . . ."). In such cases, brought on behalf of the People of the State of Illinois—whether by the Attorney General or a State's Attorney—the law considers the State to be the true party in interest. It is well-established that a case brought by a State cannot be removed to federal court on diversity grounds, because a State is not a "citizen" within the meaning of 28 U.S.C. § 1332. Accordingly, the Court should reject Facebook's attempt to invoke the diversity jurisdiction of this Court, and remand the action to the state court.

## **LEGAL STANDARD**

The removing party—here, Facebook—bears the burden of establishing this Court's jurisdiction. *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009). If, in a removed case, the Court finds that it does not have subject matter jurisdiction at any time, the only remedy is remand to state court. *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994) ("[A] case removed to federal court 'shall be remanded' to the state court if it is discovered that the federal court lacks subject matter jurisdiction.") (quoting 28 U.S.C. § 1447(c)). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758. Courts are especially "reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 21 n.22 (1983); *see also West Virginia ex rel. McGraw v. CVS Pharmacy, Inc.*, 646 F.3d 169, 178 (4th Cir. 2011) ("While it is true that West Virginia voluntarily entered into its own courts to enforce its laws, it did not voluntarily consent to removal of its case to a federal court, and a federal court should be most reluctant to compel such

2

removal, reserving its constitutional supremacy only for when removal serves an overriding federal interest.") (quoted with approval in *LG Display Co. v. Madigan*, 665 F.3d 768, 774 (7th Cir. 2011)).

## ARGUMENT

**I.     Because a State is not a citizen for the purposes of diversity, this Court lacks subject matter jurisdiction.**

"[A] State's presence as a party will destroy complete diversity." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014). This is because, while the diversity statute conveys jurisdiction over certain actions between "citizens of different states," 28 U.S.C. § 1332, "a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda County*, 411 U.S. 693, 717 (1973). Facebook, seeming to recognize this problem, notes in its removal papers that "counties are citizens of the state in which they are located" (Notice of Removal ¶ 10, dkt. 1), but does not explain why this action—brought by a State's Attorney on behalf of the People of the State of Illinois—is not an action brought by a non-citizen State.

In Illinois, the office of State's Attorney is created by the Illinois Constitution, ILL. CONST. 1970, art. VI, § 19, and State's Attorneys are "classified as state, rather than county, officers," *People ex rel. Alvarez v. Gaughan*, 2016 IL 120110, ¶ 27 (quoting *County of Cook ex rel. Rifkin v. Bear Stearns & Co.*, 215 Ill. 2d 466, 475 (2005)).[1] Indeed, a "State's Attorney is a constitutional officer with rights and duties analogous to or largely coincident with the Attorney General, though not identical, and the one to represent the county or People in matters affected with a public interest." *Id.* (internal quotation marks omitted). Legislative enactments give

---

[1] Facebook, in its removal papers, references dicta from a 1943 case that State's Attorneys are "county officers." *Ashton v. Cook County*, 384 Ill. 287, 297 (1943). That observation was made in the context of the Court's finding that the State's Attorney has the sole authority to collect delinquent County taxes. *See id.* For State's Attorneys' responsibilities for the State's interests, however, the *Gaughan* and *Bear Stearns* courts establish that they act as officers of the State.

3

State's Attorneys the particular authority to enforce the ICFA on behalf of the People: a State's Attorney is generally empowered to "commence and prosecute all actions, suits, indictments and prosecutions, civil and criminal, in the circuit court for his county, in which the people of the State or county may be concerned," 55 ILCS 5/3-9005(a)(1), and the ICFA provides specific authority for a State's Attorney to enforce the statute to seek injunctive relief as well as civil penalties, 815 ILCS 505/7. Accordingly, actions brought by a State's Attorney on behalf of the People to enforce the ICFA are understood to be brought by the State. *E.g., People ex rel. Daley v. Datacom Sys. Corp.*, 146 Ill. 2d 1, 31–32 (1991).

