# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ex rel. Kimberly M. Foxx, State's Attorney of Cook County, Illinois,<br><br>*Plaintiff,*<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation, SCL GROUP LIMITED, a United Kingdom private limited company, and CAMBRIDGE ANALYTICA LLC, a Delaware limited liability company,<br><br>*Defendants*. | Case No.: 1:18-cv-02667<br><br>Honorable Robert M. Dow, Jr. |

**PLAINTIFF'S OPPOSITION
TO FACEBOOK'S MOTION FOR LEAVE TO FILE SURREPLY**

The People of the State of Illinois, by and through Kimberly M. Foxx, State's Attorney of Cook County, oppose Facebook's request to file a surreply, and state as follows:

1. Briefing on Plaintiff's motion to remand was completed on May 18, 2018.

2. Defendant Facebook, Inc. has now sought leave to file a surreply. This surreply is improper, because it (1) re-treads the same arguments Facebook made in its response brief, and (2) raises facts which—besides being irrelevant—were available months before the response was filed. Surreplies of this type trigger the problem that the response-reply paradigm is supposed to foreclose: yet another brief from Plaintiff would be necessary to continue to debate the same territory that's been at issue all along.

3. As this Court has observed, there is no need for a surreply where "each brief in the sequence on the motion fairly responded to the arguments in the brief that preceded it." *In re*

*Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 857 (N.D. Ill. 2015) (quoting *Franek v. Walmart Stores, Inc.*, Nos. 08-CV-0058, 08-CV-1313, 2009 WL 674269, at *19 n.14 (N.D.Ill. Mar. 13, 2009)). A surreply is not appropriate where the filers' aim is to "respond (again) to [the movant's] core arguments." *Id.*

4. Of course, the Court will need to review the surreply to conclude that it is improper. (This unfortunate reality exacerbates Facebook's abuse of the surreply process, but there's little to be done about it.) The Court should nevertheless decline leave to file the surreply and need not address Facebook's new arguments.

5. Facebook leans on the familiar "mischaracterizations of its brief" theory to establish its need for a surreply. *See id.* at 858 ("Of course it is not uncommon for adverse parties to feel that their opponent's briefs are replete with 'gross mischaracterizations,' and it would be unjust to allow Plaintiffs to rebrand Schreiber's arguments as genuine errors just to get the last word in."). But in the surreply itself, Facebook continues to simply advocate for its standard on the "true party in interest" question, with citations to the cases in its response brief, (Proposed Surreply, dkt. 51-1, at ¶ 1), to several pages of the response brief itself, (*id.* at ¶ 3), and—when it eventually does produce a supposed "mischaracterization"—just re-quotes its position from its brief and argues that its interpretation of the law it already cited is correct, (*id.* at ¶ 4). This effort to wrest the last word from Plaintiff should be rejected.

6. Facebook's new arguments, that (1) the Illinois Attorney General signed a letter in March 2018 from the National Association of Attorneys General to Facebook, and therefore any actions in the State's interest are foreclosed, and (2) quotes from Edelson PC's website in an attempt to demonstrate that the undersigned believe that Cook County is the true party in interest (whatever relevance that may have), (*id.* at ¶ 2), are not based on new information—

2

both had occurred months before Facebook filed its response brief. More than an attempt to get the last word, this is an effort to re-engineer the response itself.[1] This is also improper and should be rejected.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Facebook's motion for leave to file a surreply. Alternatively, Plaintiff requests a surreply to respond to the new content in Facebook's brief.

---

[1] Facebook's new arguments also lack merit, for reasons that Plaintiff will explain in more detail if an additional surreply is necessary. First, the existence of discussions between the thirty-six Attorneys General, including the Illinois Attorney General, and Facebook does not obviate the State's interests in this case, because there's no conflict between those discussions and this action: the State's interests, consistent with statutory authorization, are capable of being represented in both places. Furthermore, even if a conflict did arise, the Illinois Consumer Fraud Act provides at least one way to handle it, in that the Attorney General has sole authority to enter into Assurances of Voluntary Compliance. 815 ILCS 505/6.1; *People ex rel. Devine v. Time Consumer Mktg., Inc.*, 336 Ill. App. 3d 74, 81 (1st Dist. 2002). Second, the clips from the Edelson PC firm website are just not relevant to the Court's determination; the idea that imprecise language on a firm's website can change the constitutional and statutory position of a State's Attorney is a stretch, to say the least.

3

Dated: May 22, 2018

**KIMBERLY M. FOXX,**
**State's Attorney of Cook County**

By: /s/ Sisavanh Baker

Sisavanh Baker
sisavanh.baker@cookcountyil.gov
Paul A. Castiglione
paul.castiglione@cookcountyil.gov
COOK COUNTY STATE'S ATTORNEY'S OFFICE
69 W. Washington Street, Suite 3130
Chicago, Illinois 60602
Tel: 312.603.8600
Fax: 312.603.9830

Respectfully submitted,

**Special Assistant State's Attorneys**

By: /s/ Rafey S. Balabanian

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Ari J. Scharg
ascharg@edelson.com
Alfred K. Murray II
amurray@edelson.com
EDELSON PC
350 N. LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

4

## CERTIFICATE OF SERVICE

      I, Rafey S. Balabanian, an attorney, hereby certify that I caused to be served the above and foregoing ***Plaintiff's Opposition to Facebook's Motion for Leave to File Surreply*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system, on this the 22nd day of May 2018.

                                              /s/ Rafey S. Balabanian