Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Prioritized Defendant
Facebook, Inc., and Non-Prioritized
Defendants Mark Zuckerberg, and Sheryl
Sandberg*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> *People of Illinois ex rel. Kimberly M. Foxx v. Facebook, Inc., et al.*, 18-cv-2667 (N.D. Ill.) | CASE NO. 3:18-MD-02843-VC <br><br> **DEFENDANT FACEBOOK, INC.'S RESPONSE TO COOK COUNTY'S ADMINISTRATIVE MOTION FOR ORAL ARGUMENT ON MOTION TO REMAND** <br><br> Judge:  Hon. Vince Chhabria <br> Courtroom:  4, 17th Floor |

Defendant Facebook, Inc. ("Facebook") respectfully submits this Response to Kimberly M. Foxx, State's Attorney of Cook County ("Cook County") Administrative Motion for Oral Argument on Motion to Remand, filed on October 17, 2018, Dkt. 172 ("Mot.").

Facebook does not object to Cook County's request to schedule oral argument on its motion to remand.  When asked by Cook County's counsel whether the parties would stipulate to Cook County's proposed order, Facebook merely "propose[d] asking the Court for leave to file supplemental briefs addressing the impact of the transfer to the Northern District of California, including the applicability of Ninth Circuit case law."  Lipshutz Decl. Ex. A.  Cook County did not reject this proposal, and now says it will "consider that request and share its views with Facebook in short order."  Mot. at 3 n.1.  But, for reasons that are unclear, Cook County filed its motion without first trying to reach a stipulation, as required under Local Rule 7-11(a).

In any event, Cook County's submission proves the need for supplemental briefing. Crammed into a footnote, Cook County says that "no new briefing is necessary" because "the law of the transferor court must still be applied."  Mot. 3 n.1.  But Facebook disagrees—and that is why Facebook suggested supplemental briefing on that very issue.  The case Cook County cites for its argument, *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 699 (9th Cir. 2011), supports Facebook's position that Ninth Circuit law now applies to the remand motion.  In that case, the Ninth Circuit explained that an MDL transferee court is *not* bound by the transferor court's interpretation of federal law; rather, "a transferee federal court should apply *its* interpretation of federal law."  *Id.* at 699 n.12 (quoting *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993)) (emphasis added); *see also id.* (quoting *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1176 (D.C. Cir. 1987), for the proposition that "[t]he law of a transferor forum [on a federal question] . . . does not have stare decisis effect in a transferee forum situated in another circuit").

Here, the main issue raised by Cook County's motion to remand—whether a suit brought by a municipality that is represented by a locally elected county official and a private attorney hired by the county is distinct from a suit brought by the State of Illinois—requires interpretation

of the federal diversity-jurisdiction statute.  As the Supreme Court has held, "the question whether a particular state agency … [is] an arm of the State … is a question of federal law."  *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 n.5 (1997).  Because this issue was previously briefed under Seventh Circuit law, supplemental briefing addressing Ninth Circuit law would assist the Court in resolving Cook County's remand motion.  Moreover, as Facebook will explain in its supplemental briefing, Ninth Circuit law supports federal diversity jurisdiction in this case.  *See, e.g., Department of Fair Employment & Housing v. Lucent Techs., Inc.*, 642 F.3d 728, 737-40 (9th Cir. 2011).

2

Facebook, Inc.'s Response to Cook County's Administrative Motion
for Oral Argument on Motion to Remand
Case No. 3:18-md-02843-VC

DATE:  October 22, 2018             Respectfully submitted,

                                    **GIBSON, DUNN & CRUTCHER, LLP**

                                    By:   */s/  Joshua S. Lipshutz*
                                    Joshua S. Lipshutz (SBN 242557)
                                    jlipshutz@gibsondunn.com
                                    GIBSON, DUNN & CRUTCHER LLP
                                    1050 Connecticut Avenue, N.W.
                                    Washington, DC 20036-5306
                                    Telephone:  202.955.8500
                                    Facsimile:  202.467.0539

                                    Orin Snyder (*pro hac vice*)
                                    osnyder@gibsondunn.com
                                    GIBSON, DUNN & CRUTCHER LLP
                                    200 Park Avenue
                                    New York, NY 10166-0193
                                    Telephone:  212.351.4000
                                    Facsimile:  212.351.4035

                                    Kristin A. Linsley (SBN 154148)
                                    klinsley@gibsondunn.com
                                    Brian M. Lutz (SBN 255976)
                                    blutz@gibsondunn.com
                                    GIBSON, DUNN & CRUTCHER LLP
                                    555 Mission Street, Suite 3000
                                    San Francisco, CA 94105-0921
                                    Telephone:  415.393.8200
                                    Facsimile:  415.393.8306

                                    *Attorneys for Defendant Facebook, Inc.*

3

FACEBOOK, INC.'S RESPONSE TO COOK COUNTY'S ADMINISTRATIVE MOTION
FOR ORAL ARGUMENT ON MOTION TO REMAND
CASE NO. 3:18-MD-02843-VC