Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

Derek Loeser (admitted *pro hac vice*)
KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

*Counsel for Interested Parties*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843 <br><br> Case No. 18-md-02843-VC <br><br> Judge Vince Chhabria |
| This document relates to: <br><br> *People of Illinois ex rel. Kimberly M. Foxx v. Facebook, Inc., et al.*, 18-cv-2667 (N.D. Ill.) | **RESPONSE IN OPPOSITION TO PLAINTIFF KIMBERLY M. FOXX'S ADMINISTRATIVE MOTION FOR ORAL ARGUMENT ON ITS MOTION TO REMAND** |

Co-Lead Counsel respectfully submit this brief in response to the October 1, 2018 administrative motion of Kimberly M. Foxx requesting a hearing for oral argument on Foxx's motion to remand for lack of subject-matter jurisdiction (the "Administrative Motion"). ECF No. 172. The Court should deny the Administrative Motion because Local Rule 7-11, the Rule governing administrative motions, is not the mechanism by which a plaintiff may seek remand. Foxx claims that her motion to remand has been "fully briefed," but in fact it was briefed before the United States District Court for the Northern District of Illinois—not this Court—and before the Court had appointed co-lead counsel for the MDL Plaintiffs. The question of remand should await a properly noticed motion that permits the parties to brief the issue in accordance with the Local Rules.[1]

## I.   BACKGROUND

Filed in state court in March 2018, Foxx's complaint asserts state and federal claims arising out of the same core set of operative facts at issue in this multidistrict litigation ("MDL"). *See People of Illinois ex rel. Foxx v. Facebook, Inc.*, 2018-CH-03868 (Cook Cty. Ill.). Facebook removed the action to federal court, and in April and May 2018, Foxx and Facebook briefed a motion to remand in the Northern District of Illinois. *See People of Illinois ex rel. Foxx v. Facebook, Inc.*, 18-cv-2667 (N.D. Ill.).

In the meantime, Foxx's action was noticed as a potential tag-along in the Facebook MDL. Foxx opposed transfer to this Court. MDL No. 2843, ECF No. 131. The Judicial Panel on Multidistrict Litigation ("JPML") ordered the MDL transferred to this Court. *Id.*, ECF No. 140. Shortly thereafter, the JPML conditionally transferred Foxx's action to this Court. *Id.*, ECF No. 142.

---

[1] Foxx's counsel did not seek to meet and confer with Co-Lead Counsel before filing her Administrative Motion, in contravention of Local Rule 7-11. *See* L.R. 7-11(a) (requiring a motion filed under the rule to be accompanied "by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained"); L.R. 7-12 (governing stipulations requesting judicial action).

Foxx filed a notice of opposition to the conditional transfer order, *id.*, ECF No. 145, followed by a motion to vacate, *id.*, ECF No. 152. After briefing, on October 5, the JPML ordered Foxx's case transferred to and consolidated with this MDL, reasoning "that inclusion of [Foxx's] action will result in efficiencies" and would "further the expeditious resolution of the litigation taken as a whole." *Id.*, ECF No. 165 at 2. The JPML declined to "delay a ruling on the motion to vacate to allow" the Northern District of Illinois "to rule on the pending motion for remand" and noted that Foxx could present her remand arguments to this Court. *Id.*

The JPML did not suggest that this Court should rule on the motion without proper briefing and a hearing. Foxx is incorrect to assert otherwise.

## II. ARGUMENT

### A. Foxx Cannot Seek Remand Under Civil Local Rule 7-11

Civil Local Rule 7-11 is not the appropriate mechanism to seek a hearing on a motion that has not been briefed before this Court. The scope of Local Rule 7-11 is extremely narrow. It allows a party to move a Court "with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge." L.R. 7-11. The rule provides two examples of administrative motions to be brought under the provision: "motions to exceed otherwise applicable page limitations or motions to file documents under seal"—in other words, truly administrative matters.

Allowing Foxx to proceed under Local Rule 7-11 would improperly exclude Co-Lead Counsel altogether from responding to her motion to remand. Foxx asks the Court to decide a motion based on briefing filed in a different court, before a different judge, in a matter to which the MDL Plaintiffs were not parties, and before this Court had appointed Co-Lead Counsel to represent the MDL Plaintiffs. The MDL Plaintiffs are due a fair opportunity to bring the Court's attention to the many problems that could arise if the case is remanded, including inconsistent rulings. *See, e.g.*, L.R. 7-2 (requiring all motions to "be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion").

### B.  Issues Relating to Remand Have Not Yet Been Briefed

On the merits, Foxx's Administrative Motion raises several issues on which MDL Plaintiffs should be allowed to be heard, including: (1) whether this Court has subject-matter jurisdiction over Foxx's complaint; (2) whether Foxx's characterization of her complaint as a "government enforcement action" presenting "sovereign interests" is correct; (3) whether the underlying claims in Foxx's complaint are different from those alleged in the Consolidated Complaint; and (4) whether Foxx's ability to pursue bankrupt entities "differs entirely" from the MDL Plaintiffs. Admin. Mot. at 2. Issues three and four were not, and could not have been, briefed before the Northern District of Illinois, and Co-Lead Counsel wishes to be heard on all these issues.

Full briefing is particularly important where the record contains certain misstatements or omissions. For example, Foxx incorrectly claims in a footnote that the Consolidated Complaint in this MDL did not include the claims brought in her complaint. In fact, the Consolidated Complaint included all of Foxx's claims. *See* ECF No. 152-2, ¶¶ 664-68 (cause of action against Facebook for Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505, et seq.); ¶ 1020 (seeking declaratory and injunctive relief). Furthermore, to the extent Foxx wishes to bring a claim against Cambridge Analytica under the Illinois Consumer Fraud and Deceptive Business Practices Act, she and the MDL Plaintiffs are barred from doing so; Cambridge Analytica is a bankrupt entity that is protected from litigation under the automatic stay provisions of Section 362 of the Bankruptcy Code. *See* 11 U.S.C. § 362.

### III. CONCLUSION

Co-Lead Counsel respectfully ask the Court to deny Foxx's Administrative Motion and order full briefing.

DATED: October 22, 2018

BLEICHMAR FONTI & AULD LLP

By: /s/ Lesley E. Weaver
        Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Matthew S. Weiler (SBN 236052)
Emily C. Aldridge (SBN 299236)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
mweiler@bfalaw.com
ealdridge@bfalaw.com

*Facebook MDL Plaintiffs' Co-Lead Counsel*

KELLER ROHRBACK LLP

By: /s/ Derek W. Loeser
        Derek W. Loeser

Derek Loeser (admitted *pro hac vice*)
Lynn Lincoln Sarko (admitted *pro hac vice*)
Gretchen Freeman Cappio (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Facebook MDL Plaintiffs' Co-Lead Counsel*