Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

Additional counsel listed on signature page

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' REPLY TO MOTION FOR ENTRY OF PRETRIAL ORDER ADDRESSING CLAIM PRIORITIZATION**<br><br>Judge:  Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor<br>Hearing Date: November 15, 2018<br>Hearing Time: 10:00 a.m. |

Through their Motion, Plaintiffs seek to streamline this MDL by briefing all prioritized claims efficiently. Litigating all claims against Mercer now would degrade that efficiency—and if Mercer's desire for immediate litigation were granted, other nonprioritized defendants may well seek similar relief. Because Mercer's desire to litigate now is not more important than the efficient management of this MDL, the Court should grant Plaintiffs' request for a prioritization order.

When deciding whether to enter a stay, district courts focus on three considerations: (1) "the possible damage" that could result from a stay; (2) the "hardship or inequity" that may be

caused by the denial of a stay; and (3) whether the stay will promote "the orderly course of justice." *Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*, No. 13-cv-05430, 2014 WL 2759571, at *3 (N.D. Cal. June 17, 2014) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). In opposing Plaintiffs' request for a limited stay, Mercer misunderstands the first consideration while ignoring the second and third.

*First*, Mercer's opposition identifies no concrete harm that a stay may inflict on him. At most, he points to a delay. He will be "deprive[d]," he says, "of the right to timely challenge the claims against him." Mercer Opp'n at 3. But delay itself not does not equal harm. *See, e.g.*, *Bay Area Surgical*, 2014 WL 2759571, at *5 (rejecting an argument against a stay that "focuses mainly on delay," because "prejudice attributable to delay . . . is minimal"); *Bishop v. Schriro*, No. CV 08-964, 2009 WL 1749989, at *3 (D. Ariz. June 18, 2009) (granting stay because opposing party had not shown "any real damage from a stay, apart from the delay itself"). *All* stays involve delay. If delay itself constituted harm, few—if any—stays would ever be entered.

Mercer does express a desire "to clear his name," a phrase that may be intended to gesture at possible reputational harm. Mercer Opp'n at 6. According to Mercer himself, however, the Consolidated Complaint alleges only "entirely benign facts" about him. *Id.* at 3. It seems unlikely that such allegations can lead to reputational harm.

The cases cited by Mercer, *see id.* at 4, do not relieve him of the need to show concrete harm. Plaintiffs may bear the burden of justifying a stay, *see Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101 (N.D. Cal. 2016), but because Mercer does not actually attack any of the affirmative arguments Plaintiffs advanced in their motion, he must show some countervailing harm to outweigh the uncontradicted advantages of a stay. *Yong v. INS* was a habeas case in which the petitioner had been in custody for nearly five years. 208 F.3d 1116, 1118 & n.1 (9th Cir. 2000). Habeas actions "implicate special considerations," and require "'swift and imperative remedy in all cases of illegal restraint or confinement." *Id.* at 1120 (internal quotation marks omitted). No comparison can reasonably be drawn between the obvious prejudice Yong faced from prolonged detention and Mercer's situation. In *Dependable Highway Express, Inc. v.*

*Navigators Ins. Co.*, there was "more than a fair possibility" that a stay would "work damage" to the nonmoving party by effectively forcing it into a dubious arbitration in a foreign country that had already "levied legal and equitable penalties against it." 498 F.3d 1059, 1066 (9th Cir. 2007) (internal quotation marks omitted). And neither *Omstead v. Dell, Inc.*, 594 F.3d 1081 (9th Cir. 2010), nor *Anderson v. Air West, Inc.*, 542 F.2d 522 (9th Cir. 1976), was a case about a stay.

*Second*, Mercer does not contest that the denial of a stay would work some "hardship or inequity," the second factor relevant to a stay. *Bay Area Surgical*, 2014 WL 2759571, at *3 (internal quotation marks omitted). As Plaintiffs have noted, a possible dismissal without prejudice of the claims against him could lead to individual plaintiffs filing their own actions to preserve their claims against Mercer. Mot. at 7-8. In contrast, a stay protects the rights of these individual plaintiffs without requiring them (and Mercer) to engage in collateral litigation.

*Third*, Mercer ignores how Plaintiffs' proposed stay will promote "the orderly course of justice," the third stay factor. *Bay Area Surgical*, 2014 WL 2759571, at *3 (internal quotation marks omitted). The stay will accomplish this task by avoiding the administrative burdens that would result from denial of a stay—burdens that are typified by a case that Plaintiffs have previously cited: *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD 2543, 2015 WL 3619584 (S.D.N.Y. June 10, 2015) (*In re GM*). As Mercer correctly notes, the district court overseeing that MDL appears not to have stayed claims. As Plaintiffs stated in their initial motion, however, the district court's choice not to stay any claims required ancillary motions practice and further judicial decision-making. *See* Mot. at 8 (noting that the district court established an appeals process under which a non-lead plaintiff could file individual objections to the dismissal of claims without prejudice). Plaintiffs' proposed prioritization order would forestall the need for such a laborious procedure here.

Thus, even if a stay were "unfair" to Mercer, Opp'n at 4—and it is not—Plaintiffs' Motion seeks to help the Court balance the efficiency and convenience of this MDL with the rights and interests of all parties. Any theoretical inequity to Mercer is outweighed by the efficiency of staying non-priority claims that may never need to be litigated. *See* Mot. at 7 (citing

*In re GM*, 2015 WL 3619584). To make an exception for Mercer or any other defendant and allow those non-priority claims to go forward at this point would negate the efficiencies and convenience that the MDL procedure is intended to provide.

Because Mercer has failed to rebut Plaintiffs' case for a limited stay of their non-priority claims, the Court should grant Plaintiffs' motion for a pretrial order regarding prioritization.

Dated: October 24, 2018                                    Respectfully submitted,

KELLER ROHRBACK L.L.P.                                     BLEICHMAR FONTI & AULD LLP

By:   */s/ Derek W. Loeser*                                By:   */s/ Lesley E. Weaver*
      Derek W. Loeser                                            Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)                  Lesley E. Weaver (SBN 191305)
Lynn Lincoln Sarko (admitted *pro hac vice*)               Matthew S. Weiler (SBN 236052)
Gretchen Freeman Cappio (admitted *pro hac vice*)          Emily C. Aldridge (SBN 299236)
Cari Campen Laufenberg (admitted *pro hac vice*)           555 12th Street, Suite 1600
1201 Third Avenue, Suite 3200                              Oakland, CA 94607
Seattle, WA 98101                                          Tel.: (415) 445-4003
Tel.: (206) 623-1900                                       Fax: (415) 445-4020
Fax: (206) 623-3384                                        lweaver@bfalaw.com
dloeser@kellerrohrback.com                                 mweiler@bfalaw.com
lsarko@kellerrohrback.com                                  ealdridge@bfalaw.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Derek W. Loeser, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of October, 2018, at Seattle, Washington.

/s/ Derek W. Loeser
Derek W. Loeser

## CERTIFICATE OF SERVICE

I, Derek W. Loeser, hereby certify that on October 24, 2018, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

/s/ Derek W. Loeser
Derek W. Loeser