MARK C. HANSEN
mhansen@kellogghansen.com
AARON M. PANNER
apanner@kellogghansen.com
DANIEL G. BIRD
dbird@kellogghansen.com
JACOB E. HARTMAN
jhartman@kellogghansen.com
CHRISTOPHER M. SARMA
csarma@kellogghansen.com
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile:  (202) 326-7999

*Counsel for Robert Mercer*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | Case No. 18-md-02843-VC<br>MDL No. 2843 |
|---|---|
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **DEFENDANT ROBERT MERCER'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:         Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor<br>Hearing Date: January 23, 2019<br>Hearing time: 10:30 a.m. |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on January 23, 2019, at 10:30 a.m. in Courtroom 4 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 34102, the Honorable Vince Chhabria, judge presiding, defendant Robert Mercer will and hereby does move to dismiss the claims for relief in the Corrected Consolidated Complaint [ECF No. 152-2] filed by plaintiffs pursuant to Federal Rule of Procedure 12(b)(6) and (b)(2) on the following grounds:

a) Plaintiffs state no plausible claim against Mr. Mercer; and

b) This Court lacks personal jurisdiction over Mr. Mercer.

This motion is based on this Notice of Motion, on the attached Memorandum of Points and Authorities, the Corrected Consolidated Complaint, and on the other pleadings, papers, and documents on file in this action, along with any evidence and argument that may be presented to the Court at or prior to the hearing on this motion.

Date: November 2, 2018

KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
  Mark C. Hansen
  Aaron M. Panner
  Daniel G. Bird
  Jacob E. Hartman
  Christopher M. Sarma

  */s/ Mark C. Hansen*
  Mark C. Hansen

  *Counsel for Robert Mercer*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs in this sprawling multidistrict action have sued Robert Mercer for directly violating their privacy and abusing their data. The sum total of their factual allegations is that he attended one meeting (at which he "listened") and he allegedly invested money in Cambridge Analytica. Corrected Consolidated Compl. ¶¶ 93, 98, ECF No. 152-2 ("Complaint"). That does not even come close to stating a claim against Mr. Mercer under any of the pleaded theories. Part I, *infra*. This transferee Court also lacks personal jurisdiction over Mr. Mercer, because the transferred cases in which he was named were filed in courts that have no personal jurisdiction over him. Part II, *infra.*

Plaintiffs' counsel have represented to the Court that they view Mr. Mercer as a "non-priority" defendant; that they do not wish to litigate claims against him now and may never want to litigate those claims; and that they have named him in the Complaint to placate some among their group who have a different view. *See* Pls.' Not. of Mot. & Mot. for Entry of Pretrial Order Addressing Claim Prioritization at 7, ECF No. 156 (explaining that ordering co-lead counsel to pursue claims against non-priority defendants would result in lawyers making claims to which they are "not necessarily committed"); Pls.' Reply to Mot. for Entry of Pretrial Order Addressing Claim Prioritization at 1, ECF No. 180 ("Claim Prioritization Reply") (worrying that "if Mercer's desire for immediate litigation were granted, other nonprioritized [sic] defendants may well seek similar relief"). But Mr. Mercer does not belong in this case, either as an actual defendant or a defendant-on-ice for potential later litigation. The claims against him patently lack merit and should be dismissed.[1]

---

[1] Mr. Mercer joins in the additional arguments for dismissal made by co-defendant Facebook, Inc. *See* Pretrial Order No. 5: Scheduling at 1, ECF No. 103 (July 27, 2018) (Court's instruction that defendants should avoid duplicative briefing).

## BACKGROUND

The Complaint asserts fifty different causes of action against "priority" defendant Facebook, Inc. and five "non-priority"[2] defendants, including Mr. Mercer.  As to him, plaintiffs allege that on a single occasion he supposedly met with Christopher Wylie and Alexander Nix, employees of Cambridge Analytica, "to discuss the plan to harvest and use Facebook users' data in order to create sophisticated psychological and political profiles," at which meeting Mr. Mercer said "very little."  Compl. ¶ 93.[3]  They also allege that he was, at an unspecified time, an investor in a company called Cambridge Analytica and that he "funded" a company called Cambridge Analytica Holdings, LLC, which "created and initially ran Cambridge Analytica."  Compl. ¶ 98.  Nothing more is said about Mr. Mercer in the 400 paragraphs of factual allegations in the Complaint.

