Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc. and Non-Prioritized Defendants Mark Zuckerberg and Sheryl Sandberg*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**<br><br>Judge:  Hon. Vince Chhabria<br>Courtroom 4, 17th Floor<br>Hearing Date:  January 23, 2019<br>Hearing Time:  10:30 a.m. |

Gibson, Dunn & Crutcher LLP

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Evidence 201(b), Defendant Facebook, Inc. respectfully requests that the Court take notice of Exhibit 1 attached to the accompanying Declaration of Joshua S. Lipshutz in Support of Facebook's Motion to Dismiss Plaintiffs' Consolidated Complaint (the "Lipshutz Declaration"), and Exhibits 1 through 49 attached to the accompanying Declaration of Michael Duffey in Support of Facebook's Motion to Dismiss Plaintiffs' Consolidated Complaint (the "Duffey Declaration"), filed concurrently herewith.

## DISCUSSION

When ruling on a Rule 12(b)(6) motion, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). "[A] defendant may seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Id.* (citing *United States v. Richie*, 342 F.3d 903, 907 (9th Cir. 2003)); *see also Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012).

The purpose of the incorporation by reference doctrine is to "[p]revent[ ] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting … documents upon which their claims are based." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (alternations in original); *see also Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1158 (C.D. Cal. 2011). Thus, the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998); *accord Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not … accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."). Indeed, a plaintiff can "plead himself out of a claim by including unnecessary details contrary to his claims," including by incorporating documents that contradict them. *Sprewell*, 266 F.3d at 988–89 (affirming

Gibson, Dunn & Crutcher LLP

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC

district court's dismissal of complaint under Rule 12(b)(6) where document incorporated by reference in the complaint "prove[d] fatal to [the plaintiff's] claims"). Furthermore, the full text of documents referenced or cited in a complaint may be considered even though the complaint quotes only portions of those documents. *See, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *In re Autodesk, Inc., Sec. Litig.*, 132 F. Supp. 2d 833, 837–38 (N.D. Cal. 2000) ("[A] defendant may attach to a 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim. Thus, the court may consider the full text of a document the complaint quotes only in part." (citation omitted)).

The Court also may take judicial notice of matters that are generally known within the trial court's territorial jurisdiction, or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Facts subject to judicial notice may be considered on a motion to dismiss. *E.g.*, *NVIDIA*, 768 F.3d at 1051; *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058 (N.D. Cal. 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001)); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1060 (C.D. Cal. 2012).

**A.     The Complaint Incorporates Facebook's Contracts With Its Users**

Facebook requests that the Court consider the following contractual documents in deciding Facebook's Motion to Dismiss:

Duffey Declaration:

