# EXHIBIT A

```
                                                              Page 1
 1   UNITED STATES BANKRUPTCY COURT
 2   SOUTHERN DISTRICT OF NEW YORK
 3
 4   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
 5   In the Matter of:
 6
 7   CAMBRIDGE ANALYTICA LLC,              Case No. 18-11500-shl
 8
 9           Debtor.
10   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
11    In the Matter of:
12
13   SCL USA INC.,                         Case No. 18-11501-shl
14
15           Debtor.
16   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
17                  U.S. Bankruptcy Court
18                  One Bowling Green
19                  New York, New York 10004-1408
20
21                  October 24, 2018
22                  10:35 AM
23   B E F O R E :
24   HON SEAN H. LANE
25   U.S. BANKRUPTCY CHIEF JUDGE
```

                                                               Page 2

1    Hearing re:  11500 - Doc. #69 Motion To Withdraw As Attorney

2    - Motion Of Schulte Roth & Zabel LLP For Entry Of An Order

3    (A) Authorizing Schulte Roth & Zabel LLPs Withdrawal As

4    Counsel To The Debtors, And Relieving It From Any Further

5    Obligations In Connection With The Chapter 7 Cases And Any

6    Related Proceedings And (B) Granting Other Relief filed by

7    Adam Craig Harris on behalf of Cambridge Analytica LLC

8

9    Hearing re: 11500 - Doc. #78 Motion to Designate of Chapter

10   7 Trustee Seeking Entry of an Order, Pursuant to Rule

11   9001(5) of the Federal Rules of Bankruptcy Procedure,

12   Designating Julian Wheatland, Signatory of the Debtors

13   Petitions, as the Person Responsible to Perform the

14   Obligations of the Debtors under the Bankruptcy Code

15

16   Hearing re:  11500 - Doc. #40 Application For FRBP 2004

17   Examination / Data Breach Plaintiffs Motion Pursuant To

18   Bankruptcy Rule 2004 For An Order Directing The Production

19   Of Documents From, And Authorizing The Examination Of,

20   Cambridge Analytica LLC

21

22   Hearing re:  11501 - Doc. #37 Application For FRBP 2004

23   Examination / Data Breach Plaintiffs Motion Pursuant To

24   Bankruptcy Rule 2004 For An Order Directing The Production

25   Of Documents From, And Authorizing The Examination Of, SCL

1   USA, Inc.
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25  Transcribed by: Dawn South and Jamie Gallagher

```
                                                       Page 4
 1   A P P E A R A N C E S :
 2   LOWENSTEIN SANDLER LLP
 3        Attorneys for the Consumer Privacy Plaintiffs
 4        One Lowenstein Drive
 5        Roseland, NJ 07068
 6
 7   BY:  MICHAEL ETKIN, ESQ.
 8        NICOLE FULFREE, ESQ.
 9
10   LAMONICA HERBST & MANISCALCO LLP
11        Attorney for the Trustee
12        3305 Jerusalem Avenue
13        Wantagh, NY 11793
14
15   BY:  JORDAN PILEVSKY, ESQ.
16
17   GIBSON, DUNN & CRUTCHER LLP
18        Attorney for Gibson, Dunn & Crutcher LLP
19        200 Park Avenue
20        New York, NY 10166-0193
21
22   BY:  DYLAN CASSIDY, ESQ.
23
24
25
```

```
 1   UNITED STATES DEPARTMENT OF JUSTICE
 2        Attorney for the U.S. Trustee
 3        201 Varick Street
 4        Room 1006
 5        New York, NY 10014
 6
 7   BY:  BENJAMIN J. HIGGINS, ESQ.
 8
 9   SCHULTE ROTH & ZABEL LLP
10        Attorney for Schulte Roth & Zabel LLP
11        919 Third Avenue
12        New York, NY 10022
13
14   BY:  KRISTINE MANOUKIAN, ESQ.
15
16   BLEICHMAR FONTI & AULD LLP
17        555 12th Street
18        Oakland, CA 94607
19
20   BY:  LESLIE WEAVER, ESQ.
21
22
23
24
25
```

Page 12

1      MR. PILEVSKY:  -- based on our discussions today.
2      THE COURT:  All right.
3      MR. PILEVSKY:  There's one other side matter with
4  respect to the 2004 application.  I'm not sure if -- I
5  believe the Attorney General's Office from Cook County may
6  be on the phone.  Is anybody appearing telephonically?
7      THE COURT:  Well let me ask, is there anybody on
8  the telephone on CourtCall for this case, Cambridge
9  Analytica?  Well folks are maybe listen only --
10     MR. PILEVSKY:  Okay.
11     THE COURT:  -- so they may be trying to say well I
12 would tell you I'm here but I promised I wouldn't speak --
13     MR. PILEVSKY:  Right.
14     THE COURT:  -- so they may in fact be on the
15 phone.
16     MR. PILEVSKY:  Right.  So just on that note my
17 office had been contacted by an attorney at the Attorney
18 General's Office I believe in Cook County in Chicago, in
19 Illinois, requesting to see the order prior to a submission
20 with respect to their interest in the MDL action pending in
21 the Northern District of California.  Counsel -- lead
22 counsel and bankruptcy counsel in that action are here as
23 well.
24     My understanding, and counsel could educate the
25 Court, my understanding is that there is lead counsel that's

Page 13

1   been appointed by order of the court out there and special
2   bankruptcy counsel has been appointed by order as well, so
3   the trustee is not inclined to having additional parties
4   weigh in on this 2004 order.
5           THE COURT: Well I would think that the way that
6   would work is that counsel who's appointed in that case
7   would run the traps among the interested constituencies in
8   that case in whatever manner you think is appropriate or
9   it's been so ordered and that you're sort of the one stop
10  shopping in terms of getting sort of the appropriate input
11  from all the parties.
12          So unless I'm misreading it, it sounds like since
13  you're here you can caucus with your constituencies I assume
14  rather than have the trustee in this case do it, which
15  probably is not the greatest thing for anybody involved, the
16  trustee here or for you to have them talking directly to
17  some of the folks who you're representing really. Does that
18  make sense from your point of view, counsel?
19          MR. ETKIN: Yeah. For the record Michael Etkin of
20  Lowenstein Sandler. It does make sense, Your Honor.
21          Just add a little bit more color on that. That
22  litigation has been transferred and consolidated in the MDL.
23  For the sake of completeness counsel in that case is
24  attempting to remand the case, but --
25          THE COURT: All right.

1    MR. ETKIN:  -- it has not been remanded yet, it is
2    still consolidated in the MDL subject to all of the MDL
3    orders and subject to the lead counsel appointment, and lead
4    counsel has been very meticulous given the disparate court's
5    desire to narrow rather than broaden the number of lawyers
6    involved in that case, lead to the point where my retention
7    was the subject of an order of the District Court in the MDL
8    as well.
9         So it's our intention to fulfill the
10   responsibilities that we have pursuant to the orders issued
11   by the District Court.
12        THE COURT:  All right.  Thank you very much.
13        So to the extent that it -- you mentioned it so
14   that you would have -- you could keep me informed and also
15   make sure not run afoul of any problems that folks might say
16   by virtue of not talking to them.
17        I am perfectly fine with you doing exactly, that
18   is Chapter 7 Trustee's counsel in this case, doing exactly
19   what you proposed, which is to talk to appointed bankruptcy
20   counsel in the multi-district litigation for all the parties
21   who are in that litigation.  If that case gets remanded and
22   is no longer in the multi-district litigation I trust that
23   folks will point that out and then you'll have separate
24   conversations as is appropriate, but for anybody who's in
25   the multi-district litigation it is entirely sensible on

Page 15

1   many levels to communicate with counsel that you have been
2   communicating with, which is the court-appointed counsel to
3   represent the parties on bankruptcy matters in that case,
4   so.
5           MR. ETKIN:  Thank you, Your Honor.
6           THE COURT:  Thank you.
7           MR. ETKIN:  And just to add one more thing to what
8   the trustee counsel reported in connection with the 2004
9   order, which is entirely accurate, and you know, I think
10  that it's -- it got to the point where it became a little
11  unwieldy trying to incorporate everyone's comments, but I
12  think we're there and we'll get there shortly, but just for
13  purposes of completing the circle.
14          That motion was a motion that was directed to the
15  debtor, and the trustee was -- after argument on the first
16  go round the trustee was prepared to provide some production
17  along the lines that was discussed, but there is no order
18  and there has been no agreement vis-à-vis the 2004
19  examination and production by the debtor.
20          THE COURT:  Right.
21          MR. ETKIN:  And --
22          THE COURT:  Well that's why we carried the --
23          MR. ETKIN:  Exactly.
24          THE COURT:  -- motion to withdraws and the trustee
25  teed up that motion to have a responsible party.

```
 1                C E R T I F I C A T I O N
 2
 3    We, Dawn South and Jamie Gallagher, certify that the
 4    foregoing transcript is a true and accurate record of the
 5    proceedings.
 6
 7    _____
 8    Dawn South
 9    Certified Electronic Transcriber
10    _____
11    Jamie Gallagher
12    Certified Electronic Transcriber
13
14
15
16    Date:   October 26, 2018
17
18
19
20
21
22    Veritext Legal Solutions
23    330 Old Country Road
24    Suite 300
25    Mineola, NY 11501
```