Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>*People of Illinois ex rel. Kimberly M. Foxx v. Facebook, Inc., et al.*, 18-CV-06486-VC | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING PLAINTIFF COOK COUNTY'S MOTION TO REMAND**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom 4, 17th Floor<br>Hearing Date: December 6, 2018<br>Hearing Time: 10:00 a.m. |

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING
PLAINTIFF COOK COUNTY'S MOTION TO REMAND – CASE NO. 3:18-MD-02843-VC

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  ARGUMENT ...................................................................................................................... 1

    A.   Ninth Circuit Law Governs Whether Diversity Jurisdiction Exists .............................. 1

    B.   The Cook County State's Attorney Is Not An Arm Or Alter Ego Of The State of Illinois ................................................................................................................... 2

    C.   Illinois's General Interest In The Welfare Of Its Citizens Does Not Destroy Diversity ................................................................................................................... 3

III. CONCLUSION ................................................................................................................... 7

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING
PLAINTIFF COOK COUNTY'S MOTION TO REMAND – CASE NO. 3:18-MD-02843-VC

# TABLE OF AUTHORITIES

**Cases**

*In re: Avandia Mktg., Sales Practices & Prod. Liab. Litig.*,
    238 F. Supp. 3d 723 (E.D. Pa. 2017) ...............................................................................3, 7

*Blease v. Safety Transit Co.*,
    50 F.2d 852 (4th Cir. 1931)....................................................................................................4

*Boyd v. Vill. of Wheeling*,
    1985 WL 2564 (N.D. Ill. Sept. 12, 1985) ..........................................................................2, 3

*California v. N. Tr. Corp.*,
    2013 WL 1561460 (C.D. Cal. Apr. 10, 2013) ...............................................................3, 4, 7

*Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*,
    642 F.3d 728 (9th Cir. 2011)..........................................................................1, 3, 4, 5, 6, 7

*Garcia v. City of Chi.*,
    24 F.3d 966 (7th Cir. 1994).....................................................................................................3

*Illinois v. AU Optronics Corp.*,
    794 F. Supp. 2d 845 (N.D. Ill. 2011) .....................................................................................5

*Illinois v. SDS W. Corp.*,
    640 F. Supp. 2d 1047 (C.D. Ill. 2009) ...................................................................................5

*In re Korean Air Lines Co.*,
    642 F.3d 685 (9th Cir. 2011)...............................................................................................1, 2

*In re Korean Air Lines Disaster*,
    829 F.2d 1171 (D.C. Cir. 1987) .............................................................................................2

*LG Display Co. v. Madigan*,
    665 F.3d 768 (7th Cir. 2011)..................................................................................................7

*Menowitz v. Brown*,
    991 F.2d 36 (2d Cir. 1993).....................................................................................................2

*Mo., Kan. & Tex. Ry. Co. v. Hickman*,
    183 U.S. 53 (1901).....................................................................................................1, 4, 6, 7

*Moor v. Alameda Cty.*,
    411 U.S. 693 (1973).................................................................................................................2

*Nevada v. Bank of America Corp.*,
    672 F.3d 661 (9th Cir. 2012)..................................................................................................7

Gibson, Dunn & Crutcher LLP

ii
FACEBOOK, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING
PLAINTIFF COOK COUNTY'S MOTION TO REMAND – Case No. 3:18-MD-02843-VC

*Newton v. Thomason*,
    22 F.3d 1455 (9th Cir. 1994) .................................................................................................2

*Nw. Pub. Commc'ns Council ex rel. Oregon v. Qwest Corp.*,
    877 F. Supp. 2d 1004 (D. Or. 2012) ......................................................................................6

*Port of Seattle v. Or. & Wash. RR. Co.*,
    255 U.S. 56 (1921) ...............................................................................................................6, 7

*Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n*,
    598 F.2d 1303 (3d Cir. 1979) ................................................................................................4

*Regents of the Univ. of Cal. v. Doe*,
    519 U.S. 425 (1997) ..............................................................................................................2

*Cty. of Cook ex rel. Rifkin v. Bear Stearns & Co.*,
    215 Ill. 2d 466 (2005) ...........................................................................................................2

*Streit v. Cty. of L.A.*,
    236 F.3d 552 (9th Cir. 2001) .................................................................................................2

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    2011 WL 560593 (N.D. Cal. Feb. 15, 2011) .........................................................................7

*Wisconsin v. Abbott Labs.*,
    341 F. Supp. 2d 1057 (W.D. Wis. 2004) ...............................................................................5

**Statutes**

55 ILCS 5/3-9005 ...........................................................................................................................2

815 ILCS 505/7 ..............................................................................................................................6

28 U.S.C. § 1332 ....................................................................................................................2, 3, 4

Cal. Gov't Code § 12920.5 ............................................................................................................5

**Other Authorities**

Ill. Atty. Gen., "Madigan & Other Attorneys General Demand Answers from
    Facebook" (Mar. 26, 2018) ...................................................................................................3

Letter from Nat'l Assn. of Attorneys General to Mark Zuckerberg (Mar. 26, 2018) ....................3

Gibson, Dunn & Crutcher LLP

iii
FACEBOOK, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING
PLAINTIFF COOK COUNTY'S MOTION TO REMAND – CASE NO. 3:18-MD-02843-VC

I.   INTRODUCTION

Plaintiff has tried to characterize this private lawyer-driven suit as an action by the State of Illinois, seeking to trigger the rule that a state (unlike a county or an individual) cannot be a citizen of itself for diversity purposes.  But it is nothing of the sort.  The case was brought by the Cook County State's Attorney, a locally elected official responsible for representing the County's interests in litigation.  And it is being directed and financed by private attorneys with no accountability to the State or to Illinois voters, under a contract that awards them a significant contingent interest in any recovery.  Facebook's briefing in the Northern District of Illinois made clear that this case was properly removed to federal court under Seventh Circuit law.  Facebook submits this Supplemental Memorandum to show that under binding Ninth Circuit precedent, read together with the applicable Supreme Court cases, the State of Illinois is not the real party in interest here, and Plaintiff's motion to remand should be denied.

As a threshold matter, Ninth Circuit law, not Seventh Circuit law, governs this motion.  It is well-established that, for issues of federal law, transferee courts apply the law of their own Circuit and not that of the transferor court.  *E.g.*, *In re Korean Air Lines Co.*, 642 F.3d 685, 699 n.12 (9th Cir. 2011).  And both Supreme Court and Ninth Circuit cases make clear that, in cases such as this that are brought not by the State itself, but only in its name, the presence of the "People" in the caption does not destroy diversity unless the suit seeks relief *only* for the State itself.  *See Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011) (State's presence defeats diversity "only if 'the relief sought is that which inures to it alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate.'" (quoting *Mo., Kan. & Tex. Ry. Co. v. Hickman*, 183 U.S. 53, 59 (1901)).  The Supreme Court announced that bright-line rule more than a century ago out of concern that states might try to curtail diversity jurisdiction by asserting generalized interests in litigation brought by otherwise diverse parties.  This action—brought by a county-level official and financed by private lawyers for their own financial benefit—confirms the wisdom of that rule.  Because the State of Illinois is not the real party in interest under *Hickman*, diversity is present and the case was properly removed.

II.   ARGUMENT

A.   **Ninth Circuit Law Governs Whether Diversity Jurisdiction Exists**

It is well established that "a transferee federal court should apply its interpretations of federal

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING
PLAINTIFF COOK COUNTY'S MOTION TO REMAND – CASE NO. 3:18-MD-02843-VC

law, not the constructions of federal law of the transferor circuit." *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993); *see also Korean Air Lines*, 642 F.3d at 699 n.12 ("[A] transferee federal court should apply *its* interpretation of federal law." (internal quotation marks omitted)); *Newton v. Thomason*, 22 F.3d 1455, 1460 (9th Cir. 1994) (for federal claims, "a transferee court in this circuit is bound only by our circuit's precedent"); *accord In re Korean Air Lines Disaster*, 829 F.2d 1171, 1176 (D.C. Cir. 1987).

Whether the Cook County State's Attorney is bringing this suit as "an arm of the State … is a question of federal law." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 n.5 (1997). Specifically, the question is whether the fact that the Cook County State's Attorney, a local elected official, is authorized to bring the action in the name of the State transforms the action into an action by the State itself for diversity purposes—a question that turns on the meaning of 28 U.S.C. § 1332. It is well established that "state law does not control [a federal court's] interpretation of a federal statute." *Streit v. Cty. of L.A.*, 236 F.3d 552, 560 (9th Cir. 2001). Accordingly, this Court must apply Ninth Circuit law to decide whether diversity jurisdiction exists here.

**B.  The Cook County State's Attorney Is Not An Arm Or Alter Ego Of The State of Illinois**

"[A] political subdivision of a State"—such as Cook County—"is a citizen of the State for diversity purposes." *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973). The only exception is where that subdivision (or the agent thereof bringing suit) "is simply the arm or alter ego of the State." *Id*.

Under federal law, the Cook County State's Attorney is *not* "simply the arm or alter ego of the State." As Facebook explained, Dkt. No. 172-5, there is a clear distinction between the Illinois Attorney General—who is "*the* legal officer of the State" in Illinois—and the various county-level State's Attorneys. *See* Opp. at 6–7. Unlike the Attorney General, the State's Attorney is "an elected official of the county," and her "staff are employees of the county." *Boyd v. Vill. of Wheeling*, 1985 WL 2564, at *15 (N.D. Ill. Sept. 12, 1985). The duties of State's Attorneys are set out in the Counties Code and relate mostly to representing the county. *See* 55 ILCS 5/3-9005. "Under the Counties Code, the State's Attorney has exclusive authority to prosecute all actions on behalf of the County." *Cty. of Cook ex rel. Rifkin v. Bear Stearns & Co.*, 215 Ill. 2d 466, 482 (2005). Consistent with these geographically circumscribed duties of the State's Attorney, the private attorneys representing Cook County in this litigation have confirmed that they are "representing Cook County"—not the State. Dkt. 172-7, Ex. B at 2;

Gibson, Dunn & Crutcher LLP

2

FACEBOOK, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING PLAINTIFF COOK COUNTY'S MOTION TO REMAND – CASE NO. 3:18-MD-02843-VC

*see also id*. at 1 (Edelson "is … leading Cook County's suit against Facebook").  Thus, although State's Attorneys may act as "state officers" for some purposes, such as prosecuting criminal defendants (*see Garcia v. City of Chi.*, 24 F.3d 966, 969 (7th Cir. 1994)), their local, rather than statewide, responsibilities and constituents means that, unlike the Attorney General, they are not merely alter egos of the State.

It is clear that the Cook County State's Attorney does not speak for the State itself because the Illinois Attorney General herself has been in contact with Facebook regarding the very same events at issue here.  On March 26, 2018, 36 Attorneys General, including Illinois AG Lisa Madigan, sent Facebook a letter asking a series of questions about Cambridge Analytica and the use of Facebook users' personal information.  Ill. Att'y Gen., *Madigan & Other Attorneys General Demand Answers from Facebook* (Mar. 26, 2018), https://bit.ly/2IUaOeT; *see also* Letter from Nat'l Assn. of Att'ys Gen. to Mark Zuckerberg (Mar. 26, 2018), Dkt. 172-7, Ex. A.  This independent activity by the Illinois Attorney General makes clear that the present action is being pursued not by the State, but by a Cook County official and a group of private lawyers working on a contingency fee basis on the County's behalf.  *Cf. In re: Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 238 F. Supp. 3d 723, 731 (E.D. Pa. 2017) (state's resolution of related claims against defendants confirmed that the state was not a real party in interest to county's pursuit of separate claim, albeit in the name of the "People" of the state).

C.   **Illinois's General Interest In The Welfare Of Its Citizens Does Not Destroy Diversity**

Plaintiff has incorrectly asserted that the Court need not decide whether the State's Attorney is an alter ego of the State for diversity purposes because Illinois law allows the State's Attorney to sue in the name of the State.  But the Ninth Circuit has rejected the notion that a state can destroy diversity jurisdiction simply by authorizing others to sue in its name.  As the Ninth Circuit held in *Lucent*, "the state cannot possess the ability to defeat federal jurisdiction under 28 U.S.C. § 1332(a)(1), over an action between what would otherwise be two diverse citizens, merely by enacting legislation pursuant to its police powers."  642 F.3d at 739 n.6.  Thus, the fact that a state statute authorizes an officer "to bring [an] action 'in the name' of the State … does not require the Court to find that the State is in fact the real party in interest for diversity purposes." *California v. N. Tr. Corp.*, 2013 WL 1561460, at *3 (C.D. Cal. Apr. 10, 2013) (diversity jurisdiction existed in action brought by City Attorney in the name of the State under California Unfair Competition Law); *accord, e.g., Avandia*, 238 F. Supp. 3d at 730

Gibson, Dunn & Crutcher LLP

3

FACEBOOK, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING
PLAINTIFF COOK COUNTY'S MOTION TO REMAND – CASE NO. 3:18-MD-02843-VC

(even though state statute authorized county to sue in the name of the "People," the county, not the state, was the real party in interest where "the relief sought would not inure to the benefit of the state alone"). A contrary rule would improperly allow state legislatures to limit federal diversity jurisdiction by authorizing inferior government actors (such as municipalities or local prosecutors) or even non-government actors (such as private attorneys or citizens), to sue on the State's behalf.

To prevent just that result, the Ninth Circuit has developed a "rigorous standard" grounded in Supreme Court precedent for deciding whether a state's purported interest in a suit brought in its name destroys diversity jurisdiction. *N. Tr. Corp.*, 2013 WL 1561460, at *2. Specifically, "a State's presence in a lawsuit will defeat jurisdiction under 28 U.S.C. § 1332(a)(1) only if 'the relief sought is that which inures to it alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate.'" *Lucent*, 642 F.3d at 737 (quoting *Hickman*, 183 U.S. at 59). General interests, such as the "governmental interest in the welfare of all its citizens, in compelling obedience to the legal orders of all its officials, and in securing compliance with all its laws" are not sufficient. *Id.* (quoting *Hickman*, 183 U.S. at 60). Such interests "will not satisfy the real party to the controversy requirement for the purposes of defeating diversity because 'if that were so the state would be a party in interest in all litigation.'" *Id.* (quoting *Hickman*, 183 U.S. at 60).[1] Thus, state laws authorizing suit to protect the general "welfare, health, and peace of the people of [a] state" do not render the State a real party in interest for diversity purposes "because these articulated interests are the very 'general governmental interest[s]' that the Supreme Court has stated cannot satisfy the diversity requirement." *Id.* at 738.

That binding precedent clearly establishes that the State of Illinois lacks the kind of specific and unique interest to defeat diversity jurisdiction in a suit that it did not bring itself through its Attorney General. The interests that Plaintiff claims the State of Illinois has in this action are nothing more than the broad law enforcement goals deemed insufficient in *Hickman* and *Lucent*. Plaintiff argues that the

---

[1] *See also Ramada Inns, Inc. v. Rosemount Mem'l Park Ass'n*, 598 F.2d 1303, 1307 (3d Cir. 1979) (if judgment "will have no effect other than to implicate the state's general 'governmental interest in the welfare of all its citizens … and in securing compliance with all its laws,' … then the state is not a real party in interest." (quoting *Hickman*, 183 U.S. at 60)); *accord Blease v. Safety Transit Co.*, 50 F.2d 852, 854 (4th Cir. 1931).

Gibson, Dunn & Crutcher LLP

4

FACEBOOK, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING
PLAINTIFF COOK COUNTY'S MOTION TO REMAND – CASE NO. 3:18-MD-02843-VC

State has a "sovereign interest in protecting its citizens," and that the "requested relief 'affects the economic well-being of its citizens broadly,'" Reply at 3, 4 (quoting *Illinois v. AU Optronics Corp.*, 794 F. Supp. 2d 845, 849 (N.D. Ill. 2011)). These are precisely the types of sovereign interests—generalized "interests that the State has in the well-being of its populace"—that do not "render[] the state a real party in interest for the purposes of diversity." *Lucent*, 642 F.3d at 737 n.2 (citation omitted).

In *Lucent*, the California Department of Fair Employment and Housing sued a telecommunications company under California's Fair Employment and Housing Act, which authorizes the Department to sue in the State's name for violations of the Act. 642 F.3d at 734–36. The company removed the case, and the Department moved to remand, arguing that the real party in interest was the State of California, not the individual employee whose rights allegedly were violated, because the statute expressed the State's strong interest in "prevent[ing] and deter[ring] unlawful employment practices." 642 F.3d at 752 (Ikuta, J., dissenting) (recounting the Department's argument and citing CAL. GOV'T CODE § 12920.5). The district court held that the parties were diverse because the employee, not the State, was the real party in interest. *Id.* at 735 (majority opinion). The Ninth Circuit agreed, holding that the State's generalized interests in preventing employment discrimination, although enough to support standing, did not make the state a real party in interest for diversity purposes—precisely because, under *Hickman*, "th[e] use of quasi-sovereign interest[s] to satisfy [the] unique relief requirement is contradictory to the very language of that opinion and has never been suggested or endorsed by the Supreme Court." *Id.* at 737 n.2. Indeed, the Ninth Circuit explicitly disapproved the very line of "sovereign interest" cases on which Plaintiff primarily relies (Mot. to Remand at 7, Dkt. 172-4). *See Lucent*, 642 F.3d at 737 n.2 (disapproving *Illinois v. SDS W. Corp.*, 640 F. Supp. 2d 1047, 1051–53 (C.D. Ill. 2009), and *Wisconsin v. Abbott Labs.*, 341 F. Supp. 2d 1057, 1063 (W.D. Wis. 2004), on the ground that they "contradict[]" Supreme Court precedent).

This case closely parallels *Lucent*, but is even one step further removed from a situation in which the State is the real party in interest under *Hickman*. In *Lucent*, the plaintiff at least was a state agency—whereas here, Plaintiff is a County official who (much like city and county attorneys and private citizens in California) has merely been granted statutory authority to sue in the State's name. In *Lucent*, as here, the underlying interests that the plaintiff sought to vindicate were the *private interests* of individuals injured by a violation of the applicable statute. And the court found that the State

Gibson, Dunn & Crutcher LLP

5
FACEBOOK, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING
PLAINTIFF COOK COUNTY'S MOTION TO REMAND – CASE NO. 3:18-MD-02843-VC

was not the real party in interest under those circumstances. The same is true here. The *underlying* interests that the action seeks to vindicate are those of individual Facebook users residing in Illinois whose rights allegedly were violated, *see* Compl. ¶¶ 79–85—and those interests are being pursued by the Cook County State's Attorney pursuant to authority granted under the Illinois consumer protection statute, *see* 815 ILCS 505/7(a). To the extent that the State of Illinois has an interest in the action, that interest is of the same generalized nature as was found insufficient in *Hickman* and *Lucent*—namely, a general interest, under the police power, to ensure that its laws are enforced.

        This conclusion is *not* changed by the fact that Plaintiff purports to seek civil penalties payable (at least in part) to the State treasury. Under *Lucent*, relief sought on behalf of a State will not destroy diversity if the benefit does not "inure[] to [the State] alone." 642 F.3d at 737 (quoting *Hickman*, 183 U.S. at 59); *Nw. Pub. Commc'ns Council ex rel. Oregon v. Qwest Corp.*, 877 F. Supp. 2d 1004, 1013 (D. Or. 2012), *aff'd*, 563 F. App'x 547 (9th Cir. 2014) (Oregon was not a real party in interest in a suit brought on its behalf, even though it sought "civil penalties [that] would benefit the State of Oregon alone"). The relief sought by the County State's Attorney would not benefit the State exclusively, but rather would benefit the County and its private attorneys—and the prayer for injunctive and declaratory relief makes clear that the County seeks to benefit its own citizens whose Facebook data allegedly was compromised. *See* Compl. ¶ 93. Indeed, even after extensive briefing on this very issue, Plaintiff never has suggested that any of the relief that the County recovers (much less *all* of the relief) will be remitted to the State of Illinois. And, although it is unclear how the penalties Plaintiff seeks would be apportioned among the County and the State, it is undisputed that 20% of any recovery will go to private attorneys employed by Edelson P.C. *See* Dkt. 172-5 at 15 (granting private attorneys an award of "20%"). As these facts confirm, this case is not brought for the exclusive benefit of the State.

        Plaintiff incorrectly characterizes *Hickman*'s "unique relief requirement" (*Lucent*, 642 F.3d at 737 n.2) as "dicta." Reply at 12. Dkt. 172-6. In fact, the Supreme Court squarely relied on the *Hickman* rule in *Port of Seattle v. Or. & Wash. RR. Co.*, 255 U.S. 56, 71 (1921). *Port of Seattle* involved an action to quiet title in favor of the State of Washington, brought by a port commissioner authorized by state law. 255 U.S. at 58, 61–62. Citing *Hickman*, the Supreme Court held that the State's undisputed financial interest did not destroy diversity, reasoning that that the port itself was a Washington citizen

Gibson, Dunn & Crutcher LLP

6

FACEBOOK, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING PLAINTIFF COOK COUNTY'S MOTION TO REMAND – Case No. 3:18-md-02843-VC

and "had a direct financial interest in the result" because the county was entitled to a portion of the rentals due under state law. *Id*. at 71. *Port of Seattle* confirms that if a party purporting to sue on the State's behalf has its own interest in the outcome, diversity is not destroyed. As the Ninth Circuit made clear in *Lucent*, and as *Port of Seattle* confirms, the district court decisions that have declined to follow *Hickman* are simply wrong. *See Lucent*, 642 F.3d at 737 n.2.

Plaintiff cites *Nevada v. Bank of America Corp.*, 672 F.3d 661 (9th Cir. 2012), for the proposition that *Lucent* did not actually endorse the "all-or-nothing" rule of *Hickman* and *Port of Seattle* that diversity jurisdiction exists unless the relief sought "inures to [the State] alone." *See* Reply at 12-13, Dkt. 172-6. But *Bank of America* involved a *parens patriae* action brought by the State of Nevada *itself* via its alter ego, the Attorney General—and thus, not surprisingly, did not even cite *Hickman* or *Port of Seattle*, much less call them into question. 672 F.3d at 664. Where, unlike here, the State itself has brought the action, not merely passed legislation deputizing others to sue in its name, courts may decline to look beyond the pleadings to find that the State is not the real party in interest in its own lawsuit. *See id.* at 667-72 (citing *LG Display Co. v. Madigan*, 665 F.3d 768, 772 (7th Cir. 2011), and *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 560593, at *1 (N.D. Cal. Feb. 15, 2011), both of which involved actions by state attorneys general). Such cases simply do not implicate "the longstanding principle" that a State may not "defeat federal diversity jurisdiction … over an action between what otherwise would be diverse parties, merely by enacting legislation." *N. Tr. Corp.*, 2013 WL 1561460, at *3 (quoting *Lucent*, 642 F.3d at 739 n.6). The rule is different where, as here, the State is *not* the party bringing suit. *Port of Seattle*, 255 U.S. at 71. In such cases, diversity is destroyed only if, unlike here, the relief "inures to [the State] alone." *Hickman*, 183 U.S. at 59; *Lucent*, 642 F.3d at 737–38. Simply put, a non-state litigant does not become the "State" for diversity purposes merely because that litigant—whether a city, a county, or a private citizen—is authorized by state law to sue in the name of the "People." *See, e.g.*, *N. Tr. Corp.*, 2013 WL 1561460, at *2; *In re: Avandia*, 238 F. Supp. 3d at 730. Because diversity was present here, removal was proper.

### III.   CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Motion to Remand.

Gibson, Dunn & Crutcher LLP

7

FACEBOOK, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING
PLAINTIFF COOK COUNTY'S MOTION TO REMAND – CASE NO. 3:18-MD-02843-VC

DATE:  November 16, 2018  Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:  /s/  Orin Snyder
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*

Gibson, Dunn & Crutcher LLP

8
FACEBOOK, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW REGARDING
PLAINTIFF COOK COUNTY'S MOTION TO REMAND – CASE NO. 3:18-MD-02843-VC