```
                                              PAGES 1 - 11

                   UNITED STATES DISTRICT COURT

                 NORTHERN DISTRICT OF CALIFORNIA

              BEFORE THE HONORABLE VINCE CHHABRIA

IN RE:  FACEBOOK CONSUMER PRIVACY   )
USER PROFILE LITIGATION,            )
                                    )  NO. 18-MD-2843 VC
                                    )
                                    )  SAN FRANCISCO, CALIFORNIA
_____)  NOVEMBER 15, 2018
```

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

**RECORDING   9:07 A.M. - 9:19 A.M.**

**APPEARANCES:**

| | |
|---|---|
| **FOR PLAINTIFFS** | KELLER ROHRBACK, LLP |
| | 1201 THIRD AVENUE |
| | SUITE 3200 |
| | SEATTLE, WA 98101-3052 |
| | BY: **DEREK W. LOESER, ESQUIRE** |
| | **CARI CAMPEN LAUFENBERG, ESQUIRE** |
| | |
| | BLEICHMAR FONTI & AULD LLP |
| | 555 12TH STREET, SUITE 1600 |
| | OAKLAND, CA 94607 |
| | BY: **LESLEY E. WEAVER, ESQUIRE** |

(FURTHER APPEARANCES ON FOLLOWING PAGE)

*TRANSCRIBED BY:  JOAN MARIE COLUMBINI, CSR #5435, RPR*
*                 RETIRED OFFICIAL COURT REPORTER, USDC*

```
 1   APPEARANCES (CONTINUED):

 2   FOR PLAINTIFFS            BLEICHMAR FONTI AULD LLP
                               7 TIMES SQUARE
 3                             27TH FLOOR
                               NEW YORK, NY 10036
 4                       BY:   SARA SIMNOWITZ, ESQUIRE

 5


 6   FOR FACEBOOK              GIBSON, DUNN & CRUTCHER LLP
                               1050 CONNECTICUT AVENUE, N.W.
 7                             WASHINGTON, DC 20036-5306
                         BY:   JOSHUA S. LIPSHUTZ, ESQUIRE
 8                             CHRISTOPHER LEACH, ESQUIRE

 9
     FOR ROBERT MERCER         KELLOGG, HANSEN, TODD, FIGEL &
10                             FREDERICK, P.L.L.C.
                               SUMMER SQUARE
11                             1615 M. STREET, N.W.
                               WASHINGTON, DC 20036-3209
12                       BY:   MARK C. HANSEN, ESQUIRE
                               AARON M. PANNER, ESQUIRE
13                             JACOB E. HARTMAN, ESQUIRE
                               CHRISTOPHER SARMA, ESQUIRE
14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1   THURSDAY, NOVEMBER 15, 2018                           9:07 A.M.
 2   (TRANSCRIBER'S NOTE: DUE AT TIMES TO COUNSELS' FAILURE TO
 3   IDENTIFY THEMSELVES WHEN SPEAKING, CERTAIN SPEAKER
 4   ATTRIBUTIONS ARE BASED ON EDUCATED GUESS.)
 5                              ---O0O---
 6                             PROCEEDINGS
 7           **THE CLERK:**  CALLING CASE NO. 18-MD-2843, IN RE
 8   FACEBOOK, INC., CONSUMER PRIVACY USER PROFILE LITIGATION.
 9           COUNSEL FOR PLAINTIFFS PLEASE STATE YOUR APPEARANCES
10   FOR THE RECORD.
11           **MR. LOESER:**  DEREK LOESER FROM KELLER ROHRBACK FOR
12   THE PLAINTIFFS, AND WITH ME IS MY COLLEAGUE CARI LAUFENBERG.
13           **MS. WEAVER:**  HI.  THIS IS LESLEY WEAVER OF BLEICHMAR
14   FONTI AULD FOR THE PLAINTIFFS.
15           **THE CLERK:**  AND FOR DEFENDANT FACEBOOK?
16           **MR. LIPSHUTZ:**  HI.  THIS IS JOSHUA LIPSHUTZ FOR
17   FACEBOOK, AND WITH ME IS MY COLLEAGUE CHRISTOPHER LEACH.
18           **THE CLERK:**  AND FOR DEFENDANT MERCER?
19           **MR. HANSEN:**  GOOD MORNING, YOUR HONOR.  THIS IS MARK
20   HANSEN FOR MR. MERCER.  WITH ME ARE MY COLLEAGUES AARON PANNER,
21   JAKE HARTMAN AND CHRIS SARMA.
22           **THE COURT:**  OKAY.  GOOD MORNING.
23           SO YOU GOT MY ORDER.  I THOUGHT THAT WHAT YOU
24   PROPOSED IN TERMS OF WHAT YOU REFERRED TO AS THE
25   NON-PRIORITIZED CLAIMS MADE PERFECT SENSE.
```

1    AS TO DEFENDANTS WHO YOU'VE LABELED AS
2  NON-PRIORITIZED DEFENDANTS, I THOUGHT, AS A MATTER OF FAIRNESS,
3  IF A DEFENDANT HAS BEEN NAMED IN THIS LITIGATION AND BELIEVES
4  THEY SHOULD NOT BE A DEFENDANT AND WANTS TO TRY TO GET OUT,
5  THEY SHOULD HAVE THE RIGHT TO TRY TO GO OUT SOONER RATHER THAN,
6  YOU KNOW, IN SEVERAL YEARS OR WHATEVER.
7    SO THAT I THINK DIS- -- THAT -- WE NOW HAVE A PLAN
8  FOR HOW WE'RE GOING TO HANDLE MR. MERCER. AND THEN THE
9  QUESTION REMAINS HOW DO WE HANDLE BANNON AND KOGAN? I
10 BELIEVE -- I BELIEVE I HEARD THAT THE PROOF OF SERVICE WAS
11 FILED FOR KOGAN YESTERDAY; IS THAT RIGHT?
12    **MR. LOESER:** THAT'S CORRECT, YOUR HONOR.
13    **THE COURT:** OKAY. SO WHAT'S -- FIRST OF ALL, LET ME
14 ASK WITH -- AND HAS BANNON BEEN SERVED?
15    **MR. LOESER:** BANNON HAS BEEN SERVED, THOUGH, AS OF
16 THE CASE WITH KOGAN, IT WAS NOT EASY AND IT REQUIRED, YOU KNOW,
17 CAREFUL LOOK AT THE WAYS YOU NEED TO SERVE PEOPLE IN THESE
18 DIFFERENT JURISDICTIONS WHEN THEY'RE NOT MAKING THEMSELVES
19 AVAILABLE FOR IN-PERSON TYPE SERVICE.
20    SO HE HAS NOW BEEN SERVED, ACCORDING TO D.C. SUPERIOR
21 COURT RULES, BY MAIL AND ANOTHER MEANS, APPARENTLY, BY SERVICE
22 ON HIS FATHER. WHETHER HE WILL RESPOND OR APPEAR, WE DON'T
23 KNOW, BUT SERVICE HAS BEEN EFFECTED.
24    **THE COURT:** OKAY. AND SO -- SO WHAT -- SO LET ME
25 ASK, GOING BACK TO MERCER FOR A MOMENT, WHAT'S -- IS THE PLAN

1  STILL THAT WE WOULD CONSIDER MR. MERCER'S MOTION TO DISMISS
2  OR -- I MEAN, I THINK I FLOATED THE POSSIBILITY OF A DISMISSAL
3  WITHOUT PREJUDICE AND ALONG WITH A TOLLING AGREEMENT.  HAVE YOU
4  ALL DISCUSSED THAT?
5        **MR. LOESER:**  WE HAVE RAISED THAT WITH MR. MERCER'S
6  COUNSEL.  WE OFFERED TO DISMISS WITHOUT PREJUDICE WITH A
7  TOLLING AGREEMENT.  THE WITHOUT PREJUDICE PART WAS ACCEPTABLE.
8  THE TOLLING AGREEMENT WAS NOT.  AND SO WE NEED TO DECIDE,
9  FRANKLY, WHETHER WE'RE GOING TO PROCEED TO JUST HAVE THE
10  MOTIONS BRIEFED AND DECIDED OR IF WE'D CONSIDER DISMISSING
11  WITHOUT A TOLLING AGREEMENT.
12        FRANKLY, I THINK IT'S AT THIS POINT PROBABLY MORE
13  LIKELY THAT THE BRIEFING WOULD CONTINUE, THOUGH WE WOULD PREFER
14  THAT IT BE STAGGERED A BIT SO IT'S NOT AT THE EXACT SAME TIME
15  AS THE MAIN FACEBOOK MOTION.
16        **THE COURT:**  WELL, I -- I GUESS LET ME ASK --
17        **MR. HANSEN:**  YOUR HONOR --
18        **THE COURT:**  LET ME ASK MR. HANSEN.  I MEAN, IS
19  THERE -- WHY WOULDN'T -- I MEAN, I'M TRYING TO UNDERSTAND WHY
20  IT WOULD NOT BE IN YOUR CLIENT'S INTEREST TO DISMISS WITHOUT
21  PREJUDICE AND WITH TOLLING AGREEMENT?  I MEAN, IT SEEMS TO ME
22  THAT IF YOUR CLIENT IS INTERESTED IN SAVING MONEY, YOU KNOW,
23  THERE'S PROBABLY A PRETTY STRONG LIKELIHOOD THAT IF YOUR CLIENT
24  IS DISMISSED WITHOUT PREJUDICE AND WITH A TOLLING AGREEMENT
25  NOW, YOUR CLIENT WILL NEVER HAVE TO DEFEND HIMSELF IN THIS

```
 1   CASE.  SO WHY WOULDN'T YOU -- WHY WOULDN'T YOU GO WITH THAT
 2   OPTION?
 3           MR. HANSEN:  THANK YOU, YOUR HONOR.
 4           IT'S CERTAINLY TRUE WE WOULD ACCEPT DISMISSAL, BUT WE
 5   DON'T WANT TO GIVE UP MR. MERCER'S SUBSTANTIVE RIGHTS HERE.  WE
 6   THINK SOME OF THE CLAIMS HAVE ALREADY EXPIRED, AND FACEBOOK HAS
 7   BRIEFED THAT IN ITS MOTION.  AND FRANKLY WE THINK --
 8           THE COURT:  BUT WHICH SUBSTANTIVE -- WHICH
 9   SUBSTANTIVE RIGHTS WOULD YOU BE GIVING UP IF YOU AGREED TO A
10   DISMISSAL OF THE CASE WITHOUT PREJUDICE AND WITH A TOLLING
11   AGREEMENT?
12           MR. HANSEN:  WELL, YOUR HONOR, THE RIGHT TO BASICALLY
13   BE -- UNDER THE CALIFORNIA LAWS TO HAVE THE STATUTES RUN AS
14   PROVIDED BY LAW.  WE THINK THAT EVERY LITIGANT IN EVERY ONE OF
15   THESE CASES -- YOU EITHER SUE SOMEBODY, OR YOU'RE AT RISK OF
16   HAVING YOUR CLAIM EXPIRE UNDER THE (INDISCERNIBLE) STATUTE OF
17   LIMITATIONS.  WHEN YOU TOLL --
18           THE COURT:  I UNDERSTAND, BUT I'M ASKING A DIFFERENT
19   QUESTION, WHICH IS -- LET ME ASK YOU THIS, IS YOUR CLIENT ON
20   THE PHONE RIGHT NOW?
21           MR. HANSEN:  CLIENT IS NOT, YOUR HONOR.
22           THE COURT:  OKAY.  BECAUSE MY QUESTION TO YOUR CLIENT
23   WOULD BE:  IF YOU HAVE AN OPTION OF A DISMISSAL WITHOUT
24   PREJUDICE AND A TOLLING AGREEMENT, WHY WOULD YOU NOT TAKE THAT?
25   BECAUSE IT MEANS THAT YOU WILL NOT LIKELY NOT HAVE TO PAY YOUR
```

1  LAWYER ANY MORE MONEY EVER, BUT IF YOU REFUSE THAT, IT MEANS
2  THAT YOU WILL LIKELY HAVE TO PAY YOUR LAWYER A LOT MORE MONEY
3  TO LITIGATE A MOTION TO DISMISS.
4  　　　　　SO IT KIND OF SOUNDS LIKE IT'S CONTRARY TO THE
5  INTERESTS OF YOUR CLIENT.  PERHAPS IT'S IN THE INTEREST OF YOUR
6  CLIENT'S LAWYER.  BUT IT SOUNDS LIKE IT'S POTENTIALLY CONTRARY
7  TO THE INTERESTS OF YOUR CLIENT TO REFUSE TO REFUSE TO ACCEPT A
8  DISMISSAL WITHOUT PREJUDICE ALONG WITH A TOLLING AGREEMENT.
9  　　　　　I MEAN, OBVIOUSLY, IT'S UP TO YOUR CLIENT, BUT I'M
10 JUST TRYING TO GET AN UNDERSTANDING.  I MEAN, YOUR RESPONSE TO
11 ME IS, WELL, WE WANT TO PRESERVE -- I WANT TO PRESERVE MY
12 CLIENT'S SUBSTANTIVE RIGHTS.  I DON'T KNOW WHAT THAT MEANS.
13 THE QUESTION I'M ASKING YOU IS:  WHY IS IT IN YOUR CLIENT'S
14 INTEREST TO SPEND MONEY ON LITIGATION RIGHT NOW WHERE A
15 DISMISSAL WITHOUT PREJUDICE AND WITH A TOLLING AGREEMENT WOULD
16 VERY LIKELY RESULT IN YOUR CLIENT NEVER HAVING TO SPEND MONEY
17 ON THE LITIGATION, BECAUSE YOUR CLIENT VERY LIKELY WILL NEVER
18 BE BROUGHT BACK INTO THE CASE?
19 　　　　　**MR. HANSEN:**  IF I COULD ANSWER, YOUR HONOR?
20 　　　　　**THE COURT:**  GO AHEAD.
21 　　　　　**MR. HANSEN:**  FIRST OF ALL, I DON'T WANT TO ENGAGE IN
22 GUESSWORK AS TO WHETHER THEY WILL OR WON'T TRY TO BRING US BACK
23 INTO THE CASE.  WE HAVE NO GUARANTEE OF THAT.  AND IF WE SIGN A
24 TOLLING AGREEMENT, TWO YEARS HENCE WE COULD BE FINDING
25 OURSELVES IN THE SAME POSTURE AND WE WILL HAVE GIVEN UP OUR

```
 1   RIGHT TO SAY THE STATUTE HAS EXPIRED.
 2             YOU'RE RIGHT, YOUR HONOR.  AS WE SIT HERE TODAY, WE
 3   ARE PREPARED AND WE'RE READY WILLING AND ABLE TO ARGUE OUR
 4   TEN-PAGE MOTION TO DISMISS, WHICH IS PROBABLY ONE OF THE
 5   SHORTER, MORE CONCISE MOTIONS TO DISMISS I'VE EVER FILED IN MY
 6   CAREER.
 7             I DON'T WANT TO BE OVERCONFIDENT, BUT WE FEEL VERY
 8   STRONGLY THAT MR. MERCER IS GOING TO BE DISMISSED IN THIS CASE
 9   AND THAT IT'S IN HIS INTERESTS TO BE DISMISSED IN THE CASE,
10   RATHER THAN GIVE UP HIS RIGHT UNDER THE STATUTE.
11             AND, FINALLY, YOUR HONOR, I WILL TELL YOU THAT
12   MR. MERCER, APPRISED OF ALL THESE CONCERNS AND CONSIDERATIONS
13   AND HAVING READ YOUR ORDER, HAS SO INSTRUCTED US.  SO IT'S NOT
14   A MATTER OF THE LAWYERS MAKING THE DECISION HERE.  MR. MERCER
15   HERE HAS MADE THE DECISION.  HE WOULD PREFER TO PUT PLAINTIFFS
16   TO THE ACTUAL CHOICE THEY SHOULD FACE UNDER THE FEDERAL RULES,
17   WHICH IS SUE HIM AND PURSUE YOUR CLAIM OR DROP HIM, AND HE
18   SHOULDN'T HAVE TO AGREE TO SOME KIND OF WEIRD INTERMEDIATE
19   STATUS NOT PROVIDED IN THE FEDERAL RULES AS THE PRICE FOR
20   HAVING HIS RIGHTS VINDICATED.  I THINK THAT'S THE WAY
21   MR. MERCER SEES IT.
22             AND SO IT'S TRUE, SOMEONE WILL HAVE TO GET ON AN
23   AIRPLANE AND GO ARGUE THIS MOTION.  IT'S ALREADY BRIEFED FROM
24   US, WITH THE EXCEPTION OF A VERY SHORT REPLY, AND THAT WILL
25   COST (INDISCERNIBLE) MONEY.
```

1            I SHOULD SAY PARENTHETICALLY, YOUR HONOR, I WANTED TO
2  START OFF BY THANKING YOU FOR HOLDING THIS HEARING BY
3  TELEPHONE, BECAUSE THAT DID, INDEED, SAVE MR. MERCER
4  SUBSTANTIAL EXPENSE AND SAVED US FROM HAVING TO MAKE THE TRIP.
5  SO I WANTED TO MAKE SURE I THANK THE COURT FOR THAT
6  ACCOMMODATION.
7            BUT I DO THINK, YOU KNOW, RATIONALLY, IN THE POSITION
8  OF MR. MERCER IT MAKES SENSE TO CALL THE QUESTION NOW, RATHER
9  THAN GIVE US HIS RIGHTS UNDER THE STATUTE OF LIMITATIONS, WHICH
10 ARE QUITE SHORT IN THIS CASE.  SOME OF THEM ARE YEAR LONG
11 STATUTES, AND AS FACEBOOK HAS QUITE PERSUASIVELY ARGUED, MANY
12 OF THEM HAVE BLOWN BEFORE THE PLAINTIFFS HAVE EVER FILED THEIR
13 CASE.
14           I DON'T WANT TO BE IN A POSITION FOR REVIVING CLAIMS.
15 I DON'T WANT TO BE IN A POSITION OF ALLOWING THE PLAINTIFFS A
16 FREE SHOT TWO YEARS HENCE OR THREE YEARS HENCE.  WE THINK WE
17 HAVE A VERY MERITORIOUS SIMPLE MOTION TO DISMISS.  IT'S BEEN
18 BRIEFED.
19           AND IT'S TRUE, A CERTAIN AMOUNT OF ADDITIONAL EXPENSE
20 WILL BE INCURRED IN GETTING DONE, BUT THAT'S THE ACTUAL
21 DECISION MR. MERCER HAS MADE.  IN SO DOING I THINK HE'S RELYING
22 ON RIGHTS THAT ARE EXPRESSLY PROVIDED TO HIM IN THE FEDERAL
23 RULES.
24           AS WE BRIEFED IN THE MOTION TO STAY ARGUMENT, THERE'S
25 SIMPLY NO SUPPORT WHATSOEVER FOR TAKING SOMEONE WHO'S A

1  DEFENDANT IN A FEDERAL LAWSUIT AND PUTTING HIM IN SOME KIND OF
2  LIMBO STATUS BECAUSE PLAINTIFFS' COUNSEL CAN'T AGREE WHETHER TO
3  PURSUE CLAIMS OR NOT.  WE DON'T WANT TO GIVE THEM THE FREE
4  OPTION OF JUST PUTTING MR. MERCERS IN THE ICEBOX AND BRINGING
5  HIM OUT WHENEVER THEY WANT TO DO THAT TWO YEARS HENCE.
6          SO SORRY FOR THE LONG ANSWER, YOUR HONOR.
7          **THE COURT:** A DISMISSAL WITHOUT PREJUDICE IS HARDLY
8  PUTTING HIM IN THE ICEBOX.  BUT, IN ANY EVENT, YOUR POSITION
9  HAS BEEN MADE CLEAR.
10         SO THEN WHAT ARE WE -- MR. LOESER, WITH RESPECT TO
11 BANNON AND KOGAN, I MEAN, IS THE ANSWER THAT WE JUST NEED TO
12 WAIT AND SEE IF THEY ANSWER OR OTHERWISE RESPOND TO THE
13 CONSOLIDATED COMPLAINT?  AND THEN IF THEY DON'T, PRESUMABLY,
14 DEFAULT WILL BE ENTERED, AND THEN WE CAN DEAL WITH A MOTION FOR
15 DEFAULT JUDGMENT AT SOME LATER TIME?  AND IF THEY DO ANSWER OR
16 OTHERWISE RESPOND TO THE COMPLAINT, THEN YOU NEED TO MAKE THE
17 SAME DECISION WITH RESPECT TO THOSE DEFENDANTS AND HAVE THE
18 SAME CONVERSATIONS WITH THOSE DEFENDANTS AS YOU'VE HAD WITH
19 MR. MERCER'S COUNSEL.  DOES THAT SOUND RIGHT?
20         **MR. LOESER:** THAT DOES SOUND RIGHT, YOUR HONOR.
21 THAT'S EXACTLY WHAT WE INTEND TO DO.
22         **THE COURT:** OKAY.  SO IS THERE ANYTHING FURTHER FOR
23 US TO DISCUSS AT THE MOMENT?
24         **MR. LOESER:** NO, THERE'S NOTHING, I WOULD SAY RIPE
25 FOR CONSIDERATION.  I WILL TELL YOU THAT COMING DOWN THE PIKE,

1  YOU HAD ENTERED AN ORDER ON CERTAIN DISCOVERY FROM FACEBOOK,
2  AND WE CONTINUE TO MEET AND CONFER WITH FACEBOOK ON THEIR
3  RESPONSES.  I'M HOPING THAT WE CAN RESOLVE THE DISPUTES WE HAVE
4  ABOUT THE EXTENT TO WHICH THEY'VE COMPLIED WITH YOUR ORDER,
5  AND, HOPEFULLY, THAT JUST RESOLVES ITSELF THROUGH THE
6  NEGOTIATIONS THAT ARE CONTINUING, BUT, IF NOT, IT'S SOMETHING
7  WE MAY NEED TO RAISE IN THE NEAR FUTURE.
8         **THE COURT:**  I'M HERE AND HAPPY TO HELP YOU RESOLVE
9  ANY DISPUTE.  THE ONLY THING I WILL SAY IS THAT I WOULD
10 STRONGLY PREFER THAT YOU NOT -- THAT HIS -- YOU KNOW, ANY
11 DISAGREEMENT THAT YOU HAVE ABOUT DISCOVERY NOT BE A REASON TO
12 CONTINUE THE HEARING ON THE MOTION TO DISMISS.  SO IF -- YOU
13 KNOW, YOU SHOULD TEE UP THE DISPUTE WITH ME LONG BEFORE THERE'S
14 A RISK OF THE DISPUTE INTERFERING WITH THE SCHEDULE THAT WE'VE
15 SET.
16        **MR. HANSEN:**  UNDERSTOOD, YOUR HONOR.
17        **MR. LOESER:**  UNDERSTOOD.
18        **THE COURT:**  OKAY.  VERY GOOD.  THANK YOU FOR CALLING.
19 TALK TO YOU SOON.
20        (PROCEEDINGS ADJOURNED AT 9:19 A.M.)

**CERTIFICATE OF TRANSCRIBER**

I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE ABOVE MATTER.

I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

*/s/ jmcolumbini*

JOAN MARIE COLUMBINI

TUESDAY, NOVEMBER 20, 2018