Orin Snyder (*pro hac vice*)
 osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Joshua S. Lipshutz (SBN 242557)
 jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
 klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
 blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc. and Mark Zuckerberg*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |

Defendant Facebook, Inc. ("Defendant" or "Facebook"), by and through its attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, the Court orders in this action, and the parties' agreements and conferences among counsel, provides the following responses and objections to Plaintiffs' First Set of Requests for Production (the "Requests").

## PRELIMINARY STATEMENT

1. Facebook's responses to the Requests are made to the best of Facebook's current knowledge, information, and belief. Facebook reserves the right to supplement or amend any responses should future investigation indicate that such supplementation or amendment is necessary.

2. Facebook's responses to the Requests are made solely for the purpose of and in relation to this action. Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility). All objections are reserved and may be interposed at any time.

3. Facebook's responses are premised on its understanding that Plaintiffs seek only that information that is within Facebook's possession, custody, and control.

4. Facebook incorporates by reference each and every general objection set forth below into each and every specific response. From time to time, a specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

5. Nothing contained in these Responses and Objections or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Request.

## **GENERAL OBJECTIONS**

1.	Facebook objects to each Request, including the Definitions and Instructions, to the extent that it purports to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Civil Rules of the U.S. District Court for the Northern District of California, and any agreements between the parties.

2.	Facebook objects to each Request to the extent that it seeks information unrelated and irrelevant to the claims or defenses in this litigation.

3.	Facebook objects to each Request to the extent that it seeks information beyond the limited discovery permitted under Pretrial Order No. 11, entered on August 27, 2018, as Dkt. 130 in this Action ("PTO-11").

4.	Facebook objects to each Request as overly broad and unduly burdensome, particularly in view of Facebook's disproportionate cost necessary to investigate as weighed against Plaintiffs' need for the information. For example, many of the Requests seek "all documents" regarding particular subject matters and Plaintiffs have demanded expedited production of documents by September 7, 2018. As a result, the Requests are not proportional to the needs of the case.

5.	Facebook objects to each Request to the extent that it purports to request the identification and disclosure of information or documents that were prepared in anticipation of litigation, constitute attorney work product, reveal privileged attorney-client communications, or are otherwise protected from disclosure under any applicable privileges, laws, or rules. Facebook hereby asserts all such applicable privileges and protections, and excludes privileged and protected information from its responses to each Request. *See generally* Fed. R. Evid. 502; Cal. Code Evid. § 954. Inadvertent production of any information or documents that are privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or documents or the subject matter thereof, or the right of Facebook to object to the use of any such information or documents or the subject matter thereof during these or any other proceedings. In

the event of inadvertent disclosure of any information or inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery, Plaintiffs will return the information and documents to Facebook and will be precluded from disclosing or relying upon such information or documents in any way.

6.     Facebook objects to each and every Request to the extent that the information sought is more appropriately pursued through another means of discovery, such as responses to interrogatories.

7.     Facebook objects to each and every Request, Definition, and Instruction to the extent that it seeks information outside of Facebook's possession, custody, and control.

8.     Facebook objects to each Request to the extent that it requests information protected by the right of privacy of Facebook and/or third parties, or information that is confidential, proprietary, or competitively sensitive.

9.     Facebook objects to each Request to the extent that it seeks documents or information already in Plaintiffs' possession or available in the public domain.  Such information is equally available to Plaintiffs.

10.    Facebook objects to each Request to the extent that it calls for the production of "each," "every," "any," or "all" documents in cases where such a demand is overly broad and/or causes undue burden and expense.

11.    Facebook objects to Requests Nos. 1, 2, and 5 to the extent Plaintiffs demand production of all responsive documents by September 7, 2018.  Facebook has made reasonable efforts to produce responsive documents by Plaintiffs' requested deadline, but reserves the right to supplement its production at a later date.

**OBJECTIONS TO DEFINITIONS**

1.     Facebook generally objects to Plaintiffs' definitions of "Communication," "Computer System," "Document(s)," "Electronic Media," "ESI," "Electronically Stored Information," and "Identify" to the extent that Plaintiffs purport to use these defined terms to request the identification and disclosure of documents or information that: (a) were prepared in

anticipation of litigation; (b) constitute attorney work product; (c) reveal privileged attorney-client communications; or (d) are otherwise protected from disclosure under any applicable privileges, laws, and/or rules. Facebook further objects to the extent that these definitions purport to impose obligations that go beyond the requirements of the Federal and Local Rules.

2. Facebook objects to Plaintiffs' definitions of "Person" as vague, ambiguous, overly broad, and unduly burdensome to the extent that Plaintiffs intend to use the terms to include "any natural person or any business, legal or governmental entity or association" over which Facebook exercises no control.

3. Facebook objects to Plaintiffs' definitions of "Identify," "Referring," and "Concerning," on the ground that the definitions make the Requests overly broad and unduly burdensome and impose obligations that go beyond the requirements of the Federal and Local Rules. Facebook shall construe these terms as commonly and ordinarily understood.

4. Facebook objects to Plaintiffs' definition and use of the terms "You," "Your," or "Facebook" as vague, ambiguous, overly broad, and unduly burdensome to the extent the terms are meant to include "directors, officers, employees, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors or bankers), and any other Person purporting to act on [Facebook, Inc.'s] behalf. . . . parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf" over which Facebook exercises no control, and to the extent that Plaintiffs purport to use these terms to impose obligations that go beyond the requirements of the Federal and Local Rules.

## OBJECTIONS TO INSTRUCTIONS

1. Facebook objects to Plaintiffs' Instructions to the extent that they impose obligations that go beyond the requirements of the Federal and Local Rules, or PTO-11.

2. Facebook objects to Plaintiffs' Instruction No. 1 as overly broad and unduly burdensome and disproportionate to the needs of the litigation in that the events alleged in Plaintiffs' Complaints occurred many years after November 1, 2009. Facebook will comply with

PTO-11 to the extent that it requires production of documents responsive to Request for Production No. 5 dating back to November 1, 2009, but Facebook reserves the right to object to all other present or future requests for production that purport to require production of documents dating back to November 1, 2009.

3. Facebook objects to Plaintiffs' Instruction No. 2 as ambiguous as to the meaning of "available."  Facebook further objects to the Instruction to the extent it exceeds the requirements of the Federal Local Rules.

4. Facebook objects to Plaintiffs' Instruction No. 5 to the extent it exceeds the requirements of the Federal and Local Rules.

5. Facebook objects to Plaintiffs' Instruction No. 11 as ambiguous and unduly burdensome.  Facebook further objects to the Instruction to the extent it exceeds the requirements of the Federal and Local Rules.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to the relationship between Facebook and either Aleksandr Kogan or his app, thisisyourdigitallife.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response.  Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C)    Facebook objects to this Request on the ground that it exceeds the scope of discovery permitted by PTO-11 in that the Request seeks "all" documents. PTO-11 permitted discovery of "documents and information relating to the relationship between Facebook and either Aleksandr Kogan or his app, thisisyourdigitallife," on an expedited basis and outside the ordinary course of discovery. PTO-11 did not order Facebook to produce all such documents by September 7, 2018.

(D)    Facebook objects to this Request on the ground that the request for "all" documents is overly broad and unduly burdensome and disproportionate to the needs of the case, particularly in light of Plaintiffs' request that Facebook produce such documents by September 7, 2018. To minimize the burden on Facebook to meet Plaintiffs' production deadline, Facebook has conducted a reasonable search of documents.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Facebook will provide responsive, non-privileged documents within Facebook's possession, custody or control that, when read together with Facebook's Response to Plaintiffs' Interrogatory No. 1, will be sufficient to demonstrate the nature of the relationship between Facebook, on the one hand, and Aleksandr Kogan or his app, thisisyourdigitallife, on the other hand.

**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to the type and amount of user data that Aleksandr Kogan or his app, thisisyourdigitallife obtained (with or without Facebook's permission) as a result of the relationship between Facebook and either Aleksandr Kogan or his app, thisisyourdigitallife.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A)    Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any

other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B)     Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C)     Facebook objects to this Request because it seeks documents regarding user data actually "*obtained*" by Aleksandr Kogan or his app, thisisyourdigitallife.  (Emphasis added).  This request exceeds the scope of discovery permitted by PTO-11, which requires Facebook to produce "documents and information relating to the type and amount of user data Kogan or thisisyourdigitallife *would have been able to obtain* (with or without Facebook's permission) as a result of this relationship."  (Eemphasis added).   Facebook will construe this Request to seek only information concerning the type and amount of Facebook user data that Kogan or his app, thisisyourdigitallife would have been able to obtain.

(D)     Facebook objects to this Request on the ground that it exceeds the scope of discovery permitted by PTO-11 in that the Request seeks "all" documents.  PTO-11 permitted discovery of "documents and information relating to the type and amount of user data Kogan or thisisyourdigitallife would have been able to obtain (with or without Facebook's permission) as a result of [their] relationship" with Facebook, on an expedited basis and outside the ordinary course of discovery.  PTO-11 did not order Facebook to produce all such documents by September 7, 2018.

(E)     Facebook objects to this Request on the ground that the request for "all" documents is overly broad and unduly burdensome and disproportionate to the needs of the case, particularly in light of Plaintiffs' request that Facebook produce such documents by September 7, 2018.  To minimize the burden on Facebook to meet Plaintiffs' production deadline, Facebook has conducted a reasonable search of documents.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Facebook will provide responsive, non-privileged documents within Facebook's possession, custody or control that, when read together with Facebook's

Response to Plaintiffs' Interrogatory No. 2, will be sufficient to show the type or amount of Facebook user data that Aleksandr Kogan or his app, thisisyourdigitallife would have been able to obtain as a result of the relationship between Facebook and either Aleksandr Kogan or his app, thisisyourdigitallife.

**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to any restrictions Facebook imposed on Aleksandr Kogan or his app, thisisyourdigitallife regarding the use or dissemination of user data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response.  Facebook further objects to this Request on the following additional grounds:

(A)     Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B)     Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C)     Facebook objects to this Request on the ground that it exceeds the scope of discovery permitted by PTO-11 in that the Request seeks "all" documents.  PTO-11 permitted discovery of "documents and information relating to any restrictions Facebook imposed on Kogan or thisisyourdigitallife regarding the use or dissemination of data," on an expedited basis and outside the ordinary course of discovery.  PTO-11 did not order Facebook to produce all such documents on an expedited basis.

(D)     Facebook objects to this Request on the ground that the request for "all" documents is overly broad and unduly burdensome and disproportionate to the needs of the case.  To minimize the burden on Facebook to meet Plaintiffs' production deadline, Facebook has conducted a reasonable search of documents.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Facebook will provide responsive, non-privileged documents within Facebook's possession, custody or control that, when read together with Facebook's Response to Plaintiffs' Interrogatory Nos. 1 and 4, will be sufficient to identify and explain any restrictions Facebook imposed on Aleksandr Kogan or his app, thisisyourdigitallife regarding the use or dissemination of user data.

**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to any efforts Facebook made to enforce restrictions Facebook [sic] against Aleksandr Kogan or his app, thisisyourdigitallife regarding the use or dissemination of user data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A)   Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection. Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B)   Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C)   Facebook objects to this Request on the ground that it exceeds the scope of discovery permitted by PTO-11 in that the Request seeks "all" documents. PTO-11 permitted discovery of "documents and information relating to any efforts Facebook made to enforce such restrictions against Kogan or thisisyourdigitallife," on an expedited basis and outside the ordinary course of discovery. PTO-11 did not order Facebook to produce all such documents on an expedited basis.

(D)     Facebook objects to this Request on the ground that the request for "all" documents is overly broad and unduly burdensome and disproportionate to the needs of the case. To minimize the burden on Facebook to meet Plaintiffs' production deadline, Facebook has conducted a reasonable search of documents.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Facebook will provide responsive, non-privileged documents within Facebook's possession, custody or control that, when read together with Facebook's Response to Plaintiffs' Interrogatory Nos. 1 and 5, will be sufficient to identify and explain Facebook's enforcement of restrictions on Aleksandr Kogan or his app, thisisyourdigitallife regarding the use or dissemination of user data.

**REQUEST FOR PRODUCTION NO. 5:**

Any communications, agreements, or policies (including each updated or amended version thereof) that Facebook distributed or made available to its users about privacy or user data since November 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response.  Facebook further objects to this Request on the following additional grounds:

(A)     Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B)     Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C)     Facebook objects to this Request on the ground that it is overly broad and unduly burdensome and disproportionate to the needs of the case, particularly in light of Plaintiffs' request that Facebook produce such documents by September 7, 2018.  To minimize the burden

on Facebook to meet Plaintiffs' production deadline, Facebook has conducted a reasonable search of documents.

(D)     Facebook objects to the time period of this request on the grounds that it is overbroad, unduly burdensome, disproportionate to the needs of the case, and not relevant to any claims or defenses.  Facebook reserves its right to object to the time period of this request or similar requests in the future.

Subject to and without waiving the foregoing objections, and subject to the ongoing nature of discovery in this action, Facebook will provide responsive, non-privileged documents within Facebook's possession, custody or control that constitute communications, agreements, and policies that Facebook distributed or made available to its users about privacy or user data since November 2009.

DATE:  September 7, 2018                Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:  /s/  Joshua S. Lipshutz
Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*

## PROOF OF SERVICE

I, Christopher Leach, hereby certify that on September 7, 2018 I served the foregoing document by email to counsel of record listed below:

Lesley E. Weaver
Bleichmar Fonti & Auld LLP
555 12th Street, Suite 1600
Oakland, CA 94607
lweaver@bfalaw.com

Derek W. Loeser
Keller Rohrback LLP
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
dloeser@KellerRohrback.com

|  |  |
|---|---|
| Dated: September 7, 2018 | By: /s/ *Christopher Leach*<br>Christopher Leach<br><br>*Attorney for Facebook, Inc.* |