Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' OPPOSITION TO ROBERT MERCER'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**<br><br>Judge:  Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor<br>Hearing Date: January 23, 2019<br>Hearing Time: 10:00 a.m. |

# TABLE OF CONTENTS

I.  INTRODUCTION ............................................................................................................1

II.  ARGUMENT .................................................................................................................1

   A.  Plaintiffs Plausibly Allege Claims for Relief Against Mercer.................................1

   B.  The Court Has Jurisdiction over Mercer.................................................................2

   C.  The Court Should Grant Leave to Amend the Complaint to Add Additional Facts
       Which Demonstrate Defendant Mercer's Culpability for the Damage Plaintiffs
       Have and Will Suffer. ............................................................................................3

III.  CONCLUSION..............................................................................................................4

# TABLE OF AUTHORITIES

**<u>Cases</u>**

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544, 547 (2007) .......................................................................................... 1

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*
  284 F.3d 1114, 1123 (9th Cir. 2002) ......................................................................... 3

*In re Dynamic Random Access Memory (Dram)*
  2005 WL 2988715, at *2 (N.D. Cal. Nov. 7, 2005) .................................................... 3

## I.    INTRODUCTION

Plaintiffs' Corrected Consolidated Complaint ("Complaint") identifies Defendant Robert Mercer as a non-prioritized defendant, based on complaints consolidated into this multidistrict litigation. ECF No. 152-2 at ¶ 93.[1] Plaintiffs initially sought to stay claims against Mr. Mercer, but he insisted upon litigating them now. (Plaintiffs' Motion for Entry of Pretrial Order Addressing Claim Prioritization, ECF No. 156.) Because Mercer has also refused to enter into a tolling agreement with Plaintiffs and has instead insisted that Plaintiffs dismiss their claims against Mercer with prejudice, Plaintiffs oppose Defendant Mercer's Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities (ECF No. 183) ("Mercer's Motion").

Plaintiffs incorporate by reference the arguments set forth in Plaintiffs' Opposition to Facebook, Inc.'s Motion to Dismiss Plaintiffs' Consolidated Complaint. To the extent that those arguments apply here, the Court should deny Mercer's Motion to Dismiss in full. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). If the Court nonetheless dismisses the pending claims against Mercer, Plaintiffs seek leave to amend, as of right, against Defendant Mercer.

## II.    ARGUMENT

### A.    Plaintiffs Plausibly Allege Claims for Relief Against Mercer.

Plaintiffs' Complaint states seven claims against Defendant Robert Mercer (not 50, as his motion claims). Mercer's Motion at 2. Rather than naming Mr. Mercer indiscriminately as he asserts, Plaintiff sought to craft claims that go directly to the harm caused by Mercer's funding of and involvement with Cambridge Analytica, LLC ("Cambridge Analytica" or the "Company"): Prioritized Claim IV: Invasion of Privacy by Intrusion into Private Affairs (¶¶ 513-520); Prioritized Claim V: Invasion of Privacy by Public Disclosure of Private Facts; Prioritized Claim VIII: Violations of the California Unfair Competition Law; Prioritized Claim IX: Violation of Article I, Section 1 of the California Constitution; Prioritized Claim X: Violation of the California Common Law Right of Publicity; Non-Prioritized Claim XXVII: Conversion; and Non-Prioritized Claim XLVI: Violation of the California Right of Publicity Statute. *See* ¶¶ 513-

---

[1] Citations to "¶" refer to the Corrected Consolidated Complaint, ECF No. 152-2.

520; 563-579; 580-587; 588-595; and 814-817. Each of these claims alleges wrongful conduct by Cambridge Analytica, in which the Complaint alleges Mercer participated. ¶ 93.

As described in the Complaint, Cambridge Analytica Holdings LLC is a privately held limited liability company funded by Mercer.[2] ¶ 98. Cambridge Analytica Holdings LLC created and initially ran Cambridge Analytica. *Id.* Once Cambridge Analytica was up and running, the Complaint asserts that Mercer met with the Company's CEO, Alexander Nix, and then-director of research, Christopher Wylie, to discuss Cambridge Analytica's plan to harvest Facebook users' data in order to create sophisticated psychological and political profiles. *Id.* ¶ 93. Mercer, a computer scientist himself who pioneered AI and machine translation, is said to have been keenly interested in understanding the science underlying Cambridge Analytica's methods, which relied heavily on the ill-gotten Facebook user content and information.[3]

Plaintiffs do not allege that Mercer's mere investment in Cambridge Analytica Holdings LLC makes him liable. In fact, contrary to Mercer's assertion that he did not know or have "any reason to believe that Cambridge Analytica planned to collect data from Facebook users," Mercer's Motion at 5, the Complaint alleges that Mercer not only knew about, but also participated in, Cambridge Analytica's plans to harvest and use Facebook users' data. *Id.* From this allegation, the Court can easily infer that Mercer is culpable under the seven statutes and common law provisions alleged in the Complaint.

## B.     The Court Has Jurisdiction over Mercer.

Mercer's argument that the Court lacks jurisdiction over him is meritless. The Court must evaluate the nature of Mercer's contacts in the relevant forum states with regard to the long-arm statutes of New Jersey and Texas. Because both states have long-arm statutes that authorize the

---

[2] Cambridge Analytica Holdings and related entities are not named in the Complaint pursuant to Title 11, § 362 of the United States Bankruptcy Code, in addition to this Court's order staying such claims. *See* Pretrial Order No. 5: Scheduling at 1, ECF No. 103 ("The case is stayed as to the Cambridge Analytica defendants pending the outcome of the parties' request of the bankruptcy court for relief from the automatic stay.").

[3] Carole Cadwalladr, *The Cambridge Analytica Files 'I Made Steve Bannon's Psychological Warfare Tool: Meet the Data War Whistleblower*, Guardian (Mar. 18, 2018).

exercise of personal jurisdiction to the fullest extent authorized by due process, Mercer's Motion at 6, the Court must assess personal jurisdiction with regards to federal due process law. "[S]ince federal law accordingly controls, this court [must] look to its own circuit as the source for federal law." *In re Dynamic Random Access Memory (Dram)*, 2005 WL 2988715, at *2 (N.D. Cal. Nov. 7, 2005).

There is specific jurisdiction over Mercer. The Ninth Circuit applies a three-part test to determine whether a defendant's activities are sufficiently related to the forum state to establish specific jurisdiction: (1) whether the defendant purposefully availed itself of the privileges of conducting activities within the forum state; (2) whether the underlying claims arise out of or result from the defendant's forum-related conduct; and (3) whether the exercise of personal jurisdiction would be reasonable. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). By both funding and participating in Cambridge Analytica's scheme to harvest data from Facebook users and target those users with offensive advertising designed to play on their psychological vulnerabilities across the United States— including in New Jersey and Texas—Mercer fulfills all three prongs.

**C.    The Court Should Grant Leave to Amend the Complaint to Add Additional Facts Which Demonstrate Defendant Mercer's Culpability for the Damage Plaintiffs Have and Will Suffer.**

Since the filing of Plaintiffs' Complaint, additional facts have come to light regarding Mercer's involvement with Cambridge Analytica.[4] Moreover, documents may be produced to Plaintiffs in Cambridge Analytica's bankruptcy proceeding that bear on defendant Mercer's involvement in Plaintiffs' allegations. To the extent additional information comes to light, Plaintiffs seek leave to replead.

---

[4] *See, e.g.*, Jane Mayer, *New Evidence Emerges of Steve Bannon and Cambridge Analytica's Role in Brexit*, The New Yorker (Nov. 17, 2018).

## III.    CONCLUSION

For the reasons stated above, the Court should deny Mercer's Motion.

Dated: November 30, 2018

Respectfully submitted,

KELLER ROHRBACK L.L.P.

BLEICHMAR FONTI & AULD LLP

By:    */s/ Derek W. Loeser*
      Derek W. Loeser

By:    */s/ Lesley E. Weaver*
      Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)
Lynn Lincoln Sarko (admitted *pro hac vice*)
Gretchen Freeman Cappio (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
Matthew S. Weiler (SBN 236052)
Anne K. Davis (SBN 267909)
Emily C. Aldridge (SBN 299236)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
mweiler@bfalaw.com
adavis@bfalaw.com
ealdridge@bfalaw.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of November, 2018, in Oakland, California.

_/s/ Lesley E. Weaver_
Lesley E. Weaver

**CERTIFICATE OF SERVICE**

I, Lesley E. Weaver, hereby certify that on November 30, 2018, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

/s/ *Lesley E. Weaver*
Lesley E. Weaver