# Exhibit A

Orin Snyder (*pro hac vice forthcoming*)
 osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Joshua S. Lipshutz (SBN 242557)
 jlipshutz@gibsondunn.com
Kristin A. Linsley (SBN 154148)
 klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
 blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

**FILED**
SAN MATEO COUNTY
DEC 06 2018
Clerk of the Superior Court
By _____
DEPUTY CLERK

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| LEAH BALLEJOS, AUDREY ELLIS, and TAMEIKA MARTIN,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation, and DOES 1 through 100,<br><br>Defendants. | CASE NO. 18-CIV-03607<br><br>**FACEBOOK'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO STAY PROCEEDINGS**<br><br>Department: 10<br>Honorable Judge: Gerald J. Buchwald<br><br>Complaint Filed: July 11, 2018<br><br>Hearing Date: December 10, 2018<br>Hearing Time: 10:00 a.m.<br><br>Trial Date: None set |



18 – CIV – 03607
SUP
Supplemental
1531475

**CONTENTS**

I. INTRODUCTION ........................................................................................................................ 3

II. ARGUMENT ............................................................................................................................. 4

    A.    Binding Appellate Precedent Sharply Constrains This Court's Discretion Given That the Plaintiffs' Geographical Convenience is Not a Factor ......................... 5

    B.    The Presence of State Law Issues Is Not a Factor That Can Support Denying a Stay or That Would Allow the Federal MDL Court to Abstain ..................................... 7

    C.    The Solutions Offered by the Court at the November 16 Hearing Cannot Fix the Comity Problem Presented by This Later-Filed Action .......................................... 11

III. CONCLUSION ....................................................................................................................... 12

## I. INTRODUCTION

In its original briefing and at the November 16, 2018 hearing, Defendant Facebook Inc. demonstrated that this case must be stayed pending a first-filed federal MDL taking place in San Francisco. The MDL was filed months before this action and already has involved extensive proceedings, with a hearing on Facebook's motion to dismiss scheduled for January 23. The MDL encompasses 33 nationwide class actions and the claims of 85 named plaintiffs, each of whom seeks to represent millions of Facebook account holders. The consolidated MDL complaint encompasses all of the legal theories and claims for relief alleged in this action. The putative MDL class includes the Plaintiffs in this action and, because it includes an injunctive relief class, the Plaintiffs cannot opt out of that aspect of the MDL under well-established law. In the event the MDL class is certified, a judgment in that action will have *res judicata* effect on this case, barring the Plaintiffs' claims. Under these circumstances, the first-filed federal MDL must go forward and this state court action cannot.

This is hardly the first time a California plaintiff has filed a copycat state court action in an attempt to evade the jurisdiction of a federal court that already is adjudicating the same claims. California has a well-developed body of case law for addressing these situations. Under clear and binding case law from the California Supreme Court and the Court of Appeal, as long as the federal action is located in California (as it is here), a state court's failure to stay the state court action would be an abuse of discretion. (*Thomson v. Cont'l Ins. Co.* (1967) 66 Cal.2d 738, 747; *Caiafa Prof. Law Corp. v. State Farm Fire & Cas. Co.* (1993) 15 Cal.App.4th 800, 807.) As far as Facebook is aware, not a single case has been upheld on appeal where the state court declined to issue a stay in the face of a first-filed federal MDL pending in California and involving the same parties and legal theories. And for good reason: Allowing the state court action to proceed would interfere with the federal MDL, undermine the very purpose of the federal Multidistrict Litigation statute, jeopardize the due process rights of the defendants, create a risk of inconsistent discovery obligations and rulings, and delay the claims of scores of named plaintiffs and millions of putative class members. In the words of the Court of Appeal describing this precise situation, in a decision that is binding on this Court, it is "difficult for us to see how the trial court could have exercised its discretion in any other way but to grant [the] request" for a stay pending the outcome of the federal action. (*Caiafa, supra*, 15 Cal.App.4th at p. 807.)

1  At the November 16 hearing, this Court suggested that the federal court should be the one to stay its hand because this case entails a California UCL claim. Respectfully, it would be error to deny a stay on this basis. Not a single case among the many binding precedents on this issue identifies the presence of a state law issue as a factor for this Court to consider in deciding whether to grant a stay—much less deny a stay on that basis. Federal courts are fully competent to decide state law issues, including UCL claims, and they do so every day. The Supreme Court has made clear that a "strong policy of comity" requires this Court to defer to earlier-filed federal court actions. (*Thomson, supra*, 66 Cal.2d at p. 747.)

Even more fundamentally, the federal court here cannot and will not stay the ongoing MDL case. No party in the MDL has asked the federal court to issue a stay; to the contrary, both Facebook and the MDL plaintiffs have expressly objected to any such stay in letters provided to Judge Chhabria and this Court. And the federal court would have no power to abstain in any event. Absent some applicable abstention theory—and no such theory applies here—a federal court has an "unflagging" obligation to decide the cases before it. (*Sprint Comm'cns, Inc. v. Jacobs* (2013) 571 U.S. 69, 77, quoting *Colo. River Water Conservation Dist. v. United States* (1976) 424 U.S. 800, 817.)

This Court also suggested that the Plaintiffs in this state court action could simply "opt out" of the MDL. But they cannot—Fed. R. Civ. P. 23(b)(2) does not allow opt-outs for injunctive relief classes and federal courts have no authority to fashion an exception to the no-opt-out rule. Otherwise, a defendant could be subject to multiple inconsistent claims for injunctive relief arising from the same conduct. Accordingly, if a class is certified in the MDL action and the injunctive relief claims go to judgment, that judgment will be *res judicata* as to the Plaintiffs here.

In short, an unbroken line of authority holds that a stay of this case is mandated.

## II.  ARGUMENT

A stay of this case is essential to avoid the clear and present risk of inconsistent rulings, disruption of the MDL proceedings, and competing discovery orders that would result if this case were to proceed in parallel with the MDL. Allowing this case to proceed also would undermine the principles of comity that drive the first-filed rule of *Thomson*. The clear and binding precedent presented in Facebook's moving papers and below make clear that where, as here, the claims and parties in the later-filed state court action overlap with those in a first-filed federal court action, and the federal action is pending in

California, it would be an abuse of discretion for the trial court not to stay the state court action. Because all of these factors are present here, a stay must be granted.

### A. Binding Appellate Precedent Sharply Constrains This Court's Discretion Given That the Plaintiffs' Geographical Convenience is Not a Factor

The Supreme Court's decision in *Thomson* and the Second District's decision in *Caiafa* both make clear that it would be an abuse of discretion to deny a stay where, as here, the parties and claims in the state court action are completely subsumed within the first-filed federal action and the latter action is pending in California.

In *Thomson*, the Supreme Court undertook to resolve a seeming inconsistency between the Courts of Appeal as to whether, when a prior pending action is in federal court, a state court stay is mandatory or discretionary. Justice Peters, writing for a unanimous Court, noted that certain prior cases could be read to say that the state court is "compelled to stay the local court action pending outcome of a previously filed federal court suit on the same issues." (66 Cal.2d at p. 747.) The Court noted that, to the extent the cases could be read that way, they were disapproved—but, crucially, the Court concluded that "they need not be so interpreted." (*Ibid.*) Rather, in each of those cases, "the pending federal court action was in a federal court in California" so that staying the state court action "would work no hardship on the plaintiff by forcing him to litigate in a distant state." (*Ibid.*) Accordingly, "*[s]ince convenience was no consideration, the strong policy of comity was thought by the appellate courts to be a sufficient basis for converting what was otherwise a matter of discretion—the propriety of a stay—into a rule of law.*" (*Ibid.*, emphasis added, citing *Simmons v. Superior Court* (1950) 96 Cal.App.2d 119, 124, on the comity issue). By contrast, where the previously-filed federal court action was pending in another State—as in *Farmland Irrigation Co. v. Dopplmaier* (1957) 48 Cal.2d 208—the question "[w]hether to stay the California action was held to be a matter of discretion." (*Thomson, supra,* 66 Cal.2d at pp. 747–748.) Then, to eliminate any doubt as to whether the Court approved of its own reading of the prior cases, Justice Peters went on to make clear that it did, noting that the distinction produced by that reading "is the proper rule." (*Id.* at p. 748.)

Since *Thomson*, California appellate courts have confirmed that a trial court's discretion to deny a stay is severely limited where (as here) an earlier-filed federal action is pending in California and

involves the same issues and parties as the state action—continuing the rule established in the prior cases that the Supreme Court in *Thomson* interpreted and approved.[1] In *Caiafa*, 15 Cal.App.4th at p. 804, the Second District, following *Thomson*, noted that a "critical factor" in deciding to enter a stay is whether the previously-filed federal action is in California. Because, in that case, the parallel federal action **was** in California, and because the two cases involved the same parties and subject matter (all the same factors that exist here), the *Caiafa* court found it "***difficult for us to see how the trial court could have exercised its discretion in any other way but to grant [the] request***" for a stay pending the outcome of the federal action. (*Id.* at p. 807, emphasis added.) *Caiafa* is on all fours with the present case, and, like *Thomson*, is binding on this Court. It also is consistent with the other precedents in this area. For example, the appellate courts have made clear that when the state court action is filed *before* a parallel federal court action, a different rule applies—namely, that the state court need not necessarily stay its hand in favor of the federal action. (See *Mave Enters., Inc. v. Travelers Indem. Co.* (2013) 219 Cal.App.4th 1408, 1423–1427 [affirming denial of stay pending a later-filed federal action in California].) And, as the Court made clear in *Thomson*, a different rule applies where the first-filed federal action is pending in a federal court in **another state**, because there the plaintiff's interest in litigating in his or her home state is a factor that the courts must weigh in the balance. (See 66 Cal.2d at p. 747, discussing *Farmland*, 48 Cal.2d at 215.) But where, as here, the federal action was filed first, covers the same subject matter, involves the same parties, and is pending in California, the cases make clear that what might otherwise have been a matter of discretion becomes a "rule of law" because the relevant discretionary factors point in only one direction—toward a stay based on respect and comity toward the first-filed federal case. (*Thomson, supra*, 66 Cal.2d at pp. 747–748; *Caiafa, supra*, 15 Cal.App.4th at p. 804; see also *Van Zant v. Apple*

---

[1] Those cases were *Ex Parte Cohen* (1926) 198 Cal. 221; *Conrad v. West* (1950) 98 Cal.App.2d 116; and *Morrow v. Superior Court* (1935) 9 Cal.App.2d 16. In *Cohen*, the Northern District of California assumed jurisdiction and entered judgment a day before a California state court entered judgment against the same defendant. (198 Cal. at p. 226.) The Supreme Court held that because "the federal court first assumed jurisdiction over petitioner, it follows … that the judgment of the state court had to be stayed pending the … federal judgment." (*Id.* at p. 227.) In *Conrad*, the Second District reversed the trial court's decision not to stay the case pending before it in favor of an earlier-filed case in the Southern District of California involving the same parties and issues. (98 Cal.App.2d at p. 119.) And in *Morrow*, the Fourth District held that a first-filed action in federal court has precedence over a later-filed state court action, noting that, on the facts of that case, "[s]ince the federal court first assumed jurisdiction … , it should, under established rules, be allowed to complete the same." (9 Cal.App.2d at pp. 18–19, 26.)

*Inc.*, Santa Clara Super. No. 1-10-CV-177571 (Kleinberg, J.), Mot. to Stay Ex. G (*Apple Order*) at p. 3 [staying state court action (including UCL claim) in favor of first-filed federal MDL because, among other factors, the same claims were raised in the MDL and "the federal action is pending in California, not some other state"].) As in these cases, because the federal MDL was filed first and is in California, "convenience [is] no consideration," and "the strong policy of comity" compels a stay. (*Thomson, supra*, 66 Cal.2d at p. 747.)

**B.  The Presence of State Law Issues Is Not a Factor That Can Support Denying a Stay or That Would Allow the Federal MDL Court to Abstain**

At the November 16 hearing, the Court suggested that, instead of this Court staying the present action, perhaps the federal court should stay the MDL proceedings so that this Court could be the first to address the state law issues raised in both actions. Denying a stay on this basis would be an abuse of discretion. The presence of state law issues is not a basis for denying a stay of a later-filed state court action under *Thomson*, *Caiafa*, or any of the other cases discussed above. And as the California Supreme Court has made clear, a trial court's discretion in any context must be exercised ***by reference to the legally relevant factors***—not irrelevant considerations that form no part of the applicable legal test. (See, e.g., *Sargon Ent., Inc. v. Univ. of S. Cal.* (2012) 55 Cal.4th 747, 773 [trial court's discretion "is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action"]; *Williams v. Superior Court* (2017) 3 Cal.5th 531, 540 [even in areas where discretion is broad, that discretion "always resides in the particular law being applied, i.e., in the legal principles governing the subject of [the] action"].) In *Simmons*, 96 Cal.App.2d at 125, 127, cited with approval in *Thomson*, 66 Cal.2d at 747, the Second District found it "manifest" that the trial court "abused its discretion in not staying, as a matter of comity, further proceedings in the California action until the final determination" of an action pending in Texas between the same parties and involving the same subject matter. The court identified the relevant factors as which action was filed first, whether the parties and claims overlapped, and whether the first-filed action would resolve the parties' claims—with ***no*** consideration given to the source of law to be applied. (*Id.* at p. 128.) Where, as here, the parties and issues are subsumed within the first-filed federal MDL and the MDL court can fully resolve those claims, the fact that the claims arise under state law is irrelevant,

and it would be an abuse of discretion to deny a stay on that basis. (See *Sargon, supra*, 55 Cal.4th at 773 [abuse of discretion to consider incorrect factors].)

As an initial matter, this Court's suggestion that it should have the first chance to decide the state law issues not only contravenes binding appellate precedent, but flies in the face of the very principles of comity that drive the first-filed rule, including the assumption that, within our system of government, federal courts are just as competent as state courts to decide state law issues that arise in the ordinary course in federal cases. Although certainly federal courts defer to state court interpretations of state law, and in diversity cases are bound by rulings of the relevant state Supreme Court,[2] the notion that California trial courts are better equipped to address these issues—or that federal courts must stay their hand whenever confronted with a state law question—contradicts centuries of law involving federal diversity cases.

Even more fundamentally, abstention by the federal court is not an option here because the federal court simply has no power to abstain from deciding the MDL or otherwise stay the claims before it just so this Court can have the first chance to rule on the UCL claims. Except in limited circumstances not present here, a federal district court's "'obligation' to hear and decide a case is 'virtually unflagging,'" when a case is properly brought in federal court. (*Sprint Commc'ns, supra*, 571 U.S. at p. 77, quoting *Colo. River, supra*, 424 U.S. at p. 817; see also *Gov't Emps. Ins. Co. v. Dizol* (9th Cir. 1998) 133 F.3d 1220, 1225, fn.6 [district court was "without discretion to remand or decline to entertain" state law causes of action]; *Courthouse News Serv. v. Planet* (9th Cir. 2014) 750 F.3d 776, 792 [reversing district court's decision to abstain].) As the Ninth Circuit explained in *Intel Corp. v. Advanced Micro Devices, Inc.* (9th Cir. 1993) 12 F.3d 908, "[w]hen a stay for reasons of 'wise judicial administration' is contemplated,

---

[2] Two of the cases mentioned by the Court at the November 16 hearing stand for no more than this uncontroversial—and, in this case, irrelevant—proposition. In *Bush v. Palm Beach Cty. Canvassing Bd.* (2000) 531 U.S. 70, the Court simply declined to address certain ultimate federal issues in light of uncertainty over the Florida Supreme Court's interpretation of applicable Florida law. (*Id.* at pp. 77–78.) The Court did not "abstain" in any sense, but just sent the case back so that the Florida Supreme Court could clarify those issues, noting that federal courts normally defer to a state Supreme Court's reading of state law. (*Id.* at 76.) In *Abcarian v. Shelley* (9th Cir. 2003) 77 F.App'x 410, the Court affirmed the denial of a TRO based on the low likelihood that the plaintiff would succeed on the merits in light of a California Supreme Court decision, noting that "the district court appropriately deferred to the California Supreme Court's interpretation of the California Constitution." (*Id.* at 411.) These cases confirm that federal courts can and do apply state law, including applicable state appellate precedents—not that they somehow must abstain from hearing cases within their jurisdiction in favor of later-filed state actions.

'discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved," and "[t]here is little or no discretion to abstain in a case which does not meet traditional abstention requirements.'" (*Id.* at 912, citation omitted.)

As these cases make clear, "[o]nly the clearest of justifications" will allow a federal court to stay a pending action (*Colo. River, supra*, 424 U.S. at p. 819), and none is present here. Rather, the MDL involves a routine set of consumer claims brought under federal and state law, including California UCL claims of the sort that the federal courts, including Judge Chhabria, routinely decide. (See, e.g., *Killian Pest Control, Inc. v. HomeTeam Pest Def., Inc.* (N.D.Cal. June 16, 2015) 2015 WL 3766754 (Chhabria, J.) [granting motion to dismiss UCL claim]; *Lusson v. Apple, Inc.* (N.D.Cal. June 20, 2016) 2016 WL 10932723 (Chhabria, J.) [same]; *Hicks v. PGA Tour, Inc.* (N.D.Cal. 2016) 165 F.Supp.3d 898, 911 (Chhabria) [same], *aff'd in rel. part* (9th Cir. 2018) 897 F.3d 1109; *Buckeye Tree Lodge & Sequoia Vill. Inn, LLC v. Expedia, Inc.* (N.D.Cal. Oct. 11, 2017) 2017 WL 8948733 (Chhabria, J.) [denying motion to dismiss UCL claim]; *Pickles v. Kate Spade & Co.* (N.D.Cal. July 26, 2016) 2016 WL 3999531 (Chhabria, J.) [same].) And, absent "extraordinary circumstances" not present here, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." (*Colo. River, supra*, 424 U.S. at p. 817.)

The *Van Zant v. Apple* case illustrates the normal process for cases like this one. There, like here, both the federal MDL and the state court action included causes of action for violations of the UCL and FAL. (*Apple Order*, Mot. to Stay Ex. G, at 2–3.) The federal court entertained Apple's motion to dismiss the UCL and FAL claims, (*id.* at p. 3), and Judge Kleinberg entered a stay of the state court action pending the resolution of the federal MDL (*ibid.*). In situations like this one, the Northern District of California has refused to stay the resolution of UCL claims even when a parallel state court action involved UCL claims. (See, e.g., *Sandoval v. M1 Auto Collisions Ctrs.* (N.D.Cal. 2015) 309 F.R.D. 549, 557–559.)

None of the abstention doctrines that the Court mentioned at the hearing would allow the federal court to abstain.[3] *Colorado River* abstention—the only one that even theoretically turns on the existence

---

[3] *Pullman* abstention applies where, unlike here, the federal action involves a sensitive issue of federal constitutional law that could be mooted or narrowed by a ruling on an uncertain state law issue. (*Potrero*

of a parallel state court civil action—is **never** available unless the state action will "end the litigation" in the federal court. (*Intel Corp.*, *supra*, 12 F.3d at p. 913, quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.* (1988) 485 U.S. 271, 277.) If any disposition of the state action would *not* fully resolve the federal case, or even if a "substantial doubt" exists on that question, abstention is improper. (*Ibid.*)

Here, there is not only a "substantial doubt" that a decision in this case will fully resolve the MDL, but a certainty that it will not. Even if the *Ballejos* plaintiffs win their UCL claim, that ruling will not and cannot, as a matter of due process, bind the named plaintiffs or the other putative MDL class members. And if this Court rules against Plaintiffs here, that ruling will not protect Facebook from having to litigate the same claims in the MDL. Nor will any interpretation by this Court of the law governing Plaintiffs' UCL claims bind the MDL court, as only a ruling from the California Supreme Court binds the district court under *Erie*. (See *Tomkins v. 23andMe, Inc.* (9th Cir. 2016) 840 F.3d 1016, 1023.) And even if the appellate-court split that this Court mentioned at the hearing were relevant here—which it is not—any ruling on that issue, in order to bind the MDL court, would have to be decided by this Court, go through the Court of Appeal, and be accepted for review and decided by the California Supreme Court. And even if all of this were to occur, there is not even a theoretical possibility that resolution of Plaintiffs' two-count complaint in this case will end the federal MDL, where the named plaintiffs, representing dozens of class members around the country, assert 50 causes of action against Facebook. Because this action will not finally resolve any claims in the federal MDL, much less all of them, the district court in that action would have no discretion to stay that action in favor of this one, even if any party had asked that court to do so. (*Intel Corp.*, *supra*, 12 F.3d at p. 913.)[4]

---

*Hills Landfill, Inc. v. Cty. of Solano* (9th Cir. 2011) 657 F.3d 876, 888.) *Burford* abstention prohibits federal courts from interfering with state administrative agency proceedings when they are concentrated in a particular court to establish a coherent state policy. (See *New Orleans Pub. Serv., Inc. v. Council of New Orleans* (1989) 491 U.S. 350.) *Younger* abstention applies only in three "exceptional circumstances" not present here: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) civil proceedings involving certain orders uniquely in furtherance of the state judiciary's functions. (*Sprint Commc'ns*, *supra*, 571 U.S. at p. 78.) And *O'Shea* abstention requires "heavy federal interference in such sensitive state activities as administration of the judicial system" through, for example, an "ongoing federal audit" of state-court proceedings. (*Courthouse News Serv.*, *supra*, 750 F.3d at pp. 789–790.)

[4] The other cases noted by the Court at the hearing also do not support federal court abstention. In *Brown v. Moll* (N.D.Cal. July 21, 2010) 2010 WL 2898324, at *2–3, the federal court confirmed that

### C. The Solutions Offered by the Court at the November 16 Hearing Cannot Fix the Comity Problem Presented by This Later-Filed Action

None of the other ideas offered by the Court at the November 16 can justify a refusal to stay this action in favor of the first-filed federal MDL. The *Ballejos* plaintiffs cannot simply "opt out" of the federal MDL, as the Court suggested. They seek only injunctive relief, and the relief they seek is subsumed within the class-wide injunctive relief claims asserted in the MDL pursuant to Fed. R. Civ. P. 23(b)(2). (See Notice of Submission of Supp. Material, Nov. 8, 2018, Ex. A, ¶ 447.) And the law is clear that there is no opt-out for injunctive relief classes under Rule 23(b)(2)—among other reasons because defendants should not be subject to competing injunctive relief claims for the same course of action. (See generally *Wal-Mart Stores, Inc. v. Dukes* (2011) 564 U.S. 338, 362 [no "right to opt out" for injunctive relief classes under Rule 23(b)(2) because a class claim for injunctive relief is mandatory]; accord *Reyes v. Educ. Credit Mgmt. Corp.* (S.D.Cal. 2017) 322 F.R.D. 552, 569.) Accordingly, if the injunctive relief claims in the federal MDL go to judgment on a class-wide basis, that judgment will bind the *Ballejos* plaintiffs and preclude any further injunctive relief claims of the sort that they plead here.

Nor can the federal district court create an exception to this no-opt-out rule, as this Court also suggested. Federal courts have no discretion to change, or create exceptions to, rules promulgated under the Rules Enabling Act. (See *Bank of Nova Scotia v. United States* (1988) 487 U.S. 250, 255 [rules promulgated under the Act are, "in every pertinent respect, as binding as any statute duly enacted by Congress, and federal courts have no more discretion to disregard [a] Rule's mandate than they do to disregard constitutional or statutory provisions"]; accord *In re Pangang Grp. Co.* (9th Cir. 2018) 901 F.3d 1046, 1055; *Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.* (E.D.Cal. Jan. 29, 2007) 2007 WL 273949, at *2 [federal rules govern federal court proceedings, and "it is not within the discretion of the court" to deviate from those rules by applying state law instead].)

---

*Colorado River* abstention requires "exceptional circumstances," and, finding such circumstances lacking in that case, declined to stay the federal case in favor of a parallel state court action. And *Fireman's Fund Ins. Co. v. Garamendi* (N.D.Cal. 1992) 790 F.Supp. 938, 951–966, involved state court litigation and regulatory proceedings by the California Insurance Commissioner, both of which were commenced *before* the federal litigation. Indeed, the district court expressed concern that the later federal case was an attempt to circumvent those earlier proceedings. Here, the federal cases were filed first, and, if anything, this action is an attempt to avoid the earlier-filed federal MDL, including the limits Judge Chhabria has placed on discovery. And this case does not implicate any ongoing state regulatory proceedings of the sort involved in *Garamendi*.

Finally, it would not aid the federal court's resolution of the MDL to await a ruling from this Court on the state law issues. As noted previously, the MDL court already has set a January 23, 2019 hearing on the pending motion to dismiss. Even if that court were free to wait for this Court to rule first, it would not be bound by any legal ruling from this Court, but still would have to follow its own (and the Ninth Circuit's) reading of the relevant California appellate precedents. (*Muniz v. UPS, Inc.* (9th Cir. 2013) 738 F.3d 214, 219.) And no judgment by this Court could bind the named plaintiffs in the MDL or any of the putative class members except for the three *Ballejos* plaintiffs. So any exercise of abstention—even it were legally permissible, which it is not—would be futile. Far from advancing the MDL litigation, it would delay resolution of the MDL claims based on the highly improbable chance that the California Supreme Court might someday take this case and issue a relevant and binding legal precedent. Such a result—entirely apart from being contrary to state and federal law—would be manifestly unfair to the MDL parties, who have a right to have their first-filed claims addressed promptly.

### III. CONCLUSION

For all of the above reasons and those stated in Facebook's moving papers, this Court should stay this action pending the resolution of the federal MDL.

DATED: December 6, 2018          GIBSON, DUNN & CRUTCHER LLP

By: _____
    Kristin A. Linsley

*Attorneys for Plaintiff Facebook, Inc.*