EXHIBIT A

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Joshua S. Lipshutz
Direct: +1 202.955.8217
Fax: +1 202.530.9614
JLipshutz@gibsondunn.com

December 7, 2018

VIA OVERNIGHT MAIL

Attorney General Lisa Madigan
Office of the Attorney General
100 W. Randolph Street
Chicago, IL 60601

Re:   *People of the State of Illinois, et al. v. Facebook, Inc., et al.*, No. 3:18-cv-06486-VC

Dear Attorney General Madigan,

Enclosed is a copy of the Northern District of California's December 6, 2018 Order in *People of the State of Illinois ex rel. Kimberly M. Foxx v. Facebook*, Case No. 18-cv-06486-VC. The Order directs the parties to brief a number of issues regarding the Illinois Attorney General's authority vis-à-vis State's Attorneys in actions brought under the Illinois Consumer Fraud Statute. Pursuant to the Court's Order, if the Attorney General's Office wishes to file an amicus brief on the issues set forth below, it may file a brief not to exceed 15 pages by 4:00 p.m. Pacific Time on December 14, 2018.

The Court has directed the parties to address the following issues:

"1.  Besides *In re: Avandia Marketing, Sales Practices and Product Liability Litigation*, are there other MDLs that contain cases brought by subordinate state officials or entities (such as district attorneys or commissions) under a state law authorizing them to sue in the name of the state, where the case was filed in state court, removed to federal court, and then transferred to the MDL proceeding? Of those cases, was removal and transfer contested? If so, what happened?"

"2.  If the State's Attorney were to pursue this case in state court and lose on the merits, would the Illinois Attorney General be barred from subsequently filing a similar action against the same defendants? In addition to discussing Illinois law, the parties should identify and discuss any case law on this issue in other states (such as California) that have analogous statutes authorizing subordinate government officials or entities to bring lawsuits seeking statewide relief in the name of the state. The parties must identify such case law whether it is favorable to their position or not."

"3.  If a State's Attorney files a lawsuit like this in Illinois, does the Illinois Attorney General have the right to intervene and take charge of the case? If the State's Attorney and the Illinois Attorney General ended up disagreeing about the proper outcome or direction of

**GIBSON DUNN**

Attorney General Lisa Madigan
December 7, 2018
Page 2

the case, would the view of the Illinois Attorney General automatically prevail? If there is no definitive answer with respect to Illinois, is there law in other states with analogous statutes that might shed light on this question? The parties must identify such case law whether it is favorable to their position or not."

Sincerely,

*/s/ Joshua S. Lipshutz*

Joshua S. Lipshutz
*Attorney for Defendant Facebook, Inc.*

Enclosure

cc:     Ann Spillane, Chief of Staff,
        Office of the Attorney General
        (via overnight mail)

        Matthew Van Hise
        Office of the Attorney General
        (via email)

        Rafey Sarkis Balabanian
        Jay Edelson
        Todd M. Logan
        Alfred Kirland Murray, II
        Benjamin Harris Richman
        Kent Stephen Ray
        Ari Jonathan Scharg
        J. Eli Wade-Scott
        (via email)

        *Counsel for Plaintiff Kimberly M. Foxx,*
        *State's Attorney of Cook County Illinois*

        Derek W. Loeser
        Lesley E. Weaver
        (via email)

        *Co-Lead Counsel for MDL Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC., CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>People of the State of Illinois, ex rel. Kimberly M. Foxx v. Facebook | Case No. 18-cv-06486-VC<br><br>**ORDER REQUESTING FURTHER SUPPLEMENTAL BRIEFING REGARDING MOTION TO REMAND** |

By 4 pm on December 14, 2018, the Cook County State's Attorney and Facebook should each file briefs, not to exceed 15 pages, addressing the questions below. The parties are directed to serve this order on the Illinois Attorney General's Office, so that the Attorney General may file an amicus brief, with the same deadline and page limitations, if she wishes.

1. Besides *In re: Avandia Marketing, Sales Practices and Product Liability Litigation*, are there other MDLs that contain cases brought by subordinate state officials or entities (such as district attorneys or commissions) under a state law authorizing them to sue in the name of the state, where the case was filed in state court, removed to federal court, and then transferred to the MDL proceeding? Of those cases, was removal and transfer contested? If so, what happened?

2. If the State's Attorney were to pursue this case in state court and lose on the merits, would the Illinois Attorney General be barred from subsequently filing a similar action against the same defendants? In addition to discussing Illinois law, the parties should identify and discuss any case law on this issue in other states (such as California) that have analogous statutes authorizing subordinate government officials or entities to bring lawsuits seeking statewide relief

in the name of the state. The parties must identify such case law whether it is favorable to their position or not.

     3. If a State's Attorney files a lawsuit like this in Illinois, does the Illinois Attorney General have the right to intervene and take charge of the case? If the State's Attorney and the Illinois Attorney General ended up disagreeing about the proper outcome or direction of the case, would the view of the Illinois Attorney General automatically prevail? If there is no definitive answer with respect to Illinois, is there law in other states with analogous statutes that might shed light on this question? The parties must identify such case law whether it is favorable to their position or not.

     **IT IS SO ORDERED.**

Dated: December 6, 2018

                                                           VINCE CHHABRIA
                                                           United States District Judge