MARK C. HANSEN
mhansen@kellogghansen.com
AARON M. PANNER
apanner@kellogghansen.com
DANIEL G. BIRD
dbird@kellogghansen.com
JACOB E. HARTMAN
jhartman@kellogghansen.com
CHRISTOPHER M. SARMA
csarma@kellogghansen.com
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile:  (202) 326-7999

*Counsel for Robert Mercer*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | Case No. 18-md-02843-VC<br>MDL No. 2843 |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | **DEFENDANT ROBERT MERCER'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge:          Hon. Vince Chhabria<br>Courtroom:    4, 17th Floor<br>Hearing Date: January 23, 2019<br>Hearing time: 10:30 a.m. |

Plaintiffs' perfunctory Opposition to Robert Mercer's Motion to Dismiss relies on a mischaracterization of their own Complaint and provides no authority other than two media articles. The Opposition addresses the merits in this single sentence: "the Complaint alleges that Mercer not only knew about, but also participated in, Cambridge Analytica's plans to harvest and use Facebook users' data." Pls.' Opp'n to Robert Mercer's Mot. to Dismiss Pls.' Consolidated Compl. at 2, ECF No. 211 ("Pls.' Opp."). The Complaint contains no such allegation. It alleges *only* that Mr. Mercer (1) attended a single meeting, at an unspecified time, at which executives of Cambridge Analytica described how they could use Facebook data – something done legitimately by some of the world's most respected companies – to create psychological and political profiles of individuals; and (2) invested in Cambridge Analytica Holdings. Compl. ¶¶ 93, 98. It is devoid of any allegation that Mr. Mercer did anything to harvest or use data, or that he was given any reason to believe that there was anything illegitimate about the planned use of Facebook data.

Any such allegation could not be squared with what the Complaint does allege: that Dr. Kogan launched a Facebook app in 2013 to collect and analyze data from Facebook users and *later* contracted with Cambridge Analytica to match users' personality scores with voter registration profiles. *Id.* ¶¶ 132, 135, 140. Mr. Mercer is not alleged to have had any role with Cambridge Analytica, other than as an investor – which plaintiffs acknowledge is insufficient to state a claim against him. Pls.' Opp. at 2. Under *Twombly* and the legion of cases in this Court applying that pleading standard, the Complaint against Mr. Mercer fails to state facts that

constitute a plausible claim that Mr. Mercer personally misappropriated plaintiffs' data or took any other actions in derogation of the plaintiffs' rights or in violation of California law.[1]

The fact that Mr. Mercer has not agreed to allow plaintiffs to stay their claims or to grant them an unlimited tolling agreement is not a basis for denying the motion, and plaintiffs do not claim that it is.  Lead counsel have previously stated that they do not want to actively litigate this action against Mr. Mercer, signaled that it was filed solely to placate non-lead class counsel, and acknowledged that they were not even committed to pursuing it.  *See* Pls.' Notice of Mot. & Mot. for Entry of Pretrial Order Addressing Claim Prioritization at 2, 7-8, ECF No. 156. Plaintiffs' half-hearted Opposition makes clear that Mr. Mercer does not belong in this case and should be dismissed from it.

Furthermore, that dismissal should be with prejudice.  While dismissal with leave to amend is liberally granted, plaintiffs here have already had ample opportunity to plead a claim. In deciding whether to deny a motion for leave to amend, a court may consider "whether [the] plaintiff has previously amended his complaint" and the "futility" of amending.  *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373-74 (9th Cir. 1990) (denying plaintiff's request for a "fourth attempt" to amend his complaint and noting that "any further amendment to the complaint would likely prove futile").  Plaintiffs have already had multiple opportunities to plead facts that would support a claim here.  They filed two actions against Mr. Mercer that were transferred to this

---

[1] As to personal jurisdiction, plaintiffs simply assert, without support, that Mr. Mercer directed wrongful conduct towards residents of the states in which he was originally sued.  But they have not alleged any such conduct, and have not attempted to make the requisite showing required for this Court to exert personal jurisdiction over Mr. Mercer.  Since the jurisdictional defect might be cured by a filing in the state where Mr. Mercer resides, Mr. Mercer urges the Court to rule on the merits in the alternative in the interest of judicial economy as the Court has done in other cases.  *See* Def. Robert Mercer's Notice of Mot. & Mot. to Dismiss; Mem. of P. & A. at 3 n.4, ECF No. 183 (citing *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 990 n.6 (9th Cir. 2012)).

Court.  *See Lodowski v. Facebook, Inc.*, No. 4:18-cv-00907 (S.D. Tex. Mar. 23, 2018); *Malskoff*

*v. Facebook, Inc.*, No. 2:18-cv-04451 (D.N.J. Mar. 27, 2018).  The Corrected Consolidated

Complaint is the third attempt to plead a claim against Mr. Mercer.  According to lead counsel,

this Complaint "refine[d] the claims and allegations" of the original complaints.  Aug. 23, 2018

Hr'g Tr. 43:24-25.  Plaintiffs have given the Court no reason to believe that a fourth attempt

would have any more substance and have identified no fact that they could plead to support any

claim.  Their reference to a *New Yorker* article, which has nothing of value for them, and

speculation that documents from Cambridge Analytica's bankruptcy might turn up something,

serve only to demonstrate that further efforts would be futile, and should not be permitted.

 Dated: December 21, 2018                    Respectfully submitted,


                                             */s/ Mark C. Hansen*
                                             Mark C. Hansen
                                             mhansen@kellogghansen.com
                                             Aaron M. Panner
                                             apanner@kellogghansen.com
                                             Daniel G. Bird
                                             dbird@kellogghansen.com
                                             Jacob E. Hartman
                                             jhartman@kellogghansen.com
                                             Christopher M. Sarma
                                             csarma@kellogghansen.com
                                             KELLOGG, HANSEN, TODD,
                                               FIGEL & FREDERICK, P.L.L.C.
                                             1615 M Street, N.W., Suite 400
                                             Washington, D.C. 20036
                                             Telephone: (202) 326-7900
                                             Facsimile:  (202) 326-7999

                                             *Counsel for Robert Mercer*

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 21, 2018, I electronically transmitted the above and foregoing document to the Clerk of the Court for the District Court for the Northern District of California by using the CM/ECF for filing.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Mark C. Hansen*
Mark C. Hansen