Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc. and Non-Prioritized Defendants Mark Zuckerberg and Sheryl Sandberg*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**<br><br>Judge:  Hon. Vince Chhabria<br>Courtroom 4, 17th Floor<br>Hearing Date:  January 23, 2018<br>Hearing Time:  10:30 a.m. |

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC

# INTRODUCTION

Facebook, Inc. submits this reply in support of its request for judicial notice of (1) historical versions of Facebook's Statements of Rights and Responsibilities ("SRR") and Privacy/Data Use Policy (Duffey Decl., Dkt. 187, Exs. 1-49) and (2) a December 2015 article published in the *Guardian* (Lipshutz Decl., Dkt. 186, Ex. 1). These documents are referenced throughout the Complaint and—particularly with respect to the historic policies—form the basis of Plaintiffs' allegations against Facebook. They are thus incorporated by reference into the complaint and, in any event, are subject to judicial notice.

Plaintiffs "partially oppose" Facebook's request, arguing that the *Guardian* article may be considered only for the fact that it was published, and disputing that the Court may consider any of the versions of the SRR and Privacy/Data Use policies that Facebook submitted. RJN Opp. at 1. Plaintiffs' opposition is without merit.

As to the SRR and policies, they were cited extensively in the Consolidated Complaint and are central to this litigation. Plaintiffs failed to provide the Court with copies of those documents, even while acknowledging that versions of the policies are publicly available on archive.org. Facebook provided the Court with policies from Facebook's own custodial files, along with a declaration from the employee responsible for maintaining Facebook's policy archive. As explained in the Supplemental declaration of Michael Duffey, these policy archives reflect the major policy changes over time and these documents corroborate the key contractual language central to the parties' dispute whether Plaintiffs consented to each of Facebook's complained-of practices. Plaintiffs' only objection is that Facebook may have amended the policies between these major policy changes in minor ways that do not affect the relevant contractual language, but these minor immaterial changes do nothing to change the uncontested contractual provisions that bear on Plaintiffs' claims here.

As for the *Guardian* article, it is cited extensively in the Complaint, and demonstrates that nearly all of the Cambridge Analytica-related events that form the basis for Plaintiffs' claims were well documented and in the public domain since 2015, more than two years before the present actions were filed. The article is incorporated into the Complaint and clearly is subject to judicial notice.

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC

# ARGUMENT

### A.   The Complaint Incorporates Facebook's Contracts With Its Users

The Court may consider Exhibits 1-49 of the November 2, 2018 Duffey Declaration because those policies—versions of Facebook's SRR and Data Use Policy from 2005 to April 2018, downloaded from Facebook's internal archives by the individual responsible for maintaining such archives—are repeatedly referenced in the Complaint, contain the terms of the contract/promises that Plaintiffs allege that Facebook violated, and also contain the critical language demonstrating that Plaintiffs' consented to the practices at issue and waived any liability for third-party actions.  RJN at 2-6.  Plaintiffs do not contest that these contractual documents "were downloaded from Facebook's internal archive," nor do they argue that Mr. Duffey is an inappropriate declarant with respect to these matters.  *See* RJN Opp. at 1.  They nonetheless offer several objections to these exhibits, but each of these objections fails.

Plaintiffs first claim that the supporting declaration is not sufficient because the declarant does not "explain how the policy versions were collected for archiving."  RJN Opp. at 5.  But there is no such requirement, and Plaintiffs cite no authority for imposing one.  Rather, like the declarant in *Memry Corp. v. Kentucky Oil Technology, N.V.*, 2007 WL 2746736, at *6 (N.D. Cal. Sept. 20, 2007), Mr. Duffey's statement that "he has personal knowledge that these agreements are maintained in the course of ordinary business activities and that he, … retrieved [the documents] from [Facebook's] files," is sufficient to show "that the documents are what they are represented to be [under] Fed.R.Evid. 901(a)."  *Id.*  And the witness now has submitted a supplemental declaration explaining that the Facebook policy archive consists of the major revisions to the relevant policies, that the copies of these policies were pulled from Facebook's archive, that these policies were published on Facebook's website, and that all other public versions of policies reflecting minor amendments are saved.  Supp. Duffey Decl. at ¶¶ 2-3.

Plaintiffs next argue that "review of the policies captured by Archive.org upon which Plaintiffs rely call into question the authenticity of Facebook's exhibits," noting examples of what they claim to be discrepancies between the archive.org version and the versions filed by Facebook.  RJN Opp. at 5.  None of the purported discrepancies bears in any way on the terms relevant to Facebook's motion to

Gibson, Dunn & Crutcher LLP

2

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS
PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC

dismiss, including the disclosure of the ways in which Facebook might share user data with third parties, Facebook's advertising practices, or the waiver of liability for third-party actions. Indeed, Plaintiffs themselves "rely" on the archive.org versions and footnote various versions of the SRR and Data Use Policy throughout their Complaint. Accordingly, the Court would face the same issues whether it referred to the documents that Facebook submitted or to Plaintiffs' preferred versions from archive.org.

In any event, Facebook's supplemental declaration explains why some archive.org versions contain slightly different language over time. Facebook maintains a curated repository of policies reflecting major revisions to the relevant policies, but the Company did, from time to time, make minor revisions to those policies between the major policy revisions.[1]  Supp. Duffey Decl. ¶ 3. A review of archive.org policies confirms this practice. Take, for example, Exhibit 26—the January 30, 2015 SRR. Plaintiffs contend that a version of this SRR captured on July 20, 2017, includes the additional language not found in Exhibit 26: "If you are under the age of eighteen (18), you represent that a parent or legal guardian also agrees to this section on your behalf." RJN Opp. at 7 & n.8. But an earlier version captured on February 25, 2015 does not include this language. *See* Facebook, Statement of Rights and Responsibilities, https://web.archive.org/web/20150225024545/https://www.facebook.com/terms.php (captured Feb. 25, 2015). Similarly, Plaintiffs complain that Exhibit 37—the November 26, 2008 Privacy Policy—"displays an email address [whereas] the Archive.org version of the document displays 'help center' hyperlinks." RJN Opp. 9 & n.12. But again, the archive.org version closer to the date of publication also includes email addresses, rather than help-center hyperlinks. Facebook Principles, https://web.archive.org/web/20090114191844/facebook.com/policy.php (captured Jan. 14, 2009). Plaintiffs thus are mistaken that "Facebook does not have any internally consistent method of archiving their policies to accurately reflect policies which were in effect as of a particular date." RJN Opp. at 10.

Nor do any of Plaintiffs' cases support their position. *Harris v. R.J. Reynolds Vapor Co.*, 2016 WL 626415, at *3 (N.D. Cal. Sept. 30, 2016), cited in RJN Opp. at 9, is far afield: the documents there were not incorporated by reference in the complaint, the documents themselves were "missing key

---

[1] Facebook preserves these interim amendments, but does not pull and store them in its centralized repository.

Gibson, Dunn & Crutcher LLP

3

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC

disclaimer language" relevant to the plaintiff's claim that the documents were deceptive, and the plaintiff had "not alleged when, or if, he encountered the particular language on the website before filing the complaint."  Here, Plaintiffs never have disputed the key contractual language in the SRR and the Data Use Policy—indeed, the Complaint cites and quotes many of those provisions verbatim.  In *In re Blue Earth, Inc. Secs. Class Action Litig.*, 2015 WL 12001274, at *1 n.1 (C.D. Cal. Nov. 3, 2015), cited at RJN Opp. at 9, the court denied the defendant's request for judicial notice of a single slide of a PowerPoint because it "failed to present the entire document for the Court's consideration."  Here, it is Plaintiffs who have tried to rely on partial documents by quoting only portions of the SRR and Data Use Policies in their Complaint, without attaching any of the actual documents.  Finally, Plaintiffs cite V*inson v. Cal. Dep't of Corr. & Rehab*., 2014 WL 4594208, at *2 (N.D. Cal. Sept. 15, 2014), for general boilerplate language regarding the requirements for judicial notice, RJN Opp. at 10, but, unlike here, the documents in question were both "irrelevant" and not subject to incorporation by reference.

Plaintiffs next argue that some of the policies that Facebook submitted were not produced as part of the limited discovery authorized by the Court in PTO 11.  RJN Opp. at 10.  But discovery has nothing to do with whether a document referred to in the complaint can be considered on a motion to dismiss—indeed, discovery in securities actions is stayed pending a ruling on motions to dismiss, yet courts regularly consider documents referenced in the complaint.  *See, e.g.*, *Sgarlata v. Paypal Holdings, Inc.*, 2018 WL 6592771, at *5-6 (N.D. Cal. Dec. 13, 2018); *Azar v. Yelp, Inc.*, 2018 WL 6182756, at *4-5 (N.D. Cal. Nov. 27, 2018).  Plaintiffs do not and cannot claim prejudice, as they expressly "rely" on the archive.org versions of the SRR and Data Use Policies, quoting extensively from those documents in the Complaint, and nowhere claim that versions Facebook submitted differ from those archive.org versions in any material way.

Finally, Plaintiffs argue that Facebook seeks to "improperly proffer[] facts drawn from" these exhibits, specifically that "the Data Use Policy is incorporated into the SRR, and that Plaintiffs consented through the SRR and the Data Use Policy to each practice alleged in the complaint."  RJN Opp. at 10.  This argument makes no sense.  To the extent the documents to which Plaintiffs assented demonstrate their consent to Facebook's practices and their waiver of liability, those are issues of law that are properly resolved on a motion to dismiss.  *See* MTD at 22-27.  And Plaintiffs' various arguments that

Gibson, Dunn & Crutcher LLP

4

Reply in Support of Request for Judicial Notice In Support of Facebook, Inc.'s Motion to Dismiss Plaintiffs' Consolidated Complaint – Case No. 3:18-md-02843-VC

the documents do not "establish where the policies appeared to users on Facebook's webpages, how accessible they were, or how they appeared to users, including font size and readability," RJN Opp. at 11, do not affect the propriety of judicial notice of these exhibits as true and correct copies of Facebook's policies in effect since 2005.

### B.   The Court may consider the December 11, 2015 *Guardian* article.

The Court also may consider the 2015 *Guardian* article because it is subject to judicial notice and incorporated by reference in the complaint. RJN at 6-7. Plaintiffs agree that the Court may consider this document for the "purpose of 'indicat[ing] what was in the public realm at the time,'" RJN Opp. at 3, but assert that it cannot be used "to contradict the relevant allegations in the Complaint." *Id.* at 4. But that is simply incorrect. To the extent that the Complaint seeks to allege that the events surrounding Cambridge Analytica were revealed only in 2018, the *Guardian* article certainly may be used to contradict those allegations, as it makes clear that most of the relevant events were in the public domain by December 2015—more than two years before Plaintiffs here filed suit. Plaintiffs may contest the legal import of that information, but that is separate from whether it should be judicially noticeable. *See Sgarlata*, 2018 WL 6592771, at *6 (taking judicial notice of press releases for "the fact that the press releases were issued on November 10, 2017 and December 1, 2017 informing the public of the information contained therein.").

### CONCLUSION

For these reasons, the Court should take judicial notice of Exhibit 1 to the Lipshutz Declaration and Exhibits 1 through 49 of the Duffy Declaration when ruling on Facebook's Motion to Dismiss.

Gibson, Dunn & Crutcher LLP

5
REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC

DATE:  December 21, 2018

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:  */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc. and Non-Prioritized Defendants Mark Zuckerberg and Sheryl Sandberg*

Gibson, Dunn & Crutcher LLP

6

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF FACEBOOK, INC.'S MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT – CASE NO. 3:18-MD-02843-VC