UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC., CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843 <br> Case No. 18-md-02843-VC |
| This document relates to: <br><br> ALL ACTIONS | **PRETRIAL ORDER NO. 16: ORDER RE HEARING ON MOTION TO DISMISS** |

    In preparing for tomorrow's hearing, counsel should make sure to pay special attention to the following:

    1. With respect to Article III standing, the Court is tentatively of the view that the plaintiffs have not adequately alleged the first and third types of injury discussed in the briefs – that is, increased risk of fraud/identity theft and "economic harm." A closer question is whether the plaintiffs have adequately alleged the second type of injury – a privacy injury. On this issue, does it matter for standing purposes that the plaintiffs have failed to allege that they switched from the default "public" setting to the "friends only" setting on their Facebook accounts? Does it matter that Facebook might have adequately disclosed to users that, even under the "friends only" setting, a user would need to make further adjustments to her settings to prevent third parties from obtaining a variety of personal information about her from her Facebook friends? Or are these issues only relevant to whether the plaintiffs have adequately alleged their privacy-related claims under Rule 12(b)(6)?

2. With respect to the claim under the Stored Communications Act, the plaintiffs arguably have standing under the rationale of *Eichenberger v. ESPN, Inc.*, 876 F.3d 979 (9th Cir. 2017), even if their allegations might not state a claim for a violation of that statute. More specifically, for purposes of this claim, the possible failure of the complaint to adequately allege that disclosures were made without the plaintiffs' implied consent does not appear to defeat standing, even if it could defeat the claim on the merits. If that's correct, would the Article III standing analysis be different for the state law privacy claims, and if so, why?

3. If the Court rules – under Rule 12(b)(1), Rule 12(b)(6), or both – that the plaintiffs must include allegations about whether they switched from "public" to "friends only," what allegations would the plaintiffs be able to include in an amended complaint on this issue?

4. Even assuming the plaintiffs can amend their complaints to allege they switched from "public" to "friends only," there appears to be a strong argument that Facebook adequately disclosed to users that, even under the "friends only" privacy setting, a user would need to make further adjustments to her settings to prevent third parties from obtaining a variety of personal information about her from her Facebook friends. What are the plaintiffs' best cases in support of the argument that Facebook's disclosures on this point were inadequate? To the extent the plaintiffs contend this question can't be resolved at the pleading stage, what further factual development would be needed?

**IT IS SO ORDERED.**

Dated: January 31, 2019

_____
VINCE CHHABRIA
United States District Judge