Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Prioritized Defendant Facebook, Inc., and Non-Prioritized Defendants Mark Zuckerberg, and Sheryl Sandberg*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**RESPONSE OF DEFENDANT FACEBOOK, INC. TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTARY MATERIAL** |

Defendant Facebook, Inc. respectfully submits this response to Plaintiffs' Motion for Leave to File Supplementary Material regarding Facebook's pending motion to dismiss. Dkt. No. 290.

Plaintiffs have submitted the Ninth Circuit's recent opinion in *Patel v. Facebook, Inc.*, 2019 WL 3727424, ___ F.3d ___ (9th Cir. Aug. 8, 2019), in support of their opposition to Facebook's Motion to Dismiss Plaintiffs' First Amended Consolidated Complaint. *Id*. Facebook respectfully submits that *Patel* does not support—and actually undermines—Plaintiffs' position that they have Article III standing to bring their claims.

*Patel* concerns alleged violations of the Illinois Biometric Privacy Act (BIPA), a statute that imposes various requirements on private entities regarding the collection, retention, disclosure, and destruction of biometric information. The plaintiffs in that case allege that Facebook violated BIPA by using facial recognition technology on photographs of their faces without complying with certain notice-and-consent provisions contained in BIPA. *Patel*, 2019 WL 3727424, at *2-4.

The Ninth Circuit held that the plaintiffs in *Patel* had Article III standing to assert these claims. The Court "adopted a two-step approach to determine whether the violation of a statute causes a concrete injury" sufficient to create Article III standing. *Id*. at *4. First, the court asks "whether the statutory provisions at issue were established to protect [the plaintiff's] concrete interests (as opposed to purely procedural rights)." *Id*. If so, the court then asks "whether the specific procedural violations alleged in th[e] case actually harm, or present a material risk of harm to, such interests." *Id*.

Applying this two-step analysis, the Ninth Circuit concluded that the *Patel* plaintiffs had Article III standing to assert violations of BIPA. The Court first concluded that BIPA was established to protect a concrete interest because its purpose was "to protect individuals' 'biometric privacy,'" *id*. at *6, an invasion of which "'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit,'" *id*. at *5. Next, the Court held that the alleged BIPA violation violated a substantive statutory privacy interest—a conclusion

that rested largely on the plaintiffs' identification of specific personal information that the panel concluded fell within the definitions of materials protected by BIBA and that allegedly was collected in violation of the statute.  *Patel*,  2019 WL 3727424 at *6.

Facebook intends to petition for panel rehearing and rehearing en banc of the *Patel* panel's decision, including on the ground that the panel's analysis conflicts with the Supreme Court's decision in *Spokeo*, *Inc. v. Robins*, 136 S. Ct. 1540 (2016).  The mandate in *Patel* will not issue until Facebook's rehearing petition is resolved, Fed. R. App. P. 41(b), and until that time, the opinion "is not fixed as settled Ninth Circuit law."  *Natural Res. Def. Council, Inc. v. Cnty. of L.A.*, 725 F.3d 1194, 1204 (9th Cir. 2013); *Carver v. Lehman*, 558 F.3d 869, 878–79 (9th Cir. 2008) ("Until the mandate has issued, opinions can be, and regularly are, amended or withdrawn.")

In any case, the panel opinion in *Patel* actually undermines Plaintiffs' position that they have Article III standing to assert their claims in this action merely because they allege that their user data may have been shared with third parties.  *Patel* confirms that, for an alleged privacy injury to confer Article III standing, a plaintiff must be able to point to a specific statutory provision that protects an historically recognized privacy interest and then show that a violation of that provision actually has harmed or threatens to harm the substantive interest that the statute is designed to protect.

If parties were deemed to have suffered an "injury in fact" each time their privacy might have been compromised—as Plaintiffs suggest—then every data breach or data sharing case would be actionable and there would have been no reason for the Ninth Circuit to engage in this analysis and assess whether the alleged collection of specific biometric information (details about users' facial features) violated a statute designed to protect an historically recognized privacy interest.  Rather, the Ninth Circuit would have considered only whether the facial recognition technology at issue in *Patel* compromised users' privacy generally, rather than engaging in any further analysis of the BIPA statute.  But the Court did not do that—confirming that the alleged collection of data about users' facial features would not establish an injury in fact

absent allegations that a statutory provision protecting that data had been violated.

Plaintiffs do not allege that any similar statutorily-protected privacy interest has been violated here—much less a statutorily-protected privacy interest that has been "'traditionally … regarded as providing a basis for a lawsuit.'"  *Patel*, 2019 WL 3727424 at *5.  Plaintiffs simply urge that they have been harmed because their supposedly private user data may have been disclosed to others.

But given that the plaintiffs in *Patel* were able to prevail only by alleging the collection of a specific kind of data that the Court found violated the BIPA statute, the alleged disclosure of the unspecified user data at issue in this case cannot suffice to establish Article III standing.  Unlike the plaintiffs in *Patel*, Plaintiffs here have not identified any specific, private information that they shared with Facebook.  They also chose to share any such information at issue with third parties and explicitly consented for it to be shared with others, including third party apps.  *Patel* directly undermines any argument that Plaintiffs have Article III standing to assert their claims.

*Patel* also confirms that questions relating to Article III standing in the data privacy context are complex and continuing to evolve, and that the federal Courts of Appeals are continuing to grapple with these difficult issues.  Given the size and import of these consolidated actions and the significant threshold legal issues that they raise, if this Court is inclined to issue an opinion holding that Plaintiffs' alleged privacy injuries create an injury in fact sufficient to confer Article III standing in this case, the Court should certify the opinion for interlocutory review under 28 U.S.C. § 1292(b), as Facebook requested at the May 29, 2019 hearing on Facebook's motion to dismiss.

By:   */s/ Joshua S. Lipshutz*
       Joshua S. Lipshutz

*Attorney for Defendant Facebook, Inc.*