Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO RESPOND TO DEFENDANT FACEBOOK, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** |

## MOTION FOR LEAVE TO RESPOND

Facebook filed an argumentative brief (ECF No. 291) (the "Supplemental Brief") following Plaintiffs' Motion for Leave to Submit a Statement of Recent Decision (ECF No. 290) (the "Motion for Leave"). Should the Court not disregard Facebook's Supplemental Brief because it violates the Local Rules, Plaintiffs seek leave under Civil Local Rule 7-11 to respond.

Once a reply in support of a motion is filed, Civil Local Rule 7-3(d) prohibits parties from submitting any "additional memoranda, papers or letters . . . without prior Court approval." The only exception is for judicial opinions published after the opposition or reply, which parties may bring to the Court's attention "[b]efore the noticed hearing date" by filing a Statement of Recent Decision. Civil L.R. 7-3(d)(2). Such a Statement must be "without argument." *Id.*

Plaintiffs' Motion for Leave complied strictly with this Rule. Because the hearing on Facebook's motion to dismiss had already been held when the Ninth Circuit issued *Patel v. Facebook, Inc.*, 2019 WL 3727424, — F.3d — (9th Cir. Aug. 8, 2019), Plaintiffs sought Court approval to submit *Patel*. Civil L.R. 7-3(d). Plaintiffs also included no merits argument in their Motion for Leave, for if Civil Local Rule 7-3(d)(2) prohibits written argument on a recent decision before the noticed hearing date, such argument can be only less welcome after it.

Facebook's Supplemental Brief, by contrast, violates Rule 7-3(d), because it does not seek Court approval before arguing that *Patel* supports the merits of Facebook's motion to dismiss. *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 n.5 (N.D. Cal. 2011); *see also Brown v. Calvo*, No. C 04-04800 JSW, 2005 WL 850837 (N.D. Cal. Apr. 13, 2005). Courts in this district routinely decline to consider such argument where such leave is not sought. *See* Order re Defs.' Mots. to Dismiss at 4 n.2, *In re German Automotive Mfrs. Antitrust Litig.*, No. 3:17-md-027960-CRB (N.D. Cal. June 17, 2019), ECF No. 387 ("The Court will not consider Defendants' supplemental briefing on the press release . . . , as Defendants did not seek the Court's leave before filing the brief, as required. *See* Civil L.R. 7-3(d).").

The Supplemental Brief serves no proper purpose because it admits *Patel*'s relevance.

*See* Supplemental Brief at 3 ("[T]he panel opinion in *Patel* actually undermines Plaintiffs' position that they have Article III standing.").[1] Rather than oppose the Motion for Leave, the Supplemental Brief contains three pages of argument on standing issues already briefed. *See id.* at 2-4. It also falsely asserts that Plaintiffs do not allege that a "statutorily-protected privacy interest has been violated here." *Id.* at 4. In fact, Plaintiffs allege that Facebook violated the privacy interests protected by the Video Privacy Protection Act ("VPPA") and the Stored Communications Act ("SCA"). *See* First Amended Complaint, ¶¶ 829 – 858 (SCA); ¶¶ 859-875 (VPPA), ECF No. 257. Curiously, Facebook even argues that if the Court concludes that Plaintiffs have Article III standing, the Court should certify its order for immediate appeal under 28 U.S.C. § 1292(b). This request for certification is procedurally improper, both because it does not oppose Plaintiffs' Motion for Leave and because it seeks certification of an order not yet issued.

Facebook's Supplemental Brief violates Civil Local Rule 7-3. It should be ignored. If the Court is inclined to consider it, Plaintiffs respectfully seek an opportunity to brief the applicability of *Patel* and to otherwise respond to Facebook's arguments.

---

[1] If *Patel* truly supported Facebook's motion to dismiss, it is odd that Facebook did not rush to submit the decision to the Court itself.

Dated: August 29, 2019                                    Respectfully submitted,


KELLER ROHRBACK L.L.P.                        BLEICHMAR FONTI & AULD LLP

By:    */s/ Derek W. Loeser*                         By:    */s/ Lesley E. Weaver*
        Derek W. Loeser                                          Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)        Lesley E. Weaver (SBN 191305)
Lynn Lincoln Sarko (admitted *pro hac vice*)     Anne K. Davis (SBN 267909)
Gretchen Freeman Cappio (admitted *pro hac vice*)  Joshua D. Samra (SBN 313050)
Cari Campen Laufenberg (admitted *pro hac vice*)   555 12th Street, Suite 1600
Benjamin Gould (SBN 250630)                       Oakland, CA 94607
1201 Third Avenue, Suite 3200                     Tel.: (415) 445-4003
Seattle, WA 98101                                 Fax: (415) 445-4020
Tel.: (206) 623-1900                              lweaver@bfalaw.com
Fax: (206) 623-3384                               adavis@bfalaw.com
dloeser@kellerrohrback.com                        jsamra@bfalaw.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com
bgould@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*


**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been

obtained from the other signatory. I declare under penalty of perjury that the foregoing is true

and correct.

Executed this 29th day of August, 2019, at Oakland, California.


                                        /s/ *Lesley E. Weaver*
                                        Lesley E. Weaver

**CERTIFICATE OF SERVICE**

I, Lesley E. Weaver, hereby certify that on August 29, 2019, I electronically filed the

foregoing with the Clerk of the United States District Court for the Northern District of

California using the CM/ECF system, which shall send electronic notification to all counsel of

record.

/s/ *Lesley E. Weaver*
Lesley E. Weaver