Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC<br><br>**MDL PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 3-12 TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:  Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor |
| This document relates to:<br>ALL ACTIONS | |
| IBRAHIM HASSAN ET AL., individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>FACEBOOK, INC.,<br><br>        Defendant. | Case No. 3:19-cv-01003-JST<br>**PROPOSED CASE TO BE RELATED** |

ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES
SHOULD BE RELATED

MDL No. 2843
CASE NO. 18-MD-02843-VC
CASE NO. 3:19-CV-01003-JST

## I.     INTRODUCTION

Pursuant to Civil Local Rules 3-12 and 7-11, and because they raise substantially similar issues of fact and law, Plaintiffs in *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, No. 3:18-cv-02843 (the "MDL"), move the Court to consider whether the action *Hassan v. Facebook, Inc.*, No. 19-cv-01003-JT should be related to the MDL.

## II.     STATEMENT OF FACTS

Civil Local Rule 3-12(b) provides that "[w]henever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District . . . the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." Co-lead Counsel became aware of the *Hassan* matter on August 20, 2019. *See* Declaration of Lesley Weaver in Support of MDL Plaintiffs' Administrative Motion to Consider Whether Cases Should be Related ("Weaver Decl."), ¶ 3.

The MDL arises from revelations in March 2018 that up to 87 million Facebook users had their information harvested by the data-mining firm Cambridge Analytica, calling into question whether Facebook's business agreements with third party entities made user content and information available to them, to Facebook's gain, in contradiction of Facebook's user agreements. On March 20, 2018, the first complaint was filed against Facebook following this news. Twenty-nine complaints followed. On June 6, 2018, the JPML transferred all 30 actions to this Court. Since that time, other cases alleging claims against Facebook over the "mishandling of users' information in its arrangements with third parties" have continued to be related to the MDL. Order to Relate Cases, MDL, ECF No. 161 (relating *Rankins v. Facebook, Inc.*, No. 3:18-cv-05350-VC (N.D. Cal.), and *Hwang v. Facebook, Inc.*, No. 3:18-cv-05357-JSW (N.D. Cal.)).

On February 22, 2019, the MDL Plaintiffs filed a First Amended Consolidated Complaint (ECF No. 257) ("FAC") alleging that Facebook sold access to users' private information to app developers, whitelisted apps, and business partners without users' consent. The same day, the

*Hassan* plaintiffs filed a *pro se* action in this district alleging that Facebook sold third parties access to plaintiffs' personal information without their knowledge or consent. *Hassan*, ECF No. 35. Defendant Facebook was served with the *Hassan* complaint on March 4, 2019. *See* Stipulated Mot. to Extend Time, ECF No. 25. Facebook has been actively litigating *Hassan* since then. After entering multiple stipulations to extend its time to respond, on April 15, 2019, Facebook moved to dismiss the *Hassan* complaint. ECF No. 14. An opposition and a reply were filed in July 2019 (ECF Nos. 29, 30). Facebook has not sought to relate *Hassan* to the MDL.

On July 23, 2019, Judge Tigar dismissed the *Hassan* complaint but granted the plaintiffs leave to amend two of their three claims.[1] On August 23, 2019, the *Hassan* plaintiffs filed an Amended Complaint, alleging that Defendant Facebook sold and gave third parties access to plaintiffs' personal information without their consent. *See* Weaver Decl., Ex. 1, ¶¶ 6, 8. The Amended Complaint, like the February complaint, raises substantially the same allegations to the MDL litigation. *Compare id.* ¶ 7 ("Defendant Facebook has been selling access of our 'personally identifiable information' for its own monetary gain, using and abusing our trust"), *with* FAC ¶ 747 ("Facebook impermissibly collected and curated Plaintiffs' content and information and then sold access to thousands of third parties without Plaintiffs' knowledge or consent"). The Amended Complaint also contains similar allegations about plaintiffs' reliance on Facebook's privacy settings. *Compare* Weaver Decl., Ex. 1, ¶ 7, *with* FAC ¶¶ 27-263.

In compliance with Local Rule 7-11, plaintiffs have conferred with the pro se plaintiffs from *Hassan*, both by sending an email providing them with the Local Rule, and also by conferring with their representative telephonically on multiple occasions. Weaver Decl. ¶¶ 5-7. As of the date of this filing, *Hassan* plaintiffs have indicated that they will oppose this motion. *Id.* ¶ 8. Plaintiffs also conferred with Facebook's MDL counsel, and with Facebook's *Hassan* counsel. *Id.* ¶ 9. Both Facebook's MDL counsel and its *Hassan* counsel stated that Defendant

---

[1] *Hassan v. Facebook, Inc.,* No. 19-CV-01003-JST, 2019 WL 3302721 (N.D. Cal. July 23, 2019). Judge Tigar dismissed with prejudice one of *Hassan* plaintiffs' claim that under the Federal Trade Commission Act because "the FTC Act does not create a private right of action." *Id.* at *2.

Facebook has no objection to the filing of this Administrative Motion. *Id.*

### III.    ARGUMENT

Under Civil Local Rule 3-12, an "action is related to another when: (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a). Under this Rule, *Hassan* is related to the MDL.

The *Hassan* action and the MDL concern substantially the same transactions and events. The MDL alleges that Facebook sold access to Plaintiffs' content and information to thousands of third parties without Plaintiffs' knowledge or consent. FAC ¶¶ 377-83, 406-15, 483-517, 550, 563-68, 585, 593-95, 599, 600-04, 613-15, 747. The *Hassan* action likewise alleges that Facebook "has agreements with other parties for its own financial gain while using our personal information that identifies us as individuals," and that Facebook shared the *Hassan* plaintiffs' personal information with those third parties without notification or consent. Weaver Decl., Ex. 1, ¶ 6. Indeed, the two actions contain overlapping allegations about the *identity* of these third parties—both allege that Facebook improperly allowed Cambridge Analytica and a wide range of advertisers to access user data. *Compare* FAC ¶¶ 443-71, 603-07, *with* Weaver Decl., Ex. 1, ¶¶ 13, 21. Similarly, the two actions overlap as to the kind of content and information to which Facebook sold access. *Compare* FAC ¶¶ 30, 38, 46, 54, 55, 63, 71, 80, 88, 96, 107, 115, 123, 131, 139, 147, 155, 163, 171, 179, 190, 197, 205, 214, 221, 229, 237, 248, 259, 513, 516, 748 (photos, videos, location, private messages, relationships, likes, and religious and political beliefs, among other things), *with* Weaver Decl., Ex. 1, ¶ 16 (posts, photos, videos, likes, friends, messages, profile information, and location, among other things). Both the MDL and *Hassan* allege that Facebook's privacy settings misled the plaintiffs about third-party access. *Compare* FAC ¶¶ 27-263 (alleging that plaintiffs were not aware of and did not understand that Facebook's privacy settings did not limit access by third parties), *with* Weaver Decl., Ex. 1, ¶ 7

("We, the Plaintiffs relied on Facebook's deceptive settings and statements to restrict the sharing of our information when, in fact, third-party developers could still access and collect our data.").

Further, the *Hassan* plaintiffs' two remaining claims entirely overlap with prioritized claims V (Invasion of Privacy) and VI (Breach of Contract) currently being litigated in the MDL. *Compare* FAC ¶¶ 923-50, *with* Weaver Decl., Ex. 1, ¶ 6 ("Facebook violated 'Invasion of Privacy' and 'Breach of Contract' while collecting, maintaining, and tracking information from the plaintiffs to be sold and given access to third parties without the plaintiffs' consent."), *and id.* ¶¶ 11-22. Thus, the *Hassan* plaintiffs are unnamed class members to the MDL proceeding.

Given the factual and legal similarities between *Hassan* and the MDL, relation is proper here to prevent "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(12).

## IV.    CONCLUSION

Because the law and facts substantially overlap, Co-Lead Counsel respectfully ask the Court to order the above-captioned cases related.

Dated: September 4, 2019                                    Respectfully submitted,


KELLER ROHRBACK L.L.P.                        BLEICHMAR FONTI & AULD LLP

By:    */s/ Derek W. Loeser*                          By:    */s/ Lesley E. Weaver*
          Derek W. Loeser                                          Lesley E. Weaver


Derek W. Loeser (admitted *pro hac vice*)          Lesley E. Weaver (SBN 191305)
Lynn Lincoln Sarko (admitted *pro hac vice*)       Anne K. Davis (SBN 267909)
Gretchen Freeman Cappio (admitted *pro hac vice*)  Joshua D. Samra (SBN 313050)
Cari Campen Laufenberg (admitted *pro hac vice*)   555 12th Street, Suite 1600
Benjamin Gould (SBN 250630)                        Oakland, CA 94607
1201 Third Avenue, Suite 3200                      Tel.: (415) 445-4003
Seattle, WA 98101                                  Fax: (415) 445-4020
Tel.: (206) 623-1900                               lweaver@bfalaw.com
Fax: (206) 623-3384                                adavis@bfalaw.com
dloeser@kellerrohrback.com                         jsamra@bfalaw.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com
bgould@kellerrohrback.com


Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com


*Plaintiffs' Co-Lead Counsel*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of September, 2019, at Oakland, California.

/s/ *Lesley E. Weaver*
Lesley E. Weaver

**CERTIFICATE OF SERVICE**

I, Lesley E. Weaver, hereby certify that on September 4, 2019, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

/s/ *Lesley E. Weaver*
Lesley E. Weaver