# EXHIBIT 1

1  Your name: Ibrahim Hassan

2  Address: Las Vegas, NV, 89128

3  
4  Your name: Anjeza Hassan

   Address: Las Vegas, NV, 89128
5  
6  Your name: Kosta Hysa

7  Address: Waterford, MI, 48327

8  
9  Your name: Mirela Hysa

   Address: Las Vegas, NV, 89128
10 
   Pro Se Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

*San Francisco*

| | |
|---|---|
| IBRAHIM HASSAN, ANJEZA HASSAN, KOSTA HYSA, AND MIRELA HYSA | Case Number: 19-cv-01003-JST |
| Plaintiff(s), | AMENDED COMPLAINT |
| vs. | Judge: Jon S. Tigar |
| FACEBOOK INC. | |
| 1601 Willow Road | |
| Menlo Park, CA 94025 | |
| Defendant(s). | |

1. Plaintiffs: **Ibrahim Hassan**, Las Vegas NV 89128, **Anjeza Hassan**, Las Vegas NV 89128, **Kosta Hysa**, Waterford. MI 48327, and **Mirela Hysa** Las Vegas, NV 89128

Page **1** of **8**

TITLE OF DOCUMENT: Amended Complaint      CASE NO.: 19-cv-01003-JST

2. Defendant: **Facebook, Inc** 1601 Willow Road, Menlo Park, CA 94025

JURISDICTION

3. Our case belongs in federal court under federal question jurisdiction because it involves a federal law or right: "Invasion of Privacy" and "Breach of Contract".

Under Diversity jurisdiction because none of the plaintiffs live in the same state as any of the defendants and the amount of the damages is more than $75,000.

VENUE

4. Venue is appropriate in this court because: a substantial part of the events we are suing about happened in this district, and at least one defendant is located in this District and any other defendant are located in California.

INTRADISTRICT ASSIGNMENT

5. Because this lawsuit arose in San Mateo County, it should be assigned to the San Francisco/Oakland Division of this Court.

INTRODUCTION

6. Plaintiffs, Ibrahim Hassan, Anjeza Hassan, Kosta Hysa, and Mirela Hysa, on behalf of ourselves allege the following against Defendant Facebook, Inc ('Facebook"). Facebook violated "Invasion of Privacy" and "Breach of Contract" while collecting, maintaining, and tracking information from the plaintiffs to be sold and given access to third parties without the plaintiffs' consent. Defendant has agreements with other parties for its own financial gain while using our personal information that identifies us as individuals such as: our names, our home addresses, our locations, our conversations, our pictures, our everyday lives that we trusted the defendant with when we opened our Facebook accounts between 2007 and 2009. We as "users" are not notified or asked for consent about the nature of the companies whom defendant decides to share our information. We are blinded and misinformed with the details of how Defendant Facebook

Page **2** of **8**

TITLE OF DOCUMENT:  Amended Complaint          CASE NO.: 19-cv-01003-JST

decided to sell access to our information. Each one of the Plaintiff has its own Facebook and Messenger "A Facebook Product" accounts.

7. Based on all publicity, media, current and previous news articles, government investigations, former employees' testimonials, lawsuits, we can clearly see that Defendant Facebook has been selling access of our "personally identifiable information" for its own monetary gain, using and abusing our trust. We, the Plaintiffs relied on Facebook's deceptive settings and statements to restrict the sharing of our information when, in fact, third-party developers could still access and collect our data. Defendant has the power to control and manipulate its "user".

8. On or about December 2009, The Federal Trade Commission prohibited Facebook from misrepresenting the extend to which it maintains the privacy and security of "**covered information**" identifies as "information from or about and individual consumer, including but not limited to: a) a first and last name: b) a home or other physical address, including street name and name of city or town: c)an email address or other online contact information such as an instant messaging user identifier or screen name: d) a mobile or other telephone number: e) photos and videos; f) internet Protocol "IP" address, User ID or other persistent identifiers: g) any information combined with any of (a) through (g) above.

9. On or about July 2019, the Federal Trade Commission alleges that Facebook violated the law by failing to protect data from third parties, serving ads through the use of phone numbers provided for security, and lying to users that its facial recognition software was turned off by default. Facebook will pay $5 billion, the second-largest fine ever levied by the FTC. Facebook's violations were a direct result of the company's behavioral advertising business model. Facebook violated the FTC's order by deceiving its users and allowing pay-for-play data harvesting by developers. The company's behavioral advertising business, which monetizes user behavior through mass surveillance, contributed to these violations. Since Facebook was able to generate revenue or profits through its illegal acts, the FTC can seek the forfeiture of these gains, and if anything of value was taken from consumers, this value can be refunded or redressed.

Page **3** of **8**

TITLE OF DOCUMENT:  Amended Complaint           CASE NO.: 19-cv-01003-JST

10. During the years of Facebook's continuous alleged lawlessness, its gross annual revenue increased from $5 billion to over $56 billion. Facebook's collection and use of personal data have grown in unprecedented, unchecked, and often unseen ways.

### CLAIM I: INVASION OF PRIVACY

11. One of the Privacy Laws of the United States is the Invasion of Privacy. Invasion of Privacy is the intrusion into the personal life of another. It encompasses internet privacy, data collecting, and other means of disseminating private information. Public Disclosure of private facts laws protect our right to keep the details of our private life from becoming public information. Legal definition of "Invasion of Privacy": the tort of unjustifiably intruding upon another's right to privacy by appropriating his or her name or likeness, by unreasonably interfering with his or her seclusion, by publicizing information about his or her private affairs that a reasonable person would find objectionable.

12. California's state constitution guarantees the right of privacy to every state citizen (*Cal Const. Art. I Sec. 1*). California recognizes all four common-law invasion of privacy claims: a) intrusion upon solitude or seclusion, b) public disclosure of private facts (e.g., unreasonable publicity given to one's private life), c) false-light privacy (e.g., publicity that normally places the other in a false light before the public), and appropriation of one's name or likeness.

**Public Disclosure**

13. On a report provided by the Defendant Facebook in the "users" profile under "**setting, access your information, information about you, ads, advertisers who uploaded a contact list with your information**" shows about "49 long pages" (see Exhibit A) of advertisers who uploaded the Plaintiff's "Anjeza Hassan" information that was provided and allowed access from Facebook. All plaintiffs are subject to this option in the "users" profile. The number of advertisers are about 19-20 per page, bringing to a total about "931-980" different companies that plaintiff "Anjeza" has not give any authorization or had any business doing with these particular business. On the other hand, Defendant Facebook has agreements and provides

Page **4** of **8**

TITLE OF DOCUMENT: Amended Complaint        CASE NO.: 19-cv-01003-JST

"our" information without consent for its own financial gain. These are some of the places and people "public" to whom Facebook has sold access to our information. Publicity "means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge" as the defendant did in this case. Defendant could possibly shared and sold access to our information since we have opened the accounts. Knowing the reputation and real intentions of the defendant "that it prioritizes its own product agenda and financial gain over the safety and privacy of its users". Defendant does not disclose how it allows third parties to obtain our personal information.

## Private Information

14. The Federal Trade Commission prohibited Facebook from misrepresenting the extent to which it maintains the privacy and security of "**covered information**" identifies as "information from or about and individual consumer, including but not limited to: a) a first and last name: b) a home or other physical address, including street name and name of city or town: c) an email address or other online contact information such as an instant messaging user identifier or screen name: d) a mobile or other telephone number: e) photos and videos; f) internet Protocol "IP" address, User ID or other persistent identifiers: g) any information combined with any of (a) through (g) above.

15. Defendant collects, maintains, and sells access to all of the above information from us the "users" defining as "personal information" and "covered information "such as: physical address (see Exhibit B), IP address of days and times logged in (see Exhibit B), address phone book and numbers( see Exhibit C), photos and videos from messenger, as it was promised by Facebook that will be secured and safe. We, Plaintiffs relied on Facebook's promises, if we were aware that the defendant did not have the ability to keep our personal information safe and not sell access for its financial benefit, we would never have opened accounts "Facebook profiles" with the Defendant Facebook.

Page **5** of **8**

TITLE OF DOCUMENT: Amended Complaint          CASE NO.: 19-cv-01003-JST

16. Defendant collects and stores all information and activities for its "users". These information are also used to be shared, giving access to be sold to other companies, third parties, advertisers (see Exhibit A) that Facebook has agreements with for its own profit gain. Information such as but not limited to: posts, photos and videos, comments, likes and reactions, friends, stories, following and followers, messages, groups, events, profile information, pages, marketplace, saved items and collections, places, ads, search history, locations, calls and messages, security and login information. All plaintiffs are subject to this under "user's settings, download your information". These are private content and personal information that are used for financial gain from the defendant without the authorization and consent from the Plaintiffs

17. We "Plaintiffs" face risks from predatory conduct due to Facebook's failure to secure our personal content, including the sale of our content and information on the dark web. Facebook has placed the burden of mitigating the risk of identity theft and fraud on 'us" Plaintiffs.

## CLAIM II: BREACH OF CONTRACT

18. Plaintiffs incorporate by reference all allegations of this complaint as though fully set forth herein.

19. Facebooks "Terms Of Service"(see Exhibit D) paragraph three "The permission you give us"states: "**You own the content you create and share on Facebook and the other Facebook Products you use, and nothing in these Terms takes away the rights you have to your own content**". Facebook has taken away the right of our content by selling it without our authorization and consent. Facebook agreed and promised to protect the content and information, and that users' content and information would not be shared with advertisers (see Exhibit A) and other third parties without affirmative consent. Likewise, these same terms of service informed users that their privacy setting would control who had access to their content and information, but this was untrue.

TITLE OF DOCUMENT:  Amended Complaint            CASE NO.: 19-cv-01003-JST

20. Facebook "Terms of service" paragraph one "Our Services" states: "**Our partners pay us to show their content to you … everything else you see on our Products".** This clearly shows breach of contract since Facebook got paid for selling "giving out users content" to defendant's partners. Instead of just showing us the "user" its partners content, Defendant sold access to partners, third parties, advertisers for its own financial gain.

21. Defendant states per its contract and promises that our information are safe "**We use and develop advanced technologies…so that people can use our Products safely...**" Defendant violated its contract by not being able to police and control its own protocol.

For example, Facebook has said it believes that up to 87 million users' data was improperly shared with Cambridge Analytica.

22. Facebook generates billions of dollars in revenues through targeted advertising delivered to third parties, through the collection and aggregation of Facebook's user data. As a result of the breach, Plaintiffs have been harmed and have suffered damages by losing the value, ownership, control, privacy of our content and information as mentioned herein.

## DEMAND FOR RELIEF

23. We, "Plaintiffs" repeat, reallege, and incorporate by reference the allegations contained in paragraphs 1 through 23 as though fully stated herein. As the result, but not limited to, Defendant's Violation of Privacy, and Breach of Contract of our personal data that we relied, trusted, and provided to Defendant, we the "Plaintiffs" respectfully request this Court to grand relief against Defendant Facebook Inc as followed: Order the Defendant to restitution in the amount of $5,000,000 (five million dollars) in sum. The sum to be awarded to the Plaintiffs individually in the amount of $1,250,000 (one million, two hundred fifty thousand dollars) to cover all losses, risks, current and future damages cause by the Defendant Facebook.

Page **7** of **8**

TITLE OF DOCUMENT: Amended Complaint          CASE NO.: 19-cv-01003-JST

DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues.

Respectfully Submitted,

Date: 8/23/2019

Sign Name: /s/ Ibrahim Hassan

Print Name: IBRAHIM HASSAN

Sign Name: /s/ Anjeza Hassan

Print Name: ANJEZA HASSAN

Sign Name: /s/ Kosta Hysa

Print Name: KOSTA HYSA

Sign Name:/s/ Mirela Hysa

Print Name: MIRELA HYSA

Page **8** of **8**

TITLE OF DOCUMENT: Amended Complaint          CASE NO.: 19-cv-01003-JST