Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Prioritized Defendant Facebook, Inc., and Non-Prioritized Defendants Mark Zuckerberg, and Sheryl Sandberg*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DEFENDANT FACEBOOK, INC.'S ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 3-12 TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| ROBERT ZIMMERMAN, and UXOR PRESS<br>               Plaintiffs,<br>    v.<br>FACEBOOK, INC., MARK ZUCKERBERG, SHERYL SANDBERG, JOHN and JANE DOES<br>               Defendants. | CASE NO. 3:19-cv-04591-WHO<br><br>**PROPOSED CASE TO BE RELATED** |

Facebook, Inc. submits this Administrative Motion under Civil Local Rules 3-12 and 7-11 to give notice that the action *Zimmerman v. Facebook, Inc.*, No. 3:19-cv-04591-WHO, filed in this District on August 7, 2019 and pending before the Honorable William H. Orrick is "related" as the term is used in the Civil Local Rules to *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, No. 3:18-md-02843 (the "MDL"), currently pending before this Court. Because *Zimmerman* raises substantially similar issues of fact and law, it should be deemed related to the MDL and assigned to this Court.

## I. INTRODUCTION

Civil Local Rule 3-12(b) provides that "[w]henever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District . . . , the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related[.]" *Zimmerman* and the MDL "concern substantially the same parties, property, transaction, or event." Civ. L.R. 3-12(a)(1). The plaintiffs in *Zimmerman* are unnamed putative class members in the MDL, and both cases bring claims regarding Facebook's handling of its account holders' data in view of reports that Cambridge Analytica improperly obtained such data. This Court has overseen the MDL for more than a year and is familiar with the substantive issues relevant to *Zimmerman*. Conducting these cases before different judges would result in "an unduly burdensome duplication of labor and expense" for both the judiciary and the parties and could produce "conflicting results." Civ. L.R. 3-12(a)(2). In order to ensure the efficient resolution of the issues in these actions, *Zimmerman* should be deemed related to the MDL.

## II. STATEMENT OF FACTS

The cases comprising the MDL arose in the wake of news reports that Cambridge Analytica improperly obtained data regarding Facebook account holders and allegedly used that data for political advertising during the 2016 Presidential election. On June 6, 2018, the Judicial Panel on Multidistrict Litigation transferred all 30 then-pending actions to this Court. As more cases purporting to challenge Facebook's alleged "mishandling of users' information in its

arrangements with third parties" have been filed, they have routinely been related to the MDL. Order to Relate Cases, MDL, ECF No. 161 (relating *Rankins v. Facebook, Inc.*, No. 3:18-cv-05350-VC (N.D. Cal.) and *Hwang v. Facebook, Inc.*, No. 3:18-cv-05357-JSW (N.D. Cal.)).

In *Zimmerman*, Plaintiffs Robert Zimmerman and Uxor Press (an incorporated publishing business allegedly wholly owned by Zimmerman, *see* Lipshutz Decl., Ex. 1 ¶ 27), allege that Facebook unlawfully sold and gave third parties access to Plaintiffs' and other users' information. *See, e.g.*, *id.* ¶¶ 39–43. The Complaint in *Zimmerman* raises substantially the same allegations against Facebook as those raised in the MDL. *Compare, e.g. id.* ¶ 42 ("Since approximately 2008, without the knowledge or permission of their users, FB encouraged and allowed numerous third-parties to download FB user[s]' information[.]") ¶ 43 ("FB also traded or sold unfettered access to Plaintiff's users' information to numerous individuals, businesses and governmental agencies.") *with* FAC ¶ 747 ("Facebook impermissibly collected and curated Plaintiffs' content and information and then sold access to thousands of third parties without Plaintiffs' knowledge or consent.").

In Compliance with Local Rule 7-11, Facebook has conferred with the pro se plaintiffs in *Zimmerman* via telephone and email. Lipshutz Decl. ¶ 5. As of the date of this filing, the *Zimmerman* plaintiffs have indicated they will oppose this motion. *Id.* ¶ 6. Facebook has also conferred with counsel for the MDL plaintiffs, and they have stated that they have no objection to the filing of this Administrative Motion. *Id.* ¶ 7.

### III. ARGUMENT

Civil Local Rule 3-12 provides that "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." *Zimmerman* satisfies both requirements and is accordingly related to the MDL.

*Zimmerman* and the MDL "concern substantially the same parties, . . . transaction, or event" because the plaintiffs in both actions allege that Facebook sold or granted to third parties

access to Facebook account holders' content and information without the plaintiffs' knowledge or consent.  The First Amended Consolidated Complaint in the MDL details at length Plaintiffs' contentions regarding Facebook's allegedly unlawful handling of their data.  *See, e.g*, FAC ¶¶ 377–83, 406–15, 483–517, 550, 563–68, 585, 593–95, 599, 600–04, 613–15, 747.  The *Zimmerman* Complaint likewise alleges that Facebook "set about collecting, storing and supplementing and aggregating [users' public and private] information and then selling and trading unfettered access to that information to its business partners and numerous other third parties."  Ex. 1 ¶ 45.  It further asserts that Facebook "never" obtained consent from its users and that "the vast majority of FB's billions of users are not aware of how FB is exploiting their information[.]"  *Id.* ¶¶ 46–47.

Just as in the MDL, *see* FAC ¶¶ 443–71, 603–07, the plaintiffs in *Zimmerman* point specifically to Cambridge Analytica and certain advertisers and business partners as the supposed improper recipients of their user data.  The *Zimmerman* plaintiffs allege that Facebook "fail[ed] to detect and prevent the plunder of its user[s]' information by Cambridge Analytica[,]" Ex. 1 ¶ 175, and that they "believe they are among the millions of Americans whose FB user[] information was plundered by Cambridge Analytica," *id.* ¶ 270.  Both actions allege that Facebook's statements about users' privacy settings were misleading and failed to adequately disclose the potential for third party access to certain user information.  *Compare* FAC ¶¶ 338–89 (alleging that "Facebook's Privacy Controls purported to give users control over who could see their content and information" but that "these 'Privacy Controls' did not control what third-party applications or Business Partners could see") *with* Ex. 1 ¶¶ 49–52 (alleging Facebook "misled prospective users into believing that they controlled their FB user[] information through certain privacy settings and other FB tools" but that "these privacy settings and other tools did not prevent access by numerous third-parties"), ¶¶ 127, 282–85 (same).  And both actions assert that Facebook's conduct affected the 2016 United States Presidential election.  *Compare* FAC ¶¶ 751–64 (alleging third parties used Facebook user information to deliver advertisements to voters in connection with the 2016 election) *with* Ex. 1 ¶¶ 192–202 (alleging user information

was misused in connection with the 2016 election).

*Zimmerman* and the MDL overlap not just with respect to the underlying factual allegations, but also with respect to core legal issues. Plaintiffs in the two cases assert substantially the same causes of action. For example, the complaints in both cases bring claims for unjust enrichment (FAC ¶¶ 1033–42; Ex. 1 ¶¶ 567–73), breach of the implied covenant of good faith and fair dealing (FAC ¶¶ 1017–1032; Ex. 1 ¶¶ 627–37), invasion of privacy (FAC ¶¶ 923–35; Ex. 1 ¶¶ 638–58), conversion (FAC ¶¶ 1241–45; Ex. 1 ¶¶ 659–70), negligence and gross negligence (FAC ¶¶ 951–68; Ex. 1 ¶¶ 671–707), negligent and fraudulent misrepresentation (FAC ¶¶ 1219–34; Ex. 1 ¶¶ 708–16), breach of contract (FAC ¶¶ 936–50; Ex. 1 ¶¶ 717–31), deceit by concealment or omission (FAC ¶¶ 877–911; Ex. 1 ¶¶ 751–808), willful or intentional misrepresentation (FAC ¶¶ 1424–33; Ex. 1 ¶¶ 815–26), civil RICO violations (FAC ¶¶ 1191–1209; Ex. 1 ¶¶ 827–44), violation of the Stored Communications Act (FAC ¶¶ 829–58; Ex. 1 ¶¶ 845–74), violation of California's Computer Data Access and Fraud Act (FAC ¶¶ 1279–88; Ex. 1 ¶¶ 875–83), and violation of California's Unfair Competition Law (FAC ¶¶ 969–92; Ex. 1 ¶¶ 884–922). Moreover, the putative class defined in the MDL consists of "all Facebook users in the United States and in the United Kingdom whose content and information . . . was collected by Facebook and published and/or disclosed to third parties without their authorization or consent[.]" FAC ¶ 817. The *Zimmerman* plaintiffs are members of this putative class, as they allege that they were Facebook users, based in North Carolina, and that third parties, including Cambridge Analytica, were improperly granted access to their information. *See, e.g.* Ex. 1 ¶¶ 38–40, 43, 561–62.

This Court has overseen the MDL for more than a year. During this time, the Court has become intimately familiar with the factual and legal issues underlying the *Zimmerman* Complaint, and it has digested hundreds of pages of briefing, conducted lengthy hearings, and issued substantive rulings regarding the precise issues that the *Zimmerman* plaintiffs raise. Given the considerable factual and legal overlap between *Zimmerman* and the MDL, and the substantial judicial resources invested already in addressing the factual and legal questions at the

4

DEFENDANT FACEBOOK, INC.'S ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 3-12 TO CONSIDER WHETHER CASES SHOULD BE RELATED – CASE NO. 3:18-md-02843-VC

heart of these claims, relation is not only proper but necessary to avoid "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L-R. 3-12(a)(2).

## IV. CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Court order *Zimmerman* related to the MDL and assign it to this Court.

DATE:  September 23, 2019

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:  */s/  Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Prioritized Defendant Facebook, Inc., and Non-Prioritized Defendants Mark Zuckerberg, and Sheryl Sandberg*

## CERTIFICATE OF SERVICE

I, Orin Snyder, hereby certify that on September 23, 2019, I caused the foregoing to be electronically filed with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

Pursuant to Civil Local Rule 3-12, I further caused to be served true and correct copies of the foregoing to be served via U.S. Mail on plaintiffs in the apparently related action as set forth below:

Robert Zimmerman
329 Sandpiper Lane
Hampstead, NC 28443
Telephone: (910) 232-8990
bobzimmerman@usa.com

Uxor Press c/o Robert Zimmerman
329 Sandpiper Lane
Hampstead, NC 28443
Telephone: (910) 232-8990
bobzimmerman@usa.com


 /s/ Orin Snyder
Orin Snyder