FILED

OCT 28 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT
# IN THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

IN RE: FACEBOOK INC. CONSUMER
PRIVACY USER PROFILE
LITIGATION

**CASE NO: 3:18-MD-02843-VC**

**FIRST CASE MANAGEMENT STATEMENT**

**RESPECTFULLY REQUESTED:**
  **(1) TELEPHONIC APPEARANCE,**
  **(2) EXPEDITED SCHEDULING,**
  **(3) A PRELIMINARY INJUNCTION &**
  **(4)  SANCTIONS**

**PLAINTIFF ROBERT ZIMMERMAN AND
UXOR PRESS'S CASE MANAGEMENT
STATEMENT WITH REGARD TO
DEFENDANT FACEBOOK INC.'S
ADMINISTRATIVE MOTION TO RELATE
CASE NO. 3:19-cv-04591-WHO
TO CASE NO. 3:18-md-02843-VC**

Robert Zimmerman, and  Uxor Press
                     Plaintiffs,


             v.


Facebook, Inc., Mark Zuckerberg,
Sheryl Sandberg, John and Jane Does
                     Defendants.

---

FIRST CASE MANAGEMENT STATEMENT FOR PLAINTIFF ROBERT ZIMMERMAN AND UXOR PRESS
PURSUANT TO CIVIL LOCAL RULE 3-12 TO CONSIDER WHETHER CASE NO. 3:19-cv-04591-WHO
SHOULD BE RELATED AND TRANSFERRED TO CASE NO. 3:18-md-02843-VC

Pursuant to the Court's Order dated and filed on October 9, 2019, Doc No. 19 of Case No. 3:19-cv-04591-WHO, setting, what is for Plaintiffs Robert Zimmerman and Uxor Press a first case management conference on November 4, 2019 to determine whether Plaintiff's lawsuit should be consolidated into the MDL and whatever other matters the Court opts to address.

## PLAINTIFF'S LAWSUIT SHOULD NOT BE CONSOLIDATED INTO THE MDL

1. Given the fact that Facebook's counsel in this MDL action (Gibson, Dunn & Crutcher LLP) intentionally and recklessly failed to file a Notice of Appearance or serve Plaintiffs with a Notice of Motion and Motion to consolidate Plaintiff's lawsuit into the MDL in the Court of initial jurisdiction, where Plaintiffs filed their Complaint on August 7, 2019 (Case No. 3:19-cv-04591-WHO), this Court may consider appropriate sanctions against Gibson, Dunn & Crutcher LLP and deny their motion for consolidation.

2. Also, Plaintiff Uxor Press is not a corporation as asserted on page 2 of Facebook's Administrative Motion to Relate lawsuits as filed with this Court on September 23, 2019. Rather, Uxor Press is a d/b/a wholly owned by Robert Zimmerman and has been such for approximately 40 years.

   Also on page 2, Facebook states: "The [Zimmerman] Complaint raises substantially the same allegations against Facebook as those raised in the MDL." ("Since approximately2008, without the knowledge or permission of their users, FB encouraged and allowed numerous third-parties to download FB user[s]'information. (" FB traded or sold unfettered access to Plaintiff's user information to numerous individuals, businesses

-2-

and governmental agencies.") (Facebook impermissibly collected and curated Plaintiffs' content and information and then sold access to thousands of third parties without Plaintiffs' knowledge or consent.") These Facebook statements, as above, and others offer conclusive proof that Plaintiff's lawsuit did not stem, as Facebook has stated, from the "Cambridge Analytica scandal" because there was no Cambridge Analytica in 2008 and the scandal was not revealed until 2018.

3. Facebook has entirely failed to establish that their effort to consolidate Plaintiffs lawsuit into the MDL is nothing more than a blatant attempt to delay resolution of Plaintiffs' lawsuit for an indefinite period that could run a decade or more during which Plaintiffs would continue to suffer the substantial hardships and damages inflicted on them as victims of the admitted egregious misconduct of Facebook Defendants, while Facebook Defendants continue to line their personal and corporate pockets with multiple billions of dollars and Russian rubles.

At least several other privacy violation lawsuits against Facebook were upon objection not consolidated into the MDL.

4. Facebook Defendants face at least 30+ lawsuits, many of which are class actions, and may face criminal prosecutions and government reprisals in addition to the recently imposed $5 billion penalty levied on Facebook by the Federal Trade Commission as a result of their egregious multiple and continuing episodes of misconduct.

5. One such episode occurred as recently as on October 14, 2019 when Facebook's current Policy Director for Global Elections, Katie Harbath, who previously was Chief Digital

-3-

Strategist for the National Republican Senatorial Committee and before that Deputy

eCampaign Director for Rudy Giuliani's Presidential Committee, denied presidential

candidate Joe Biden's request that Facebook delete a Trump Campaign ad that has already

been viewed via the Facebook platform more than five million times that  and is replete with

totally false derogatory information about candidate Biden stating in effect that it is

Facebook's policy to allow anyone or any entity, especially politicians and political entities

like the GRU to run false ads on the Facebook platform as long as they pay for them.

6.  Prior to their lawsuit against the Facebook Defendants,  nothing that Plaintiffs have done

has caused Facebook Defendants or any Facebook user any harm. And given Facebook

Defendant's vast resources, Plaintiff's lawsuit is unlikely to produce even the slightest

angst for the Facebook Defendants as they each day hack away at the very foundations of

our ever more fragile democracy and the rule of law.

7.  To punish Plaintiffs by delaying, perhaps forever, Plaintiff's lawsuit against the Facebook

would be unfair and unduly prejudice Plaintiff's interests in favor of the Facebook

Defendants' interests.

 Many of  the issues, facts, allegations, causes of action and applications of law set forth

in Plaintiff's Complaint are readily distinguishable from the those raised in the MDL

lawsuits and the breadth of Plaintiffs'  lawsuit makes it unlikely the MDL will address

such issues such as Facebook's participation with Russian operatives, the Trump political

campaign and others in influencing the outcome of the 2016 U.S. presidential election

cycle and Facebook Defendants participation in a long running and continuing

-4-

racketeering enterprise. The scope of the work performed for the Trump campaign by employees of Cambridge Analytica is still being investigated as is its connection to the Russian Federation.

8.  Although there is some overlap with the MDL consolidated lawsuits that stem from the "Cambridge Analytica scandal," Plaintiff's Complaint raises important allegations and remedies not  previously raised such as Facebook's involvement with Russian operatives and others in unlawfully influencing the outcome of the 2016 U.S. presidential election cycle and blocking Plaintiff's access to their Facebook accounts while encouraging the access of Russian operatives and other Trump supporters and the spread of false political ads.

9.  As raised in Plaintiff's Complaint, in addition to the well documented "Cambridge Analytica scandal," regarding their purchase and use of plundered Facebook user information, Cambridge Analytica and Facebook participated in the 2016 U.S. presidential election cycle by embedding certain of their employees in the Trump Campaign computer operations center, which, under the direction and control of Jared Kushner, a senior Trump political advisor, made continuous use of purloined Facebook user information to target misleading and divisive political ads at swing voters in swing states using the Facebook and other platforms. Such ads ran from July 2016 and are still running on the Facebook platform.

Moreover, Facebook recently announced that it will publish political ads on its platform regardless of whether the ads are truthful, which opens the door for the Trump Campaign and its  which are already spending millions of dollars broadcasting political lies on the

-5-

Facebook and other platforms aimed at enhancing the prospects of re-electing candidate Trump while denigrating his prospective opponents, especially Joe Biden and Elizabeth Warren

10. Thus, Plaintiffs respectfully ask this Court to immediately enjoin Facebook from publishing false political ads on its platforms throughout and beyond the 2020 U.S. presidential election cycle.

11. At paragraph 3 of the Lipshultz Declaration he declares: "The Zimmerman plaintiffs' complaint is based on substantially similar factual allegations and legal causes of action and seeks substantially similar relief..." **Not true.** Plaintiffs' Complaint as attached to the Facebook Motion as Exhibit 1 contains numerous facts and allegations and certain causes of action and applications of law unlikely to have been raised or only peripherally raised in the lawsuits previously consolidated into the MDL. Admittedly, Plaintiff's lawsuit has some overlap with the consolidated MDL lawsuits. But unlike many of the previously 30+ consolidated MDL lawsuits, Plaintiff's lawsuit is not a class action, and unlike the numerous plaintiffs in those 30+ class actions, Plaintiff Zimmerman has spent well over a year researching and constructing his lawsuit and discovery requests and ready for submission.

Also, the harms suffered by Plaintiffs, substantive and continuing, the issues addressed, and remedies sought by Plaintiffs are readily differentiated and wider in scope than the previously 30+ consolidated MDL lawsuits and only peripherally involve and did not evolve from what this Court has called the "Cambridge Analytica scandal."

-6-

Also, in its September 9, 2019 Pretrial Order No. 20, this Court has, at least preliminarily, produced numerous reasons when it "granted in part and denied in part" Facebook's Motion to Dismiss the MDL lawsuits, reasons that support Plaintiff's requests for relief and has ordered that lead counsel for Plaintiffs in the MDL transmit by snail and email all future submissions to the Court to Plaintiffs Zimmerman and Uxor Press.

12. On October 24, 2019, Plaintiff Robert Zimmerman will reach his79th year. And as is typical with elderly persons, Zimmerman suffers from numerous maladies and, actuarily speaking, will likely be dead before the last of the appeals from decisions involving MDL lawsuits reaches a final resolution.

13. Even at this very early stage of the MDL litigation in this Court, Facebook has already filed a motion with this Court requesting Certification an Interlocutory Appeal that challenges, among other things, this Court's September 9, 2019 Pretrial Order No. 20 regarding the Article III standing of certain MDL Plaintiffs.

14. Given the Facebook Defendants lack of accountability, not to Facebook's board of directors, not to Facebook's shareholders, not to governments domestic and foreign, and Facebook Defendant's vast financial, legal and lobbying resources and numerous admissions of guilt with regard to their numerous episodes of misconduct, it is reasonable to assume Facebook will continue to deploy every conceivable spurious means to delay the inevitable final outcome of the MDL until sometime long after Plaintiff Zimmerman has deceased or is otherwise unable to continue the prosecution of his lawsuit against the Facebook Defendants.

FIRST CASE MANAGEMENT STATEMENT FOR PLAINTIFF ROBERT ZIMMERMAN AND UXOR PRESS
PURSUANT TO CIVIL LOCAL RULE 3-12 TO CONSIDER WHETHER CASE NO. 3:19-cv-04591-WHO
SHOULD BE RELATED AND TRANSFERRED TO CASE NO. 3:18-md-02843-VC

15. Defendants have never met with Plaintiffs and therefore Plaintiffs cannot determine whether their lawsuit will prove amenable to a dispositive motion, amendment of pleadings, a narrowing of issues, summary judgment, settlement, stipulations, a firm trial date, bifurcation of trial or discovery, scheduling dates or any other matter.

16. Plaintiffs do expect to call expert witnesses.

**WHEREFORE:** Given the totality of the circumstances addressed above, and the fact that Plaintiff has invested considerable resources in prosecuting his lawsuit and has agreed to coordinate with lead counsel for Plaintiffs in the MDL, Plaintiff's lawsuit should not be consolidated into the MDL. Plaintiff Zimmerman deserves to proceed with his lawsuit against the Facebook Defendants before he dies or becomes incapacitated and respectfully requests that this Court allow him to proceed telephonically, and Order an expedited discovery and trial schedule, and consider sanctions against Facebook for failing to file and serve a proper notice of appearance and his request for this Court to enjoin Facebook from publishing political ads throughout the 2020 U.S. presidential election cycle.

DATED: October 23, 2019 and respectfully submitted by:

Robert Zimmerman and Uxor Press, both at 329 Sandpiper Lane, Hampstead, NC 28443
Telephone: 910-232-8990
Email: BobZimmerman@USA.com

By: _____

-8-

## CERTIFICATE OF SERVICE

I, Robert Zimmerman, hereby certify that on October 23, 2019 I caused this Case Management Statement to be filed by with the Clerk of the United States District Court for the Northern District of California and Gibson, Dunn & Crutcher LLP's Joshua Lipshultz, lead counsel for Facebook Defendants, using first class mail at 1050 Connecticut Avenue, N.W. Washington, D.C 20036-5306.

Robert Zimmerman

## PROPOSED ORDER

The Court having considered Plaintiff's submissions regarding Defendant Facebook, Inc.'s Administrative Motion to consider the consolidation of Plaintiff's lawsuit into the MDL, good cause having been shown, Facebook, Inc.'s Administrative .Motion is DENIED. Zimmerman v. Facebook, Inc. No. 3:19-cv-04591-WHO (N.D. Cal.) will not be consolidated into the MDL and will either be presided over by this Court or the Court of initial jurisdiction. Further, this Court Grants Plaintiff's requests for expedited discovery and trial and for a preliminary injunction Ordering Facebook, Inc. to refuse to publish all political advertising throughout the 2020 presidential election cycle.

-9 of 9-

**3:19-cv-04591-WHO** Zimmerman et al v. Facebook, Inc. et al
William H. Orrick, presiding
**Date filed:** 08/07/2019
**Date of last filing:** 10/09/2019



*Appendix 1*

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed:* | 08/07/2019 | Complaint |
| | *Entered:* | 08/08/2019 | |
| 2 | *Filed:* | 08/07/2019 | Summons Issued |
| | *Entered:* | 08/08/2019 | |
| 3 | *Filed:* | 08/07/2019 | Initial Case Management Scheduling Order with ADR Deadlines |
| | *Entered:* | 08/08/2019 | |
| 4 | *Filed:* | 08/20/2019 | Consent/Declination to Proceed Before a US Magistrate Judge |
| | *Entered:* | 08/21/2019 | |
| 5 | *Filed & Entered:* | 08/22/2019 | Clerk's Notice of Impending Reassignment |
| 6 | *Filed & Entered:* | 08/22/2019 | Order |
| 7 | *Filed:* | 08/22/2019 | Certificate of Service |
| | *Entered:* | 08/23/2019 | |
| 8 | *Filed:* | 08/26/2019 | Letter |
| | *Entered:* | 08/28/2019 | |
| 9 | *Filed & Entered:* | 08/28/2019 | Case Management Scheduling Order |
| 10 | *Filed:* | 09/13/2019 | Certificate of Service |
| | *Entered:* | 09/16/2019 | |
| 18 | *Filed:* | 09/27/2019 | Notice (Other) |
| | *Entered:* | 10/03/2019 | |
| 11 | *Filed & Entered:* | 10/02/2019 | Notice of Appearance |
| 12 | *Filed & Entered:* | 10/02/2019 | Certificate of Interested Entities |
| 13 | *Filed & Entered:* | 10/02/2019 | Motion for Extension of Time to File Answer |
| | *Terminated:* | 10/02/2019 | |
| 14 | *Filed & Entered:* | 10/02/2019 | Notice of Appearance |
| 15 | *Filed & Entered:* | 10/02/2019 | Notice of Appearance |
| 16 | *Filed & Entered:* | 10/02/2019 | Certificate of Interested Entities |
| 17 | *Filed & Entered:* | 10/02/2019 | Order on Motion for Extension of Time to Answer |
| 19 | *Filed & Entered:* | 10/09/2019 | Pretrial Order |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/10/2019 05:33:52 | | | |
| **PACER Login:** | bobzimmerman:5270244:0 | **Client Code:** | |
| **Description:** | History/Documents | **Search** | 3:19-cv-04591- |

Zimmerman
329 Sandpiper Lane
Hampstead, NC
28443

Office of the Clerk
U.S. District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

94102-348999