Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
  blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**REPLY IN SUPPORT OF MOTION OF DEFENDANT FACEBOOK, INC. TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom 4, 17th Floor<br>Hearing Date: November 4, 2019<br>Hearing Time: 2:00 p.m. |

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION OF DEFENDANT FACEBOOK, INC. TO
CERTIFY ORDER FOR INTERLOCUTORY APPEAL - CASE NO. 3:18-MD-02843-VC

**CONTENTS**

I.   INTRODUCTION ............................................................................................................1

II.  ARGUMENT ..................................................................................................................2

    A.   There Is Substantial Disagreement Over Whether A "Simple 'Privacy Injury'" Alone Is Enough to Allege An Article III Injury...................................2

    B.   The Ninth Circuit Has Rejected Plaintiffs' Arguments Opposing Certification ..........5

        1.   Certification Is Appropriate Even If Appellate Review Will Not Dispose of the Litigation in Full ........................................................5

        2.   Certification Is Appropriate Even If There Is No Precedent That Clearly Conflicts With This Court's Order ......................................6

III. CONCLUSION................................................................................................................7

Gibson, Dunn &
Crutcher LLP

REPLY IN SUPPORT OF MOTION OF DEFENDANT FACEBOOK, INC. TO
CERTIFY ORDER FOR INTERLOCUTORY APPEAL - CASE NO. 3:18-MD-02843-VC

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. ConAgra Foods, Inc.*,
  2019 WL 1466889 (N.D. Cal. Feb. 6, 2019) ................................................................................ 6

*Bassett v. ABM Parking Servs., Inc.*,
  883 F.3d 776 (9th Cir. 2018) ................................................................................................. 3, 4

*DeLuca v. Farmers Ins. Exch.*,
  2019 WL 4260437 (N.D. Cal. Sept. 9, 2019) ........................................................................... 6

*Eichenberger v. ESPN, Inc.*,
  876 F.3d 979 (9th Cir. 2017) ................................................................................................. 1, 4

*Frank v. Gaos*,
  139 S. Ct. 1041 (2019) ........................................................................................................... 1, 4

*Jeffries v. Volume Servs. of Am., Inc.*,
  928 F.3d 1059 (D.C. Cir. 2019) ................................................................................................ 5

*Kamal v. J. Crew Grp., Inc.*,
  918 F.3d 102 (3d Cir. 2019) ..................................................................................................... 5

*Lujan v. Def's of Wildlife*,
  504 U.S. 555 (1992) .................................................................................................................. 2

*Muransky v. Godiva Chocolatier, Inc.*,
  922 F.3d 1175 (11th Cir. 2019) ................................................................................................ 5

*Patel v. Facebook, Inc.*,
  932 F.3d 1264 (9th Cir. 2019) .................................................................................................. 4

*Patel v. Trans Union, LLC*,
  2016 WL 6143191 (N.D. Cal. Oct. 21, 2016) .......................................................................... 3

*Reese v. BP Exploration (Alaska) Inc.*,
  643 F.3d 681 (9th Cir. 2011) ............................................................................................ 1, 5, 6

*Ritz Camera & Image, LLC v. Sandisk Corp.*,
  2011 WL 3957257 (N.D. Cal. Sept. 7, 2011) ........................................................................... 6

*Robins v. Spokeo*,
  867 F.3d 1108 (9th Cir. 2017) .................................................................................................. 6

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ........................................................................................................... 2, 3

ii
REPLY IN SUPPORT OF MOTION OF DEFENDANT FACEBOOK, INC. TO
CERTIFY ORDER FOR INTERLOCUTORY APPEAL - CASE NO. 3:18-MD-02843-VC

Gibson, Dunn &
Crutcher LLP

*Town of Chester v. Laroe Estates, Inc.*,
    137 S. Ct. 1645 (2017) .................................................................................................................. 1

*Van Patten v. Vertical Fitness Group, LLC*,
    847 F.3d 1037, 1043 (9th Cir. 2017) ........................................................................................ 3, 4

**Statutes**

28 U.S.C. § 1292 ............................................................................................................................ 6, 7

Cal. Civ. Code §§ 1709-10 ................................................................................................................ 2

**Other Authorities**

S. Rep. No. 100-599 (1988) ............................................................................................................... 4

Gibson, Dunn & Crutcher LLP

iii

REPLY IN SUPPORT OF MOTION OF DEFENDANT FACEBOOK, INC. TO
CERTIFY ORDER FOR INTERLOCUTORY APPEAL - CASE NO. 3:18-MD-02843-VC

I.      INTRODUCTION

This Court found that Plaintiffs have Article III standing to assert 10 prioritized claims: two federal statutory claims (under the Stored Communications Act ("SCA") and Video Privacy Protection Act ("VPPA")), one California statutory claim, and a host of California common-law claims.  For each of these claims, the Court found it sufficient that Plaintiffs allege to have suffered "a simple 'privacy injury'—that is, injury from Facebook's [allegedly] widespread disclosure of their sensitive information."  MTD Order at 13.  Because of the absence of controlling precedent on Article III standing in this context, the Supreme Court's evident interest in this issue, and the conflicting decisions of lower courts, Facebook requests that the Court certify the standing issue for interlocutory appeal.

In response, Plaintiffs point principally to the Ninth Circuit's decision in *Eichenberger*, where the plaintiffs established standing under the VPPA.  *See Eichenberger v. ESPN, Inc.*, 876 F.3d 979 (9th Cir. 2017).  But even if *Eichenberger* were controlling on VPPA standing here (and it is not), appellate review of Plaintiffs' standing to assert the nine other claims would still "materially advance" this litigation.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).  There can be no dispute that this case would look far different if it proceeded exclusively under the VPPA, rather than Plaintiffs' full suite of claims.  And Plaintiffs' standing to assert those nine other claims is not resolved by *Eichenberger*.  *See Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650-51 (2017) ("[S]tanding is not dispensed in gross.  To the contrary, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." (internal quotation marks omitted)).

In fact, even assuming Plaintiffs have standing to assert their VPPA claim, their standing to allege the nine other claims is uncertain at best.

- With respect to Plaintiffs' standing under the Stored Communications Act, *Gaos* demonstrates the uncertainty in the law.  *Frank v. Gaos*, 139 S. Ct. 1041 (2019).  In that case, brought under the SCA, the Supreme Court ordered supplemental briefing on the question whether the plaintiffs' alleged privacy injuries were sufficient to establish standing, debated the issue at oral argument, and ultimately remanded for the Ninth Circuit to address plaintiffs' standing—declining to agree with plaintiffs that the dissemination of their Google search histories was enough to confer an Article III injury under the SCA.  *Id*. at 1046.

Gibson, Dunn & Crutcher LLP

REPLY IN SUPPORT OF MOTION OF DEFENDANT FACEBOOK, INC. TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL - CASE NO. 3:18-MD-02843-VC

- With respect to Plaintiffs' California statutory claim for deceit by concealment, Cal. Civ. Code §§ 1709-10, the statute says nothing about privacy and therefore does not specify any injury that is relevant to this case for standing purposes.

- With respect to Plaintiffs' California common-law claims, Plaintiffs do not point to a *single* precedential case finding that invocation of a privacy violation alone is enough to establish Article III standing in the absence of explicit legislative authorization.  The three Ninth Circuit cases on which Plaintiffs rely—*Patel*, *Van Patten*, and *Eichenberger*—all involved statutory claims.  The plaintiffs in those cases argued that the legislature had defined a particular injury that was sufficient for Article III standing.  *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," and it "has the power to define injuries" where "none existed before" (citations and internal quotation marks omitted)); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-60 (1992) (standing is not an exercise in "judicial self-government").  Plaintiffs cite no case in which the Supreme Court or Ninth Circuit has held that a privacy injury resulting in no tangible harm supports Article III standing on a common-law claim. *Spokeo*, 136 S. Ct. at 1549.

Whether and when intangible privacy interests can create an injury-in-fact sufficient to confer Article III standing is a complex and evolving question on which courts stand divided and—as to the claimed injuries in this case—Congress has not yet spoken.  Given the importance of these issues, the evolving legal landscape, and the fact that reversal would (at a minimum) significantly narrow the scope of this case, this Court should allow the Ninth Circuit to consider this threshold issue before the parties engage in years of protracted litigation.  Facebook respectfully requests that this Court certify an interlocutory appeal.

## II.    ARGUMENT

### A.    There Is Substantial Disagreement Over Whether A "Simple 'Privacy Injury'" Alone Is Enough to Allege An Article III Injury

In assessing Plaintiffs' standing under Article III—whether Plaintiffs have asserted "an actual injury from Facebook's conduct that is both 'concrete' and 'particularized'"—the Court rejected two of Plaintiffs' three claimed injuries.  MTD Order at 13.  Standing in this case could not be based on

Gibson, Dunn & Crutcher LLP

2

REPLY IN SUPPORT OF MOTION OF DEFENDANT FACEBOOK, INC. TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL - CASE NO. 3:18-MD-02843-VC

any "increased [] risk that [plaintiffs] would become victims of identity theft"; nor could it be predicated on their claim that "they were deprived the economic value of their personal information as a result of its dissemination." *Id.* Instead, the Court adopted Plaintiffs' argument that "a simple 'privacy injury'—that is, injury from Facebook's [alleged] widespread disclosure of their sensitive information"—established standing in this case. *Id.*[1] Because there are substantial grounds for difference of opinion on this controlling question of law, certification of the Court's standing determination here is appropriate.

As the Supreme Court and Ninth Circuit have explained, when courts assess whether intangible injuries satisfy the Article III injury-in-fact requirement, Congress plays a special role: "We look to Congress because 'Congress is well positioned to identify intangible harms that meet minimum Article III requirements.'" *Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 781 (9th Cir. 2018) (quoting *Spokeo*, 136 S. Ct. at 1549). Looking to congressional judgments preserves the separation of powers between the judicial and legislative branches, and "recognizes that courts—without abandoning their own coordinate role or their responsibility to enforce a constitutional minimum—nonetheless take as 'instructive and important' the 'judgment of Congress' as to where constitutionally sufficient injury lies.'" *Patel v. Trans Union, LLC*, 2016 WL 6143191, at *4 (N.D. Cal. Oct. 21, 2016) (quoting *Spokeo*, 136 S. Ct. at 1549).

For this reason, each of the primary cases on which Plaintiffs rely—*Van Patten*, *Eichenberger*, and *Patel*—is inapt for purposes of opposing certification here. In *Van Patten v. Vertical Fitness Group, LLC*, for instance, the court held the plaintiffs had standing to bring a Telephone Consumer Protection Act (TCPA) claim, reasoning that "Congress made specific findings that 'unrestricted telemarketing can be an intrusive invasion of privacy' and are a 'nuisance.'" 847 F.3d 1037, 1043 (9th Cir. 2017). The Ninth Circuit decided that "[a] plaintiff alleging a violation under the TCPA 'need not

---

[1] Plaintiffs criticize Facebook for "its repeated description of its actions as 'mere disclosure' or 'mere sharing' of private information," suggesting that Facebook "takes neither its users' privacy rights nor binding case law seriously." (Opp. 1). Not so. The privacy interests of Facebook's users are of utmost importance to Facebook. Facebook's reference to the "mere" privacy interest asserted by Plaintiffs was meant to align with the Court's language in discussing Plaintiffs' claimed injury—discussing whether a "simple 'privacy interest'" alone, without any resulting tangible harm or any statute "elevating" such an intangible harm, is enough to confer standing.

Gibson, Dunn & Crutcher LLP

3

REPLY IN SUPPORT OF MOTION OF DEFENDANT FACEBOOK, INC. TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL - CASE NO. 3:18-MD-02843-VC

allege any *additional* harm *beyond the one Congress has identified.*'" *Id.* (second emphasis added).[2] Several months later, the court in *Eichenberger* held the same thing: "Congress enacted the VPPA 'to *extend* privacy protection to records that contain information about individuals.'" 876 F.3d at 983 (emphasis added) (quoting S. Rep. No. 100-599, at 2 (1988)).  According to the Court, the VPPA "identifie[d] a *substantive* right to privacy that suffers *any time* a video service provider discloses otherwise private information," meaning that, in the Court's view, the plaintiffs' VPPA claim "'present[ed] the precise harm and infringe[s] the same privacy interests Congress sought to protect.'" *Id.* at 983-84 (quoting *Van Paten*, 847 F.3d at 1043) (alteration in original).  The court in *Patel* applied a similar rubric, albeit looking to a state statute rather than a congressional enactment, assessing whether the claimed privacy interest stated an Article III injury in light of the Illinois Biometric Information Privacy Act.  *Patel v. Facebook, Inc.*, 932 F.3d 1264 (9th Cir. 2019); *see also Basset*, 883 F.3d at 777-83 (finding that the relevant federal statute identified certain inchoate privacy-related injuries that might satisfy Article III, but holding that plaintiffs lacked standing because the statute did not recognize the particular injuries plaintiffs asserted).  Irrespective of whether these cases came to the right conclusion, the analysis was the same:  the Court assessed whether a particular statute identified a concrete injury sufficient to give rise to an Article III injury.[3]

Here, in contrast, Plaintiffs assert Article III standing under an entirely different rubric—one divorced not only from any tangible harm, but also divorced from any specific statutory analysis.  The Ninth Circuit has *never* adopted Plaintiffs' theory and the Supreme Court in *Gaos v. Frank*, 139 S. Ct. 1041 (2019), expressly *declined* to adopt it, requiring instead a closer look at the SCA to determine whether plaintiffs' alleged injuries gave rise to standing under that statute.[4]  In fact, if Plaintiffs were

---

[2]   Further questions about standing under the TCPA have resulted in additional requests for Supreme Court review, including as recently as two weeks ago.  *See* Petition for Certiorari, *Dish Network LLC v. Krakauer*, No. 19-496 (filed Oct. 15, 2019) (seeking review of the question whether a phone call that violates the TCPA confers standing on recipients "without any allegation or showing of injury—even that plaintiffs heard the phone ring").

[3]   Whether these cases correctly analyzed the statutes in question is not at issue here.  Facebook notes that it intends to ask the Supreme Court to review *Patel* in a forthcoming petition for a writ of certiorari.

[4]   Following *Gaos*, the Ninth Circuit ordered similar supplemental briefing regarding standing in *Facebook, Inc. v. Anna St. John*, No. 17-16873 (9th Cir. Apr. 23, 2019), Dkt. 59.  There, plaintiffs claimed Facebook aggregated disclosure of data from URL preview attachments in violation of the Wiretap Act.  The Ninth Circuit asked for the parties' views of the effect of *Gaos* and *Spokeo*, declining

Gibson, Dunn & Crutcher LLP

4

REPLY IN SUPPORT OF MOTION OF DEFENDANT FACEBOOK, INC. TO
CERTIFY ORDER FOR INTERLOCUTORY APPEAL - CASE NO. 3:18-MD-02843-VC

right that a "simple 'privacy injury'" like the one Plaintiffs claim here were sufficient to satisfy Article III's injury-in-fact requirement, the analyses in *Van Patten*, *Eichenberger*, *Patel*, and *Basset*, and the remand in *Gaos*, would have been unnecessary. In all of these cases, the plaintiffs claimed violations of intangible privacy rights. But in each of these cases, courts assessed whether the precise alleged injuries fit within the contours of a legislatively enacted statute, as part of assessing the constitutional requirements for standing.[5] None of those cases held that a "simple 'privacy interest'" alone, without any tangible harm or legislative determination regarding a plaintiff's right to sue, was sufficient to establish Article III standing. This Court should certify its decision for interlocutory review.

**B.  The Ninth Circuit Has Rejected Plaintiffs' Arguments Opposing Certification**

**1.  Certification Is Appropriate Even If Appellate Review Will Not Dispose of the Litigation in Full**

Plaintiffs argue that interlocutory review is inappropriate because a successful appeal would not necessarily "dispose of the litigation" in full, citing *Eichenberger* as proof that their VPPA claim would survive. (Opp. 3.) But the Ninth Circuit has rejected this very argument. In *Reese*, the plaintiffs similarly argued that interlocutory review was improper because a decision in the defendant's favor would "not resolve all of [the plaintiff's] claims." 643 F.3d at 688. The Ninth Circuit disagreed, explaining that interlocutory appeal need not "have a final, dispositive effect on the litigation," to be appropriate, "only that it 'may materially advance' the litigation." *Id*.; *accord DeLuca v. Farmers Ins. Exch.*, 2019 WL 4260437, at *5 (N.D. Cal. Sept. 9, 2019).

---

to accept the plaintiffs' account of their intangible injuries as conclusively establishing standing.

[5]  As this Court recognized, judges within this district have disagreed whether a "simple 'privacy injury'" alone suffices to establish standing—with some cases supporting Plaintiffs' standing and others supporting the contrary. MTD Order at 15-16. This disagreement further supports Facebook's request to certify this issue. Other federal appellate courts have also "disagree[d]" over when and whether alleged privacy-based violations suffice to establish standing. *Jeffries v. Volume Servs. of Am., Inc.*, 928 F.3d 1059, 1069 (D.C. Cir. 2019) (Rogers, J., concurring in part and concurring in the judgment); *compare, e.g., Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 112, 114, 116-17 (3d Cir. 2019) (concluding that plaintiff's exposed credit card number did not create cognizable "invasion of privacy" to bring statutory claim), *with Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1190-92 (11th Cir. 2019) (en banc rehearing granted) (reaching opposite conclusion). Plaintiffs cast these cases as irrelevant because Plaintiffs have not brought claims under the two statutes they concern—the FACTA and the TCPA. But these cases demonstrate Facebook's point: in each case, the court looked to the specific privacy interest allegedly violated and came to differing conclusions regarding whether Congress's judgment supported a finding of Article III standing.

Gibson, Dunn & Crutcher LLP

5

REPLY IN SUPPORT OF MOTION OF DEFENDANT FACEBOOK, INC. TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL - CASE NO. 3:18-MD-02843-VC

"The ultimate question is whether permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." *Allen v. ConAgra Foods, Inc.*, 2019 WL 1466889, at *3 (N.D. Cal. Feb. 6, 2019) (citation omitted). Even if Plaintiffs were correct that they have standing to advance their VPPA claim, that standard is readily met here. A successful appeal dismissing Plaintiffs' nine other claims would "materially advance" the case, "simplify[] trial court proceedings," and prevent the needless expenditure of significant party and judicial resources. *Id.*; *Ritz Camera & Image, LLC v. Sandisk Corp.*, 2011 WL 3957257, at *3 (N.D. Cal. Sept. 7, 2011) (finding interlocutory appeal of standing issue appropriate in part to "avoid expensive and protracted discovery"); *see also Reese*, 643 F.3d at 688 n.5 ("declin[ing] to adopt [a] rigid approach" to interlocutory appeals under Section 1292(b), and noting that courts should instead take a "flexible approach").

### 2. Certification Is Appropriate Even If There Is No Precedent That Clearly Conflicts With This Court's Order

Plaintiffs also argue that certification is inappropriate because Facebook has not identified a "precedential" case that directly "conflicts with this Court's ruling." (Opp. 7.) Again, however, the Ninth Circuit has rejected Plaintiffs' argument that certification requires the existence of directly conflicting authority. *Reese*, 643 F.3d at 688 & n.5 (rejecting argument that certification should be denied because "there are no cases directly conflicting with the district court's construction of the law"). Certification requires only that "reasonable jurists might disagree on an issue's resolution." *Id*. That standard is readily satisfied here. As the Supreme Court, the Ninth Circuit, and other courts have made clear, privacy-related standing rules are unsettled, rapidly developing, and worthy of prompt appellate review in a case of this size and magnitude. *See Robins v. Spokeo*, 867 F.3d 1108, 1112 (9th Cir. 2017) (Whether "intangible injuries . . . may be sufficient for Article III standing" is a "somewhat murky area").

Gibson, Dunn & Crutcher LLP

6

REPLY IN SUPPORT OF MOTION OF DEFENDANT FACEBOOK, INC. TO
CERTIFY ORDER FOR INTERLOCUTORY APPEAL - CASE NO. 3:18-md-02843-VC

### III. CONCLUSION

Because an immediate appeal will resolve important questions of Article III standing that will materially advance the ultimate termination of the litigation, and as to which there are substantial grounds for difference of opinion, Facebook respectfully requests that this Court certify its Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

DATE:  October 29, 2019

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:  /s/ Orin Snyder
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*