| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP**<br>555 12th Street, Suite 1600<br>Oakland, CA 94607 | **GIBSON DUNN & CRUTCHER, LLP**<br>555 Mission Street<br>San Francisco, CA 94105 |

**KELLER ROHRBACK LLP**
1201 Third Avenue, Suite 3200
Seattle, WA 98101

December 23, 2019

<u>VIA ELECTRONIC FILING</u>

Honorable Vince Chhabria
United States District Court
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In re Facebook, Inc. Consumer Privacy User Profile*,
                  Northern District of California, Case No. 3:18-md-02843-VC

Dear Judge Chhabria:

      Plaintiffs and Defendant Facebook, Inc. jointly submit this letter to resolve a discovery dispute.

**I.      Plaintiffs' Position**

      The Federal Trade Commission (FTC) initiated proceedings against Facebook arising out of Facebook's handling of user content and information and its representations concerning users' privacy. These proceedings led to a 2012 consent decree against Facebook and continued FTC proceedings in 2018 to enforce that consent decree. *See* First Am. Consol. Compl. ¶ 675. Plaintiffs seek production of the document requests in the FTC proceedings to determine whether the documents previously produced are relevant here. *See* Tr. of Proceedings ("Tr.") 27:15-20, 38:19-43:2, Nov. 4, 2019. Plaintiffs ask that the Court order Facebook to produce the demand letters, document requests in any form, and any correspondence that show the scope of Facebook's production to the FTC (collectively, the "FTC Requests"). Plaintiffs seek production of the FTC Requests by January 2, 2020, to allow the parties to discuss the documents in their case management statement, and to meaningfully meet and confer in advance of the January 8, 2020 Case Management Conference.

      **a.   The meet-and-confer process**

      On November 11, 2019, the parties held their Court-ordered Rule 26(f) conference. In that conference, Plaintiffs requested production of regulatory documents and, at a minimum, the FTC Requests. Facebook stated it was considering its position. Plaintiffs subsequently advised Facebook that the FTC has no objection to the production of the FTC Requests. *See* Decl. of Lesley Weaver in Supp. of Pls.' Br. in Resp. to Pretrial Order No. 28, ¶¶ 5-6 & Ex. 1, ECF Nos. 341, 341-1, Nov. 18, 2019. Plaintiffs also followed up with two letters, and on November 25, Plaintiffs propounded Requests for Production that encompass requests for the FTC Requests.

      On December 9, Facebook responded that any discovery dispute was not ripe until the December 26 deadline for responding to Plaintiffs' Requests for Production. It also asked Plaintiffs to identify,

among other things, "the identity and job title of any FTC employee with whom [lead counsel had] conferred" regarding the FTC Requests. The FTC subsequently emailed the parties to confirm it has no objection to production of such materials in this case.

After multiple follow-on discussions, Facebook on December 17 appeared to agree to produce the FTC Requests on December 26. But after Plaintiffs asked Facebook to specify what documents it planned to produce, Facebook stated for the first time that it would produce *only* the FTC Requests that relate to the enforcement of the consent decree in 2018-2019, and newly takes the position that the earlier FTC Requests, and apparently the 2012 consent decree, are irrelevant to this action.[1]

### b. The FTC Requests are relevant and their production will make discovery more efficient.

Documents and evidence produced in response to the FTC's extended investigation into Facebook's handling of users' content and information are highly relevant here. PTO 30 contemplates "discovery regarding Facebook's general practices and policies relating to the ability of third parties to obtain information about users through users' friends, as well as Facebook's efforts to restrict the use of that information." *See* Pretrial Order No. 30, at 1 (Dec. 4, 2019), ECF No. 347. This is within the scope of the FTC proceedings.[2] Indeed, Facebook itself has taken the legal position that the FTC proceedings are relevant to claims involving third-party access to Facebook users' content and information.[3]

Contrary to Facebook's position, the proceedings prior to the consent decree in particular bear directly on the issues here. The 2012 FTC complaint alleged that Facebook told users they could restrict sharing to limited audiences, but that Facebook broke this promise by sharing users' content and information with third-party applications that their friends used. *See* First Am. Consol. Compl. ¶ 675 (citing FTC Complaint, *In the Matter of Facebook, Inc.*, No. C-4365 (F.T.C. July 2012), https://www.ftc.gov/sites/default/files/documents/cases/2012/08/120810facebookcmpt.pdf). That issue remains central to this case, and it is not time-barred. *See* Pretrial Order No. 20, Granting in Part and Denying in Part Mot. to Dismiss First. Am. Compl. at 22 n.10, 26-29, 35, Feb. 22, 2019, ECF No. 298. Moreover, the 2018-2019 proceeding *sought to enforce* the 2012 consent decree. These are not independent proceedings arising from different issues.

---

[1] Plaintiffs first sought production of all FTC Requests by December 26, the date on which Facebook's discovery responses are due, and on which it has agreed to produce the 2018-2019 FTC Requests. As a compromise, Plaintiffs agreed to provide another week for production, an offer Facebook has rejected.
[2] *See*, *e.g.*, FTC, *Facebook Settles FTC Charges That It Deceived Consumers By Failing To Keep Privacy Promises* (Nov. 29, 2011), https://www.ftc.gov/news-events/press-releases/2011/11/facebook-settles-ftc-charges-it-deceived-consumers-failing-keep; FTC, *Statement by the Acting Director of FTC's Bureau of Consumer Protection Regarding Reported Concerns About Facebook Privacy Practices* (Mar. 26, 2018), https://www.ftc.gov/news-events/press-releases/2018/03/statement-acting-director-ftcs-bureau-consumer-protection.
[3] This is the position Facebook took when seeking to stay *Ballejos v. Facebook*, No. 18-civ-03607, Nov. 25, 2019 (Cal. Super. Ct., San Mateo Cty.), a case based on some of the allegations here, but requesting only injunctive relief against Facebook under the California UCL. *See* Facebook's Motion for Judgment on the Pleadings or, in the Alternative, for a Stay Pending the Outcome of Proceedings Before the Federal Trade Commission ("These claims and concerns duplicate the very issues that the FTC considered and addressed in the 2012 Consent Decree and 2019 Proposed Amended Decree.").

Recognizing the efficiencies, courts often order productions of documents produced to regulators, even prior to sustaining a complaint. *See, e.g.*, Minute Entry and Case Management Order, *In re High Tech Employee Antitrust Litig.*, No. 5:11-cv-2509 (N.D. Cal. Oct. 26, 2011), ECF No. 88 (requiring production of DOJ documents); Civil Minute Order, *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-02143-RS (N.D. Cal. Apr. 7, 2011), ECF No. 379 (same).

The request at issue here, however, is far narrower. Plaintiffs seek production of demand letters and correspondence relating to the scope of discovery produced in the FTC proceedings to *determine* the relevance of Facebook's earlier productions. This will make discovery more efficient. *See* Tr. 39:10-25.

Plaintiffs have sought the production of the FTC Requests by January 2 so that the case management conference statement due that same day can address the scope of the FTC Requests and whether Facebook's production to the FTC would be a useful source of discovery here. This will also enable efficient, early discovery.

There is no reason to delay bringing this discovery dispute to the Court's attention. The Court's standing order tells parties to bring such disputes "to the Court's attention as early as possible," Standing Order for Civil Cases ¶ 22. That is Plaintiffs' purpose here. They propounded formal Requests for Production for categories of documents that include the FTC Requests. Facebook's responses to those Requests for Production are due December 26. The parties have met and conferred extensively, and Facebook has consistently asserted that the FTC Requests from 2012 and earlier need not be produced.

**II.     Facebook's Position**

Facebook has agreed to produce by December 26 all document demands from the FTC related to its 2018-2019 investigation into Facebook, in addition to all correspondence concerning the scope of those demands.[4] The only issue that remains in dispute is Plaintiffs' further demand—which Plaintiffs' clarified for the first time *last week*—that Facebook also produce on an expedited timeline all document demands issued by the FTC in relation to the investigation that led to its 2012 consent decree. These documents are not necessary for Plaintiffs to prepare their initial discovery requests, are the subject of pending requests for production to which Facebook has not yet had a full opportunity to respond, are more than eight years old, and cannot reasonably be collected, reviewed, and produced within the next week— particularly given Plaintiffs' demand that Facebook produce these materials by 10:00 a.m. the day after New Years.

---

[4] Facebook disputes Plaintiffs' recitation of the facts leading to Facebook's agreement to produce these materials. At all times Facebook has taken the position that it requires the FTC's consent to produce the FTC's document demands. *See e.g.* Trans. of Nov. 4, 2019 Hearing at 39:2-4. Plaintiffs assured the Court that they would obtain the FTC's consent to produce these materials. *Id*. at 39:5-6, 40:17-20. On November 18, 2019, Plaintiffs' Counsel filed a declaration stating that the FTC provided this consent. Dkt. 341. But the Declaration provided no information regarding who consented to Facebook's production of FTC materials, and it suggested that Plaintiffs improperly represented to the FTC that "th[e] Court [expressed an] interest in viewing the FTC demand letters." *Id*. In order to ensure that Facebook maintains its confidentiality obligations to the FTC, Facebook requested that Plaintiffs provide Facebook more information regarding their discussion with the FTC. Once Facebook received this information, Facebook agreed to produce the FTC's demand letters the same day.

### a. Facebook already agreed to produce relevant FTC document demands by December 26.

By December 26, Facebook will produce all document demands and related correspondence associated with the FTC's 2018-2019 investigation. Facebook understands these materials to encompass the documents the parties and the Court discussed Facebook providing Plaintiffs at the outset of discovery. *See* Trans. of Nov. 4, 2019 Hearing at 27:15-28:17 and 36:23-42:18. When the Court and the parties discussed the possibility of Facebook producing these materials, the Court referred specifically to "the recent FTC complaint," and noted that even some documents produced to the FTC during its 2018-2019 investigation would go beyond the scope of this case. *Id*. at 36:23-37:2.

Last week, on December 18, 2019, Plaintiffs clarified for the first time in this litigation that they also demand that Facebook produce on an expedited basis all document demands related to the investigation that led to the FTC's 2012 consent decree. Plaintiffs demanded these documents by December 26. Facebook informed Plaintiffs (i) it had not previously understood Plaintiffs to have requested immediate production of these documents, (ii) document demands related to the 2012 consent decree are not within the scope of materials that would assist Plaintiffs in crafting preliminary discovery requests, (iii) the requested materials overlap with Plaintiffs' pending Rule 34 document requests, to which Facebook will respond on the deadline to do so, and, in any event, (iii) Facebook cannot locate, review, and produce correspondence received more than eight years ago within a few days—particularly given Plaintiffs' demand that Facebook produce these materials the day after Christmas.

On December 20, Plaintiffs informed Facebook that they would refrain from seeking judicial intervention if Facebook would agree, *within two hours*, to produce the requested materials by 10:00 a.m. on January 2. Facebook informed Plaintiffs that it would not agree to this request for the same reasons that it would not agree to produce the requested materials by December 26.

As Facebook understands, the purpose of Facebook's producing the FTC's document demands on an expedited timeline is to allow Plaintiffs to request categories of materials produced previously so that Facebook can expeditiously gather and produce some of those same documents to Plaintiffs. For this reason, Facebook has agreed to produce document demands and related correspondence from the FTC's 2018-2019 investigation by December 26. But document demands served by the FTC in 2012 or earlier will not serve this same purpose. Such demands relate to issues that are both time-barred and irrelevant to Plaintiffs' claims. While Plaintiffs note that the FTC's 2012 Complaint addressed friend sharing, the investigation preceding the 2012 consent decree related largely to aspects of Facebook's practices and platform that have no bearing on this action or that changed after the consent decree was issued.[5] Even if documents produced to the FTC in connection with that investigation were properly within the scope of discovery in this case, any document productions made eight years ago (or earlier) would require extensive review by Facebook before they could be reproduced to Plaintiffs.

Plaintiffs do not require document demands related to the investigation leading to the FTC's

---

[5] In support of their argument that Plaintiffs require letter demand letters served in 2012 or earlier to prepare their discovery requests, Plaintiffs quote a brief filed in *Ballejos v. Facebook*, No. 18-civ-03607 (Cal. Super. Ct., San Mateo Cty.). The language Plaintiffs cite concerns Facebook's argument that the *Ballejos* Plaintiffs improperly seek injunctive relief that overlaps and conflicts with the FTC's consent decrees; it has nothing to do with Plaintiffs' suggestion that they require demand letters related to the investigation that led to the 2012 consent decree in order to conduct discovery in this case.

2012 consent decree to prepare their preliminary discovery requests. Producing these materials within a week—and before any other documents are produced—is not practical and will not create the efficiencies the parties and the Court discussed at the November 4, 2019 Case Management Conference.

### b. Plaintiffs' letter motion is premature and procedurally improper.

Plaintiffs' letter motion is also procedurally improper. "A Rule 37 motion to compel may not be used to enforce an 'informal' request for documents or information." *MAO-MSO Recovery, LLC v. Mercury General*, 2019 WL 1423772, at * (C.D. Cal. Feb. 19, 2019). Plaintiffs do not cite any authority to support their request to compel production of documents based on informal letter and email requests. *Cf. Roberts v. Americable Int'l Inc.*, 883 F. Supp. 499, 501 n. 2 (E.D. Cal. 1995) ("[A party's informal request for production of documents made at deposition is not recognized as an appropriate discovery request under the Federal Rules. . . . [The] motion to compel is inappropriate and is denied for this reason."). The two cases Plaintiffs cite regarding production of regulatory documents involved properly propounded discovery requests. See, Minute Entry and Case Management Order, *In re High Tech Employee Antitrust Litig.*, No. 5:11-cv-2509 (N.D. Cal. Oct. 26, 2011), ECF No. 88 (ordering production of documents responsive to formal discovery requests); Civil Minute Order, *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-02143-RS (N.D. Cal. Apr. 7, 2011), ECF No. 379 (ordering production of documents requested pursuant to formal discovery requests).

Although Plaintiffs repeat their informal requests for FTC demand letters in their Second Set of Requests for Documents,[6] Facebook's deadline to respond to those requests is December 26, 2019. Contrary to Plaintiffs' suggestion, Facebook has not yet taken a position regarding the merits of these requests. The *only* position Facebook has taken is that Facebook will produce the FTC's 2018-2019 demand letters by December 26th but will not produce demand letters relating to the FTC's earlier investigation on the same expedited timeline.

Facebook has informed Plaintiffs repeatedly that Facebook is continuing to evaluate the merits of Plaintiffs' document requests and that it will respond in accordance with the procedures provided in Rule 34(b)(2) and on the deadline to do so. The Court should not require Facebook to take a position with respect to these requests before the deadline provided by the Federal Rules. Until Facebook has had a full opportunity to respond to Plaintiffs' document requests and the parties have met and conferred regarding those responses, any dispute regarding Plaintiffs' request for FTC demand letters associated with the 2012 consent decree is not ripe. The Court should deny Plaintiffs' request to compel production of FTC demand letters relating to the 2012 consent decree by January 2, 2020.[7]

---

[6] On November 25, 2019, Plaintiffs served formal requests for production of documents, including a request for: "All Documents provided to or received from any governmental entity or regulator in the United States and United Kingdom in response to any formal or informal inquiry or investigation relating to whether Users' Content and Information was accessed or obtained by any Third Parties without proper consent or authorization, including but not limited to all inquiries or investigations arising out of the Cambridge Analytica Scandal, the FTC Consent Order, and any inquiry or investigation related to the settlement agreement with the FTC announced on July 24, 2019."

[7] Given the upcoming holidays and that the documents Plaintiffs demand date back to 2011 and earlier, if the Court is inclined to order Facebook to produce them now, it should allow Facebook at least 45 days to locate, review, and produce these materials.

5

Dated: December 23, 2019

KELLER ROHRBACK L.L.P.

By: */s/ Derek W. Loeser*
    Derek W. Loeser

Derek W. Loeser (admitted *pro hac vice*)
Lynn Lincoln Sarko (admitted *pro hac vice*)
Gretchen Freeman Cappio (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
Benjamin Gould (SBN 250630)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com
bgould@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

GIBSON, DUNN, & CRUTCHER LLP
By: */s/ Joshua S. Lipshutz*
Joshua S. Lipshutz

Orin Snyder (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035
osnyder@gibsondunn.com

Joshua S. Lipshutz (SBN 242557)

Respectfully submitted,

BLEICHMAR FONTI & AULD LLP

By: */s/ Lesley E. Weaver*
    Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

6

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
jlipshutz@gibsondunn.com

Kristin A. Linsley (SBN 154148)
Brian M. Lutz (SBN 255976)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306
klinsley@gibsondunn.com
blutz@gibsondunn.com

*Attorneys for Defendant Facebook, Inc.*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 23rd day of December, 2019, at Oakland, California.

/s/ *Lesley E. Weaver*

Lesley E. Weaver

## CERTIFICATE OF SERVICE

I, Lesley E. Weaver, hereby certify that on December 23, 2019, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

/s/ *Lesley E. Weaver*

Lesley E. Weaver