Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*
*Additional counsel listed on signature page*

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (pro hac vice)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
blutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc. and Mark Zuckerberg*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor<br>Hearing Date: January 8, 2021<br>Hearing Time: 1:30 p.m. |

# JOINT CASE MANAGEMENT STATEMENT

The parties, by and through their counsel, submit this Joint Case Management Statement in anticipation of the case management conference scheduled for January 8, 2020.

## A.  Summary

### 1.  Plaintiffs' Statement

Since the November 4 case management conference, the parties have met and conferred twice (on November 11 and December 13) and exchanged letters on many matters. Plaintiffs have requested a face-to-face conference regarding ESI to take place the week following the January 8 case management conference. Facebook has produced no documents to date other than the limited production made in September 2018 and 47 pages of correspondence with the Federal Trade Commission ("FTC") arising out of the 2018-2019 proceedings to enforce a 2012 consent decree.

### 2.  Facebook's Statement

Since the November 4, 2019, case management conference the parties have been actively engaged in preliminary discovery.  On December 10, 2019, both parties served their initial disclosures.  Both parties have also served written discovery requests, and the parties have met and conferred on a number of issues, both via written correspondence and by phone.  On December 26, 2019, Facebook timely served its objections and responses to Plaintiffs' Second Set of Requests for Production.  Although no document production was due at that time, on December 26, 2019, Facebook also produced copies of demand letters and related correspondence regarding to the FTC's 2018-2019 investigation into Facebook's data privacy practices, which Plaintiffs requested Facebook produce on an expedited basis.

Facebook is currently collecting and reviewing documents in response to Plaintiffs' Second Set of Requests for Production.  Facebook intends to make a substantial document production within the next week, and likely before the January 8, 2020 case management conference.

The parties are continuing to meet and confer to discuss and resolve an ESI protocol and

other early discovery issues.

**B.     Written Discovery**

   **1.     Plaintiffs' Statement**

In addition to exchanging initial disclosures on December 10, both sides have now propounded written discovery. Plaintiffs propounded their Second Set of Requests for Production of Documents on November 25 and Facebook propounded its First Set of Interrogatories on December 5. (Plaintiffs had propounded one set of requests for production and one set of interrogatories on August 28, 2018, but these discovery requests were narrowly cabined.) Facebook has produced no documents responsive to any of Plaintiffs' pending document requests, save the correspondence relating to the FTC's 2018-2019 enforcement proceeding. Facebook has not provided supplemental responses to the written discovery propounded by Plaintiffs in 2018. On December 30, 2019, Facebook agreed to supplement its initial disclosures by providing the dates of employment and date the employees held the job titles identified for the witnesses it disclosed under Rule 26(a)(1)(A)(i), by January 31.

   **2.     Facebook's Statement**

As discussed above, Plaintiffs served their Second Set of Requests for Production on November 25, 2019.  Facebook timely served its objections and responses to these requests on December 26, 2019.  Also on December 26, 2019, Facebook produced certain documents from the FTC's 2018-2019 investigation into Facebook's data privacy practices, which Plaintiffs requested on an expedited basis.  Facebook is currently preparing a larger production of documents responsive to Plaintiffs' Second Set of Requests for Production, which it plans to serve within the next week.  Facebook has also agreed to provide Plaintiffs with additional details regarding the employment history of the individuals Facebook disclosed in its initial disclosures.  Facebook is actively gathering and confirming the details Plaintiffs have requested and will provide them to Plaintiffs on or before January 31, 2020.

C.     **Electronically Stored Information (ESI)**

   1.     **Plaintiffs' Statement**

Following Pretrial Order No. 28, which required that the parties hold their Rule 26(f) conference by November 11, the parties met and conferred but have not completed discussions. On November 6, Plaintiffs sent Facebook's counsel a proposed protocol governing the retention and production of ESI. On December 9, Facebook sent Plaintiffs a dramatically revised version of the proposed ESI protocol. On December 13, during a telephonic meet and confer session, Plaintiffs proposed that the parties schedule an in-person meeting in the Bay Area during the week of January 13 to discuss ESI-related matters. On December 30, Facebook proposed a telephonic meeting during that week, with Plaintiffs to submit all questions "10 days in advance of this discussion." Plaintiffs hope to submit a proposed ESI stipulation to the Court this month, or to brief the matter if the parties cannot reach resolution.

   2.     **Facebook's Statement**

The parties are in the process of discussing and negotiating an ESI protocol. Plaintiffs provided Facebook with a draft proposal on November 6, 2019, and Facebook provided a redline and counterproposal to Plaintiffs on December 9, 2019. During the parties' most recent meet and confer, held on December 13, 2019, Plaintiffs declined to substantively discuss the ESI protocol and instead proposed that the parties schedule an in-person meeting to discuss the ESI protocol during the week of January 13, 2020. Facebook informed Plaintiffs that its counsel is generally available at Plaintiffs' convenience that week; however, because individuals necessary for the discussion are not located in the Bay Area, Facebook proposed that the parties conduct their ESI discussion by phone. Further, because Plaintiffs' inquiries regarding ESI-related issues are generally highly technical and require consultation with a number of Facebook employees, Facebook requested that Plaintiffs provide Facebook a list of the questions and issues they would like to discuss in advance of the parties' ESI meet and confer in order to facilitate a meaningful discussion.

Facebook anticipates that the parties will reach a stipulated ESI proposal on all, or at least

most issues, after further discussion on these topics.

### D. Documents Produced to Regulatory Agencies

#### 1. Plaintiffs' Statement

In September 2019, Plaintiffs raised with Facebook whether they would produce the document requests ("FTC Requests") that the FTC had served on Facebook in the proceedings leading to the 2012 consent decree or in the 2018-2019 enforcement of that decree, as well as discovery-related correspondence from other regulatory entities, including State Attorneys General, Congressional inquiries, and the UK ICO.  Following the November 4 case management conference, Plaintiffs sought the FTC Requests to determine the relevance of the productions that Facebook made to the FTC in earlier proceedings. *See* Tr. of Proceedings 39:10-25, Nov. 4, 2019. Facebook has produced FTC Requests from 2018-2019 proceedings in which the FTC sought to enforce a 2012 consent decree, but it has refused to produce FTC Requests from before the 2012 consent decree. This discovery dispute is now the subject of a pending Joint Discovery Letter Brief, Dec. 23, 2019, ECF No. 358. As Plaintiffs noted in the Joint Discovery Letter, the FTC Requests leading up to the 2012 consent decree are highly relevant (not to mention well within the class period). *See id.* at 2.

Plaintiffs believe documents previously produced to regulators pursuant to investigations of Facebook's handling of user content and information and its representations concerning users' privacy are relevant to the claims in this case. Here, Facebook has resisted turning over even the document requests that prompted those document productions. The upcoming case management conference may provide the Court with a useful opportunity to provide the parties with guidance on how most efficiently to conduct discovery.

#### 2. Facebook's Statement

On December 26, 2019, Facebook produced all FTC document demands related to the FTC's 2018-2019 investigation into Facebook's privacy practices and all correspondence regarding the scope of those demands.  Consistent with Facebook's responses and objections to Plaintiffs' Second Set of Requests for Production, Facebook has not produced the same materials

with regard to the FTC investigation that led to the 2012 Consent Decree, as these documents fall outside of the time period relevant to this action and are not likely to assist Plaintiffs in identifying documents or discovery requests relevant to the current litigation.

Facebook has not agreed to produce wholesale all documents produced previously to government entities and regulators, given that different rules, considerations, and substantive issues governed the production of such materials. This particularly true with respect to materials Facebook has produced to the FTC, which is Facebook's primary regulator. Facebook has, however, agreed to produce materials produced to government entities in related proceedings to the extent they are responsive to Plaintiffs' other relevant document requests, subject to Facebook's objections to those requests.

Facebook is currently preparing a voluminous production of documents responsive to Plaintiffs' document requests, which will include a large number of documents produced previously to government entities. Facebook anticipates that it will make this production within the next week and prior to the January 8, 2020 case management conference.

### E.     Plaintiffs' Second Set of RFPs

#### 1.     Plaintiffs' Statement

On November 25, Plaintiffs propounded their Second Set of Requests for Production, which asked for 30 categories of documents. In addition to production of responsive materials previously produced to regulators, Plaintiffs sought production of documents that are routinely produced in litigation and that can help identify relevant custodians and sources of documents. Plaintiffs requested organizational charts, personnel directories, or other documents sufficient to show Facebook's organizational structure as it relates to "agreements, engineering, access, use, transmission, receipt, collection, or analysis of Facebook Users' Content and Information by Third Parties." Such documents are often produced with Initial Disclosures and are key to negotiations between the parties regarding custodians of relevant materials. Facebook asserts that it does not have any documents responsive to this Request.

2.  **Facebook's Statement**

As Facebook has repeatedly informed Plaintiffs, Facebook does not maintain organizational charts in the regular course of business and accordingly does not have materials responsive to Plaintiffs' request for such documents. Facebook has agreed to meet and confer with Plaintiffs regarding what, if any, materials it can produce to Plaintiffs in lieu of organizational charts.

3.  **Plaintiffs' Statement**

When granting in part and denying in part Facebook's motion to dismiss, the Court stated that the deadline for Facebook to file an answer to the complaint would be discussed at the next case management conference. Pretrial Order No. 20: Granting in Part and Denying in Part Mot. to Dismiss First Am. Compl. at 42-43. With the parties' and the Court's attention focused on issues of scheduling in the last few months, a date has not yet been set for Facebook to file its answer. Plaintiffs propose that the parties and Court discuss an appropriate date for the answer at the January 8 case management conference.

4.  **Facebook's Statement**

Facebook does not object to discussing and setting a date for Facebook to respond to Plaintiffs' First Amended Consolidated Complaint (FACC). Given that the FACC is over 400 pages long and contains 1442 paragraphs of factual allegations, Facebook respectfully requests at least 30 days from the January 8, 2020, Case Management Conference to prepare an Answer.

Dated: January 2, 2020                                      Respectfully submitted,

KELLER ROHRBACK L.L.P.                                      BLEICHMAR FONTI & AULD LLP

By:  */s/ Derek W. Loeser*                                  By:  */s/ Lesley E. Weaver*
     Derek W. Loeser                                             Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)                   Lesley E. Weaver (SBN 191305)
Lynn Lincoln Sarko (admitted *pro hac vice*)                Anne K. Davis (SBN 267909)
Gretchen Freeman Cappio (admitted *pro hac vice*)           Joshua D. Samra (SBN 313050)
Cari Campen Laufenberg (admitted *pro hac vice*)            555 12th Street, Suite 1600
Benjamin Gould (SBN 250630)                                 Oakland, CA 94607

1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com
bgould@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

GIBSON, DUNN, & CRUTCHER LLP

By: */s/ Joshua S. Lipshutz*
Joshua S. Lipshutz
Orin Snyder (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035
osnyder@gibsondunn.com

Joshua S. Lipshutz (SBN 242557)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
jlipshutz@gibsondunn.com

Kristin A. Linsley (SBN 154148)
Brian M. Lutz (SBN 255976)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306
klinsley@gibsondunn.com

blutz@gibsondunn.com

*Attorneys for Defendant Facebook, Inc.*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Derek W. Loeser, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of January, 2020, at Seattle, Washington.

                                      /s/ Derek W. Loeser
                                      Derek W. Loeser

# CERTIFICATE OF SERVICE

I, Sarah Skaggs, hereby certify that on January 2, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

**In addition, the following were served via U.S. Mail:**

Robert Zimmerman
329 Sandpiper Lane
Hampstead, NC 28443

Paven Malhotra
Matan Shacham
Bryn Anderson Williams
Keker Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

Anjeza Hassan
Ibrahim Hassan
Mirela Hysa
8349 Cretan Blue Lane
Las Vegas, NV 89128

Kosta Hysta
6877 Fox Lane
Waterford, MI 48327

**And via email:**

Robert Zimmerman
bobzimmerman@usa.com

Paven Malhotra
Matan Shacham
Bryn Anderson Williams
pmalhotra@keker.com
bwilliams@kvn.com
bwilliams@kvn.com

Anjeza Hassan
annie.sara@yahoo.com

/s/ *Sarah Skaggs*
Sarah Skaggs