| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP** | **GIBSON DUNN & CRUTCHER, LLP** |
| 555 12th Street, Suite 1600 | 555 Mission Street |
| Oakland, CA 94607 | San Francisco, CA 94105 |

**KELLER ROHRBACK LLP**
1201 Third Avenue, Suite 3200
Seattle, WA 98101

February 18, 2020

<u>**VIA ELECTRONIC FILING**</u>

Honorable Vince Chhabria
United States District Court
San Francisco Courthouse, Courtroom 4
450 Golden Gate Avenue
San Francisco, CA 94102

   Re: *In re Facebook, Inc. Consumer Privacy User Profile*,
      Northern District of California Case No. 3:18-md-02843-VC

Dear Judge Chhabria:

  By this letter, Plaintiffs respectfully seek a Court order a) establishing the relevant time period for production of responsive materials; and b) imposing a firm deadline by which the parties must each produce privilege logs following production of responsive materials.

**I.  Plaintiffs' Position**

  **A.  Facebook Should Search For and Produce Documents Relating to the Class Period**

  As mentioned at the last case management conference, Facebook arbitrarily announced it would define the relevant time period for its search for responsive materials as of March 20, 2012, subject to a limited exception of documents related to Facebook policies and user terms. Following the Case Management Conference, Facebook revised its position, proposing a relevant time period beginning January 1, 2009. Plaintiffs contend that the relevant period should begin when the Class Period begins, on January 1, 2007. First Am. Consol. Compl. ¶¶ 817-18, Feb. 22, 2019, ECF No. 257; *see also* Pretrial Order No. 20: Granting in Part and Denying in Part Mot. to Dismiss First Am. Compl. at 6 ("Since roughly 2007, Facebook users have been able to access applications, or apps, directly from the Facebook platform to do things like play video games, read news content, or stream videos."), Sept. 9, 2019, ECF No. 298. The parties have met and conferred extensively and have been unable to reach agreement.

  It is "beyond dispute that discovery is not limited to the class period." *In re Seagate Tech. II Sec. Litig.*, 1993 WL 293008, at *1–2 (N.D. Cal. June 10, 1993). Courts in this District consistently hold that plaintiffs are entitled to discovery that predates their class period. *See, e.g.*, *In re Coca-Cola Prod. Mktg. & Sales Practices Litig. (No. II)*, 2016 WL 6245899, at *6 (N.D. Cal. Oct. 26, 2016); *Zamora v. D'Arrigo Bros. Co. of Cal.*, 2007 WL 806518, at *1 (N.D. Cal. Mar. 15, 2007); *Zelman v. JDS Uniphase Corp.*, 376 F. Supp. 956, 970 (N.D. Cal. 2005). This is not a controversial position—in the pre-certification context, it is axiomatic that discovery is permitted during and outside the desired class period. *See Hatamian v. Advanced Micro Devices, Inc.*, No. 14-CV-00226-YGR-JSC, 2015 WL 7180662, at *2 (N.D. Cal. Nov. 16, 2015). Here, Plaintiffs have actually limited their discovery requests *within* the class period.

With respect to Facebook's arguments that documents dating back to January 1, 2007 are outside the limitations period for Plaintiffs' claims, the Court has already rejected this argument, recognizing that discovery relating to pre-2012 conduct is relevant. The Court ruled that "statutes of limitations provide an affirmative defense, which normally must be raised at summary judgement rather than on a motion to dismiss." *See* Pretrial Order No. 20: Granting in Part and Denying in Part Motion to Dismiss, ECF No. 98 at 22-23, n. 10 (citing *U.S. ex rel. Air Control Technologies, Inc. v. Pre Con Industries*, Inc., 720 F.3d 1174, 1178 (9th Cir. 2013).[1] Based on this principle, the Court held that "at best Facebook has raised a significant possibility that claims relating to pre-2012 conduct may be time-barred, *a defense that will need to be decided on summary judgment or at trial*." ECF No. 98 at 22-23, n. 10 (emphasis added). Facebook cannot now unilaterally withhold fact discovery based on a ruling that the Court deferred to summary judgment or trial, particularly where this is a question of fact, not law. Plaintiffs are confident the facts will show that Facebook deliberately concealed what it is doing with users' content and information.

Even if some claims are later determined to be time-barred – which Plaintiffs think unlikely, given Facebook's failure to disclose its conduct – conduct beginning in 2007 is still highly relevant to all claims.[2] Discovery of what Facebook actually did with users' private content ties directly to the scope of consent. Indeed, Facebook *admits* the relevance of consent in 2007 by agreeing to produce the policies from that period. Refusing discovery of whether its conduct secretly exceeded the scope of that consent from the outset is illogical.[3]

This is the third time Facebook has raised this argument. The Court stated during the last case management conference that it expects Facebook to produce discovery that predates the period selected by Facebook in its responses and objections. *See* Jan. 8, 2020 Case Management Conference Tr. at 12:24-13:3, 14:1-13. In multiple conferences, however, Facebook made clear that it does not find the Court's comments persuasive. Because evidence relating to this period is plainly relevant to the parties' claims and defenses, Plaintiffs respectfully seek an order requiring Facebook to search for and produce materials beginning January 1, 2007.

### B. The Parties Should Produce Privilege Logs Within 30 Days

Plaintiffs have attempted to negotiate reasonable parameters to keep this action progressing in a manner that will meet the Court's case management schedule. This includes a proposed deadline for production of privilege logs 30 days after the production of materials from which documents are withheld. The Ninth Circuit recognizes that Rule 34's 30-day time limit applies to privilege logs. *Burlington Northern & Santa Fe Railway Co. v. U.S. District Court for District of Montana*, 408 F.3d 1142, 1145 (9th Cir. 2005), *as amended* (9th Cir. May 19, 2005). Courts in this District have enforced this 30-day default deadline. *See Loop AI Labs Inc v. Gatti*, No. 15-CV-00798-HSG, 2016 WL 3001158, at *2 (N.D. Cal. May 25, 2016); *Nat'l Labor Relations Bd. v. Sanders-Clark & Co.*, 2016 WL 2968014, at *6 (C.D. Cal. Apr. 25, 2016); *Khasin v. Hershey Co.*, 2014 WL 690278, at *2 (N.D. Cal. Feb. 21, 2014). This Court too has

---

[1] This ruling expressly rejected the argument Facebook advances again in footnote 6.
[2] Facebook's assertion below that "Plaintiffs admit" that all conduct was disclosed is utterly false. Facebook has never publicly disclosed its conduct. Its resistance to producing obviously relevant materials here is consistent with its approach overall.
[3] Notably, Facebook provided discovery to the Federal Trade Commission and other regulators dating back to January 1, 2007.

2

found it appropriate to order production of privilege logs within 30 days. *See Inst. for Fisheries Res. v. Burwell*, 2017 WL 89003, at *1 (N.D. Cal. Jan. 10, 2017). Plaintiffs have offered to receive productions piecemeal, such that Facebook is not tasked with one overarching log, but rather can create them in manageable installments in an ongoing process.[4]

For more than five weeks, Facebook has made no counteroffer which addresses these concerns on this uncomplicated issue. Despite multiple conversations, Facebook refuses to agree to 30 days or offer a clear counterproposal. Although Facebook earlier flatly rejected Plaintiffs' proposal, it raised for the first time in opposition to this joint letter three new alternatives. This is of course improper but these new offers also fail to cure the impasse.

Instead, Facebook insists that it will produce privilege logs only on an undefined rolling basis, with no hard deadline but the close of discovery. This would preclude parties from challenging claims of privilege within the discovery period, undermining the case management schedule at the outset. If relevant privilege logs are not produced until after witness depositions have taken place and a claim of privilege is subsequently held to be unfounded, depositions may have to be retaken. The timing of the privilege logs is important because several privilege issues are likely to arise in this case. For example, there are numerous ongoing investigations into the challenged practices here which may raise privilege issues. Similarly, Facebook's use of outside consultants may raise the issue of whether Facebook waived otherwise applicable privileges in certain circumstances.

30-day privilege log deadlines are ordered precisely because they enable the parties and the court to efficiently address complicated privilege disputes. Plaintiffs therefore request that the court order the parties to provide them within 30 days of each document production or establish some other firm deadline within the discovery period.

## II.     Facebook's Position

### A.     Plaintiffs' demand for a broad 13-year production period is untethered to the claims at issue and disproportionate to the needs of this case.

The Court urged the parties to continue to meet and confer regarding the production period for Plaintiffs' document requests. In response, Facebook agreed to produce materials reflecting its user policies and revisions to those policies dating back to January 2007. For other categories of requests, Facebook agreed to a production period dating back to January 2009. The 11-year period from which Facebook agreed to collect and review documents responsive to the bulk of Plaintiffs' document demands is not only reasonable—it far exceeds the scope of discovery that Rule 26(b)(1) requires. After the 2015 amendments to Rule 26, it is "[n]o longer . . . good enough to hope that the information sought might lead to the discovery of admissible evidence." *Gilead Sciences, Inc. v. Merck & Co, Inc.*, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016). "[A] party seeking discovery . . . must show, before anything else, that the discovery sought is proportional to the needs of the case." *Id*.

Plaintiffs ignore Rule 26(b)(1)'s proportionality requirement and make no effort to show how materials from 2007 have any bearing on their claims. Plaintiffs' complaint describes no alleged wrongdoing that occurred in 2007—it merely alleges that Facebook launched Facebook Platform in 2007, which allowed users to interact with applications. None of Plaintiffs' claims

---

[4] The *ad hominem* arguments Facebook advances below – saying that Plaintiffs "issued ultimatums" etc. – are false.

concerns Facebook Platform's launch. Nor do Plaintiffs allege that any improper data-sharing occurred in 2007. Even if Plaintiffs had alleged a claim related to 2007 conduct, the Court recognized a "significant possibility" that any pre-2012 conduct is time-barred. *See* Dkt. 298 at 22 n.10. The statute of limitations for Plaintiffs' claims ranges from two to four years,[5] and Plaintiffs' first complaint was filed in March 2018. Although Plaintiffs contend their claims are subject to equitable tolling, as the Court observed, this argument likely is not viable given that Plaintiffs admit the facts underlying their claims were publicly available nearly seven years before they first filed. *See* FACC, Dkt. 257 ¶ 381 (the 2011 FTC complaint "outlines many of the same issues" as the First Amended Consolidated Complaint); *see also* 528, 554, 672.[6]

Rather than grapple with this issue, Plaintiffs contend a 13-year production period for all materials is required because Plaintiffs drafted a putative class definition to include users who joined Facebook in 2007. But, as Plaintiffs' own authority confirms, the appropriate consideration under Rule 26(b)(1) is not the putative class period but the relevant liability period. *See Hatamian*, 2015 WL 7180662 at *2. Indeed, Plaintiffs fail to cite a single case compelling a production period even nearing the 13-year period they demand. *See supra* Plaintiffs' Position at 2-3, citing *Seagate*, 1993 WL 293008, at *1–2 (15-month production period); *Hatamian*, 2015 WL 7180662, at *5 (32-month production period); *Coca-Cola*, 2016 WL 6245899 at *6 (declining to define production period); *Zamora*, 2007 WL 806518, at *1 (ordering production of limited category of 9-year-old materials); *Zelman*, 376 F. Supp. at 970 (unrelated to discovery).

Facebook agreed to undertake the burden of producing materials dating back to 2009 and some materials dating back to 2007—requiring it to collect, review, and produce scores of documents that are years outside any potential liability period. Facebook anticipates that complying with this agreement will require tens of thousands of attorney review hours and cost many millions of dollars, given that Plaintiffs' RFPs are extraordinarily broad and seek "all documents" touching on a host of topics, including Facebook's efforts to curb and investigate violations of *any* platform policy, Facebook's internal policies, any misuse of data from Facebook's platform, certain third party agreements, all "user testing," and various monetary considerations. *See* Dkt. 361-1. Plaintiffs also seek a panoply of materials relating to any Facebook data ever accessed by any third party. *Id*.

Facebook agreed in good faith to produce 11-years' of materials on a broad host of topics. Expanding the production period by two more years to allow a fishing expedition into Facebook's 2007 operations would magnify the costs associated with Facebook's document discovery efforts—imposing burdens that are vastly disproportionate to the needs of the case.

### B. Plaintiffs' proposed 30-day privilege log deadline is unworkable.

Facebook has repeatedly told Plaintiffs that their proposed deadline for privilege logs is unworkable, the parties are not at an impasse, and the parties should continue to meet and confer to reach an agreement that takes into account both sides' concerns. Facebook has not, as Plaintiffs claim, failed to offer proposals—Plaintiffs simply did not like Facebook's proposals.

---

[5] SCA, 18 U.S.C. § 2707(f) (2 years); VPPA, 18 U.S.C. § 2710(c)(3) (2 years); invasion of privacy, negligence, and gross negligence, Cal. Code. Civ. P. § 335.1 (2 years); Deceit by Concealment or Omission, *id.* § 338(d) (3 years); breach of contract, *id.* § 337.1 (4 years); implied covenant of good faith and fair dealing, *Eisenberg v. Ins. Co.*, 815 F.2d 1285, 1292 (9th Cir. 1987) (2 years); quantum meruit, Cal. Civ. Proc. Code § 339 (2 years).
[6] Many claims are also barred because events related to the thisisyourdigitallife app were reported in Dec. 2015.

In light of the parties' disagreements on this topic, on February 3, Facebook proposed that the parties meet and confer to discuss alternate structures to govern the timing of privilege logs. For instance, the parties could consider: (i) adopting deadlines for interim privilege logs, not tied to specific productions, with a deadline for all logs after substantial completion of production; (ii) producing privilege logs on a rolling basis tied to certain document-review benchmarks; or (iii) producing privilege logs, in good faith, on a rolling basis, once a threshold number of documents have been produced. While Plaintiffs contend they saw these new proposals for the first time here, that is because they refused to discuss potential alternatives after rejecting Facebook's initial proposal. In response to Facebook's proposed meet and confer, Plaintiffs declared they would unilaterally seek Court intervention unless Facebook agreed immediately to their proposal. This has become a pattern. Rather than work with Facebook to find agreement on discovery issues, Plaintiffs have adopted an approach of issuing an ultimatum, unilaterally declaring an impasse, and sending a proposed joint discovery letter (or making other threats) each time Facebook will not capitulate to Plaintiffs' demands on Plaintiffs' timeline.

Although Plaintiffs contend Rule 34 requires Facebook to produce a privilege log linked to each production within 30 days of that production, the Ninth Circuit has rejected a "per se . . . rule" that privilege logs must be produced within 30 days. *Burlington*, 408 F. 3d at 1149. It instead instructs courts to assess the timing of privilege logs on a "case-by-case" basis, considering "the magnitude of the document production[s]," *id.* at 1149, and recognizing that "particularly in discovery-intensive litigation, compiling a privilege log within 30 days may be exceedingly difficult, even for counsel who are sophisticated, experienced, well-funded, and acting in good faith," *id.* at 1149 n.3; *see also Holman v. Experian Info. Solutions, Inc.*, 2012 WL 2501085, at *6 (N.D. Cal. June 27, 2012) (rejecting strict privilege log deadline where case involved review of over 115,000 pages of documents).

Here, Facebook's document collection and review effort will involve many millions of pages, and producing privilege logs will require reviewing high volumes of materials multiple times—including multiple reviews for responsiveness, followed by complex privilege determinations. While Facebook endeavors to begin making frequent rolling document productions soon after the parties agree to custodians and search terms, attaching a 30-day privilege log deadline to each production will detract from Facebook's efforts to do this. As the Court explained in *In re Abilify* (*Aripiprazole*) *Products Liability Litig.*, 2017 WL 4399198, at *6 (N.D. Fla. Sept. 29, 2017): "[R]equiring Defendants to submit a privilege log in conjunction with each set of documents produced on a rolling basis would negatively impact the efficiency of Defendant's review process which would in turn delay the production of documents on a rolling basis . . . [and] make the current deadline for substantial completion not realistic."

Before Facebook can accurately withhold documents for privilege, its counsel must review a critical mass of materials to ensure a full understanding of crucial issues affecting privilege, including the different capacities in which attorneys may have served, the manners in which Facebook sought and received legal advice, and whether any privilege was waived. Plaintiffs' proposal ignores these realities and invites delay, error, and frequent privilege disputes that may ultimately prove unnecessary as the case develops. The Court should reject Plaintiffs' demand and order the parties to continue to discuss more realistic proposals. If the Court is inclined to set a privilege log deadline at this stage, it should order the parties to serve privilege logs on a good-faith rolling basis, with a final log to be served no later than 60 days after the deadline for substantial completion of document productions.

Dated: February 18, 2020

Respectfully submitted,

KELLER ROHRBACK L.L.P.

By: */s/ Derek W. Loeser*
　　Derek W. Loeser

Derek W. Loeser (admitted *pro hac vice*)
Lynn Lincoln Sarko (admitted *pro hac vice*)
Gretchen Freeman Cappio (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
Benjamin Gould (SBN 250630)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com
bgould@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

BLEICHMAR FONTI & AULD LLP

By: */s/ Lesley E. Weaver*
　　Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

GIBSON, DUNN, & CRUTCHER LLP
By: */s/ Joshua S. Lipshutz*
Joshua S. Lipshutz

Orin Snyder (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035
osnyder@gibsondunn.com

Joshua S. Lipshutz (SBN 242557)

GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
jlipshutz@gibsondunn.com

Kristin A. Linsley (SBN 154148)
Brian M. Lutz (SBN 255976)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306
klinsley@gibsondunn.com
blutz@gibsondunn.com

Martie Kutscher (SBN 302650)
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
Telephone:  650-849-5300
Facsimile:  650-849-5048
mkutscherclark@gibsondunn.com

*Attorneys for Defendant Facebook, Inc.*

7

Pursuant to Civil L. R. 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories above.

Date: February 18, 2020         */s/ Derek W. Loeser*
                                Derek W. Loeser