UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN PRICE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., et al.,<br><br>Defendants. | Case No. 18-md-02843-VC (JSC)<br><br>**ORDER RE: CUSTODIAN AND SEARCH TERMS DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 388 |

This action has been referred to the undersigned magistrate judge for discovery purposes. (Dkt. No. 390.) Now pending before the Court is a joint discovery dispute letter brief. (Dkt. No. 388.)[1] Plaintiffs ask the Court to compel Facebook to disclose the search terms and custodians it used in response to demands from the Federal Trade Commission (FTC) in connection with a 2012 investigation and a second, related 2018-2019 investigation. Plaintiffs assert that they need Facebook's chosen search terms and custodians to "meaningfully advance the parties' discussion of appropriate document production." (Dkt. No. 388 at 1.) Facebook counters that such information is protected attorney work product, but that it nonetheless offered to identify the search terms and custodians used in response to the FTC's 2018-19 investigation provided the information (1) will be attorneys-eyes only, (2) will only be used to negotiate search terms and custodians in this action, and (3) will not be deemed a waiver of attorney work product. (*Id.* at 6.)

Facebook has not met its burden of proving that the sought-after information is protected work product. The single case it cites, *FCC v. Mizuho Medy Co., Ltd.*, 2008 WL 11338402 at \*3-4 (S.D. Cal. July 7, 2008), is inapposite as it does not address why search terms and custodians

---

[1] The Court apologizes for the delay in addressing this dispute. As the letter brief was filed before the action was referred to the Court for discovery, it was overlooked.

utilized to produce documents to an opposing party reveal an attorney's protected mental impressions and opinions. That being said, Plaintiffs do not explain why the conditions imposed by Facebook are objectionable. If, as Plaintiffs contend, the information is a helpful starting point for negotiating terms and custodians in this case, none of those conditions should be a problem.

Accordingly, on or before Tuesday, April 7, Facebook shall identify the search terms it utilized and custodians it searched in response to the FTC's request for documents in 2018-2019, subject to the conditions identified above. In the meantime, Facebook shall endeavor to identify the search terms and custodians it searched in 2010; however, the Court is not presently ordering their production in light of Facebook's representation that they are not immediately available.

In addition, the Court will hold a video conference addressing the status of the parties' ESI negotiations on April 17, 2020 at 9:00 a.m. The parties shall jointly file a status update by noon on April 16, 2020. In advance of the conference, the Court will advise the parties and the public how they can attend the conference (we are still figuring that out).

Plaintiff's Administrative Motion to File portions of the letter brief under seal is DENIED as Facebook, the designating party, did not submit a declaration in support of sealing. *See* Civ. L. R. 79-5(e)(2).

This Order disposes of Docket No. 388.

**IT IS SO ORDERED.**

Dated: April 2, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge