| | |
|---|---|
| Derek W. Loeser (admitted *pro hac vice*) | Lesley E. Weaver (SBN 191305) |
| KELLER ROHRBACK L.L.P. | BLEICHMAR FONTI & AULD LLP |
| 1201 Third Avenue, Suite 3200 | 555 12th Street, Suite 1600 |
| Seattle, WA 98101 | Oakland, CA 94607 |
| Tel.: (206) 623-1900 | Tel.: (415) 445-4003 |
| Fax: (206) 623-3384 | Fax: (415) 445-4020 |
| dloeser@kellerrohrback.com | lweaver@bfalaw.com |

*Plaintiffs' Co-Lead Counsel*

Additional counsel listed on signature page

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED CONSOLIDATED COMPLAINT**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor<br>Hearing Date: May 21, 2020<br>Hearing Time: 10:00 a.m. |

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED CONSOLIDATED COMPLAINT**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Thursday, May 21, 2020, at 10:00 am, or as soon thereafter as counsel may be heard, before the Honorable Vince Chhabria, Courtroom 4, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San

Francisco, California 94102, Plaintiffs hereby move the Court, pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to file the Second Amended Consolidated Complaint, which is being filed concurrently. Plaintiffs' motion is based on this notice, the accompanying Memorandum in Support, the Declaration of Lesley E. Weaver in Support, the proposed Second Amended Consolidated Complaint, a redlined version of the proposed Second Amended Consolidated Complaint, the complete files and records in this action, and such other evidence as the Court may allow.

## MEMORANDUM IN SUPPORT

### I.   INTRODUCTION

Plaintiffs seek to amend their complaint for the sole purpose of substituting certain Named Plaintiffs who have withdrawn or wish to withdraw with others who are willing to serve. As courts across the Ninth Circuit and the nation have recognized, this is a routine and regular practice in class actions. Nonetheless, defendant Facebook, Inc. ("Facebook") has said that it opposes amendment for the purpose of substituting Named Plaintiffs that reside in the U.K. but does not otherwise oppose this motion. *See* Declaration of Lesley E. Weaver in Supp. of Pls.' Mot. ("Weaver Decl.") ¶ 6.

That is surprising, as there is no doubt that amendment is appropriate here. The party opposing amendment bears a heavy burden of demonstrating why amendment should not be granted. *Larios v. Nike Retail Servs., Inc.*, No. 11-cv-1600-GPC-NLS, 2013 WL 4046680, at *3 (S.D. Cal. Aug. 9, 2013). The factors for the Court to consider are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Facebook cannot meet its burden here. Amending to substitute plaintiffs is a common

and legitimate practice in class actions and there is no bad faith in Plaintiffs' attempt to do so. Substituting plaintiffs will cause no undue delay because Facebook has not even begun to conduct discovery of the Named Plaintiffs. Because the substantive allegations and claims remain the same, there is no prejudice to Facebook. There is also no question of futility, since the Court sustained the majority of Plaintiffs' claims based on these very same allegations. Leave to amend should be granted.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), leave to amend a pleading "shall be freely given when justice so requires." Courts are to apply the policy favoring amendments with "extreme liberality." *DCD Programs*, 833 F.2d at 186 (quotation omitted). The four primary factors in determining whether a motion for leave to amend should be granted are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *Id*. "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "The party opposing amendment bears the heavy burden of overcoming the presumption in favor of amendment which arises absent a demonstration of prejudice or a strong showing of any of the remaining factors." *Larios*, 2013 WL 4046680, at *3. None of the four factors are present in this case, such that amendment is entirely appropriate.

## III. ARGUMENT

### A. Plaintiffs' Request for Amendment Is Made in Good Faith.

It is well established that "Defendant has the burden of establishing that Plaintiff's proposed amendment is made in bad faith." *Aguilar v. Boulder Brands, Inc.*, No. 3:12-CV-01862-BTM, 2014 WL 4352169, at *4 (S.D. Cal. Sept. 2, 2014). Further, as Magistrate Judge

Beeler has observed, "in class actions, where a named Plaintiff's individual claims fail or become moot for a reason that does not affect the viability of the class claims, courts regularly allow or order the plaintiffs' counsel to substitute a new representative plaintiff." *Robichaud v. Speedy PC Software*, No. C-12-04730 LB, 2013 WL 818503, at *8 (N.D. Cal. Mar. 5, 2013). *See also Almeida v. Google, Inc.,* No. C-08-02088 RMW, 2009 WL 3809808, at *3 n. 2 (N.D. Cal. Nov. 13, 2009) (noting that those courts that did not permit pre-class certification substitution also found that the amendment would prejudice the defendants); *Phillips v. Ford Motor Co.,* 435 F.3d 785, 787 (7th Cir. 2006) (Posner, J.) (noting that "substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine') feature of class action litigation ... in the federal courts ...." and collecting cases); *Slaughter v. Uponor, Inc.,* No. 2:08-CV-01223 RCJ, 2012 WL 2780049, at *2 (D. Nev. Jul. 9, 2012) (allowing substitution of class representative and denying motion to dismiss where motion revealed statutory bar to representative plaintiff's claims); *Nat'l Fed'n of Blind v. Target Corp.,* 582 F.Supp.2d 1185, 1201 (N.D. Cal. 2007) (granting summary judgment against named plaintiffs but allowing leave to amend with substituted class representative); *Kremens v. Bartley,* 431 U.S. 119, 135 (1977) (ordering substitution of class representatives where named plaintiffs' claims were found moot).

Plaintiffs here seek to follow the common practice and amend to substitute plaintiffs.[1] Because this is a routine and regular practice in class actions, there can be no question of bad faith.

---

[1] Specifically, through this amendment, Plaintiffs seek to replace withdrawn Named Plaintiffs Barbara Vance-Guerbe, Scott McDonnell, Gretchen Maxwell, Paige Grays, John Doe, Mitchell Staggs; to voluntarily dismiss the claims of Named Plaintiffs Ian Miller, Bridget Peters and Olivia Johnston; and to substitute in Rafael Amezcua, Naomi Butler, Peter Christley, Brandon Herman, and Annie Wenz.

### B. Plaintiffs Timely Seek Leave to Amend.

"Whether there has been 'undue delay' should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date." *Gonzalez v. Wilmington Tr., NA*, No. 15-CV-1565, 2016 WL 4542027, at *4 (S.D. Cal. June 15, 2016) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991)). Even if established, "delay, by itself, is insufficient to justify denial of leave to amend." 833 F.2d at 186.

There has been no undue delay here. Plaintiffs promptly sought Facebook's consent to the voluntary dismissal of Named Plaintiffs Bridget Peters' and Olivia Johnston's claims, and to amendment of the complaint for purpose of substituting additional plaintiffs. Weaver Decl. ¶¶ 3-5. Failing that, Plaintiffs filed the instant motion.[2] Discovery is not scheduled to close until January 22, 2021. Pretrial Order No. 32: Case Management Schedule at 1, ECF. No. 356 (Dec. 13, 2019). Finally, although the Court has not yet set a trial date, the current schedule suggests that summary judgement, let alone a trial, could not take place until after October of 2021. *Id*. As such, there has been no undue delay. Indeed, the only delay has been occasioned by Facebook failing to consent, forcing motion practice.

### C. Amendment Will Not Prejudice Facebook.

Whether amendment will result in prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

---

[2] The first Named Plaintiffs to withdraw did so on December 9, 2019, followed by a number of others. *See* Notice of Voluntary Dismissal Without Prejudice by Barbara Vance-Guerbe ECF No. 348, Dec. 9, 2019; *see also* ECF Nos. 350 (McDonnell), 351 (Maxwell), 352 (Grays), 355 (Doe), 357 (Staggs). After Facebook served its answer on February 5, 2020, three more Named Plaintiffs decided to withdraw. Weaver Decl. ¶¶ 3-5.

"Prejudice typically arises where the opposing party is surprised with new allegations which require more discovery or will otherwise delay resolution of the case." *Wehlage v. Empres Healthcare Inc.,* No. 10–5839, 2012 WL 380364, at *2 (N.D. Cal. Feb. 6, 2012) (citing *Acri v. Int'l Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir. 1986)). Further, "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187.

The proposed amended complaint here presents no surprises for Facebook. On the contrary, it contains no new allegations at all, save for the substitution of plaintiffs. *See* Weaver Decl., Ex. 2 (redlined proposed Second Amended Consolidated Complaint). Because Facebook has not yet conducted any discovery of the Named Plaintiffs, amendment will neither require additional discovery nor delay resolution of the case. Accordingly, amendment will not prejudice Facebook in any way.

**D.    Amendment Is Not Futile.**

"A proposed amended pleading is futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid claim or defense.'" *Rieve*, 2012 WL 929737, at *3 (quoting *Miller v. Rykoff Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Here, amendment is not futile. The Court sustained the majority of the claims asserted in the First Amended Consolidated Complaint on September 9, 2019. *See* Pretrial Order No. 20: Granting in Part and Denying in Part Mot. to Dismiss First Am. Compl., ECF No. 298 (Sept. 9, 2019). The proposed Second Amended Consolidated Complaint contains the exact same allegations and claims, but for the substitution of Named Plaintiffs. Those claims remain valid and, as such, amendment is not futile.

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to File the Second Amended Consolidated Complaint should be granted.

Dated: April 14, 2020                                              Respectfully submitted,

KELLER ROHRBACK L.L.P.                                BLEICHMAR FONTI & AULD LLP

By:    */s/ Derek W. Loeser*                                   By:    */s/ Lesley E. Weaver*
          Derek W. Loeser                                                       Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)
Lynn Lincoln Sarko (admitted *pro hac vice*)
Gretchen Freeman Cappio (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
David Ko (admitted *pro hac vice*)
Adele A. Daniel (admitted *pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com
dko@kellerrohrback.com
adaniel@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
Matthew P. Montgomery (SBN 180196)
Angelica M. Ornelas (SBN 285929)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com
mmontgomery@bfalaw.com
aornelas@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of April, 2020, at Oakland, California.


                                                   /s/ Lesley E. Weaver
                                                   Lesley E. Weaver

## CERTIFICATE OF SERVICE

I, Lesley E. Weaver, hereby certify that on April 14, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

*s/ Lesley E. Weaver*
Lesley E. Weaver