GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
   osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
   klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
   mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
   dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
   jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION** |

Facebook was surprised to receive Plaintiffs' Administrative Motion asking the Court to enter their proposed Participating Counsel Order, as it had been almost two months since Plaintiffs' last correspondence to Facebook about the issues presented by their motion. On February 8, Facebook provided Plaintiffs revisions to their proposed order, which Plaintiffs largely rejected, without explanation, on February 18. (Declaration of Martie Kutscher ("Kutscher Declaration") at ¶¶ 3-4). This February 18 e-mail was Plaintiffs' last communication to Facebook before they filed their motion, even though on February 24 Facebook invited Plaintiffs to meet and confer over the provisions Facebook had added to the draft order that Plaintiffs were proposing to remove. *Id*. at ¶ 5. Facebook did not hear from Plaintiffs again on the topic until seven weeks later when Plaintiffs filed an administrative motion asking the Court to enter their proposal. *Id*. at ¶ 6.

In short, Plaintiffs sent Facebook one draft of their proposed order, informed Facebook that they would not agree to any substantive changes to that draft, and then filed their motion without engaging in any meet-and-confer efforts. This take-it-or-leave-it approach does not satisfy Plaintiffs' obligation to make a genuine effort to resolve disagreements before presenting them to the Court, and unfortunately has become a recurring problem. *See* Stipulation and Order on Discovery Dispute Resolution Procedures (Dkt. 393) ¶ 3; (motions may be filed on discovery issues only if "the parties remain at impasse after meeting and conferring in good faith").N.D. Cal. Civ. Loc. R. 1-5(n) ("'Meet and confer'" means to "discuss in good faith" … "through direct dialogue and discussion"). The Court should deny Plaintiffs' motion with an instruction that Plaintiffs must make a bona fide effort to resolve the issues raised by their motion through compromise and consent.

Alternatively, if the Court is inclined to consider Plaintiff's motion, Facebook requests that the Court make the following revisions to Plaintiffs' proposed order, which Facebook proposed to Plaintiffs on February 8:

> Co-Lead Counsel may authorize Participating Counsel to assist in: (a) responding to Defendants' discovery requests for their clients; and (b) representing their clients in depositions, together with Co-Lead Counsel, ~~consistent with Pretrial Order No. 8, Dkt. 120, ¶ 5,~~ subject to the limitation that only one attorney may object and conduct any direct examination during the course of such depositions. Such Participating Counsel may not perform Common Benefit Work other than that specifically requested by Co-Lead Counsel that is related to either (a) or (b) as set forth above. All work shall conform to the requirements for Common Benefit Work set forth in Pretrial Order No. 9, Dkt. 121. Participating Counsel's receipt of reasonable common benefit attorneys' fees and reimbursement of costs and

*Id.* at ¶ 3 and Kutscher Decl., **Exhibit A**.  Facebook had hoped to discuss its proposed revisions with Plaintiffs during a proper meet and confer.  Failing that, Facebook asks the Court to enter an order that addresses Facebook's three concerns.

*First*, Facebook wishes to ensure that Plaintiffs' proposed order does not serve as an end-run around the obligations the Court imposed on Co-Lead Counsel in Pretrial Order 8 by allowing Participating Counsel to "respond[] to Defendants' discovery requests."  Dkt. 120.  Consistent with the Court's prior Order, Facebook therefore proposed language clarifying that Co-Lead Counsel has the sole authority to sign court filings and responses to discovery requests, must ensure proper collection and retention of the Named Plaintiffs' materials, and that the proposed order does not permit Co-Lead Counsel to delegate either of these core litigation functions to Participating Counsel.  Facebook proposed the following clarifying language to ensure the proposed order does not relieve Co-Lead Counsel of these obligations:  **"Co-Lead Counsel will . . . (b) sign all court filings and responses to discovery requests in accordance with the requirements of Rule 11; [and] (c) ensure proper preservation, collection, and production of documents in response to any document demands, consistent with all applicable rules of procedure and ethical rules."**  Plaintiffs have no real objection to these provisions: They protest that these provisions are "unnecessary" (Mot. at 2), but they would

2

provide additional clarity to an otherwise vague order and concrete guidance to Participating Counsel.

*Second*, Facebook wishes to ensure that communications about this action are coordinated and consistent.  Facebook has already been enduring an escalating barrage of discovery letters and emails from Plaintiffs' counsel, which have made it difficult for the parties' to focus on forward progress—more than 135 emails and 30 formal letters have been exchanged in the six weeks since the March 5 Case Management Conference before the Court.  Kutscher Decl. at ¶ 7.  These communications come from at least eight different members of Plaintiffs' team.  *Id*.  Given that there are currently 25 Named Plaintiffs in this case and Plaintiffs now seek to add numerous additional Named Plaintiffs (*see* Dkt. 397), Facebook has serious concerns that it will soon be bombarded by additional—and likely inconsistent—letters, emails, and phone calls from attorneys at 25 or more additional law firms.  To avoid this concern, Facebook wishes to clarify in the proposed order that **"Co-Lead Counsel is solely responsible for all case-related correspondence, email, and phone communications with Defendants."**  Plaintiffs offer no explanation in their motion for why they oppose this simple clarifying change.

*Third*, although Facebook does not object to individual Named Plaintiffs' attorneys assisting with depositions, depositions must be organized and orderly.  Facebook is concerned that Plaintiffs seek to evade this District's general prohibition on two-attorney questioning and create imbalance in the deposition room by allowing both Participating Counsel and Co-Lead Counsel to raise objections and ask questions during the Named Plaintiffs' depositions.  "[I]t is the typical practice on this District for only one attorney to question a witness at a deposition." *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072-BLF (SVK), Dkt. 354 at *2 (N.D. Cal. Sep. 9, 2019) (Order on Joint Discovery Letter Brief Re Expert Depositions of Drs. Mitzenmacher, Jaeger, and Orso).  Plaintiffs offer no compelling reason why the parties should depart from that typical practice in this case.  Indeed, their request to do is particularly concerning given that they seek to hold video depositions in this this case.  Kutscher Decl. ¶ 8.

To avoid this concern, Facebook proposed language clarifying that Participating Counsel may assist with their clients' depositions **"subject to the limitation that only one attorney may object and conduct any direct examination during the course of such depositions."** Facebook proposed this revision to Plaintiffs on February 8.  *See* Kutscher Decl., **Exhibit A**. Plaintiffs' argument that a provision limiting deposition questioning to a single attorney "belongs … in the deposition protocol" (Mot. At 2) is disingenuous: Plaintiffs' proposed deposition protocol contains language expressly *permitting* two examiners.  Kutscher Decl. at ¶ 8.  And there is no risk of "confusion, duplication" or "conflict" (*id.*):  With the issue addressed here, the parties would have no need to address it again in a deposition protocol (should one be entered). Given that there are no extraordinary circumstances here that would necessitate allowing two attorneys to actively defend the Named Plaintiffs' depositions, Facebook's proposed qualification should be included in any order permitting Participating Counsel to participate in the Named Plaintiffs' depositions.  To the extent that Co-Lead Counsel does not have sufficient resources to adequately defend each of their clients' depositions, they should consider declining to expand the already large number of Named Plaintiffs in the case.

Facebook respectfully requests that the Court either (i) deny Plaintiffs' motion or (ii) adopt Plaintiffs' proposed order with Facebook's modifications, which appear above and as **Exhibit A** to the Kutscher Declaration.

| | |
|---|---|
| Dated:  April 3, 2020 | **GIBSON, DUNN & CRUTCHER, LLP**<br><br>By:  */s/ Deborah Stein*<br>Orin Snyder (*pro hac vice*)<br>osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone:  212.351.4000<br>Facsimile:  212.351.4035<br><br>Deborah Stein (SBN 224570)<br>dstein@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone:  213.229.7000<br>Facsimile:  213.229.7520<br><br>Joshua S. Lipshutz (SBN 242557)<br>jlipshutz@gibsondunn.com<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone:  202.955.8500<br>Facsimile:  202.467.0539<br><br>Kristin A. Linsley (SBN 154148)<br>klinsley@gibsondunn.com<br>Martie Kutscher (SBN 302650)<br>mkutscherclark@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone:  415.393.8200<br>Facsimile:  415.393.8306<br><br>*Attorneys for Defendant Facebook, Inc.* |