GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF MARTIE KUTSCHER IN SUPPORT OF FACEBOOK, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION** |

I, Martie Kutscher, hereby declare as follows:

1. I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook in the above-captioned matter. I am a member in good standing of the State Bars of California, New Jersey, and New York. I submit this declaration in support of Facebook's Opposition to Plaintiffs' Administrative Motion requesting that the Court enter its proposed "Participating Counsel Order." I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2. On January 30, 2020, Lesley Weaver, counsel for Plaintiffs, emailed Facebook's counsel Plaintiffs' proposed Participating Counsel Order, requesting that Facebook inform Plaintiffs of any "objections" it had to the proposed order.

3. On February 8, 2020, I emailed Plaintiffs' counsel a draft of the Participating Counsel Order that incorporated Facebook's proposed revisions, indicating that Plaintiffs' had Facebook's authorization to file that version of the proposed order. A true and correct copy of Facebook's proposal is attached as **Exhibit A**.

4. On February 18, I received an email from Cari Laufenberg, also counsel for Plaintiffs, attaching a revised version of Plaintiffs' Proposed Counsel order, which largely rejected the revisions incorporated in Facebook's February 8 proposal.

5. I responded to Ms. Laufenberg's email on February 24, 2020, stating: "We have reviewed your further revisions to the participating counsel order, which remove much of the additional language we added. We believe the language we added is necessary and do not agree to these further revisions. We are happy to meet and confer as necessary to discuss."

6. Plaintiffs did not respond to my February 24 email or make any effort to meet and confer regarding their proposed Participating Counsel Order. We did not hear about the proposed order again, until April 13, when Plaintiffs filed their Administrative Motion asking the Court to enter the proposed order that Ms. Laufenberg attached to her February 18 email.

7. The parties in this action exchange a very high volume of correspondence. By way of example, since the March 5 Case Management Conference before the Court, the parties

have exchanged more than 130 emails and 30 formal letters.  The majority of this correspondence was sent by Plaintiffs.  I regularly receive correspondence from at least eleven individuals associated with Co-Lead Counsels' law firms, including: Lesley Weaver, Derek Loeser, Matthew Montgomery, Anne Davis, Cari Laufenberg, David Ko, Benjamin Gould, Angelic Ornelas, Kelsey Robertson, Sarah Skaggs, and William Nervis.

8. Plaintiffs have provided Facebook a proposed deposition protocol for this action, which, among other things, includes the following language:  "Absent extraordinary circumstances, questioning of a deponent in these MDL Proceedings shall be conducted by no more than two examiners."  Plaintiffs have also proposed that the parties take video depositions in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 17, 2020 in Palo Alto, California.

/s/ Martie Kutscher
Martie Kutscher

# EXHIBIT A

| | |
|---|---|
| Derek W. Loeser (admitted *pro hac vice*) <br> KELLER ROHRBACK L.L.P. <br> 1201 Third Avenue, Suite 3200 <br> Seattle, WA 98101 <br> Tel.: (206) 623-1900 <br> Fax: (206) 623-3384 <br> dloeser@kellerrohrback.com | Lesley E. Weaver (SBN 191305) <br> BLEICHMAR FONTI & AULD LLP <br> 555 12th Street, Suite 1600 <br> Oakland, CA 94607 <br> Tel.: (415) 445-4003 <br> Fax: (415) 445-4020 <br> lweaver@bfalaw.com |

*Plaintiffs' Co-Lead Counsel*
*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION <br><br> This document relates to: <br><br> ALL ACTIONS | MDL No. 2843 <br> Case No. 18-md-02843-VC <br><br> **[PROPOSED] ORDER APPROVING PARTICIPATING COUNSEL PERFORMING COMMON BENEFIT WORK RELATED TO PLAINTIFFS' RESPONSES TO DISCOVERY** <br><br> Judge: Hon. Vince Chhabria <br> Courtroom: 4, 17th Floor |

Before the Court is Co-Lead Counsel's request to engage other certain named Plaintiffs' retained counsel ("Participating Counsel") to perform Common Benefit Work related to responding to Defendants' written discovery to named Plaintiffs and anticipated depositions of named Plaintiffs, in accordance with Pretrial Order No. 8: Duties and Authority of Co-Lead Counsel, Dkt. 120, ¶ 17 and Pretrial Order No. 9: Protocol for Common Benefit Work and Expenses, Dkt. 121. Defendants do not object to this request.

Participating Counsel specifically consists of the following firms: Cohen Milstein Sellers & Toll PLLC; Gustafson Gluek PLLC; Hagens Berman Sobol Shapiro LLP; Motley Rice LLC;

Schonbrun Seplow Harris Hoffman & Zeldes, LLP; Sulaiman Law (Atlas Consumer Law); and Cuneo Gilbert & LaDuca, LLP.

The Court APPROVES the request, subject to the following requirements. Co-Lead Counsel may authorize Participating Counsel to assist in: (a) responding to Defendants' discovery requests for their clients; and (b) representing their clients in depositions, together with Co-Lead Counsel, subject to the limitation that only one attorney may object and conduct any direct examination during the course of such depositions. Such Participating Counsel may not perform Common Benefit Work other than that specifically requested by Co-Lead Counsel that is related to either (a) or (b) as set forth above. All work shall conform to the requirements for Common Benefit Work set forth in Pretrial Order No. 9, Dkt. 121. Participating Counsel's receipt of reasonable common benefit attorneys' fees and reimbursement of costs and expenses shall be subject to Section I of Pretrial Order No. 9, Dkt 121. As required by Pretrial Order No. 8, Dkt. 120, Co-Lead Counsel will: (a) manage and oversee the work of Participating Counsel; (b) sign all court filings and responses to discovery requests in accordance with the requirements of Rule 11; (c) ensure proper preservation, collection, and production of documents in response to any document demands, consistent with all applicable rules of procedure and ethical rules; (d) collect cost and time records from Participating Counsel; and (e) ensure that Participating Counsel's work adheres to the Court-approved protocol regarding attorneys' fees, expenses, and costs. Co-Lead Counsel is solely responsible for all case-related correspondence, email, and phone communications with Defendants.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT COURT JUDGE