# EXHIBIT B

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

Derek W. Loeser (admitted pro hac vice)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

Joshua S. Lipshutz (SBN 242557)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
jlipshutz@gibsondunn.com

*Counsel for Defendant Facebook, Inc.*

ADDITIONAL COUNSEL LISTED ON
SIGNATURE PAGE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC |
| This document relates to:<br><br>ALL ACTIONS | **STIPULATION AND [PROPOSED] ORDER RE CLAWBACK AND PRIVILEGED DOCUMENTS PURSUANT TO FED. R. EVID. 502(D) & (E)**<br><br>Judge:     Hon. Jacqueline Scott Corley |

This Stipulation Regarding "Clawback" of Privileged Documents Pursuant to Federal Rules of Evidence 502(d) and 502(e) is entered into by and between Plaintiffs and Defendant Facebook, Inc.[1]

## 1. **PURPOSE**

Pursuant to Federal Rules of Evidence 502(d) and 502(e), the production or disclosure of any attorney-client privileged or work-product-protected documents (as defined by Fed. R. Civ. P. 34(a)(1)) and accompanying metadata ("Documents"), shall not result in the waiver of, or an estoppel as to, any claim of attorney-client privilege or attorney work product protection associated with such Documents as to the receiving party or any third parties in this or in any other state or federal proceeding, regardless of the circumstances of such production or disclosure. This Paragraph shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Documents. The parties agree that, unless expressly provided for herein, Fed. R. Evid. 502(b) shall not apply to any disputes regarding privileged or work-product-protected Documents that are produced in this litigation; instead, this Stipulation shall provide protection for, apply to any disputes regarding, and govern the handling of privileged or work-product-protected Documents that are produced in this litigation.

Notwithstanding the foregoing, this Stipulation does not preclude a party from intentionally waiving a claim of privilege or work-product protection through affirmative use of Documents otherwise subject to such privilege or protection to support such party's claims or defenses in this action. When a party has intentionally waived the privilege or protection as to certain Documents,

---

[1]This Stipulation supersedes Section 11 of the Stipulated Protective Order entered on August 17, 2018, Dkt. No. 122.

1

STIPULATION AND [PROPOSED] ORDER RE CLAWBACK AND PRIVILEGED DOCUMENTS PURSUANT TO FED. R. EVID. 502(D) & (E)
MDL NO. 2843 - CASE NO. 18-MD-02843-VC-JSC

whether the waiver extends to other, undisclosed Documents will be determined under Fed. R. Evid. 502(a).

2. **CLAWBACK NOTICE**

    A.    In the event that a producing party discovers that it produced a Document subject to a claim of attorney-client privilege or work-product protection, it shall, within 30 calendar days of discovering the inadvertent production of the Document, provide written notice of the claim to the receiving party (a "Clawback Notice"), identifying the subject Document(s). The Clawback Notice shall include the bates range of (or, in the event the Document is not bates-numbered, information sufficient to identify) each Document the producing party seeks to clawback and specify the factual basis for the privilege or protection asserted in sufficient detail to permit the receiving party to assess the claim. As soon as practicable after providing the Clawback Notice, the producing party shall provide (i) if only a portion of the document contains privileged or work-product-protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or work-product-protected, a slip sheet utilizing the same bates number(s) as the original noting that the document has been withheld. Any document that is the subject of a Clawback Notice shall be included on a privilege log if and as required by the privilege logging procedures agreed to by the parties or ordered by the Court (including, without limitation, the procedures governing the format of the privilege log and the timing of privilege-log production).

3. **PROCEDURES FOLLOWING CLAWBACK NOTICE**

    A.    Immediately upon receipt of a Clawback Notice, the receiving party shall: (i) sequester the Document(s) identified in the Clawback Notice, all copies thereof, and any notes that reproduce,

copy, or otherwise disclose the substance of the information for which privilege or protection is claimed; and (ii) refrain from making any use of the Document(s) identified in the Clawback Notice.[2]

      B.    If the receiving party does not challenge a claim that a Document specified in a Clawback Notice is privileged or work-product protected, within fifteen calendar days of receipt of the Clawback Notice the receiving party must: (i) return and/or certify destruction of the Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege is claimed; and (ii) notify the producing party in writing when this is complete. Thereafter, the receiving party may not use the Documents for any purpose in this action, in any other action or proceeding, or otherwise.

      C.    If a receiving party challenges a claim that a Document specified in a Clawback Notice is privileged or work-product-protected, the receiving party shall notify the producing party of its challenge (and the reasons therefor) within fifteen calendar days of receiving the Clawback Notice asserting the claim.[3] The receiving party shall sequester the challenged Document(s) as described in Paragraph 3.A until its challenge has been resolved. Within four business days of the producing party's receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to reach agreement, the parties shall present their dispute to the Court in compliance with the Stipulation and Order on Discovery Dispute Resolution Procedures, Dkt. No. 393.

      D.    Either party may submit the issue to the Court for a determination, and either party may request that the Court review the Document(s) at issue *in camera*.

      E.    <<<*The parties continue to meet and confer regarding this paragraph.*>>>

---

[2] <<<In connection with their discussions regarding Paragraph 4.E, the Parties continue to meet and confer over additional language at the end of this Paragraph 4.A.>>>

[3] The parties agree to meet and confer in good faith about extending this deadline in the event a producing party seeks to clawback more than 50 documents within a 14-calendar-day period.

F.     The Document(s) listed in the Clawback Notice shall not be used or disclosed by the receiving party during the time in which the parties are meeting and conferring about the privileged nature of the Document(s) or during the time in which the challenge is before the Court for determination, unless otherwise agreed in writing by the parties or ordered by the Court. The producing party shall bear the burden of establishing the privileged or protected nature of the Document(s).

G.     If the Court determines that the challenged documents are privileged and/or work-product protected, within four business days after that determination, the receiving party must: (i) return and/or certify destruction of the Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege is claimed; and (ii) notify the producing party in writing when this is complete. Thereafter, the receiving party may not use the Documents for any purpose in this action, any other action or proceeding, or otherwise.

**4.     PROCEDURES DURING DEPOSITIONS AND HEARINGS**

A.     If, during a deposition, a producing party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected work product, the producing party may, in its sole discretion, do one or more of the following: (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection; (b) allow questioning about the document but instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition, in which case no questions may be asked and no testimony may be given relating to the document or the privileged or work-product-protected portion of the document until the matter has been resolved by agreement or by the Court. In all events, once the document is no longer in use at the deposition,

the receiving party shall promptly sequester all copies of the document under Paragraph 3.A. As to any testimony subject to a claim of privilege or work-product protection, the producing party shall serve a Clawback Notice by no later than four business days after the final transcript becomes available, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable. Pending determination of the clawback dispute, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 3. In the event the Court decides the clawback dispute in the receiving party's favor and the receiving party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision.

   B. If a receiving party uses discovery materials in a brief, as part of an expert report, or at a hearing, and the producing party has not served a Clawback Notice in advance of the briefing event, service of an expert report, or hearing, the producing party shall serve a Clawback Notice within fifteen (15) calendar days of the briefing event, service of expert report, or hearing. Thereafter, the procedures set forth Section 3 shall apply.

5. **PROHIBITION ON USE OF PRIVILEGED INFORMATION**

   In the event that a receiving party discovers that a producing party has included information or Document(s) that are or may be subject to a claim of attorney-client privilege or work-product protection in its productions and were or may have been inadvertently produced, the receiving party shall promptly (i) sequester the documents under Paragraph 3.A and (ii) serve on the producing party a written notice of the possible inadvertent production by identifying the bates range(s) of (or, in the event the Document is not bates-numbered, information sufficient to identify) the Document(s) the receiving party believes are or may be privileged or work-product protected, and were or may have been inadvertently produced (an "Inadvertent Production Notice").

Upon the producing party's receiving an Inadvertent Production Notice, if the producing party determines that the subject Documents are privileged or work-product-protected, the producing party shall provide the receiving party with a Clawback Notice within 30 calendar days of the date of the Inadvertent Production Notice. If the producing party determines that the subject Documents are not privileged or work-product-protected, the producing party shall, within fifteen calendar days of the date of the Inadvertent Production Notice, inform the receiving party in writing that the subject Documents are not privileged or protected and may be released from sequestration.

**7.     PRIVILEGE REVIEW**

A.     Nothing in this Stipulation is intended to excuse a producing party from conducting a privilege review prior to the production of Documents in this matter. It is the intent of the parties that each side conduct a privilege review prior to the production of Documents to the other.

**8.     RESERVATIONS OF RIGHTS**

A.     A producing party may not rely solely on its own production or disclosure of privileged or work product materials as a basis to seek disqualification of a receiving party's counsel. Nothing in this Stipulation modifies any party's right to seek disqualification of a receiving party's counsel based on misuse of privileged or work-product-protected materials.

B.     In the event a producing party serves a Clawback Notice any later than fifteen calendar days after the parties' exchange of initial trial exhibit lists (or, in the event that any Document subject to a Clawback Notice is included for the first time on a supplemental trial exhibit list, fifteen calendar days after service of such supplemental trial exhibit list), the receiving party reserves its rights to challenge the producing party's clawback under Fed. R. Evid. 502(b).

C.     The parties reserve all rights to apply to the Court for modification of this Stipulation.

Dated:  April 24, 2020                                    Respectfully submitted,

KELLER ROHRBACK L.L.P.                                    BLEICHMAR FONTI & AULD LLP

By: /s/
Derek W. Loeser

Derek W. Loeser (admitted *pro hac vice*)
Lynn Lincoln Sarko (admitted *pro hac vice*)
Gretchen Freeman Cappio (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
David Ko (admitted *pro hac vice*)
Adele A. Daniel (admitted *pro hac vice*)
Benjamin Gould (SBN 250630)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com
bgould@kellerrohrback.com
dko@kellerrohrback.com
adaniel@kellerrohrback.com

By: /s/
Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
Matthew P. Montgomery (SBN 180196)
Angelica M. Ornelas (SBN 285929)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com
mmontgomery@bfalaw.com
aornelas@bfalaw.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

GIBSON, DUNN, & CRUTCHER LLP
By: /s/
Joshua S. Lipshutz

Orin Snyder (admitted pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Joshua S. Lipshutz (SBN 242557)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W. Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
jlipshutz@gibsondunn.com

Kristin A. Linsley (SBN 154148)
Brian M. Lutz (SBN 255976)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306
klinsley@gibsondunn.com
blutz@gibsondunn.com

Attorneys for Defendant Facebook, Inc.

**IT IS SO ORDERED.**

Dated: _____, 2020

_____
The Honorable Jacqueline Scott Corley
United States Magistrate Judge