| | |
|---|---|
| **BLEICHMAR FONTI & AULD LLP**<br>555 12th Street, Suite 1600<br>Oakland, CA 94607 | **GIBSON DUNN & CRUTCHER, LLP**<br>555 Mission Street<br>San Francisco, CA 94105 |

**KELLER ROHRBACK LLP**
1201 Third Avenue, Suite 3200
Seattle, WA 98101

April 27, 2020

<u>**VIA ELECTRONIC FILING**</u>

Honorable Jacqueline Scott Corley
United States District Court
San Francisco Courthouse, Courtroom E
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In re Facebook, Inc. Consumer Privacy User Profile*,
                  Northern District of California, Case No. 3:18-md-02843-VC

Dear Magistrate Judge Corley:

      As required by Discovery Order No. 1 (Dkt. No. 404), the parties met and conferred on Monday, Wednesday, and Friday of last week, exchanged their respective portions of the letter brief on outstanding issues pertaining to the ESI Protocol and Rule 502(d) stipulation on Friday April 24, 2020, and again met and conferred on the day of this submission, April 27, 2020. Although the parties have agreed on most issues, they seek the Court's Guidance on one remaining issue—Paragraph 3.E—concerning the parties' 502(d) stipulation, pursuant to that Order.

    **I.**    **Plaintiffs' Position**

      Rule 26(b)(5)(B) allows a party to "promptly present the information" subject to a clawback dispute "to the court under seal for a determination of the [privilege] claim." Allowing a challenging party to discuss the content of the material in dispute is necessary to develop an adequate factual record for the Court to make a privilege determination. *See TVIIM, LLC v. McAfee, Inc.,* No. 4:13-cv-04545-HSG, Order re 07/17/14 Joint Discovery Letter, Dkt. No. 59, at *5-6 (N.D. Cal. Aug. 14, 2014) (presentation of clawed back information "permits the court to determine whether the document inadvertently produced is actually privileged"); *U.S. Home Corp. v. Settlers Crossing, LLC,* No. DKC 08-1863, 2012 WL 5193835, at *5 (D. Md. Oct. 18, 2012) ("It would be wholly illogical to read Rule 26(b)(5)(B) as prohibiting the use of documents "subject to a claim of privilege" when resolving that very claim of privilege."). It also levels the playing field for both sides, giving each party the opportunity to present substantive arguments about the facts that support or undermine a privilege claim.[1]

---

[1] Facebook argues that Plaintiffs' proposal is inconsistent with Rule 26(b)(5)(B). Not so. The advisory committee notes to the 2006 amendment provide "In presenting the question, the party may use the content of the information only to the extent permitted by the applicable law of privilege, protection for trial-preparation material, and professional responsibility." And the California Rules of Responsibility contemplate seeking a court's guidance in the event of a clawback dispute. *See* Cal. Rule of Prof'l

In accordance with Rule 26(b)(5)(B), courts in complex litigation have entered 502(d) orders allowing a party challenging a clawback notice to use the document at issue (and its contents) in briefing the dispute. *See In re Pork Antitrust Litig.*, No. 0:18-cv-01776-JRT-HB, Protective Order, at ¶ 18(a)(3)(b), Dkt. No. 212 (D. Minn. Nov. 26, 2018) ("A Party challenging a clawback request under this paragraph may use the clawed-back document and its contents for the purpose of filing a motion with the Court under seal that challenges whether or not the document is privileged or work product only in accordance with the provisions of Fed. R. Civ. P. 26(b)(5)(B)."); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, Order re Production of ESI and Paper Documents, at ¶ VII(C)(2), Dkt. No. 459 (N.D. Ill. Aug. 15, 2017) ("A Party challenging a clawback request under this ¶ VII(C)(2) may use the content of the clawed-back document for the purpose of filing a motion with the Court under seal that challenges whether or not the document is privileged or work product only.").

In an effort to reach agreement, Plaintiffs made a narrowed proposal permitting the use of a disputed document in connection with a clawback challenge:

- <u>Plaintiffs' final proposed compromise</u>:  Nothing in this Stipulation prevents a receiving party from submitting the item(s) listed in the Clawback Notice to the Court for *in camera* review or using the content of the item(s) in briefing submitted (under seal) in connection with any challenge to such notice that is raised in accordance with Section 2. Prior to submitting the item(s) to the Court for review and/or using the content of the item(s) in briefing, the receiving party must (1) request a telephone conference in accordance with Judge Corley's Civil Standing Order to provide the Court with a factual basis adequate to support a good-faith belief by a reasonable person that the privilege or protection does not apply and (2) obtain an order from the Court authorizing the submission of the items to the Court and/or use of the item(s) in briefing submitted in connection with the clawback dispute. If any information is found to be privileged or protected in accordance with the procedures described herein, all copies of the information shall be returned or destroyed. The receiving party must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.

This provision will allow a party a fair opportunity to challenge an opposing party's privilege claims while protecting a producing party's interest in protecting the materials in dispute from filing on the public docket. To address Facebook's concern that Plaintiffs' proposal may result in two rounds of briefing (one seeking the Court's leave to use the contents of the disputed document and one directed at whether the privilege asserted applies), Plaintiffs believe that conducting a telephone conference with the Court as proposed in (1) above will allow the parties to focus on a single round of briefing, informed by any guidance provided by the Court during a pre-filing telephone conference.

---

Conduct 4.4 cmt. 1 ("[1] If a lawyer determines this rule applies to a transmitted writing,* the lawyer should return the writing* to the sender, seek to reach agreement with the sender regarding the disposition of the writing,* or seek guidance from a tribunal.*  (*See Rico v. Mitsubishi* (2007) 42 Cal.4th 807, 817 [68 Cal.Rptr.3d 758].)  In providing notice required by this rule, the lawyer shall comply with rule 4.2.").

Facebook also maintains that the party challenging the clawback should not be able to use the document at issue in briefing or in argument in connection with the challenge. Facebook claims that using the document would somehow undermine its assertion of the privilege, and that Plaintiffs could sufficiently argue about the challenge without utilizing the document. Plaintiffs are puzzled by this concern – permitting the use of clawed back material during a privilege challenge will not prejudice the producing party because the opposing party's use of the material is limited to the clawback challenge. In addition, all documents that refer to the clawed back materials will be filed under seal, subject to an *in camera* review, and the ultimate finder of fact—the jury—will only be exposed to the clawed back materials if the opposing party prevails in its privilege challenge. And requiring Plaintiffs to argue about a document without actually discussing the substance of the document would significantly undermine Plaintiffs' ability to challenge the document itself.

These concerns were raised by Defendants in the *Juul MDL* and rejected by Judge Orrick, who entered a 502(d) order containing nearly-identical language proposed by Plaintiffs here. *See In re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*. No. 3:19-md-02913-WHO, Joint Case Management Statement and Proposed Agenda, Dkt. No. 291 (Dec. 5, 2019) & Case Management Order No. 4: Rule 502(d) and Privileged Materials Order, Dkt. No. 322 (Dec. 17, 2019). This Court should likewise approve that language here.[2]

## II.   Facebook's Position

Clawback disputes should not require multiple decisions from the Court, and recipients of a Clawback Notice should not be able to submit clawed-back documents for *in camera* review or use them to challenge the clawback. Plaintiffs propose that the 502(d) Order mandate an inefficient two-step process for resolving clawback disputes. *See* Plaintiffs' Proposed Section 3.E. Specifically, Plaintiffs' proposal entails an initial submission of a clawback dispute to the Court for an initial ruling, followed by (if the initial ruling is in the receiving party's favor) a second submission of the dispute to the Court for a second ruling, with the receiving party having the unfettered right to submit clawed-back documents for *in camera* review and use them in briefing.

By contrast, Facebook proposes a simple and well-established process that hews to the plain text of Fed. R. Civ. P. 26(b)(5)(B): Once a Clawback Notice is issued, either party may submit a clawback dispute to the Court for resolution, but the receiving party "must not use or disclose the information until the [clawback dispute] is resolved." Of course, the receiving party is always free to request that the Court review the documents *in camera*. But allowing the requesting party to affirmatively use the contents of a clawed-back document in a brief would be inconsistent with Rule 26(b)(5)(B).

Plaintiffs' two-step proposal is made in apparent recognition of the fact that courts may not

---

[2] As set forth in the parties' April 23 filing, Dkt. No. 407-2 n.2, if the Court approves Plaintiffs' proposal, Paragraph 3.A of the parties' stipulation must be modified to read as follows: "Immediately upon receipt of a Clawback Notice, the receiving party shall: (i) sequester the Document(s) identified in the Clawback Notice, all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the information for which privilege or protection is claimed; and (ii) refrain from making any use of the Document(s) identified in the Clawback Notice (except as permitted by this Section (e.g., submitting the document for in camera review and using the contents of the document in briefing in accordance with Paragraph 3.E)."

review ostensibly privileged documents *in camera* unless the party opposing the privilege claim first makes a prima facie showing to support a good-faith belief that a review of the challenged document would demonstrate the document is not privileged. *See, e.g.*, *United States v. Zolin*, 491 U.S. 554, 572 (1989); *Silicon Storage Tech., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2015 WL 4347711, at *5 (N.D. Ca. July 15, 2015) ("*[I]n camera* review is only appropriate if the party moving for inspection presents evidence that supports a reasonable belief that *in camera* review may establish that the privilege does not apply."). Plaintiffs want to argue this issue first and, if the Court's initial determination is in the receiving party's favor, the receiving party then has to submit the dispute to the Court *again*, and also may (i) submit the clawed-back documents to the Court to review *in camera*, and (ii) use the clawed-back documents to support its privilege challenge.

The Court should reject this cumbersome and illogical two-step process and adopt Facebook's straightforward and efficient proposal, which is consistent with how clawback disputes are typically litigated under the Federal Rules. Under Facebook's approach, clawback disputes are submitted to the Court a single time and resolved after one round of briefing and argument. To the extent Plaintiffs are concerned about their ability to seek *in camera* review of clawed-back documents, Facebook's proposal allows either party to ask the Court to review documents *in camera* and leaves it to the Court's discretion whether to order *in camera* review. *See* 502(d) Order § 3.D, Dkt. 407-2; *Zolin*, 491 U.S. at 572 ("[T]he decision whether to engage in in camera review rests in the sound discretion of the district court.").

The Court also should reject Plaintiffs' proposal that a receiving party be permitted to retain clawed-back documents for use in briefing and argument on a clawback dispute. Although Facebook is cognizant that counsel cannot "unsee" inadvertently produced documents, permitting further review and use of the documents would compound this problem and defeat the purpose of clawing back documents in the first place. Indeed, if Facebook were to stipulate that Plaintiffs may use documents subject to a privilege claim, that stipulation would arguably undermine the privilege claim. Rather, once a Clawback Notice is issued, the receiving party should be required to sequester all copies of any clawed-back documents—and any derivative work product—and permitted to make no further use of the documents until the privilege claim is resolved. This approach is most faithful to Fed. R. Civ. P. 26(b)(5)(B), which provides that once a receiving party is notified that a document was inadvertently produced, the receiving party "must promptly return, sequester, or destroy the specified information and any copies it has" and "must not use or disclose the information until the claim is resolved." It also is consistent with the ethical obligations of Plaintiffs' California counsel, which require counsel to refrain from examining inadvertently produced privileged materials. *See State Compensation Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 656-57 (1999).

Plaintiffs' arguments in support of their proposal are unconvincing. Plaintiffs do not need to retain and use copies of the clawed-back documents to be able to promptly present the information to the Court under seal. Facebook has proposed a reasonable compromise whereby Plaintiffs could request that the Court review the disputed documents *in camera* (Facebook's obligation to "preserve the information until the claim is resolved," Fed. R. Civ. P. 26(b)(5)(B), would ensure that the documents were available for review). Nor is Plaintiffs' proposal necessary to "level[] the playing field": The information provided about each document on Facebook's privilege log will, by Rule, be sufficient to "enable other parties to assess the [privilege] claim." *Id.* 26(b)(5)(A)(ii). Finally, although Plaintiffs cite *stipulated* Rule 502(d) orders that permitted use of clawed-back documents in briefing and

4

argument, the existence of these orders does not mean that similar provisions should be ordered over a party's objection.[3]

Facebook's final proposed compromise:  Plaintiffs' Proposed Section 3.E should be omitted.

Dated:  April 27, 2020                                                                  Respectfully submitted,

KELLER ROHRBACK L.L.P.                                         BLEICHMAR FONTI & AULD LLP

By:    /s/ Derek W. Loeser                                              By:    /s/ Lesley E. Weaver
         Derek W. Loeser                                                                Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)
Lynn Lincoln Sarko (admitted *pro hac vice*)
Gretchen Freeman Cappio (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
David Ko (admitted *pro hac vice*)
Adele A. Daniel (admitted *pro hac vice*)
Benjamin Gould (SBN 250630)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com
bgould@kellerrohrback.com
dko@kellerrohrback.com
adaniel@kellerrohrback.com
bgould@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
Matthew P. Montgomery (SBN 180196)
Angelica M. Ornelas (SBN 285929)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com
mmontgomery@bfalaw.com
aornelas@bfalaw.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301

---

[3]   *TVIIM, LLC v. McAfee, Inc.* addressed only the receiving party's ability to submit clawed back documents for *in camera* review.  *See* No. 4:13-cv-04545-HSG, Order re 07/17/14 Joint Discovery Letter at 5-6, Dkt. 59 (N.D. Cal. Aug. 14, 2014).  And *U.S. Home Corp. v. Settlers Crossing, LLC* denied a motion for protective order barring the use of clawed back documents and striking proposed counterclaims.  *See* 2012 WL 5193835, at *4-5 (D. Md. Oct. 18, 2012).  To be clear, Facebook does not propose that receiving parties be prohibited from even discussing clawed-back documents in briefing and argument on clawback disputes (including their pre-Clawback Notice recollection of the documents' contents).  Rather, Facebook merely proposes that, once a Clawback Notice is issued, the receiving party must sequester and refrain from further review, use, and citation of the clawed-back documents.  *See* Fed. R. Civ. P. 26(b)(5)(B).

Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

GIBSON, DUNN, & CRUTCHER LLP
By: */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Russell H. Falconer (*pro hac vice pending*)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
Telephone: 214.698.3170
Facsimile:  214.571.2900
*Attorneys for Defendant Facebook, Inc.*