# EXHIBIT A

| | |
|---|---|
| **From:** | Adendorff, Olivia |
| **Sent:** | 18 Mar 2019 04:01:24 +0000 |
| **To:** | Crawford, Molly;Kennedy, Morgan;Kaufman, Daniel;Kobayashi, Bruce;Kohm, James A.;Moore, Robin;Spector, Robin;Delaney, Elizabeth A;Kopec, Janice;Levine, Samuel |
| **Cc:** | Lipshutz, Joshua S.;Royall, M. Sean |
| **Subject:** | In re Facebook |
| **Attachments:** | 2019.03.17 Ltr from S. Royall.pdf |

All,

Please see the attached correspondence on behalf of Facebook.

**Olivia Adendorff**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2100 McKinney Avenue, Dallas, TX 75201-6912
Tel +1 214.698.3159 • Fax +1 214.571.2903
OAdendorff@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

GIBSON DUNN

Gibson, Dunn & Crutcher LLP

2100 McKinney Avenue
Dallas, TX 75201-6912
Tel 214.698.3100
www.gibsondunn.com

M. Sean Royall
Direct: +1 214.698.3256
Fax: +1 214.571.2923
SRoyall@gibsondunn.com

CONFIDENTIAL
RULE 408 SETTLEMENT MATERIAL

March 17, 2019

Joseph Simons, Chairman
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580

Re:   In re Facebook, Inc.

Dear Chairman Simons:

Thank you for taking the time to meet with us last Thursday to discuss this important matter. I write to follow up on several issues raised during our meeting with you and in meetings with Commissioners Phillips, Chopra, and Slaughter.

**1. Facebook Responded to Staff's December 7, 2018 Request for (b)(6) Documents in Good Faith**

During several of our meetings, questions arose around Facebook's response to Staff's December 7, 2018 request for "documents and written communications (b)(4); (b)(3):6(f); (b)(4); (b)(3):6(f); (b)(6) Indeed, in our (b)(4); (b)(3):6(f); (b)(6)

We are concerned that there is a misunderstanding as to this issue and would like to clarify the record. On December 7, 2018, Staff sent us a document request. It asked for (1) (b)(4); (b)(3):6(f)

(b)(4); (b)(3):6(f)

Chairman Joseph Simons
March 17, 2019
Page 2

(b)(4); (b)(3):6(f)

On December 17, 2018, Gibson Dunn, on behalf of Facebook, sent Staff a letter noting, among other things, that these two requests were overbroad, particularly given the very substantial volume of information that Facebook had already produced to Staff based on agreed-upon custodians (b)(4); (b)(3):6(f); (b)(6)

Two days later, on December 19, 2018, Gibson Dunn participated in a call with Robin Moore, Reenah Kim, Linda Kopp, and Aaron Alva regarding the December 7 requests. We told Staff that we objected to the request (b)(4); (b)(3):6(f); (b)(6) in part because Gibson Dunn had previously negotiated custodians on the topics covered by the request, and we further explained that (b)(4); (b)(3):6(f); (b)(6)
(b)(4); (b)(3):6(f); (b)(6)

In response to these concerns, Ms. Moore indicated that this explanation was helpful, and that Staff would consider the matter further, including which topics within the request were most important. (b)(4); (b)(3):6(f); (b)(6)
(b)(4); (b)(3):6(f); (b)(6)
(b)(4); (b)(3):6(f); (b)(6) and hence the significant privilege-related concerns that would arise with producing documents in that time period. Ms. Moore said that she understood the possible privilege concerns and that Staff would consider this proposed limitation as well.

That phone call was the last communication of any kind we had with Staff on this issue. Days after the December 19, 2018 call, the federal government was shut down. As you know, the Commission did not reopen until January 28, 2019. The very day the agency reopened, Facebook proactively reached out to Staff, producing material responsive to other outstanding requests and also requesting a call with Staff. Four days later, Ms. Moore notified me by voicemail that (b)(4); (b)(3):6(f); (b)(6)
(b)(4); (b)(3):6(f); (b)(6)

In the many conversations between Staff and Gibson Dunn since then, Staff has never once raised the outstanding document requests.[3] Indeed, between December 19, 2018 and last

---

[2] (b)(4); (b)(3):6(f)

[3] Similar to its request for (b)(4); (b)(3):6(f)
(b)(4); (b)(3):6(f)

Thursday, March 14, 2019, there was no mention of these requests to us at all by Staff, the Bureau, or the Commission.

(b)(4); (b)(3):6(f); (b)(6)

As we believe the record makes clear, Facebook has consistently engaged in good faith with Commission Staff on all aspects of this investigation, including with respect to the December 7, 2018 request (b)(4); (b)(3):6(f); (b)(6) We are also available to confer further with Staff on this request at this time in the event that would be helpful.

(b)(4); (b)(3):6(f)

Chairman Joseph Simons
March 17, 2019
Page 7

(b)(4); (b)(3):6(f)

(b)(4); (b)(3):6(f); (b)(6)

(b)(4); (b)(3):6(f)

---

7   TWITTER PRIVACY SETTINGS, https://twitter.com/settings/safety (last visited Mar. 17, 2019); TWITTER APP SETTINGS, https://twitter.com/settings/sessions (last visited Mar. 17, 2019).

8   TWITTER PRIVACY POLICY, https://www.twitter.com/en/privacy (last visited Mar. 17, 2019).

9   APPLE PRIVACY POLICY, https://www.apple.com/legal/privacy/en-ww/ (last visited Mar. 17, 2019).

10  GOOGLE PRIVACY POLICY, https://policies.google.com/privacy?hl=en-US (last visited Mar. 17, 2019).

11  GOOGLE+ SETTINGS, https://plus.google.com/settings (last visited Mar. 17, 2019).