GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
   osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
   klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
   mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
   dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
   jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Administrative Motion to File Under Seal.  Specifically, Facebook moves for leave to file under seal Exhibit C to the Parties' April 30, 2020 Joint Status Update ("Exhibit C") (Dkt. 413).  Plaintiffs do not oppose this motion.  Kutscher Decl., ¶ 7.

Facebook moves to seal Exhibit C because counsel created Exhibit C solely to aid in the parties' custodian negotiations and Facebook provided Exhibit C to Plaintiffs on an "attorneys eyes only" basis.  Kutscher Decl., ¶ 3.  Facebook marked this document "attorneys eyes only" for a number of reasons.

*First*, as Facebook's public filings and statements to the Court make clear, Facebook's custodian proposal incorporates the list of custodians used to collect documents for the FTC's 2018-2019 investigation.  Exhibit C incorporates this list—noting the dates through which documents from each FTC custodian were produced to the FTC (and thereby reproduced to Plaintiffs).  In accordance with this Court's Order (Dkt. 394), Facebook provided Plaintiffs the FTC custodian list on an "attorneys' eyes only" basis.  Kutscher Decl., ¶ 4; *see also* Kutscher Decl., Ex. 1.  Public disclosure of Exhibit C would likely identify which Facebook employees served as custodians for the FTC investigations—information that is currently confidential.  Indeed, even versions of the FTC's correspondence with Facebook that has been provided through FOIA requests redacts custodial information.  *See* https://www.ftc.gov/system/files/documents/foia_requests/final_redacted_facebook_settlement_records_opaque_9.30.19.pdf (redacting custodian discussions).  Public disclosure of this confidential list would serve no purpose other than to reveal confidential information regarding the FTC's investigation.

*Second*, Exhibit C contains personnel information about a large number of current and former Facebook employees.  *See Murphy v. Kavo America Corp.*, No. CV-11-0410-YGR, 2012

WL 1497489 at * 1 (N.D. Cal. April 27, 2012) ("Employees and former employees who are not parties to [] litigation have privacy interests in their personnel information."); *see also* Kutscher Decl., ¶ 5.

*Third*, Exhibit C contains sensitive business information, including which Facebook departments and employees are working on highly sensitive and confidential issues—including Facebook's business relationships with third parties.  Public access to such information may cause Facebook competitive harm and encourage competitors to poach critical employees.  *See Asetek Danmark A/S v.CMI USA, Inc.*, No. 13-cv-00457-JST, 2015 WL 4511036 at *2 (N.D. Cal. July 23, 2015) (finding compelling reasons to seal business information where "competitors would be able to take advantage of . . . information that could cause [] competitive harm"); *In re Incretin-Based Therapies Products Liabilities Litig.*, No. 13-md-2452-AJB, 2015 WL 11658712 at *2 (S.D. Cal. Nov. 18, 2015) ("[C]ourts have maintained documents under seal where the information contained therein could permit competitors to gain access to operational and personnel information."); *see also* Kutscher Decl., ¶ 6.

Sealing also would cause no harm to the public here.  Courts routinely recognize the diminished public interest in documents "attached to motions that are not related, or only tangentially related, to the merits of a case." *Doe v. Walmart, Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Milliner v. Bock Evans Financial Counsel*, No. 15-cv-01763-JD, 2020 WL 1492692 at *1 (N.D. Cal. Mar. 27, 2020).  This is particularly so here because there is no pending motion and the information in Exhibit C relates solely to the parties' negotiations of custodians—not substantive issues in the case.

Accordingly, Facebook respectfully request that Exhibit C to the parties' April 30 joint

statement be permanently sealed[1] so that only counsel and the Court have access to this confidential information.

Dated: April 30, 2020

**GIBSON, DUNN & CRUTCHER, LLP**

By: */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

---

[1] To the extent the Court finds that this document warrants sealing only in part, Facebook respectfully requests an opportunity to propose redactions.