GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
   osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
   klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
   mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
   dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
   jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF MARTIE KUTSCHER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBIT A TO PARTIES' JOINT STATUS UPDATE** |

I, Martie Kutscher, hereby declare as follows:

1. I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter. I am a member in good standing of the State Bars of California, New Jersey, and New York. I submit this declaration in support of Plaintiffs' Administrative Motion to File Under Seal. (Dkt. 429). I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2. On May 14, 2020, the parties submitted a Joint Status Update. (Dkt. 428). Plaintiffs' statement included Exhibit A. *Id.* Plaintiffs moved to file Exhibit A under seal because Exhibit A "contains specific reference to information derived from reports by PricewaterhouseCoopers ('PwC') that Facebook has designated 'confidential' pursuant to the parties' protective order." (Dkt. 429).

3. Under the parties' protective order, information is "confidential" if it qualifies for protection under Federal Rule of Civil Procedure 26(c). (Dkt. 122). Federal Rule of Civil Procedure 26(c) protects, among other things, trade secrets, confidential research, and commercial information.

4. Exhibit A contains confidential and commercially sensitive information. As a result, Exhibit A qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "confidential" information covered by the protective order. (Dkt. 122).

5. Exhibit A is comprised of quotations and other information drawn directly from reports that PwC submitted to the Federal Trade Commission ("FTC") pursuant to Facebook's 2012 consent order with the FTC. The 2013, 2015, and 2017 PwC reports and references thereto contain highly confidential information about Facebook's business and the FTC's inquiries into Facebook. Indeed, even the FTC has taken the position that the PwC reports are confidential and has published only heavily redacted versions in response to FOIA requests.[1] Public disclosure of

---

[1] *See* https://www.ftc.gov/system/files/documents/foia_requests/02.12.15_-_02.11.17_fb_privacy_assessment.pdf.

information from the PwC reports would reveal competitively sensitive information about Facebook and cause Facebook to suffer competitive harm.  It would also publicly reveal confidential information about the FTC's investigations.

6. Because Exhibit A is comprised of highly confidential and sensitive information from the PwC reports, Exhibit A should be sealed pursuant to the parties protective order.  (Dkt. 122).[2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 18, 2020 in Palo Alto, California.

/s/  Martie Kutscher
Martie Kutscher

---

[2]  Courts routinely recognize the diminished public interest in documents "attached to motions that are not related, or only tangentially related, to the merits of a case." *Doe v. Walmart, Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); see also *Milliner v. Bock Evans Financial Counsel*, No. 15-cv-01763-JD, 2020 WL 1492692 at *1 (N.D. Cal. Mar. 27, 2020).  This is particularly so here because there is no pending motion and the information in Exhibit A relates solely to the parties' negotiations of custodians—not substantive issues in the case.