GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
　osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
　klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
　mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
　dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
　jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF MARTIE KUTSCHER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE PARTIES' JOINT DISCOVERY LETTER** |

I, Martie Kutscher, hereby declare as follows:

1. I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter. I am a member in good standing of the State Bars of California, New Jersey, and New York. I submit this declaration in support of Plaintiffs' Administrative Motion to File Under Seal. (Dkt. 430). I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2. On May 14, 2020, the parties submitted a joint discovery letter brief. (Dkt. 431). Plaintiffs moved to file under seal Exhibit B to the letter and portions of the letter because Facebook has designated the information "confidential" pursuant to the parties' protective order. (Dkt. 430; Dkt. 122).

3. Under the parties' protective order, information is "confidential" if it qualifies for protection under Federal Rule of Civil Procedure 26(c). (Dkt. 122). Federal Rule of Civil Procedure 26(c) protects, among other things, trade secrets, confidential research, and commercial information.

4. The information that Plaintiffs have moved to seal is commercially sensitive, and public disclosure of this information would cause Facebook competitive harm. Therefore, the information is "confidential" under the parties' protective order and should be sealed. (Dkt. 122).

5. Exhibit B is a highly sensitive email between Facebook's Chief Executive Officer and a then-Vice President of Product Management. (Dkt. 430-3). The email discusses confidential business decisions, such as Facebook's current and future business model, Facebook's general corporate strategy, and Facebook's business relationship with specific third parties. *Id.* Public disclosure of this information would cause Facebook competitive harm: courts routinely recognize the harm caused by publicly revealing business strategies. *See, e.g.*, *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-cv-02606-HSG, 2020 WL 1171112, at *1 (N.D. Cal. Mar. 11, 2020) (noting that courts seal information regarding "business strategies"); *see also*

1

*In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (concluding that information should be sealed to "prevent competitors from gaining insight into [a company's] business model and strategy").

6. The joint discovery letter brief includes quotations from Exhibit B, as well as a number of direct quotations from similar emails—that is, emails between high-level Facebook executives and employees discussing confidential business decisions and strategic considerations. (Dkt. 430-1 at 3). For example, the joint letter includes: the Vice President of Central Product Services discussing the implementation of Facebook policies, (*id.* at 4); the former Vice President and Head of Global Operations discussing Facebook's Operations strategy, (*id.* at 3); the Vice President of VR/AR discussing specific strategic considerations that affect Facebook's decisions, (*id.* at 5); and discussions regarding confidential and sensitive business projects, (*id.* at 6). Public disclosure of these high-level discussions regarding Facebook's business strategies and policies would subject Facebook to competitive harm.

7. For the reasons described above, Exhibit B and Plaintiffs' proposed redactions to the joint letter are protected by Federal Rule of Civil Procedure 26(c) and, thus, are "confidential" under the parties' protective order.[1]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 18, 2020 in Palo Alto, California

/s/ Martie Kutscher
Martie Kutscher

---

[1] Courts routinely recognize the diminished public interest in documents "attached to motions that are not related, or only tangentially related, to the merits of a case." *Doe v. Walmart, Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); see also *Milliner v. Bock Evans Financial Counsel*, No. 15-cv-01763-JD, 2020 WL 1492692 at *1 (N.D. Cal. Mar. 27, 2020). This is particularly so here because there is no pending motion and the information in Exhibit B and the joint discovery letter brief relate solely to the parties' negotiations of custodians—not substantive issues in the case.