Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*
*Additional counsel listed on signature page*

Orin Snyder (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035
osnyder@gibsondunn.com

Joshua S. Lipshutz (SBN 242557)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel.: 202.955.8500
Fax: 202.467.0539
jlipshutz@gibsondunn.com

*Attorneys for Defendant Facebook, Inc.*
*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC |
| This document relates to:<br><br>ALL ACTIONS | **JOINT STATUS UPDATE**<br><br>Judges: Hon. Vince Chhabria and<br>Hon. Jacqueline Scott Corley<br>Courtroom: VIA VIDEOCONFERENCE<br>Hearing Date: May 29, 2020<br>Hearing Time: 1:00 p.m. |

The parties respectfully submit this Joint Status Update in advance of the Court's discovery conference scheduled for May 29, 2020 at 1:00 p.m. The parties understand that the Court has limited time and resources to resolve these discovery disputes and, with that in mind, have endeavored to reach consensus whenever feasible. The parties are pleased to report that they have (1) made progress at agreeing upon a process with respect to search terms for an initial set of custodians since the last status conference and (2) agreed on a proposed schedule of deadlines for progress on search terms.

A.  **Custodians and Search Terms**

Although the parties did not initially have the same interpretation of the Court's instructions for the set of custodians for whom they would negotiate search terms and the nature of any ESI questions to be answered, the parties met and conferred and were able to resolve their differences and develop an actionable protocol. That said, these preliminary discussions—combined with the intervening holiday weekend—created delays in the parties' negotiations. The parties agree that they do not wish to finger point regarding these delays, and instead come before the Court in mutual agreement that they require additional time to negotiate search terms and address sources of ESI for Facebook's first set of custodians, and with a plan for navigating this process going forward.

To that end, Facebook's "test run" experience of trying to identify an initial set of custodians for search term negotiations has brought to light that it is easier for Facebook to schedule interviews with busy employees—particularly apex employees and former employees—when those employees can be notified of the interviews well in advance. Over the last two weeks, Facebook made a good-faith effort to move the process forward internally on custodians, search terms, and ESI. But Facebook found that it is logistically unworkable for it to receive a list of ten custodians on a Tuesday evening and then schedule, plan for, and conduct interviews with those custodians over the next three days so that counsel is able to draft search terms informed by those custodians and Facebook's technical employees are able to answer questions regarding those employees' sources of ESI by the following Tuesday.

In order to ensure that Facebook does not encounter similar scheduling obstacles in the future, the parties have agreed on and present for the Court's consideration the following schedule for Facebook's process of conducting interviews with its custodians, proposing search terms, and answering tailored ESI questions.  Although the parties have reached agreement as to which custodians will be included in each group, Plaintiffs do not concede that these custodians are necessarily grouped according to those likely to have similar search terms.

| Group | Dates | # of Custodians | Deadline for FB Search Terms/ESI Answers |
|---|---|---|---|
| Group 1 | June 1 – June 12 | 12 | June 10 |
| Group 2 | June 15 – June 26 | 8 | June 23 |
| Group 3 | June 29 – July 10 | 10 | July 8 |
| Group 4 | July 13 – July 24 | 8 | July 21 |
| Group 5 | July 27 – Aug. 7 | 8 | Aug. 4 |
| Group 6 | Aug. 10 – Aug. 21 | 13 | Aug. 18 |
| Group 7 | Aug. 24 – Sept. 4 | 12 | Sept. 1 |
| Group 8 | Sept. 8 – Sept. 18 | 10 | Sept. 15 |

Facebook has begun scheduling interviews with its employees, and it is optimistic that this schedule will allow Facebook to schedule interviews far enough in advance of the applicable deadlines that it will not run into scheduling difficulties in the future.  The schedule also allows for the possibility that Plaintiffs may propose additional custodians, who either by agreement of the parties or order of the Court, would be incorporated into this schedule.  To the extent that any scheduling or other difficulties do arise, the parties are committed to working together to resolve those disputes cooperatively.

Plaintiffs have agreed to this sequencing and approach on the condition that the parties can reach agreement on a protocol and information exchange, including hit reports and information obtained from custodians relating to jargon and search terms, so that search term selection is a mutual process.  Plaintiffs have proposed an exemplar form to effectuate this

information exchange that Facebook is considering. The parties will confer over this protocol and form template, and will either submit a joint proposal or separate briefing on the issue by Friday, June 5.

**B.**     **Upcoming Meet-and-Confer Topics Upon Which There is Not Agreement.**

The parties have agreed to confer about the following topics over the next several weeks.

1. *Privilege log protocol*: The parties do not currently have a privilege log agreement in place. During their negotiations over the ESI protocol, the parties agreed that they would try to reach agreement on a privilege log protocol at a later date. The parties intend to resume their discussions over privilege logging.

2. *Interrogatories*: Plaintiffs have proposed that the default limit of 25 interrogatories should be expanded to 75 interrogatories in light of the scope and complexity of this case. Facebook has proposed that expanding the number of interrogatories is unwarranted in the absence of a demonstrated need for specific additional discovery. The parties intend to confer on this issue in advance of the next status conference.

3. *Plaintiffs' RFP No. 19.* Plaintiffs wish to brief the question of whether documents responsive to RFP 19 in Plaintiffs' second set of RFPs (which seeks documents pertaining to Facebook's App Developer Initiative Investigation) are privileged; they submit that the importance of those documents favors a resolution of the privilege issue sooner rather than later. Facebook submits that the documents are privileged and that there is no urgent need for the parties to brief this issue—which is pending before two other courts and concerns non-custodial ESI—and that it should be briefed (if at all) at a later date. The parties intend to confer about the appropriate timing and procedure by which this issue may be brought before the Court.

4. *Defining the Scope of the Remaining Issues*: As the parties and the Court discussed at the May 15 conference, the parties disagree regarding the scope of issues remaining in the case, which affects their ongoing negotiations regarding search terms and responsive

materials. The parties intend to confer regarding the appropriate timing and procedure to present this issue to the Court.

Dated: May 27, 2020                                          Respectfully submitted,

| KELLER ROHRBACK L.L.P. | BLEICHMAR FONTI & AULD LLP |
|---|---|
| By: */s/ Derek W. Loeser* <br> Derek W. Loeser | By: */s/ Lesley E. Weaver* <br> Lesley E. Weaver |

Derek W. Loeser (admitted *pro hac vice*)  
Lynn Lincoln Sarko (admitted *pro hac vice*)  
Gretchen Freeman Cappio (admitted *pro hac vice*)  
Cari Campen Laufenberg (admitted *pro hac vice*)  
David J. Ko (admitted *pro hac vice*)  
Benjamin Gould (SBN 250630)  
Adele Daniel (admitted *pro hac vice*)  
1201 Third Avenue, Suite 3200  
Seattle, WA 98101  
Tel.: (206) 623-1900  
Fax: (206) 623-3384  
dloeser@kellerrohrback.com  
lsarko@kellerrohrback.com  
gcappio@kellerrohrback.com  
claufenberg@kellerrohrback.com  
dko@kellerrohrback.com  
bgould@kellerrohrback.com  
adaniel@kellerrohrback.com  

Lesley E. Weaver (SBN 191305)  
Anne K. Davis (SBN 267909)  
Joshua D. Samra (SBN 313050)  
Matthew P. Montgomery (SBN 180196)  
Angelica M. Ornelas (SBN 285929)  
555 12th Street, Suite 1600  
Oakland, CA 94607  
Tel.: (415) 445-4003  
Fax: (415) 445-4020  
lweaver@bfalaw.com  
adavis@bfalaw.com  
jsamra@bfalaw.com  
mmontgomery@bfalaw.com  
aornelas@bfalaw.com  

Christopher Springer (SBN 291180)  
801 Garden Street, Suite 301  
Santa Barbara, CA 93101  
Tel.: (805) 456-1496  
Fax: (805) 456-1497  
cspringer@kellerrohrback.com  

*Plaintiffs' Co-Lead Counsel*

GIBSON, DUNN, & CRUTCHER LLP

By: */s/ Orin Snyder*  
Orin Snyder (*pro hac vice*)  
osnyder@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*

## CERTIFICATE OF SERVICE

I, Lesley E. Weaver, hereby certify that on May 28, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

*s/ Lesley E. Weaver*
Lesley E. Weaver

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed Thursday, May 28, 2020, at Oakland, California.

*s/ Lesley E. Weaver*
Lesley E. Weaver