Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO FILE SECOND AMENDED CONSOLIDATED COMPLAINT**<br><br>Judge:      Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor<br>Hearing Date:  July 15, 2020<br>Hearing Time:  2:00 p.m. |

## TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     LEGAL STANDARD ..............................................................................................1

III.    ARGUMENT ...........................................................................................................2

        A.      The U.K. Plaintiffs State Valid Claims. .............................................................2

                1.      Facebook waived its forum-selection-clause argument by not raising
                        it in its motions to dismiss. ...............................................................2

                2.      The 2018 Terms of Service did not apply retroactively. ..............................5

                3.      The Court cannot abstain based on comity or forum non conveniens
                        where there is no adequate alternative forum. .............................................7

                4.      Because the parties mutually selected California and federal law, the
                        presumption against extraterritoriality does not apply. ..............................8

        B.      Facebook's Class-Certification Arguments Are Premature. ................................10

IV.     CONCLUSION .....................................................................................................13

# TABLE OF CONTENTS

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*About U.S. Real Estate, Inc. v. Burnley*,
　No. 14 C 04471, 2015 WL 3397025 (N.D. Ill. May 26, 2015) ...............................................4

*In re Alstom SA*,
　253 F.R.D. 266 (S.D.N.Y. 2008) ........................................................................................11

*Am. Home Assurance Co. v. TGL Container Lines, Ltd.*,
　347 F. Supp. 2d 749 (N.D. Cal. 2004)..................................................................................3

*Anwar v. Fairfield Greenwich Ltd.*,
　289 F.R.D. 105 (S.D.N.Y. 2013), *vacated and remanded on other grounds sub*
　*nom. St. Stephen's Sch. v. PricewaterhouseCoopers Accountants N.V.*, 570 F.
　App'x 37 (2d Cir. 2014) ....................................................................................................11

*In re Apple Inc. Device Performance Litig.*,
　347 F. Supp. 3d 434 (N.D. Cal. 2018)..........................................................................7, 8, 9

*In re Apple Inc. Device Performance Litig.*,
　386 F. Supp. 3d 1155 (N.D. Cal. 2019)................................................................................8

*In re Apple*,
　347 F. Supp. 3d at 447–48 ...................................................................................................9

*Aquair Ventures, LLC v. Gulf Stream Coach, Inc.*,
　No. C-08-2903 SC, 2009 WL 1458264 (N.D. Cal. May 26, 2009) .........................................3

*DCD Programs, Ltd. v. Leighton*,
　833 F.2d 183 (9th Cir. 1987) ...............................................................................................1

*Dunbar v. Google, Inc.*,
　No. 5:12-CV-003305-LHK, 2012 WL 6202797 (N.D. Cal. Dec. 12, 2012)..........................10

*Fair Hous. Council of Cent. Cal., Inc. v. Nunez*,
　No. 1:10CV02073, 2012 WL 217479 (E.D. Cal. Jan. 24, 2012)............................................1

*In re Google Inc. Gmail Litig.*,
　No. 13-MD-02430-LHK, 2014 WL 1102660 (N.D. Cal. Mar. 18, 2014)...........................5, 7

*Gould v. Motel 6, Inc.*,
　No. CV 09-8157, 2011 WL 759472 (C.D. Cal. Feb. 22, 2011).......................................10, 11

*Grayquick, A/S v. Trimble Nav. Int'l Ltd.*,
    323 F.3d 1219 (9th Cir. 2003) .......................................................................................... 9

*Joe Leighton & Assocs. v. Hardware Components, Inc.*,
    No. EDCV 10-156-JST, 2010 WL 11556593 (C.D. Cal. Dec. 28, 2010) ............................... 3

*Johnson v. Mazza*,
    No. 2:15-CV-09183-ODW-AS, 2016 WL 11505457 (C.D. Cal. July 5, 2016) ...................... 4

*Johnson v. Serenity Transp., Inc.*,
    No. 15-cv-02004-JSC, 2015 WL 4913260 (N.D. Cal. Aug. 17, 2015) ........................... 11, 12

*Jota v. Texaco, Inc.*,
    157 F.3d 153 (2d Cir. 1998) ............................................................................................. 7

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S.
    Ct. 2615 (2019) ................................................................................................................ 6

*Larios v. Nike Retail Servs., Inc.*,
    No. 11CV1600-GPC-NLS, 2013 WL 4046680 (S.D. Cal. Aug. 9, 2013) .............................. 2

*Lillis v. Apria Healthcare*,
    No. 12-CV-52-IEG (KSC), 2012 WL 4760908 (S.D. Cal. Oct. 5, 2012) .............................. 2

*McPhail v. First Command Fin. Planning, Inc.*,
    251 F.R.D. 514 (S.D. Cal. 2008)....................................................................................... 13

*Morrison v. Nat'l Australia Bank Ltd.*,
    561 U.S. 247 (2010) ......................................................................................................... 9

*Murphy v. DirecTV, Inc.*,
    724 F.3d 1218 (9th Cir. 2013) .......................................................................................... 8

*Nangle v. Penske Logistics, LLC*,
    No. 3:11-cv-00807-CAB-(BLM), 2016 WL 9503736 (S.D. Cal. July 20, 2016).................. 10

*Netbula, LLC v. Distinct Corp.*,
    212 F.R.D. 534 (N.D. Cal. 2003) ....................................................................................... 2

*Paige v. Pulse Beverage Corp.*,
    No. CV 16-00090................................................................................................................ 4

*Petersen v. Boeing Co.*,
    No. CV-10-00999-PHX-ROS, 2015 WL 12434322 (D. Ariz. Apr. 7, 2015)......................... 4

*Pilavskaya v. Henderson*,
    No. CV 11-4075, 2012 WL 3279517 (C.D. Cal. Aug. 9, 2012).......................................... 2

*Pratt v. Rowland*,
769 F. Supp. 1128 (N.D. Cal. 1991) ................................................................3

*RJR Nabisco, Inc. v. European Cmty.*,
136 S. Ct. 2090 (2016) ......................................................................................9

*In re Royal Dutch/Shell Transport Sec. Litig.*,
No. 04-374(JWB) (D.N.J. filed June 30, 2005), Dkt. 130-11 .............................12

*Sanact, Inc. v. US Pipelining LLC*,
No. 16-00377 .....................................................................................................4

*Sharpe v. Jefferson Distrib. Co.*,
148 F.3d 676 (7th Cir. 1998), *abrogated on other grounds by Papa v. Katy
Indus., Inc.*, 166 F.3d 937 (7th Cir. 1999) ..........................................................3

*Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*,
471 F.3d 544 (4th Cir. 2006) .............................................................................5

*Taub v. Parker Jewish Inst. for Health Care & Rehab.*,
No. 18-CV-07491-RS, 2019 WL 3292369 (N.D. Cal. July 22, 2019)....................4

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
No. M 07-1827 SI, 2011 WL 1753784 (N.D. Cal. May 9, 2011)...........................3

*Trudeau v. Google LLC*,
349 F. Supp. 3d 869 (N.D. Cal. 2018), *aff'd*, No. 18-17022, 2020 WL
2611843 (9th Cir. May 22, 2020)..........................................................................6

*In re Verisign, Inc. Derivative Litig.*,
531 F. Supp. 2d 1173 (N.D. Cal. 2007)...............................................................7

*In re Vivendi Universal, S.A. Sec. Litig.*,
242 F.R.D. 76 (S.D.N.Y. 2007), *aff'd*, 838 F.3d 223 (2d Cir. 2016)....................11

*Willcox v. Lloyds TSB Bank, PLC*,
No. 13–00508...................................................................................................11

*Williams v. Keybank Nat'l Ass'n*,
No. 2:16-cv-00374-SU, 2016 WL 7107765 (D. Or. Dec. 6, 2016) ........................2

## Statutes

28 U.S.C. § 1404.................................................................................................4

## Other Authorities

Fed. R. Civ. P. 12(b) ........................................................................................3, 4

Fed. R. Civ. P. 12(g) ...........................................................................................3, 4

Fed. R. Civ. P. 12(h)(1) ...........................................................................................4

John C. L. Dixon, *The Res Judicata Effect in England of a US Class Action Settlement*, 46 Int'l & Comp. L. Q. 134, 139 (1997) ............................................12

Jonathan M. Harris, *The Recognition and Enforcement of US Class Action Judgments in England*, 22 Contratto e Impresa/Europa 617 (2006) .....................................12

Mark Stiggelbout, *The Recognition in England and Wales of United States Judgments in Class Actions*, 52 Harv. Int'l L.J. 433, 485 (2011) ..........................................12

Samuel P. Baumgartner, *How Well Do U.S. Judgments Fare in Europe?*, 40 Geo. Wash. Int'l L. Rev. 173, 185–86 (2008)...............................................................12

## I.   INTRODUCTION

The issue before the Court is whether leave to amend should be granted to substitute two U.K. plaintiffs for the current one. While Courts consider four factors on a motion for leave to amend, Facebook raises only one: futility of amendment, challenging the merits of the U.K. Plaintiffs' claims. Because this amendment is a simple substitution of plaintiffs, because leave to amend is to be granted with extreme liberality, and because amendment would not be clearly futile here, the Court should decline to address Facebook's premature merits arguments in conjunction with this motion.

If, nonetheless, the Court reaches the merits of Facebook's contentions, it should reject them. Facebook's forum-selection-clause argument is waived because it did not raise it in prior motions to dismiss, and in any event, the 2018 Terms of Service did not retroactively change the law that governed Facebook's conduct. Facebook's forum-non-conveniens and comity arguments fail because Facebook has not assented to an alternate forum as required to dismiss on forum-non-conveniens and international-comity grounds. Nor does the presumption against extraterritoriality apply: the parties chose California and Federal law to govern any disputes. Even if the presumption applied, the federal statutes apply because this case concerns their domestic application. Finally, Facebook's contention that a U.K. class cannot be certified is premature, as class-certification briefing will not begin for another year.

The motion for leave to amend should be granted.

## II.   LEGAL STANDARD

Leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quotation and citation omitted).. And "[o]rdinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Fair Hous. Council of Cent.*

*Cal., Inc. v. Nunez*, No. 1:10CV02073, 2012 WL 217479, at *4 (E.D. Cal. Jan. 24, 2012); *see also Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 538–39 (N.D. Cal. 2003). Courts reason that

> it would be preferable to consider the futility arguments in the context of a motion to dismiss for failure to state a claim, whereby the parties could fully brief the sufficiency of plaintiffs' allegations under the appropriate briefing schedule, through a procedural mechanism that would allow optimal focus on those arguments (instead of their being first raised only in opposition briefing).

*Williams v. Keybank Nat'l Ass'n*, No. 2:16-cv-00374-SU, 2016 WL 7107765, at *3 (D. Or. Dec. 6, 2016); *see also Larios v. Nike Retail Servs., Inc.*, No. 11CV1600-GPC-NLS, 2013 WL 4046680, at *5 (S.D. Cal. Aug. 9, 2013) (rejecting defendant's "attempt to convert Plaintiff's motion to amend into a premature motion to dismiss"); *Lillis v. Apria Healthcare*, No. 12-CV-52-IEG (KSC), 2012 WL 4760908, at *1 (S.D. Cal. Oct. 5, 2012) ("Defendants fail to justify any break from the ordinary here; their arguments to the sufficiency of the proposed pleadings, even if merited, remain better left for full briefing on a motion to dismiss."); *Pilavskaya v. Henderson*, No. CV 11-4075, 2012 WL 3279517, at *5 (C.D. Cal. Aug. 9, 2012) ("Whether [the proposed amended] claims are properly pled is better left for a motion to dismiss.").

## III.   ARGUMENT

If the Court reaches the merits of Facebook's contentions, it should reject them.

### A.   The U.K. Plaintiffs State Valid Claims.

#### 1.   Facebook waived its forum-selection-clause argument by not raising it in its motions to dismiss.

Facebook chose not to challenge this forum for the U.K. plaintiff in either its first or second motions to dismiss. *See* Mot. to Dismiss Pls.' Consol. Compl., Nov. 2, 2018, Dkt. 184; Mot. to Dismiss Pls.' First Am. Consol. Compl., Mar. 15, 2019, Dkt. 261. Nor did it assert the forum-selection clause as a defense in its Answer. Answer to Pls.' First Am. Consol. Compl.

("Answer"), Feb. 5, 2020, Dkt. 373. In making these choices, Facebook waived its forum-selection-clause argument.

For waiver purposes, courts construe forum-selection-clause arguments as motions to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, 2011 WL 1753784, at *6–7 (N.D. Cal. May 9, 2011) (concluding that Defendants waived a forum-selection-clause challenge by failing to raise it in two previous motions to dismiss); *Aquair Ventures, LLC v. Gulf Stream Coach, Inc.*, No. C-08-2903 SC, 2009 WL 1458264, at *2 (N.D. Cal. May 26, 2009) (same, as to Defendants' simultaneously filed answer and first motion to dismiss); *Am. Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749, 765 (N.D. Cal. 2004) (same); *accord, e.g.*, *Sharpe v. Jefferson Distrib. Co.*, 148 F.3d 676, 679–80 (7th Cir. 1998), *abrogated on other grounds by Papa v. Katy Indus., Inc.*, 166 F.3d 937 (7th Cir. 1999) (finding waiver due to seven-month delay and failure to raise in motion to dismiss and as affirmative defense).

Under Rule 12(g) and (h), a Rule 12(b)(3) defense such as a forum-selection clause is waived if it "was available to the party but omitted from [an] earlier motion" made under Rule 12. Fed. R. Civ. P. 12(g)(2); *see id.* R. 12(h)(1)(A) (providing for waiver of "any defense listed in Rule 12(b)(2)–(5)" if it was omitted under "the circumstances described in Rule 12(g)(2)"). Because the same forum-selection-clause argument was available to Facebook when it filed its motions to dismiss, it waived the argument by not making it then.

Plaintiffs' amendment does not undo Facebook's waiver. *See Joe Leighton & Assocs. v. Hardware Components, Inc.*, No. EDCV 10-156-JST (OPx), 2010 WL 11556593, at *3 (C.D. Cal. Dec. 28, 2010) ("Having failed to raise the issue of improper venue at the proper time, the fact that Leighton's First Amended Complaint asserted a breach of contract claim does not give HCI a second bite at the apple."); *Pratt v. Rowland*, 769 F. Supp. 1128, 1132 (N.D. Cal. 1991)

("[D]efenses such as improper venue, if waived by the defendants' failure to raise those objections in response to the original complaint, may not be resurrected merely because a plaintiff has amended his complaint.").

Although a recent Supreme Court case addressed how to invoke a forum-selection clause in federal court, that case did not change how courts treat forum-non-conveniens motions for waiver purposes. In *Atlantic Marine Construction Co. v. United States District Court for Western District of Texas*, the Supreme Court held that motions based on forum-selection clauses should be addressed through transfers under 28 U.S.C. § 1404 or a forum-non-conveniens motion, and not through Rule 12(b)(3). 571 U.S. 49, 61 (2013). Nevertheless, for purposes of Rule 12(g) and (h)'s waiver rules, courts continue to hold that a party waives an available forum-selection-clause argument by failing to make it in its first Rule 12 motion. *See Sanact, Inc. v. US Pipelining LLC*, No. 16-00377 HG-RLP, 2018 WL 3213612, at *4 (D. Haw. June 29, 2018) (holding that defendant's defenses based on the forum-selection clause were waived under Rule 12(h)(1) because they weren't raised at the "first available opportunity" in the defendant's answer) (quotation and citation omitted); *Paige v. Pulse Beverage Corp.*, No. CV 16-00090 ACK-RLP, 2017 WL 11139681, at *4–5 (D. Haw. Nov. 9, 2017) (holding that defendant waived the right to argue improper venue under a forum-selection clause by failing to raise it in an initial motion to dismiss); *Johnson v. Mazza*, No. 2:15-CV-09183-ODW-AS, 2016 WL 11505457, at *3 (C.D. Cal. July 5, 2016) (same); *About U.S. Real Estate, Inc. v. Burnley*, No. 14 C 04471, 2015 WL 3397025, at *5 (N.D. Ill. May 26, 2015) (same). *But see Taub v. Parker Jewish Inst. for Health Care & Rehab.*, No. 18-CV-07491-RS, 2019 WL 3292369, at *6 (N.D. Cal. July 22, 2019) (holding that defendant had not waived a forum-non-conveniens argument by failing to raise it in its answer); *Petersen v. Boeing Co.*, No. CV-10-00999-PHX-ROS, 2015 WL 12434322, at *4 (D. Ariz. Apr. 7, 2015) (same).

Enforcing the waiver requirement for forum-selection-clause arguments also makes sense for practical reasons. As the Fourth Circuit recognized, allowing litigants to "hold back forum-selection clause objections" could "waste . . . judicial resources and allow defendants to 'test the waters' of the plaintiff's chosen forum, before invoking their rights under the forum-selection clause," a strategy that "undermines the efficiency and convenience that we believe is gained from enforcement of forum-selection agreements." *Sucampo Pharm., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 549 (4th Cir. 2006). Enforcing the waiver, in contrast, would "result in an efficient disposition of cases involving forum-selection clauses and not waste judicial resources on a case that ultimately will have to be dismissed and relitigated in another forum." *Id.*

What is more, Facebook did not even assert the forum-selection clause as an affirmative defense in its Answer. *See* Answer at 124–32. Instead, it "admits that its Terms of Service provide for claims relating to Facebook's terms or products to be resolve[d] exclusively in the U.S. District Court for the Northern District of California or in a California state court in San Mateo County," *id.* ¶ 812, and "admits that the Terms of Service contain a California choice-of-law provision," *id.* ¶ 813, making no distinction as to the U.K. class, *id.*

Thus, this Court should conclude that Facebook has waived its forum-selection-clause argument.

### 2. The 2018 Terms of Service did not apply retroactively.

Facebook relies on its 2018 Terms to supports its forum and choice of law arguments. But the 2018 Terms apply to disputes and Facebook's conduct from May 2018 on—they do not change the law and forum that applied to Facebook's prior conduct.

At the outset, whether U.K. Plaintiffs even consented to the 2018 Terms involves questions of fact which cannot be determined at this stage. *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2014 WL 1102660, at *15 (N.D. Cal. Mar. 18, 2014) (contractual consent

usually presents a question of fact). Although Facebook contends that Plaintiffs could not have continued to use Facebook without accepting the new terms, questions of consent—including when the Terms took effect, how U.K. users signed on, etc.— are the subject of ongoing discovery. In any event, the present procedural posture prevents Facebook's extrinsic evidence of the "user reengagement flow" from being considered at all. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003, 1012 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019).

Even if Plaintiffs did consent to the 2018 Terms, they did not consent to retroactively changing the applicable forum and law. The 2018 Terms provided that the laws of a European Union Member State "will apply" to any claim, or that otherwise Irish law "will govern" the Terms and any claim. Def.'s Opp'n to Mot. for Leave to Amend ("Opp'n") at 6, May 19, 2020, Dkt. 442. A reasonable Facebook user would read the "will apply" language to mean that the change to applicable laws and forum would apply going forward; no reasonable user would think that Facebook, while using future-tense verbs, was modifying the laws that applied to its prior conduct. *Cf. Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 878 (N.D. Cal. 2018) (concluding arbitration clause applied to previously accrued claims because provision explicitly said that it applied to "claims that arose before Customer and Advertiser first accepted any versions of these terms containing an arbitration provision"), *aff'd*, No. 18-17022, 2020 WL 2611843 (9th Cir. May 22, 2020).

In any event, the question of consent cannot be resolved at this stage as it "is usually a question of fact, where a fact-finder needs to interpret the express terms of any agreements to determine whether these agreements adequately notify individuals" regarding the conduct at

issue. *In re Google Inc.*, 2014 WL 1102660, at *15.[1]

> **3.** **The Court cannot abstain based on comity or forum non conveniens where there is no adequate alternative forum.**

Facebook argues that this action should be adjudicated by courts in the United Kingdom, Opp'n at 7, but dismissal based on either forum non conveniens or comity requires an adequate alternative forum. *See In re Apple Inc. Device Performance Litig.*, 347 F. Supp. 3d 434, 449–50 (N.D. Cal. 2018) (citing *Jota v. Texaco, Inc.*, 157 F.3d 153, 160 (2d Cir. 1998) and *Mujica v. Occidental Petroleum Corp.*, 381 F. Supp. 2d 1134, 1163 (C.D. Cal. 2005), *aff'd sub nom. Mujica v. AirScan Inc.*, 771 F.3d 580 (9th Cir. 2014)). An alternative forum is only adequate where "the defendant sought to be sued in the United States forum is subject to or has consented to the assertion of jurisdiction against it in the foreign forum." *Jota*, 157 F.3d at 160. The defendant "has the burden of demonstrating that an alternative forum is available and adequate." *In re Apple*, 347 F. Supp. 3d at 450 (citing *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011)). "Generally, this requirement will be met when the defendant is 'amenable to process' in the other jurisdiction." *Id.* (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)).

Here, Facebook has not shown that it consents to the assertion of jurisdiction against it in the United Kingdom, the alternative forum it apparently suggests, despite its interpretation of the 2018 Terms. Thus, this Court cannot dismiss based on comity or forum non conveniens. As in *In re Apple*, which rejected Apple's comity argument because Apple could not "bring itself to say

---

[1] The three cases Facebook cites did not concern contracts with the "will apply" language at issue here, and the cases concerning arbitration clauses are particularly inapplicable given the presumption in favor of arbitration. *See In re Verisign, Inc. Derivative Litig.*, 531 F. Supp. 2d 1173, 1224 (N.D. Cal. 2007) (recognizing presumption in favor of arbitration and rule that doubts about arbitrability must be resolved by arbitrators).

that it is amenable to process in the United Kingdom," *id.*, so too here, this Court should not

dismiss on comity or forum-non-conveniens grounds without a full concession establishing "that

the entire case and all parties can come within the jurisdiction of the United Kingdom," *id.*

(quotation and citation omitted).[2]

Moreover, dismissal is inappropriate here given the strong domestic interest in the

dispute: Plaintiffs bring California and U.S. claims against a California Defendant concerning

conduct which primarily occurred in California. The parties selected California law and a

California venue. Facebook contends that the United Kingdom's interest in the dispute is strong,

given its laws governing data, but here, unlike in *In re Apple*, the U.K. Plaintiffs have brought no

claims under U.K. laws. This case belongs in this District.

### 4.   Because the parties mutually selected California and federal law, the presumption against extraterritoriality does not apply.

The extraterritoriality analysis Facebook puts forth does not apply where, as here, the

parties have agreed in a choice-of-law clause that California law applies. Here, the parties agreed

to pre-2018 terms choosing California law, and, by extension, federal law. *See Murphy v.*

*DirecTV, Inc.*, 724 F.3d 1218, 1226 (9th Cir. 2013) (explaining that contract's reference to state

law incorporates federal law because "a fundamental principle in our system of complex national

polity mandates that the Constitution, laws, and treaties of the United States are as much a part of

the law of every state as its own local laws and Constitution.") (quotation and citation omitted).

---

[2] In its motion for reconsideration, Apple did agree to submit to U.K. jurisdiction for the U.K. law claims. *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155 (N.D. Cal. 2019). Nevertheless, the court declined to decide the comity question because other factors in the analysis were not properly before the court on a motion to dismiss. As the court explained, "[i]t is not even clear that the Court can properly consider Apple's declarations without converting the motion to dismiss into a motion for summary judgment." *Id.* at 1170. This Court may likewise reject Facebook's argument on this basis.

While parties may not contract around explicit anti-extraterritoriality provisions in a law, none of the state or federal laws here contain such limitations.

Further, "[i]f a state law does not have limitations on its geographical scope, courts will apply it to a contract governed by that state's law, even if parts of the contract are performed outside of the state." *Grayquick, A/S v. Trimble Nav. Int'l Ltd.*, 323 F.3d 1219, 1223 (9th Cir. 2003). The same reasoning applies to any federal law that governs the contract, as noted by *In re Apple*, 347 F. Supp. 3d at 447–48. Thus, the parties were free to choose—and did choose—California and federal laws to govern their relationship.

Because the parties' contract affirmatively applies U.S. federal law, this Court need not examine the Video Privacy Protection Act ("VPPA") or the Stored Communications Act ("SCA") to see if they explicitly apply extraterritorially. *See id.* As the *In re Apple* court explained, "[h]aving determined that the parties agreed that California law would apply to all of the non-U.S. Plaintiffs' claims at issue . . . , the Court need not address Apple's arguments as to whether the California laws apply extraterritorially." *Id.* at 448. And that ruling resolved "whether the non-U.S. Plaintiffs may bring claims under the [the federal law at issue] because '[t]he federal law is law in the State as much as laws passed by the state legislature.'" *Id.* (quoting *Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 380 (1990)).

But even independent of the affirmative choice-of-law provision that settles the question here, the federal claims stand because this case involves domestic application of the statutes. *See Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010). The application of VPPA and SCA are domestic because "the conduct relevant to the statute's focus occurred in the United States, . . . even if other conduct occurred abroad." *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2101 (2016). Here, Facebook does not dispute that the conduct relevant to the VPPA's and SCA's focuses occurred in the United States.

**B.    Facebook's Class-Certification Arguments Are Premature.**

Class-certification arguments are not proper at this early stage, particularly in the context of a routine motion to amend to substitute a potential class representative. *See Dunbar v. Google, Inc.*, No. 5:12-CV-003305-LHK, 2012 WL 6202797, at *19 (N.D. Cal. Dec. 12, 2012) ("In light of Rule 15(a)'s prescription that courts should freely give leave when justice so requires, the Court thinks it prudent to allow Plaintiff leave to amend so that his Amended Class definition may be fully tested in the context of a Motion for Class Certification.") (internal quotation omitted); *Nangle v. Penske Logistics, LLC*, No. 3:11-cv-00807-CAB-(BLM), 2016 WL 9503736, at *4 (S.D. Cal. July 20, 2016) (declining to deny leave to amend on grounds that the plaintiff was not a suitable class representative); *Gould v. Motel 6, Inc.*, No. CV 09-8157, 2011 WL 759472, at *5 (C.D. Cal. Feb. 22, 2011) ("Defendants' arguments regarding the adequacy of the previously named plaintiffs and Barragan are more properly addressed at the class certification stage."). This Court ordered class-certification briefing to commence in June 2021. Pretrial Order No. 32: Case Management Schedule, Dec. 13, 2019, Dkt. 356. Facebook presents its arguments against class certification over a year too early.

The cases Facebook cites do not suggest otherwise. In *In re HP Inkjet Printer Litigation*, the court had already ruled on class certification when it denied leave to amend on certification-related grounds, reasoning that the new plaintiff would not cure the deficiencies it had already identified in class certification. No. C 05-3580 JF, 2008 WL 2949265, at *7–8 (N.D. Cal. July 25, 2008). Here, the Court has not identified any deficiencies that would render amendment to substitute a plaintiff futile, because class-certification briefing is over a year out. Similarly, in *Rodriguez v. Instagram, LLC*, the court denied leave to amend where the amendment—adding a nationwide class—was made to manufacture federal subject-matter jurisdiction. No. C 12-06482 WHA, 2013 WL 3732883, at *2 (N.D. Cal. July 15, 2013). The fact that a nationwide class

would face insurmountable hurdles (because it lacked a choice-of-law provision) was noted in support of the court's conclusion that the amendment was made to contrive jurisdiction. *Id.* at *3. As Facebook does not contend that Plaintiffs' amendments are made to contrive jurisdiction, the Court need not examine the likelihood of success at class certification. Under normal circumstances, as here, "[a] proposed amendment is futile only if it would be immediately subject to dismissal." *Johnson v. Serenity Transp., Inc.*, No. 15-cv-02004-JSC, 2015 WL 4913260, at *3 (N.D. Cal. Aug. 17, 2015).

If the Court were to delve into class superiority questions at this early stage, it should determine—as U.S. courts that have carefully considered the issue have determined—that a class action judgment would be binding in the United Kingdom.[3] *See In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 103 (S.D.N.Y. 2007), *aff'd*, 838 F.3d 223 (2d Cir. 2016); *Anwar v. Fairfield Greenwich Ltd.*, 289 F.R.D. 105, 115 (S.D.N.Y. 2013), *vacated and remanded on other grounds sub nom. St. Stephen's Sch. v. PricewaterhouseCoopers Accountants N.V.*, 570 F. App'x 37 (2d Cir. 2014); *In re Alstom SA Sec. Litig.*, 253 F.R.D. 266, 287–89 (S.D.N.Y. 2008).

Facebook's own expert recognizes that where a U.K. Plaintiff fell within the proposed class, took compensation as part of the MDL, and sued Facebook in England, "it is possible that an English court would treat a future claim by that individual as blocked by issue estoppel and/or an abuse of process." Decl. of Brian Kennelly in Supp. of Opp'n to Mot. for Leave to Amend ("Kennelly Decl.") ¶ 100, May 19, 2020, Dkt. 442.

In the situation where the U.K. Plaintiffs did not take compensation, no English case law

---

[3] That said, the law on this question is extremely sparse, in part because the Ninth Circuit has not even said whether "[c]ourts may properly consider res judicata concerns when evaluating the [s]uperiority [r]equirement with respect to a proposed class that includes foreign class members." *Willcox v. Lloyds TSB Bank, PLC*, No. 13–00508 ACK–RLP, 2015 WL 10090605, at *10 (D. Haw. Nov. 12, 2015) (quoting *In re Alstom SA*, 253 F.R.D. 266, 281 (S.D.N.Y. 2008)).

directly addresses whether the claim would be precluded. *Id.* at 34. As scholars have pointed out, existing law in U.K. jurisdictions simply does not address the assertion of res judicata against the plaintiff. Mark Stiggelbout, *The Recognition in England and Wales of United States Judgments in Class Actions*, 52 Harv. Int'l L.J. 433, 485 (2011); *see also* John C. L. Dixon, *The Res Judicata Effect in England of a US Class Action Settlement*, 46 Int'l & Comp. L. Q. 134, 139 (1997) (predicting that a U.S. class action judgment has a "good chance of being upheld in England" as long the absentee received actual notice of the opt-out right); Samuel P. Baumgartner, *How Well Do U.S. Judgments Fare in Europe?*, 40 Geo. Wash. Int'l L. Rev. 173, 185–86 (2008) (describing English judgment-recognition requirements as similar to those in the United States); Jonathan M. Harris, *The Recognition and Enforcement of US Class Action Judgments in England*, 22 Contratto e Impresa/Europa 617 (2006) (concluding that English courts would recognize a U.S. class action judgment).

As Stiggelbout explains, "[i]f and when [this question] reaches the appellate courts in England, it will constitute a case of first impression of the most genuine kind": "[i]n other words, this is not simply a matter of determining whether a former decision should be extended to cover different factual circumstances." 52 Harv. Int'l L.J. at 436 & n.8. In the absence of applicable rules, Stiggelbout persuasively predicts that an English or Welsh court would extend common law principles in a way that would recognize the usual U.S. class actions judgments. *Id.* at 493–95. Jonathan M. Harris reaches the same conclusion on different reasoning: in his view, because the current English law of preclusion is not concerned with the position of the plaintiff, the jurisdictional competence of the U.S. court over that plaintiff would pose no barrier to the recognition of a U.S. class action judgment. Decl. of Jonathan Harris at 6–7, *In re Royal Dutch/Shell Transport Sec. Litig.*, No. 04-374(JWB) (D.N.J. filed June 30, 2005), Dkt. 130-11.

In reaching the opposite conclusion, Kennelly hypothesizes an English case against a different defendant; with "entirely different claims"; and a plaintiff who was, "potentially, not even aware of" the MDL. Kennelly Decl. ¶ 106. Such facts would inevitably skew the preclusion analysis, even under U.S. law. The fact that a class-action judgment may not foreclose minimally related litigation does not make it a less superior method.

Lastly, this Court should not credit Facebook's speculative arguments about the availability of absent U.K. class members for discovery. These arguments are even more premature than the superiority questions: concerns about reach of this Court's subpoena power would arise only if a class were certified, if Facebook sought discovery and testimony from absent class members, and if the class members refused to voluntarily cooperate. Facebook does not even explain what discovery it would seek, much less how it would defeat the rule that "[d]iscovery from absent class members is ordinarily not permitted." *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008). Hypothetical concerns about discovery not yet sought on a class not yet certified cannot thwart this straightforward substitution of Plaintiffs.

## IV.  CONCLUSION

For the above reasons, the Court should either decline to consider Facebook's premature arguments or simply reject them. Plaintiffs' Motion for Leave to File the Second Amended Consolidated Complaint should be granted.

Dated: June 2, 2020

KELLER ROHRBACK L.L.P.

By:     */s/ Derek W. Loeser*
      Derek W. Loeser

Derek W. Loeser (admitted *pro hac vice*)
Lynn Lincoln Sarko (admitted *pro hac vice*)
Gretchen Freeman Cappio (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
David Ko (admitted *pro hac vice*)
Adele A. Daniel (admitted *pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com
dko@kellerrohrback.com
adaniel@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Respectfully submitted,

BLEICHMAR FONTI & AULD LLP

By:     */s/ Lesley E. Weaver*
      Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Matthew P. Montgomery (SBN 180196)
Angelica M. Ornelas (SBN 285929)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com
mmontgomery@bfalaw.com
aornelas@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Derek W. Loeser, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of June, 2020, at Seattle, Washington.


/s/ Derek W. Loeser
Derek W. Loeser

# CERTIFICATE OF SERVICE

I, Sarah Skaggs, hereby certify that on June 2, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

**In addition, the following were served via email:**

Paven Malhotra
Matan Shacham
Bryn Anderson Williams
pmalhotra@keker.com
bwilliams@kvn.com
bwilliams@kvn.com

Anjeza Hassan
annie.sara@yahoo.com

/s/ *Sarah Skaggs*
Sarah Skaggs