# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **STIPULATION AND [~~PROPOSED~~]<br>ORDER FOR SEARCH TERM<br>NEGOTIATION SCHEDULE AND<br>PROCESS** |

This agreement structures the parties' search-term negotiations by setting forth a timeline for the negotiation of search terms and underlying analytics related thereto; the ESI sources to be searched and how this will be accomplished; and establishing a rolling document production schedule once these negotiations are accomplished.

The parties agreed previously, and the Court has ordered, that the parties will negotiate search terms pursuant to a specific schedule. Dkt. 453 ¶ 1 (Discovery Order #4), Dkt. 449 at 2 (May 28, 2020 Joint Status Submission). Based upon the parties' discussions and subsequent further compromise, this proposed stipulation and order proposes certain modifications to the timing of initial search term exchanges. Specifically, the parties propose modifying the schedule to allow for Facebook to propose a comprehensive set of search terms that would apply to a broad spectrum of custodians by July 21, 2020. Plaintiffs would then have ten days to respond to this proposal, by July 31, 2020. The parties' negotiations regarding this proposal will inform the parties' negotiations for later sets of custodians.

This modification to the parties' previously-agreed upon schedule addresses certain timing challenges, allows for hit reports to be provided with Facebook's search term proposals, and is intended to minimize the need to revisit previously agreed-upon terms as the parties' negotiations progress. The schedule previously ordered by the Court would continue to be honored, with the same end date.

The parties further agree to a protocol for continued exchange of information regarding ESI sources. While the Court has ordered that "further general ESI discussions" and written ESI disclosures are not required (Dkt. 436 ¶ 2 (Discovery Order # 3); Trans. of May 15, 2020 Hearing at 6:16-22), the parties agree to work together cooperatively to reach agreement as to how responsive information will be identified, collected and produced from unique data sources, including but not limited to Hive.

The parties agree that Facebook will conduct any necessary custodial interviews and, by the deadlines below: (i) provide search terms for the custodians in each group, (ii) provide initial hit

reports for each of the proposed search terms so that hit report information can be taken into account in the search term negotiations, and (iii) identify sources of potentially responsive information for each custodian. This information will be provided by Facebook in the format presented in Exhibit A attached hereto.

In exchange, by the deadlines below, Plaintiffs will provide Facebook: (i) any proposed revisions to Facebook's search terms, and (ii) any targeted questions regarding the data sources identified to which Plaintiffs require answers to understand how materials from particular unique data sources can be identified collected, and produced. Plaintiffs will provide any such questions in writing (not to exceed one page), and Facebook will provide written responses. If Plaintiffs require additional information to understand how materials from particular unique data sources can be identified, collected, and produced, Plaintiffs will submit those questions in writing (again, not to exceed one page), and the parties will arrange for Plaintiffs' expert and a non-lawyer technical data person within Facebook to have a discussion.

The parties agree that this process will take place on the following timeline:

| Custodian group | Facebook to provide sources of ESI | Facebook to provide search terms and hit reports | Plaintiffs to provide any revised search terms/questions regarding unique data sources | Initial meet and confer regarding search term proposals | Facebook to answer questions regarding unique data sources |
|---|---|---|---|---|---|
| Group 1 | June 10 | July 21 | July 31 | Aug. 5 | Aug. 11 |
| Group 2 | June 23 | July 21 | July 31 | Aug. 5 | Aug. 11 |
| Group 3 | July 8 | July 21 | July 31 | Aug. 5 | Aug. 11 |
| Group 4 | July 21 | July 21 | July 31 | Aug. 5 | Aug. 11 |
| Group 5 | Aug. 7 | Sept. 1 | Sept. 11 | Sept. 16 | Sept. 21 |
| Group 6 | Aug. 18 | Sept. 1 | Sept. 11 | Sept. 16 | Sept. 21 |
| Group 7 | Sept. 1 | Sept. 1 | Sept. 11 | Sept. 16 | Sept. 21 |
| Group 8 | Sept. 15 | Sept. 15 | Sept. 21 | Sept. 23 | Sept. 30 |

Should search term negotiations for later sets of custodians reveal additional terms that reasonably should be applied to the earlier groups of custodians, the deadline for the parties to agree or submit requests for application of additional search terms consistent with the Parties' ESI Protocol is October 14, 2020, provided that all the deadlines are met in the table above. The parties agree to work cooperatively and in good faith to efficiently negotiate search terms for any additional custodians, if—at some later date—Plaintiffs demonstrate a need to add additional custodians to the case. Should any additional custodians be added prior to September 15, 2020, Facebook will disclose ESI sources and propose search terms for those custodians by October 16, 2020.

The parties will engage in a cooperative, iterative process and meet-and-confer in good faith regarding search terms, pursuant to the provisions of the stipulated ESI Protocol, Dkt. No. 416, unless all parties agree such conference is unnecessary. Initial hit reports for each of the proposed search terms will be provided pursuant to the terms of the ESI protocol and when Facebook provides its initial proposed search terms as set forth in Exhibit A. Facebook may provide supplementary hit reports after additional custodial materials have been transmitted to and processed by Facebook's document vendor.

Facebook will identify to Plaintiffs by June 19, 2020, any discovery requests in Plaintiffs' First or Second sets of Requests for the Production of Documents that it categorically challenges as not relevant to the claims or defenses in this action. The parties will meet and confer on June 22, and present any unresolved issues to the Court and specifically to Judge Corley no later than June 26.

The parties agree that materials identified from this process will be produced on a rolling basis as soon as practical after Facebook completes its review and production of responsive materials produced to government entities in related actions on July 3, 2020. Facebook will apply search terms on an iterative basis and begin producing documents collected as a result of the parties' search term negotiations with production to begin within 30 days of a search-term agreement and to continue at least every four weeks thereafter.

Dated: June 5, 2020                                                         Respectfully submitted,

| | |
|---|---|
| KELLER ROHRBACK L.L.P. | BLEICHMAR FONTI & AULD LLP |
| By: /s/ Derek. W. Loeser<br>    Derek W. Loeser | By: /s/ Lesley E. Weaver<br>    Lesley E. Weaver |
| Derek W. Loeser (admitted *pro hac vice*)<br>Lynn Lincoln Sarko (admitted *pro hac vice*)<br>Gretchen Freeman Cappio (admitted *pro hac vice*)<br>Cari Campen Laufenberg (admitted *pro hac vice*)<br>David J. Ko (admitted *pro hac vice*)<br>Benjamin Gould (SBN 250630)<br>Adele Daniel (admitted *pro hac vice*)<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel.: (206) 623-1900<br>Fax: (206) 623-3384<br>dloeser@kellerrohrback.com<br>lsarko@kellerrohrback.com<br>gcappio@kellerrohrback.com<br>claufenberg@kellerrohrback.com<br>dko@kellerrohrback.com<br>bgould@kellerrohrback.com<br>adaniel@kellerrohrback.com | Lesley E. Weaver (SBN 191305)<br>Anne K. Davis (SBN 267909)<br>Joshua D. Samra (SBN 313050)<br>Matthew P. Montgomery (SBN 180196)<br>Angelica M. Ornelas (SBN 285929)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>adavis@bfalaw.com<br>jsamra@bfalaw.com<br>mmontgomery@bfalaw.com<br>aornelas@bfalaw.com |

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*


GIBSON, DUNN, & CRUTCHER LLP

By: */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com

333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: June 18, 2020

*Jacqueline Scott Corley*

THE HONORABLE JAQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE