UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC., CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br><br>Case No. 18-md-02843-VC-JSC<br><br>**STIPULATION AND [PROPOSED] ORDER GOVERNING PRIVILEGE LOGS**<br><br>The Honorable Vincent Chhabria<br>The Honorable Jacqueline Scott Corley |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

**A.   PURPOSE**

This Order will govern preparation and service of privilege logs and the logging of documents withheld from production entirely or in part by redaction on the basis of the attorney-client privilege, work product doctrine, or any other privilege ("**Privilege Logs**") in the above-captioned matter and any actions that are later consolidated with this matter (collectively, "**Litigation**").

**B.   PREPARATION AND SERVICE OF PRIVILEGE LOGS**

1.   Where a document is withheld from production entirely or in part by redaction on the basis of the attorney-client privilege, work product doctrine, or any other privilege, the Producing Party will produce a privilege log in Microsoft Excel format.

2.   The parties will endeavor to serve privilege logs on a rolling basis.  On August 17, 2020, each party will serve an initial privilege log that logs all documents withheld (entirely or in part) from any of its document productions completed on or before July 3, 2020.  If a party has not produced any documents, or has produced documents but has not yet withheld any documents (entirely or in part) as privileged, by July 3, 2020, the party is not required to serve an initial privilege log.

3.   Thereafter, the parties will serve amended privilege logs on the following schedule: Amended privilege logs will be produced every 75 days.  Each amended privilege log will log all documents withheld (entirely or in part) from any of the serving party's document productions

1

completed on or before the day that falls 45 days before the date on which the amended privilege log is served (including all entries from any previously served log(s), so that each amended privilege log supersedes all previously served privilege logs):

| Log Version | Date of Service | Documents logged from all productions made on or before: |
|---|---|---|
| Initial Privilege Log | August 17, 2020 | July 3, 2020 |
| First Amended Privilege Log | November 2, 2020 | September 18, 2020 |
| Second Amended Privilege Log | January 18, 2021 | December 4, 2020 |
| etc. | etc. | etc. |

    4.  Each party will serve amended privilege logs on this schedule until it determines it has completed its document production.  Each party will serve its final privilege log (except for any log relating to any productions made after the substantial completion deadline) 45 days after the deadline for substantial completion of document productions or (if earlier) 45 days after the date on which it substantially completes its document production. The parties understand that final privilege logs should be provided prior to the close of fact discovery.  If the current deadline for either substantial completion of document production or close of fact discovery changes such that the agreed-upon deadlines would result in a privilege log being served after the close of fact discovery, the parties agree to meet and confer about new deadlines at that time.

    5.  If, after a party has served a final privilege log, that party later makes a supplemental document production, that party will serve an amended final privilege log within 30 days of its supplemental production.

    6.  The parties shall endeavor, consistent with section D.2 below, to resolve any outstanding privilege disputes involving a deponent seven days prior to the scheduled deposition, absent agreement of the parties.

### C. CONTENTS OF PRIVILEGE LOGS

1. Each privilege log will have a header or other field that contains the name of the privilege log (e.g,."[Party]'s Initial Privilege Log," "[Party]'s First Amended Privilege Log," etc.) and the date on which the privilege log was served.

2. Subject to section C.3 below, for each document withheld (entirely or in part) from production on the basis of a claim of privilege, the privilege log will include the following information (where the information listed below is to be automatically populated from Metadata Fields, the information will be provided to the extent it exists as metadata). For documents consisting of e-mails and other communications, the following data shall be provided in relation to the top-line communication in each document (except as specified in Section 4 below):

    a. The privilege(s) being asserted;

    b. indication of whether the document has been withheld in its entirety or produced in redacted form;

    c. either the Bates number(s) of the document claimed to be privileged, if produced in a redacted form, or a unique identifying number (e.g., a slip sheet Bates number or privilege log index number), if withheld entirely;

    d. if applicable, BEGATTACH metadata for any document attached to the logged document;

    e. a description of the subject matter or general nature of the document (without disclosing its contents) that, without revealing information itself privileged or protected, will enable other parties to assess the claim;

    f. DOCUMENTTYPE metadata, or, if unavailable, document or data.

    g. the date of the document family, to be provided based on the parent document either as DATERECEIVED metadata for e-mails and other communications (and also DATESENT metadata if different from DATERECEIVED), or as DATELASTMOD for other documents;

    h. AUTHOR metadata;

      i. for all communications, including e-mails and chats, the sender and all recipient(s), including any available FROM, TO, CC, AND BCC metadata. Where available, that information will also be provided in the format of each individual's email address;

      j. information identifying the source of the withheld document (e.g., the relevant custodial file);

      k. indication with a unique identifier (e.g., asterisk or double asterisk) of which individual(s) (authors and recipients) are attorneys or staff (paralegals or legal assistants); and

3. To reduce the time and costs associated with preparing privilege logs, a producing party may use categorical designations on its privilege log, where appropriate, by categorizing documents by type and/or topic and placing them into various categories that fit the nature of the documents. Where a producing party has determined that categorical logging is appropriate, the producing party shall also provide the information listed in paragraphs B.2(a-c) for the category, and shall provide the information listed in B.2(d-k) for the documents within the category to the extent that information can be provided in an automated manner, or comparable metadata information agreed upon by the parties sufficient for the parties to understand the metadata associated with the documents identified within the categorical logging. If the parties cannot agree upon the comparable metadata information, the challenging party reserves the right to raise the issue with the Court.

4. The parties agree that the producing party is only required to either include one log entry for Last In Time Emails (as defined in section F of the ESI Protocol) or include a Last In Time Email in one categorical log entry and need not separately log earlier, less inclusive email messages or "thread members" that are fully contained within the Last In Time Email when a Last In Time Email is withheld (entirely or in part) as privileged. The date and time of the Last In Time Email logged must be disclosed as part of the requisite privilege log disclosures referenced in sections C.2 and C.3 above. For any Last In Time E-mail that appears on the privilege log, the log will provide information from the following metadata fields for the earlier thread members fully contained within the Last In Time Email: DATESENT, FROM, TO, CC, and BCC.

     5. Communications between a party and its outside counsel or inside counsel, or between inside and outside counsel, in connection with this Action (on or after the March 20, 2018 commencement of the Action), and work product material prepared in connection with this Action (after commencement of the Action), do not require a privilege log entry.

**D. PROCEDURE FOR CHALLENGING ASSERTIONS OF PRIVILEGE**

     1. Within 30 days of receiving a privilege log, or within a reasonable time depending on the volume of the log, a receiving party must identify in writing any particular privilege log entries that it asserts are not privileged or that it asserts require further explanation. To the extent the producing party amends any entries on a previously-served log, any challenges as to the amended entries may be brought within 30 days of receiving those amendments.

     2. The receiving party shall explain in writing with reasonable specificity its basis as to each privilege log entry for asserting that the individually logged document (or category of documents for categorically logged documents) is not privileged or the need for additional information, such as the identities or job positions of particular authors, addressees, or recipients or additional context about the subject.  Any such challenge or request must state precisely each document (by Bates number or unique identifier) or category of documents for which it disputes the privilege designation or seeks additional information.

     3. For a challenge of up to 50 documents that do not fall within the same categorical challenge, within 14 days of such a request, the producing party must (i) inform the receiving party which documents listed on the privilege log or redaction log (if any) the producing party will produce (ii) provide any identities or job positions of particular authors, addressees, or recipients the receiving party has requested with respect to the challenged documents; and (iii) provide any additional information (if any) that the producing party is willing to provide. For 51-300 documents that do not fall within the same categorical challenge, the 14-day period is extended to 30 days.  If the receiving party submits multiple challenges within the applicable 14-day or 30-day period, the deadline to respond to those challenges will be based on the total number of documents challenged during that period and run from the date of the last submitted challenge (i.e. if two different challenges to 20 documents are raised within a 14-day period, the deadline to respond regarding all 40 documents will

be 14 days from the second challenge, but if two challenges to 40 documents are raised within a 14-day period, the deadline to respond regarding all 80 documents will be 30 days from the second challenge).  If more than 300 documents are challenged within 30 days of service of a privilege log, the parties will meet and confer on a schedule for the producing party to respond, and the receiving party may not send another letter challenging privilege while the challenge to more than 300 documents is pending.

      4.  If the receiving party still asserts that there are documents or information that was improperly designated as privileged, it must notify the producing party within 14 days of receiving the producing party's response or any additional information provided as to that document. Such notice must state precisely each document (by Bates number or unique identifier) for which it disputes the privilege designation and, with reasonable specificity, its basis for disputing the privilege designation for each such document.  The Parties shall meet and confer within 5 business days to try to reach a mutually agreeable solution. If the parties remain at impasse after meeting and conferring in good faith, the challenging party must file any motion to compel within seven days, unless the parties agree to a different schedule.  To address concerns regarding separate briefing on multiple issues, the parties agree that if the parties are at impasse regarding multiple challenges to documents or categories, the parties will meet and confer and propose a reasonable briefing schedule such that multiple individual challenges are not briefed seriatim absent agreement or ruling by the Court.

      5.  The parties will endeavor to notice depositions to commence only after relevant privilege disputes have been resolved.  Should a party choose to commence a deposition while a relevant privilege log challenge is pending that party waives the right to reopen the deposition based on the results of such privilege challenge (including without limitation based on any documents that are later produced as a result of a successful privilege challenge), absent a showing of good cause or by order of the court.

      6.  The parties recognize that the current discovery schedule may not provide sufficient time for privilege disputes and depositions to be phased in this manner described in paragraph (D)(2).  By entering this agreement, the parties agree that any request to revise the current case schedule will be consistent with that provision.  To the extent that the current discovery schedule is not revised, the

parties agree to work cooperatively and in good faith to ensure that any privilege dispute relating to a document a deponent sent or received is resolved seven days before that deponent's deposition.

7. The parties agree this Order or the procedures set forth herein regarding challenging privilege assertions do not override the provisions of the 502(d) Stipulation and Order agreed to by the parties. Dkt. No. 422.

## E. RESERVATIONS OF RIGHTS

1. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections to the production, discoverability, admissibility, or confidentiality of documents and ESI.

2. Applicable law provides that, in certain circumstances, a failure to furnish an adequate privilege log may be deemed a waiver of the claimed privilege(s). Nothing in this Order modifies that applicable law.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: June 18, 2020                                                                  Respectfully submitted,

KELLER ROHRBACK L.L.P.                                              BLEICHMAR FONTI & AULD LLP

By:   */s/ Derek W. Loeser*                                                By:   */s/ Lesley E. Weaver*
       Derek W. Loeser                                                                    Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)                        Lesley E. Weaver (SBN 191305)
Lynn Lincoln Sarko (admitted *pro hac vice*)                   Anne K. Davis (SBN 267909)
Gretchen Freeman Cappio (admitted *pro hac vice*)      Matthew P. Montgomery (SBN 180196)
Cari Campen Laufenberg (admitted *pro hac vice*)         Angelica M. Ornelas (SBN 285929)
David Ko (admitted *pro hac vice*)                                    Joshua D. Samra (SBN 313050)
Adele A. Daniel (admitted *pro hac vice)*                          555 12th Street, Suite 1600
1201 Third Avenue, Suite 3200                                         Oakland, CA 94607
Seattle, WA 98101                                                              Tel.: (415) 445-4003
Tel.: (206) 623-1900                                                           Fax: (415) 445-4020
Fax: (206) 623-3384                                                           lweaver@bfalaw.com
dloeser@kellerrohrback.com                                            adavis@bfalaw.com
lsarko@kellerrohrback.com                                              mmontgomery@bfalaw.com
gcappio@kellerrohrback.com                                          aornelas@bfalaw.com
claufenberg@kellerrohrback.com                                    jsamra@bfalaw.com
dko@kellerrohrback.com

adaniel@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

GIBSON, DUNN, & CRUTCHER LLP
By: */s/ Joshua S. Lipshutz*
Joshua S. Lipshutz

Orin Snyder (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035
osnyder@gibsondunn.com

Joshua S. Lipshutz (SBN 242557)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539
jlipshutz@gibsondunn.com

Kristin A. Linsley (SBN 154148)
Brian M. Lutz (SBN 255976)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306
klinsley@gibsondunn.com
blutz@gibsondunn.com

*Attorneys for Defendant Facebook, Inc.*

**IT IS SO ORDERED.**

Dated: __June 18__, 2020

_Jacqueline Scott Corley_
The Honorable Jacqueline Scott Corley
United States Magistrate Judge