GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
 osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
 klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
 mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
 dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
 jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Administrative Motion to File Under Seal. Specifically, Facebook moves for leave to file under seal Exhibit A to the parties' September 11, 2020 Stipulation (Dkt. 513). Plaintiffs consent to the filing of this document under seal. Kutscher Decl., ¶ 8.

Facebook moves to seal Exhibit A because counsel created Exhibit A solely to aid in the parties' negotiations regarding the methodology for Facebook to log a sample set of materials from its App Developer Investigation ("ADI") over which Facebook asserts a claim of privilege and marked that document "Confidential." Kutscher Decl., ¶ 3. Facebook marked this document "Confidential" for a number of reasons.

*First*, Exhibit A contains non-public information regarding a number of third party applications that were investigated by Facebook and subsequently suspended from the Facebook Platform for one of a number of reasons, including that they did not cooperate with Facebook's investigation. This information is not only confidential to Facebook, but to those applications, who are not parties to this action and would likely consider their app IDs, suspension status, and the rationale for that suspension competitively sensitive. They might also suffer reputational harm, as members of the public might assume they were suspended on the basis of wrongdoing, when many apps were suspended for non-cooperation with ADI. *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 6615298, at *3 (N.D. Cal. Dec. 17, 2018) (granting motion to seal "competitively sensitive business information" of non-parties).

*Second*, Exhibit A contains personnel information about a number of current and former Facebook employees. *See Murphy v. Kavo America Corp.*, No. CV-11-0410-YGR, 20122012 WL 1497489, at * 1 (N.D. Cal. Apr. 27, 2012) ("Employees and former employees who are not parties to [] litigation have privacy interests in their personnel information."); *see also* Kutscher

Decl., ¶ 6.

*Third*, Exhibit A contains sensitive business information, including which Facebook departments and employees are working on highly sensitive and confidential issues, including Facebook's business relationships with and investigation of third parties. Public access to such information may cause Facebook competitive harm and encourage competitors to poach critical employees. *See Asetek Danmark A/S v.CMI USA, Inc.*, No. 13-cv-00457-JST, 2015 WL 4511036, at *2 (N.D. Cal. July 23, 2015) (finding compelling reasons to seal business information where "competitors would be able to take advantage of . . . information that could cause [] competitive harm"); *In re Incretin-Based Therapies Products Liabilities Litig.*, No. 13-md-2452-AJB, 2015 WL 11658712, at *2 (S.D. Cal. Nov. 18, 2015) ("[C]ourts have maintained documents under seal where the information contained therein could permit competitors to gain access to operational and personnel information."); *see also* Kutscher Decl., ¶ 7.

Sealing also would cause no harm to the public here. Courts routinely recognize the diminished public interest in documents "attached to motions that are not related, or only tangentially related, to the merits of a case." *Doe v. Walmart, Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362, at * 1 (N.D. Cal. Feb. 11, 2019); *see also Milliner v. Bock Evans Financial Counsel*, No. 15-cv-01763-JD, 2020 WL 1492692, at *1 (N.D. Cal. Mar. 27, 2020). This is particularly so here because there is no pending motion and the information in Exhibit A relates solely to the parties' negotiations regarding the logging of documents relating to ADI—not substantive issues in the case.

Accordingly, Facebook respectfully request that Exhibit A to the parties' September 11

Stipulation be permanently sealed[1] so that only counsel and the Court have access to this confidential information.

| | |
|---|---|
| Dated:  September 11, 2020 | **GIBSON, DUNN & CRUTCHER, LLP**<br><br>By: _/s/ Orin Snyder_<br>Orin Snyder (*pro hac vice*)<br>osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone:  212.351.4000<br>Facsimile:  212.351.4035<br><br>Deborah Stein (SBN 224570)<br>dstein@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone:  213.229.7000<br>Facsimile:  213.229.7520<br><br>Joshua S. Lipshutz (SBN 242557)<br>jlipshutz@gibsondunn.com<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone:  202.955.8500<br>Facsimile:  202.467.0539<br><br>Kristin A. Linsley (SBN 154148)<br>klinsley@gibsondunn.com<br>Martie Kutscher (SBN 302650)<br>mkutscherclark@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone:  415.393.8200<br>Facsimile:  415.393.8306<br><br>*Attorneys for Defendant Facebook, Inc.* |

---

[1] To the extent the Court finds that this document warrants sealing only in part, Facebook respectfully requests an opportunity to propose redactions.

## **CERTIFICATE OF SERVICE**

I, Deborah Stein, hereby certify that on September 11, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

By:    */s/ Deborah Stein*
       Deborah Stein