Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' OPPOSITION TO FACEBOOK, INC.'S MOTION TO DISMISS PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom 4, 17th Floor<br>Hearing Date: November 5, 2020<br>Hearing Time: 10:00 a.m. |

Pls' Opp. to Facebook Motion to
Dismiss Pls Butler and Christley
and Mtn. to Strike from SACC
Claims that Have been Dismissed
with Prejudice

MDL No. 2843
Case No. 18-md-02843-VC

## TABLE OF CONTENTS

I.     INTRODUCTION .........................................................................................................1

II.    FACEBOOK'S MOTION TO DISMISS SHOULD BE DENIED...................................1

      A.      Legal Standard ......................................................................................................1

      B.      The U.K. Plaintiffs State Valid Claims...................................................................2

            1.      The 2018 Terms of Service Do Not Apply to Accrued and Filed Claims. ....................................................................................................2

      C.      California is the Proper Forum. ..............................................................................5

            1.      Facebook has not consented to the alternative forum................................5

            2.      Public and private interest factors require that this case proceed in this forum. .............................................................................................7

            3.      The 2018 Terms' choice-of-law clause does not require dismissal of the claims here.......................................................................................10

III.    THE COURT SHOULD DENY FACEBOOK'S MOTION TO STRIKE. .....................11

IV.    CONCLUSION ........................................................................................................12

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE

       i

MDL No. 2843
CASE No. 18-MD-02843-VC

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Alstom SA Sec. Litig.*,
    253 F.R.D. 266 (S.D.N.Y. 2008) ................................................................................8

*In re Apple Inc. Device Performance Litig.*,
    347 F. Supp. 3d 434 (N.D. Cal. 2018).........................................................5, 6, 7

*AT&T Corp. v. Care Med. Equip.*,
    2006 WL 1371651 (D. Or. May 15, 2006) ...............................................................3

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
    571 U.S. 49 (2013) ...................................................................................................10

*Bos. Telecommunications Grp., Inc. v. Wood*,
    588 F.3d 1201 (9th Cir. 2009) ..................................................................................9

*Carijano v. Occidental Petroleum Corp.*,
    643 F.3d 1216 (9th Cir. 2011) ..................................................................................1

*Cent. Delta Water Agency v. United States*,
    306 F.3d 938 (9th Cir. 2002) ....................................................................................9

*Coon v. Nicola*,
    21 Cal. Rptr. 2d 846 (Ct. App. 1993) ......................................................................4

*Cung Le v. Zuffa, LLC*,
    108 F. Supp. 3d 768 (N.D. Cal. 2015).....................................................................4

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 640 (2018) .......................11

*Doe 1 v. AOL LLC*,
    552 F.3d 1077 (9th Cir. 2009) ..................................................................................4

*Dole Food Co. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002) ..................................................................................2

*Freeman v. Alta Bates Summit Med. Ctr. Campus*,
    2004 WL 2326369 (N.D. Cal. Oct. 12, 2004) ........................................................11

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE

ii

MDL NO. 2843
CASE NO. 18-MD-02843-VC

*Homeland Housewares, LLC v. John Mills, Ltd.*,
    2014 WL 1258863 ..................................................................................... 5, 6

*Hunt Wesson Foods, Inc. v. Supreme Oil Co.*,
    817 F.2d 75 (9th Cir. 1987) .................................................................... 2, 3, 4

*Immigrant Assistance Project of Los Angeles Cty. Fed'n of Labor (AFL-CIO) v. INS*,
    306 F.3d 842 (9th Cir. 2002) ......................................................................... 4

*Int'l Bhd. of Teamsters v. NASA Servs., Inc.*,
    957 F.3d 1038 (9th Cir. 2020) ..................................................................... 11

*Jota v. Texaco, Inc.*,
    157 F.3d 153 (2d Cir. 1998) .......................................................................... 5

*King v. Bumble Trading, Inc.*,
    393 F. Supp. 3d 856 (N.D. Cal. 2019) ......................................................... 10

*Klamath Water Users Protective Ass'n v. Patterson*,
    204 F.3d 1206 (9th Cir. 1999) ....................................................................... 2

*Krangel v. Golden Rule Res., Ltd.*,
    194 F.R.D. 501 (E.D. Pa. 2000) .................................................................. 10

*Lueck v. Sunstrand Corp.*,
    236 F.3d 1137 (9th Cir. 2001) ................................................................... 6, 10

*M/S Bremen v. Zapata Off-Shore Co.*,
    407 U.S. 1 (1972) ........................................................................................... 2

*In re M3 Power Razor Sys. Mktg. & Sales Practice Litig.*,
    270 F.R.D. 45 (D. Mass. 2010) .................................................................... 10

*Manetti–Farrow, Inc. v. Gucci Am., Inc.*,
    858 F.2d 509 (9th Cir.1988) ........................................................................... 2

*McPhail v. First Command Fin. Planning, Inc.*,
    251 F.R.D. 514 (S.D. Cal. 2008) .................................................................... 9

*In re Orange, S.A.*,
    818 F.3d 956 (9th Cir. 2016) ......................................................................... 2

*Platte Anchor Bolt, Inc. v. IHI, Inc.*,
    352 F. Supp. 2d 1048 (N.D. Cal. 2004) ....................................................... 11

*Redmond v. Facebook, Inc.*,
    No. 3:18-cv-03642-VC, Dkt. No. 1 (Apr. 10, 2018) ...................................... 1

*Ret. Sys. v. Berry*,
    667 F. Supp. 2d 1121 (N.D. Cal. 2009)...............................................................12

*In re Royal Dutch/Shell Transport Sec. Litig.*,
    No. 04-374(JWB), Dkt. 130-1, (D.N.J. filed June 30, 2005) ...................................9

*St. Stephen's Sch. v. PricewaterhouseCoopers Accountants N.V.*,
    570 F. App'x 37 (2d Cir. 2014) ..............................................................................7

*Takiguchi v. MRI Int'l, Inc.*,
    2016 WL 1091090 (D. Nev. Mar. 21, 2016) .......................................................10

*TradeComet.com LLC v. Google, Inc*,
    435 F. App'x 31 (2d Cir. 2011) ...........................................................................4, 5

*Trans-Tec Asia v. M/V Harmony Container*,
    518 F.3d 1120 (9th Cir. 2008) ...............................................................................3

*Trudeau v. Google LLC*,
    349 F. Supp. 3d 869 (N.D. Cal. 2018), *aff'd*, 816 F. App'x 68 (9th Cir. 2020) ......................3

*In re Vivendi Universal, S.A. Sec. Litig.*,
    242 F.R.D. 76 (S.D.N.Y. 2007), *aff'd*, 838 F.3d 223 (2d Cir. 2016).......................7

*Willcox v. Lloyds TSB Bank, PLC*,
    2015 WL 10090605 (D. Haw. Nov. 12, 2015) .......................................................7

*Yei A. Sun v. Advanced China Healthcare, Inc.*,
    901 F.3d 1081 (9th Cir. 2018) ...............................................................................2

**Statutes**

Consumer Rights Act 2015, c. 15, § 3 (U.K.) .............................................................6

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)................................................................................................1

Fed. R. Civ. P. 12(f) .................................................................................................11

John C. L. Dixon, *The Res Judicata Effect in England of a US Class Action Settlement*,
    46 Int'l & Comp. L. Q. 134 (1997) .........................................................................8

Jonathan M. Harris, *The Recognition and Enforcement of US Class Action Judgments in
    England,* 22 Contratto e Impresa/Europa 617 (2006) ...........................................8

PLS' OPP. TO FACEBOOK MOTION TO         iv         MDL No. 2843
DISMISS PLS BUTLER AND CHRISTLEY                          CASE NO. 18-md-02843-VC
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE

Mark Stiggelbout, *The Recognition in England and Wales of United States Judgments in Class Actions*, 52 Harv. Int'l L.J. 433 (2011) ....................................................................8

Samuel P. Baumgartner, *How Well Do U.S. Judgments Fare in Europe?*, 40 Geo. Wash. Int'l L. Rev. 173 (2008)..................................................................................................8

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE

v

MDL No. 2843
CASE No. 18-MD-02843-VC

## I.  INTRODUCTION

The first-filed complaint asserting claims on behalf of U.K. plaintiffs was filed on April 10, 2018. Compl., *Redmond v. Facebook, Inc.*, No. 3:18-cv-03642-VC, Dkt. No. 1 (Apr. 10, 2018). The Judicial Panel on Multidistrict Litigation assigned that case to this Court, where it was consolidated with the others. Since then, the Court has ruled on motions to dismiss, Facebook has answered the Complaint, and discovery has progressed.

After all this time, and in response to a routine substitution of plaintiffs, Facebook has moved to dismiss the U.K. Plaintiffs. It does so on the basis of terms that it enacted while the proposed U.K. Plaintiff class action was pending, without notifying putative class members that the new terms would affect their pending claims.

The Court should not enforce these terms. The 2018 Terms of Service did not and could not retroactively change the proper forum and the law that governs the U.K. plaintiffs' filed claims. And Facebook's forum-non-conveniens argument fails because Facebook has not assented to an alternate forum as required. The motion to dismiss should therefore be denied.

Facebook also moves to strike claims that have already been dismissed without leave to amend. This unnecessary motion should be denied.

## II.  FACEBOOK'S MOTION TO DISMISS SHOULD BE DENIED

### A.  Legal Standard

Facebook moves to dismiss the SACC under the doctrine of forum non conveniens and Rule 12(b)(6). Generally, "[t]o prevail on a motion to dismiss based upon forum non conveniens, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011). The private interest factors include "ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining attendance of willing witnesses; and likelihood of a fair trial."

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE

1

MDL No. 2843
CASE NO. 18-md-02843-VC

*Dole Food Co. v. Watts*, 303 F.3d 1104, 1119 (9th Cir. 2002). The public interest factors include "court congestion, local interest in resolving the controversy, and preference for having a forum apply a law with which it is familiar." *Id.* Applying this standard here, the Court should deny Facebook's motion to dismiss.

**B.      The U.K. Plaintiffs State Valid Claims.**

**1.      The 2018 Terms of Service Do Not Apply to Accrued and Filed Claims.**

The forum selection clause in the Facebook 2018 Terms does not apply to the U.K. Plaintiffs' claims. As an initial matter, it is up to this Court to decide whether these terms apply and whether they are valid. *See Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1086–87 (9th Cir. 2018) (deciding in first instance whether forum-selection clause applied); *see also M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12–15 (1972) (determining in first instance validity of forum-selection clause). This remains true even where, as here, some parties are foreign citizens. *See, e.g.*, *In re Orange, S.A.*, 818 F.3d 956, 962–63 (9th Cir. 2016) (where the defendant was a French corporation, interpreting forum selection clause that provided for certain disputes to be resolved in France and finding no legal error in district court's ruling that the clause did not apply).

Courts apply federal contract law to interpret forum selection clauses. *Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir.1988). When courts interpret a contract under federal law, they look for guidance in "general principles for interpreting contracts." *Klamath Water Users Protective Ass'n v. Patterson,* 204 F.3d 1206, 1210 (9th Cir. 1999). That guidance dictates that "[c]ontract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first." *Id.* (citation omitted). The "primary rule of interpretation" is "that the common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE

2

MDL NO. 2843
CASE NO. 18-MD-02843-VC

(9th Cir. 1987) (citation, quotation and alteration omitted). Finally, "where language is ambiguous the court should construe the language against the drafter of the contract." *Id.* at 78 (describing this as a "fundamental rule of contract interpretation").[1]

The 2018 Terms unambiguously apply to claims going forward. They do not purport to impact claims already accrued, much less those on file. The "Disputes" section states, "[i]f a dispute does arise, . . . it's useful to know up front where it can be resolved and what laws will apply." Decl. of Michael Duffey in Supp. of Def.'s Mot. to Dismiss, Ex. 1 at 6. This section continues: "If you are a consumer and habitually reside in a Member State of the European Union, the laws of that Member State will apply to any claim, cause of action, or dispfute you have against us that arises out of or relates to these Terms or the Facebook Products." *Id.* This language—"if a dispute does arise" and "up front," and the twice-used future-tense phrase "will apply"—suggests to any reasonable reader that the Terms apply to future claims, not to those that had already accrued and that plaintiffs had already filed. *Cf. Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 878 (N.D. Cal. 2018) (concluding arbitration clause applied to previously accrued claims because provision explicitly said that it applied to "claims that arose before Customer and Advertiser first accepted any versions of these terms containing an arbitration provision"), *aff'd*, 816 F. App'x 68 (9th Cir. 2020). Any other interpretation is unreasonable. *See AT&T Corp. v. Care Med. Equip.*, No. CV. 03-1590-AS, 2006 WL 1371651, at *2 (D. Or. May 15, 2006) (holding that it would be unreasonable to apply new terms to already-filed claims, at least where "there [is] no indication in the Agreement that the forum selection would be retroactive" and the party drafting the terms "did not advise [the other] that it intended to rely on that provision of the

---

[1] Facebook's authorities raise no doubts that general principles of contract law govern interpretation of the forum selection clause here. *Trans-Tec Asia v. M/V Harmony Container* is a maritime case governed by "maritime choice of law principles," which take into account such factors as "the law of the flag" and "the allegiance of the defendant shipowner." 518 F.3d 1120, 1124 (9th Cir. 2008) (quotation and citation omitted). Although those principles favored foreign law in Trans-Tec, maritime choice-of-law principles have no application here.

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE
                                        3                          MDL NO. 2843
                                                         CASE NO. 18-MD-02843-VC

Agreement in this action"). And if the Court finds these terms ambiguous, it should construe the language against Facebook, the drafter of the Terms, and conclude that the clause does not apply to these claims. *See Hunt Wesson*, 817 F.2d at 78.

A look at the larger legal context also suggests that Facebook itself never intended for the forum selection clause in the 2018 Terms to apply to the claims here. *See Cung Le v. Zuffa, LLC*, 108 F. Supp. 3d 768, 775 (N.D. Cal. 2015) ("In the interpretation, and ultimately, in the construction of contracts as well, the avowed purpose and primary function of the court is to ascertain the intention of the parties.") (citation omitted). Under the language of the 2018 Terms, Facebook seems to have contemplated that either English or Irish law would govern the interpretation of the forum selection clause as applied to English plaintiffs.[2] And, under English or Irish law, a forum selection clause is *inherently* prospective—at least according to Facebook's own expert. Whether a claim is governed by a forum selection clause, the expert avers, "is an issue that has to be determined at the time the proceedings are issued," i.e., initiated. Decl. of Brian Kennelly Q.C. in Supp. of Def.'s Mot. to Dismiss ("Kennelly Decl.") ¶ 74. Here, the claims were initiated on April 10, 2018, before the new forum selection clause took effect, because even after amendment, the U.K. plaintiffs' claims relate back to the date of the initial complaint. *See Immigrant Assistance Project of Los Angeles Cty. Fed'n of Labor (AFL-CIO) v. INS*, 306 F.3d 842, 857 (9th Cir. 2002). By Facebook's own lights, the new forum selection clause does not apply to the U.K Plaintiffs since the U.K. Plaintiffs' claims were initiated prior to the existence of the new forum selection clause.

The cases Facebook cites do not involve retroactivity of the kind at issue here. In those cases, the clauses were held to govern claims that had accrued but had not yet been filed when the agreements were made. *See TradeComet.com LLC v. Google, Inc*, 435 F. App'x 31, 34–35 (2d Cir. 2011) (August 2006 forum selection clause, 2009 complaint); *Coon v. Nicola*, 21 Cal.

---

[2] For purposes of the *present* inquiry, of course, it is federal law that applies. *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1080–81 (9th Cir. 2009) (construing forum selection clause under federal law, despite Virginia choice of law clause).

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE

4

MDL No. 2843
CASE No. 18-MD-02843-VC

Rptr. 2d 846, 848 (Ct. App. 1993) (April 1990 agreement, complaint filed thereafter).  Indeed, *TradeComet.com* specifically distinguished a case where the "clause at issue did not take effect until after the plaintiff filed suit." 435 F. App'x at 35. Assuming *arguendo* that the future-looking language of the 2018 Terms could conceivably apply to an accrued but not yet filed claim, there is nothing future about a claim that has both already accrued and already been filed when an agreement is inked.

In sum, the 2018 Terms and the forum selection and choice of law clauses they contained do not purport to apply to claims already on file, including the claims of the U.K. Plaintiffs.  This Court should keep these plaintiffs in this forum.

## C.   California is the Proper Forum.

### 1.   Facebook has not consented to the alternative forum.

Dismissal based on either forum non conveniens or comity requires an adequate alternative forum. *See In re Apple Inc. Device Performance Litig.*, 347 F. Supp. 3d 434, 449–50 (N.D. Cal. 2018) (citing *Jota v. Texaco, Inc.*, 157 F.3d 153, 160 (2d Cir. 1998) and *Mujica v. Occidental Petroleum Corp.*, 381 F. Supp. 2d 1134, 1163 (C.D. Cal. 2005), *aff'd sub nom. Mujica v. AirScan Inc.*, 771 F.3d 580 (9th Cir. 2014)). An alternative forum is only adequate where "the defendant sought to be sued in the United States forum is subject to or has consented to the assertion of jurisdiction against it in the foreign forum." *Jota*, 157 F.3d at 160. The defendant "has the burden of demonstrating that an alternative forum is available and adequate." *In re Apple*, 347 F. Supp. 3d at 450 (citing *Carijano*, 643 F.3d at 1224). "Generally, this requirement will be met when the defendant is 'amenable to process' in the other jurisdiction." *Id.* (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)). Even in the case Facebook cites for the proposition that the United Kingdom is an adequate alternative forum, the defendants had declared that they were amenable to process. *See Homeland Housewares, LLC v. John Mills, Ltd.*, No. LA CV13-08754 JAK (CWx), 2014 WL 12588638, at *5 (C.D. Cal. June 5, 2014).

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE

5

MDL NO. 2843
CASE NO. 18-MD-02843-VC

In *In re Apple*, the court rejected Apple's dismissal attempt because Apple could not "bring itself to say that it is amenable to process in the United Kingdom." *In re Apple*, 347 F. Supp. 3d at 450. Like Apple there, Facebook here cannot bring itself to say that it is amenable to process in the United Kingdom.[3] The omission is surprising: Plaintiffs pointed out this requirement in their reply on the motion for leave to amend, yet Facebook still refuses to say that it is amenable to process there. If Facebook will not consent to jurisdiction in the United Kingdom, the U.K. Plaintiffs have no adequate, alternative forum and Facebook's arguments about public and private interests ring hollow. As in *In re Apple*, this Court should not dismiss on comity or forum-non-conveniens grounds without a full concession establishing "that the entire case and all parties can come within the jurisdiction of the United Kingdom." *Id.* (quotation, citation, and alteration omitted).

In addition, Facebook does not meet its burden to show that the United Kingdom is an adequate forum. "That an English court, in general, could provide [an] adequate alternative forum does not end the inquiry. There must be a showing that English law would provide a remedy for the alleged wrongdoing by Defendant." *Homeland Housewares*, 2014 WL 12588638, at *5. It is Facebook's burden to make this showing. *See Lueck v. Sunstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001). But, like the defendant in *Homeland Housewares*, Facebook "has not cited any particular English laws, or provided any evidence, in support of its claim that English law provides adequate remedies for the wrongdoing alleged in the complaint." 2014 WL 12588638, at *5. Specifically, Facebook has not shown that U.K. Plaintiffs could

---

[3] Although Facebook waffles as to whether the Terms allow the U.K. Plaintiffs to sue in the United Kingdom, it seems to concede as much, apparently regardless of the Terms' language. It states that "[a]t all material times, if the U.K. Plaintiffs are consumer users, E.U. law . . . and laws in the U.K. . . . allow them to bring claims in the courts of their own domicile," and that "the U.K. Plaintiffs can sue in the courts of England, Wales, or Ireland if they are consumers, or Ireland if they are not consumers." Def.'s Mem. of Law in Supp. of Mot. to Dismiss at 3 n.2, 8. The U.K. Plaintiffs are consumers. *See, e.g.*, Consumer Rights Act 2015, c. 15, § 3 (U.K.) ("'Consumer' means an individual acting for purposes that are wholly or mainly outside that individual's trade, business, craft or profession.").

Pls' Opp. to Facebook Motion to
Dismiss Pls Butler and Christley
and Mtn. to Strike from SACC
Claims that Have been Dismissed
with Prejudice

6

MDL No. 2843
Case No. 18-md-02843-VC

pursue the claims at issue in meaningful manner (for example, as a class action) in the United Kingdom. And Facebook does not explain whether U.K. Plaintiffs could adequately prosecute claims that center on acts and omissions that occurred in California. Likewise, Facebook does not explain whether a U.K. court would find that this litigation tolled the statute of limitations on U.K. Plaintiffs' claims. In sum, Facebook falls far short of its burden to show an adequate alternative forum. As a matter of law and simple fairness, the Court should deny Facebook's attempt to consign the U.K. Plaintiffs' claims to an inadequate forum.

### 2. Public and private interest factors require that this case proceed in this forum.

Dismissal is inappropriate given the strong domestic interest in the dispute: Plaintiffs bring California and U.S. claims against a California defendant concerning conduct which primarily occurred in California, based on part on a contract that at the time the suit was filed designated California law and a California forum. Unlike in *In re Apple*, the U.K. Plaintiffs have brought no claims under U.K. laws. It is undisputed that Facebook's own contract selected a California forum for almost a decade before it purported to change them. It is strange, to say that least, that Facebook now pretends that a case in that very forum—its own backyard—would violate its due process rights. This case belongs in this District.

In any event, Facebook's supposed "due process concerns" are overblown. First, as U.S. courts that have carefully considered the issue have determined, a class action judgment would be binding in the United Kingdom.[4] *See Anwar v. Fairfield Greenwich Ltd.*, 289 F.R.D. 105, 116–17 (S.D.N.Y. 2013), *vacated and remanded on other grounds sub nom. St. Stephen's Sch. v. PricewaterhouseCoopers Accountants N.V.*, 570 F. App'x 37 (2d Cir. 2014); *In re Vivendi*

---

[4] That said, the law on this question is sparse, in part because the Ninth Circuit has not even said whether "[c]ourts may properly consider res judicata concerns when evaluating the [s]uperiority [r]equirement with respect to a proposed class that includes foreign class members." *Willcox v. Lloyds TSB Bank, PLC*, No. 13-00508 ACK-RLP, 2015 WL 10090605, at *10 (D. Haw. Nov. 12, 2015) (quoting *In re Alstom SA Sec. Litig.*, 253 F.R.D. 266, 281 (S.D.N.Y. 2008)), *adopted in part and rejected on other grounds in part*, 2016 WL 8679353 (D. Haw. Jan. 8, 2016).

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE                          7                          MDL NO. 2843
                                              CASE NO. 18-MD-02843-VC

*Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 103 (S.D.N.Y. 2007), *aff'd*, 838 F.3d 223 (2d Cir. 2016); *In re Alstom SA Sec. Litig.*, 253 F.R.D. 266, 287–89 (S.D.N.Y. 2008).

 Facebook's own expert recognizes that where a U.K. Plaintiff fell within the proposed class, took compensation as part of the MDL, and then sued Facebook in England, "it is possible that an English court would treat a future claim by that individual as blocked by issue estoppel and/or an abuse of process." Kennelly Decl. ¶ 117. In the situation where the U.K. Plaintiffs did not take compensation, no English case law directly addresses whether the claim would be precluded. *Id.* ¶ 119. As scholars have pointed out, existing law in U.K. jurisdictions simply does not address the assertion of res judicata against the plaintiff. Mark Stiggelbout, *The Recognition in England and Wales of United States Judgments in Class Actions*, 52 Harv. Int'l L.J. 433, 485 (2011); *see also* John C. L. Dixon, *The Res Judicata Effect in England of a US Class Action Settlement*, 46 Int'l & Comp. L. Q. 134, 139 (1997) (predicting that a U.S. class action judgment has a "good chance of being upheld in England" as long the absentee received actual notice of the opt-out right); Samuel P. Baumgartner, *How Well Do U.S. Judgments Fare in Europe?*, 40 Geo. Wash. Int'l L. Rev. 173, 185–86 (2008) (describing English judgment-recognition requirements as similar to those in the United States); Jonathan M. Harris, *The Recognition and Enforcement of US Class Action Judgments in England*, 22 Contratto e Impresa/Europa 617 (2006) (concluding that English courts would recognize a U.S. class action judgment).

 As Stiggelbout explains, "[i]f and when [this question] reaches the appellate courts in England, it will constitute a case of first impression of the most genuine kind": "[i]n other words, this is not simply a matter of determining whether a former decision should be extended to cover different factual circumstances." 52 Harv. Int'l L.J. at 436 & n.8. In the absence of applicable rules, Stiggelbout persuasively predicts that an English or Welsh court would extend common law principles in a way that would recognize the usual U.S. class actions judgments. *Id.* at 493–95. Jonathan M. Harris reaches the same conclusion on different reasoning: in his view, because the current English law of preclusion is not concerned with the position of the plaintiff, the

Pls' Opp. to Facebook Motion to
Dismiss Pls Butler and Christley
and Mtn. to Strike from SACC
Claims that Have been Dismissed
with Prejudice

8

MDL No. 2843
Case No. 18-md-02843-VC

jurisdictional competence of the U.S. court over that plaintiff would pose no barrier to the recognition of a U.S. class action judgment. Decl. of Jonathan Harris at 6–7, *In re Royal Dutch/Shell Transport Sec. Litig.*, No. 04-374(JWB) (D.N.J. filed June 30, 2005), Dkt. 130-11.

In reaching the opposite conclusion, Kennelly hypothesizes an English case against a different defendant; asserting "entirely different claims"; and a plaintiff who "potentially, was not even aware of" the MDL. Kennelly Decl. ¶¶ 121–124. Such facts would inevitably skew the preclusion analysis, even under U.S. law. *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 952 (9th Cir. 2002) (describing elements of claim preclusion). It would not violate Facebook's due process rights if members of the U.K. class were later able to bring an entirely different lawsuit against a different defendant.

Nor should this Court credit Facebook's speculative arguments about the Court's subpoena power. For one thing, these arguments are exceedingly premature: concerns about reach of this Court's subpoena power would arise only if a class were certified, if Facebook sought discovery and testimony from absent class members, and if the class members refused to voluntarily cooperate. Even in the second round of briefing these issues, Facebook fails to explain what foreign discovery it would seek, much less how that discovery is relevant or how Facebook would defeat the rule that "[d]iscovery from absent class members is ordinarily not permitted." *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D. Cal. 2008); *see also Bos. Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201, 1210 (9th Cir. 2009) ("[Defendant], in asking for the extraordinary measure of dismissal on forum non conveniens grounds, needed to provide not simply the numbers of witnesses in each locale, but information sufficient to assist the court in assessing the 'materiality and importance' of each witness.") (citation omitted). Facebook does not point to a single witness relevant to its defenses that it would be unable to depose, nor explain how those witnesses are more important than those who live in California. The reason is clear: the vast majority of conduct at issue here occurred in the United States. If anything, a presiding court's subpoena power should concern U.K. Plaintiffs

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE

9

MDL NO. 2843
CASE NO. 18-MD-02843-VC

forced to litigate U.S. conduct in another forum—a concern that weighs in favor of litigation in California. Facebook's hypothetical concerns about discovery that they have not sought and to which they are not entitled cannot warrant dismissal.

Public interest factors also weigh in favor of the California forum. In weighing the relevant private and public interest factors, "[o]rdinarily, a plaintiff's choice of forum will not be disturbed unless the 'private interest' and the 'public interest' factors strongly favor trial in a foreign country." *Lueck*, 236 F.3d at 1145. As noted above, this forum has a substantial connection to Defendant and the conduct at issue. Moreover, this case has advanced—with U.K. plaintiffs included—beyond the initial motion to dismiss and well into discovery, consuming substantial resources of the Court as well as the parties. Forcing U.K. Plaintiffs to start all over in a forum they did not choose would waste these resources. For all these reasons, the Court should reject Facebook's forum-non-conveniens motion.[5]

### 3. The 2018 Terms' choice-of-law clause does not require dismissal of the claims here.

While federal law governs analysis of the forum-selection clause, California law applies to interpretation and application of the choice-of-law clause. "A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 65 (2013). "Plaintiffs brought suit in the Northern District of California, so California law regarding choice of law provisions applies." *King v. Bumble Trading, Inc.*, 393 F. Supp. 3d 856, 862 (N.D. Cal. 2019). U.K. and Irish law do not apply to this question.

California contract principles are similar to the federal principles set forth above, and the

---

[5] It is also worth noting that certified plaintiff classes containing foreign citizens are more ordinary than exotic in the federal courts. *See, e.g.*, *Takiguchi v. MRI Int'l, Inc.*, No. 213CV01183HDMVCF, 2016 WL 1091090, at *12 (D. Nev. Mar. 21, 2016) (Japanese class members); *In re M3 Power Razor Sys. Mktg. & Sales Practice Litig.*, 270 F.R.D. 45, 62 & n.11 (D. Mass. 2010) (Canadian class members); *Krangel v. Golden Rule Res., Ltd.*, 194 F.R.D. 501, 506 (E.D. Pa. 2000) (same).

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE                                    10                          MDL NO. 2843
                                                                   CASE NO. 18-MD-02843-VC

outcome is the same: the 2018 Terms unambiguously do not apply to U.K. Plaintiffs claims. *See Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1042 (9th Cir. 2020) (setting out fundamental rules of contract interpretation under California law). As under federal law, if the terms are ambiguous, California law construes them against the drafter. *Id.*

Finally, if the Court determines that the 2018 Terms do apply, and that the choice of law clause is mandatory, it should at most dismiss the U.K. Plaintiffs' claims with leave to amend to allow them to plead claims under U.K. law.

### III.     THE COURT SHOULD DENY FACEBOOK'S MOTION TO STRIKE.

Rule 12(f) permits a court to "strike . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, and the movant usually must show that if the matter were not stricken, "prejudice would result to the moving party." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004); *see also Freeman v. Alta Bates Summit Med. Ctr. Campus*, No. C 04-2019 SBA, 2004 WL 2326369, at *2 (N.D. Cal. Oct. 12, 2004) ("[M]otions to strike are rarely granted in the absence of a showing of prejudice to the moving party."). Whether to grant a motion to strike is within the sound discretion of the Court. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 640 (2018).

Plaintiffs amended the complaint solely to substitute plaintiffs. To spare the Court and the parties unnecessary labor analyzing the new complaint, Plaintiffs left all other allegations the same. Plaintiffs provided Facebook with a draft of SACC in its current form well in advance of filing and Facebook raised no objections to the inclusion of previously dismissed claims. Facebook raised the issue only after Plaintiffs filed the SACC. Plaintiffs then offered to stipulate that they were not asking the Court to revive previously dismissed claims or to reconsider its September 9, 2019 ruling on Facebook's motion to dismiss. Unfortunately, Facebook refused to resolve this issue by stipulation. Instead, it filed a motion to strike—a motion that is unnecessary given Plaintiffs' concession that claims under California's Unfair Competition Law and

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE

11

MDL NO. 2843
CASE NO. 18-MD-02843-VC

common-law right of publicity are not being challenged at his stage of the case.[6] Facebook will not be prejudiced if these two inoperative claims remain in the SACC.

While it is not entirely clear if this is its intent, to the extent Facebook asks that the Court strike individual allegations, *see* Defs.' Mem. of Law in Supp. of Mot. to Dismiss at 15 (discussing "allegations and theories"), that request should be denied. A party seeking to strike allegations must normally show that the allegations prejudice it. *See, e.g.*, *N.Y. City Emps.' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("Such motions should only be granted if 'the matter has no logical connection to the controversy at issue *and* may prejudice one or more of the parties to the suit.'") (citation omitted). It is difficult to see how the allegations to which Facebook objects will prejudice it, since Facebook will not be required to answer those allegations, *see* Stipulation and Order at 1, ¶ 4, Sept. 11, 2020, Dkt. 511, and Plaintiffs do not ask for reconsideration of the Court's ruling on Facebook's earlier motion to dismiss. Just as important, the parties dispute which factual allegations relate solely to dismissed claims and it would be a poor use of the Court's time to go through the lengthy SACC and make this determination. Insofar as Facebook asks that allegations be stricken, respectfully, this request also should be denied.

## IV.   CONCLUSION

For the reasons set forth above, the Court should deny Facebook's Motion to Dismiss and its Motion to Strike.

---

[6] Of course, Plaintiffs reserve their appellate rights, but those rights are not at issue here.

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE

12

MDL NO. 2843
CASE NO. 18-MD-02843-VC

Dated: September 22, 2020

Respectfully submitted,

KELLER ROHRBACK L.L.P.

BLEICHMAR FONTI & AULD LLP

By:  /s/ Derek W. Loeser
      Derek W. Loeser

By:  /s/ Lesley E. Weaver
      Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)
Lynn Lincoln Sarko (admitted *pro hac vice*)
Gretchen Freeman Cappio (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
David Ko (admitted *pro hac vice*)
Adele A. Daniel (admitted *pro hac vice*)
Benjamin Gould (SBN 250630)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com
dko@kellerrohrback.com
adaniel@kellerrohrback.com
bgould@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
Matthew P. Montgomery (SBN 180196)
Angelica M. Ornelas (SBN 285929)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com
mmontgomery@bfalaw.com
aornelas@bfalaw.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Eric Fierro (admitted *pro hac vice*)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822
efierro@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE

13

MDL NO. 2843
CASE NO. 18-md-02843-VC

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Derek W. Loeser, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of September, 2020, at Seattle, Washington.

/s/ Derek W. Loeser
Derek W. Loeser

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE

14

MDL No. 2843
CASE No. 18-MD-02843-VC

## CERTIFICATE OF SERVICE

I, Sarah Skaggs, hereby certify that on September 22, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

**In addition, the following were served via email:**


Paven Malhotra
Matan Shacham
Bryn Anderson Williams
pmalhotra@keker.com
bwilliams@kvn.com
bwilliams@kvn.com

Anjeza Hassan
annie.sara@yahoo.com

/s/ *Sarah Skaggs*
Sarah Skaggs

PLS' OPP. TO FACEBOOK MOTION TO DISMISS PLS BUTLER AND CHRISTLEY AND MTN. TO STRIKE FROM SACC CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE

15

MDL No. 2843
CASE No. 18-MD-02843-VC

PLS' OPP. TO FACEBOOK MOTION TO
DISMISS PLS BUTLER AND CHRISTLEY
AND MTN. TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED
WITH PREJUDICE

1

MDL No. 2843
CASE No. 18-MD-02843-VC