GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
　osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
　klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
　mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
　dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
　jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF MARTIE KUTSCHER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Martie Kutscher, hereby declare as follows:

1. I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter. I am a member in good standing of the State Bars of California, New Jersey, and New York. I submit this declaration in support of Plaintiffs' Administrative Motion to File Under Seal. (Dkt. 527.) I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2. On September 28, the Consolidated Plaintiffs ("Plaintiffs") submitted an Administrative Motion to File Under Seal. (Dkt. 527.) Specifically, Plaintiffs moved to file under seal Exhibit B, Exhibit D, and Exhibit E to their Opposition to Defendant Facebook, Inc.'s Request to Enforce the Partial Stay of Discovery in Pretrial Order No. 20 ("Opposition") (Dkt. 526.) In addition, Plaintiffs moved to file under seal portions of their Opposition that "discusse[d] and quot[ed] portions of Exhibits B and D which Facebook has designated 'Confidential' pursuant to the Protective Order, as well as portions of Exhibit E which PwC has designated 'Highly Confidential – Attorneys' Eyes Only' pursuant to the Protective Order." (Dkt. 527.)

3. Under the Protective Order entered by the Court in this action, information is "Confidential" if it qualifies for protection under Federal Rule of Civil Procedure 26(c). (Dkt. 122.) Federal Rule of Civil Procedure 26(c) protects, among other things, trade secrets, confidential research, and commercial information.

4. Under the Protective Order, information is "Highly Confidential – Attorneys' Eyes Only" if it is extremely sensitive, and the public disclosure of the information would create a risk of serious harm that could not be avoided by less restrictive means. (Dkt. 122.)

5. Exhibit B, which Facebook has designated "Confidential," contains confidential and commercially sensitive information. As a result, Exhibit B qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "confidential" information covered by the protective order. (*See* Dkt. 122.)

6. Exhibit B is a Facebook internal document that contains highly confidential information about Facebook's business strategy and data infrastructure. It also includes commercially sensitive information about Facebook's strategic plan and potential future activities. Finally, Exhibit B contains highly confidential information regarding Facebook's internal analysis of regulatory efforts and policy issues.

7. Exhibit D, which Facebook has designated "Confidential," contains confidential and commercially sensitive information. As a result, Exhibit D qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "confidential" information covered by the protective order. (*See* Dkt. 122.)

8. Exhibit D is a Facebook internal document that contains highly confidential information about Facebook's strategic efforts to prevent the misuse of certain data. If disclosed, third parties may attempt to use the information in Exhibit D to thwart Facebook's efforts to enforce its policies and prevent data misuse. In addition, Exhibit D contains commercially sensitive financial information, including certain financial estimates.

9. Exhibit E, which has been designated "Highly Confidential – Attorneys' Eyes Only" by non-party PwC, contains extremely sensitive information, the disclosure of which would create a risk of serious harm. As a result, Exhibit E qualifies as "Highly Confidential – Attorneys' Eyes Only" information covered by the protective order. (*See* Dkt. 122.)

10. Exhibit E is a Facebook internal webpage that Facebook confidentially provided to PwC, pursuant to Facebook's 2012 consent order with the FTC. Exhibit E details extremely sensitive and proprietary information regarding Facebook's internal data infrastructure. Exhibit E contains instructions on how to take certain action within Facebook's data infrastructure. If disclosed, Facebook's competitors could unfairly access—and, in turn, copy—this highly business sensitive information regarding the operation of Facebook's internal systems.[1]

---

[1] Although Exhibit E was produced by PwC, the document is from Facebook's internal systems. Facebook is thus best positioned to demonstrate the highly confidential nature of Exhibit E.

Moreover, public disclosure of Exhibit E would reveal confidential information about the relationship between PwC and Facebook, as well as confidential actions taken pursuant to Facebook's 2012 consent order with the FTC. Because all of Exhibit E details extremely sensitive information, public disclosure of Exhibit E would create a risk of serious harm that could not be avoided by less restrictive means.

11. The redacted portions of Plaintiffs' Opposition are drawn directly from Exhibits B, D, and E and, therefore, are "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for the same reasons these designations properly apply to the exhibits.

12. Because Exhibits B, D, and E—as well as the references drawn from those exhibits in the Opposition—contain highly confidential and commercially sensitive information, each should be sealed pursuant to the parties protective order. (*See* Dkt. 122.)[2]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 2, 2020 in Palo Alto, California.

/s/ Martie Kutscher
Martie Kutscher

---

[2] Courts routinely recognize the diminished public interest in documents "attached to motions that are not related, or only tangentially related, to the merits of a case." *Doe v. Walmart*, Inc., No. 18-CV-02125-LHK, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); see also *Milliner v. Bock Evans Financial Counsel*, No. 15-cv-01763-JD, 2020 WL 1492692 at *1 (N.D. Cal. Mar. 27, 2020). This is particularly so here because the Opposition concerns the scope of discovery in this action, rather than substantive issues.