GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S EMERGENCY ADMINISTRATIVE MOTION TO REMOVE FROM THE PUBLIC DOCKET AND SEAL CONFIDENTIAL MATERIALS** |

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") submits this emergency administrative motion to remove from the public docket and seal confidential materials Plaintiffs filed publicly. Specifically, Facebook moves to remove from the docket and seal (i) portions of the brief Plaintiffs filed at Dkt. 526 (the "Brief"), which includes detailed references to materials Plaintiffs acknowledge are confidential, and (ii) Exhibit C to that Brief (Dkt. 526-3) ("Exhibit C"), a Facebook document marked Confidential.

## BACKGROUND

On September 28, 2020, Plaintiffs filed a Brief pursuant to Discovery Order No. 6, which directed the parties to submit briefing as to "the scope and sufficiency of the discovery produced by Facebook regarding the named Plaintiffs." Dkt. 508 at 1. The Court directed the parties that this briefing should only address the "legal question as to what the scope of the discovery is based on the claims in Judge Chhabria's ruling," Sept. 4, 2020 Hr'g Tr. at 5:8-10, 5:18-19. But Plaintiffs raised several new factual issues in their Opposition Brief, supposedly supported by various exhibits—including four confidential Facebook documents. Plaintiffs did not explain to the Court how they obtained these materials. Plaintiffs also did not raise the Exhibits they intended to file or their proposed redactions with Facebook prior to filing their Brief.

While Plaintiffs moved to file three of their exhibits under seal, they filed Exhibit C on the public docket. Exhibit C—which contains Facebook's sensitive business information and is marked Highly Confidential—is from a sealed filing in another action, *Six4Three, LLC v. Facebook Inc.*, No. CIV533328 (Cal. Super. San Mateo Cty.) (the "Six4Three litigation").

In the Six4Three litigation, one of Six4Three's principals leaked a set of several hundred confidential documents that had been filed under seal in the San Mateo Superior Court in violation of the protective order in that action. The presiding judge, V. Raymond Swope, called this act "unconscionable," granted Facebook discovery into the conduct of the Six4Three executives and their counsel, and struck certain leaked documents—including Exhibit C—from the docket. *See* Kutscher Decl., Ex. 1 at 50:12-20, 60:2-69:10 (Six4Three hearing transcript); *id.*, Ex. 2 at 13 (Amended Order on Facebook's Motion to Seal in Six4Three litigation).

1

A number of the documents leaked in the Six4Three action have also been produced in this case. *See* Kutscher Decl., Ex. 3 (Aug. 21, 2020 Ltr. from M. Montgomery). Exhibit C is one of these documents and was produced as FB-CA-MDL-00178902 on April 1, 2020 and designated Confidential. *See* Kutscher Decl. ¶ 7.

Plaintiffs recently demanded that Facebook de-designate as confidential any documents produced in this action that were leaked in the Six4Three case, on the basis that they were made "publicly available" in violation of the protective order in the Six4Three litigation.[1] *See* Kutscher Decl., Ex. 3. During a meet and confer on September 15, Facebook made clear that it continues to assert confidentiality over the leaked materials and, while Facebook cannot prevent Plaintiffs from linking to leaked documents available on the internet, confidential Facebook documents (and descriptions of their content) cannot be republished to the public docket and must be filed under seal in this action. *See* Kutscher Decl. ¶ 10. Plaintiffs indicated they planned to challenge Facebook's confidentiality designations. *Id*. Plaintiffs have not done so, and the parties have not met and conferred as to the substance of any confidentiality claims. *Id*.

The following week, Plaintiffs requested an order from the Court ruling that any leaked Facebook documents "not be treated as confidential" in this action. Dkt. 517 at 3. The Court declined to take up this issue at the following discovery conference and has issued no such order.

Having failed to obtain the order they sought, Plaintiffs circumvented Facebook's confidentiality designations. Plaintiffs chose to attach to their Brief as Exhibit C a document leaked in the Six4Three action that was also produced here (Dkt. 526-3). Yet, rather than file under seal the version of the document produced in this case—which Plaintiffs could have done while asserting their objection to the confidentiality designation—Plaintiffs instead filed, on the public docket, a leaked version of the exhibit (which is itself marked Highly Confidential and identified as having been filed under seal in the Six4Three litigation).

It was not immediately apparent to Facebook's counsel that Plaintiffs had filed the leaked

---

[1] Unsurprisingly, Plaintiffs have taken a different view as to the confidentiality of materials posted on the internet as it pertains to the Named Plaintiffs' Facebook profiles.

document publicly, as the filed version of the document includes a cover page (from the Six4Three litigation) stating in all caps: "UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE LODGED UNDER SEAL." The day after it came to Facebook's counsel's attention that the confidential document was publicly available on the docket in this case, Facebook notified Plaintiffs of their intent to file this motion, prepared, and filed it.[2]

In addition to filing Exhibit C publicly, Plaintiffs failed to redact sensitive and confidential information contained in their Brief—including only minimal redactions of Facebook's confidential material. Confidential information that was not redacted is highlighted on Exhibit 4 to the Kutscher Declaration accompanying this Motion.

## ARGUMENT

Facebook moves to remove from the public docket and seal permanently Exhibit C and designated portions of Plaintiffs' Brief because these documents reflect non-public and sensitive business information that may cause Facebook competitive harm if published to the public, which is why Facebook designated them Confidential in the first instance. Moreover, Plaintiffs have not properly challenged those designations pursuant to the parties' Protective Order.

*First*, this motion was necessitated by Plaintiffs' improper end-run around the Protective Order in this action (Dkt. 122), which sets forth the procedure for raising a confidentiality dispute to the Court. Under Section 6 of the Protective Order, a party seeking to challenge a confidentiality designation must first provide written notice of "each designation it is challenging and describ[e] the basis for each challenge." *Id.* § 6.2. The challenging party may only raise the challenged designation to the Court after first challenging the specific designation and engaging in a meet and confer process with the producing party. *Id.* § 6.3. Plaintiffs have never challenged the confidentiality designation of Exhibit C under the Protective Order. While

---

[2] *See* Kutscher Decl. ¶ 3. Given the urgency of removing Facebook's confidential information from the docket, Facebook moved as quickly as possible to file this brief. If the Court is inclined to rule that the Six4Three leak undermines Facebook's claim of confidentiality to hundreds of confidential documents produced in this action, Facebook respectfully requests the opportunity to submit full briefing on that issue with adequate time to prepare arguments and evidence in support of its position and without the page constraints of an administrative motion.

3

Plaintiffs sent Facebook a letter challenging the confidentiality designations of certain produced documents that were leaked in the Six4Three action, that letter does not include Exhibit C, which was produced by Facebook as FB-CA-MDL-00178902.  *See* Kutscher Decl., Ex. 3.

Rather than properly challenge Facebook's confidentiality designation, Plaintiffs simply republished the leaked version of Facebook's confidential document on the public docket. Plaintiffs' efforts to circumvent the agreed upon procedures and engage in self-help should not be permitted.  As Facebook made clear during the parties' meet and confer and in its last joint status update to the Court (Dkt. 517 at 8), if Plaintiffs wish to challenge Facebook's confidentiality designations based on a non-party's "unconscionable" actions in violation of the a protective order in another litigation, Plaintiffs must file a motion under the terms of the Protective Order.  Plaintiffs have not done so.  The Court should reject Plaintiffs' efforts to end-run this procedure by removing Exhibit C from the public docket until such a time as Plaintiffs successfully challenge the confidentiality of this document.

*Second*, Exhibit C and the designated portions of the Brief contain sensitive business information that could cause Facebook competitive harm if disclosed publicly.  Exhibit C specifically concerns Facebook's strategic plans concerning its business model and strategies for managing its data resources, including specific details about the data it generates and how this information is leveraged.  These concepts and strategies remain relevant to Facebook's business. Exhibit C also contains information about which Facebook departments and employees are working on highly sensitive and confidential issues.  Further, the portions of the Brief that Plaintiffs failed to redact reflect not only the confidential contents of Exhibit C but also sensitive information regarding Facebook's data infrastructure, client relationships, and business strategy. Public access to such information may cause Facebook competitive harm and encourage competitors to poach critical employees.  *See Asetek Danmark A/S v.CMI USA, Inc.*, No. 13-cv-00457-JST, 2015 WL 4511036, at *2 (N.D. Cal. July 23, 2015) (finding compelling reasons to seal business information where "competitors would be able to take advantage of . . . information that could cause [] competitive harm"); *In re Incretin-Based Therapies Products*

4

*Liabilities Litig.*, No. 13-md-2452-AJB, 2015 WL 11658712, at *2 (S.D. Cal. Nov. 18, 2015) ("[C]ourts have maintained documents under seal where the information contained therein could permit competitors to gain access to operational and personnel information . . .") (internal quotations omitted); *see also* Kutscher Decl. ¶¶ 15-23.

Sealing also would cause no harm to the public. Courts recognize the diminished public interest in documents "attached to motions that are not related, or only tangentially related, to the merits of a case." *Doe v. Walmart, Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362, at * 1 (N.D. Cal. Feb. 11, 2019) (internal quotations omitted); *see also Milliner v. Bock Evans Financial Counsel*, No. 15-cv-01763-JD, 2020 WL 1492692, at *1 (N.D. Cal. Mar. 27, 2020). This is particularly so here because the parties' pending motions are not dispositive, but rather relate to the scope of discovery. Moreover, the Court directed the parties *to not submit evidence* in support of their briefs—as it is not necessary to determine the scope of the stay ordered by Judge Chhabria—further diminishing the necessity of filing these documents on the public docket.

Finally, Facebook seeks emergency relief on its motion to seal these materials because Facebook will be imminently and irreparably harmed if they remain on the docket. As discussed above and in the Kutscher Declaration, these materials are commercially sensitive because they contain Facebook's strategic plans for managing its data infrastructure, business strategies, and client relationships. So long as they remain on the public docket, competitors, the press, and the public "can unfairly access—and, in turn, copy—this highly business sensitive information regarding the operation of Facebook's internal systems" Kutscher Decl. ¶ 20. This is a high profile case, closely monitored by the press and the public, and if Facebook's confidential information remains on the docket, it is likely that numerous parties will access it.

The Court should seal (i) Exhibit C, (ii) Exhibit 4 to the Kutscher Declaration,[3] and (iii) the portions of the Brief identified in the Exhibit 4 to the Kutscher Declaration so that only counsel and the Court have access to this confidential information.

---

[3] To the extent the Court finds that this document warrants sealing only in part, Facebook respectfully requests an opportunity to propose redactions.

Dated:  October 2, 2020          **GIBSON, DUNN & CRUTCHER, LLP**

By: */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*

## **CERTIFICATE OF SERVICE**

I, Deborah Stein, hereby certify that on October 2, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

By:    */s/ Deborah Stein*
       Deborah Stein