GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF MARTIE KUTSCHER IN SUPPORT OF FACEBOOK, INC.'S EMERGENCY ADMINISTRATIVE MOTION TO REMOVE FROM THE PUBLIC DOCKET AND SEAL CONFIDENTIAL MATERIALS** |

I, Martie Kutscher, hereby declare as follows:

1.      I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter. I am a member in good standing of the State Bars of California, New Jersey, and New York. I submit this declaration in support of Facebook's Emergency Administrative Motion to Remove from the Public Docket and Seal Confidential Materials (Dkt. 530.) I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2.      On September 28, the Consolidated Plaintiffs ("Plaintiffs") submitted their Opposition to Facebook's Request to Enforce the Partial Stay of Discovery in Pretrial Order No. 20 and Cross-Motion to Compel Discovery Related to Requests for Production Nos. 9 through 13 (the "Brief") (Dkt. 526), along with Exhibits A to E (Dkts. 526-1 to 526-5). Plaintiffs also submitted an Administrative Motion to File Under Seal Exhibit B, Exhibit D, and Exhibit E to their Brief as well as portions of their Brief that "discusse[d] and quot[ed] portions of Exhibits B and D which Facebook has designated 'Confidential' pursuant to the Protective Order, as well as portions of Exhibit E which PwC has designated 'Highly Confidential – Attorneys' Eyes Only' pursuant to the Protective Order." (Dkt. 527.) Plaintiffs did not file Exhibit C to their Brief under seal or include it in their administrative motion.

3.      Plaintiffs filed their Brief and Administrative Motion to Seal at 10:58 p.m. on Monday, September 28. Consistent with usual practice, Facebook's counsel requested that a legal assistant pull the filing and exhibits the following morning. Exhibit C to the brief bears a cover page that says it is an "UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE LODGED UNDER SEAL." Two days later, on Thursday, October 1, Facebook's counsel observed that Exhibit C had, in fact, been filed on the public docket. The next day, Facebook's counsel promptly notified Plaintiffs by email that Facebook would be filing this emergency motion, which was then prepared and filed that evening.

4.      Exhibit C was originally produced by Facebook in another action, *Six4Three, LLC v. Facebook Inc.*, No. CIV533328 (Cal. Super. San Mateo Cty.), where it was marked Highly

Confidential.  *See* Dkt. 526-3.  Exhibit C was part of a set of documents from the Six4Three litigation that was publicly leaked by one of Six4Three's principals in violation of the protective order entered by the court in that action.  During a November 30, 2018 hearing concerning motions arising from this leak, the presiding judge, the Honorable V. Raymond Swope, referred to the leak of these documents as an "unconscionable" act that "shocks the conscience."  Judge Swope also granted Facebook discovery into the conduct of the Six4Three executives and their counsel and struck certain of the leaked documents, including Exhibit C, from the docket in that case.

5. A true and correct copy of the transcript from the November 30, 2018 hearing before Judge Swope in *Six4Three, LLC v. Facebook Inc.*, No. CIV533328 (Cal. Super. San Mateo Cty.) is attached hereto as Exhibit 1.

6. A true and correct copy of the Superior Court's Amended Order On: (1) Facebook's Motions to Seal, filed January 8 and May 3 and 30; (2) The Guardian and CNN's Motion to Unseal Judicial Records; and (3) the New York Times, Associated Press, and Washington Post's Motion to Unseal in *Six4Three, LLC v. Facebook Inc.*, No. CIV533328 (Cal. Super. San Mateo Cty.) dated November 1, 2018 is attached hereto as Exhibit 2.

7. A number of the documents produced in the Six4Three action have separately been produced in this case, including Exhibit C.  The document that Plaintiffs marked as Exhibit C was produced in this action as FB-CA-MDL-00178902 on April 1, 2020 and designated Confidential.

8. On August 21, 2020, Plaintiffs sent Facebook a letter in which they requested that Facebook de-designate documents that Facebook has produced in this action that were also among the documents leaked from the Six4Three litigation on the basis that the leaked documents are now "publicly available."  Although Exhibit C is one of the leaked documents, it was not among the documents specifically cited in Plaintiffs' letter.

9. A true and correct copy of the August 21, 2020 letter from Matthew Montgomery to Facebook's counsel is attached hereto as Exhibit 3.

10. The parties discussed Plaintiffs' August 21 letter during a meet and confer on September 15, 2020.  Facebook's counsel made clear that Facebook would not de-designate any of the leaked documents on the basis that they had been leaked to the press in violation of a protective order in a different litigation.  Facebook further directed Plaintiffs that, while Facebook could not prevent Plaintiffs from linking to any improperly leaked versions of Facebook's documents they may find on the internet, confidential Facebook documents (and descriptions of their content) cannot be republished to the public docket and must be filed under seal in this action.  Plaintiffs indicated they intended to challenge Facebook's confidentiality designations, but have not yet done so.  The parties have not yet met and conferred as to the substance of Facebook's confidentiality designations.

11. Plaintiffs did not advise Facebook that they intended to submit Facebook's confidential documents as exhibits to their Brief or that they intended to describe these materials in their Brief.  Facebook therefore did not have an opportunity to review the exhibits or the Brief for sealing or redactions before they were filed.

12. Under the Protective Order entered by the Court in this action, information is "Confidential" if it qualifies for protection under Federal Rule of Civil Procedure 26(c).  (Dkt. 122.)  Federal Rule of Civil Procedure 26(c) protects, among other things, trade secrets, confidential research, and commercial information.

13. Under the Protective Order, information is "Highly Confidential – Attorneys' Eyes Only" if it is extremely sensitive, and the public disclosure of the information would create a risk of serious harm that could not be avoided by less restrictive means.  (Dkt. 122.)

14. While Plaintiffs redacted certain portions of their Brief that referred to the contexts of Exhibits B and Exhibit E, they did not redact all of the confidential material drawn from those documents.  Plaintiffs did not redact any of the confidential material drawn from Exhibit C.

15. Exhibit B, which Facebook has designated "Confidential," contains confidential and commercially sensitive information.  As a result, the material drawn from Exhibit B qualifies

for protection under Federal Rule of Civil Procedure 26(c) and is "confidential" information covered by the protective order.  (*See* Dkt. 122.)

16. Exhibit B is a Facebook internal document that contains highly confidential information about Facebook's business strategy and data infrastructure.  It also includes commercially sensitive information about Facebook's strategic plan and potential future activities.  Finally, Exhibit B contains highly confidential information regarding Facebook's internal analysis of regulatory efforts and policy issues.

17. Exhibit C, which Facebook has designated "Confidential," contains confidential and commercially sensitive information.  As a result, Exhibit C and any material drawn from it qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "confidential" information covered by the Protective Order.  (*See* Dkt. 122.)

18. Exhibit C is a Facebook internal document that contains highly confidential information about Facebook's business strategy and data infrastructure.  It also includes commercially sensitive information about Facebook's strategic plan and potential future activities.  Further, Exhibit C reflects which Facebook departments and employees are working on highly sensitive and confidential issues.  Public disclosure of Exhibit C could result in competitive harm to Facebook, as competitors could leverage Facebook's business strategy to their benefit.

19. Exhibit E, which has been designated "Highly Confidential – Attorneys' Eyes Only" by non-party PwC, contains extremely sensitive information, the disclosure of which would create a risk of serious harm.  As a result, the material drawn from Exhibit E qualifies as "Highly Confidential – Attorneys' Eyes Only" information covered by the protective order.  (*See* Dkt. 122.)

20. Exhibit E is a Facebook internal webpage that Facebook confidentially provided to PwC under the terms of Facebook's 2012 consent order with the FTC.  Exhibit E details extremely sensitive and proprietary information regarding Facebook's internal data infrastructure.  Exhibit E contains instructions on how to take certain action within Facebook's

data infrastructure. If disclosed, Facebook's competitors could unfairly access—and, in turn, copy—this highly business sensitive information regarding the operation of Facebook's internal systems.[1] Moreover, public disclosure of Exhibit E would reveal confidential information about the relationship between PwC and Facebook, as well as confidential actions taken pursuant to Facebook's 2012 consent order with the FTC. Because all of Exhibit E details extremely sensitive information, public disclosure of Exhibit E would create a risk of serious harm that could not be avoided by less restrictive means.

21. Because the references drawn from Exhibits B, C, and E in the Brief contain highly confidential and commercially sensitive information, each should be sealed pursuant to the Protective Order. (*See* Dkt. 122.)[2]

22. A true and correct copy Plaintiffs' Brief (Dkt. 526) with highlighting reflecting the additional confidential material drawn from Exhibits B, C, and E that should be filed under seal is attached hereto as Exhibit 4.

23. The portions of Plaintiffs' Brief that Facebook requests be redacted in the public version of the Brief are drawn directly from Exhibits B, C, and E and, therefore, are "Confidential" or "Highly Confidential – Attorneys' Eyes Only" for the same reasons these designations properly apply to the exhibits.

24. A true and correct copy Plaintiffs' Brief (Dkt. 526) with redactions reflecting the additional confidential material drawn from Exhibits B, C, and E that should replace Plaintiffs' redacted version of the Brief on the docket in this action is attached hereto as Exhibit 5.

---

[1] Although Exhibit E was produced by PwC, the document is from Facebook's internal systems. Facebook is thus best positioned to demonstrate the highly confidential nature of Exhibit E.

[2] Courts routinely recognize the diminished public interest in documents "attached to motions that are not related, or only tangentially related, to the merits of a case." *Doe v. Walmart*, Inc., No. 18-CV-02125-LHK, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); see also *Milliner v. Bock Evans Financial Counsel*, No. 15-cv-01763-JD, 2020 WL 1492692 at *1 (N.D. Cal. Mar. 27, 2020). This is particularly so here because the Brief concerns the scope of discovery in this action, rather than substantive issues.

25. A proposed cover sheet for Exhibit C indicating it has been filed under seal is attached hereto as Exhibit 6.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 2, 2020 in Palo Alto, California.

                                      /s/  Martie Kutscher
                                      Martie Kutscher