# EXHIBIT 2

FILED
SAN MATEO COUNTY
NOV 01 2018
Clerk of the Superior Court
By
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| SIX4THREE, LLC, a Delaware limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>FACEBOOK, INC., a Delaware corporation; MARK ZUCKERBERG, an individual; CHRISTOPHER COX, an individual; JAVIER OLIVAN, an individual; SAMUEL LESSIN, an individual; MICHAEL VERNAL, an individual; ILYA SUKHAR, an individual; and DOES 1-50, inclusive,<br><br>　　　　　　　Defendants. | Case No. CIV 533328<br><br>**Assigned for all purposes to Hon. V. Raymond Swope, Dept. 23**<br><br>**AMENDED ORDER ON: (1) FACEBOOK'S MOTIONS TO SEAL, FILED JANUARY 8 AND MAY 3 AND 30; (2) THE GUARDIAN AND CNN'S MOTION TO UNSEAL JUDICIAL RECORDS; AND (3) THE NEW YORK TIMES, ASSOCIATED PRESS, AND WASHINGTON POST'S MOTION TO UNSEAL**<br><br>Date:　October 11, 2018<br>Time:　9:00 a.m.<br>Dept:　23 (Complex Civil Litigation)<br>Judge:　Honorable V. Raymond Swope<br><br>FILING DATE:　　April 10, 2015<br>TRIAL DATE:　　April 25, 2019 |

AMENDED ORDER ON MOTIONS TO SEAL AND UNSEAL

On October 11, 2018 at 9:00 a.m. in Department 23 of this Court, the Honorable V. Raymond Swope presiding, the Court heard five motions to seal and unseal, and accompanying amicus briefs, that are ancillary to the parties' appeal and cross-appeal:

(1) Defendant Facebook, Inc.'s ("Defendant" or "Facebook") Motion to Seal portions of Plaintiff Six4Three, LLC's ("Plaintiff" or "Six4Three") Motion to Unseal, filed January 8, 2018 ("Facebook 1/08 Motion");

(2) Facebook's Motion to Seal: (a) Godkin Supplemental Declaration ISO Opposition to Facebook's Anti-SLAPP Motion, Exhibit F, lodged January 28, 2018; and (b) Godkin Reply Declaration, Exhibit G, lodged March 7, 2018, filed May 3, 2018. ("Facebook 5/03 Motion");

(3) The Guardian and CNN's Motion to Unseal Judicial Records, filed June 8, 2018;

(4) The New York Times, Associated Press, and Washington Post's Motion to Unseal, filed June 8, 2018; and

(5) Facebook's Motion to Seal documents lodged by Plaintiff on May 17, 2018 and identified in their Notice of Lodging also filed on that date: (a) Redacted portions of Six4Three's Opposition to Facebook's Motion to Seal ("Sealing Opposition"); (b) Exhibits A–C to the Declaration of Godkin in Support of Six4Three's Sealing Opposition; (c) Redacted portions of Six4Three's Opposition to the Ancillary Defendants' Demurrer; (d) Exhibit E to the Declaration of David S. Godkin in Support of Opposition to Defendants' Demurrers; (e) Redacted portions of Six4Three's Opposition to the Individual Defendants' Anti-SLAPP Motion ("Anti-SLAPP Opposition"); (f) Declaration of David S. Godkin in Support of Six4Three's Anti-SLAPP Opposition ("Godkin Anti-SLAPP Declaration"); (g) Exhibits 1, 3–4, 11–26, 29–131, 133–144, 146-180, 182–205, and 207–212 to the Godkin Anti-SLAPP Declaration; (h) Exhibit 2 to the Godkin Anti-SLAPP Declaration, with the exclusion of Pages 129–130, 136–39, and 193; (i) Pages 150–181 of Exhibit 5 to the Godkin Anti-SLAPP Declaration; (j) Redacted portions of Exhibits 208 and 213 to the Godkin Declaration in Support of Six4Three's Request for Judicial Notice, filed May 30, 2018 ("Facebook 5/31 Motion"). (See Notice of Facebook 5/31 Motion, p. i:8 – ii:5.) Facebook also moves to seal: (10) redacted portions of Facebook's Ex Parte Application to Strike the Declaration of David S. Godkin in Opposition to Defendants' Special Motion to Strike, filed May 30, 2018.

(*Id.* at p. ii:6-7.)[1]

Sonal Mehta, Joshua Lerner and Laura Miller of Durie Tangri and Natalie Naugle of Facebook, Inc. appeared for Defendants. David Godkin of Birnbaum & Godkin and Stuart Gross of Gross & Klein appeared for Plaintiff. Joshua Koltun appeared for The Guardian and CNN. Duffy Carolan of Jassy Vick Carolan appeared for New York Times, Associated Press, and Washington Post.

Upon due consideration of the briefs, supplemental and amicus briefs, evidence presented, and the oral argument of counsel for the parties and appearing media entities, and having taken the matter under submission,

IT IS HEREBY ORDERED as follows:

There is a presumption that court documents are public. "Unless confidentiality is required by law, court records are presumed to be open." (Cal. Rules of Court, rule 2.550(c).)

The court may order that a record be filed under seal only if it expressly finds facts that establish:

(1) There exists an overriding interest that overcomes the right of public access to the record;

(2) The overriding interest supports sealing the record;

(3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed;

(4) The proposed sealing is narrowly tailored; and

(5) No less restrictive means exist to achieve the overriding interest.

(Cal. Rules of Court, rule 2.550(d).) Specifically,

An order sealing the record must: [¶] (A) Specifically state the facts that support the findings; and [¶] (B) Direct the sealing of only those documents and pages, or, if reasonably practicable, portions of those documents and pages, that contain the material that needs to be placed under seal. All other portions of each document or page must be included in the public file.

(Cal. Rules of Court, rule 2.550(e)(1).) "In its order, the court must identify the facts supporting its issuance. [Citations.] The findings themselves, however, may be set forth in fairly cursory terms." (*Overstock.com, Inc. v. Goldman Sachs Group, Inc.* (2014) 231 Cal.App.4th 471, 487 ("*Overstock.com*").)

///

---

[1] All other pending demurrers and discovery motions set for hearing have been stayed pending appeal. (See Order, issued Jul. 31, 2018, p. 3:21–4:6.)

However,

> These rules [for sealing records] do not apply to discovery motions and records filed or lodged in connection with discovery motions or proceedings. [T]he rules do apply to discovery materials that are used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings.

(Cal. Rules of Court, rule 2.550(a)(3).)

> It cannot be said that public access to any court-filed civil discovery documents—regardless of their relevance to the issues in the case, the circumstances of their filing, or the extent of their use in the proceedings—promotes any or all of these three objectives. Public access to a discovery document that is not considered or relied on by the court in adjudicating any substantive controversy does nothing to (1) establish the fairness of the proceedings, (2) increase public confidence in the judicial process, (3) provide useful scrutiny of the performance of judicial functions, or (4) improve the quality of the truthfinding process.

(*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 96–97.) "[P]ublic access to discovery materials that are not part of trial proceedings or filed in connection with a motion on a substantive issue is favored neither by tradition nor by functional analysis." (*Id.* at p. 100 (internal citations, quotations omitted).)

"[T]he constitutional right of access to court records is [not] limited to discovery materials relevant to the ground or grounds on which a court ultimately rules." (*Overstock.com, supra*, 231 Cal.App.4th at p. 495.) The sealed record rule "embraces discovery materials submitted in support of and in opposition to substantive pretrial motions, *regardless of the ground on which the trial court ultimately rules*." (*Id.* at p. 497 (emphasis added).) "[T]he right of access applies only to discovery materials that are relevant to the matters before the trial court." (*Id.* at p. 497 (emphasis added).) However, "irrelevant discovery materials or materials as to which evidentiary objections are sustained, are not 'submitted as a basis for adjudication' and thus are not within the ambit of the constitutional right of access and, concomitantly, not subject to the sealed records rules." (*See also Overstock.com, supra*, 231 Cal.App.4th at p. 492.)

Where the party engages in abusive litigation tactics, "[t]he courts need not, and should not, put up with this kind of abuse" and the court may strike the offending materials. (*Overstock.com, supra*, 231 Cal.App.4th at p. 499.) In *Overstock.com*, the First District found,

> The problem is twofold—parties that fail to exercise any discipline as to the confidential documents with which they inundate the courts, and parties that indiscriminately insist every document satisfies the rigorous requirements of the sealed records rules. This case exemplifies both.

4
AMENDED ORDER ON MOTIONS TO SEAL AND UNSEAL

> Plaintiffs submitted a veritable mountain of confidential materials in opposition to defendants' motions for summary judgment. Entire documents were submitted, when only a page or two were identified as containing matter relevant to the issues. Multiple documents were submitted to support a claim, when one would have sufficed. The parties made no mention at all of hundreds of the exhibits. Inundating the trial court with this deluge of confidential materials was brute litigation overkill. [Citation.]

(*Overstock.com, supra,* 231 Cal.App.4th at p. 498–499.) The First District set forth the trial court's authority to strike irrelevant materials.

> Here, the trial court could have stricken thousands of pages of the confidential discovery materials plaintiffs submitted but never referenced in their opposing papers (or during the hearing on the motions). Had it done so, these irrelevant materials would have effectively been removed from the court's file, eliminating the need to address any sealing issues as to these materials

(*Overstock.com, supra,* 231 Cal.App.4th at p. 500.)

> [I]rrelevant materials have no bearing on the trial court's adjudicatory function and, thus, are not within the ambit of the public's right of access to court records. Rather, these discovery materials should have been struck from the record and remained confidential pursuant to the provisions of the protective order.

(*Overstock.com, supra,* 231 Cal.App.4th at p. 478.) With these principles in mind, the Court rules as follows:

1. **Facebook's 1/08 Motion to Seal**

The Court GRANTS Facebook's 1/08 Motion to Seal. In this motion, Facebook moves to seal portions of Six4Three's Motion to Unseal and supporting evidence. Six4Three's Motion to Unseal was not submitted as a basis for adjudication. (Cal. Rules of Court, rule 2.550(a)(3).)

2. **Facebook's 5/03 Motion to Seal**

The Court STRIKES, *sua sponte*: (1) Godkin Supplemental Dec ISO Opposition to Facebook's anti-SLAPP Motion, Exhibit F, lodged Jan. 24, 2018 ("Exhibit F"); and (2) Godkin Reply Declaration, Exhibit G, filed 3/07/18 ("Exhibit G"). (*See* Facebook's 5/03 Motion to Seal.)

Exhibits F and G were proffered by Six4Three in support of its supplemental briefing on the issue of commercial speech, as ordered by the Court.

> The parties failed to adequately brief and address the issue of (a) whether the Defendant's conduct which is the basis of Plaintiff's claims constitutes "commercial speech" under Code of Civil Procedure section 425.l7(c), and thus is exempt from any SLAPP motion to strike under Section 425.16; and (1) failed to reference or discuss the case of *Demetriades v. Yelp* (2014) 228

Cal.App.4th 294 (which includes discussion of commercial speech under SLAPP and the assertion of preemption or statutory protection under the Communications Decency Act (as argued by Defendant). On or before February 16, 2018, each side shall file and serve a Supplemental Memorandum of Points and Authorities addressing these legal issues, not to exceed ten pages of text. Each side may file and serve a Supplemental Response Memorandum of Points and Authorities in response to the opposing party's supplemental brief, on or before March 7, 2018.

(CM Order no. 12, ¶ 3.)

Six4Three cited to Exhibit F to demonstrate the falsity of Facebook's representations, and not to demonstrate whether the commercial speech doctrine applied as ordered by the Court for this supplemental briefing. (Opp. to Facebook 5/03 Motion to Seal, lodged May 17, 2018, p. 8:5-8. *See also* Reply ISO 5/03 Motion to Seal, filed May 31, 2018, p. 1:16-19.) Exhibit F is irrelevant to adjudication of the issue of commercial speech and is stricken.

Exhibit G is an 18-page email (bates no. FB-00429152 – FB-00429169), Six4Three cited to a single email in the chain (bates no. FB-00429158 - FB-00429159) in support of its argument. (Godkin Reply Dec., filed Mar. 7, 2018, ¶ 8. *See Overstock.com, supra*, 231 Cal.App.4th at p. 498 ("Entire documents were submitted, when only a page or two were identified as containing matter relevant to the issues").) Six4Three should have submitted only the relevant pages to its argument, and not the entire email chain, and Exhibit G is stricken. (*See Overstock.com, supra*, 231 Cal.App.4th at p. 499-500.)

**3. The Guardian and CNN's Motion to Unseal Judicial Records**
**4. The New York Times, Associated Press, and Washington Post's Motion to Unseal**

The Guardian and CNN's and The New York Times, Associated Press, and Washington Post's (collectively "Media Entities") Motions to Unseal are DENIED, WITHOUT PREJUDICE, as procedurally premature.

In their motions, the Media Entities move to unseal documents lodged by Six4Three on May 17, 2018. (Guardian Motion, filed Jun. 8, 2018, p. i:6-9; NYT Motion, filed Jun. 8, 2018, p. ii:1-8.)

A prerequisite to moving to unseal is that the documents are already ordered sealed, and not lodged provisionally under seal. (Cal. Rules of Court, rule 2.551(h)(1) & (2).) Here, the documents lodged by Six4Three on May 17, 2018 were not ordered sealed by the Court as they are the subject of Facebook's 5/31 Motion to Seal heard concurrently with these motions.

In its motion and at the hearing, Guardian argued bifurcation was inappropriate. (Guardian Motion,

p. 3:19 - 4:2, 4:16-17.) However, Guardian's reliance on *Alvarez v. Superior Court* does not stand for the proposition asserted. Rather, the First District found "[t]he trial court did not err when it considered the motions to seal and unseal in a single hearing" because "[b]ifurcating the hearing in this manner would have elevated form over substance when the court's ultimate task was to determine whether release of the transcripts would prejudice defendant's fair trial rights." (*Alvarez v. Sup. Ct.* (2007) 154 Cal.App.4th 642, 648.) The First District did not expressly hold that bifurcation is inappropriate.

Accordingly, the Court will consider these motions as amicus briefs by these Media Entities, along with the amicus briefs of Open Markets Institute and Test Koop, as opposition to Facebook's 5/31 motion. (*See* Guardian Motion, p. i:13-15 (requesting in the alternative the memorandum of points and authorities be considered an amicus brief.)

**5.      Facebook's 5/31 Motion to Seal**

   **a.      Timeliness**

As an initial matter, Facebook's 5/31 Motion to Seal was timely submitted by Facebook for filing on May 30, 2018. Effective January 1, 2018,

> A trial court may adopt local rules permitting electronic filing of documents, subject to rules adopted pursuant to subdivision (e) and the following conditions: . . . (3) Any document received electronically by the court between 12:00 a.m. and 11:59:59 p.m. on a court day shall be deemed filed on that court day. Any document that is received electronically on a noncourt day shall be deemed filed on the next court day.

(Code Civ. Proc. § 1010.6, subd. (b)(3).)

Facebook has presented evidence it submitted this motion on May 30, 2018 at 9:32 p.m. (Miller Reply Dec. ISO Facebook 5/31 Motion to Seal, filed Jun. 25, 2018, ¶ 3, Ex. B.) May 30, 2018 was a court day and the motion was deemed filed on that date.

Six4Three's argument that "receipt by the court governs when a document is deemed filed" and "the court-issued confirmation of receipt . . . establishes when that occurred" is incongruous with Code of Civil Procedure section 1010.6, subdivision (b)(3), given the court is not open for the entire statutory time period, 12:00 p.m. - 11:59:59 p.m., on court days. (Pl. Supp. Brief, filed Aug. 15, 2018, p. 2:8-14.)

The record has been corrected to reflect the filing date of May 30, 2018 on Facebook's 5/31 Motion to Seal.

1 | In its supplemental brief and at oral argument, Six4Three argued that Facebook's 5/31 Motion to Seal was untimely because Code of Civil Procedure section 1010.6, subdivision (a)(4)(B), does not extend the deadline to file a motion to seal based on method of service because the deadline is triggered by the filing of a notice of lodging. (Pl. Supp. Brief, p. 1:12-19, 3:6 – 5:7) Six4Three is incorrect.

> *If the party* that produced the documents and *was served with the notice under (A)(iii) fails to file a motion or an application to seal the records within 10 days* or to obtain a court order extending the time to file such a motion or an application, the clerk must promptly transfer all the documents in (A)(i) from the envelope, container, or secure electronic file to the public file. If the party files a motion or an application to seal within 10 days or such later time as the court has ordered, these documents are to remain conditionally under seal until the court rules on the motion or application and thereafter are to be filed as ordered by the court.

(Cal. Rules of Court, rule 2.551(b)(3)(B) (emphasis added).) On its face, this court rule identifies the triggering event for the 10-day deadline to file a motion to seal is the service of the notice of lodging on the party being served that notice, and not the filing of that notice. Subject to certain exceptions not applicable in the instant proceedings, "any period of notice, or any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be extended after service by electronic means by two court days . . . ." (Code Civ. Proc., § 1010.6, subd. (a)(4)(B). *See also* Order, issued Jul. 31, 2018, p. 4:21-26.) That statute applies to extend the deadline to file a motion to seal pursuant to California Rules of Court, rule 2.551(b)(3)(B).

Six4Three electronically served its notice of lodging on May 17, 2018, and Facebook's deadline to file its motion to seal, pursuant to California Rules of Court, rule 2.551(b)(3)(B) and Code of Civil Procedure sections 12a and 1010.6, subdivision (a)(4)(B), was May 30, 2018.[2] Accordingly, Facebook's 5/31 Motion to Seal was timely.

///
///
///
///

---

[2] The Court corrects its oral ruling regarding the extension of time with service by electronic mail *nunc pro tunc*. The correct and applicable code section is Code of Civil Procedure section 1010.6, subdivision (a)(4)(B), not Code of Civil Procedure section 1013, subdivision (a) as stated on the record.

      b.    **Redacted Portions of Six4Three's Opposition to Facebook's Motion to Seal; Exhibits A-C to the Declaration of Godkin in Support of Six4Three's Sealing Opposition; and**
**Redacted Portions of Facebook's Ex Parte Application to Strike the Declaration of David S. Godkin in Opposition to Defendants' Special Motion to Strike**

The Court GRANTS Facebook's 5/31 Motion as to: (1) redacted portions of Six4Three's Opposition to Facebook's Motion to Seal; (2) Exhibits A-C to the Declaration of Godkin in Support of Six4Three's Sealing Opposition; and (3) redacted portions of Facebook's Ex Parte Application to Strike the Declaration of David S. Godkin in Opposition to Defendants' Special Motion to Strike.

Neither Six4Three's opposition to Facebook's motion to seal nor Facebook's ex parte application were submitted as a basis for adjudication. (Cal. Rules of Court, rule 2.550(a)(3).)

      c.    **Redacted Portions of Six4Three's Opposition to the Ancillary Defendants' Demurrer; and**
**Exhibit E to the Declaration of David S. Godkin in Support of Opposition to Defendants' Demurrers**

The Court STRIKES, *sua sponte*: (1) redacted portions of Six4Three's Opposition to the Ancillary Defendants' Demurrer; and (2) Exhibit E to the Declaration of David S. Godkin in Support of Opposition to Defendants' Demurrers.

No extrinsic evidence, except for matters that are judicially noticeable are permitted on a demurrer. (Weil & Brown, supra, at ¶ 7:8.) In opposition, Six4Three introduced Exhibit E and the redacted language in its brief quotes that exhibit. (Opp. to Ancillary Demurrer, filed 5/17/18, p. 2:21-22.) Exhibit E is not judicially noticeable nor did Six4Three request judicial notice.

This extrinsic evidence and the argument based thereon is irrelevant to the adjudication of the issues as it is improper on demurrer and is therefore stricken.

      d.    **Redacted Portions of Exhibits 208 and 213 to the Godkin Declaration in Support of Six4Three's Request for Judicial Notice**

The Court STRIKES, *sua sponte*, Requests for Judicial Notice, Exhibits 208 and 213.

Although proffered in support of its opposition to the Individual Defendants' Anti-SLAPP motion, Exhibits 208 and 213 are Six4Three's briefs filed in opposition to other motions.

Six4Three's prior briefs are not evidence. The Court previously admonished Six4Three for this

practice in relation to Six4Three proffering briefs as evidence in opposing Facebook's Motion for Summary Adjudication. "This is not procedurally proper, and 'evidence' cannot be incorporated by reference." (Case Mgmt. Order no. 11, issued Dec. 8, 2018, p. 14 – 15.)

> **e. Redacted portions of Six4Three's Opposition to the Individual Defendants' Anti-SLAPP Motion;
> Declaration of David S. Godkin in Support of Six4Three's Anti-SLAPP Opposition;
> Exhibits 1, 3-4, 11-26, 29-131, 133-144, 146-180, 182-205, and 207-212 to the Godkin Anti-SLAPP Declaration
> Exhibit 2 to the Godkin Anti-SLAPP Declaration, with the exclusion of Pages 129-130, 136-39, and 193
> Pages 150-181 of Exhibit 5 to the Godkin Anti-SLAPP Declaration**

Similar to *Overstock.com*, Six4Three has inundated the Court with opposition evidence to the Individual Defendants' anti-SLAPP motion.

> Plaintiffs submitted a veritable mountain of confidential materials in opposition to defendants' motions for summary judgment. Entire documents were submitted, when only a page or two were identified as containing matter relevant to the issues. Multiple documents were submitted to support a claim, when one would have sufficed. The parties made no mention at all of hundreds of the exhibits. Inundating the trial court with this deluge of confidential materials was brute litigation overkill. [Citation.]

(*Overstock.com, supra,* 231 Cal.App.4th at 498–499.)

In this instance, Six4Three proffered a 3,800-page declaration from its counsel, including approximately 70 pages of declaration and 3,730 pages consisting of 212 exhibits. Six4Three admits it submitted entire documents when only a single page contained the matter relevant to its argument. "In many cases, a single email or chat discussion among Facebook employees may consist of dozens of pages, *but the relevant evidence might only be found in one or two sentences*." (Opp. to Facebook 5/31 Motion to Seal, filed Jun. 14, 2018, p. 14:3-4 ("5/31 Opposition" or "5/31 Opp.") (emphasis added).) As the First District found in *Overstock.com*, Six4Three's submission of the Godkin Declaration is "brute litigation overkill."

Furthermore, multiple documents were submitted to support a claim as evidenced by the string citations to Six4Three's evidence. (*See* Corrected Opp. to Indiv. Anti-SLAPP, filed May 18, 2018, p. 1:7-21, fn. 2 ("Anti-SLAPP Opposition" or "Anti-SLAPP Opp.").) Six4Three included over 420 separate

citations to its evidence in its Anti-SLAPP Opposition.

However, unlike the plaintiffs in *Overstock.com*, Six4Three cited to all of the exhibits proffered in the Godkin Declaration in the form of string citations. However, except for Godkin Declaration, Exhibit nos. 1 through 10, Six4Three has failed to comply with the California Rules of Court by providing a specific citation in support of each argument asserted in its Anti-SLAPP Opposition.

> The memorandum must contain a statement of facts, a concise statement of the law, evidence and arguments relied on, and a discussion of the statutes, cases, and textbooks cited in support of the position advanced.
>
> . . .
>
> All references to exhibits or declarations in supporting or opposing papers must reference *the number or letter of the exhibit, the specific page, and, if applicable, the paragraph or line number.*

(Cal. Rules of Court, rule 3.1113(b) & (k) (emphasis added).) Facebook is correct that "Six4Three cites to its exhibits with massive string cites that contain no analysis of the exhibits or how they relate to the arguments in the Individual Defendants' Anti-SLAPP Motion." (Facebook 5/31 Motion, p. 5:24-26.) Six4Three failed to provide a concise statement of the evidence presented or citation to specific pages in its Anti-SLAPP Opposition. Instead, Six4Three admitted to relying on its counsel's declaration to supplement its Anti-SLAPP Opposition:

> Plaintiff's Declaration in Support of the Anti-SLAPP Opposition does nothing more than summarize for the Court the attached evidence to achieve two purposes: (1) assist the Court in identifying where in the underlying emails and documents the relevant information can be found; and (2) assist the Court in understanding how the evidence relates to a particular factual allegation.

(5/31 Opp., p. 13:27 – 14:2.) Six4Three should have included the aforementioned in its Anti-SLAPP Opposition, and not a declaration. This is an improper attempt by Six4Three to skirt the page length requirements in its Anti-SLAPP opposition and is "considered in the same manner as a late-filed paper." (Cal. Rules of Court, rule 3.1113(d) & (g).)

Six4Three's arguments addressing this declaration are unavailing. First, Evidence Code section 1523, subdivision (d), is a statutory exception to the general rule that "oral testimony is not admissible to prove the content of a writing." It is not applicable to a written declaration. (See 5/31 Opp., p. 14:8-9.)

Second, at the January 9, 2018 hearing, the Court did not explicitly request that Six4Three quote

"portions of the evidence in its declaration" and "tie each 'piece of evidence' in its declaration to a factual allegation in the Anti-SLAPP Opposition." (5/31 Opp., p. 14:9-13.) Instead, the Court addressed Six4Three's filing of a supplemental declaration *after* it filed its opposition to Facebook's Anti-SLAPP motion:

> Except the problem is, is that the 700-page supplemental declaration, there's nothing to link it to. *You don't have an opposition brief that says "and see the declaration of this," "and see this piece of evidence." I don't have any linkage whatsoever. So here it is floating free in space.* And if I'm going to go through all the trouble of a SLAPP motion, I want to deal with it substantively and not have everything be in pieces like this.

(Godkin Dec. ISO 5/31 Opp., filed Jun. 14, 2018, Ex. I, p. 37-14-23 emphasis added).) Six4Three's interpretation of the Court's instructions is incorrect; the Court was reiterating the requirements in California Rules of Court, rule 3.1113(g).

Pursuant to California Rules of Court, rule 2.550(d), the Court makes the following factual findings regarding those records[3] as to which the Court grants, in part, Facebook's 5/31 Motion to Seal:

(1) There exists an overriding interest that overcomes the right of public access to the records. (*See* Cal. Rules of Court, rule 2.550(d)(1).) The Court has undertaken a review of Six4Three's voluminous filings, as well as considered the evidence put forth by Facebook in support of its 5/31 Motion to Seal. Here, the records that Facebook seeks to seal contain confidential or competitively sensitive information, including information regarding business strategies and goals, financial information, potential acquisitions and partnerships, and testimony regarding these matters. Certain records contain information in which Facebook may have intellectual property rights or as to which Facebook may seek trade secret protection.

(2) The overriding interest supports sealing the records. (*See* Cal. Rules of Court, rule 2.550(d)(2).) Here, each record as to which the Court grants Facebook's 5/31 Motion to Seal is particular to the essence of Facebook as a going concern. The purpose of Six4Three's lawsuit is to obtain injunctive

---

[3] Those records upon which these findings are made are Exhibit 2, p. 167:9 - 168:20; Exhibit 3, p. 53:15-21, 61:11 - 62:13, 207:21 -209:12, 129:06 - 131:23, 134:13 - 135:20, 145:03 - 150:12, 160:06 - 162:18, 187:13 - 188:16; Exhibit 4, p. 25:6 - 28:25, 119:7 -16, 151:21 -152:18, 218:22 - 219:19, 238:2 - 242:17, 243:7 - 252:5; Exhibit 5, p. 161:12 - 177:20; and all of Exhibits 44, 75, 76, 93, 101, 104, 108, 109, 110, 114, 117, 121, 126, 127, 131, 136, 159, 193, 195, 196, 199, and 201.

or monetary relief for the injuries that Six4Three alleges. The purpose is not to damage Facebook as a going concern through the disclosure of confidential or competitively sensitive information.

(3) A substantial probability exists that the overriding interest will be prejudiced if the records are not sealed. (*See* Cal. Rules of Court, rule 2.550(d)(3).) Here, the disclosure of each record would harm Facebook's business.

(4) The proposed sealing is narrowly tailored. (*See* Cal. Rules of Court, rule 2.550(d)(4).) The Court has determined, through its own review and the evidence presented by Facebook, that the exhibits as to which the Court grants Facebook's motion contain the confidential business strategies and objectives of Facebook. Facebook has not moved to seal every document lodged by Six4Three, but has instead allowed disclosure of several records that do not affect the overriding interests identified above. Furthermore, as noted below, the Court has denied Facebook's motion in part as to certain matters where disclosure will not prejudice Facebook or third parties.

(5) No less restrictive means exist to achieve the overriding interest. (*See* Cal. Rules of Court, rule 2.550(d)(5).) Here, the exhibits as to which the Court grants Facebook's motion contain internal discussions about confidential business strategies. Disclosing these discussions would prejudice Facebook and third parties.

Based on the foregoing,

1. The Court STRIKES, *sua sponte*, the redacted portions of Godkin Declaration in support of Six4Three's Anti-SLAPP Opposition ("Godkin Declaration") at pages 1 through 76 and the unredacted parenthetical statements following citations to deposition transcripts at paragraphs 3, 7–9;

2. The Court STRIKES, *sua sponte*, Godkin Declaration, Exhibits 11–20, 22, 23, 24 26, 29 – 43, 45–58, 60–74, 77–92, 94–98, 100, 102, 103, 105–107, 111–113, 115, 116, 118, 119– 124, 128-130, 133–135, 137–140, 144, 146–148, 151–155, 158, 161, 163, 164–169, 171, 172, 175, 177–180, 182–187, 189–192, 194, 197, 200, 202, 203, 205, 207–209, 211 and 212 for Six4Three submitting entire documents, "when only a page or two were identified as containing matter relevant to the issues" (*Overstock.com*, supra, 231 Cal.App.4th at p. 498);

3. The Court STRIKES, *sua sponte*, the following portions of Godkin Declaration as they do not support the propositions asserted in Six4Three's Anti-SLAPP Opposition and are therefore irrelevant:

(A) Exhibit 1, p. 64:22–76:10, 82:7–85:20, 120:23–121:18, 125:7–130:14, 148:11–149:16, 151:6–153:10, 168:5–169:1, 177:14–181:20, 195:18–199:7, 204:12–209:16, 214:13–217:11, 226:2–228:3, 228:9–232:5, 231:25–233:18, 257:20–258:14, 268:6–272:4;

(B) Exhibit 2, p. 75:21–79:20, 90:6–92:14, 188:23–189:15;

(C) Exhibit 3, p. 14:25–15:14, 57:21–58:4, 59:2–61:4, 65:3–25, 70:2–71:13, 122:14–123:06, 167:25–178:05, 196:14–199:8, 201:10–203:13, 218:8–219:18, 231:18–233:24;

(D) Exhibit 4, p. 19:1–20:8, 23:15–25:5, 38:13–40:21 , 79:14–84:17 , 86:4–93:16, 102:7–103:14, 139:13–145:13, 163:1–167:19, 183:11–184:16, 222:23–226:16, 227:13–230:22, 298:10–306:7; and

(E) Exhibits 21, 25, 59, 99, 120, 122, 123, 125, 141, 142, 143, 149, 150, 156, 157, 160, 162, 170, 173, 174, 176, 188, 198, 204, 210;

4. Pursuant to California Rules of Court, rule 2.550(d), the Court GRANTS, IN PART, Facebook's 5/31 Motion to Seal as to the following in Godkin Declaration:

(A) Exhibit 2, p. 167:9–168:20;[4]

(B) Exhibit 3, p. 53:15–21, 61:11–62:13, 207:21–209:12, 129:06–131:23, 134:13–135:20, 145:03–150:12, 160:06–162:18, 187:13–188:16;

(C) Exhibit 4, p. 25:6–28:25, 119:7–16, 151:21–152:18, 218:22–219:19, 238:2–242:17, 243:7–252:5;

(D) Exhibit 5, p. 161:12–177:20; and g

(E) Exhibits 44, 75, 76, 93, 101, 104, 108, 109, 110, 114, 117, 121, 126, 127, 131, 136, 159, 193, 195, 196, 199, and 201;

///

---

[4] In its objection to Facebook's proposed order submitted on October 22, 2018, Six4Three asserted, "The Partovi transcript (Exhibit 2 to [the Godkin] declaration) is already public and was not (or should not have been) part of Facebook's motions to seal." However, Six4Three did not raise that argument in its opposition. (See 5/31 Opp.)

14
AMENDED ORDER ON MOTIONS TO SEAL AND UNSEAL

5. Pursuant to California Rules of Court, rule 2.550(d), the Court GRANTS, IN PART, Facebook's 5/31 Motion as to the redacted portions of Six4Three's Opposition to the Individual Defendants' Anti-SLAPP Motion;

6. The Court DENIES, IN PART, Facebook's 5/31 Motion as to the following in Godkin Declaration:

    (A) Exhibit 2, p. 45:16–56:08, 121:5–123:11, 125:19–131:20;

    (B) Exhibit 3, 21:1-22, 21:23–22:2, 28:8–22, 32:2–22, 35:2–23, 40:14–41:14, 53:22–54:17, 73:7–74:20, 78:25–81:25, 82:8–91:12, 94:3–95:12, 96:15–108:16, 127:02–127:25, 128:01–128:10;

    (C) Exhibit 4, p. 17:15–21, 37:19–25, 60:9–61:25; and

    (D) Exhibit 5, p. 153:14–154:24.

7. The Court orders that Exhibit 2, p. 129–130, and Exhibits 6 – 10, 27, 28, 132, 145, 181 and 206 be FILED as Facebook did not move to seal these exhibits.

8. In the interest of judicial economy, Facebook and Six4Three shall coordinate to pull the documents lodged provisionally under seal on May 17, 2018 and have now been ordered to be filed in Section 5(e)(6)-(7) of this Order. Six4Three shall file a revised declaration attaching these documents with Clerk of the Court.

9. The portions of Six4Three's evidence ordered stricken by the Court shall be stayed and shall remain lodged under seal pending the resolution of Facebook's appeal and Six4Three's cross-appeal and upon further order of the Court.

IT IS SO ORDERED.

Dated: November 1, 2018

_____
Honorable V. Raymond Swope
Judge of the Superior Court of California