Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

Additional counsel listed on signature page

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC<br><br>**PLAINTIFFS' RESPONSE TO FACEBOOK'S EMERGENCY ADMINISTRATIVE MOTION TO REMOVE FROM THE PUBLIC DOCKET AND SEAL CONFIDENTIAL MATERIALS**<br><br>Judges: Hon. Vince Chhabria<br>Hon. Jacqueline S. Corley<br>Courtroom 4, 17th Floor<br>Hearing Date: TBD<br>Hearing Time: TBD |

Plaintiffs oppose Facebook's Emergency Administrative Motion to Remove from the Public Docket and Seal Confidential Materials. Dkt. No. 530 ("Emergency Motion"). Procedurally, Facebook's extraordinary motion, filed Friday evening four days after the purported emergency arose and without conferring with Plaintiffs, violates this Court's rule on emergency applications which requires a party to make "every reasonable effort to notify the opposing party and the opposing party's counsel, at the earliest possible time, of its intent to seek emergency relief." Standing Order for Civil Cases Before Judge Vince Chhabria, ¶ 4. Here, Facebook gave Plaintiffs just six hours' notice by email on Friday, despite the fact that the parties met and conferred over Zoom for hours earlier in the week. Thus, there are compelling procedural grounds to deny the motion in its entirety.

In substance, the Emergency Motion verges on the frivolous. The relief Facebook seeks as to Exhibit C is unwarranted, as the Motion asks the Court to seal a public document downloaded from an NBC news website that has been publicly accessible on multiple websites for eleven months, even though sealing it here would not remove it from the public domain. That request should be denied as moot. With regard to the additional redactions that Facebook has requested, the company has failed to make the particularized showing of harm required. Accordingly, Plaintiffs respectfully request that the Court deny the Emergency Motion in its entirety.

## BRIEF STATEMENT OF RELEVANT FACTS

On Monday, September 28, Plaintiffs filed their opposition to Facebook's motion to enforce a partial discovery stay and cross-motion to compel discovery (the "Opposition"). Dkt. No. 526. To a supporting declaration Plaintiffs attached four documents, three of which had been produced in this action and were filed under seal. Consistent with the procedures of Local Rule 79-5 and the provisions of the operative Protective Order, Dkt. No. 527, Plaintiffs served

Facebook with a motion to seal on Monday, September 28, the same day the Opposition was filed.

Plaintiffs obtained the fourth document, Exhibit C, from an NBC news website. Facebook complains that Plaintiffs did not identify the source of this document, but both the Opposition and the supporting declaration expressly identify the source of this publicly available document.[1] This citation linked to a large collection of documents that NBC News published on November 6, 2019 and that relate to Facebook's litigation with an app developer called Six4Three. Decl. of Lesley E. Weaver ("Weaver Decl."), at ¶ 3. Numerous articles have been written about Facebook's litigation with this app developer. *Id*. at ¶ 4. As a result of these events, Exhibit C and other documents like it have been discussed by multiple periodicals and are currently available to the public on at least four additional websites.[2] *Id*. at ¶ 5. Plaintiffs' first publicly filed consolidated complaint—filed in 2019—cited some of the documents referenced in these articles. First Amended Consolidated Complaint ¶¶ 497, 510, 566, 744, 749. Facebook has not objected to those references. On April 3, 2020, Facebook produced some documents identical to those on the websites but labeled them "confidential." *Id*. at ¶ 7.

At 2:27 p.m. on Friday October 2, four days after Plaintiffs filed their Opposition, Facebook informed Plaintiffs it would file its Emergency Motion. This was the first Plaintiffs had heard of such a Motion, of Facebook's concerns about redactions in the Opposition, or of the confidentiality of Exhibit C—even though the parties had conferred on two separate occasions

---

[1] Opposition at 9, citing: https://dataviz.nbcnews.com/projects/20191104-facebook-leaked-documents/assets/facebook-sealed-exhibits.pdf; Decl. of Derek Loeser in Supp. of Opposition, Ex. C, citing https://dataviz.nbcnews.com/projects/20191104-facebook-leaked-documents/assets
[2] https://about.fb.com/news/2018/12/response-to-six4three-documents/.

for hours since the filing of the Opposition. *Id*. at ¶ 9. Facebook filed its Emergency Motion Friday evening.

## ARGUMENT

Given these facts, it is unclear why Facebook's Emergency Motion is purportedly an "emergency." Even if Facebook did not review Monday's filing until Friday, it could have initiated discussions then. Facebook failed to provide the earliest possible notice as required under Judge Chhabria's Standing Order. *See* Standing Order, at 3, ¶ 4. Thus, as an emergency motion, Facebook's Motion is procedurally defective and should be denied.

If the Court is inclined to overlook its procedural deficiencies, the Motion still fails on its merits. Judge Corley's Standing Order reminds parties that "court proceedings are presumptively public" and that requests to seal should be narrowly tailored.[3] Under controlling law, a party seeking to seal documents must make a particularized showing of specific harm or prejudice that would arise from public access to the information. *Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *1 (N.D. Cal. Jun. 30, 2015) (finding proposed redactions overbroad under compelling reason standard). Here, Facebook has failed to do so even under the good cause standard. But even when clients exert "great pressure to file motions to seal information that their clients would prefer to keep secret, even when there is no legitimate basis to keep the information secret," the "answer is not to file frivolous sealing requests." *Nevro Corp. v. Bos. Sci. Corp*., 312 F. Supp. 3d 804, 805 (N.D. Cal. 2018) (sanctioning counsel for frivolous motions to seal).

Facebook's argument that it produced an identical document in this case and designated it confidential is not relevant to whether this Court should seal Exhibit C. Rather, the question is

---

[3] https://www.cand.uscourts.gov/wp-content/uploads/judges/corleyjsc/JSC_Civil_Standing_Order_08-12-2020.pdf at 5.

whether the courts have the power to "undo" public disclosures. The Ninth Circuit and other Circuits have ruled repeatedly that they do not. In *Doe No. 1 v. Reed*, the Ninth Circuit reached the "commonsense conclusion that once a fact is widely available to the public, a court cannot grant any 'effective relief' to a person seeking to keep that fact a secret. We doubt, because of the information's availability on the internet, that enjoining further disclosure by the parties will 'narrow [any further] dissemination.'" 697 F.3d 1235, 1240 (9th Cir. 2012). *Reed* further held that, because the issue was moot, the Court lacked jurisdiction to consider the appeal.

*Constand v. Cosby*, 833 F.3d 405 (3d Cir. 2016), while out of Circuit, follows a similar factual pattern: the *New York Times* obtained documents while litigation was pending over whether they should be designated confidential. *Id*. at 408. Within hours, four more news organizations had published stories regarding the contents of the documents. Citing Ninth Circuit law as well as its own, the Third Circuit ruled that the issue was moot because, regardless of how the documents had entered the public domain, the Court was powerless to remove them. Just as in *Constand* and *Reed*, Exhibit C is in the public domain, mooting Facebook's requested relief.

Even if the issue were not moot, Facebook has already agreed that documents in the public domain are not confidential. The governing protective order in this case provides that "the protections conferred by this Stipulation and Order do not cover the following information: (a) ***any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order***…." Dkt. No. 122 at section 3(a) (emphasis added). There is no dispute that Exhibit C was in the public domain well before the same document was produced by Facebook in this litigation. Thus, Exhibit C is not subject to the Protective Order and there is no basis for sealing it. Similarly, Facebook's claim that "Plaintiffs have never challenged the confidentiality designation of Exhibit C under the protective order" is

PLTF'S OPP. TO FB'S EMERGENCY
ADMIN. MTN TO REMOVE AND SEAL

4

MDL NO. 2843
CASE NO. 18-MD-02843-VC-JSC

both true and irrelevant. Again, Facebook did not produce Exhibit C. Because it is a public document, it falls outside of the scope of the Protective Order.[4]

As to the additional redactions Facebook has proposed regarding Exhibits B, D and E, these unilateral redactions are unfounded. Plaintiffs appropriately redacted specific information and direct quotations from Exhibits B, D and E. They did not redact general information, such as the three types of data Facebook collects about its users, because that information does not appear to be confidential. Indeed, Facebook does not propose redacting the heading in Plaintiffs' Opposition that identifies these same three general categories of data Facebook collects. Emergency Motion, at 8. Nor has Facebook made any showing as to why Facebook is harmed by sharing Plaintiffs' general references to the information in Exhibits B, D, and E with the public. Rather, the Emergency Motion provides only conclusory, boilerplate arguments about confidentiality (Emergency Motion at 5) and seeks to redact portions of Plaintiffs' Brief without having even conferred with Plaintiffs. This is not enough to satisfy the high bar for sealing information from public view in this District. To the extent Facebook wishes to submit more detailed declarations supporting the additional redactions, Facebook should be required to meet and confer with Plaintiffs first.

## CONCLUSION

For the foregoing reasons, Facebook's Emergency Motion should be denied in its entirety.

Dated: October 5, 2020                                      Respectfully submitted,

KELLER ROHRBACK L.L.P.                          BLEICHMAR FONTI & AULD LLP

---

[4] Oddly, Facebook argues that while it would be acceptable for Plaintiffs to include a link to the leaked document, filing the document on the public docket is improper. Emergency Motion at 2. This too is nonsensical.

| | | | |
|---|---|---|---|
| By: | */s/ Derek W. Loeser* | By: | */s/ Lesley E. Weaver* |
| | Derek W. Loeser | | Lesley E. Weaver |

Derek W. Loeser (admitted *pro hac vice*)
Lynn Lincoln Sarko (admitted *pro hac vice*)
Gretchen Freeman Cappio (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
David Ko (admitted *pro hac vice*)
Benjamin Gould (SBN 250630)
Adele A. Daniel (admitted *pro hac vice)*
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com
dko@kellerrohrback.com
bgould@kellerrohrback.com
adaniel@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Eric Fierro (admitted *pro hac vice*)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822
efierro@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Matthew P. Montgomery (SBN 180196)
Angelica M. Ornelas (SBN 285929)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
mmontgomery@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of October, 2020, at Empire, Michigan.

/s/ *Lesley E. Weaver*
Lesley W. Weaver

## CERTIFICATE OF SERVICE

I, Cesar B. Tamondong, Jr., hereby certify that on October 5, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

**In addition, the following were served via email:**

**And via email:**

>Paven Malhotra
>Matan Shacham
>Bryn Anderson Williams
>pmalhotra@keker.com
>mshacham@kvn.com
>bwilliams@kvn.com
>
>Anjeza Hassan
>annie.sara@yahoo.com

>/s/ *Cesar B. Tamondong, Jr.*
>Cesar B. Tamondong, Jr.