GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom 4, 17th Floor<br>Hearing Date: November 5, 2020<br>Hearing Time: 10:00 a.m. |

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE– CASE NO. 3:18-MD-02843-VC

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    I.    The Court should dismiss the U.K. Plaintiffs based on forum non conveniens............ 2

        A.    The forum selection clause in the 2018 Terms precludes the U.K. Plaintiffs from pursuing claims before this Court............................................. 2

        B.    Forum non conveniens dismissal is warranted without the forum selection clause............................................................................................... 5

            1.    There is an adequate alternative forum. ................................................ 5

            2.    The public and private interest factors favor dismissal......................... 7

                a)    The private interest factors favor dismissal. .............................. 7

                b)    The public interest factors favor dismissal................................ 9

    II.    The choice-of-law clause requires dismissal................................................................. 9

    III.    The Court should strike from the SACC claims dismissed with prejudice................. 10

CONCLUSION ...................................................................................................................... 10

i

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE– CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Alstom SA Sec. Litig.*,
   253 F.R.D. 266 (S.D.N.Y. 2008) ..................................................................................................8

*Anwar v. Fairfield Greenwich Ltd.*,
   289 F.R.D. 105 (S.D.N.Y. 2013) ..................................................................................................8

*In re Apple, Inc. Device Performance Litig.*,
   347 F. Supp. 3d 434 (N.D. Cal. 2018) .........................................................................................6

*AT&T Corp. v. Care Med. Equip.*,
   2006 WL 1371651 (D. Or. May 15, 2006) ..................................................................................5

*Atl. Marine Constr. Co. v. U.S. Dist. Court*,
   571 U.S. 49 (2013) ......................................................................................................................2

*Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*,
   718 F. Supp. 2d 1167 (N.D. Cal. 2010) .....................................................................................10

*Fabian v. LeMahieu*,
   2020 WL 3402800 (N.D. Cal. June 19, 2020) ........................................................................6, 7

*Franco v. Greystone Ridge Condo.*,
   252 Cal. Rptr. 3d 149 (Cal. Ct. App. 2019) .............................................................................3, 4

*Globatrac LLC v. JB Squared Ltd.*,
   2016 WL 9045479 (C.D. Cal. Feb. 5, 2016) .............................................................................10

*Gutierrez v. Advanced Med. Optics, Inc.*,
   640 F.3d 1025 (9th Cir. 2011) .....................................................................................................6

*Hatfield v. Halifax PLC*,
   564 F.3d 1177 (9th Cir. 2009) .....................................................................................................7

*Heller v. Adobe Sys., Inc.*,
   2016 WL 1213762 (N.D. Cal. Mar. 29, 2016) ............................................................................2

*Homeland Housewares, LLC v. John Mills, Ltd.*,
   2014 WL 12588638 (C.D. Cal. June 5, 2014) ............................................................................6

*Hufnagle v. Rino Int'l Corp.*,
   2011 WL 710704 (C.D. Cal. Feb. 14, 2011) ...............................................................................8

*Imamura v. Gen. Elec. Co.*,
   957 F.3d 98 (1st Cir. 2020) ......................................................................................................5, 6

ii

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE– CASE NO. 3:18-MD-02843-VC

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES
## (*continued*)

**Page(s)**

*Immigrant Assistance Project v. INS*,
  306 F.3d 842 (9th Cir. 2002) ................................................................................................. 4

*Lacey v. Maricopa Cty.*,
  693 F.3d 896 (9th Cir. 2012) ............................................................................................... 10

*Lueck v. Sundstrand Corp.*,
  236 F.3d 1137 (9th Cir. 2001) ....................................................................................... 5, 6, 7

*Mohanty v. Big Band Networks, Inc.*,
  2008 WL 426250 (N.D. Cal. Feb. 14, 2008) ........................................................................ 8

*Newhall v. Chase Home Finance LLC*,
  2010 WL 4387517 (D.N.J. Oct. 28, 2010) ........................................................................ 4, 5

*Patmont Motor Werks, Inc. v. Gateway Marine, Inc.*,
  1997 WL 811770 (N.D. Cal. Dec. 18, 1997) ........................................................................ 3

*Rabinowitz v. Samsung Elecs. Am., Inc.*,
  2014 WL 5422576 (N.D. Cal. Oct. 10, 2014) ....................................................................... 9

*Ranza v. Nike, Inc.*,
  793 F.3d 1059 (9th Cir. 2015) ............................................................................................... 6

*Richter v. CC-Palo Alto, Inc.*,
  2017 WL 4236992 (N.D. Cal. Sept. 25, 2017) .................................................................... 10

*In re Royal Dutch/Shell Transport Sec. Litig.*,
  No. 04-374 (D.N.J. June 30, 2005) ........................................................................................ 8

*Saleh v. Titan Corp.*,
  353 F. Supp. 2d 1087 (S.D. Cal. 2004) ................................................................................. 4

*Salgado v. Carrows Rests., Inc.*,
  244 Cal. Rptr. 3d 849 (Cal. Ct. App. 2019) ...................................................................... 3, 4

*SC Innovations, Inc. v. Uber Techs., Inc.*,
  2020 WL 2097611 (N.D. Cal. May 1, 2020) ...................................................................... 10

*Scherk v. Alberto-Culver Co.*,
  417 U.S. 506 (1974) .............................................................................................................. 3

*Smith v. Bayer Corp.*,
  564 U.S. 299 (2011) .............................................................................................................. 4

*Summa Res. Holdings LLC v. Carbon Energy Ltd.*,
  2016 WL 2593868 (N.D. Cal. May 5, 2016) ........................................................................ 9

iii

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE– CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES
### (*continued*)

**Page(s)**

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
  2011 WL 1753784 (N.D. Cal. May 9, 2011) ................................................................................4

*Estate of Thomson v. Toyota Motor Corp. Worldwide*,
  545 F.3d 357 (6th Cir. 2008) ................................................................................................5, 6

*TradeComet.com LLC v. Google, Inc.*,
  435 F. App'x 31 (2d Cir. 2011) .............................................................................................2, 3

*Trans-Tec Asia v. M/V HARMONY CONTAINER*,
  518 F.3d 1120 (9th Cir. 2008) ....................................................................................................2

*Vivendi SA v. T-Mobile USA Inc.*,
  586 F.3d 689 (9th Cir. 2009) ...................................................................................................10

*In re Vivendi Universal, S.A. Sec. Litig.*,
  242 F.R.D. 76 (S.D.N.Y. 2013) ..................................................................................................8

*Zepeda v. INS*,
  753 F.2d 719 (9th Cir. 1983) ......................................................................................................4

*Zink v. Merrill Lynch Pierce Fenner & Smith, Inc.*,
  13 F.3d 330 (10th Cir. 1993) ......................................................................................................3

**Other Authorities**

Mark Stiggelbout, *The Recognition in England and Wales of United States Judgments in Class Actions*, 52 Harv. Int'l L.J. 433 (2011) ................................................................................9

Rachael Mulheron, *The Recognition, and Res Judicata Effect, of a United States Class Actions Judgment in England: A Rebuttal of* Vivendi, 75 Mod. L. Rev. 180 (2012) .......................8

Gibson, Dunn &
Crutcher LLP

iv

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE– CASE NO. 3:18-MD-02843-VC

# INTRODUCTION

The U.K. Plaintiffs' brief confirms that their claims should be dismissed. They concede that they received notice of and agreed to be bound by the April 2018 update to Facebook's Terms of Service (the "2018 Terms"), which introduced the forum selection and choice-of-law clauses Facebook seeks to enforce. They concede that Facebook rolled out those 2018 Terms to account for the European Union's adoption of the General Data Protection Regulation, not as a response to this litigation. They concede that the forum selection and choice-of-law clauses in the 2018 Terms are valid, binding, and enforceable. And they concede the Court is free to consider all of this in deciding this motion. Based on these concessions alone, this Court should dismiss the U.K. Plaintiffs from this MDL.

The U.K. Plaintiffs' primary argument is that the forum selection clause—which applies to "any claim . . . you have against us"—does not apply to the claims they have against Facebook in this case. Not surprisingly, the case law rejects this counterintuitive, counter-textual position. The U.K. Plaintiffs say the forum selection clause does not apply to claims that were filed before the clause was agreed to, but their argument is both inapposite and incorrect. It is inapposite because the U.K. Plaintiffs did not file their claims until they were added as plaintiffs in the Second Amended Consolidated Complaint ("SACC") more than two years after they agreed to the 2018 Terms. And it is incorrect because courts routinely enforce forum selection agreements that are not executed until after litigation has begun.

Even setting the forum selection clause aside, there is every reason for English or Irish courts to adjudicate the U.K. Plaintiffs' privacy claims. These courts are particularly suitable given that Facebook Ireland—the entity that is the data controller for the U.K. Plaintiffs' data—is amenable to jurisdiction there. As the Ninth Circuit and other courts have recognized, an alternative forum is adequate so long as a plaintiff has some remedy available—even if that remedy comes from an entity other than the named defendant, and especially if that remedy comes from an affiliate that is the proper defendant in the plaintiff's home forum. In contrast, keeping the case here and expanding its scope beyond this country's borders would create significant discovery and due process problems.

In short, an English or Irish court is far better suited to resolve claims brought by U.K. citizens against a company domiciled in Ireland that arise under English or Irish law and relate to a contract that was formed and performed in the U.K. This Court should grant Facebook's motion.

1

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE– CASE NO. 3:18-MD-02843-VC

# ARGUMENT

**I.    The Court should dismiss the U.K. Plaintiffs based on forum non conveniens.**

This is not one of those "most unusual cases" where a party can disregard its agreement to a forum selection clause. *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 66 (2013). Rather, this case presents a typical application of the forum non conveniens doctrine, particularly in light of the adequacy of English and Irish courts and the relevant public and private interest factors.

**A.    The forum selection clause in the 2018 Terms precludes the U.K. Plaintiffs from pursuing claims before this Court.**

The mandatory forum selection clause in the 2018 Terms unambiguously provides that the U.K. Plaintiffs must bring in their home countries or in Ireland (1) "*any* claim" that (2) "arises out of *or relates to*" (3) the "Terms *or the Facebook Products*." Decl. of Michael Duffey, Ex. 1 ¶ 4 (emphases added). Since this agreement was formed in the United Kingdom and selects either U.K. or Irish law, U.K. or Irish law governs its interpretation. *See Trans-Tec Asia v. M/V HARMONY CONTAINER*, 518 F.3d 1120, 1124–25 (9th Cir. 2008). This is a general contract principle, not a maritime one. *See Heller v. Adobe Sys., Inc.*, 2016 WL 1213762, at *2 (N.D. Cal. Mar. 29, 2016); *contra* Opp. 3 n.1. And the U.K. Plaintiffs do not contest that if the forum selection clause must be interpreted under U.K. or Irish law, that fact "weighs strongly in favor of dismissal" under forum non conveniens. Mot. 7 (quoting cases).

Based on the 2018 Terms' broad language, an English or Irish court would likely hold that the forum selection clause covers the claims asserted by the U.K. Plaintiffs. Kennelly Decl. ¶¶ 73–75. The language "any claim" is broad, encompassing conduct either before or after the Terms' adoption, and on its face it does not differentiate based on when litigation began. Similarly, the language "arises out of *or relates to* these Terms *or the Facebook Products*" shows that the clause is not limited to claims arising out of the Terms themselves (i.e. during their effect). Instead, it includes any claim that relates to the Facebook platform, which preexisted the 2018 Terms.[1]

Applying California or federal law leads to the same result—the forum selection clause covers pre-execution claims. In *TradeComet.com LLC v. Google, Inc.*, the Second Circuit held that the language

---

[1] Kennelly's explanation that this question would "be determined at the time the proceedings are issued" does not, as the U.K. Plaintiffs contend, hinge the analysis on when claims were filed. Kennelly Decl. ¶ 74. Rather, it acknowledges that the issue cannot be adjudicated until it is raised in a case, as Facebook has done in this motion.

2

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE– CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

"*arising out of or relating to* this agreement or the [defendant's] Program(s)" "broadly includes any claim arising under or related to" those programs, "irrespective of whether it arose prior to or subsequent to the acceptance of the [forum selection clause]." 435 F. App'x 31, 35 (2d Cir. 2011) (emphasis added) (applying California law). The court also held that the plaintiff's "acceptance" of the clause meant that it "supersede[d]" past agreements, as its text provided. *Id.*[2] Similarly, in *Zink v. Merrill Lynch Pierce Fenner & Smith, Inc.*, the Tenth Circuit held that an arbitration clause covering "'*any controversy* between the parties *arising out of plaintiff's business or this agreement*' . . . is clearly broad enough to cover the dispute at issue despite the fact that the dealings giving rise to the dispute occurred prior to the execution of the agreement." 13 F.3d 330, 332 (10th Cir. 1993) (emphasis added) (brackets omitted).[3]

The U.K. Plaintiffs argue the forum selection clause does not apply to claims that accrued but were not filed when they agreed to the 2018 Terms (Opp. 3). This position misreads the contract and is based largely on language supporting Facebook's position. They twice quote this prefatory paragraph:

> We try to provide clear rules so that we can limit or hopefully avoid disputes between you and us. If a dispute does arise, however, it's useful to know up front where it can be resolved and what laws will apply.

Duffey Decl. Ex. 1 ¶ 4. This is background information and cannot reasonably be said to limit the forum selection clause in the next paragraph. *See* Kennelly Decl. ¶ 75 ("[a]s a matter of language," all disputes proceeding after adoption of the 2018 Terms must be determined according to the forum selection clause); *cf. Patmont Motor Werks, Inc. v. Gateway Marine, Inc.*, 1997 WL 811770, at *5 (N.D. Cal. Dec. 18, 1997) ("[T]his language comes from the preamble to the contract and is not from an actual covenant to which [the defendant] agreed to be bound."). The U.K. Plaintiffs also say the phrase that U.K. or Irish law "will apply to" claims or disputes is evidence the clause does not apply to preceding conduct. Not so. This language confirms that by agreeing to the 2018 Terms, the U.K. Plaintiffs prospectively agreed

---

[2] *TradeComet* distinguished an unpublished California case where the arbitration clause did not take effect until after the plaintiff filed suit. 435 F. App'x at 35. After *TradeComet* was decided, published California decisions have recognized that voluntarily agreeing to an arbitration clause after litigation begins does not limit the clause's enforcement. *Franco v. Greystone Ridge Condo.*, 252 Cal. Rptr. 3d 149, 153, 158 (Cal. Ct. App. 2019) (enforcing arbitration clause signed after filing of action); *Salgado v. Carrows Rests., Inc.*, 244 Cal. Rptr. 3d 849, 852–53 (Cal. Ct. App. 2019) (same).

[3] *Zink* and other cases construing arbitration clauses are relevant here because "[a]n agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974).

3

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE– CASE NO. 3:18-MD-02843-VC

Gibson, Dunn &
Crutcher LLP

to have their disputes *decided* in England or Ireland, regardless of when the alleged wrongdoing happened. *See* Kennelly Decl. ¶ 75; *Salgado v. Carrows Rests., Inc.*, 244 Cal. Rptr. 3d 849, 851–53 (Cal. Ct. App. 2019) (enforcing arbitration of preexisting dispute based on agreement that parties "will utilize" arbitration and "shall . . . submit[]" disputes to arbitration). The inquiry should end there: The 2018 Terms cover any claim by the U.K. Plaintiffs, and they agreed to those Terms in late April 2018, more than two years before the SACC was filed in August 2020. Decl. of Thang Nguyen ¶¶ 5–6.

The U.K. Plaintiffs' primary argument—that the forum selection clause does not apply to "a claim that has both already accrued and already been filed when an agreement is inked" (Opp. 5)—is doubly flawed. For one thing, the U.K. Plaintiffs were not parties to the *Redmond v. Facebook, Inc.* case that was filed on April 10, 2018. *See* Opp. 1 (citing No. 3:18-cv-03642-VC, Dkt. No. 1). "[P]utative class members are not parties to an action prior to class certification." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 1753784, at *4 (N.D. Cal. May 9, 2011) (quoting *Saleh v. Titan Corp.*, 353 F. Supp. 2d 1087, 1091 (S.D. Cal. 2004)). The U.K. Plaintiffs' authority on relating back does says nothing about forum selection agreements; it simply holds that an amended complaint adding new plaintiffs may relate back for *statute of limitations* purposes. *See* Opp. 4 (citing *Immigrant Assistance Project v. INS*, 306 F.3d 842, 857 (9th Cir. 2002)). Be that as it may, unnamed class members are not parties to a case unless and until a class is certified. *Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011); *Zepeda v. INS*, 753 F.2d 719, 727–28 (9th Cir. 1983). The fact that *other* U.K. Plaintiffs filed *Redmond* surely does not mean that *these* U.K. Plaintiffs filed *their* claims before they agreed to the forum selection clause in April 2018.

In any case, the forum selection clause's wording is broad enough to apply to the U.K. Plaintiffs' claims even if they had been filed before they agreed to the clause. In *Salgado*, the California Court of Appeal enforced an arbitration clause that was signed after the action had been filed because it covered "any claim" between the parties and any disputes that "may arise out of or be related" to the employment relationship. 244 Cal. Rptr. 3d at 852–53. *Franco v. Greystone Ridge Condominium* did the same where the clause covered "all claims" between the parties "relating to any aspect" of employment. 252 Cal. Rptr. 3d 149, 156 (Cal. Ct. App. 2019) (quotation marks omitted). And in *Newhall v. Chase Home Finance LLC*, the court enforced a forum selection clause signed after the action was filed that covered "all employment-related claims" the plaintiff might have. 2010 WL 4387517, at *2, *6 & n.4 (D.N.J.

4

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE– CASE NO. 3:18-MD-02843-VC

Oct. 28, 2010). The only contrary authority the U.K. Plaintiffs cite rested on an express finding that the defendant secured the plaintiff's agreement to the clause "by means of bad faith." *AT&T Corp. v. Care Med. Equip.*, 2006 WL 1371651, at *2 (D. Or. May 15, 2006). But the U.K. Plaintiffs do not contend that Facebook proposed the forum selection clause in bad faith or to defeat claims in this case—they concede the 2018 Terms were proposed to account for GDPR. The U.K. Plaintiffs assented to a valid forum selection clause that applies to all of their claims against Facebook. The clause should be enforced.

**B.     Forum non conveniens dismissal is warranted without the forum selection clause.**

Even if the Court is disinclined to adjudicate the scope of the forum selection clause, dismissal is still appropriate under a non-contractual forum non conveniens analysis.

**1.     There is an adequate alternative forum.**

The U.K. Plaintiffs are wrong to suggest that unless Facebook, Inc. "con[cedes] to jurisdiction in the United Kingdom, the U.K. Plaintiffs have no adequate, alternative forum." *Contra* Opp. 6. The "forum non conveniens analysis does not look to *the precise source* of the plaintiff's remedy." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1144–45 (9th Cir. 2001) (holding that New Zealand was an adequate forum even though "New Zealand law does not permit Plaintiffs to maintain *this exact suit*") (emphases added). An alternative forum is sufficient if it offers a "practical remedy" from someone, *id.*, even if it "channels liability for those injuries to a third party who is not the same defendant in the U.S. case," *Imamura v. Gen. Elec. Co.*, 957 F.3d 98, 109 (1st Cir. 2020) (citing *Lueck*).

The forum selection clause in the 2018 Terms gives the U.K. Plaintiffs a practical remedy for the privacy injuries they allege. In the 2018 Terms, Facebook Ireland—the Facebook subsidiary with whom the U.K. Plaintiffs contracted and that is the controller of their personal data—agreed that it is amenable to suit in England or Ireland. Duffey Decl. Ex. 1 ¶¶ 4, 5(1).

Appellate authority makes clear that this agreement from Facebook Ireland makes England or Ireland an adequate alternative forum. In *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357 (6th Cir. 2008), plaintiffs sued Thrifty following a car accident in South Africa, and Thrifty denied that it was "the proper defendant" because the plaintiffs had contracted with Thrifty's affiliates. *Id.* at 365. In affirming dismissal on forum non conveniens grounds, the Sixth Circuit found South Africa to be an adequate forum, even though Thrifty could not be sued there, because "South African

5

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE– CASE NO. 3:18-MD-02843-VC

Gibson, Dunn &
Crutcher LLP

corporations" that were Thrifty "affiliates" were "amenable to service" in South Africa.  *Id.*  Similarly, in *Imamura*, the First Circuit held that Japan was an adequate alternative forum even though "Plaintiffs may not be able to obtain recovery in Japan specifically from GE," the named defendant in the U.S. litigation, because Japan's courts gave the plaintiffs a chance to "obtain full and fair compensation—regardless of which entity ultimately foots the bill."  957 F.3d at 109.  Facebook Ireland's amenability to suit in England or Ireland gives the U.K. Plaintiffs the same opportunity to obtain full and fair compensation that they would have before this Court.[4]

In suggesting that "Facebook has not cited any particular English laws" that would provide them with an adequate remedy (Opp. 6, citing *Homeland Housewares, LLC v. John Mills, Ltd.*, 2014 WL 12588638 (C.D. Cal. June 5, 2014)), the U.K. Plaintiffs ignore that Facebook submitted a 48-page "declaration of a legal expert or attorney admitted to practice [in the U.K.]"—precisely what *Homeland Housewares* said *does* show an adequate forum, 2014 WL 12588638, at *5.  As Mr. Kennelly explains, U.K. and Irish law contain a "comprehensive and robust framework to protect data and other private information" (Kennelly Decl. ¶ 6)—a combination of rights under the GDPR (*id.* ¶¶ 7–27), tort law (¶¶ 45–62), constitutional law (¶¶ 63–67), and international treaty (¶¶ 6, 68–70)—under which the U.K. Plaintiffs could seek damages and/or injunctive relief (¶¶ 26, 50, 55, 59–62, 67).  Because the U.K. Plaintiffs "do not dispute that they can file" these claims, nor that they could "receive[ ] compensation" in those courts, they "have not shown that" this case is one of the "rare circumstances" in which foreign remedies are "so inadequate that [they are] tantamount to no remedy."  *Lueck*, 236 F.3d at 1143–44; *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1077–78 (9th Cir. 2015).[5]

---

[4]  The U.K. Plaintiffs incorrectly suggest there is a categorical rule that a court cannot dismiss under forum non conveniens "without a full concession establishing 'that the entire case and all parties can come within the jurisdiction of the [U.K.].'"  Opp. 6 (quoting *In re Apple, Inc. Device Performance Litig.*, 347 F. Supp. 3d 434 (N.D. Cal. 2018)).  *Apple* relied on Ninth Circuit case law holding only that the named defendant's conceded amenability to suit is *sufficient* to establish an adequate alternative forum.  *See Gutierrez v. Advanced Med. Optics, Inc.*, 640 F.3d 1025, 1029 (9th Cir. 2011) (noting that an "alternative forum *ordinarily exists*" in that circumstance (emphasis added)); *accord Lueck*, 236 F.3d at 1144.  The Ninth Circuit has not held that such a concession from the named defendant is *necessary*, and *Imamura* and *Estate of Thomson* are prime examples of how a different defendant's amenability to suit can establish the adequacy of an alternative forum.

[5]  There is no merit to any of the single-sentence arguments the U.K. Plaintiffs make with no case law support (Opp. 7).  "Courts routinely reject arguments that limited discovery and the difficulties of certifying a class [abroad], as compared to federal courts in the United States, are relevant to a determination of whether an alternative forum is adequate."  *Fabian v. LeMahieu*, 2020 WL 3402800, at *8

6

Defendant Facebook, Inc.'s Reply in Support of Motion to Dismiss
Plaintiffs Naomi Butler and Peter Christley and Motion to Strike from SACC
Claims That Have Been Dismissed with Prejudice– Case No. 3:18-md-02843-VC

Gibson, Dunn & Crutcher LLP

### 2. The public and private interest factors favor dismissal.

Plaintiffs offer no good reason for this Court, not an English or Irish court, to hear their claims.

#### a) The private interest factors favor dismissal.

The U.K. Plaintiffs do not dispute that two private-interest factors—their "residence" and the "forum's convenience to the litigants," *Lueck*, 236 F.3d at 1145—favor dismissal. Although they claim it is "strange" for Facebook to argue that a case in California "violate[s] its due process rights," Opp. 7, it is not the *location of the case* that is problematic; it is instead the *inclusion of foreign plaintiffs*.

**Discovery problems.** The U.K. Plaintiffs do not contest that witnesses located in Europe are outside this Court's subpoena power and that discovery that is par for the course in the U.S. would be hamstrung under U.K. law. Mot. 9; Opp. 9. Plaintiffs cannot dismiss these concerns as "speculative" (Opp. 9) when the previous U.K. named Plaintiff never served her required Rule 26(a) initial disclosures and never responded to a Facebook interrogatory that merely asked her to identify her account information so that Facebook could locate her account. This is not an isolated problem. Plaintiffs recently proposed to "deprioritize" discovery of 14 named Plaintiffs, including both U.K. Plaintiffs—arguing they should not have to participate in discovery—a tacit recognition of the significant "practical problems" of conducting discovery of overseas plaintiffs, which favor dismissal. *See Lueck*, 236 F.3d at 1145.

**A judgment would likely not bind absent U.K. class members.** The articles and borrowed expert declarations cited by the U.K. Plaintiffs fail to refute the fact-specific conclusion of Brian Kennelly (a U.K. law expert who analyzed *this case*) that a decision from this Court in favor of Facebook would not preclude future litigation in U.K. courts because a U.K. Court would likely conclude that the issues and parties *in this case* would not be the same in a future U.K. case brought by dissatisfied U.K. class members. *See* Kennelly Decl. ¶¶ 120–25 & n.56. The issues are different because the comprehensive GDPR scheme that vindicates U.K. citizens' privacy rights is

---

(N.D. Cal. June 19, 2020) (collecting cases). As the GDPR data controller, Facebook Ireland is the proper defendant in an action in the U.K. (Kennelly Decl. ¶ 4(2)) regardless of where the alleged acts and omissions occurred. And while the U.K. Plaintiffs allude to statute-of-limitations concerns, they do not assert that limitations has run on any of their claims, and in any event limitations on their claims was likely tolled, including under potentially applicable foreign statutes of limitations, when they joined this MDL. *See Hatfield v. Halifax PLC*, 564 F.3d 1177, 1184 (9th Cir. 2009).

7

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE– CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

fundamentally different than the United States' patchwork of privacy laws. The parties are different because an English or Irish court would not consider an unnamed class member to be a party to this MDL and because Facebook Ireland would be the defendant in an English or Irish court.

The U.K. Plaintiffs submitted no contrary evidence, instead relying on law review articles and declarations submitted in other cases. That failure is grounds for rejecting their argument outright. The *res judicata* analysis is inherently case-specific. *See Mohanty v. Big Band Networks, Inc.*, 2008 WL 426250, at *8 (N.D. Cal. Feb. 14, 2008); *Hufnagle v. Rino Int'l Corp.*, 2011 WL 710704, at *7 (C.D. Cal. Feb. 14, 2011). Plus, the sourses Plaintiffs cite do not apply because they do not actually address *res judicata* and instead concern recognition of a foreign judgment—a wholly different concept. A U.K. court may *recognize* a U.S. judgment for the purpose of allowing enforcement of the judgment in the U.K. if the judgment (1) is issued by a competent court, (2) is final, (3) is on the merits, and (4) is not subject to one of two exceptions (breach of natural justice or contrary to U.K. public policy). *See* Kennelly Decl. ¶¶ 110–12. But a U.K. court may give *res judicata* effect to a U.S. judgment for the purpose of precluding later litigation in the U.K. only if two additional elements are also met: an identity of (1) issues and (2) parties. *Id.* ¶¶ 120, 122; Rachael Mulheron, *The Recognition, and Res Judicata Effect, of a United States Class Actions Judgment in England: A Rebuttal of* Vivendi, 75 Mod. L. Rev. 180, 192 (2012). The U.K. Plaintiffs' authorities analyze the former concept and not the latter, which is at issue here. The three S.D.N.Y. cases discuss a foreign court's competence, *In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 102 & n.16 (S.D.N.Y. 2007); a foreign court's competence and the two exceptions, *In re Alstom SA Sec. Litig.*, 253 F.R.D. 266, 287–89 (S.D.N.Y. 2008); or competence and the public policy exception, *Anwar v. Fairfield Greenwich Ltd.*, 289 F.R.D. 105, 115–16 (S.D.N.Y. 2013). None of these cases discuss the identity-of-issues and identity-of-parties elements, which are necessary to find that U.K. courts would give *res judicata* effect to a judgment from this Court. Similarly, the declaration the U.K. Plaintiffs borrow from another case discusses the four elements needed to recognize a foreign judgment and concludes the identity-of-issues and identity-of-parties elements were inapposite to *that* analysis. Decl. of Jonathan Harris ¶ 43, *In re Royal Dutch/Shell Transport Sec. Litig.*, No. 04-374 (D.N.J. June 30, 2005).

None of the U.K. Plaintiffs' authorities questions Kennelly's assessment that *res judicata*

8

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE– CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

requires an identity of issues and parties. Those two requirements are case-specific; whether issues or parties were identical (and thus potentially preclusive) in three S.D.N.Y. securities-fraud cases has no bearing on whether a U.K. court would conclude that *this Court*'s judgment in *this case* would bind absent U.K. class members. Kennelly's uncontroverted testimony establishes that it would not.[6]

### b) The public interest factors favor dismissal.

The U.K. Plaintiffs do not contest that many public interest factors favor dismissal—this Court's unfamiliarity with foreign law; the fact that the dispute involves U.K. Plaintiffs who used Facebook in the U.K. and whose data is processed as a controller by an Irish company and governed by the GDPR; and California's minimal generalized interest in good corporate behavior. *Compare* Mot. 11–12, *with* Opp. 10. Instead, they lean on the "ordinar[y]" deference owed to "a plaintiff's choice of forum," Opp. 10, while overlooking that as foreign plaintiffs and class representatives, the deference owed their choice is "substantially reduced," *Rabinowitz v. Samsung Elecs. Am., Inc.*, 2014 WL 5422576, at *3 (N.D. Cal. Oct. 10, 2014). They argue that dismissing their claims "would waste the[ ]" resources this Court has used on this case. This argument is based on the fallacy of sunk costs and is also incorrect—the U.K. Plaintiffs just joined the case. It also ignores the substantial *extra* resources that a multinational class would force this Court to consume in the future—resources that would add to the "congested" "docket" in this District, *Summa Res. Holdings LLC v. Carbon Energy Ltd.*, 2016 WL 2593868, at *7 (N.D. Cal. May 5, 2016), which Plaintiffs do not dispute faces a longer backlog than U.K. courts, *see* Mot. 12. As this Court recognized, it would be odd indeed for this Court to decide whether and how to vindicate U.K. citizens' privacy interests. Mot. 12 (citing Tr. 14:10-14).

## II. The choice-of-law clause requires dismissal.

The U.K. Plaintiffs do not argue that they did not assent to the 2018 Terms' mandatory choice-of-law clause, or that the clause is unenforceable or contrary to public policy. Their argument that the

---

[6] The U.K. Plaintiffs cite a handful of academic articles as well, but those sources are at war with each other. One article that Plaintiffs call "persuasive[ ]" (Opp. 8) criticizes "Harris's . . . view [as] simply untenable." Mark Stiggelbout, *The Recognition in England and Wales of United States Judgments in Class Actions*, 52 Harv. Int'l L.J. 433, 492 n.332 (2011). It also criticizes John Dixon's views—which Plaintiffs rely on—as resting on a "fundamental misunderstanding" of foreign law. *Id.* at 491. And most fundamentally, Stiggelbout's article is normative, not descriptive—it argues that U.K. Courts *should* recognize a U.S. class-action judgment; it does *not* predict that U.K. courts actually *would* do so. *See id.* at 437 ("suggest[ing] . . . a new, representative action criterion").

9

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE– CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

clause does not apply to their claims (Opp. 10) is incorrect for the reasons already discussed. *Supra*, at 2–5. Their alternative request (at 11) to re-plead "claims under U.K. law" if the choice-of-law clause applies is supported with no case law, would further complicate this case, and ignores settled law that dismissal is the right way to enforce a choice-of-law clause. *See* Mot. 14 (collecting cases). Moreover, such a result would only make dismissal on forum non conveniens grounds even more appropriate: This Court would have no reason to adjudicate U.K. Plaintiffs' claims *under U.K. law* arising from a contract entered into in the U.K. with an Irish company. *E.g., Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 696 (9th Cir. 2009) (a "lack of familiarity with foreign law counsel[s] in favor of dismissal"); *accord Globatrac LLC v. JB Squared Ltd.*, 2016 WL 9045479, at *6 (C.D. Cal. Feb. 5, 2016).

### III. The Court should strike from the SACC claims dismissed with prejudice.

The SACC proceeds as if the Court never issued its detailed, 43-page order, which dismisses factual theories and causes of action with prejudice. Plaintiffs offer no excuse for filing an amended complaint containing causes of action that the Court dismissed with prejudice. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). As Plaintiffs note, Facebook tried to resolve this issue by stipulation, but Plaintiffs would not agree to remove the causes of action that were dismissed with prejudice in Pretrial Order No. 20. It is well established that "repleading claims previously dismissed with prejudice causes confusion and inefficiency, with no practical benefit." *SC Innovations, Inc. v. Uber Techs., Inc.*, 2020 WL 2097611, at *11 (N.D. Cal. May 1, 2020). So it is standard procedure to strike such claims as "immaterial and impertinent." *Richter v. CC-Palo Alto, Inc.*, 2017 WL 4236992, at *4–*5 (N.D. Cal. Sept. 25, 2017). That standard procedure is warranted to prevent backward progress on defining this case's scope for discovery, dispositive motions, and trial. Even if prejudice were a prerequisite for striking factual allegations, "expensive and potentially unnecessary and irrelevant discovery" will result from preserving dismissed factual theories in the SACC, which is the kind of "prejudice" that supports a decision to strike. *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010).

### CONCLUSION

The Court should dismiss the U.K. Plaintiffs' claims and grant Facebook's motion to strike.

10

Gibson, Dunn & Crutcher LLP

DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY AND MOTION TO STRIKE FROM SACC
CLAIMS THAT HAVE BEEN DISMISSED WITH PREJUDICE– CASE NO. 3:18-MD-02843-VC

Gibson, Dunn &
Crutcher LLP

| | |
|---|---|
| DATE:  October 13, 2020 | Respectfully submitted,<br><br>**GIBSON, DUNN & CRUTCHER LLP**<br><br>By:  /s/ *Orin Snyder*<br>Orin Snyder (*pro hac vice*)<br>osnyder@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone:  212.351.4000<br>Facsimile:  212.351.4035<br><br>Deborah Stein (SBN 224570)<br>dstein@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone:  213.229.7000<br>Facsimile:  213.229.7520<br><br>Joshua S. Lipshutz (SBN 242557)<br>jlipshutz@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone:  202.955.8500<br>Facsimile:  202.467.0539<br><br>Kristin A. Linsley (SBN 154148)<br>klinsley@gibsondunn.com<br>Martie Kutscher (SBN 302650)<br>mkutscherclark@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone:  415.393.8200<br>Facsimile:  415.393.8306<br><br>*Attorneys for Defendant Facebook, Inc.* |