GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF MARTIE KUTSCHER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Martie Kutscher, hereby declare as follows:

1.  I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter. I am a member in good standing of the State Bars of California, New Jersey, and New York. I submit this declaration in support of Plaintiffs' Administrative Motion to File Under Seal. (Dkt. 547.) I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2.  On October 19, Plaintiffs submitted an Administrative Motion to File Under Seal. (Dkt. 547.) Specifically, Plaintiffs moved to file under seal Exhibits F and G to their Response in Reply to Defendant Facebook, Inc.'s Request to Enforce the Partial Stay of Discovery in Pretrial Order No. 20 ("Sur-Reply") (Dkt. 537.) These are exhibits that Plaintiffs attached to their Sur-Reply that were not attached to or cited in Plaintiffs' opening submission. (Dkt. 526.) In addition, Plaintiffs moved to file under seal portions of their Sur-Reply that "contain or summarize" these materials as well as other exhibits "designated 'Confidential' or 'Highly Confidential – Attorneys' Eyes Only' pursuant to the Protective Order entered in this action" that Plaintiffs submitted with their opening submission. (Dkt. 547.)

3.  Under the Protective Order entered by the Court in this action, information is "Confidential" if it qualifies for protection under Federal Rule of Civil Procedure 26(c). (Dkt. 122.) Federal Rule of Civil Procedure 26(c) protects, among other things, trade secrets, confidential research, and commercial information.

4.  Under the Protective Order, information is "Highly Confidential – Attorneys' Eyes Only" if it is extremely sensitive, and the public disclosure of the information would create a risk of serious harm that could not be avoided by less restrictive means. (Dkt. 122.)

5.  Exhibit F, which Facebook has designated "Highly Confidential – Attorneys' Eyes Only," provides a detailed description of the architecture of the Facebook Platform, noting different ways in which third party data flows through internal Facebook systems. Public disclosure of this information would provide Facebook's competitors with proprietary and

competitively sensitive information about Facebook's internal system.  As a result, Exhibit F qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "Highly Confidential – Attorneys' Eyes Only" information covered by the Protective Order.  (*See* Dkt. 122.)

6. Exhibit G, which Facebook has designated "Highly Confidential – Attorneys' Eyes Only," is a third party's response to a Request For Information from Facebook.  This document includes highly competitively sensitive information, such as information about specific employees from the third party, other commercial relationships of the third party, and specific features of the third party's application, including its permissions.  In addition, the document reveals highly sensitive information about Facebook's business strategy and relationship with an external partner.  Public disclosure of this information would provide Facebook's competitors with highly sensitive information about Facebook's strategic decisions and relationship with a third party.  As a result, Exhibit G qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "Highly Confidential – Attorneys' Eyes Only" information covered by the Protective Order.  (*See* Dkt. 122.)

7. Redacted portions of Plaintiffs' Sur-Reply are drawn directly from Exhibits F and G and, therefore, are "Highly Confidential – Attorneys' Eyes Only" for the same reasons these designations properly apply to the exhibits.  As a result, those portions of Plaintiffs' Sur-Reply qualify for protection under Federal Rule of Civil Procedure 26(c).

8. In addition, other redacted portions of Plaintiffs' Sur-Reply are drawn directly from exhibits filed with Plaintiffs' opening submission that they moved to seal with that filing because Facebook designated them as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  Dkt. 527.  Facebook filed a declaration in support of Plaintiffs' motion.  Dkt. 529.  Thus, for the reasons contained in those submissions, those portions of Plaintiffs' Sur-Reply qualify for protection under Federal Rule of Civil Procedure 26(c).[1]

---

[1] Courts routinely recognize the diminished public interest in documents "attached to motions that are not related, or only tangentially related, to the merits of a case." *Doe v. Walmart, Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Milliner v. Bock Evans Financial Counsel*, No. 15-cv-01763-JD, 2020 WL 1492692 at *1 (N.D. Cal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 23, 2020 in Palo Alto, California.

        /s/  Martie Kutscher
        Martie Kutscher

---

Mar. 27, 2020).  This is particularly so here because the Sur-Reply concerns the scope of discovery in this action, rather than substantive issues.