GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO PERMANENTLY SEAL CONFIDENTIAL MATERIALS** |

Under Civil Local Rules 7-11 and 79-5, and the parties' stipulation, Dkt. 542, Facebook, Inc. ("Facebook") submits this administrative motion to permanently seal confidential materials.

## BACKGROUND

Discovery Order 7 ordered the parties to submit briefing on disputed search strings by October 16, 2020. Dkt. 522. Prior to submitting those materials, the parties filed a stipulation regarding sealing. Dkt. 542 (the "Stipulation"). The Stipulation provided that both parties would "temporarily file under seal: (i) its brief regarding search strings, (ii) any documents marked 'Confidential' or 'Highly Confidential—Attorneys Eyes Only' filed as exhibits; and (iii) any documents including the text of search terms or particular Facebook employees' job functions filed as exhibits." Dkt. 542.

Accordingly, and pursuant to the Stipulation, on October 16 Facebook moved to temporarily file under seal (1) Facebook's Request to Approve Facebook's Search String Proposal for Custodian Groups 1-4 ("Facebook Brief"), Dkt. 543; and (2) certain exhibits to the Declaration of Martie Kutscher in support of Facebook's Brief, Dkts. 543-3 to 543-5 ("October 16 Kutscher Declaration"). Likewise, Plaintiffs moved to temporarily file under seal "Plaintiffs' Submission Regarding Disputed Search Strings and Exhibits A to O thereto" ("Plaintiffs' Submission"). Dkt. 545.

The Stipulation also provided that, by October 23, 2020, Facebook would "file a motion to permanently seal any portions of the parties' submissions it determines should remain under seal, or be redacted." *Id.* In accordance with this provision, Facebook submits this administrative motion to seal certain portions of the parties' October 16 filings that were temporarily field under seal, and the Declaration of Martie Kutscher In Support Of Facebook's Administrative Motion to Permanently Seal Confidential Materials ("Kutscher Declaration").

For the reasons contained herein, Facebook respectfully requests that the Court take the actions noted below on the following documents:

- **Facebook's Request to Approve Facebook's Search String Proposal for Custodian Groups 1-4:** On October 16, Facebook temporarily filed under seal an unredacted version of the Facebook Brief. Dkt. 544. Attached as **Exhibit 1** to the Kutscher

1

declaration is a redacted version of the Facebook Brief.

Facebook respectfully requests that the Court replace the fully sealed version of that document, Dkt. 544, with redacted **Exhibit 1** of the Kutscher Declaration. Facebook also respectfully requests that the Court permanently seal **Exhibit 3** of the Kutscher Declaration, which contains a fully unredacted version Facebook Brief with proposed redactions highlighted in yellow.

- **Exhibits A, B, and C to October 16 Kutscher Declaration**: On October 16, Facebook temporarily filed under seal unredacted versions of Exhibits A, B, and C to the October 16 Kutscher Declaration. Dkt. 544-3 to 544-5.

  Facebook respectfully requests that the Court permanently seal these documents.

- **Plaintiffs' Submission Regarding Disputed Search Strings and Exhibits A to O thereto**: Plaintiffs' Submission on October 16 included Plaintiffs' brief and the accompanying exhibits in a single docket entry. Dkt. 545-2. Plaintiffs temporarily filed under seal an unredacted version of Plaintiffs' Submission. *Id*. Attached as **Exhibit 2** to the Kutscher declaration is a redacted version of Plaintiffs' Submission.

  Facebook respectfully requests that the Court replace the fully sealed version of Plaintiffs' Submission, Dkt. 545-2, with redacted **Exhibit 2** to the Kutscher Declaration. Facebook also respectfully requests that the Court permanently seal **Exhibit 4** of the Kutscher Declaration, which contains a fully unredacted version of Plaintiffs' Submission with proposed redactions highlighted in yellow.

## ARGUMENT

The materials that Facebook asks the Court to seal or redact include commercially sensitive information covered by the Protective Order in this matter, including confidential Facebook documents, sensitive information embedded in the parties' proposed search strings, and information about the matter's custodians. Sealing this information would protect Facebook's confidential business information from public disclosure and cause no public harm. Indeed, courts routinely recognize that there is a diminished public interest in documents "attached to motions that are not related, or only tangentially related, to the merits of a case." *Doe v. Walmart, Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Milliner v. Bock Evans Financial Counsel*, No. 15-cv-01763-JD, 2020 WL 1492692 at *1 (N.D. Cal. Mar. 27, 2020). The materials Facebook seeks to seal here were submitted in connection with a dispute regarding search strings, which are merely a tool to identify potentially responsive documents.

*Commercially Sensitive Facebook Documents.* Plaintiffs attached to their search string

submission 10[1] documents produced by Facebook and PwC in this matter that are marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" because they contain commercial sensitive information covered by the Protective Order in this matter, Dkt. 122, and Federal Rule of Civil Procedure 26(c) that would harm Facebook is disclosed publicly.  Courts routinely seal "confidential research" and "development or commercial information" if "the disclosure of the information might harm a litigant's competitive standing." *Dugan v. Lloyds TSB Bank, PLC*, No. 12–cv–02549–WHA (NJV), 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013); *see also Bestway (USA), Inc. v. Sgromo*, No. 17-CV-00205-HSG, 2018 WL 1411108, at *3 (N.D. Cal. Mar. 21, 2018) (sealing "proprietary and confidential business information").  By way of example, the documents attached to the submissions include internal Facebook emails detailing financial aspects of Facebook's relationship with third parties, and descriptions of Facebook's controls to prevent data misuse.  Facebook asks the Court to seal these documents permanently.[2]  In view of the number of documents at issue, Facebook attaches as **Exhibit A** to this motion a chart detailing the specific reasons why each of the 10 Facebook and PwC documents attached to Plaintiffs' submission contain commercially sensitive information that is covered by the Protective Order and Federal Rule of Civil Procedure 26(c).

*Search Strings.*  Facebook asks the Court to redact and/or seal the parties' proposed search strings, which similarly contain confidential information.  *First*, as the docket in this matter discloses, a number of the search strings proposed in this matter come directly from search strings run in government investigations.  Of note, a number of the search strings come from the FTC's 2018-2019 investigation into Facebook, which the Court ordered Facebook to disclose to Plaintiffs on an "attorneys' eyes only" basis.  Kutscher Decl., ¶ 4.  Publicly disclosing

---

[1] Plaintiffs attached to their search string submission 13 Exhibits that are marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  Facebook does not move to seal three of those exhibits, which contain only excerpts of larger documents.

[2] Plaintiffs filed their submission as a single docket entry—rather than providing separate entries for each exhibit—Facebook thus redacts in full on **Exhibit 2** to the Kutscher Declaration (the version of Plaintiffs' filing that Facebook asks the Court to put on the public docket) exhibits it asks the Court to seal.

the strings would allow the public to piece together this information, which was provided confidentially.  *Second*, the search strings themselves—which are lengthy and complex—embed confidential business information drawn from confidential documents, including confidential code names, highly sensitive project names, company strategies, and confidential financial information.  Kutscher Decl., ¶ 5; *See Asetek Danmark A/S v.CMI USA, Inc*., No. 13-cv-00457-JST, 2015 WL 4511036 at *2 (N.D. Cal. July 23, 2015) (finding compelling reasons to seal business information where "competitors would be able to take advantage of  . . . information that could cause [] competitive harm"); *In re Incretin-Based Therapies Products Liabilities Litig.*, No. 13-md-2452-AJB, 2015 WL 11658712 at *2 (S.D. Cal. Nov. 18, 2015) ("[C]ourts have maintained documents under seal where the information contained therein could permit competitors to gain access to operational and personnel information.").  The search strings also include the names of Facebook's business partners and confidential details regarding Facebook's business relationship with them.  Public access to these strings could cause Facebook competitive harm and may encourage competitors to establish competing relationships with those partners.  *See Obesity Research Institute, LLC v. Fiber Research Int'l, LLC*, 2018 WL 3642177, at *6 (S.D. Cal. Aug. 1, 2019).[3]

  *Custodians.*  Finally, Facebook asks the Court to permanently seal and/or redact information about the custodians on whose files the parties propose running each search string.

---

[3]  Facebook further notes that there are additional practical reasons to seal the parties' proposed search strings.  As the Court knows, Facebook is litigating a number of matters, including a number of cases arising from similar facts.  In this case and others Facebook has faced various demands for "cloned" discovery from other matters and to incorporate search strings used in other matters.  This has had a snowball effect on discovery in this case and others and often leads to unnecessary and distracting disputes regarding whether documents produced or search strings used in other matters are appropriate in a different case.  Indeed, as this court has recognized, granting clone discovery often "expand[s] the scope of discovery beyond that allowed by the Federal Rules." *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods Liability Lit.*, MDL No. 2672, 2017 WL 4680242 (N.D. Cal., Oct., 18, 2017).  The search strings at issue here are the result of months of negotiation and compromise and include code names and terms of art specific to this matter.  If publicly disclosed, Facebook anticipates parties in other matters seeking to recycle the terms, leading to unnecessary side disputes regarding why certain terms were proposed in this case.

4

The court previously sealed the names and job descriptions of the custodians in this action. Dkt. 437. Publicly revealing the custodians here would be inconsistent with that order.

Moreover, disclosing the custodians would reveal publicly the custodians from the FTC's 2018-2019 investigation, given that Facebook's prior filings make clear that the custodians in this action were selected largely from the custodians from that FTC investigation. *See* Dkts. 413, 415. Like the FTC search strings, the Court ordered Facebook to provide Plaintiffs the custodians from the FTC investigation on an attorneys' eyes only basis. *See* Dkt. 394. In addition, Facebook's and Plaintiffs' submissions contains personnel information about a large number of current and former Facebook employees. *See Murphy v. Kavo America Corp.*, No. CV-11-0410-YGR, 20122012 WL 1497489 at * 1 ("Employees and former employees who are not parties to [] litigation have privacy interests in their personnel information.").

Finally, disclosing the custodians proposed for particular search strings and topics in this matter would reveal sensitive business information, including which Facebook departments and employees are working on highly sensitive and confidential issues, Facebook's business relationships with third parties, Facebook's enforcement of data misuse, and issues regarding the monetization of user data. Public access to such information may cause Facebook competitive harm and encourage competitors to poach employees working on confidential projects and critical issues. *See Asetek Danmark A/S*, 2015 WL 4511036 at *2.

## CONCLUSION

For these reasons, and the reasons further detailed in Exhibit A, Facebook respectfully requests that the Court: (i) permanently redact portions of Facebook's Request to Approve Facebook's Search String Proposal for Custodian Groups 1-4, Dkt 544, (ii) permanently seal Exhibits A, B, and C to the October 16 Kutscher Declaration, Dkt. 544-3 to 544-5, and (iii) and permanently seal or redact portions of Plaintiffs' Submission Regarding Disputed Search Strings and Exhibits A to O thereto, Dkt 545-2.

Dated:  October 23, 2020     **GIBSON, DUNN & CRUTCHER, LLP**

By: */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*

## **CERTIFICATE OF SERVICE**

      I, Orin Snyder, hereby certify that on October 23, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

      By:   */s/ Orin Snyder*
            Orin Snyder