GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF MARTIE KUTSCHER IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Martie Kutscher, hereby declare as follows:

1.     I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter.  I am a member in good standing of the State Bars of California, New Jersey, and New York.  I submit this declaration in support of Facebook's Administrative Motion to Permanently Seal Confidential Materials.  I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2.     On October 16, Facebook filed under seal temporarily its Request to Approve Facebook's Search String Proposal for Custodian Groups 1-4 ("Facebook Brief").  (*See* Dkt. 544 (Facebook Brief); *see also* Dkt. 543 (Temporary Sealing Request).  Facebook now moves to replace the sealed version of the Facebook Brief with a redacted version.  Attached as **Exhibit 1** is a true and correct copy of the Facebook Brief that redacts the information Facebook asks the Court to seal.  Attached as **Exhibit 3** is a true and correct unredacted version of the Facebook Brief, which highlights in yellow the information that Facebook moves to redact.

3.     On October 16, Plaintiffs filed under seal temporarily Plaintiffs' Submission Regarding Disputed Search Strings and Exhibits A to O thereto ("Plaintiffs' Submission").  (Dkt. 545-2.)  Attached as **Exhibit 2** is a true and correct copy of Plaintiffs' Submission that redacts the information Facebook asks the Court to seal.  Because Plaintiffs filed Plaintiffs' Submission as a single docket entry—rather than providing separate entries for each Exhibit to the submission—Facebook redacts in full the documents that it asks the Court to seal.   Attached as **Exhibit 4** is a true and correct unredacted version of Plaintiffs' Submission, which highlights in yellow the information that Facebook moves to redact.

4.     The parties' submissions on October 16 included accepted and disputed search strings.  The parties' proposed search strings incorporate search strings that Facebook has run in other matters, including the FTC's 2018-2019 investigation.  In view of their confidential nature, the Court ordered Facebook to provide Plaintiffs the FTC strings on an "attorneys' eyes only" basis.  *See* Dkt. 394.  Publicly disclosing the search strings in the parties' submissions would

thus reveal aspects of the FTC strings that Facebook has provided Plaintiffs on an "attorneys' eyes only" basis.

5.  The search strings in the Parties' Submissions also include confidential code names, project names, strategies, business plans, confidential financial information, and the names of specific Facebook business partners. Public disclosure of the search strings would reveal this confidential information.

6.  The Parties' Submissions include the custodians against whose files the parties propose running each string. Facebook's prior filings indicate that most of the custodians in this action were selected from the custodians used to collect documents for the FTC's 2018-2019 investigation. In view of the confidential nature of this information, the Court ordered Facebook to provide Plaintiffs the list of FTC custodians on an "attorneys' eyes only" basis. *See* Dkt. 394. Publicly disclosing these custodians would reveal information Facebook provided by Court order on an "attorneys' eyes only" basis and publicly reveal the custodians used during the FTC's 2018-2019 investigation—which remains confidential.

7.  Under the Protective Order entered by the Court in this action, information is "Confidential" if it qualifies for protection under Federal Rule of Civil Procedure 26(c). (Dkt. 122.) Federal Rule of Civil Procedure 26(c) protects, among other things, trade secrets, confidential research, and commercial information.

8.  Under the Protective Order, information is "Highly Confidential – Attorneys' Eyes Only" if it is extremely sensitive, and the public disclosure of the information would create a risk of serious harm that could not be avoided by less restrictive means. (Dkt. 122.).

9.  Plaintiffs' Submission included a number of exhibits Facebook or Pricewaterhouse Coopers ("PwC") has designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

10. Exhibit C to Plaintiffs' Submission, which Facebook has designated "Highly Confidential – Attorneys' Eyes Only," contains highly confidential information regarding Facebook's business strategy, including analysis of potential business decisions. Specifically,

2
KUTSCHER DECLARATION IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO PERMANENTLY SEAL CONFIDENTIAL MATERIALS
CASE NO. 3:18-MD-02843-VC

the exhibit is a Facebook presentation that discusses Facebook's business strategy, analyzes Facebook's competitors, and discusses internal workplans.  The presentation thus contains highly business sensitive and proprietary information.  Public disclosure of this information would give Facebook's competitors unfair access into Facebook's competitive strategy and harm Facebook.  As a result, Exhibit C qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "Confidential" information covered by the Protective Order.  (*See* Dkt. 122.)

11.     Exhibit D to Plaintiffs' Submission, which Facebook has designated "Highly Confidential – Attorneys' Eyes Only," is excerpts from PwC's Initial Assessment Report for the period of August 15, 2012 to February 11, 2013.  In view of the report's confidentiality, the FTC released a version of the report in redacted form, which redacts the precise excerpts that Plaintiffs attach here.[1]  The portions of the report that the FTC redacted and that Facebook asks the Court to redact here describe a specific Facebook privacy control.  Publicly releasing this confidential information would harm Facebook because it would enable Facebook's competitors to access proprietary information about Facebook's internal privacy tools.  Public disclosure also may enable third parties to circumvent Facebook's controls aimed at preventing data misuse.  The FTC redacted this information in part because it recognized that information about specific Facebook controls is highly commercially sensitive.  As a result, the portion of Exhibit D that the FTC redacted qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "Highly Confidential – Attorneys' Eyes Only" information covered by the Protective Order.  (*See* Dkt. 122.)

12.     Exhibit F to Plaintiffs' Submission, which Facebook has designated "Highly Confidential – Attorneys' Eyes Only," is excerpts from PwC's Biennial Report for the period of February 12, 2015 to February 11, 2017.  In view of the report's confidentiality, the FTC also released a version of this report in redacted form, which redacts the precise excerpts that

---

[1] https://epic.org/foia/ftc/facebook/EPIC-18-03-20-FTC-FOIA-20180626-FB-Assessment-2013.pdf.

Plaintiffs attach here.[2]  The portions of the report that the FTC redacted and that Facebook asks the Court to redact here describe highly sensitive information about Facebook's acquisitions.  As a result, the portion of Exhibit F that the FTC redacted qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "Highly Confidential – Attorneys' Eyes Only" information covered by the Protective Order.  (*See* Dkt. 122.)

13.     Exhibit H to Plaintiffs' Submission, which PwC has designated as "Confidential," discusses highly sensitive Facebook controls designed to prevent data misuse.  The document also lists requests from PwC in connection with its prior audits of Facebook.  Public disclosure of this information would impose harm on Facebook, as information about Facebook's internal data misuse controls could be used to circumvent those controls.  Moreover, public disclosure of Exhibit H would reveal confidential information about the relationship between PwC and Facebook, as well as confidential actions taken pursuant to Facebook's 2012 consent order with the FTC.  As a result, Exhibit H qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "Confidential" information covered by the Protective Order.  (*See* Dkt. 122.)

14.     Exhibit I to Plaintiffs' Submission, which PwC has designated as "Confidential," details Facebook's highly confidential approach to testing internal privacy controls.  The document also describes Facebook's confidential criteria for when exceptions are noted when testing controls.  Public disclosure of Exhibit I would harm Facebook because this information may be used to circumvent Facebook's controls.  Moreover, public disclosure of Exhibit I would reveal confidential information about the relationship between PwC and Facebook, as well as confidential actions taken pursuant to Facebook's 2012 consent order with the FTC.  As a result, Exhibit I qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "Confidential" information covered by the Protective Order.  (*See* Dkt. 122.)

15.     Exhibit J to Plaintiffs' Submission, which Facebook has designated as "Confidential," is an internal discussion between two Facebook employees.  The document

---

[2]  https://epic.org/foia/ftc/facebook/EPIC-18-03-20-FTC-FOIA-20180418-FB-Assessment-2017.pdf

details Facebook's confidential enforcement efforts to prevent data misuse. Public disclosure of this information would harm Facebook because, if details regarding how Facebook's efforts to prohibit data misuse are made public, third parties may use this information in future attempts to misuse data. As a result, Exhibit J qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "Confidential" information covered by the Protective Order. (*See* Dkt. 122.)

16. Exhibit L is an email between Facebook employees. Facebook marked this document as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order because it contains detailed discussion of Facebook's business relationships with third parties, including certain financial aspects of those relationships. Courts recognize the competitive harm that may be caused by public disclosure of this type of commercially sensitive information. *See Nicolosi Distrib., Inc. v. Finishmaster*, No. 18-cv-03587-BLF, 2018 WL 10758114, at *3 (N.D. Cal. Aug. 28, 2018) (sealing "a detailed discussion of a specific agreement," which included "specific pricing information," because of the harm that would be caused by publicly revealing this information "to competitors"). As a result, Exhibit L qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "Highly Confidential – Attorneys' Eyes Only" information covered by the Protective Order. (*See* Dkt. 122.)

17. Exhibit M, which Facebook has designated as "Confidential," is an email between Facebook employees. The email discusses certain permissions that grant access to certain types of data and reveals confidential information regarding the architecture of the Facebook Platform. Public disclosure of this information may cause competitive harm to Facebook, as its competitors would gain unfair insight into the design of the Facebook Platform with respect to permissions and data access. As a result, Exhibit M qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "Confidential" information covered by the Protective Order. (*See* Dkt. 122.)

18. Exhibit N, which Facebook has designated as "Confidential," discusses Facebook's relationship with certain business partners, including commercially sensitive information about those partners' access to certain data. Information about Facebook's

relationship with specific partners is commercially sensitive, and the disclosure of this information may cause Facebook competitive harm. *See Nicolosi Distrib.*, 2018 WL 10758114, at *3. As a result, Exhibit N qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "Confidential" information covered by the Protective Order. (*See* Dkt. 122.)

19.     Exhibit O, which Facebook has designated as "Confidential," discusses commercially sensitive information about Facebook's relationship with a third party, that third party's use of specific permissions, and the actions Facebook considered taking in response. Publicly disclosing these details about Facebook's relationship with a third party would likely cause Facebook competitive harm. *See Nicolosi Distrib.*, 2018 WL 10758114, at *3. Moreover, the email discusses specific features of the Facebook Platform and Facebook's efforts to prevent data misuse. If publicly disclosed, third parties may use this information to circumvent Facebook's enforcement efforts and policies against data misuse. As a result, Exhibit O qualifies for protection under Federal Rule of Civil Procedure 26(c) and is "Confidential" information covered by the Protective Order. (*See* Dkt. 122.)

*       *       *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 23, 2020 in Palo Alto, California.


                                                            /s/  Martie Kutscher
                                                                Martie Kutscher