GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO SEAL CORRECTED REQUEST TO APPROVE FACEBOOK'S SEARCH STRING PROPOSAL FOR CUSTODIAN GROUPS 1-4** |

Under Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") submits this administrative motion to permanently seal confidential materials.

## BACKGROUND

Pursuant to Discovery Order 7, Dkt. 522, on October 16, 2020, the parties submitted briefing on disputed search strings. Facebook moved to permanently seal or redact the portions of the parties' submissions that contain confidential information covered by the Protective Order in this action, Dkt. 122, and Federal Rule of Civil Procedure 26(c). *See* Dkt. 550.

As explained in Facebook's Corrected Request to Approve Facebook's Search String Proposal for Custodian Groups 1-4 ("Corrected Facebook Brief"), as a result of a misunderstanding regarding which search strings remained in dispute, Facebook is filing a Corrected Request to Approve Facebook's Search String Proposal for Custodian Groups 1-4 and accompanying exhibits ("Corrected Facebook Brief"), along with a Declaration of Martie Kutscher In Support Of Corrected Request to Approve Facebook's Search String Proposal for Custodian Groups 1-4.

Facebook now moves to seal and redact permanently portions of its corrected filing for the same reasons it moved to seal and redact portions of its original filing because, like Facebook's original search string submission, the Corrected Facebook Brief contains commercially sensitive information covered by the Protective Order and Federal Rule of Civil Procedure 26(c). Facebook respectfully requests that the Court:

i. Redact permanently Facebook's Corrected Request to Approve Facebook's Search String Proposal for Custodian Groups 1-4 (Declaration of Martie Kutscher In Support Of Facebook's Administrative Motion to Seal ("Kutscher Declaration"), Ex. 1);

ii. Seal permanently the unredacted version of Facebook's Corrected Request to Approve Facebook's Search String Proposal for Custodian Groups 1-4 (Kutscher Decl., Ex. 2); and

iii. Seal permanently Exhibits A, B, and C to the Declaration of Martie Kutscher In

Support Of Facebook's Corrected Request to Approve Facebook's Search String Proposal for Custodian Groups 1-4 (Kutscher Decl., Exs. 3, 4, and 5, respectively).

**ARGUMENT**

The information that Facebook asks the Court to seal and redact falls into two categories: (i) the parties' proposed search strings, and (ii) information about the custodians against whose files the parties propose running the strings. Both categories of information should be sealed.

The materials that Facebook asks the Court to seal or redact include commercially sensitive information covered by the Protective Order in this matter, including information drawn from confidential Facebook documents embedded in the parties' accepted and disputed search strings, other sensitive information embedded in these search strings, and information about the matter's custodians. Sealing this information would protect Facebook's confidential business information from public disclosure and cause no public harm. Indeed, courts routinely recognize that there is a diminished public interest in documents "attached to motions that are not related, or only tangentially related, to the merits of a case." *Doe v. Walmart, Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Milliner v. Bock Evans Financial Counsel*, No. 15-cv-01763-JD, 2020 WL 1492692 at *1 (N.D. Cal. Mar. 27, 2020). The materials Facebook seeks to seal here are submitted in connection with a dispute regarding search strings, which are merely a tool to identify potentially responsive documents.

***Search Strings.*** Facebook requests that the Court permanently seal or redact the parties' accepted and disputed search strings. The Court should do so for a number of reasons.

*First*, as the docket discloses, a number of the search strings proposed in this matter come directly from search strings run in government investigations. Of note, a number of the search strings come from the FTC's 2018-2019 investigation into Facebook, which the Court ordered Facebook to disclose to Plaintiffs on an "attorneys' eyes only" basis. *See* Dkt. 394; Kutscher Decl., ¶ 6. Publicly disclosing the strings would allow the public to piece together the strings run in the FTC's 2018-2019 investigation—the very information the Court has recognized is highly

2

confidential and should be shielded from public disclosure.  *See* Dkt. 394.

*Second*, the search strings themselves—which are lengthy and complex—embed confidential code names, highly sensitive project names, company strategies, and confidential financial information.  Kutscher Decl., ¶ 7; *see also Asetek Danmark A/S v.CMI USA, Inc*., No. 13-cv-00457-JST, 2015 WL 4511036 at *2 (N.D. Cal. July 23, 2015) (finding compelling reasons to seal business information where "competitors would be able to take advantage of . . . information that could cause [] competitive harm"); *In re Incretin-Based Therapies Products Liabilities Litig.*, No. 13-md-2452-AJB, 2015 WL 11658712 at *2 (S.D. Cal. Nov. 18, 2015) ("[C]ourts have maintained documents under seal where the information contained therein could permit competitors to gain access to operational and personnel information.").  The search strings also include the names of Facebook's business partners and confidential details regarding Facebook's business relationship with them.  Public access to these strings could cause Facebook competitive harm and may encourage competitors to establish competing relationships with those partners.  *See Obesity Research Institute, LLC v. Fiber Research Int'l, LLC*, 2018 WL 3642177, at *6 (S.D. Cal. Aug. 1, 2019) (granting a motion to seal information that, if publicly disclosed, would have "identif[ied]" certain "business relationships").

*Third*, the search strings include terms and concepts drawn from commercially sensitive documents that Facebook has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  Indeed, Plaintiffs explain expressly that they have proposed strings *because* they include terms pulled directly from documents produced in this matter that Facebook has designated as "Confidential."  Only by way of example, Plaintiffs explain that disputed string Plaintiffs' 467 includes terms drawn directly from a confidential Facebook document containing highly sensitive information about specific applications' permissions and Facebook's enforcement efforts.  *See* Dkt. 545-2 at 38.  Because the search strings draw directly from confidential documents, their public disclosure would enable the public access to information from commercially sensitive documents that are properly covered by the Protective Order and Federal Rule of Civil Procedure 26(c).  *See Bestway (USA), Inc. v.*

3

*Sgromo*, No. 17-CV-00205-HSG, 2018 WL 1411108, at *3 (N.D. Cal. Mar. 21, 2018) (sealing "proprietary and confidential business information").

For these reasons, public disclosure of the search strings would disclose commercially sensitive information about Facebook and cause Facebook to suffer harm. Competitors' access to this information would give them unfair insight into proprietary Facebook information. *See Dugan v. Lloyds TSB Bank, PLC*, No. 12–cv–02549–WHA (NJV), 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013) (holding "confidential research" and "development or commercial information" should be sealed if "the disclosure of the information might harm a litigant's competitive standing").[1]

***Custodians.*** Facebook asks the Court to permanently seal and/or redact information about the custodians on whose files the parties propose running each search string. The court previously sealed the names and job descriptions of the custodians in this action. Dkt. 437. Publicly revealing the custodians here would be inconsistent with that order.

Moreover, disclosing the custodians would reveal publicly the custodians from the FTC's 2018-2019 investigation, given that Facebook's prior filings make clear that the custodians in this action were selected largely from the custodians from that FTC investigation. *See* Dkts. 413, 415. Like the FTC search strings, the Court ordered Facebook to provide Plaintiffs the custodians from the FTC investigation on an attorneys' eyes only basis. *See* Dkt. 394.

In addition, Facebook's Corrected Brief includes personnel information about a large

---

[1] There are additional practical reasons to seal the parties' proposed search strings. As the Court knows, Facebook is litigating a number of matters, including a number of cases arising from similar facts. In this case and others Facebook has faced various demands for "cloned" discovery from other matters and to incorporate search strings used in other matters. This has had a snowball effect on discovery and often leads to unnecessary and distracting disputes regarding whether documents produced or search strings used in one matter are appropriate in a different case. Indeed, as this court has recognized, granting clone discovery often "expand[s] the scope of discovery beyond that allowed by the Federal Rules." *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods Liability Lit.*, MDL No. 2672, 2017 WL 4680242 (N.D. Cal., Oct., 18, 2017). The search strings at issue here are the result of months of negotiation and compromise and include code names and terms of art specific to this matter. If publicly disclosed, Facebook anticipates parties in other matters may seek to recycle the terms, leading to unnecessary side disputes regarding why certain terms were proposed in this case.

number of current and former Facebook employees. *See Murphy v. Kavo America Corp.*, No. CV-11-0410-YGR, 20122012 WL 1497489 at * 1 ("Employees and former employees who are not parties to [] litigation have privacy interests in their personnel information.").

Finally, disclosing the custodians proposed for particular search strings and topics in this matter would reveal sensitive business information, including which Facebook departments and employees are working on highly sensitive and confidential issues, Facebook's business relationships with third parties, Facebook's enforcement of data misuse, and issues regarding the monetization of user data. Kutscher Decl., ¶ 8. Public access to such information may cause Facebook competitive harm and encourage competitors to poach employees working on confidential projects and critical issues. *See Asetek Danmark A/S*, 2015 WL 4511036 at *2.

***Facebook's sealing request is narrowly tailored.*** Facebook's proposed redactions to the Facebook Corrected Brief exclusively redact search strings and the custodians whose files the parties propose running the search strings, as well as detailed descriptions of either that would, in effect, reveal the search strings and custodians. Exhibits A, B, and C to the Declaration of Martie Kutscher In Support Of Facebook's Corrected Request to Approve Facebook's Search String Proposal for Custodian Groups 1-4 exclusively contain information regarding the accepted and disputed search strings, and the custodians against whose files those strings would run. As a result, the harm from public disclosure could not be avoided by less restrictive means.

## CONCLUSION

For these reasons, Facebook respectfully requests that the Court:

i. Redact permanently Facebook's Corrected Request to Approve Facebook's Search String Proposal for Custodian Groups 1-4 (Kutscher Decl. Ex. 1);

ii. Seal permanently the unredacted version of Facebook's Corrected Request to Approve Facebook's Search String Proposal for Custodian Groups 1-4 (Kutscher Decl. Ex. 2); and

iii. Seal permanently Exhibits A, B, and C to the Declaration of Martie Kutscher In Support Of Facebook's Corrected Request to Approve Facebook's Search String Proposal for Custodian Groups 1-4 (Kutscher Decl. Exs. 3, 4, and 5, respectively).

Dated:  October 24, 2020  **GIBSON, DUNN & CRUTCHER, LLP**

By: */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*

## **CERTIFICATE OF SERVICE**

I, Orin Snyder, hereby certify that on October 24, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

By:   */s/ Orin Snyder*
       Orin Snyder