UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No.  18-md-02843-VC (JSC)<br><br>**DISCOVERY ORDER NO. 9**<br>(Dkt. Nos. 515, 526, 537, 548) |

This MDL matter has been assigned to the undersigned for management of discovery. Now pending before the Court are the Parties' briefs concerning the proper scope of discovery related to the data Facebook accumulates about the named Plaintiffs. (Dkt. Nos. 515, 526, 537, 548.)  In brief, Facebook contends that the district court's order specifically defined the data at issue as "substantive and revealing content that users intended only for a limited audience." (Dkt. No. 298.)  Based on this definition, Facebook argues that for any named Plaintiff data to be relevant and discoverable, it must meet two criteria.  First, the discoverable data must have arisen from user activity occurring on the Facebook platform, such as Facebook posts and sent messages. Second, the named Plaintiff must have then overtly shared such data with a limited audience, such as their friends.  Facebook submits that this is the only plausible reading of the district court's order limiting Plaintiffs to four actionable categories of potential liability.  Plaintiffs respond that the universe of discoverable data Facebook collects for each user is much larger and necessarily includes: (1) user activity occurring off the Facebook platform; and (2) user data that can be inferred from user activity occurring on or off the Facebook platform.  A second question presented by the briefs is whether discovery may proceed on the claims the district court stayed.

After carefully considering the papers submitted by the Parties, and consulting with the district court, the Court rules that discovery is not as limited as Facebook contends.  Plaintiffs correctly argue that Facebook's restrictive view of relevant discovery would exclude an enormous

amount of information that Facebook collects and shares with third parties about Facebook's users.  The district court's order (Dkt. No. 298) did not limit Plaintiffs' claims to only challenging the sharing of data Facebook collects from a user's on-platform activity; the claims also challenge Facebook's sharing of user data and alleged failure to monitor how third parties used such shared information.

Accordingly, the Court rules the discoverable user data at issue includes:

- Data collected from a user's on-platform activity;
- Data obtained from third parties regarding a user's off-platform activities; and
- Data inferred from a user's on or off-platform activity.

As for the stayed claims, and again after consulting with the district court, the Court rules that discovery is stayed as to the stayed claims.  Of course, if a particular discovery request is relevant to both a stayed and non-stayed claim, then discovery is not stayed merely because the discovery request is also relevant to a stayed claim.

**IT IS SO ORDERED.**

Dated: October 29, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge