UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN PRICE, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>FACEBOOK, INC., et al.,<br><br>        Defendants. | Case No. 18-md-02843-VC<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFFS NAOMI BUTLER AND PETER CHRISTLEY**<br><br>Re: Dkt. No. 503 |

      Facebook's motion to dismiss the U.K. plaintiffs, Naomi Butler and Peter Christley, is granted. Before they joined the lawsuit, Butler and Christley agreed to the replacement of Facebook's California forum selection clause with its new U.K. forum selection clause. The new provision applies to "any claim, cause of action, or dispute" that "arises out of or relates to these Terms or the Facebook Products"—defined to include the Facebook website and application. The provision further specifies that it will "supersede any prior agreements." This language makes clear that the new forum selection provision is not limited to disputes that might arise after its enactment; it covers disputes that have already arisen. *See TradeComet.com LLC v. Google*, 435 F. App'x 31, 34-35 (2d Cir. 2011); *Zink v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 13 F.3d 330, 332 (10th Cir. 1993). Thus, the fact that Butler and Christley are complaining of privacy violations committed before the new provision took effect does not prevent it from applying.

      Nor does it matter that this lawsuit was filed before Facebook adopted the new forum selection provision. Butler and Christley were not plaintiffs in the original lawsuit; they were merely absent members of a proposed class. *See Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011). They joined as named plaintiffs well after adoption of the new forum selection provision in an

attempt to replace the named U.K. plaintiffs who originally filed suit but then dropped out. Perhaps if Butler and Christley had been named plaintiffs from the start, Facebook could be precluded from invoking the new forum selection clause against them. If a forum selection or arbitration provision is adopted as a result of direct communications between a defendant and a plaintiff, without the involvement of the plaintiff's lawyers or a specific disclosure that it would affect a pending lawsuit, this would certainly raise questions about its enforceability. *But see Newhall v. Chase Home Finance*, 2010 WL 4387517, at *6 n.4 (D.N.J. Oct. 28, 2010); *Salgado v. Carrows*, 33 Cal.App.5th 356, 359-362 (2019). But because Butler and Christley were not plaintiffs in the case (and because they were not subject to a court order governing communications between the defendant and proposed class members), this concern is not present here.

If Facebook had adopted the new forum selection provision in an attempt to undercut a pending class action, that too could be an independent reason not to enforce it. *Cf. AT&T Corp. v. Care Medical Equipment*, 2006 WL 1371651, at *2-3 (D. Or. May 15, 2006); *see also Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018). But as both sides agree, this was not an attempt to undercut the class action. The new provision was required by European law. And indeed, this case has hardly been undercut. It will proceed as a proposed class action on behalf of all Facebook users in the United States; it is only the alleged violations against U.K. Facebook users that will not be litigated here. And these U.K. Facebook users, thanks to the new forum selection clause, can now pursue their claims against Facebook in their home courts in the U.K.

**IT IS SO ORDERED.**

Dated: November 10, 2020

_____
VINCE CHHABRIA
United States District Judge

2