Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*
*Additional counsel listed on signature page*

Orin Snyder (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035
osnyder@gibsondunn.com

Deborah Stein (SBN 224570)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.:  213.229.7000
Fax:  213.229.7520
dstein@gibsondunn.com

*Attorneys for Defendant Facebook, Inc.*
*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC |
| This document relates to:<br><br>ALL ACTIONS | **STIPULATION AND [PROPOSED] ORDER ON FURTHER SEARCH TERM NEGOTIATIONS** |

**THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

1. **Background and purpose.** The Court's Order on the search strings to be run for the 38 custodians in Groups 1-4 (Discovery Order 8) and the additional strings to which the parties agreed for those custodians will serve as the starting point for the parties' search string negotiations for the remaining 43 custodians. The parties will work to make search string proposals for those custodians that reflect their best judgment and discretion regarding the final searches to be run. All proposed searches shall be searches the parties would, in good faith, feel confident presenting to the Court.

2. **Facebook will make a new proposal for Groups 5-8 custodians based on Discovery Order 8.** No later than November 13th, Facebook will make a revised search string proposal (with hit counts, including unique hits, for each search string and by custodian, with the total hit counts deduplicated as to custodians in Groups 1-4) for the custodians in Groups 5-8. On November 6th, Plaintiffs identified the four RFPs Plaintiffs contend are not included among the search strings for the prior custodians. Facebook has made objections to these RFPs but will incorporate them into its proposal, subject to its objections. In connection with its search term proposal, Facebook will identify the custodians against whose files each string should run. Facebook's proposal will not revise any strings to which the parties agreed or the Court ordered for the prior custodians in Groups 1-4. If Facebook's proposal excludes any such strings, it will explain in writing why the string is not included. Any string Facebook proposes for the previously negotiated RFPs that was not agreed to or ordered by the Court will come from Facebook's prior proposal for the remaining custodians. Facebook will also explain in writing and with particularity why any such string is appropriate for the proposed custodians even if it was not so for the prior custodians.

3. **Plaintiffs will make a counterproposal, also based on Discovery Order 8.** No later than November 23rd, Plaintiffs will make any counterproposal, which may include any strings to which the parties agreed or the Court ordered for the prior custodians in Groups 1-4,

but which Facebook did not include in its proposal. Plaintiffs' counterproposal will not revise any strings to which the parties agreed or the Court ordered for the custodians in Groups 1-4. In addition, Plaintiffs' counterproposal shall include no more than 35 new strings. In connection with its counterproposal, Plaintiffs will identify the custodians against whose files each string should run. For any string proposed by Plaintiffs that is not being run against the custodians in Groups 1-4, Plaintiffs will explain in writing (i) why the string is needed in addition to Facebook's proposed strings, and (ii) why the string is appropriate for the proposed custodians, even if it was not so for the prior custodians. If Plaintiffs ask Facebook to run a string proposed by Facebook against the files of additional custodians, Plaintiffs will explain in writing and with particularity why the particular string should be run against the files of each additional custodian. Within 10 days of receiving Plaintiffs' proposal, Facebook will generate hit counts on Plaintiffs' counterproposal (including unique hits) for each search string and by custodian, with the total hit counts deduplicated as to custodians in Groups 1-4.

    4.  **Facebook will provide its response to Plaintiffs' counterproposal.** Within 10 days of the delivery of hit counts on Plaintiffs' counterproposal, Facebook will provide its response to Plaintiffs' counterproposal, including hit counts for each string and custodian. For any search string proposed by Plaintiffs that Facebook does not accept, Facebook will explain in writing and with particularly the rationale for its rejection. Similarly, Facebook will explain in writing and with particularity its reasoning for declining to run strings against additional custodians proposed by Plaintiffs.

    5.  **The parties will meet and confer for one week and then exchange their final proposals, except for any subsequent revisions that result from sampling.** The parties will meet and confer about the competing search string and custodian proposals for no more than one week. The parties will then exchange their proposals within 4 business days, subject to subsequent revisions, if any, based on statistical sampling, consistent with Paragraph 6. Facebook will provide updated hit counts based on the parties' competing proposals as soon as

STIPULATION AND [PROPOSED] ORDER    2    MDL NO. 2843
ON FURTHER SEARCH TERM        CASE NO. 18-MD-02843-VC-JSC
NEGOTIATIONS

they are available, and, at the latest, within 10 days of the parties exchanging their proposals. Within three business days thereafter, the parties will each identify: (i) any strings the party accepts in full, including the proposed custodians for those strings; (ii) any strings the party disputes (including with respect to the custodians) and intends submit to the Court without statistical sampling; and (iii) any strings for which the party will request statistical sampling. The parties shall make no further revisions to the strings in the first two categories. As detailed in paragraph 6, the parties will be permitted to revise strings subject to statistical sampling.

6. **The parties will negotiate a schedule for statistical sampling**. Consistent with the ESI Protocol, once the process outlined in Paragraph 5 is complete, the parties will meet and confer regarding a reasonable number of disputed strings, if any, for which Facebook will review a random and statistically significant sample of documents, and a schedule for completing that review. For any random sample that is reviewed, the parties will, in good faith, attempt to reach agreement on the appropriate sample size. The parties will then meet and confer regarding the results for three business days, and if the parties do not reach agreement, within three business days thereafter, each party may choose to revise any sampled strings that remain in dispute in light of the sampling results. Facebook will provide updated hit counts for the revised string(s) and custodians as soon as they are available. The parties will then meet and confer regarding the results for three business days, and if the parties do not reach agreement, the requesting party will decide whether to continue disputing that string within three business days. If either party revises a string after sampling is complete, the other party will be permitted to request sampling of the revised string, consistent with the ESI Protocol, so that accurate sampling results are available to present to the Court. Facebook will provide updated hit counts for the revised string(s) and custodians as soon as they are available. The parties will then meet and confer regarding the results for three business days, and if the parties do not reach agreement, the requesting party will decide whether to continue disputing that string within three business days.

Once all sampling is complete, Facebook will provide updated hit counts based on the parties' competing proposals.

7. **The parties will submit disputed strings to the court**. Within seven days of receiving hit counts on the competing proposals, the parties will present disputed strings to the Court in the same format as their prior search string submissions, with each party limited to one page of narrative per string.

8. **Deadlines.** The parties will use their best efforts to meet each of the deadlines set forth above. The parties recognize, however, that certain deadlines in this proposal may interfere with upcoming holidays. To the extent a deadline conflicts with a holiday, the party to which the deadline applies will raise the conflict as early as possible, and the parties will work in good faith to extend appropriate professional courtesies.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: November 10, 2020                                  Respectfully submitted,

KELLER ROHRBACK L.L.P.                                    BLEICHMAR FONTI & AULD LLP

By:   */s/ Derek W. Loeser*                               By:   */s/ Lesley E. Weaver*
      Derek W. Loeser                                           Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)                 Lesley E. Weaver (SBN 191305)
Cari Campen Laufenberg (admitted *pro hac vice*)          Anne K. Davis (SBN 267909)
David Ko (admitted *pro hac vice*)                        Matthew P. Montgomery (SBN 180196)
Adele A. Daniel (admitted *pro hac vice)*                 Angelica M. Ornelas (SBN 285929)
1201 Third Avenue, Suite 3200                             Joshua D. Samra (SBN 313050)
Seattle, WA 98101                                         555 12th Street, Suite 1600
Tel.: (206) 623-1900                                      Oakland, CA 94607
Fax: (206) 623-3384                                       Tel.: (415) 445-4003
dloeser@kellerrohrback.com                                Fax: (415) 445-4020
lsarko@kellerrohrback.com                                 lweaver@bfalaw.com
gcappio@kellerrohrback.com                                adavis@bfalaw.com
claufenberg@kellerrohrback.com                            mmontgomery@bfalaw.com
dko@kellerrohrback.com                                    aornelas@bfalaw.com

STIPULATION AND [PROPOSED] ORDER                 4                          MDL NO. 2843
ON FURTHER SEARCH TERM                                         CASE NO. 18-MD-02843-VC-JSC
NEGOTIATIONS

adaniel@kellerrohrback.com                    jsamra@bfalaw.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

GIBSON, DUNN, & CRUTCHER LLP

By: */s/ Orin Snyder*
Orin Snyder

GIBSON, DUNN, & CRUTCHER LLP

Orin Snyder (pro hac vice)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)

mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Attorneys for Defendant Facebook, Inc.

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____

                HON. JACQUELINE SCOTT CORLEY
                UNITED STATES MAGISTRATE JUDGE

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Orin Snyder, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of November, 2020.

/s/ *Orin Snyder*
Orin Snyder