GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
   klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
   mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
   dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.700
FACSIMILE:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
   jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:  FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **FACEBOOK'S SUPPLEMENTAL ANSWER**<br><br>Judge:  Hon. Vince Chhabria |

Defendant Facebook, Inc. ("Facebook") provides this Supplemental Answer in response to Plaintiffs' Second Amended Consolidated Complaint ("SACC") as follows:

Pursuant to the parties' September 10, 2020 Stipulation (Dkt. 510), this Supplemental Answer provides Facebook's answers and affirmative defenses to the SACC with respect to "allegations that were not in the First Amended Consolidated Complaint or that appear in the SACC in revised form." This Supplemental Answer shall be read together with Facebook's Answer to Plaintiffs' First Amended Consolidated Complaint (Dkt. 373) as Facebook's answer and affirmative defenses to the SACC.

Plaintiffs represent that they filed the SACC "for the sole purpose of substituting certain Named Plaintiffs who have withdrawn or wish to withdraw with others who are willing to serve." *See* Plaintiffs' Motion for Leave to Amend to File Second Amended Consolidated Complaint, Dkt. 397. To the extent the SACC includes typographic revisions unrelated to the Named Plaintiffs, Facebook interprets such revisions as not altering the meaning of the allegations in the First Amended Consolidated Complaint and does not provide a supplemental response.[1] Consistent with Facebook's Answer to Plaintiffs' First Amended Consolidated Complaint (Dkt. 373) and the Court's January 8, 2020 ruling, Facebook answers only Plaintiffs' Prioritized Claims. *See* Transcript of January 8, 2020 Hearing at 11:13-12:10.

Except as otherwise expressly stated below or in Facebook's Answer to Plaintiffs' First Amended Consolidated Complaint (Dkt. 373), Facebook denies each and every allegation contained in the SACC. Facebook states that the headings, sub-headings, and footnotes throughout the SACC do not constitute well-pled allegations of fact and therefore require no response. To the extent a response is required, Facebook denies the allegations in the headings,

---

[1] For the avoidance of doubt, Facebook continues to answer the following allegations with the answers provided in its Answer to Plaintiffs' First Amended Consolidated Complaint: 233, 274, 298, 323, 335, 360, 367, 371, 373, 375, 399, 430, 461, 524, 532, 574, 597, 622, 657, 664, 691, 735, 738, 741, 750, 769, 818, 819, 838, 846, 883, 903, and 978. Facebook notes that the revisions to the vast majority of these paragraphs were not included in the version the SACC Plaintiffs sought leave to file. *See* Dkt. 398-1, Dkt. 491.

FACEBOOK'S SUPPLEMENTAL ANSWER
MDL No. 2843
CASE No. 18-MD-02843-VC

sub-headings, and footnotes in the SACC.  Facebook reserves the right to seek to amend and/or supplement its Supplemental Answer as may be necessary.

## ANSWERS TO SPECIFIC ALLEGATIONS

35.     To the extent Paragraph 35 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 35.

36.     To the extent Paragraph 36 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 36.

37.     To the extent Paragraph 37 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 37.

38.     To the extent Paragraph 38 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 38.

39.     To the extent Paragraph 39 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 39.

40.     To the extent Paragraph 40 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 40.

41.     To the extent Paragraph 41 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 41.

FACEBOOK'S SUPPLEMENTAL ANSWER
MDL No. 2843
CASE No. 18-md-02843-VC

42.      To the extent Paragraph 42 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 42.

43.      To the extent Paragraph 43 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 43.

77.      Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Naomi Butler has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 77.

78.      Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Naomi Butler has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 78.

79.      Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Naomi Butler has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 79.

80.      Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Naomi Butler has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 80.

81.      Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Naomi Butler has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 81.

82.      Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Naomi Butler has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 82.

83.      Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Naomi Butler has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 83.

84.     Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Naomi Butler has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 84.

85.     Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Peter Christley has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 85.

86.     Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Peter Christley has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 86.

87.     Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Peter Christley has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 87.

88.     Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Peter Christley has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 88.

89.     Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Peter Christley has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 89.

90.     Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Peter Christley has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 90.

91.     Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Peter Christley has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 91.

92.     Pursuant to the Court's Order granting Facebook's Motion to Dismiss Naomi Butler and Peter Christley (Dkt. 571), Plaintiff Peter Christley has been dismissed. Facebook, therefore, is not required to answer the allegations in Paragraph 92.

109.     To the extent Paragraph 109 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 109.

110.     To the extent Paragraph 110 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 110.

111.     To the extent Paragraph 111 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 111.

112.     To the extent Paragraph 112 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 112.

113.     To the extent Paragraph 113 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 113.

114.     To the extent Paragraph 114 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 114.

115.     To the extent Paragraph 115 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 115.

116.     To the extent Paragraph 116 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 116.

204.     To the extent Paragraph 204 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 204.

FACEBOOK'S SUPPLEMENTAL ANSWER
MDL No. 2843
CASE No. 18-MD-02843-VC

205.    To the extent Paragraph 205 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 205.

206.    To the extent Paragraph 206 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 206.

207.    To the extent Paragraph 207 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 207.

208.    To the extent Paragraph 208 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 208.

209.    To the extent Paragraph 209 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 209.

210.    To the extent Paragraph 210 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 210.

211.    To the extent Paragraph 211 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 211.

416.    Facebook admits that the image in Paragraph 416 reflects the notice that certain users received in 2018.

738.    To the extent Paragraph 738 asserts facts regarding other parties, Facebook is without knowledge and, on that basis, the allegations are denied.  Facebook otherwise denies the allegations in Paragraph 738.

FACEBOOK'S SUPPLEMENTAL ANSWER
MDL No. 2843
CASE No. 18-MD-02843-VC

854.    To the extent Paragraph 854 asserts legal conclusions, no response is required. Facebook otherwise denies the allegations in Paragraph 854.

915.    Paragraph 915 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

916.    Paragraph 916 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

917.    Paragraph 917 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

918.    Paragraph 918 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

919.    Paragraph 919 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

920.    Paragraph 920 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

921.    Paragraph 921 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

922.    Paragraph 922 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

923.    Paragraph 923 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

924.    Paragraph 924 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

925.    Paragraph 925 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

926.    Paragraph 926 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

FACEBOOK'S SUPPLEMENTAL ANSWER
MDL No. 2843
CASE No. 18-MD-02843-VC

927.     Paragraph 927 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

928.     Paragraph 928 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

929.     Paragraph 929 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

930.     Paragraph 930 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

931.     Paragraph 931 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

932.     Paragraph 932 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

933.     Paragraph 933 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

934.     Paragraph 934 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

935.     Paragraph 935 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

936.     Paragraph 936 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

937.     Paragraph 937 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

938.     Paragraph 938 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

953.     Paragraph 953 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

954.     Paragraph 954 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

955.     Paragraph 955 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

956.     Paragraph 956 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

957.     Paragraph 957 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

958.     Paragraph 958 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

959.     Paragraph 959 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

960.     Paragraph 960 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

961.     Paragraph 961 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

962.     Paragraph 962 has been stricken from the SACC.  *See* Dkt. 570.  No response is required.

FACEBOOK'S SUPPLEMENTAL ANSWER

Dated:  November 24, 2020                    **GIBSON, DUNN & CRUTCHER, LLP**

By:  */s/ Deborah Stein*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*