UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No.  18-md-02843-VC (JSC)<br><br>**DISCOVERY ORDER NO. 11** |

This MDL matter has been assigned to this Court for management of discovery.  The Court held a discovery status conference on December 9, 2020 and this Order memorializes the decisions made at the hearing.

**A. 30(b)(6) Witness**.  At the hearing, Facebook insisted it does not have any documents reflecting its valuation of the user data it collects.  It also contended that Plaintiffs conceded that user data not shared with or accessible to third parties is not relevant, (Dkt. No. 548 at 10), and because Facebook does not share inferred user data, the inferred user data Facebook maintains is not relevant.  Facebook both collects and uses data about its users as part of its business model, including data derived from third parties.  How it specifically uses this data is an open question, but if the Court were to accept Facebook's arguments about the scope of production, it would eliminate Discovery Order No. 9's third category of discovery: data inferred from a user's on or off-platform activity.  What is needed now is more detail about Facebook's collection and use of user data so future discovery requests can be tailored to Plaintiffs' better understanding of the internal operations of Facebook as well the terminology it uses for describing data that is potentially responsive to Plaintiffs' discovery requests.

The Court accordingly orders Facebook to provide a 30(b)(6) witness regarding the discoverable user data as articulated by Discovery Order No. 9. (Dkt. No. 557.)  Facebook shall also provide a 30(b)(6) witness on how it monetizes—directly or indirectly—and thus

values user data. Plaintiffs shall provide Facebook with their 30(b)(6) Notice on or before December 18, 2020 and Facebook will have until January 13, 2021 to submit an initial response. The 30(b)(6) topics shall be narrowly tailored to assist Plaintiffs with identifying relevant discovery in the above two areas. The deposition will be limited to the time period of 2012 through 2017 to reduce burden and given its investigatory purpose.

**B. Search Terms**. The Parties shall continue to meet and confer the week of December 14-18 regarding their competing proposals. Given the deadline for submission of final proposals—Christmas Eve—the Parties shall submit a stipulation by December 18, 2020, agreeing to a new deadline for final proposals.

**C. Five-Day Détente**. The Parties shall meet and confer to choose five consecutive business days during the upcoming holidays where no communications will take place between the Parties regarding the case. Communications on other topics are encouraged.

**D. Plaintiffs' Interrogatory Responses and Privacy Settings Data**. Plaintiffs shall supplement their interrogatory responses regarding what they characterize as their sensitive information with specific examples rather than general categories.

**E. Additional Proposed Custodians**. The addition of further custodians for discovery purposes is premature at this time.

**F. Dismissal of Named Plaintiffs**. The parties shall file a stipulation regarding the dismissal of certain named plaintiffs in accordance with what was discussed at the hearing no later than December 18, 2020.

**G. Next Status Conference**. The next video status conference shall be January 15, 2021 at 8:30 a.m. The Parties shall submit a joint status update by January 14, 2021 at 12:00 p.m.

**IT IS SO ORDERED.**

Dated: December 11, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge