Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*
*Additional counsel listed on signature page*

Orin Snyder (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035
osnyder@gibsondunn.com

Joshua S. Lipshutz (SBN 242557)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel.: 202.955.8500
Fax: 202.467.0539
jlipshutz@gibsondunn.com

*Attorneys for Defendant Facebook, Inc.*
*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **STIPULATION AND [PROPOSED] ORDER ESTABLISHING EXPERT DISCOVERY AND DEPOSITION PROTOCOL**<br><br>Judges: Hon. Vince Chhabria and Hon. Jacqueline Scott Corley |

This Order shall govern expert discovery and depositions in the above-referenced action including: (1) those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its order entered on June 6, 2018 (*see* Case MDL No. 2843, ECF No. 140), (2) any tag-along actions transferred to this Court by the JPML pursuant to Rules 7.1 and 7.2 of the Rules of Procedure of the Panel, after the filing of the final transfer order by the Clerk of the Court, and (3) all related actions originally filed in this Court or transferred or removed to this Court and assigned thereto as part of *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, MDL No. 2843, Case No. 18-md-02843-VC ("MDL 2843"). These cases will be referred to herein as the "MDL Proceedings" or "MDL 2843."

*Applicability of Federal Rule of Civil Procedure 26*

1. Other than as specifically provided in this Stipulation and Order Establishing Expert Discovery and Deposition Protocol, Fed. R. Civ. P. 26 shall govern expert discovery.

*Expert Reports and Depositions*

2. The designation and disclosure of experts must be accompanied by a report that complies with Fed. R. Civ. P. 26(a)(2)(B), and as set forth in further detail below in paragraphs 6-11 below. Experts shall be subject to a deposition as directed in Fed. R. Civ. P. 26(b)(4)(A) and prior to the close of expert discovery unless otherwise agreed to by the parties or ordered by the Court.

*Production and Discoverability of Expert Materials*

3. The following types of information shall *not* be the subject of any form of discovery, and the parties shall not be obligated to preserve such information in any form or include such information on any privilege log:

    A. The content of oral, written or other communications among and between:

        i. counsel and the expert and/or the expert's staff and/or supporting firms;

        ii. counsel and any non-testifying expert consultant and/or the consultant's staff;

      iii.    the expert and other non-testifying expert consultants;

      iv.    the expert and their staff and/or supporting firms;

      v.    non-testifying expert consultants and their staffs;

      vi.    non-testifying expert consultants and the respective staffs and/or supporting firms of non-testifying expert consultants; and/or

      vii.    the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of non-testifying expert consultants.[1]

    B.    Notes, drafts, written communications, preliminary or intermediate calculations, computations, or other types of preliminary work created by, for, or at the direction of a testifying expert in connection with this matter (aside from the final written expert report(s) and notes generated while testifying), including (i) copies of documents produced by any party bearing the notes, markings, or comments of any of the following persons or their staff or agents: the expert, non-testifying experts, consultants or outside or in-house attorneys for the party or parties, and (ii) any material not relied upon by the expert in her/his final written report.

4.    No party or their experts or non-testifying expert consultants are obligated to preserve or produce budgets, invoices, bills, receipts or time records concerning the work performed by testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, associates, or other agents, or their companies or organizations, relating to the report, testimony, or services provided in this matter. For the avoidance of doubt, this paragraph shall not in any way limit the scope of questioning at an expert's deposition, including without limitation questioning regarding the amount of time spent or the amount of money billed by experts or their staff, assistants, colleagues, associates, or other agents, or their companies or organizations, relating to the report, testimony, or services provided in this matter, including

---

[1] For avoidance of doubt, suggestions from outside counsel regarding revisions to the form of the expert's report, or additional support for the expert's ultimate opinions are examples of the kind of communications that, under paragraph 3(a), are not subject to discovery.

billing provided to date. Upon request of the opposing party, the expert must also supplement at the time of trial or any other subsequent testimony, including declarations. The expert must also disclose the compensation to be paid (e.g., hourly rates for the expert and any staff) in connection with the report and testimony pursuant to Fed. R. Civ. P. 26(a)(2)(B)(vi), consistent with paragraph 6 below.

     5.     The limitations contained in paragraphs 3 and 4 above shall not apply to any communications, documents, calculations, computations or other forms of information or work upon which a testifying expert relies as a basis for any of her/his opinions or reports. To the extent a testifying expert relies on an assumption provided by counsel, the assumption must be disclosed in the report. Counsel may also inquire at a deposition about any assumptions, facts, documents, data or other information provided to the expert by counsel and upon which such expert is relying upon expressing the expert's opinions, including without limitation the communication(s) between counsel and the testifying expert concerning assumptions provided by counsel.

*Production Following Disclosure of Reports and Prior to Deposition.*

     6.     Subject to the exceptions described at the end of this paragraph, the expert shall produce: (i) all files, documents, data, and other information *relied upon* by the expert witness in forming the expert witness's opinions; (ii) any exhibits that will be used to summarize or support the expert witness's opinions; and (iii) any work product (including but not limited to, analyses, spreadsheets, graphs, and charts) *relied upon* by the expert witness that is based on the output from any computer programs, as soon as practicable following the disclosure of the expert's report and no later than ten (10) calendar days following the disclosure of the expert report.[2] All other disclosures required by Fed. R. Civ. P. 26(a)(2)(B) will be served at the time of the report. "Files, documents, data or other information relied upon" shall include underlying schedules, spreadsheets, coding, or other information sufficient to reconstruct the work, calculations, and/or

---

[2] Notwithstanding the obligation to disclose documents, data, or other information "relied upon" by the expert witness in forming the expert witness's opinions, documents, data, or other information that is merely "considered by" the expert witness do not need to be disclosed.

analyses upon which the expert witness is relying for her or his opinions. To the extent that an expert witness relies on exhibits, information, or data processed or modeled by a computer program, machine readable copies of those exhibits, information, and data (including all input and output files) along with the appropriate computer software programs, instructions, and field descriptions shall be produced no later than ten (10) calendar days following the disclosure of the expert report. All electronic data and data compilations shall be produced in the same form or format in which it was used for the expert witness's calculations, in working order with all links to other spreadsheets and/or underlying data. Any files, documents, data, and other information that is publicly available or in the possession of the other party (*e.g.*, discovery produced in this case) need not be produced in connection with the disclosure of the expert report, but must be specifically identified in the report. The expert's obligation to produce computer software programs applies to programs that are created by or on behalf of the expert and used for purposes of the expert report disclosed in this case. To the extent the expert must produce such programs to the other party, the parties agree to meet and confer regarding the timing and format of such production.

7. Unless otherwise agreed to by the parties, the expert's deposition shall not commence until at least fourteen (14) calendar days after all files, documents, data, and other information relied upon by the expert witness and required to be provided pursuant to paragraph 6 above are provided to the party noticing the expert deposition.

8. Paragraph 6 above is not intended to limit the ability of any party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any deposition, hearing, trial, or other proceeding in this case. The admissibility of any such demonstrative exhibits shall be subject to the Federal Rules of Evidence and the Federal Rules of Civil Procedure unless otherwise provided by order of the Court. The parties agree to meet and confer regarding the timing and procedure for exchanging demonstratives related to an expert report for any hearing or at trial in this case.

9. Except as set forth below, no subpoenas (for depositions or documents) shall be served on any testifying expert from whom a report or declaration is provided. Instead, the party proffering such expert and her/his report will (a) be responsible for producing all materials and information required by the Federal Rules of Civil Procedure and this Order, and (b) make the expert available for deposition at a time mutually agreed to by the parties, and consistent with the Court's scheduling orders. To the extent the testifying expert is also a percipient witness, if otherwise permissible under the Federal Rules of Civil Procedure and the Local Rules, the opposing party is not precluded from serving a subpoena for depositions or documents on such witness seeking the witness's percipient testimony or documents.

10. Nothing in this Stipulation and Order shall permit a party or a testifying expert to withhold any proposition, fact, belief or other data, information or material (including any assumption) on which the expert relies in support of her or his opinion(s) in this matter or that is otherwise discoverable by order of the Court.

11. Each party agrees to bear its own expert costs.

\* \* \*

The parties agree to comply with this Stipulation pending the Court's approval.

Dated: January 12, 2021                                                    Respectfully submitted,


KELLER ROHRBACK L.L.P.                              BLEICHMAR FONTI & AULD LLP

By:    */s/ Derek W. Loeser*                                  By:    */s/ Lesley E. Weaver*
         Derek W. Loeser                                                    Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)            Lesley E. Weaver (SBN 191305)
Cari Campen Laufenberg (admitted *pro hac vice*)     Anne K. Davis (SBN 267909)
David Ko (admitted *pro hac vice*)                   Joshua D. Samra (SBN 313050)
Adele A. Daniel (admitted *pro hac vice*)            Matthew P. Montgomery (SBN 180196)
Benjamin Gould (SBN 250630)                          Angelica M. Ornelas (SBN 285929)
1201 Third Avenue, Suite 3200                        555 12th Street, Suite 1600
Seattle, WA 98101                                    Oakland, CA 94607
Tel.: (206) 623-1900                                 Tel.: (415) 445-4003
Fax: (206) 623-3384                                  Fax: (415) 445-4020
dloeser@kellerrohrback.com                           lweaver@bfalaw.com
claufenberg@kellerrohrback.com                       adavis@bfalaw.com

dko@kellerrohrback.com
adaniel@kellerrohrback.com
bgould@kellerrohrback.com

jsamra@bfalaw.com
mmontgomery@bfalaw.com
aornelas@bfalaw.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Eric Fierro (admitted *pro hac vice*)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822
efierro@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

GIBSON, DUNN, & CRUTCHER LLP

By: */s/ Orin Snyder*
Orin Snyder (admitted pro hac vice)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendant Facebook, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated January \_\_\_\_, 2021.

                                                                          _____
                                                                          The Honorable Vince Chhabria
                                                                          United States District Judge

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Derek W. Loeser, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of January, 2021, at Seattle, Washington.

/s/ Derek W. Loeser
Derek W. Loeser

## CERTIFICATE OF SERVICE

I, Sarah Skaggs, hereby certify that on January 12, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

**In addition, the following were served via email:**

> Anjeza Hassan
> annie.sara@yahoo.com

> /s/ *Sarah Skaggs*
> Sarah Skaggs