**BLEICHMAR FONTI & AULD LLP**
555 12th Street, Suite 1600
Oakland, CA 94607

**KELLER ROHRBACK LLP**
1201 Third Avenue
Seattle, WA 98101

January 22, 2021

<u>VIA ECF</u>
Hon. Jacqueline Scott Corley
United States District Court
Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Re:   *In re Facebook, Inc. Consumer Privacy User Profile Litigation*,
      Northern District of California Case No. 3:18-md-02843-VC-JSC

Dear Judge Corley:

Plaintiffs submit this letter pursuant to the April 1, 2020 Stipulation and Order on Discovery Dispute Resolution Procedures asking the Court to order defendant Facebook, Inc. ("Facebook") to amend its responses to Plaintiffs' Fourth Set of Interrogatories. Specifically, Plaintiffs ask the Court to order Facebook to amend its responses concerning the company's "Business Partners" consistent with Judge Chabria's Order on the Motion to Dismiss ("Order") and this Court's Discovery Order No. 9.[1]

In his Order, Judge Chhabria identified four categories of actionable misconduct, the third of which was Facebook's practice of sharing user data with its Business Partners. Order at 24. On July 16, Plaintiffs issued their fourth set of interrogatories, which included interrogatories seeking the identities of the Business Partners with whom Facebook shared user data and information about the data shared. Montgomery Decl., Ex. A at 8 (Interrogatory Nos. 14 and 15). Facebook served its objections and responses on August 17, 2020. The parties then met and conferred regarding the definition of "Business Partners" and Plaintiffs clarified that its definition of "Business Partners" is meant to capture third parties with whom Facebook engaged in the third category of conduct Judge Chhabria found actionable. Ex. B. On November 20, 2020, Facebook amended its responses and objections, but in doing so construed "Business Partners" as limited to "integration partners and/or device manufacturers with whom Facebook has entered into agreements that have been and/or will be produced in response to Request for Production No. 24." Ex. C at 3. Plaintiffs sent Facebook a letter on December 7, 2020 requesting to meet and confer on the issue. The parties have since met and conferred a number of times but were unable to reach agreement. This motion follows.

Facebook should answer Plaintiffs' interrogatories consistent with Judge' Chhabria's Order, which states: "the alleged misconduct is relatively straightforward. The complaint alleges that Facebook shared information about its users with [a] non-exclusive list of business

---

[1] The parties also have unresolved disputes regarding two other definitions in Plaintiffs' interrogatories, but Plaintiffs could not address three separate disputes in a two-page letter brief. If the Court would like all three disputes presented at one time or in a different format, Plaintiffs will do as instructed.

partners, and that those companies in turn shared data with Facebook." Order at 8. Consistent with this ruling, Facebook should identify the companies with which it shared user data and that in turn shared data with Facebook. That would also comport with this Court's ruling that "[d]ata obtained from third parties regarding a user's off-platform activities" is relevant to Plaintiffs' claims. Discovery Order No. 9 at 2. If the data Facebook obtained from third parties is relevant, the identities of those third parties are relevant as well.

Facebook nonetheless resists this reasonable discovery. First, Facebook argues that Plaintiffs' definition of Business Partners in its initial interrogatories excluded third parties who engaged in data reciprocity with Facebook. Ex. C at 4. In fact, Plaintiffs' initial interrogatories defined Business Partners as "third parties with whom Facebook partnered to develop and integrate Facebook on a variety of devices and operating systems . . ." Ex. A at 4. As Plaintiffs explained during the meet and confer process, the integration of Facebook refers to the reciprocal sharing of data as described in Judge Chhabria's Order on the Motion to Dismiss. Ex. B. Such clarification is one of the primary purposes of the meet and confer process. *See Dairy v. Harry Shelton Livestock, LLC*, No. 18-CV-06357-RMI, 2020 WL 6269541, at *1 (N.D. Cal. Oct. 23, 2020) ("[T]he purpose of a meet and confer requirement is for the parties to engage in a meaningful dialogue about their respective positions on disputed issues to see whether they can resolve (or at least refine) the disputes without court intervention . . . ."). In any event, no reasonable interpretation of Plaintiffs' interrogatories or the Court's order would entitle Facebook to restrict its response to "integration partners and/or device manufacturers with whom Facebook has entered into agreements" as it has done. Ex. C at 3. Facebook cannot simply rewrite Plaintiffs' interrogatories to suit its purposes.

Facebook next argues that Plaintiffs' definition of Business Partners is inconsistent with the allegations in the Second Amended Consolidated Complaint ("SACC"). Ex. C at 4. In fact, the SACC alleges in part, "Facebook formed Business Partnerships as early as 2007. These partnerships were built in part on 'data reciprocity.' Facebook and its partners agreed to exchange information about users' activities with each other. This was not disclosed to users." SACC at ¶¶ 433-34. These allegations are entirely consistent with Judge Chhabria's conduct-based description of Business Partners that Plaintiffs ask the Court to adopt here.[2]

After meeting and conferring with Facebook several times, Plaintiffs are still unsure what third parties Facebook seeks to exclude by restricting its responses to integration partners. For their part, apps are excluded by the terms of the interrogatories. Ex. A at 8. With regard to other third parties, the documents produced thus far show that Facebook worked with ███████████████████████████████████████████████ among others. What is unclear is whether Facebook engaged with these or other third parties in the sort of data reciprocity that Judge Chhabria found actionable. Plaintiffs respectfully request that the Court order Facebook to provide that information by amending its interrogatory responses to define Business Partners in accordance with Judge Chhabria's Order: third parties with whom Facebook shared information about its users such that those third parties in turn shared data with Facebook.

---

[2] The SACC also includes a list of Facebook's Business Partners which Facebook provided to Congress. SACC at ¶ 431. However, as Judge Chhabria noted, this list is "non-exclusive." Order at 8. Plaintiffs' seek the identities of all of Facebook's Business Partners.

Dated: January 22, 2021                                         Respectfully submitted,

KELLER ROHRBACK L.L.P.                                          BLEICHMAR FONTI & AULD LLP

By:   */s/ Derek W. Loeser*                                      By:   */s/ Lesley E. Weaver*
      Derek W. Loeser                                                  Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)                        Lesley E. Weaver (SBN 191305)
Cari Campen Laufenberg (admitted *pro hac vice*)                 Anne K. Davis (SBN 267909)
David Ko (admitted *pro hac vice*)                               Matthew P. Montgomery (SBN 180196)
Benjamin Gould (SBN 250630)                                      Angelica M. Ornelas (SBN 285929)
Adele A. Daniel (admitted *pro hac vice*)                        Joshua D. Samra (SBN 313050)
1201 Third Avenue, Suite 3200                                    555 12th Street, Suite 1600
Seattle, WA 98101                                                Oakland, CA 94607
Tel.: (206) 623-1900                                             Tel.: (415) 445-4003
Fax: (206) 623-3384                                              Fax: (415) 445-4020
dloeser@kellerrohrback.com                                       lweaver@bfalaw.com
claufenberg@kellerrohrback.com                                   adavis@bfalaw.com
dko@kellerrohrback.com                                           mmontgomery@bfalaw.com
bgould@kellerrohrback.com                                        aornelas@bfalaw.com
adaniel@kellerrohrback.com                                       jsamra@bfalaw.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*