# EXHIBIT B

**From:** Matthew Montgomery
**Sent:** Friday, September 11, 2020 9:08 AM
**To:** Falconer, Russ <RFalconer@gibsondunn.com>; Mumm, Laura C. <LMumm@gibsondunn.com>; Lesley Weaver <LWeaver@bfalaw.com>; Anne Davis <ADavis@bfalaw.com>; Derek Loeser <dloeser@kellerrohrback.com>; David Ko <dko@kellerrohrback.com>; Cari Laufenberg <claufenberg@kellerrohrback.com>
**Cc:** Stein, Deborah L. <DStein@gibsondunn.com>; Davis, Colin B. <CDavis@gibsondunn.com>; Swanson, Alexander <ASwanson@gibsondunn.com>; Sullivan, Luke M. <LSullivan@gibsondunn.com>; Kutscher Clark, Martie <MKutscherClark@gibsondunn.com>; Chris Springer <cspringer@kellerrohrback.com>; Benjamin Gould <bgould@KellerRohrback.com>; Angelica Ornelas <aornelas@bfalaw.com>; Josh Samra <JSamra@bfalaw.com>
**Subject:** Plaintiffs' Fourth Set of Interrogatories

Counsel:

Plaintiffs write to respond to Facebook's proposals regarding Plaintiffs' fourth set of interrogatories. Plaintiffs are happy to hear that Facebook intends to amend its responses in light of Judge Corley's recent order. Plaintiffs believe that the most efficient path forward is for Facebook to amend all of its responses at once. Plaintiffs expect Facebook to produce those amended responses within three weeks of Judge Corley's ruling at the discovery conference, in other words by September 25. With regard to the numbering of subparts, Plaintiffs direct Facebook to *Safeco of Am. v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) and its many progeny in this circuit, including from the N.D. Cal. In particular, contrary to your cited authority, "interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually subsumed within and necessarily related to the primary question." *Safeco*, 181 F.R.D. at 445 (C.D. Cal. 1998); *see also, Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 294-95 (N.D. Cal. 2016). Subparts that seek information related to the same subjects "should be counted as one interrogatory. *Id.* at 295; *see also Int'l Petroleum Prod. & Additives Co., Inc. v. Black Gold S.A.R.L.*, No. 19CV03004YGRRMI, 2020 WL 4673947, at *5 (N.D. Cal. Aug. 12, 2020); *In re Lithium Ion Batteries Antitrust Litig.*, No. 13MD02420YGRDMR, 2015 WL 1221924, at *2 (N.D. Cal. Mar. 17, 2015).

Plaintiffs were disappointed that the parties were unable to agree upon a categorical definition of "business partners" for the purposes of the interrogatories at issue and other discovery. As you may recall, the Court grappled with this same ambiguity at the Motion to Dismiss. Ultimately, the Court resolved the problem by focusing on the conduct of the entities, stating "[a]lthough the category [of business partners] is somewhat vague, the alleged misconduct is relatively straightforward. The complaint alleges that Facebook shared information about its users with this non-exclusive list of business partners, and that those companies in turn shared data with Facebook." Pretrial Order No. 20 at 8. Plaintiffs expect Facebook to use the same conduct-based definition that the Court used

and will seek relief if Facebook will not do so.  Given that the interrogatories, such as No. 14, specify business partners who could access "the not Generally Available Content and Information of Facebook users even if such Facebook Users had not downloaded an app from that business partner," whitelisted apps and any third parties who accessed only public data should be excluded. To avoid having to amend its responses again, Plaintiffs urge Facebook to help resolve the issues Plaintiffs previously raised regarding its responses to interrogatories 8-11, most importantly Facebook's refusal to identify in response to Interrogatory No. 9 the capabilities used by integration partners to access user content and information.  Finally, Plaintiffs agree to withdraw Interrogatory No. 29 which, in light of the issues above, now appears duplicative. If Facebook wishes to discuss these matters further, Plaintiffs are happy to make time outside of the standing meet and confer sessions to do so.

**From:** Falconer, Russ <RFalconer@gibsondunn.com>
**Sent:** Wednesday, September 9, 2020 2:23 PM
**To:** Matthew Montgomery <mmontgomery@bfalaw.com>; Mumm, Laura C. <LMumm@gibsondunn.com>; Lesley Weaver <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Derek Loeser <dloeser@kellerrohrback.com>; David Ko <dko@kellerrohrback.com>; Cari Laufenberg <claufenberg@kellerrohrback.com>
**Cc:** Stein, Deborah L. <DStein@gibsondunn.com>; Davis, Colin B. <CDavis@gibsondunn.com>; Swanson, Alexander <ASwanson@gibsondunn.com>; Sullivan, Luke M. <LSullivan@gibsondunn.com>; Kutscher Clark, Martie <MKutscherClark@gibsondunn.com>
**Subject:** RE: In re Facebook: ADI Sampling Proposal

Matt:

We'll respond separately on the other items, but there are a couple we should be able to resolve without taking up time tomorrow.  Facebook consents to Plaintiffs' request for a six week extension of time to respond to Facebook's Second Set of Interrogatories.  And subject to the one redlined modification in the attached draft, we are fine with your proposed stipulation re the motion to dismiss/answer schedule.

On your question about the definition of "business partners" as it is used in the document attached to your e-mail — not to be overly literal, but that document doesn't used the term "business partners."  Can you clarify what you mean there?

Thanks,
Russ


**Russ Falconer**

# GIBSON DUNN