# EXHIBIT C

**CERTAIN PAGES MARKED CONFIDENTIAL OR
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DEFENDANT FACEBOOK, INC.'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES** |

including Facebook's analyses or opinions, which are appropriately sought through contention interrogatories, which are not appropriate or justified at this early stage.

4. Facebook objects to Plaintiffs' definition of "App" as vague, ambiguous, overbroad, and unduly burdensome on the ground that it includes any "application developed to utilize the core technologies of the Facebook social networking platform" without identifying or defining what the "core," rather than peripheral, technologies of Facebook's platform are or were at any given time.  Facebook further objects to this definition as vague and ambiguous on the ground that Facebook cannot identify what any online applications are or were "developed to" do or presume the intent of any third parties that Facebook does not control.

5. Facebook objects to Plaintiffs' definition of "Business Partners" as vague, ambiguous, and overly broad to the extent it refers to entities with which Facebook "partnered" to "develop and integrate" Facebook "on a variety of devices and operating systems" without defining any of those terms.  Facebook will construe "Business Partners" as referring to the integration partners and/or device manufacturers with whom Facebook has entered into agreements that have been and/or will be produced in response to Request for Production No. 24. During the parties' meet and confer discussions, beginning on or about August 27, 2020, Plaintiffs took the position that "Business Partners" refers to a broader set of entities than the integration partners and/or device manufacturers described in Facebook's August 14 Objection because Plaintiffs understood the Court to describe a broader set of "Business Partners" than the set of entities Facebook describes (hereinafter referred to as Facebook's "Integration Partners") in Pretrial Order 20.  Via email on September 11, 2020, Plaintiffs clarified that they understood the Court had adopted a "conduct-based definition" for "Business Partners" under which the term "Business Partners" described entities with whom "Facebook shared information about its

users . . . and those companies in turn shared data with Facebook." Plaintiffs thus contend that "Business Partners" include any and all entities with whom Facebook exchanged user data in any form. Having considered Plaintiffs' arguments, Facebook maintains its Objection to Plaintiffs' definition of "Business Partners" and will continue to construe this term as pertaining to Facebook's Integration Partners. *First*, Plaintiffs have not re-issued their Fourth Set of Interrogatories with a revised definition of "Business Partners" that follows the definition adopted in their September 11 email. The definition of "Business Partners" in Plaintiffs' Fourth Set of Interrogatories refers to entities with whom "Facebook partnered to develop and integrate Facebook on a variety of devices and operating systems" and does not mention sharing user data. Plaintiffs' proposed post-hoc revision of the term "Business Partners" is inconsistent with the discovery requests Facebook is responding to. *Second*, Plaintiffs' proposed revision to "Business Partners" is inconsistent with the allegations in Plaintiffs' Second Amended Consolidated Complaint ("SACC"). Apart from conclusory allegations regarding data sharing without user consent, Plaintiffs allege Facebook's "Business Partners" were entities with whom Facebook partnered to "develop and integrate Facebook's User Platform on multiple devices and operating systems," SACC, ECF No. 491, ¶ 430, and that these partnerships "allowed Facebook to expand its reach by outsourcing . . . the time, labor, and money required to build Facebook's Platform on different devices," *id.* ¶ 433, which required Facebook and the Business Partners to "exchange information about users' activities with each other," *id.* ¶ 434. The SACC includes a partial list of "Business Partners," which Facebook had provided to Congress in June 2018. *Id.* ¶ 431. As the letter to Congress that Plaintiffs cite to makes clear, this list is of Facebook's Integration Partners. Plaintiffs also concede that certain of the other entities they reference as being "Business Partners"—including Airbnb, Lyft, and Netflix—are actually "whitelisted apps," and

therefore relate to a separate category of allegations in the SACC. *Id.* ¶ 457. As a result, the only set of "Business Partners" about which Plaintiffs' SACC asserts non-conclusory allegations are Facebook's Integration Partners. *Third*, the Court's Order on Facebook's Motion to Dismiss does not—and cannot—broaden the set of relevant entities. Rather, the Court describes Plaintiffs' allegations as being "difficult to pin down" but describes the relevant entities as being a set of Facebook's "integration partner[s]," as identified in Facebook's letter to Congress, with whom Facebook had "data reciprocity" agreements. MTD Order, ECF No. 298, at 8. Moreover, while the Court can narrow a plaintiff's claim on a motion to dismiss, it cannot rewrite the complaint to broaden them. *E.g.*, *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 895 (N.D. Cal. 2011) ("A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. . . . Review is limited to the contents of the complaint." (internal citations omitted)). *Fourth*, the Court recently affirmed that discovery is stayed as to all of Plaintiffs' stayed claims. ECF No. 557 at 9. Accordingly, Plaintiffs are not entitled to discovery as to entities about which they have articulated no particularized claims, much less stayed ones. Facebook thus stands on its original objection to Plaintiffs' definition of "Business Partners" and declines to adopt Plaintiffs' later-adopted definition.

6. Facebook objects to Plaintiffs' definition of "Content and Information" as vague, ambiguous, overly broad, and unduly burdensome. While purporting to cite Facebook's Statements of Rights and Responsibilities, Plaintiffs have expanded the scope of "Content and Information" to include 10 subcategories of information—including "thermal [and] olfactory" information—that are not derived from that definition. Facebook objects to this definition to the extent it purports to seek documents or information that is not relevant to Plaintiffs' non-stayed claims and bears no relation to third-party application developers being granted access to

DATE:  November 20, 2020

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:  */s/ Deborah Stein*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*