GIBSON DUNN

Gibson Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Deborah L. Stein
Direct: +1 213.229.7164
Fax: +1 213.229.6164
DStein@gibsondunn.com

January 27, 2021

VIA ECF

Hon. Jacqueline Scott Corley
United States District Court for the Northern District of California
Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, 3:18-md-02843

Your Honor:

        We respectfully submit this letter in response to Plaintiffs' letter brief dated January 22, 2021.  Plaintiffs have rushed to Court before meeting and conferring with Facebook to seek clarification on an issue that could have been easily resolved through a simple conversation with Facebook.  In their letter, Plaintiffs ask the Court to ensure that the definition of "Business Partners" Facebook used to respond to Plaintiffs' Fourth Set of Interrogatories is consistent with Judge Chhabria's Motion to Dismiss Order.  Specifically, Plaintiffs are concerned that the definition excludes business partner entities that Judge Chhabria described as relevant to the third category of conduct identified in the Order.  *See* Pretrial Order 20, Dkt. 298, at 8-9.  There is no reason for concern.  Facebook hereby confirms that its definition is intended to capture all entities falling into the category of alleged misconduct described by this portion of the Order, and it is not withholding responsive information on the basis of some other, or narrower, definition.  The Court should deny Plaintiffs' letter motion.

        As parties typically do in their responses to interrogatories, Facebook provided definitions in its responses that it would use to respond.  *See* FB Ex. A ¶ 5.  Facebook did not expect this to be controversial.  There is no meaningful daylight between the "Business Partners" definition in Plaintiffs' Interrogatories, *see* Pls.' Ex. A ¶ 11, and the definition in Facebook's response, *see* FB Ex. A ¶ 5.  Had Plaintiffs asked before filing their letter brief, Facebook would have confirmed the definition Facebook provided is intended to track and capture all entities falling into the third category of business partner conduct described in Pretrial Order 20 and that it is not withholding any relevant or responsive information based on its definition.[1]

        Facebook proposes a simple solution to what is apparently a dispute about semantics.  The definition of "Business Partners" should simply be: "**the entities described in the third category of business partner conduct identified in Pretrial Order 20, at pages 8-9.**"  This is what Facebook has, at all times, intended for its definition to convey.  And this tracks and complies fully with the description of business partners in Judge Chhabria's Motion to Dismiss Order.

        This definition achieves what Plaintiffs' letter says their Interrogatories seek. Dkt. 606 at 1. Plaintiffs' Interrogatories define "Business Partners" as "the third parties with whom Facebook partnered to develop and integrate Facebook on a variety of devices and operating systems," citing a list of integration partners Facebook provided to Congress.  *See* Pls.' Ex. A at 3; *see also* Excerpt of

---

[1]  Plaintiffs instead wrote Facebook a letter raising unrelated questions about Facebook's definition and asking Facebook to adopt an alternate definition that differed from the definition in their interrogatories.  *See* Pls.' Ex. B.  Facebook responded to this letter in its amended responses and objections to Plaintiffs' Interrogatories.  *See* Pls.' Ex. C ¶ 5. Plaintiffs followed up, proposing a new definition.  After Facebook urged Plaintiffs to clarify their position, they filed this motion, asking the Court to order another new definition of "business partners," which they had not shared with Facebook.

June 29, 2018 Letter from Facebook to Congress, attached as FB Ex. B.  This definition seems to track Plaintiffs' Complaint, which raises allegations about this same set of integration partners.  *See* SACC, Dkt. 491, ¶¶ 430-440.

These allegations underlie the third category of business partner conduct identified in Judge Chhabria's Motion to Dismiss Order.  As Judge Chhabria explained, Plaintiffs "allege that Facebook outsourced to business partners 'the time, labor, and money required to build Facebook's Platform on different devices and operating systems.'"  Dkt. 298 at 8.  "The non-exclusive list of companies that the complaint identifies as business partners . . . came from Facebook itself, which asserted that it had 'integration partnerships' with these companies in a letter to the Energy and Commerce Committee of the U.S. House of Representatives."  *Id.*[2]  Judge Chhabria found the business partner conduct "relatively straightforward":  Facebook had entered "data reciprocity" agreements with these integration partners pursuant to which "Facebook shared information about its users with this . . . list of business partners, and that those companies in turn shared data with Facebook."  *Id.*

Facebook's amended responses to Plaintiffs' Interrogatories about Business Partners span **196 pages** and address the 53 integration partners identified to Congress in 2018 and 14 additional partnerships identified since that time.[3]  Of course, as Plaintiffs note, Facebook has other business "partners" of many kinds.  Facebook is a large company and has "partnerships" across its business platforms that serve many different functions.  But to be clear, Facebook has disclosed all of its integration business partnerships or "data reciprocity" arrangements, as Judge Chhabria described them and that are at issue in this litigation.  If Facebook identifies additional business partners falling into the third category of conduct Judge Chhabria described that it has not disclosed, it will amend its responses promptly and accordingly.  If Plaintiffs are seeking through this motion to **broaden** the definition of "business partners" beyond the definition they used in their interrogatories, Facebook respectfully requests that the Court deny this request.  *See* Trans of 12/9/2020 Hearing at 13:14 (instructing that the meet and confer process should "always narrow[]" discovery requests).[4]

The Court should deny the motion and encourage the parties to present their positions to each other before engaging in unnecessary motion practice.[5]

Respectfully submitted,

---

[2]  These partnerships served two primary purposes:  (i) to enable users to access their Facebook accounts or specific Facebook features on devices and platforms built by other companies, such as Blackberry and Apple, before the existence of the "app store"; and (ii) to enable users to integrate their Facebook social experiences on other popular apps and websites, like Netflix and Spotify—if they chose to do so.  *See* FB Ex. B.

[3]  These responses exceed the page limit the Court allows for exhibits to discovery motions. Facebook is happy to submit them at the Court's request.

[4]  Facebook preserves all objections to any definition of "business partners" that broadens Plaintiffs' interrogatories beyond what they served originally, to which Facebook timely responded.

[5]  Plaintiffs should be required to follow the agenda the Court sets between hearings and not disrupt this orderly process by setting off fire-drill briefing on non-urgent issues.  The parties are in the midst of briefing their ADI privilege dispute, preparing for two 30(b)(6) depositions, and negotiating *thousands* of search-string disputes—on top of Facebook's ongoing review of the millions of documents already identified through search strings. Plaintiffs filed this motion without providing Facebook notice, just one day after the parties discussed adjusting the briefing deadline on their pending sealing dispute to allow the parties to focus on the significant items the Court ordered the parties to address over the next several weeks.  Plaintiffs indicated on Tuesday that this is the first of several similar expedited motions Plaintiffs intend to file in the coming weeks—marking a stark departure from the order this Court has imposed on the parties' discovery process since discovery was referred to Your Honor last year.

**GIBSON, DUNN & CRUTCHER, LLP**

By: *Deborah Stein*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*