# Facebook
# Exhibit A

**CERTAIN PAGES MARKED HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES** |

## OBJECTIONS TO DEFINITIONS

1. Facebook incorporates by reference the responses and objections to Definitions and Instructions contained in its Responses and Objections to Plaintiffs' First, Second, and Third Sets of Interrogatories.

2. Facebook objects to Plaintiffs' definitions of "and" and "or" as unreasonable, inconsistent with the Federal Rules of Civil Procedure, vague, and grammatically incoherent. Facebook will interpret "and" and "or" in accordance with their ordinary, everyday meaning, which includes interpreting disjunctive terms disjunctively and conjunctive terms conjunctively.

3. Facebook objects to Plaintiffs' definition of "describe in detail" or "detailed description" on the ground that the definition makes the Interrogatories overly broad and unduly burdensome and imposes obligations that go beyond the requirements of the Federal and Local Rules. Facebook shall construe these terms as commonly and ordinarily understood. Facebook further objects to this definition to the extent it seeks information beyond relevant facts, including Facebook's analyses or opinions, which are appropriately sought through contention interrogatories, which are not appropriate or justified at this early stage.

4. Facebook objects to Plaintiffs' definition of "App" as vague, ambiguous, overbroad, and unduly burdensome on the ground that it includes any "application developed to utilize the core technologies of the Facebook social networking platform" without identifying or defining what the "core," rather than peripheral, technologies of Facebook's platform are or were at any given time. Facebook further objects to this definition as vague and ambiguous on the ground that Facebook cannot identify what any online applications are or were "developed to" do or presume the intent of any third parties that Facebook does not control.

5. Facebook objects to Plaintiffs' definition of "Business Partners" as vague, ambiguous, and overly broad to the extent it refers to entities with which Facebook "partnered" to "develop and integrate" Facebook "on a variety of devices and operating systems" without defining any of those terms. Facebook will construe "Business Partners" as referring to the

integration partners and/or device manufacturers with whom Facebook has entered into agreements that have been and/or will be produced in response to Request for Production No. 24.

6. Facebook objects to Plaintiffs' definition of "Content and Information" as vague, ambiguous, overly broad, and unduly burdensome. While purporting to cite Facebook's Statements of Rights and Responsibilities, Plaintiffs have expanded the scope of "Content and Information" to include 10 subcategories of information—including "thermal [and] olfactory" information—that are not derived from that definition. Facebook objects to this definition to the extent it purports to seek documents or information that is not relevant to Plaintiffs' live claims and bears no relation to third-party application developers being granted access to "sensitive user information" in a manner that was not disclosed to users between 2009 and 2015, the disclosure of information to so-called "whitelisted" business partners, the sharing of "sensitive user information" with business partners pursuant to "data reciprocity agreements," and/or the use of "sensitive user information" by third party application developers as a result of Facebook's alleged failure to adopt effective policies or enforcement procedures governing the transmission and use of "sensitive user data." *See* MTD Order, ECF No. 298, at 6-10. Facebook will construe this term as referring to "[i]nformation and content [Users] provide" as described in Facebook's Data Policy, which is the sole category of user content and information relevant to Plaintiffs' claims.

7. Facebook objects to Plaintiffs' definition of "Database" as vague, ambiguous, overly broad, and unduly burdensome to the extent the term is meant to include "any" organized collection of information that is stored electronically, which, for example, could include any files on an individual Facebook employee's computer. Facebook will construe this term as referring to enterprise-wide electronic collection of related data organized for ready access.

8. Facebook objects to Plaintiffs' definition of "Data Analytics Infrastructure" as vague, ambiguous, overly broad, and unduly burdensome to the extent the term is meant to include all "services, applications, utilities and systems" used by Facebook, term that are, themselves, broad and undefined. "Systems," for instance, could refer to any methodologies or

DATE:  August 17, 2020

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By: */s/ Deborah Stein*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*