UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC (JSC)<br><br>**ORDER RE: BUSINESS PARTNERS DISCOVERY DISPUTE**<br><br>Dkt. Nos. 606, 607 |

This MDL matter has been assigned to this Court for management of discovery. Now pending before the Court are the Parties' letter briefs concerning the proper scope of discovery related to one of the four actionable categories of potential liability in Judge Chhabria's Pretrial Order No. 20. (Dkt. No. 298.) In brief, Judge Chhabria's Order identified the third of four actionable categories of potential liability as: sharing sensitive user information with business partners. (*Id.* at 8.) The Order adopted a conduct-based definition for these business partners and included all third parties that Facebook shared information about its users with, so long as those same third parties in turn shared user data with Facebook. (*Id.*) Discovery Order No. 9 also clarified that the discoverable user data at issue included data Facebook obtained from third parties regarding a user's off-Facebook activity. (Dkt. No. 557.)

Plaintiffs now contend that Facebook is improperly narrowing the definition of business partners in its response to Plaintiffs' interrogatories and ask the Court to order Facebook to amend its responses to Plaintiffs' fourth set of interrogatory requests. The interrogatories at issue request Facebook "[i]dentify every Business Partner that had the ability to access the Not Generally Available Content and Information of Facebook Users even if such Facebook Users had not downloaded an App from that Business Partner and time period during which each such Business Partner had that ability." (Dkt. No. 606-2 at 4.)


1   Facebook served initial responses and objections on August 17, 2020, and thereafter, the Parties met and conferred, seeking a mutually agreed upon definition of business partners, which Plaintiffs originally defined in their interrogatory request as third parties with whom "Facebook partnered to develop and integrate Facebook on a variety of devices and operating systems" and does not mention sharing user data. At the meet and confer meetings, Plaintiffs clarified that the integration of Facebook referenced in their interrogatory request referred to the reciprocal sharing of data between a third party and Facebook.

On November 20, 2020, Facebook amended its responses and objections, but in so doing, defined the business partners at issue as limited to "integration partners and/or device manufacturers with whom Facebook has entered into agreements that have been and/or will be produced in response to Request for Production No. 24." Facebook makes two arguments in support of its definition of the term business partners. First, Facebook confirms in its letter brief that its definition is "intended to capture all entities falling into the category of alleged misconduct described by [Judge Chhabria's] Order, and it is not withholding responsive information on the basis of some other, or narrower, definition." (Dkt. No. 607.) Second, Facebook contends there is no meaningful difference between its definition of business partners and Plaintiffs' original definition included in their first interrogatory request.

To resolve this issue, Facebook proposes the Court order the definition of business partners to be: "the entities described in the third category of business partner conduct identified in Pretrial Order 20, at pages 8–9." Plaintiffs propose the Court order the definition of business partners to be: "third parties with whom Facebook shared information about its users such that those third parties in turn shared data with Facebook." The Court fails to see any material difference between the Parties' definitions.

In response to the interrogatory request, Facebook shall identify all companies with which Facebook agreed to exchange information about users' activities with each other, regardless of whether such company is an "integration partner." If, as Facebook contends, it has already identified all such companies in response to the interrogatory request, then it shall so state to Plaintiffs in writing on or before February 4, 2021.

This Order disposes of Docket Nos. 606 and 607.

**IT IS SO ORDERED.**

Dated: February 1, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge