# EXHIBIT E

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION** |

**REQUEST FOR PRODUCTION NO. 43:**

All privilege logs, interrogatory responses, written reports, correspondence and deposition transcripts from any formal or informal inquiry or investigation by a governmental entity or regulator in the United States or United Kingdom relating to whether Facebook Users' Content and Information was accessed or obtained by any Third Parties without proper consent or authorization, including but not limited to all inquiries or investigations arising out of the Cambridge Analytica Scandal, the FTC Consent Order, and any inquiry or investigation related to the settlement agreement with the FTC announced on July 24, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. 1Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request on the ground that the terms "Cambridge Analytica Scandal" and "FTC Consent Order" are vague, ambiguous, and undefined.

(C) Facebook objects to this Request on the ground that the phrase "from" any formal or informal inquiry or investigation by a governmental entity or regulator" is vague and ambiguous.

(D) Facebook objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case, in that it purports to seek documents related to any "payment" irrespective of the payment being related to any third party's access to "sensitive user information" in a manner that was not disclosed to users between 2009 and 2015, the disclosure of information to so-called "whitelisted" business partners, the sharing of "sensitive user information" with business partners pursuant to "data reciprocity agreements," and/or the use of

"sensitive user information" by third-party applications developers as a result of Facebook's alleged failure to adopt effective policies or enforcement procedures governing the transmission and use of "sensitive user data." *See* MTD Order, ECF No. 298, at 6-10.

(E) Facebook objects to this Request on the ground that it purports to seek the production of documents that are protected from disclosure by confidentiality agreements with relevant regulators.

(F) Facebook objects to this Request on the ground that requests for "cloned" discovery are improper, *King County v. Merrill Lynch & Co., Inc.*, No. C10- 1156-RSM, 2011 WL 3438491 at *3 (W.D. Wash. Aug. 5, 2011) (rejecting "'[c]loned discovery,' requesting all documents produced or received during other litigation or investigations."); *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Lit.*, MDL No. 2672 CRB (JSC), 2017 WL 4680242 at *1 (N.D. Cal. Oct. 18. 2018), particularly insofar as they seek materials specifically created for government regulators in the course of their inquiries.

(G) Facebook objects to this Request to the extent it seeks any Documents or Information related to Facebook Users residing in the United Kingdom, as there are not presently any Named Plaintiffs in this matter residing in the United Kingdom.

Subject to and without waiving the foregoing objections, Facebook is willing to meet and confer with Plaintiffs regarding the documents being sought by this Request, their relevance to the Plaintiffs' claims (if any), and what documents Facebook could reasonably produce proportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to show all payments You received from all Third Party Apps or App developers who had access to the Content and Information of Friends of Installing Users in the United States or United Kingdom.