GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO PERMANENTLY SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, as well as the parties' Stipulation, Dkt. 610, Facebook, Inc. ("Facebook") hereby submits this Administrative Motion to Permanently Seal.

Under the parties' Stipulation, Dkt. 610, on February 5, 2021, the parties moved to temporarily file under seal their submissions filed pursuant to the Court's Discovery Order No. 12, Dkt. 602. The Court entered the stipulation, and the parties filed temporarily under seal unredacted versions of their entire submissions. *See* Dkt. 611; Dkt. 612. Facebook now moves for leave to permanently file under seal certain parts of two documents from those submissions. Specifically, Facebook respectfully requests that the Court:

1. File on the public docket a redacted version of Plaintiffs' Motion to Compel Production of Documents Related to Facebook's App Developer Investigation, Dkt. 611-1, and to permanently seal the unredacted version;

2. File on the public docket a redacted version of Facebook's Brief In Opposition To Plaintiffs' Request For Privileged Investigatory Materials, Dkt. 613, and to permanently seal the unredacted version; and

3. Unseal the other submissions the parties filed temporarily under seal—specifically, Dkts. 611-3 to 611-6, and Dkts. 612-2 and 612-4.

Facebook asks the Court to permanently seal limited portions of the parties' briefs concerning privileged and confidential aspects of the Application Developers Investigation ("ADI" or the "Investigation"). As explained in Facebook's brief, Dkt. 612-3, Gibson Dunn and Facebook's in-house counsel designed, conducted, and oversaw all stages of the Investigation, including seeking the input of and working with subject matter experts within Facebook and recruiting experienced third-party expert consultants to assist with the Investigation. Facebook asks the Court to permanently seal two limited types of information in the parties' briefs: (i) descriptions of privileged, confidential documents submitted for *in camera* review that were generated during the Investigation; and (ii) the names of Facebook employees and third-party experts drawn directly from privilege logs that Facebook designated as "Confidential" under the

Protective Order, Dkt. 122.[1]  For the reasons explained below, there is good cause to seal both types of information, and Facebook's request is narrowly tailored.

### A. The Good Cause Standard Applies Because The Parties' Briefs Do Not Relate To The Merits.

When a party seeks to seal judicial records related to the merits of a case, there is a "strong presumption in favor of" public access to the records.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  But this high standard does not apply where, as here, the information a party seeks to seal is "unrelated or only tangentially related to the merits of a case."  *Doe v. Walmart, Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Kamakana,* 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.).  Instead, courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored.  *Walmart*, at *1–*2.  Here, the parties' briefs relate to a privilege dispute, not the merits of this action, so the good cause standard applies.  For the reasons explained below, there is good cause to permanently seal Facebook's limited proposed redactions.

### B. Document Descriptions Reflecting The Investigation's Proprietary Methods, Techniques, And Strategies Should Be Permanently Sealed.

Facebook asks the Court to seal permanently detailed descriptions of privileged and confidential documents, which it submitted for *in camera* review and seeks to protect from disclosure.  These document descriptions appear on pages 11 to 20 of Facebook's brief, and on pages 8 and 9 of Plaintiffs' brief.[2]

---

[1]  Under the Protective Order entered by the Court in this action, information is "Confidential" if it qualifies for protection under Federal Rule of Civil Procedure 26(c). (Dkt. 122.) Federal Rule of Civil Procedure 26(c) protects, among other things, trade secrets, confidential research, and commercial information.

[2]  Plaintiffs' descriptions of these documents come directly from privilege logs Facebook designated as "Confidential" under the Protective Order.

The document descriptions Facebook asks the Court to redact relate to documents generated during the Investigation. As Facebook explains in its brief, these documents are privileged. The documents are also confidential, and if the Court were to order Facebook to produce them over Facebook's objections, Facebook would designate each document as "Confidential" or "Highly Confidential" under the Protective Order entered in this action. *See* Dkt. 122.

Public access to information about Facebook's Investigation could pose security risks. The Investigation was designed in anticipation of litigation and regulatory scrutiny, to identify applications that may have misused data before additional platform protections were implemented. *See* Southwell Decl., ¶¶ 7, 8. Publicly revealing confidential aspects of the Investigation's design and structure could provide bad actors with information that they could employ in attempts to evade the additional restrictions on data access that Facebook has enacted, causing harm to Facebook and its billions of users. *Id.*, ¶ 15.

In addition, the documents at issue reflect the Investigation's innovative and proprietary design, techniques, and strategies, as developed by counsel in anticipation of litigation. *See* Southwell Decl., ¶ 10. Publicly disclosing this proprietary information would harm Facebook in two primary ways. First and foremost, public disclosure of Facebook's methods for investigating misconduct in anticipation of litigation could enable bad actors to evade similar investigations. *See* Southwell Decl., ¶ 15. Second, public disclosure would unfairly allow Facebook's competitors to copy these innovative techniques, which would cause Facebook competitive harm. *See, e.g.*, *In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at * 26 (Aug. 9, 2015 N.D. Cal.) (granting a motion to seal a privilege log based on an affidavit that stated the log's descriptions "reflect[ed] and convey[ed] confidential, proprietary information about Endo's business operations as well as its strategies") (quoting *Liboderm*, Dkt. 464); Southwell Decl., ¶ 15. Courts routinely seal proprietary information that, if publicly disclosed, "competitors would be able to take advantage of" and unfairly utilize. *Asetek Danmark A/S v.CMI USA, Inc.*, No. 13-cv-00457-JST, 2015 WL 4511036 at *2 (N.D. Cal. July 23, 2015).

Because of the harm that would occur from public disclosure of this information, Facebook has gone to great lengths to keep it confidential: information about the Investigation is provided to Facebook employees, as well as third parties engaged by Facebook, only on a need-to-know basis. Southwell Decl., ¶ 11. In sum, the document descriptions at issue are highly sensitive and should be sealed permanently.[3]

**C.     The Names of Employees and Experts Drawn From Confidential Documents Should Be Permanently Sealed.**

Facebook also moves to redact permanently references to specific names that appear in the parties' briefs, including those of Facebook employees and experts retained by counsel to provide professional services in connection with the Investigation. These names are drawn directly from privilege logs that Facebook designated as "Confidential" under the Protective Order entered in this action (Dkt. 122). *See* Southwell Decl., ¶ 12. This information is confidential and there is good cause to permanently seal it.

Courts routinely hold that information about a company's business relationships—which includes a company's relationships with experts providing professional services—is highly confidential and should be sealed. *See Obesity Research Institute, LLC v. Fiber Research Int'l, LLC*, 2018 WL 3642177, at *6 (S.D. Cal. Aug. 1, 2019) (granting a motion to seal information that, if publicly disclosed, would have "identif[ied]" certain "business relationships").

To protect their privacy interests, courts likewise seal the names of employees and third-party experts who are not parties to the litigation. *See, e.g.*, *Shopify Inc. v. Express Mobile, Inc.*, No. 20-mc-80091, 2020 WL 4732334, at *12 (N.D. Cal. 2020) (concluding that "good cause exists to seal" the "names of parties who are not involved with or incident to the current litigation where disclosure of the information would violate a party's legitimate privacy interest this identifying information"); *Murphy v. Kavo America Corp.*, No. CV-11-0410-YGR, 2012 WL 1497489, at * 1 (N.D. Cal. April 27, 2012) (recognizing that "[e]mployees and former

---

[3]  If the Court concludes there is not good cause to seal the document descriptions, Facebook respectfully requests the opportunity to redact the names of employees and experts included within those descriptions.

employees who are not parties to [] litigation have privacy interests in their personnel information"). Sealing is especially needed here because publicly revealing the names of the Facebook employees who worked on the Investigation may encourage competitors to recruit these critical employees. *See In re Incretin-Based Therapies Products Liabilities Litig.*, No. 13-md-2452-AJB, 2015 WL 11658712 at *2 (S.D. Cal. Nov. 18, 2015) ("[C]ourts have maintained documents under seal where the information contained therein could permit competitors to gain access to operational and personnel information."); Southwell Decl., ¶ 16.

Accordingly, there is good cause to seal the names of third parties and Facebook employees drawn directly from privilege logs that Facebook designated as "Confidential" under the Protective Order.

**D.    The Limited Proposed Redactions Are Narrowly Tailored.**

Facebook's proposed redactions to the parties' briefs are narrowly tailored. With respect to Plaintiffs' brief, Facebook proposes redacting only a handful of names and document descriptions drawn directly from privilege logs Facebook designated as "Confidential" under the Protective Order. *See* Southwell Decl., ¶ 12. As for Facebook's brief, Facebook asks the Court to seal only descriptions of privileged and confidential documents submitted for *in camera* review and names of employees and experts drawn from its confidential privilege logs. The public is still able to access the majority of Facebook's brief, including Facebook's substantive legal arguments. *See Dunbar v. Google, Inc.*, No.: 5:12-cv-003305, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect [a company's] proprietary information").

\*      \*      \*

For these reasons, Facebook respectfully requests that the Court grant this administrative motion to permanently seal.

Dated:  February 16, 2021                **GIBSON, DUNN & CRUTCHER, LLP**

By: */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*