GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DEFENDANT FACEBOOK, INC.'S SUPPLEMENTAL STATEMENT IN OPPOSITION TO PLAINTIFFS' REQUEST FOR PRIVILEGED INVESTIGATORY MATERIALS** |

Facebook respectfully submits this supplemental statement in opposition to Plaintiffs' request for materials from Facebook's privileged legal investigation in order to respond to three factual representations made by Plaintiffs:

*First*, Plaintiffs state on page 9 of their brief that one of the privileged documents they challenge is dated September 2014. *See* Dkt. 611-2 (referring to Document 11, FB-ADI-0000002537). Facebook refers the Court to the face of Document 11, which shows clearly the document tracked the status of Facebook's privileged legal investigation throughout 2018 and 2019. The date Plaintiffs identify in their brief appears to be a metadata error resulting from how the document was processed.[1] Facebook is working with its vendor to better understand the source of the error, and if the Court would like more information about this issue, Facebook will submit appropriate declarations. Facebook notes that technical errors of this nature typically come to light and are addressed during the meet and confer process and this particular error would have been resolved prior to briefing had Plaintiffs identified their challenges to Facebook and met and conferred before raising them to the Court.

*Second*, Plaintiffs say Facebook improperly submitted documents for in camera review beyond those Plaintiffs identified for briefing. *See* Dkt. 615. The Court expressly authorized Facebook to submit additional supporting materials. *See* Trans. of Jan. 15, 2021 Hearing at 7:16-8:9. In anticipation of Plaintiffs' concern, Facebook limited these materials to other documents logged as part of the parties' ADI sampling protocol. Should the Court like additional factual materials, Facebook will submit them.

---

[1] As Facebook understands, a temporary bug caused by a routine processing software update caused the document's creation date to be populated on Facebook's privilege log instead of the document's last-edit date. Facebook notes that a document's creation date is often an unhelpful data point. When someone creates a document by opening and working from an existing document (for instance, to borrow a prior document's formatting) the document's metadata typically reflects the creation date of the earlier document. Facebook understands that a small portion of other documents on its log may have been affected by the temporary bug. Facebook is working with its vendor to remediate the issue and will promptly provide corrected metadata for all documents for which the creation date populated in lieu of the document's last-edit date.

1

DEFENDANT FACEBOOK, INC.'S SUPPLEMENTAL STATEMENT IN OPPOSITION TO PLAINTIFFS' REQUEST FOR PRIVILEGED INVESTIGATORY MATERIALS

*Third*, Plaintiffs say in a supplemental filing that they challenge privilege log entries relating to the investigation beyond the 400 entries they challenged as not including the names of attorneys.  Plaintiffs waived any such challenges.  Facebook served six privilege logs relating to its privileged investigation on December 11.  The Parties' privilege log protocol required Plaintiffs within 30 days "to identify in writing any particular privilege log entries that [they] assert[] are not privileged" and explain the challenges "with reasonable specificity . . . as to each privilege log entry."  Dkt. 462 ¶¶ D(1)-(4).  Plaintiffs' vague statement in an email that they may raise additional challenges to Facebook's logs at some point in the future cannot leave open the door for Plaintiffs to raise serial challenges to Facebook's logs.  *See also* Jan. 15, 2021 Tr. at 6:2 (advising that this briefing "should be the end of the matter.").  Indeed, the need for finality is one of the primary reasons the Parties' stipulation provides a deadline for parties' to raise privilege-log challenges.

DATE:  February 17, 2021    Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:  */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*