GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Deborah L. Stein
Direct: +1 213.229.7164
Fax: +1 213.229.6164
DStein@gibsondunn.com

February 18, 2021

VIA ECF

Hon. Jacqueline Scott Corley
United States District Court for the Northern District of California
Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, 3:18-md-02843

Your Honor:

Facebook respectfully requests that the Court defer ruling on the issues presented in Plaintiffs' letter brief dated February 12, 2021, and allow those issues to be briefed fully in connection with a motion for a protective order. By way of a two-page letter, Plaintiffs seek sweeping access to materials from ten different government matters, including numerous ongoing investigations. The materials Plaintiffs demand go far beyond the bounds of civil discovery and their production threatens to invade government privileges, poses a risk of violation of the respective confidentiality agreements or Protective Orders in these matters, and could even subject Facebook to criminal penalties. As explained below, given the significance and scope of Plaintiffs' request, it cannot be properly addressed through an expedited two-page letter motion.

Plaintiffs ask the Court to order Facebook to produce all "sworn testimony and written discovery responses" from ten government investigations and proceedings Facebook identified as touching in part on the Cambridge Analytica events. This request implicates a number of important issues that Facebook cannot adequately address in a two-page letter brief. By way of example:[1]

1.  Plaintiffs' motion asks Facebook to make a document production that could potentially subject Facebook to criminal sanctions under state law pursuant to the terms of a confidentiality agreement between Facebook and the California Attorney General's office, which incorporates Cal. Govt. Code § 11183 and applies the statute to Facebook and its counsel. *See id.* (divulging information gained from government investigations is a misdemeanor offense).

2.  Plaintiffs' motion is not limited to materials that are relevant in this case. It asks for all formal and informal discovery materials from 10 government matters that concern not only the Cambridge Analytica events, but also other issues irrelevant to this action. Many of these materials concern aspects of ongoing government investigations that have nothing to do with this case.

3.  Plaintiffs' motion implicates confidentiality and deliberative-process-privilege issues in investigations by governmental entities. These are issues that are most commonly—and most efficiently—addressed through the request processes laid out in the Freedom of Information Act and similar state statutes so that the government entity can make an official determination as to which materials are subject to a privilege.

4.  Plaintiffs' motion asks for information provided to government entities that is not relevant or discoverable in a civil action, including information provided to Congress as part of a national security investigation, and which was kept confidential by Congress.

5.  Plaintiffs' request for deposition transcripts and substantial volumes of correspondence with government entities—most of which has no overlap with the topics at issue in this

---

[1] Facebook does not intend here to provide a comprehensive listing of all issues implicated by Plaintiffs' motion, nor does Facebook waive any claim or argument over any issue not present in the following list.

      case—raises substantial undue-burden and proportionality issues.

6. Plaintiffs' motion requests production not just of sworn testimony, but of unsworn discovery responses and correspondence. In doing so, the motion seeks to relitigate issues Judge Chhabria has already addressed regarding the scope of correspondence and other materials from government matters that are discoverable in this case. *See, e.g.* Pretrial Order 33, Dkt. 362 (referring to Dkt. 358, 361).

    Last week, during a meet-and-confer on Plaintiffs' request for production, Facebook informed Plaintiffs of its intent to move for a protective order and asked Plaintiffs to confer about a mutually agreeable briefing schedule on the motion. Rather than do so, Plaintiffs filed an expedited letter motion on the Friday night of a holiday weekend asking the Court to rule on their request in an abbreviated and accelerated posture. Indeed, this is the second time in one month that Plaintiffs have invoked the expedited dispute procedure rather than meet and confer with Facebook in good faith.

    In view of the important issues raised by Plaintiffs' request, Facebook respectfully asks the Court to decline to rule on Plaintiffs' letter motion until Facebook's forthcoming motion for a protective order has been fully briefed. Facebook proposes the following briefing schedule.[2]

1. March 26: Facebook submits an opening brief of no more than 20 pages.
2. April 23: Plaintiffs submit a response brief of no more than 20 pages.
3. May 21: Facebook submits a reply brief of no more than 10 pages.

    Finally, Facebook briefly notes for the record several factual errors in Plaintiffs' letter, which distort the significance and breadth of their request.

    *First,* Facebook did not inform Plaintiffs that one deposition has been taken in any matter relating to the Cambridge Analytica events. That is not correct.

    *Second*, Plaintiffs say the California Attorney General has not expressed an objection to Facebook producing materials from its investigation into Facebook. Facebook, in fact, told Plaintiffs it understands the California Attorney General may object to production of these materials, as it required Facebook to agree to confidentiality, and Facebook is not in a position to speculate who, if anyone, would have authority to permit production of the materials given Cal. Govt. Code § 11183's clear prohibition on their disclosure. *See id*. ("an officer shall not disclose [investigatory information]"). The Attorney General has not had an opportunity to provide its position on this issue (nor has any other government entity).

    *Third*, Facebook has not conceded that this case overlaps entirely with the FTC's investigation or any other government matter by agreeing to produce certain documents produced in those matters. Facebook's agreement to produce Facebook documents produced to government entities in matters that touch on some aspect of the Cambridge Analytica events was the result of extensive negotiation and compromise in an effort to jump-start document productions in this case while custodians and search strings were negotiated. This agreement does not speak to the scope of this case or any other matter.

    *Fourth*, Plaintiffs letter states they seek all "sworn testimony and written discovery" from ten government investigations and proceedings. Plaintiffs clarified during the meet and confer process that they interpret this demand to include all unsworn written discovery and all formal and informal correspondence between Facebook's counsel and the government in each of these proceedings—an enormously broad and overreaching request that goes far beyond any factual material possibly relevant to this case and would require the collection and review of dozens of attorneys' email files.

    Facebook respectfully urges the Court to defer ruling on Plaintiffs' motion at this time and to order the briefing schedule Facebook proposes for its motion for a protective order.

---

[2] This schedule accounts for the two 30(b)(6) depositions that will be held on February 23 and 24 (*see* Pretrial Order 12), the Parties' stipulated briefing schedule on a pending confidentiality dispute (*see* Dkt. 621), and the fact that this issue requires coordination with the dozens of attorneys at Facebook and multiple law firms who worked on or are working on each of the ten actions at issue.

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:  */s/ Deborah Stein*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*