GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,

This document relates to:

ALL ACTIONS

CASE NO. 3:18-MD-02843-VC-JSC

**DECLARATION OF MARTIE KUTSCHER IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

I, Martie Kutscher, hereby declare as follows:

1. I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter. I am a member in good standing of the State Bars of California, New Jersey, and New York. I submit this declaration in support of Plaintiffs' Administrative Motion to File Under Seal. (Dkt. 618.) I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2. On February 12, Plaintiffs submitted an Administrative Motion to File Under Seal. (Dkt. 618). Specifically, Plaintiffs moved to seal three items: (1) Exhibit F to Plaintiffs' Discovery Letter Regarding Plaintiffs' Request for Production No. 43 ("Discovery Letter"); (2) Exhibit G to Plaintiffs' Discovery Letter; and (3) portions of Plaintiffs' Discovery Letter referencing these exhibits. (*Id*.)

3. Under the Protective Order in this action, information is "Highly Confidential – Attorneys' Eyes Only" if it is extremely sensitive, and the public disclosure of the information would create a risk of serious harm that could not be avoided by less restrictive means. (Dkt. 122.) Facebook designated all of the materials that Plaintiffs seek to seal as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. (Dkt. 122.)

4. Each item Plaintiffs move to seal contains substantive information about the Federal Trade Commission's ("FTC") investigations into Facebook, which are highly confidential and should not be disclosed publicly. Exhibit F to Plaintiffs Discovery Letter is a letter from the FTC to Facebook that includes dozens of document and information requests. Facebook designated this correspondence as "Highly Confidential – Attorneys' Eyes Only" because it reveals highly confidential aspects of the FTC's investigation into Facebook. Exhibit G to Plaintiffs' Discovery Letter is a letter from Facebook to the FTC. Facebook also designated this correspondence as "Highly Confidential – Attorneys' Eyes Only" because it describes Facebook's response to the FTC's document and information requests and reveals

substantive details about the FTC's investigation into Facebook. The portions of Plaintiffs' Discovery Letter they seek to redact quote Exhibits F and G directly.

5. The materials from the FTC's investigation that Plaintiffs move to seal are highly confidential, and the FTC has taken steps to protect them from public disclosure. Indeed, versions of certain correspondence between the FTC and Facebook have been made publicly available through FOIA requests—even these publicly available documents redact substantive information about the FTC's investigations including the FTC's document and information requests and Facebook's responses to them.[1]

6. Courts routinely seal information from and about confidential government investigations at the government's request.[2] *See, e.g., Lopez v. United States*, No. 13–cv–03793, 2015 WL 2120514, at *2 (N.D. Cal. May 5, 2015) (granting motion to seal "substantive details about the government's investigative techniques"); *United States ex rel. Stephens v. Prabhu*, No. CV–S–92–653, 1994 WL 761236, at *1 (D. Nev. 1994) (holding there was "good cause" to seal information "concern[ing] the diligence of the government's investigation [and] its investigative strategy"); *see also Rinky Dink, Inc. v. Electronic Merchant Sys.*, No. C13–1347, 2015 WL 778065, at *2 (W.D. Wa. Feb. 24, 2015) (sealing a company's response to a FTC Civil Investigation Demand, and its response to a FCC letter of inquiry).

7. This Court has also previously sealed similar confidential information about the FTC's investigations into Facebook. *See* Dkt. 415, Facebook, Inc.'s Administrative Motion to Seal (requesting to seal information about custodians in the FTC's investigations, which the FTC has kept confidential); Dkt. 437 (granting Facebook's motion to seal).

---

[1] *See* https://www.ftc.gov/system/files/documents/foia_requests/final_redacted_facebook_settlement_records_opaque_9.30.19.pdf.

[2] Moreover, courts routinely recognize the diminished public interest in documents "attached to motions that are not related, or only tangentially related, to the merits of a case." *Doe v. Walmart, Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Milliner v. Bock Evans Financial Counsel*, No. 15-cv-01763-JD, 2020 WL 1492692 at *1 (N.D. Cal. Mar. 27, 2020).

8. Because the limited materials Plaintiffs move to seal contain highly confidential information about the FTC's investigations into Facebook, the materials should be sealed pursuant to the Protective Order. (*See* Dkt. 122.)

* * *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 19, 2021 in Palo Alto, California.

/s/ *Martie Kutscher*
Martie Kutscher