GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
　osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
　klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
　mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
　dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
　jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO SEAL** |

On March 3, 2021, Facebook, Inc. ("Facebook") moved to temporarily file under seal the parties' Joint Status Update and accompanying exhibits in advance of the Court's discovery conference scheduled for March 4, 2021 ("Joint Statement").  *See* Dkt. 631.  Pursuant to Civil Local Rules 7-11 and 79-5, Facebook hereby submits this Administrative Motion to permanently seal limited portions of two of the Joint Statement's exhibits:  (1) highly confidential financial information in Plaintiffs' Exhibit A, Dkt. 631-4; and (2) the names of Facebook employees in Plaintiffs' Exhibit B, Dkt, 631-5.  For the reasons explained below, there is good cause to permanently seal this information, and Facebook's request is narrowly tailored.  Accordingly, Facebook respectfully requests that the Court file the redacted versions of these documents on the public docket, and permanently seal the unredacted versions.

A. **The Good Cause Standard Applies Because The Exhibits Are Tangentially Related To The Merits.**

When a party seeks to seal judicial records related to the merits of a case, there is a "strong presumption in favor of" public access to the records.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  But this high standard does not apply where, as here, the information a party seeks to seal is "unrelated or only tangentially related to the merits of a case."  *Doe v. Walmart, Inc.*, No. 18-CV-02125-LHK, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Kamakana,* 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").  Instead, courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored.  *Walmart*, at *1–*2.

Here, the information Facebook moves to seal is, at most, tangentially related to the merits of this action.  In Plaintiffs' Exhibit A, Facebook moves to seal confidential financial data that was reviewed by Facebook's Rule 30(b)(6) deponent.  In Plaintiffs' Exhibit B, Facebook

moves to seal the names of Facebook employees who served in specific roles in connection with a privileged legal investigation. This information does not directly relate to the merits of this action. Accordingly, the good cause standard applies.

**B.      There Is Good Cause To Seal Highly Sensitive Financial Data.**

In Plaintiffs' Exhibit A, Facebook moves to seal highly sensitive financial information about Facebook, which Facebook designated as "Highly Confidential – Attorneys' Eyes Only" under the protective order in this action. *See* Dkt. 122. Specifically, Facebook moves to seal confidential consolidated revenue streams for specific Facebook products and channels. *See* Kutscher Declaration, ¶ 3. Facebook also moves to seal confidential descriptions of these products and channels, which provide proprietary information about how the product or channel generates revenue for Facebook. *See id.*

Courts routinely seal non-public financial information. *See, e.g.*, *In re JUUL Labs, Inc., Marketing, Sales Pract. & Prod. Liab. Litig.*, No. 19-md-02913 2020 WL 6271173, at *9 n.15 (N.D. Cal. Oct. 23, 2020) (sealing exhibits that included "confidential . . . financial data"); *Oracle America, Inc. v. Google Inc.*, No. 10-cv-03561, 2015 WL 7775243, at *2 (N.D. Cal. Dec. 3, 2015) (holding there was good cause to seal "sensitive non-public financial data"). And for good reason—publicly disclosing a company's confidential financial information permits competitors to access this information, which can cause competitive harm. *See, e.g.*, *Hadley v. Kellogg Sales Co.*, No. 16-cv-04955, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) (sealing a company's "confidential finances" because public disclosure "may cause [the company] competitive harm"). This is particularly so here because the financial information Facebook proposes sealing provides detailed breakdowns of financial data by product and channel that are not available in Facebook's filings with the Securities & Exchange Commission. This granular information provides insight into Facebook's business strategy, including which products or channels Facebook has prioritized and which revenue streams are trending. *See, e.g.*, *Teva Brands LLC v. Bayer HealthCare LLC*, No. 19-cv-04312, 2020 WL 8513081, at *2 (N.D. Cal. Oct. 6, 2020) (granting motion to seal confidential information about a company's "internal

financial and business strategies").

### C. There Is Good Cause To Seal Employee Names.

In Plaintiffs' Exhibit B, Facebook moves to seal the names of specific Facebook employees that worked on a privileged legal investigation.  *See* Kutscher Declaration, ¶ 5.  To protect employees' privacy interests, courts seal the names of employees who are not parties to the litigation.  *See, e.g., Shopify Inc. v. Express Mobile, Inc.*, No. 20-mc-80091, 2020 WL 4732334, at *12 (N.D. Cal. 2020) (concluding that "good cause exist[ed] to seal" the "names of parties who are not involved with or incident to the current litigation where disclosure of the information would violate a party's legitimate privacy interest this identifying information"); *Murphy v. Kavo America Corp.*, No. CV-11-0410-YGR, 2012 WL 1497489, at *1 (N.D. Cal. April 27, 2012) (recognizing that "[e]mployees and former employees who are not parties to [] litigation have privacy interests in their personnel information").

Sealing is especially needed here because publicly revealing the names of the Facebook employees who worked on the legal investigation may encourage competitors to recruit these critical employees.  *See In re Incretin-Based Therapies Products Liabilities Litig.*, No. 13-md-2452-AJB, 2015 WL 11658712 at *2 (S.D. Cal. Nov. 18, 2015) ("[C]ourts have maintained documents under seal where the information contained therein could permit competitors to gain access to operational and personnel information."); *see also* Dkt. 623-1, Declaration of Alexander H. Southwell, ¶ 16.

### D. Facebook's Request Is Narrowly Tailored.

Facebook's motion to seal is also narrowly tailored.  Facebook does not move to seal the parties' substantive Joint Statement, nor any document in its entirety.  Rather, Facebook moves to seal limited portions of two exhibits.

\*     \*     \*

For these reasons, Facebook respectfully requests that the Court grant this administrative motion to seal.

Dated:  March 10, 2021              **GIBSON, DUNN & CRUTCHER, LLP**

By:  */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*

## **CERTIFICATE OF SERVICE**

      I, Orin Snyder, hereby certify that on March 10, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

                                                       By:   */s/ Orin Snyder*
                                                                     Orin Snyder