GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF MARTIE KUTSCHER IN SUPPORT OF FACEBOOK, INC.'S OPENING BRIEF IN SUPPORT OF ITS CLAIM OF CONFIDENTIALITY** |

I, Martie Kutscher, hereby declare as follows:

1. I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter. I am a member in good standing of the State Bars of California, New Jersey, and New York. I submit this declaration in support of Facebook's Opening Brief in Support of its Claim of Confidentiality, filed contemporaneously herewith. I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2. As of the date of this declaration, Facebook has produced 1,648,856 pages of materials in this case and pursuant to the Protective Order entered by the Court in this action. Dkt. 122. Certain produced documents have also been produced in other litigations, including an action pending in the San Mateo Superior Court, entitled *Six4Three, LLC v. Facebook Inc.*, No. CIV533328 (Cal. Super. San Mateo Cnty.) ("the Six4Three Action").

3. Under the Protective Order entered by the Court, information is "Confidential" if it qualifies for protection under Federal Rule of Civil Procedure 26(c). Dkt. 122. Federal Rule of Civil Procedure 26(c) protects, among other things, trade secrets, confidential research, and commercial information. Under the Protective Order, information is "Highly Confidential – Attorneys' Eyes Only" if it is extremely sensitive, and the public disclosure of the information would create a risk of serious harm that could not be avoided by less restrictive means. Dkt. 122.

4. On August 21, 2020, Plaintiffs sent Facebook a letter in which they requested that Facebook de-designate 45 documents that Facebook produced in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," on the basis that those documents were "publicly available" because they had also been produced in the Six4Three Action and had been leaked in violation of court orders by the plaintiff in that case. Attached as **Exhibit 1** hereto is a true and correct copy of the August 21, 2020 letter from Matthew Montgomery to Facebook's counsel.

5. The parties discussed Plaintiffs' August 21 letter preliminarily during a meet and confer on September 15, 2020. Facebook's counsel made clear that Facebook would not de-designate any of the leaked documents on the basis that they had been leaked in violation of a

protective order in a different litigation.  Facebook further directed Plaintiffs that, while Facebook could not prevent Plaintiffs from relying on materials they may find on the internet, confidential Facebook documents (and descriptions of their content) cannot be republished to the public docket and must be filed under seal in this action.

6.      Before the parties' meet-and-confer efforts concluded, Plaintiffs submitted an Opposition to Facebook's Request to Enforce the Partial Stay of Discovery in Pretrial Order No. 20 and Cross-Motion to Compel Discovery Related to Requests for Production Nos. 9 through 13 (Dkt. 526), along with certain exhibits (Dkts. 526-1 to 526-5).  Exhibit C to that motion was produced in this action as FB-CA-MDL-00178902 on April 1, 2020 and designated Confidential.  Instead of filing under seal the version of Exhibit C produced in this case, Plaintiffs filed on the public docket a version of the document that is marked "Highly Confidential," and bears a cover page indicating it was lodged under seal in the Six4Three Action.  Dkt. 526-3.  Exhibit C was not one of the 45 documents that Plaintiffs challenged in their August 21 letter.

7.      Facebook filed an emergency administrative motion to remove Exhibit C from the public docket.  Dkt. 530.  The Court locked the relevant docket entry, explaining that a "party cannot simply circumvent" the Protective Order's procedures for challenging confidentiality designations "by using a version of a document that was publicly available if the same document was produced with the confidential designation in this action," and ordered the parties to meet and confer regarding Facebook's claim of confidentiality.  Dkt. 534 at 1.  The parties were unable to reach agreement regarding the confidentiality of the materials at issue, and filed a stipulation setting a briefing schedule.  Dkt. 617.

8.      As discussed in more detail in the Declaration of Laura Miller (attached as Exhibit 10 to the Declaration of Sonal Mehta), and as acknowledged on multiple occasions by the San Mateo Superior Court, the documents leaked by Six4Three contain confidential and commercially sensitive information.  They are Facebook internal documents that contain highly confidential information about Facebook's business strategy, financial information, and data infrastructure, as well as confidential business communications with third parties and sensitive

information about those third parties.  They also include commercially sensitive information about Facebook's strategic plan and potential future activities.  Further, they reflect which Facebook departments and employees are working on highly sensitive and confidential issues.  Public disclosure of these documents could result in competitive harm to Facebook, as competitors could leverage Facebook's business strategy to their benefit or poach critical employees.  As a result, the documents qualify for protection under Federal Rule of Civil Procedure 26(c) and contain "confidential" or "highly confidential" information covered by the Protective Order.  *See* Dkt. 122.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 19, 2021 in Palo Alto, California.

*/s/ Martie Kutscher*
Martie Kutscher