# EXHIBIT 1

1  Julie E. Schwartz, Bar No. 260624
   JSchwartz@perkinscoie.com
2  PERKINS COIE LLP
   3150 Porter Drive
3  Palo Alto, CA 94304-1212
   Telephone: 650.838.4300
4  Facsimile: 650.838.4350

5  James R. McCullagh, admitted *pro hac vice*
   JMcCullagh@perkinscoie.com
6  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
7  Seattle, WA 98101-3099
   Telephone: 206.359.8000
8  Facsimile: 206.359.9000

9  Attorneys for Defendant
   Facebook, Inc.

**FILED**
**SAN MATEO COUNTY**
OCT 2 5 2016
Clerk of the Superior Court
By _____
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| SIX4THREE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation and DOES 1-50, inclusive,<br><br>Defendant. | Case No. CIV533328<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER** |

In order to protect confidential information obtained by the parties in connection with this case, the parties, by and through their respective undersigned counsel and subject to the approval of the Court, hereby agree as follows:

### Part One: Use Of Confidential Materials In Discovery

1. Any party or non-party may designate as Confidential Information (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or

CIV533328
ORD
Order
231729

-1-

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. CIV533328

confidential business, financial, or personal information, including personal financial information about any individual or entity; information regarding any individual's or entity's banking relationship with any banking institution, including information regarding financial transactions or financial accounts, and any information regarding any individual or entity that is not otherwise available to the public, subject to protection under Rules 2.550, 2.551, 2.580, 2.585, 8.160, and 8.490 of the California Rules of Court or under other provisions of California law. Any party or non-party may designate as Highly Confidential Information (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving highly sensitive trade secrets or confidential business, financial, or personal information, the disclosure of which would result in the disclosure of trade secrets or other highly sensitive research, development, production, personnel, commercial, market, financial, or business information, or highly sensitive personal information, subject to protection under Rules 2.550, 2.551, 2.580, 2.585, 8.160, and 8.490 of the California Rules of Court or under other provisions of California law. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

    2.    A party or non-party may designate information disclosed during a deposition or in response to written discovery as Confidential Information or Highly Confidential Information by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, a party or non-party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information or Highly Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 9 below. Until the thirty (30) day period for designation has lapsed, the entirety of each deposition transcript shall be treated as Confidential Information. After the thirty (30) day period for designation has lapsed, any documents or information designated pursuant to the procedure set forth in this paragraph shall be treated according to the

designation until the matter is resolved according to the procedures described in Paragraph 9 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. A party that makes original documents or materials available for inspection need not designate them as Confidential Information or Highly Confidential Information until after the inspecting party has indicated which materials it would like copied and produced. During the inspection and before the designation and copying, all of the material made available for inspection shall be considered Highly Confidential Information.

3. All Confidential Information or Highly Confidential Information produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case. Confidential Information or Highly Confidential Information shall not be used for any commercial competitive, personal, or other purpose. Confidential Information or Highly Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order. The protections conferred by this Stipulated Protective Order cover not only the Confidential Information or Highly Confidential Information produced or exchanged in this case, but also (1) any information copied or extracted from or reflecting the Confidential Information or Highly Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information or Highly Confidential Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information or Highly Confidential Information. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to

1  the disclosure or obtained by the receiving party after the disclosure from a source who obtained
2  the information lawfully and under no obligation of confidentiality to the designating party.
3       4.      Except with the prior written consent of the other parties, or upon prior order of
4  this Court obtained upon notice to opposing counsel, Confidential Information shall not be
5  disclosed to any person other than:
6            (a)   counsel for the respective parties to this litigation, including in-house
7                  counsel and co-counsel retained for this litigation;
8            (b)   employees of such counsel;
9            (c)   individual parties or officers or employees of a party, to the extent deemed
10                 necessary by counsel for the prosecution or defense of this litigation;
11           (d)   consultants or expert witnesses retained for the prosecution or defense of
12                 this litigation, provided that each such person shall execute a copy of the
13                 Certification annexed to this Order (which shall be retained by counsel to
14                 the party so disclosing the Confidential Information and made available
15                 for inspection by opposing counsel during the pendency or after the
16                 termination of the action only upon good cause shown and upon order of
17                 the Court) before being shown or given any Confidential Information, and
18                 provided that if the party chooses a consultant or expert employed by the
19                 opposing party or one of its competitors, the party shall notify the
20                 opposing party, or designating non-party, before disclosing any
21                 Confidential Information to that individual and shall give the opposing
22                 party an opportunity to move for a protective order preventing or limiting
23                 such disclosure;
24           (e)   any authors or recipients of the Confidential Information or a custodian;
25           (f)   the Court, court personnel, and court reporters; and
26           (g)   witnesses (other than persons described in Paragraph 4(e)). A witness shall
27                 sign the Certification before being shown a confidential document.
28                 Confidential Information may be disclosed to a witness who will not sign

-4-

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. CIV533328

the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to Paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Except with the prior written consent of the other parties, or upon prior order of this Court obtained after notice to opposing counsel, Highly Confidential Information shall be treated in the same manner as Confidential Information pursuant to Paragraph 4 above, except that it shall not be disclosed to individual parties or directors, officers or employees of a party, or to witnesses (other than persons described in Paragraph 4(a) or 4(e)).

6. Any persons receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Information or Highly Confidential Information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed. If a party has actual knowledge that Confidential Information or Highly Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

7. In connection with discovery proceedings as to which a party submits Confidential Information or Highly Confidential Information, all documents and chamber copies containing Confidential Information or Highly Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the

| | | |
|---|---|---|
| 1 | DATED: _____, 2016 | **BIRNBAUM & GODKIN, LLP** |
| 2 | | |
| 3 | | By: _____ |
| | | David Godkin |
| 4 | | Attorneys for Plaintiff |
| 5 | | SIX4THREE, LLC |

**IT IS SO ORDERED.**

DATED: 10/24, 2016

*/s/ Jonah E. Karsh*
JUDGE OF THE SUPERIOR COURT

-14-
STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. CIV533328