# EXHIBIT 2

```
 1            IN THE SUPERIOR COURTS OF THE STATE OF CALIFORNIA

 2                  IN AND FOR THE COUNTY OF SAN MATEO

 3                              ---oOo---

 4

 5   SIX4THREE, LLC, A DELAWARE              CERTIFIED TRANSCRIPT
     LIMITED LIABILITY COMPANY,
 6
                   PLAINTIFFS,
 7
              VS.                            CASE NO. CIV533328
 8
     FACEBOOK, INC., A DELAWARE
 9   CORPORATION, ET AL.,

10                 DEFENDANTS.

11   _____/

12
                   REPORTER'S TRANSCRIPT OF PROCEEDINGS
13
          BEFORE:  HONORABLE V. RAYMOND SWOPE, JUDGE
14
                              DEPARTMENT 23
15
                            NOVEMBER 30, 2018
16

17

18   A P P E A R A N C E S

19   FOR THE PLAINTIFFS:   STUART G. GROSS
                           ATTORNEY AT LAW
20
                           DAVID S. GODKIN
21                         ATTORNEY AT LAW

22   FOR THE DEFENDANTS:   JOSH H. LERNER
                           ATTORNEY AT LAW
23
                           SONAL N. MEHTA
24                         ATTORNEY AT LAW

25

26   REPORTED BY:  GERALDINE VANDEVELD, C.S.R. 8634
```

**GOVERNMENT CODE SECTION 69954(D) RESTRICTS COPYING THIS TRANSCRIPT**

```
1   HE'S ATTACHING THEM FOR MR. COLLINS REVIEW.
2             THE COURT:  YES.
3             MR. LERNER:  WE HAVE ASKED FOR THOSE ATTACHMENTS.
4   AND AS YOU HEARD OPPOSING COUNSEL SAY "WE'LL PRODUCE THEM
5   EVENTUALLY."
6             THE COURT:  THERE'S NO EVENTUALITY ABOUT IT.
7             MR. LERNER:  RIGHT.  I DON'T KNOW HOW IT IS POSSIBLE
8   THAT WE ARE SITTING HERE RIGHT NOW WITHOUT THOSE DOCUMENTS.
9   BECAUSE WITHOUT THEM, IT'S IMPOSSIBLE FOR EXAMPLE FOR
10  MR. KRAMER OR ANYBODY ELSE TO TELL YOU THAT HIS DECLARATION IS
11  ACCURATE.
12            THE COURT:  YOU KNOW, I'VE BEEN VERY PATIENT OVER
13  THE PAST FEW WEEKS AND THE PAST FEW DAYS WITH REGARD TO THESE
14  MATTERS.  I MUST SAY, HOWEVER, WHAT HAS HAPPENED IS
15  UNCONSCIONABLE.  IT SHOCKS THE CONSCIENCE.  AND YOUR CONDUCT
16  IS NOT WELL TAKEN BY THIS COURT.
17            IT'S ONE THING TO SERVE OTHER NEEDS THAT ARE OUTSIDE
18  THE SCOPE OF THIS LAWSUIT, BUT YOU DON'T SERVE THOSE NEEDS OR
19  SATISFY THE CURIOSITIES OF INQUIRING PARTIES WHEN THERE'S A
20  COURT ORDER PREVENTING YOU TO DO SO.
21            IT IS RATHER CURIOUS THAT THE SAME LAPTOP THAT WAS
22  USED TO DOWNLOAD ONTO A THUMB-DRIVE CONFIDENTIAL INFORMATION
23  SUBJECT TO THE PROTECTIVE ORDERS OF MY SUBSEQUENT ORDERS TO
24  SEAL IS NOT AVAILABLE IN THIS COURT TODAY.  IT WAS AVAILABLE
25  TO THE HOUSE OF COMMONS DCMS BUT NOT TO ME.
26            AND THERE IS NO EXCUSE TO HAVE A LAPTOP AVAILABLE TO
```

```
1    A SUBCOMMITTEE OF THE HOUSE OF COMMONS INQUIRING ON MATTERS
2    THAT ARE NOT WITHIN THE FOUR CORNERS OF THIS LAWSUIT AND YET
3    MAKE IT UNAVAILABLE TO THIS COURT WHEN YOU HAVE A HEARING
4    TODAY AT 2:00 O'CLOCK WHICH I DULY NOTICED BY THE ORDERS THAT
5    I ISSUED.
6              MR. LERNER, YOU MAY CONTINUE.
7              MR. LERNER:  I THINK YOUR HONOR PUT IT BETTER THAN I
8    COULD HAVE.  AND I WANT TO CLOSE WITH THE FOLLOWING ON THIS
9    TOPIC.  WE ARE ASKING FOR THE TWO LIMITED DEPOSITIONS I JUST
10   DESCRIBED AND FOR FORENSIC IMAGES THAT JUST PRESERVE
11   INFORMATION.  WHY IS THAT SO IMPORTANT?  IF I CAN HUMBLY SPEAK
12   ON BEHALF OF LAWYERS IN THIS STATE, I HAVE LOOKED LONG AND
13   HARD FOR NOT JUST THE CASE IN THIS STATE BUT A CASE ANYWHERE
14   THAT INVOLVES SOMETHING LIKE THIS, AND I CAN'T FIND ONE.  I
15   HAVE FOUND SITUATIONS IN WHICH COUNSEL DISCLOSED THE PROFITS
16   OF A COMPANY IN VIOLATION OF A PROTECTIVE ORDER AND THERE WERE
17   SERIOUS CONSEQUENCES.  I HAVE FOUND SITUATIONS IN WHICH
18   INFORMATION WAS DISCLOSED TO EXPERTS, BUT NOT IN A WAY THAT IT
19   SAW THE LIGHT OF DAY AND THERE WERE SERIOUS CONSEQUENCES.
20             IF THERE ARE NOT CONSEQUENCES HERE, THE TRUST THAT
21   HAS BEEN ESTABLISHED OVER THE COURSE OF MY ENTIRE CAREER AND
22   PEOPLE LONG BEFORE ME THAT ENABLES ME TO TELL MY CLIENTS AND
23   ENABLES MY OPPOSING COUNSEL TO TELL THEIR CLIENTS, I
24   UNDERSTAND YOUR ENGINEERS ARE TERRIFIED ABOUT PRODUCING THIS
25   INFORMATION.  I UNDERSTAND YOUR EXECUTIVES, OF COURSE, HAVE TO
26   HAVE GROWN UP DISCUSSIONS AMONGST THEMSELVES WHERE THEY ARE
```

1  ABLE TO DELIBERATE HONESTLY AND OPENLY AND HAVE A MARKETED
2  PLACE OF IDEAS.
3          I UNDERSTAND YOU'RE WORRIED THAT ALL THAT COULD SEE
4  THE LIGHT OF DAY, BUT NO JUDGE HAS EVER LET THAT HAPPEN.  NO
5  LAWYER HAS EVER JUST GONE OUT AND PRODUCED ALL OF IT.  THAT'S
6  WHAT WE ALWAYS SAY IN ORDER TO MAKE PEOPLE COMFORTABLE WITH
7  DOCUMENT PRODUCTIONS THAT THIS COURT AND OTHER COURTS NEED IN
8  ORDER TO RULE ON CASES.
9          I CAN'T SAY THAT ANYMORE.  NEITHER CAN THEY.  AS A
10 RESULT OF WHAT HAPPENED HERE, LAWYERS CAN NO LONGER SAY --
11 IT'S NEVER HAPPENED.  PEOPLE DON'T GO OUT AND PRODUCE HUNDREDS
12 OF DOCUMENTS TO FOREIGN GOVERNMENT.  WE CAN'T SAY JUDGES
13 PROTECT THIS CONDUCT.  THIS HAPPENED IN OPEN DEFIANCE OF YOUR
14 HONOR'S ORDERS.
15         THE COURT:  THE ENDS DO NOT JUSTIFY THE MEANS.
16 WHATEVER YOU'RE TRYING TO ACCOMPLISH, THE ENDS DO NOT JUSTIFY
17 THE MEANS.  PARTICULARLY WHEN MY ORDERS ARE VIOLATED IN
18 RELATION TO THIS CASE.
19         ONE ORDER I'M GOING TO MAKE RIGHT NOW, MR. GODKIN
20 AND MR. GROSS, THE GROSS & KLEIN FIRM AND THE BIRNBAUM &
21 GODKIN FIRM AND COUNSEL STUART GROSS, DAVID S. GODKIN AND
22 JAMES KRUZER SHALL REMAIN IN THIS CASE AND SHALL NOT WITHDRAW
23 FROM REPRESENTATION OF PLAINTIFF UNTIL THE MATTERS IN RELATION
24 TO THE DISTRIBUTION OF THOSE CONFIDENTIAL DOCUMENTS IS
25 RESOLVED.  YOU'RE NOT GOING ANYWHERE.  AND YOU ARE ORDERED TO
26 REMAIN IN THIS CASE.

1   RECORD AND EXECUTE THE ORDER SHORTLY.
2           (WHEREUPON, A RECESS WAS TAKEN.)
3           THE COURT:  THE RECORD SHALL REFLECT THAT THE COURT
4   HAS TAKEN SOME TIME TO REVISE ITS ORDER AND TO PREPARE A FINAL
5   ORDER CONCERNING THE MATTERS RELATING TO THIS HEARING TODAY.
6   THE COURT HAS READ AND CONSIDERED THE MOVING PARTIES AND THE
7   OPPOSITION PAPERS AND ARGUMENTS OF COUNSEL.  AND I WANT TO
8   REITERATE THE FOLLOWING BECAUSE THE NOTICE AND TIMING OF
9   CERTAIN EVENTS ARE SIGNIFICANT.
10          WITH REGARD TO THE ORDER, ON NOVEMBER 19TH, 2018,
11  THIS COURT SET A BRIEFING SCHEDULE ON DEFENDANT FACEBOOK,
12  INC.'S EX PARTE APPLICATION FOR THE EXPEDITED BRIEFING ON A
13  MOTION FOR SANCTIONS AND CONTEMPT BY EMAIL.
14          ON NOVEMBER 20TH, 2018, THIS COURT ISSUED AN ORDER
15  FOR BRIEFING AND STAYING SUBMISSION OF UNREDACTED COPIES OF
16  SEALED DOCUMENTS.
17          ON NOVEMBER 26, THE COURT RECEIVED PLAINTIFF
18  SIX4THREE, LLC'S RESPONSE TO THE NOVEMBER 20TH ORDER AT
19  11:35 A.M., DEFENDANT'S EX PARTE AT 11:55 A.M., AND
20  PLAINTIFF'S "LIMITED RESPONSE" TO DEFENDANT'S EX PARTE AT
21  4:46 P.M.
22          ON NOVEMBER 27, 2018, THIS COURT ORDERED AN ORDER
23  AND NOTICE OF HEARING SETTING A HEARING FOR NOVEMBER 30, 2018,
24  AT 2:00 P.M.
25          ON NOVEMBER 28, 2018, THE COURT RECEIVED DEFENDANT'S
26  RESPONSE TO THE NOVEMBER 20TH ORDER AT 7:02 P.M. AND

```
1    PLAINTIFF'S RESPONSE TO DEFENDANT'S EX PARTE AT 7:06 P.M.
2              ON NOVEMBER 29TH, 2018, AT 2:31 P.M., MR. GODKIN
3    SENT A LETTER TO BOTH THE COURT AND THE PARTIES.  A COPY OF
4    WHICH IS ATTACHED TO MY ORDER AS EXHIBIT A.
5              IT IS HEREBY ORDERED AS FOLLOWS:
6              DEFENDANT'S EX PARTE IS GRANTED, IN PART, AND
7    DENIED, WITHOUT PREJUDICE, IN PART.
8              DEFENDANT'S EX PARTE REQUEST FOR EXPEDITED BRIEFING
9    AND HEARING ON TERMINATING SANCTIONS AND CONTEMPT SANCTIONS IS
10   PROCEDURALLY IMPROPER.  NOTICE MUST BE GIVEN PURSUANT TO CODE
11   OF CIVIL PROCEDURE SECTION 2023.030.
12             THE COURT, AFTER NOTICE TO ANY AFFECTED PARTY,
13   PERSON, OR ATTORNEY, AND AFTER OPPORTUNITY FOR HEARING, MAY
14   IMPOSE SANCTIONS AGAINST ANYONE ENGAGING IN CONDUCT THAT IS A
15   MISUSE OF THE DISCOVERY PROCESS.  PURSUANT TO THE CASE OF
16   SOLE ENERGY CO. V. HODGES.  THAT'S A 2005 CASE AT
17   128 CAL. APP. 4TH, 199 PINPOINT CITATION OF 208.  DISCOVERY
18   SANCTIONS MAY NOT BE ORDERED EX PARTE, AND AN ORDER PURPORTING
19   TO DO SO IS VOID.
20             DEFENDANT'S EX PARTE REQUEST FOR EXPEDITED REQUESTS
21   FOR DOCUMENT PRODUCTION IS PROCEDURALLY IMPROPER.  NO REQUESTS
22   HAVE BEEN SERVED ON PLAINTIFF AND THE RELIEF REQUESTED IS
23   PREMATURE.  FURTHERMORE, A MOTION IS REQUIRED.  NOW, PURSUANT
24   TO CODE OF CIVIL PROCEDURE SECTION 2031.260(A), THE RESPONSE
25   DEADLINE TO REQUESTS FOR PRODUCTION IS 30 DAYS UNLESS ON
26   MOTION OF THE PARTY MAKING THE DEMAND, THE COURT HAS SHORTENED
```

```
 1   THE TIME FOR RESPONSE.
 2            THERE ARE ALSO PROVISIONS SET FORTH IN WEIL & BROWN
 3   WHICH ARE SECONDARY AUTHORITIES THAT ADDRESS THIS PROCEDURAL
 4   ISSUE, AND I CITED THEM IN MY ORDER.  HOWEVER, THE COURT MAY
 5   ISSUE AN ORDER SHORTENING TIME PURSUANT TO EX PARTE
 6   APPLICATION ON ANY SUCH MOTION.  AND I'M GOING TO DO JUST
 7   THAT.
 8            THE DEFENDANT'S EX PARTE REQUEST TO SHORTEN NOTICES
 9   OF DEPOSITION IS GRANTED TO FIVE DAYS UPON ELECTRONIC SERVICE
10   OR PERSONAL DELIVERY.  THIS IS PURSUANT TO CODE OF CIVIL
11   PROCEDURE SECTION 2025.270(D).  ALSO WEIL & BROWN AT
12   8:493.3.  NOTICES OF DEPOSITION ON PARTIES MAY INCLUDE
13   REQUESTS FOR PRODUCTION.  AND THAT'S PURSUANT TO CODE OF CIVIL
14   PROCEDURE SECTION 2025.220(A)(4).
15            DEFENDANT'S EX PARTE REQUEST TO REQUIRE DEPOSITIONS
16   OF PLAINTIFFS PRO HAC VICE COUNSEL IN SAN MATEO COUNTY IS
17   DENIED.  AND THAT'S PURSUANT TO CODE OF CIVIL PROCEDURE
18   SECTION 2025.250(A).
19            IN RULING ON THE EX PARTE APPLICATION, THIS COURT
20   TAKES NO POSITION ON THE ISSUES OF THE WAIVER OF
21   ATTORNEY-CLIENT PRIVILEGE OR THE TAKING OF DEPOSITIONS OF ANY
22   OF PLAINTIFF'S COUNSEL AS THAT ISSUE IS NOT RIPE FOR REVIEW.
23   NOTICES OF DEPOSITION, REQUESTS FOR PRODUCTION, AND OBJECTIONS
24   HAVE YET TO BE SERVED.
25            THE COURT IMMEDIATELY ORDERS THAT PLAINTIFF'S
26   COUNSEL STUART GROSS OF GROSS & KLEIN SHALL UNMARK ALL FOLDERS
```

1  AND FILES MARKED FOR DELETION IN THE SIX4THREE DROPBOX ACCOUNT
2  TO PRESERVE ALL FILES AND FOLDERS.  AFTER UNMARKING, MR. GROSS
3  SHALL THEN PROVIDE THE ADMINISTRATOR ACCESS LOG IN AND THE
4  PASSWORD TO THE THIRD PARTY FORENSIC EXAMINER AGREED TO ON THE
5  RECORD.  ERIC FRIEDBERG OF STROZ FRIEDBERG, OR HIS AGENTS, AT
6  (212)981-6536 WHICH IS THE OFFICE OR (914)329-9371 WHICH IS
7  THE MOBILE, OR EFRIEDBERG@STROZFRIEDBERG.COM WHICH IS THE
8  EMAIL FOR THE FORENSIC EXAMINER.
9          UPON RECEIPT OF SAID INFORMATION, THE COURT
10 IMMEDIATELY ORDERS THE FORENSIC EXAMINER TO MAINTAIN CHAIN OF
11 CUSTODY, TAKE ALL MEASURES TO RESTRICT ACCESS TO, AND PRESERVE
12 THE DATA FROM THE SIX4THREE DROPBOX ACCOUNT, INCLUDING BUT NOT
13 LIMITED TO IMAGING, FOR PRESERVATION OF THE EVIDENCE UNTIL
14 FURTHER ORDER OF THIS COURT.
15         THE COURT IMMEDIATELY ORDERS THAT MR. THEODORE
16 KRAMER SHALL NOT OPEN OR ACCESS, IN ANY WAY, THE LAPTOP HE
17 USED TO ACCESS DEFENDANT'S HIGHLY CONFIDENTIAL DOCUMENTS AND
18 TRANSFER THOSE FILES TO THE USB THUMB-DRIVE TO PARLIAMENT
19 UNTIL FURTHER ORDER OF THE COURT.
20         THE COURT IMMEDIATELY ORDERS THAT MR. KRAMER SHALL
21 NOT OPEN, ACCESS, MODIFY, OR DELETE ANY STORAGE OR BACK-UP
22 DEVICES FOR HIS LAPTOP, WHETHER IN PHYSICAL FORMAT THAT IS TO
23 SAY PHYSICAL STORAGE DEVICES.  FOR EXAMPLE, USB THUMB-DRIVE OR
24 IN THE CLOUD.  FOR EXAMPLE, CLOUD STORAGE.
25         MR. KRAMER, TO BE ACCOMPANIED BY PLAINTIFFS' COUNSEL
26 DAVID GODKIN AND STUART GROSS, SHALL MAKE AVAILABLE FOR PICK

```
1    UP AT GROSS & KLEIN, THE EMBARCADERO, PIER 9, SUITE 100,
2    SAN FRANCISCO, CA 94111 - THE LAPTOP, ALL PHYSICAL STORAGE
3    DEVICES, IDENTIFY IN WRITING ALL CLOUD STORAGE, AND PROVIDE
4    ANY LOG-IN INFORMATION NECESSARY FOR THE FULL AND COMPLETE
5    ACCESS TO ALL DATA IN THE AFOREMENTIONED FORENSIC TO THE
6    FORENSIC EXAMINER NO LATER THAN FRIDAY, NOVEMBER 30TH, 2018,
7    AT 9:00 O'CLOCK P.M.
8            DEFENDANT'S COUNSEL ARE PERMITTED TO BE PRESENT FOR
9    THIS PICK UP.  THE FORENSIC EXAMINER SHALL PICK UP, MAINTAIN
10   CHAIN OF CUSTODY, TAKE ALL MEASURES TO RESTRICT ACCESS TO, AND
11   PRESERVE THE DATA ON THE LAPTOP, ALL PHYSICAL STORAGE DEVICES,
12   AND CLOUD STORAGE, INCLUDING BUT NOT LIMITED TO IMAGING, FOR
13   PRESERVATION OF THE EVIDENCE UNTIL FURTHER ORDER OF THE COURT.
14           MR. KRAMER, TO BE ACCOMPANIED BY MR. GODKIN AND
15   MR. GROSS, SHALL MAKE HIS MOBILE DEVICES AVAILABLE AND PROVIDE
16   ANY LOG IN INFORMATION NECESSARY FOR THE FULL AND COMPLETE
17   ACCESS FOR PRESERVATION OF DATA ON THOSE DEVICES TO THE
18   FORENSIC EXAMINER AT GROSS & KLEIN NO LATER THAN FRIDAY,
19   NOVEMBER 30TH AT 9:00 O'CLOCK P.M.
20           THE FORENSIC EXAMINER SHALL TAKE ALL MEASURES TO
21   PRESERVE THE DATA ON THE MOBILE DEVICES, INCLUDING BUT NOT
22   LIMITED TO IMAGING, FOR PRESERVATION OF THE EVIDENCE UNTIL
23   FURTHER ORDER OF THIS COURT.  DEFENDANT'S COUNSEL ARE
24   PERMITTED TO BE PRESENT FOR THIS DATA PRESERVATION BY THE
25   FORENSIC EXAMINER.  UPON COMPLETION OF THE IMAGING OF THE
26   MOBILE DEVICES, THE FORENSIC EXAMINER SHALL RETURN THE MOBILE
```

1    DEVICES TO MR. KRAMER.
2            THE COURT ORDERS MR. KRAMER SHALL NOT DELETE ANY
3    DATA FROM HIS MOBILE DEVICES, WHATSOEVER, UNTIL FURTHER ORDER
4    OF THIS COURT.  IF ANY OF HIS MOBILE DEVICES ARE SET TO
5    AUTOMATICALLY DELETE ANY DATA, THE COURT INSTRUCTS MR. KRAMER
6    TO TURN OFF THAT SETTING.
7            THE COURT IMMEDIATELY ORDERS THAT MR. THOMAS
8    SCARAMELLINO, WHO IS A MEMBER OF SIX4THREE'S LEGAL TEAM, SHALL
9    NOT OPEN OR ACCESS, IN ANY WAY, THE LAPTOP OR COMPUTER HE USED
10   TO ACCESS SIX4THREE'S DROPBOX AND THAT MR. SCARAMELLINO SHALL
11   NOT OPEN, ACCESS, MODIFY, OR DELETE ANY PHYSICAL STORAGE
12   DEVICES OR CLOUD STORAGE FROM HIS LAPTOP OR COMPUTER.
13           MR. SCARAMELLINO SHALL MAKE AVAILABLE FOR PICK UP AT
14   THE ADDRESS PROVIDED BY MR. GODKIN, 2674 STATE ROUTE 42,
15   FORESTBURGH, NY 12777 - THE LAPTOP OR COMPUTER, HIS PHYSICAL
16   STORAGE DEVICES, AND IDENTIFY IN WRITING ALL CLOUD STORAGE AND
17   PROVIDE ANY LOG IN INFORMATION NECESSARY FOR THE FULL AND
18   COMPLETE ACCESS TO ALL DATA IN THE AFOREMENTIONED TO THE
19   FORENSIC EXAMINER NO LATER THAN SATURDAY, DECEMBER 1ST, 2018,
20   AT 12:00 O'CLOCK P.M. THE FORENSIC EXAMINER SHALL PICK UP,
21   MAINTAIN CHAIN OF CUSTODY, TAKE ALL MEASURES TO RESTRICT
22   ACCESS TO, AND PRESERVE THE DATA ON THE LAPTOP OR COMPUTER,
23   MR. SCARAMELLINO'S PHYSICAL STORAGE DEVICES, AND
24   MR. SCARAMELLINO'S CLOUD STORAGE, INCLUDING BUT NOT LIMITED TO
25   IMAGING, FOR PRESERVATION OF THE EVIDENCE UNTIL FURTHER ORDER
26   OF THE COURT.

1  THE COURT ORDERS THAT THE FORENSIC EXAMINER SHALL
2  NOT DISCLOSE ANY DATA PRESERVED OR COLLECTED IN THIS ACTION TO
3  ANY PARTY, NON-PARTY, PERSON OR ENTITY, UNTIL FURTHER ORDER OF
4  THE COURT.
5  MR. KRAMER SHALL AUTHENTICATE AND PRODUCE FULL
6  COPIES OF THE EMAILS AND ATTACHMENTS HE PRODUCED AS
7  EXHIBITS TO HIS DECLARATION FILED IN SUPPORT OF PLAINTIFF'S
8  BRIEF IN RESPONSE TO THE NOVEMBER 20TH ORDER, FILED
9  NOVEMBER 26, 2018, TO DEFENDANT NO LATER THAN DECEMBER 1ST,
10 2018, AT 9:00 O'CLOCK A.M.  THIS SHALL INCLUDE, BUT IS NOT
11 LIMITED, TO THE THREE ATTACHMENTS IN EXHIBIT 1 THAT IS QUOTE
12 "SUMMARY OF COMPLAINT.PDF," CLOSE QUOTE FILED CORRECTED
13 OPPOSITION TO INDIVIDUAL DEFENDANTS ANTI-SLAPP.PDF," CLOSE
14 QUOTE OR QUOTE "REQUESTS FOR PRODUCTIONSIX4THREE.PDF" CLOSE
15 QUOTE AND TEXT IDENTIFIED AS HIDDEN BY QUOTE "QUOTED TEXT
16 HIDDEN" CLOSE QUOTE AT EXHIBIT 2, PAGE 2 AND EXHIBIT 5,
17 PAGE 2.  REFER TO THE DEFENSE RESPONSE TO THE NOVEMBER 20TH
18 ORDER AT PAGE 6, LINES 20 TO 21.  THESE EMAILS AND ATTACHMENTS
19 SHALL BE BATES-STAMPED FOR EASE OF FUTURE REFERENCE FOR BOTH
20 PARTIES AND THE COURT.
21 THE PROVISION FOR PRESERVATION OF EVIDENCE IN THE
22 NOVEMBER 20TH ORDER REMAINS IN EFFECT AND IS ORDERED EXTENDED
23 TO APPLY TO ANY STORAGE OR BACK-UP DEVICES FOR ANY MOBILE
24 DEVICES, WHETHER IN PHYSICAL FORMAT OR IN THE CLOUD.  FOR
25 EXAMPLE, THE ICLOUD.
26 GOOD CAUSE APPEARS TO ORDER PRESERVATION OF THE

| | |
|---|---|
| 1 | AFOREMENTIONED BASED ON MR. KRAMER'S ADMITTED ACTIONS, THE |
| 2 | CLOUD CAST BY PLAINTIFF'S COUNSEL, COUNSEL'S CHANGE IN |
| 3 | NARRATIVE IN THE NOVEMBER 29TH LETTER, WHICH IS NOT SUPPORTED |
| 4 | BY COMPETENT EVIDENCE.  PLAINTIFF'S COUNSEL'S ASSERTION THAT |
| 5 | QUOTE "IT DOES NOT APPEAR THAT MR. KRAMER'S DELETION OF LOCAL |
| 6 | COPIES OF THE DOCUMENTS FROM HIS COMPUTER WOULD AFFECT ANY |
| 7 | ELECTRONIC EVIDENCE OF HIS PROVISION OF DOCUMENTS, IF ANY |
| 8 | EXISTED.  PERIOD.  IT APPEARS THAT THIS INFORMATION, IF IT |
| 9 | EXISTED, WOULD BE CONTAINED IN THE SYSTEM LOG OF HIS LAPTOP." |
| 10 | PERIOD CLOSE QUOTE.  THAT IS THE NOVEMBER 29TH LETTER AT |
| 11 | PAGE 2. |
| 12 | MR. KRAMER'S ADMISSION THAT HE QUOTE "DOES NOT |
| 13 | RECALL THE EXACT FILES THAT HE TRANSFERRED."  CLOSE QUOTE. |
| 14 | THAT IS KRAMER'S DECLARATION IN SUPPORT OF PLAINTIFF'S |
| 15 | RESPONSE TO THE NOVEMBER 20TH ORDER, FILED NOVEMBER 26, 2018, |
| 16 | AT PAGE 5, LINES 23 TO 25.  AND FOR THE MATTERS DISCUSSED ON |
| 17 | THE RECORD. |
| 18 | FOR DISCOVERY DISPUTES, THE PARTIES ARE REMINDED OF |
| 19 | THE DISCOVERY PROCEDURES SET FORTH IN THE CASE MANAGEMENT |
| 20 | ORDER NUMBER 1, PARAGRAPH 11.  SEE THE CASE MANAGEMENT ORDER |
| 21 | 14, PARAGRAPH 6.  ANY REQUEST FOR A DISCOVERY CONFERENCE SHALL |
| 22 | BE DELIVERED TO DEPARTMENT 23 BOTH ELECTRONICALLY AND IN |
| 23 | PHYSICAL FORM. |
| 24 | PLAINTIFF'S COUNSEL SHALL REMAIN IN THIS ACTION |
| 25 | UNTIL FURTHER ORDER OF THE COURT. |
| 26 | MR. GODKIN SHALL IMMEDIATELY PROVIDE A COPY OF THIS |

```
1    ORDER TO MR. SCARAMELLINO UPON RECEIPT.
2            LASTLY, THE COURT FINDS THAT ALTHOUGH THE SUMMARY OF
3    FACTS PRESENTED BY DEFENDANT IN ITS EX PARTE AND RESPONSE TO
4    THE NOVEMBER 20TH ORDER IS COMPELLING, IT IS NOT IN AFFIDAVIT
5    FORM.  CODE OF CIVIL PROCEDURE SECTION 20 -- I'M SORRY.  CODE
6    OF CIVIL PROCEDURE SECTION 1211(A) CONTROLS THAT PARTICULAR
7    COMMENT.  AND YOU SHOULD SEE YOUR EX PARTE AT PAGE 2, LINES 24
8    TO 7, LINE 20.  SO THAT'S PAGES 2, LINE 24 THROUGH PAGE 7,
9    LINE 20.  AND THE DEFENSE RESPONSE TO THE NOVEMBER 20TH ORDER
10   AT PAGE 1, LINES 10 TO 4, LINE 5; PAGE 5, LINES 19 TO PAGE 6,
11   LINE 8; AND PAGE 9, LINES 3 TO PAGE 10:5.  FINALLY, PAGE 10,
12   LINE 16 TO PAGE 11, LINE 14.  I EXPECT PLAINTIFF AND THE
13   PLAINTIFF'S COUNSEL TO COOPERATE WITH THE EXPEDITED DISCOVERY.
14           FINALLY, THERE IS A PENDING MOTION FOR ATTORNEY'S
15   FEES THAT'S SCHEDULED FOR DECEMBER 7TH, 2018.  THAT HEARING
16   SHALL BE CONTINUED TO JANUARY 11TH, 2019, AT 9:00 A.M.  SO
17   THERE WILL BE NO DECEMBER 7 HEARING.  THAT HEARING IS
18   CONTINUED TO JANUARY 11, 2019, AT 9:00 A.M.
19           IT IS SO ORDERED.  THE COURT IS IN POSSESSION OF THE
20   ORDER THAT ITS JUST READ FROM.  AND THE COURT IS EXECUTING
21   THIS ORDER IN OPEN COURT.  IT IS SO ORDERED.  AND I'M ALSO
22   ORDERING MY COURTROOM CLERK TO CONFORM THESE ORDERS AND FILE
23   STAMP AND ENDORSE SEPARATE COPIES FOR DELIVERY TO COUNSEL.
24           THE COURT CAN AND WILL MAKE ITSELF AVAILABLE FOR A
25   DISCOVERY -- I'M SORRY -- DISCOVERY.  I'VE BEEN TALKING A LOT
26   TODAY, LADIES AND GENTLEMEN.  AND MY SINCERE APOLOGIES.  I
```

```
1    WILL MAKE MYSELF AVAILABLE FOR A DISCOVERY CONFERENCE ON
2    DECEMBER 7TH.  AT THE TIME THAT WE WERE GOING TO HEAR THE
3    MOTIONS.  THAT'S ABOUT AS EXPEDIENT AS I CAN BE.  AND WE'RE
4    TAKING FULL ADVANTAGE OF THAT TIME WE'RE ALLOCATING TO THE
5    ATTORNEY'S FEES MOTIONS.  IT IS SO ORDERED.
6              THANK YOU, EVERYONE.  COUNSEL STAND BY FOR THE
7    DISTRIBUTION OF THE ORDERS THAT HAVE BEEN FILED ENDORSED.  THE
8    COURT IS ALSO GOING TO POST A COPY OF THE ORDER THAT I JUST
9    READ FROM AND SIGNED ON THE DOOR.  THANK YOU VERY MUCH FOR
10   YOUR ATTENTION AND PATIENCE, EVERYONE.  COURT IS IN RECESS.
11             (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED.)
12                            ---oOo---
13
14
15
16
17
18
19
20
21
22
23
24
25
26
```

```
 1  STATE OF CALIFORNIA   )
 2                        )  SS.
 3  COUNTY OF SAN MATEO   )
 4          I, GERALDINE VANDEVELD, OFFICIAL COURT REPORTER,
 5  COUNTY OF SAN MATEO, STATE OF CALIFORNIA, DO HEREBY CERTIFY:
 6      THAT THE FOREGOING CONTAINS A TRUE, FULL AND CORRECT
 7  TRANSCRIPT OF THE PROCEEDINGS GIVEN AND HAD IN THE
 8  WITHIN-ENTITLED MATTER THAT WERE REPORTED BY ME AT THE TIME
 9  AND PLACE MENTIONED AND THEREAFTER TRANSCRIBED BY ME OR AT MY
10  DIRECTION INTO LONGHAND TYPEWRITING AND THAT THE SAME IS A
11  CORRECT TRANSCRIPT OF THE PROCEEDINGS.
12                    DATED:  DECEMBER 3, 2018
13
14                    _____
15                    GERALDINE VANDEVELD, C.S.R. #8634
                      OFFICIAL COURT REPORTER
16
17
18
19
20
21
22
23
24
25
26
```