# EXHIBIT 4





FILED
SAN MATEO COUNTY

NOV 20 2018

Clerk of the Superior Court
By_____
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| SIX4THREE LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>FACEBOOK INC., et al.<br><br>        Defendants. | Case No. CIV533328<br><br>**ORDER FOR BRIEFING AND STAYING SUBMISSION OF UNREDACTED COPIES OF SEALED DOCUMENTS**<br><br>Assigned for All Purposes to<br>Hon. V. Raymond Swope, Dept. 23<br><br>Dept.:   23<br><br>Action Filed:    April 10, 2015 |

On October 25, 2016, the Court issued a Protective Order pursuant to the stipulation of the parties. Non-party Theodore Kramer is the creator and certified representative of plaintiff SIX4THREE, LLC ("Plaintiff" or "Six4Three") and is therefore bound by the Protective Order. (See Stip. & Prot. Order, issued Oct. 25, 2016, ¶ 4(c).)

Pursuant to CRC Rules 2.550 and 2.551, the Court has granted, in part, and denied, in full or in part, several motions to seal and unseal related to evidence proffered in relation to defendant FACEBOOK, INC.'s ("Defendant" or "Facebook") Special Motion to Strike, filed November 21, 2017, and defendants MARK ZUCKERBERG, CHRISTOPHER COX, JAVIER OLIVAN, SAMUEL LESSIN, MICHAEL VERNAL, and ILYA SUKHAR's (collectively "Individual Defendants") Special Motion to Strike, filed May 3, 2018. (See Am. Order, issued Nov. 1, 2018; Order, issued Nov. 19, 2018.) The Court has ordered stricken certain evidence proffered by Plaintiff.

///

///

On November 19, 2018 at 8:12 p.m., the Court received an email from Defendant addressed to both the Court and Plaintiff's counsel pertaining to correspondence Defendant received from Plaintiff. Defendant's email and attachment are attached as **Exhibit 1** to this Order. Plaintiff attached a letter dated and received November 19, 2018 from the United Kingdom, House of Commons, Digital, Culture, Media and Sport Committee ("DCMS") requesting Theodore Kramer to submit the "[u]nredacted copies of Six4Three's opposition to the anti-SLAPP . . . motion" and "requir[ing] the documents by 5 pm [GMT] on Tuesday 20th November 2018" or 9 a.m. PST. (Ex. 1, Pl. Letter, Ex. A, p. 1.)

On November 20, 2018 at 7:34 a.m., the Court acknowledged receipt of Defendant's email and instructed the parties that no documents are to be transmitted or released until further order of this Court.

On November 20, 2018 at 8:15 a.m., the Court received an email from Plaintiff addressed to both the Court and Defendants' counsel pertaining to further correspondence between Plaintiff's counsel and DCMS. Plaintiff's email and attachments are attached as **Exhibit 2** to this Order. In its response to Plaintiff, DCMS sought "specific clarification as to whether you consider that the California order has extra-territorial effect, given that Mr. Kramer and the documents are both in the UK at present?"

IT IS HEREBY ORDERED as follows:

1. No unredacted copies of Plaintiff's opposition to either Facebook's Special Motion to Strike or Individual Defendants' Special Motion to Strike shall be transmitted, released or submitted, until further order of the Court. Failure to comply will be considered an act of contempt.

2. The Court orders briefing on this issue. Plaintiff shall file and electronically serve its brief and supporting evidence no later than Monday, November 26, 2018 at 12 p.m. Defendant shall file and electronically serve its brief and supporting evidence no later than 11:59:59 p.m. on Wednesday, November 28, 2018. Each brief shall be no more than 20 pages in length.

3. Both briefs shall address:

      a.   What authority does DCMS have to overrule the Court's orders without first seeking relief from the Court?

1        b.  What is the legal effect, under both United States and United Kingdom law, of

2            the DCMS letter to Mr. Kramer?

3        c.  Is the DCMS letter different than a summons?

4        d.  What issues under the United States Constitution are raised by the DCMS letter?

5        e.  What are the obligations of the Court where a House of Commons committee

6            orders the release of documents in contravention to the Court's orders?

7        f.  What are the procedures for Mr. Kramer, who is visiting the United Kingdom on

8            business, to respond or object to the DCMS letter demand? (See Ex. 1.)

9        g.  What are the contempt procedures for DCMS for non-compliance by Mr.

10           Kramer?

11   4. In addition, Plaintiff's brief and supporting evidence shall address:

12       a.  What events or circumstances have given rise to the letter dated November 19,

13           2018 from DCMS to Mr. Kramer?

14       b.  What communications has Plaintiff, its counsel, Mr. Kramer, or its other agents

15           or representatives had with DCMS or any member of Parliament, including staff,

16           prior to issuance of the letter?

17       c.  How was DCMS made aware "that Mr. Kramer and the documents are both in

18           the UK at the present"? (See Ex. 2.)

19       d.  What method was employed to serve the DCMS letter on Mr. Kramer?

20       e.  Is Mr. Godkin licensed to practice in the United Kingdom and does he have

21           authority to represent Mr. Kramer before DCMS? (See Ex. 2.)

22       f.  Has Mr. Kramer retained counsel in the United Kingdom at any point? If so,

23           identify that counsel.

24   5. In addition, Defendant's brief and supporting evidence shall address all of the following:

25       a.  Defendant has offices in London. Is Defendant subject to the jurisdiction of

26           DCMS?

27       b.  Has DCMS or other committee served a similar demand for unredacted copies of

28           sealed documents on Defendant? If so, how has Defendant responded?

1    6. Any factual assertions shall be supported by competent evidence.

2    7. Courtesy copies are to be delivered to Department 23 within one day of filing.

3

4    IT IS SO ORDERED.

5

6    DATED:  November 20, 2018

7

8

9    Honorable V. Raymond Swope
     Judge of the Superior Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-
ORDER FOR BRIEFING AND STAYING SUBMISSION OF UNREDACTED COPIES OF SEALED DOCUMENTS

# Exhibit 1

| | |
|---|---|
| **From:** | Laura Miller <LMiller@durietangri.com> |
| **Sent:** | Monday, November 19, 2018 8:12 PM |
| **To:** | ComplexCivil; Rebecca Huerta |
| **Cc:** | SERVICE-SIX4THREE; David Godkin; James Kruzer; Stuart Gross |
| **Subject:** | Six4Three v. Facebook (CIV533328) |
| **Attachments:** | 2018-11-19 Godkin letter to DT re Order from Parliament.pdf |

Ms. Huerta,

I write with an urgent request for an ex parte hearing regarding Six4Three's imminent violation of the protective order.  This is in addition but related to Facebook's request for an ex parte from earlier today.

Six4Three's counsel sent us the attached letter this morning at 11:33 a.m., purporting to put Facebook on notice that Six4Three is planning to provide to the Digital, Culture, Media and Sport Committee (the "DCMS Committee") of the UK House of Parliament:

> Unredacted copies of Six4Three's opposition to the anti-SLAPP (strategic lawsuits against public participation) motion, filed in the California courts, relating to the company's dispute with Facebook, along with any documents or notes relating to Six4Thre's opposition to the anti-SLAPP motion.

This is precisely the information that the Court ordered sealed and/or struck in its Order of November 1, 2018.  And as the DCMS Committee's letter is neither a subpoena nor a court order in related litigation, Six4Three has no basis to disclose Facebook's confidential information under the Stipulated Protective Order.

We have informed Six4Three of Facebook's position and asked them not to disclose Facebook's confidential information, under both to the Stipulated Protective Order and this Court's Order of November 1, 2018.  Six4Three has not provided a response, and may disclose Facebook's confidential information as early as **9 a.m. pacific tomorrow**.

Understanding the extraordinary nature of its request, Facebook asks the Court to schedule an ex parte teleconference on this matter as soon as possible.  In the event that Six4Three agrees to delay any disclosure until the Court has had an opportunity to address this matter, Facebook requests that this matter proceed along the same briefing schedule as set forth in the Court's email of 3:25 p.m. today regarding Facebook's ex parte application for expedited briefing on a motion for sanctions and contempt related to other violations of the Protective Order.

Best regards,

Laura Miller | Attorney | Durie Tangri LLP | 415-362-6666 | lmiller@durietangri.com



BIRNBAUM &
GODKIN, LLP
ATTORNEYS AT LAW

David S. Godkin
Direct Dial: (617) 307-6110
godkin@birnbaumgodkin.com

November 19, 2018

**BY EMAIL**

Sonal Mehta, Esq.
Joshua Lerner, Esq.
Laura Miller, Esq.
Durie Tangri
217 Leidesdorff Street
San Francisco, CA 94111

> Re: *Six4Three, LLC v. Facebook, Inc., et al.*
> California Superior Court, San Mateo
> Case No. Civ 533328

Dear Counsel:

Please be advised that my client's principal, Ted Kramer, received this morning, November 19th, 2018, an Order for Documents ("Order," attached hereto as <u>Exhibit A</u>) from the Parliament of the United Kingdom to compel the production of certain documents in our possession, including:

> Unredacted copies of Six4Three's opposition to the anti-SLAPP (strategic lawsuits against public participation) motion, filed in the California courts, relating to the company's dispute with Facebook, along with any documents or notes relating Six4Three's opposition to the anti-SLAPP motion.

Order, at 1. The Order further requires Mr. Kramer to comply no later than 5pm local time on Tuesday, November 20th, 2018 or he may be held in contempt and could face investigation and sanction by Parliament. Mr. Kramer is currently located in the United Kingdom for business meetings this week and is therefore subject to the jurisdiction of Parliament.

Pursuant to the Protective Order entered October 25, 2016 ("Protective Order," attached hereto as <u>Exhibit B</u>), this letter serves as prompt (immediate) notice of the Order as required under Section 16(a) and of 643's intent to cooperate with respect to all reasonable and timely relief Facebook may seek in Parliament, pursuant to Section 16(c).

Further, for avoidance of doubt, please note the procedure available to Defendants under the Protective Order:

Sonal Mehta, Esq.
Joshua Lerner, Esq.
Laura Miller, Esq.
November 19, 2018
Page 2



       If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Confidential Information or Highly Confidential Information before a determination by the court from which the subpoena or order *issued*, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

Protective Order, Section 16. Thus, if Facebook intends to seek relief in the Parliament of the United Kingdom, which is the entity "from which the subpoena or order issued," we request that you please do so prior to the deadline imposed by the Order.

Very truly yours,

David S. Godkin

DSG:cam
Attachments
Cc: Catherine Kim, Esq. (By email)
     Service-Six4Three (By email)
     Stuart G. Gross, Esq. (By email)
     James E. Kruzer, Esq. (By email)

# EXHIBIT A



# Digital, Culture, Media and Sport Committee

House of Commons, London SW1A 0AA
Tel 020 7219 6120 Email cmscom@parliament.uk Website www.parliament.uk/cms

Mr Theodore Kramer
London Marriott Hotel County Hall
Westminster Bridge Rd
London SE1 7PB

19th November 2018

Dear Mr Kramer,

### Order for documents

The Digital, Culture, Media and Sport Committee has been given the power by the House of Commons under Standing Order No. 152(4) "to send for persons, papers and records". This includes the power to compel the production of papers by people within UK jurisdiction.

On Monday 19 November, the Committee made the following order (which will be published in its formal minutes in due course):

> *Ordered*, That Mr Theodore Kramer submit the following documents to the DCMS Committee in relation to its inquiry into Disinformation and 'fake news', by 5pm on 20th November 2018:

>> Unredacted copies of Six4Three's opposition to the anti-SLAPP (strategic lawsuits against public participation) motion, filed in the California courts, relating to the company's dispute with Facebook, along with any documents or notes relating Six4Three's opposition to the anti-SLAPP motion.

We are requesting these documents because we believe that they contain information that is highly relevant to our ongoing investigation into disinformation and fake news. In particular, we are interested to know whether they can provide further insights to the committee about what senior executives at Facebook knew about concerns relating to Facebook users' data privacy, and developers' access to user data. The Committee's request is made for these reasons, and in no way suggests any support for the position of your organisation in its dispute with Facebook.

As noted in Erskine May's *Parliamentary Practice*: "there is no restriction on the power of committees to require the production of papers by private bodies or individuals provided that such papers are relevant to the committee's work as defined by its order of reference. [...] Solicitors have been ordered to produce papers relating to a client" (Erskine May, Parliamentary Practice, 24th edition, 2011, p.819.)

As Erskine May also notes: "Individuals have been held in contempt who [...] have disobeyed or frustrated committee orders for the production of papers" (p.839). Should you fail to comply with the order of the Committee and were found to be in contempt, you could face investigation and sanction by the House.

We require the documents by 5pm on Tuesday 20th November 2018. I look forward to your compliance with this Order.

Yours sincerely,

**DAMIAN COLLINS MP**
**CHAIR, DIGITAL, CULTURE, MEDIA AND SPORT COMMITTEE**



# Digital, Culture, Media and Sport Committee

House of Commons, London SW1A 0AA
Tel 020 7219 6120 Email cmscom@parliament.uk Website www.parliament.uk/cms

19 November 2018

Extract from formal minutes of the Committee of 19 November 2018:

*Ordered*, That Mr Theodore Kramer submit the following documents to the DCMS Committee in relation to its inquiry into Disinformation and 'fake news', by 5pm on 20th November 2018:

> Unredacted copies of Six4Three's opposition to the anti-SLAPP (strategic lawsuits against public participation) motion, filed in the California courts, relating to the company's dispute with Facebook, along with any documents or notes relating Six4Three's opposition to the anti-SLAPP motion.

**DAMIAN COLLINS MP**

**CHAIR, DCMS COMMITTEE**

# EXHIBIT B

1   Julie E. Schwartz, Bar No. 260624
    JSchwartz@perkinscoie.com
2   PERKINS COIE LLP
    3150 Porter Drive
3   Palo Alto, CA  94304-1212
    Telephone:  650.838.4300
4   Facsimile:  650.838.4350

5   James R. McCullagh, admitted *pro hac vice*
    JMcCullagh@perkinscoie.com
6   PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
7   Seattle, WA 98101-3099
    Telephone:  206.359.8000
8   Facsimile:  206.359.9000

9   Attorneys for Defendant
    Facebook, Inc.
10

**FILED**
**SAN MATEO COUNTY**
OCT 2 5 2016
Clerk of the Superior Court
By
DEPUTY CLERK

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                        COUNTY OF SAN MATEO

13

14   SIX4THREE, LLC, a Delaware limited          Case No. CIV533328
     liability company,
15                                               **STIPULATED [PROPOSED]**
                          Plaintiff,             **PROTECTIVE ORDER**
16
17         v.

18   FACEBOOK, INC., a Delaware
     corporation and DOES 1-50, inclusive,
19
                          Defendant.
20

21         In order to protect confidential information obtained by the parties in connection with this

22   case, the parties, by and through their respective undersigned counsel and subject to the approval

23   of the Court, hereby agree as follows:

24              **Part One: Use Of Confidential Materials In Discovery**

25         1.      Any party or non-party may designate as Confidential Information (by stamping

26   the relevant page or as otherwise set forth herein) any document or response to discovery which

27   that party or non-party considers in good faith to contain information involving trade secrets, or

28

                                          -1-
                              STIPULATED [PROPOSED] PROTECTIVE ORDER
                                                   CASE NO. CIV533328

1   confidential business, financial, or personal information, including personal financial information

2   about any individual or entity; information regarding any individual's or entity's banking

3   relationship with any banking  institution, including information regarding financial transactions

4   or financial accounts, and any information regarding any individual or entity that is not otherwise

5   available to the public, subject to protection under Rules 2.550, 2.551, 2.580, 2.585, 8.160, and

6   8.490 of the California Rules of Court or under other provisions of California law. Any party or

7   non-party may designate as Highly Confidential Information (by stamping the relevant page or as

8   otherwise set forth herein) any document or response to discovery which that party or non-party

9   considers in good faith to contain information involving highly sensitive trade secrets or

10  confidential business, financial, or personal information, the disclosure of which would result in

11  the disclosure of trade secrets or other highly sensitive research, development, production,

12  personnel, commercial, market, financial, or business information, or highly sensitive personal

13  information, subject to protection under Rules 2.550, 2.551, 2.580, 2.585,8.160, and 8.490 of the

14  California Rules of Court or under other provisions of California law. Where a document or

15  response consists of more than one page, the first page and each page on which confidential

16  information appears shall be so designated.

17         2.       A party or non-party may designate information disclosed during a deposition or in

18  response to written discovery as Confidential Information or Highly Confidential Information by

19  so indicating in said responses or on the record at the deposition and requesting the preparation of

20  a separate transcript of such material. In addition, a party or non-party may designate in writing,

21  within thirty (30) days after receipt of said responses or of the deposition transcript for which the

22  designation is proposed, that specific pages of the transcript and/or specific responses be treated

23  as Confidential Information or Highly Confidential Information. Any other party may object to

24  such proposal, in writing or on the record. Upon such objection, the parties shall follow the

25  procedures described in Paragraph 9 below. Until the thirty (30) day period for designation has

26  lapsed, the entirety of each deposition transcript shall be treated as Confidential Information.

27  After the thirty (30) day period for designation has lapsed, any documents or information

28  designated pursuant to the procedure set forth in this paragraph shall be treated according to the

-2-

1    designation until the matter is resolved according to the procedures described in Paragraph 9

2    below, and counsel for all parties shall be responsible for marking all previously unmarked copies

3    of the designated material in their possession or control with the specified designation. A party

4    that makes original documents or materials available for inspection need not designate them as

5    Confidential Information or Highly Confidential Information until after the inspecting party has

6    indicated which materials it would like copied and produced. During the inspection and before the

7    designation and copying, all of the material made available for inspection shall be considered

8    Highly Confidential Information.

9        3.       All Confidential Information or Highly Confidential Information produced or

10   exchanged in the course of this case (not including information that is publicly available) shall be

11   used by the party or parties to whom the information is produced solely for the purpose of this

12   case. Confidential Information or Highly Confidential Information shall not be used for any

13   commercial competitive, personal, or other purpose.  Confidential Information or Highly

14   Confidential Information must be stored and maintained by a receiving party at a location and in a

15   secure manner that ensures that access is limited to the persons authorized under this Stipulated

16   Protective Order.  The protections conferred by this Stipulated Protective Order cover not only

17   the Confidential Information or Highly Confidential Information produced or exchanged in this

18   case, but also (1) any information copied or extracted from or reflecting the Confidential

19   Information or Highly Confidential Information; (2) all copies, excerpts, summaries, or

20   compilations of Confidential Information or Highly Confidential Information; and (3) any

21   testimony, conversations, or presentations by parties or their counsel that might reveal

22   Confidential Information or Highly Confidential Information.  However, the protections

23   conferred by this Stipulated Protective Order do not cover the following information: (a) any

24   information that is in the public domain at the time of disclosure to a receiving party or becomes

25   part of the public domain after its disclosure to a receiving party as a result of publication not

26   involving a violation of this Stipulated Protective Order, including becoming part of the public

27   record through trial or otherwise; and (b) any information known to the receiving party prior to

28

1   the disclosure or obtained by the receiving party after the disclosure from a source who obtained

2   the information lawfully and under no obligation of confidentiality to the designating party.

3       4.      Except with the prior written consent of the other parties, or upon prior order of

4   this Court obtained upon notice to opposing counsel, Confidential Information shall not be

5   disclosed to any person other than:

6           (a)     counsel for the respective parties to this litigation, including in-house

7                   counsel and co-counsel retained for this litigation;

8           (b)     employees of such counsel;

9           (c)     individual parties or officers or employees of a party, to the extent deemed

10                  necessary by counsel for the prosecution or defense of this litigation;

11          (d)     consultants or expert witnesses retained for the prosecution or defense of

12                  this litigation, provided that each such person shall execute a copy of the

13                  Certification annexed to this Order (which shall be retained by counsel to

14                  the party so disclosing the Confidential Information and made available

15                  for inspection by opposing counsel during the pendency or after the

16                  termination of the action only upon good cause shown and upon order of

17                  the Court) before being shown or given any Confidential Information, and

18                  provided that if the party chooses a consultant or expert employed by the

19                  opposing party or one of its competitors, the party shall notify the

20                  opposing party, or designating non-party, before disclosing any

21                  Confidential Information to that individual and shall give the opposing

22                  party an opportunity to move for a protective order preventing or limiting

23                  such disclosure;

24          (e)     any authors or recipients of the Confidential Information or a custodian;

25          (f)     the Court, court personnel, and court reporters; and

26          (g)     witnesses (other than persons described in Paragraph 4(e)). A witness shall

27                  sign the Certification before being shown a confidential document.

28                  Confidential Information may be disclosed to a witness who will not sign

-4-

1    the Certification only in a deposition at which the party who designated

2    the Confidential Information is represented or has been given notice that

3    Confidential Information produced by the party may be used. At the

4    request of any party, the portion of the deposition transcript involving the

5    Confidential Information shall be designated "Confidential" pursuant to

6    Paragraph 2 above. Witnesses shown Confidential Information shall not be

7    allowed to retain copies.

8        5.    Except with the prior written consent of the other parties, or upon prior order of

9   this Court obtained after notice to opposing counsel, Highly Confidential Information shall be

10  treated in the same manner as Confidential Information pursuant to Paragraph 4 above, except

11  that it shall not be disclosed to individual parties or directors, officers or employees of a party, or

12  to witnesses (other than persons described in Paragraph 4(a) or 4(e)).

13       6.    Any persons receiving Confidential Information or Highly Confidential

14  Information shall not reveal or discuss such information to or with any person who is not entitled

15  to receive such information, except as set forth herein. If a party or any of its representatives,

16  including counsel, inadvertently discloses any Confidential Information or Highly Confidential

17  Information to persons who are not authorized to use or possess such material, the party shall

18  provide immediate written notice of the disclosure to the party whose material was inadvertently

19  disclosed. If a party has actual knowledge that Confidential Information or Highly Confidential

20  Information is being used or possessed by a person not authorized to use or possess that material,

21  regardless of how the material was disclosed or obtained by such person, the party shall provide

22  immediate written notice of the unauthorized use or possession to the party whose material is

23  being used or possessed. No party shall have an affirmative obligation to inform itself regarding

24  such possible use or possession.

25       7.    In connection with discovery proceedings as to which a party submits Confidential

26  Information or Highly Confidential Information, all documents and chamber copies containing

27  Confidential Information or Highly Confidential Information which are submitted to the Court

28  shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the

1   outside of the envelopes, a copy of the first page of the document shall be attached. If

2   Confidential Information or Highly Confidential Information is included in the first page attached

3   to the outside of the envelopes, it may be deleted from the outside copy. The word

4   "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the

5   following form shall also be printed on the envelope:

6         "This envelope is sealed pursuant to Order of the Court, contains Confidential

7         Information and is not to be opened or the contents revealed, except by Order of the

8         Court or agreement by the parties."

9       8.    A party may designate as Confidential Information or Highly Confidential

10   Information documents or discovery materials produced by a non-party by providing written

11   notice to all parties of the relevant document numbers or other identification within thirty (30)

12   days after receiving such documents or discovery materials. Until the thirty (30) day period for

13   designation has lapsed, any documents or discovery materials produced by a non-party shall be

14   treated at Confidential Information. Any party or non-party may voluntarily disclose to others

15   without restriction any information designated by that party or nonparty as Confidential

16   Information or Highly Confidential Information, although a document may lose its confidential

17   status if it is made public. If a party produces materials designated Confidential Information or

18   Highly Confidential Information in compliance with this Order, that production shall be deemed

19   to have been made consistent with any confidentiality or privacy requirements mandated by local,

20   state or federal laws.

21       9.    If a party contends that any material is not entitled to confidential treatment, such

22   party may at any time give written notice to the party or non-party who designated the material.

23   The party or non-party who designated the material shall have twenty (20) days from the receipt

24   of such written notice to apply to the Court for an order designating the material as confidential.

25   The party or non-party seeking the order has the burden of establishing that the document is

26   entitled to protection.

27

28

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. CIV533328

1    10.    Notwithstanding any challenge to the designation of material as Confidential

2  Information or Highly Confidential Information, all documents shall be treated as such and shall

3  be subject to the provisions hereof unless and until one of the following occurs:

4         (a)    the party or non-party who claims that the material is Confidential

5              Information or Highly Confidential Information withdraws such

6              designation in writing; or

7         (b)    the party or non-party who claims that the material is Confidential

8              Information or Highly Confidential Information fails to apply to the Court

9              for an order designating the material confidential within the time period

10             specified above after receipt of a written challenge to such designation; or

11        (c)    the Court rules the material is not Confidential Information or Highly

12             Confidential Information.

13    11.    All provisions of this Order restricting the communication or use of Confidential

14  Information or Highly Confidential Information shall continue to be binding after the conclusion

15  of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the

16  possession of Confidential Information or Highly Confidential Information shall within sixty (60)

17  days either (a) return such documents to counsel for the party or non-party who provided such

18  information, or (b) destroy such documents.  Whether the Confidential Information or Highly

19  Confidential Information is returned or destroyed, the receiving party must submit a written

20  certification to the producing party (and, if not the same person or entity, to the designating party)

21  by the 60 day deadline that (1) all the Confidential Information or Highly Confidential

22  Information that was returned or destroyed, and (2) affirms that the receiving party has not

23  retained any copies, abstracts, compilations, summaries or any other format reproducing or

24  capturing any of the Confidential Information or Highly Confidential Information.

25  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings,

26  motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence,

27  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

28  work product, even if such materials contain Confidential Information or Highly Confidential

-7-

1   Information. Any such archival copies that contain or constitute Confidential Information or

2   Highly Confidential Information remain subject to this Stipulated Protective Order. The

3   conclusion of the litigation shall be deemed to be the later of (1) dismissal of all claims and

4   defenses in this action, with or without prejudice; and (2) final judgment herein after the

5   completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

6   including the time limits for filing any motions or applications for extension of time pursuant to

7   applicable law. After the conclusion of this action, this Court will retain jurisdiction to enforce

8   the terms of this Order.

9         12.    Nothing herein shall be deemed to waive any applicable privilege or work product

10   protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material

11   protected by privilege or work product protection. Any witness or other person, firm or entity

12   from which discovery is sought may be informed of and may obtain the protection of this Order

13   by written advice to the parties' respective counsel or by oral advice at the time of any deposition

14   or similar proceeding.

15         13.    In the event that any Confidential Information or Highly Confidential Information

16   is inadvertently produced without such designation, the party or non-party that inadvertently

17   produced the information without designation shall give written notice of such inadvertent

18   production promptly after the party or non-party discovers the inadvertent failure to designate

19   (but no later than fourteen (14) calendar days after the party or non-party discovers the

20   inadvertent failure to designate), together with a further copy of the subject information

21   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (the "Inadvertent Production

22   Notice"). Upon receipt of such Inadvertent Production Notice, the party that received the

23   information that was inadvertently produced without designation shall promptly destroy the

24   inadvertently produced information and all copies thereof, or, at the expense of the producing

25   party or non-party, return such together with all copies of such information to counsel for the

26   producing party and shall retain only the newly-produced versions of that information that are

27   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." This provision is not

28   intended to apply to any inadvertent production of any information or materials protected by

-8-

1   attorney-client or work product privileges, which inadvertent production is governed by Section

2   14 below.

3       14.     In the event that any party or non-party inadvertently produces information that is

4   privileged or otherwise protected from disclosure during the discovery process ("Inadvertent

5   Production Material"), the following shall apply:

6           (a)     Such inadvertent production or disclosure shall in no way prejudice or

7   otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney

8   work product protection, or other applicable protection in this case or any other federal or state

9   proceeding, provided that the producing party shall notify the receiving party in writing of such

10  protection or privilege promptly after the producing party discovers such materials have been

11  inadvertently produced.

12          (b)     If a claim of inadvertent production is made, pursuant to this Stipulated

13  Protective Order, with respect to discovery material then in the custody of another party, that

14  party shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent

15  Production Material; (ii) promptly make a good-faith effort to return the claimed Inadvertent

16  Production Material and all copies thereof (including summaries and excerpts) to counsel for the

17  producing party, or destroy all such claimed Inadvertent Production Material (including

18  summaries and excerpts) and certify in writing to that fact; and (iii) not disclose or use the

19  claimed Inadvertent Production Material for any purpose until further order of the Court expressly

20  authorizing such use.

21          (c)     A party may move the Court for an order compelling production of the

22  Inadvertent Production Material on the ground that it is not, in fact, privileged or protected.  The

23  motion shall be filed under seal and shall not assert as a ground for entering such an order the fact

24  or circumstance of the inadvertent production.  The producing party retains the burden of

25  establishing the privileged or protected nature of any inadvertently disclosed or produced

26  information.  While such a motion is pending, the Inadvertent Production Material at issue shall

27  be treated in accordance with Paragraph 14(b) above.

28

-9-

1           (d)    If a party, in reviewing discovery material it has received from any other

2   party or any non-party, finds anything the reviewing party believes in good faith may be

3   Inadvertent Production Material, the reviewing party shall:  (i) refrain from any further

4   examination or disclosure of the potentially Inadvertent Production Material; (ii) promptly

5   identify the material in question to the producing party (by document number or other equally

6   precise description); and (iii) give the producing party seven (7) days to respond as to whether the

7   producing party will make a claim of inadvertent production.  If the producing party makes such a

8   claim, the provisions of Paragraphs 14(a)-(c) above shall apply.

9        15.    The parties agree that should the production of source code become necessary,

10   they will need to amend or supplement the terms of this Order.  To the extent production of

11   source code becomes necessary in this case, the parties will work expeditiously to propose

12   amendments to this Order to cover any production of source code.

13        16.    If a party is served with a subpoena or a court order issued in other litigation that

14   compels disclosure of any Confidential Information or Highly Confidential Information, the

15   receiving party must:

16           (a)    promptly notify in writing the designating party.  Such notification shall

17   include a copy of the subpoena or court order;

18           (b)    promptly notify in writing the party who caused the subpoena or order to

19   issue in the other litigation that some or all of the material covered by the subpoena or order is

20   subject to this Stipulated Protective Order.  Such notification shall include a copy of this

21   Stipulated Protective Order; and

22           (c)    cooperate with respect to all reasonable procedures sought to be pursued by

23   the designating party whose Confidential Information or Highly Confidential Information may be

24   affected.

25        If the designating party timely seeks a protective order, the party served with the subpoena

26   or court order shall not produce any Confidential Information or Highly Confidential Information

27   before a determination by the court from which the subpoena or order issued, unless the party has

28   obtained the designating party's permission.  The designating party shall bear the burden and

-10-

1    expense of seeking protection in that court of its confidential material—and nothing in these

2    provisions should be construed as authorizing or encouraging a receiving party in this action to

3    disobey a lawful directive from another court.

4           17.    The following additional terms apply to non-party discovery material:

5                  (a)    The terms of this Order are applicable to information produced by a non-

6    party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

7    Such information produced by non-parties in connection with this litigation is protected by the

8    remedies and relief provided by this Order.  Nothing in these provisions should be construed as

9    prohibiting a non-party from seeking additional protections.

10                  (b)    In the event that a party is required, by a valid discovery request, to

11   produce a non-party's confidential information in its possession, and the party is subject to an

12   agreement with the non-party not to produce the non-party's confidential information, then the

13   party shall:

14                         i.     promptly notify in writing the requesting party and the non-party

15   that some or all of the information requested is subject to a confidentiality agreement with a non-

16   party;

17                         ii.    promptly provide the non-party with a copy of the Stipulated

18   Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

19   description of the information requested; and

20                         iii.   make the information requested available for inspection by the non-

21   party.

22                  (c)    If the non-party fails to object or seek a protective order from this Court

23   within 28 days of receiving the notice and accompanying information, the receiving party may

24   produce the non-party's confidential information responsive to the discovery request.  If the non-

25   party timely seeks a protective order, the receiving party shall not produce any information in its

26   possession or control that is subject to the confidentiality agreement with the non-party before a

27   determination by the Court.  Absent a court order to the contrary, the non-party shall bear the

28

-11-

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. CIV533328

1   burden and expense of seeking protection in this Court of its Confidential Information or Highly

2   Confidential Information.

3       18.     Nothing in this Stipulated Protective Order shall be construed to preclude any

4   party from asserting in good faith that certain Confidential Information or Highly Confidential

5   Information requires additional protections.  The parties shall meet and confer to agree upon the

6   terms of such additional protection.  By stipulating to the entry of this Protective Order no party

7   waives any right it otherwise would have to object to disclosing or producing any information or

8   item on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives

9   any right to object on any ground to use in evidence of any of the material covered by this

10  Stipulated Protective Order.  Nothing in this Stipulated Protective Order abridges the right of any

11  person to seek its modification by the Court in the future.

12                **Part Two: Use of Confidential Materials in Court**

13      The following provisions govern the treatment of Confidential Information or Highly

14  Confidential Information used at trial or submitted as a basis for adjudication of matters other

15  than discovery motions or proceedings. These provisions are subject to Rules 2.550, 2.551, 2.580,

16  2.585, 8.160, and 8.490 of the California Rules of Court and must be construed in light of those

17  Rules.

18      19.     A party that files with the Court, or seeks to use at trial, materials designated as

19  Confidential Information or Highly Confidential Information, and who seeks to have the record

20  containing such information sealed, shall submit to the Court a motion or an application to seal,

21  pursuant to California Rule of Court 2.551.

22      20.     A party that files with the Court, or seeks to use at trial, materials designated as

23  Confidential Information or Highly Confidential Information by anyone other than itself, and who

24  does not seek to have the record containing such information sealed, shall comply with either of

25  the following requirements:

26          (a)     At least ten (10) business days prior to the filing or use of the Confidential

27                  Information or Highly Confidential Information, the submitting party shall

28                  give notice to all other parties, and to any non-party that designated the

-12-

1        materials as Confidential Information or Highly Confidential Information

2        pursuant to this Order, of the submitting party's intention to file or use the

3        Confidential Information or Highly Confidential Information, including

4        specific identification of the Confidential Information or Highly

5        Confidential Information. Any affected party or non-party may then file a

6        motion to seal, pursuant to California Rule of Court 2.551(b); or

7        (b)    At the time of filing or desiring to use the Confidential Information or

8        Highly Confidential Information, the submitting party shall submit the

9        materials pursuant to the lodging-under-seal provision of California Rule of

10        Court 2.551(d). Any affected party or non-party may then file a motion to

11        seal, pursuant to the California Rule of Court 2.551(b), within ten (10)

12        business days after such lodging. Documents lodged pursuant to California

13        Rule of Court 2.551(d) shall bear a legend stating that such materials shall

14        be unsealed upon expiration of ten (10) business days, absent the filing of a

15        motion to seal pursuant to Rule 2.551(b) or Court order.

16    21.    In connection with a request to have materials sealed pursuant to Paragraph 12 or

17  Paragraph 13, the requesting party's declaration pursuant to California Rule of Court 2.551(b)(1)

18  shall contain sufficient particularity with respect to the particular Confidential Information or

19  Highly Confidential Information and the basis for sealing to enable the Court to make the findings

20  required by California Rule of Court 2.550(d).

21    **IT IS SO STIPULATED.**

22

23  DATED: _____, 2016

24                         **PERKINS COIE** LLP

25

26                         By: _____
                              Julie E. Schwartz

27                         *Attorneys for Defendant*
                         *Facebook, Inc.*

28

-13-

1    DATED: _____, 2016          **BIRNBAUM & GODKIN, LLP**

2

3                                          By: _____
                                               David Godkin
4
                                           Attorneys for Plaintiff
5                                          SIX4THREE, LLC

6

7    **IT IS SO ORDERED.**

8
     DATED: _10/24_____, 2016
9
                                           _Jonah E. Karch_
10                                         JUDGE OF THE SUPERIOR COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    -14-
                        STIPULATED [PROPOSED] PROTECTIVE ORDER
                        CASE NO. CIV533328

**CERTIFICATION**

I hereby certify my understanding that Confidential Information or Highly Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Regarding Confidential Information filed on _____, 2016, in *Six4Three, LLC v. Facebook, Inc.*, San Mateo County Superior Court Case No. CIV533328 ("Order"). I have been given a copy of that Order and read it.

I agree to be bound by the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I will not reveal the Confidential Information or Highly Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information or Highly Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information or Highly Confidential Information, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential Information or Highly Confidential Information. I hereby consent to the jurisdiction of the San Mateo County Superior Court for the purpose of enforcing the Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ located at the address of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of _____, 2016, at _____.

By: _____

Address: _____

_____

Phone: _____

-15-