# EXHIBIT 5

Electronically FILED
by Superior Court of California, County of San Mateo
ON 11/26/2018
By /s/ Mia Marlowe
Deputy Clerk

1  Stuart G. Gross (#251019)
   sgross@grosskleinlaw.com
2  Benjamin H. Klein (#313922)
   bklein@grosskleinlaw.com
3  GROSS & KLEIN LLP
4  The Embarcadero, Pier 9, Suite 100
   San Francisco, CA 94111
5  (415) 671-4628

6  Of counsel:

7  David S. Godkin (admitted *pro hac vice*)
8  James E. Kruzer (admitted *pro hac vice*)
   BIRNBAUM & GODKIN, LLP
9  280 Summer Street
   Boston, MA 02210
10 (617) 307-6100
11 godkin@birnbaumgodkin.com
   kruzer@birnbaumgodkin.com
12
   Attorneys for Plaintiff,
13 SIX4THREE, LLC, a Delaware
   limited liability company
14

15

16                    SUPERIOR COURT OF CALIFORNIA

17                         COUNTY OF SAN MATEO

18

| 19 | SIX4THREE, LLC, a Delaware limited liability company, | ) ) | Case No. CIV 533328 |
|---|---|---|---|
| 20 | Plaintiff, | ) ) ) | **Assigned for all purposes to Hon. V. Raymond Swope, Dept. 23** |
| 21 | | ) | |
| 22 | v. | ) ) | **DECLARATION OF THEODORE KRAMER IN IN SUPPORT OF** |
| 23 | FACEBOOK, INC., et al., | ) ) | **PLAINTIFF'S BRIEF IN RESPONSE TO NOVEMBER 20, 2018 ORDER** |
| 24 | Defendants. | ) ) | |
| 25 | | ) | Department: 23<br>Judge: Honorable V. Raymond Swope |
| 26 | | | Filing Date: April 10, 2015<br>Trial Date: April 25, 2019 |

27

28

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA
94111

DECLARATION OF THEODORE KRAMER IN SUPPORT OF PLAINTIFF'S BRIEF IN RESPONSE TO NOVEMBER 20, 2018 ORDER; Case No. CIV 533328

I, Theodore Kramer, declare:

1.  I am the founder and Managing Director of Six4Three, LLC ("643"). I make this Declaration from personal knowledge, and if called to testify, I could and would competently testify thereto.

2.  While Six4Three was operating and since the collapse of its business as a result of the events that gave rise to this suit, I have held multiple positions at other companies and have pursued business ventures unrelated to Six4Three. Such business requires that I periodically travel to London.

3.  On May 21, 2018, I met with Carole Cadwalladr, a reporter for *The Guardian*, in London while there on business and shared with her the public allegations in the case. She asked me frequently during this meeting if I could share documents with her and where they were located. Each time she requested this information, I informed her that confidential documents were subject to a Protective Order in California Superior Court, that they were stored on a file server in the cloud, and that confidential documents could not be released without either an Order from the Court or Facebook's consent.

4.  On August 28, 2018, I again met with Ms. Cadwalladr, this time in California. She informed me that she would like to raise our case with Damian Collins MP, the Chairman of a Parliamentary Committee in the United Kingdom investigating Facebook's management of third party access to user data. I informed Ms. Cadwalladr that I would be willing to speak with Mr. Collins.

5.  On October 1, 2018, I emailed Mr. Collins a summary of the public allegations and public filings in the case. Attached hereto as **Exhibit 1** is a true and correct copy of the letter I sent Mr. Collins on October 1, 2018.

6.  On November 3, 2018, Mr. Collins responded to my October 1 email, indicating that he had received from Ms. Cadwalladr information regarding certain categories of documents related to the case. Attached hereto as **Exhibit 2** is a true and correct copy of the letter Mr. Collins sent me on November 3, 2018.

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA
94111

DECLARATION OF THEODORE KRAMER IN SUPPORT OF PLAINTIFF'' BRIEF IN RESPONSE TO NOVEMBER 20, 2018 ORDER; Case No. CIV 533328

1

7. On November 4, 2018, I responded to Mr. Collins, notifying him that the documents were subject to a Protective Order in San Mateo Superior Court and that if he were to order me to produce the documents, I would be required to notify Facebook. Attached hereto as **Exhibit 3** is a true and correct copy of the letter I sent Mr. Collins on November 4, 2018.

8. On November 6, 2018, Chloe Challender, the clerk of the Digital, Culture, Media and Sport Committee of the House of Commons of the United Kingdom Parliament ("DCMS") emailed me a letter asking that I provide the documents Mr. Collins had requested. I ignored Ms. Challender's email. She followed up on November 8, 2018, asking me to confirm receipt of the letter. On November 12, 2018, I responded to Ms. Challender by email with confirmation that I received the letter and that, as I had communicated to Mr. Collins previously, I could not comply with her request that I disclose the materials as they are subject to the Protective Order. Attached hereto as **Exhibit 4** is a true and correct copy of the email exchange between me and Ms. Challender, including the letter attached to Ms. Challender's email of November 6, 2018.

9. On November 13, 2018, Mr. Collins again emailed me asking if he could publish the public allegations and public filings and further seeking any other unrestricted documents. I did not respond to Mr. Collins. Attached hereto as **Exhibit 5** is a true and correct copy of the email Mr. Collins sent me on November 13, 2018.

10. On November 17, 2018, Ms. Cadwalladr called me. I informed her that I had a business trip to London, and she suggested we meet for her to receive another update on the case. I agreed to meet with her at my hotel and sent her a calendar invitation. Ms. Cadwalladr is the only person I told the name of my hotel while in London. Attached hereto as **Exhibit 6** is a true and correct copy of the calendar invitation I sent Ms. Cadwalladr on November 17, 2018 for our meeting on November 19, 2018.

11. On November 19, 2018, I arrived in London to attend business meetings on behalf of my company. Upon arriving in London on November 19, 2018, I received an email from DCMS, which attached an Order to Produce Documents ("DCMS Order #1"), requesting my compliance no later than 5pm local time on November 20, 2018. I immediately forwarded the email and attached DCMS Order #1 to counsel. I then checked into my hotel, the London

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA
94111

DECLARATION OF THEODORE KRAMER IN SUPPORT OF PLAINTIFF'' BRIEF IN RESPONSE TO NOVEMBER 20, 2018 ORDER; Case No. CIV 533328

2

Marriott Hotel County Hall located at London County Hall, Westminster Bridge Road, South Bank, London SE1 7PB, United Kingdom ("London Marriott"). Shortly after checking in, I received and reviewed an email from counsel's administrative assistant, attaching letters counsel had sent to Mr. Collins and Defendants' counsel, which I also received and reviewed. I understood that I was not permitted to comply with DCMS Order #1 and, more generally, that I was not permitted to provide any documents designated confidential or highly confidential by Defendants to DCMS or any other person. When I awoke on November 20, 2018, I had been served a hard copy of DCMS Order #1 to my hotel room. I do not know how DCMS discovered the location of my hotel and hotel room. Attached hereto as **Exhibit 7** is a true and correct copy of the DCMS Order #1 I received from DCMS via email on November 19, 2018 and via service to my hotel room the morning of November 20, 2018.

12. I refused to comply with DCMS Order #1 and proceeded to conduct my business in London. On November 20, 2018, I received and reviewed an email from counsel's administrative assistant, attaching a letter counsel had sent to Mr. Collins, which I also received and reviewed. I continued to understand that I was not permitted to comply with DCMS Order #1 and, more generally, that I was not permitted to provide any documents designated confidential or highly confidential by Defendants to DCMS or any other person. For the remainder of November 20, 2018, I engaged in pre-planned meetings and other work unrelated to Six4Three.  On November 20, 2018, I also received from Plaintiff's counsel this Court's Order dated November 20, 2018, as well as Plaintiff's counsel's letter to Mr. Collins, which attached the Order. I understood that the November 20, 2018 Order, as well as the Protective Order, continued to bar me from providing any documents designated confidential or highly confidential by Defendants to DCMS or any other person.

13. On November 21, 2018, following a breakfast business meeting, I returned to the London Marriott at 9am local time, at which point the Serjeant-at-Arms of the House of Commons followed me into the lobby. The Serjeant-at-Arms served me with another Order to Produce Documents ("DCMS Order #2"). I immediately took a picture of DCMS Order #2 and

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA
94111

DECLARATION OF THEODORE KRAMER IN SUPPORT OF PLAINTIFF'' BRIEF IN RESPONSE TO NOVEMBER 20, 2018 ORDER; Case No. CIV 533328

3

emailed it to counsel. Attached hereto as **Exhibit 8** is a true and correct copy of DCMS Order #2.

14.    I again refused to comply with DCMS Order #2 and proceeded to conduct my business in London. At 11am local time on November 21, 2018, I received via email from DCMS a third Order to Produce Documents ("DCMS Order #3"), which now indicated that DCMS had formally reported my non-compliance to the House of Commons, which "will appear on today's formal record, and the process of investigation will commence." Attached hereto as **Exhibit 9** is a true and correct copy of DCMS Order #3.

15.    In light of DCMS' continued pressure and my inability to conduct business peacefully, I concluded on my own that I needed to address this matter with Mr. Collins directly and further determine what DCMS intended when it wrote that "the process of investigation will commence." I did not feel comfortable continuing my scheduled meetings while under an active investigation by Parliament. I believed it was highly likely that if I continued to ignore DCMS, the Serjeant-at-Arms or other Parliamentary staff may have placed me under contempt or sanction during one of my business meetings, which would have greatly tarnished my reputation, placed me in significant legal jeopardy in the United Kingdom, and made it impossible for me to conduct business in the United Kingdom in the future. I was also concerned that I might be barred from leaving the country and/or returning to the country if the matter was not resolved. I also attempted to research the issue on Google and concluded that any decision to ignore an active investigation by a national government could result in serious, potentially criminal, consequences. However, I did not seek further advice from counsel at this time, including the attorneys representing Six4Three.

16.    Thus, I attempted to delay my next meeting and went to Parliament at approximately 12:30pm local time and asked Parliamentary staff to contact Mr. Collins to advise him I was outside and prepared to discuss his investigation into me. Prior to doing this, I did not seek further advice from an attorney, including the attorneys representing Six4Three. I did not at that time indicate a willingness to comply with the DCMS Orders, and I did not intend to comply with the DCMS Orders. I continued to understand that I was not allowed to

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA
94111

DECLARATION OF THEODORE KRAMER IN SUPPORT OF PLAINTIFF'' BRIEF IN RESPONSE TO NOVEMBER 20, 2018 ORDER; Case No. CIV 533328

4

comply with the Orders in light of the Protective Order and the November 20th Order. I intended to understand fully the procedures, risks and penalties associated with Parliament's notice to me that they had begun an active investigation into me. I intended to convince Mr. Collins that he could not force me to turn over documents subject to the Protective Order, and further that he could not prevent me from conducting business in the United Kingdom.

17. Parliamentary staff then brought me into Mr. Collins' office, where he and his staff kept me for two hours, explaining in significant detail the procedures of the investigation and the penalties associated with my continued non-compliance. I asked Mr. Collins if he could resolve this matter directly with Facebook and if he had received any response from Facebook or its counsel. Mr. Collins responded: "No. Nothing at all."

18. Mr. Collins and his staff then communicated to me that I was in contempt, under an active investigation, and that the penalty could include fines and potential imprisonment. I did not know whether I was free to leave the location, or if I had been allowed to leave, if I would be permitted to fly home to the United States. At this point, I panicked. I opened my computer, took out a USB drive, and went onto the local dropbox folder synced to my computer. I searched the folder using keywords relevant to Mr. Collins' request and looked for filenames that appeared to be related to the anti-SLAPP opposition papers that Mr. Collins had ordered me to produce. I did not expect to find the precise documents Mr. Collins had requested, and I had not previously seen or accessed folders that appeared in my search. Mr. Collins had two staff members present with him, one of whom was directly viewing my screen. I identified a relevant folder where it appeared summaries and reviews of materials were kept. I identified a small number of files by filename and transferred them to the USB drive. Mr. Collins watched me as I did this, and I turned the USB drive over to him immediately. I do not recall the exact files I transferred, but I was looking for any files I could access relevant to the anti-SLAPP opposition papers, since that was the subject of the DCMS Orders. I did not open any of the files.

19. I have not reviewed any highly confidential documents produced by Facebook. I did not access folders containing highly confidential documents at any time except by

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA
94111

DECLARATION OF THEODORE KRAMER IN SUPPORT OF PLAINTIFF'' BRIEF IN RESPONSE TO NOVEMBER 20, 2018 ORDER; Case No. CIV 533328

5

1 instruction of Mr. Collins in his office on November 21, 2018. My decision to provide these documents to Mr. Collins was contrary to the explicit statements by counsel contained in the various communications referenced above.

20. At approximately 1pm local time on November 21, 2018, I received an email from counsel containing legal advice. I did not receive this email until after I left Parliament that afternoon. I did not have cellular service inside Parliament. I was so shaken by this experience that I failed to attend my remaining meetings without notifying my appointments. I headed straight to the airport. I did not contact counsel or any member of the legal team to inform them that I had provided the documents to DCMS.

21. On the morning of November 22, 2018, I received a letter from DCMS confirming my compliance with its Orders and stating that DCMS had no further plans to proceed with its investigation or to continue its contempt proceeding. I did not provide this letter to counsel or any other member of the legal team until the afternoon of November 23, 2018. Attached hereto as **Exhibit 10** is a true and correct copy of this letter from DCMS confirming my compliance.

22. I spent November 22, 2018 with my family in New York for the Thanksgiving holiday.

23. On November 23, 2018, I spent the morning compiling all of the relevant information and materials regarding the sequence of events pertaining to my trip to London. That afternoon, I sent this information and materials to counsel, notifying counsel of my compliance with the DCMS Orders.

24. On November 23, 2018, counsel instructed me to delete from my computer and dropbox account any documents that could contain information designated highly confidential by Defendants. I complied with this request of counsel, and in doing so, did not open or review any such documents. I confirmed my compliance that same day.

25. I have not retained counsel in the United Kingdom.

26. I affirm that any factual assertions contained herein are supported by competent evidence to the extent such evidence exists.

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA
94111

DECLARATION OF THEODORE KRAMER IN SUPPORT OF PLAINTIFF'' BRIEF IN RESPONSE TO NOVEMBER 20, 2018 ORDER; Case No. CIV 533328

6

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed November 26, 2018 at Rye, New York.

_____
Theodore Kramer

GROSS & KLEIN LLP
THE EMBARCADERO
PIER 9, SUITE 100
SAN FRANCISCO, CA
94111

DECLARATION OF THEODORE KRAMER IN SUPPORT OF PLAINTIFF'' BRIEF IN RESPONSE TO NOVEMBER 20, 2018 ORDER; Case No. CIV 533328

7