# EXHIBIT 6



**FILED**
SAN MATEO COUNTY

NOV 01 2018

Clerk of the Superior Court

DEPUTY CLERK

CIV533328
ORD
Order
1469026

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| SIX4THREE, LLC, a Delaware limited liability company,<br><br>                Plaintiff,<br><br>     v.<br><br>FACEBOOK, INC., a Delaware corporation;<br>MARK ZUCKERBERG, an individual;<br>CHRISTOPHER COX, an individual;<br>JAVIER OLIVAN, an individual;<br>SAMUEL LESSIN, an individual;<br>MICHAEL VERNAL, an individual;<br>ILYA SUKHAR, an individual; and<br>DOES 1-50, inclusive,<br><br>                Defendants. | Case No. CIV 533328<br><br>**Assigned for all purposes to Hon. V. Raymond Swope, Dept. 23**<br><br>**AMENDED ORDER ON: (1) FACEBOOK'S MOTIONS TO SEAL, FILED JANUARY 8 AND MAY 3 AND 30; (2) THE GUARDIAN AND CNN'S MOTION TO UNSEAL JUDICIAL RECORDS; AND (3) THE NEW YORK TIMES, ASSOCIATED PRESS, AND WASHINGTON POST'S MOTION TO UNSEAL**<br><br>Date:     October 11, 2018<br>Time:    9:00 a.m.<br>Dept:    23 (Complex Civil Litigation)<br>Judge:  Honorable V. Raymond Swope<br><br>FILING DATE:     April 10, 2015<br>TRIAL DATE:     April 25, 2019 |

1  practice in relation to Six4Three proffering briefs as evidence in opposing Facebook's Motion for Summary

2  Adjudication. "This is not procedurally proper, and 'evidence' cannot be incorporated by reference." (Case

3  Mgmt. Order no. 11, issued Dec. 8, 2018, p. 14 – 15.)

4           **e.  Redacted portions of Six4Three's Opposition to the Individual Defendants'**
                 **Anti-SLAPP Motion;**
5                **Declaration of David S. Godkin in Support of Six4Three's Anti-SLAPP**
                 **Opposition;**
6                **Exhibits 1, 3-4, 11-26, 29-131, 133-144, 146-180, 182-205, and 207-212 to the**
7                **Godkin Anti-SLAPP Declaration**
                 **Exhibit 2 to the Godkin Anti-SLAPP Declaration, with the exclusion of Pages**
8                **129-130, 136-39, and 193**
                 **Pages 150-181 of Exhibit 5 to the Godkin Anti-SLAPP Declaration**
9

10         Similar to *Overstock.com*, Six4Three has inundated the Court with opposition evidence to the

11  Individual Defendants' anti-SLAPP motion.

12         Plaintiffs submitted a veritable mountain of confidential materials in opposition to
            defendants' motions for summary judgment. Entire documents were submitted, when only
13          a page or two were identified as containing matter relevant to the issues. Multiple
            documents were submitted to support a claim, when one would have sufficed. The parties
14          made no mention at all of hundreds of the exhibits. Inundating the trial court with this
15          deluge of confidential materials was brute litigation overkill. [Citation.]

16  (*Overstock.com, supra,* 231 Cal.App.4th at 498–499.)

17         In this instance, Six4Three proffered a 3,800-page declaration from its counsel, including

18  approximately 70 pages of declaration and 3,730 pages consisting of 212 exhibits. Six4Three admits it

19  submitted entire documents when only a single page contained the matter relevant to its argument. "In

20  many cases, a single email or chat discussion among Facebook employees may consist of dozens of pages,

21  *but the relevant evidence might only be found in one or two sentences.*" (Opp. to Facebook 5/31 Motion to

22  Seal, filed Jun. 14, 2018, p. 14:3-4 ("5/31 Opposition" or "5/31 Opp.") (emphasis added).) As the First

23  District found in *Overstock.com*, Six4Three's submission of the Godkin Declaration is "brute litigation

24  overkill."

25         Furthermore, multiple documents were submitted to support a claim as evidenced by the string

26  citations to Six4Three's evidence. (*See* Corrected Opp. to Indiv. Anti-SLAPP, filed May 18, 2018, p. 1:7-

27  21, fn. 2 ("Anti-SLAPP Opposition" or "Anti-SLAPP Opp.").) Six4Three included over 420 separate

28

1  citations to its evidence in its Anti-SLAPP Opposition.

2  However, unlike the plaintiffs in *Overstock.com*, Six4Three cited to all of the exhibits proffered in

3  the Godkin Declaration in the form of string citations. However, except for Godkin Declaration, Exhibit

4  nos. 1 through 10, Six4Three has failed to comply with the California Rules of Court by providing a

5  specific citation in support of each argument asserted in its Anti-SLAPP Opposition.

6  > The memorandum must contain a statement of facts, a concise statement of
7  > the law, evidence and arguments relied on, and a discussion of the statutes,
   > cases, and textbooks cited in support of the position advanced.

8  > . . .

9  > All references to exhibits or declarations in supporting or opposing papers
10 > must reference *the number or letter of the exhibit, the specific page, and, if*
   > *applicable, the paragraph or line number.*

11 (Cal. Rules of Court, rule 3.1113(b) & (k) (emphasis added).) Facebook is correct that "Six4Three cites to

12 its exhibits with massive string cites that contain no analysis of the exhibits or how they relate to the

13 arguments in the Individual Defendants' Anti-SLAPP Motion." (Facebook 5/31 Motion, p. 5:24-26.)

14 Six4Three failed to provide a concise statement of the evidence presented or citation to specific pages in

15 its Anti-SLAPP Opposition. Instead, Six4Three admitted to relying on its counsel's declaration to

16 supplement its Anti-SLAPP Opposition:

17 > Plaintiffs' Declaration in Support of the Anti-SLAPP Opposition does
18 > nothing more than summarize for the Court the attached evidence to achieve
   > two purposes: (1) assist the Court in identifying where in the underlying
19 > emails and documents the relevant information can be found; and (2) assist
   > the Court in understanding how the evidence relates to a particular factual
20 > allegation.

21 (5/31 Opp., p. 13:27 – 14:2.) Six4Three should have included the aforementioned in its Anti-SLAPP

22 Opposition, and not a declaration. This is an improper attempt by Six4Three to skirt the page length

23 requirements in its Anti-SLAPP opposition and is "considered in the same manner as a late-filed paper."

24 (Cal. Rules of Court, rule 3.1113(d) & (g).)

25 Six4Three's arguments addressing this declaration are unavailing. First, Evidence Code section

26 1523, subdivision (d), is a statutory exception to the general rule that "oral testimony is not admissible to

27 prove the content of a writing." It is not applicable to a written declaration. (See 5/31 Opp., p. 14:8-9.)

28 Second, at the January 9, 2018 hearing, the Court did not explicitly request that Six4Three quote

1   "portions of the evidence in its declaration" and "tie each 'piece of evidence' in its declaration to a factual

2   allegation in the Anti-SLAPP Opposition." (5/31 Opp., p. 14:9-13.) Instead, the Court addressed

3   Six4Three's filing of a supplemental declaration *after* it filed its opposition to Facebook's Anti-SLAPP

4   motion:

> Except the problem is, is that the 700-page supplemental declaration, there's
> nothing to link it to. *You don't have an opposition brief that says "and see
> the declaration of this," "and see this piece of evidence." I don't have any
> linkage whatsoever. So here it is floating free in space.* And if I'm going to
> go through all the trouble of a SLAPP motion, I want to deal with it
> substantively and not have everything be in pieces like this.

9   (Godkin Dec. ISO 5/31 Opp., filed Jun. 14, 2018, Ex. I, p. 37-14-23 emphasis added).) Six4Three's

10  interpretation of the Court's instructions is incorrect; the Court was reiterating the requirements in

11  California Rules of Court, rule 3.1113(g).

12      Pursuant to California Rules of Court, rule 2.550(d), the Court makes the following factual findings

13  regarding those records[3] as to which the Court grants, in part, Facebook's 5/31 Motion to Seal:

14      (1) There exists an overriding interest that overcomes the right of public access to the records. (*See*

15  Cal. Rules of Court, rule 2.550(d)(1).) The Court has undertaken a review of Six4Three's

16  voluminous filings, as well as considered the evidence put forth by Facebook in support of its 5/31

17  Motion to Seal. Here, the records that Facebook seeks to seal contain confidential or competitively

18  sensitive information, including information regarding business strategies and goals, financial

19  information, potential acquisitions and partnerships, and testimony regarding these matters. Certain

20  records contain information in which Facebook may have intellectual property rights or as to which

21  Facebook may seek trade secret protection.

22      (2) The overriding interest supports sealing the records. (*See* Cal. Rules of Court, rule 2.550(d)(2).)

23  Here, each record as to which the Court grants Facebook's 5/31 Motion to Seal is particular to the

24  essence of Facebook as a going concern. The purpose of Six4Three's lawsuit is to obtain injunctive

25

26  _____

27  [3] Those records upon which these findings are made are Exhibit 2, p. 167:9 - 168:20; Exhibit 3, p. 53:15-
    21, 61:11 - 62:13, 207:21 -209:12, 129:06 - 131:23, 134:13 - 135:20, 145:03 - 150:12, 160:06 - 162:18,
    187:13 - 188:16; Exhibit 4, p. 25:6 - 28:25, 119:7 -16, 151:21 -152:18, 218:22 - 219:19, 238:2 - 242:17,

28  243:7 - 252:5; Exhibit 5, p. 161:12 - 177:20; and all of Exhibits 44, 75, 76, 93, 101, 104, 108, 109, 110,
    114, 117, 121, 126, 127, 131, 136, 159, 193, 195, 196, 199, and 201.

or monetary relief for the injuries that Six4Three alleges. The purpose is not to damage Facebook as a going concern through the disclosure of confidential or competitively sensitive information.

(3) A substantial probability exists that the overriding interest will be prejudiced if the records are not sealed. (*See* Cal. Rules of Court, rule 2.550(d)(3).) Here, the disclosure of each record would harm Facebook's business.

(4) The proposed sealing is narrowly tailored. (*See* Cal. Rules of Court, rule 2.550(d)(4).) The Court has determined, through its own review and the evidence presented by Facebook, that the exhibits as to which the Court grants Facebook's motion contain the confidential business strategies and objectives of Facebook. Facebook has not moved to seal every document lodged by Six4Three, but has instead allowed disclosure of several records that do not affect the overriding interests identified above. Furthermore, as noted below, the Court has denied Facebook's motion in part as to certain matters where disclosure will not prejudice Facebook or third parties.

(5) No less restrictive means exist to achieve the overriding interest. (*See* Cal. Rules of Court, rule 2.550(d)(5).) Here, the exhibits as to which the Court grants Facebook's motion contain internal discussions about confidential business strategies. Disclosing these discussions would prejudice Facebook and third parties.

Based on the foregoing,

1. The Court STRIKES, *sua sponte*, the redacted portions of Godkin Declaration in support of Six4Three's Anti-SLAPP Opposition ("Godkin Declaration") at pages 1 through 76 and the unredacted parenthetical statements following citations to deposition transcripts at paragraphs 3, 7–9;

2. The Court STRIKES, *sua sponte*, Godkin Declaration, Exhibits 11–20, 22, 23, 24 26, 29 – 43, 45–58, 60–74, 77–92, 94–98, 100, 102, 103, 105–107, 111–113, 115, 116, 118, 119–124, 128-130, 133–135, 137–140, 144, 146–148, 151–155, 158, 161, 163, 164–169, 171, 172, 175, 177–180, 182–187, 189–192, 194, 197, 200, 202, 203, 205, 207–209, 211 and 212 for Six4Three submitting entire documents, "when only a page or two were identified as containing matter relevant to the issues" (*Overstock.com*, supra, 231 Cal.App.4th at p. 498);

---

13

AMENDED ORDER ON MOTIONS TO SEAL AND UNSEAL

3.  The Court STRIKES, *sua sponte*, the following portions of Godkin Declaration as they do not support the propositions asserted in Six4Three's Anti-SLAPP Opposition and are therefore irrelevant:

(A) Exhibit 1, p. 64:22–76:10, 82:7–85:20, 120:23–121:18, 125:7–130:14, 148:11–149:16, 151:6–153:10, 168:5–169:1, 177:14–181:20, 195:18–199:7, 204:12–209:16, 214:13–217:11, 226:2–228:3, 228:9–232:5, 231:25–233:18, 257:20–258:14, 268:6–272:4;

(B) Exhibit 2, p. 75:21–79:20, 90:6–92:14, 188:23–189:15;

(C) Exhibit 3, p. 14:25–15:14, 57:21–58:4, 59:2–61:4, 65:3–25, 70:2–71:13, 122:14–123:06, 167:25–178:05, 196:14–199:8, 201:10–203:13, 218:8–219:18, 231:18–233:24;

(D) Exhibit 4, p. 19:1–20:8, 23:15–25:5, 38:13–40:21 , 79:14–84:17 , 86:4–93:16, 102:7–103:14, 139:13–145:13, 163:1–167:19, 183:11–184:16, 222:23–226:16, 227:13–230:22, 298:10–306:7; and

(E) Exhibits 21, 25, 59, 99, 120, 122, 123, 125, 141, 142, 143, 149, 150, 156, 157, 160, 162, 170, 173, 174, 176, 188, 198, 204, 210;

4.  Pursuant to California Rules of Court, rule 2.550(d), the Court GRANTS, IN PART, Facebook's 5/31 Motion to Seal as to the following in Godkin Declaration:

(A) Exhibit 2, p. 167:9–168:20;[4]

(B) Exhibit 3, p. 53:15–21, 61:11–62:13, 207:21–209:12, 129:06–131:23, 134:13–135:20, 145:03–150:12, 160:06–162:18, 187:13–188:16;

(C) Exhibit 4, p. 25:6–28:25, 119:7–16, 151:21–152:18, 218:22–219:19, 238:2–242:17, 243:7–252:5;

(D) Exhibit 5, p. 161:12–177:20; and g

(E) Exhibits 44, 75, 76, 93, 101, 104, 108, 109, 110, 114, 117, 121, 126, 127, 131, 136, 159, 193, 195, 196, 199, and 201;

///

---

[4] In its objection to Facebook's proposed order submitted on October 22, 2018, Six4Three asserted, "The Partovi transcript (Exhibit 2 to [the Godkin] declaration) is already public and was not (or should not have been) part of Facebook's motions to seal." However, Six4Three did not raise that argument in its opposition. (See 5/31 Opp.)

5. Pursuant to California Rules of Court, rule 2.550(d), the Court GRANTS, IN PART, Facebook's 5/31 Motion as to the redacted portions of Six4Three's Opposition to the Individual Defendants' Anti-SLAPP Motion;

6. The Court DENIES, IN PART, Facebook's 5/31 Motion as to the following in Godkin Declaration:

(A) Exhibit 2, p. 45:16–56:08, 121:5–123:11, 125:19–131:20;

(B) Exhibit 3, 21:1–22, 21:23–22:2, 28:8–22, 32:2–22, 35:2–23, 40:14–41:14, 53:22–54:17, 73:7–74:20, 78:25–81:25, 82:8–91:12, 94:3–95:12, 96:15–108:16, 127:02–127:25, 128:01–128:10;

(C) Exhibit 4, p. 17:15–21, 37:19–25, 60:9–61:25; and

(D) Exhibit 5, p. 153:14–154:24.

7. The Court orders that Exhibit 2, p. 129–130, and Exhibits 6 – 10, 27, 28, 132, 145, 181 and 206 be FILED as Facebook did not move to seal these exhibits.

8. In the interest of judicial economy, Facebook and Six4Three shall coordinate to pull the documents lodged provisionally under seal on May 17, 2018 and have now been ordered to be filed in Section 5(e)(6)-(7) of this Order. Six4Three shall file a revised declaration attaching these documents with Clerk of the Court.

9. The portions of Six4Three's evidence ordered stricken by the Court shall be stayed and shall remain lodged under seal pending the resolution of Facebook's appeal and Six4Three's cross-appeal and upon further order of the Court.

IT IS SO ORDERED.

Dated: November 1, 2018

Honorable V. Raymond Swope
Judge of the Superior Court of California

AMENDED ORDER ON MOTIONS TO SEAL AND UNSEAL