# EXHIBIT 7

**FILED**
**SAN MATEO COUNTY**

NOV 3 0 2018


Clerk of the Superior Court
By _____
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| SIX4THREE LLC,<br><br>Plaintiff,<br><br>vs.<br><br>FACEBOOK INC., et al.<br><br>Defendants. | Case No. CIV533328<br><br>**ORDER DENYING DEFENDANT FACEBOOK, INC'S EX PARTE APPLICATION**<br><br>Assigned for All Purposes to<br>Hon. V. Raymond Swope, Dept. 23<br><br>Hearing Date:   Friday, November 30, 2018<br>Hearing Time:   2:00 p.m..<br>Dept.:   23<br><br>Action Filed:   April 10, 2015 |

On November 19, 2018, the Court set a briefing schedule on defendant FACEBOOK, INC.'s ("Defendant" or "Facebook") ex parte application for expedited briefing on a motion for sanctions and contempt ("Defendant's Ex Parte") by email.

On November 20, 2018, the Court issued an Order for Briefing and Staying Submission of Unredacted Copies of Sealed Documents ("11/20 Order").

On November 26, 2018, the Court received Plaintiff SIX4THREE, LLC's ("Plaintiff" or "Six4Three") Response to the 11/20 Order at 11:35 a.m., Defendant's Ex Parte at 11:55 a.m., and Plaintiff's "Limited Response" to Defendant's Ex Parte at 4:46 p.m.

On November 27, 2018, the Court issued an Order and Notice of Hearing setting a hearing for November 30, 2018 at 2:00 p.m.

On November 28, 2018, the Court received Defendant's Response to the 11/20 Order at 7:02 p.m. and Plaintiff's Response to Defendant's Ex Parte at 7:06 p.m.

CIV533328
ORD
Order
1522742

1   On November 29, 2018 at 2:31 p.m., Mr. Godkin sent a letter to both the Court and the parties ("11/29 Letter"), a copy of which is attached as **Exhibit A**.

IT IS HEREBY ORDERED as follows:

Defendant's Ex Parte is GRANTED, IN PART, AND DENIED, WITHOUT PREJUDICE, IN PART.

Defendant's ex parte request for expedited briefing and hearing on terminating sanctions and contempt sanctions is procedurally improper. Notice must be given. (Code Civ. Proc. § 2023.030 ("the court, after notice to any affected party, person, or attorney, and after opportunity for hearing, may impose . . . sanctions against anyone engaging in conduct that is a misuse of the discovery process").) "Discovery sanctions may not be ordered ex parte, and an order purporting to do so is void." (*Sole Energy Co. v. Hodges* (2005) 128 Cal.App.4th 199, 208.)

Defendant's ex parte request for expedited requests for document production is procedurally improper. No requests have been served on Plaintiff and the relief requested is premature. Furthermore, a motion is required. (Code Civ. Proc. § 2031.260, subd (a) (response deadline to requests for production is 30 days "unless on motion of the party making the demand, the court has shortened the time for response"). See also Weil & Brown, Cal. Prac. Guide: Civ. Proc. Before Trial (Rutter, Jun. 2018 Update) ¶ 9:349.) However, the court may issue an order shortening time pursuant to ex parte application on any such motion. (Weil & Brown, *supra*, at ¶ 9:347.)

Defendant's ex parte request to shorten notices of deposition is GRANTED to five days upon electronic service or personal delivery. (Code Civ. Proc. § 2025.270, subd. (d). See also Weil & Brown, *supra*, at ¶ 8:493.3.) Notices of deposition on parties may include requests for production. (Code Civ. Proc. § 2025.220, subd. (a)(4).)

Defendant's ex parte request to require the depositions of Plaintiff's *pro hac vice* counsel in San Mateo County is DENIED. (Code Civ. Proc. § 2025.250, subd. (a).)

In ruling on the ex parte application, the Court takes no position on the issues of the waiver of attorney-client privilege or the taking of depositions of any of Plaintiff's counsel as that issue is not ripe for review. Notices of deposition, requests for production, and objections have yet to be served.

The Court immediately orders that Plaintiff's counsel Stuart Gross of Gross & Klein shall unmark all folders and files marked for deletion in the Six4Three Dropbox account to preserve all files and folders. After unmarking, Mr. Gross shall then provide the administrator access log in and password to the third party forensic examiner agreed to on the record, **Eric Friedberg of Stroz Friedberg, or his agents, at (212) 981-6536 (office), (914) 329-9371 (mobile), or efriedberg@strozfriedberg.com (e-mail) ("Forensic Examiner").** Upon receipt of said information, the Court immediately orders the Forensic Examiner to maintain chain of custody, take all measures to restrict access to, and preserve the data from the Six4Three dropbox account, including but not limited to imaging, for preservation of the evidence until further order of the Court.

The Court immediately orders that Mr. Theodore Kramer shall not open or access, in any way, the laptop he used to access Defendant's Highly Confidential Documents and transfer those files to the USB thumb-drive to Parliament until further order of the Court. (Weil & Brown, *supra*, at ¶ 8:19:12. See Def. Response to 11/20 Order, filed Nov. 28, 2018, p. 7:13-15.)

The Court immediately orders that Mr. Kramer shall not open, access, modify, or delete any storage or back-up devices for his laptop, whether in physical format ("physical storage devices") (i.e. USB thumb-drive) or in the cloud ("cloud storage").

**Mr. Kramer, to be accompanied by Plaintiffs' counsel David Godkin and Stuart Gross, shall make available for pick up at Gross & Klein, the Embarcadero, Pier 9, Suite 100, San Francisco, CA 94111 - the laptop, all physical storage devices, identify in writing all cloud storage, and provide any log-in information necessary for the full and complete access to all data in the aforementioned to the Forensic Examiner no later than Friday, November 30, 2018 at 9 pm.** Defendant's counsel are permitted to be present for this pick up. The Forensic Examiner shall pick up, maintain chain of custody, take all measures to restrict access to, and preserve the data on the laptop, all physical storage devices, and cloud storage, including but not limited to imaging, for preservation of the evidence until further order of the Court.

**Mr. Kramer, to be accompanied by Mr. Godkin and Mr. Gross, shall make his mobile devices available and provide any log in information necessary for the full and complete access for preservation of data on those devices to the Forensic Examiner at Gross & Klein no later**

-3-
ORDER DENYING EX PARTE APPLICATION

**than Friday, November 30, 2018 at 9 pm**. The Forensic Examiner shall take all measures to preserve the data on the mobile devices, including but not limited to imaging, for preservation of the evidence until further order of the Court. Defendant's counsel are permitted to be present for this data preservation by the Forensic Examiner. Upon completion of the imaging of the mobile devices, the Forensic Examiner shall return the mobile devices to Mr. Kramer.

The Court orders Mr. Kramer shall not delete any data from his mobile devices, whatsoever, until further order of the Court. If any of his mobile devices are set to automatically delete any data, the Court instructs Mr. Kramer to turn off that setting.

The Court immediately orders that Mr. Thomas Scaramellino, who is a member of Six4Three's legal team, shall not open or access, in any way, the laptop or computer he used to access Six4Three's dropbox and that Mr. Scaramellino shall not open, access, modify, or delete any physical storage devices or cloud storage for his laptop or computer.

**Mr. Scaramellino shall make available for pick up at the address provided by Mr. Godkin, 2674 State Route 42, Forestburgh, NY 12777 - the laptop or computer, his physical storage devices, and identify in writing all cloud storage and provide any log in information necessary for the full and complete access to all data in the aforementioned to the Forensic Examiner no later than Saturday, December 1, 2018 at 12 pm**. The Forensic Examiner shall pick up, maintain chain of custody, take all measures to restrict access to, and preserve the data on the laptop or computer, Mr. Scaramellino's physical storage devices, and Mr. Scaramellino's cloud storage, including but not limited to imaging, for preservation of the evidence until further order of the Court.

**The Court orders that the Forensic Examiner shall not disclose any data preserved or collected in this action to any party, non-party, person or entity, until further order of the Court.**

Mr. Kramer shall authenticate and produce full copies of the emails and attachments he produced as exhibits to his declaration filed in support of Plaintiff's Brief in Response to the 11/20 Order, filed November 26, 2018, to Defendant **no later than December 1, 2018 at 9 a.m.** This shall include, but is not limited, to the three attachments in Exhibit 1 ("Summary of Complaint.pdf,"

1  "FILED Corrected Opp to Individual Defendants Anti-SLAPP.pdf," "Requests for Production-
2  six4three.pdf") and text identified as hidden by "[Quoted text hidden]" at Exhibit 2, p. 2 and Exhibit
3  5, p. 2. (See Def. Response to 11/20 Order, *supra*, at p. 6:20-21.) **These emails and attachments**
4  **shall be bates-stamped for ease of future reference for both the parties and the Court.**
5       The provision for preservation of evidence in the 11/20 Order remains in effect and is
6  ordered extended to apply to any storage or back-up devices for any mobile devices, whether in
7  physical format or in the cloud (i.e. iCloud). (11/20 Order, *supra*, at p. 2:21 – 3:3.)
8       Good cause appears to order preservation of the aforementioned based on Mr. Kramer's
9  admitted actions, the cloud cast by Plaintiff counsel's change in narrative in the 11/29 Letter,
10 which is not supported by competent evidence (see 11/20 Order, ¶ 6), Plaintiff's counsel's assertion
11 that "it does not appear that Mr. Kramer's deletion of local copies of the documents from his
12 computer would affect any electronic evidence of his provision of documents, if any existed. It
13 appears that this information, if it existed, would be contained in the system log of his laptop."
14 (11/29 Letter, p. 2,), Mr. Kramer's admission he "[does] not recall the exact files [he] transferred"
15 (Kramer Dec. ISO Pl. Response to 11/20 Order, filed Nov. 26, 2018, p. 5:23-25), and for the
16 matters discussed on the record.
17      For discovery disputes, the parties are reminded of the discovery procedures set forth in CM
18 Order no. 1, paragraph 11. (See CM Order no. 14, ¶ 6.) Any request for a discovery conference shall
19 be delivered to Department 23 both electronically and in physical form.
20      Plaintiff's counsel shall all remain in this action until further order of the Court.
21      Mr. Godkin shall immediately provide a copy of this order to Mr. Scaramellino upon receipt.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

-5-
ORDER DENYING EX PARTE APPLICATION

Lastly, the Court finds that although the summary of facts presented by Defendant in its Ex Parte and Response to the 11/20 Order is compelling, it is not in affidavit form. (Code Civ. Proc. § 1211, subd. (a). See Ex Parte, *supra*, at p. 2:24 -7:20; Def. Response to 11/20 Order, *supra*, at p. 1:10 – 4:5, 5:19 – 6:8, 9:3 – 10:5, 10:16 – 11:14.)

IT IS SO ORDERED.

DATED: November 30, 2018

Honorable V. Raymond Swope<br>
Judge of the Superior Court