# EXHIBIT 11

Electronically
**FILED**
by Superior Court of California, County of San Mateo

ON      2/25/2020

By      /s/ Mia Marlowe
Deputy Clerk

1   WILMER CUTLER PICKERING HALE
    AND DORR LLP
2   SONAL N. MEHTA (SBN 222086)
    sonal.mehta@wilmerhale.com
3   950 Page Mill Road
    Palo Alto, CA 94304 USA
4   Telephone:    650 600 5051
    Facsimile:    650 858 6100
5
6   *Attorney for Defendant Facebook, Inc.*
7

8   DURIE TANGRI LLP                          PIERCE BAINBRIDGE BECK PRICE
    LAURA E. MILLER (SBN 271713)              & HECHT LLP
9   lmiller@durietangri.com                   JOHN M. PIERCE (SBN 250443)
    CATHERINE Y. KIM (SBN 308442)             jpierce@piercebainbridge.com
10  ckim@durietangri.com                      THOMAS D. WARREN (SBN 160921)
    WHITNEY O'BYRNE (SBN 325698)              twarren@piercebainbridge.com
11  wobyrne@durietangri.com                   JANINE F. COHEN (SBN 203881)
    217 Leidesdorff Street                    jcohen@piercebainbridge.com
12  San Francisco, CA  94111                  ERICK K. KUYLMAN (SBN 313202)
    Telephone:    415-362-6666                ekuylman@piercebainbridge.com
13  Facsimile:    415-236-6300                355 S. Grand Avenue, 44th Floor
                                              Los Angeles, CA 90071
14  *Attorneys for Defendants Facebook, Inc., Mark*
    *Zuckerberg, Christopher Cox, Javier Olivan,*   *Attorneys for Plaintiff Six4Three, LLC*
15  *Samuel Lessin, Michael Vernal, and Ilya Sukhar*

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA

17                       COUNTY OF SAN MATEO

18  SIX4THREE, LLC, a Delaware limited liability      Case No. CIV 533328
    company,
19                                                    **Assigned for all purposes to Hon. Gerald J.**
                        Plaintiff,                    **Buchwald, Dept. 10**
20
21          v.                                        **JOINT SUBMISSION NO. 2 IN RESPONSE**
                                                      **TO ORDER SETTING CASE MANAGEMENT**
22  FACEBOOK, INC., a Delaware corporation;           **ORDER (SHORT NEUTRAL STATEMENT**
    MARK ZUCKERBERG, an individual;                   **OF THE CASE)**
    CHRISTOPHER COX, an individual;
23  JAVIER OLIVAN, an individual;                     Date:    February 27, 2020
    SAMUEL LESSIN, an individual;                     Time:    9:00 a.m.
24  MICHAEL VERNAL, an individual;                    Dept:    10
    ILYA SUKHAR, an individual; and                   Judge:   Honorable Gerald J. Buchwald
25  DOES 1-50, inclusive,
                                                      FILING DATE:      April 10, 2015
26                      Defendants.
27
28

# TABLE OF CONTENTS

**Page**

I.     JOINT NEUTRAL STATEMENT OF THE CASE ........................................................................1

II.    MAIN POTENTIALLY DISPOSITIVE ISSUES ..............................................................3

     A.       Defendants' Motions for Monetary and Terminating Sanctions .........................................3

          1.       Defendants' Position .............................................................3

          2.       Plaintiff's Position ..............................................................10

     B.       Individual Defendants' Anti-SLAPP Motion ....................................................13

          1.       Defendants' Position .............................................................13

          2.       Plaintiff's Position ..............................................................14

     C.       Defendants' Motion to Stay Based on the Primary Jurisdiction Doctrine.........................15

          1.       Defendants' Position .............................................................15

          2.       Plaintiff's Position ..............................................................15

i

JOINT SUBMISSION NO. 2 IN RESPONSE TO ORDER SETTING CASE MANAGEMENT ORDER
(SHORT NEUTRAL STATEMENT OF THE CASE) / CASE NO. CIV 533328

Godkin) disclosed Facebook documents designated as highly confidential to Mr. Kramer in direct violation of the protective order.  Despite Judge Swope's repeated requests that Six4Three explain how Mr. Kramer had access to those materials in the first place, no answer has been provided.  Furthermore, Six4Three's argument regarding Paragraph 16 of the Protective Order does not apply to Six4Three and its then-counsel's multiple other violations of the Court's orders, which are described above, including Mr. Kramer's violation of the Court's November 20th order prohibiting him from disclosing the documents; Six4Three and its then-counsel's disclosure of summaries of Facebook's confidential information to third parties; and Six4Three and its then-counsel's plan to use an alleged expert witness to disclose Facebook's confidential information by acting as an anonymous source for the media.

Prior to the Court's stay of its March 15 Order, Facebook had already initiated discovery pursuant to that order.  The status of each of the outstanding discovery items—which were previously raised with the Court in Facebook's April 19 Discovery Letter and Defendants' July 12, 2019 Case Management Statement—is set forth in Facebook's December 11, 2019 Case Management Conference Statement, attached hereto as Exhibit 1.  Facebook requests the Court's assistance in resolving these issues at the upcoming Case Management Conference.

Facebook proposes the following schedule for discovery and briefing of its sanctions motions:

| Filing | Proposed Deadline |
| --- | --- |
| Substantial completion of document production | March 16, 2020 |
| Completion of depositions | March 27, 2020 |
| Filing of Facebook's motions for sanctions | April 10, 2020 |
| Filing of any oppositions to Facebook's motions for sanctions | April 28, 2020 |
| Filing of any reply to Facebook's motions for sanctions | May 8, 2020 |
| Hearing on Facebook's motions for sanctions | May 22, 2020 or at the Court's earliest convenience |

        2.      **Plaintiff's Position**

Plaintiff disputes both Defendants' characterization of the history of this dispute and its position with respect to the Protective Order and its planned Motion for Sanctions.  Defendants' proposed motion

for sanctions relates to its contention that Plaintiff violated the Protective Order in this action when Plaintiff's principal Ted Kramer responded to a compulsory demand for records subject to contempt received by the Digital, Culture, Media and Sports ("DCMS") Committee of the U.K. Parliament. The demand was the third demand received by Mr. Kramer when he was visiting London on business. Mr. Kramer had previously been contacted by a Parliament representative to whom he had made clear that certain documents that had been produced by Facebook in this action were subject to a Protective Order and he could not voluntarily release them. Mr. Kramer made clear that he and his legal team were in possession of the documents requested by the DCMS Committee. The DCMS committee therefore issued Mr. Kramer an Order that he provide those documents to the DCMS committee. Mr. Kramer did not respond, and Plaintiff's counsel immediately notified Facebook and the Court of the compulsory demand and requested Facebook take action in the UK to resolve the matter. This led the DCMS committee to issue a second order, to which Mr. Kramer also did not respond. Mr. Kramer was then served with a third Order which the DCMS committee threatened to enforce. The Serjeant-at-Arms of the House of Commons of the United Kingdom Parliament then followed Mr. Kramer to his hotel lobby. Fearing he could be arrested and not permitted to leave the country, Mr. Kramer went to Parliament with the intention of requesting that the Committee mail him a compulsory demand, as the Committee had previously stated it would. The Committee Chair then stated to Mr. Kramer that he was not permitted to leave until he agreed to provide the documents. Mr. Kramer then agreed to do so and accessed the Dropbox file set up by Six4Three's counsel. Mr. Kramer was unaware until that time that he had access to a limited number of documents (less than twenty percent (20%) of the documents he released to the U.K. Parliament) that had been designated "attorneys' eyes only" to which he should not have had access. This was the one and only time that Plaintiff disclosed any confidential information obtained during discovery and this was only done because foreign officials were threatening to enforce the order to obtain those documents and had detained Plaintiff's principal.

Section 16 of the Protective Order makes clear that a party should not disobey a lawful order from a court. The DCMS Order was the equivalent of a court order and carried the same consequences should it be disobeyed. Plaintiff notified counsel for Facebook as soon as the first order was received and requested Facebook take action in the United Kingdom, where it maintains an office one mile from the

U.K. Parliament.  Facebook took no action in the United Kingdom to interfere with that Order.  Rather, it chose to address the issue in this Court.  But nothing done by this Court could stop Parliament from issuing additional orders to Ted Kramer or from enforcing such orders.  Under those circumstances, Mr. Kramer felt he had no choice but to obey the Orders.  It would be entirely unfair and a denial of due process to issue either monetary or terminating sanctions against Plaintiff for complying with a valid order.

At no time has the Court expressly stated whether Mr. Kramer's disclosure to the DCMS is a violation of the Protective Order or whether it qualifies as a court order under section 16.  Plaintiff's counsel has already admitted to an inadvertent, technical violation of the Protective Order regarding the permissions settings in the Dropbox cloud file storage system.  This inadvertent disclosure is no different from the same inadvertent disclosure of Plaintiff's confidential files that Facebook delivered to the Federal Trade Commission (FTC) pursuant to a demand from the FTC to Facebook.  Unless or until this Court rules on the application of the Protective Order to the U.K. Parliament's compulsory demand, no sanctions against Plaintiff should even be considered.

Despite the fact that the March 15, 2019 Order contained no express finding that the disclosure to Parliament violated the Protective Order, the March 15, 2019 Order allows certain discovery into Plaintiff's privileged communications with its counsel.  The Order, however, is flawed in several additional respects.  First, the Order found that Plaintiff and his legal team violated certain orders by communicating with various third parties about this case.  However, none of these communications revealed the contents of confidential documents.  They merely assert that Plaintiff was in possession of documents that support its allegations.  Second, the interpretation applied by the Court constitutes a prior restraint on speech which violates the United States and California Constitutions. Third, the Order fails to expressly protect attorney work product consistent with California law.  Fourth, at the time the Order was issued, Plaintiff was an unrepresented company, as its counsel had already stated its intention to withdraw based on an unwaivable conflict.  Plaintiff's former counsel notified the Court as of late 2018 that it was no longer representing Plaintiff and was ethically barred from doing so.  The Court refused to allow counsel to withdraw, despite the conflict, forcing Plaintiff to proceed with conflicted counsel who did not even communicate with Plaintiff and only made filings on Plaintiff's behalf to the extent it served