# Plaintiffs' Exhibit A

**PLAINTIFFS' PROPOSAL REGARDING SCOPE OF DISCOVERY MEDIATOR**

1.      The Discovery Mediator shall work to facilitate communication between the parties to help resolve or narrow discovery disputes.  The Discovery Mediator will have authority to confer with the Court *ex parte*, subject to any limitations set by the Court.

2.      The Discovery Mediator will have the authority to (1) attend the parties' regularly scheduled meet-and-confer conferences; (2) meet with a party *ex parte* at the party's or the Discovery Mediator's request; (3) schedule additional conferences (either between the parties or *ex parte* with the mediator) when appropriate and request the participation of relevant parties in those conferences; (4) require the participation of counsel with decision-making authority in regularly scheduled conferences, additional conferences, and *ex parte* conferences, and to submit written materials and evidence or information in advance of such conferences; (5) require the submission of non-privileged information, formal and informal, by the parties to facilitate constructive and effective communication between the parties; (6) engage additional resources, including retention of technical expertise, as necessary to mediate disputes or fashion recommendations regarding disputes for the Court's resolution; (7) provide suggestions to the parties on how they may reach agreement to resolve or narrow their discovery disputes, including by suggesting that a party revise its position; () if and to the extent requested by the Court, make recommendations to the Court with regard to discovery disputes the parties cannot resolve through mediation; and (9) participate in judicial proceedings as directed by the Court.

3.      The Discovery Mediator will coordinate and assist with the formulation of a discovery plan to be submitted to the Court for final resolution; propose recommendations to the parties and the Court regarding discovery schedules; and consult with the parties and make recommendations to the Court to assess and resolve discovery plan issues, including those raised by electronically stored information.

4.      The parties anticipate meeting and conferring with the assistance of the Discovery Mediator approximately once each week in regular conferences, in addition to any *ex parte* sessions with the Discovery Mediator.

5.      Unless subsequently agreed to by the parties or ordered by the Court, the Discovery Mediator will work with the parties to resolve or narrow discovery disputes by agreement.  The mediator shall not rule on disputes or submit formal reports or recommendations to the Court in connection with the Court's adjudication of discovery disputes.  The mediator shall be permitted to provide recommendations to the Court regarding the adjudication of discovery disputes at the Court's request.

6.      The parties will comply with the Discovery Mediator's requests and instructions, including, but not limited to, requests for conferences, information, or written submissions.

7.      The parties will consider in good faith suggestions from the Discovery Mediator about how to resolve or narrow discovery disputes, including suggestions that a party's position is unreasonable or that the parties should compromise on a dispute rather than presenting the dispute to the Court.

8.      The initiation of a meet and confer process concerning discovery disputes shall proceed as set forth in the parties' Discovery Dispute Resolution Procedures. Dkt. No. 393. The meet and confer process concerning a discovery dispute shall begin within four business days of a party's request to meet and confer concerning a discovery request, or relief from a discovery request. *Id*. at ¶ 1.  If, after the initial meet and confer, one or both parties believe that the assistance of the Discovery Mediator will contribute to the resolution of the dispute, the dispute will be placed on the Discovery Mediator's agenda.

9.      Prior to presenting a discovery dispute for adjudication by the Court, the parties will work in good faith with the opposing party and the Discovery Mediator to resolve or narrow the dispute by agreement and will consider the Discovery Mediator's suggestions for doing so. The parties will further work in good faith to resolve or narrow the discovery dispute, or confirm that the parties are at an impasse, within a reasonable time after a dispute is raised consistent

with paragraph 8 above.  The parties also agree not to present a discovery dispute for adjudication by the Court unless the Discovery Mediator confirms the parties are at an impasse or the Court otherwise determines that it is appropriate to rule on a discovery dispute.

10.     If the Discovery Mediator determines the parties are at an impasse or the Court otherwise determines it is appropriate to rule on a discovery dispute, the moving party may, no earlier than three days after such determination, file with the Court a two-page statement concerning the impasse or dispute.  *Id.* at ¶ 3.  The opposing party will have three business days to file a response of no more than two pages.  *Id.*

11.     The Discovery Mediator shall be bound by the Protective Order and all other orders entered in this action protecting confidential, sensitive, private, and privileged information. *See* Dkt. 122.

12.     The parties will enter into a private retainer agreement with the Discovery Mediator which will address how the parties will proportion and facilitate payment of the Discovery Mediator's fees.

13.     After the parties enter into a private retainer agreement with the Discovery Mediator, the Discovery Mediator shall file <u>under seal with the Court</u> an Itemized Statement of fees and expenses (not to include overhead). Such filings shall be under seal because the duties of the Discovery Mediator include assisting the Court with mediating resolution of their disputes and the Itemized Statements may reveal confidential communications between the Discovery Mediator and the Court. Accordingly, the Court shall maintain these Itemized Statements under seal, and they shall not be made available to the public or to counsel. The Discovery Mediator shall file with the Itemized Statements a Summary Statement, which shall list only the total amount billed, shall not be filed under seal, and shall contain a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines the Itemized Statement is regular and reasonable, the Court will sign the corresponding Summary Statement and transmit it to the parties.