# FB Exhibit A

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Deborah L. Stein
Direct: +1 213.229.7164
Fax: +1 213.229.6164
DStein@gibsondunn.com

March 22, 2021

VIA E-MAIL

Derek W. Loeser
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Lesley E. Weaver
Bleichmar Fonti & Auld LLP
555 12th Street, Suite 1600
Oakland, CA 94607

Re:    *In re Facebook, Inc. Consumer Privacy User Profile Litigation*

Counsel:

      We write regarding the draft stipulation and proposed order Plaintiffs sent Facebook on Thursday March 18.[1]  We have reviewed Plaintiffs' proposed stipulation and order and do not understand why Plaintiffs have prepared a Rule 53 Special Master stipulation when Judge Corley expressly stated that a special master was not what she had in mind.  We are happy to enter an agreement laying out the parties' expectations regarding our relationship with Judge Andler, the nature of her role, and how the parties will proportion and pay her fees.  But the stipulation and proposed order Plaintiffs sent makes no effort to memorialize a mutual agreement among the parties and deviates significantly from Judge Corley's instructions.

      We have attempted to meet and confer with Plaintiffs several times in an effort to work collaboratively to reach an agreement regarding Judge Andler's role that is consistent with Judge Corley's description of a "discovery mediator" at the March 4 conference.  The parties should dedicate Tuesday's regularly-scheduled meet and confer to doing so.  In the interim, we note the following concerns about Plaintiffs' proposal:

Case 3:18-md-02843-VC   Document 650-2   Filed 04/05/21   Page 2 of 5

**Judge Corley stated she would like a "mediator"—not a "decider" or "special master."**  Plaintiffs' proposal is drafted under Rule 53, which concerns the appointment of special masters with decision-making authority.  Although Plaintiffs' proposed stipulation

---

[1] Plaintiffs sent this proposed stipulation at 10:35 pm on Thursday, March 18 and indicated they intended to submit it with the parties' joint statements to the Court at noon on Tuesday, March 23, allowing Facebook only two business days to even consider the stipulation.  Now that Judge Corley has continued the upcoming status conference, we expect Plaintiffs will not submit their proposed stipulation this week.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

# GIBSON DUNN

uses the term "Discovery Mediator," the stipulation describes a special master who will issue orders resolving disputes—subject to appeal to Judge Corley and then to Judge Chhabria.

At the March 4 discovery conference, Judge Corley stated she did not wish for a "special master." She provided clear instructions for the parties to retain a "discovery mediator." She stated she wished for "a neutral who will help [the parties] work out these things . . . not a special master." March 4 Trans. at 14:6-9. She went on to clarify, that the role is "not a decider – because what I don't want to do is create layers of appeal." *Id*. at 14:25-15:2. Rather, Judge Corley explained that she envisioned that the discovery mediator would "help you talk things through" (*id*. at 15:5), encourage the parties to "negotiate" their "laments and complaints" (*id*. at 14:21, 14:10), and facilitate communication between the parties: "I've often thought . . . that a lot of discovery is really mediation . . . And so I've often thought [of] hiring mediators to help . . . Because they're good at getting at: Well what do you really want? What are your interests? Here's an alternative way of looking at it and thinking about it. Or, telling people when they are being unreasonable" (*id*. at 19:6-14).

Plaintiffs' proposal to give Judge Andler special-master-style authority to adjudicate discovery disputes is inconsistent with Judge Corley's instructions. To function effectively as a mediator, it is essential that Judge Andler have the ability to communicate with both sides *ex parte*—as both sides already have, albeit preliminarily. The purpose of retaining a mediator is to help the parties better communicate and narrow disputes, which inevitably will require the mediator to speak with the parties one-on-one. It would not be appropriate for a neutral to both have *ex parte* communications with the parties and also issue orders resolving their disputes.

The parties held multiple meet and confer sessions to select Judge Andler as a "discovery mediator," discussed that she would serve as a mediator pursuant to Judge Corley's instructions, and stipulated to her retention as a "discovery mediator." Dkt. 644. Plaintiffs' Rule 53 stipulation ignores this agreement and the Court's instructions.

**Judge Corley indicated she did not intend to issue an order regarding the mediator's role and that the parties, the mediator, and the Court should work together to discuss the mediator's role before defining it.** At the March 4 hearing, Judge Corley told the parties she did not intend to sign any kind of order, much less a formal Rule 53 appointment. She explained at the hearing: "I don't [ ] even think you need an order from Judge Chhabria to [retain a mediator] among yourselves. And I'm not ordering it." *Id*. at 19:15-17. Instead, she requested: "[L]et me know since everyone agreed they'd like to try that, who you have." *Id*. at 20:5-7. "So a week from today, give me your name." 28:23-29:5. The parties have done this.

Judge Corley went on to encourage the parties to work collaboratively with each other, the Court, and the mediator to define the mediator's role. *Id*. at 28:23-29:5. After making clear she did not intend to issue an order, Judge Corley proposed: "let's see let's set something for – how about that person comes on and you start working with them, and hopefully get things resolved, what if we were to meet again on March 23? And then that person should join us as well. And then we could also talk about what their role – what you agree to their role, vis-à-vis me." *Id.*

Facebook agrees with Judge Corley's comments that designing the mediator's role should be collaborative. Facebook has attempted numerous times to discuss the details of the mediator's role with Plaintiffs, including during meet and confers that were held on March 15, March 16, and March 18. Facebook also suggested the parties have a joint meeting with Judge Andler to discuss her role. Although Plaintiffs agreed and stipulated to retain Judge Andler as a "discovery mediator," each time Facebook attempted to have a meaningful conversation about her role, Plaintiffs declined to engage and insisted they would send Facebook a proposal in writing. Ultimately, in disregard for the Court's clear instructions and the parties' agreement, Plaintiffs sent a Rule 53 stipulation and provided Facebook only two business days to discuss it before submission to the Court.

Facebook again requests that Plaintiffs meet and confer meaningfully with Facebook about a process for working with Judge Andler that is consistent with Judge Corley's instructions and the parties' agreement to retain Judge Andler as a discovery mediator. We would like to dedicate Tuesday's meet and confer to this conversation.

**Third, Judge Corley indicated she does not wish to be involved with the mediator's fees**. Plaintiffs' proposed Rule 53 order contains extensive provisions that would require the Court to analyze and review Judge Andler's fees. Judge Corley stated she did not wish to do this: "You guys have to work out whatever the compensation is. I don't get involved with that at all. I have no supervision of that at all. It's a private mediator." *Id*. at 19:15-3:18. The parties should meet and confer and reach a private agreement to portion and pay Judge Andler's fees.

**Finally, Judge Corley indicated she expects Judge Andler to attend the next discovery hearing.** *See id.* at 28:23-29:5 ("[W]hat if we were to meet again on March 23? And then that person [the mediator] should join us as well. And then we could also talk about . . . their role.") We will reach out to Judge Andler per Judge Corley's instruction and ask whether she is available to attend the hearing, now set for March 31 at 9 am. We will copy Plaintiffs on this communication.

GIBSON DUNN

Derek W. Loeser
Lesley E. Weaver
March 22, 2021
Page 4


Sincerely,

*Deborah L. Stein*

Deborah L. Stein