Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*
Additional counsel listed on signature page

Orin Snyder (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035
osnyder@gibsondunn.com

Deborah Stein (SBN 224570)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000
Fax: 213.229.7520
dstein@gibsondunn.com

*Attorneys for Defendant Facebook, Inc.*
Additional counsel listed on signature page

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC |
| This document relates to:<br><br>ALL ACTIONS | STIPULATION AND [PROPOSED] ORDER ON RESOLVING SEARCH STRING DISPUTES FOR CUSTODIANS IN GROUPS 5 TO 8 |

STIPULATION AND [PROPOSED] ORDER
ON RESOLVING SEARCH STRING
DISPUTES FOR CUSTODIANS IN
GROUPS 5 TO 8

1

MDL NO. 2843
CASE NO. 18-MD-02843-VC-JSC

**THE PARTIES STIPULATE AND AGREE AS FOLLOWS:**

1. The parties previously stipulated to a process for negotiating search strings for the custodians in Groups 5 to 8, including for resolving disputes between the parties' "final proposals." *See* Dkt. 573.

2. Pursuant to this process, the parties submitted their "final" search string proposals on January 8, 2021. There are currently 49 disputed strings and/or custodian groupings between the two proposals. Plaintiffs' January 8 proposal hit on approximately 3.31 million documents with families, excluding documents that hit on the finalized search strings for the custodians in Groups 1 to 4. Facebook's January 8 proposal hit on approximately 1.97 million documents with families, excluding documents that hit on the finalized search strings for the custodians in Groups 1 to 4.

3. For efficiency, and to preserve party and judicial resources, the parties agree to resolve remaining disputes as to the 49 disputed strings and/or custodian groupings through a negotiated compromise, intended to approximate the mid-way point between the parties' final proposals, as follows:

4. Within seven (7) days of the date this stipulation is entered, Plaintiffs will send Facebook a revised version of their January 8 "final proposal." Plaintiffs' revised proposal will not revise any specific strings or custodian groupings from their January 8 proposal. Instead, for each disputed string, Plaintiffs will: (a) continue to propose their January 8 proposal for that string, (b) accept Facebook's January 8 proposal for that string, or (c) drop the string.

5. Within five (5) days of receiving Plaintiffs' revised final proposal, Facebook will send Plaintiffs the total deduplicated hit counts on Plaintiffs' revised proposal, with families, excluding documents that hit on the finalized search strings for the custodians in Groups 1 to 4. These are the only hit counts Facebook will generate with respect to Plaintiffs' revised final proposal(s). If the document hits with families for Plaintiffs' revised proposal is between 2.59 million and 2.69 million documents, Facebook will accept the proposal in full.

STIPULATION AND [PROPOSED] ORDER
ON RESOLVING SEARCH STRING
DISPUTES FOR CUSTODIANS IN
GROUPS 5 TO 8

1

MDL NO. 2843
CASE NO. 18-MD-02843-VC-JSC

6.      If the document hits with families for Plaintiffs' revised proposal is not between 2.59 million and 2.69 million documents, the parties will repeat the process outlined in Paragraphs 4 and 5, under the same timing requirements.  If the document hits with families for Plaintiffs' second revised proposal is between 2.59 million and 2.69 million documents, Facebook will accept the proposal in full.

7.      If the document hits with families for Plaintiffs' second revised proposal is not between 2.59 million and 2.69 million documents, the parties will meet and confer for no more than five (5) business days to discuss additional revisions to the proposal.  Thereafter, the parties will repeat the process outlined in Paragraphs 4 and 5, under the same timing requirements.  If the document hits with families for Plaintiffs' third revised proposal is between 2.59 million and 2.69 million documents, Facebook will accept the proposal in full.

8.      If the document hits with families for Plaintiffs' third revised proposal is not between 2.59 million and 2.69 million documents, Facebook will then revise the proposal within seven (7) days.  If the document hits with families for Facebook's revised proposal is between 2.59 million and 2.69 million documents, Plaintiffs' will accept the proposal in full.

9.      Once a proposal has been accepted in full, Facebook will provide Plaintiffs the total deduplicated number of document hits and document hits plus families for all of the accepted search strings for Groups 5 to 8.  Facebook will also provide Plaintiffs with a list of the finalized search strings (as run, including subparts) and custodians for Groups 5 to 8.

10.     The parties agree to this process solely as a compromise for purposes of efficiency and to preserve judicial and party resources.  Accordingly, the parties expressly reserve all objections to the disputed strings, custodian groupings, and document hit counts, and accepting or dropping strings through this process shall not be construed as a concession on any string or custodian's relevance, appropriateness, or necessity.  The hit count range agreed upon in this agreement is a compromise intended only to approximate the mid-way point between the parties' January 8 final proposals and may not be construed as a concession by any party that the

STIPULATION AND [PROPOSED] ORDER
ON RESOLVING SEARCH STRING
DISPUTES FOR CUSTODIANS IN
GROUPS 5 TO 8

2

MDL NO. 2843
CASE NO. 18-MD-02843-VC-JSC

range reflects an appropriate, reasonable, or proportionate number of document hits or a concession relating to the relevancy of any documents yielded by any terms.

11. This process supplements the requirements in the parties' prior stipulation, *see* Dkt. 573. To the extent that any provisions of this stipulation conflict with the parties' prior stipulation, this stipulation shall control.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 31, 2021                                   Respectfully submitted,

KELLER ROHRBACK L.L.P.                                  BLEICHMAR FONTI & AULD LLP

By:   */s/ Derek W. Loeser*                             By:   */s/ Lesley E. Weaver*
      Derek W. Loeser                                         Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)               Lesley E. Weaver (SBN 191305)
Cari Campen Laufenberg (admitted *pro hac vice*)        Anne K. Davis (SBN 267909)
David Ko (admitted *pro hac vice*)                      Matthew P. Montgomery (SBN 180196)
Adele A. Daniel (admitted *pro hac vice)*               Angelica M. Ornelas (SBN 285929)
1201 Third Avenue, Suite 3200                           Joshua D. Samra (SBN 313050)
Seattle, WA 98101                                       555 12th Street, Suite 1600
Tel.: (206) 623-1900                                    Oakland, CA 94607
Fax: (206) 623-3384                                     Tel.: (415) 445-4003
dloeser@kellerrohrback.com                              Fax: (415) 445-4020
lsarko@kellerrohrback.com                               lweaver@bfalaw.com
gcappio@kellerrohrback.com                              adavis@bfalaw.com
claufenberg@kellerrohrback.com                          mmontgomery@bfalaw.com
dko@kellerrohrback.com                                  aornelas@bfalaw.com
adaniel@kellerrohrback.com                              jsamra@bfalaw.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

GIBSON, DUNN, & CRUTCHER LLP

By: /s/ *Orin Snyder*
Orin Snyder

Orin Snyder (pro hac vice)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*

**[~~PROPOSED~~] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: April 6, 2021

_____
HON. JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE