Jason M. Leviton (*pro hac vice* forthcoming)
Joel A. Fleming (CA Bar No. 281264)
Lauren Godles Milgroom (*pro hac vice* forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(t) (617) 398-5600
(f) (617) 507-6020
jason@blockleviton.com
joel@blockleviton.com
lauren@blockleviton.com

*Attorneys for Proposed Intervenor Block & Leviton LLP*

[Additional counsel listed on signature block]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC |
| This document relates to:<br><br>ALL ACTIONS | **BLOCK & LEVITON LLP'S NOTICE OF MOTION AND MOTION FOR LEAVE TO INTERVENE AND TO UNSEAL**<br><br>Date: June 24, 2021<br>Time: 2:00 p.m.<br>Honorable Vince Chhabria |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on June 24, 2021, at 2:00 p.m. or as soon thereafter as the matter may be heard before the Honorable Vince Chhabria, United States District Judge, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, proposed intervenor Block & Leviton LLP ("Block & Leviton") will and hereby does move for leave to intervene and to unseal Exhibit B to Plaintiffs' Opposition to Defendant Facebook, Inc.'s Request to Enforce the Partial Stay of Discovery, ECF 526-2 (the "Challenged Document").[1] Pursuant to Judge Chhabria's instructions, the hearing will be conducted by video or telephone conference.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, and the proposed order filed herewith, the reply Block & Leviton intends to file, as well as on all pleadings on file in this matter, any material of which this Court takes judicial notice, and any further argument the Court might allow.

Block & Leviton requests that the Court (1) grant Block & Leviton leave to intervene and (2) unseal the Challenged Document because there is a strong presumption in favor of public access to court records and Facebook failed to meet its burden of showing a compelling reason for sealing that outweighs this presumption of a right of access.

---

[1] Pursuant to Paragraph 8 of Judge Chhabria's standing order for civil cases, undersigned counsel wrote to counsel for the parties on May 7, 2021 "to inquire regarding [their] availability for a hearing on June 24, 2021 at 2:00 p.m. Pacific or, failing that, July 8, 2021 at 2:00 p.m. Pacific." Block & Leviton asked counsel for the parties to "please let us know your availability by 5:00 p.m. Eastern / 2:00 p.m. Pacific" on May 10, 2021. Block & Leviton received no response.

Dated:  May 10, 2021

Respectfully submitted,

**BLOCK & LEVITON LLP**

By: *Joel Fleming*
Jason M. Leviton (*pro hac vice* forthcoming)
Joel A. Fleming (CA Bar No. 281264)
Lauren Godles Milgroom (*pro hac vice* forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(t) (617) 398-5600
(f) (617) 507-6020
jason@blockleviton.com
joel@blockleviton.com
lauren@blockleviton.com

Nathan A. Cook (*pro hac vice* forthcoming)
Mae Oberste (*pro hac vice* forthcoming)
nathan@blockleviton.com
mae@blockleviton.com
**BLOCK & LEVITON LLP**
8 W. Mozart Dr.
Wilmington, DE 19807
(t) (302) 499-3600
(f) (617) 507-6020

*Attorneys for Proposed Intervenor Block & Leviton LLP*

## MEMORANDUM OF POINTS AND AUTHORITIES

Proposed intervenor Block & Leviton is a law firm and counsel to the plaintiff in *Employees' Retirement System of Rhode Island v. Facebook, Inc.*, a stockholder books-and-records action pending in the Delaware Court of Chancery.[2] Block & Leviton and its client[3] are investigating the circumstances of Facebook's agreement to settle the Federal Trade Commission's claims arising from the Cambridge Analytica matter for more than its maximum statutory exposure in an agreement conditioned on a broad liability release for Facebook's CEO Mark Zuckerberg.[4]

The parties to this action have submitted dozens of documents to the Court under seal. All or nearly all were submitted under seal because Facebook claims to have compelling reasons or, at a minimum, good cause for sealing to maintain the confidentiality of documents concerning its business operations. With respect to the Challenged Document, ECF 526-2, however, Facebook has offered only rote, boilerplate assertions of confidentiality. It has failed to offer any explanation of how it might be harmed if the Challenged Document was made public.

The Court should allow Block & Leviton to intervene and should unseal the Challenged Document.

---

[2] No. CV 2020-0085-JRS (Del. Ch.)

[3] The Employees Retirement System of Rhode Island is Rhode Island's state pension fund and a significant investor in Facebook.

[4] *See Employees' Ret. Sys. of Rhode Island v. Facebook, Inc.*, No. CV 2020-0085-JRS, 2021 WL 529439, at *7–8 (Del. Ch. Feb. 10, 2021) ("The documents already produced provide no insight into why Facebook would pay more than its (apparently) maximum exposure to settle a claim, and Plaintiff is right to question whether internal communications among Facebook fiduciaries might shed light on the Board's thinking in this regard. There is also no information or even a hint as to why Facebook conditioned any settlement with the FTC on the FTC's agreement to release Zuckerberg from liability.").

## BACKGROUND

In late September 2020, Plaintiffs in this action filed their Opposition to Facebook's Request to Enforce the Partial Stay of Discovery with Exhibits A through E. ECF 526. Pursuant to the operative protective order (ECF 122), Plaintiffs apparently filed redacted versions of the Challenged Document (Exhibit B),[5] as well as Exhibits D and E, and moved for leave to file unredacted versions under seal with Facebook to file a supporting declaration. ECF 527. In a brief filed less than a month ago (ECF 661, at 1), Plaintiffs described the Challenged Document as follows:

> Documents that Facebook has produced show that there are at least three distinct categories of improperly shared sensitive information that Facebook shares with third parties without users' consent: native, appended, and behavioral. Dkt. 526 ('Opp'n'), Ex. B at FB-CA-MDL-00213424. This data derives from multiple sources, including (1) what a user posts and the user's activity on Facebook; (2) information about users originally generated off the Facebook platform but obtained by Facebook; and (3) information derived by Facebook from a user's activity on and off Facebook. *Id.*

Facebook filed the supporting declaration in support of Plaintiffs' motion to seal on October 2, 2020. ECF 529. As justification for sealing the Challenged Document, Exhibit B, Facebook stated that "Exhibit B, which Facebook has designated 'Confidential,' contains confidential and commercially sensitive information. As a result, Exhibit B qualifies for protection under Federal Rule of Civil Procedure 26(c) and is 'confidential' information covered by the protective order." ECF 529, at 1. Facebook added that "Exhibit B is a Facebook internal document

---

[5] Although Docket 526 has been locked in its entirety, we infer that Plaintiffs filed a redacted version of Exhibit B based on the statement in Plaintiffs' Opposition to Facebook's Emergency Motion, stating that "[a]s to the additional redactions Facebook has proposed regarding Exhibits B, D and E, these unilateral redactions are unfounded. Plaintiffs appropriately redacted specific information and direct quotations from Exhibits B, D and E. They did not redact general information, such as the three types of data Facebook collects about its users, because that information does not appear to be confidential." ECF 531 at 5.

that contains highly confidential information about Facebook's business strategy and data infrastructure. It also includes commercially sensitive information about Facebook's strategic plan and potential future activities. Finally, Exhibit B contains highly confidential information regarding Facebook's internal analysis of regulatory efforts and policy issues." *Id.* at 2.

Later that day, Facebook filed an Emergency Administrative Motion to File Under Seal Confidential Materials and Remove from Public Docket. ECF 530 (the "Emergency Motion"). The Emergency Motion asked the Court "to remove from the docket and seal (i) portions of the brief Plaintiffs filed at Dkt. 526 (the 'Brief') … and (ii) Exhibit C to that Brief (Dkt. 526-3) ('Exhibit C'), a Facebook document marked Confidential." *Id.* at 1. Facebook did not ask the Court to remove the redacted version of the Challenged Document, which was Exhibit B.

Although Facebook's motion did not request such broad relief, the Court issued an interim order locking docket 526 in its entirety. ECF 534). This means that Block & Leviton and the public are unable to view even a redacted version of the Challenged Document.[6]

Four months later, on February 12, 2021, the parties to this action entered a stipulated briefing schedule to address Facebook's Emergency Motion (ECF 617), which the Court adopted (ECF 621). In accordance with that schedule, Facebook and Plaintiffs filed their briefs on March 19, 2021 and April 19, 2021. ECF 643, 660. Like the Emergency Motion, the parties' briefs focus on Exhibit C. Neither brief discusses the Challenged Document, which was Exhibit B.

The Court has not issued its final ruling on the Emergency Motion.

---

[6] Indeed, until Plaintiffs described the Challenged Document in a brief filed in mid-April 2021 (ECF 661, at 1), Block & Leviton had no idea what the Challenged Document contained.

# ARGUMENT

**A. The Court Should Grant Leave To Intervene.**

Block & Leviton seeks leave to intervene for the limited purpose of seeking to unseal the Challenged Document. Rule 24(b) provides, in pertinent part, that "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "A third party seeking permissive intervention purely to unseal a court record does not need to demonstrate independent jurisdiction or a common question of law or fact." *Cosgrove v. Nat. Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)). Therefore, when it will not cause undue delay or prejudice, permissive intervention is appropriate. Fed. R. Civ. P. 24(b)(3).

Because "Ninth Circuit precedent strongly favors disclosure[,]" there "is wide approval of Rule 24(b) intervention as a method for seeking to modify a protective order." *Beckman*, 966 F.2d at 473; *see also Travelers Prop. Cas. Co. of Am. v. Las Vegas Twp. Constables Office*, No. 2:12–cv–01922–JCM–VCF, 2013 WL 3975664, at *4 (D. Nev. Aug. 1, 2013) (collecting cases). "[E]very circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders." *EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) (collecting cases from the First, Second, Third, Fifth, Sixth, Seventh, and Ninth Circuits). And because Block & Leviton seeks to intervene for the limited purpose of moving to unseal the Challenged Document, rather than to contest the merits of the litigation, intervention will not prejudice the rights of the original parties. There is also no reason to believe that Block & Leviton's intervention will cause delay.

Permissive intervention is warranted.

### B. The Court Should Grant Public Access To The Challenged Document Because Facebook Has Not Shown Good Cause For Sealing.

"A parting seeking to seal a judicial record … bears the burden of overcoming" the "strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To defeat this presumption, "the party must articulate compelling reasons supported by specific factual findings." *Id.* (cleaned up) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). For records attached to non-dispositive motions, the party seeking to maintain the secrecy of those records must, at a minimum, show that "'good cause' exists to protect this information from being disclosed to the public." *Id.* at 1179-80. But records attached to any motion that is "more than tangentially related to the merits of a case" must meet the "compelling reason" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Id.* at 1184.

Judge Chhabria's Standing Order for Civil Cases states that the Court "almost always denies motions to seal because they are almost always without merit. … When submitting a motion to seal, the filing party must state whether the compelling reasons or good cause standard applies and explain why." Standing Order for Civil Cases ¶¶29-30. Despite this unambiguous guidance, Facebook's declaration made no attempt to address the applicable standard and completely failed to explain why one standard or the other should apply. Facebook has therefore waived any argument that the less-stringent "good cause" standard should apply.

In any event, Facebook has not met its burden for sealing the Challenged Document under either the "good cause" or "compelling reasons" standard. The entirety of Facebook's purported justification for sealing is that the document "contains confidential and commercially sensitive information" and is "a Facebook internal document that contains highly confidential information about Facebook's business strategy and data infrastructure. It also includes commercially sensitive information about Facebook's strategic plan and potential future activities. Finally, Exhibit B contains highly confidential information regarding Facebook's internal analysis of regulatory efforts and policy issues." ECF 529 ¶¶ 5-6; ECF 530-1 ¶¶ 15-16.

This is insufficient. As the Standing Order directs, "[t]he filing party must make a specific showing explaining why each document that it seeks to seal may justifiably be sealed and why the proposed redactions are as narrowly tailored as possible, rather than making a blanket statement about the grounds for sealing." Judge Chhabria's Standing Order for Civil Cases ¶31. Facebook makes no effort to justify any particular redactions to the Challenged Document and fails to explain what harm might befall the Company if the Challenged Document was made public.

That is the consistent rule in this Court. "A sealing proponent must do more than offer bare assertions that evidence is sensitive – it must provide a concrete reason for overcoming the presumption in favor of public access." *Overpeck v. FedEx Corp.*, No. 18-CV-07553-PJH, 2021 WL 879844, at *4 (N.D. Cal. Mar. 9, 2021). "The justification for sealing any specific material" requires "something more than a formulaic incantation that certain documents contain commercially sensitive information (or the like). The movant must give the court some usefully descriptive explanation showing why the given material meets the standard for sealing." *Larkin v. Home Depot. Inc.,* No. C-13-2868 LB, 2014 WL 5364749, at *3 (N.D. Cal. Oct. 21, 2014); *see also Dunbar v. Google, Inc.*, No. 5:12-CV-003305-LHK, 2012 WL 6202719, at *7 (N.D. Cal. Dec.

12, 2012) (concluding that good cause to seal did not exist where sealing proponent "fail[ed] to explain how disclosure of this information would give: (1) [its] competitors an unfair advantage in designing their own system, or (2) hackers and spammers sufficient new insight into how [its] system works such that disclosure would create a security threat.").

Facebook has failed to meet that standard. This Court routinely rejects requests to seal based on conclusory, boilerplate assertions like those offered by Facebook in the absence of a particularized explanation of how disclosure could lead to harm. For example:

- In *In re Pacific Fertility Center*, the Court rejected, as insufficient to justify sealing, a party's boilerplate assertion that "commercially sensitive business information would allow potential competitors to gain insight into how Chart conducts its operations and business relationships such that its business could be significantly and irreparable harmed." No. 18-CV-01586-JSC, 2021 WL 1081129, at *2 (N.D. Cal. Feb. 18, 2021).

- In *William v. Morrison & Foerster LLP*, a party moved to seal of documents on the grounds that they contained "confidential and sensitive information related to [its] business development strategies." No. 18-cv-02542-JSC, 2021 WL 461891, at *2-3 (N.D. Cal. Feb. 9, 2021). The Court rejected the request, holding that "[b]oilerplate assertions of competitive harm are insufficient." *Id.*

- In *In re Global Equity Management*, parties sought to seal a document based on the assertion that it "'contain[ed] confidential and sensitive business information belonging to Defendants' that ha[d] 'been designated non-public, commercially sensitive information subject to the confidentiality provisions of the operative protective order,' vaguely asserting that defendants would suffer 'commercial harm or unfair competitive disadvantage.' No. C 17-02177 WHA, 2020 WL 4732210, at *4 (N.D. Cal. Aug. 15, 2020). The Court denied the request, concluding that "such conclusory and boilerplate assertions lack the requisite particularity." *Id.*

- In *Apple Inc. v. Samsung Electronics Co.*, the Court denied Samsung's requests for sealing, holding that recitation of "boilerplate terms that [the] information is proprietary and confidential" was insufficient without a "particularized showing of how [the] information would be detrimental if disclosed." No. 11-CV-01846 LHK (PSG), 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013).

- In *In re High-Tech Employees Antitrust Litigation*, the Court denied a motion to seal, rejecting, as inadequate, a party's assertion that documents "consist of, cite to, and/or identify confidential, nonpublic, and proprietary business information of Palm, including information regarding Palm's intellectual property portfolio and

competitive position" and that "[p]ublic disclosure of this information presents a risk of placing Palm at a competitive disadvantage." No. 11-CV-02509-LHK, 2013 WL 163779, at *3 (N.D. Cal. Jan. 15, 2013).

The Court should follow the same approach here. Facebook's boilerplate assertions of a need for confidentiality are inadequate, as it has made no effort to explain how it would be harmed by public disclosure of the Challenged Document. The Court should unseal the Challenged Document. At the very least, it should unlock Docket 526-2, so that Block & Leviton and the public can review the redacted version of the Challenged Document that was filed by Plaintiffs.

## CONCLUSION

The Court should grant Block & Leviton leave to intervene and should unseal the Challenged Document. In the alternative, the Court should unlock Docket 526-2, so that Block & Leviton and the public can review the redacted version of the Challenged Document that was filed by Plaintiffs.

Dated: May 10, 2021

**BLOCK & LEVITON LLP**

By: /s/ Joel Fleming
Jason M. Leviton (*pro hac vice* forthcoming)
Joel A. Fleming (CA Bar No. 281264)
Lauren Godles Milgroom (*pro hac vice* forthcoming)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(t) (617) 398-5600
(f) (617) 507-6020
jason@blockleviton.com
joel@blockleviton.com
lauren@blockleviton.com

Nathan A. Cook (*pro hac vice* forthcoming)
Mae Oberste (*pro hac vice* forthcoming)
nathan@blockleviton.com
mae@blockleviton.com
**BLOCK & LEVITON LLP**
8 W. Mozart Dr.

Wilmington, DE 19807
(t) (302) 499-3600
(f) (617) 507-6020

*Attorneys for Proposed Intervenor Block & Leviton LLP*