GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DEFENDANT FACEBOOK, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUR-REPLY TO DEFENDANT FACEBOOK, INC.'S REPLY BRIEF IN SUPPORT OF ITS CLAIM OF CONFIDENTIALITY**<br><br>Judge: Hons. Vince Chhabria and Jacqueline Scott Corley<br>Courtroom 4, 17th Floor |

Plaintiffs claim they need to file a sur-reply to "correct[] certain untrue statements in Facebook's Reply" (Plaintiffs' Administrative Motion for Leave to File a Sur-Reply, Dkt. 683, at 1), but the statements they seek to "correct" are all true.  On top of that, three of the four statements Plaintiffs challenge also appeared in Facebook's opening brief; if Plaintiffs wanted to challenge those statements, the time to do so was in their Opposition, not in a sur-reply that not only was improperly filed[1] but also is entirely unnecessary.  Indeed, Plaintiffs make no effort to explain why their proposed sur-reply would assist the Court in resolving this the substantive question presented here: whether Six4Three's intentional leak of Facebook's confidential documents precludes Facebook from protecting the confidentiality of those documents in this litigation.  Plaintiffs' inconsequential quarrels with four collateral statements in Facebook's motion papers are not only irrelevant to the Court's ultimate decision, but also inadequate to justify their request to file an unnecessary sur-reply.

(1) **The Party Seeking Relief**.  Plaintiffs first contend they need to file a sur-reply to correct Facebook's representation that it is Plaintiffs—not Facebook—who seek relief from the Court. (Dkt. 683-2 at 1.)   Facebook may be the moving party, but it is Plaintiffs who have affirmatively asked the Court to hold that Facebook's confidentiality designations were improper.  In any event, this putative "correction" is no basis for a sur-reply.  Facebook argued in its opening brief that this dispute arises from Plaintiffs' request for "the Court's blessing to file 46 confidential Facebook documents on the public docket in this action" (Dkt. 643 at 1),[2] and Plaintiffs' Opposition argued to the contrary.[3]  This was not a new argument in Facebook's Reply, so a sur-reply is unwarranted.  *NorthBay Healthcare*

---

[1]  Plaintiffs did not properly meet and confer with Facebook before filing their Administrative Motion.  Plaintiffs first notified Facebook of their intent to file the Administrative Motion on the morning of the day it was filed.  Even though Facebook's Reply by then had been on file for six days, Plaintiffs gave Facebook an artificial 8-hour deadline to either consent to or oppose the motion.  In response to Plaintiffs' e-mail stating they intended to file a sur-reply regarding factual inaccuracies in Facebook's Reply Brief and demanding Facebook's response by 4 pm, Facebook asked Plaintiffs to identify the alleged inaccuracies and indicated Facebook would correct its Reply Brief if needed.  That afternoon, Plaintiffs provided Facebook with the four alleged inaccuracies.  Plaintiffs filed their Administrative Motion a few hours later, without having received any response from Facebook.

[2]  *Accord id.* at 2 ("This Court should reject Plaintiffs' blanket request for permission to file publicly materials that were leaked in violation of court orders . . . .") & 6 ("Plaintiffs . . . seek permission to evade th[e] procedure [required by the Protective Order] with respect to 46 documents . . . .").

[3]  *E.g.*, Dkt. 660 at 2 ("Facebook's request that the Court shroud public documents in secrecy in this action should be denied"); *id.* at 11 ("Facebook moves to keep confidential and sealed in this action documents . . .").

*Grp. v. Blue Shield of Cal. Life & Health Ins.*, 342 F. Supp. 3d 980, 990 n.3 (N.D. Cal. 2018) (denying leave to file a sur-reply where "no new arguments were made on reply"); *accord In re Cloudera, Inc. Sec. Litig.*, 2021 WL 2115303, at *1 n.2 (N.D. Cal. May 25, 2021) (same).

(2) **The Number of Documents at Issue**. Plaintiffs next contend that the Court should allow them to file a sur-reply so they can "correct" a number they previously stipulated to. Plaintiffs claim "[t]here is only one document at issue" (Dkt. 683-2 at 1), but in the Stipulation on this briefing, the parties agreed to brief the confidentiality of the single document Plaintiffs filed on the public docket *and* the 45 additional documents Plaintiffs challenged in their August 21, 2020 letter.[4] If that weren't enough, Plaintiffs' Opposition openly acknowledges that "Facebook asks this Court to seal past and future references to 46 documents" (Dkt. 660 at 1), and then expressly concedes that "the rationale applicable to the single document" Plaintiffs filed on the docket "is equally applicable to the 45 other documents" identified in their August 21 letter and addressed in Facebook's motion (*id.* at 2 n.2). So here again, there is no misstatement that needs correcting, and there is nothing new in Facebook's Reply that Plaintiffs did not have a full and fair opportunity to respond to in their Opposition.

(3) **The Timing of Plaintiffs' Access to the Documents**. The third point Plaintiffs seek to correct—the alleged "suggestion" in Facebook's Reply that Plaintiffs "went searching for publicly available copies of documents only after Facebook had produced them" (Dkt. 683-2 at 1)—is simply a misreading of Facebook's Reply. Facebook did not say (or suggest) that Plaintiffs first searched *the public record* for the Six4Three documents after Facebook had produced them. Rather, Facebook argued that "After Facebook made these productions, and after Plaintiffs became aware of the Six4Three leak, Plaintiffs apparently scoured *Facebook's cloned production*s for materials that had been part of Six4Three's leak." (Dkt. 681 at 1 (emphasis added and omitted).) The chronology in Plaintiffs' proposed sur-reply (Dkt. 683-2 at 2) only further confirms that this is true: After receiving Facebook's cloned production in April 2020, Plaintiffs combed through it not for any merits-related purpose, but for the sole purpose of matching up documents in that cloned production with the documents leaked by Six4Three and then challenging their confidentiality (why they did this, Plaintiffs

---

[4] Dkt. 621 at 3 ("Facebook will file an opening brief regarding its claim of confidentiality over the materials at issue in its Motion and Plaintiffs' August 21 letter by March 19, 2021.").

still have not said).[5]

(4) **The Availability of the Leaked Documents in the Cited Articles**. Last, Plaintiffs purport to "correct" Facebook's statement that "none of the articles Plaintiffs cite links directly to any of the documents they challenge," as Plaintiffs contend the "NBC News website links directly to the materials." (Dkt. 683-2 at 2.) To be clear, the NBC News article Plaintiffs cite does not link directly to any of the specific documents challenged; rather, it links to a repository of thousands of pages of leaked documents that someone would have to dig through to identify any of the individual documents at issue. Facebook made this exact point in its opening brief: "Plaintiffs' letter cited to a document repository that is linked to an NBC News Article. . . . The NBC News article itself does not directly quote, describe, or link to any of these documents." (Dkt. 643 at 4.) If Plaintiffs wanted to object to this characterization, the time to do so was in their Opposition. *NorthBay Healthcare*, 342 F. Supp. 3d at 990 n.3; *Cloudera*, 2021 WL 2115303, at *1 n.2. Plaintiffs also try to slip in a few cites to news articles they didn't cite in their Opposition (Dkt. 683-2 at 3 n.2–5); this, too, is an improper use of a sur-reply. *Aspex Eyewear, Inc. v. Revolution Eyewear, Inc.*, 2008 WL 11409571, at *7 n.25 (C.D. Cal. Mar. 7, 2008) (appropriate to refuse to consider an argument "not presented in [the opposition brief], but only in a proposed sur-reply"); *Rodman v. Safeway, Inc.*, 2014 WL 988992, at *12 (N.D. Cal. 2014) (same).

---

[5] In a footnote in their proposed sur-reply, Plaintiffs reluctantly acknowledge that the sworn declaration they submitted alongside their opposition stated that Facebook produced the 46 documents at issue in April 2020 and Plaintiffs downloaded the Six4Three documents from the NBC website seven months later, in November 2020. (Dkt. 683-2 at 2 n.1.) Plaintiffs now say that was a typo and they actually downloaded the documents in November 2019. (*Id.*) That's fine, but it is disingenuous for Plaintiffs to say that any resulting confusion is attributable to Facebook.

| | | |
|---|---|---|
| 1 | DATE:  June 3, 2021 | Respectfully submitted, |
| 2 | | **GIBSON, DUNN & CRUTCHER, LLP** |
| 3 | | By: */s/ Orin Snyder* |
| | | Orin Snyder (*pro hac vice*) |
| 4 | | osnyder@gibsondunn.com |
| | | GIBSON, DUNN & CRUTCHER LLP |
| 5 | | 200 Park Avenue |
| | | New York, NY 10166-0193 |
| 6 | | Telephone:  212.351.4000 |
| | | Facsimile:  212.351.4035 |
| 7 | | |
| | | Deborah Stein (SBN 224570) |
| 8 | | dstein@gibsondunn.com |
| | | GIBSON, DUNN & CRUTCHER LLP |
| 9 | | 333 South Grand Avenue |
| | | Los Angeles, CA 90071-3197 |
| 10 | | Telephone:  213.229.7000 |
| | | Facsimile:  213.229.7520 |
| 11 | | |
| | | Joshua S. Lipshutz (SBN 242557) |
| 12 | | jlipshutz@gibsondunn.com |
| | | GIBSON, DUNN & CRUTCHER LLP |
| 13 | | 1050 Connecticut Avenue, N.W. |
| | | Washington, DC 20036-5306 |
| 14 | | Telephone:  202.955.8500 |
| | | Facsimile:  202.467.0539 |
| 15 | | |
| | | Kristin A. Linsley (SBN 154148) |
| 16 | | klinsley@gibsondunn.com |
| | | Martie Kutscher (SBN 302650) |
| 17 | | mkutscherclark@gibsondunn.com |
| | | GIBSON, DUNN & CRUTCHER LLP |
| 18 | | 555 Mission Street, Suite 3000 |
| | | San Francisco, CA 94105-0921 |
| 19 | | Telephone:  415.393.8200 |
| | | Facsimile:  415.393.8306 |
| 20 | | |
| | | *Attorneys for Defendant Facebook, Inc.* |