GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
　osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
　klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
　mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
　dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
　jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK'S STATUS UPDATE**<br><br>Judge: Hons. Vince Chhabria and Jacqueline Scott Corley<br>Courtroom: VIA VIDEOCONFERENCE<br>Hearing Date: June 23, 2021<br>Hearing Time: 8:30 a.m. |

Plaintiffs' separate submission is unauthorized, and the Court should strike it. Plaintiffs' decision to file a separate statement also brings into focus two issues that are impeding the success of discovery mediation: (i) Plaintiffs' refusal to respect mediation confidentiality, and (ii) Plaintiffs' conduct is undermining the mediation process.[1]

***First***, Plaintiffs' statement reveals confidential mediation information. This is not the first time. At the last discovery conference, Plaintiffs' counsel revealed publicly a position Facebook had taken in mediation about a potential case schedule—an issue the parties are also continuing to mediate. Plaintiffs' refusal to respect mediation confidentiality puts Facebook in an untenable position. When Plaintiffs reveal confidential aspects of ongoing mediations in court, Facebook must either stay silent on key aspects of ongoing disputes or reveal confidential mediation communications.[2]

***Second***, Plaintiffs have presented an issue to the Court the parties are actively discussing in mediation and on which the parties have not yet reached agreement or impasse. This is another attempt to end-run the mediation process in the hopes of obtaining an off-the-cuff ruling. It is also part of a broader and concerning pattern of Plaintiffs' refusal to participate meaningfully in discovery mediation.

---

[1] The Court made clear at our very first discovery conference that all hearing submissions must be submitted jointly and that the parties must exchange their portions of the joint statements at least 24 hours before the statements are due so that each side would have an opportunity to respond. Dkt. 404, ¶ 6. This week, Plaintiffs have chosen to disregard both of those instructions. After a discovery mediation session yesterday afternoon, Facebook sent Plaintiffs a draft proposed joint statement, similar in form and content to the parties' two most recent (and truly joint) joint submissions. Plaintiffs waited until this morning to respond, 90 minutes before the joint filing was due, at which point they sent Facebook a statement that, as Facebook further explains below, breached mediation confidentiality and sought to tee up a proposal that Plaintiffs provided for the first time today and goes to an issue that is being mediated. Facebook told Plaintiffs it could not agree to their last-minute revised statement and suggested that the Parties seek a one-week continuance of the conference to continue mediating the issue Plaintiffs raised. Plaintiffs refused. Facebook then suggested that the parties submit a short joint statement and take up the issue Plaintiffs wished to raise in discovery mediation. Plaintiffs again refused and then told Facebook they were not interested in filing a joint statement and intended to file a separate statement of their own.

[2] Plaintiffs have foreshadowed that they similarly intend to raise issues to Judge Chhabria tomorrow that the parties are actively mediating.

Discovery mediation has facilitated an orderly and civil approach to discovery disputes in this case. It has also allowed the parties to resolve—or at least narrow—disputes without unnecessary letter writing, briefing, and judicial intervention.

The mediation process was working well, until Plaintiffs decided to opt out. For several weeks, Plaintiffs have insisted that they get to decide whether to mediate discovery disputes or bypass mediation altogether and seek immediate judicial intervention on any dispute they do not want to mediate. For instance, just last week, Plaintiffs sent Facebook a letter outside of mediation declaring that they refuse to engage in mediation at all—and will bring imminent motions—with respect to the data they seek regarding the Named Plaintiffs' Facebook accounts and the scope of Plaintiffs' requests with respect to so-called "business partners." These are the very disputes that drove the Court to propose discovery mediation in the first place. Yet Plaintiffs have refused to even discuss these topics in mediation.

The Court gave the parties the option to voluntarily participate in mediation, but did not give the parties authority to pick and choose which issues they would mediate. The Court was very clear that discovery in this case had reached a boiling point and that the Court did not wish to make arbitrary decisions. So, the Court gave the parties two options—mediate their discovery disputes or retain a court reporter to transcribe the final meet and confer on each issue. The parties agreed to mediate. In order for mediation to be successful, the parties must be committed to working through all discovery disputes in mediation in good faith—otherwise the process has no teeth. We now have two talented and experienced mediators who have worked many dozens of hours to impose structure and efficiency in this case but who now find themselves constrained by their lack of authority to set structure and enforce rules.

By effectively opting out of discovery mediation at their whim, Plaintiffs are undermining the mediation process and the agendas set by the mediators by forcing the reprioritization of issues as they see fit. This pattern is all too familiar: before mediation, Plaintiffs bounced from one supposedly urgent issue to the next and back again—under threat of expedited motion practice—making it impossible for the parties to close out issues. Judge Andler and Mr. Garrie have been tremendously effective in prioritizing issues and keeping the parties on track.

Unfortunately, Plaintiffs are now working at cross-purposes with the mediation. At the same time Judge Andler and Mr. Garrie are trying to work with the parties to address issues in an orderly fashion, Plaintiffs are injecting chaos by peppering Facebook outside of mediation with discovery dispute letters, which threaten Facebook (and, by default, the mediators) with expedited motions unless Facebook capitulates immediately. Indeed, while the parties were mediating a dispute regarding the timing of depositions, Plaintiffs went ahead and served deposition subpoenas on six former Facebook employees and indicated they intend to serve at least 20 more. Plaintiffs have now informed Facebook that they refuse to mediate the timing of depositions—which is likely to force unnecessary motion practice. These tactics are hijacking the orderly agendas Judge Andler puts in place and (once again) making it impossible for the parties to work through issues in an efficient and systematic manner.

Facebook suggests that the mediators should be empowered to address Plaintiffs' refusal to meaningfully engage in mediation and follow the mediator's instructions. Facebook has made a concrete proposal to Judge Andler and Mr. Garrie that is designed to accomplish a more efficient and effective mediation process, which is also in line with the Court's repeated instructions that it does not wish to appoint a special master. Due to mediation confidentiality, Facebook does not disclose its position here, but is happy to at the Court's request. In the meantime, Facebook respectfully asks the Court to remind the parties of the following:

1. Mediation communications are strictly confidential. The parties may inform the Court that they are mediating certain issues, but may not disclose the substance of their discussions or raise issues that are being mediated;

2. The Court ordered the parties to mediate their discovery disputes. All discovery disputes must be mediated and should only be raised to the Court once the mediators determine the parties are at impasse;

3. The parties must cooperate in good faith with the mediators, including by respecting their agendas.

DATE:  June 22, 2021

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By: */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*