| | |
|---|---|
| Derek W. Loeser (admitted *pro hac vice*) | Orin Snyder (admitted *pro hac vice*) |
| KELLER ROHRBACK L.L.P. | GIBSON, DUNN & CRUTCHER LLP |
| 1201 Third Avenue, Suite 3200 | 200 Park Avenue |
| Seattle, WA 98101 | New York, NY 10166-0193 |
| Tel.: (206) 623-1900 | Tel.: 212.351.4000 |
| Fax: (206) 623-3384 | Fax: 212.351.4035 |
| dloeser@kellerrohrback.com | osnyder@gibsondunn.com |
| | |
| Lesley E. Weaver (SBN 191305) | Deborah Stein (SBN 224570) |
| BLEICHMAR FONTI & AULD LLP | GIBSON, DUNN & CRUTCHER LLP |
| 555 12th Street, Suite 1600 | 333 South Grand Avenue |
| Oakland, CA 94607 | Los Angeles, CA 90071-3197 |
| Tel.: (415) 445-4003 | Tel.: 213.229.7000 |
| Fax: (415) 445-4020 | Fax: 213.229.7520 |
| lweaver@bfalaw.com | dstein@gibsondunn.com |

*Plaintiffs' Co-Lead Counsel*    *Attorneys for Defendant Facebook, Inc.*
*Additional counsel listed on signature page*    *Additional counsel listed on signature page*

July 2, 2021

**VIA ELECTRONIC FILING**

Honorable Jacqueline Scott Corley
United States District Court
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *In re Facebook, Inc. Consumer Privacy User Profile*,
               Northern District of California Case No. 3:18-md-02843-VC

Dear Judge Corley:

      The Parties respectfully submit this letter in response to the Court's order that the parties "file a joint case schedule by July 2, 2021. If they cannot stipulate to the full schedule, by that same date, they shall submit competing proposals on any issue on which they do not agree. Each side is limited to one page per disputed issue to explain why the Court should adopt that side's proposal." Dkt. 693 ¶ 1.

I.  **Plaintiffs' Position**

**Agreed Deadlines:**[1]

On Monday, June 28, 2021, after months of negotiation, the parties reached agreement on the proposed date for substantial completion: January 31, 2022; the final amended production of privilege logs: March 17, 2022; and the close of fact discovery: June 17, 2022.[2] Likewise, there is rough agreement as to the trial date: Facebook has estimated a trial date in August 2023, and Plaintiffs estimate September 2023. The parties also agree on some of the dispositive motion briefing deadlines as discussed further below.

**Disputed Deadlines:**

While the bookends are aligned, the parties' proposals differ regarding the timing of depositions, expert disclosure and class certification deadlines.

*Depositions should not be delayed and fact discovery should not be phased*

Nearly two years after this Court issued Pretrial Order No. 20, allowing the majority of Plaintiffs' claims to proceed, discovery has stalled. Facebook's document review and production have been anemic, and only two 30(b)(6) depositions have been taken. Last month, in the effort to do what they could to move the case forward, Plaintiffs served deposition notices for several custodians who are former Facebook employees. In response, Facebook proposes a schedule that provides for phased fact discovery, with depositions not permitted to commence until after substantial production is complete. Facebook's schedule would have the effect of quashing validly served subpoenas without requiring Facebook to seek such relief.

There is no reason for such delay or for such a departure from case scheduling norms. Plaintiffs should be allowed to use the standard tools of discovery to develop their case as they see fit, including by serving deposition subpoenas and notices pursuant to the Federal Rules of Civil Procedure and Civil Local Rules. Should Facebook or a non-party witness object to a deposition subpoena or notice, the interested parties should meet and confer. If the dispute remains, an interested party may file a motion to quash (or a motion to compel). Plaintiffs' schedule, which sets forth a single date for the close of Fact Discovery, should be adopted.

*Merits and class discovery should not be bifurcated*

Plaintiffs' proposal adheres to the framework set out in Judge Chhabria's Pretrial Order No. 32: Case Management Schedule, which provides "deadlines leading up to the plaintiffs' anticipated motion for class certification." Dkt. No. 356 ("Dec. 2019 Scheduling Order"). Just before entering the Dec. 2019 Scheduling Order, Judge Chhabria ruled that "plaintiffs' motion for class certification will be adjudicated prior to motions for summary judgment, with no phasing of discovery." *See* Dkt. 347 at 1. Accordingly, the Dec. 2019 Scheduling Order provided a single deadline for the close of fact discovery, without sequencing of document production and depositions, and all expert discovery, including the disclosure of all expert

---

[1] Plaintiffs' proposal is attached as Exhibit A; Facebook's proposal is attached as Exhibit B.
[2] This date is determined pursuant to the Stipulation and Order Governing Privilege Logs, Dkt. No. 462.

witness and service of related expert reports, was to be completed prior to Plaintiffs' motion for class certification. *See* Dkt. No. 356.

Plaintiffs have mirrored the prior Scheduling Order's chronology in their proposed schedule for class certification and expert discovery and have proposed roughly the same elapsed time between deadlines for expert discovery and briefing on class certification as those set forth in the Dec. 2019 Scheduling Order. The exceptions are slight variations to allow for two (2) additional weeks for the disclosure of rebuttal reports and foreshortening the time between the disclosure of rebuttal reports and the close of expert discovery by two (2) weeks.[3]

In Plaintiffs' proposal the briefing on class certification is slated to close on February 17, 2023; in Defendants' proposal the close of expert discovery is scheduled to close on January 16, 2023. As such, the overall time proposed for the completion of expert discovery and briefing on class certification is roughly parallel across the proposals. The difference is simply that Facebook's proposal inverts the order of these deadlines from the schedule previously entered by Judge Chhabria. Plaintiffs' schedule better mirrors the Dec. 2019 Scheduling Order and, unlike Facebook's proposal, adheres to Judge Chhabria's ruling that discovery should not be bifurcated.

### *Class notice should occur in the normal course*

The parties' proposed deadlines for dispositive motions are largely in sync, with one minor exception. Facebook proposes thirty days for a class notice period following a decision on class certification with the deadline for dispositive motions to following fifteen (15) days thereafter. While Plaintiffs do not oppose a notice period, such a deadline is typically determined in concert with other deadlines on class notice. That procedure makes particular sense in this case, where a discussion of how notice is administered (which Plaintiffs anticipate will be primarily through the Facebook platform) may render more traditional estimates inapplicable. Thus, Plaintiffs do not think it necessary to include the class notice period in the case schedule, and instead propose that the deadline for dispositive motions shall follow thirty (30) days after a decision on class certification. The parties agree on the timing of the remainder of the dispositive motion briefing.

In conclusion, while the parties' proposals as to case schedule do not vary greatly, where they do differ, the difference is stark and determinative. Plaintiffs have proposed a schedule which adheres to that previously entered by the Court; Facebook has not. Given the Court's determination that discovery should not be bifurcated, Plaintiffs believe the case management schedule should reflect that determination. The case management schedule should therefore provide for the close of fact and expert discovery prior to the deadline to move for class certification.

---

[3] One additional difference from the expert disclosure schedule in the Dec. 2019 Scheduling Order is that Plaintiffs have proposed the disclosure of affirmative, responsive and rebuttal reports to allow for the likelihood that each party will offer affirmative reports in support of their positions on class certification and merits issues.

## II. Facebook's Position

The parties are in agreement on several of the most important deadlines in this case. The parties agree to a January 31, 2022 deadline for substantial completion of document productions. The parties agree that fact discovery should close on June 17, 2022. And the parties agree that any trial in this matter should be held in mid-2023—Facebook expects August 2023, and Plaintiffs propose September 2023.[4] The parties' remaining disagreements focus on the structure and order of discovery and deadlines and procedures for class certification. As Facebook explains below:

- Fact discovery should be staged in a logical order, with all (or at least most) documents produced before depositions begin. This type of staged approach to discovery—on which Plaintiffs have previously insisted—will reduce the number of litigated discovery disputes and minimize the risk of witnesses having to sit for multiple days of deposition.
- This case should proceed to class certification as quickly practicable. The best way to accomplish that is to have class certification briefing and class certification expert discovery run concurrently, not consecutively.
- Under the Ninth Circuit's one-way intervention rule, the opt-out period needs to conclude before the parties brief summary judgment.

### a. Timing of Depositions

As the Court knows, the parties have had significant difficulty keeping this case moving forward in a timely manner. To remedy this persistent issue, Facebook proposes a schedule that would move this case forward in an orderly fashion so the parties are able to make progress—rather than continue to litigate on 10 fronts at any given time without closing out issues. An important element of this is scheduling depositions after the close of document discovery, both to allow the parties to focus on completing document productions as well as to avoid reopening early depositions. The limited staging Facebook proposes is common in class actions (especially so in MDLs) and is designed to promote efficiency as well as fairness to parties and witnesses.

There is little dispute that discovery in this case has been contentious. Yet, Plaintiffs' proposal seeks *less* case management, so they can conduct any fact discovery they want, whenever they want, and however they want, for another year. This includes taking an avalanche of depositions before document discovery is complete. Even though the parties have no deposition protocol and the 10-deposition limit has not yet been modified, Plaintiffs recently wrote to Facebook stating that they intend to notice depositions of 29 former Facebook employees, to begin this month. Facebook responded explaining that depositions—particularly of non-parties—are premature. **FB Ex. C**. Plaintiffs began subpoenaing former employees for deposition anyway.

The Court should order a limited staging of fact discovery that allows the parties to complete their document productions and resolve disputes related to document requests before depositions begin. This is important for a number of reasons:

**First, beginning depositions now would insert more chaos into the case.** Judge Andler and Mr. Garrie are working tirelessly to get discovery on track by setting an orderly agenda for the parties to resolve disputes related to document productions, so they can complete productions in a timely manner. Beginning depositions now would hijack and disrupt that agenda—requiring the parties to immediately turn to negotiating a deposition protocol and addressing disputes regarding the number of depositions, the scheduling of depositions, the scope of depositions, and a potential referee to be present at depositions, which was suggested previously.

---

[4] These deadlines are reflected in Facebook's most recent schedule proposal, which it has shared with Plaintiffs and attaches here as **FB Exhibit A**. The latest proposal that Plaintiffs provided Facebook is attached as **FB Exhibit B**. Facebook has not seen Plaintiffs' portion of this letter. To the extent Plaintiffs now propose a schedule that differs from the proposal in Exhibit B, Facebook has not seen it or had an opportunity to respond.

At this stage, the parties should resolve the numerous outstanding issues related to document productions that are already on the mediation agenda. Conducting dozens of depositions now would inject significant obstacles into that progress. For instance, even putting aside the party resources that would need to be diverted to deposition prep, Facebook is working to conduct a review of several million documents in a logical and organized manner. If Plaintiffs insist on conducting depositions now, Facebook will be forced to reprioritize its review to address on an expedited basis documents related to the individuals Plaintiffs indicate they intend to depose. The parties would then need to litigate one-off privilege disputes related to individual deponents—rather than litigate privilege issues in an organized fashion.

This would only result in delay. It would also likely to lead to more litigated disputes—many of which would sort themselves out naturally if depositions were conducted in the usual course. As in any large case, depositions should take place after document discovery.

**Second, conducting depositions before document productions are complete is inefficient and often requires depositions to be reopened.** *Rosales v. El Rancho Farms*, No. 1:09–cv–00707, 2011 WL 2433352, at *4 n.3 (E.D. Cal. June 13, 2011) (conducting depositions after document discovery is complete "facilitate[s] a more efficient deposition"); *Syncora Guarantee Inc. v. EMC Mortg. Corp.*, No. MC 13–80037, 2013 WL 1208936, at *2–*3 (N.D. Cal. March 25, 2013) (permitting re-opening of deposition to address documents produced after the deposition). Particularly for non-party depositions, it would be inappropriate and inefficient to embark on a path in which a witness might need to be deposed a second time. Plaintiffs have already made clear that they will not hesitate to seek to reopen depositions based on discovery produced after a deposition is taken. And even if Plaintiffs are willing to depose non-parties without a complete documentary record, Facebook should not be prejudiced in depositions by an incomplete record. *See Loop AI Labs Inc. v. Gatti*, No. 15–cv–00798, 2015 WL 5522166, at *4 (N.D. Cal. Sept. 18, 2015) ("both parties . . . are permitted to question [deposition] witnesses.").

**Third, <u>Plaintiffs</u> have long taken the position that depositions should not occur until document productions are complete.** Facebook noticed each of the Named Plaintiffs' depositions more than one year ago. Plaintiffs vehemently opposed, taking the position that it was "premature" to notice depositions before the production of all "responsive documents" relating to the deponent. **FB Exhibit D**. Plaintiffs later told Facebook they would only appear for their depositions **90 days after** they determined Facebook had completed its productions of data relating to the Named Plaintiffs. **FB Exhibit E.**[5] Facebook agreed to take the depositions off calendar. Plaintiffs cannot have it both ways.

**Fourth, conducting depositions before productions are complete conflicts with existing protocols**. After meeting and conferring about the Named Plaintiffs' depositions, the parties incorporated Plaintiffs' position into their privilege log protocol: To minimize the risk of depositions being reopened as a result of privilege challenges, the parties' protocol requires the parties to endeavor "to resolve any outstanding privilege disputes involving a deponent seven days prior to the scheduled deposition." Dkt. 462, § B.6.[6] This requires documents relating to a deponent to have been produced and/or logged as privileged well in advance of their deposition. Even Plaintiffs' proposed deposition protocol requires that the "deposing counsel have the

---

[5] To the extent the Court determines depositions should move forward before substantial completion, it should order the Named Plaintiffs to appear for their depositions before Plaintiffs are permitted to schedule depositions, given that Facebook noticed these depositions in January 2020, and Plaintiffs opposed them.

[6] Both parties propose a substantial completion deadline of January 31 with a deadline for final privilege logs on March 17. This is because the parties' privilege log protocol, Dkt. 462, provides for a final privilege protocol 45 days from substantial completion. Facebook intends to serve privilege logs on a rolling basis. Its proposed schedule reflects that some depositions will be able to begin following substantial completion before disputes regarding Facebook's final log are resolved given that these final disputes likely will not implicate all deponents.

complete production of information relevant to the witness sufficiently in advance of the deposition . . . and in any event no later than fourteen (14) days prior to the deposition."

If the Court would like the parties to begin depositions before substantial completion, Facebook makes two suggestions:

1. At minimum, the Court should allow the parties time to create an orderly discovery process with Judge Andler and Mr. Garrie and to get discovery on track before a flood of depositions. Facebook suggests depositions begin no earlier than November 2021.
2. There is no reason for depositions to span more than four months. If the Court would like the parties to begin depositions before substantial completion, fact discovery should close four months after depositions are set to begin.

### b. Timing of Class Certification Motions

Plaintiffs do not need six months between the close of fact discovery and the filing of their class certification motion. If, as Plaintiffs propose, class cert briefing does not begin until December 2022, there is no realistic possibility of this case going to trial anytime in 2023.

Judge Chhabria made clear that he does not wish to delay class certification briefing. Class certification is a key deadline in any class action, and Rule 23(c)(1) requires a ruling on class certification as soon as "practicable." Facebook proposes that Plaintiffs file their motion in July 2020—approximately one year from now—supported by any expert declarations supporting the motion. Plaintiffs seek to delay their class certification motion until December 2020—18 months from now—and for the parties to sit idle while it is being decided. Rule 23(c)(1) does not permit this delay. It also reflects a poor use of time and resources.

Facebook proposes a streamlined approach, where the parties would submit expert declarations with their class cert briefs, with a separate Rule 26(a)(2) expert period to follow. This is a common staging in class actions. Plaintiffs previously proposed that class cert precede expert discovery in the "traditional litigation schedule" they proposed in November 2019 (Dkt. 340 at 10, App. A). That Judge Chhabria did not initially adopt this structure does not mean he would decline to do so today—and, of note, Judge Chhabria's original schedule also allowed only three months for depositions and a 10-month document-discovery period. The dynamics of this litigation have evolved significantly over the last 18 months. Given how long this case has been pending, it is particularly important that the parties move forward to class certification as soon as "practicable" and not unnecessarily delay that motion by frontloading expert discovery.

If the Court is inclined to adopt Plaintiffs' schedule, Facebook requests a more balanced class certification briefing schedule. Plaintiffs' proposal allows nearly six months from the close of fact discovery for Plaintiffs to prepare the class certification motion. It then provides Facebook approximately five weeks to respond—largely over the holidays (from December 9 to January 13), followed by five weeks for Plaintiffs to prepare a reply. Facebook respectfully requests at least 6 weeks to respond to Plaintiffs' motion.

### c. The Ability of Putative Class Members to Opt-Out

Facebook's proposed schedule provides a period for putative class members to opt-out from any class that is certified before the parties litigate dispositive motions and/or proceed to trial. Plaintiffs do not allow for an opt-out period, in violation of the one-way intervention rule, which exists to protect defendants where members of a class "can wait for the court's ruling on summary judgment and either opt in to a favorable ruling or avoid being bound by an unfavorable one." *Villa v. San Francisco Forty-Niners*, Ltd., 104 F. Supp. 3d 1017, 1021(N.D. Cal. 2015) (citing American Pipe & Const. Co. v. Utah, 414 U.S. 538, 547, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974)). For this reason, district courts generally do not grant summary judgment motions or proceed to trial in class actions until a class has been certified, and the notice and opt-out period has expired. *See Schwarzchild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995). The Court should follow that approach here, unless, at some later time Facebook waives its one-way intervention rights.

Dated: July 2, 2021

KELLER ROHRBACK L.L.P.

By: */s/ Derek W. Loeser*
     Derek W. Loeser

Derek W. Loeser (admitted *pro hac vice*)
Lynn Lincoln Sarko (admitted *pro hac vice*)
Gretchen Freeman Cappio (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
David J. Ko (admitted *pro hac vice*)
Benjamin Gould (SBN 250630)
Adele Daniel (admitted *pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
lsarko@kellerrohrback.com
gcappio@kellerrohrback.com
claufenberg@kellerrohrback.com
dko@kellerrohrback.com
bgould@kellerrohrback.com
adaniel@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

Respectfully submitted,

BLEICHMAR FONTI & AULD LLP

By: */s/ Lesley E. Weaver*
     Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
Matthew P. Montgomery (SBN 180196)
Angelica M. Ornelas (SBN 285929)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com
mmontgomery@bfalaw.com
aornelas@bfalaw.com

GIBSON, DUNN, & CRUTCHER LLP

By:    /s/ *Orin Snyder*

Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*