# FB EXHIBIT C

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

Deborah L. Stein
Direct: +1 213.229.7164
Fax: +1 213.229.6164
DStein@gibsondunn.com

June 7, 2021

VIA E-MAIL

Derek W. Loeser
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Lesley E. Weaver
Bleichmar Fonti & Auld LLP
555 12th Street, Suite 1600
Oakland, CA 94607

Re:   *In re Facebook, Inc. Consumer Privacy User Profile Litigation*

Counsel:

I write in response to Plaintiffs' May 21 email inquiring whether Gibson Dunn represents any of 29 "former Facebook employee custodians" listed in the email and, if so, whether Gibson Dunn will accept service of deposition subpoenas on their behalf. This inquiry is entirely premature. For one thing, document productions for these individuals remain ongoing. It does not make sense to take their depositions before their documents have been produced (as Plaintiffs themselves have previously acknowledged). For another thing, it would be improper for Plaintiffs to depose these non-party individuals without having made any effort to obtain whatever information they seek through party discovery from Facebook. Moreover, Plaintiffs do not have leave of Court to depose this many individuals. For these reasons, which are more fully explained below, we decline to engage in a frolic and detour at this time to try to figure out who will be representing nearly thirty individuals should they ultimately be deposed in this case.

## I.   Fact Depositions Of Former Employees Would Be Premature At This Stage Of The Case.

Discovery should proceed in a logical and organized fashion. Conducting depositions before document productions are complete is an inefficient approach to discovery. *See, e.g.*, *Rosales v. El Rancho Farms*, No. 1:09–cv–00707, 2011 WL 2433352, at *4 n.3 (E.D. Cal. June 13, 2011) (conducting depositions after document discovery is complete "facilitate[s] a more efficient deposition"); *Lee v. Walters*, 179 F.R.D. 421, 428 (D. Or. 1997) ("Plaintiffs understandably needed all responsive documents produced before taking defendants' depositions."); *Syncora Guarantee Inc. v. EMC Mortg. Corp.*, No. MC 13–80037, 2013 WL 1208936, at *2–*3 (N.D. Cal. March 25, 2013) (permitting re-opening of deposition to address

documents produced after the deposition); *All Star Seed v. Nationwide Agribusiness Ins. Co.*, No. 12CV146, 2013 WL 1882260, at *7 (S.D. Cal. May 3, 2013) (same).

Indeed, Plaintiffs have long taken the position that depositions should not occur until document productions are complete. For example, when Facebook noticed each of the Named Plaintiffs' depositions more than one year ago, Plaintiffs vehemently opposed them, taking the position that it was "premature" to notice depositions before the production of all "responsive documents" relating to the deponent. Ex. A (A. Davis Email, 1/17/20). The parties then incorporated Plaintiffs' position into their carefully crafted privilege log protocol: To minimize the risk of depositions being reopened as a result of privilege challenges, the parties' protocol requires the parties to endeavor "to resolve any outstanding privilege disputes involving a deponent seven days prior to the scheduled deposition." Dkt. 462, § B.6. Likewise, Plaintiffs' proposed deposition protocol *requires* that the "deposing counsel have the complete production of information relevant to the witness sufficiently in advance of the deposition to permit proper and comprehensive examination of the witness on the dates scheduled, and in any event no later than fourteen (14) days prior to the deposition." Ex. B (D. Ko 3/2/20 Email and Attachment).

Particularly in the context of non-party depositions, it would be highly inappropriate to embark on a path in which a witness might need to be deposed a second time. While Plaintiffs may be willing to depose these individuals without a complete documentary record, Facebook is not. *See Loop AI Labs Inc. v. Gatti*, No. 15–cv–00798, 2015 WL 5522166, at *4 (N.D. Cal. Sept. 18, 2015) ("[C]ounsel for both parties of a civil action are permitted to question witnesses during depositions.") (quoting *Longino v. City of Cincinnati*, No. 1:12–CV–424, 2013 WL 831738, at *5 (S.D. Ohio Mar. 6, 2013)). The parties should complete their document productions before moving on to fact depositions.

II. **Plaintiffs Should Avoid Burdening Non-Parties Before Party Discovery is Complete.**

The former employees Plaintiffs intend to serve with deposition notices are not parties to this action. *See Sullivan v. Personalized Media Comm., LLC*, No. 16-mc-80183, 2016 WL 5109994, at *1–2 (N.D. Cal. Sept. 21, 2016) (quashing a deposition subpoena issued to a "non-party" former employee); *Lodestar Anstalt v. Bacardi & Co.*, No. 2:16–cv–0641, at *3 (C.D. Cal. Apr. 21, 2017) ("These eight witnesses include six former employees (i.e., non-party witnesses)."). Before burdening nearly thirty individual non-parties, Plaintiffs must demonstrate a need for deposing them and make a showing that they are unable to obtain the information through party discovery. *See, e.g.*, *Lember Law LLC v. Hussin*, No. 16-mc-80066, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) ("The Ninth Circuit has long held that

nonparties subject to discovery requests deserve extra protection from the courts."). For this reason, courts frequently quash subpoenas for non-party depositions if the information sought is available from the parties to the litigation. *See, e.g.*, *Audio MPEG, Inc. v. HP Inc.*, No.16-mc-80271, 2017 WL 950847 (N.D. Cal. March 10, 2017) (quashing third-party deposition when "most of the information sought is available from parties to the litigation" and the "Counter-Defendants [w]ould be in a better position" to testify on the relevant issues).

### III. The Federal Rules of Civil Procedure Bar Plaintiffs From Noticing 29 Depositions.

Plaintiffs may not unilaterally notice 29 depositions. The Federal Rules of Civil Procedure prohibit taking "more than 10 depositions" absent leave of court. F.R.C.P. 30(a)(2)(A)(i). Plaintiffs have already taken two depositions, and the Court has not granted Plaintiffs leave to exceed the 10-deposition default rule. Plaintiffs also may not notice depositions without "confer[ing] about the scheduling of the deposition[s] with opposing counsel," *see* Civil L.R. 30-1, and it would be inappropriate to schedule former employee depositions while Facebook's document review and production are ongoing.

\*     \*     \*

For the reasons set forth above, now is not the time to attempt to ascertain who will be representing non-party witnesses in potential future depositions. If and when the time comes for non-party depositions, we will cooperate with Plaintiffs on an orderly process for scheduling depositions and communicating with respect to known representation.

Sincerely,

*Deborah L. Stein*

Deborah L. Stein