# FB EXHIBIT E



February 19, 2020

**VIA ELECTRONIC MAIL**

| | |
|---|---|
| Martie Kutscher Clark | Joshua S. Lipshutz |
| Gibson Dunn & Crutcher LLP | Gibson Dunn & Crutcher LLP |
| 1881 Page Mill Road | 1050 Connecticut Ave NW |
| Palo Alto, CA 94304-1211 | Washington, DC 20036 |
| | |
| Brian M. Lutz | Orin Snyder |
| Kristin A. Linsley | Gibson Dunn & Crutcher LLP |
| Gibson Dunn & Crutcher LLP | 200 Park Avenue |
| 555 Mission Street, Suite 3000 | New York, NY 10166 |
| San Francisco, CA 94105 | |

Re:   *In re Facebook, Inc. Consumer Privacy User Profile*
       (N.D. Cal.), Case No. 3:18-md-02843-VC

Dear Counsel:

We write in response to your January 24, 2020 correspondence regarding Facebook's notices of depositions for each of the Named Plaintiffs and to formally object to the notices.

First, the January 24 deposition notice violates the ten-deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(i). The parties need to reach agreement on the appropriate number of depositions in this case and also agree to a deposition protocol before they proceed.

To that end, Plaintiffs will forward a proposed draft deposition protocol shortly and can also discuss a mutual agreement to lift that ten-deposition limit as to each party. With regard to the number of depositions of Facebook's current employees, officers and directors, that discussion turns in no small part on the identification of Facebook's organizational structure and identification of those individuals likely to possess responsive information. We hope that the parties can reach mutual understanding on these issues in short order.

Second, the parties were in the process of discussing the availability, location and timing of the Named Plaintiffs when Facebook sent deposition notices without consulting as to dates or location for each specific witness. Plaintiffs thus object to the timing and location of the depositions set forth in each of the notices. We remain willing to meet and confer on that topic, as we indicated when Facebook first raised this issue on January 17, 2020. Further, we have conferred with our clients and are available to discuss the concept of deposing each of the Named Plaintiffs in hubs throughout the country for the convenience of the parties and counsel. As we indicated on January 17, 2020, if Facebook wishes to make a specific proposal regarding hubs, dates and locations we will confer with our clients and reach a reasonable compromise.

February 19, 2020                                                                       **KELLER ROHRBACK L.L.P.**
Page 2                                                                                  **BLEICHMAR FONTI & AULD LLP**

Third, each Named Plaintiff will be subject to one deposition on one day consistent with the limitations set forth in Fed. R. Civ. P. 30(d)(1). Plaintiffs do not agree to any subsequent depositions or more than one deposition for any of the Named Plaintiffs.

Fourth, by noticing these depositions prior to making any meaningful document production, Facebook seems to be asserting by fiat the very case management schedule the Court rejected. Facebook has not yet come remotely close to completing its production of documents concerning the Named Plaintiffs in this action, let alone discovery relating to what content and information Facebook sold and made accessible to third parties, how that occurred, and whether they still possess it.[1] Indeed, the information asymmetry in this case is extreme. There is a reason the Court did not decide to have the Named Plaintiffs' depositions first, and discovery of Facebook's conduct later, which is what Facebook has proposed.

In summary, Plaintiffs specifically object to the dates set forth in each of the notices for multiple reasons, including the availability of the clients on the dates unilaterally chosen by Facebook; the lack of a proposal regarding deposition limits; the failure to provide the referenced proposal regarding hub locations; the lack of a governing deposition protocol, which will set forth the one deposition per individual deponent rule and other provisions that both parties will likely seek; and to the extent the timing of the depositions usurps the Court's case management order.

Nonetheless, to address Facebook's desire to depose these witnesses in short order, Plaintiffs propose that each Named Plaintiff's deposition commence no earlier than 90 days following completion or substantial completion of Facebook's production of documents relevant to that Named Plaintiff. We can coordinate to schedule these depositions well in advance, with the caveat that if Facebook fails to comply with its production deadlines, we will be forced to reschedule.

Finally, because multiple assertions were made in the January 24 letter that were untrue, we are obligated to correct the record here. You claim we would not discuss deposition dates, but that is just not so. For example, Plaintiffs actually stepped back from the agreed upon call agenda to allow discussion of your proposal. We did so despite that time being specifically reserved for discussion of Facebook's responses and objections to Plaintiffs' Second Requests for Production. Plaintiffs invited a proposal from Facebook, which it did not send, but rather unilaterally noticed the depositions. In any event, let's find a reasonable procedure to conduct these depositions.

---

[1] To date, Facebook has not produced any documents responsive to RPS 1-5 or 10-15, all of which relate *solely* to the Named Plaintiffs.

February 19, 2020             **KELLER ROHRBACK L.L.P.**
Page 3                                                              **BLEICHMAR FONTI & AULD LLP**

      We hope to advance those discussions with this letter. Let us know when Facebook is available to meet and confer further.

Regards,

Derek W. Loeser
dloeser@kellerrohrback.com

Lesley E. Weaver
lweaver@bfalaw.com

4843-8891-6149, v. 2