GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
　osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
　klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
　mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
　dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
　jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**STATEMENT IN SUPPORT OF FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, and the parties' June 28, 2021 agreement that Facebook may file supporting papers for its July 2, 2021 Administrative Motion to File Under Seal by July 9, 2021, Dkt. 698-1 ¶ 2, Facebook, Inc. ("Facebook") hereby submits the following supplemental statement in support of its Administrative Motion to File Under Seal, Dkt. 698.

Facebook respectfully asks the Court to seal permanently portions of three lines from two exhibits Facebook submitted on July 2 in connection with the parties' Joint Discovery Letter Brief regarding Facebook's App Developer Investigation ("ADI" or the "Investigation"), Dkt. 698-1 ¶¶ 3, 5; Dkt. 698-3; Dkt. 698-5.[1] These narrowly-tailored redactions are protected by the mediation privilege—they concern information Facebook provided Plaintiffs as part of a negotiated process in an effort to reach a mediated resolution of the parties' dispute with respect to ADI, and the information was provided on the express condition that it would be subject to mediation privilege. The information at issue reveals confidential conclusions from Facebook's privileged legal investigation, and—unless Facebook were to disclose additional confidential and privileged information about its investigation—disclosure of these confidential conclusions risks misleading the public and causing undeserved reputational harm to Facebook. Furthermore, disclosure of confidential information revealed during mediation discussions would erode the mediation privilege on which the parties rely to conduct full and frank negotiations in an effort to conserve resources and

---

[1] On June 23, 2021, the Court ordered the parties to file by July 2, 2021 stipulations regarding three discovery disputes—including a dispute regarding Facebook's production of documents related to its Investigation—or, if the parties were not in agreement on any of the three issues, a joint discovery dispute letter regarding the disputed issue(s). Dkt. 693 ¶ 2. On June 28, 2021, the parties concluded that they would need to file joint discovery dispute letters on all three issues and that, given the timing of the letter briefs, Facebook would be permitted to file by July 9, 2021 supporting papers for any materials from the joint filings that required sealing. Dkt. 698-1 ¶ 2. On July 2, 2021, Facebook filed an Administrative Motion to File Under Seal two of Facebook's exhibits to the parties' Joint Discovery Letter Brief regarding ADI, Dkt. 699, reserving argument and declarations in support of the sealing request for a subsequent filing, Dkt. 698. Facebook now provides this Statement in Support of its Administrative Motion to File Under Seal.

promote judicial economy. For the reasons explained below, there is good cause to seal the limited information that Facebook asks the Court to redact.

**A.    The Good Cause Standard Applies Because The Redactions In Facebook's Exhibits Do Not Relate To The Merits.**

The typical presumption in favor of public access to court filings does not apply where, as here, the information a party seeks to seal is "unrelated or only tangentially related to the merits of a case." *Doe v. Walmart, Inc.*, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Instead, courts typically seal information submitted in connection with non-dispositive discovery motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Walmart*, 2019 WL 636362, at *1–*2.

The good cause standard applies here because the limited redactions Facebook seeks relate only to information submitted in connection with a non-dispositive, discovery letter brief regarding the parties' ongoing dispute about production of documents related to ADI—not the merits of Plaintiffs' claims. This case is not about how Facebook conducted a legal investigation to advise the company on its litigation risks *after* this case was filed, much less the parties' mediated negotiations about Plaintiffs' demands for ADI-related information. There is good cause to permanently seal the limited information at issue.

**B.    Information Subject To Mediation Privilege Should Be Permanently Sealed.**

Facebook asks the Court to seal permanently limited portions of three lines that reveal information Facebook provided subject to mediation confidentiality and that appears in two different versions of a proposal the parties exchanged during discovery mediation in an effort to resolve their dispute regarding the materials Plaintiffs seek from the privileged ADI.

At the Court's direction, the parties worked in private mediation to reach a negotiated resolution of their dispute regarding Plaintiffs' requests for ADI-related materials. Dkt. 662 ¶ 3. As part of a negotiated process aimed at resolving the dispute, Facebook agreed to create for Plaintiffs a

document containing certain confidential investigatory conclusions to allow Plaintiffs to make a tailored request for the underlying facts they indicated would resolve the dispute, and on the express condition the information was subject to mediation confidentiality.  Southwell Decl., ¶ 7.  Facebook provided this document on May 5, 2021, and each page of the document was stamped: "CONFIDENTIAL MEDIATION MATERIAL—PRODUCED SUBJECT TO MEDIATION CONFIDENTIALITY."  *Id.*

Information from the document that Facebook created and provided subject to mediation confidentiality was later referenced in a proposal Facebook provided Plaintiffs to fully resolve the ADI dispute.  Southwell Decl., ¶ 8.  It was also included in a version of that proposal that Plaintiffs revised.  *Id.*  Facebook attached both versions of the proposal to the parties' July 2, 2021 submission regarding ADI, and seeks to redact from the proposals only the information Facebook provided to Plaintiffs subject to mediation confidentiality.  Southwell Decl., ¶ 9.

Two of the redactions on each document reveal specific confidential investigatory results from the May 5 document Facebook provided Plaintiffs on the condition that the information would be subject to mediation confidentiality.  Southwell Decl., ¶ 10.  The third redaction contains information that, combined with public information from the parties' joint letter brief, *see* Dkt. 699, reveals the same information Facebook provided Plaintiffs subject to mediation privilege.  Southwell Decl., ¶ 10.

Because Facebook's three limited redactions cover information revealed within a confidential mediation on the condition of mediation privilege, and in an effort to reach a negotiated compromise, the Court should seal that information permanently.  Courts routinely seal confidential information revealed in mediation pursuant to the mediation privilege.  *See In re Global Equity Mgmt. (SA) Party Ltd.,* 2020 WL 4732210, at *1, *3 (N.D. Cal. Aug. 15, 2020); *Facebook, Inc. v. ConnectU, Inc.*, 2008 WL 11357787, at *3 (N.D. Cal. July 2, 2008); *Microsoft Corp. v. Suncrest Enter.*, 2006 WL 929257, at *2 (N.D. Cal. Jan. 6, 2006); *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164, 1180 (C.D. Cal. 1998) ("[C]ommunications between the parties during mediation are protected.").  This is because there is a "very low or nonexistent" presumption of public access to information revealed in mediation.  *ConnectU, Inc.*, 2008 WL 11357787, at *3 (quoting *United States*

*v. Glen Falls Newspapers, Inc.*, 160 F.3d 853, 855–56 (2d Cir. 1998)). Preserving the confidentiality of information revealed in mediation serves an "important public interest" because it encourages settlement of disputes. *Id.* (quoting *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003).

### C. Information That Reveals The Results And Conclusions of Facebook's Privileged And Confidential Investigation Should Be Permanently Sealed.

The limited information Facebook seeks to redact should also be sealed permanently because it reveals confidential aspects of Facebook's privileged and confidential Investigation.

As Facebook has explained previously, Gibson Dunn and Facebook's in-house counsel designed, conducted, and oversaw all stages of ADI, including seeking the input of and working with subject matter experts within Facebook and recruiting experienced third-party expert consultants to assist with ADI. Southwell Decl., ¶¶ 3, 5; *see also* Feb. 16, 2021 Southwell Decl., ¶¶ 7–11, Dkt. 623-1. ADI was both confidential and privileged, and because of the harm that would occur from public disclosure of ADI-related information—including security risks—Facebook has gone to great lengths to keep it confidential, and information about ADI has been provided to Facebook employees, and third parties engaged by Facebook, only on a need-to-know basis. Southwell Decl., ¶ 6; *see also* Feb. 16, 2021 Southwell Decl., ¶¶ 15–16. As discussed above, as part of the parties' efforts to resolve their dispute about Plaintiffs' requests for ADI-related information, Facebook created a document for Plaintiffs that contains certain confidential investigatory conclusions, and provided the document subject to mediation privilege. *See supra* at 2–3. One isolated conclusion from that document was then included, out of context, in a protocol the parties exchanged in mediation to resolve the dispute, which Facebook seeks to redact. *Id.*

The information Facebook seeks to redact would prejudice Facebook by revealing this confidential investigatory conclusion publicly. The risk of prejudice here is exacerbated because, in the exhibits at issue, the conclusion appears "out-of-context," without critical information needed to understand the conclusion and its significance, which "may lead to confusion [by the public] . . . and undeserved reputational harm" that Facebook could remedy only by revealing additional confidential and privileged information about its investigation. *In re Zyprexa Injunction*, 474 F. Supp. 2d 385,

425 (E.D.N.Y. 2007) (enjoining pre-trial disclosure of confidential documents produced in discovery).

### D. The Limited Proposed Redactions Are Narrowly Tailored.

Facebook's proposed redactions to Facebook Exhibits A and B to the parties' July 2, 2021 joint letter brief are narrowly tailored. Facebook's redactions cover only portions of three lines of each exhibit. The public is still able to access the majority of Facebook's exhibits, including details about the parties' dispute, their proposals to resolve the dispute, and the results of mediation. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect [a company's] proprietary information").

*   *   *

For these reasons, Facebook respectfully requests that the Court grant this administrative motion to permanently seal.

Dated: July 9, 2021

**GIBSON, DUNN & CRUTCHER, LLP**

By: /s/ *Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*