GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF ALEXANDER H. SOUTHWELL IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Alexander H. Southwell, hereby declare as follows:

1. I am an attorney licensed to practice law in the State of New York. I am a partner with the law firm of Gibson, Dunn & Crutcher LLP. I submit this declaration in support of Facebook's Administrative Motion to File Under Seal. I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2. Facebook initiated the Application Developer Investigation ("ADI" or the "Investigation") because, in the wake of the reporting of data misuse by Cambridge Analytica in March 2018, Facebook anticipated that it would have to respond to known and expected legal challenges in connection with applications and developers that may have had access to large amounts of user data because they were active before Facebook placed additional, significant limitations on the amount and type of data developers could request from users through the Facebook Platform in 2014.

3. To this end, Facebook retained outside counsel (Gibson, Dunn & Crutcher LLP) experienced with cybersecurity and data privacy internal investigations to design and direct a new investigation (ADI) that could, among other things, gather the facts necessary for providing legal advice to Facebook about litigation, compliance, regulatory inquiries, and other legal risks facing the company resulting from potential data misuse and activities by third-party app developers operating on the prior version of Facebook's platform.

4. I led the Gibson Dunn team engaged to develop and conduct the Investigation.

5. The Investigation was highly complex and addressed millions of applications operating before changes were made to Facebook's platform. There was no industry standard for how to conduct such an investigation. Rather, under Gibson Dunn's and in-house counsel's leadership, the ADI investigative team devised and tailored the ADI's methods, protocols, and strategies to address the specific risks posed by these legal challenges. These proprietary methods and techniques are valuable to Facebook.

6. The methods, techniques, and strategies employed during the Investigation are not only privileged but also highly confidential. Indeed, Facebook has taken numerous substantial steps to maintain the confidentiality of details regarding the Investigation. For example, details about the

Investigation are disclosed to Facebook employees only on a need-to-know basis. As a result, a limited number of Facebook employees, counsel, and third-party experts have accessed this highly sensitive information.

7. On May 5, 2021, as part of mediation discussions aimed toward resolving the parties' dispute regarding Facebook's production of documents related to its Investigation, Facebook agreed to create for Plaintiffs a document containing confidential conclusions of the Investigation with respect to certain apps to allow Plaintiffs to make a tailored request for the underlying facts they indicated would resolve the dispute. Facebook provided this information to Plaintiffs in an effort to resolve the parties' ADI dispute, as part of a mediated process to resolve the dispute, and on the express condition that Facebook was providing the document subject to mediation confidentiality. The document Facebook provided Plaintiffs states on every page: "CONFIDENTIAL MEDIATION MATERIAL—PRODUCED SUBJECT TO MEDIATION CONFIDENTIALITY."

8. Facebook subsequently provided Plaintiffs a protocol to fully resolve their ADI dispute that references the confidential information Facebook provided on May 5, 2021. *See* Dkt. 699-1, FB Ex. A. Plaintiffs responded with a revised version of the protocol that contains the same confidential information. *See* Dkt. 699-1, FB Ex. B.

9. On July 2, 2021, the parties filed a joint letter brief regarding their dispute about materials Plaintiffs seek relating to ADI. Dkt. 699. Facebook attached to that submission the protocol it had provided Plaintiffs to resolve the dispute and Plaintiffs' revisions to that protocol, which reference the confidential information Facebook provided on May 5, 2021. Dkt. 699-1, 699-2. Facebook seeks to redact portions of three lines from each document in order to maintain the confidentiality of the investigatory information Facebook provided subject to mediation confidentiality. Dkt. 699 Ex. A, Ex. B.; *see also* Facebook's Administrative Motion to Seal, Dkt. 698; Kutscher Decl., Dkt. 698-1, Exs. 1 and 3.

10. Facebook seeks to redact only portions of three lines from each exhibit. Two of the lines Facebook asks the Court to redact reveal directly information contained in the confidential document Facebook provided Plaintiffs on May 5, 2021 subject to mediation confidentiality. The third line Facebook seeks to redact contains information that, combined with public information from

the parties' joint letter brief, reveals the confidential information Facebook provided Plaintiffs subject to mediation privilege.

11. The information Facebook seeks to redact is separately and independently confidential because it reveals confidential aspects of the Investigation, including confidential investigatory results. In the context of the Exhibits Facebook seeks to redact, these results appear out of context and without critical confidential and privileged information that is needed to understand and interpret them. Public access to these conclusions without appropriate context may lead to confusion about the Investigation's results and reputational harm, which Facebook could remedy only by revealing additional confidential and privileged information about its Investigation.

*   *   *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 9, 2021 in New York, New York.

_____
Alexander H. Southwell