1  Derek W. Loeser (admitted *pro hac vice*)   Lesley Weaver (Cal. Bar No.191305)
   KELLER ROHRBACK L.L.P.                      BLEICHMAR FONTI & AULD LLP
2  1201 Third Avenue, Suite 3200               555 12th Street, Suite 1600
   Seattle, WA 98101                           Oakland, CA 94607
3  Tel.: (206) 623-1900                        Tel.: (415) 445-4003
   Fax: (206) 623-3384                         Fax: (415) 445-4020
4  dloeser@kellerrohrback.com                  lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC<br><br>**PLAINTIFFS' RESPONSE TO STATEMENT IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. Vince Chhabria and Hon. Jacqueline Scott Corley<br>Courtroom: 4, 17th Floor |

Pursuant to Civil Local Rule 7-11, Plaintiffs submit this response to the Statement in Support of Facebook, Inc.'s Administrative Motion to File Under Seal ("Administrative Motion" or "Admin. Mot."), Dkt. No. 700, and respectfully request the Court strike portions of the Declaration of Alexander H. Southwell in Support of Facebook's Administrative Motion to File Under Seal ("Southwell Declaration" or "Southwell Decl."), Dkt. No. 700-1.

Plaintiffs take no position at this time regarding whether the Court should seal the information Facebook identifies as confidential. Nevertheless, Plaintiffs file this response for two reasons. First, Facebook seeks to import the privilege afforded discussions that occur during settlement mediation into the parties' disclosures during discovery mediation. Such communications are not privileged, and that the communications were made to Plaintiffs during discovery mediation is not an appropriate ground for confidentiality.

Second, the Southwell Declaration contains self-serving assertions that are not statements of fact. Specifically, Mr. Southwell purports to state as fact contested issues about the App Developer Investigation ("ADI") that he participated in as Facebook's outside counsel, including Facebook's reason for initiating the ADI. Mr. Southwell is not qualified to provide a declaration on Facebook's state of mind, nor are these assertions relevant to Facebook's Administrative Motion. The self-serving statements are, however, directly relevant to the parties' ongoing ADI dispute and are contradicted by the Court's initial view that the ADI is not entirely confidential. The statements are also contradicted by Facebook's public statements identifying the ADI's purpose. *See, e.g.*, Melamed Decl., Exs. A-C. Thus, the offending portions of the Southwell Declaration, ¶¶ 2-6, should be stricken.

### A. "Mediation Privilege" Does Not Apply to the Parties' Communications Regarding Discovery Disputes

Facebook's Administrative Motion asserts that certain information it communicated to Plaintiffs during discovery is subject to mediation privilege, is confidential, and should be permanently sealed. Dkt. No. 700 at 2. This assertion improperly transposes the privilege afforded mediation discussions concerning settlement onto the parties' ongoing efforts to mediate

certain discovery disputes.

The mediation privilege as commonly understood applies solely to settlement discussions. 28 U.S.C. § 652(d) requires district courts to adopt provisions providing for the confidentiality of alternative dispute resolution, which this Court has done in ADR L.R. 6-12. Those provisions, however, concern mediation as a "flexible, non-binding, confidential process in which a neutral person (the mediator) facilitates *settlement negotiations*." ADR L.R. 6-1. Similarly, Federal Rule of Evidence 408 prohibits the use of settlement offers to prove or disprove the validity or amount of a disputed claim or for impeachment. It, too, only addresses settlement negotiations.

So, too, do each of the cases Facebook cites for the proposition that "[c]ourts routinely seal confidential information revealed in mediation pursuant to the mediation privilege." Admin. Mot. at 3. *See Facebook, Inc. v. ConnectU, Inc.*, 2008 WL 11357787, at *3 (N.D. Cal. July 2, 2008) (allowing a confidential settlement to remain privileged because it "'serves a sufficiently important public interest'") (citation omitted).[1] Though Facebook quotes *ConnectU* as holding there is a "'very low or nonexistent' presumption of public access to information revealed in mediation," Admin. Mot. at 3, it omits that this statement was specifically made regarding "the necessity for secrecy *in settlement terms and negotiations*." *Id.* at *3 (emphasis added).

Without explanation, Facebook seeks to graft the protections afforded settlement negotiations onto disclosures to Plaintiffs during discovery dispute negotiations. This Court's standing order *requires* that submissions of discovery disputes "provide each party's final proposed compromise[.]" Civ. Standing Order for Mag. Judge Jacqueline Scott Corley at 4. Information provided to an adversary and that is required to be provided to the Court is definitionally not privileged.

Nor is it necessarily confidential. As Judge Chhabria stated during the June 24, 2021

---

[1] *See also Microsoft Corp. v. Suncrest Enter.*, 2006 WL 929257, at *2 (N.D. Cal. Jan. 6, 2006) (mediation privilege applies to discussions during mediation aimed at settlement); *Folb v. Motion Picture Industry Pension & Health Plans*, 16 F. Supp. 2d 1164, 1167, 1180 (C.D. Cal. 1998) (mediation privilege applies to settlement negotiations); *cf. In re Global Equity Mgmt. (SA) Party Ltd.*, 2020 WL 4732210, at *1 (N.D. Cal. Aug. 15, 2020) (mediation discussions of fees and costs are privileged).

hearing in this case: "[T]he issue of confidentiality, when we are talking about mediating discovery disputes, is just so much less of a big deal. It just doesn't seem like a big deal at all to me." June 24, 2021 Hr'g. Tr. 20:23-21:1. Thus, the mere fact that the information Facebook seeks to seal was disclosed during discovery mediation is not an adequate ground for sealing.

Facebook has provided an alternative ground for sealing: that the information reveals aspects of Facebook's ADI investigation. Admin. Mot. at 4. Plaintiffs disagree that the ADI investigation is, as Facebook asserts, privileged or confidential, and that issue is the subject of separate briefing to the Court. Dkt. Nos. 611, 613, 615, 699. Plaintiffs do not take issue with Facebook sealing information that would reveal purportedly confidential aspects of the ADI investigation pending the Court's resolution of the threshold issue—whether the ADI investigation is subject to work-product protection.

**B.     The Court Should Strike ¶¶ 2-6 of the Southwell Declaration Because They Have No Bearing on the Administrative Motion**

Paragraphs 2-6 of the Southwell Declaration should be stricken. They do not address grounds for filing under seal, but rather reflect self-serving hearsay and legal conclusions regarding whether the ADI itself was subject to privilege. Whether and, if so, the extent to which the ADI is privileged has been the subject of extensive briefing by the parties. *See* Dkt. Nos. 611, 613, 615, 699. The Court has already indicated that, at a minimum, certain facts regarding the ADI are discoverable (*see* April 6, 2021 Hr'g Tr. 24:15-25:7), directly contradicting the self-serving assertions made in the Southwell Declaration. Facebook should not be permitted to submit argument, disguised as a declaration, purporting to identify "facts" regarding the purpose of the ADI or the manner in which it was conducted in support of its Administrative Motion to seal.

The Southwell Declaration purports to identify the reason Facebook initiated the ADI. Southwell Decl. ¶ 2. It purports to identify the reason Facebook retained Gibson Dunn and the role it played on the ADI. *Id.* ¶¶ 3-4. It purports to discuss the method for devising the manner in which the ADI proceeded. *Id.* ¶ 5. And it purports to state that Facebook has taken steps to keep

the ADI privileged and highly confidential. *Id.* ¶ 6. None of these assertions bear on whether Facebook's Administrative Motion should be granted. Indeed, since Facebook has *disclosed* to Plaintiffs and the Court the information it seeks to seal, discussions of the purportedly privileged purpose of the ADI are irrelevant.

Nor should these assertions be taken as truth. For example, Mr. Southwell asserts that Facebook initiated the ADI because it "anticipated it would have to respond to known and expected legal challenges." Southwell Decl. ¶ 2. This assertion illuminates the impropriety of his declaration in this context. Mr. Southwell cannot speak with personal knowledge about the reason Facebook initiated the ADI; his knowledge is limited to what he was told by Facebook. Moreover, Mr. Southwell's hearsay is contradicted by Facebook's public statements about the ADI investigation.

On March 21, 2018, Mark Zuckerberg posted "an update on the Cambridge Analytica situation." Melamed Decl., Ex. A. Mr. Zuckerberg stated that Facebook initiated the ADI because Facebook owed a duty to its users. "We have a responsibility to protect your data, and if we can't then we don't deserve to serve you. I've been working to understand exactly what happened and how to make sure this doesn't happen again." He continued by discussing the steps involved in the ADI and informed users that Facebook "will learn from this experience to secure our platform further and make our community safer for everyone going forward."[2]

On May 14, 2018, VP of Product Partnerships Ime Archibong posted "An Update on Our App Investigation and Audit." Melamed Decl., Ex. B. Like Mr. Zuckerberg, Mr. Archibong stated that the ADI was about reassuring Facebook's users. "There is a lot more work to be done to find all the apps that may have misused people's Facebook data—and it will take time," Mr. Archibong wrote. "We are investing heavily to make sure this investigation is as thorough and timely as possible. We will keep you updated on our progress." A promise to keep users updated on the ADI's progress is inconsistent with an assertion of privilege (or confidentiality).

---

[2] Later posts make clear that Zuckerberg was discussing the ADI. *E.g.*, Ex. B ("Here is an update on the app investigation and audit that Mark Zuckerberg promised on March 21.").

And on September 20, 2019, Facebook provided the promised update. Melamed Decl., Ex. C. Mr. Archibong continued to discuss the ADI in the context of business, not litigation, purposes. "We promised that we would review all of the apps that had access to large amounts of information before we changed our platform policies in 2014. . . . Our review helps us to better understand patterns of abuse in order to root out bad actors among developers." Neither Mr. Zuckerberg's nor Mr. Archibong's public statements indicated that Facebook initiated the ADI to address known or expected legal challenges.[3]

In sum, Mr. Southwell does not declare true and correct facts. He improperly submits argument regarding the underlying dispute between the parties addressed in a separate motion, and his argument is directly contradicted by Facebook's public statements. If the Court does not strike ¶¶ 2-6 of the Southwell Declaration, it should consider permitting Plaintiffs to pursue discovery from Mr. Southwell concerning the purported facts he sets forth, since he has now attempted to insert himself as a fact witness in these proceedings.

Dated: July 13, 2021                                  Respectfully submitted,

KELLER ROHRBACK L.L.P.                                BLEICHMAR FONTI & AULD LLP

By:   */s/ Derek W. Loeser*                           By:   */s/ Lesley E. Weaver*
      Derek W. Loeser                                       Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)             Lesley E. Weaver (SBN 191305)
Cari Campen Laufenberg (admitted *pro hac vice*)      Anne K. Davis (SBN 267909)
David Ko (admitted *pro hac vice*)                    Matthew S. Melamed (SBN 260272)
Adele A. Daniel (admitted *pro hac vice)*             Angelica M. Ornelas (SBN 285929)
Benjamin Gould (SBN 250630)                           Joshua D. Samra (SBN 313050)
1201 Third Avenue, Suite 3200                         555 12th Street, Suite 1600
Seattle, WA 98101                                     Oakland, CA 94607
Tel.: (206) 623-1900                                  Tel.: (415) 445-4003
Fax: (206) 623-3384                                   Fax: (415) 445-4020
dloeser@kellerrohrback.com                            lweaver@bfalaw.com
claufenberg@kellerrohrback.com                        adavis@bfalaw.com
dko@kellerrohrback.com                                mmelamed@bfalaw.com
adaniel@kellerrohrback.com                            aornelas@bfalaw.com
bgould@kellerrohrback.com                             jsamra@bfalaw.com

---

[3] Even statements by Facebook's counsel in this action, one of Mr. Southwell's colleagues, undercut his contention. In an April 6, 2021 hearing before the Court, Facebook's counsel stated that ADI "was set up for the reason you said[,] because we wanted to assure our users that the platform, you know, was safe and had been safe in the past." April 6, 2021 Hr'g. Tr. 22:25-23:3.

1  Christopher Springer (SBN 291180)
   801 Garden Street, Suite 301
2  Santa Barbara, CA 93101
   Tel.: (805) 456-1496
3  Fax: (805) 456-1497
   cspringer@kellerrohrback.com
4

5  *Plaintiffs' Co-Lead Counsel*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of July, 2021, at Oakland, California.

                                */s/ Lesley E. Weaver*
                                Lesley E. Weaver

**CERTIFICATE OF SERVICE**

I, Lesley E. Weaver, hereby certify that on July 13, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

*/s/ Lesley E. Weaver*
Lesley E. Weaver