GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DEFENDANT FACEBOOK, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A RESPONSE TO JOINT DISCOVERY LETTER BRIEF REGARDING TAR**<br><br>Judge: Hons. Vince Chhabria and Jacqueline Scott Corley<br>Courtroom 4, 17th Floor |

Pursuant to Civil Local Rule 7-11, Facebook respectfully submits this administrative motion for leave to file a response to Plaintiffs' portion of the parties' July 2, 2021 Joint Discovery Letter Brief Regarding Technology Assisted Review, Dkt. No. 697 ("TAR Letter Brief"). Facebook's proposed Response is attached as Exhibit A. As explained in more detail below, good cause exists for granting leaving here because:

(1) Plaintiffs never informed Facebook that they would be using the TAR Letter Brief to do an about-face from their prior position and seek to compel Facebook not just to use TAR, but to do so under a TAR protocol drafted unilaterally by Plaintiffs that substantially deviates from industry standards, violates the Federal Rules of Civil Procedures, and would lead to delays in, and motions practice over, Facebook's document review.

(2) Plaintiffs took the liberty of significantly extending the permitted page limits. Plaintiffs submitted 21 pages of exhibits, including a 7-page substantive lawyer declaration (which is effectively an additional 7-page legal brief) in violation of the Court's rules that a discovery letter brief is limited to 2.5 pages per side with no more than 12 pages of supporting exhibits from each party.

(3) Plaintiffs' filing misleadingly states that they agreed to accept a mediator's proposal on TAR—in fact, Mr. Garrie (the parties' technical mediator) never prepared a mediator's proposal, and Plaintiffs did not offer to accept whatever he might propose, sight unseen, until *after* they had learned that Facebook was no longer seeking to use TAR and that Mr. Garrie would not be preparing a mediator's proposal.

For these reasons Facebook seeks an opportunity to respond to Plaintiffs' request for relief and improperly submitted Declaration.

**(1) Facebook was not on notice that Plaintiffs would ask the Court to compel Facebook to use their TAR protocol.** The Court's rules are clear: "Parties are expected to plan for and

cooperate in preparing [a] joint letter [brief] so that each side has adequate time to address the arguments." Civil Standing Order for Magistrate Judge Jacqueline Scott Corley at 4. Given the timing of the three joint letter briefs the parties submitted on July 2, 2021, the parties did not exchange drafts of their filings but instead discussed their final positions in mediation on June 28. Facebook explained that it believed the parties could file a short stipulation regarding TAR, because Facebook had agreed not to use TAR to filter non-responsive documents out of its review set. Facebook anticipated that this would be a welcomed agreement—all along, Plaintiffs' position had been that they opposed Facebook's use of TAR and would agree to it only if Facebook agreed to a series of non-negotiable conditions and requirements. Plaintiffs, however, indicated they wished to file a statement with the Court to air their frustrations about the parties' TAR negotiations. At no point did Plaintiffs ever convey to Facebook that they intended to ask the Court to compel Facebook to use TAR, much less that they would demand that any use of TAR be governed by a Protocol they had drafted unilaterally. (*See* Dkt. 697 at 1-3.). Indeed, on July 1, Facebook wrote to Plaintiffs asking whether Plaintiffs intended to advocate for any positions in the July 2 Discovery Letter Briefs that had not previously been communicated to Facebook. Plaintiffs did not respond.

Facebook did not learn that Plaintiffs would ask the Court to order Facebook to use a TAR protocol until the parties simultaneously exchanged their final submissions minutes before the filing. Under these circumstances, Facebook should be allowed an opportunity to respond and, at minimum, file the statement it would have filed if Plaintiffs had informed Facebook in advance of the relief they would be seeking. *Cf. Applied Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) ("[w]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the non-movant an opportunity to respond.") (internal quotations and citations omitted); *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) ("[i]f a party raises a new argument or presents new evidence in a reply brief, a court may

consider these matters only if the adverse party is given an opportunity to respond." (internal citations omitted)).

**(2) Plaintiffs' portion of the TAR Letter Brief significantly exceeded the allotted page limits.** The Court's civil standing order allowed each party 2.5 pages to advocate for their position on TAR and a maximum of 12 pages of supporting documentation.[1] Plaintiffs presented instead 21 pages of exhibits, one of which presented 7 pages of legal advocacy beyond the 2.5 pages of briefing the Court allowed, under the guise of an expert declaration prepared by an attorney working with Plaintiffs' counsel. *See, e.g.*, Pls.' Ex. B, 697-2 ¶¶ 14, 15, 16, 17. Before filing the TAR Letter Brief, Facebook alerted Plaintiffs that their portion of the submission violated the Court's standing order; Plaintiffs directed Facebook to file it anyway. Facebook should be permitted to file a short response to address these additional, improperly filed materials.

**(3) Plaintiffs' filing misleadingly states that Plaintiffs agreed to accept a TAR protocol proposed by Mr. Garrie.** What Plaintiffs don't mention is that it was not until *after* Facebook told them that it was no longer seeking to use TAR, and thus *after* Plaintiffs had learned that Mr. Garrie would not be preparing a mediator's proposal, that Plaintiffs claimed for the first time that they would have accepted, sight unseen, any TAR protocol that Mr. Garrie proposed—a statement without any teeth, given that a mediator's proposal was never drafted and no longer on the table. At the time Facebook decided to withdraw its request to use TAR, the only position Plaintiffs had communicated to Facebook was that they would not agree to a TAR Protocol—whether prepared by Facebook or proposed by Mr. Garrie—unless it contained all of their proposed conditions and requirements. Facebook seeks to file a response to explain why, under those circumstances, withdrawing its request to use TAR was the only way for the parties to have any hope of completing document discovery in a timely fashion and without a wave of litigated discovery disputes.

---

[1] Civil Standing Order, *supra* n. 1, at 4.

Pursuant to Civil Local Rule 7-11(a), Facebook requested consent from Plaintiffs to file a response to the joint letter brief. Plaintiffs rejected Facebook's request. Instead, Plaintiffs proposed an elaborate meet and confer and mediation process that appeared untethered to the issues raised in the request and demanded an opportunity to file a reply, which Facebook would oppose under the circumstances.

DATE: July 14, 2021

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By: */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

**CERTIFICATE OF SERVICE**

I, Orin Snyder, hereby certify that on July 14, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

>                                                              /s/  Orin Snyder
>                                                              Orin Snyder