Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley Weaver (Cal. Bar No.191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' OPPOSITION TO DEFENDANT FACEBOOK, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A RESPONSE TO JOINT DISCOVERY LETTER BRIEF REGARDING TAR**<br><br>Judge:  Hon. Vince Chhabria and Hon. Jacqueline Scott Corley<br>Courtroom:  4, 17th Floor |

Pursuant to Local Civil Rule 7-11, Plaintiffs make the following four points in opposition to Defendant Facebook, Inc.'s Administrative Motion for Leave to File a Response to Joint Discovery Letter Brief Regarding TAR ("Administrative Motion"), Dkt. No. 704.

*First*, there is no reason to change the dispute-resolution process that the Court already established. The Court ordered the parties to submit either a TAR stipulation, or a joint letter on TAR, on July 2. (Dkt. No. 693.) The parties submitted a joint letter on July 2. Plaintiffs' attachments to the July 2 joint letter exceeded the prescribed 21 pages only because Plaintiffs included a proposed TAR protocol. If the Court would like that TAR protocol removed from the attachments to the joint letter and refiled instead as a proposed order, Plaintiffs will do so. The important point, in any event, is that the Court already established a briefing process for TAR and the parties complied with it in every way that matters. Facebook now wants this process to be altered. In a case already replete with delays and disputes, however, no further complications are warranted.

*Second*, Facebook insists further briefing is necessary because it was surprised by Plaintiffs' acceptance of the need for TAR. But the clear presupposition of the Court's order was that TAR would be used; otherwise, no stipulation or letter would be necessary in the first place. Plaintiffs were simply adhering to that presupposition. And Facebook already knew that Plaintiffs had accepted the need for TAR. It is false to say otherwise. After preliminary discussions with Judge Andler and Mr. Garrie in April, Plaintiffs agreed that using TAR made sense. Plaintiffs' agreement was then communicated to Facebook. Indeed, as requested by the mediators, Plaintiffs provided Facebook with a draft TAR protocol on May 21 and the parties continued to discuss until Facebook abruptly changed course and abandoned TAR.  That was surprising. Plaintiffs' support for TAR, discussed at length by the parties through multiple mediation sessions, is not.

*Third*, Facebook asserts that Plaintiffs did not agree to blindly accept a mediator's proposal until after they learned that Facebook had reversed course and rejected TAR. It is not made clear why this fact, even if true, makes further briefing necessary. Regardless, Facebook's assertion is untrue. Plaintiffs agreed to accept whatever TAR protocol the Discovery Mediator

1  proposed on June 23 but did not learn until June 28 that Facebook had reversed course and

2  rejected TAR.  It is possible that Facebook did not know that Plaintiffs had agreed to accept a

3  mediator's proposal on June 23. (As is common with mediator's proposals, the discovery

4  mediators here may have chosen not to inform Facebook of Plaintiffs' commitment since

5  Facebook rejected the mediator proposal.) But Facebook would have learned this fact had it

6  responded to Plaintiffs' request to meet and confer before it filed its Administrative Motion.[1]

7          *Fourth*, further briefing is unnecessary because the parties have already said that they

8  support the appointment of a special master under Rule 53. The TAR issue can and should be the

9  first issue decided by the Special Master. This should not be a difficult task, since Mr. Garrie has

10  discussed this matter with the parties for months, and already suggested that he would

11  recommend a TAR protocol based on the parties' positions in the TAR discussions.

12          The Court should deny Facebook's Administrative Motion. If it grants it, Plaintiffs request

13  permission to respond to its proposed letter brief.

14  Dated: July 19, 2021                                    Respectfully submitted,

15  KELLER ROHRBACK L.L.P.                          BLEICHMAR FONTI & AULD LLP

16  By:    */s/ Derek W. Loeser*                        By:    */s/ Lesley E. Weaver*
17         Derek W. Loeser                                        Lesley E. Weaver

18  Derek W. Loeser (admitted *pro hac vice*)        Lesley E. Weaver (SBN 191305)
    Cari Campen Laufenberg (admitted *pro hac vice*)   Anne K. Davis (SBN 267909)
19  David Ko (admitted *pro hac vice*)               Matthew S. Melamed (SBN 260272)
    Adele A. Daniel (admitted *pro hac vice*)        Angelica M. Ornelas (SBN 285929)
20  Benjamin Gould (SBN 250630)                      Joshua D. Samra (SBN 313050)
    1201 Third Avenue, Suite 3200                    555 12th Street, Suite 1600
21  Seattle, WA 98101                                Oakland, CA 94607
    Tel.: (206) 623-1900                             Tel.: (415) 445-4003
22  Fax: (206) 623-3384                              Fax: (415) 445-4020
    dloeser@kellerrohrback.com                       lweaver@bfalaw.com
23  claufenberg@kellerrohrback.com                   adavis@bfalaw.com
    dko@kellerrohrback.com                           mmelamed@bfalaw.com
24  adaniel@kellerrohrback.com                       aornelas@bfalaw.com
    bgould@kellerrohrback.com                        jsamra@bfalaw.com

25

26

27  [1] Plaintiffs give their permission for the Court to confer with Judge Andler and Mr. Garrie, and
    encourage Facebook to do the same, particularly now that Facebook has put the sequence of events
28  at issue.

1

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

2

3

4

5

*Plaintiffs' Co-Lead Counsel*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Derek W. Loeser, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of July, 2021, at Seattle, Washington.

*/s/ Derek W. Loeser*
Derek W. Loeser

1

**CERTIFICATE OF SERVICE**

2

     I, Sarah Skaggs, hereby certify that on July 19, 2021, I electronically filed the foregoing

3

with the Clerk of the United States District Court for the Northern District of California using the

4

CM/ECF system, which shall send electronic notification to all counsel of record.

5

     In addition, the following were served via email:

6

7

Anjeza Hassan
annie.sara@yahoo.com

8

9

                         */s/ Sarah Skaggs*

10

                         Sarah Skaggs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28