GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DEFENDANT FACEBOOK, INC.'S REPLY IN SUPPORT OF STATEMENT SUPPORTING MOTION TO SEAL** |

Plaintiffs' Response to Facebook's Statement in Support of Sealing is not actually a response to the limited, narrowly-tailored redactions that Facebook's Statement requests. Plaintiffs admit that they "take no position" on "whether the Court should seal the information Facebook identifies as confidential." Dkt. 702 at 1. Instead, Plaintiffs seek rulings on two unrelated issues, in what appears to be another effort to obtain substantive rulings without having provided Facebook notice or an opportunity respond. *See* Dkt. 697 at 2–3 (asking Court to enter a unilaterally drafted TAR protocol without notice to Facebook). Facebook respectfully requests that the Court disregard Plaintiffs' submission.

**First, there is no dispute regarding the scope of mediation confidentiality.** Plaintiffs ask the Court to hold that none of the information the parties exchange in discovery mediation is subject to mediation confidentiality, even though Facebook has not—as Plaintiffs suggest—taken the position that all mediation communications are confidential. Nor has Facebook—as Plaintiffs say—refused to "provide each party's final proposed compromise" in connection with the parties' briefing regarding their ADI dispute. *See* Dkt. 702 at 2 (quoting Civ. Standing Order for Mag. Judge Jacqueline Scott Corley at 4). Facebook's portion of the Parties' July 2 Joint Discovery Letter Brief described in detail each party's final position regarding their ADI dispute and attached the final proposed compromises the parties exchanged. *See* Dkt. 699 Exs. A, B.

Far from asserting that all discovery mediation communications are confidential, Facebook seeks to redact only limited portions of three lines from exhibits that contain confidential information the parties **agreed explicitly** would be subject to mediation privilege. *See* Dkt. 700-1 ¶¶ 7, 9, 10. As Facebook explained previously, the parties agreed Facebook would provide certain confidential ADI information subject to mediation confidentiality as part of a negotiated process to provide Plaintiffs information to assist them in requesting the "underlying facts" they represented would resolve the parties' ADI dispute. *Id.* ¶ 7. Consistent with that agreement, Facebook provided the information on a document labeled: "CONFIDENTIAL MEDIATION MATERIAL—PRODUCED SUBJECT TO MEDIATION CONFIDENTIALITY." *Id.* Given that Plaintiffs do not dispute that the parties **agreed** the information at issue would be subject to mediation confidentiality, and have not challenged the confidentiality of the information pursuant to the Court's Protective Order, Dkt. 122,

there is no basis for Plaintiffs to ask the Court to unilaterally terminate that agreement—an outcome that would serve only to undermine the candor and free-flow of information in the parties' mediations moving forward.

**Second, Plaintiffs provide no basis to ask the Court to strike portions of the declaration Facebook submitted in support of sealing**. Plaintiffs argue Facebook improperly submitted the Declaration of Alexander H. Southwell in support of its sealing request, because Plaintiffs believe the declaration touches on issues that concern the merits of the parties' ADI dispute. As Facebook made very clear in its July 2 Joint Discovery Letter Brief and its Statement in Support of sealing, Facebook is not relying on the Southwell declaration to support its arguments that ADI was a privileged legal investigation. *See* Dkt. 699 at 3 (requesting opportunity to submit an evidentiary record on this issue). Facebook submitted the Southwell declaration to provide the Court information about (i) the parties' agreement that Facebook would provide the limited information it seeks to redact subject to mediation privilege and (ii) context about *why* Facebook sought mediation confidentiality. Mr. Southwell is a proper declarant as to both issues—he was present at the relevant mediations and knowledgeable about the confidential nature of the Investigation that warrants sealing the investigatory conclusions at issue.

Further undermining Plaintiffs' request, the portions of Mr. Southwell's declaration Plaintiffs seek to strike repeat information that is already before the Court. The paragraphs Plaintiffs say should be stricken are identical to portions of a declaration from Mr. Southwell that Facebook submitted in support of a sealing request on February 16, 2021. *See* Dkt. 623-1 ¶¶ 7–11. Plaintiffs did not challenge or seek to strike any portion of that declaration, which has been before the Court for five months. In declining to do so, Plaintiffs have waived any argument that this testimony is improper. *Morello v. AMCO Ins. Co.*, 2014 WL 3367650, at *3 (N.D. Cal. July 8, 2014), *aff'd*, 650 F. App'x 522 (9th Cir. 2016) (failure to timely raise an argument constitutes waiver). In fact, Plaintiffs themselves have put this same information before the Court: Plaintiffs attached to their portion of the parties' July 2, 2021 joint letter brief a declaration from Stacy Chen—an in-house attorney at

1  Facebook—that includes substantially the same information Plaintiffs seek to strike from Mr.

2  Southwell's declaration.  *See* Dkt. 699-5 ¶¶ 3, 4, 6–10, 21.[1]

3        Facebook respectfully requests that the Court disregard Plaintiffs' submission and grant its

4  limited motion to seal.

5

6  DATE:  July 20, 2021            Respectfully submitted,

---

[1] In the last line of their submission, Plaintiffs say in passing that if the Court does not strike portions of Mr. Southwell's declaration, it should instead allow Plaintiffs to take discovery from Facebook's counsel.  Plaintiffs' request to take discovery from Facebook's outside counsel, based on a declaration filed in connection with an administrative motion to seal, is unheard of and improper gamesmanship—particularly given Plaintiffs do not even oppose Facebook's sealing request.  It should go without saying that Plaintiffs must satisfy a demanding threshold to take discovery from their adversary's counsel, which cannot be overcome via a throw-away line in an unrelated filing, much less without having provided any notice of the request.  *See Silver v. BA Sports Nutrition, LLC*, 2020 WL 6342939, at *2 (N.D. Cal. Oct. 29, 2020) (party seeking discovery from opposing counsel must demonstrate "(1) no other means exist to obtain the information[;] (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case"); *Flotsam of Cal., Inc. v. Huntington Beach Conf. & Visitors Bureau*, 2007 WL 4171136, at *1 (N.D. Cal. Nov. 26, 2007) (noting that discovery from opposing counsel is permitted only under "limited circumstances").  Plaintiffs have never previously raised a request to take discovery from Gibson Dunn attorneys, and their passing request does not and cannot satisfy the extraordinary burden that would be required to invade Facebook's privileged relationship with its outside counsel.  If the Court is inclined to entertain this request, Facebook requests an opportunity to submit full briefing on this issue.

**GIBSON, DUNN & CRUTCHER, LLP**

By: /s/Orin Snyder
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*