UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | Case No. 18-md-02843-VC   (JSC)<br><br>**FURTHER ORDER RE: ADI PRIVILEGE DISPUTE**<br><br>Re: Dkt. No. 699 |

In March 2018, in response to the disclosure of the Cambridge Analytical data-sharing incident, Facebook initiated an app developer investigation (ADI) that involved a review of all "apps that had access to large amounts of data before [Facebook] changed [its] platform policies in 2014." *See* https://about.fb.com/news/2019/09/an-update-on-our-app-developer-investigation/. Facebook told the public that its investigation

> has involved hundreds of people: attorneys, external investigators, data scientists, engineers, policy specialists, platform partners and other teams across the company. Our review helps us to better understand patterns of abuse in order to root out bad actors among developers.

*Id*. Facebook nonetheless argues in this litigation that *all* documents and communications generated in connection with the ADI are protected from discovery under the attorney-client and work product privileges. (Dkt. No. 612.)

The parties thereafter submitted briefs on the issue (Dkt Nos. 611, 612), and Facebook submitted certain of the withheld documents for *in camera* review. At the discovery conference on April 6, 2021, the Court expressed her view that much of the ADI documentation is discoverable. While outside counsel's edits and advice might not be discoverable, the underlying facts are discoverable since Facebook would have conducted the investigation regardless of any

potential legal liability.  (Dkt. No. 657 at 16-17.)  In response Plaintiffs stated that they, in fact, are only seeking the underlying facts and not legal advice. In particular, Plaintiffs explained they are seeking :

> which apps were in violation or in potential violation of which Facebook policies and over what period of time these entities were in violation of these policies and the specific conduct that caused them to be in violation. And that's obviously relevant to our claims regarding whether or not Facebook allowed third parties to access user information and whether Facebook properly monitored the disclosure of this information as they claim they did.

(*Id.* at 18.) The Court therefore ordered the parties to meet and confer to see if they could agree on a production. (Dkt. No. 655.)

By the time of the June 23, 2021 status conference, the parties had not reached agreement. Accordingly, the Court ordered the parties to submit a further discovery dispute joint letter brief by July 2, 2021. (Dkt. No. 693.)  They have now done so. (Dkt. No. 699.)  Facebook proposes that it produce the following information as to each App that it suspended as a result of the investigation:

> a. **App ID**: Each App's unique app identifier.
> b. **App Name**: The name of each app.
> c. **App Creation Date**: The date on which the app was created on the Facebook Platform.
> d. **Ever Installed Users**: The number of Facebook users that have ever installed the app on Facebook as of April 28, 2019.
> e. **Developer(s)**: A list of all developer accounts, including user name and user ID, associated with the app, which includes users listed as having the following roles: administrator, creator, developer, and disabled.
> f. **Business(es)**: A list of all businesses identified as being an "Owner" of the app in Facebook's records as of April 28, 2019. This is a data field the developer has the option of including.
> g. **API Call Information**:
>> i. A list of the API call permissions granted for each app by users.
>> ii. The total number of users that granted the app each permission to access data through the API as of April 28, 2019.

(Dkt. No. 699-1 at 4 (footnotes omitted).)

Plaintiffs contend that this information omits critical, relevant information.  In particular, Plaintiffs seek documents (not created by lawyers) from the "Enhanced Examination phase" that involve background and technical investigations to identify the potential for data misuse.   (Dkt.

2

1  No. 699 at 5.) They also seek documents from the "Enforcement phase," including Facebook
2  conducted audits and interviews. (*Id*.) As the Court understands, Facebook has not offered to
3  produce any of this information. None of these documents were part of the *in camera* review the
4  Court earlier conducted.
5        Although the Court has before it the declaration in support of privilege that Facebook
6  submitted in the Massachusetts Attorney General action (Dkt. No. 699-5), on or before August 2,
7  2021 Facebook may submit a further declaration with supporting exhibits in support of its
8  assertion that these investigatory materials are privileged from discovery. Plaintiffs may respond
9  *to the declaration and any attached exhibits* on or before August 9, 2021. No further briefing is
10  required. Facebook already submitted a 25 page brief in support of its privilege assertion.
11  **IT IS SO ORDERED.**
12  Dated: July 26, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge