1

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

2

3

4

5

6

7

8

9

10

11

12

13

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

14

15

16

17

18

19

IN RE: FACEBOOK, INC. CONSUMER
PRIVACY USER PROFILE LITIGATION,


This document relates to:

ALL ACTIONS

CASE NO. 3:18-MD-02843-VC

**DECLARATION OF ALEXANDER H.
SOUTHWELL IN SUPPORT OF
FACEBOOK'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL**

20

21

22

23

24

25

26

27

28

I, Alexander H. Southwell, hereby declare as follows:

1.      I am an attorney licensed to practice law in the State of New York.  I am a partner with the law firm of Gibson, Dunn & Crutcher LLP.  I submit this declaration in support of Facebook's Administrative Motion to File Under Seal.  I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2.      Facebook initiated the Application Developer Investigation ("ADI" or the "Investigation") because, in the wake of the reporting of data misuse by Cambridge Analytica in March 2018, Facebook anticipated that it would have to respond to known and expected legal challenges in connection with applications and developers that may have had access to certain data because they were active before Facebook placed additional, significant limitations on the amount and type of data developers could request from users through the Facebook Platform in 2014.

3.      Facebook retained outside counsel (Gibson, Dunn & Crutcher LLP) experienced with cybersecurity and data privacy internal investigations to design and direct a new investigation that could, among other things, gather the facts necessary for providing legal advice to Facebook about litigation, compliance, regulatory inquiries, and other legal risks facing the company resulting from potential data misuse and activities by third-party app developers operating on the prior version of Facebook's platform.

4.      I led the Gibson Dunn team engaged to develop and conduct the Investigation.  I am a former federal prosecutor and have more than two decades of experience with large-scale, corporate investigations.  The Gibson Dunn team worked with Facebook's in-house attorneys and members of Facebook's Partnerships, Data Policy, and DevOps teams on the ADI.  I and my team at Gibson Dunn also led the recruitment and retention of technical experts and investigators for the ADI, including two leading forensic consulting firms with expertise in assisting with technology-focused internal investigations.

5.      The Investigation was highly complex and addressed millions of applications operating before changes were made to Facebook's platform.  There was no industry standard for how to conduct such an investigation.  Rather, under Gibson Dunn's and in-house counsel's leadership, the ADI investigative team devised and tailored the ADI's methods, protocols, and

Gibson, Dunn &

Crutcher LLP

1    strategies to address the specific risks posed by these legal challenges.  These proprietary methods

2    and techniques are valuable.

3        6.       The methods, techniques, and strategies employed during the Investigation are not

4    only privileged but also highly confidential.  Indeed, we have taken numerous substantial steps to

5    maintain the confidentiality of details regarding the Investigation.  For example, details about the

6    Investigation are not disclosed publicly, and internally details are disclosed to Facebook employees

7    only on a need-to-know basis.

8        7.       Gibson Dunn's engagement agreements with the two forensic consulting firms

9    retained to support the Investigation contain confidential information regarding the identity and work

10   of Facebook's non-testifying experts in this matter, including information about their role as

11   consulting experts, their identities, the scope of their engagement, and their investigatory tools.  The

12   agreements also contain confidential information about the proprietary design and investigative

13   techniques of the confidential legal Investigation for which the experts were retained to assist

14   counsel.

15       8.       The engagement agreements also contain confidential business information that, if

16   publicly disclosed, could undermine Facebook's and Gibson Dunn's current and future relationships

17   with third-party vendors, as well as undermine the forensic consulting firms' current and future

18   relationship with other clients.  The agreements contain pricing information, details about

19   compensation and reimbursement, security requirements, liability provisions, and the details about

20   the requested scope of services.

21                                  *        *        *

22       I declare under penalty of perjury under the laws of the United States of America that the

23   foregoing is true and correct.  Executed on August 9, 2021 in Harvey Cedars, New Jersey.

24

25

26

27                                           Alexander H. Southwell

28

SOUTHWELL DECLARATION IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
CASE NO. 3:18-MD-02843-VC