| | |
|---|---|
| Derek W. Loeser (admitted *pro hac vice*) <br> KELLER ROHRBACK L.L.P. <br> 1201 Third Avenue, Suite 3200 <br> Seattle, WA 98101 <br> Tel.: (206) 623-1900 <br> Fax: (206) 623-3384 <br> dloeser@kellerrohrback.com | Lesley E. Weaver (SBN 191305) <br> BLEICHMAR FONTI & AULD LLP <br> 555 12th Street, Suite 1600 <br> Oakland, CA 94607 <br> Tel.: (415) 445-4003 <br> Fax: (415) 445-4020 <br> lweaver@bfalaw.com |

*Plaintiffs' Co-Lead Counsel*

Additional counsel listed on signature page

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION <br><br> This document relates to: <br> ALL ACTIONS <br><br> MADELINE KISS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FLO HEALTH, INC., GOOGLE, LLC, FACEBOOK, INC., APPSFLYER, INC., and FLURRY, INC., <br><br> Defendants. | MDL No. 2843 <br> Case No. 18-md-02843-VC-JSC <br><br> **PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 3-12 TO CONSIDER WHETHER CASES SHOULD BE RELATED** <br><br> Judge: Hon. Vince Chhabria <br> Courtroom: 4, 17th Floor <br><br><br> Case No. 3:21-cv-04333-JD <br> **PROPOSED CASE TO BE RELATED** |

## I.     INTRODUCTION

Pursuant to Civil Local Rules 3-12 and 7-11, and because they raise substantially similar issues of fact and law, Plaintiffs in *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, No. 3:18-cv-02843 (the "MDL"), move the Court to relate the action *Kiss v. Flo Health, Inc. et. al,* No. 3:21-cv-04333-JD ("*Kiss*") to the MDL.

## II.    STATEMENT OF FACTS

Civil Local Rule 3-12(b) provides that "[w]henever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District . . . the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related." Because the *Kiss* complaint makes allegations against Facebook paralleled by those asserted in the MDL, and because the *Kiss* complaint asserts claims against Facebook that are asserted in the MDL, Plaintiffs believe the cases should be related.

On June 6, 2018, the Judicial Panel on Multidistrict Litigation transferred 30 actions alleging that Facebook shared its users' information with third parties in contravention of its agreements with users to this Court. Transfer Order, MDL ECF No. 1. The MDL alleges, *inter alia*, that Facebook entered into business agreements with third party entities through which Facebook unlawfully obtained monetary and other benefits. Since that time, other cases alleging claims against Facebook over the "mishandling of users' information in its arrangements with third parties" have continued to be related to the MDL. *See* MDL ECF Nos. 155, 161, 311, 320.

On September 21, 2018, the MDL Plaintiffs filed a Consolidated Complaint against Facebook. MDL ECF No. 148. Plaintiffs subsequently filed a First Amended Consolidated Complaint on February 22, 2019, MDL ECF No. 257, and a Second Amended Consolidated Complaint ("MDL Complaint") on August 4, 2020, MDL ECF No. 491. The MDL Complaint alleges that Facebook unlawfully obtained monetary and other benefits by allowing app developers, whitelisted apps, and business partners to access user's private information without

consent. The MDL Complaint specifically references Flo Health as one of the app developers through which Facebook obtained monetary and other benefits. MDL ECF No. 491 ¶ 261. The Court has since granted in part and denied in part Facebook's motion to dismiss, MDL ECF No. 298, and recently entered an Order amending the case schedule, MDL ECF No. 706.

On June 7, 2021, the *Kiss* plaintiff filed an action in this district against defendants Flo Health, Inc., Google, LLC, Facebook, Inc., AppsFlyer, Inc., and Flurry, Inc. *Kiss* ECF No. 1. The *Kiss* complaint was filed in the same district as six previously-filed lawsuits against Flo Health regarding substantially the same events, the first-filed of which is *Frasco v. Flo Health, Inc.*, 3:21-cv-00757-JD (N.D. Cal.). *See also* Wellman v. Flo Health, Inc., 3:21-cv-01099-JD (N.D. Cal.); *Pietrzyk v. Flo Health, Inc.*, 3:21-cv-01141-JD (N.D. Cal.); *Chen v. Flo Health, Inc.*, 3:21-cv-01485-JD (N.D. Cal.); *Tesha Gamino v. Flo Health, Inc.*, 3:21-cv-02551-JD (N.D. Cal.); *Ridgway et al v. Flo Health, Inc.*, 4:21-cv-03031-YGR (N.D. Cal.). All of the previously-filed cases have been related to the *Frasco* matter pursuant to Local Rule 3-12.

Unlike any of the other cases filed against Flo Health, the *Kiss* matter also asserts claims against Facebook, alleging it was unjustly enriched as a result of the sensitive information it obtained from app developer Flo Health. In this regard, the *Kiss* complaint makes allegations already made against, and wholly subsumed by, the allegations against Facebook in the MDL litigation. As such, the MDL and *Kiss* matter concern substantially the same transaction or event with respect to Facebook and should be related pursuant to Local Rule 3-12.

In compliance with Local Rule 7-11, Plaintiffs have conferred with counsel for the *Kiss* plaintiff, both by sending an email referring them to the Local Rule and also by conferring with them telephonically. Decl. of Cari Campen Laufenberg in Supp. of MDL Pls.' Admin. Mot. to Consider Whether Cases Should be Related, ¶¶ 3-4. Counsel for the *Kiss* plaintiff have indicated that they will oppose this motion. *Id.* ¶ 4. Plaintiffs have also conferred with Facebook's MDL counsel and contacted Facebook's counsel in the *Kiss* matter.[1] *Id.* ¶ 5. Facebook's MDL counsel

---

[1] Facebook is represented by counsel from the same law firm in the MDL and *Kiss* actions.

has indicated that it does not believe the *Kiss* matter should be related to the MDL, and Facebook's counsel in the *Kiss* matter has not responded. *Id.* at ¶ 6.

### III.  ARGUMENT

Because the MDL and *Kiss* actions concern "substantially the same parties, . . . transaction [and] event," and because "it appears likely there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges," *Kiss* should be related to the MDL. Civil L.R. 3-12(a).

The MDL Complaint alleges that Facebook unlawfully obtained monetary and other benefits by allowing app developers, whitelisted apps, and business partners to access user's private information without consent—including by targeting users with advertisements. *See* MDL ECF No. 491. The MDL Complaint specifically references Flo Health as one of the app developers through which Facebook unlawfully obtained monetary and other benefits, stating that "Flo Health Inc.'s Flo Period & Ovulation Tracker, which claims 25 million active users, told Facebook when a user was having her period or informed the App of an intention to get pregnant," and Facebook used this sensitive information "to target users with Facebook ads." MDL ECF No. 491 ¶¶ 261-62.

The *Kiss* action likewise alleges that "Facebook received, stored, and analyzed users' intimate health data" that it received "through its agreement with Flo Health," and "[t]his data was then used for research and development purposes at Facebook, including providing personalized content and advertisements." *Kiss* ECF No. 1 ¶ 147. As a result of this conduct, the *Kiss* plaintiff alleges that Facebook obtained data with which it "target[ed] Plaintiff and Class members for advertisements and marketing campaigns to boost their own revenue." *Id.* ¶ 100; *see also id.* ¶ 115. These allegations parallel those already made against Facebook in the MDL. *See* MDL ECF No. 491.

Moreover, as set forth in the table below, the *Kiss* plaintiff's claims against Facebook also overlap almost entirely with those in the MDL.

|  | **MDL Complaint** | ***Kiss* Complaint** |
|---|---|---|
| Unjust Enrichment | Claim XII | Fifth Claim |
| Violation of the California Unfair Competition Law | Claim VIII | Eleventh Claim; Twelfth Claim (aiding and abetting) |
| Invasion of Privacy – Intrusion into Private Affairs | Claim IV | Thirteenth Claim (aiding and abetting) |
| Violation of the Wiretap Act | *See* Claim I[2] | Fourteenth Claim |
| Violation of the California Invasion of Privacy Act | Claim XXIX | Fifteenth Claim |
| Violation of California's Computer Data Access and Fraud Act | Claim XXXI | Sixteenth Claim |

As such, the *Kiss* complaint's allegations against Facebook mirror both the facts and claims at issue in the MDL proceeding.

Given the factual and legal similarities between the MDL and the *Kiss* matter, relation is proper here to prevent "unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(12).

## IV. CONCLUSION

Because the law and facts substantially overlap, the MDL Plaintiffs respectfully ask the Court to relate *Kiss* to the MDL.

Dated: August 11, 2021                                        Respectfully submitted,

KELLER ROHRBACK L.L.P.                           BLEICHMAR FONTI & AULD LLP

By:   */s/ Derek W. Loeser*                              By:   */s/ Lesley E. Weaver*
       Derek W. Loeser                                              Lesley E. Weaver

---

[2] The MDL Complaint asserts a claim for violation of the Stored Communications Act, Section II of the Electronic Communications Protection Act ("ECPA"), which is substantially similar to the *Kiss* plaintiff's claim for violation of the Wiretap Act, Section III of the ECPA. *See Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1211–12 (N.D. Cal. 2014).

| | |
|---|---|
| Derek W. Loeser (admitted *pro hac vice*) | Lesley E. Weaver (SBN 191305) |
| Cari Campen Laufenberg (admitted *pro hac vice*) | Anne K. Davis (SBN 267909) |
| David Ko (admitted *pro hac vice*) | Matthew S. Melamed (SBN 260272) |
| Adele A. Daniel (admitted *pro hac vice)* | Angelica M. Ornelas (SBN 285929) |
| Benjamin Gould (SBN 250630) | Joshua D. Samra (SBN 313050) |
| 1201 Third Avenue, Suite 3200 | 555 12th Street, Suite 1600 |
| Seattle, WA 98101 | Oakland, CA 94607 |
| Tel.: (206) 623-1900 | Tel.: (415) 445-4003 |
| Fax: (206) 623-3384 | Fax: (415) 445-4020 |
| dloeser@kellerrohrback.com | lweaver@bfalaw.com |
| claufenberg@kellerrohrback.com | adavis@bfalaw.com |
| dko@kellerrohrback.com | mmelamed@bfalaw.com |
| adaniel@kellerrohrback.com | aornelas@bfalaw.com |
| bgould@kellerrohrback.com | jsamra@bfalaw.com |

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Eric Fierro (admitted *pro hac vice*)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822
efierro@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Derek W. Loeser, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of August, 2021, at Seattle, Washington.

/s/ Derek W. Loeser
Derek W. Loeser

**CERTIFICATE OF SERVICE**

I, Sarah Skaggs, hereby certify that on August 11, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

**In addition, the following were served via email:**

Anjeza Hassan
annie.sara@yahoo.com

Pursuant to Civil Local Rule 3-12, I further caused to be served true and correct copies of the foregoing to be served via U.S. Mail and email on counsel for the parties in the apparently related action as set forth below:

Melanie Marilyn Blunschi
Michael H. Rubin
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
melanie.blunschi@lw.com
michael.rubin@lw.com

Serrin A. Turner
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
serrin.turner@lw.com

Lauren Margaret Blas
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
LBlas@gibsondunn.com

Christina Stella Cernak
Gibson Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
SCernak@gibsondunn.com

Cassandra Lee Gaedt-Sheckter
Ashley Marie Rogers
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94040
cgaedt@gibsondunn.com
arogers@gibsondunn.com

Benjamin Sadun
Dechert LLP
U.S. Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2032
benjamin.sadun@dechert.com

Brenda R. Sharton
Dechert LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110-2605
brenda.sharton@dechert.com

Jonathan S. Tam
Dechert LLP
One Bush Street, Suite 1600
San Francisco, CA 94104-4446
jonathan.tam@dechert.com

Samuel Danon
John Delionado
Hunton Andrews Kurth LLP
333 SE 2nd Avenue, Suite 2400
Miami, FL 33131
sdanon@huntonak.com
jdelionado@huntonak.com

Jason Jonathan Kim
Ann Marie Mortimer
Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071-2627
kimj@huntonAK.com
amortimer@HuntonAK.com

Simona Alessandra Agnolucci
Benedict Y. Hur
Tiffany M Lin
Eduardo E. Santacana
Willkie Farr & Gallagher LLP
One Front Street, 34th Floor
San Francisco, CA 94111
sagnolucci@willkie.com
bhur@willkie.com
tlin@willkie.com
esantacana@willkie.com

Frank H. Busch
James Matthew Wagstaffe
Wagstaffe, Von Loewenfeldt, Busch & Radwick LLP
100 Pine Street, Suite 2250
San Francisco, CA 94111
busch@wvbrlaw.com
wagstaffe@wvbrlaw.com

Michael P. Canty
Carol C. Villegas
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
mcanty@labaton.com
cvillegas@labaton.com


I declare under penalty of perjury that the foregoing is true and correct.


/s/ *Sarah Skaggs*
Sarah Skaggs