| | |
|---|---|
| James M. Wagstaffe (95535)<br>Frank Busch (258288)<br>**WAGSTAFFE, VON LOEWENFELDT,**<br>**BUSCH & RADWICK LLP**<br>100 Pine Street, Suite 725<br>San Francisco, CA 94111<br>Tel: (415) 357-8900<br>Fax: (415) 357-8910<br>wagstaffe@wvbrlaw.com<br>busch@wvbrlaw.com | Christian Levis (*pro hac vice*)<br>Amanda Fiorilla (*pro hac vice*)<br>**LOWEY DANNENBERG, P.C.**<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Telephone: (914) 997-0500<br>Facsimile: (914) 997-0035<br>clevis@lowey.com<br>afiorilla@lowey.com |

Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Melissa H. Nafash (*pro hac vice*)
Ross M. Kamhi (*pro hac vice*)
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
mnafash@labaton.com
rkamhi@labaton.com

*Attorneys for Plaintiff Madeline Kiss and the Proposed Class* in *Kiss v. Flo Health, Inc., et al.,* 4:21-cv-04333-DMR

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No.: 18-md-02843-VC-JSC<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO FACEBOOK PROFILE LITIGATION PLAINTIFFS' ADMINISTRATIVE MOTION TO RELATE CASES** |

Madeline Kiss ("Kiss"), plaintiff in *Kiss v. Flo Health, Inc. et. al,* No. 3:21-cv-04333-JD (the "*Kiss* Action"), which is pending in this District before Judge Donato, opposes the motion of Plaintiffs in the above-captioned action to relate the *Kiss* Action to *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, No. 3:18-cv-02843 ("*Facebook Profile Litigation*") (the "Motion"). The *Kiss* action concerns fundamentally different claims, brought on behalf of a different class (*i.e.*, users of Flo Health's mobile app), arising from different alleged misconduct (*i.e.*, Flo's unauthorized sharing of information it collected from users with various digital advertising companies), against a different group of 5 defendants, 80% of which have nothing to do with Facebook. Given these distinctions, the *Kiss* Action cannot qualify as related to the *Facebook Privacy Litigation* under L.R. 3-12(a). It is no surprise then that Defendant Facebook—the sole overlapping party between the cases, and entity that allegedly engaged in the "related" misconduct—also opposes Plaintiff's Motion. For these reasons, and those below, the Motion should be denied.

## I. BACKGROUND

The *Facebook Profile Litigation* plaintiffs strain to connect the *Kiss* Action to the facts and claims at issue in their case, many of which are inactive, having been dismissed or "paused" pending further review. As demonstrated below, other than Facebook being a named defendant in both actions, there are few similarities.

**Different Facts:** *Facebook Profile Litigation* arose in the wake of the Cambridge Analytica scandal. *See* ECF No. 148. Plaintiffs there allege that Facebook "impermissibly collected and curated [**Facebook users'**] content and information and then sold access to this information to thousands of third parties without Plaintiffs' knowledge or consent," allowing third-party data brokers and others to de-anonymize Facebook users' content and individually link it to Plaintiffs in violation of their privacy rights. *See* Second Amended Consolidated Complaint ("*Facebook Profile* SAC"). ECF No. 491 at ¶ 694. The *Kiss* action alleges something entirely different: that app developer Flo Health improperly collected and shared **Flo App users'** personal health data with various online advertiser, including Facebook, Google, LLC, Appsflyer, Inc., and Flurry, Inc. *See Kiss* Action, ECF No. 1 ("*Kiss* Complaint") ¶ 43. This has little to do with

Facebook's "collection" and "curation" of Facebook users' "content and information," including posts, likes, and pictures—the gravamen of the *Facebook Profile Litigation*—or the improper de-anonymization of users' Facebook data, and other misconduct allegedly engaged in by Facebook with regards to its users' data. Indeed, the *Facebook Profile* SAC makes only one passing reference to Flo Health (*Facebook Profile* SAC at ¶ 261) as an app that sent data to Facebook. However, the irrelevance of this reference to the litigation is confirmed by the fact that the complaint does not assert claims against Flo Health or name it as a defendant, co-conspirator, non-prioritized defendant, or interested party in the action. *See Facebook Profile* SAC ¶¶ 212-28.

**Different Claims & Classes:** Given the differences between the facts underlying the *Facebook Profile Litigation* and the *Kiss* Action it is not surprising that, while the two complaints assert similar causes of action, there is *no* overlap in their claims. For example, while the one prioritized cause of action to survive motions to dismiss in *Facebook Profile Litigation*—unjust enrichment—is also asserted against Facebook (along with 4 other advertiser defendants), the theory of liability is fundamentally different with the *Kiss* Action alleging that defendants (generally) were enriched by *receiving* Plaintiff Kiss's and other Flo App users' data (*see Kiss* Complaint ¶¶ 221-22) and the *Facebook Profile Litigation* focusing on *Facebook's sale* of data associated with *Facebook's users* to third parties. *See Facebook Profile* SAC ¶¶ 983-84. Similar issues exist with the other claims asserted in the *Facebook Profile Litigation*, which focus on Facebook's conduct in selling user data, unrelated to any acts by Flo Health or the other defendants in the *Kiss* action. These differences are only compounded by the discrepancies between the proposed class definitions: a class of Flo App users between 2016 and present, on the one hand (*see Kiss* Complaint ¶ 155) and U.S. and U.K. Facebook users between 2007 through present on the other. *See Facebook Profile* SAC ¶ 764.[1]

## II.   ARGUMENT

---

[1] To the extent there is any overlap in class membership, neither the *Facebook Profile Litigation* or *Kiss* Action complaint allege it, making the issue premature. *See* Argument, Part II.B., below.

L.R. 3-12(a) allows relation when "(1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." A movant must establish that both criteria are satisfied. L.R. 3-12(a), (d). The *Facebook Profile Litigation* plaintiffs fail to establish either criteria. Thus, the Motion should be denied.

### A.  The Actions Are Not Substantially Similar.

The *Facebook Profile Litigation* plaintiffs' claim that these cases involve substantially similar issues of fact and law (Motion at 2) is meritless, and overlooks several key differences between the actions in trying to force the application of L.R. 3-12(a). Critically, the *Facebook Profile Litigation* and *Kiss* Action, assert different claims, arising from different misconduct, against a different group of defendants, on behalf of two very different classes. *See* Section I., above. These facts—on their own—are enough to deny the Motion.

To the extent there are similar *types* of claims asserted in the two actions, any overlap is in name only, with the underlying theory of liability (and thus relevant discovery) being different. For example, while this Court's September 9, 2019 Order Granting in Part and Denying in Part the Motion to Dismiss the First Amended Complaint sustained the *Facebook Profile Litigation* plaintiffs' claim for unjust enrichment (ECF No. 298 at 21), the basis for that claim—Facebook's *sale* of *its users' data* to third parties (*see Facebook Profile* SAC ¶¶ 983-84)—is fundamentally different from the unjust enrichment claim asserted in the *Kiss* action, which alleges that defendants, including Facebook, were unjustly enriched by their *receipt* of Flo data, **regardless of whether it was ever sold**. *See Kiss* Complaint ¶¶ 221-22.

Similarly, while the complaints in both actions might include a claim for violation of California's Unfair Competition Law ("UCL"), these claims differ substantially because the "unfair," "unlawful," or "fraudulent" conduct allegedly giving rise to a UCL violation is different. The UCL claim in *Facebook Profile Litigation* allegedly arises from Facebook's sharing of users' profile content to third parties. *See Facebook Profile* SAC ¶ 918. By contrast, the *Kiss* Action does

3

not make any allegations about users' Facebook profiles or Facebook data, but alleges that Facebook violated the UCL when it received personal medical information about Flo App users. *Kiss* Complaint ¶ 259. Likewise, while both *Facebook Profile* Litigation and the *Kiss* Action include claims arising from alleged privacy violations, the "invasion of privacy–intrusion into private affairs claims" asserted in *Facebook Profile Litigation* at Claim IV is unrelated to the *Kiss* Action's common law invasion of privacy–intrusion upon seclusion claims, which is based on Facebook's aiding and abetting *of Flo Health's* violations of law.

The *Facebook Profile Litigation* plaintiffs strain to manufacture an overlap in the Wiretap Act claim asserted by each complaint. Motion at 4. However, even the most cursory review establishes that these claims are distinct, with *Facebook Profile Litigation* basing the alleged violation on Facebook's *disclosure* of Facebook users' electronic communications to unauthorized parties (*see Facebook Profile* SAC ¶ 798), and the *Kiss* Action relying on defendants' unlawful *interception* of intimate health data from the Flo App. *Kiss* Complaint ¶¶ 302-05.

Claims for violation of the California Invasion of Privacy Act are similarly distinguishable. While the *Facebook Profile Litigation* plaintiffs' claim concerns Facebook's harvesting of Plaintiffs' **location data** to third parties (*Facebook Profile* SAC ¶¶ 1210, 1213) the *Kiss* Action alleges no such thing, relying (as with the Wiretap Act claim) on the unlawful interception of Plaintiff Kiss's intimate health data. *Kiss* Complaint ¶ 310. The claims asserted under California's Computer Data Access and Fraud Act are just as different, turning on Facebook's allegedly unauthorized access to *Plaintiff's personal computers* in *Facebook Profile Litigation* (*Facebook Profile* SAC ¶ 1228) compared to Flo Health's alleged violation of the statute by knowingly providing the advertiser defendants access to intimate health data Flo Health collected from Plaintiff Kiss and other users of its app without permission. *Kiss* Complaint ¶ 320.

Given these significant differences, the *Facebook Privacy Litigation* Plaintiffs cannot demonstrate a substantial similarity exists among the actions, as required under L.R. 3-12(a)(1). The *Facebook Privacy Litigation* Plaintiffs' conclusory assertions that the actions raise

substantially similar issues of fact and law fail as a matter of law. *See, e.g.*, *ASUS Computer Int'l v. Interdigital, Inc.,* 2015 WL 13783764, at *1 (N.D. Cal. June 15, 2015) (finding actions not related despite a common defendant and nearly identical agreements, as the cases involved different parties, agreements, and claims); *Hill v. Goodfellow Top Grade*, 2019 WL 2716487, at *1 (N.D. Cal. June 28, 2019) (denying relation of two cases against the same defendant, with overlapping employment periods, events and witness because the cases "concern[ed] largely different events"). Further, to the extent there is any potential for overlap among class members between the two actions, this issue is not only premature, as no such overlap is plead in either complaint, but irrelevant as it would not satisfy L.R. 3-12 in light of the significant differences already explained above. *Ortiz v. CVS Caremark Corporation*, 2013 WL 12175002, at *1 (N.D. Cal. Oct. 15, 2013) ("[T]he limited overlap of some class members is not enough to reach the 'substantial similarity' threshold.")

### B. Relation Would Not Create Efficiencies.

The *Facebook Profile Litigation* plaintiffs do not even attempt to argue that the second prong of L.R. 3-12(a) is satisfied beyond their conclusory statement that given the factual and legal similarities between the actions, relation is proper to prevent unduly burdensome duplication of labor and expense or conflicting results. Motion at 4. However, a cursory review of the complaints indicates case-specific factual issues and reveals that no efficiencies would be gained by relation of the two cases. Any minimal commonalities between the two cases fail to satisfy L.R. 3-12(a)(2)'s relation standard. Differing discovery issues can bar relation of cases even if the central legal question is identical, which is not true here, based on the different parties, different property, different alleged misconduct, and few overlapping claims.

### III. CONCLUSION

The Motion to Relate should be denied.

Dated: August 16, 2021

/s/*James M. Wagstaffe*
James M. Wagstaffe (95535)

5

Frank Busch (258288)
**WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP**
100 Pine Street, Suite 725
San Francisco, CA 94111
Tel: (415) 357-8900
Fax: (415) 357-8910
wagstaffe@wvbrlaw.com
busch@wvbrlaw.com

Carol C. Villegas (*pro hac vice*)
Michael P. Canty (*pro hac vice*)
Melissa H. Nafash (*pro hac vice*)
Ross M. Kamhi (*pro hac vice*)
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
mnafash@labaton.com
rkamhi@labaton.com

Christian Levis (*pro hac vice*)
Amanda Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Facsimile: (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com

*Attorneys for Plaintiff Madeline Kiss and the Proposed Class* in *Kiss v. Flo Health, Inc., et al.,* 4:21-cv-04333-DMR

6
PLAINTIFF'S RESPONSE IN OPPOSITION TO ADMINISTRATIVE MOTION TO RELATE CASES
MDL No. 2843
CASE NO. 18-MD-02843-VC