Brenda R. Sharton (*pro hac vice forthcoming*)
DECHERT LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA  02110-2605
Telephone:  (617) 728-7100
Facsimile:  (617) 275-8374
brenda.sharton@dechert.com

Jonathan S. Tam (Bar No. 304143)
DECHERT LLP
One Bush Street, Suite 1600
San Francisco, CA  94104-4446
Telephone:  (415) 262-4518
Facsimile:  (415) 262-4555
jonathan.tam@dechert.com

Benjamin M. Sadun (Bar No. 287533)
DECHERT LLP
US Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA  90071-2032
Telephone:  (213) 808-5700
Facsimile:  (213) 808-5760
benjamin.sadun@dechert.com

*Attorneys for Flo Health, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC<br><br>***KISS* DEFENDANT FLO HEALTH INC.'S OPPOSITION TO MDL PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor |

1      Flo Health, Inc. ("Flo Health") files this opposition to the MDL Plaintiffs' administrative
2 motion to relate *Kiss v. Flo Health, Inc. et al.*, Case No. 3:21-cv-04333-JD, to the above-captioned
3 case (the "Facebook MDL").  Flo Health joins and incorporates by reference the arguments
4 Facebook makes in its opposition to the MDL Plaintiffs' motion to relate.  Flo Health files this
5 memorandum to make the additional arguments set forth below.

6      The Court should not designate *Kiss* as related to the Facebook MDL.  The cases do not
7 concern substantially the same parties, property, transaction or event.  The plaintiffs are different,
8 all but one defendant is different, and the disputes revolve around wholly unrelated allegations.
9 Moreover, removing *Kiss* from its existing consolidation with six virtually identical lawsuits and
10 placing it in the Facebook MDL—an unrelated, complex MDL that the parties have been litigating
11 for more than three years—would add unnecessary and duplicative burdens on Flo Health, the
12 Court, and the other parties involved in *Kiss* and the Facebook MDL.  Further, it would ***create***,
13 not prevent, the possibility of inconsistent rulings.

14                              **BACKGROUND**

15      Flo Health is a leader in the "fem-tech" space and plays a critical role in supporting and
16 advancing women's health in the U.S. and abroad.  Flo Health's mobile application, the Flo App,
17 provides access to information about women's reproductive health and allows its users to track
18 information related to all phases of the reproductive cycle.  Among many other features, the App
19 also serves as a forum for users to discuss health-related topics.  Launched as a start-up in 2016,
20 Flo Health has now grown to a company of some 300 employees.  The Flo App is available in
21 more than 30 countries, including in many communities where such information regarding
22 women's reproductive health is not otherwise available.  Flo Health offers much of its services
23 for free.  Starting in 2017, in recognition of Flo Health's worldwide campaign to spread awareness
24 about women's reproductive and sexual health issues, the United Nations began partnering with
25 Flo Health in furtherance of that mission.

26      Starting earlier this year, plaintiffs began filing putative class action lawsuits against Flo
27 Health regarding the same baseless allegations that it sold and/or shared information about its
28 users with third parties.  To date, plaintiffs have filed eight virtually identical lawsuits: (1) *Frasco*

*v. Flo Health, Inc.*, Case No. 21-cv-757; (2) *Wellman v. Flo Health, Inc.*, Case No. 21-cv-1099; (3) *Pietrzyk v. Flo Health, Inc.*, Case No. 21-cv-1141; (4) *Chen v. Flo Health, Inc.*, Case No. 21-cv-1485; (5) *Gamino v. Flo Health, Inc.*, Case No. 21-cv-2551; (6) *Kiss v. Flo Health, Inc.*, Case No. 21-cv-4333; (7) *Ridgway v. Flo Health, Inc.*, Case No. 21-cv-3031; and (8) and *Clements v. Flo Health, Inc.*, Case No. 21-cv-06147.  The named plaintiffs in each of these cases purport to represent the same putative class of Flo App users.  With the exception of *Clements*, these cases have been marked as "related" and assigned to Judge Donato in the U.S. District Court for the Northern District of California.[1]  Last week, Judge Donato consolidated these cases (collectively, the "Consolidated Flo Health Cases") and ordered the parties to hold a Rule 26(f) conference.  *See Frasco*, CMC Order at 1 (ECF 59).

## ARGUMENT

Civil Local Rule 3-12 provides that actions are related when (1) they "concern substantially the same parties, property, transaction or event," ***and*** (2) if conducted before different judges, "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results."  Civ. L.R. 3-12(a).  Neither factor is satisfied here, and the Court should not designate *Kiss* as "related" to the Facebook MDL.

**I.     *The Kiss Action and the Facebook MDL Do Not Share Substantially the Same Parties, Property, Transaction or Event.***

If there is any relation between the events or transactions alleged in *Kiss* and the Facebook MDL, the relationship is one of exact opposites.  As the Court is aware, the Facebook MDL was triggered in 2018 by allegations that Facebook shared personal information about its users with Cambridge Analytica, a political consulting firm.  At the heart of the MDL Plaintiffs' claims are the allegations that Facebook improperly shared data about Facebook users with third-party App Developers.  Indeed, the MDL Plaintiffs claim that Facebook allowed third-party App Developers to access the content Facebook users uploaded to Facebook through various means, chiefly

---

[1] *Clements* was filed just last week, on August 10, 2021.  Pursuant to discussions with plaintiff's counsel in *Clements*, Flo Health anticipates *Clements* to be related to *Frasco* and reassigned to Judge Donato, where it will be consolidated with *Frasco* and the Consolidated Flo Health Cases.

FLO HEALTH'S OPPOSITION TO MDL PLAINTIFFS' ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED
*IN RE FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION*, MDL NO. 2843

2

"through its use of various API technology." *See* MDL Pls.' 2d Am. Compl. ¶¶ 338-373.

Unlike the MDL Plaintiffs who claim Facebook ***shared data*** with third parties, the plaintiff in *Kiss* claims the exact opposite: that Facebook Analytics, and the other *Kiss* defendants, ***received data*** from Flo Health. *See, e.g.*, *Kiss* Compl. (attached as Ex. A to MDL Pls.' Mot. to Relate) ¶¶ 19, 20, 269, 279, 285. Even more, there are no allegations in *Kiss* that Flo Health received any user information from Facebook or other third parties. In other words, while the Facebook MDL focuses on claims that Facebook shared information about its users with third parties, *Kiss* and the Consolidated Flo Health Cases focus on allegations that information flowed in the opposite direction: from Flo Health to Facebook and others.

While *Kiss* and the Facebook MDL feature conflicting allegations, they also include different causes of action. In *Kiss*, the plaintiff asserts claims against Flo Health for common law invasion of privacy (*Kiss* Compl ¶¶ 168-183), invasion of privacy in violation of the California Constitution (*id*. ¶¶ 184-193), breach of contract based on Flo Health's Terms of Use and Privacy Policy *(id*. ¶¶ 194-203), breach of implied contract based on those same agreements (204-217), breach of the Stored Communications Act (*id*. ¶¶ 226-240), violations of California Confidentiality of Medical Information Act (*id*. ¶¶ 241-254), and violations of California Business and Professional Code §§ 17200 *et. seq.* (*id*. ¶¶ 255-266). Against the non-Flo Health defendants, the plaintiff in *Kiss* asserts claims for violations of California Business and Professional Code §§ 17200 *et. seq.* (*id*. ¶¶ 267-277), aiding and abetting violations of California Business and Professional Code §§ 17200 *et. seq.* (*id*. ¶¶ 278-283), aiding and abetting breach of common invasion of privacy (*id*. ¶¶ 284-291), violations of the Federal Wiretap Act (*id*. ¶¶ 292-306), violations of the California Invasion of Privacy Act (*id*. ¶¶ 307-313). Against all defendants, the *Kiss* plaintiff asserts causes of action for unjust enrichment (*id*. ¶¶ 218-225), and a violation of the Comprehensive Computer Data Access and Fraud Act (*id*. ¶¶ 314-325). In contrast, the MDL Plaintiffs assert 49 causes of action, including many claims based on state law that have no application to *Kiss* and the Coordinated Flo Health Cases. MDL Pls.' 2d Am. Comp. pp. 268-355.

Moreover, *Kiss* and the Facebook MDL do not share substantially the same parties. The

FLO HEALTH'S OPPOSITION TO MDL PLAINTIFFS' ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED
*IN RE FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION*, MDL NO. 2843

3

plaintiff in *Kiss* purports to represent a class of "all persons in the United States who used the Flo App between June 2016 through present." *Kiss* Compl. ¶ 155. The class definition in no way overlaps with the purported class in the MDL: "all Facebook users in the United States and in the United Kingdom whose content and information, generated when they were eighteen years of age or older, was collected by Facebook and published and/or disclosed to third parties without their authorization or consent from January 1, 2007 to the present." MDL Pls.' 2d Am. Compl. ¶ 764(A). Additionally, there is only one common defendant in *Kiss* and the Facebook MDL: Facebook. None of the other four defendants in *Kiss*—Flo Health, Google, AppsFlyer, and Flurry—are parties in the Facebook MDL.

## II. *Moving Kiss from the Consolidated Flo Health Cases to the Facebook MDL Would Unduly Burden Flo Health, the Court, and the Parties in Both Cases and Create the Possibility of Conflicting Results.*

The Consolidated Flo Health Cases are pending in the Northern District before Judge Donato, where they will remain consolidated and proceed regardless of whether *Kiss* is moved to the Facebook MDL. There would not be unduly burdensome duplication of labor and expense or any danger of conflicting results if *Kiss* and the Consolidated Flo Health Cases are conducted before Judge Donato while the Facebook MDL continues to proceed before this Court. Indeed, just the opposite would occur if the Court grants the MDL Plaintiffs' motion and designates *Kiss* as "related" to the Facebook MDL.

Moving *Kiss* from the Consolidated Flo Health Cases to the Facebook MDL would force Flo Health to defend itself on two separate fronts. Indeed, Flo Health would be forced to simultaneously defend itself from identical claims asserted by the same purported class in two different courtrooms in the Northern District. Like the *Kiss* plaintiff, the plaintiffs in the other Consolidated Flo Health Cases each seek to represent a class of all U.S. persons who used the Flo App from 2016 through present. And, as noted above, each of the Consolidated Flo Health Cases (including *Kiss*) revolves around the same core dispute: what information about its users (if any) Flo Health shared with third parties, and whether such disclosures (if any) violated the App's Terms of Use and Privacy Policy.

It would be tremendously burdensome, expensive, and prejudicial to require Flo Health to

FLO HEALTH'S OPPOSITION TO MDL PLAINTIFFS' ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED
*IN RE FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION*, MDL NO. 2843

4

1  defend itself against the same allegations from the same purported classes in two different fora.
2  For example, Flo Health would have to raise the exact same legal issues in both the Consolidated
3  Flo Health Cases and the Facebook MDL.  Flo Health would also be forced to engage in largely
4  duplicative and uncoordinated discovery in both the Consolidated Flo Health Cases and the
5  Facebook MDL.  And Flo Health would be unduly forced to spend a significant amount of
6  resources by the very nature of being thrust into a complex MDL that has been proceeding for
7  more than three years and to which it has absolutely no connection.

8  Moreover, moving *Kiss* from the Consolidated Flo Health Cases to the Facebook MDL
9  would be considerably taxing on the Northern District's judicial resources.  The parties in the
10 Consolidated Flo Health Cases will litigate the same legal, discovery, merits, and class issues
11 before Judge Donato.  If *Kiss* is removed from the Consolidated Flo Health Cases and included
12 the Facebook MDL, this Court would then be required to confront and decide those same issues.
13 This unnecessary duplicative burden placed on the federal judiciary provides no upside.  Indeed,
14 moving *Kiss* from the Consolidated Flo Health Cases to the Facebook MDL does just the opposite.
15 It needlessly creates the possibility for inconsistent rulings on each common issue that arises.

16 Lastly, moving *Kiss* from the Consolidated Flo Health Cases to the Facebook MDL would
17 be unduly burdensome for everyone already involved in the Facebook MDL.  The Facebook MDL
18 has been proceeding for more than three years.  The MDL Plaintiffs have already filed two
19 amended complaints, the Court has already addressed threshold legal issues, and the parties have
20 been painfully engaged in significant discovery before a special master.  Adding *Kiss* to the
21 Facebook MDL would create the need for an additional track, as none of the progress made in the
22 Facebook MDL to date is applicable to *Kiss*.

## CONCLUSION

24 The Court should deny the MDL Plaintiffs' administrative motion to relate *Kiss* to the
25 Facebook MDL.

FLO HEALTH'S OPPOSITION TO MDL PLAINTIFFS' ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED
*IN RE FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION*, MDL NO. 2843

5

| | | |
|---|---|---|
| 1 | Dated: August 16, 2021 | Respectfully submitted, |
| 2 | | DECHERT LLP |
| 3 | | By:  */s/ Brenda R. Sharton*  |
| 4 | | Brenda R. Sharton<br>Jonathan S. Tam<br>Benjamin M. Sadun |
| 5 | | |
| 6 | | *Attorneys for Flo Health, Inc.* |

**CERTIFICATE OF SERVICE**

I, Benjamin M. Sadun, hereby certify that on August 16, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record. In addition, the following were served via email:

Anjeza Hassan
annie.sara@yahoo.com

Pursuant to Civil Local Rule 3-12, I further caused to be served true and correct copies of the foregoing to be served via U.S. Mail and email on counsel for the parties in *Kiss v. Flo Health, Inc. et al.*, No. 3:21-cv-04333-JD:

Melanie Marilyn Blunschi
Michael H. Rubin
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
melanie.blunschi@lw.com
michael.rubin@lw.com

Serrin A. Turner
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
serrin.turner@lw.com

Lauren Margaret Blas
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
LBlas@gibsondunn.com

Christina Stella Cernak
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
SCernak@gibsondunn.com

FLO HEALTH'S OPPOSITION TO MDL PLAINTIFFS' ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED
IN RE FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, MDL NO. 2843

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ashley Marie Rogers
Cassandra Lee Gaedt-Sheckter
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94040
cgaedt@gibsondunn.com
arogers@gibsondunn.com

Samuel Danon
John Delionado
HUNTON ANDREWS KURTH LLP
333 SE 2nd Avenue, Suite 2400
Miami, FL 33131
sdanon@huntonak.com
jdelionado@huntonak.com

Jason Jonathan Kim
Ann Marie Mortimer
HUNTON ANDREWS KURTH LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071-2627
kimj@huntonAK.com
amortimer@HuntonAK.com

Simona Alessandra Agnolucci
Benedict Y. Hur
Tiffany M Lin
Eduardo E. Santacana
WILLKIE FARR & GALLAGHER LLP
One Front Street, 34th Floor
San Francisco, CA 94111
sagnolucci@willkie.com
bhur@willkie.com
tlin@willkie.com
esantacana@willkie.com

Frank H. Busch
James Matthew Wagstaffe
WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP
100 Pine Street, Suite 2250
San Francisco, CA 94111
busch@wvbrlaw.com
wagstaffe@wvbrlaw.com

FLO HEALTH'S OPPOSITION TO MDL PLAINTIFFS' ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED

*IN RE FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION*, MDL NO. 2843

8

Michael P. Canty
Carol C. Villegas
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
mcanty@labaton.com
cvillegas@labaton.com

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Benjamin M. Sadun*
Benjamin M. Sadun

FLO HEALTH'S OPPOSITION TO MDL PLAINTIFFS' ADMINISTRATIVE MOTION
TO CONSIDER WHETHER CASES SHOULD BE RELATED
IN RE FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, MDL NO. 2843

9