GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | MDL NO. 2843<br>CASE NO. 3:18-MD-02843-VC<br><br>**DEFENDANT FACEBOOK, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO RELATE CASES**<br><br>Judge: Hons. Vince Chhabria and Jacqueline Scott Corley<br>Courtroom 4, 17th Floor |

**INTRODUCTION**

Facebook opposes Plaintiffs' improper motion to relate *Kiss v. Flo Health, Inc. et al.*, No. 3:21-cv-04333-JD ("*Kiss*") to this MDL.  In addressing Plaintiffs' 1442-paragraph complaint, the Court observed:  "It seems the plaintiffs sought to identify anything Facebook has ever been reported to have done wrong"; "the presence of so many disparate and vague allegations makes it nearly impossible for Facebook to meaningfully respond . . . much less for the Court to effectively address them."  Dkt. 298 5-6.  To avoid "bogging the case down at the pleading stage for years," the Court made clear that this MDL would proceed only on "what the Court underst[ood] to be the plaintiffs' core allegations about **Facebook's** handling of sensitive user information," and it identified four theories of potential liability "relating to allegations that **Facebook** shared user data with certain partners without sufficient user consent."  *Id*. at 6 (emphasis added).  Even the four theories the Court allowed to move forward have proven difficult for the parties and the Court to manage, requiring the assistance of Magistrate Judge Corley, multiple mediators, and a special master merely to manage discovery.  Now, two years after this Court defined the clear boundaries of this litigation, Plaintiffs attempt to expand its scope significantly by abusing a motion to relate in an effort to cannibalize a case that has nothing do with this MDL.  *Kiss* does not satisfy any of the mandatory criteria in Local Rule 3-12, and there is no valid or sensible reason to relate these distinct and separate matters.

1.  *Kiss* and the MDL do not "concern substantially the same parties, property, transaction or event."  L.R. 3-12(a).  Facebook, the sole common defendant across the cases, is the *only* live defendant in the MDL.  *Kiss* identifies five defendants, and the primary defendant is Flo Health, a women's health app.  Facebook is just one of four add-on "Analytics Defendants."  The putative MDL class consists of *Facebook users*; the putative class in *Kiss* consists *of Flo Health users* who may or may not have used Facebook.  The allegations in the MDL concern *Facebook's* alleged sharing of Facebook user data with third parties; the allegations in *Kiss* primarily concern *Flo Health's* alleged sharing of Flo App users' data with third parties.

2.  Relating these cases at this stage would cause, not prevent, a duplicative and unnecessary expenditure of resources.  The parties have been actively litigating this MDL for more than three years, and the docket is 723 entries long.  Dispositive motions have been litigated, multiple complaints have

been filed, discovery has been ongoing for nearly two years, the parties are actively working with two discovery mediators, and mediation will occur in October.  In contrast, the *Kiss* case is at the pleading stage, and motions to dismiss have not yet been filed.  The relation of *Kiss* to the MDL would serve only to upend the progress the parties and Court have made in the MDL by adding new parties, issues, arguments, and counsel from a case at the pleadings stage.  Relating *Kiss* would also *create* (rather than reduce) the risk of conflicting decisions.  While *Kiss* has virtually nothing to do with this MDL, it overlaps significantly with and has already been related by Judge Donato to **six other matters** (and a seventh has been filed) against Flo Health only that are not part of Plaintiffs' motion.  Those cases have been effectively consolidated, at least for discovery, yet the MDL Plaintiffs do not contend that the cases share anything in common with the MDL that would justify their relation or bifurcation from *Kiss*.  Bifurcating *Kiss* from its sister actions risks significant inefficiencies and inconsistent decisions.[1]

## BACKGROUND

**1.      The MDL Concerns *Facebook's* Alleged Sharing of *Facebook's* Users' Data**

In June 2018, the Judicial Panel on Multidistrict Litigation consolidated in the MDL dozens of consumer actions filed against Facebook in the wake of the Cambridge Analytica events.  *See* Dkt. 1. The JPML did not, as Plaintiffs suggest, create an MDL to conduct an investigation into every single practice Facebook has engaged in over the last decade.  The JPML consolidated actions "shar[e] factual issues arising out of allegations that Cambridge Analytica and other defendants exploited Facebook's platform to obtain [Facebook] user data, and that Facebook should have imposed more robust controls on the use of [its users'] data by third party applications to prevent this conduct."  *Id.*

The Court reiterated this in resolving Facebook's Motion to Dismiss Plaintiffs' 1,442-paragraph First Amended Consolidated Complaint.  This Court explained that the MDL had been spawned "from the Cambridge Analytica scandal" and concerned "Facebook's [alleged] practice of sharing *its users'* personal information with third parties."  Dkt. 298 at 1 (emphasis added).  This Court rejected Plaintiffs' pleading to the extent it waged a wholesale attack on Facebook's business, observing that "the presence of so many disparate and vague allegations makes it nearly impossible for Facebook to meaningfully respond to all of them, much less for the Court to effectively address them."  *Id*. at 5-6.

---

[1] Facebook's counsel has conferred with counsel in *Kiss* for Facebook, Flo Health, and Flurry, and they join in opposing the motion to relate.  *See* Decl. of A. Rogers ISO of Facebook's Opp., ¶ 2.

To streamline this case, the Court dismissed certain claims and allowed the case to proceed only with respect to the following four theories of potential liability regarding "Facebook's handling of sensitive user information," which the Court described as "substantive and revealing content that users [provided Facebook and] intended only for a limited audience" like their Facebook friends.  *Id.* at 1.

**Friend Sharing**:  From approximately 2009-2015, "when users accessed apps on . . . Facebook . . . the app developers were not merely able to obtain information about the [Facebook] users they were interacting with; [but] were also able to obtain any information about the users' Facebook friends."  *Id.* at 6-7.

**Whitelisting:**  After allegedly announcing it had ended friend sharing, Facebook "continued to allow a preferred list of app developers to access the information of users' friends."  *Id.* at 7-8.

**Business Partner Sharing**: "Facebook [allegedly] outsourced to business partners 'the time, labor, and money required to build Facebook's Platform on different devices and operating systems.'"  *Id.* at 8.  "The non-exclusive list of companies that the complaint identifies as business partners . . . came from Facebook itself, which asserted that it had 'integration partnerships' with these companies in a letter to the Energy and Commerce Committee of the U.S. House of Representatives."  *Id.*

**Enforcement:**  "In addition to complaining about Facebook's dissemination of private user information to [third parties], the plaintiffs allege that Facebook did nothing to prevent these third parties from misusing the information Facebook allowed them to access."  *Id.* at 9.

### 2.   *Kiss* Concerns *Flo Health's* Alleged Sharing of *Flo Health's* Users' Data

Three years after the MDL was formed, in June 2021, Plaintiff Madeline Kiss filed a putative class action on behalf of herself and other Flo Health users.  Dkt. 723-3 (*Kiss* Compl.).  Like six other related cases filed solely against Flo Health, *Kiss* alleges that Flo App users provided "information to Flo Health based on the company's [misleading] assurances that their intimate health data would remain protected and confidential."  *Id.* ¶¶ 9, 14, 93–94.  Unlike the other cases Judge Donato related to *Kiss*, the *Kiss* action names Facebook, Google, AppsFlyer, and Flurry as co-defendants and asserts a handful of derivative claims against them arising from Flo Health's alleged actions.  Specifically, Kiss alleges Flo Health disclosed its users' sensitive data to these defendants through "software development kits" ("SDKs") when it created certain "Custom App Events," and contends these defendants are liable

Gibson, Dunn &
Crutcher LLP

1    for these purported disclosures.  *E.g.*, ¶¶ 278–83 (aiding and abetting violations), ¶¶ 284–91 (same).

2    Facebook will move to dismiss, as there is no potential liability for the Company on such allegations.

3                                                      **ARGUMENT**

4              Plaintiffs' motion must show both that "(1) [t]he actions concern substantially the same parties,

5    property, transaction or event; and (2) [i]t appears likely that there will be an unduly burdensome du-

6    plication of labor and expense or conflicting results if the cases are conducted before different Judges."

7    L.R. 3-12(a).  The MDL Plaintiffs have come nowhere near meeting either of these requirements.

8    **A.       The MDL and *Kiss* Involve Substantially Different Parties, Transactions, and Events**

9              The MDL and *Kiss* are not related because they do not "concern *substantially* the same parties,

10   property, transaction, or events."  The MDL was brought in mid-2018, in response to the Cambridge

11   Analytica events.  It was brought by *Facebook users* against *Facebook,* and it alleges that *Facebook*

12   engaged in four specific data-sharing practices without consent.  *Kiss* was brought three years later by

13   a *Flo Health app user* against *Flo Health*, alleging Flo Health improperly shared its users' data with

14   third parties, including the providers of various SDKs—Facebook, Google, Flurry, and AppsFlyer.  The

15   *Kiss* action has been related to six other actions solely involving Flo Health.

16             Plaintiffs try to gloss over these differences by pointing to a few paragraphs in their 1,442 par-

17   agraph complaint that happen to mention Flo Health.  As the Court admonished previously, Plaintiffs'

18   kitchen-sink pleading is filled with "disparate and vague allegations" (Dkt. 298 at 6), and these passing

19   references are woefully insufficient to justify relating this case.  *Adobe Sys. Inc. v. A&S Electronics*,

20   2016 WL 9105173 at *3 (N.D. Cal. 2016) (cases not related that "generally involve[d]" *a* similar legal

21   issue but involved differing facts and legal issues).  The MDL and *Kiss* actions also involve different

22   parties.  The MDL does not involve Flo Health, Google, Flurry, or AppsFlyer—all of whom are de-

23   fendants in *Kiss*.  And the MDL seeks to certify a putative class of "*Facebook* users," while Kiss is

24   brought by "*Flo App*" users.  *Compare* Dkt. 491 ¶ 764 *with* Dkt. 723-3 (*Kiss* Compl.) ¶ 155.

25             Plaintiffs also argue that *Kiss* should be related because the cases involve a handful of overlap-

26   ping causes of action.  The mere fact that two consumer protection actions involving data-sharing in-

27   volve a few of the same legal claims says nothing about whether they arise from the same underlying

28   "events and transactions."  These cases do not.  The MDL is about "Facebook's [alleged] practice of

1  sharing *its users'* personal information with third parties," Dkt. 298 at 1, through "friend sharing,"

2  "whitelisting," and certain "business partner" relationships, and Facebook's alleged failure to enforce

3  how third parties used Facebook user data.  *See supra* at 2-3.  These theories have nothing to do with

4  Plaintiff Kiss's claims about Flo Health's data-sharing practices with third parties.

5  **B.    Relating the MDL and *Kiss* Would Cause Duplication of Labor and Conflicting Results**

6          The MDL Plaintiffs state without support that "relation is proper here to prevent 'unduly bur-

7  densome duplication of labor and expense or conflicting results.'"  Mot. at 4.[2]  But, relating the MDL

8  and *Kiss* would amplify—not reduce—duplication of labor and expenses and the potential for conflict-

9  ing results by forcing coordination of discovery in cases having nothing to do with one another.  In

10  addition to their factual and legal differences, the MDL and *Kiss* are at completely different stages of

11  litigation.  The MDL was formed over three years ago, has been heavily litigated, is deep in discovery,

12  and will be mediated in October.  By contrast, counsel in the *Kiss* action were recently ordered to file

13  a consolidated amended complaint, Facebook has not even participated in a Rule 26(f) meet-and-con-

14  fer, and Facebook expects the claims against it will soon be dismissed at the pleadings stage.

15          Merging the MDL and *Kiss* in these incompatible postures would serve only to inject more

16  chaos into the MDL.  *See Hodges v. Akeena Solar, Inc.*, 2010 WL 2756536, at *1 (N.D. Cal. July 9,

17  2010) (denying relation where "although the two actions concern substantially the same transaction

18  and events, the . . . procedural postures are different"); *Carlyle*, 2008 WL 4717467, at *1 (same).  Dis-

19  covery in the MDL has proven extremely difficult to move forward and has required the assistance of

20  Magistrate Judge Corley, a special master, and multiple mediators.  Bringing a host of unrelated claims

21  and parties into the case would inject additional disorder and make it impossible for the MDL to move

22  forward on the schedule the Court recently ordered.  Dkt. 706.  It would also risk conflicting rulings,

23  given that the MDL Plaintiffs have not moved to relate the six other actions related to Flo Health's

24  data-sharing practices, which remain pending before Judge Donato.

**CONCLUSION**

25

26          This Court should deny MDL Plaintiffs' administrative motion to relate *Kiss* to this action.

27  _____

28  [2] Making such a recitation without support is reason enough to deny their motion.  *See, e.g.*, *Carlyle Fortran Tr. v. NVIDIA Corp.*, 2008 WL 4717467, at *1 (N.D. Cal. Oct. 24, 2008) (refusing to relate cases absent showing of "the possibilities of duplicative labor or of conflicting results").

Gibson, Dunn & Crutcher LLP

1  DATE:  August 16, 2021               Respectfully submitted,

2                                        **GIBSON, DUNN & CRUTCHER, LLP**

3                                        By: */s/ Orin Snyder*
                                         Orin Snyder (*pro hac vice*)
4                                        osnyder@gibsondunn.com
                                         GIBSON, DUNN & CRUTCHER LLP
5                                        200 Park Avenue
                                         New York, NY 10166-0193
6                                        Telephone:  212.351.4000
                                         Facsimile:  212.351.4035
7
                                         Deborah Stein (SBN 224570)
8                                        dstein@gibsondunn.com
                                         GIBSON, DUNN & CRUTCHER LLP
9                                        333 South Grand Avenue
                                         Los Angeles, CA 90071-3197
10                                       Telephone:  213.229.7000
                                         Facsimile:  213.229.7520
11
                                         Joshua S. Lipshutz (SBN 242557)
12                                       jlipshutz@gibsondunn.com
                                         GIBSON, DUNN & CRUTCHER LLP
13                                       1050 Connecticut Avenue, N.W.
                                         Washington, DC 20036-5306
14                                       Telephone:  202.955.8500
                                         Facsimile:  202.467.0539
15
                                         Kristin A. Linsley (SBN 154148)
16                                       klinsley@gibsondunn.com
                                         Martie Kutscher (SBN 302650)
17                                       mkutscherclark@gibsondunn.com
                                         GIBSON, DUNN & CRUTCHER LLP
18                                       555 Mission Street, Suite 3000
                                         San Francisco, CA 94105-0921
19                                       Telephone:  415.393.8200
                                         Facsimile:  415.393.8306
20
                                         *Attorneys for Defendant Facebook, Inc.*
21

22

23

24

25

26

27

28

DEFENDANT FACEBOOK, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO RELATE CASES
Case No. 3:18-MD-02843-VC

# CERTIFICATE OF SERVICE

I, Orin Snyder, hereby certify that on August 16, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

Pursuant to Civil Local Rule 3-12, I further caused true and correct copies of the foregoing to be served via U.S. Mail and email on counsel for the parties in *Kiss v. Flo Health, Inc. et al.*, No. 3:21-cv-04333-JD:

Melanie Marilyn Blunschi
Michael H. Rubin
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
melanie.blunschi@lw.com
michael.rubin@lw.com

Serrin A. Turner
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
serrin.turner@lw.com

Lauren Margaret Blas
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071
LBlas@gibsondunn.com

Christina Stella Cernak
Gibson Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
SCernak@gibsondunn.com

Ashley Marie Rogers
Cassandra Lee Gaedt-Sheckter
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA 94040
cgaedt@gibsondunn.com
arogers@gibsondunn.com

1
2
3
4

Benjamin Sadun
Dechert LLP
U.S. Bank Tower
633 West 5th Street, Suite 4900
Los Angeles, CA 90071-2032
benjamin.sadun@dechert.com

5
6
7
8

Brenda R. Sharton
Dechert LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110-2605
brenda.sharton@dechert.com

9
10
11
12

Jonathan S. Tam
Dechert LLP
One Bush Street, Suite 1600
San Francisco, CA 94104-4446
jonathan.tam@dechert.com

13
14
15
16

Samuel Danon
John Delionado
Hunton Andrews Kurth LLP
333 SE 2nd Avenue, Suite 2400
Miami, FL 33131
sdanon@huntonak.com
jdelionado@huntonak.com

17
18
19
20
21

Jason Jonathan Kim
Ann Marie Mortimer
Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071-2627
kimj@huntonAK.com
amortimer@HuntonAK.com

22
23
24
25
26
27
28

Simona Alessandra Agnolucci
Benedict Y. Hur
Tiffany M Lin
Eduardo E. Santacana
Willkie Farr & Gallagher LLP
One Front Street, 34th Floor
San Francisco, CA 94111
sagnolucci@willkie.com
bhur@willkie.com
tlin@willkie.com
esantacana@willkie.com

Frank H. Busch
James Matthew Wagstaffe
Wagstaffe, Von Loewenfeldt, Busch & Radwick LLP
100 Pine Street, Suite 2250
San Francisco, CA 94111
busch@wvbrlaw.com
wagstaffe@wvbrlaw.com

Michael P. Canty
Carol C. Villegas
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
mcanty@labaton.com
cvillegas@labaton.com

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Orin Snyder*
Orin Snyder (*pro hac vice*)

DEFENDANT FACEBOOK, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO RELATE CASES
Case No. 3:18-MD-02843-VC