GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK'S ADMINISTRATIVE MOTION TO STRIKE PLAINTIFFS' AUGUST 9, 2021 RESPONSE TO THE DECLARATION OF ALEXANDER H. SOUTHWELL** |

Gibson, Dunn & Crutcher LLP

FACEBOOK'S ADMINISTRATIVE MOTION TO STRIKE PLAINTIFFS' RESPONSE TO THE DECLARATION OF ALEXANDER H. SOUTHWELL
CASE NO. 3:18-MD-02843-VC

Facebook submits this Administrative Motion to Strike Plaintiffs' Response To the August 2, 2021 Declaration of Alexander H. Southwell. Dkt. 721. Plaintiffs' eight-page brief regarding Facebook's App Developer Investigation ("ADI") ignores the Court's instruction that Plaintiffs would be permitted to "respond" to Mr. Southwell's declaration but would not be permitted to file a brief. Dkt. 711. Plaintiffs' Response violates the Court's clear instructions and should be stricken.

If the Court is not inclined to strike Plaintiffs' filing, Facebook respectfully requests an opportunity to file a targeted response. Plaintiffs' brief was not only unauthorized—the legal discussion is wrong and in direct conflict with the Court's prior guidance and the weight of authority regarding how the attorney-client privilege and work-product protection should apply to Facebook's App Developer Investigation. As the party bearing the burden of proof with respect to its privilege assertion, Facebook should have an opportunity to respond to Plaintiffs' legal arguments.

**A.     Plaintiffs' Response Violates The Court's Instructions And Should Be Stricken.**

Plaintiffs' filing should be stricken because it violates the Court's instructions. In the Parties' July 2, 2021 Letter Brief Regarding ADI Privilege Dispute, Facebook requested an opportunity to submit further briefing regarding why ADI was a privileged legal investigation. Dkt. 699 at 4. The Court denied that request, instructing that "[n]o further briefing is required." Dkt. 711 at 3. Instead, the Court allowed Facebook to "submit a further declaration with supporting exhibits in support of its assertion that these investigatory materials are privileged from discovery." *Id*. The Court stated Plaintiffs may "respond *to the declaration*," but that "[n]o further briefing is required." *Id*.

Facebook limited its filing, as the Court ordered, to a declaration from Alexander H. Southwell. Dkt. 721. Facebook further complied with Local Rule 7-5(b), which strictly limits the contents of declarations to facts and does not permit legal arguments or conclusions.

Plaintiffs, on the other hand, ignored the Court's instructions and filed an eight-page brief. Unlike Facebook, Plaintiffs misused their brief to advance legal arguments, case law, and purported facts that go far beyond responding to Mr. Southwell's Declaration to support their argument that the ADI materials they seek are not privileged on a categorical basis. Because the Court expressly ordered the parties *not* to file legal briefs, Facebook requests that the Court strike Plaintiffs' unauthorized filing, or—at minimum—strike all legal arguments.

1

FACEBOOK'S ADMINISTRATIVE MOTION TO STRIKE PLAINTIFFS' RESPONSE TO THE DECLARATION OF ALEXANDER H. SOUTHWELL
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

### B. Alternatively, Facebook Requests An Opportunity to Respond.

If the Court is not inclined to strike Plaintiffs' filing, Facebook respectfully requests an opportunity to file a response. As the party bearing the burden with respect to privilege, Facebook is entitled to an opportunity to address arguments raised by Plaintiffs and to create the full and complete record needed to resolve the parties' privilege dispute. *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) ("If a party raises a new argument or presents new evidence in a [responsive filing], a court may consider these matters only if the adverse party is given an opportunity to respond."); *Mendez-Arriola v. White Wilson Med. Ctr. PA*, 2010 WL 3385356, at *9 (N.D. Fla. Aug. 25, 2010) ("[O]n any motion, one party is always going to have the last word, . . . [where] defendants have the burden . . . it makes sense they would be permitted to file a brief reply.").

Facebook continues to believe and contend that ADI was not a "dual-purpose" investigation. But, if the Court finds the investigation served both a legal and a non-legal purpose, such a finding would not—as Plaintiffs argue—support a categorical ruling that ADI materials are discoverable. When materials serve a dual purpose, courts in the Ninth Circuit consistently apply the "because of" test to determine whether specific documents are entitled to work product protection and the "primary purpose" test to determine whether they are protected by the attorney-client privilege. *See Phoenix Techs. Ltd. v. VMware, Inc.*, 195 F. Supp. 3d 1096, 1102 (N.D. Cal. 2016) (describing "because of" test); *Dolby Lab'ys Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 873 (N.D. Cal. 2019) (describing "primary purpose" test). Neither test allows for a categorical ruling, as Plaintiffs argue, that materials from a dual-purpose investigation are discoverable. *See infra* 4–5.

Plaintiffs have now briefed this issue twice and Facebook has had no opportunity to respond. Earlier this year, the Court ordered the parties to submit simultaneous briefs regarding 20 ADI documents of Plaintiffs' choosing. Jan. 15, 2021 Hr'g Tr. at 4:15–11:19; *id.* at 12:13–15. In arguing that the 20 documents were privileged and subject to the work-product protection, Facebook demonstrated that ADI was a legal investigation designed to allow counsel to advise Facebook on its legal and regulatory risks in current and anticipated litigation. Dkt. 613. In their simultaneous filing, Plaintiffs used less than one paragraph to address the 20 documents the Court ordered the parties to brief. Dkt. 611 at 8–9. Plaintiffs used their brief to wage a wholesale assault on Facebook's privilege

Gibson, Dunn & Crutcher LLP

FACEBOOK'S ADMINISTRATIVE MOTION TO STRIKE PLAINTIFFS' RESPONSE TO THE DECLARATION OF ALEXANDER H. SOUTHWELL
CASE NO. 3:18-MD-02843-VC

claims. Plaintiffs argued ADI materials are not privileged because the investigation served a business purpose, Facebook waived privilege, and Plaintiffs had shown a "substantial need" for fact work-product. *Id.* at 11, 13, 19. Facebook had no opportunity to respond to these arguments on the merits.

Following this briefing, the Court expressed its preliminary view that "underlying facts" from ADI would be discoverable, Dkt. 711, but that Facebook may withhold documents that are "(a) attorney-client privilege[d]; or (b) attorney work product." Apr. 6, 2021 Hr'g Tr. at 16:22–25. The Court explained, "[f]or example, if Gibson Dunn made edits to requests for information or those kinds of things, that's classic work product that's not going to be discoverable. Any advice that was given is not going to be discoverable." *Id.* at 17:1–3. The Court also expressed concern that any ruling on the 20 documents the parties briefed could not resolve the parties' broader privilege dispute and the parties would be back before the Court on "every single document." *Id.* at 17:15–21.

After Plaintiffs amended their request for ADI materials (Apr. 6, 2021 Hr'g Tr. at 18:1–15; Dkt. 699 at 2), the Court allowed Facebook to submit a declaration regarding the materials Plaintiffs now seek, but without an accompanying brief arguing how the law applies to those facts. Dkt. 711 at 3. In response, Plaintiffs filed a legal brief, arguing Facebook must produce large swaths of ADI materials under the "primary purpose" test. Dkt. 721 at 3–4, 6. Again, Facebook had no opportunity to respond. This is particularly concerning because Plaintiffs argued Facebook failed to satisfy its burden by not presenting legal arguments and conclusions that Rule 7-5(b) does not allow in a declaration. Dkt. 721 at 1, 3–4 ("The . . . Declaration fails to carry [the] burden [of establishing privilege], both generally and with respect to each category of document that it discusses.").

ADI was unprecedented in size and scope. The Investigation was designed and led, at all stages, by attorneys. It spanned years and involved millions of apps. Facebook invested enormous resources into the ADI and went to great lengths to keep ADI and its investigatory materials confidential. Facebook also litigated its claim of privilege on a full record to the highest court of Massachusetts, which held: "[A]ny confidential communications relating to ADI among Facebook, Gibson Dunn, and other members of the ADI team would almost certainly be privileged" and "Facebook has established that the ADI was initiated . . . in anticipation of litigation." *Attorney General v. Facebook, Inc.*, 2021 WL 1115030, at *10, 13 (Mass. Mar. 24, 2021), Dkt. 647. Plaintiffs

3

Facebook's Administrative Motion To Strike Plaintiffs' Response To The Declaration Of Alexander H. Southwell
Case No. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

now ask the Court to radically depart from that ruling, ignore the Court's own guidance, and disregard the weight of authority regarding how the attorney-client privilege and work-product doctrines apply to legal investigations—all without giving Facebook an opportunity to respond.

If the Court is inclined to consider Plaintiffs' legal arguments, Facebook—the party with the burden of proof—respectfully requests permission to file a responsive brief, to address two legal issues, in the context of the facts it provided in the Southwell declaration. *See Banga*, 29 F. Supp. at 1276 (the party with the burden of proof may respond to new arguments raised in a responsive filing.)

**1. Plaintiffs misstate the "primary purpose" test.** Plaintiffs argue investigatory materials are not privileged unless "*the* primary purpose" of an investigation was to provide legal advice. Dkt. 721 at 4 (emphasis added). This is not the standard courts apply. If the Court finds that ADI served a dual purpose, the "primary purpose" test would require only a showing that legal advice was "*a*" primary purpose or "*one of the significant purposes* of [each] attorney-client communication" at issue.[1] And, as discussed below, the test applies to documents—not to investigations.

**2. The categorical ruling Plaintiffs seek would be legal error and conflicts with the Court's prior guidance.** Neither the "primary purpose" test for attorney-client communications nor the "because of" test for attorney work product allows a categorical ruling that materials from a dual-purpose investigation are discoverable. Rather, controlling authority makes clear that both tests

---

[1] *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 759–60 (D.C. Cir. 2014) (emphasis added); *see also Todd v. STAAR Surgical Co.*, 2015 WL 13388227, at *10 (C.D. Cal. Aug. 21, 2015) (conclusions reached by consultant retained by law firm were protected work product because work, while "related to routine business matters, was being channeled through [the law firm] so that it could provide legal advice . . . in anticipation of litigation"); *In re Gen. Motors LLC Ignition Switch Litig.*, 80 F. Supp. 3d 521, 530 (S.D.N.Y. 2015) (documents underlying investigation created by outside law firm were privileged and work product because "an attorney-client privilege that fails to account for the multiple and often-overlapping purposes of internal investigations would threaten to limit the valuable efforts of corporate counsel to ensure their client's compliance with the law"); *Pearson v. Ariz.*, 2020 WL 5544373, at *3 (D. Ariz. Sept. 16, 2020) (investigation report was protected work product despite the defendant's concession that "it would have investigated the incident underlying this case regardless of whether litigation was anticipated"); *Pitkin v. Corizon Health, Inc.*, 2017 WL 6496565, at *4 (D. Or. Dec. 18, 2017) (holding investigation report and supporting documents were privileged, even though the investigation was required under corporate policies and contracts, because "at least one primary purpose of the investigation was to assess the situation from a legal perspective, provide legal guidance, and prepare for possible litigation and/or administrative proceedings"); *United States ex rel. Wollman v. Mass. Gen. Hosp., Inc.*, 475 F. Supp. 3d 45, 65 (D. Mass. 2020) (holding, after *in camera* review, that investigation report prepared by law firm was attorney-client privileged); *Smith-Brown v. Ulta Beauty, Inc.*, 2019 WL 2644243, at *3 (N.D. Ill. June 27, 2019) (finding internal investigation documents privileged, but only after *in camera* review of each document)

4

FACEBOOK'S ADMINISTRATIVE MOTION TO STRIKE PLAINTIFFS' RESPONSE TO THE DECLARATION OF ALEXANDER H. SOUTHWELL
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

require a fact-intensive analysis of whether specific documents served a legal purpose.[2]  This requires either a document-by-document inquiry, *id.*, or a sampling of the relevant types of documents to determine which types of materials served a legal purpose.[3]

This standard is, of course, consistent with the Court's prior guidance that certain facts underlying ADI may be discoverable but that core attorney-client communications and work-product materials would not be discoverable.  *See supra* 3.  It is also consistent with the Court's view that it would not be able to fully resolve the parties' dispute based on the 20 documents Plaintiffs cherrypicked for the Court to review previously.  *See supra* 3.  As the Court recognized, none of the "background and technical investigations" from the "Enhanced Examination phase" or "Facebook conducted audits and interviews" from the "Enforcement phase" that Plaintiffs now seek "were part of the *in camera* review the Court earlier conducted." Dkt. 711 at 2–3.  The sweeping materials Plaintiffs seek would amount to hundreds of thousands, if not millions, of communications and documents.  If the Court rejects Facebook's arguments and concludes certain ADI materials may have served a dual purpose, such a ruling would not support the categorical ruling Plaintiffs seek.  The next step would be for Facebook to analyze those materials under the "primary purpose" and "because of" tests and identify any categories of materials it intends to withhold under those tests and the Court's guidance.  Special Master Garrie is well situated to address and resolve any outstanding disputes and conduct any further necessary *in camera* review.

Facebook respectfully requests that the Court strike Plaintiffs' brief or allow it to respond.

---

[2]  *See, e.g., In re High-Tech Emp. Antitrust Litig.*, 2013 WL 772668, at *8 (N.D. Cal. Feb. 28, 2013) (finding sample 17 documents reviewed *in camera*—out of 166 total documents—privileged, but declining to rule on remaining withheld documents); *Fosbre v. Las Vegas Sands Corp.*, 2016 WL 183476, at *7–10 (D. Nev. Jan. 14, 2016) (granting *in camera* review of sample of 190 documents, noting that privilege of a dual-purpose document "can only be determined by evaluating the communication itself").  Plaintiffs have not offered a single example of a court making a wide-ranging privilege ruling without analyzing the documents at issue, and Facebook is aware of none.  In fact, Plaintiffs' cases illustrate the need for representative documents to be before the Court when assessing privilege.  *See, e.g., SanDisk Corp. v. Round Rock Rsch. LLC*, 2014 WL 691565, at *2–*4 (N.D. Cal. Feb. 21, 2014) (Corley, J.) (document-by-document decision on attorney-client privilege and work product after *in camera* review of disputed documents); *MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2013 WL 5594474, at *1 (N.D. Cal. Oct. 10, 2013) (Corley, J.) (ordering *in camera* review of disputed documents because "the Court could not evaluate the privilege claim without reviewing the documents *in camera*").

[3]  *Dolby Lab'ys. Licensing Corp.*, 402 F. Supp. 3d at 868–76 (in challenge of over 4,000 privileged documents, court reviewed a sample *in camera* and appointed special master to decide future privilege disputes); *In re Lidoderm Antitrust Litig.*, 2016 WL 861019, at *7 (N.D. Cal. Mar. 7, 2016) (analyzing sample documents *in camera* "to provide guidance [on] . . . ongoing assertions of privilege").

5

FACEBOOK'S ADMINISTRATIVE MOTION TO STRIKE PLAINTIFFS' RESPONSE TO THE DECLARATION OF ALEXANDER H. SOUTHWELL
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

| | | |
|---|---|---|
| 1 | Dated: August 17, 2021 | **GIBSON, DUNN & CRUTCHER, LLP** |
| 2 | | By: /s/ *Orin Snyder* |
| | | Orin Snyder (*pro hac vice*) |
| 3 | | osnyder@gibsondunn.com |
| | | 200 Park Avenue |
| 4 | | New York, NY 10166-0193 |
| | | Telephone: 212.351.4000 |
| 5 | | Facsimile: 212.351.4035 |
| 6 | | Deborah Stein (SBN 224570) |
| | | dstein@gibsondunn.com |
| 7 | | 333 South Grand Avenue |
| | | Los Angeles, CA 90071-3197 |
| 8 | | Telephone: 213.229.7000 |
| | | Facsimile: 213.229.7520 |
| 10 | | Joshua S. Lipshutz (SBN 242557) |
| | | jlipshutz@gibsondunn.com |
| | | 1050 Connecticut Avenue, N.W. |
| 11 | | Washington, DC 20036-5306 |
| | | Telephone: 202.955.8500 |
| 12 | | Facsimile: 202.467.0539 |
| 13 | | Kristin A. Linsley (SBN 154148) |
| | | klinsley@gibsondunn.com |
| 14 | | Martie Kutscher (SBN 302650) |
| | | mkutscherclark@gibsondunn.com |
| 15 | | 555 Mission Street, Suite 3000 |
| | | San Francisco, CA 94105-0921 |
| 16 | | Telephone: 415.393.8200 |
| | | Facsimile: 415.393.8306 |
| 18 | | *Attorneys for Defendant Facebook, Inc.* |

6

FACEBOOK'S ADMINISTRATIVE MOTION TO STRIKE PLAINTIFFS' RESPONSE TO THE DECLARATION OF ALEXANDER H. SOUTHWELL
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP