# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC-JSC<br><br>**STIPULATION AND [PROPOSED] SUPPLEMENTAL ORDER PURSUANT TO FED. R. CIV. P. 53 APPOINTING SPECIAL MASTER** |

By and through their undersigned counsel, the parties hereby state as follows:

1. Whereas, on July 20, 2021, the Court issued an Order appointing Daniel Garrie of JAMS as a special discovery master in this case. Dkt. No. 708 ("Special Master Order").

2. Whereas, the appointment of a special master pursuant to Fed. R. Civ. P. 53 "must state" certain facts regarding the appointment. Fed. R. Civ. P. 53(b)(2).

3. Whereas, the appointment of a special master is contingent on the filing of a declaration by the special master disclosing whether there is any ground for disqualification under 28 U.S.C. § 455.

4. Whereas, the parties have consulted with Mr. Garrie and each other regarding a supplemental special-master order and process that serves the needs of the case. *See* Fed. R. Civ. P. 53(b)(4).

**THE PARTIES THEREFORE STIPULATE AND AGREE AS FOLLOWS:**

1. The parties consent to the appointment of Daniel Garrie of JAMS as the special discovery master to assist the Court in the resolution of discovery disputes. Pursuant to Fed. R. Civ. P. 53(b)(1), the parties acknowledge that the Court gave notice and the opportunity to be heard regarding its intent to appoint Mr. Garrie as a special discovery master.

2. Pursuant to Fed. R. Civ. P. 53(b)(2)(A), the parties agree that: (A) the Special Master Order describes Mr. Garrie's scope of authority as special discovery master; and (B) Mr. Garrie shall continue in his capacity as a discovery mediator, along with the Honorable Gail Andler.

3. Pursuant to Fed. R. Civ. P. 53(b)(2)(A), the parties agree that in his capacity as special discovery master, Mr. Garrie will have the authority to establish procedures for mediating, reaching impasse on, and the briefing and presentation of discovery disputes to him in

his capacity as special discovery master.  The parties agree that they will comply with all procedures Mr. Garrie establishes in his capacity as special discovery master.  The parties agree that they will not raise discovery disputes to the Court other than through the procedures Mr. Garrie establishes in his capacity as special discovery master.

4. Pursuant to Fed. R. Civ. P. 53(b)(2)(B), the parties agree that Mr. Garrie may (A) confer with the Court (Judge Chhabria and/or Judge Corley) *ex parte* subject to Mr. Garrie's and the Court's discretion; and (B) confer with the parties *ex parte* in his capacity as discovery mediator.  Once Mr. Garrie or Judge Andler has informed the parties that the parties have reached impasse on a discovery issue, there shall be no further *ex parte* communications between any party and either Mr. Garrie or Judge Andler on that issue.  Nothing in this provision shall limit *ex parte* communications between Mr. Garrie and Judge Andler.

5. Pursuant to Fed. R. Civ. P. 53(b)(2)(C), the parties agree that all submissions regarding a dispute that the parties provide to Mr. Garrie in his role as special master shall be preserved by the parties and by Mr. Garrie until he has completed his duties as special master in this action.  Mr. Garrie shall file any final ruling on a discovery dispute to the docket in this action.

6. Pursuant to Fed. R. Civ. P. 53(b)(2)(D), the Special Master Order describes the time limits and process for appealing an order submitted by Mr. Garrie.  If any portion of the appeal submission is filed under seal, the party requesting sealing may submit support for its sealing request in accordance with Civil Local Rule 79-5 within seven days.  Pursuant to Fed. R. Civ. P. 53(f)(3) and (5), the parties stipulate, subject to the Court's approval, that the Court shall review Mr. Garrie's findings of fact for clear error, rulings on procedural matters for abuse of

discretion, and findings of law de novo. The parties further agree that this process satisfies Fed. R. Civ. P. 53(f)(1)-(2).

7. Mr. Garrie shall be bound by the Protective Order and all other orders entered in this action protecting confidential, sensitive, private, and privileged information. *See* Dkt. 122.

8. If a party submits privileged materials *in camera* to Mr. Garrie in connection with a privilege dispute, the parties agree that having done so will not operate to waive the party's claim of privilege.

9. All submissions to Mr. Garrie shall be treated confidentially unless and until they are submitted to the Court in connection with any appeal. If a party believes that any portion of its own submission to Mr. Garrie would require sealing if submitted to the Court, it shall so indicate on its submission to Mr. Garrie or no later than four days after submission. If a party believes any portion of a submission from the opposing party would require sealing if submitted to the Court, it shall inform the submitting party and Mr. Garrie no later than four days after receiving the submission.

10. Pursuant to Fed. R. Civ. P. 53(b)(2)(E), the Special Master Order describes the basis, terms, and procedure for fixing Mr. Garrie's compensation.

11. Pursuant to Fed. R. Civ. P. 53(b)(3), the parties attach hereto Mr. Garrie's affidavit disclosing that there are no grounds for disqualification under 28 U.S.C. § 455.

| | |
|---|---|
| Dated: August 18, 2021 | Respectfully submitted, |
| **KELLER ROHRBACK LLP** | **BLEICHMAR FONTI & AULD LLP** |
| By: ___*/s/ Derek W. Loeser*___<br>    Derek W. Loeser | By: ___*/s/ Lesley E. Weaver*___<br>    Lesley E. Weaver |
| Derek W. Loeser (admitted *pro hac vice*)<br>Cari Campen Laufenberg (admitted *pro hac vice*)<br>David J. Ko (admitted *pro hac vice*)<br>Benjamin Gould (SBN 250630)<br>Adele Daniel (admitted *pro hac vice*)<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel.: (206) 623-1900<br>Fax: (206) 623-3384<br>dloeser@kellerrohrback.com<br>claufenberg@kellerrohrback.com<br>dko@kellerrohrback.com<br>bgould@kellerrohrback.com<br>adaniel@kellerrohrback.com | Lesley E. Weaver (SBN 191305)<br>Anne K. Davis (SBN 267909)<br>Matthew S. Melamed (SBN 260272)<br>Angelica M. Ornelas (SBN 285929)<br>Joshua D. Samra (SBN 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>adavis@bfalaw.com<br>mmelamed@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com |
| Christopher Springer (SBN 291180)<br>801 Garden Street, Suite 301<br>Santa Barbara, CA 93101<br>Tel.: (805) 456-1496<br>Fax: (805) 456-1497<br>cspringer@kellerrohrback.com | |
| *Co-Lead Counsel for Plaintiffs* | |

DATED: August 18, 2021                              Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

Deborah Stein (SBN 224570)
dstein@gibsondunn.com                               By:   */s/ Orin Snyder*
333 South Grand Avenue                              Orin Snyder (*pro hac vice*)
Los Angeles, CA 90071-3197                          osnyder@gibsondunn.com
Telephone:  213.229.7000                            GIBSON, DUNN & CRUTCHER LLP
Facsimile:  213.229.7520                            200 Park Avenue
                                                    New York, NY 10166-0193
Kristin A. Linsley (SBN 154148)                     Telephone:  212.351.4000
klinsley@gibsondunn.com                             Facsimile:  212.351.4035
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com                       Joshua S. Lipshutz (SBN 242557)
GIBSON, DUNN & CRUTCHER LLP                         jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000                      GIBSON, DUNN & CRUTCHER LLP
San Francisco, CA 94105-0921                        1050 Connecticut Avenue, N.W.
Telephone:  415.393.8200                            Washington, DC 20036-5306
Facsimile:  415.393.8306                            Telephone:  202.955.8500
                                                    Facsimile:  202.467.0539

*Attorneys for Defendant Facebook, Inc.*


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**




DATE:  _____              _____

                                                    United States District Judge Vince Chhabria

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained.

DATED: August 18, 2021

By:   */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

## CERTIFICATE OF SERVICE

I, Orin Snyder, hereby certify that on August 18, 2021, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

By: /s/ *Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035