GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF MARTIE KUTSCHER IN SUPPORT OF FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO STRIKE** |

I, Martie Kutscher, hereby declare as follows:

1.  I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter. I am a member in good standing of the State Bars of California, New Jersey, and New York. I submit this declaration in support of Facebook's Administrative Motion to Strike Plaintiffs' August 9, 2021 Response to the Declaration of Alexander H. Southwell (Dkt. 727) ("Motion to Strike"). I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2.  The Parties have met and conferred extensively regarding their positions on Facebook's claim of privilege with respect to Facebook's App Developer Investigation ("ADI"), over more than one year. The Parties also mediated this dispute for four months, including their disagreement regarding the scope of any further briefing the Parties would be permitted to submit to the Court.

3.  Based on these extensive discussions, Facebook's understanding at the time it filed its Motion to Strike was that Plaintiffs would not agree that their August 9, 2021 Response to the Declaration of Alexander H. Southwell should be stricken and that judicial intervention would be needed to obtain that relief. Plaintiffs' Response to Facebook's Motion to Strike confirms that Facebook's understanding was correct. *See* Dkt. 729 ("Facebook's Administrative Motion to Strike . . . should be denied. Plaintiffs' August 9 submission is proper.").

4.  Facebook also understood that Plaintiffs opposed Facebook making further submissions regarding ADI, given that Plaintiffs have taken this position in mediation and in multiple Court filings. *See, e.g.*, Dkt. 631-3 at 4; Dkt. 699 at 5 ("Plaintiffs believe no further briefing or affidavit is needed . . . ."). Again, Plaintiffs confirmed this position in their response to Facebook's Motion to Strike. *See* Dkt. 729.

5.  Facebook has understood based on the Parties' practices in this case that motions to strike do not request non-controversial administrative relief and that there is no realistic prospect that the opposing party would consent to such motions. Indeed, on July 13, 2021, Plaintiffs filed a request that the Court strike portions of a declaration Facebook filed in support of a sealing motion. Dkt.

702. Plaintiffs did not meet and confer with Facebook prior to making this request. Nor did Plaintiffs file a declaration explaining why a stipulation regarding the request could not be obtained.

6. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 19, 2021 in Palo Alto, California.

                                        /s/ *Martie Kutscher*
                                        Martie Kutscher