# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC-JSC<br><br>**STIPULATION AND [PROPOSED] SUPPLEMENTAL ORDER PURSUANT TO FED. R. CIV. P. 53 APPOINTING SPECIAL MASTER** |

By and through their undersigned counsel, the parties hereby state as follows:

1.     Whereas, on July 20, 2021, the Court issued an Order appointing Daniel Garrie of JAMS as a special discovery master in this case.  Dkt. No. 708 ("Special Master Order").

2.     Whereas, the appointment of a special master pursuant to Fed. R. Civ. P. 53 "must state" certain facts regarding the appointment.  Fed. R. Civ. P. 53(b)(2).

3.     Whereas, the appointment of a special master is contingent on the filing of a declaration by the special master disclosing whether there is any ground for disqualification under 28 U.S.C. § 455.

4.     Whereas, the parties have consulted with Mr. Garrie and each other regarding a supplemental special-master order and process that serves the needs of the case.  *See* Fed. R. Civ. P. 53(b)(4).

**THE PARTIES THEREFORE STIPULATE AND AGREE AS FOLLOWS:**

1.     The parties consent to the appointment of Daniel Garrie of JAMS as the special discovery master to assist the Court in the resolution of discovery disputes.  Pursuant to Fed. R. Civ. P. 53(b)(1), the parties acknowledge that the Court gave notice and the opportunity to be heard regarding its intent to appoint Mr. Garrie as a special discovery master.

2.     Pursuant to Fed. R. Civ. P. 53(b)(2)(A), the parties agree that: (A) the Special Master Order describes Mr. Garrie's scope of authority as special discovery master; and (B) Mr. Garrie shall continue in his capacity as a discovery mediator, along with the Honorable Gail Andler.

3.     Pursuant to Fed. R. Civ. P. 53(b)(2)(A), the parties agree that in his capacity as special discovery master, Mr. Garrie will have the authority to establish procedures for mediating, reaching impasse on, and the briefing and presentation of discovery disputes to him in

1

STIPULATION AND [PROPOSED] SUPPLEMENTAL ORDER PURSUANT TO FED. R. CIV. P. 53
APPOINTING SPECIAL MASTER
CASE NO. 3:18-MD-02843-VC-JSC

his capacity as special discovery master.  The parties agree that they will comply with all procedures Mr. Garrie establishes in his capacity as special discovery master.  The parties agree that they will not raise discovery disputes to the Court other than through the procedures Mr. Garrie establishes in his capacity as special discovery master.

4.     Pursuant to Fed. R. Civ. P. 53(b)(2)(B), the parties agree that Mr. Garrie may (A) confer with the Court (Judge Chhabria and/or Judge Corley) *ex parte* subject to Mr. Garrie's and the Court's discretion; and (B) confer with the parties *ex parte* in his capacity as discovery mediator.  Once Mr. Garrie or Judge Andler has informed the parties that the parties have reached impasse on a discovery issue, there shall be no further *ex parte* communications between any party and either Mr. Garrie or Judge Andler on that issue.  Nothing in this provision shall limit *ex parte* communications between Mr. Garrie and Judge Andler.

5.     Pursuant to Fed. R. Civ. P. 53(b)(2)(C), the parties agree that all submissions regarding a dispute that the parties provide to Mr. Garrie in his role as special master shall be preserved by the parties and by Mr. Garrie until he has completed his duties as special master in this action.  Mr. Garrie shall file any final ruling on a discovery dispute to the docket in this action.

6.     Pursuant to Fed. R. Civ. P. 53(b)(2)(D), the Special Master Order describes the time limits and process for appealing an order submitted by Mr. Garrie.  If any portion of the appeal submission is filed under seal, the party requesting sealing may submit support for its sealing request in accordance with Civil Local Rule 79-5 within seven days.  Pursuant to Fed. R. Civ. P. 53(f)(3) and (5), the parties stipulate, subject to the Court's approval, that the Court shall review Mr. Garrie's findings of fact for clear error, rulings on procedural matters for abuse of

discretion, and findings of law de novo. The parties further agree that this process satisfies Fed. R. Civ. P. 53(f)(1)-(2).

7.      Mr. Garrie shall be bound by the Protective Order and all other orders entered in this action protecting confidential, sensitive, private, and privileged information.  *See* Dkt. 122.

8.      If a party submits privileged materials *in camera* to Mr. Garrie in connection with a privilege dispute, the parties agree that having done so will not operate to waive the party's claim of privilege.

9.      All submissions to Mr. Garrie shall be treated confidentially unless and until they are submitted to the Court in connection with any appeal.  If a party believes that any portion of its own submission to Mr. Garrie would require sealing if submitted to the Court, it shall so indicate on its submission to Mr. Garrie or no later than four days after submission.  If a party believes any portion of a submission from the opposing party would require sealing if submitted to the Court, it shall inform the submitting party and Mr. Garrie no later than four days after receiving the submission.

10.     Pursuant to Fed. R. Civ. P. 53(b)(2)(E), the Special Master Order describes the basis, terms, and procedure for fixing Mr. Garrie's compensation.

11.     Pursuant to Fed. R. Civ. P. 53(b)(3), the parties attach hereto Mr. Garrie's affidavit disclosing that there are no grounds for disqualification under 28 U.S.C. § 455.

Dated: August 18, 2021

**KELLER ROHRBACK LLP**

By:   */s/ Derek W. Loeser*
     Derek W. Loeser

Derek W. Loeser (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
David J. Ko (admitted *pro hac vice*)
Benjamin Gould (SBN 250630)
Adele Daniel (admitted *pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com
dko@kellerrohrback.com
bgould@kellerrohrback.com
adaniel@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Co-Lead Counsel for Plaintiffs*

Respectfully submitted,

**BLEICHMAR FONTI & AULD LLP**

By:   */s/ Lesley E. Weaver*
     Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Matthew S. Melamed (SBN 260272)
Angelica M. Ornelas (SBN 285929)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
mmelamed@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

DATED: August 18, 2021

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

By:  _/s/ Orin Snyder_
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendant Facebook, Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATE:  _August 25, 2021_        _____

United States District Judge Vince Chhabria

STIPULATION AND [PROPOSED] SUPPLEMENTAL ORDER PURSUANT TO FED. R. CIV. P. 53
APPOINTING SPECIAL MASTER
CASE NO. 3:18-md-02843-VC-JSC