GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
    osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
    klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
    mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
    dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
    jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS | CASE NO. 3:18-MD-02843-VC <br><br> **FACEBOOK, INC.'S RENEWED ADMINISTRATIVE MOTION TO PERMANENTLY SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, as well as the Court's September 8, 2021 Order Re: Administrative Motions to Seal, Dkt. 737, Facebook, Inc. ("Facebook") hereby submits this Renewed Administrative Motion to Permanently Seal.

On February 16, 2021, Facebook moved to permanently seal descriptions of documents generated by Facebook's App Developer Investigation ("ADI" or the "Investigation") submitted for *in camera* review and the names of Facebook employees and third-party experts from Facebook's privilege logs.  Dkt. 623.  The Court granted the motion in part and instructed Facebook to propose more tailored redactions over the descriptions of documents.  Dkt. 737 at 1–2.

Facebook respectfully moves to seal permanently three narrow categories of information within the parties' briefs: (i) details of the methods and structure of the Investigation that could pose security risks if revealed; (ii) details of the Investigation's innovative and proprietary design, structure, techniques, and strategies that could cause Facebook competitive harm; and (iii) details of employee roles within the Investigation that may compromise individuals' privacy interests or reveal confidential operational and personnel information.  For the reasons explained below, there is good cause to seal permanently this information, and Facebook's request is narrowly tailored.

## I.     Background

On February 5, 2021, the parties submitted simultaneous briefs regarding Plaintiffs' motion to compel investigatory materials generated during the Investigation.  Dkts. 611, 612.  Due to the timing of the filing, the parties agreed to file their submissions temporarily under seal and that Facebook would later submit a permanent sealing request.  Dkt. 610.  Facebook then moved to permanently seal "(i) descriptions of privileged, confidential documents submitted for *in camera* review that were generated during the ADI Investigation; and (ii) the names of Facebook employees and third-party experts drawn directly from privilege logs that Facebook designated as 'Confidential' under the protective order."  Dkt. 623 at 2.  The Court granted Facebook's request to seal the names of employees and third-party experts.[1]  Dkt. 737 at 1.  The Court denied without prejudice Facebook's request to seal

---

[1]  Because the Court granted Facebook's request to seal "the names of Facebook employees and third-party experts drawn directly from the privilege logs that Facebook designated as 'Confidential' under the protective order," Dkt. 737 at 1, Facebook includes these redactions with its proposed redactions, but omits any legal argument concerning these redactions.

Gibson, Dunn &
Crutcher LLP

the document descriptions and instructed Facebook to propose more tailored redactions.  Dkt. 737 at 1–2.

## II.     The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits

When a party seeks to seal judicial records related to the merits of a case, there is a "strong presumption in favor of" public access to the records.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  But this high standard does not apply where, as here, the information a party seeks to seal is "unrelated or only tangentially related to the merits of a case." *Doe v. Walmart, Inc.*, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Kamakana,* 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.).  Instead, courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored.  *Walmart*, at *1–*2.  Here, the parties' briefs relate to a privilege dispute, not the merits of this action, so the good cause standard applies.  For the reasons explained below, there is good cause to permanently seal Facebook's limited proposed redactions.

## III.    There Is Good Cause To Seal Facebook's Three Categories Of Confidential Information

Facebook asks the Court to seal permanently (i) details of the methods and structure of the Investigation that could pose security risks if revealed; (ii) details of the Investigation's innovative and proprietary design, structure, techniques, and strategies that could cause Facebook competitive harm; and (iii) details of employee roles within the Investigation that may reveal the identities of the individuals or reveal Facebook's confidential operational and personnel information.  These limited redactions appear within pages 11 to 20 of Facebook's brief and pages 8 and 9 of Plaintiffs' brief.[2]

***Details of the methods and structure of the Investigation that could pose security risks.*** There is good cause to seal limited portions of document descriptions revealing the methods and structure of the Investigation, such as how the Investigation prioritized the risks of apps and the identities of email accounts related to the Investigation and how they were used.  *E.g.*, Facebook's Br. at

---

[2]  Plaintiffs' descriptions of these documents come directly from privilege logs Facebook designated as "Confidential" under the Protective Order.  Southwell Decl. ¶ 6; *see* Dkt. 122.

2

Gibson, Dunn &
Crutcher LLP

16:3, 16:5–9, 16:11–13, 16:19–20, 17:5–8, 19:19–21, 20:9–14.  Public access to this information could pose security risks.  The Investigation was designed in anticipation of litigation and regulatory scrutiny, to identify applications that may have misused data before additional platform protections were implemented.  Southwell Decl. ¶¶ 7, 8.  Publicly revealing confidential aspects of the Investigation's design, structure, and activities could provide bad actors with information they could weaponize to evade the additional technological, investigative, and enforcement mechanisms that Facebook has enacted to detect and disrupt abuse.  *Id.* ¶ 15.  If this sensitive information were publicly disclosed, it could make Facebook's enforcement efforts less effective, causing harm to Facebook and its billions of users.  *Id.*

***Details of the Investigation's innovative and proprietary design, structure, techniques, and strategies that could cause competitive harm.***  There is also good cause to seal information about the Investigation's innovative and proprietary design, structure, techniques, and strategies developed by counsel in anticipation of litigation, such as limited portions of document descriptions regarding proprietary methods for risk-prioritization of apps or describing specific investigation and enforcement activities by consultants that reveal the Investigation's techniques and strategies.  *E.g.*, Facebook's Br. at 12:17, 13:8–11, 13:24–25, 15:6–15, 15:17, 15:23–25, 16:5–13, 16:26–27, 17:5–8, 18:3–15, 19:7–11, 19:19–28, 20:1-21; Pls.' Br. at 8–9.  There is no industry standard for conducting an investigation into millions of applications to assess Facebook's legal risk in anticipation of litigation, so the ADI team devised and tailored proprietary methods and techniques to address the specific legal risks to Facebook.  Southwell Decl. ¶¶ 10, 14.  Publicly disclosing this proprietary information would allow Facebook's competitors to copy these proprietary methods and techniques and cause Facebook competitive harm.  *Id.* ¶ 14; *see, e.g.*, *In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at * 26 (Aug. 9, 2015 N.D. Cal.) (granting a motion to seal a privilege log based on an affidavit that stated the log's descriptions "reflect[ed] and convey[ed] confidential, proprietary information about Endo's business operations as well as its strategies").  Courts routinely seal proprietary information that "competitors would be able to take advantage of" and use unfairly if disclosed.  *Asetek Danmark A/S v.CMI USA, Inc.*, 2015 WL 4511036 at *2 (N.D. Cal. July 23, 2015); *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978))

Gibson, Dunn & Crutcher LLP

1   (granting writ of mandamus and sealing document that could be used "as [a] source[] of business in-

2   formation that might harm a litigant's competitive standing").

3          ***Details of employee roles within the Investigation that may compromise privacy interests or***

4   ***reveal operational and personnel information.***  Finally, there is good cause to seal limited portions

5   of document descriptions that reveal the job titles and roles of Facebook employees and experts

6   working on the Investigation.  *E.g.*, Facebook Br. at 11:22–27, 12:6–9, 12:19–20, 13:8–9, 13:12–13,

7   15:1, 15:23, 17:27–28, 18:3–5, 18:13–14, 19:7–11, 19:23–24, 20:1–4, 20:13, 20:20-21.  If revealed,

8   these job titles and roles could be used to identify the specific employees or experts to which they re-

9   fer and compromise the privacy and safety interests of individuals who are not parties to the litiga-

10  tion.  Southwell Decl. ¶ 16; *see, e.g.*, *Murphy v. Kavo America Corp.*, 2012 WL 1497489, at * 1

11  (N.D. Cal. April 27, 2012) (recognizing that "[e]mployees and former employees who are not parties

12  to [] litigation have privacy interests in their personnel information").  Sealing is also especially

13  needed here because publicly revealing the titles and roles of Facebook employees or experts who

14  worked on the Investigation will reveal Facebook's confidential operational and personnel infor-

15  mation, and may encourage competitors to recruit these critical employees.  Southwell Decl., ¶ 16;

16  *see In re Incretin-Based Therapies Prods. Liabs. Litig*., 2015 WL 11658712 at *2 (S.D. Cal. Nov. 18,

17  2015) ("[C]ourts have maintained documents under seal where the information contained therein

18  could permit competitors to gain access to operational and personnel information.").

19         Because of the harm that would occur from public disclosure of these three categories of in-

20  formation, limited portions of the document descriptions in the parties' briefs are highly sensitive and

21  should be sealed permanently.

22  **IV.    The Limited Proposed Redactions Are Narrowly Tailored**

23         Facebook's proposed redactions of the three categories of confidential information within the

24  parties' briefs are narrowly tailored.  With respect to Plaintiffs' brief, Facebook proposes redacting

25  only three direct quotes from Facebook's privilege log that reveal information about the structure and

26  methods of the Investigation.  *See* Pls.' Br. at 8–9; Southwell Decl. ¶ 6.  These redactions comprise

27  less than six lines of Plaintiffs' 19-page brief.  With respect to Facebook's brief, Facebook only seeks

28  to redact limited portions of the descriptions of the documents reviewed *in camera*, which reveal

confidential information within the three categories discussed above.  *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect [a company's] proprietary information").  The public is able to access the majority of Facebook's document descriptions and privilege arguments, including summations of Plaintiffs' privilege challenges, *e.g.*, Facebook's Br. at 11:14–17; detailed descriptions of documents that do not include confidential information, *e.g.*, *id.* at 16:20–25; Facebook's substantive legal arguments in favor of privilege for each document, *e.g.*, *id.* at 13:26–14:7; and other factual indicia of privilege for certain communications, *e.g.*, *id.* at 13:25–26 ("[The document] is labeled 'Privileged & Confidential – Attorney Work Product – Attorney-Client Communication'").

*     *     *

For these reasons, Facebook respectfully requests that the Court grant this renewed administrative motion to permanently seal.

Gibson, Dunn &
Crutcher LLP

1    Dated:  September 22, 2021             **GIBSON, DUNN & CRUTCHER, LLP**

2                                          By: */s/ Orin Snyder*

3                                          Orin Snyder (*pro hac vice*)
                                           osnyder@gibsondunn.com
4                                          200 Park Avenue
                                           New York, NY 10166-0193
5                                          Telephone:  212.351.4000
                                           Facsimile:  212.351.4035

6                                          Deborah Stein (SBN 224570)
                                           dstein@gibsondunn.com
7                                          333 South Grand Avenue
                                           Los Angeles, CA 90071-3197
8                                          Telephone:  213.229.7000
                                           Facsimile:  213.229.7520

9
                                           Joshua S. Lipshutz (SBN 242557)
10                                         jlipshutz@gibsondunn.com
                                           1050 Connecticut Avenue, N.W.
11                                         Washington, DC 20036-5306
                                           Telephone:  202.955.8500
12                                         Facsimile:  202.467.0539

13                                         Kristin A. Linsley (SBN 154148)
                                           klinsley@gibsondunn.com
14                                         Martie Kutscher (SBN 302650)
                                           mkutscherclark@gibsondunn.com
15                                         555 Mission Street, Suite 3000
                                           San Francisco, CA 94105-0921
16                                         Telephone:  415.393.8200
                                           Facsimile:  415.393.8306

17

18                                         *Attorneys for Defendant Facebook, Inc.*

19

20

21

22

23

24

25

26

27

28