GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER** |

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Administrative Motion to File Under Seal limited portions of Special Master Garrie's October 21, 2021 Order Regarding Motion To Compel Mark Zuckerberg And Sheryl Sandberg As Document Custodians and supporting exhibits (the "Order").  Specifically, Facebook moves to permanently seal quotations and descriptions of communications, documents, and deposition testimony that reveal Facebook's confidential business information, strategies, relationships, and financial information.  For the reasons explained below, there is good cause to seal permanently this information, and Facebook's request is narrowly tailored.

I. **Background**

In September 2021, Special Master Garrie and Judge Gail Andler declared the parties were at an impasse in their efforts to mediate the issue of whether to add as document custodians Mark Zuckerberg and Sheryl Sandberg.  Plaintiffs submitted an opening brief on September 23, 2021; Facebook submitted an opposition brief on October 4, 2021; and Plaintiffs submitted a reply on October 13, 2021.  With their briefing, Plaintiffs submitted numerous documents produced by Facebook in discovery as Confidential or Highly Confidential—Attorneys' Eyes Only under the Protective Order in this case.  Order Exs. A, C; *see* Dkt. 122.  These documents are Facebook communications and documents that reveal Facebook's confidential business information, strategy, relationships, and financial information.  In opposition, Facebook discussed these documents and also attached a copy of the transcript of a deposition of one of Facebook's Rule 30(b)(6) deponents.  Order Ex. B at 11.  The parties selectively quoted and described the content of these documents in their briefs.  *See generally* Order Exs. A, B, C.

On October 21, 2021, Special Master Garrie issued the Order resolving the parties' dispute.  In support of its findings, the Order selectively quotes and describes three documents that Plaintiffs attached to their briefs.  Order ¶ 7.  The Order also attaches as exhibits the parties' briefs.  Order Exs. A, B, C.

Special Master Garrie instructed the parties to file the Order on the docket under seal.

## II. The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits

When a party seeks to seal judicial records related to the merits of a case, there is a "strong presumption in favor of" public access to the records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). But this high standard does not apply where, as here, the information a party seeks to seal is "unrelated or only tangentially related to the merits of a case." *Doe v. Walmart, Inc.*, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Kamakana,* 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Instead, courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Walmart*, at *1–*2. Here, the Order relates to a dispute regarding the scope of discovery, not the merits of this action, so the good cause standard applies. For the reasons explained below, there is good cause to permanently seal Facebook's limited proposed redactions.

## III. There Is Good Cause To Seal Facebook's Limited Proposed Redactions

Consistent with Special Master Garrie's instructions to file his Order under seal, Facebook asks the Court to seal permanently quotations and descriptions of documents that reveal Facebook's confidential business information, strategies, relationships, and financial information. Facebook's limited redactions appear within one paragraph of the Order, and within the parties' underlying briefs attached as exhibits A, B, and C to the Order. There is good cause to seal this information.

The Order and parties' briefs quote and describe numerous documents and communications that reveal Facebook's confidential business decisions and strategies, as well as confidential details of certain business programs. Swanson Decl. ¶ 5; *e.g.*, Order ¶ 7; Order Ex. A at 1:23–25, 2:4–6, 5:13–6:11, 8:24–11:4; Ex. B at 10:2–22, 11:1–4, 20–27, 12:4, 12:23–13:7, 13:20–14:2; Ex. C at 5:9–15, 6:3–7:6, 7:14–8:2, 8:9–12, 20-25. The Order and parties' briefs also quote or describe documents that reveal confidential information regarding Facebook's business relationships with its agents, partners, competitors, and third-party developers. Swanson Decl. ¶ 5; *e.g.*, Order ¶ 7; Order Ex. A at 5:14–18, 20–24, 8:25–9:3, 9:22–27, 10:10–14; Ex. B at 10:2–13, 11:1–5, 20–23, 12:27–13:7; Ex. C at 5:9–12, 6:3–7:6, 7:14–17, 8:9–12. Finally, Plaintiffs' briefs discuss confidential

business documents that reveal financial information regarding the revenue of certain Facebook business programs.  Swanson Decl. ¶ 5; *e.g.*, Order Ex. A at 10:14–16: Ex. C at 6:22–23.

There is good cause to seal these quotations and descriptions of the contents of the documents because public disclosure would reveal commercially sensitive information.  Swanson Decl. ¶ 5; *see, e.g.*, *Baird v. BlackRock Institutional Tr. Co., N.A.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (finding "sufficiently compelling reason to seal" documents containing "confidential business and financial information"); *Obesity Research Institute, LLC v. Fiber Research Int'l, LLC*, 2018 WL 3642177, at *6 (S.D. Cal. Aug. 1, 2019) (granting a motion to seal information that, if publicly disclosed, would have "identif[ied]" certain "business relationships"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at * 26 (N.D. Cal. Aug. 9, 2015) (granting a motion to seal document descriptions that "reflect[ed] and convey[ed] confidential, proprietary information about Endo's business operations as well as its strategies").  Courts routinely seal commercially sensitive information that "competitors would be able to take advantage of" and use unfairly if disclosed.  *Asetek Danmark A/S v.CMI USA, Inc.*, 2015 WL 4511036 at *2 (N.D. Cal. July 23, 2015); *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (granting writ of mandamus and sealing document that could be used "as [a] source[] of business information that might harm a litigant's competitive standing").

Because of the harm that would occur from public disclosure of information regarding Facebook's confidential business information, strategies, relationships, and financial information, limited portions of the Order and supporting exhibits are highly sensitive and should be sealed permanently.

### IV.   The Limited Proposed Redactions Are Narrowly Tailored

Facebook's proposed redactions within the Order and supporting exhibits are narrowly tailored.  With respect to the Order, Facebook proposes redacting three quotations and document descriptions comprising approximately seven lines.  *See* Order ¶ 7.  The public is able to access the majority of Special Master Garrie's Order, including the majority of the paragraph providing Special Master Garrie's findings relying on the confidential information.  With respect to the remaining

redactions in the parties' briefs, Facebook proposes redactions limited to the direct quotations or descriptions of documents that reveal confidential information. The public does not require the details of Facebook's confidential information within the proposed redactions to understand the findings and reasoning in the Order. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect [a company's] proprietary information").

Because Facebook's redactions are limited to only confidential information and the public may still access the essential information within the Order to understand Special Master Garrie's findings and reasoning, Facebook's redactions are narrowly tailored.

\*   \*   \*

For these reasons, Facebook respectfully requests that the Court grant this administrative motion to file Special Master Garrie's Order under seal, consistent with Special Master Garrie's instructions.

| | |
|---|---|
| Dated:  November 14, 2021 | **GIBSON, DUNN & CRUTCHER, LLP**<br><br>By:   */s/ Martie Kutscher*<br>Orin Snyder (*pro hac vice*)<br>osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone:  212.351.4000<br>Facsimile:  212.351.4035<br><br>Deborah Stein (SBN 224570)<br>dstein@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone:  213.229.7000<br>Facsimile:  213.229.7520<br><br>Joshua S. Lipshutz (SBN 242557)<br>jlipshutz@gibsondunn.com<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone:  202.955.8500<br>Facsimile:  202.467.0539<br><br>Kristin A. Linsley (SBN 154148)<br>klinsley@gibsondunn.com<br>Martie Kutscher (SBN 302650)<br>mkutscherclark@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone:  415.393.8200<br>Facsimile:  415.393.8306<br><br>*Attorneys for Defendant Facebook, Inc.* |