GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
 osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
 klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
 mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
 dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
 jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER REGARDING OUTSTANDING ADI ISSUES** |

Gibson, Dunn & Crutcher LLP

FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE OUTSTANDING ADI ISSUES
CASE NO. 3:18-MD-02843-VC

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Administrative Motion to File Under Seal limited portions of Special Master Garrie's October 26, 2021 Order Regarding Outstanding ADI Issues and supporting exhibits (the "Order"). Specifically, Facebook moves to permanently seal the names of consulting experts retained by counsel to provide professional services in connection with Facebook's App Developer Investigation ("ADI"). Consistent with the Court's previous order sealing the names of these consulting experts and for the reasons explained below, there is good cause to seal permanently this information, and Facebook's request is narrowly tailored.

I.   **Background**

On September 8, 2021, Judge Corley granted Plaintiffs' motion to compel materials related to ADI and ordered Facebook to produce "background and technical reports, audits and developer interviews of the six exemplar apps chosen by the parties." Dkt. 736 at 7. Judge Corley also ordered the parties to "work with the Special Master regarding production of additional materials consistent with the guidance offered by this Order." *Id.* Contemporaneous with the Court's order compelling production of documents from ADI, Judge Corley granted Facebook's administrative motion to seal the "names of Facebook employees and third-party experts" related to ADI within the parties' briefing. Dkt. 737 at 1; *see* Facebook's Admin. Mot. Seal at 5, Dkt. 623 (seeking to seal "references to . . . [consulting] experts retained by counsel to provide professional services in connection with [ADI]" because information about a company's business relationship with consulting experts is highly confidential).

Pursuant to Judge Corley's order, Facebook produced all background and technical reports, audits, and developer interviews that existed for the six exemplar apps. Following this production, Plaintiffs demanded additional documents, including all "background reports, technical reports, audits, and developer interviews" for all apps, "all memoranda prepared by [the consulting experts retained by counsel]," as well as "[a]ll internal Facebook communications" and "[a]ll communications with [the consulting experts]" related to those documents. *See* Order ¶ 4.

To resolve the parties' dispute regarding the scope of production of documents related to ADI, Special Master Garrie ordered the parties to submit additional briefing. Order ¶ 5. Special Master

Gibson, Dunn & Crutcher LLP

FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE OUTSTANDING ADI ISSUES
CASE NO. 3:18-MD-02843-VC

Garrie's Order quotes the parties' email correspondence—which identifies two consulting experts retained by counsel to provide professional services in connection with ADI—and attaches the parties' email correspondence as exhibits to the Order.

Special Master Garrie instructed the parties to file the Order on the docket under seal.

## II.  The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits

When a party seeks to seal judicial records related to the merits of a case, there is a "strong presumption in favor of" public access to the records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  But this high standard does not apply where, as here, the information a party seeks to seal is "unrelated or only tangentially related to the merits of a case." *Doe v. Walmart, Inc.*, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Kamakana,* 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.).  Instead, courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Walmart*, at *1–*2.  Here, the Order relates to a dispute regarding the scope of production of documents related to ADI, not the merits of this action, so the good cause standard applies.  For the reasons explained below, there is good cause to permanently seal the names of consulting experts retained by counsel to provide professional services related to ADI.

## III.  There Is Good Cause To Seal The Names Of Consulting Experts

Consistent with Special Master Garrie's instructions to file his Order under seal, Facebook asks the Court to seal permanently the names of two consulting experts retained by counsel to provide professional services related to ADI.  These names appear within paragraphs 3 and 4 of the Order and within the parties' email correspondence attached as exhibits B and C to the Order.  As this Court has already held, Dkt. 737 at 1, there is good cause to seal this information.

Courts routinely hold that information about a company's business relationships—which includes a company's relationships with consulting experts—is highly confidential and should be sealed.  *See Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 3642177, at *6 (S.D. Cal. Aug. 1, 2019) (granting a motion to seal information that, if publicly disclosed, would have

Gibson, Dunn & Crutcher LLP

FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE OUTSTANDING ADI ISSUES
CASE NO. 3:18-MD-02843-VC

"identif[ied]" certain "business relationships"); *Zeiger v. WellPet LLC*, 2018 WL 3208160, at *3–4 (N.D. Cal. June 29, 2018) (sealing "identity of plaintiffs' consulting expert"). Facebook has taken numerous steps to maintain the confidentiality of details regarding ADI—including the identities of consulting experts retained to provide professional services—and these details are disclosed to Facebook employees only on a need-to-know basis. Southwell Decl. ¶¶ 8–9. If the identities of these consulting experts were disclosed publicly, competitors would have access to confidential information regarding Facebook's business relationships, as well as the identities of Facebook's consulting experts in this case. *Id.* ¶ 9  There is good cause to seal such information that Facebook's "competitors would be able to take advantage of" and use to cause Facebook "competitive harm." *Asetek Danmark A/S v.CMI USA, Inc.*, 2015 WL 4511036 at *2 (N.D. Cal. July 23, 2015); *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (granting writ of mandamus and sealing document that could be used "as [a] source[] of business information that might harm a litigant's competitive standing").

Because of the harm that would occur from public disclosure of the names of consulting experts retained to provide professional services in connection with ADI, these names in the Order and supporting exhibits are highly sensitive and should be sealed permanently. *See* Dkt. 737.

### IV. The Limited Proposed Redactions Are Narrowly Tailored

The proposed redactions comprise only the names of the two consulting experts retained in connection with ADI. All information within the proposed redactions is confidential, and the vast majority of Order is still accessible to the public. *See* Dkt. 737 at 1 (granting in part Facebook's motion to seal names of consulting experts because those redactions were narrowly tailored); *Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect [a company's] proprietary information"). Furthermore, the names of these consulting experts is not necessary to understand Special Master Garrie's findings and reasoning. Facebook's proposed redactions within the Order and supporting exhibits are narrowly tailored.

*   *   *

For these reasons, Facebook respectfully requests that the Court grant this administrative

Gibson, Dunn & Crutcher LLP

FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE OUTSTANDING ADI ISSUES
CASE NO. 3:18-MD-02843-VC

motion to file Special Master Garrie's Order under seal, consistent with Special Master Garrie's instructions and this Court's prior ruling.

Dated:  November 19, 2021        **GIBSON, DUNN & CRUTCHER, LLP**

                     By: */s/ Martie Kutscher*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

Gibson, Dunn & Crutcher LLP

FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE OUTSTANDING ADI ISSUES
CASE NO. 3:18-MD-02843-VC