# EXHIBIT A

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS | **MDL NO. 2843** <br> CASE NO. 3:18-MD-02843-VC-JSC <br><br> Hon. Vince Chhabria <br> Courtroom 4 – 17th Floor <br> Special Master: Daniel Garrie, Esq. <br><br> **ORDER REGARDING OUTSTANDING ADI ISSUES** <br><br> **JAMS REF. NO: 1200058674** |

## BACKGROUND

1.      On September 8, 2021, Judge Corley issued an order granting Plaintiffs' motion to compel the production of materials in connection with Facebook's app developer investigation ("ADI") that involved a review of all "apps that had access to large amounts of data before [Facebook] changed [its] platform policies in 2014." See https://about.fb.com/news/2019/09/an-update-on-our-app-developer-investigation/.

2.      Pursuant to the order:

> On or before September 21, 2021, Facebook shall produce the background and technical reports, audits and developer interviews of the six exemplar apps chosen by the parties as Facebook has offered no special reasons why those particular documents are privileged other than what has been addressed. The parties shall work with the Special Master regarding production of additional materials consistent with the guidance offered by this Order. See Exhibit A (Order Granting Motion to Compel ADI Materials).

3.      Pursuant to Judge Corley's order, Facebook produced 11 documents related to the ADI. Following this production, Plaintiffs raised multiple issues in connection with Facebook's ADI production and requested "all memoranda prepared by ███████ and/or ███████ ██ related to ADI of all apps it investigated or investigated at Facebook's direction, the background and technical reports, audits, and developer interviews, and internal Facebook communications regarding these materials (including those pertaining to the six exemplar apps)." See Exhibit B (Plaintiffs' Email of September 24, 2021).

4.      The parties subsequently met and conferred regarding Facebook's ADI production and it appears based the parties' correspondence that there remain outstanding issues with respect to ADI. Specifically, Plaintiffs "request that Facebook produce the following documents related to phases two and three of the ADI: (1) All memoranda prepared by ███████ or ███████ ; (2) All background reports, technical reports, audits, and developer interviews; (3) All internal Facebook communications relating to items 1 and 2; (4) All communications

1

with ██████████ or ██████████ related to items 1 and 2." <u>See</u> Exhibit C (Plaintiffs'
Email of October 20, 2021).

## ORDER

5.     Special Master Garrie finds that additional briefing is necessary to identify the
outstanding issues regarding ADI and assist Special Master Garrie in resolving such issues with
parties.

6.     No later than October 25, 2021, the parties are each to submit to Special Master
Garrie a statement regarding the outstanding ADI issues. Each statement is to identify each issue
in plain language, provide an example representing each issue (not to exceed one paragraph), and
state the party's position on the issue (not to exceed two paragraphs).

7.     No later than November 4, 2021, the parties are to submit a response statement
with respect to each issue stating their position (not to exceed one paragraph).

8.     The parties are to coordinate with JAMS to make themselves available for a hear-
ing regarding these issues on November 11, 2021.

**IT IS SO ORDERED.**

October 26, 2021

_Daniel B Garrie_
Daniel Garrie
Discovery Special Master

**ORDER REGARDING OUTSTANDING ADI ISSUES**

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | Case No. 18-md-02843-VC  (JSC) |
| | **ORDER GRANTING MOTION TO COMPEL ADI MATERIALS** |
| | Re: Dkt. Nos. 611, 612, 699, 711, 719, 720, 721, 727, 729 |

In early 2018, the public learned that "Cambridge Analytica, a British political consulting firm, used personal information from millions of Facebook accounts to send targeted political messages during the 2016 presidential election."  *In re Facebook, Inc. Consumer Privacy User Profile* Litigation, 402 F.Supp.3d 767, 777 (N.D. Cal. Sep. 9, 2019).  "In the months that followed, reports emerged suggesting that the ability of . . . entities like Cambridge Analytica to obtain sensitive Facebook user information was the norm rather than the exception."  *Id.*  Following the disclosure, Facebook initiated an app developer investigation (ADI) that involved a review of all "apps that had access to large amounts of data before [Facebook] changed [its] platform policies in 2014."  *See* https://about.fb.com/news/2019/09/an-update-on-our-app-developer-investigation/. As the ADI, or, more precisely, the information the ADI uncovered, is directly relevant to Plaintiffs' claims in this MDL action, Plaintiffs seek information learned from and generated by the ADI.  While Facebook has agreed to produce some data, it resists disclosure of reports, audits and interviews created or conducted by non-attorneys on the grounds that such documents are protected by attorney-work product or the attorney-client privilege.  After several rounds of briefing and attempts among the parties to resolve, or at least narrow, the dispute, the issue is now ripe for decision.

**DOCUMENTS AT ISSUE**

Facebook's ADI consisted of three phases: (1) Detection and Identification of offending apps, (2) Enhanced Examination, and (3) Enforcement. In the Enhanced Examination Phase, the ADI forensic team conducted intensive background and technical investigations of the identified apps that, among other things, might identify the potential for data misuse. (Dkt. No. 699-5 ¶ 17.) In the Enforcement phase, to assist Facebook with deciding whether to take action against an app, additional investigation might be conducted including interviews or audits of data security or storage infrastructure. (*Id.* ¶ 19.) Plaintiffs seek material from the second and third phases that does not involve communications with lawyers or content created by lawyers. While Facebook has agreed to produce some information (Dkt. No. 699-1 at 4), it refuses on privilege grounds to produce the reports, audits and interviews, and non-attorney communications related to the same.

**ANALYSIS**

The parties agree that federal law governs this dispute. (Dkt. Nos. 611-2 at 16, 612-2 at 12, 699 at 4, 727 at 5 n.1) (applying federal law).) "The work product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). "To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt*, 357 F.3d 900, 907 (9th Cir. 2004). A finding that a document was prepared in anticipation of litigation, however, does not always end the inquiry.

> In circumstances where a document serves a dual purpose, that is, where it was not prepared exclusively for litigation, then the "because of" test is used. Dual purpose documents are deemed prepared because of litigation if in light of the nature of the document and the factual situation in a particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. In applying the because of standard, courts must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation, *and would not have been created in substantially similar form but for the prospect of litigation*.

*Richey*, 632 F.3d at 567-68 (emphasis added). The party resisting production of material based on

the work product privilege bears the burden of proving that the privilege applies. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1102 (9th Cir. 2010).

Facebook has met its burden of proving that the documents were prepared in anticipation of litigation. Shortly before Facebook initiated the ADI, a nationwide consumer class action was filed against Facebook in this Court. (Dkt. No. 1). Within weeks, more than 40 actions were filed which were consolidated into this Multi-District Litigation. Facebook offers evidence that the ADI was launched in part to address potential regulatory and litigation risks posed by apps that had been on the Facebook platform since before Facebook changed in policies in 2014. (Dkt. No. 699-5, Dkt. No. 720.)

Facebook's own public pronouncements about the ADI, however, demonstrate that the documents were not created exclusively in anticipation of litigation and that, in fact, Facebook would have conducted the ADI in substantially similar form even in the absence of potential litigation. *See Richey*, 632 F.3d at 568.

On March 21, 2018, Mark Zuckerberg, Facebook's CEO, publicly posted:

> I want to share an update on the Cambridge Analytica situation—including the steps we've already taken and our next steps to address this important issue.
>
> We have a responsibility to protect your data, and if we can't then we don't deserve to serve you. I've been working to understand exactly what happened and how to make sure this doesn't happen again.
>
> [W]e already took the most important steps a few years ago in 2014 to prevent bad actors from accessing people's information in this way. But there's more we need to do and I'll outline those steps here:
>
> First, we will investigate all apps that had access to large amounts of information before we changed our platform to dramatically reduce data access in 2014, and we will conduct a full audit of any app with suspicious activity. We will ban any developer from out platform that does not agree to a thorough audit. And if we find developers that misused personally identifiable information, we will ban them and tell everyone affected by those apps.

Mr. Zuckerberg concluded:

I started Facebook, and at the end of the day I'm responsible for what happens on our platform. I'm serious about doing what it takes to protect our community. While this specific issue involving Cambridge Analytica should no longer happen with new apps today, that doesn't change what happened in the past. We will learn from this experience to secure our platform further and make our community safer for everyone going forward.

https://www.facebook.com/zuck/posts/1010471203790007. This statement specifically identifies the purpose of the ADI as serving Facebook's business goal of protecting Facebook's customers' data by figuring out what happened, how it happened, and removing apps that misused customers' data so that Facebook could "secure our platform further and make our community safer for everyone going forward." *Id*.

Two months later, Facebook updated the public on the "app investigation and audit" Mr. Zuckerberg promised on March 21, 2018.

The investigation process is in full swing, and it has two phases. First, a comprehensive review to identify every app that had access to this amount of Facebook data. And second, where we have concerns, we will conduct interviews, make requests for information (RFI)—which ask a series of detailed question about the app and the data it had access to—and perform audits that may include on-site inspections.

We have large teams of internal and external experts working hard to investigate these apps as quickly as possible. To date thousands of apps have been investigated and around 200 have been suspended—pending a thorough investigation into whether they did in fact misuse any data. Where we find evidence that these or other apps did misuse data, we will ban them and notify people via this website. It will show people if they or their friends installed an app that misused data before 2015—just as we did for Cambridge Analytica.

There is a lot more work to be done to find all the apps that may have misused people's Facebook data—and it will take time. We are investing heavily to make sure this investigation is as thorough as possible. We will keep you updated on our progress.

https://fb.com/new/2018/05/update-on-app-audit/. This statement again demonstrates that a "core purpose" of the ADI was a business rather than legal purpose: to assure its customers that it was

conducting a thorough investigation to remove bad apps and advise customers if their data may have been misused. And the ADI was being conducted "as quickly as possible," —not because of fast-tracked litigation, as the pace of this MDL surely demonstrates—but because of the need to weed out the bad apps to protect Facebook's consumers, its good will, and its business.

Facebook provided a further update on "our ongoing App Developer Investigation" on September 20, 2019. Facebook explained that its investigation

> has involved hundreds of people: attorneys, external investigators, data scientists, engineers, policy specialists, platform partners and other teams across the company. Our review helps us to better understand patterns of abuse in order to root out bad actors among developers.

Facebook explained further

> that where it has concerns, it "conduct[s] a more intensive examination. This includes background investigation of the developer and a technical analysis of the app's activity on the platform. Depending on the results, a range of actions could be taken from requiring developers to submit to in-depth questioning, to conducting inspections or banning an app from the platform.

https://about.fb.com/news/2019/an-update-on-our-app-developer-investigation/. Facebook told the public about its investigation, including the background and technical analysis it now claims is privileged work product, to assure the public that Facebook was cleaning up its platform and thus generate trust in its site—a classic business purpose. The ADI team members Facebook identified were enlisted to help Facebook "better understand patterns of abuse in order to root out bad actors."

In light of Facebook's own statements, the Court finds that Facebook would have conducted the ADI in substantially the same form even in the absence of potential litigation; that is, that Facebook did not initiate the ADI because of the prospect of litigation. *See Phoenix Techs. Ltd. v. VMware, Inc.*, 195 F. Supp. 3d 1096, 1105 (N.D. Cal. 2016) (holding that dual purpose documents were not protected work product because they served a business purpose independent of litigation). Facebook's assertion that the ADI served *only* a litigation purpose (Dkt. No. 727 at 3) is patently implausible in light of Facebook's public pronouncements. It is inconceivable that Facebook would not have initiated a speedy, large-scale-subject matter specialist investigation into

app data misuse in the absence of potential litigation. Such assertion could only be true if the Court found that Facebook was lying to the public when it stated that the purpose of the ADI was to root out bad apps and secure Facebook's platform so that consumers could have faith in the company. Facebook, unsurprisingly, does not offer any evidence to support such a finding. Indeed, after asking the Court for the opportunity to submit additional evidence, it provided a declaration from outside counsel which does not even acknowledge these statements. There is no evidence from anyone at Facebook that addresses the repeated public proclamations as to the obvious business purpose of the ADI.

Facebook's suggestion that these materials may also be protected by the attorney-client privilege is unpersuasive given that Plaintiffs are not seeking documents created by counsel, counsel's edits, or any communications with counsel. Facebook has not explained how a non-attorney's interview or audit of a developer would be protected from discovery by the attorney-client privilege under federal law. At best such material would be attorney work product. For the reasons explained above, it is not under the totality of the circumstances here given Facebook's public exhortations of the business purpose behind its ADI.

## MOTION TO STRIKE

Facebook moves to strike Plaintiffs' response to Facebook's supplemental declaration. (Dkt. No. 727.) For the most part the response addresses the declaration and thus is unobjectionable. The new argument as to the attorney-client privilege "primary purpose" test is stricken and, in any event, is moot as the Court is not addressing the application of the attorney-client privilege. The documents discussed in this Order—background and technical reports, audits, and interviews prepared and conducted by non-attorneys—are work product, not attorney-client privilege material. The Court has nonetheless reviewed Facebook's motion to strike's substantive arguments, including the cases buried in footnote 1, and none persuade the Court otherwise.

## CONCLUSION

In light of Facebook's unchallenged public proclamations as to the business purpose of the ADI, the Court finds that the ADI served a dual purpose and that, as a general matter, documents

United States District Court
Northern District of California

1   generated as part of that investigation were not created because of litigation.  On or before

2   September 21, 2021, Facebook shall produce the background and technical reports, audits and

3   developer interviews of the six exemplar apps chosen by the parties as Facebook has offered no

4   special reasons why those particular documents are privileged other than what has been addressed.

5   The parties shall work with the Special Master regarding production of additional materials

6   consistent with the guidance offered by this Order.

7           This Order disposes of Docket Nos. 611, 612, 699, 720, 727.

8           **IT IS SO ORDERED.**

9   Dated:  September 8, 2021

10

11

12  JACQUELINE SCOTT CORLEY
    United States Magistrate Judge

# EXHIBIT B

Thanks,
Martie

**Martie Kutscher Clark**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5348 • Fax +1 650.849.5048
MKutscherClark@gibsondunn.com • www.gibsondunn.com

---

**From:** David Ko <dko@KellerRohrback.com>
**Date:** Friday, September 24, 2021 at 7:49 PM
**To:** "Snyder, Orin" <OSnyder@gibsondunn.com>, "Stein, Deborah L."
<DStein@gibsondunn.com>, "Falconer, Russ" <RFalconer@gibsondunn.com>, "Kutscher Clark,
Martie" <MKutscherClark@gibsondunn.com>, "Mumm, Laura C."
<LMumm@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>, Cari Laufenberg
<claufenberg@KellerRohrback.com>, Benjamin Gould <bgould@KellerRohrback.com>, Chris
Springer <cspringer@KellerRohrback.com>, Lesley Weaver <lweaver@bfalaw.com>, Matt
Melamed <mmelamed@bfalaw.com>, Anne Davis <adavis@bfalaw.com>, Daniel Garrie
<DGarrie@jamsadr.com>, "Gail Andler (judgeandler@icloud.com)"
<judgeandler@icloud.com>
**Subject:** ADI

[WARNING: External Email]

We write to follow up on our prior correspondence regarding ADI on September 11, and your
production of 11 documents earlier this week in response to Judge Corley's September 9 order
granting Plaintiffs' motion to compel ADI materials. Doc. 736.

We first note that of the 11 documents you produced, two are letters to third-party app developers.
This is surprising to us since you previously represented several times that you already produced all
such communications. *See e.g.*, June 19, 2020 Hr'g T. 14:23-15:2 (Mr. Snyder: "[W]e did identify
third parties with respect to which we took certain enforcement measures. We sent them letters.
We terminated them. In a few cases, we sued them. All of Facebook's communications with those
third parties are fair game. We're going to produce those."); Facebook's Brief in Opposition to
Plaintiff's Request for ADI Materials, Doc. 612 at 5 ("Facebook further agreed to collect and produce
non-privileged materials relating to the Investigation and already produced more than 30,000 pages
of non-privileged materials from the Investigation, which are communications with third parties
about the Investigation."); Joint Discovery Dispute Letter to J. Corley, Doc. 699-1 ("Facebook has

produced a wealth of information: … Facebook's requests to and communications with the developers."). Contrary to these representations, you clearly have not produced all communications with third parties seeking your enforcement measures in light of your production of these two letters. Please produce all such communications immediately. We reserve all rights with respect to your prior inaccurate representations to Plaintiffs and the Court with regard to these communications.

Second, Judge Corley's Sept. 9 Order required Facebook to produce "background and technical reports, audits and developer interviews …" Doc. 736 at 7. The 11 documents you produced consisted of 9 memoranda from ████████ and ████████ – Facebook's outside consultants for ADI – and two cease and desist letters as noted above. Please confirm that you have not withheld any other documents pertaining to the six exemplar apps referenced in the Sept. 9 Order. If you have withheld any materials, please immediately provide the basis for doing so.

Third, as required by Judge Corley's order to work with Special Master Garrie regarding the production of additional materials related to ADI and our prior request to meet and confer after review of your production, we request all memoranda prepared by ████████ and/or ████ ████ related to ADI of all apps it investigated or investigated at Facebook's direction, the background and technical reports, audits, and developer interviews, and internal Facebook communications regarding these materials (including those pertaining to the six exemplar apps).

We are available to confer next week on these issues if necessary.  Thank you.

----------------------------
David Ko
Attorney - Complex Litigation
Keller Rohrback L.L.P.

Phone: (206) 428-0562
Email: dko@kellerrohrback.com
http://www.krcomplexlit.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended

recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

EXHIBIT C

| | |
|---|---|
| **From:** | David Ko |
| **To:** | Kutscher Clark, Martie; Snyder, Orin; Stein, Deborah L.; Falconer, Russ; Mumm, Laura C. |
| **Cc:** | Derek Loeser; Cari Laufenberg; Benjamin Gould; Chris Springer; Lesley Weaver; Matt Melamed; Anne Davis; Daniel Garrie; Gail Andler (judgeandler@icloud.com) |
| **Subject:** | RE: ADI |
| **Date:** | Wednesday, October 20, 2021 11:05:24 AM |

Counsel,

We write to follow up on our meet and confer last week regarding production of materials related to ADI pursuant to Judge Corley's Sept. 9, 2021 order. We write to confirm that we seek production of the materials we identified in our Sept. 24 correspondence to you, consistent with the plain language of Judge Corley's order and your Sept. 21 production of the 11 FTI and Stroz memoranda. Plaintiffs specifically request that Facebook produce the following documents related to phases two and three of the ADI:

1. All memoranda prepared by █████████ or ██████████;

2. All background reports, technical reports, audits, and developer interviews;

3. All internal Facebook communications relating to items 1 and 2.

4. All communications with █████████ or █████████ related to items 1 and 2.

Plaintiffs also pointed to the two newly produced communications with third-party app developers, and ask that Facebook complete its production of such documents. *See e.g.*, June 19, 2020 Hr'g T. 14:23-15:2 (Mr. Snyder: "[W]e did identify third parties with respect to which we took certain enforcement measures. We sent them letters. We terminated them. In a few cases, we sued them. All of Facebook's communications with those third parties are fair game. We're going to produce those.")

With respect to other communications we discussed, we clarify that while we reserve the right to seek production of any and all communications related to ADI in light of Judge Corley's ruling, we are willing to forego at this time production of communications only involving attorneys  (with limited distribution and within the zone of privilege), even though we are entitled to them under the dual purpose doctrine. *See U.S. v. Richey*, 632 F. 3d 559, 568 (9th Cir. 2011) (where a document was not prepared exclusively for litigation, it qualifies for work-product protection only if it "'"would not have been created in substantially similar form but for the prospect of litigation"'") (citations omitted); *In re Grand Jury*, 13 F.4th 710 (9th Cir. 2021) (holding that the primary-purpose test applies to attorney-client privilege claims for dual-purpose communications). To be clear, we do seek all other communications related to the categories identified in Judge Corley's order or those related to any ADI memoranda prepared by ██ or ███.

Thank you.


----------------------------
David Ko
Attorney - Complex Litigation
Keller Rohrback L.L.P.

Phone: (206) 428-0562
Email: dko@kellerrohrback.com
http://www.krcomplexlit.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may

be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

**From:** Kutscher Clark, Martie <MKutscherClark@gibsondunn.com>
**Sent:** Tuesday, October 12, 2021 11:42 AM
**To:** David Ko <dko@KellerRohrback.com>; Snyder, Orin <OSnyder@gibsondunn.com>; Stein, Deborah L. <DStein@gibsondunn.com>; Falconer, Russ <RFalconer@gibsondunn.com>; Mumm, Laura C. <LMumm@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>; Cari Laufenberg <claufenberg@KellerRohrback.com>; Benjamin Gould <bgould@KellerRohrback.com>; Chris Springer <cspringer@KellerRohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; Matt Melamed <mmelamed@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Daniel Garrie <DGarrie@jamsadr.com>; Gail Andler (judgeandler@icloud.com) <judgeandler@icloud.com>
**Subject:** Re: ADI

David,

2:30 works for us.  I will send you a dial-in.

Thanks,
Martie

**Martie Kutscher Clark**

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5348 • Fax +1 650.849.5048
MKutscherClark@gibsondunn.com • www.gibsondunn.com

**From:** David Ko <dko@KellerRohrback.com>
**Date:** Monday, October 11, 2021 at 6:22 PM
**To:** "Kutscher Clark, Martie" <MKutscherClark@gibsondunn.com>, "Snyder, Orin" <OSnyder@gibsondunn.com>, "Stein, Deborah L." <DStein@gibsondunn.com>, "Falconer, Russ" <RFalconer@gibsondunn.com>, "Mumm, Laura C." <LMumm@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>, Cari Laufenberg <claufenberg@KellerRohrback.com>, Benjamin Gould <bgould@KellerRohrback.com>, Chris Springer <cspringer@KellerRohrback.com>, Lesley Weaver <lweaver@bfalaw.com>, Matt Melamed <mmelamed@bfalaw.com>, Anne Davis <adavis@bfalaw.com>, Daniel Garrie <DGarrie@jamsadr.com>, "Gail Andler (judgeandler@icloud.com)" <judgeandler@icloud.com>
**Subject:** RE: ADI

[WARNING: External Email]

---------------------------

David Ko
Attorney - Complex Litigation
Keller Rohrback L.L.P.

Phone: (206) 428-0562
Email: dko@kellerrohrback.com
http://www.krcomplexlit.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

**From:** Kutscher Clark, Martie <MKutscherClark@gibsondunn.com>
**Sent:** Monday, October 11, 2021 3:34 PM
**To:** David Ko <dko@KellerRohrback.com>; Snyder, Orin <OSnyder@gibsondunn.com>; Stein, Deborah L. <DStein@gibsondunn.com>; Falconer, Russ <RFalconer@gibsondunn.com>; Mumm, Laura C. <LMumm@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>; Cari Laufenberg <claufenberg@KellerRohrback.com>; Benjamin Gould <bgould@KellerRohrback.com>; Chris Springer <cspringer@KellerRohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; Matt Melamed <mmelamed@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Daniel Garrie <DGarrie@jamsadr.com>; Gail Andler (judgeandler@icloud.com) <judgeandler@icloud.com>
**Subject:** Re: ADI

David,

We obviously disagree with much of what you say below.  We are not available today, but Deb and I are available to discuss these issues with you tomorrow at 2pm.  Please let us know if that works for you.  We suggest a discussion with a smaller group would be most productive.

Thanks,
Martie

**Martie Kutscher Clark**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5348 • Fax +1 650.849.5048
MKutscherClark@gibsondunn.com • www.gibsondunn.com

**From:** David Ko <dko@KellerRohrback.com>
**Date:** Friday, October 8, 2021 at 4:58 PM
**To:** "Kutscher Clark, Martie" <MKutscherClark@gibsondunn.com>, "Snyder, Orin" <OSnyder@gibsondunn.com>, "Stein, Deborah L." <DStein@gibsondunn.com>, "Falconer, Russ" <RFalconer@gibsondunn.com>, "Mumm, Laura C." <LMumm@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>, Cari Laufenberg <claufenberg@KellerRohrback.com>, Benjamin Gould <bgould@KellerRohrback.com>, Chris Springer <cspringer@KellerRohrback.com>, Lesley Weaver <lweaver@bfalaw.com>, Matt Melamed <mmelamed@bfalaw.com>, Anne Davis <adavis@bfalaw.com>, Daniel Garrie <DGarrie@jamsadr.com>, "Gail Andler (judgeandler@icloud.com)" <judgeandler@icloud.com>
**Subject:** RE: ADI

[WARNING: External Email]


On the ADI issue, we would like to meet and confer on Monday, which would be 17 days after we first requested to confer. We expect to reach agreement or agreement to disagree about the next tranche of ADI production during that discussion. Please let us know your availability on that day.

We would also like to discuss what you are doing to undertake a reasonable effort to ensure that communications with developers about ADI that were not sent through the Developer Outreach account are collected and produced.

In addition, Judge Corley's order required the production of "the background and technical reports, audits and developer interviews of the six exemplar apps."  You write that your production "includes background and technical reports" associated with these apps.  Does it include all such background and technical reports? Audits and developer interviews? Relatedly, during our extended discovery mediations on this issue, you repeatedly informed the discovery mediators that the volume of ADI materials was enormous. Indeed the privilege log for just the six exemplar apps included ~12,000 entries alone.  Why is the production related to the exemplar apps so minimal?

Finally, there is a false equivalence you are making between your allegedly outstanding requests below (which include mediated impasse topics), and our request to engage in a Court-ordered meet and confer regarding an order it issued resolving a discovery dispute that has lasted for nearly 18 months.

We look forward to speaking on Monday.

----------------------------
David Ko
Attorney - Complex Litigation

Keller Rohrback L.L.P.

Phone: (206) 428-0562
Email: dko@kellerrohrback.com
http://www.krcomplexlit.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

**From:** Kutscher Clark, Martie <MKutscherClark@gibsondunn.com>
**Sent:** Thursday, October 7, 2021 10:52 PM
**To:** David Ko <dko@KellerRohrback.com>; Snyder, Orin <OSnyder@gibsondunn.com>; Stein, Deborah L. <DStein@gibsondunn.com>; Falconer, Russ <RFalconer@gibsondunn.com>; Mumm, Laura C. <LMumm@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>; Cari Laufenberg <claufenberg@KellerRohrback.com>; Benjamin Gould <bgould@KellerRohrback.com>; Chris Springer <cspringer@KellerRohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; Matt Melamed <mmelamed@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Daniel Garrie <DGarrie@jamsadr.com>; Gail Andler (judgeandler@icloud.com) <judgeandler@icloud.com>
**Subject:** Re: ADI

David,

There are many inaccuracies in your email below.

First, Facebook produced the letter from Mr. Southwell to Mr. Nasa dated March 30, 2018 on July 8, 2020.  Plaintiffs have had this letter for more than 18 months.

The letter from Mr. Southwell dated March 13, 2019 was not previously produced because it appears Facebook's Developer Outreach email account was not copied on the transmission of this particular letter.  Of course we did not represent that we had located and produced every single communication any agent of Facebook ever had with a third party relating to ADI.  Facebook represented that it was not asserting privilege over third party communications responsive to RFP 21.  As you know, the parties agreed in May 2020 that Facebook would conduct a targeted collection in response to this RFP, and we discussed at that time that Facebook would do so by collecting materials from an email account it used in connection with ADI (the Developer Outreach account).  As we discussed, while this is the email account that was typically used to communicate with developers about ADI, it is not the only possible way that they could have been contacted.

Second, you suggest Facebook has not produced all of the documents Judge Corley ordered Facebook to produce on September 9.  Facebook has.  Our September 21 production includes background and technical reports associated with each of the six exemplar apps, as well as two Cease & Desist letters to Social Video Downloader, which each separately demand an audit in the bolded paragraph on the first page of the letters. To be clear, although Facebook made this audit

demand to Social Video Downloader, ADI did not conduct audits or developer interviews for any of these apps.

We are happy to meet and confer about next steps under Judge Coley's order.  As you know, this week has been difficult to schedule as we have been focused on mediation efforts.  We suggest it would be most productive to meet and confer next week when everyone on our team and at our client can focus more on this issue.  Please let us know what days you are available.

Finally, you suggest we have been unduly delayed in taking a few days to look into your questions and respond to them.  As you know this case has many moving parts, and we appreciate everyone's professional courtesy as we work through issues.  We note that we currently have numerous outstanding inquiries to Plaintiffs, some of which have been pending for six months.  We are awaiting responses on at least the following items:

- Ms. Mumm's September 15 email regarding the date ranges for certain of Plaintiffs' discovery requests

- Ms. Mumm's September 16 email regarding Plaintiffs' request for further information relating to the Named Plaintiffs

- Ms. Stein's September 21 letter regarding the Named Plaintiffs' depositions

- Mr. Swanson's September 24 email regarding search terms for the Named Plaintiffs' documents

- Ms. Stein's April 1 letter regarding the Named Plaintiffs' Data, Business Partners, and other items.

- Ms. Herbert's August 18 email regarding Named Plaintiffs' responses to Facebook's Interrogatory No. 1.  While Plaintiffs' have provided certain information concerning Ms. Burk they have yet to provide information concerning the balance of Ms. Herbert's email.

- Ms. Stein's October 7 letter regarding deposition dates.

Thank you,
Martie


**Martie Kutscher Clark**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5348 • Fax +1 650.849.5048
MKutscherClark@gibsondunn.com • www.gibsondunn.com

**From:** David Ko <dko@KellerRohrback.com>
**Date:** Wednesday, October 6, 2021 at 10:00 AM
**To:** "Kutscher Clark, Martie" <MKutscherClark@gibsondunn.com>, "Snyder, Orin"
<OSnyder@gibsondunn.com>, "Stein, Deborah L." <DStein@gibsondunn.com>, "Falconer,
Russ" <RFalconer@gibsondunn.com>, "Mumm, Laura C." <LMumm@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>, Cari Laufenberg
<claufenberg@KellerRohrback.com>, Benjamin Gould <bgould@KellerRohrback.com>, Chris
Springer <cspringer@KellerRohrback.com>, Lesley Weaver <lweaver@bfalaw.com>, Matt
Melamed <mmelamed@bfalaw.com>, Anne Davis <adavis@bfalaw.com>, Daniel Garrie
<DGarrie@jamsadr.com>, "Gail Andler (judgeandler@icloud.com)"
<judgeandler@icloud.com>
**Subject:** RE: ADI

**[WARNING: External Email]**


We are also following up on the below and our request to meet and confer regarding ADI. On
September 24, we specifically identified additional materials Facebook should produce consistent
with Judge Corley's order and asked for a date you could meet and confer. On September 29, you
said you were considering our request and proposed conferring on Thursday, October 7.  We
responded on September 30 asking for an earlier time to talk.  You didn't respond.

Please let us know when you're available to meet and confer before Friday. In the alternative, please
provide a response to our request in writing before Friday. If you don't provide a time to meet and
confer or provide a written response to our request before Friday, we will ask Special Master Garrie
to conduct a hearing regarding Facebook's additional production of ADI materials. Thank you.


----------------------------
David Ko
Attorney - Complex Litigation
Keller Rohrback L.L.P.

Phone: (206) 428-0562
Email: dko@kellerrohrback.com
http://www.krcomplexlit.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may
be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual
entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the
intended recipient, any dissemination, distribution or copying is strictly prohibited.

**From:** David Ko
**Sent:** Thursday, September 30, 2021 10:25 AM

**To:** Kutscher Clark, Martie <[MKutscherClark@gibsondunn.com](mailto:MKutscherClark@gibsondunn.com)>; Snyder, Orin <[OSnyder@gibsondunn.com](mailto:OSnyder@gibsondunn.com)>; Stein, Deborah L. <[DStein@gibsondunn.com](mailto:DStein@gibsondunn.com)>; Falconer, Russ <[RFalconer@gibsondunn.com](mailto:RFalconer@gibsondunn.com)>; Mumm, Laura C. <[LMumm@gibsondunn.com](mailto:LMumm@gibsondunn.com)>
**Cc:** Derek Loeser <[dloeser@KellerRohrback.com](mailto:dloeser@KellerRohrback.com)>; Cari Laufenberg <[claufenberg@KellerRohrback.com](mailto:claufenberg@KellerRohrback.com)>; Benjamin Gould <[bgould@KellerRohrback.com](mailto:bgould@KellerRohrback.com)>; Chris Springer <[cspringer@KellerRohrback.com](mailto:cspringer@KellerRohrback.com)>; Lesley Weaver <[lweaver@bfalaw.com](mailto:lweaver@bfalaw.com)>; Matt Melamed <[mmelamed@bfalaw.com](mailto:mmelamed@bfalaw.com)>; Anne Davis <[adavis@bfalaw.com](mailto:adavis@bfalaw.com)>; Daniel Garrie <[DGarrie@jamsadr.com](mailto:DGarrie@jamsadr.com)>; Gail Andler ([judgeandler@icloud.com](mailto:judgeandler@icloud.com)) <[judgeandler@icloud.com](mailto:judgeandler@icloud.com)>
**Subject:** RE: ADI

Martie – are you available to confer earlier on either Monday 10/4 or Tuesday 10/5? Next Friday is out given the all-day mediation w/ Judge Gahndi. We are happy to discuss just the third item while you look into the first two so we can make progress. We can be available on Monday between 11-1 and Tuesday afternoon any time after 3. Thank you.

-----------------------------
David Ko
Attorney - Complex Litigation
Keller Rohrback L.L.P.

Phone: (206) 428-0562
Email: [dko@kellerrohrback.com](mailto:dko@kellerrohrback.com)
[http://www.krcomplexlit.com](http://www.krcomplexlit.com)

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

**From:** Kutscher Clark, Martie <[MKutscherClark@gibsondunn.com](mailto:MKutscherClark@gibsondunn.com)>
**Sent:** Wednesday, September 29, 2021 11:12 AM
**To:** David Ko <[dko@KellerRohrback.com](mailto:dko@KellerRohrback.com)>; Snyder, Orin <[OSnyder@gibsondunn.com](mailto:OSnyder@gibsondunn.com)>; Stein, Deborah L. <[DStein@gibsondunn.com](mailto:DStein@gibsondunn.com)>; Falconer, Russ <[RFalconer@gibsondunn.com](mailto:RFalconer@gibsondunn.com)>; Mumm, Laura C. <[LMumm@gibsondunn.com](mailto:LMumm@gibsondunn.com)>
**Cc:** Derek Loeser <[dloeser@KellerRohrback.com](mailto:dloeser@KellerRohrback.com)>; Cari Laufenberg <[claufenberg@KellerRohrback.com](mailto:claufenberg@KellerRohrback.com)>; Benjamin Gould <[bgould@KellerRohrback.com](mailto:bgould@KellerRohrback.com)>; Chris Springer <[cspringer@KellerRohrback.com](mailto:cspringer@KellerRohrback.com)>; Lesley Weaver <[lweaver@bfalaw.com](mailto:lweaver@bfalaw.com)>; Matt Melamed <[mmelamed@bfalaw.com](mailto:mmelamed@bfalaw.com)>; Anne Davis <[adavis@bfalaw.com](mailto:adavis@bfalaw.com)>; Daniel Garrie <[DGarrie@jamsadr.com](mailto:DGarrie@jamsadr.com)>; Gail Andler ([judgeandler@icloud.com](mailto:judgeandler@icloud.com)) <[judgeandler@icloud.com](mailto:judgeandler@icloud.com)>
**Subject:** Re: ADI

Hi David,

We are looking into the questions you raise below and we are happy to discuss next week.  Why don't we plan to meet and confer next Thursday or Friday, after the mediation with Judge Gandhi. Please let us know what times you have available those days.

Thanks,
Martie

**Martie Kutscher Clark**

### GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5348 • Fax +1 650.849.5048
MKutscherClark@gibsondunn.com • www.gibsondunn.com

---

**From:** David Ko <dko@KellerRohrback.com>
**Date:** Friday, September 24, 2021 at 7:49 PM
**To:** "Snyder, Orin" <OSnyder@gibsondunn.com>, "Stein, Deborah L."
<DStein@gibsondunn.com>, "Falconer, Russ" <RFalconer@gibsondunn.com>, "Kutscher Clark,
Martie" <MKutscherClark@gibsondunn.com>, "Mumm, Laura C."
<LMumm@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>, Cari Laufenberg
<claufenberg@KellerRohrback.com>, Benjamin Gould <bgould@KellerRohrback.com>, Chris
Springer <cspringer@KellerRohrback.com>, Lesley Weaver <lweaver@bfalaw.com>, Matt
Melamed <mmelamed@bfalaw.com>, Anne Davis <adavis@bfalaw.com>, Daniel Garrie
<DGarrie@jamsadr.com>, "Gail Andler (judgeandler@icloud.com)"
<judgeandler@icloud.com>
**Subject:** ADI

[WARNING: External Email]

We write to follow up on our prior correspondence regarding ADI on September 11, and your
production of 11 documents earlier this week in response to Judge Corley's September 9 order
granting Plaintiffs' motion to compel ADI materials. Doc. 736.

We first note that of the 11 documents you produced, two are letters to third-party app developers.
This is surprising to us since you previously represented several times that you already produced all
such communications. *See e.g.*, June 19, 2020 Hr'g T. 14:23-15:2 (Mr. Snyder: "[W]e did identify
third parties with respect to which we took certain enforcement measures. We sent them letters.
We terminated them. In a few cases, we sued them. All of Facebook's communications with those
third parties are fair game. We're going to produce those."); Facebook's Brief in Opposition to
Plaintiff's Request for ADI Materials, Doc. 612 at 5 ("Facebook further agreed to collect and produce
non-privileged materials relating to the Investigation and already produced more than 30,000 pages
of non-privileged materials from the Investigation, which are communications with third parties
about the Investigation."); Joint Discovery Dispute Letter to J. Corley, Doc. 699-1 ("Facebook has

produced a wealth of information: … Facebook's requests to and communications with the developers."). Contrary to these representations, you clearly have not produced all communications with third parties seeking your enforcement measures in light of your production of these two letters. Please produce all such communications immediately. We reserve all rights with respect to your prior inaccurate representations to Plaintiffs and the Court with regard to these communications.

Second, Judge Corley's Sept. 9 Order required Facebook to produce "background and technical reports, audits and developer interviews …" Doc. 736 at 7. The 11 documents you produced consisted of 9 memoranda from ████████ and ████████ – Facebook's outside consultants for ADI – and two cease and desist letters as noted above. Please confirm that you have not withheld any other documents pertaining to the six exemplar apps referenced in the Sept. 9 Order. If you have withheld any materials, please immediately provide the basis for doing so.

Third, as required by Judge Corley's order to work with Special Master Garrie regarding the production of additional materials related to ADI and our prior request to meet and confer after review of your production, we request all memoranda prepared by ████████ and/or ████ ████ related to ADI of all apps it investigated or investigated at Facebook's direction, the background and technical reports, audits, and developer interviews, and internal Facebook communications regarding these materials (including those pertaining to the six exemplar apps).

We are available to confer next week on these issues if necessary.  Thank you.

----------------------------
David Ko
Attorney - Complex Litigation
Keller Rohrback L.L.P.

Phone: (206) 428-0562
Email: dko@kellerrohrback.com
http://www.krcomplexlit.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended

recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

## <u>PROOF OF SERVICE BY E-Mail</u>

Re: In re: Facebook, Inc. Consumer Privacy User Profile Litigation (Special Master)
Reference No. 1200058674

I, Anne Lieu, not a party to the within action, hereby declare that on  October 26, 2021, I served the

attached Order Regarding Outstanding ADI Issues on the parties in the within action by electronic mail at El

Monte, CALIFORNIA, addressed as follows:

Martie P. Kutscher Clark Esq.
Gibson Dunn & Crutcher
1881 Page Mill Rd.
Palo Alto, CA   94304-1125
Phone: 650-849-5300
mkutscher@gibsondunn.com
    Parties Represented:
    Facebook, Inc.

Deborah L. Stein Esq.
Alexander P. Swanson Esq.
Gibson Dunn & Crutcher
333 S. Grand Ave.
52nd Floor
Los Angeles, CA   90071-3197
Phone: 213-229-7000
dstein@gibsondunn.com
aswanson@gibsondunn.com
    Parties Represented:
    Facebook, Inc.

David J. Ko Esq.
Derek W. Loeser Esq.
Cari C. Laufenberg Esq.
Keller Rohrback LLP
1201 Third Ave.
Suite 3200
Seattle, WA   98101-3052
Phone: 206-623-1900
dko@kellerrohrback.com
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com
    Parties Represented:
    Bridgett Burk
    Cheryl Senko
    Jason Ariciu
    Jordan O'Hara
    Rev. Anthony Bell
    Samuel Armstrong
    Steven Akins
    Terry Fischer
    Tyler King

Chris Springer Esq.
Keller Rohrback LLP
801 Garden St.
Suite 301
Santa Barbara, CA   93101
Phone: 805-456-1496
cspringer@kellerrohrback.com
    Parties Represented:
    Bridgett Burk
    Cheryl Senko
    Jason Ariciu
    Jordan O'Hara
    Rev. Anthony Bell
    Samuel Armstrong
    Steven Akins
    Terry Fischer
    Tyler King

Lesley E. Weaver Esq.
Anne Davis
Matthew Montgomery Esq.
Bleichmar Fonti & Auld LLP
555 12th St.
Suite 1600
Oakland, CA   94607-3616
Phone: 415-445-4003
lweaver@bfalaw.com
adavis@bfalaw.com
mmontgomery@bfalaw.com
    Parties Represented:
    Bridgett Burk
    Cheryl Senko
    Jason Ariciu
    Jordan O'Hara
    Rev. Anthony Bell
    Samuel Armstrong
    Steven Akins
    Terry Fischer
    Tyler King

Orin S. Snyder Esq.
Gibson Dunn & Crutcher
200 Park Ave.
47th Floor
New York, NY   10166-0193
Phone: 212-351-4000
osnyder@gibsondunn.com
    Parties Represented:
    Facebook, Inc.

Russell H. Falconer Esq.
Gibson Dunn & Crutcher
2001 Ross Ave.
Suite 2100
Dallas, TX   75201
Phone: 214-698-3100
rfalconer@gibsondunn.com
    Parties Represented:
    Facebook, Inc.

Laura C. Mumm
Gibson Dunn & Crutcher
200 Park Ave.

Matthew S. Melamed Esq.
Angelica M. Ornelas Esq.
Joshua D. Samra Esq.
Bleichmar Fonti & Auld LLP
555 12th St.
Suite 1600
Oakland, CA   94607-3616
Phone: 415-445-4003
mmelamed@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com
    Parties Represented:
    Bridgett Burk
    Cheryl Senko
    Jason Ariciu
    Jordan O'Hara
    Rev. Anthony Bell
    Samuel Armstrong
    Steven Akins
    Terry Fischer
    Tyler King

Joshua S. Lipshutz Esq.
Gibson Dunn & Crutcher
1050 Connecticut Ave NW
Washington, DC   20036
Phone: 202-9558500
JLipshutz@gibsondunn.com
    Parties Represented:
    Facebook, Inc.

Colin B. Davis Esq.
Gibson Dunn & Crutcher
3161 Michelson Dr.
Irvine, CA   92612-4412
Phone: 949-451-3800
cdavis@gibsondunn.com
    Parties Represented:
    Facebook, Inc.

New York, NY   10166
Phone: 212-351-4000
LMumm@gibsondunn.com
    Parties Represented:
    Facebook, Inc.

       I declare under penalty of perjury the foregoing to be true and correct. Executed at El Monte,

CALIFORNIA on  October 26, 2021.


/s/ Anne Lieu
Anne Lieu
JAMS
alieu@jamsadr.com