GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**STATEMENT IN SUPPORT OF FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE: BUSINESS PARTNERS** |

Gibson, Dunn & Crutcher LLP

Statement In Support Of Facebook's Administrative Motion To File Under Seal Special Master's Order Re Business Partners
Case No. 3:18-md-02843-VC

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Statement in Support of its November 19, 2021 Administrative Motion to File Under Seal Special Master's Order Re: Business Partners (Dkt. 760). Specifically, Facebook moves to permanently seal limited portions of Special Master Garrie's November 2, 2021 Order Re: Business Partners and supporting exhibits (the "Order") that contain Facebook's responses to Plaintiffs' interrogatories as well as quotations and descriptions of Facebook communications, documents, and deposition testimony that reveal Facebook's confidential business information, strategies, and relationships. For the reasons explained below, there is good cause to seal permanently this information, and Facebook's request is narrowly tailored.

## I.  Background

In September 2021, Special Master Garrie and Judge Gail Andler declared the parties were at an impasse in their efforts to mediate the issue of Facebook's responses to interrogatories seeking information regarding Facebook's business partners. Order ¶ 10. Plaintiffs submitted an opening brief on September 28, 2021; Facebook submitted an opposition brief on October 14, 2021; and Plaintiffs submitted a reply on October 19, 2021. Plaintiffs submitted documents with their briefs that Facebook produced in discovery as Confidential or Highly Confidential – Attorneys' Eyes Only under the Protective Order in this case. *See* Dkt. 122. Plaintiffs also quoted and discussed these documents in their briefs. *See* Order Exs. I, K. These documents included: Facebook's responses to Plaintiffs' interrogatories, which identified third parties with whom Facebook has business partnerships, Order Ex. F; deposition testimony from Facebook's Rule 30(b)(6) representatives, *e.g.*, Order Ex. I at 5; and internal Facebook communications and documents that reveal Facebook's confidential business information, strategy, and relationships, *e.g.*, Order Ex. K at 4. In opposition, Facebook discussed and quoted passages from these documents. *E.g.*, Order Ex. J at 7.

On November 2, 2021, Special Master Garrie issued the Order resolving the parties' dispute. In support of Special Master Garrie's findings, the Order attaches Facebook's responses to Plaintiffs' interrogatories, which identified third parties with whom Facebook has business partnerships and commercially sensitive information regarding Facebook's relationships with those partners. Order

1

STATEMENT IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE BUSINESS PARTNERS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Ex. F.  The Order also attaches the parties' briefs that quote and describe certain Facebook communications, documents, and testimony revealing Facebook's commercially sensitive information.  *E.g.*, Order Ex I at 3 (quoting testimony of Facebook's Rule 30(b)(6) representative); *see generally* Order Exs. I, J, K.

Special Master Garrie instructed the parties to file the Order on the docket under seal by November 19, 2021.

On November 19, 2021, Facebook filed its Administrative Motion To File Under Seal Special Master's Order Re: Business Partners, with the understanding that it would file supporting papers and proposed redactions within five business days.  Dkt. 760.  Facebook now submits this Statement in Support of the Administrative Motion To File Under Seal.

**II.      The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits.**

When a party seeks to seal judicial records related to the merits of a case, there is a "strong presumption in favor of" public access to the records.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  But this high standard does not apply where, as here, the information a party seeks to seal is "unrelated or only tangentially related to the merits of a case."  *Doe v. Walmart, Inc.*, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Kamakana,* 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.).  Instead, courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored.  *Walmart*, at *1–*2.  Here, the Order relates to a discovery dispute regarding responses to interrogatories, not the merits of this action, so the good cause standard applies.  For the reasons explained below, there is good cause to permanently seal Facebook's limited proposed redactions.

**III.     There Is Good Cause To Seal Facebook's Limited Proposed Redactions.**

Consistent with Special Master Garrie's instructions to file his Order under seal, Facebook asks the Court to permanently seal limited portions of the Order that reveal Facebook's commercially sensitive business information, strategies, and relationships.  The limited proposed redactions appear

Gibson, Dunn & Crutcher LLP

2

STATEMENT IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE BUSINESS PARTNERS
CASE NO. 3:18-MD-02843-VC

within Facebook's responses to Plaintiffs' interrogatories, Order Ex. F, as well as the parties' underlying briefs, Order Exs. I, J, K. There is good cause to seal this information.

Facebook's responses to Plaintiffs' interrogatories reveal commercially sensitive information regarding Facebook's business programs, strategies, and relationships with its business partners. Swanson Decl. ¶¶ 4, 6. For example, the responses identify third parties with whom Facebook has business partnerships, including all "third parties to whom Facebook outsourced . . . the time, labor, and money required to build Facebook's Platform on different devices and operating systems." Order Ex. F at 64–67; *see also* Ex. J at 6:23, 7:1–6. The responses also reveal the purposes for which Facebook would partner with these entities and certain terms of the agreements. Order Ex. F at 63–64; *see also* Ex. I at 7:4–7. Finally, the responses provide detailed information regarding the architecture of Facebook's code with respect to privacy and the capabilities that were granted or denied to its business partners. *Id.* at 71–72.

The quotations and descriptions of documents, communications, and testimony within the parties' briefs reveal additional commercially sensitive information. Swanson Decl. ¶¶ 5, 6. The parties' briefs quote and summarize deposition testimony from Facebook's Rule 30(b)(6) representatives, revealing identities of certain companies that Facebook partnered with and details of their business arrangements. *E.g.*, Order Ex. I at 3:17–4:4, 5:17–18, Ex. J at 5:12–13, 7:11–8:1, 11:24. They also quote and describe internal Facebook communications and presentations that reveal commercially sensitive information regarding Facebook's business strategies and relationships. *E.g.*, Order Ex. I at 4:10–12, 5:17–18, 5:23–6:2, 6:6–22, 7:9–11; Ex. J at 8:5–7, 8:22–25; Ex. K at 1:19–21, 4:5–8, 4:11–22, 4:26–5:5: 5:8, 6:19–7:6. This includes a summary of an agreement—which Facebook produced in discovery and designated Highly Confidential – Attorneys' Eyes Only—between Facebook and another entity that reveals the identity of one of Facebook's partners and the terms of their agreement. *E.g.*, Order Ex. I at 4:12, 5:23–26; Ex. K at 4:10–12.

There is good cause to seal these limited portions of Facebook's responses to Plaintiffs' interrogatories and the parties' briefs because public disclosure may compromise Facebook's business relationships and the relationships of its partners, and may reveal Facebook's confidential business in-

Gibson, Dunn & Crutcher LLP

3

STATEMENT IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE BUSINESS PARTNERS
CASE NO. 3:18-MD-02843-VC

formation, strategies, and relationships that its competitors could use to Facebook's commercial disadvantage. Swanson Decl. ¶ 6; *see, e.g.*, *Baird v. BlackRock Institutional Tr. Co.*, N.A., 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (finding "sufficiently compelling reason to seal" documents containing "confidential business and financial information"); *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 3642177, at *6 (S.D. Cal. Aug. 1, 2019) (granting a motion to seal information that, if publicly disclosed, would have "identif[ied]" certain "business relationships"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at * 26 (N.D. Cal. Aug. 9, 2015) (granting a motion to seal document descriptions that "reflect[ed] and convey[ed] confidential, proprietary information about Endo's business operations as well as its strategies"). Courts routinely seal commercially sensitive information that "competitors would be able to take advantage of" and use unfairly if disclosed. *Asetek Danmark A/S v.CMI USA, Inc.*, 2015 WL 4511036 at *2 (N.D. Cal. July 23, 2015); *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (granting writ of mandamus and sealing document that could be used "as [a] source[] of business information that might harm a litigant's competitive standing").

Because of the harm that would occur from public disclosure of information regarding Facebook's confidential business information, strategies, and relationships, the limited portions of Facebook's responses to Plaintiffs' interrogatories and the parties' briefs contained within the Order are highly sensitive and should be sealed permanently.

**IV.   The Limited Proposed Redactions Are Narrowly Tailored.**

Facebook's proposed redactions within the Order are narrowly tailored. Facebook's proposed redactions are confined to portions of exhibits to the Order that Special Master Garrie did not specifically quote or rely upon for his findings. Accordingly, the public is able to access the entirety of the Order and understand Special Master Garrie's findings and reasoning. With respect to the exhibits, Facebook's proposed redactions are limited to only those passages that identify entities that Facebook partnered with or reveal details of Facebook's business strategies and relationships. The public may still access the majority of the parties' briefs to understand the parties' arguments. The

4
STATEMENT IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE BUSINESS PARTNERS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

1  public does not require the names of the entities with which Facebook has business relationships, the
2  terms of Facebook's business relationships, or other commercially sensitive information to
3  understand the Special Master's findings regarding the scope of the definition of "business partners."
4  *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing
5  requests that were "narrowly tailored to protect [a company's] proprietary information").

6  Because Facebook's redactions are limited to only confidential information and the public
7  may still access the essential information within the Order to understand Special Master Garrie's
8  findings and reasoning, Facebook's redactions are narrowly tailored.

9  \*   \*   \*

10  For these reasons, Facebook respectfully requests that the Court grant its November 19, 2021
11  Administrative Motion To File Under Seal Special Master's Order Re: Business Partners (Dkt. 760),
12  consistent with Special Master Garrie's instructions.

5
STATEMENT IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE BUSINESS PARTNERS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

| | |
|---|---|
| Dated: November 30, 2021 | **GIBSON, DUNN & CRUTCHER, LLP** |
| | By: */s/ Martie Kutscher* |
| | Orin Snyder (*pro hac vice*) |
| | osnyder@gibsondunn.com |
| | 200 Park Avenue |
| | New York, NY 10166-0193 |
| | Telephone: 212.351.4000 |
| | Facsimile: 212.351.4035 |
| | |
| | Deborah Stein (SBN 224570) |
| | dstein@gibsondunn.com |
| | 333 South Grand Avenue |
| | Los Angeles, CA 90071-3197 |
| | Telephone: 213.229.7000 |
| | Facsimile: 213.229.7520 |
| | |
| | Joshua S. Lipshutz (SBN 242557) |
| | jlipshutz@gibsondunn.com |
| | 1050 Connecticut Avenue, N.W. |
| | Washington, DC 20036-5306 |
| | Telephone: 202.955.8500 |
| | Facsimile: 202.467.0539 |
| | |
| | Kristin A. Linsley (SBN 154148) |
| | klinsley@gibsondunn.com |
| | Martie Kutscher (SBN 302650) |
| | mkutscherclark@gibsondunn.com |
| | 555 Mission Street, Suite 3000 |
| | San Francisco, CA 94105-0921 |
| | Telephone: 415.393.8200 |
| | Facsimile: 415.393.8306 |
| | |
| | *Attorneys for Defendant Facebook, Inc.* |

Gibson, Dunn & Crutcher LLP

STATEMENT IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE BUSINESS PARTNERS
CASE NO. 3:18-MD-02843-VC