GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**STATEMENT IN SUPPORT OF FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE: FACEBOOK'S MOTION FOR PROTECTIVE ORDER AGAINST PRODUCTION OF API CALL LOGS** |

STATEMENT IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE: FACEBOOK'S MOTION FOR PROTECTIVE ORDER AGAINST PRODUCTION OF API CALL LOGS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Statement in Support of its Administrative Motion to File Under Seal limited portions of Special Master Garrie's November 8, 2021 Order Regarding Facebook's Motion for Protective Order Against Production of API Call Logs and supporting exhibits, which include the parties' briefing (the "Order"). Specifically, Facebook moves to seal permanently limited portions of the Order, and the briefing contained within. For the reasons explained below, there is good cause to seal permanently this information, and Facebook's request is narrowly tailored.

## I.    Background

The Parties have long disputed the reasonable scope of Plaintiffs' requests for Application Program Interface ("API") call log data. After the parties were unable to resolve the dispute through mediation, Facebook moved for a Protective Order with respect to two specific inaccessible tables, while agreeing to produce other API call data that is accessible.

On October 18, 2021, Facebook submitted its opening brief to Special Master Garrie on this issue. On November 8, 2021, Special Master Garrie issued the Order resolving the parties' dispute. In support of its findings, the text of the Order includes confidential and proprietary information relating to the API Call Log tables. The parties' briefs contained within the Order (Ex. B – Declaration of Mengge Ji in Support of Facebook's Motion for a Protective Order Against Production of API Call Logs; Ex. C – Facebook's Motion for Protective Order Against Production of API Call Logs; Ex. D – Plaintiff's Opposition to Facebook's Motion for Protective Order Against Production of API Call Logs; and Ex. E – Facebook's Reply in Support of Motion for a Protective Order Against Production of API Call Logs) also contain confidential information relating to the tables and quote or describe confidential documents.

Special Master Garrie instructed the parties to file the Order on the docket under seal by November 19, 2021. On November 19, 2021, Facebook filed its Administrative Motion To File Under Seal Special Master's Order Re: API Call Logs, with the understanding that it would file supporting papers and proposed redactions within five business days. Facebook now submits this Statement in Support of the Administrative Motion To File Under Seal.

Gibson, Dunn & Crutcher LLP

1

STATEMENT IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE:
FACEBOOK'S MOTION FOR PROTECTIVE ORDER AGAINST PRODUCTION OF API CALL LOGS
CASE NO. 3:18-MD-02843-VC

## II. The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits.

When a party seeks to seal judicial records related to the merits of a case, there is a "strong presumption in favor of" public access to the records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). But this high standard does not apply where, as here, the information a party seeks to seal is "unrelated or only tangentially related to the merits of a case." *Doe v. Walmart, Inc.*, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Kamakana,* 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action). Instead, courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Walmart*, at *1–*2. Here, the Order relates to a discovery dispute regarding a protective order, not the merits of this action, so the good cause standard applies. For the reasons explained below, there is good cause to permanently seal Facebook's limited proposed redactions.

## III. There Is Good Cause To Seal Facebook's Limited Proposed Redactions

Facebook asks the Court to seal permanently limited portions of the Order that reveal Facebook's commercially sensitive business information and strategies. The limited proposed redactions appear within the Order itself, as well as the parties' underlying briefing. Order Exs. B, C, D, and E. There is good cause to seal this information.

The Order and the parties' briefs cite and summarize highly confidential information relating to Facebook's API Call Log Tables. *E.g.*, Order at 1:4; Order Ex. B at 4:9–11, 5:14, attaching Exs. A–F of Ji Decl.; Order Ex. C at 4:15–27, 12:15–18; Order Ex. D at 8:5–9; Order Ex. E at 5:20–25. They also quote and describe internal Facebook communications and presentations that reveal commercially sensitive information relating to Facebook's API system generally. *See* Order Ex. D at 11:3–28, 12:26–28, 13:16–18; Order Ex. E at 5–10.

There is good cause to seal these limited portions of the Order and the parties' briefs because public disclosure may reveal Facebook's confidential business information, strategies, and relationships, including Facebook's cutting-edge, proprietary data storage and management technology and

2

Gibson, Dunn & Crutcher LLP

STATEMENT IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE: FACEBOOK'S MOTION FOR PROTECTIVE ORDER AGAINST PRODUCTION OF API CALL LOGS
CASE NO. 3:18-MD-02843-VC

capabilities, that its competitors could use to Facebook's commercial disadvantage. Swanson Decl. ¶ 6. Information about or from Facebook's databases and the structure of those databases would give competitors of Facebook an unfair advantage in implementing their own information management systems by examining the systems that Facebook created and designed for its own internal use. *Id.; see, e.g.*, *Baird v. BlackRock Institutional Tr. Co.*, N.A., 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (finding "sufficiently compelling reason to seal" documents containing "confidential business and financial information"); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at * 26 (N.D. Cal. Aug. 9, 2015) (granting a motion to seal document descriptions that "reflect[ed] and convey[ed] confidential, proprietary information about Endo's business operations as well as its strategies"). Courts routinely seal commercially sensitive information that "competitors would be able to take advantage of" and use unfairly if disclosed. *Asetek Danmark A/S v.CMI USA, Inc.*, 2015 WL 4511036 at *2 (N.D. Cal. July 23, 2015); *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (granting writ of mandamus and sealing document that could be used "as [a] source[] of business information that might harm a litigant's competitive standing"). Moreover, disclosure of this information would make it easier for hackers, spammers, or other bad actors to use this information to compromise Facebook's security systems. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569-70 (Courts also have found compelling reasons to seal information when court files might otherwise "become a vehicle for improper purposes, such as the use of records to . . . release trade secrets" or to circumvent a company's security systems) (internal quotation omitted); *In re Google Inc. Gmail Litig.*, 2014 WL 10537440, at *4 (N.D. Cal. Aug. 6, 2014) (holding that sealing was appropriate under the compelling reason standard where the disclosure of information "could lead to a breach in the security of the Gmail system"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (finding compelling reason existed to seal information that would make it easier to circumvent Google's detection systems).

Because of the harm that would occur from public disclosure of information regarding Facebook's confidential business information and strategies, including information about its proprietary

3
Gibson, Dunn & Crutcher LLP

STATEMENT IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE: FACEBOOK'S MOTION FOR PROTECTIVE ORDER AGAINST PRODUCTION OF API CALL LOGS
CASE NO. 3:18-MD-02843-VC

data storage technology and capabilities, the limited portions of the Order and the parties' briefs contained within the Order are highly sensitive and should be sealed permanently.

### IV. The Limited Proposed Redactions Are Narrowly Tailored

Facebook's proposed redactions within the Order are narrowly tailored. Facebook's proposed redactions are confined to portions of the Order and briefing within that Special Master Garrie did not specifically rely upon for his findings. These proposed redactions are also limited to only those passages and charts that identify specific elements of the API Call Log tables, including their internal names, exact size, function, data fields, and date range, as well as communications and presentations that reveal commercially sensitive information regarding Facebook's App Developer Investigation ("ADI") and Facebook's API system generally. *See* Swanson Decl. ¶¶ 8–9; *See also* Dkt. 743; Dkt. 743-2 at ¶¶ 15–16.

The public does not require the confidential information redacted relating to the API Call Log tables to understand the parties' arguments and the Special Master's reasoning. Facebook's internal names for the tables are not necessary, as the Web, Mobile, and Method titles respectively are sufficient to identify the tables. Data relating to the exact size of these tables is not necessary, as the redacted Order and briefing within explains how the tables' size and structurally inaccessibility render them too burdensome to produce. Specific information on the exact function or data fields included in these tables is also not necessary, as the redacted Order and briefing within explains how the Web and Mobile tables do not provide data to support Plaintiffs' claims. The Order and briefing within also explains that the Method tables provide an adequate alternative. Finally, the public does not require exact date ranges for the data held in these tables, as the redacted Order and briefing explains that the vast majority of the data held in the Web and Mobile tables falls outside the relevant data range, and that the data held in the Method Table falls within the relevant date range. In all, the public may still access the vast majority of the Order and the parties' briefs within to understand the arguments before Special Master Garrie and the reasoning underlying his ruling. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect [a company's] proprietary information").

Plaintiffs' brief and Facebook's Response attached within the Order contain internal

4

Gibson, Dunn & Crutcher LLP

STATEMENT IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE: FACEBOOK'S MOTION FOR PROTECTIVE ORDER AGAINST PRODUCTION OF API CALL LOGS
CASE NO. 3:18-MD-02843-VC

Facebook communications and presentations that reveal commercially sensitive information regarding the App Developer Investigation and Facebook's API system generally.  *See* Order Ex. D at 11:3–28, 12:26–28, 13:16–18; Order Ex. E at 5–10; Dkt. 743; Southwell Decl. (Dkt. 743-2) ¶¶ 10–16.  Information relating to ADI in particular is highly confidential, as it reveals detailed information about the Investigation's novel methods, processes, and strategies, and creates a security risk, as developers could use Facebook's enforcement and investigative methods against the company.  *See* Dkt. 743; Southwell Decl. (Dkt. 743-2) ¶¶ 10–16.  Special Master Garrie did not rely on this information in his Order, and the information put forward is only tangentially related to the issue at hand.

Because Facebook's redactions are limited to only confidential information and the public may still access the essential information within the Order to understand Special Master Garrie's findings and reasoning, Facebook's redactions are narrowly tailored.

*          *          *

For these reasons, Facebook respectfully requests that the Court grant this administrative motion to file Special Master Garrie's Order Regarding Facebook's Motion for Protective Order Against Production of API Call Logs under seal.

5

STATEMENT IN SUPPORT OF FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE: FACEBOOK'S MOTION FOR PROTECTIVE ORDER AGAINST PRODUCTION OF API CALL LOGS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Dated: November 30, 2021

**GIBSON, DUNN & CRUTCHER, LLP**

By: */s/ Martie Kutscher*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

Gibson, Dunn & Crutcher LLP

FACEBOOK'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE: FACEBOOK'S MOTION FOR PROTECTIVE ORDER AGAINST PRODUCTION OF API CALL LOGS
CASE NO. 3:18-MD-02843-VC