UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to all actions | Case No. 18-md-02843-VC   (JSC)<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 752, 759, 760, 761 |

Facebook has filed several administrative motions to seal portions of the Special Master's orders and exhibits thereto. (Dkt. Nos. 752, 759, 760, 761.) This Order resolves those pending motions.

**1. Facebook's administrative motion to seal portions of the Special Master's order regarding Mark Zuckerberg and Sheryl Sandberg as document custodians.** (Dkt. Nos. 752.) Facebook seeks sealing of "quotations and descriptions of documents [that] reveal Facebook's confidential business information, strategies, relationships, and financial information" because "if publicly disclosed, Facebook's competitors could take advantage of this commercially sensitive information to cause Facebook competitive harm." (Dkt. No. 752-2 at ¶ 5.)

As a general rule, "the public is permitted access to litigation documents and information produced during discovery." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (internal citations and quotation marks omitted). However, pursuant to Federal of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order...requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is

disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).  Under Local Rule 79-5(c)(5), a request for sealing must be "narrowly tailored to seal only the sealable material."

Facebook's request for sealing is not narrowly tailored and instead seeks to seal—without explanation—the quotations of statements made by Mr. Zuckerberg and Ms. Sandberg which form the basis for the Special Master's order. (Dkt. No. 752-4 at ¶ 7.) The proposed redactions to the parties' briefing likewise focus on the statements of Mr. Zuckerberg or Ms. Sandberg and actions taken around these statements. (*See, e.g.*, Dkt. No. 752-4 at 12, 13, 16, 17, 19, 20-22, 44, 45, 47, 49, 60-62.[1])  But Facebook has made no showing as to why disclosure of the specific statements made by Mr. Zuckerberg or Ms. Sandberg would cause a particularized risk of competitive harm. *Phillips,* 307 F.3d at 1210–11.

Accordingly, Facebook's administrative motion to seal portions of the Special Master's order regarding Mr. Zuckerberg and Ms. Sandberg as document custodians and attachments thereto is denied without prejudice to renewal in a more narrowly tailored form.

**2. Facebook's administrative motion to seal portions of the Special Master's order regarding the API Call Logs**.  (Dkt. Nos. 759, 763.)  Facebook contends that "the facts relating to Facebook's API Call Log tables disclosed in the Order may reveal Facebook's confidential business information, strategies, and relationships, including Facebook's cutting-edge, proprietary data storage and management technology and capabilities, that its competitors could use to its commercial disadvantage." (Dkt. No. 763-2 at ¶ 6.)  In particular, this information "would give competitors of Facebook an unfair advantage in implementing their own information management systems by examining the systems that Facebook created and designed for its own internal use" and "would make it easier for hackers, spammers, or other bad actors to use this information to compromise Facebook's security systems." (*Id.* at ¶¶ 6-7.)  While this may be true for portions of

---

[1] To the extent that this Order identifies examples of portions of the request to seal which are overbroad, these are examples only and not an exclusive list.

2

1  the information Facebook seeks to seal, its request for sealing is not narrowly tailored to only seek
2  sealing of properly sealable material.  *See* Civ. L.R. 79-5(c)(3).
3    For example, it is unclear why the information in paragraph 4 of the Special Master's
4  Order is confidential.  (Dkt. No. 763-4 at 3-4.)  While Facebook argues that the public does not
5  need this information to understand the Special Master's order, the public's need for the
6  information is not the relevant question.  (Dkt. No. 763 at 5.)  The question is whether Facebook
7  has made a "particularized showing" that "specific prejudice or harm will result" if the
8  information is disclosed. *Phillips*, 307 F.3d at 1210–11; *see also* Fed. R. Civ. P. 26(c).  Facebook
9  has not done so with respect to the adjectives describing the size and nature of the API Call Logs,
10 the calls, or the names of the data tables themselves.  Similarly, Facebook has not made a showing
11 of particularized harm with respect to information regarding how much time it takes to restore data
12 or the general number of partitions in the tables in paragraphs 6 and 7. (Dkt. No. 763-4 at 4.)
13 While disclosure of the specific granular level information in the exhibits attached the Special
14 Master's order might put Facebook at a commercial or competitive disadvantage, Facebook has
15 made no showing that generalized descriptions of the contents of those exhibits would put
16 Facebook at such a disadvantage.
17   Accordingly, Facebook's administrative motion to seal portions of the Special Master's
18 order regarding the API Call Logs is denied without prejudice to renewal in a more narrowly
19 tailored form.
20   **3. Facebook's administrative motion to seal portions of the Special Master's order**
21 **regarding business partners**.  (Dkt. N. 760.)  Facebook seeks to seal portions of the Special
22 Master's order regarding business partners and the attachments thereto which include Facebook's
23 responses to Plaintiffs' interrogatories—and a discussion of these interrogatory responses—that
24 "identify third parties with whom Facebook has certain business partnerships, the purposes for
25 which Facebook would partner with these entities, and certain terms of their agreements with
26 Facebook" as well as "information regarding the privacy architecture of Facebook's code and the
27 capabilities granted or denied to Facebook's integration partners." (Dkt. No. 762-2 at ¶ 4.)
28 Facebook contends that disclosure of this information could compromise Facebook's business

1    relationships and/or relationships with its partners. (*Id*. at ¶ 6.)

2        While Facebook's proposed order states that it is seeking to file portions of the Special
3    Master's order under seal—namely, portions of pages 63-72—the Special Master's order is only
4    seven pages long. To the extent that Facebook seeks to file under seal portions of pages 63-72 to
5    Exhibit F to the Special Master's order, Facebook seeks sealing of general information that does
6    not identify particular business partners or the specific terms of the parties' relationships. For
7    example, Facebook's response to Interrogatory No. 77 identifies different types of integrations
8    built by Facebook partners. (Dkt. No. 762-4 at 143-144.) Facebook has failed to make a
9    particularized showing that disclosure of this generalized information would cause it competitive
10   injury or interfere with its business partner relationships. *Phillips,* 307 F.3d at 1210–11. Likewise,
11   it is unclear why the number of Facebook Integration Partners is confidential. (Dkt. No. 762-4 at
12   149.) Nor has Facebook established that the generalized information—as opposed to names of
13   business partners—in Exhibit I is confidential. *See, e.g*., Dkt. No. 762-4 at 167:17-21; 167:26-
14   168:4, 168:10-11. The same is true for Exhibits J and K. *See, e.g*., Dkt. No. 762-4 at 187:12-13,
15   188:23, 189, 190 (portions), 203, 205, 216 (portions), 217 (portions).

16       Accordingly, Facebook's administrative motion to seal portions of the exhibits to the
17   Special Master's order regarding business partners is denied without prejudice to renewal in a
18   more narrowly tailored form.

19       **4. Facebook's administrative motion to seal portions of the Special Master's order**
20   **regarding outstanding ADI issues**. (Dkt. No. 761.) Facebook seeks sealing of the names of two
21   third-party consultants who assisted in the ADI investigation on a confidential basis because
22   disclosure of their names could cause Facebook competitive injury. (Dkt. No. 761-2 at ¶ 9.)
23   Facebook's narrowly tailored request for sealing is granted.

## CONCLUSION

25       For the reasons stated above, Facebook's administrative motions to seal at Docket Nos.
26   752, 759, 760 are DENIED WITHOUT PREJUDICE to renewal in a more narrowly tailored form.
27   Any renewed administrative motion to seal shall be filed by December 16, 2021. Facebook's
28   administrative motion to seal at Docket No. 761 is GRANTED.

4

1   This Order disposes of Docket Nos. 752, 759, 760, 761.

2   **IT IS SO ORDERED.**

3   Dated:  December 8, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge