# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br><br> This document relates to: <br><br> ALL ACTIONS | **MDL NO. 2843** <br><br> CASE NO. 3:18-MD-02843-VC-JSC <br><br> HON. VINCE CHHABRIA <br> COURTROOM 4 – 17TH FLOOR <br> SPECIAL MASTER: DANIEL GARRIE ESQ. <br><br> **ORDER REGARDING PRODUCTION OF ADI RELATED DOCUMENTS** |

# BACKGROUND

1.      On September 8, 2021, Judge Corley issued an order granting Plaintiffs' motion to compel the production of materials in connection with Facebook's app developer investigation ("ADI") that involved a review of all "apps that had access to large amounts of data before [Facebook] changed [its] platform policies in 2014." See https://about.fb.com/news/2019/09/an-update-on-our-app-developer-investigation/.

2.      Pursuant to the order:

> In light of Facebook's unchallenged public proclamations as to the business purpose of the ADI, the Court finds that the ADI served a dual purpose and that, as a general matter, documents generated as part of that investigation were not created because of litigation. On or before September 21, 2021, Facebook shall produce the background and technical reports, audits, and developer interviews of the six exemplar apps chosen by the parties as Facebook has offered no special reasons why those particular documents are privileged other than what has been addressed. The parties shall work with the Special Master regarding production of additional materials consistent with the guidance offered by this Order. See Exhibit A (Order Granting Motion to Compel ADI Materials).

3.      According to Judge Corley's order, Facebook produced 11 documents related to the ADI. Following this production, Plaintiffs raised multiple issues in connection with Facebook's ADI production and requested "all memoranda prepared by ▇▇▇▇▇▇ and/or ▇▇▇ ▇▇▇▇ related to ADI of all apps it investigated or investigated at Facebook's direction, the background and technical reports, audits, and developer interviews, and internal Facebook communications regarding these materials (including those pertaining to the six exemplar apps)." See Exhibit B (Plaintiffs' Email of September 24, 2021).

4.      The parties subsequently met and conferred regarding Facebook's ADI production, but were unable to resolve the outstanding issues.

5.      On October 26, 2021, Special Master Garrie issued Order Regarding Outstanding ADI Issues which ordered the parties to provide summaries of the outstanding ADI issues and the parties' respective positions.

6.      On October 22, 2021, Plaintiffs submitted their initial statement. Plaintiffs argue that pursuant to Judge Corley's order, Facebook should produce the following in connection with the ADI: (1) all memoranda prepared by ███████████ or ███████████; (2) all background reports, technical reports, audits, and developer interviews; (3) all internal Facebook communications relating to items 1 and 2; (4) all communications with ███████████ or ███████████ related to items 1 and 2; and (5) all communications with third-party app developers. See Exhibit C (Plaintiffs' Statement Concerning ADI Issues in Advance of Hearing). Plaintiffs also argued that Facebook's production of 11 reports relating to the six exemplar apps pursuant to Judge Corley's order was incomplete because Facebook's privilege logs include references to additional reports relating to these apps that were not provided. Id.

7.      On October 22, 2021, Facebook submitted its initial statement. Facebook argues, among other things, that (1) Facebook produced all documents ordered by Judge Corley; and (2) the five categories of ADI-related documents Plaintiffs request go beyond the scope of Judge Corley's order. See Exhibit D (Facebook's Supplemental Submission Re: ADI).

8.      On November 4, 2021, Plaintiffs submitted their response. Plaintiffs argue, among other things that (1) Facebook should produce additional reports regarding the six exemplar apps because additional reports were identified in Facebook's privilege logs; and (2) Facebook failed to show how the five categories of ADI-related documents Plaintiffs request are not "consistent with the guidance offered by" Judge Corley's order. See Exhibit E (Plaintiffs' Response Re: ADI).

ORDER REGARDING PRODUCTION OF ADI RELATED DOCUMENTS

9.      On November 4, 2021, Facebook submitted its response. Facebook argues, among other things that (1) Facebook's production pursuant to Judge Corley's order is complete; (2) Plaintiffs' requests for all reports and memoranda for all apps or developers investigated in phases two or three of the ADI and beyond the scope of Judge Corley's order; and (3) there is no basis for Plaintiffs to request ADI related communications because Judge Corley previously re-viewed these communications *in camera* and did not order the production of such communica-tions. See Exhibit F (Facebook's Response Re: ADI).

10.     A hearing was held on December 4, 2021, regarding the parties' submissions and other information related to the ADI issues.

## FINDINGS

11.     Special Master Garrie finds that Plaintiffs' requests for all memoranda prepared by ▓▓▓▓▓▓ or ▓▓▓▓▓▓ and all background reports, technical reports, audits, and developer interviews in connection with the ADI are within the scope of Judge Corley's order as the order explicitly includes these categories of documents. See Exhibit A ("Facebook shall pro-duce the background and technical reports, audits and developer interviews of the six exemplar apps chosen by the parties").

12.     Special Master Garrie finds that Judge Corley's order does not exclude non-attor-ney internal Facebook communications, communications with ▓▓▓▓▓▓ or ▓▓▓▓▓▓ ▓▓, or communications with third party app developers from the scope of ADI documents to be produced, but rather only addresses reports, audits, and interviews. Id. at 6 ("The documents dis-cussed in this Order—background and technical reports, audits, and interviews prepared and con-ducted by non-attorneys—are work product, not attorney-client privilege material."). As a result,

Special Master Garrie finds that additional information regarding the relevance of such communications is necessary to determine whether such communications should be produced.

## ORDER

13.    Facebook is to produce, on a rolling weekly basis, all memoranda prepared by ▬▬▬▬▬▬ or ▬▬▬▬▬▬ and all background reports, technical reports, audits, and non-attorney developer interviews in connection with the ADI.[1] Such production is to begin with the reports for which related audits and non-attorney interviews are available.

14.    Within five days of receiving the first rolling production from Facebook, Plaintiffs may request all non-attorney internal Facebook communications, communications with ▬ ▬▬▬▬▬▬ or ▬▬▬▬▬▬, or communications with third party app developers in connection with a statistically significant sample of the reports provided.

15.    Within ten business days of receiving the request for communications from Plaintiffs, Facebook is to provide such communications for the reports selected by Plaintiffs.

16.    After reviewing the communications from the sample of reports, Plaintiffs may request additional ADI related communications upon a showing that the communications are relevant.


**IT IS SO ORDERED.**

December 8, 2021

Daniel Garrie
Discovery Special Master

---

[1] Facebook is to update any applicable privilege logs as appropriate pursuant to the Privilege Protocol.

# EXHIBIT A

Redacted in its Entirety

# EXHIBIT B

**Redacted in its Entirety**

# EXHIBIT C

**Redacted in its Entirety**

# EXHIBIT D

**Redacted in its Entirety**

# EXHIBIT E

**Redacted in its Entirety**

# EXHIBIT F

**Redacted in its Entirety**

# EXHIBIT G

**Redacted in its Entirety**

# EXHIBIT H

**Redacted in its Entirety**

# EXHIBIT I

**Redacted in its Entirety**

# EXHIBIT J

**Redacted in its Entirety**

# EXHIBIT K

**Redacted in its Entirety**

# EXHIBIT L

**Redacted in its Entirety**

# EXHIBIT M

**Redacted in its Entirety**

# EXHIBIT N

**Redacted in its Entirety**