GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
   osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
   klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
   mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
   dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
   jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF ALEXANDER SWANSON IN SUPPORT OF FACEBOOK'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Alexander P. Swanson, hereby declare as follows:

1. I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter. I am a member in good standing of the State Bar of California. I submit this declaration in support of Facebook's Administrative Motion to Seal. I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2. Attached as **Exhibit A** is a true and correct **redacted** version of Special Master Garrie's October 21, 2021 Order Regarding Facebook's Motion for Protective Order Against Production of API Call Logs (the "Order"). These redactions reflect changes made to the original proposed redactions following the Court's Order of December 8, 2021 (Dkt. 764).

3. Attached as **Exhibit B** is a true and correct **unredacted** version of the Order.

4. The Order and supporting exhibits contain confidential information relating to Facebook's API Call Log tables.

5. The Order and supporting exhibits contain quotations from and descriptions of documents Facebook designated Confidential under the Protective Order in this case. Dkt. 122.

6. I am informed and believe that Facebook's internal naming structure for the tables at issue sheds light on the specific locations where user data is stored at Facebook, and if this information were filed publicly, it would harm Facebook by providing a roadmap to hackers seeking to access Facebook's internal systems.

7. I am informed and believe that public disclosure of the figures representing the volume of data contained in the tables would cause Facebook harm by enabling competitors to infer Facebook's costs of data storage, storage methodology, and the storage capacity for Facebook's state of the art data storage network. I am informed and believe that knowledge of the volume of data that the tables represent would assist competitors in building rival systems and better understanding, and subsequently exploiting, Facebook's capabilities and limitations.

8. I am informed and believe that the date range for the data in the tables can serve as a proxy for the size and data volume of the tables. I am informed and believe that these date

ranges would also provide competitors with insight into how Facebook has processed, stored, and analyzed its API call log data over time, allowing these competitors to construct or improve a rival system.

9. I am informed and believe that information about the nature and number of the partitions of Facebook's API Call Log tables and the volume of data they contain could cause Facebook harm if publicly disclosed. I am informed and believe that this information reflects the architecture of Facebook's proprietary and state-of-the-art data storage systems, and could thus be used by competitors to make inferences about Facebook's data storage and processing capabilities. I am also informed and believe that hackers could use information about these data partitions to better understand how to navigate Facebook's internal systems architecture.

10. I am informed and believe that names of the data fields contained in the tables, samples from the tables, and information that describes the data fields in the tables, could provide hackers with specific guideposts to locate these tables within Facebook's internal systems. I am also informed and believe that the names of these data fields contain highly confidential information about the types of data transferred through these API calls and how Facebook stores and processes this data, which competitors could use to construct or improve their own data management and storage systems and to identify the types of information that Facebook considers important to track.

11. Facebook's proposed redactions include information about how Facebook uses API call log data internally, how Facebook technically processes API call log data, reasons for why API calls may not be returned, how the tables at issue compare to Facebook's others logs of API calls, and details about Facebook's data retention practices. This information reflects Facebook's proprietary methods for tracking, analyzing and storing API calls. I am informed and believe that if this information about Facebook's API call log system were publicly disclosed, competitors could use it to improve their own competing methods for managing high volumes of data from interactions with large numbers of third parties. Additionally, details relating to Facebook's data retention practices shed light on what types of data Facebook retains,

2

how much data it retains, how it is kept, and how long it retains such data. I am informed and believe that hackers and other malicious actors could leverage this information to better understand Facebook's data architecture and subsequently target specific repositories of data.

12. Facebook's annual expenses in storing the tables sheds light on the nature of Facebook's proprietary data storage methods and Facebook's cost of business in storage. I am informed and believe that public disclosure of this information could enable others to infer the volume of data in the tables at issue, which is harmful to Facebook for the reasons above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 16, 2021 in South Pasadena, California.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　Alexander P. Swanson