GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS | CASE NO. 3:18-MD-02843-VC <br><br> **DECLARATION OF ALEXANDER SWANSON IN SUPPORT OF FACEBOOK'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER** |

I, Alexander P. Swanson, hereby declare as follows:

1. I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter. I am a member in good standing of the State Bar of California. I submit this declaration in support of Facebook's Administrative Motion to Seal. I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2. Attached as **Exhibit A** is a true and correct **redacted** version of Special Master Garrie's October 21, 2021 Order Regarding Motion To Compel Mark Zuckerberg And Sheryl Sandberg As Document Custodians (the "Order").

3. Attached as **Exhibit B** is a true and correct **unredacted** version of the Order.

4. The Order and supporting exhibits contain numerous quotations from and descriptions of documents Facebook designated Confidential or Highly Confidential—Attorneys' Eyes Only under the Protective Order in this case. Dkt. 122.

5. These quotations and descriptions reveal confidential information regarding Facebook's partners, confidential communications with a consultant providing strategic business advice, confidential information regarding Facebook's privacy architecture, confidential information regarding Facebook enforcement actions against specific developers, and Facebook's confidential business strategy and financial information. I am informed and believe that if publicly disclosed, this confidential information could harm Facebook's business relationships, provide malicious actors with a roadmap to subvert Facebook's privacy protections, or be used by Facebook's competitors to cause Facebook commercial harm.

6. Facebook's proposed redactions encompass confidential information regarding Facebook's partners and details of Facebook's business relationships with these partners. This information includes the names of Facebook partners. Order Ex. A at 5:22–23; Order Ex. C at 5:10–11. Specifically, this information includes confidential communications with the leader of a partner, which reveals confidential information regarding the companies' business relationship. Order Ex. A at 8:25–9:3; Order Ex. B at 12:27–13:7; Order Ex. C at 6:4–6. This information

also reveals details regarding the terms of Facebook's business relationships with its partners, and what Facebook negotiated in exchange for the partners' services. Order Ex. C at 6:25–26. If publicly disclosed, I am informed and believe that this information could damage Facebook's relationship with these partners as well as compromise Facebook's ability to separately negotiate with competitors of these partners. Competitors could exploit knowledge of the confidential identities of Facebook partners and the terms of their business relationships with Facebook by attempting to undercut Facebook's agreements with those partners, or by undercutting Facebook's efforts to establish relationships with other entities in the same technology spaces as established partners.

7. Facebook's proposed redactions encompass communications with a consultant retained to provide strategic business advice, which reveal the name of the consultant as well as the substance of the correspondence about that advice. Order Ex. A at 2:4–6, 9:22–10:3; Order Ex. C at 7:14–17. I am informed and believe that public disclosure of this information could damage Facebook's relationship with this consultant as well as discourage other consultants from working with Facebook for fear that their confidential communications and strategic advice will be disclosed through litigation.

8. Facebook's proposed redactions encompass internal confidential communications between Facebook leaders and employees discussing Facebook's privacy architecture, Order Ex. C at 8:20–25, as well as strategic discussions between Facebook leaders contemplating the best strategy for Facebook's privacy architecture and privacy policy. Order Ex. A at 9:6–15. Developing methods for protecting user privacy is an important need for social media platforms. I am informed and believe that if communications revealing how Facebook designed its platform or addressed certain privacy challenges were publicly disclosed, Facebook's competitors could use such discussions to shortcut development of their own methods and policies, unfairly using Facebook's own confidential experience and know how to compete with Facebook. This would cause Facebook commercial harm. Additionally, disclosure of this information would also

provide hackers and other malicious actors with a roadmap to evade or subvert some of Facebook's privacy protections, harming not only Facebook, but Facebook's users.

9.  Facebook's proposed redactions encompass internal, confidential discussions regarding Facebook's enforcement of its privacy and platform policy against specific developers. Order Ex. A at 5:14–18; Order Ex. B at 10:2–8; Order Ex. C at 8:10–12. These redactions reveal confidential discussions about Facebook's policy-enforcement efforts in which developers were punished, including the identities of certain developers. I am informed and believe that disclosure would reveal confidential details of Facebook's internal business operations. In addition, I am informed and believe that public disclosure of the identities of violating developers, as well as Facebook's internal discussions about them, will harm Facebook's business relationships with those developers. This would compromise Facebook's ability to work constructively with developers to ensure compliance with Facebook's policies in the future.

10. Facebook's proposed redactions encompass confidential information discussed with Facebook's board of directors, including Facebook's financial information. Order Ex. A at 10:9–16; Order Ex. B at 11:3-4, 11:20-23; Order Ex. C at 6:7-7:6  The proposed redactions also encompass confidential information regarding Facebook's strategies and contemplated business practices. Order ¶ 7; Order Ex. A at 5:20-24, 6:4-6, 8:24-9:3, 10:9–16; Order Ex. B at 11:3–5, 11:20–23; Order Ex. C at 5:9-15, 6:7–23, 7:3–6. With regard to confidential information discussed with Facebook's board of directors, Order Ex. A at 10:9–16; Order Ex. B at 11:3–4, 11:20–23; Order Ex. 6:7–7:6, the content within Facebook's proposed redactions reveals information about a specific Facebook business program and associated partners that were discussed at the highest levels of the company. This information reveals the names of Facebook's partners, their relationship to Facebook business programs, as well as the financial value of a specific Facebook business programs. Order Ex. A at 10:9–16; Order Ex. B at 11:3–5, 11:20–23; Order Ex. C at 6:7–23, 7:3–6. I am informed and believe that public disclosure of this information would reveal to Facebook's competitors the financial value of a Facebook business program, which would give competitors inside information about copying Facebook's business

practices as well as leverage to negotiate favorable agreements with Facebook's business partners. Facebook's information about the value of certain business practices—developed by Facebook at its own risk and expense—could be used by competitors to make more informed decisions about how to allocate resources towards similar practices, giving those competitors an unfair advantage in the market. With regard to the proposed redactions regarding Facebook's confidential strategies and contemplated business practices discussed by Mr. Zuckerberg and Ms. Sandberg, Order ¶ 7; Order Ex. A at 5:20-24, 6:4-6, 8:24-9:3, 10:9–16; Order Ex. B at 11:3–5, 11:20–23; Order Ex. C at 5:9-15, 6:7–23, 7:3–6, these discussions reveal the opinions of Facebook's senior leaders regarding Facebook's strategic priorities and the best methods to achieve Facebook's business goals. I am informed and believe that these discussions are valuable to Facebook's competitors, who could take advantage of this information to learn about Facebook's contemplated—even if not enacted—strategies, or use these discussions as a shortcut to developing their own strategies. In all, this insight into the strategic plans of Facebook's leaders could enable Facebook's competitors to make better-informed decisions about competition with Facebook and seize an unfair advantage in the market.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 16, 2021 in South Pasadena, California.

Alexander P. Swanson