GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
　osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
　klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
　mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
　dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
　jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE: BUSINESS PARTNERS** |

Gibson, Dunn & Crutcher LLP

Facebook's Renewed Administrative Motion To File Under Seal Special Master's Order Re Business Partners
Case No. 3:18-md-02843-VC

Pursuant to Civil Local Rules 7-11 and 79-5, as well as the Court's December 8, 2021 Order Re: Administrative Motions To Seal, Dkt. 764, Facebook, Inc. ("Facebook") hereby submits this Renewed Administrative Motion to File Under Seal limited portions of Special Master Garrie's Order November 2, 2021 Order Re: Business Partners and supporting exhibits (the "Order"). Specifically, Facebook moves to permanently seal three categories of information: (1) confidential information regarding Facebook's business partners; (2) confidential information regarding Facebook's business strategies; and (3) confidential information about Facebook's privacy architecture. There is good cause to seal permanently this confidential information, and Facebook's request is narrowly tailored.

## I. Background

A description of the Special Master's Order and the discovery dispute from which it arose is set forth in Facebook's statement in support of its original motion to seal. Dkt. 762.

On November 19, 2021, Facebook filed its Administrative Motion To File Under Seal Special Master's Order Re: Business Partners, Dkt. 760. The Court denied without prejudice Facebook's Motion and permitted Facebook to file a renewed motion with more tailored redactions. Dkt. 764. Facebook respectfully submits this renewed motion to file under seal pursuant to the Court's order.

## II. The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits.

Courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Doe v. Walmart, Inc.*, 2019 WL 636362 at * 1-3 (N.D. Cal. Feb. 11, 2019); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action). Here, the Order relates to a discovery dispute regarding responses to interrogatories, not the merits of this action, so the good cause standard applies. There is good cause to permanently seal Facebook's limited proposed redactions.

Gibson, Dunn & Crutcher LLP

1

FACEBOOK'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE BUSINESS PARTNERS
CASE NO. 3:18-MD-02843-VC

### III. There Is Good Cause To Seal Facebook's Three Categories of Confidential Information

Consistent with Special Master Garrie's instructions to file his Order under seal and in light of the guidance in the Court's December 8, Order, Facebook asks the Court to permanently seal the following information in the Order: (1) confidential information regarding Facebook's business partners; (2) confidential information regarding Facebook's business strategies; and (3) confidential information about Facebook's privacy architecture. There is good cause to seal this information.

*Confidential information regarding Facebook's business partners*. There is good cause to seal limited portions of Facebook's interrogatory responses and the parties' briefs that reveal the names of Facebook's business partners that have not been revealed publicly, as well as the terms of agreements between Facebook and its business partners. Courts regularly seal information that would identify confidential business relationships or reveal the terms of business relationships that competitors would be able to use to a party's commercial disadvantage. *See, e.g.*, *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 3642177, at *6 (S.D. Cal. Aug. 1, 2019) (granting a motion to seal information that, if publicly disclosed, would have "identif[ied]" certain "business relationships"); *Asetek Danmark A/S v.CMI USA, Inc.*, 2015 WL 4511036 at *2 (N.D. Cal. July 23, 2015) (sealing information "competitors would be able to take advantage of" and use to cause "competitive harm"). Facebook's proposed redactions include the names of Facebook's business partners that are not publicly known. Order Ex. F at 64–67; Order Ex. I at 3:22–25, 6:10–11, 6:26, 7:6; Order Ex. J at 7:2–3, 7-6, 11:24; Order Ex. K at 1:19–21, 6:19–21, 6:24, 7:1–4. The proposed redactions also include confidential details about particular terms of Facebook agreements with these business partners. Order Ex. I at 3:21, 4:12, 5:17–18, 5:23–26; Order Ex. J at 7:15; Order Ex. K at 1:19–21, 4:10–12, 6:24–7:4. If publicly disclosed, this confidential information could harm Facebook's relationships with these business partners by disclosing their identities and the confidential terms of their agreements with Facebook. Swanson Decl. ¶ 6. Disclosure could also undercut Facebook's ability to negotiate fairly with competitors of these business partners. *Id.* The proposed redactions also describe Facebook's relationships with a specific category of business partners and the details of Facebook's agreements with those same partners. Order Ex. I at 3:15-17;

2

FACEBOOK'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE BUSINESS PARTNERS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Order Ex. J at 7:10-15.  Public disclosure of this category of partners, in close proximity to details of Facebook's agreements with these partners, would likely allow Facebook's competitors to surmise both the identities of these partners and confidential information about Facebook's business model because few entities provide these services.  Swanson Decl. 6.

*__Confidential information regarding Facebook's business strategies.__*  There is good cause to seal Facebook's proposed redactions regarding Facebook's specific business strategies.  Courts routinely seal information revealing a company's confidential business strategies, business partnerships, and proprietary methods that could be used by its competitors to its commercial disadvantage.  *Baird v. BlackRock Institutional Tr. Co.*, N.A., 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) (finding "sufficiently compelling reason to seal" documents containing "confidential business and financial information"); *Obesity Rsch. Inst., LLC*, 2018 WL 3642177, at *6; *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"); *In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at * 26 (N.D. Cal. Aug. 9, 2015) (granting a motion to seal document descriptions that "reflect[ed] and convey[ed] confidential, proprietary information about Endo's business operations as well as its strategies"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (granting writ of mandamus and sealing document that could be used "as [a] source[] of business information that might harm a litigant's competitive standing").

A small number of redactions include strategic discussions about building relationships with specific app developers to further enhance a user's experience.   Disclosure of these strategic discussions would identify relationships of particular value to Facebook.  Order Ex. I at 6:6–7:7; Order Ex. K at 5:1–8.  If publicly disclosed, this information would harm Facebook's business relationships by disclosing its priority partnerships—weakening future negotiating positions with those partners and harming Facebook's business relationships with competitors of those partners—as well as exposing to its competitors which partnerships are most valuable.  Swanson Decl. ¶ 7.

3

FACEBOOK'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE BUSINESS PARTNERS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

The redactions also encompass discussion of how Facebook analyzes the value of strategic acquisitions and how Facebook and its subsidiaries store user data. Order Ex. I at 7:9–11. If publicly disclosed, this information would be valuable to Facebook's competitors, who could use it as a shortcut to develop their own framework for handling user data across separate platforms, gaining an unfair advantage in the market. Swanson Decl. ¶ 8. Facebook's competitors could gain a leg up in the industry by taking advantage of insights revealed in these documents. *Id.*

As discussed above, the redactions further include confidential information about Facebook's business model regarding relationships with a specific class of partners. Order Ex. I at 3:15-17; Order Ex. J at 7:10-15. Disclosing the category of partners and the terms of Facebook's agreements with these partners would reveal confidential information regarding Facebook's business model that its competitors could adopt, to Facebook's competitive disadvantage. Swanson Decl. ¶ 9. A limited number of redactions include business strategy discussions with Facebook's board of directors about a specific business program. Order Ex. I at 5:26–6:2; Order Ex. K at 4:18–22. Disclosing the strategic priorities of Facebook's leadership and board of directors would provide competitors with valuable commercial information that they could use to Facebook's competitive disadvantage. Swanson Decl. ¶ 10.

***Confidential information regarding Facebook's privacy architecture.*** There is good cause to seal Facebook's proposed redactions regarding Facebook's privacy architecture, which reveal technical information about how Facebook's code operates with respect to users' privacy selections. Order Ex. F at 71–72. Courts routinely seal information that would allow competitors to learn about a party's confidential business strategy or proprietary information that could be used to a party's competitive disadvantage. *In re Qualcomm Litig.*, 2017 WL 5176922, at *2; *In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at * 26. Developing technological methods to protect user privacy is critical to any social media platform, including Facebook's competitors. If technical details of Facebook's privacy architecture were publicly disclosed, Facebook's competitors could use such information to shortcut development of their own methods and policies, unfairly using Facebook's own confidential experience and know-how to compete with Facebook. Swanson Decl. ¶ 11.

4

FACEBOOK'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE BUSINESS PARTNERS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Disclosure of this information could also provide hackers and other malicious actors with a roadmap to evade or subvert some of Facebook's privacy protections, harming not only Facebook, but Facebook's users.  *Id.*

Because of the particularized harm that would occur from public disclosure of information regarding Facebook's confidential business partnerships, strategies, and privacy architecture, The three categories of confidential information addressed above are highly sensitive and should be sealed permanently.

### IV.   The Limited Proposed Redactions Are Narrowly Tailored.

Facebook has substantially reduced the volume of proposed redactions as compared to its original motion to seal in light of the Court's guidance.  In general, Facebook has endeavored to limit proposed redactions to particular names, business partners, and descriptions of specific sensitive and confidential business strategies and practices that Facebook's competitors could use against it.  Thus, the remaining proposed redactions are narrowly tailored because Facebook's proposed redactions are strictly limited to only confidential information would cause Facebook particularized competitive harm if disclosed.  *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect [a company's] proprietary information").

\*    \*    \*

For these reasons, Facebook respectfully requests that the Court grant its renewed administrative motion to file under seal. consistent with Special Master Garrie's instructions.

5
FACEBOOK'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE BUSINESS PARTNERS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Dated: December 16, 2021

**GIBSON, DUNN & CRUTCHER, LLP**

By: _/s/ Martie Kutscher_
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

Gibson, Dunn & Crutcher LLP

FACEBOOK'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE BUSINESS PARTNERS
CASE NO. 3:18-MD-02843-VC