GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
   osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
   klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
   mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
   dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
   jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF ALEXANDER SWANSON IN SUPPORT OF FACEBOOK'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER RE: BUSINESS PARTNERS** |

I, Alexander P. Swanson, hereby declare as follows:

1. I am an associate at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter. I am a member in good standing of the State Bar of California. I submit this declaration in support of Facebook's Statement In Support Of Administrative Motion To Seal Special Master's Order Re: Business Partners. I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2. Attached as **Exhibit A** is a true and correct **redacted** version of Special Master Garrie's November 2, 2021 Order Re: Business Partners (the "Order").

3. Attached as **Exhibit B** is a true and correct **unredacted** version of the Order.

4. The Order and supporting exhibits contain numerous quotations from and descriptions of documents Facebook designated Confidential or Highly Confidential—Attorneys' Eyes Only under the Protective Order in this case. Dkt. 122.

5. The information contained within Facebook's limited proposed redactions to Exhibits F, I, J, and K to the Order contain confidential information regarding Facebook's business partners, confidential information regarding Facebook's business strategies, and confidential information regarding Facebook's privacy architecture. I am informed and believe that this information is highly confidential, and if publicly disclosed, would compromise Facebook's business relationships, enable malicious actors to target Facebook's systems, or be used by Facebook's competitors to Facebook's commercial disadvantage.

6. Facebook's proposed redactions include confidential information about Facebook's business partners. These redactions include the names of Facebook's business partners, which are nonpublic and commercially sensitive. Order Ex. F at 64–67; Order Ex. I at 3:22–25, 6:10–11, 6:26, 7:6; Order Ex. J at 7:2–6, 11:24; Order Ex. K at 1:19–21, 6:19–21, 6:24, 7:1–4. These redactions include confidential information about the general terms of Facebook's agreements with these business partners, as well as particular details about a specific contract with a specific partner. Order Ex. I at 3:21, 4:12, 5:17–18, 5:23–26; Order Ex. J at 7:15; Order

1

Ex. K at 1:19–21, 4:10–12, 6:24–7:4.  Although the parties' briefs describe Facebook's relationship with a general category of partners or general terms of its agreements, Order Ex. I at 3:15-17; Order Ex. J at 7:10-15, I am informed and believe that revealing even generalized information about these relationships is commercially sensitive because there are few entities that provide these services.  I am informed and believe that public disclosure of the general category of partner, in close proximity to the terms of Facebook's agreements with these partners, would likely allow Facebook's competitors to surmise both the identities of these partners and confidential information about Facebook's business model.  Therefore, public disclosure of these names and terms would compromise Facebook's business relationships with these partners, as well as undercut Facebook's ability to negotiate fairly with competitors of these business partners.

7.  Facebook's proposed redactions include confidential information regarding Facebook's business strategies.  A small number of redactions encompass strategic discussions about building relationships with specific app developers to further enhance a Facebook user's experience.  Order Ex. I at 6:6–7:7; Order Ex. K at 5:1–8.  I am informed and believe that if this information were publicly disclosed, it would harm Facebook's business relationships by disclosing its priority partnerships—weakening future negotiating positions with those partners and harming Facebook's business relationships with competitors of those partners.  This would also allow Facebook's competitors access to Facebook's insight on which partnerships are most valuable, enabling Facebook's competitors to take advantage of Facebook's risks and experience.

8.  Redactions also encompass discussion of Facebook's use of strategic acquisitions and how Facebook and its subsidiaries store user data.  Order Ex. I at 7:9–11.  I am informed and believe that if publicly disclosed, this information would be valuable to Facebook's competitors, who could use it as a shortcut to develop their own framework for handling user data across separate platforms, gaining an unfair advantage in the market.  Facebook's competitors could gain a leg up in the industry by taking advantage of insights revealed in these documents.

9.  Redactions also encompass confidential information about Facebook's relationship with a specific class of partners and details about Facebook's business relationship with this class of partners. Order Ex. I at 3:15–17; Order Ex. J at 7:10–15. As discussed above, *supra* ¶ 4, I am informed and believe there are few entities that provide these services, and revealing the category of partners in close proximity to details about Facebook's business relationship with these partners would reveal confidential information regarding Facebook's business model. I am informed and believe that public disclosure of this knowledge of Facebook's business model would enable Facebook's competitors to copy Facebook's business practices, to Facebook commercial disadvantage.

10. These redactions also include confidential information discussed with Facebook's board of directors. This information reveals discussions at the highest levels of the company about Facebook strategy and a specific business program. Order Ex. I at 5:26–6:2; Order Ex. K at 4:18–22. I am informed and believe that if publicly disclosed, this information would inform Facebook's competitors about a specific Facebook business program—enabling those competitors to assess whether to copy Facebook's business practices or to use the information as leverage to negotiate deals with Facebook's business partners—causing commercial harm to Facebook.

11. Facebook's proposed redactions include confidential information about Facebook's privacy architecture, which reveals technical information about how Facebook's code operates with respect to users' privacy selections. Order Ex. F at 71–72. Privacy measures and security are points of competition in Facebook's industry and developing methods for protecting user privacy is an important need for any social platform. I am informed and believe that if publicly disclosed, Facebook's competitors could use this information to shortcut development of their own methods and policies, unfairly using Facebook's own confidential experience and know-how to compete with Facebook. I am informed and believe that public disclosure of this information could also provide hackers and other malicious actors with a

3

SWANSON DECLARATION ISO FACEBOOK'S RENEWED ADMINISTRATIVE MOTION TO SEAL SPECIAL MASTER'S ORDER RE BUSINESS PARTNERS
CASE NO 3:18-MD-02843-VC

roadmap to evade or subvert some of Facebook's privacy protections, harming not only Facebook, but Facebook's users.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 16, 2021 in South Pasadena, California.

_____
Alexander P. Swanson