# EXHIBIT A
# REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC-JSC<br><br>**AMENDED ORDER RE: PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PLAINTIFF DATA** |

## INTRODUCTION

1.      Pending before Special Master Garrie is Plaintiffs' Motion to Compel Production of Named Plaintiffs' Content and Information.

## BACKGROUND

2.      On November 25, 2019, Plaintiffs' served Requests for Production Nos. 9-13, which seek documents relating to the named Plaintiffs in this matter ("Named Plaintiffs").[1] See Plaintiffs' Motion to Compel Production of Named Plaintiffs' Content and Information, Exhibit 1. In brief, Request No. 9 seeks all documents relating to each of the Named Plaintiffs; Request No. 10 seeks documents sufficient to show the categories of content and information Facebook collects, tracks, and maintains about them; and Requests Nos. 11-13 seek documents identifying third parties that were able to access information about the Named Plaintiffs. Id.

3.      In response to Requests for Production Nos. 9-13, Facebook produced more than one million pages of individual user data it maintained relating to the Named Plaintiffs, most of which was obtained from the "Download Your Information" tool ("DYI Tool").[2] The data obtained from the DYI Tool is mostly limited to information pertaining to users' on platform Facebook activity. See Facebook's Opposition to Plaintiffs' Motion to Compel Production of Named Plaintiffs' Content and Information, Exhibit B.

4.      Statements by Facebook's counsel during an August 14, 2020 discovery hearing indicated that Facebook maintained additional data related to the Named Plaintiffs that was not produced. See 8/14/2020 Discovery Hearing Transcript at 8:10-13 ("There is other – there's

---

[1] There were originally 30 named Plaintiffs, but this has been reduced to nine named Plaintiffs.

[2] The DYI Tool is a tool by which Facebook users can download certain pieces of information related to the user's Facebook activity and related data. A list of the types of information that can be downloaded via the DYI Tool is provided in Exhibit B.

Facebook-generated information, information generated by third parties, information received from third parties. We have not represented that that is comprehensively included in our production.").

5. Plaintiffs filed a motion last September to compel additional discovery related to Requests for Production Nos. 9-13. See Plaintiffs' Motion to Compel Production of Named Plaintiffs' Content and Information, Exhibit 4. Plaintiffs asked the Court to compel production of sensitive information Facebook derives and collects from business partners, app developers, apps, and other sources. This request included "native, appended and behavioral data" and purportedly anonymized data that could be connected to the Named Plaintiffs. Id. at 7-11.

6. On October 8, 2020, Facebook responded to Plaintiffs' motion to compel. See Plaintiffs' Motion to Compel Production of Named Plaintiffs' Content and Information, Exhibit 3. Facebook contended that all information related to the Named Plaintiffs that they did not themselves share on Facebook was outside the scope of the case; that all information not shared through one of the four theories of the case was not within the scope of the case; that Plaintiffs were not entitled to all data collected from third parties about the Named Plaintiffs; that the Stored Communications Act and Video Protection Privacy Act claims did not require the production of additional data Facebook had collected about the Named Plaintiffs; and that Facebook could not reasonably collect any of the additional information Plaintiffs sought. Id. at 6-10.

7. On October 29, 2020, Judge Corley issued Discovery Order No. 9, ruling "that discovery is not as limited as Facebook contends" and "the discoverable user data at issue includes: [1] Data collected from a user's on-platform activity; [2] Data obtained from third

parties regarding a user's off-platform activities; and [3] Data inferred from a user's on or off-platform activity." See Discovery Order No. 9 at 2.

8. In Discovery Order No. 11, Judge Corley provided further clarification on the discoverable user data intended to be included under Discovery Order No. 9:

> It also contended that Plaintiffs conceded that user data not shared with or accessible to third parties is not relevant, (Dkt.No. 548 at 10), and because Facebook does not share inferred user data, the inferred user data Facebook maintains is not relevant. Facebook both collects and uses data about its users as part of its business model, including data derived from third parties. How it specifically uses this data is an open question, but if the Court were to accept Facebook's arguments about the scope of production, it would eliminate Discovery Order No. 9's third category of discovery: data inferred from a user's on or off-platform activity. What is needed now is more detail about Facebook's collection and use of user data so future discovery requests can be tailored to Plaintiffs' better understanding of the internal operations of Facebook as well the terminology it uses for describing data that is potentially responsive to Plaintiffs' discovery requests. See Discovery Order No. 11 at 1.

9. Following Judge Corley's orders, Facebook did not produce additional documents in response to Requests for Production Nos. 9-13.

10. On October 6, 2021, Special Master Garrie and Judge Andler declared impasse on the issue of whether Facebook should be compelled to produce additional documents related to the Named Plaintiffs pursuant to Discovery Order No. 9.

11. On October 18, 2021, Plaintiffs submitted their opening brief to Special Master Garrie on this issue. See Plaintiffs' Motion to Compel Production of Named Plaintiffs' Content and Information. Plaintiffs argue that (a) the court has already determined the information Plaintiffs seek is relevant—whether or not Facebook claims that it has been shared; (b) whether the Named Plaintiffs' information was shared is a contested question on which Plaintiffs are entitled to evidence; (c) Facebook has failed to substantiate a disproportionate burden in

identifying the data it possesses relating to nine people; and (d) Plaintiffs have made proposals to reduce the burden of production on Facebook. Id.

12. On October 28, 2021, Facebook submitted its Opposition to Plaintiffs' Motion to Compel Production of Named Plaintiffs' Content and Information. See Opposition to Plaintiffs' Motion to Compel Production of Named Plaintiffs' Content and Information. Facebook argues, among other things, that (a) the scope of discovery is limited to information Facebook shared with third parties; (b) Plaintiffs are judicially estopped from seeking information that was not shared; and (c) the information Plaintiffs now seek is nonresponsive and otherwise unavailable. Id.

13. On November 2, 2021, Plaintiffs submitted their Reply in which they argue, among other things, (a) Judge Corley's orders entitle Plaintiffs to the discovery they seek; (b) Plaintiffs are entitled to probe Facebook's assertion that it has already produced all the content and information it has shared or made accessible to third parties; (c) Plaintiffs are entitled to answers to Interrogatories 16 and 17; and (d) the relief Plaintiffs are requesting is intended to lighten Facebook's burden. See Reply in Support of Plaintiffs' Motion to Compel Production of Named Plaintiffs' Content and Information.

14. Facebook subsequently objected to Plaintiffs reply claiming that Plaintiffs introduced new arguments and evidence for the first time, in violation of the Discovery Protocol. See Facebook's Response to Plaintiffs' Objection Regarding Named Plaintiffs' Data Briefing ("Plaintiffs sought **new relief** and introduced **twelve new documents** that Plaintiffs suddenly claim show gaps in Facebook's productions.").

15. On November 29, 2021, Special Master Garrie issued an Order Re: Plaintiff's Motion to Compel Plaintiff Data.

16. On December 10, 2021, Facebook submitted a Motion for Reconsideration of the Order Re: Plaintiff's Motion to Compel Plaintiff Data.

**FINDINGS**

17. Special Master Garrie finds that Discovery Order No. 9 does not limit the scope of discoverable data related to the Named Plaintiffs to data that was shared with third parties, as Facebook contends, because Judge Corley's ruling contains no language indicating such a limitation: "Accordingly, the court rules the discoverable user data at issue includes: [1] Data collected from a user's on-platform activity; [2] Data obtained from third parties regarding a user's off-platform activities; and [3] Data inferred from a user's on or off-platform activity." See Discovery Order No. 9 at 2.

18. Moreover, Judge Corley clarified that Facebook's interpretation of Discovery Order No. 9 is not what Judge Corley intended: "How [Facebook] specifically uses this data is an open question, but if the Court were to accept Facebook's arguments about the scope of production, it would eliminate Discovery Order No. 9's third category of discovery: data inferred from a user's on or off-platform activity." See Discovery Order No. 11, at 1.

19. Special Master Garrie finds that Facebook appears to maintain data related to the Named Plaintiffs that was not produced in response Requests for Production Nos. 9-13. See 8/14/2020 Discovery Hearing Transcript at 8:10-13 ("There is other – there's Facebook-generated information, information generated by third parties, information received from third parties. We have not represented that that is comprehensively included in our production."). For example, documents produced by Facebook indicate that Facebook collects data referred to as "Appended Data," including public records, auto registration data, retail purchases, and credit card purchases, all of which fall into the second category of data from Discovery Order No. 9. See Plaintiffs'

Motion to Compel Production of Named Plaintiffs' Content and Information, Exhibit 11 (FB-CA-MDL-00213424). However, Facebook has not produced this data as it is not available via the DYI Tool. See Facebook's Opposition to Plaintiffs' Motion to Compel Production of Named Plaintiffs' Content and Information, Exhibit B.[3]

20.     Special Master Garrie finds that Plaintiffs requested new relief (answers to Interrogatories 16-17) and introduced new evidence (exhibits C, D, E, F, H, I, and J to Plaintiffs' Reply) in their Reply brief in violation of the Discovery Protocol. Accordingly, Special Master Garrie did not consider this request for new relief or the new evidence items in reaching the findings herein.

//

//

//

//

//

//

//

//

//

//

//

---

[3] Facebook also appears to maintain data relating to the Named Plaintiffs' on-platform activity that has not been provided, such as inferred interest and behavior data. See Exhibit L.

6
**AMENDED ORDER AS OF DECEMBER 29, 2021 RE: PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PLAINTIFF DATA**

## ORDER

21. No later than January 6, 2022, Facebook is to provide the following information for each of the <u>data systems</u> listed in Exhibit A to the Declaration of David Pope, submitted with Facebook's Motion for Reconsideration of the Order Re: Plaintiff's Motion to Compel Plaintiff Data: (1) a high level description of the most common functions and purposes of the data system; and (2) the business units, divisions, or groups that use the data system.

For any repository where such information is not readily available, Facebook is provide a two sentence explanation of why this information is not readily accessible in the January 6, 2022 submission to the Special Master. In addition, for each data system where Facebook cannot determine if Plaintiff's data is stored in the system, Facebook is to provide three sentences explaining why they cannot determine if said data is in the system in their January 6, 2022 submission. Below the Special Master offers Facebook an illustrative example of the data sought.

| Data Systems That May Store or Interact With User Data | Description of the Common function and purpose of the data system | Business Unit, division, or groups that use the data system. | Explanation for why information is not readily available | Explanation for why Facebook cannot determine if Plaintiff's data is stored in the system |
|---|---|---|---|---|
| ▮ example | ▮ does… | ▮ is used by… | N/A | N/A |
| | | | | |

22. No later than January 13, 2022, Plaintiffs are to submit a list of data systems from which Plaintiffs believe Facebook should produce data relating to the named Plaintiffs, explaining for each system why they believe the data should be produced. Facebook will have 48-hours to submit a two page letter responding to Plaintiffs request. Special Master Garrie will subsequently issue a ruling on the data systems from which Facebook is to produce named Plaintiff data.

23. Defendants are to make available declarant David Pope to appear before Special Master Daniel Garrie on January 8, 2022 at 9am PST. If the witness is not available, then the witness will appear on such other time as agreed upon by the Special Master that is on before January 14, 2022. The witness is to appear to provide clarification as requested by the Special Master.

**IT IS SO ORDERED.**

Wednesday, December 29, 2021

Daniel Garrie
Discovery Special Master