Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*
*Additional counsel listed on signature page*

Orin Snyder (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035
osnyder@gibsondunn.com

Deborah Stein (SBN 224570)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000
Fax: 213.229.7520
dstein@gibsondunn.com

*Attorneys for Defendant Facebook, Inc.*
*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC |
| This document relates to:<br><br>ALL ACTIONS | **CORRECTED JOINT STATUS UPDATE**<br><br>Judges: Hon. Vince Chhabria and<br>Hon. Jacqueline Scott Corley<br>Courtroom: VIA VIDEOCONFERENCE<br>Hearing Date: January 11, 2022<br>Hearing Time: 9:00 a.m. |

## PLAINTIFFS' SEPARATE STATEMENT

Since the parties last reported to the Court prior to the November 16, 2021 hearing, the parties had a full day settlement mediation session with Judge Gandhi during which the parties did not reach a resolution. Additionally, the parties have had a multi-hour hearing with Special Master Garrie regarding Facebook's production of ADI-related materials and the Special Master held an ex parte hearing with Facebook on its search for the Zuckerberg notebooks. On December 22, 2021, Special Master Garrie held an emergency hearing on Facebook's motion to stay pending appeal of the Special Master's amended order regarding Plaintiffs' motion to compel production of Plaintiff Data which for which he granted a brief stay to January 6, 2022, subject to Facebook providing what additional information it can produce regarding the numerous data systems it had identified as storing or interacting with user data by December 23, 2021. On January 6, 2022, Facebook provided additional information but indicated it was unable to provide (1) "'a description of the types of Named Plaintiff data contained' in each data system; (2) the 'most common functions and purpose' of each data system or 'the business units, divisions, or groups that use the system'" as required by the Special Master's order. The parties also attended a half-day discovery mediation session on December 16, 2022, in which the parties addressed ongoing disputes related to scheduling depositions, Plaintiffs' written discovery responses, and coordinating a holiday détente.

Since the parties' last joint statement, Special Master Garrie issued rulings (i) ordering Facebook to produce ADI-related documents including all memoranda prepared by FTI Consulting or Stroz Friedberg, all background reports, technical reports, audits, and non-attorney developer interviews in connection with ADI (Dkt. No. 766) (and an amended order further refining these instructions (Dkt. No. 776)); (ii) denying Facebook's motion to compel the depositions of former Named Plaintiffs; (iii) granting Plaintiffs' motion to depose Michael

Vernal and Anne Lewis; (iv) amending his order regarding Plaintiff Data—requiring Facebook to provide information for the numerous data sources listed in the Declaration of David Pope (Dkt. No. 793); and (v) amending the earlier entered Deposition Scheduling Protocol Order (Dkt. No. 789). Facebook sought partial reconsideration of the order regarding the Vernal and Lewis depositions. Facebook likewise appealed to this Court the Special Master's Order denying the depositions of former Named Plaintiffs, the Amended Order Re: Plaintiff Data, and the Amended Order Regarding Production of ADI Related Documents (Dkt. No. 778, 780, 782). Plaintiffs filed an administrative motion seeking that motion to strike these appeals for failing to conform with Judge Chhabria's Order Appointing Special Discovery Master (Dkt. No. 709), and the Court struck Facebook's improper argument denied Plaintiffs' administrative motion as moot (Dkt. No. 783). The parties also proposed protocols to the Special Master regarding the Special Master's Order re Business Partners, the search and collection of Zuckerberg and Sandberg custodial documents, and Plaintiffs' sought relief regarding Phase 1 depositions. The parties have each taken two Phase 1 depositions (four depositions in total) and six additional Phase 1 depositions are scheduled (three depositions of Named Plaintiffs and three of current/former Facebook employees). The parties have exchanged lists of proposed deponents and dates for Phase II (January 31-April 1, 2022), but have only agreed to two Plaintiff deposition dates for this phase.

Plaintiffs also highlight the following areas to reflect their continuing concern with the pace of discovery in this action and, more specifically, with Facebook's continued efforts to slow or outright halt the orderly progress of this case.

**Depositions**. As the Court is aware, Judge Chhabria entered a case schedule in July that scheduled depositions to start on November 1, 2021. Dkt. No. 706. Despite Plaintiffs' efforts to schedule depositions starting in November—which included not only seeking dates for depositions of Facebook witnesses in November, but also offering dates for a number of Named

Plaintiffs during that month—depositions did not commence until December, and Plaintiffs' first deposition of a Facebook witness did not occur until December 16. To date, Plaintiffs have only been able to take two depositions. Moreover, only three additional depositions of Facebook witnesses are presently scheduled for January, despite an order from the Special Master that 10 depositions of Facebook witnesses should be completed by the end of the month.

Deposition scheduling, which is usually the subject of agreement between opposing parties, has itself given rise to lengthy litigated disputes, including Facebook's refusal to make available for deposition any witness who had previously been deposed in any prior action Facebook identified as related. This refusal included one witness whose prior deposition occurred in 2010, before the majority of the events relevant in this case had occurred, and another who testified in a securities fraud investigation that did not concern any of the allegations Plaintiffs make here. Facebook's refusal to permit such witnesses to be deposed is even more startling because it has not provided the exhibits to the prior depositions. The parties have engaged in mediation and two rounds of briefing on this issue alone.

**Document Production**. Despite the considerable efforts of the Discovery Mediators and Special Master, Facebook's document production continues at the same anemic pace it was at when Judge Chhabria appointed the Special Master. Indeed, Facebook has not produced *any* documents in response to the Special Master's numerous orders compelling additional production. For example, the Special Master issued orders compelling Facebook to produce additional ADI-related documents, Dkt. No. 766, Dkt. No. 776, and documents reflecting all Named Plaintiffs' data in Facebook' possession, Dkt. No. 780. Each of these orders addressed disputes this Court had already addressed. *See* Dkt. No. 557 (Discovery Order No. 9, ordering the production of data Facebook collected from the Named Plaintiffs' on-platform activity, obtained from third parties regarding the Named Plaintiffs' off-platform activities; and inferred

from the Named Plaintiffs' on- and off-platform activities); Dkt. No. 736 (Order Granting Motion to Compel ADI Materials, ordering the production of background and technical reports, audits, and developer interviews of the six exemplar apps chosen by the parties *and* "additional materials consistent with the guidance offered by this Order"). Though these issues had been thoroughly briefed before this Court, Facebook sought extensions of time to further brief both before the Special Master and has recently appealed these rulings.

As a result, Facebook has not produced *any* documents reflecting Named Plaintiffs' data since February 2021. And it has produced only 11 documents in response to the Court's Order Granting Motion to Compel ADI Materials, none of which were produced in response to the Special Master's order.

**Discovery Mediation and Disputes**. The Discovery Mediators and Special Masters have worked diligently to seek resolution of discovery disputes and resolve impasses where no agreed resolution can be reached. However, there remain substantial outstanding issues. Though the parties are less than one month from the substantial completion of document production deadline, Facebook has *still* not engaged with Plaintiffs regarding the collection and production of non-custodial ESI or any sources of custodial documents other than email or chats. Moreover, the parties are at impasse regarding hundreds of documents that Facebook has withheld as privileged and, past being prologue, Plaintiffs expect the list of disputed documents to grow as Facebook provides additional privilege logs.

In sum, though discovery has progressed over the past few months, Facebook continues to slow, and in some cases bring to a grinding halt, the orderly progress of this case. More concerning, in some instances, it has started to tell Plaintiffs, the Discovery Mediators, and the Special Master that it is too late in the schedule to address these issues, after previously and repeatedly asserting that it was too soon to address them.

## FACEBOOK'S SEPARATE STATEMENT

The Court has made clear that it will no longer consider separate discovery statements from the Parties, particularly those that seek to undermine or circumvent the process before the discovery mediators and Special Master. June 23, 2021 Trans at 3:8-21 ("I didn't receive a joint status update, so I'm going to set my own agenda . . . I need a joint one. If I don't have a joint one I'm not going to do it."). Facebook provided Plaintiffs a proposed joint progress update similar to those the Parties have submitted for many months and based on a status summary drafted by Judge Andler. Plaintiffs insisted on providing their own statement. It is not clear what Plaintiffs intend to achieve by using a disfavored separate statement to complain about discovery issues the Special Master is currently addressing or has already resolved. The Special Master—who has deep visibility into the status of the parties' discovery efforts—has repeatedly rejected the same false accusations Plaintiffs use in their separate statement to raise.[1]

Apparently unhappy that the Special Master has consistently found no defects in Facebook's discovery process—including after reviewing a sample of nonresponsive documents—Plaintiffs apparently seek off-the-cuff guidance from the Court without providing any context for the issues they raise. The Court specifically appointed a mediator and then a Special Master to dig into these types of "laments and complaints," because it is not possible nor a proper use of judicial resources for the Court to get into the weeds of disputes about things like

---

[1] It is not correct that Facebook has not produced materials the Special Master ordered produced (except for those on appeal). Facebook has now produced nearly **2.2 million** pages of documents, in addition to **80 gigabytes** of raw data (by conventional measures, this volume of data is equivalent to an additional **4 to 6 million** printed pages). Nor is it true that Facebook has produced only "emails and chats"; it has searched and/or produced materials from more than a dozen data sources, including both custodial and non-custodial sources.

As for depositions, Facebook agrees that scheduling has been challenging. Facebook has only been able to take two Named Plaintiff depositions, even though it first noticed these depositions in January 2020. A number of the "Phase II" depositions Plaintiffs seek to take have not been scheduled because the depositions they seek include 30(b)(6) depositions for which Plaintiffs have not noticed the 30(b)(6) topics, former Facebook employees (i.e. third parties) who have not been subpoenaed and whom Facebook has been making a good faith effort to contact in the first instance, a former employee who was deposed in a related matter only **three months ago** (Facebook produced the transcript to Plaintiffs and they have not shown good cause to redepose the witness as required by the Special Master's Deposition Protocol), and Facebook employees whom Plaintiffs indicated they wish to depose **less than one week ago**. Again, the nuances of these disputes are why mediators and a Special Master were appointed.

deposition scheduling and whether particular ESI sources have been produced (they have).  March 4, 2021 Trans. at 14:21, 14:10.

It will not surprise the Court that Facebook also has a number of concerns about Plaintiffs' discovery conduct.  These include:

1. Plaintiffs' pattern of litigating over-and-over settled issues this Court has already addressed and ruled on in an effort to either convince the Special Master to change this Court's clear rulings or renege on past concessions and agreements.  A number of this Court's rulings were the result of a full year of piecemeal hearings and briefing before this Court.  Plaintiffs are not only ignoring that work but also putting the Special Master in the uncomfortable and difficult position of trying to piece together that complicated history to remain true to this Court's instructions.  This has led to many hundreds of hours of unnecessary briefing.  Some of the past disputes Plaintiffs have relitigated are easy to untangle.  Others are not.  As a result of Plaintiffs' opportunistic insistence on reopening these long settled issues before a new decider, clarity is now needed from this Court on its orders regarding (i) the types of "underlying factual" materials this Court found discoverable from ADI, (ii) whether data Facebook never shared or made accessible outside of Facebook is discoverable in this data-sharing class action, and (iii) Facebook's right to depose former named plaintiffs who participated in this case for more than two years and have reserved their right to rejoin.

2. Plaintiffs' continued refusal to disclose basic information about their claims that should have been disclosed at the outset of the case.  Almost four years into this case, Plaintiffs still have not identified what supposedly "sensitive" information about users Plaintiffs claim this case is about, where else Plaintiffs' and their friends shared that information off of Facebook's Platform, or how Plaintiffs contend they were harmed.

Facebook does not ask the Court to address, much less weigh in on, these issues.  Like the issues Plaintiffs raise, these concerns are subject to ongoing mediation and litigation before the Special Master.

Below, Facebook provides the neutral, high-level status update that Facebook suggested the parties file and which also tracks a summary Judge Andler provided.  Plaintiffs refused to agree to this simple update:

Since the Parties' last joint submission on November 15, 2021, they participated in a brief mediation session during which they scheduled two depositions and one half-day discovery mediation, during which they:

1. Negotiated various disputes related to depositions;

2. Reached agreement on certain deposition scheduling issues;

3. Discussed Plaintiffs' objections to responding fully to certain interrogatories; and

4. Agreed to a holiday détente.

Outside of mediation, the parties briefed (and the Special Master ruled on) numerous discovery disputes.  The Special Master's formal rulings have been filed with the Court; various other informal rulings have also been issued.  Facebook sought reconsideration of three of the Special Master's rulings and has appealed three orders to the Court.  The mediators declared impasse on additional not-mediated issues, which will be briefed to the Special Master in January 2022.

The parties conducted four depositions in December, and participated in a mediation before the Honorable Jay Gandhi (Retired) on November 20.

Dated: January 10, 2022

KELLER ROHRBACK L.L.P.

By:  */s/ Derek W. Loeser*
     Derek W. Loeser

Derek W. Loeser (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
David J. Ko (admitted *pro hac vice*)
Benjamin Gould (SBN 250630)
Adele Daniel (admitted *pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com
dko@kellerrohrback.com
bgould@kellerrohrback.com
adaniel@kellerrohrback.com

Christopher Springer (SBN 291180)

Respectfully submitted,

BLEICHMAR FONTI & AULD LLP

By:  */s/ Lesley E. Weaver*
     Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Matthew S. Melamed (SBN 260272)
Angelica M. Ornelas (SBN 285929)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
mmelamed@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

GIBSON, DUNN, & CRUTCHER LLP

By: */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*