GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL APPELLATE RECORD OF APPEAL OF SPECIAL MASTER'S AMENDED ORDER RE: PRODUCTION OF ADI RELATED DOCUMENTS** |

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL APPELLATE RECORD OF APPEAL OF SPECIAL MASTER'S AMENDED ORDER RE: PRODUCTION OF ADI RELATED DOCUMENTS
CASE NO. 3:18-MD-02843-VC

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Statement In Support of its Administrative Motion To File Under Seal Appellate Record Of Appeal Of Special Master's Amended Order Re: Production Of ADI Related Documents.  Dkt. 777.  Facebook's proposed redactions are limited to (i) confidential information the Court has sealed previously, (ii) confidential details of Facebook's App Developer Investigation ("ADI" or "the Investigation"), and (iii) highly confidential investigative reports from ADI that were prepared at the direction of counsel and produced under compulsion.  Public disclosure of Facebook's investigative reports would publicly reveal privileged and highly confidential information from Facebook's legal investigation; reveal highly sensitive information regarding non-parties; allow Facebook's competitors to copy ADI's proprietary methods; potentially compromise Facebook's security enforcement; and expose competitively sensitive information regarding Facebook's technical infrastructure and operations.  There is good cause to permanently seal this information, which the Special Master has indicated is not necessary to his ruling.

## I.  Background

Additional background regarding proceedings before the Special Master is included in Facebook's Statement In Support Of Sealing Special Master's Orders Regarding Production Of ADI Related Documents.  Dkt. 788.  On December 23, 2021, Facebook appealed the Special Master's Amended Order Regarding Production Of ADI Related Documents, Dkt. 780, and filed an Administrative Motion To File Under Seal the Appellate Record of its appeal, Dkt. 779.  The Appellate Record contains the underlying materials before the Special Master related to this dispute, including the Special Master's orders and attached exhibits sought to be sealed in Facebook's Statement In Support of Sealing Special Master's Orders Regarding Production Of ADI Related Documents, Dkt. 788, as well as the parties' JAMS submissions.

## II.  The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits

Courts seal information in non-dispositive motions if there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored.  *Doe v. Walmart, Inc.*, 2019 WL 636362 at * 1–3 (N.D. Cal. Feb. 11, 2019); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  The Order and Amended Order

1

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL APPELLATE RECORD OF APPEAL OF SPECIAL MASTER'S AMENDED ORDER RE: PRODUCTION OF ADI RELATED DOCUMENTS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

relate to a discovery dispute, not the merits of this action, so the good cause standard applies.

### III. There Is Good Cause To Seal Facebook's Limited Proposed Redactions

Facebook asks the Court to permanently seal (i) limited information the Court has sealed previously; (ii) confidential information regarding the number of apps investigated and reports, audits, and interviews from ADI, and (iii) privileged background and technical reports prepared by Facebook's consulting experts at the direction of counsel, which Facebook has produced to Plaintiffs under compulsion over its assertions of attorney-client privilege and work product protection.

*Information the Court has sealed previously.* Facebook asks the Court to seal limited portions of documents containing information that it has previously sealed, including:

1. The identities of consulting experts retained by Gibson Dunn to provide professional services related to ADI.  This information is confidential and commercially sensitive, Southwell Decl. ¶ 11, and the Court has previously found good cause to seal it.  Dkts. 737, 764.

2. The identities of apps and developers investigated during ADI and actions taken against them, which the Court has previously sealed.  *See* Record at 0142–44, 0907–09 (copy of Dkt. 513-1, sealed by the Court at Dkt. 519).  This information is not only confidential to Facebook but also to third parties who would likely consider their app IDs, suspension status, and any rationale for that suspension sensitive.  Southwell Decl. ¶ 12.  As explained previously, disclosure that particular apps were suspended may also unfairly inflict reputational harms on parties that Facebook suspended because they did not cooperate with ADI, as opposed to a specific finding of wrongdoing on Facebook's platform.  Dkt. 514 at 1–2; Dkt. 514-1 ¶¶ 4–5; Southwell Decl. ¶ 12.

3. Limited redactions to prior briefs to the Court, which include (i) the identities of Facebook's consulting experts, (ii) privilege log entries describing confidential materials, and (iii) detailed descriptions of the documents reviewed *in camera*.  Record at 0244–45, 0329–38, 0929–30.  These redactions are identical to redactions the Court has approved previously.  Dkts. 743-5, 743-3.

4. The name and purpose of an email account created and used for ADI, *e.g.*, Record at 0404:24, which the Court found good cause to seal previously, *see* Dkt. 743-4 at 16:3–19; Dkt. 744.

Because of the harm that would occur from public disclosure of this confidential information, Southwell Decl. ¶¶ 10–12, Facebook respectfully asks the Court to again seal this information.

2

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL APPELLATE RECORD OF APPEAL OF SPECIAL MASTER'S AMENDED ORDER RE: PRODUCTION OF ADI RELATED DOCUMENTS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

*Number of apps investigated and reports, audits, and interviews.* There is good cause to seal the numbers of apps investigated, reports and documents generated, and audits and interviews conducted by the Investigation. *E.g.*, Record at 0018:13–14. There was no industry standard for investigating millions of applications; the ADI team devised and tailored proprietary methods and techniques for conducting the investigation. Southwell Decl. ¶ 8. Public disclosure of these figures would reveal ADI's strategies—developed at Facebook's expense—for ranking the risks of developers, determining how many warranted increased scrutiny, and the depth of investigation into each. *Id.* ¶ 13. Facebook's competitors could use this information to improve their own investigations into data misuse, to Facebook's competitive disadvantage. *Id.*; *see In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at * 26 (N.D. Cal. Aug. 9, 2015) (sealing descriptions that "reflect[ed] and convey[ed] confidential, proprietary information"). Bad actors could also use this information to evade investigative and enforcement mechanisms Facebook has enacted to detect and disrupt abuse of its platform, potentially harming both Facebook and its users. Southwell Decl. ¶ 13.

*Privileged investigative reports generated by Facebook's consulting experts.* There is good cause to seal entirely privileged investigative reports that were prepared by Facebook's consulting experts at the direction of counsel and to assist counsel in providing Facebook with legal advice. Record at 0424–0797. These reports were designed to capture information that counsel deemed relevant to assessing Facebook's legal risks, Southwell Decl. ¶¶ 17, 20, 22, and Facebook produced them to Plaintiffs only under compulsion. These reports are not only privileged; they are also replete with confidential information about Facebook, ADI, and the third parties that Facebook investigated. *Id.* ¶ 21. If disclosed, these reports would harm Facebook and third parties for four reasons.

First, each report is focused on a specific developer and/or set of apps investigated by ADI and includes substantial sensitive business information about third parties. *Fed. Trade Comm'n v. Qualcomm Inc.*, 2018 WL 6615298, at *3 (N.D. Cal. Dec. 17, 2018) (granting motion to seal "competitively sensitive business information" of non-parties). The background and technical reports were intended to identify potential concerns about third-parties for counsel to investigate, and in many cases, concerns identified were not confirmed or were later disproven based on additional evidence gathered by the ADI team. Disclosure of any portion of these reports would reveal

3

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL APPELLATE RECORD OF APPEAL OF SPECIAL MASTER'S AMENDED ORDER RE: PRODUCTION OF ADI RELATED DOCUMENTS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

confidential and highly sensitive information about third parties and—in some cases—cause public disclosure of unverified (and in some cases disproven) information about these parties. Southwell Decl. ¶ 21. The reports should be sealed to protect the rights of non-parties and for the same reasons the Court has sealed the identities of the apps and developers that Facebook investigated during ADI. Indeed, disclosure of any portion of the reports would disclose publicly which apps were investigated (and substantial information about those apps), undermining the Court's prior ruling.

Second, if publicly disclosed, the information in Facebook's privileged background and technical reports could pose security risks to Facebook and its users by revealing ADI's methods, the information Facebook considered worthy of investigation, and the capabilities of Facebook's investigative team. ADI was designed to identify applications that may have misused data before additional platform protections were implemented, and these reports were designed to capture the information counsel deemed significant in investigating potential data misuse. Southwell Decl. ¶¶ 4, 5. Every portion of the reports reveals what information Facebook's attorneys deemed relevant to assessing the potential for data misuse. *Id.* ¶ 22. They also reveal confidential information about Facebook's privacy and security architecture. Publicly revealing what information Facebook's counsel considers significant in investigating apps, the tools and capabilities Facebook may use to uncover information about data misuse, and information regarding Facebook's privacy and security architecture could all provide bad actors with a roadmap to evade investigative and enforcement mechanisms Facebook has enacted to detect and disrupt abuse of its platform. *Id.*

Third, disclosure of the reports would publicly reveal commercially sensitive information regarding Facebook's technical infrastructure and operations. In investigating the potential for data misuse, reports include details about where certain Facebook data is stored and how it could be accessed, consistent with users' privacy selections. Southwell Decl. ¶ 23. Developing methods for protecting user privacy and storing user data are important needs for any social media platform, and if publicly disclosed, Facebook's competitors could use information revealing Facebook's proprietary methods for tracking, analyzing, and storing user information to improve their own methods of storing user data to Facebook's competitive disadvantage. *Id.* For this reason, the Court recently sealed information regarding how Facebook stores and processes user data, and it should do so here,

4

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL APPELLATE RECORD OF APPEAL OF SPECIAL MASTER'S AMENDED ORDER RE: PRODUCTION OF ADI RELATED DOCUMENTS
CASE NO. 3:18-MD-02843-VC

too. *See* Dkt. 767 at 4 (sealing request); Dkt. 770 (order sealing such information).

Fourth, disclosure of any portion of the privileged, investigative reports would reveal confidential information about the Investigation's innovative and proprietary design, structure, techniques, and strategies. As previously stated, there was no industry standard for investigating millions of applications and the ADI team devised and tailored proprietary methods and techniques. Southwell Decl. ¶ 8. The reports are the result of proprietary analytics designed exclusively for ADI to score, rank, and better understand available data about each app and developer. *Id.* ¶ 18. The topics of investigation in each report—even including analyses of publicly-available information—reveal the criteria and information that were important to the ADI team's innovative and proprietary analyses. *Id.* ¶ 19. Publicly disclosing this information would allow Facebook's competitors to copy ADI's methods and techniques and use Facebook's investment and experience to gain an unfair competitive advantage. *Id.* ¶ 24; *see, e.g.*, *In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at * 26 (Aug. 9, 2015 N.D. Cal.) (sealing privilege log descriptions that "reflect[ed] and convey[ed] confidential, proprietary information about Endo's business operations as well as its strategies").

## IV. The Limited Proposed Redactions Are Narrowly Tailored

As stated, Facebook's privileged and highly confidential background and technical reports should be sealed in their entirety. These reports cannot be more narrowly redacted without revealing confidential information, and sealing this information would not affect the public's ability to understand the Special Master's rulings. Indeed, the Special Master's second Amended Order, Record at 0001–0005, does not even attach the reports, which we understand reflects the Special Master's judgment that this confidential information is not significant to his ruling. For the remaining materials, Facebook's proposed redactions are confined to information the Court has previously found good cause to seal or only that information necessary to prevent competitive harm to Facebook. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect . . . proprietary information").

\*   \*   \*

For these reasons, Facebook respectfully requests that the Court permanently seal the confidential information contained within its limited proposed redactions to the Appellate Record.

5

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL APPELLATE RECORD OF APPEAL OF SPECIAL MASTER'S AMENDED ORDER RE: PRODUCTION OF ADI RELATED DOCUMENTS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Dated: January 11, 2021

**GIBSON, DUNN & CRUTCHER, LLP**

By: /s *Martie Kutscher*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL APPELLATE RECORD OF APPEAL OF SPECIAL MASTER'S AMENDED ORDER RE: PRODUCTION OF ADI RELATED DOCUMENTS
CASE NO. 3:18-MD-02843-VC