UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK CONSUMER PRIVACY LITIGATION | Case No. 18-md-02843-VC (JSC)<br><br>**ORDER RE: FACEBOOK'S APPEAL OF SPECIAL MASTER'S ORDER REGARDING DEPOSITIONS OF FIVE FORMER NAMED PLAINTIFFS**<br><br>Re: Dkt. No. 782 |

Now pending before the Court is Facebook's appeal of the Special Master's order regarding Facebook's request to take the deposition of five former named plaintiffs. (Dkt. No. 782; *see also* Dkt. No. 709 (setting forth the procedures for appeal of Special Master discovery orders.) After carefully considering the appellate record (Dkt. No.781-3), reviewing the Special Master's order *de novo*, *see* Fed. R. Civ. P. 53(f)(3), and having held a hearing with the parties on January 11, 2022, the Court affirms the challenged aspects of the Special Master's order without prejudice to Facebook renewing its request after it has taken the depositions of the Named Plaintiffs.

**DISCUSSION**

Discovery of absent class members "is not routinely granted" and is generally ordered only when the defendant shows a need for the discovery, *Dukes v. Wal-Mart Stores, Inc*., No. 01-CV-2252 CRB JSC, 2013 WL 1149754, at *1 (N.D. Cal. Mar. 19, 2013), or "the class member has inserted herself into the litigation." *A.B. v. Pac. Fertility Ctr*., No. 18-CV-01586-JSC, 2019 WL 6605883, at *1 (N.D. Cal. Dec. 3, 2019). An absent class member inserts herself into the litigation (or has been inserted into the litigation) when she is identified on initial disclosures as persons with knowledge of claims or defenses, *id.* at *1, or submits a declaration in support of class

certification. *Id*. This Court has held that withdrawing as a named plaintiff is the opposite of inserting oneself into the litigation. *Id.* ("the proposed deponents have done the opposite of asserting themselves into the litigation: having initially agreed to serve as named plaintiffs, they have withdrawn and instead currently have no more involvement in the case than any other absent class member who has not submitted a declaration in support of class certification or been identified as a witness on initial disclosures"). Thus, the former named plaintiffs at issue on this motion have not inserted themselves into this litigation such that their involvement alone justifies their depositions. That they withdrew without prejudice to later seeking to become a class representative is of no moment. If the issue ever arises, the district court will decide if a former named plaintiff can be reinserted as a named plaintiff. If it is allowed, depositions and other discovery of that new named plaintiff would be allowed. But that has not happened and may never happen.

     The question, then, is whether Facebook has shown a need for the former named plaintiff depositions. As discussed at oral argument, as of yet they have not. Accordingly, Facebook's demand to take the depositions of five former named plaintiffs is denied without prejudice to renewal after they take the depositions of the Named Plaintiffs and if they have an actual need for the depositions.

     The Court notes that the circumstances of the proposed deponents' withdrawal from the case does not mean they can never be deposed. When Plaintiffs complained about the burden in answering interrogatories for the then 24 named plaintiffs, the Court suggested that they reduce the number of named plaintiffs as such a large number is unwieldy in any event. The Court did not rule that if Facebook shows that such discovery is necessary, absent class members, including former named plaintiffs, cannot be deposed. And, in terms of reducing the burden on absent class members, the least burdensome would be to depose an absent class member who previously agreed to serve as a named plaintiff.

//
//
//

This Order disposes of Docket No. 782.

**IT IS SO ORDERED.**

Dated: January 12, 2022

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge