1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    IN RE: FACEBOOK, INC. CONSUMER            Case No. 18-md-02843-VC   (JSC)
     PRIVACY USER PROFILE LITIGATION
8
                                               **ORDER RE: FACEBOOK'S APPEAL**
9                                              **OF SPECIAL MASTER'S ORDER**
                                               **REGARDING ADI MATERIALS**
10
                                               Re: Dkt. No. 778
11

12

13          Now pending before the Court is Facebook's appeal of the Special Master's order

14   regarding production of ADI materials.  (Dkt. No. 778; *see also* Dkt. No. 709 (setting forth the

15   procedures for appeal of Special Master discovery orders).)  After carefully considering the

16   appellate record (Dkt. No. 777-3), reviewing the Special Master's order *de novo*, *see* Fed. R. Civ.

17   P. 53(f)(3), and having heard orally from the parties on January 11, 2022, the Court rules as set

18   forth below.

19          1.     The Court affirms the Special Master's findings that (a) "'Judge Corley's [ADI]

20   order does not exclude non-attorney internal Facebook communications with [Facebook's

21   consulting experts] . . . from the scope of ADI documents to be produced'" and (b) that

22   "'additional information regarding the relevance of [internal ADI] communications is necessary to

23   determine whether such communications should be produced.'"  (Dkt. No. 778 at 2 (quoting Dkt.

24   No. 776 at 4-5).)

25          The Special Master's order is exactly what this Court's ADI Order contemplated.

26   Facebook took the position that *all* ADI-related material was privileged from production as

27

28

*(left margin, vertical text)* United States District Court
Northern District of California

1    attorney work-product or attorney-client privileged.  (Dkt. No. 777-3 at 264; Dkt. No. 711 at 1.) [1]

2    While Facebook later agreed to produce some underlying data, it maintained that all "reports,

3    audits and interviews created or conducted by non-attorneys" are privileged.  (Dkt. No. 777-3 at

4    284; Dkt. No. 736 at 1.)  The Court's ADI Order adjudicated that broad claim of privilege and

5    found that because the ADI played a dual purpose, and that Facebook would have conducted the

6    investigation even in the absence of anticipated litigation, the attorney work-product privilege did

7    not protect all material.  The Court therefore ordered:

8    
9    
10   
11   
> On or before September 21, 2021, Facebook shall produce the
> background and technical reports, audits and developer interviews of
> the six exemplar apps chosen by the parties as Facebook has offered
> no special reasons why those particular documents are privileged
> other than what has been addressed. *The parties shall work with the
> Special Master regarding production of additional materials
> consistent with the guidance offered by this Order*.

12   (Dkt. No. 777-3 at 289; Dkt. No. 736 at 7) (emphasis added).)  The guidance offered by the

13   Court's ADI Order was that ADI-related documents are not protected by the work-product or

14   attorney-client privilege in the absence of specific showings of actual work-product, such as

15   attorney edits, or the giving or seeking of legal advice.  The Special Master's order is consistent

16   with that guidance.

17       The Court did not rule that non-attorney communications with the consultants are not

18   discoverable.  To the contrary, the Court's ruling rejecting Facebook's broad attorney work-

19   product claim means that such communications are not privileged absent some other special

20   showing as to specific communications.  The hearing statements by the Court and Plaintiffs which

21   Facebook relies upon were in the context of attempting to narrow the issues to determine if the

22   parties could agree on what ADI materials to produce.  Unfortunately, they could not.  As a result,

23   the Court ruled on the privilege claim.  Again, the Court did not rule that communications are not

24   discoverable and never need be produced.

25       Facebook's lament that some of the communications may not be relevant is puzzling.  The

26   Special Master specifically stated that he required more information to determine relevance and

27   

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1  "whether such communications should be produced." (Dkt. No. 777-3 at 9; Dkt. No. 776 at 5.)

2  Facebook chose to appeal this common-sense approach.  Its appeal fails.

3        2.      The Court affirms the Special Master's finding that "all memoranda prepared by

4  [Facebook's consulting experts] . . . are within the scope of Judge Corley's order." (Dkt. No. 778

5  at 2 (quoting Dkt. No. 776 at 4).)  Facebook produced such memoranda for the six exemplar apps,

6  therefore confirming that they are within the category of documents the Court specifically ordered

7  produced as not privileged.  As the Court held they are not privileged, the Special Master ordered

8  them produced.  Review of Facebook's briefing and the actual memoranda themselves does not

9  reveal any reason to find they are privileged from production.

10        3.      The Special Master's finding that "'all audits' . . . 'are within the scope of Judge

11  Corley's order'" (Dkt. No. 778 at 2 (quoting Dkt. No. 776 at 4)) is affirmed.  The Court

12  specifically held that the ADI audits conducted by non-attorneys are not protected attorney work-

13  product and are not protected by the attorney-client privilege.  (Dkt. No. 736 at 6.)  Thus, neither

14  privilege precludes the Special Master from ordering their production and Facebook does not

15  argue, as it cannot, that the Court earlier held that additional audits are not discoverable.  Rather,

16  the Court ordered the non-privileged material related to the six exemplar apps be produced as part

17  of the iterative ongoing discovery process.  The point of the exemplar production was to identify if

18  particular types of documents are relevant and proportional, not to forever limit Plaintiffs to

19  evidence from just those six exemplar apps.

20        Facebook's contention that the Special Master's order includes the production of attorney

21  audits (Dkt. No. 778 at 2) is wrong.  That the Special Master did not order the production of

22  attorney audits is evidenced by Facebook's failure in its Motion for Reconsideration to argue that

23  he had ordered the production of attorney audits.  (Dkt. No. 777-3 at 10-28.)  Facebook did argue

24  to the Special Master that his order was unclear as to whether he was ordering the production of

25  communications over which Facebook claims privilege (apart from its earlier rejected privilege

26  claim).  (*Id.* at 28.)  The Special Master responded to the Motion for Reconsideration by ordering

27  Facebook to provide the Special Master with the ADI-related communications pertaining to the six

28  exemplar apps for the Special Master's *in camera* review.  (Dkt. No. 776 at 5.)  In other words, the

United States District Court
Northern District of California

3

1    Special Master is specifically considering Facebook's additional privilege contentions.

2         4.      The Court declines Facebook's oral argument plea that the Court direct the Special

3    Master to consider proportionality and discovery limits.  In response to Facebook's Motion for

4    Reconsideration argument that producing ADI communications would be too burdensome and that

5    much of the discovery would be irrelevant, the Special Master found that "additional information

6    regarding the relevance of such communications is necessary to determine whether such

7    communications should be produced."  (Dkt. No. 777-3 at 9.)  Determining relevance is a key

8    component of determining proportionality.

9         This Order disposes of Docket No. 778.

10        **IT IS SO ORDERED.**

11   Dated: January 12, 2022

12
                                                    _Jacqueline Scott Corley_
13                                                  JACQUELINE SCOTT CORLEY
                                                    United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California