UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK CONSUMER PRIVACY LITIGATION | Case No. 18-md-02843-VC (JSC)<br><br>**ORDER RE: FACEBOOK'S APPEAL OF SPECIAL MASTER'S ORDER REGARDING PRODUCTION OF PLAINTIFF DATA**<br><br>Re: Dkt. No. 780 |

Now pending before the Court is Facebook's appeal of the Special Master's order regarding production of Plaintiff data. (Dkt. No. 780; *see also* Dkt. No. 709 (setting forth the procedures for appeal of Special Master discovery orders.)  After carefully considering the appellate record (Dkt. No.779-3), reviewing the Special Master's order *de novo*, *see* Fed. R. Civ. P. 53(f)(3), and having heard oral argument on January 11, 2022, the Court affirms the challenged aspects of the Special Master's order.

    1.      The Court affirms the Special Master's findings that "Discovery Order No. 9 does not limit the scope of discoverable data related to Named Plaintiffs to data that was shared with third parties . . . because Judge Corley's ruling contains no language [saying that]." (Dkt. No. 780 at 2 (quoting Dkt. No. 793 at 6).[1])  This Court did not rule that Facebook only had to produce data about the Named Plaintiffs that Facebook admits it shared with third parties. To the contrary, Facebook argued to the Court that even if Facebook collects data that it shares with third parties (and had not been produced), such data is irrelevant. (Dkt. No. 537 at 11.)  And, it argued that, in any event, Plaintiffs had no evidence that such data exists. (*Id.*)  Notwithstanding those

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

arguments, the Court held that Facebook must produce data about the Named Plaintiffs that were collected from off-platform activity, even though Facebook insisted that such data were not shared with third parties. (Dkt. No. 557 at 1-2; *see also* Dkt. No. 537 at 9 (Facebook arguing that Plaintiffs demand data about themselves regardless of whether the data was shared with third parties). The Court did not rule that Facebook must only produce that data which Facebook admits it shared with third parties.

Facebook's insistence that the Court somehow ruled that only data that Facebook admits were shared with third parties is discoverable is belied by the Court's discovery ruling less than two months later. The Court stated that Facebook

> contended that Plaintiffs conceded that user data not shared with or accessible to third parties is not relevant, (Dkt. No. 548 at 10), and because Facebook does not share inferred user data, the inferred user data Facebook maintains is not relevant. Facebook both collects and uses data about its users as part of its business model, including data derived from third parties. How it specifically uses this data is an open question, but if the Court were to accept Facebook's arguments about the scope of production, it would eliminate Discovery Order No. 9's third category of discovery: data inferred from a user's on or off-platform activity.

(Dkt. No. 588 at 1.) If the Court had previously ruled that only that data which Facebook concedes it shared with third parties were discoverable, then the Order would have said that Facebook does not have to disclose inferred user data because Facebook insists it is never shared such data with third parties. That is not what the Order stated; instead, it noted that how Facebook uses the data it collects "is an open question." And in a subsequent order ruling on disputes regarding the 30(b)(6) deposition about how Facebook uses the data it collects, the Court ruled that "whether particular user data is not shared, not admissible, or not monetized, is not a valid reason to object to a particular deposition question." (Dkt. No. 602 at 1-2.) Thus, Facebook's contention that the Court previously ruled that the only discoverable Named Plaintiff data are the data that Facebook concedes it shared with third parties is wrong.

Apart from the Court not having limited discovery of each Named Plaintiff's data to only data Facebook concedes it shared with third parties, the Court finds that such a limitation is not appropriate. As the Court previously noted, how Facebook uses the data it collects about its users

2

is an "open question." The first step in answering that question is to identify the data it collects about its users and, specifically, what it has collected about the Named Plaintiffs.

At oral argument, Facebook urged that the question of whether data were shared was resolved by the earlier 30(b)(6) ordered by the Court. (Dkt. No. 779-3 at 3432-4489.) It is true that the Court ordered the deposition with the hope that it would provide clarity as to what data Facebook collects and how it is used. But the Court did not order that the 30(b)(6) witness was the final arbiter of whether data was shared. To the contrary, the Court stated that one purpose of the 30(b)(6) was to provide "more detail about Facebook's collection and use of user data so future discovery requests can be tailored to Plaintiffs' better understanding of the internal operations of Facebook as well the terminology it uses for describing data that is potentially responsive to Plaintiffs' discovery requests." (Dkt. No. 588 at 1.) Thus, there is nothing before the Court that suggests that the record is currently so undisputed as to what data Facebook collects and how it is used that the Court can say definitively that certain data were not shared and therefore not discoverable.

2. The Court affirms the Special Master's order regarding the information Facebook must collect about the nearly 150 data sources Facebook identified as potentially including Named Plaintiffs' data. Facebook writes that it is appealing the Special Master's "order that Facebook must collect *detailed information* about nearly 150 data sources across the company." (Dkt. No. 780 at 0008 (emphasis added).) The Special Master actually ordered:

> Facebook is to provide the following information for each of the data sources listed in Exhibit A to the Declaration of David Pope, submitted with Facebook's Motion for Reconsideration of the Order Re: Plaintiff's Motion to Compel Plaintiff Data: (1) a high level description of the most common functions and purposes of the system; and (2) the business units, divisions, or groups that use the system.

(Dkt. No. 793 at 8.) Such a "high level description" is not "detailed information." Further, Mr. Pope attests that he and his team have been working for more than a year to identify the data systems Facebook uses to retain user data, and he identifies approximately 150 such systems. (Dkt. No. 779-3 at 29.) Facebook has not shown that during the year spent identifying those

3

systems it did not also identify the "high level" information ordered by the Special Master. Indeed, it seems unlikely that Facebook could have identified those systems without also identifying the very information the Special Master ordered produced.  In any event, at oral argument Facebook represented that it had provided the requested information to the Special Master so the appeal of this portion of the Special Master's order appears moot.

Facebook also argued at oral argument that it is nearly impossible to discern if these systems include any data about the Named Plaintiffs and that many of these systems merely involve storage of data already produced. That possibility is exactly why the Special Master asked for high level information about the systems: to work with the parties to determine what, if any, data from these systems should be produced consistent with Federal Rule of Civil Procedure 26(b).  The Special Master, with his technical expertise, is well-positioned to review the evidence and determine whether systems may contain shared Named Plaintiffs' data, or may not.  And, similarly, whether the production of potentially shared Named Plaintiff data is feasible and proportional to the needs of the case.

This Order disposes of Docket No. 780.

**IT IS SO ORDERED.**

Dated:  January 12, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4