GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
　osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
　klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
　mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
　dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
　jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Statement In Support of its Administrative Motion To File Under Seal the Appellate Record of its appeal of the Special Master's Amended Order Re: Named Plaintiffs' Data (Dkt. 779) and its Administrative Motion To File Under Seal the Special Master's December 29, 2021 Amended Order Re: Named Plaintiffs' Data (Dkt. 792). Facebook moves to permanently seal five categories of confidential information in the Appellate Record and Amended Order: (1) confidential information that the Court has previously sealed; (2) spreadsheets and tables that contain Facebook's confidential information about Facebook and its users; (3) documents that describe Facebook's confidential and proprietary data collection and storage methods and practices; (4) documents that convey confidential information regarding Facebook's business relationships and strategies; and (5) documents that reveal Facebook's confidential platform or privacy policy enforcement strategies. For the reasons explained below, there is good cause to seal permanently this information, and Facebook's request is narrowly tailored.

Because the Appellate Record also contains information Plaintiffs have requested Facebook treat as confidential, pursuant to Civil Local Rule 79-5(f)(5), Facebook also submits a separate Motion To Consider Whether Another Party's Material Should Be Sealed.

**I.     Background**

On October 6, 2021, Special Master Garrie and Judge Andler declared impasse on the issue of whether Facebook should be compelled to produce additional documents as a result of Judge Corley's Discovery Order No. 9. Record at 0004; *see* Dkt. 557. Plaintiffs submitted a Motion to Compel to Special Master Garrie on October 18, 2021. Record at 2632. Facebook submitted its opposition on October 28, 2021, *id.* at 2641, and Plaintiffs replied on November 2, 2021, *id.* at 0394. Facebook subsequently submitted an objection to Plaintiffs' reply on November 15, 2021. *Id.* at 0384. Special Master Garrie issued an order resolving this dispute on November 29, 2021. *Id.* at 0150. On December 10, 2021, Facebook submitted a motion for reconsideration regarding the Special Master's November 29, 2021 Order. *Id.* at 0009. On December 17, 2021, the Special Master issued an amended order. *Id.* at 0001.

On December 23, 2021, Facebook appealed the Special Master's amended order to this Court,

1

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

filing an appellate record consisting of all documents filed before the Special Master on this issue (the "Appellate Record"). Facebook filed an Administrative Motion To File Under Seal the Appellate Record, Dkt. 779, and was granted until January 18, 2022 to file materials in support of sealing the Appellate Record, Dkt. 791.

On December 29, 2021, the Special Master issued another amended order regarding this dispute (the "Amended Order"). Facebook filed the Amended Order on the docket, Dkt. 793, and filed an Administrative Motion To File Under Seal the Amended Order, Dkt. 792. Facebook submits this statement in support of its Administrative Motions To File Under Seal. Dkts. 779, 792.

## II. The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits

When a party seeks to seal judicial records related to the merits of a case, there is a "strong presumption in favor of" public access to the records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). But this high standard does not apply where, as here, the information a party seeks to seal is "unrelated or only tangentially related to the merits of a case." *Doe v. Walmart, Inc.*, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Kamakana,* 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.). Instead, courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Walmart*, at *1–*2. Here, the Appellate Record and Amended Order relate to a dispute regarding the scope of production of documents, not the merits of this action, so the good cause standard applies.

## III. There Is Good Cause To Seal Facebook's Five Categories of Confidential Information

Facebook asks the Court to permanently seal certain limited portions of the Appellate Record and Amended Order consisting of (1) records that the Court has previously sealed; (2) tables that contain Facebook's confidential information about Facebook and its users; (3) documents that describe Facebook's confidential and proprietary data collection and storage methods and practices; (4) documents that convey confidential information regarding Facebook's business relationships and

2

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

strategy; and (5) documents that reveal Facebook's platform or privacy enforcement strategies. There is good cause to seal this information.

***Information the Court has already sealed***.  Facebook asks the Court to seal limited portions of documents containing information that is already sealed on the public docket, including:

1. Limited portions of briefs that were previously filed with the Court, with the same redactions as those on the public docket.  Record at 0133–0146 (redacted at Dkt. 661), 0212–0228 (redacted at Dkt. 530-7), 2652:16,[1] 2905–2925 (redacted at Dkt. 530-7), 2942–2951 (redacted at Dkt. 661), 3704–3723 (redacted at Dkt. 530-7).  The Appellate Record includes briefs that were filed previously with the Court.  Facebook proposes the exact same redactions to the briefs within the Appellate Record as those redactions that exist on the public docket.  Swanson Decl. ¶ 6.

2. A document that was leaked in violation of the protective order filed in *Six4Three LLC v. Facebook, Inc.*, No. CIV533328 (San Mateo Cnty. Sup. Ct.), Dkt. 526-3.  Record at 0276–0281, 3768–3773, 4433–4438.  The Court has previously ordered that Plaintiffs "should not use any documents that were stolen in [Six4Three]" in this litigation, June 23, 2021 Hr'g Tr. 9:22–23, and modified the Protective Order in this action to clarify that documents leaked in violation of the protective order in *Six4Three* would not lose their confidentiality due to their publication on the Internet, Dkt. 716.  Despite the Court's clear instructions, Plaintiffs continue to use this leaked document and even attached it anew to their briefing to the Special Master, Record at 4433-4438 (Ex. 18 to the Oct. 18, 2021 Declaration of Derek Loeser), in addition to submitting the underlying briefing to which it was attached.  Because this document is the exact same document the Court has sealed entirely on the docket, the Court should apply the same redaction here.  Swanson Decl. ¶ 6.

3. Documents describing Facebook's business strategy, future business plans, and business partners whose identities have not been made public.  Facebook proposes the same limited redactions that the Court has previously granted, or sealing the documents entirely where the Court has previously found good cause to seal the documents entirely.  Swanson Decl. ¶ 6; Record at

---

[1] This portion of Facebook's brief quotes a passage that the Court has previously sealed.  *See* Dkt. 661 at 9; Record at 2951.

3

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

0365–0380 (sealed entirely at Dkt. 526-2),[2] 0426–0438 (sealed entirely at Dkt. 526-4), 3127–3135 (redacted at Dkt. 769-3), 3574–3589 (sealed entirely at Dkt. 526-2), 3866–3874 (redacted at Dkt. 769-3), 4343–4358 (sealed entirely at Dkt. 526-2), 4402–4417 (same).

***Tables that consist entirely of Facebook's confidential information.*** Facebook asks the court to seal entirely tables that contain information such as Named Plaintiffs' Facebook user IDs, app names and their associated app IDs, and technical operations of Facebook's APIs. Record at 440–2613 (containing Facebook user IDs, app names and associated IDs, and describing particular permissions granted for particular apps), 2615–18 (containing Facebook user ID), 3136–3317, 3323–3424 (listing particular apps that had been granted access to particular capabilities during particular times, and the functions of those capabilities), 3875–4056 (same ), 4161–72 (describing particular apps that had been granted particular permissions at particular times), 4178–4262 (substantially the same as 3136–3317). Facebook also proposes limited redactions of excerpts of these tables as they appear in Plaintiffs' declaration attaching the tables. Record at 0408–09. The Court has previously found good cause to seal entirely this information or similar information. *See* Dkt. 767 (seeking to seal "specific granular level information" regarding the functions of certain APIs); Dkt. 770 (sealing entirely tables containing such information); Dkt. 514 at 1–2 (seeking to seal app IDs because developers would likely consider such information confidential); Dkt. 519 (sealing entirely document containing such information).

First, public disclosure of Facebook user IDs could be used by bad actors to attempt to compromise Facebook accounts. Swanson Decl. ¶ 7. Second, public disclosure of these tables would reveal the names of apps and their associated app IDs, which developers would likely consider confidential. *See* Dkt. 514 at 1–2; *Fed. Trade Comm'n v. Qualcomm Inc.*, 2018 WL 6615298, at *3 (N.D. Cal. Dec. 17, 2018) (granting motion to seal "sensitive business information" of non-parties). Third, these table contain confidential information about the types of data transferred through each API call and how Facebook stores and processes data, which Facebook's competitors could use to its competitive disadvantage. Swanson Decl. ¶ 7; *see* Dkt. 767 at 3–4; Dkt. 770 (granting motion to seal

---

[2] Facebook also seeks to seal limited portions of deposition testimony that quote and discuss this previously sealed confidential document. Record at 3439–65.

4

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

data related to API calls to the Facebook platform).  Fourth, public disclosure of when specific apps had access to specific permissions would reveal the terms of Facebook's confidential business relationships, which courts regularly seal.  Swanson Decl. ¶ 7; *see, e.g.*, *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 3642177, at *6 (S.D. Cal. Aug. 1, 2019).  Because these tables consist entirely of specific granular level information regarding Facebook's users, data systems, operations, and business relationships, there is good cause to seal the tables entirely.

***Documents that convey confidential information regarding Facebook's data collection and storage practices and technical capabilities.***  In addition to the tables above, Facebook proposes limited redactions of documents describing Facebook's proprietary and confidential methods for collecting and analyzing data.  For example, these proposed redactions include testimony from Facebook's 30(b)(6) deponent describing the technical details of how Facebook develops certain data, how Facebook organizes certain data it collects, and how certain Facebook data is stored and accessed.  *E.g.*, *id.* at 3441, 3458–59, 3550.  The proposed redactions also include testimony from Facebook declarants, interrogatory responses, and internal documents regarding Facebook's data storage systems.  *Id.* at 0010, 0014–15, 0023–29, 0033–40, 0045, 0050–51, 0319, 2687, 3081–82, 3464–68, 3473–74, 3491–94, 3555, 3557, 3645, 3788, 3790, 3812–3813, 3825–3827, 3839–3852; Amended Order ¶ 21, Dkt. 792-4 (information from Record at 0026).  Finally, the proposed redactions include discussions about the technical operations of certain APIs.  Record at 3087–90, 3094–3096, 3108–3121, 3442–44, 3488, 3483, 3818–21, 3825–27, 3839–52, 4159–60, 4265–66, 4440.

If publicly disclosed, this would reveal confidential information regarding Facebook's data systems and technical capabilities, as well as Facebook's proprietary methods for storing and analyzing data.  Swanson Decl. ¶ 8; *see* Dkt. 767 at 4 (seeking to seal similar information); Dkt. 770. How Facebook stores, manages, and processes data are key components of its business that set it apart and ahead of its competitors.  Swanson Decl. ¶ 8.  If this information were publicly disclosed, competitors could use it to improve their own methods for managing high volumes of data from interactions with large numbers of third parties.  Swanson Decl. ¶ 8. Courts routinely seal commercially sensitive information that "competitors would be able to take advantage of" and use

5

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

unfairly if disclosed. *Asetek Danmark A/S v.CMI USA, Inc.*, 2015 WL 4511036 at *2 (N.D. Cal. July 23, 2015). Additionally, hackers and other bad actors could use this information to better understand Facebook's data systems and target specific repositories of data, potentially harming both Facebook and its users. Swanson Decl. ¶ 8.

***Documents that convey confidential information regarding Facebook's business relationships and strategies.*** There is good cause to seal Facebook's limited proposed redactions that reveal confidential information about Facebook's business relationships, strategies, practices, and products. These redactions consist of:

1. Confidential information regarding Facebook's business partners and the terms of Facebook's business relationships. Record at 3433, 3439–40, 3445–46, 3475, 3477–78, 3449, 3457, 3480, 3483–84, 3487, 3561, 3794, 4174–77, 4266. Courts regularly seal information that would identify confidential business relationships or reveal the terms of business relationships that competitors would be able to use to a party's commercial disadvantage. *See, e.g.*, *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 3642177, at *6 (S.D. Cal. Aug. 1, 2019) (granting a motion to seal information that, if publicly disclosed, would have "identif[ied]" certain "business relationships"). If publicly disclosed, this confidential information could harm Facebook's relationships with these business partners by disclosing their identities and the confidential terms of their agreements with Facebook. Swanson Decl. ¶ 9. Disclosure could also undercut Facebook's ability to negotiate with competitors of these business partners. *Id.* For the same reasons, the Court has previously found good cause to seal confidential identities of Facebook's business partners. Dkt. 769 at 3-4 (explaining harm to Facebook from public disclosure of the names of Facebook's business partners and other confidential information about those relationships); Dkt. 772 (granting motion to seal such information).

2. Confidential technical details of how Facebook develops and uses data to target advertisements to the most relevant users. Record at 0123–25, 0135–43, 0313-16, 0349–51, 400–02, 0415–16, 0421–22, 2622, 2681–83, 3441, 3445–49, 3450–3455, 3475, 3489–92, 3561, 3570, 3639–40, 4368–69. Facebook's ability to serve advertisements to the users who find them most relevant is an essential aspect of its business. Swanson Decl. ¶ 10. If publicly disclosed, this information could

6

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

allow Facebook's competitors to improve their service of advertisements and cause Facebook competitive harm. *Id.* Courts routinely seal documents that would reveal "confidential, proprietary information about [a company's] business operations and well as its strategies." *In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at * 26 (N.D. Cal. Aug. 9, 2015).

3.   Documents that describe confidential business programs and discuss Facebook's business strategies. Record at 0424–25 (describing presentation for board of directors regarding confidential Facebook business program), 2624–2634 (describing confidential business products for targeting advertisements), 3457–58 (discussing Facebook's facial recognition techniques), 3469–70 (describing the technical operation of Facebook's News Feed), 3591–3595, 4419–23 (discussing potential future business models for Facebook's Platform), 4360–4366 (revealing high-level discussions of Facebook's strategy), 4446–49 (discussion regarding public message strategy regarding a Facebook product). Courts routinely seal information that would allow competitors to learn about a party's confidential business strategy or information that it could use to a party's competitive disadvantage. *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"). Public disclosure of confidential information about Facebook products related to advertising or facial recognition could allow Facebook's competitors to take advantage of this information to develop their own competing products, to Facebook's competitive disadvantage. Swanson Decl. ¶ 11. And public disclosure of confidential discussions regarding Facebook's potential business model and strategies could allow Facebook's competitors to copy these proposed strategies, or use the ideas developed by Facebook at its own expense to Facebook's competitive disadvantage. *Id.*

***Documents that reveal confidential information regarding Facebook's privacy and platform policy enforcement practices.*** There is good cause to seal a handful of limited proposed redactions to Facebook's interrogatory responses regarding its enforcement of its privacy and platform policy. Record at 317, 3643 (describing confidential communications related to Facebook's App Developer Investigation), 3086, 3817 (describing review process for application approval), 4265–66 (describing limitations on API access and use), 4312 (describing the number of enforcement

7

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

actions and details about the apps enforced against). Disclosure of confidential discussions about Facebook's policy-enforcement efforts as to certain developers would reveal confidential details of Facebook's internal business operations. Swanson Decl. ¶ 12. If this information were revealed, bad actors could use it to circumvent and evade Facebook's enforcement strategies, potentially harming both Facebook and its users. *Id.* The Court has sealed similar information in the past for the same reasons. *See* Dkts. 519; Dkt. 768 at 4–5 (explaining harm to Facebook from disclosure of confidential information regarding enforcement actions against specific developers); 771 at 2 (sealing information "that reveal[s] confidential information regarding enforcement actions against developers).

Because of the harm that would occur from public disclosure of previously-sealed records, tables consisting entirely of Facebook's confidential information, and records related to Facebook's data and other technical capabilities, business relationships and strategies, and enforcement practices, there is good cause to permanently seal the information within Facebook's limited proposed redactions to the Appellate Record and Amended Order.

### IV. The Limited Proposed Redactions Are Narrowly Tailored

Facebook's proposed redactions within the Appellate Record and Amended Order are narrowly tailored. The only category that Facebook requests to withhold entirely are data tables, which consist entirely of confidential user IDs, app names and app IDs, and permissions and their functions. Because the tables consist entirely of proprietary and confidential information, no portion of them can be revealed without exposing highly sensitive information.

Facebook's limited proposed redactions are also narrowly tailored. The first category of proposed redactions is limited to portions of records that the Court has already sealed. The remaining proposed redactions follow the same types of information the Court has previously sealed, and are limited to particular confidential information that would harm Facebook and its users if publicly disclosed. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect [a company's] proprietary information"). Because Facebook's redactions are limited to only confidential information, Facebook's redactions are narrowly tailored.

8

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

For these reasons, Facebook respectfully requests that the Court grant Facebook's administrative motions to file these portions of the Appellate Record and Amended Order under seal.

### V.     Motion To Consider Whether Another Party's Material Should Be Sealed

Plaintiffs have requested that Facebook treat their DYI files as confidential. Because the Administrative Record contains portions of Plaintiffs' DYI files, Facebook also submits this Administrative Motion To Consider Whether Another Party's Material Should Be Sealed. Facebook redacts portions of Plaintiffs' DYI files, consisting of a Named Plaintiff's location history and descriptions of information contained within a Named Plaintiff's DYI file. Record at 333, 2651 (description of information contained in Named Plaintiff's DYI file), 3604–3631 (excerpt of Named Plaintiff's DYI file). Plaintiffs bear the burden of demonstrating good cause for sealing these materials. Facebook reserves its right to challenge Plaintiffs' confidentiality designations for any portion of these materials, pursuant to the Protective Order in this action. Dkt. 122 at § 6.

9

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL AND MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Dated: January 18, 2022

**GIBSON, DUNN & CRUTCHER, LLP**

By: */s/ Martie Kutscher*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL AND MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC