# EXHIBIT C
# REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# PLAINTIFFS' ADI HEARING PRESENTATION

*In Re: Facebook Consumer Privacy User Profile Litigation*

Special Master Daniel Garrie

December 4, 2021



JUDGE CORLEY'S ORDER

3

## JUDGE CORLEY RULED THAT THE MATERIALS WERE RELEVANT

"The information the ADI uncovered, is directly relevant to Plaintiffs' claims in this MDL action."

Order Granting Motion to Compel ADI Materials, Dkt. 736 at 1

4

## JUDGE CORLEY CONTEMPLATED PRODUCTION OF ALL ADI MATERIALS CREATED BY NON-LAWYERS

- Rejected any objection to producing ADI materials based on work product: "[A]s a general matter, documents generated as part of that investigation were not created because of litigation."

- Ordered Facebook to produce materials from the exemplar apps because "Facebook has offered no special reasons why those particular documents are privileged other than what has been addressed."

- Contemplated "production of additional materials consistent with the guidance offered by this Order."

Order Granting Motion to Compel ADI Materials ("Order"), Dkt. No. 736 at 6-7

5

# ORDER FRAMED
# DISPUTED MATERIALS BROADLY

## WHAT PLAINTIFFS SOUGHT

- "Plaintiffs seek information learned from and generated by the ADI."

- "Plaintiffs seek material from the second and third phases [of the ADI]* that does not involve communications with lawyers or content created by lawyers."

- "Plaintiffs are not seeking documents created by counsel, counsel's edits, or any communications with counsel."

## WHAT FACEBOOK REFUSED TO PRODUCE

- "While Facebook has agreed to produce some information (Dkt. No. 699-1 at 4), it refuses on privilege grounds to produce the reports, audits and interviews, and non-attorney communications related to the same."

Order at 1, 2, 6

6

# PLAINTIFFS' REQUESTS ARE CONSISTENT WITH JUDGE CORLEY'S ORDER

7

## PLAINTIFFS SEEK FIVE CATEGORIES OF MATERIAL

1. All memoranda prepared by ██████████ or ██████████

2. All background reports, technical reports, audits, and developer interviews;

3. All internal Facebook communications relating to items 1 and 2;

4. All communications with ██████████ or ██████████ related to items 1 and 2;

5. All third-party communications related to ADI.

8

## FACEBOOK ADMITS ORDER REQUIRES PRODUCTION OF CATEGORIES 1 AND 2

- These materials were explicitly required as to the six exemplar apps and are thus incorporated by the Court's instruction to produce "additional materials consistent with the guidance offered by this Order"

- Facebook asserts only that counsel need to review and/or investigate the materials in advance of production.

- Facebook has had since September 8 to review and/or investigate these materials.

**Category 1:**
Memoranda from outside consultants

**Category 2:**
Background and technical reports, audits, and developer interviews

9

# ORDER ENCOMPASSES THE MATERIALS IN CATEGORIES 3 AND 4

- Concluded "as a general matter, **documents generated as part of that investigation** were not created because of litigation." Order at 6–7.

- Encompassed all materials, regardless of form, that are not "created by counsel, counsel's edits, or any communications with counsel." Order at 6.

- Distinguished between non-attorney-client privileged and attorney-client-privileged material, not between communications and other sorts of documents.

- The communications in category 3 and 4 **do not** include attorney-created communications.

- Thus, production is "consistent with the guidance offered by this Order"

**Category 3:** All internal Facebook communications relating to materials in categories 1 and 2.

**Category 4:** All communications with outside consultants related to materials in categories 1 and 2

10

# ALL COMMUNICATIONS WITH THIRD PARTIES MUST BE PRODUCED (CATEGORY 5)

- The order as well as Facebook counsel's representations to the Court require it.

- Facebook represented to the court that it would produce "[a]ll of Facebook's communications," June 19, 2020 Hr'g Tr. at 14:23-15:2, not just those associated with a particular email address.

- Not work product: Judge Corley ruled "Facebook would have conducted the ADI in substantially the same form even in the absence of potential litigation." Order at 3.

- Not attorney-client privileged: Judge Corley recognized "Plaintiffs are not seeking documents created by counsel, counsel's edits, or any communications with counsel." Order at 6.

- The collection from the ███████████ email is insufficient, as demonstrated by the email from counsel to a developer that did not involve that email account.

**Category 5:**
All third-party communications related to ADI

PAR _(                                                          _5)



- The order as
- Facebook repr
  communicatio
  with a particul
- Not work pro
  substantially th
- Not attorney-
  documents cre
  counsel." Orde
- The collection
  by the email fr

**Category 5:**
All third-party communications related to ADI

# THERE IS NOTHING NEW ABOUT PLAINTIFFS' REQUESTS

DL0

# PLAINTIFFS HAVE CONSISTENTLY REQUESTED COMMUNICATIONS

Thus, Plaintiffs would be justified in seeking certain ADI communications transmitted by attorneys. Plaintiffs have chosen, however, to restrict their request to communications from non-attorneys.

Plaintiffs' Response to Alexander Southwell Decl.,
Dkt. No. 721 at 4 (Aug. 9, 2021)

13

# PLAINTIFFS HAVE CONSISTENTLY REQUESTED COMMUNICATIONS

First, any factual document that was used to create a report, but was not actually reviewed by counsel, is not privileged.[6]

[6] This includes any "internal communications" that may have been sent among non-attorneys. Southwell Decl. ¶ 20.d.

Plaintiffs' Response to Alexander Southwell Decl., Dkt. No. 721 at 5 & n.6 (Aug. 9, 2021)

14

# PLAINTIFFS HAVE CONSISTENTLY REQUESTED COMMUNICATIONS

Nevertheless, Facebook refuses to produce the communications and documents related to ADI, including communications involving the DevOps Team and the two consulting firms Facebook retained as part of the process.

The app information list and the API call data Facebook proposes to produce are of little utility to Plaintiffs without proper context, including the discussions and actions taken in response to this gathered information.

And communications and documents related to whether Facebook pursued enforcement action against certain apps further contextualize this data. Facebook provides no justification for withholding these reports and communications, beyond a blanket assertion of work product protection.

Joint Discovery Letter Brief, Dkt. No. 699 at 4-5 (Plaintiffs' Statement) (July 2, 2021)

15

# PLAINTIFFS HAVE CONSISTENTLY REQUESTED COMMUNICATIONS

**b.  Plaintiffs continue to demand nearly all ADI-related communications.**

Joint Discovery Letter Brief, Dkt. No. 699 at 2 (Statement of Facebook) (July 2, 2021)

16

# COMMUNICATIONS REFLECT FACTS

- Facebook sees a contradiction between Plaintiffs' request for the underlying facts of the ADI and their request for communications.

**BUT:**

- Communications often relate to or reflect underlying facts.

- Communications can also reflect facts about knowledge and state of mind.

- Internal communications are often the strongest evidence in a case and can be rife with admissions.

17

# INTERNAL COMMUNICATIONS ABOUT THE ADI IS CRITICAL EVIDENCE

18

# THE ██████ MEMOS PRODUCED SO FAR ARE DAMAGING TO FACEBOOK

Example 1: ████████████



FB-CA-MDL-02014142

19

# THE ██████ MEMOS PRODUCED SO FAR ARE DAMAGING TO FACEBOOK

Example 1: ████████████████████

████████████████████████████████████████████████████████████

FB-CA-MDL-02014142

## THE ███████ MEMOS PRODUCED SO FAR ARE DAMAGING TO FACEBOOK

Example 1: ████████████████

████████████████████████████████████

19

# THE ██████ MEMOS PRODUCED SO FAR ARE DAMAGING TO FACEBOOK

Example 1: ████████████████

███████████████████████████

19

FB-CA-MDL-02014142

# THE ███████ MEMOS PRODUCED SO FAR ARE DAMAGING TO FACEBOOK

<u>Example 2:</u> ████████████████████████



20

# THERE ARE NOT SPECIAL DISCOVERY RULES FOR FACEBOOK

- ██████ reports that ████████████████████████████████████████████████████████████████████

- How Facebook responded internally is relevant:

  - What did Dev Opps Team at Facebook say about the abuses uncovered by the ADI?

  - What did Engineering have to say about it?

  - What did they do about it?

- We don't know because Facebook has withheld these critical communications.

21

JUDGE CORLEY DID NOT RULE THAT
LOGGED MATERIALS WERE OFF-LIMITS

22

# THE ADI DISPUTE PROCESS

- In June 2020, Plaintiffs requested a briefing process on the motion to compel ADI materials

- August 2020, Judge Corley requested that the Facebook to provide a privilege log of ADI materials from its investigation of six exemplar apps. She did so in order to provide context for her decision:

- In December 2020, Facebook provided the logs.

- In February 2021, with only the information in the logs, Plaintiffs selected 20 documents for Judge Corley to review in camera and the parties briefed the ADI issues.

- Judge Corley performed the in camera review and provided her tentative view on ADI at an April 2020 hearing.

23

# APRIL 2020 HEARING

- Judge Corley signaled that she would rule against Facebook on work product: "But in terms of the ADI team, at least from what I've seen, it looks like a lot of that was just generated there separate that may have been then been reviewed but would have been done anyway."

- Discussing her review of the 20 documents, she determined "a lot of it I don't think is relevant at all." For example, she said, "So you don't need to know – you don't need to know, like, when a request for information was sent" and that Plaintiffs wouldn't need "those e-mails about 'Are you available for this meeting?' or 'Can we move it?' or 'Should you change the weekly report so that it has this information?'"

- Plaintiffs agreed that they didn't need that sort of information and explained what they did want.

- Judge Corley ordered parties to meet and confer to see if they could agree on a production. Dkt. 655

24

# JUDGE CORLEY ALLOWS ADDITIONAL BRIEFING

- By June 2021, that process had failed, Dkt. 693, so Judge Corley ordered further briefing, which the parties submitted in July 2021.

- Then Judge Corley issued an order allowing additional further briefing from Facebook. In that order, she reiterated "her view that much of the ADI documentation is discoverable. While outside counsel's edits and advice might not be discoverable, the underlying facts are discoverable since Facebook would have conducted the investigation regardless of any potential legal liability." Further Order RE: ADI Privilege Dispute, Dkt. 711 at 1–2.

- She explained what Facebook was willing to give and what Plaintiffs wanted:

  - In particular, Plaintiffs seek documents (not created by lawyers) from the "Enhanced Examination phase" that involve background and technical investigations to identify the potential for data misuse. (Dkt. No. 699 at 5.) They also seek documents from the "Enforcement phase," including Facebook conducted audits and interviews. (Id.) As the Court understands, Facebook has not offered to produce any of this information. None of these documents were part of the in camera review the Court earlier conducted.

25

# JUDGE CORLEY DID NOT RULE THAT LOGGED MATERIALS WERE OFF-LIMITS

- Facebook misconstrues the final sentence of that order when it suggests that Judge Corley has ruled that the logged materials should not be produced: **Facebook says**:

  - "The parties already litigated whether emails and attachments Facebook logged previously were discoverable, Judge Corley conducted an in-camera review, and Judge Corley did not order a single one of these communications produced."

- The sentence refers back to the 20 emails she reviewed in camera—not every email and attachment the Facebook logged in the exemplar stage

- These are the 20 emails Judge Corley characterized as "those e-mails about 'Are you available for this meeting?' or 'Can we move it?' or 'Should you change the weekly report so that it has this information?'"

- Plaintiffs still do not request those emails

- Other logged materials may be relevant, and Plaintiffs request for those materials is not foreclosed by Judge Corley's prior order

26

# PROCESS

# HOW TO MOVE FORWARD

- Facebook should produce the ███████ and any other memos prepared by any other third-party consultant for the ADI immediately.

- Facebook should produce internal communications and other materials consistent with Judge Corley's guidance within 30 days.

- Depositions are coming up, including of Facebook employees involved in ADI (e.g. Zarakhovsky)

Confidential Attorney Work Product - For Mediation Purposes Only - FRE 408