Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO WITHDRAW SAMUEL ARMSTRONG AND DISMISS HIS CLAIMS WITHOUT PREJUDICE**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor<br>Hearing Date: March 3, 2022<br>Hearing Time: 10:00 a.m. |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 3, 2022 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Vince Chhabria in Courtroom 4, 17th Floor of the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs' Co-Lead Counsel will, and hereby do, move pursuant to Federal Rule of Civil 41(a)(2) to dismiss Samuel Armstrong as a party to this litigation and to withdraw his claims without prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF POSITION

Due to exigent circumstances impinging upon Samuel Armstrong's ability to participate as a named Plaintiff in this action, he now respectfully asks that this Court exercise its discretion under Federal Rule of Civil Procedure 41(a)(2) to dismiss him from this litigation and to withdraw his claims without prejudice or conditions.

### II. INTRODUCTION

Armstrong no longer seeks to participate in this litigation arising from his claims against Facebook, Inc. ("Facebook"). *See* Declaration of Samuel Armstrong ("Armstrong Decl."), ¶¶ 3-5, filed concurrently herewith. This litigation will not be impacted and neither Facebook nor the putative class or classes will experience legal prejudice as a result of Armstrong's voluntary dismissal of his claims.

Because Facebook refused to stipulate to Armstrong's dismissal—or to even respond to Plaintiffs' proposed stipulation of voluntary dismissal—Armstrong now moves for an Order pursuant to Fed. R. Civ. P. 41(a)(2) dismissing him and his claims. *See* Declaration of Christopher Springer ("Springer Decl."), ¶¶ 2-5, filed concurrently herewith. Because other named Plaintiffs are prosecuting these same claims, and because Armstrong may be an eligible class member on some or all of the claims against Facebook, Armstrong respectfully requests that the voluntary dismissal of his claims be without prejudice.

## III. RELEVANT FACTS AND PROCEDURAL HISTORY

Armstrong, along with other plaintiffs, filed suit against Facebook on September 18, 2018. *Akins v. Facebook, Inc.*, No. 3:18-cv-05714. On September 19, 2018, Plaintiffs filed an administrative motion to consider whether the *Akins* matter should be related to this multidistrict litigation ("MDL"). ECF No. 144. By Order dated October 3, 2018, the Court related the *Akins* matter to the MDL. ECF No. 155.

On August 4, 2020, Armstrong and twenty-two (22) other Plaintiffs filed their Second Amended Consolidated Complaint ("Complaint"), which is the operative complaint in this matter. ECF No. 491. The claims of the two (2) Plaintiffs from the United Kingdom, Butler and Christley, were subsequently dismissed by the Court by Order dated November 10, 2020. ECF No. 571. The claims of twelve (12) additional Plaintiffs were then voluntarily dismissed without prejudice pursuant to a Stipulation and Order dated December 21, 2020. ECF No. 593. At this time, there are (9) named Plaintiffs in this litigation, including Armstrong.

On November 9, 2021, during a meet and confer between the parties, Plaintiffs advised Facebook that Armstrong sought to withdraw from this litigation, and that Plaintiffs would send Facebook a proposed stipulation similar to that which was previously agreed between the parties. Springer Decl. ¶ 2. On December 3, 2021, Plaintiffs sent Facebook a proposed stipulation of voluntary dismissal without prejudice of Armstrong. *Id.* ¶ 3. On December 23, 2021, Plaintiffs sent a follow up email to Facebook requesting a response to the proposed stipulation by January 7, 2022. *Id.* ¶ 4. To date, Facebook has failed to respond in any manner to the proposed stipulation, and Plaintiffs accordingly move the Court for relief. *Id.* ¶ 5.

## IV. ARGUMENT

**A. The Court Should Resolve All Rule 41 Determinations in Armstrong's Favor.**

Armstrong has stated a good and proper reason to withdraw from this case and voluntarily dismiss his claims. No one will be prejudiced, nor will the case be impacted in any material way, by Armstrong's withdrawal.

Withdrawal is granted under Rule 41(a)(2) unless a defendant will experience "plain legal

prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001); *Stevedoring Servs. v. Armilla Intern.*, 889 F.2d 919, 921 (9th Cir. 1989) (collecting cases). Withdrawal without prejudice is the very "purpose of the rule." *Hamilton v. Firestone Tire & Rubber*, 679 F.2d 143, 145 (9th Cir. 1982).

Since Facebook has not stipulated to dismissal, under Rule 41 the Court must determine: "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Huynh v. Quora, Inc.*, No. 18-CV-07597-BLF, 2020 WL 4584198, at *2 (N.D. Cal. Aug. 10, 2020); *Arteris v. Sonics*, No. C-12-0434-SBA, 2013 WL 3052903 (N.D. Cal. June 17, 2013); *Fraley v. Facebook*, No. 11-cv-01726, 2012 WL 893152, at *2 (N.D. Cal. 2012); *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

B.  **The Court Should Grant Dismissal.**

Dismissal is granted where no "plain legal prejudice" results from the withdrawal. *Smith*, 263 F.3d at 975. Legal prejudice to a defendant is narrowly interpreted to mean "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). Courts consider the following "legal prejudice" factors: loss of a federal forum, loss of the right to jury trial, loss of a statute-of-limitations defense, preclusion of rights and defenses available to the defendant in future litigation, or bar against discovery sufficient for defendant, for example, "to untangle complex fraud claims and adequately defend themselves against charges of fraud." *See id.* at 97-98; *see also Santa Rosa Mem'l Hosp. v. Maxwell-Jolly*, No. 08-CV-5173 SC, 2015 WL 4451377 (N.D. Cal. July 20, 2015).

Armstrong's role in this case is not unique, and his withdrawal poses no prospect of prejudice to any of Facebook's legal interests, claims, or arguments. Armstrong's request to withdraw comes at a relatively early stage in the proceedings with respect to the deadlines set forth in the Court's Case Scheduling Order, which establishes December 15, 2022 as the last day for hearing on class certification and indicates that trial will begin in September 2023. ECF No. 706; *see also Roberts v. Electrolux Home Products, Inc.*, No. SACV 12-1644 CAS, 2013 WL

4239050 (C.D. Cal. Aug. 14, 2013). Armstrong's withdrawal from this action has no effect on the forum, Facebook's procedural rights, or any statute of limitation defense.

As to discovery, although Facebook has propounded discovery seeking information relevant to Armstrong's (as well as the other Plaintiffs') allegations in the Complaint, Armstrong's allegations are not unique among the named Plaintiffs. As the Complaint reflects, none of Plaintiffs' claims will be impacted by Armstrong's withdrawal. Because the remaining Plaintiffs can provide all responsive, non-privileged information to identical requests, Facebook will experience no "plain legal prejudice" from Armstrong's dismissal.

C.  **The Court Should Grant Dismissal Without Prejudice To Armstrong's Rights as an Absent Class Member.**

This Court should grant dismissal without prejudice, so that Armstrong can remain eligible to be a class member.

Three factors determine whether the Court will dismiss a plaintiff's claims with prejudice: (1) the defendant's "effort and expense" to date to try that plaintiff's claims, (2) delay and "lack of diligence" in the action, and (3) "insufficient explanation" by the plaintiff. *Sherman v. Yahoo*, No. 13-CV-0041-GPC, 2015 WL 473270 at *4 (S.D. Cal. Feb. 5, 2015) (citing *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993)).

Applying these factors, there is no basis for dismissing Armstrong's claims with prejudice. Facebook's discovery requests do not appear to be specific to Armstrong, and the remaining named Plaintiffs are prepared to continue litigating the same claims against Facebook. *See Fraley*, 2012 WL 893152 at *4. As a result, any effort expended thus far will ostensibly apply to Facebook's defense of the case generally.

Nor is there excessive delay. *See Sherman*, 2015 WL 473270 at *3 (case "still at a relatively early stage" one month prior to deadline for class certification motion); *Fraley*, 2012 WL 893152 at *3-4; *Roberts v. Electrolux Home Prods.*, No. 12-cv-01644, 2013 WL 4239050 at *2 (C.D. Cal. Aug. 14, 2013); *see also Westlands Water Dist.*, 100 F.3d at 97 ("[Plaintiffs] could have sought dismissal sooner than they did, but they were not dilatory."). Plaintiffs gave notice of Armstrong's intended exit more than a year before the last day for hearing on class

certification. ECF No. 706; Springer Decl. ¶ 2. Finally, Armstrong has adequately explained the basis for his withdrawal. Armstrong Decl. ¶¶ 3-4.

D.  **The Court Should Grant Dismissal Without Terms or Conditions**

Rule 41(a)(2) authorizes the Court to dismiss without requiring more of the moving party, or instead, to grant dismissal conditioned "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

While some courts have conditioned withdrawal upon the moving party first sitting for a deposition, here Armstrong's status in the present putative class case does not justify his deposition. *Huynh v. Quora, Inc.*, at *3. Unlike in *Dysthe v. Basic Research L.L.C.*, 273 F.R.D. 625, 629 (C.D. Cal. 2011) or other similar cases (*e.g.*, *Fraley*, 2012 WL 893152 at *4; *Sherman*, 2015 WL 473270 at *7; *cf. Westlands Water Dist.*, 100 F.3d at 97), Armstrong has stated class claims against Facebook based on allegations tracking the remaining Plaintiffs' claims. Also, Armstrong's motion is not an attempt to avoid discovery obligations, as evidenced by his declaration.

In rare cases, courts will award costs or fees as a condition of dismissal; however, those awarded fees or costs are limited to work that could not be applied to the ongoing claims. *Westlands*, 100 F.3d at 97; *Arteris*, 2013 WL 3052903 at *4; *see also Stevedoring Servs.*, 889 F.2d at 921-22. Here, the remaining named plaintiffs intend to litigate identical claims against Facebook following Armstrong's withdrawal. Consequently, no award is merited for costs or fees.

V.  **CONCLUSION**

For the foregoing reasons, the Court should grant Armstrong motion for withdrawal from the litigation without prejudice and deny any request by Facebook for conditions on his dismissal.

Dated: January 27, 2022                                                      Respectfully submitted,

KELLER ROHRBACK L.L.P.                                                       BLEICHMAR FONTI & AULD LLP

By:   */s/ Derek W. Loeser*                                                  By:   */s/ Lesley E. Weaver*
      Derek W. Loeser                                                              Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)                                    Lesley E. Weaver (SBN 191305)
Cari Campen Laufenberg (admitted *pro hac vice*)                             Anne K. Davis (SBN 267909)
David Ko (admitted *pro hac vice*)                                           Matthew S. Melamed (SBN 260272)
Adele A. Daniel (admitted *pro hac vice)*                                    Angelica M. Ornelas (SBN 285929)
Benjamin Gould (SBN 250630)                                                  Joshua D. Samra (SBN 313050)
1201 Third Avenue, Suite 3200                                                555 12th Street, Suite 1600
Seattle, WA 98101                                                            Oakland, CA 94607
Tel.: (206) 623-1900                                                         Tel.: (415) 445-4003
Fax: (206) 623-3384                                                          Fax: (415) 445-4020
dloeser@kellerrohrback.com                                                   lweaver@bfalaw.com
claufenberg@kellerrohrback.com                                               adavis@bfalaw.com
dko@kellerrohrback.com                                                       mmelamed@bfalaw.com
adaniel@kellerrohrback.com                                                   aornelas@bfalaw.com
bgould@kellerrohrback.com                                                    jsamra@bfalaw.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Eric Fierro (admitted *pro hac vice*)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822
efierro@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Derek W. Loeser, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of January, 2022, at Seattle, Washington.

/s/ Derek W. Loeser
Derek W. Loeser