**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | **MDL NO. 2843**<br><br>CASE NO. 3:18-MD-02843-VC-JSC<br><br>HON. VINCE CHHABRIA<br>HON. JACQUELINE SCOTT CORLEY<br>COURTROOM 4 – 17TH FLOOR<br>SPECIAL MASTER, DANIEL GARRIE, ESQ.<br><br>**ORDER REGARDING MOTION TO COMPEL ADDITIONAL PRODUCTION RELATED TO THE "FACEBOOK SECRET SAUCE" REPORT** |

**ORDER REGARDING MOTION TO COMPEL ADDITIONAL PRODUCTION RELATED TO "FACEBOOK SECRET SAUCE" REPORT**

# INTRODUCTION

1. Pending before the Special Master is Plaintiffs' Motion to Compel Additional Production Related to "Facebook Secret Sauce" Report.

# BACKGROUND

2. On December 9, 2020, 49 states and territories filed a complaint against Facebook for violations of the federal antitrust laws in the United States District Court for the District of Columbia. *State of New York et al. v. Facebook, Inc.* The complaint in this matter referenced a 2008 internal report called "Facebook Secret Sauce" (hereinafter "the Secret Sauce Report"):

> In a 2008 internal report entitled "Facebook Secret Sauce," the company identified as one of the four pillars of its success the fact that it was responsive to users' desire for privacy and gave them control over their data: "Users will share more information if given more control over who they are sharing with and how they share."

3. On December 17, 2020, Plaintiffs asked Facebook to produce the Secret Sauce Report. See Plaintiffs' Motion to Compel, Ex. B.1 Facebook did not agree to produce the report. Plaintiffs continued to raise the issue directly with Facebook and during the parties' discovery mediation sessions.

4. On August 18, 2021, the parties engaged in a discovery mediation session with the Discovery Mediators during which the parties discussed whether Facebook would produce the Secret Sauce Report. See id., Ex. F. Facebook produced the Secret Sauce report on or around September 21, 2021. The Secret Sauce report indicates it is "a living document" that resulted from "numerous discussions." See id., Ex. A.

5. On September 25, 2021, Plaintiffs asked Facebook to supplement the production by producing the document electronically, producing the associated metadata, and producing all subsequent versions. See id., Ex. G. Facebook did not respond.

6. On December 23, 2021, the Discovery Mediators declared that the parties reached impasse on the issue.

**ORDER REGARDING MOTION TO COMPEL ADDITIONAL PRODUCTION RELATED TO "FACEBOOK SECRET SAUCE" REPORT**

7. On January 11, 2022, Plaintiffs submitted their Motion to Compel Additional Production Related to the "Facebook Secret Sauce" Report, seeking (i) all subsequent iterations of the Secret Sauce Report; (ii) all documents reflecting any further discussions that informed those iterations; and (iii) the metadata associated with the Secret Sauce Report. Id.

8. On January 22, 2022, Facebook submitted opposition, in which they agreed to produce (i) metadata for the version of the Secret Sauce Report Facebook previously produced; (ii) all other iterations of the Secret Sauce Report; (iii) relevant, non-privileged communications to which other iterations of the report are attached; and (iv) relevant, non-privileged communications relating the report that are in its existing review set and are relevant, responsive to Plaintiffs' RFPs, and non-privileged. See Facebook's Opposition to Plaintiffs' Motion to Compel Additional Production Related to "Facebook Secret Sauce" Report. Facebook opposes searching for and producing communications related to the Secret Sauce Report using additional search terms and custodians outside the existing review set. Id. Facebook argues, among other things, that Plaintiffs' request for "communications" is not properly before the Special Master because (i) the parties had not met and conferred regarding communications related to the Secret Sauce Report; (ii) Plaintiffs did not raise the issue in mediation and impasse has not been declared; and (iii) Plaintiffs failed to comply with the Special Master Protocol, which requires that moving papers "identify the discovery request *and response* and include a Separate Statement" that includes the "relevant history" of the dispute. Id. Facebook also opposes Plaintiffs' motion on the merits, arguing that Plaintiffs have no justification for reopening custodian and search string negotiations this late into the discovery process. Id.

9. On January 24, 2022, Plaintiffs submitted their reply, arguing among other things that (i) the parties had not met and conferred regarding issues related to the Secret Sauce Report because Facebook failed to respond to Plaintiffs' requests to discuss the issues; (ii) additional custodians and search terms are necessary because Plaintiffs have no way of knowing whether the communications sought would be captured under the current review set; and (iii) documents relating to discussions concerning the Secret Sauce Report are responsive to RFP 57 seeking discussions relating to their expectations of privacy. See Plaintiffs Reply in Support of Motion to Compel Additional Production Related to "Facebook Secret Sauce" Report.

**ORDER REGARDING MOTION TO COMPEL ADDITIONAL PRODUCTION RELATED TO "FACEBOOK SECRET SAUCE" REPORT**

# FINDINGS

10. Special Master Garrie finds that the documents Plaintiffs seek are relevant and responsive to Plaintiffs' RFP 57, which requests documents concerning discussions relating to users' expectations of privacy.[1] See Plaintiffs' Motion to Compel Additional Production Related to the "Facebook Secret Sauce" Report, Ex. E. Facebook does not dispute the relevance of these documents.

11. Special Master Garrie finds that Plaintiffs' motion for "communications" is properly before the Special Master. Facebook's delay and lack of responsiveness caused Plaintiffs' alleged failure to meet and confer regarding "communications" related to the Secret Sauce Report. Facebook has been obligated to provide the documents Plaintiffs seek since June 12, 2020, when Plaintiffs served RFP 57. Plaintiffs raised issues related to the Secret Sauce Report in December 2020, but Facebook did not engage in discussions on the issue until September 2021. After the Secret Sauce Report was produced, Facebook failed to respond to the Plaintiffs' letter seeking additional discussions on the issue. Therefore, Special Master Garrie finds that Facebook's delay and lack of responsiveness caused the failure to meet and confer and thus the lack of a meet and confer is not grounds to deny the Plaintiffs' motion.

12. Special Master Garrie finds that any burden Facebook claims based on the lateness of Plaintiffs' request for the documents sought is the result of Facebook's delay in responding to Plaintiffs' repeated requests to discuss the Secret Sauce Report.

13. Special Master Garrie finds that Facebook has failed to provide substantive details to demonstrate it would be unduly burdensome to identify and search the repositories of custodians involved in discussions related to the Secret Sauce Report outside the existing review set. See F.R.C.P 26(b)(2)(B) ("On motion to compel discovery or for a protective order, the party from whom discovery

---

[1] RFP 57 seeks: "All Documents concerning any discussions, analytics data, reports, surveys, tests, studies, task forces, projects (including data science projects, research projects, and academic research projects or partnerships), Platform changes, customer service inquiries or User complaints relating to Users' expectations of privacy in Content and Information they created, shared or posted on the Facebook User Interface or data derived therefrom, including but not limited to User Interface or User Engagement Flow testing, qualitative User research reports, User surveys, studies or polls conducted by You or third-party consultants related to those topics." Plaintiffs' Motion to Compel Additional Production Related to the "Facebook Secret Sauce" Report, Ex. E.

**ORDER REGARDING MOTION TO COMPEL ADDITIONAL PRODUCTION RELATED TO "FACEBOOK SECRET SAUCE" REPORT**

is sought must show that the information is not reasonably accessible because of undue burden or cost."). Therefore, Special Master Garrie finds that, based on the information provided to date, Facebook has not met its burden of showing undue burden to Facebook.

### ORDER

14. Facebook is to produce (i) subsequent iterations of the Secret Sauce Report; (ii) the metadata associated with the version of the Secret Sauce Report that Facebook previously produced; (iii) relevant, non-privileged communications to which other iterations of the report are attached; and (iv) relevant, non-privileged communications relating to the report that are in its existing review set and are relevant, responsive to Plaintiffs' RFPs, and non-privileged. Additionally, Facebook is to make a good faith effort to identify custodians involved in discussions that informed any iteration of the Secret Sauce Report. To the extent that any such custodians are outside Facebook's current review set, Facebook is to perform a targeted collection and search of such custodians' repositories for relevant, non-privileged documents reflecting discussions that informed any iteration of the Secret Sauce Report and produce such documents. Should Facebook believe that such a collection and search of any specific new custodian repository imposes an undue burden on Facebook, it may make no more than a three-page specific application on the issue on or before February 9, 2022.

15. Facebook has until 8 pm PST on February 2, 2022 to file a motion for reconsideration.

16. This Order does not contain any language requiring Facebook to produce privileged or non-responsive email communications and for the avoidance of doubt, the order was not intended to reflect a determination as to privilege.

IT IS SO ORDERED.

January 31, 2022

_____
Daniel Garrie
Discovery Special Master

**ORDER REGARDING MOTION TO COMPEL ADDITIONAL PRODUCTION RELATED TO "FACEBOOK SECRET SAUCE" REPORT**