| | |
|---|---|
| Derek W. Loeser (admitted *pro hac vice*) <br> KELLER ROHRBACK L.L.P. <br> 1201 Third Avenue, Suite 3200 <br> Seattle, WA 98101 <br> Tel.: (206) 623-1900 <br> Fax: (206) 623-3384 <br> dloeser@kellerrohrback.com | Orin Snyder (admitted *pro hac vice*) <br> GIBSON, DUNN & CRUTCHER LLP <br> 200 Park Avenue <br> New York, NY 10166-0193 <br> Tel.: 212.351.4000 <br> Fax: 212.351.4035 <br> osnyder@gibsondunn.com |
| Lesley E. Weaver (SBN 191305) <br> BLEICHMAR FONTI & AULD LLP <br> 555 12th Street, Suite 1600 <br> Oakland, CA 94607 <br> Tel.: (415) 445-4003 <br> Fax: (415) 445-4020 <br> lweaver@bfalaw.com | Deborah Stein (SBN 224570) <br> GIBSON, DUNN & CRUTCHER LLP <br> 333 South Grand Avenue <br> Los Angeles, CA 90071-3197 <br> Tel.: 213.229.7000 <br> Fax: 213.229.7520 <br> dstein@gibsondunn.com |
| *Plaintiffs' Co-Lead Counsel* <br> *Additional counsel listed on signature page* | *Attorneys for Defendant Facebook, Inc.* <br> *Additional counsel listed on signature page* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION <br><br> This document relates to: <br><br> ALL ACTIONS | MDL No. 2843 <br> Case No. 18-md-02843-VC-JSC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge: Hon. Vince Chhabria <br> Courtroom: VIA VIDEOCONFERENCE <br> Hearing Date: February 10, 2022 <br> Hearing Time: 4:30 p.m. |

## PLAINTIFFS' STATEMENT

The parties last appeared before the Court at the June 24, 2021 Case Management Conference. On July 19, 2021, the Court revised the case schedule and on July 20 appointed Daniel Garrie as Special Master to oversee discovery. The Court also affirmed that Judge Andler and Special Master Garrie would continue to work with the parties to mediate discovery disputes so that resolution could be reached where possible.

Thanks to the extraordinary efforts of Special Master Garrie and Judge Andler, some progress has been made to address a backlog of pending discovery matters.

The parties have brought thirteen discovery motions before Special Master Garrie, who has so far ruled on ten. Eight of these ten rulings granted Plaintiffs' requests for discovery. Facebook appealed, and Judge Corley affirmed, three of those rulings. Plaintiffs have deposed five Facebook witnesses and sought dates for twenty-three additional depositions consistent with Special Master Garrie's protocol. Plaintiffs offered all Named Plaintiffs for deposition; Facebook deposed two of them but has now canceled the deposition dates of the remaining Named Plaintiffs. Plaintiffs substantially completed production of all documents sought by Facebook on or before January 31, 2021, the current deadline for substantial completion of discovery. The parties have also successfully mediated some deposition dates and the production of one document.

Nevertheless, the pace of discovery is inconsistent with the case schedule. Facebook did not meet the substantial-completion deadline on January 31, and is far from completing document production. Despite orders from Judge Corley and the Special Master requiring Facebook to produce the information it has about the eight Named Plaintiffs,[1] Facebook has not produced any documents in response to those orders. Similarly, Judge Corley and the Special Master have compelled the production of documents from Facebook's investigation into third-

---

[1] There are presently nine Named Plaintiffs. Plaintiffs have filed a motion to withdraw one of them. ECF No. 822.

party apps, which it commenced in March 2018 as part of its response to the Cambridge Analytica scandal. Facebook, however, has produced only 50 of the thousands of documents (likely tens of thousands) it must produce pursuant to order. These are just two examples of Facebook's failure to comply timely with discovery orders. There are many others.

Facebook's pace of production is a problem that needs to be addressed and resolved. Thankfully, the Special Master's recent entry of an amended protocol for resolving discovery disputes, ECF No. 821, will accelerate resolution of discovery disputes. But a new substantial-completion deadline should also be set—and firmly enforced.

A. **Discovery Motion Practice**

   1. **Disposition of motions**

Since Mr. Garrie was appointed as Special Master in July 2021, he has disposed of ten discovery motions. The table below identifies the relief sought; the moving party; the Special Master's disposition of the motion; the result on appeal to Magistrate Judge Corley, if applicable; whether there have been any further proceedings before the Special Master related to the order; and how many documents have so far been produced in response to the Special Master's order. Motions not yet ruled upon are shaded.

| | Relief Sought | Moving Party | Special Master's Disposition | Result on Appeal | Further Proceedings? | Number of Docs So Far Produced In Response |
|---|---|---|---|---|---|---|
| 1 | Production of Mark Zuckerberg's notebooks | Plaintiffs | Granted (Sept. 29) | Not appealed | No | 0 |
| 2 | Use of technology-assisted review by Facebook | Plaintiffs | Denied (Oct. 9) | Not appealed | No | N/A |
| 3 | Addition of Mark Zuckerberg and Sheryl Sandberg as document custodians | Plaintiffs | Granted (Oct. 21) | Not appealed | Yes (see discussion below) | 0 |
| 4 | Identification of companies with which Facebook agreed to exchange user information | Plaintiffs | Granted (Nov. 2) | Not appealed | Yes | 0 |
| 5 | Protective order holding that certain API call logs are not reasonably accessible | Defendant | Granted (Nov. 8) | Not appealed | No | N/A |
| 6 | Production of Named Plaintiffs' content and information | Plaintiffs | Granted (Nov. 29) | Affirmed (Jan. 12) | Yes (see discussion below) | 0 |
| 7 | Implementation of M.J. Corley's order regarding app developer investigation documents | Neither | Granted relief sought by Plaintiffs (Dec. 8) | Affirmed (Jan. 12) | Yes (see discussion below) | 39 |
| 8 | Depositions of two Facebook employees | Plaintiffs | Granted (Dec. 17) | Not appealed | No | N/A |
| 9 | Depositions of former Named Plaintiffs | Defendant | Denied (Dec. 16) | Affirmed (Jan. 12) | No | N/A |
| 10 | Certain documents related to Cambridge Analytica | Plaintiffs | No ruling yet issued | | | |
| 11 | Production of "secret sauce" memo | Plaintiffs | Granted (Jan. 31) | N/A (time for appeal not yet concluded) | N/A | 0 |
| 12 | Production responsive to Defendant's RFPs nos. 31-34 | Defendant | No ruling yet issued | | | |
| 13 | Further responses to Defendants' rogs. nos. 15-16 | Defendant | No ruling yet issued | | | |

In sum, the Special Master has granted eight of Plaintiffs' motions or requests for relief and denied one, and in response to the orders granting Plaintiffs' motions or requests for relief, Facebook has produced 39 documents so far. The Special Master has granted one of Facebook's motions and denied another. Plaintiffs have appealed no orders. Facebook has thus far appealed three, and in all three Judge Corley affirmed. Three motions are still under advisement.

2. **Further proceedings after orders granting motions to compel**

Further proceedings have followed several of the Special Master's orders granting Plaintiffs' motions. Several of these proceedings have not yet concluded. Plaintiffs summarize some of these proceedings below.

a. ***Further proceedings regarding ADI documents.*** Following the Cambridge Analytica scandal, Facebook began an App Developer Investigation (ADI) to investigate whether other apps were similarly misusing users' content and information. Plaintiffs served RFPs seeking ADI documents in late 2019 and first raised the production of non-privileged ADI documents with Judge Corley during a June 2020 hearing. *See* ECF No. 602 at 1. The parties briefed the issue in February 2021.

In September 2021, Judge Corley held that documents generated by the ADI were not protected by the work-product privilege, ordered the production of certain information, and instructed the parties to work with Special Master Garrie on the "production of additional [ADI] materials consistent with the guidance" in the Order. ECF No. 736. Despite this order, Facebook declined to produce further documents. After more briefing and a four-hour hearing, the Special Master ordered the production of ADI documents largely consistent with Plaintiffs' proposal. ECF No. 766. Facebook moved for reconsideration and the Special Master amended his order. ECF No. 776. Facebook appealed the order to Judge Corley, who affirmed the Special Master, noting that his order was "exactly what this Court's ADI Order contemplated" and rejecting Facebook's contrary arguments as "puzzling" and "wrong." ECF No. 806 at 1-3.

Then, on January 10—after reviewing a sample of more than 6,000 ADI documents *in*

*camera*—the Special Master entered a supplemental order on the production of ADI documents. *See* ECF No. 828 ¶ 15. After Facebook moved for reconsideration of *this* order, the Special Master on January 31 entered an amended order requiring Facebook to produce "all documents related to the ADI from all custodians that the parties have identified and collected," subject to certain restrictions designed to preserve the attorney-client privilege and streamline review and production. *Id.* ¶ 20.

Facebook produced 11 documents in response to Judge Corley's September 2021 order. Since the Special Master issued his first order on ADI production, Facebook has produced only 39 additional ADI-related documents out of thousands—a number that does not include the communications it has also been ordered to review and produce. Plaintiffs have thus received a total of 50 ADI-related documents. According to Facebook, the process of collecting and reviewing the other ADI-related documents will "take, charitably, at least a year, if not longer." Hr'g Tr. at 9:2-6 (Jan. 11, 2022). But since Judge Corley and the Special Master ordered the production of categories of documents that they found are not privileged, an intensive review process is unnecessary. Moreover, despite knowing by at least April 2021 that Judge Corley was inclined to find many of the ADI materials discoverable, *see* Hr'g Tr. at 16-17 (Apr. 4, 2021), Facebook apparently took no steps to review and prepare these document for production. It, and not Plaintiffs, should bear the consequences of its inaction.

**b.   *Further proceedings regarding production of Named Plaintiffs' content and information*.** In October 2020, Judge Corley ruled that discoverable user data related to the Named Plaintiffs included "[d]ata collected from a user's on-platform activity," "[d]ata obtained from third parties regarding a user's off platform activities," and "[d]ata inferred from a user's on or off-platform activity." ECF No. 557 at 2. Defendants limited their production of Named Plaintiff data largely to the first category and refused to produce the rest. After unsuccessful meet and confers and discovery mediation, Plaintiffs moved to compel production of the Named Plaintiffs' data. When the Special Master granted the motion on November 29, 2021, he ordered Facebook to provide a list of data sources that might contain the Named Plaintiffs' content and

Case 3:18-md-02843-VC   Document 829   Filed 02/03/22   Page 7 of 17

information and asked the parties to submit proposals for production from those sources. ECF No. 780, Appellate Record at 150.

On January 14, after Facebook's unsuccessful appeal of this order (*see* ECF No. 807), the Special Master held a hearing where he questioned a Facebook employee who had submitted a declaration about the data sources. Four days later, he issued a supplemental order seeking further information on the location of discoverable data and on whether production would be disproportionate. In response, Facebook submitted a letter that the Special Master characterized as "nonsensical." ECF No. 826. He ordered the submission of additional information by February 2. *Id.* Unfortunately, Facebook's February 2 submission contains little or no additional information.

It is taking too long for Facebook to produce the Named Plaintiffs' data. Judge Corley's order regarding the scope of discoverable user data issued more than 15 months ago. The Special Master's order granting Plaintiffs' follow-on motion to compel issued more than three months ago. Facebook has not produced documents in response to either order. Critical missing information includes Facebook's tracking, analysis and use of data about the eight Named Plaintiffs and how Facebook monetizes users' private information by sharing or giving access to third parties. Review of responsive data sources should have begun long ago, but Facebook did not begin that undertaking until now. This delay, however, is not a reason to end the review before it has begun.

*c. Further proceedings regarding Zuckerberg and Sandberg as document custodians.*
When the Special Master granted Plaintiffs' motion on September 22, he ordered the parties to meet and confer about a protocol for searching and collecting documents from Zuckerberg and Sandberg. ECF No. 753. After the parties submitted competing protocols, the Special Master, on January 19, entered a protocol. ECF No. 815. On January 25, Facebook moved for partial reconsideration of this protocol. Two days afterward, the Special Master denied that motion. Since the protocol is tied to the substantial completion of production deadline, Plaintiffs understand that Facebook' has begun collecting and reviewing responsive documents.

### 3.   Facebook's pace of producing substantive materials must increase.

As of January 31, 2022, Facebook has produced approximately 624,420 documents, largely limited to re-productions of other productions or documents reflecting the Named Plaintiffs' activity on the platform activity. (This last category of documents is plagued with formatting problems that the parties have yet to address.) Of the total production, almost half—about 261,230 documents—was information that Plaintiffs had already accessed and obtained directly through their Facebook accounts via a tool that Facebook calls "Download Your Information."  Approximately 74,575 documents consist of materials previously produced in the context of governmental investigations and related matters.  And some 150,000 documents consist of "junk" files without substantive content.[2] Thus, in addition to the documents previously produced in the context of governmental investigations and related matters, Facebook has produced about 139,000 unique documents containing substantive information to which Plaintiffs did not already have access.



---

[2] For example, a significant number of emails and presentations contain embedded images (the Facebook logo, screenshots, etc.). Facebook's production includes junk files where those embedded images are also produced as standalone documents. The standalone productions do not contain any more information and are the same image quality as the embedded version of the image. These junk files artificially inflate the page and document count in Facebook's production.

For comparison, in *In Re: JUUL Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, an MDL that began after this one, a defendant has produced "approximately 7.9 million documents, consisting of over 26 million pages." No. 19-md-02913-WHO (N.D. Cal.), ECF No. 2757 at 2. Indeed, a single third party has produced 165,875 documents.

4. **Numerous discovery disputes have not yet been addressed.**

Many deficiencies in Facebook's production have yet to be addressed, let alone resolved. These longstanding discovery issues lie at the heart of the case.

For example, since 2020, Plaintiffs have sought to meet and confer with Facebook to discuss numerous untapped sources of relevant information, including the tool Facebook used to track "whitelisted" apps, financial documents reflecting valuations of the private user information disclosed to third parties, and the databases Facebook used to track privacy decisions. Until this week, when the mediators successfully forced the issue, Facebook had declined to meet and confer on these topics. ECF No. 733 ¶ 2; ECF No. 821 ¶¶ 1-2. Facebook's position for more than a year was that it was improper to engage in such discussions until after review and production of custodial documents was finished on January 31, 2022. Special Master Garrie and Judge Andler are critical to reaching resolution or conclusion of backlogged discovery disputes like this one.

The parties also have disputes over thousands of documents Facebook has designated privileged. The Discovery Mediators have declared the parties to be at impasse on this issue, and the parties are in the process of meeting and conferring to see if they can agree on a proposed briefing schedule to begin to resolve these disputes.

B. **Depositions**

The Court's case schedule provided that depositions may begin on November 1, 2021. ECF No. 706. On October 25, 2021, Plaintiffs identified proposed deposition dates for 10 Facebook witnesses, starting on November 9. Plaintiffs also offered dates for Named Plaintiffs to be deposed, starting November 8. Facebook took the position, however, that depositions could not begin until December.

The Special Master entered an order governing deposition scheduling on November 12, 2021. It divided the depositions into three phases. ECF No. 755. Facebook's first witness was deposed on December 16, 2021, the earliest date Facebook offered. Counting that first deposition, Plaintiffs have been able to take just five depositions. This departs from the Special Master's order, which contemplated ten depositions between November 1, 2021 and January 31, 2022. Only six more depositions are calendared—Steven Elia (February 16), Mike Vernal (February 18), Antonio Garcia-Martinez (February 23), Anne Lewis (March 3), Shirine Sajjadi (March 4), Luke Bao (March 9), and Deborah Liu (March 25)—although Plaintiffs identified 25 deponents.

Facebook has taken the depositions of two Named Plaintiffs, Cheryl Senko and Tyler King, both of which largely focused on issues related to standing. Facebook has since abruptly cancelled the remaining six depositions of the Named Plaintiffs, asserting for the first time that it lacks documents necessary to take them. Facebook also unsuccessfully moved to depose the former (now-withdrawn) Named Plaintiffs.

C.     **Third-Party Discovery**

This case centers around Facebook's unauthorized disclosure of user data to third parties, which then misused it. And while Facebook has announced that its investigation of third-party apps has led to the suspension of "tens of thousands" of apps,[3] Plaintiffs have thus far received few documents from that investigation. *See supra* at 5–6. Plaintiffs have therefore pursued discovery from key third parties, issuing numerous third-party document subpoenas, which have produced nearly 173,000 documents. Some of this discovery has been thwarted because numerous third parties, including PricewaterhouseCoopers and Protiviti (which audited Facebook pursuant to the FTC Consent Order), Oracle (one of Facebook's primary partners), and numerous app developers have asserted that Plaintiffs should receive the requested documents directly from Facebook.

---

[3] Meta, *An Update on Our App Developer Investigation* (Sept. 20, 2019), https://about.fb.com/news/2019/09/an-update-on-our-app-developer-investigation.

**D.     Conclusion**

At every turn, Facebook has disparaged Plaintiffs' discovery requests and their efforts to get the information they need. This is a false narrative, belied by the results of Plaintiffs' motions before Judge Corley and the Special Master. But despite the diligence of Judge Corley, Special Master Garrie and Judge Andler, the parties still face a backlog of discovery problems, beginning with document productions. The solution to these problems, Facebook has argued in hearings before Special Master Garrie, is to close down discovery now. That, of course, is no solution at all. What is needed now is continuation of the recent progress and the imposition of an attainable and enforced substantial-completion deadline.

**FACEBOOK'S STATEMENT**

After more than two years, document discovery in this case is finally coming to a close, and Facebook looks forward to moving the case expeditiously to the merits.

    A.    **Facebook met the substantial completion deadline.**

As the Court is aware, this has been a hard-fought case and document discovery has been arduous and, at times, contentious. With the assistance of Judge Corley, Mediators Judge Gail Andler (Ret.) and Daniel Garrie, and Special Master Daniel Garrie, the Parties have worked through and resolved, by agreement or order, dozens and dozens of discovery issues. Most recently, through a 4-hour mediation session, Judge Andler and Special Master Garrie were able to assist the parties to clarify misunderstandings underlying nine different issues. To make further progress, the parties resolved to pick up the phone and speak to each other whenever issues start to brew so that they can be addressed quickly and efficiently.

Facebook's document production has been voluminous and proceeded on a rolling basis. Two years ago, Facebook produced to Plaintiffs the documents it produced to the FTC in its two related investigations and materials from nine other related government matters. Since that time, Facebook has produced **millions** of additional pages of materials. All told, Facebook has produced to Plaintiffs more than **2.5 million pages** of documents, more than **80 GB** of raw data (the equivalent of 4-6 million additional printed pages), more than **500 pages** of interrogatory responses in response to dozens of interrogatories made up of hundreds of discrete question and subparts, and numerous fact and 30(b)(6) witnesses with many more depositions in the pipeline.

Facebook has now met the January 31 substantial competition deadline for document productions, and it is eager to focus on depositions and move forward to expert discovery and the class-certification stage.

Various document issues remain pending before the mediators and Special Master. Facebook is confident that through ongoing cooperation those issues can and will be resolved, and that the Special Master will continue to address remaining disputes quickly and in a manner that results in a robust and fair record for the case to move forward. As is not

uncommon in a case of this nature, a small portion of Facebook's document productions remain outstanding, including productions based on rulings issued as recently as this week. Facebook is, as always, devoting its energy and resources to produce any remaining documents. Facebook remains concerned, however, that Plaintiffs continue to make brand new and often sweeping requests for large swaths of discovery about Facebook's entire business (past and present). Many of the new requests seek discovery on topics far afield from the categories of allegations this Court allowed to move forward—in what appears to be an effort to search for a more profitable case. Facebook has now complied with many such requests over its objections. If Plaintiffs cannot sustain the allegations in their complaint the Court authorized to proceed, Plaintiffs should not be permitted to use roving-target civil discovery requests to hunt for future lawsuits, and this litigation should not be further delayed to allow them to do so.

Facebook notes a number of documents and written discovery responses remain outstanding from Plaintiffs. Facebook is hopeful Plaintiffs will also comply with their discovery obligations on a reasonable timeline.

Depositions are currently underway. Depositions commenced weeks after the Special Master entered a deposition protocol in mid-November. Nine depositions have been taken to date, eight additional depositions have been scheduled, and numerous others are in the process of being scheduled.

**B.   Facebook looks forward to moving the case forward to the class-certification stage.**

The parties need a class-certification briefing schedule. One of the most complex issues the parties have faced in discovery is Plaintiffs' request for troves of individualized evidence about each of the Named Plaintiffs. We respectfully submit that if Plaintiffs need millions of pages of data unique to individual users to address standing, liability, and damages, it is difficult to see how this putative class could be certified. The putative class described in Plaintiffs' complaint includes all U.S. Facebook users over a thirteen-year period. Yet, even the eight remaining Named Plaintiffs used Facebook in different ways during different timeframes,

selected different privacy settings for their accounts, and engaged in different behavior on other social media sites and elsewhere on the internet. As just one example, at least one Named Plaintiff accuses Facebook of wrongly sharing information with third parties that she posted on a public Facebook profile that anyone could access. Another Named Plaintiff maintained a public blog telling the world about her atheism, while claiming that Facebook harmed her by allegedly sharing information about her religious beliefs with certain third parties. These and a litany of other individualized issues and manageability considerations will plague any effort to certify a class in this case.

The Court's July 19 Scheduling Order (Dkt. 706) states December 15, 2022 will be the last day for a hearing on class certification. To ensure the case continues to move forward and remains on track for that deadline, the parties now need a class-certification briefing schedule. Facebook proposes that the Parties meet and confer and either propose a joint schedule or separate proposals by February 24.

Finally, Facebook notes that (at Plaintiffs' request) the Parties did not exchange their portions of this submission before they were compiled for filing. Facebook has not had an opportunity to respond to Plaintiffs' portion of this statement, and it respectfully requests an opportunity to address any issues that Plaintiffs raise in it at next week's conference.

Dated: February 3, 2022                                    Respectfully submitted,

KELLER ROHRBACK L.L.P.                                     BLEICHMAR FONTI & AULD LLP

By:     /s/ Derek W. Loeser                                By:     /s/ Lesley E. Weaver
        Derek W. Loeser                                            Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)                  Lesley E. Weaver (SBN 191305)
Cari Campen Laufenberg (admitted *pro hac vice*)           Anne K. Davis (SBN 267909)
David J. Ko (admitted *pro hac vice*)                      Matthew S. Melamed (SBN 260272)
Benjamin Gould (SBN 250630)                                Angelica M. Ornelas (SBN 285929)
Adele Daniel (admitted *pro hac vice*)                     Joshua D. Samra (SBN 313050)
1201 Third Avenue, Suite 3200                              555 12th Street, Suite 1600
Seattle, WA 98101                                          Oakland, CA 94607
Tel.: (206) 623-1900                                       Tel.: (415) 445-4003

| | |
|---|---|
| Fax: (206) 623-3384 | Fax: (415) 445-4020 |
| dloeser@kellerrohrback.com | lweaver@bfalaw.com |
| claufenberg@kellerrohrback.com | adavis@bfalaw.com |
| dko@kellerrohrback.com | mmelamed@bfalaw.com |
| bgould@kellerrohrback.com | aornelas@bfalaw.com |
| adaniel@kellerrohrback.com | jsamra@bfalaw.com |

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*


GIBSON, DUNN, & CRUTCHER LLP

By: */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of February, 2022, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver
