GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS | CASE NO. 3:18-MD-02843-VC <br><br> **FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL TRANSCRIPT OF JANUARY 11, 2022 HEARING** |

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL TRANSCRIPT OF JANUARY 11, 2022 HEARING
CASE NO. 3:18-MD-02843-VC

Pursuant to its Notice of Intent to Request Redaction of Transcript (Dkt. 818), and Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Administrative Motion To File Under Seal the transcript of the January 11, 2022 hearing before Magistrate Judge Corley (the "Transcript").  As the Court recognized in the hearing, the Transcript includes Facebook's confidential information disclosed by Plaintiffs' counsel during the hearing.  Facebook proposes sealing the names of Facebook's consulting experts—which are confidential and the Court has previously sealed—and the number of reports generated during Facebook's App Developer Investigation ("ADI"), which Facebook has previously sought to seal.  Facebook's proposed redactions to the Transcript are narrowly tailored—just five words—and there is good cause to permanently seal this information.

## I.    Background

On January 11, 2022, the Court conducted a hearing on Facebook's appeals of three orders by the Special Master related to discovery disputes.  Dkts. 778, 780, 782.  During that hearing, Plaintiffs' counsel revealed confidential information regarding ADI, which the Court had previously found good cause to seal from the public docket.  Facebook's counsel immediately brought this to the Court's attention and requested to enter closed court if Plaintiffs' counsel wished to reveal confidential information.  Transcript at 15:7–12.  The Court warned Plaintiffs' counsel to refrain from revealing Facebook's confidential information.  *Id.* at 15:13–14 ("It's unnecessary to reveal it. You don't need to mention names . . . .").  Minutes later, Plaintiffs' counsel again revealed the same confidential information.  The Court immediately interjected and forbade Plaintiffs' counsel from further argument on the issue.  *Id.* at 17:21–18:7, 21:22–25.  Facebook then filed a Notice of Intent to Request Redaction of the Transcript.  Dkt. 818.  Facebook submits this Administrative Motion to redact Facebook's confidential information from the Transcript of the January 11, 2022 hearing.

## II.   The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits

When a party seeks to seal judicial records related to the merits of a case, there is a "strong presumption in favor of" public access to the records.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  But this high standard does not apply where, as here, the information a party seeks to seal is "unrelated or only tangentially related to the merits of a case."

Gibson, Dunn & Crutcher LLP

1

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL TRANSCRIPT OF JANUARY 11, 2022 HEARING
CASE NO. 3:18-MD-02843-VC

*Doe v. Walmart, Inc.*, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Kamakana,* 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.). Instead, courts seal information in transcripts of hearings that are unrelated to the merits of the action so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Grace v. Apple, Inc.*, 2018 WL 11319049, at *1 (N.D. Cal. Mar. 6, 2018). Here, the three limited portions of the hearing transcript are related to a dispute regarding the scope of production of documents, not the merits of this action, so the good cause standard applies.

### III.     There Is Good Cause To Seal Facebook's Limited Proposed Redactions

Facebook asks the Court to permanently seal the names of Facebook's consulting experts, which the Court has sealed previously, as well as confidential information Facebook has sought to seal in previous motions on which the Court has not yet ruled. Dkts. 788, 804. Good cause for sealing this information is set forth in those filings and summarized below.

First, Facebook asks the Court to seal the identities of consulting experts retained by Gibson Dunn to provide professional services related to ADI. Transcript at 15:4–5, 17:18. The Court has previously found good cause to seal this confidential and commercially sensitive information, Dkts. 737, 764, and recognized during the hearing that this information should not be publicly disclosed.

Second, Facebook asks the Court to seal the number of reports generated by ADI, which Facebook has sought to seal in other filings because this information would reveal confidential details of ADI's investigatory and enforcement techniques. There was no industry standard for investigating millions of applications before ADI. The ADI team therefore devised and tailored proprietary methods and techniques for conducting ADI. Southwell Decl. ¶ 8. Public disclosure of the number of reports generated during ADI would reveal confidential details of the investigation's strategies—developed at Facebook's expense—for ranking the risks of developers and determining how many developers warranted increased scrutiny. *Id.* ¶ 12. Facebook's competitors could use this information to improve their own investigations into data misuse, to Facebook's competitive disadvantage. *Id.*; *see In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at * 26 (N.D. Cal. Aug. 9,

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL TRANSCRIPT OF JANUARY 11, 2022 HEARING
CASE NO. 3:18-MD-02843-VC

1  2015) (sealing descriptions that "reflect[ed] and convey[ed] confidential, proprietary information").
2  Bad actors could also use this information to learn about and evade investigative and enforcement
3  mechanisms Facebook has enacted to detect and disrupt abuse of its platform, potentially harming
4  both Facebook and its users.  Southwell Decl. ¶ 12.
5       For these reasons, there is good cause to seal the names of Facebook's consulting experts and
6  the number of reports generated by ADI.
7  **IV.    The Limited Proposed Redactions Are Narrowly Tailored**
8       Facebook's proposed redactions are limited to five words: the names of Facebook's expert
9  consultants and the number of reports generated by ADI.  These redactions are narrowly tailored
10 because they are confined to information the Court has previously found good cause to seal and one
11 number that, if publicly disclosed, would cause competitive harm to Facebook and compromise
12 Facebook's privacy and security enforcement efforts.  *See Dunbar v. Google, Inc.*, 2013 WL
13 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to
14 protect . . . proprietary information").
15                                 *     *     *
16      For these reasons, Facebook respectfully requests that the Court permanently seal the
17 confidential information contained within its limited proposed redactions to the Transcript.

Gibson, Dunn & Crutcher LLP

3

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL TRANSCRIPT OF JANUARY 11, 2022 HEARING
CASE NO. 3:18-MD-02843-VC

| | |
|---|---|
| Dated: February 3, 2022 | **GIBSON, DUNN & CRUTCHER, LLP** |

By: /s/ *Martie Kutscher*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL TRANSCRIPT OF JANUARY 11, 2022 HEARING
CASE NO. 3:18-MD-02843-VC