**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | **MDL NO. 2843**<br><br>CASE NO. 3:18-MD-02843-VC-JSC<br><br>HON. VINCE CHHABRIA<br>HON. JACQUELINE SCOTT CORLEY<br>COURTROOM 4 – 17TH FLOOR<br>SPECIAL MASTER, DANIEL GARRIE, ESQ.<br><br>**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS RELATED TO CAMBRIDGE ANALYTICA** |

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS RELATED TO CAMBRIDGE ANALYTICA**

# INTRODUCTION

1. Pending before the Special Master is Plaintiffs' Motion to Compel Production of Certain Documents Related to Cambridge Analytica.

# BACKGROUND

2. On December 10, 2021, Plaintiffs wrote to Facebook, stating that they believed the parties were at an impasse regarding the production of case studies and presentations relating to work by Facebook involving Cambridge Analytica. Specifically, Plaintiffs informed Facebook that Plaintiffs sought production of:

> All case studies and presentations (whether complete or incomplete, including drafts of part or all of the case studies or presentations) that address in any manner work by Facebook on behalf of the Trump campaign or any PAC, including MANO, active in the 2016 Presidential Campaign, in which during such work Facebook interacted in any way with Cambridge Analytica, or any groups, organizations, shell companies, or other entities affiliated with Cambridge Analytica. Resp. to Pls.' Mot. to Compel, Ex. A at 2–3.

Plaintiffs also stated:

> Please let us know if you disagree that the parties are at impasse regarding any of the listed issues. For each such issue, please let us know your position by email and when you're available on Monday to meet and confer so that we can attempt to make progress before next Thursday's mediation. Id. at 1.

3. Facebook responded: "We do not agree these issues are at impasse. Rather, most have never been mediated and others have never been raised with Facebook at all. If Plaintiffs want to mediate some of these issues to impasse, they should add them to tomorrow's agenda." Id. Facebook did not respond to Plaintiffs' requests regarding Facebook's position on the issue or availability for a meet and confer. Plaintiffs identified the issue presented by this motion as among the issues needing resolution in an email to the discovery mediators. Id., Ex. B at 4, 5.

4. On December 23, 2021, Plaintiffs, in an email to the discovery mediators and Facebook identified the case studies and presentations sought by this motion as among the issues on which "Plaintiffs believe[d] the parties [were] at impasse." Id., Ex. C at 1, 2. The discovery mediators declared impasse on the issue. Id. at 1.

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS RELATED TO CAMBRIDGE ANALYTICA**

5. On January 11, 2022, Plaintiffs submitted their motion to compel, in which they argued that Facebook should produce the documents described in their December 10, 2021 email because the documents are "are highly relevant because they may shed light on what information had been harvested from Facebook users and how political and other advertisers could use it." Pls.' Mot. to Compel, at 2. Plaintiffs identified these documents as responsive to RFP 90 seeking "All documents related to Plaintiffs' claims in SACC, as limited by the district court's motion to dismiss order." Pls. Separate Statement.

6. On January 24, 2022, Facebook submitted its response, in which it argues, among other things, that Plaintiffs' motion should be denied because (i) Plaintiffs' motion does not comply with the Protocol for Resolving Discovery Disputes as the motion did not include a separate statement and the parties had not met and conferred or mediated the issue; (ii) Plaintiffs' motion does not comply with Fed. R. Civ. P. 34(b)(1)(A) requiring that Plaintiffs first make a discovery request that "describe[s] with reasonable particularity each item or category of items" sought before moving to compel; and (iii) Plaintiffs' motion does not comply with Northern District of California Local Rule 37 requiring that counsel must have previously "conferred for the purpose of attempting to resolve all disputed issues" prior to bringing a motion to compel.

7. On January 28, 2022, Plaintiffs submitted their Reply, in which they argue, among other things that (i) Facebook does not dispute that the documents sought are relevant or make a showing that the production would be disproportionate; (ii) Plaintiffs have substantially complied with the Protocol for Resolving Discovery Disputes; (iii) Plaintiffs' request for production, as narrowed by their correspondence with Facebook complies with Fed. R. Civ. P. 34(b)(1)(A); and (iv) Plaintiffs made reasonable efforts to meet and confer and Facebook did not make reasonable efforts to meet and confer.

**FINDINGS**

8. Special Master Garrie finds that Facebook does not dispute that the documents Plaintiffs seek in this motion are relevant and production would be proportional to the needs of the case.

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS RELATED TO CAMBRIDGE ANALYTICA**

9. Special Master Garrie finds that Plaintiffs' motion substantially complies with the Protocol for Resolving Discovery Disputes because Plaintiffs quickly submitted a separate statement when informed of the deficiency in their motion and Facebook makes no showing the late filing of the separate statement prejudiced Facebook. Plaintiffs' motion also substantially complies with the Protocol for Resolving Discovery Disputes because Plaintiffs made reasonable efforts to meet and confer on this issue prior to filing the motion. See Resp. to Pls.' Mot. to Compel, Ex. A, at 1. Facebook failed to make reasonable efforts to meet and confer by not responding to Plaintiffs' request to schedule a time to discuss the issues raised in the December 10, 2021 email. Id. Special Master Garrie further declines to require the parties to mediate before filing this motion, in light of the absence of Facebook's good faith meet and confer efforts and the absence of any indicia of Facebook's willingness to compromise, as it would only serve to delay the resolution of the request in the face of an upcoming substantial completion deadline. For these reasons, Special Master Garrie finds that Plaintiffs' motion substantially complies with the Protocol for Resolving Discovery Disputes.

10. Special Master Garrie finds that Plaintiffs' motion complies with Fed. R. Civ. P. 34(b)(1)(A) because Plaintiffs' communications with Facebook described with reasonable particularity the items Plaintiffs sought in the request. See Resp. to Pls.' Mot. to Compel, Ex. A, at 2-3. In determining whether a request for production complies with Rule 34's reasonable-particularity requirement, courts take into account how the requesting party has narrowed the request for production in its communications with the responding party or with the court. See Cnty. of Cook v. Bank of Am. Corp., No. 14 C 2280, 2019 WL 6309925, at *6 (N.D. Ill. November 25, 2019) (request narrowed in communications with other party); Aikens v. Deluxe Fin. Servs., Inc., 217 F.R.D. 533, 538–39 (D. Kan. 2003) (defendant had obligation to respond to "broad and open-ended" request, because the plaintiff had suggested how the request could be narrowed). Here, Plaintiffs' communications narrow RFP 90 to a reasonably particular set of items, as described in Plaintiffs' December 10, 2021 email, in compliance with Fed. R. Civ. P. 34(b)(1)(A). See Resp. to Pls.' Mot. to Compel, Ex. A, at 2-3.

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS RELATED TO CAMBRIDGE ANALYTICA**

11. Special Master Garrie finds that Plaintiffs' motion complies with Northern District of California Local Rule 37 because Plaintiffs attempted to meet and confer in good faith as discussed above. See ¶ 9, above.

**ORDER**

12. Facebook is to produce all non-privileged case studies and presentations (including partial or completed drafts of part or all of the case studies or presentations) that address in any manner work by Facebook on behalf of the Trump campaign or any PAC, including MANO, active in the 2016 Presidential Campaign, in which during such work Facebook interacted in any way with Cambridge Analytica, or any groups, organizations, shell companies, or other entities affiliated with Cambridge Analytica.

IT IS SO ORDERED.

February 4, 2022

_____
Daniel Garrie
Discovery Special Master

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS RELATED TO CAMBRIDGE ANALYTICA**