UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | **MDL NO. 2843**<br><br>CASE NO. 3:18-MD-02843-VC-JSC<br><br>HON. VINCE CHHABRIA<br>HON. JACQUELINE SCOTT CORLEY<br>COURTROOM 4 – 17TH FLOOR<br>SPECIAL MASTER, DANIEL GARRIE, ESQ.<br><br>**SUPPLEMENTAL ORDER RE: PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PLAINTIFF DATA** |

**SUPPLEMENTAL ORDER RE: PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PLAINTIFF DATA**

**ORDER**

1. Facebook's Supplemental Submission Regarding Plaintiff Data in response to the Special Master's January 31, 2022 Order requests that the Special Master identify three systems from the 12 systems identified therein (Admarket DB, Callisto, Everstore, Laser, Manifold, Memcache, MySQL, Payments, Tally, TAO, XDB, and ZippyDB/Akkioin) for which Facebook is to provide a detailed analysis with evidentiary support regarding the steps that would be necessary for those particular systems to identify whether they house data Facebook has not already produced relating to the Jason Ariciu, Bridgett Burk, Cheryl Senko, Jordan O'Hara, Samuel Armstrong, Steven Akins, Terry Fischer, and Tyler King, and whether it is possible to extract that data in a producible format. The Facebook submission also requests that Special Master Daniel Garrie advise Facebook of the information he seeks and provide Facebook an opportunity to identify appropriate witnesses knowledgeable about the topics to ensure that any further hearings on this topic are productive and efficient.

2. Before Special Master Daniel Garrie identifies any systems or seeks additional witnesses about a particular system, Facebook on or before 12 pm PST on February 9, 2022 shall submit answers to Special Master Daniel Garrie regarding the following questions.

- Can Facebook affirm that for the 12 systems it identifies in the submission to the Special Master (Admarket DB, Callisto, Everstore, Laser, Manifold, Memcache, MySQL, Payments, Tally, TAO, XDB, and ZippyDB/Akkioin) that third parties were only able to acquire Named Plaintiff Data via APIs that Facebook provided that "pull data exclusively from the Social Graph" (Anand Decl. ¶ 4), yes or no? If the answer is no, Facebook is to submit a detailed written explanation that explains how third parties acquired Named Plaintiff Data from these 12 systems, what Named Plaintiff Data third parties acquired, and the system(s) from which Named Plaintiff Data was acquired.

- Did third parties acquire Named Plaintiff Data from any of the 55 systems identified in paragraph 11 of Facebook's January 27, 2022 letter via data dumps, yes or no? If the answer is yes, Facebook is to submit a detailed written explanation that explains how third parties acquired Named Plaintiff Data from the 55 systems, what Named Plaintiff Data third parties acquired, and the system(s) from which Named Plaintiff Data was acquired.

- Did third parties acquire Named Plaintiff Data from any of the 55 systems identified in paragraph 11 of Facebook's January 27, 2022 letter via direct database access, yes or no? If yes, Facebook is to submit a detailed written explanation that explains how third parties

**SUPPLEMENTAL ORDER RE: PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PLAINTIFF DATA**

acquired Named Plaintiff Data from the 55 systems, what Named Plaintiff Data third parties acquired, and the system(s) from which Named Plaintiff Data was acquired.

- Did third parties acquire Named Plaintiff Data from any of the 55 systems identified in paragraph 11 of Facebook's January 27, 2022 letter via private APIs on mobile devices, yes or no? If the answer is yes, Facebook is to submit a detailed written explanation that explains how third parties acquired Named Plaintiff Data from the 55 systems, what Named Plaintiff Data third parties acquired, and the system(s) from which Named Plaintiff Data was acquired.

- Did third parties acquire Named Plaintiff Data by providing APIs for Facebook to call and transmit data containing Named Plaintiff Data, yes or no? Special Master Garrie offers the following examples to clarify the request: (1) Facebook notifies Amazon, via an Amazon API, of Facebook users making new friends and includes the email address of the new friend, which Amazon then uses to feed their recommendation system without the users' consent; (2) Facebook notifies Netflix, via a Netflix API, when a Facebook user likes a post about a movie or actor and includes the content of the post and the original poster, which Netflix then uses for their recommendation engine without the user's consent. If the answer is yes, Facebook is to submit a detailed written explanation that explains how third parties acquired Named Plaintiff Data, what Named Plaintiff Data third parties acquired, and the system(s) from which Named Plaintiff Data was acquired.

- Did any third parties acquire Named Plaintiff Data by providing Facebook means of pushing data to them (i.e., FTP, SFTP, Cloud storage, email, etc.)? If the answer is yes, Facebook is to submit a detailed written explanation that explains how how third parties acquired Named Plaintiff Data, what Named Plaintiff Data third parties acquired, and the system(s) from which Named Plaintiff Data was acquired.

- Did any third-party applications, including ones that attained elevated privileges, perform large volume downloads of user data, potentially containing Named Plaintiff Data, to create snapshots of Facebook information by traversing user data graphs exposed via APIs that pulled data from the Social Graph, yes or no? If the answer is yes, Facebook is to submit a detailed written explanation that explains how third parties acquired Named Plaintiff Data, what Named Plaintiff Data third parties acquired, and the system(s) from which Named Plaintiff Data was acquired.

3. This order does not contain any language requiring Facebook to produce privileged or non-responsive email communications, and for the avoidance of doubt, the order was not intended to reflect a determination as to privilege.

IT IS SO ORDERED.

February 8, 2022

_____
Daniel Garrie
Discovery Special Master

**SUPPLEMENTAL ORDER RE: PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PLAINTIFF DATA**