UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | **MDL NO. 2843**<br><br>CASE NO. 3:18-MD-02843-VC-JSC<br><br>HON. VINCE CHHABRIA<br>HON. JACQUELINE SCOTT CORLEY<br>COURTROOM 4 – 17TH FLOOR<br>SPECIAL MASTER, DANIEL GARRIE, ESQ.<br><br>**ORDER REGARDING FACEBOOK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUESTS FOR PRODUCTION NOS. 31-34** |

**ORDER REGARDING FACEBOOK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUESTS FOR PRODUCTION NOS. 31-34**

# INTRODUCTION

1. Pending before the Special Master is Facebook's Motion to Compel Production of Documents in Response to Requests for Production Nos. 31-34.

# BACKGROUND

2. Facebook served its Second Set of Requests for Production on August 31, 2021. In general, RFP Nos. 31 to 34 are aimed at discovering the instances in which Plaintiffs shared on other social media platforms the same or similar information they claim they shared privately on Facebook. See Mot., Ex A. RFP No. 31 asks Plaintiffs to produce documents "sufficient to show" posts to their off-Facebook social media accounts that "depict any personal family photographs or videos that are substantially similar to any personal family photographs or videos the Plaintiff shared on Facebook." Id. RFP No. 32 asks for documents "sufficient to show any privacy settings or restrictions placed" on those posts. Id. RFP No. 33 has the same structure as No. 31, but focuses on Plaintiffs' "personal perspectives regarding politics, religion, relationships, work, and family." Id. Similarly to RFP No. 32, RFP No. 34 seeks the privacy settings or restrictions for such posts. Id.

3. Plaintiffs served their objections and responses to the RFPs on October 21, 2021, objecting to RFP Nos. 31 to 34 as not relevant and "overbroad, unduly burdensome, and not proportionate to the needs of the case." Plaintiffs also objected to RFP Nos. 31 and 33 on the grounds that they "unduly violate[] Plaintiff's and/or third parties' right(s) to privacy." See id., Ex. L

4. The parties discussed RFPs Nos. 31 through 34 during the conference on November 9, 2021. Plaintiffs argued that Facebook could find any publicly posted information for itself and that information shared with a "non-public audience" would not be relevant to Plaintiffs' privacy interests. Plaintiffs also claimed that the term "substantially similar" is vague.

5. Facebook sent a letter on December 13, 2021 to follow up on the November 9 meet and

**ORDER REGARDING FACEBOOK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUESTS FOR PRODUCTION NOS. 31-34**

confer call. The letter addressed RFP Nos. 31 through 34, among other issues, and provided a definition and hypothetical examples for "substantially similar." Id., Ex. E.

6. Plaintiffs provided a response on January 4, 2022, stating that they would "continue to stand on their objections for the reasons set forth in their responses and objections to Facebook's requests as well as our meet and confer discussions on the subject." Id., Ex. F.

7. Special Master Garrie declared impasse on this issue on January 13, 2022.

8. On January 20, 2022, Facebook submitted its motion in which Facebook argues, among other things, that (i) Plaintiffs' sharing of purportedly private or sensitive information on other social media platforms is relevant to the central issue in this action; (ii) the discovery sought is proportional; and (iii) Plaintiffs' privacy objection is baseless because Facebook is seeking information that the same or substantially similar to informational already shared with Facebook and the protective order can mitigate any further privacy concerns. Id.

9. On January 27, 2022, Plaintiffs submitted their opposition in which they argue, among other things, that (i) Facebook already has access to the public information Facebook is requesting; (ii) the non-public information Facebook requests is not relevant in this matter; (iii) RFPs 31-34 violate Plaintiffs' privacy rights; and (iv) RPFs 31-34 are impermissibly broad with respect to the definition of "substantially similar."

10. On January 28, 2022, Facebook submitted its reply in which it argues, among other things, that (i) Plaintiffs cannot avoid their discovery obligations by directing Facebook to purportedly publicly available information; (ii) responsive information posted to allegedly "non-public" social media sites is relevant and must be produced; (iii) Plaintiffs' privacy objection remains unsupported and meritless; and (iv) Facebook's RFPs are clear.

**ORDER REGARDING FACEBOOK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUESTS FOR PRODUCTION NOS. 31-34**

# FINDINGS

11. Special Master Garrie finds that the public information Facebooks requests in RFPs 31-34 should be produced by Plaintiffs because Plaintiffs are in a better position to access and identify this information than Facebook. Plaintiffs do not deny that the public information requested in RFPs 31-34 is relevant. Plaintiffs claim that Plaintiffs are not responsible for giving Facebook information that Facebook can access for itself. However, Facebook does not have full access to Plaintiffs' purportedly public social media accounts. Accounts that may have been public at some point during the relevant time period in this case (which Plaintiffs contend goes at least as far back as 2007) may not be public anymore. Additionally, accounts that Plaintiffs claim are public may nevertheless be inaccessible. For example, Plaintiff Tyler King's Twitter account dates to 2011 and has been "public" since then, but Facebook can access only the last 90 days or so of King's tweets. See Mot. at 8. Moreover, even if Facebook did have full access to Plaintiffs' public social media accounts, Facebook does not know which photos, videos, and personal perspectives correspond to those that Plaintiffs claim Facebook improperly shared with third parties. Only Plaintiffs are in position to identify the types of information that Plaintiffs allege Facebook improperly shared.

12. Special Master Garrie finds that the non-public information Facebook requests in RFPs 31-34 is relevant and should be produced by Plaintiffs because the degree to which Plaintiffs have an expectation of privacy in purportedly non-public postings on social media accounts goes to the merits of the case and is relevant to Facebook's defenses. Plaintiffs' contention that "[n]on-public posts on other social media sources have no relevance to this case," (Opp. at 6) relies on the Court's observation that "information may be classified as private if it is intended for or restricted to the use of a particular person or group or class of persons" rather than being "freely available to the public." Dkt. 298 at 11 (quoting *U.S. Dept. of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 763-64 (1989). But neither the Supreme Court in *Reporters Committee* nor this Court held up that statement as the categorical standard for privacy in all circumstances. *Reporters Committee* quoted Webster's

**ORDER REGARDING FACEBOOK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUESTS FOR PRODUCTION NOS. 31-34**

Dictionary in the context of a broader analysis of whether rap sheets maintained by the FBI could be subject to disclosure to any member of the public under the Freedom of Information Act. *Reporters Committee*, 489 U.S. at 751. Moreover, the Webster's Dictionary definition quoted in *Reporters Committee* states merely that information "may" be classified as private if intended for or restricted to a particular person or group or class of persons. It does not follow from this definition that all information disclosed to any nominally restricted group or class whatsoever is necessarily private. This Court recognized that "[i]n reality, there can be 'degrees and nuances to societal recognition of our expectations of privacy.'" Dkt. 298 at 11 (quoting *Sanders v. American Broadcasting Companies, Inc.*, 20 Cal. 4th 907, 915 (1999). The Court explained that "[i]t seems quite possible that a user whose settings allow information to be shared not only with friends, but friends of friends, loses any expectation of privacy." Id. at 11 n.3. For these reasons, the information requested in RFPs 31-34 is relevant to Facebook's defense in that it could bear on the degree to which a fact finder could find that Plaintiffs had an expectation of privacy in the information Facebook allegedly shared with third parties.

13. Special Master Garrie finds that Plaintiffs have not demonstrated undue burden in producing the information requested in RFPs 31-34 as the information is in Plaintiffs' own social media accounts.

14. Special Master Garrie finds that Plaintiffs' claim that RFPs 31-34 violate Plaintiffs' privacy rights is not sufficient to deny Facebook's motion because RFPs 31-34 request information that is the same or substantially similar to information Plaintiffs have already shared with Facebook and is subject to the protective order.

15. Special Master Garrie finds that RFPs 31-34 are not impermissibly vague as Facebook provided a definition and hypothetical examples in Facebook's letter of December 13, 2021. See Mot. Ex. E.

//

//

//

**ORDER REGARDING FACEBOOK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUESTS FOR PRODUCTION NOS. 31-34**

### ORDER

16. Plaintiffs are to produce full and complete responses to RFPs 31-34.

IT IS SO ORDERED.

February 8, 2022

_____
Daniel Garrie
Discovery Special Master