GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S DISCLOSURE OF EXECUTIVE PURSUANT TO PRETRIAL ORDER NO. 42 AND SUPPLEMENTAL CASE MANAGEMENT STATEMENT** |

I.    **Disclosure of Company Executive**

Pursuant to the Court's Pretrial Order No. 42, Facebook designates Sandeep N. Solanki, Vice President and Associate General Counsel, Litigation, as its representative. Mr. Solanki has been employed by the company for over ten years and, among other responsibilities, supports the team that manages the company's general litigation docket in the United States, including this matter. Mr. Solanki will attend the status conference tomorrow and will endeavor to attend future status conferences, as required by the Court.

II.   **Supplemental Case Management Statement**

Facebook respectfully supplements the Case Management Statement filed on February 3, 2022 to correct numerous incorrect and misleading statements in Plaintiffs' portion of the submission, which Plaintiffs declined to share with Facebook before compiling the Parties' statements for filing and to which Facebook did not have a fair opportunity to respond.

**A. Facebook has complied with every order issued by the Special Master**. Plaintiffs use their statement to create the false and unfair impression that Facebook has not complied with orders issued by the Special Master. To create this impression, Plaintiffs say Facebook has not "produced documents" in response to the majority of the Special Master's orders. The reality is that the majority of the orders Plaintiffs cite **did not require Facebook to produce documents** or were issued within the last week. In response to other orders, Facebook has produced volumes of data equivalent to many millions of pages of printed materials. The orders Plaintiffs cite break down as follows:

1. **Seven of the orders did not require Facebook to produce documents**.[1] For instance, Plaintiffs assert "Facebook has not produced documents" in response to the Special Master's order regarding "Named Plaintiffs' content and information." Dkt. 829 at 6. But this order required only that Facebook provide "a high level description of the most common functions and purposes" of certain data systems and "the business units, divisions, or groups that use" those systems. Dkt. 813 at 0008. The Special Master later issued follow-up orders asking for additional information about these systems. Facebook complied with each of these orders (through filings on the JAMS platform); it even provided a witness for three hours of testimony regarding the data systems at issue.

---

[1] Orders 1, 2, 3, 4, 6, 8, and 9 on Plaintiffs' spreadsheet did not order the production of documents.

1

FACEBOOK, INC.'S DISCLOSURE OF EXECUTIVE PURSUANT TO PRETRIAL ORDER NO. 42 AND SUPPLEMENTAL CASE MANAGEMENT STATEMENT
CASE NO. 3:18-MD-02843-VC

Similarly, the Special Master's Order regarding "companies with which Facebook agreed to exchange user information," required Facebook to "provide [updated] responses to [a single] Interrogatory" and—if the parties could not reach an agreement—to "submit a proposed protocol" regarding how the ruling may apply to other discovery requests. Dkt. 769-3 at 9. Facebook updated its interrogatories in compliance with the order, and (via a JAMS message) the Special Master "adopt[ed] Facebook's proposed protocol," which did not require production of additional documents.

The Special Master's order adding Mr. Zuckerberg and Ms. Sandberg as custodians similarly ordered the parties "to submit a proposed protocol for performing a search and collection targeting [specific types of materials]." Dkt. 768-3 at 7. On January 19, the Special Master adopted a protocol that blends the parties' competing proposals to collect and search these materials; under that order Facebook's initial production is due "20 business days after the deadline for substantial discovery," which is several weeks from now. Dkt. 815 at 2. Facebook is working diligently to gather and produce the responsive documents on or before the deadline.

2. **Facebook produced significant volumes of materials in response to two orders requiring productions**.[2] The Special Master granted in full Facebook's motion for a protective order "against producing API call log data" from two inaccessible data tables, and agreed with Facebook that an alternate, accessible table should be produced; he ordered Facebook to produce that table by December 1, 2021. Dkt. 767-3 at 8. Facebook produced the table, which amounted to 80 GB of raw data (the equivalent of 4-6 million pages of documents).

It is also not correct that Facebook has produced only a handful of documents in response to the Special Master's ADI order.[3] This order was finalized on December 20, 2021. *See* Dkt. 804-3 at 0001. As of Friday, Facebook had produced 12,279 pages (444 documents) in response to the Order. By the end of this week, Facebook will have produced approximately 45,000 pages (approximately 1,600 documents).

3. **Two orders requiring Facebook to produce documents were issued within the last week**.[4] Facebook is working to comply with these orders diligently and expeditiously.

---

[2] Orders 5 and 7 on Plaintiffs' spreadsheet required Facebook to produce information. As discussed above, Facebook has complied fully with Order 5 (regarding data tables) and is in the process of producing a significant volume of information in response to Order 7 (regarding ADI), which was issued in late-December.

[3] Plaintiffs quote out of context Facebook's counsel advising that an ADI review the Special Master ordered would take at least one year. As Plaintiffs know, the Special Master significantly narrowed that order in response to Facebook's Motion For Reconsideration. *See* Jan. 11, 2022 Hr'g Tr. at 20:22–21:2 (describing Special Master's Jan. 10, 2022 Supplemental Order Regarding Production of ADI Related Documents as "order[ing] every single [ADI] document to be produced"); Dkt. 828, Special Master's Jan. 31, 2022 Amended Supplemental Order Regarding Production Of ADI Related Documents (limiting scope of document collection and review).

[4] Order 11 on Plaintiffs' spreadsheet was issued one week ago. The Special Master issued an order in response to item 10 on the spreadsheet last Friday night.

2

FACEBOOK, INC.'S DISCLOSURE OF EXECUTIVE PURSUANT TO PRETRIAL ORDER NO. 42 AND SUPPLEMENTAL CASE MANAGEMENT STATEMENT
CASE NO. 3:18-MD-02843-VC

Facebook submits that the actual record will reflect that at all times it acted in good faith and complied with every order the Special Master has issued.

**B. Facebook has produced an enormous volume of materials**. Facebook has produced more than 2.5 million pages of documents plus 80 GB of raw data (equivalent to another 4-6 million printed pages)—this data displays the best available information regarding the actual data third parties requested from Facebook spanning over nearly one decade.

Plaintiffs say many of Facebook's productions somehow "do not count." But Plaintiffs demanded Facebook collect, review, and produce every single page included in Facebook's productions and Facebook has had nearly 100 document reviewers and scores of senior attorneys working for nearly two years to provide these voluminous materials. If Plaintiffs believed some documents were not necessary, they should not have demanded them.

Plaintiffs also now suggest they did not need the materials Facebook reproduced from ten different related government inquiries, including the FTC's two related investigations. At the outset of discovery, Plaintiffs' counsel represented that, by requesting that Facebook produce all documents that had previously been produced in related regulatory inquiries, they were seeking to make discovery "a lot more efficient." Jan. 8, 2020 Hr'g Tr. at 6:17–18. They even suggested the parties "engage in [a] process" where Plaintiffs would "look at what's been produced [to the government] and say 'You know what? There is something else that we kind of wanted, but we'll just take [what went to the government],' because it is so efficient to send that out." Nov. 4, 2020 Hr'g Tr. at 41:9–13. This Court agreed with this approach, stating its view that these productions would constitute the "vast majority of the documents that Plaintiffs would want in this litigation." Mar. 5, 2020 Hr'g Tr. at 4:14–15. Yet, as Plaintiffs' own graphics show, documents Facebook previously produced in related regulatory inquiries are merely a small fraction of the hundreds of thousands of documents and millions of pages Facebook ultimately produced in response to Plaintiffs' ever expanding demands. Dkt. 829 at 7. The Court made clear in its motion-to-dismiss order this case is not about "anything Facebook has ever been reported to have done wrong." Dkt. 298 at 5. But Plaintiffs continue to treat discovery in this case as a roving investigation into Facebook's entire

3

FACEBOOK, INC.'S DISCLOSURE OF EXECUTIVE PURSUANT TO PRETRIAL ORDER NO. 42 AND SUPPLEMENTAL CASE MANAGEMENT STATEMENT
CASE NO. 3:18-MD-02843-VC

business (past and present), and it is clear that no matter how many documents Facebook produces in this case, Plaintiffs will never be satisfied.

As for the so-called "junk files," Plaintiffs complain that "a significant number of emails and presentations contain embedded images . . . where those embedded images are also produced as standalone documents." Plaintiffs *insisted*—over Facebook's objection—on including language in the Parties' ESI protocol requiring Facebook to "ensure that *embedded ESI* . . . shall be produced as *independent document records*." Dkt. 416 at 16 ¶ F (emphasis added). As a result, Facebook was required to review and produce each of these files separately. Their volume is also much smaller than Plaintiffs suggest. "Junk files," such as signature blocks formatted as a separate attachment to an email, are nearly always a single page, and they account for a miniscule fraction of the millions of pages produced in this case.

**C. Facebook has produced witnesses for depositions consistent with the Federal Rules and the Special Master's protocol.** Fewer depositions have been taken to date than the Protocol allows because Plaintiffs withdrew requests for certain depositions, changed requested deponents at the last minute (which caused scheduling delays), and noticed certain depositions the Protocol does not allow without a showing of good cause. As for the Named Plaintiffs' depositions, Facebook postponed these depositions, because—four years into this case—Plaintiffs have not provided basic information regarding their claims. Plaintiffs have not identified what information they believe Facebook shared without consent, Plaintiffs have not identified how they believe they were harmed, and Plaintiffs have not provided a damages model, which they were required to provide years ago in their Rule 26 disclosures. Indeed, just yesterday, the Special Master ordered Plaintiffs to provide basic, relevant information about their online activities that Facebook requested on August 31, 2021. Dkt. 834 at 6. Facebook has postponed the Named Plaintiffs' depositions until Plaintiffs provide this and other information so that these depositions do not need to be reopened.

**D. Plaintiffs' productions are far from complete**. It is not correct that Plaintiffs' productions are substantially complete. *See* Dkt. 829 at 1. The parties only completed their negotiations regarding the search strings Plaintiffs will use to **collect** responsive materials **yesterday**.

4

Facebook, Inc.'s Disclosure of Executive Pursuant To Pretrial Order No. 42 And Supplemental Case Management Statement
Case No. 3:18-md-02843-VC

Disputes also remain pending before the mediators and Special Master regarding Plaintiffs' refusal to produce information relevant to their claims.

* * *

Facebook continues to cooperate fully with the Special Master process and is in the process of producing additional documents in response to recent orders. But this case is now nearly four years old, and if Plaintiffs continue to insist Facebook provide discovery about an ever-expanding universe of documents—including what is happening at Facebook in 2022, more than a decade after the core issues in the case and nearly seven years after the Cambridge Analytica events—the case schedule will remain a moving target. Some work remains based on recent discovery rulings, including rulings issued just this week. But Facebook has met the January 31 substantial competition deadline, and it has complied in good faith with every single order that has been issued in this case.

One of the most complex issues the parties have faced, and continue to face, in discovery is Plaintiffs' ongoing demands for troves of individualized evidence about specific users. If Plaintiffs need millions of pages of data unique to individual users to address standing, liability, and damages, it is difficult to see how this putative class could ever be certified in this case. Just as Facebook has a right to vigorously defend itself in this case, so too is it entitled to move this case forward to expert discovery and the class-certification stage.

5

FACEBOOK, INC.'S DISCLOSURE OF EXECUTIVE PURSUANT TO PRETRIAL ORDER NO. 42 AND SUPPLEMENTAL CASE MANAGEMENT STATEMENT
CASE NO. 3:18-MD-02843-VC

| | | |
|---|---|---|
| 1 | Dated: February 9, 2022 | **GIBSON, DUNN & CRUTCHER, LLP** |

By: */s/ Orin Snyder*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

Facebook, Inc.'s Disclosure of Executive Pursuant To Pretrial Order No. 42 And Supplemental Case Management Statement
Case No. 3:18-md-02843-VC