UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | **MDL NO. 2843**<br><br>CASE NO. 3:18-MD-02843-VC-JSC<br><br>HON. VINCE CHHABRIA<br>HON. JACQUELINE SCOTT CORLEY<br>COURTROOM 4 – 17TH FLOOR<br>SPECIAL MASTER, DANIEL GARRIE, ESQ.<br><br>**ORDER REGARDING FACEBOOK'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES 15-16** |

**ORDER REGARDING FACEBOOK'S MOTION TO COMPEL RESPONSES TO
INTERROGATORIES 15-16**

# INTRODUCTION

1. Pending before the Special Master is Facebook's Motion to Compel Responses to Interrogatories 15-16.

# BACKGROUND

2. Facebook served its Third Set of Interrogatories on August 31, 2021, which include Interrogatories 15 and 16 at issue here. In general, Interrogatories 15 and 16 ask Plaintiffs to identify, to their knowledge, certain apps and devices that their Facebook friends used between January 1, 2007 and December 31, 2019 (the "Relevant Time Period"). Mot. Ex. A. The apps and devices are drawn from Facebook's responses to Plaintiffs' interrogatories seeking identification of Facebook's "Business Partners" and "whitelisted" third parties. See id. at 3, ¶¶ 7-8.

3. Plaintiffs objected that Interrogatories 15–16 are "unduly burdensome and not proportional to the needs of the case" including "to the extent that the information sought . . . is otherwise equally accessible to Defendant as to Plaintiff"; and "unduly violate[] Plaintiff's and/or third parties' right(s) to privacy." See Mot. Ex. F.

4. The parties subsequently discussed issues relating to Interrogatories 15 and 16 in conferences, meet and confers, and letters. Special Master Garrie declared impasse on the issue on January 13, 2022.

5. On January 21, 2022, Facebook submitted its motion in which it argues, among other things, (i) Interrogatories 15 and 16 seek information relevant to whether the unauthorized access Plaintiffs allege occurred; (ii) Interrogatories 15 and 16 seek information relevant to whether Plaintiffs had a reasonable basis to believe that their private information was actually disclosed to a third party without their permission; (iii) Plaintiffs' knowledge and understanding of the activities of Plaintiffs' friends is relevant to the credibility of Plaintiffs' claims that Facebook's disclosure of Plaintiffs' information actually caused harm; and (iv) Interrogatories 15 and 16 are not unduly burdensome.

6. On January 28, 2022, Plaintiffs submitted their opposition in which they argue, among other

**ORDER REGARDING FACEBOOK'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES 15-16**

things (i) Facebook's own information will demonstrate whether disclosure actually occurred; (ii) the authorities Facebook cites do not place Plaintiffs' personal knowledge at issue; (iii) Facebook claims that the Interrogatories are probative of Plaintiffs' efforts to learn about whether their friends' activities could expose private information, but the Interrogatories do not ask about these efforts; and (iv) the Interrogatories demand an effort not proportional to the needs of this case.

7. On February 1, 2022, Facebook submitted its reply, arguing among other things that (i) Plaintiffs' personal knowledge that their friends used certain apps and devices is relevant to the existence and severity of Plaintiffs' claimed injury; (ii) Interrogatories 15 and 16 are relevant because they seek information relating to Plaintiffs' efforts to understand the extent to which their private information could have been disclosed to third parties; and (iii) Plaintiffs overstate and fail to substantiate the burden of responding to Interrogatories 15 and 16.

## FINDINGS

8. Special Master Garrie finds that Plaintiffs' personal knowledge that their friends used certain apps and devices – and therefore may have shared Plaintiffs' Facebook information with specific app developers and device manufacturers – is relevant to the existence and severity of Plaintiffs' claimed injury. Information is relevant if it "has any tendency" to make a fact "of consequence in determining the action" more or less probable than it would be without the information. Fed. R. Evid. 401. Courts liberally construe relevance in favor of permitting discovery. *Wit v. United Behav. Health*, No. 14-CV-02346-JCS, 2016 WL 258604, at *10 (N.D. Cal. Jan. 21, 2016) ("Traditionally, the relevance requirement of Rule 26(b)(1) has been construed broadly.") Here, Plaintiffs claim they were injured from the unauthorized disclosure of their Facebook information to third party app developers and device manufacturers. For example, Plaintiffs allege that they "suffered emotional distress, including anxiety, concern, and unease about unauthorized parties viewing and using [their] content and information for improper purposes." SACC ¶¶ 34, 51, 59, 68, 76, 100, 132, 147, 171. The extent to which Plaintiffs knew their information had been improperly disclosed to third parties is relevant to Plaintiffs' claims

**ORDER REGARDING FACEBOOK'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES 15-16**

that they suffered emotional distress from such disclosures. See *Christensen v. Sup. Ct.*, 54 Cal. 3d 868, 901 (1991) (holding that claims for emotional distress damages must be based on "substantial certainty" that the alleged wrongful conducted specifically affected the plaintiff, as opposed to "a generalized concern . . . arising out of a media report of a pattern of misconduct"); id. at 902 (explaining that "[t]he source of a plaintiff's knowledge of misconduct which cannot be readily observed, and the time at which the knowledge was acquired . . . go to the reasonableness of a plaintiff's claim to have suffered severe emotional distress and thus present issues for the trier of fact"); Restatement (2d) of Torts § 652H, cmt. b (1977) ("The plaintiff may also recover damages for emotional distress or personal humiliation that he proves to have been actually suffered by him, if it is of a kind that normally results from such an invasion and it is normal and reasonable in its extent."). For these reasons, Plaintiffs' knowledge of the apps and devices used by their friends is relevant to Plaintiffs' claims that they were injured by unauthorized disclosure of their Facebook information through such apps and devices.

9. Special Master Garrie finds that Interrogatories 15 and 16 are also relevant to Plaintiffs' efforts to understand the extent to which their Facebook information may have been shared with third parties. If Plaintiffs genuinely experienced distress upon learning that third party developers of apps and devices accessed information that they shared with their friends, one would reasonably expect Plaintiffs to look into – or at least spend some time thinking about – which apps or devices could have exposed their private information. Plaintiffs' argument that they did not know which business partners and pps accessed their data is not persuasive because Facebook is only asking Plaintiffs to identify the business partners and apps that they knew their friends used and therefore may have accessed Plaintiffs' data. Plaintiffs' argument that the Interrogatories do not ask about these efforts and Facebook should have asked for this information via deposition is not persuasive because Facebook is entitled to seek this information through written discovery and prioritize its deposition time for other topics. "The scope of interrogatories which may be served under Rule 33" encompasses, "[b]y reference to Rule 26(b) . . . a right to inquire into 'any matter, not privileged, which is relevant to the subject matter involved in the

**ORDER REGARDING FACEBOOK'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES 15-16**

pending action,' whether admissible at trial or not. This rule has been generously construed to provide a great deal of latitude for discovery." *Harris v. Nelson*, 394 U.S. 286, 296–97 (1969).

10. Special Master Garrie finds that Plaintiffs fail to demonstrate that answering Interrogatories 15 and 16 would be disproportionately burdensome as the "hours" Plaintiffs claim it would take to identify this information do not outweigh the relevance of this information to issues in this matter which Plaintiffs state "are of paramount importance." Pls.' Mot. to Compel M. Zuckerberg and S. Sandberg as Doc. Custodians, Sept. 22, 2021, at 11.

**ORDER**

11. Plaintiffs are to provide full and complete responses to Interrogatories 15-16.

IT IS SO ORDERED.

February 10, 2022

_____
Daniel Garrie
Discovery Special Master

**ORDER REGARDING FACEBOOK'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES 15-16**