**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | **MDL NO. 2843**<br><br>CASE NO. 3:18-MD-02843-VC-JSC<br><br>HON. VINCE CHHABRIA<br>HON. JACQUELINE SCOTT CORLEY<br>COURTROOM 4 – 17TH FLOOR<br>SPECIAL MASTER, DANIEL GARRIE, ESQ.<br><br>**ORDER DENYING RECONSIDERATION OF ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL ADDITIONAL PRODUCTION RELATED TO "FACEBOOK SECRET SAUCE" REPORT** |

**ORDER DENYING RECONSIDERATION OF ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL ADDITIONAL PRODUCTION RELATED TO "FACEBOOK SECRET SAUCE" REPORT**

**ORDER**

Facebook's Motion for Reconsideration of the Order Regarding Plaintiffs' Motion to Compel Additional Production Related to "Facebook Secret Sauce" Report is denied. Facebook offers no new evidence to support reconsideration of the Special Master's findings that Facebook caused Plaintiffs' delay in seeking communications about the memo and Facebook has been obligated to produce communications related to the memo outside of its review set based on RFP 57.

Facebook's argument that these findings are based on arguments Plaintiffs raised for the first time on reply is not persuasive. The Special Master finds that the Plaintiffs raised the issue of Facebook's delay and lack of responsiveness in their opening brief and also identified RFP 57, among other RFPs, as an RFP to which communications related to the memo are responsive in their opening brief.

Facebook does not provide additional evidence to support reconsideration of the finding that Facebook's delay and lack of responsiveness caused the failure to meet and confer. Facebook does not deny that it did not respond to the Plaintiffs' letter of September 25, 2021, seeking additional production based on the memo. Facebook's argument that Facebook should not be compelled to produce relevant communications related to the memo because Plaintiffs did not raise the issue in subsequent discussions after Facebook failed to respond to the September 25, 2021 letter is not persuasive because Plaintiffs had already raised the issue to Facebook and Facebook did not respond.

The Special Master finds that the Federal Rules impose on Facebook the affirmative obligation to search for documents responsive to Plaintiffs' document requests. See, e.g., *Banas v. Volcano Corp.*, 2013 WL 5513246 (N.D. Cal. October 4, 2013) (the Federal Rules "obligate a party to produce 'discovery regarding any nonprivileged matter that is relevant to any party's claim or defense'"); 1 Fed. R. Civ. P., Rules and Commentary, Rule 34 ("A party must take reasonable and appropriate steps to search its records and produce all responsive documents or things."). As established by the evidence referenced in Plaintiffs' opening brief, and as Facebook does not contest, the Report is plainly relevant.

**ORDER DENYING RECONSIDERATION OF ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL ADDITIONAL PRODUCTION RELATED TO "FACEBOOK SECRET SAUCE" REPORT**

The Special Master also notes that the Secret Sauce Report refers to itself as the "result of numerous discussions." Mot. Ex. A at 1. The Special Master finds, by extension, the "numerous discussions" about how the content in the Report was developed are also relevant. Facebook always had the affirmative obligation to conduct a reasonable inquiry into documents concerning such discussions.

For the forgoing reasons the Special Master respectfully denies Facebook's motion for reconsideration.

IT IS SO ORDERED.

February 10, 2022

_____
Daniel Garrie
Discovery Special Master

**ORDER DENYING RECONSIDERATION OF ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL ADDITIONAL PRODUCTION RELATED TO "FACEBOOK SECRET SAUCE" REPORT**