1                    UNITED STATES DISTRICT COURT

2                   NORTHERN DISTRICT OF CALIFORNIA

3             Before The Honorable Vince Chhabria, Judge

4

5   IN RE:  FACEBOOK, INC.,        )  No. 18MD02843-VC
      CONSUMER PRIVACY USER        )
6     PROFILE LITIGATION,          )
                                   )
7   _____)

8                                  San Francisco, California
                                   Thursday, February 10, 2022
9

    TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
10              RECORDING 4:23 - 5:01 = 38 MINUTES

11

    APPEARANCES:
12

    For Plaintiff:
13                             Bleichmar, Fonti & Auld, LLP
                               555 12th Street, Suite 1600
14                             Oakland, California 94607
                          BY:  LESLEY E. WEAVER, ESQ.
15                             ANNE KATHLEEN DAVIS, ESQ.

16                             Robbins, Geller, Rudman &
                                 Dowd, LLP
17                             One Montgomery Street
                               Suite 1800
18                             San Francisco, California
                                 94104
19                        BY:  MATTHEW S. MELAMED, ESQ.

20                             Hagens, Berman, Sobol
                                 Shapiro, LLP
21                             1301 2nd Avenue, Suite 2000
                               Seattle, Washington 98101
22                        BY:  DEREK LOESER, ESQ.

23

24
                    (APPEARANCES CONTINUED ON NEXT PAGE.)
25

*Echo Reporting, Inc.*

2

1   APPEARANCES:   (Cont'd.)

2   For Plaintiff:

3                                  Keller Rohrback, LLP
                                   1201 Third Avenue, Suite 3200
                                   Seattle, Washington 98101
4                          BY:     DAVID J. KO, ESQ.
                                   CARI CAMPEN LAUFENBERG, ESQ.
5
                                   Keller Rohrback, LLP
6                                  300 Lakeside Drive, Suite 1000
                                   Oakland, California 94612
7                          BY:     BENJAMIN B. GOULD, ESQ.

8   Facebook General Counsel:      Meta Platforms, Inc.
                                   1601 Willow Road
9                                  Menlo Park, California 94025
                           BY:     SANDEEP SOLANKI, ESQ.
10
    For Defendant:
11                                 Gibson, Dunn & Crutcher, LLP
                                   333 South Grand Avenue
12                                 Los Angeles, California 90071
                           BY:     ORIN SNYDER, ESQ.
13                                 DEBORAH L. STEIN, ESQ.

14                                 Gibson, Dunn & Crutcher, LLP
                                   1881 Page Mill Road
15                                 Palo Alto, California 94304
                           BY:     MARTIE KUTSCHER CLARK, ESQ.
16

17  Transcribed by:                Echo Reporting, Inc.
                                   Contracted Court Reporter/
18                                 Transcriber
                                   echoreporting@yahoo.com
19

20

21

22

23

24

25

3

1  <u>Thursday, February 10, 2022</u>                          <u>4:32 p.m.</u>

2                         P-R-O-C-E-E-D-I-N-G-S

3                              --oOo--

4            THE CLERK:  Calling case number 18-MD-2843, In Re:

5  Facebook, Inc., Consumer Privacy User Profile Litigation.

6       Counsel for the Plaintiffs, please state your

7  appearances for the record.

8            MR. LOESER (via Zoom):  Good afternoon, your

9  Honor.  Derek Loeser from Keller Rohrback.  With me is Cari

10 Laufenberg, David Ko and Ben Gould.

11           THE COURT:  Good afternoon.

12           MS. WEAVER (via Zoom):  Good afternoon, your

13 Honor.  Lesley Weaver of Bleichmar, Fonti and Auld and with

14 me are my partners, Matthew Melamed and Anne Davis.

15           THE COURT:  Good afternoon.

16           THE CLERK:  And for Defendants?

17           MR. SNYDER (via Zoom):  Yes, good afternoon, your

18 Honor.  It's Orin Snyder, Deb Stein, Martie Kutscher Clark

19 for Facebook.  And with us, also, Sandeep Solanki who is the

20 Vice President and Associate General Counsel of Litigation

21 for Facebook.

22           THE COURT:  Good afternoon.  Hello, Mr. Solanki.

23           MR. SOLANKI (via Zoom):  Hello, your Honor.  Good

24 afternoon.

25           THE COURT:  Good afternoon.  I'll chat with you in

4

1  a second, okay?

2      So we are not going to have any argument about these

3  discovery disputes today.  I'm going to give you my

4  preliminary view of things and then we'll talk about how --

5  what the next steps are.

6      My preliminary view, and you know I say it's

7  preliminary, but I have to say it's quite a strong

8  preliminary view, is that Facebook's conduct in discovery,

9  thus far, has been sanctionable.  And so I would like to

10 invite the Plaintiffs to file motions for sanctions on any

11 issue that they believe -- where they believe that -- like I

12 do -- that -- tentatively -- that Facebook's discovery

13 conduct has been sanctionable.

14     I -- it seems to me that there are a number of areas

15 where Facebook could, and probably should, be sanctioned

16 under Rule 37 and/or 28 USC Section 1927.  Maybe other --

17 maybe also, pursuant to the Court's inherent authority, I

18 don't know.  But, I think there are a number of examples.

19 And I think that, by the way, probably the lawyers should be

20 jointly sanctioned with Facebook.  And what I -- generally,

21 I think it's not a good policy to sanction associates at law

22 firms, but I think probably all of the partners who are

23 involved in this case, probably should be sanctioned

24 alongside Facebook itself.

25     I'll identify a couple of examples.  I sort of leave it

5

1  to the Plaintiffs to decide whether to file sanctions
2  motions, and if so, on what issues, but there are several
3  issues where I think, at least preliminarily, based on what
4  I've read so far, and based on my conversations with the
5  Special Master, you know, the Plaintiffs should be awarded
6  all costs and attorney's fees that they've incurred in
7  pursuing the discovery, or pursuing the issue on which
8  Facebook has been stonewalling.
9      So, you know, a couple of the issues I'll just mention.
10 One is the app developer investigation documents.  I mean,
11 that appears to be particularly egregious.  I think Facebook
12 has known, since we were talking about it, towards the
13 beginning of the litigation, that it was going to be
14 required to turn these over, and certainly since at least
15 September of '21 when Judge Corley ordered them turned over.
16 Facebook has known that it needs to do it, and as far as I
17 can tell, has been stonewalling.  So it seems to me that
18 that issue, in particular, could very likely be an
19 appropriate subject for a motion for sanctions from the
20 Plaintiffs.
21     Another one is the named-complainants data.  Again, you
22 know, Judge Corley ruled in October of 2020 that this stuff
23 was discoverable and sort of -- it's not clear to me why
24 Judge Corley needed to rule that it was discoverable,
25 because it seems obvious to me that it was discoverable, but

6

1  again, Facebook has been stonewalling on it.

2      I think I should probably set some very tight deadlines

3  for when this stuff needs to be -- when the completion of

4  this discovery needs to occur and we can talk about that.

5  I'll sort of defer to the Plaintiffs on that.  But the main

6  thing, you know, aside from setting deadlines, by which this

7  stuff needs to be completely turned over, the main thing --

8  the main point I want to make right now is I think what's

9  happened so far is sanctionable, very likely, and I want to

10  invite the Plaintiffs to file motions for sanctions on those

11  issues, if they agree with me, and any other issue that they

12  -- where they believe Facebook has engaged in sanctionable

13  conduct.

14      And again, my tentative view is that the -- that the

15  Facebook and the lawyers, the partners on the pleadings,

16  should be jointly liable for the sanctions and they should

17  both be sanctioned.  And, I guess, you know I know from

18  prior cases that Mr. Loeser is a very courteous opposing

19  counsel, but if you -- if you're -- and maybe you would not

20  be inclined to include the lawyers, maybe you would not be

21  inclined to move for sanctions at all, but if you move for

22  sanctions, I'm going to want to know if there's a good

23  reason not to sanction the lawyers, as well as the clients.

24  Or the client, I should say.

25      Also, another issue is the depositions of the named

7

1   Plaintiffs.  Facebook has been fighting to take the
2   depositions of named Plaintiffs, and then all of a sudden
3   announced that it is not ready to take depositions of named
4   Plaintiff, because it doesn't have certain information that
5   it needs.  And I was looking at Facebook's brief that it
6   filed, I guess it looks like maybe today or maybe last
7   night, and here is the first reason that Facebook gives for
8   calling off the depositions.  It says, "The Plaintiffs have
9   not provided basic information regarding their claims."  And
10  the first thing they say is, "Plaintiffs have not identified
11  what information they believe Facebook shared without
12  consent."  So it sounds like what Facebook is saying is,
13  until you identify what information you believe we shared
14  without your consent, we're not going to take your
15  deposition.  That is preposterous and you are going to take
16  their depositions now, or you are going to forego -- you're
17  going to waive the right to take their depositions at all.
18  And I don't know if the Plaintiffs incurred any fees and
19  costs associated with setting up these depositions that
20  Facebook has now announced that it's not ready to take, but
21  if so, that strikes me as probably sanctionable, as well.
22      So let me ask the Plaintiffs, you know, obviously there
23  are other issues that maybe aren't ripe for a motion for
24  sanctions yet.  You may not be ready because you're still
25  kind of meeting and conferring on something, or whatever.

8

1 There are other issues that do seem ripe for a motion for

2 sanctions, and so I want to set a deadline for the filing of

3 motion for sanctions on any of these issues that are ripe

4 for adjudication of a sanctions motion; so for the

5 Plaintiffs, when would you like that deadline to be?

6              MR. LOESER:  Your Honor, we could file a motion in

7 seven days.

8              THE COURT:  You want to do it that soon?  That's

9 fine.

10              MR. LOESER:  Well I'm looking around the room and

11 I don't --

12              THE COURT:  I just want to make sure -- I mean the

13 reason I ask that is I want to make sure -- you know, you

14 have to brief -- and by the way, no 15 page -- 15 page

15 limit.  Take whatever space you need to articulate the

16 misconduct and to identify the appropriate standard for

17 imposing sanctions, including whether there needs to be a

18 finding of bad faith and all of that.  But that's why I

19 asked, is seven days enough.

20              MR. LOESER:  Well and I'm receiving a lot of

21 feedback now and the feedback I'm getting is 14 days, so

22 thank you for asking again.

23              THE COURT:  So the Plaintiffs -- any motion for

24 sanctions from the Plaintiffs, on any issues that are ripe,

25 are due in 14 days and you can figure out when you want to

9

1  notice the hearing for and all of that.  Confer with the

2  other side on that, of course.  And I will, of course, not

3  make -- not reach any final conclusion on what I think about

4  all of these issues until I've had a chance to read the

5  papers submitted by both sides.  But that is how we're going

6  to handle these discovery problems that have taken place

7  thus far.

8       And so now, let me turn to Mr. Solanki.  I was glad to

9  see your name on the filing that Facebook made yesterday.

10 I'm glad to see that you've been designated as the decision

11 maker who is responsible for Facebook's decisions in all

12 discovery matters in this case.  What that will entail is

13 that you have to attend all of the status conferences that

14 we have here in this virtual courtroom, or hopefully it will

15 be the real courtroom again sometime soon.  It also means

16 you're required to attend all of the mediations with the

17 Special Master and it means that you are required to be able

18 to make a decision -- a final decision -- on Facebook's

19 behalf for any topic that is covered in the mediations with

20 the Special Master.  And so if you believe that the topic of

21 the mediation is such that you would need to run it up the

22 flagpole before making a final decision, then the person --

23 whatever person is at the top of that flagpole, is required

24 to attend the mediation; okay?

25           MR. SOLANKI:  Yes, your Honor.

1          THE COURT:  And if a mediation occurs and Facebook
2  is not in a position to make a final decision on a discovery
3  issue, Facebook will be sanctioned.  And if Facebook makes a
4  decision during a mediation with a Special Master and then
5  goes back on that decision after the mediation, Facebook
6  will be sanctioned.

7          MR. SOLANKI:  I understand.

8          THE COURT:  Let me see -- have I forgotten any
9  reason why Facebook will be sanctioned in the future?
10  Probably.  Please do not consider my list to be an
11  exhaustive or an exclusive one, of the reasons that Facebook
12  may be sanctioned in the future in this case; okay, Mr.
13  Solanki?

14          MR. SOLANKI:  Yes, your Honor.

15          THE COURT:  Do you understand and do you have any
16  questions or concerns about any of that?

17          MR. SOLANKI:  No, it's clear.  Thank you for the
18  explanation.

19          THE COURT:  Okay.  Let's see, let me look at my
20  notes here.  Anything else I wanted to make sure to discuss?
21  No, I think that's it; is anybody -- does anybody else have
22  anything else that they would like to discuss today?

23          MR. SNYDER:  Your Honor, on our opposition to the
24  sanctions motion, given the seriousness of the issues, we
25  would respectfully request 21 days to respond.

1          THE COURT:  I'll let you meet up and confer with

2 the other side about that and you can submit a stipulation,

3 or whatever.

4          MR. SNYDER:  Thank you, Judge.

5          MR. LOESER:  Your Honor, while we're doing that,

6 if there's an agreement for more time for Facebook, I hope

7 it's okay with you if we also have more time for ourselves?

8          THE COURT:  I'm -- within reason, I'm happy for

9 you to negotiate a schedule and, you know, submit a

10 stipulation for the adjudication of these motions.  And I

11 want to make sure -- I certainly want to make sure that

12 Facebook has enough time and enough opportunity to explain

13 its conduct, thus far.  And the conduct of its lawyers.

14     Okay, is there anything else that we can discuss today

15 in furtherance of getting this case moving?  Because this

16 case is going to start moving a lot faster than it has been

17 moving, thus far.

18     And by the way, as everybody knows, Judge Corley has

19 been hearing appeals from discovery rulings by the Special

20 Master.  Starting today, for any new -- sorry, as everybody

21 knows, Judge Corley has been nominated to the district court

22 bench and is likely to be confirmed pretty soon.  So

23 starting today, for any new appeal from a ruling by the

24 Special Master, I will hear those appeals, pursuant to the

25 same process that was set forth in the amended order that I

12

1 filed recently.

2      And this case is going to be, as I said, moving along

3 much much faster than it has been and so what -- is there

4 anything that we can discuss in furtherance of that?

5           MR. LOESER:  Your Honor, if I may?  Derek Loeser.

6 The one thing that perhaps we could discuss is the schedules

7 and to your point about needing to move the case.

8      The substantial completion deadline has now come and

9 gone and while Facebook's position has chipped it a bit on

10 what more it has to do, we fear that there's a lot more

11 documents to be produced and I think we need to adjust the

12 schedule to accommodate that.  It's not entirely clear to us

13 how much time it will take Facebook to produce the remaining

14 outstanding documents.  Not too long ago they were saying ti

15 would take more than a year.

16           THE COURT:  It's not going to take more than a

17 year.  And if they need to -- if they feel that they need to

18 conduct review -- I mean, my inclination would be, I don't

19 know if they think they need to conduct further review of

20 the app developer investigation documents, but I think

21 they've lost the opportunity to do that and they need to

22 simply turn them over immediately.

23           MR. SNYDER:  Your Honor --

24           THE COURT:  Whether they've reviewed them or not.

25           MR. SNYDER:  Your Honor, tomorrow we're turning

13

1 over 40,000 pages of documents on the ADI production.  I

2 think the final order we got was in December, and then we

3 will be rolling thereafter.  And I understand that we can --

4 we think we'll be able to complete that within one month, if

5 not sooner, but certainly tomorrow 40,000 pages are being

6 produced and we're working around the clock to produce

7 those, as we speak.

8          THE COURT:  All documents relating to the app

9 developer investigation must be turned over to the

10 Plaintiffs no later than 21 days from today.

11          MR. SNYDER:  That's fine, your Honor.

12          THE COURT:  And the other instruction that I --

13 the other order that you are operating under, not just for

14 the app developer investigation documents, but for all

15 documents and all information, is that when in doubt,

16 resolve all doubts in favor of turning it over.

17          MR. SNYDER:  We have been doing that, your Honor,

18 for sure.  And we will continue to do so.

19          THE COURT:  Okay.  What else?

20          MR. LOESER:  So that leaves the question of the

21 schedule, the dates, the substantial completion date and all

22 of the dates that flow from it.  You know, the position

23 we're trying to avoid having ourselves end up in is, we're

24 taking depositions and we have a lot of depositions to take,

25 we want these documents for the depositions.  So it may be

14

1 necessary to push things out to accommodate the official

2 time that Facebook --

3          THE COURT:  Do you know what I would suggest, and

4 I'm interested in hearing from you on this, but here is my

5 suggestion.  Take the depositions.  And then if you need to

6 take the -- take a second deposition of these witnesses,

7 based on additional documents, you'll be able to take them

8 again.

9          MR. LOESER:  Understood.  We'll do that, your

10 Honor.

11          THE COURT:  Because it's Facebook's fault that

12 we're in this position and -- largely Facebook's fault --

13 and so their people are going to need to be deposed -- may

14 need to be deposed twice, instead of once.

15          MR. LOESER:  Understood.

16          THE COURT:  Okay, so what is that -- do you need

17 anything more on the schedule?  Do you need anymore

18 direction on the schedule, or in light of what I just said,

19 is the schedule okay?

20          MR. LOESER:  I think the proof will be in the

21 pudding, your Honor.  If 30 days from now, unfortunately

22 we're still waiting for a huge volume of documents, you can

23 be sure you'll hear from us about that and we'll ask you at

24 that time for more time to take the depositions, or more

25 time to complete discovery of the case.  But hopefully that

15

1 won't be necessary and we'll just move forward with due

2 haste.

3          THE COURT:  When is the -- like how -- when is the

4 cutoff for depositions?  I can't remember.

5          MR. SNYDER:  June 17th, your Honor.

6          THE COURT:  Okay.

7          MR. SNYDER:  I think we're -- we all believe we

8 can comfortably get there, and as I -- I said 40,000, my

9 colleagues remind me that it's 30,000 ADI tomorrow, but we

10 have, and have had for the past month, a whole team

11 reviewing the ADI documents and they're going to come

12 rolling.  And, your Honor, the default has been produced

13 when in doubt.  We're not -- we're not parsing documents

14 here.

15          THE COURT:  Mr. Loeser, what's your view of

16 whether I should force Facebook to take the depositions of

17 the named Plaintiffs in haste, you know, sort of consistent

18 with what they were originally insisting on doing?  Should I

19 leave that alone, or should I require them to do those

20 depositions by a certain date?

21          MR. LOESER:  I think they should have to move

22 forward with those depositions.  We've presented all of the

23 Plaintiffs for their depositions.  The Special Master did

24 issue an order today, and another yesterday, that will

25 require some additional documents from the witnesses.

16

1  Frankly, we don't think that they're essential, but we'll

2  produce the, as ordered.

3        THE COURT:  And the same response.  I mean, I --

4  take the depositions anyway and if there is some

5  signification document that Facebook can put in front of me

6  that justifies reopening the deposition, I'll entertain it,

7  but it's time to -- time to plow ahead.

8        MR. SNYDER:  Your Honor -- may I just be heard,

9  your Honor, on that -- for a moment?  I think it might be

10  helpful.  On the depositions, we were eager, chopping at the

11  bit to take all of the Plaintiffs' depositions.  There was

12  -- without getting into the specifics, there were document

13  requested interrogatories that the Plaintiffs were not

14  answering that were -- went to the heart of those

15  depositions about the privacy settings, et cetera, et

16  cetera.  And as Mr. Loeser said just today, we have two

17  orders compelling the Plaintiffs to produce those documents.

18  And so our hesitancy in taking those depositions was not to

19  stonewall or to delay, we just needed that basic

20  information.  The information is now coming to us, pursuant

21  to these orders, and upon receipt we will take all of those

22  depositions promptly and seriatim.

23        THE COURT:  Are they scheduled?  Mr. Loeser, were

24  these depositions of these named Plaintiffs -- have the

25  dates passed from when they were supposed to take place, or

17

1  are they still like on schedule but Facebook is saying we're

2  not doing it at this -- on these dates?

3          MR. LOESER:  Some of the dates have passed.  I

4  believe some have not yet, or are not scheduled; Ms. Weaver,

5  do you have better view on that?

6          MS. WEAVER:  Yes, have three scheduled and one was

7  36 hours away and those three were canceled.  The remaining

8  five we were negotiating dates.  So the truth is that these

9  Plaintiffs were ready to go.  It's hard for individuals to

10 prepare for depositions like this, it's hard for anybody.

11 But in general, we would like to proceed.

12         MR. SNYDER:  Your Honor, again, we are eager, I

13 can assure you and attest and swear, to take these

14 depositions.  Our only reluctance, or hesitancy was, we

15 wanted to be efficient and these requests, which go to the

16 heart of the depositions about their privacy settings and

17 other core issues that are at the heart of this case, we had

18 a dispute over, and as I said, over the last 24 hours the

19 special master has ordered the production of those and upon

20 receipt, we will take those seriatim.  We'll double track,

21 tripe track.  It's not a question of not wanting to take

22 them, it's that we didn't want to take them and didn't think

23 we --

24         THE COURT:  I don't care if you've received the

25 documents or not.  I want these depositions taken promptly,

18

1 and if you believe that there is some basis for reopening

2 the deposition, based on receipt of documents, you can seek

3 permission to reopen the deposition.  But I don't care.  But

4 you keep saying, we will take the deposition upon receipt of

5 the documents.  Take the depositions promptly.  And I think

6 for now, what I'm going to do is, I'm going to order you to

7 have all of these depositions scheduled, all the depositions

8 of the named Plaintiffs, scheduled by Monday.  And you --

9 I'll let you see if you can negotiate amongst yourselves,

10 and if there is a problem, and you can't get those

11 depositions scheduled amongst yourselves by Monday, then you

12 can file -- you can file a joint letter directly with me and

13 I will resolve it.

14        MR. SNYDER:  Thank you, your Honor.  And had we

15 known the Court would be open to us reopening, or retaking

16 the deposition after we got the relevant documents, we would

17 have proceeded in that way, but customarily I've taken

18 depositions upon receipt of documents so that --

19        THE COURT:  I understand and what I want to

20 emphasize for the Plaintiffs is, I will be very liberal

21 about allowing -- if the Plaintiffs, you know, take a

22 Facebook witness's deposition and then they believe that

23 they need to circle back, based on the receipt of additional

24 documents, I will be very liberal in allowing the Plaintiffs

25 to take the -- take a second deposition, or reopen the

1 deposition.

2          MR. SNYDER:  And the same for Facebook, Judge?

3 Because I do think that -- again, the documents --

4          THE COURT:  Not necessarily.  Not necessarily,

5 based on the view that I have developed about how Facebook

6 has conducted itself thus far in discovery.

7          MR. SNYDER:  And, your Honor, I assume your Honor

8 does not want us to be heard on that issue, even on a

9 preliminary or high-level basis?

10          THE COURT:  Correct.  You're always free, you can

11 ask to reopen a deposition if you --

12          MR. SNYDER:  No, no, I meant on the larger issue

13 that your Honor raised at the outset of the hearing.

14          THE COURT:  No.

15          MR. SNYDER:  Okay, thank you.

16          THE COURT:  You'll have plenty of opportunity in

17 response to sanctions motions to say your peace.

18          MR. SNYDER:  Thank you, Judge.

19          MR. LOESER:  Your Honor, again, if I may?  If we

20 could have until Wednesday to schedule the depositions?  We

21 have to contact these people.  They have to get -- make

22 arrangements at work to make themselves available.  It might

23 take a couple of days to clear all schedules to -- in order

24 to have dates certain to offer to Facebook for the remaining

25 people.

20

1          THE COURT:  That's fine.

2      Okay, what else?

3          MR. LOESER:  Nothing else on my list, your Honor.

4          MR. SNYDER:  Nothing here, your Honor.

5          THE COURT:  Okay, very good.  Should we schedule

6  another status conference?  Perhaps, you know, 20 -- 35 days

7  from now, something like that?

8          MS. WEAVER:  That would be good, your Honor.

9          THE COURT:  Let me take a look at my calendar real

10 quick.  What about -- I was going to propose March 23rd at

11 10:00 a.m. -- sorry, at 1:00 p.m.; is that too long from

12 now?  Should we do something sooner?

13         MR. LOESER:  If we could do something sooner, I

14 think that would be quite helpful if it works for your

15 calendar, your Honor.

16         THE COURT:  All right, let me take a look.

17 Possibly the -- it's hard -- the trial calendar is just

18 bonkers right now with all of these cases that have been

19 sitting waiting to go to trial.  But let me do this,

20 let's --

21         MR. LOESER:  Your Honor --

22         THE COURT:  Let's schedule something for the 23rd

23 at 1:00 o'clock, but if you believe a status conference is

24 necessary before then, get in touch with us and we'll find a

25 time, even if it has to be in the evening or early in the

21

1  morning, or something like that; okay?

2          MR. LOESER:  Thank you, your Honor.

3          MS. WEAVER:  Thank you, your Honor.

4          THE COURT:  Okay.  What else?  Anything else?

5      (No response.)

6          THE COURT:  All right.  Great.  So we'll see you

7  on the 23rd, if not before, and I look forward to seeing a

8  very positive progress report the next time I see you.

9          MR. LOESER:  Thank you, your Honor.

10          MS. WEAVER:  Thank you, your Honor.

11      (Proceedings adjourned at 5:01 p.m.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

22

<u>CERTIFICATE OF TRANSCRIBER</u>

1

2

3       I certify that the foregoing is a true and correct

4  transcript, to the best of my ability, of the above pages of

5  the official electronic sound recording provided to me by

6  the U.S. District Court, Northern District of California, of

7  the proceedings taken on the date and time previously stated

8  in the above matter.

9       I further certify that I am neither counsel for,

10  related to, nor employed by any of the parties to the action

11  in which this hearing was taken; and, further, that I am not

12  financially nor otherwise interested in the outcome of the

13  action.

14

15

16            Echo Reporting, Inc., Transcriber

17            Saturday, February 12, 2022

18

19

20

21

22

23

24

25

*Echo Reporting, Inc.*