UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS | MDL NO. 2843 <br><br> CASE NO. 3:18-MD-02843-VC-JSC <br><br> HON. VINCE CHHABRIA <br> HON. JACQUELINE SCOTT CORLEY <br> COURTROOM 4 – 17TH FLOOR <br> SPECIAL MASTER, DANIEL GARRIE, ESQ. <br><br> **ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FACEBOOK DESIGNATED AS PRIVILEGED** |

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FACEBOOK DESIGNATED AS PRIVILEGED**

# INTRODUCTION

1. Pending before the Special Master is Plaintiffs' Motion to Compel Documents Facebook Has Improperly Designated as Privileged.

# BACKGROUND

2. Plaintiffs' motion concerns 4,974 disputed entries on three privilege logs: (1) Facebook's Privilege Log, (2) Facebook's Categorical Privilege Log, and (3) Facebook's Categorical Privilege Log for Documents Produced by PwC. See Motion at 1.

3. The disputed entries fall into the following categories: (1) 4.974 documents containing excerpts of Facebook source code withheld by Facebook because they "are privileged trade secrets" (see Facebook's Letter Brief Regarding Source Code at 2); and (2) 129 documents containing communications between non-attorneys.[1]

4. With respect to the documents withheld on the basis of trade secret privilege, Plaintiffs assert that the documents are improperly withheld because (1) due to the stipulated protective order in place Facebook cannot show that discovery of the withheld source code might be harmful; and (2) even Facebook could make such a showing, the documents must be produced because "the information is relevant and necessary to the action." *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 617 (N.D. Cal. 2006); see also *Bridgestone/Firestone, Inc. v. Superior Ct.*, 7 Cal. App. 4th 1384, 1394 (1992).

5. Facebook stated that while it believes that Plaintiffs have not established sufficient basis to obtain access to the trade secret documents at issue, Facebook is willing to allow Plaintiffs to inspect the documents pursuant to an inspection protocol with suitable protections. See Facebook's Letter Brief Regarding Source Code at 1-2.

6. With respect to the 129 documents containing non-attorney communications, Plaintiffs

---

[1] At the request of the Special Master these 129 documents were provided to the Special Master for *in camera* review.

argue that the privilege designations are improper because the descriptions in Facebook's privilege log do not establish that the documents "discuss or transmit legal advice given by counsel" or concern an "intent to seek legal advice about a particular issue." See Motion at 3.

7. Facebook argues that each of the 129 documents is privileged because they meet one or more of the following criteria (1) discussing intent to seek legal advice; (2) assembling factual information to inform legal advice; or (3) discussing or conveying legal advice given by counsel. See Facebook's Letter Brief Regarding Non-Attorney Communications.

**FINDINGS**

8. Special Master Garrie finds that the trade secret related documents at issue are relevant and necessary to the action because they concern how Facebook disclosed users' information to third parties and whether such disclosure required consent. See, e.g., Motion Ex. 10 (email regarding whether third party HTC will need to request permission from Facebook users before getting access to their personal information).

9. Special Master Garrie finds that, due to the highly sensitive nature of Facebook's proprietary source code, an inspection protocol with suitable protections is an appropriate method to disclose the trade secret documents at issue. See, e.g., Radware, Ltd. v. A10 Networks, Inc., 2014 WL 1350230, at *3 (N.D. Cal. 2014); Digital Reg of Texas, LLC v. Adobe Sys. Inc., 2013 WL 3361241, at *6 (N.D. Cal. Jul. 3, 2013); Dealertrack, Inc. v. Huber, 2008 WL 11336793, at *4 (C.D. Cal. Jan. 23, 2008).

10. Special Master Garrie finds, after reviewing the 129 non-attorney communication documents, that all but the following documents were properly designated as privileged: FB-CA-MDL-01154191, FB-CA-MDL-01154392, FB-CA-MDL-01154593, FB-CA-MDL-01154794, FB-CA-MDL-01154995. See, e.g., United States v. ChevronTexaco Corp., 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002) (privilege based on intent to seek legal advice); AT&T Corp. v. Microsoft Corp., 2003 WL 21212614, at *3 (N.D. Cal. Apr. 18, 2003) (privilege for documents assembling factual information to inform legal advice); ChevronTexaco Corp., 241 F. Supp. 2d at 1077 (privilege for documents discussing or

ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FACEBOOK
DESIGNATED AS PRIVILEGED

conveying legal advice given by counsel). The redacted portions of these documents, which appear to be copies of the same document, were designated as privileged because they "assembl[e] factual information to inform legal advice." Facebooks' Letter Brief Regarding Non-Attorney Communications, Ex. C. However, the Special Master finds no indicia in the redacted or non-redacted portions of the documents to suggest that the information discussed therein was assembled for the purpose of obtaining legal advice from counsel.

## ORDER

11. The parties are to meet and confer regarding an inspection protocol for the trade secret documents at issue and submit a proposed joint protocol no later than March 9, 2022. The Special Master will hold a hearing on March 11, 2022 from 8:00 a.m. to 11:00 a.m. PT regarding the proposed protocol.

12. Facebook is to unredact the redacted portions of the following documents: FB-CA-MDL-01154191, FB-CA-MDL-01154392, FB-CA-MDL-01154593, FB-CA-MDL-01154794, FB-CA-MDL-01154995.

IT IS SO ORDERED.

March 3, 2022

Daniel Garrie
Discovery Special Master

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL DOCUMENTS FACEBOOK DESIGNATED AS PRIVILEGED**