Facebook asserts that "[w]hen a governmental entity in Illinois brings a *parens patriae* suit under the ICFA, the real party in interest is the governmental entity itself, not the group whose interests it seeks to protect," and accordingly Cook County, not the People of the State, is the real party in interest. (Notice of Removal ¶ 11.) This reasoning confuses two very different issues. The cases cited by Facebook address the question of who the "real party in interest" is when a case nominally brought on behalf of the State—captioned, like this one, "People of the State of Illinois"—also seeks to recover restitution for specific, *private* individuals. *Illinois v. SDS W. Corp.*, 640 F. Supp. 2d 1047, 1051–53 (C.D. Ill. 2009) (describing this issue as the "two hat" problem, where state is seeking "broad prospective relief on behalf of all of its citizens while at the same time demanding specific relief for a subset of citizens on related claims"); *People of Illinois v. LiveDeal, Inc.*, No. 08-3287, 2009 WL 383434, at *3 (C.D. Ill. Feb. 12, 2009). This Court has confronted this "two hat" issue as well, and agreed with the *SDS West Corp.* and *LiveDeal* courts that even where restitution is sought for private individuals, the State is the real party in interest. *Illinois v. AU Optronics Corp.*, 794 F. Supp. 2d 845, 856 (N.D. Ill.

4

2011) ("The State is not rendered a nominal party by virtue of the damages claims that it asserts on behalf of particular Illinois residents.").

That issue is not present here. This case does not seek restitution on behalf of private individuals, and instead seeks only civil penalties and injunctive relief on behalf of the People of the State of Illinois. And indeed, those very same remedies, sought for the People of the State, are what led the Courts above to conclude that the *State* was the real party in interest (even with the complicating factor of private relief). *E.g., LiveDeal, Inc.*, 2009 WL 383434, at *3. While *SDS West Corp.* and *LiveDeal* happened to be brought by the Attorney General, there's no meaningful difference: this case is brought on behalf of the same party (the People of the State), through the State's Attorney's powers to bring such an action both in her constitutional role as an officer of the State and through specific statutory authority to bring an action "in the name of the people of the State" against violators of ICFA. 815 ILCS 505/7; *People ex rel. Devine v. Time Consumer Mktg., Inc.*, 336 Ill. App. 3d 74, 80–81 (1st Dist. 2002) ("[S]ection 7 of the Consumer Fraud Act authorizes either the Illinois Attorney General or any State's Attorney to bring an action on behalf of the People of the State of Illinois for a violation of the act . . . .").

II. **The State is a real party in interest.**

Of course, courts do not consider nominal parties to be "parties" for purposes of the diversity analysis. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Accordingly, federal courts are prevented from exercising diversity jurisdiction over a case where a State is a "real party in interest." *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981). The State is the party in interest where it "articulate[s] an interest apart from the interests of particular private parties." *Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel., Barez*, 458 U.S. 592, 607 (1982).

5

State interests take the form of sovereign or quasi-sovereign interests. As this Court has recognized, "[a]dvancing a quasi-sovereign interest is enough to make a State a real party in interest." *AU Optronics Corp.*, 794 F. Supp. 2d at 850. Such quasi-sovereign interests are writ broadly: the Supreme Court has observed that "a State has a quasi-sovereign interest in the health and well-being—both physical and economic—of its residents in general," and the threatened segment of the population must be "sufficiently substantial." *Alfred L. Snapp & Son*, 458 U.S. at 607.

This enforcement action of the Illinois Consumer Fraud Act is exactly the type of action that furthers these interests. *People ex rel. Hartigan v. Lann*, 225 Ill. App. 3d 236, 241 (1st Dist. 1992) (government enforcement action of ICFA "is essentially a law enforcement action designed to protect the public, not to benefit private parties"); *LiveDeal*, 2009 WL 383434 at *3. Indeed, numerous cases recognize that protecting citizens from fraudulent and deceptive practices is a quasi-sovereign interest. *SDS W. Corp.*, 640 F. Supp. 2d at 1050–51 (finding in ICFA enforcement action that State had quasi-sovereign interest against defendants that sold fraudulent debt settlement and mediation services); *AU Optronics Corp.*, 794 F. Supp. 2d at 854 (finding in Illinois Antitrust Act enforcement action alleging companies fixed market for LCD panels that State alleged quasi-sovereign interest); *Kelley v. Carr*, 442 F. Supp. 346, 356–57 (W.D. Mich. 1977) ("Surely some of the most basic of a state's quasi-sovereign interests include . . . protection of its citizens from fraudulent and deceptive practices . . . ."); *rev'd in part on other grounds sub nom. Kelly v. Carr*, 691 F.2d 800 (6th Cir. 1980).

And, as discussed above, even where the State seeks restitution for private individuals, many courts—including this Court—have held that the State is still pursuing a quasi-sovereign interest, is the real party in interest, and that diversity jurisdiction is accordingly lacking. *AU*

6

*Optronics Corp.*, 794 F. Supp. 2d at 825 ("If the State seeks relief that affects the economic well-being of its citizens broadly, then the State is the real party in interest, and the court need not look to unnamed parties to determine if some of the claims asserted also would benefit them."); *see also SDS W. Corp.*, 640 F. Supp. 2d at 1052–53; *LiveDeal, Inc.*, 2009 WL 383434, at *3; *Wisconsin v. Abbott Labs.*, 341 F. Supp. 2d 1057, 1063 (W.D. Wis. 2004). Particularly where the State's Attorney seeks civil penalties and injunctive relief to deter lawbreaking conduct in the future, it is plain that the State is the true party in interest. *See LG Display Co.*, 665 F.3d at 772 ("[Defendants] concede that the state is the real party in interest for the enforcement-related claims . . ."); *see also Abbott Labs.*, 341 F. Supp. 2d at 1061 (same); *In re Fresenius Granuflo/NaturaLyte Dialysate Prod. Liab. Litig.*, 76 F. Supp. 3d 268, 270, 277 (D. Mass. 2015) (finding that Mississippi's seeking civil penalties made it a real party in interest which destroyed diversity).

The State's interest in enforcing the ICFA in this action arises from the mass deception of Illinois consumers and theft of their personal information. (Compl. ¶ 72.) By seeking civil penalties as well as injunctive relief, the State's Attorney seeks to punish Facebook for willfully permitting that information to be stolen and Cambridge Analytica for stealing it, as well as to deter and enjoin such practices to protect the millions of other Illinois residents who are Facebook users going forward. *Cf. SDS W. Corp.*, 640 F. Supp. 2d at 1051–52 (finding that, even where "the number of persons directly harmed may be small relative to Illinois' population, the indirect benefits of barring unscrupulous companies from soliciting further business accrues to the population at large"). Because the State is a true party in interest, this Court must remand for lack of jurisdiction.

## CONCLUSION

For the reasons discussed above, Plaintiff respectfully requests that this Court remand the case to the Circuit Court of Cook County, Illinois and grant such other relief as the Court deems just and proper.

Dated: April 20, 2018                                       Respectfully submitted,

**KIMBERLY M. FOXX,**                                       **Special Assistant State's Attorneys**
**State's Attorney of Cook County**

By: /s/ Kent S. Ray                                         By: /s/ Jay Edelson

Kent S. Ray                                                 Jay Edelson
Assistant State's Attorney                                  jedelson@edelson.com
kent.ray@cookcountyil.gov                                   Benjamin H. Richman
COOK COUNTY STATE'S ATTORNEY'S OFFICE                       brichman@edelson.com
69 W. Washington Street, Suite 3130                         Ari J. Scharg
Chicago, Illinois 60602                                     ascharg@edelson.com
Tel: 312.603.8600                                           David I. Mindell
Fax: 312.603.9830                                           dmindell@edelson.com
                                                            Alfred K. Murray II
                                                            amurray@edelson.com
                                                            EDELSON PC
                                                            350 N. LaSalle Street, 14th Floor
                                                            Chicago, Illinois 60654
                                                            Tel: 312.589.6370
                                                            Fax: 312.589.6378

8

**CERTIFICATE OF SERVICE**

      I, Jay Edelson, an attorney, hereby certify that I caused to be served the above and foregoing ***Plaintiff's Memorandum in Support of Motion for Remand to State Court*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system, on this the 20th day of April 2018.

                                                       /s/ Jay Edelson