Mr. Mercer is a resident of New York state.  *Id.* ¶ 93.  He was originally named as a defendant in complaints filed in the United States District Courts for the Districts of Texas and New Jersey.  *See Lodowski v. Facebook, Inc.*, No. 4:18-cv-00907 (S.D. Tex. Mar. 23, 2018); *Malskoff v. Facebook, Inc.*, No. 2:18-cv-04451 (D.N.J. Mar. 27, 2018).  He was never served

---

[2] Plaintiffs' use of this term is both revealing and puzzling; neither the Federal Rules nor any recognized authority permits the warehousing of defendants for *possible* future litigation.  Claim Prioritization Reply at 3 (stating that plaintiffs "may never need" to litigate their claims against non-priority defendants).

[3] Plaintiffs' allegations against Mr. Mercer are attributed to a March 18, 2018 article in *The Guardian*.  Compl. ¶ 93 & n.4 (citing Carole Cadwalladr, *The Cambridge Analytica Files 'I made Steve Bannon's psychological warfare tool': meet the data war whistleblower*, Guardian (Mar. 18, 2018), https://perma.cc/38V9-T5YK).  A report that forms the basis for a plaintiff's claims is incorporated by reference into the complaint and may be considered on a motion to dismiss.  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1004 (9th Cir. 2018).  The Complaint asserts, based on *The Guardian* piece, that Messrs. Mercer, Nix, and Wylie discussed a "plan to harvest and use Facebook users' data," Compl. ¶ 93, but the article makes *no mention* of any discussion regarding the sources of data or acquisition methods that Cambridge Analytica might use.  *See* Cadwalladr, *supra*.

with these complaints. On October 15, 2018, following consolidation in this Court of all cases in this multidistrict proceeding, Mr. Mercer waived service and submitted to the Court's jurisdiction for the limited purpose of challenging the allegations against him.[4]

## ARGUMENT

**I.    PLAINTIFFS STATE NO PLAUSIBLE CLAIM AGAINST MR. MERCER**

The Complaint here does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). As to Mr. Mercer it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). It fails to provide *any* "factual content [to] allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court need review only two paragraphs of the Complaint for the sum total of the case against Mr. Mercer. Compl. ¶¶ 93, 98. There, plaintiffs allege that: (1) Mr. Mercer attended a single meeting with Alexander Nix and Christopher Wylie, at which he "listened" to a plan to obtain and use Facebook data "to create sophisticated psychological and political profiles," *id.* ¶

---

[4] Counsel for Mr. Mercer accepted service on his behalf with the express condition that he was preserving and not waiving his objections to personal jurisdiction and venue. *See* Waiver of the Service of Summons, ECF No. 173. Mr. Mercer now moves to dismiss for failure to state a claim subject to and without waiving his challenge to personal jurisdiction. *See Martinez v. Manheim Cent. Cal.*, No. 1:10-CV-01511-SKO, 2011 WL 1466684, at *1 n.3 (E.D. Cal. Apr. 18, 2011) ("The Federal Rules of Civil Procedure no longer make a distinction between special and general appearances. As long as the lack of personal jurisdiction defense is timely raised, the defendant may appear and defend the action without waiving its jurisdictional objections."). This Court has discretion to dismiss the Complaint for lack of personal jurisdiction and rule in the alternative that that the Complaint fails to state a claim upon which relief may be granted. *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 990 n.6 (9th Cir. 2012); *Monterey Bay Military Hous., LLC v. Ambac Assurance Corp.*, No. 17-CV-04992-BLF, 2018 WL 3439372, at *14 (N.D. Cal. July 17, 2018) (dismissing for lack of personal jurisdiction and failure to state a claim).

93; and (2) Mr. Mercer "funded CA Holdings, which created and initially ran Cambridge Analytica." *Id.* ¶ 98.  That is all.[5]

Plaintiffs do not and cannot plausibly allege that Mr. Mercer is primarily liable for a panoply of privacy and data-abuse violations based on his attendance at a meeting and his investment in a company.  Mr. Mercer is not alleged to have done anything wrong or unlawful.  *See Landayan v. Washington Mut. Bank*, No. C-09-00916 RMW, 2009 WL 3047238, at *4 (N.D. Cal. Sept. 18, 2009) (dismissing claim where "the complaint . . . d[id] not allege with specificity the conduct [by defendant that] plaintiff contends is unlawful," and failed to "specify the practices defendant engaged in" that gave rise to plaintiff's claim); *see also Horton v. NeoStrata Co.*, No. 3:16-CV-02189-AJB-JLB, 2017 WL 932178, at *6 (S.D. Cal. Mar. 8, 2017) (dismissing claims as to one defendant, in part, because plaintiffs' complaint "impermissibly group[ed]" the defendants together "without distinguishing between the allegedly unlawful conduct of each").  Plaintiffs have not disputed that the allegations as to Mr. Mercer are "entirely benign."  Claim Prioritization Reply at 2.

Specifically, going to a meeting and "listening" to a company's plan to acquire and use data is under no circumstances cognizable as a primary privacy or data-abuse violation.  Mr. Mercer's investment in Cambridge Analytica also cannot possibly make him liable for directly violating plaintiffs' privacy rights.  Plaintiffs do not even allege that Mr. Mercer knew about, or invested with any awareness of, Cambridge Analytica's contracts with Aleksandr Kogan and his company Global Science Research (first made in 2014 or 2015, *see* Compl. ¶ 138) to obtain and

---

[5] The paragraphs of the Complaint setting out plaintiffs' alleged causes of action do not even assert that Mr. Mercer violated any legal duty owed to any plaintiff, but instead list his name in the heading and then reference only *Facebook, Inc.'s* alleged conduct.  *See*, *e.g.*, Compl. ¶¶ 580-587 (alleging that Facebook, Inc. made promises to plaintiffs, misled plaintiffs, and published private content, allegedly in violation of the California Constitution).

use data from Facebook users who downloaded Mr. Kogan's application (MyDigitalLife). The Complaint does not allege that Mr. Mercer either knew or had any reason to believe that Cambridge Analytica planned to collect data from Facebook users – or anyone else – much less that he had knowledge of a plan to obtain such data illegally or improperly.

Collecting and analyzing data are common and lawful activities – they are certainly not inherently unlawful activities. To the contrary, many of the largest and most respected companies in the world regularly and lawfully collect and analyze data from users of applications. *See*, *e.g.*, Google, *Data Transparency*, https://perma.cc/4AAA-XNT4 (detailing all of the consumer data collected by Google and how it analyzes and utilizes that data) (accessed Oct. 28, 2018); Amazon, *Amazon Privacy Notice*, https://perma.cc/6E6E-FNWQ (same) (accessed Oct. 28, 2018).

Mr. Mercer, as an investor in Cambridge Analytica, cannot be held personally liable for what the company or its employees may have done. In California, "a corporation is a distinct legal entity separate from its stockholders and its officers" and corporate formalities are recognized even if one individual owns all the stock. *Maxwell Cafe, Inc. v. Dep't of Alcoholic Beverage Control*, 142 Cal. App. 2d 73, 78 (1956); *see also Impeva Labs, Inc. v. Sys. Planning Corp.*, No. 5:12-CV-00125-EJD, 2012 WL 3647716, at *11 (N.D. Cal. Aug. 23, 2012) (dismissing a CEO from the complaint because plaintiff had failed to allege that the CEO committed any tortious conduct but rather listed him as a co-defendant with the corporation); *see also* 13 William Meade Fletcher, *Fletcher Cyclopedia of the Law of Corporations* § 6213 (2018) (explaining that "shareholders are not personally liable for debts or obligations of the corporation either at law or in equity in the absence of fraud or the necessity of protecting a paramount equity" because "a corporation is a legal entity distinct from the members who compose it").

DEF. ROBERT MERCER'S NOTICE
OF MOT. & MOT. TO DISMISS; MEM. OF P. & A.

5

MDL NO. 2843
CASE NO. 18-MD-02843-VC

It is therefore obvious why plaintiffs called Mr. Mercer a "non-priority" defendant and sought to warehouse him rather than defend their claims against him. The Complaint does not come close to stating a claim against him and should be dismissed.

## II.  THIS COURT LACKS PERSONAL JURISDICTION OVER MR. MERCER

In a multidistrict action, the transferee court "is entitled to exercise personal jurisdiction over each defendant only to the same degree that the original transferor court could have." *In re Dynamic Random Access Memory (DRAM)*, No. C 02-1486 PJH, 2005 WL 2988715, at *2 (N.D. Cal. Nov. 7, 2005). If the transferor court lacks personal jurisdiction over a defendant, then the defendant may move to dismiss under Federal Rule of Civil Procedure 12(b)(2) in the transferee court. *See In re Papst Licensing GMBH & Co. KG Litig.*, 602 F. Supp. 2d 10, 15 (D.D.C. 2009); *see also* 18 Charles Alan Wright et al., *Federal Practice and Procedure* § 3866 (4th ed. 2013) (explaining that the transferee court "may rule on all dispositive motions" including "the transferor court's lack of personal jurisdiction"). The law of the transferor court applies when ruling on a motion to dismiss for lack of personal jurisdiction. *In re Papst Licensing GMBH*, 602 F. Supp. 2d at 14.

Mr. Mercer is domiciled in New York – not in Texas or New Jersey where the transferred actions were filed against him. Those courts can exercise personal jurisdiction over a non-resident defendant only if the states' long-arm statute grants jurisdiction *and* the exercise of such jurisdiction comports with federal due process. *See H. Ray Baker, Inc. v. Associated Banking Corp.*, 592 F.2d 550, 551 (9th Cir. 1979). The Texas and New Jersey long-arm statutes authorize the exercise of personal jurisdiction to the maximum extent permitted by the federal Constitution. *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.042; N.J. Ct. R. 4:4-4; *Scott v. Huey*

*L. Cheramie, Inc.*, 833 S.W.2d 240, 241 (Tex. App. 1992); *Baanyan Software Servs., Inc. v. Kuncha*, 433 N.J. Super. 466, 473 (App. Div. 2013).

Under the Constitution, there is no general or specific personal jurisdiction over Mr. Mercer in either Texas or New Jersey, because the Complaint does not allege a single contact between him and these states. General personal jurisdiction exists when a defendant's contacts with a state are so "'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A person's domicile is "the paradigm[atic] forum for the exercise of general jurisdiction." *Id.* at 924. Mr. Mercer is domiciled in New York. Compl. ¶ 93. And the Complaint does not allege any contacts between Mr. Mercer and either Texas or New Jersey – let alone "systematic and continuous" ones.

This Court also lacks specific jurisdiction over Mr. Mercer because plaintiffs do not allege that Mr. Mercer targeted any allegedly tortious conduct at Texas or New Jersey. Specific jurisdiction requires a relationship between the "defendant, the forum, and the litigation" and for the defendant to have created the contacts with the forum state. *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014). Plaintiffs must establish, among other things, that defendant knew that the plaintiffs would be harmed in the forum state and that he "expressly aimed [his] tortious conduct at the forum." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir. 1998) (citing *Southmark Corp. v. Life Inv'rs, Inc.*, 851 F.2d 763, 772 (5th Cir. 1988)).

No such allegation has been made here – or could be made here. The Complaint alleges only that Mr. Mercer met with Christopher Wylie and Alexander Nix in New York and that he invested in Cambridge Analytica and Cambridge Analytica Holdings, LLC, which are Delaware corporations with no alleged connection(s) to either Texas or New Jersey. Compl. ¶¶ 93, 96, 98.

DEF. ROBERT MERCER'S NOTICE
OF MOT. & MOT. TO DISMISS; MEM. OF P. & A.

7

MDL NO. 2843
CASE NO. 18-MD-02843-VC

The only references to Texas in the Complaint are the listed domiciles of three Texas plaintiffs, *id.* ¶¶ 69, 71, 73, but these plaintiffs' domicile does not enable a Texas court to assert specific personal jurisdiction over Mr. Mercer. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (dismissing for lack of personal jurisdiction where the only connection to Texas was that plaintiffs resided there). The Complaint does not allege that Mr. Mercer knew that these or any other plaintiffs would be harmed in Texas, much less that he targeted any activity there.

The only references to New Jersey in the Complaint are in Count XLIX, which alleges that Facebook, Inc. violated the New Jersey Consumer Fraud Act – a claim *not* asserted against Mr. Mercer. Compl. ¶¶ 999-1005. The complete lack of any contacts between Mr. Mercer and either transferor forum state compels the conclusion that he is not subject to personal jurisdiction in either forum and that all claims against him should be dismissed for lack of personal jurisdiction.[6]

## CONCLUSION

All claims against Mr. Mercer should be dismissed.

---

[6] Nor can he constitutionally be haled into Court here; the Complaint pleads no facts that would permit a finding that this Court (or the State of California) has either general or specific jurisdiction as to Mr. Mercer.

Dated: November 2, 2018                                Respectfully submitted,

/s/ *Mark. C. Hansen*
Mark C. Hansen
mhansen@kellogghansen.com
Aaron M. Panner
apanner@kellogghansen.com
Daniel G. Bird
dbird@kellogghansen.com
Jacob E. Hartman
jhartman@kellogghansen.com
Christopher M. Sarma
csarma@kellogghansen.com
**KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile:  (202) 326-7999

*Counsel for Robert Mercer*

## CERTIFICATE OF SERVICE

      I hereby certify that, on November 2, 2018, I electronically transmitted the above and foregoing document to the Clerk of the Court for the District Court for the Northern District of California by using the CM/ECF for filing.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      */s/ Mark C. Hansen*

DEF. ROBERT MERCER'S NOTICE  
OF MOT. & MOT. TO DISMISS; MEM. OF P. & A.

MDL NO. 2843  
CASE NO. 18-MD-02843-VC