**Exhibit 1** is a true and correct copy of Facebook's Terms of Use dated June 28, 2005.

**Exhibit 2** is a true and correct copy of Facebook's Terms of Use dated October 3, 2005.

**Exhibit 3** is a true and correct copy of Facebook's Terms of Use dated February 27, 2006.

**Exhibit 4** is a true and correct copy of Facebook's Terms of Use dated October 3, 2006.

**Exhibit 5** is a true and correct copy of Facebook's Terms of Use dated December 13, 2006.

**Exhibit 6** is a true and correct copy of Facebook's Terms of Use dated May 24, 2007.

**Exhibit 7** is a true and correct copy of Facebook's Terms of Use dated November 7, 2007.

**Exhibit 8** is a true and correct copy of Facebook's Terms of Use dated November 14, 2007.

Gibson, Dunn & Crutcher LLP

2

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC

**Exhibit 9** is a true and correct copy of Facebook's Terms of Use dated November 15, 2007.

**Exhibit 10** is a true and correct copy of Facebook's Terms of Use dated June 7, 2008.

**Exhibit 11** is a true and correct copy of Facebook's Terms of Use dated September 23, 2008.

**Exhibit 12** is a true and correct copy of Facebook's Terms of Use dated February 4, 2009.

**Exhibit 13** is a true and correct copy of Facebook's SRR dated May 1, 2009.

**Exhibit 14** is a true and correct copy of Facebook's SRR dated August 28, 2009.

**Exhibit 15** is a true and correct copy of Facebook's SRR dated December 2, 2009.

**Exhibit 16** is a true and correct copy of Facebook's SRR dated December 4, 2009.

**Exhibit 17** is a true and correct copy of Facebook's SRR dated December 7, 2009.

**Exhibit 18** is a true and correct copy of Facebook's SRR dated December 21, 2009.

**Exhibit 19** is a true and correct copy of Facebook's SRR dated April 22, 2010.

**Exhibit 20** is a true and correct copy of Facebook's SRR dated August 25, 2010.

**Exhibit 21** is a true and correct copy of Facebook's SRR dated October 4, 2010.

**Exhibit 22** is a true and correct copy of Facebook's SRR dated April 26, 2011.

**Exhibit 23** is a true and correct copy of Facebook's SRR dated June 8, 2012.

**Exhibit 24** is a true and correct copy of Facebook's SRR dated December 11, 2012.

**Exhibit 25** is a true and correct copy of Facebook's SRR dated November 15, 2013.

**Exhibit 26** is a true and correct copy of Facebook's SRR dated January 30, 2015.

**Exhibit 27** is a true and correct copy of Facebook's Terms of Service dated April 19, 2018.

**Exhibit 28** is a true and correct copy of Facebook's Privacy Policy dated June 28, 2005.

**Exhibit 29** is a true and correct copy of Facebook's Privacy Policy dated February 27, 2006.

**Exhibit 30** is a true and correct copy of Facebook's Privacy Policy dated May 22, 2006.

**Exhibit 31** is a true and correct copy of Facebook's Privacy Policy dated September 5, 2006.

**Exhibit 32** is a true and correct copy of Facebook's Privacy Policy dated October 23, 2006.

**Exhibit 33** is a true and correct copy of Facebook's Privacy Policy dated May 9, 2007.

**Exhibit 34** is a true and correct copy of Facebook's Privacy Policy dated May 24, 2007.

**Exhibit 35** is a true and correct copy of Facebook's Privacy Policy dated September 12, 2007.

**Exhibit 36** is a true and correct copy of Facebook's Privacy Policy dated December 6, 2007.

Gibson, Dunn & Crutcher LLP

3

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC

**Exhibit 37** is a true and correct copy of Facebook's Privacy Policy dated November 26, 2008.

**Exhibit 38** is a true and correct copy of Facebook's Privacy Policy dated November 19, 2009.

**Exhibit 39** is a true and correct copy of Facebook's Privacy Policy dated December 9, 2009.

**Exhibit 40** is a true and correct copy of Facebook's Privacy Policy dated April 22, 2010, redacted to avoid disclosure of user information of the Facebook employee who archived the document, which was inadvertently included in the archived version, even though it is not part of the policy.

**Exhibit 41** is a true and correct copy of Facebook's Privacy Policy dated October 5, 2010, redacted to avoid disclosure of user information of the Facebook employee who archived the document, which was inadvertently included in the archived version, even though it is not part of the policy.

**Exhibit 42** is a true and correct copy of Facebook's Privacy Policy dated December 22, 2010.

**Exhibit 43** is a true and correct copy of Facebook's Data Use Policy dated September 7, 2011.

**Exhibit 44** is a true and correct copy of Facebook's Data Use Policy dated June 8, 2012.

**Exhibit 45** is a true and correct copy of Facebook's Data Use Policy dated December 11, 2012.

**Exhibit 46** is a true and correct copy of Facebook's Data Use Policy dated November 15, 2013.

**Exhibit 47** is a true and correct copy Facebook's Data Policy dated January 30, 2015.

**Exhibit 48** is a true and correct copy of Facebook's Data Policy dated September 29, 2016.

**Exhibit 49** is a true and correct copy of Facebook's Data Policy dated April 19, 2018.

The Court may consider each of these documents because Plaintiffs' Consolidated Complaint "refers extensively" to Facebook's Privacy Policy, Data Use Policy, and Statement of Rights and Responsibilities[1], and therefore incorporates them by reference. *See Richie*, 342 F.3d at 907; *see also* Compl. ¶¶ 287-288 (listing the above documents). There can be no reasonable dispute regarding their authenticity, as the documents are business records collected directly from Facebook's files by a Facebook employee familiar with the manner in which such historical contracts and policies are maintained in Facebook's archives. *See* Duffey Decl. ¶¶ 2–3. Moreover, the historical versions of the agreements are archived on the Internet and are publicly available, as Plaintiffs' Consolidated Complaint acknowledges. *See, e.g.*, Compl. footnotes 43, 55–62, 64–68, 70 (citing prior versions of Facebook documents

---

[1] *See* Compl. ¶¶ 216–246, 258–261, 266–269, 272–284, 286–293 (referencing and quoting extensively from various iterations of Facebook's SRR and Data Use Policy).

Gibson, Dunn & Crutcher LLP

4

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC

archived by archive.org). Courts routinely consider contracts between parties when they are referenced in the Complaint or are relevant to the plaintiff's claims. *See, e.g.*, *Finkelstein v. AXA Equitable Life Ins. Co.*, 325 F. Supp. 3d 1061, 1066 (N.D. Cal. 2018); *Bassam v. Bank of Am.*, 2015 WL 4127745, at *6 (C.D. Cal. July 8, 2015) ("Although plaintiffs do not specifically plead the terms of the contract, they reference the contract, and the court has concluded that as a result of that reference, the Agreement is incorporated in the first amended complaint." (footnote omitted)); *Lucky Leather, Inc. v. Mitsui Sumitomo Ins. Grp.*, 2013 WL 12139116, at *1 (C.D. Cal. Feb. 26, 2013); *Smale v. Cellco P'ship*, 547 F. Supp. 2d 1181, 1185 n.4 (W.D. Wash. 2008) ("Plaintiffs did not attach the Agreement, the Customer Information Overview, or their invoices to the Complaint. The court relies on them, however, because the Complaint explicitly or implicitly refers to each of these documents, they are essential to Plaintiffs' non-disclosure claims, and there is no question as to the authenticity of the documents."). And courts have considered terms of service when dismissing similar claims against Facebook and other companies. *See Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 953 (N.D. Cal. 2017); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1028–32 (N.D. Cal. 2014); *Mortensen v. Bresnan Commc'n, L.L.C.*, 2010 WL 5140454, at *4 (D. Mont. Dec. 13, 2010); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1214 (N.D. Cal. 2014).

In addition, the Court should consider these documents because Plaintiffs' claims necessarily rely on them. "[C]ontracts between [a defendant] and putative class members that provide the foundation for plaintiffs' claims" may be considered on a motion to dismiss. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1114 (C.D. Cal. 2003). As the Ninth Circuit has held, "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies," even if the plaintiff does not refer to the document. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). Indeed, the entire purpose of the doctrine of incorporation by reference is to prevent plaintiffs from improperly "surviving a Rule 12(b)(6) motion by deliberately omitting … documents upon which their claims are based." *Swartz*, 476 F.3d at 763.

That policy has particular force here, since California law affirmatively *requires* Plaintiffs to plead the terms of the contracts they claim were breached. "A cause of action for breach of contract

Gibson, Dunn & Crutcher LLP

5
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC

requires pleading of a contract," either by "set[ting] out [its terms] verbatim in the complaint or [by attaching] a copy of the contract … to the complaint and incorporat[ing it] therein by reference," or by "alleg[ing] the substance of its relevant terms" in a "comprehensive[] … statement" devoid "of legal conclusions." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (2006); *see also Forster v. Wells Fargo Bank, N.A.*, 2018 WL 509967, at *4 (N.D. Cal. Jan. 23, 2018).  Therefore, the Court may consider *all* of the contracts that form the basis of Plaintiffs' claims, even if Plaintiffs have not discharged their obligation to plead the contents of each of the specific agreements they contend govern their claims.  *See* Compl. ¶ 527 ("Facebook and Plaintiffs mutually assented to, and therefore were bound by the version of Facebook's Statement of Rights and Responsibilities or later, the Terms of Service … that was operative at the time each of the Plaintiff and Class Member joined Facebook.").

The Court may also take judicial notice of Duffey Declaration Exhibits 1 through 49 because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  These documents were available on Facebook's website and archived versions remain publicly available on the Internet.  Plaintiffs concede that these archived versions are authentic by citing them in the Complaint.  They are therefore proper subjects of judicial notice under the Rules of Evidence, separate and apart from their incorporation in the Complaint.  *See United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1174 (C.D. Cal. 2009) ("Judicial notice is proper because the contracts are integral to the complaint and no party disputes the contracts' identity and accuracy."); *Apollo Enter. Sols., Inc. v. Lantern Credit, LLC*, 2018 WL 437472, at *3 (C.D. Cal. Jan. 16, 2018) (granting request for judicial notice of website in support of motion to dismiss); *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) (taking judicial notice of party's website and granting motion to dismiss); *Hendrickson v. eBay, Inc.*, 165 F. Supp. 2d 1082, 1084 n.2 (C.D. Cal. 2001) (taking "judicial notice of www.eBay.com and the information contained therein pursuant to Federal Rule of Evidence 201").  Accordingly, Duffey Declaration Exhibits 1 through 49 are appropriate for judicial notice and incorporation by reference.

**B.    The Court may consider the December 11, 2015 *Guardian* article.**

**Exhibit 1** of the Lipshutz Declaration is a *Guardian* article titled "Ted Cruz using firm that

Gibson, Dunn & Crutcher LLP

6

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC

harvested data on millions of unwitting Facebook users," published on December 11, 2015. The Complaint references and relies on Exhibit 1. *See* Compl. ¶¶ 141, 311, 336, 424–425. It is therefore properly incorporated for the same reasons as the other exhibits. Moreover, courts routinely take judicial notice of newspaper articles when they are submitted as evidence of what information was in the public realm at the time of events alleged in a complaint. *See, e.g.*, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (largely affirming order granting motion to dismiss and noting that "[c]ourts may take judicial notice of publications introduced to indicate what was in the public realm at the time" (quotation marks and citation omitted)); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (courts may take judicial notice of newspaper articles when considering motion for judgment on the pleadings).

## CONCLUSION

For the foregoing reasons, the Court should consider Exhibit 1 to the Lipshutz Declaration and Exhibits 1 through 49 of the Duffey Declaration when ruling on Facebook's Motion to Dismiss.

Gibson, Dunn & Crutcher LLP

7

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC

 
DATE:  November 2, 2018

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:  /s/ Orin Snyder
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc. and Non-Prioritized Defendants Mark Zuckerberg and Sheryl Sandberg*

Gibson, Dunn & Crutcher LLP

8

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC