Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*
*Additional counsel listed on signature page*

Orin Snyder (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035
osnyder@gibsondunn.com

Deborah Stein (SBN 224570)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel.: 213.229.7000
Fax: 213.229.7520
dstein@gibsondunn.com

*Attorneys for Defendant Facebook, Inc.*
*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**JOINT STIPULATION AND ORDER ESTABLISHING SOURCE CODE INSPECTION PROTOCOL**<br><br>Judge: Hon. Vince Chhabria<br>Hon. Jacqueline Scott Corley<br>Discovery Special Master Daniel Garrie, Esq. |

# STIPULATED SOURCE CODE INSPECTION PROTOCOL

Plaintiffs and Facebook, by and through undersigned counsel, respectfully submit this Stipulated Source Code Inspection Protocol ("Protocol").

1. PURPOSE AND SCOPE

   a. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to the following Source Code Inspection Protocol.

   b. The need for this Protocol arises out of the Special Master's March 3, 2022 "Order Regarding Plaintiffs' Motion to Compel Documents Facebook Designated as Privileged," which found that, "due to the highly sensitive nature of Facebook's proprietary source code, an inspection protocol with suitable protections is an appropriate method to disclose the trade secret documents at issue" and ordered Facebook to make the documents available for inspection.

   c. Facebook is willing to make available for inspection on the terms described in this Protocol the documents that are the subject of the Special Master's March 3, 2022 Order, namely, (1) documents Facebook has withheld in full as source code, as well as (2) documents produced containing source code redactions ("Source Code Documents"). Facebook may designate the Source Code Documents or other source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary, or trade secret source code.

   d. The Parties further agree that, in the event Facebook agrees or is ordered to make any other source code beyond the Source Code Documents available for inspection, or otherwise agrees or is ordered to allow inspection any other source code not contemplated by the Special Master's March 3, 2022 Order, the terms of this Protocol will govern such inspection unless Facebook notifies Plaintiffs in writing within three business days from any such order or agreement that it believes additional or different provisions or protections will be necessary for such inspection (or that such inspection must otherwise depart from the terms of this Protocol). In that event, the Parties will meet and confer on the terms of a supplemental or amended source code inspection protocol within two business days of the written notice. If the Parties cannot agree on the terms of a supplemental or amended source code

inspection protocol with respect to such additional source code, the disagreement shall be resolved in accordance with the Special Master's dispute resolution procedures. For avoidance of doubt, absent written notice from Facebook and the aforementioned meet and confer and dispute resolution procedures, the terms and provisions of this Protocol will govern review of any source code beyond the Source Code Documents, subject to Facebook's reservation of right to notify Plaintiffs in writing within three business days that additional provisions or protections will be necessary with respect to any such source code.

2. DEFINITIONS

  a. Unless defined herein, all terms shall have the same meaning and scope as defined in Section 2 of the Pretrial Order No. 10: Protective Order, ECF No. 122 (August 17, 2018) (hereinafter, the "Protective Order").

  b. Competitor: the term "Competitor" will have its ordinary meaning, which solely for purposes of this case based on the allegations in this case includes, but is not limited to, Google, Apple, Tencent, Amazon, Microsoft/LinkedIn, Pinterest, Twitter, Bytedance (including TikTok), Reddit, Tumblr, NextDoor, Quora, and Snap. Facebook has the right to update this list with additional competitors.

  c. Source Code Documents: the source code documents that are the subject of the Special Master's March 3, 2022 "Order Regarding Plaintiffs' Motion to Compel Documents Facebook Designated as Privileged"; namely, (1) documents Facebook has withheld in full as source code, as well as (2) documents Facebook has produced containing source code redactions.

  d. "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material: Facebook may designate a Source Code Document as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes sensitive "CONFIDENTIAL" Protected Material representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

  e. Source Code Computer: the computer on which Source Code Documents will be made

available for inspection, according to the parameters set forth in this Protocol. The Source Code Computer will not have Internet access or network access to other computers.

   f. <u>Source Code Review Room</u>: the room in which Source Code Documents will be made available for inspection, according to the parameters set forth in this Protocol. The Source Code Review Room will not have Internet access or network access to other computers.

 3. <u>SOURCE CODE INSPECTION PROTOCOL</u>

   a. "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material is subject to the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material and may only be shown to Outside Counsel of Record and Experts (as those terms are defined in the Protective Order). Experts (as defined by the Protective Order) of the Receiving Party whose inspection is reasonably necessary for this litigation must sign the "Acknowledgment and Agreement to be Bound" attached as Exhibit A to the Protective Order. *See also* ECF No. 122 at 7.2. Provided, however, that no one who is a current employee of a Facebook Competitor or who anticipates founding or joining a company that will be a Facebook Competitor during the pendency of this litigation is permitted to inspect the Source Code Documents.

   b. Facebook will make the Source Code Documents available for inspection by the persons authorized to inspect it under section 3.a in searchable PDF format on the Source Code Computer, during normal business hours (9:00 a.m. to 5 p.m. local time) or at other mutually agreed times, at any Gibson Dunn & Crutcher LLP domestic office or other mutually agreed upon location, on a mutually agreeable date. For avoidance of doubt, redactions made for reasons other than trade secret/source code (e.g. attorney-client privilege or attorney work product) will remain on the Source Code Documents for review.

   c. The Source Code Documents will be made available for inspection on a Source Code Computer in a Source Code Review Room, and Plaintiffs shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.

   d. Facebook may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

e. No recordable media or recordable devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

f. Plaintiffs may request paper copies of limited portions of the Source Code Documents (identifying pages by specific Bates numbers) that are reasonably necessary to the preparation of filings, pleadings, expert reports, other papers, or for use as an exhibit at deposition or trial. Under no circumstances will a Receiving Party be provided paper copies for the purposes of reviewing the Source Code Documents, as review of Source Code Documents is only permitted electronically as set forth in this section 3. In no case will Plaintiffs receive more than 20 consecutive pages or an aggregate of more than 200 pages of source code during the duration of the case without prior written approval of Facebook, which approval will not be unreasonably withheld.  Plaintiffs will save PDF copies of the Source Code Documents Plaintiffs are requesting in a folder on the desktop named "Print Requests" with a subfolder identifying the date of the request. The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date. The request for printed source code must be served via an email request identifying the subfolders of the "Print Requests" folder that Plaintiffs are requesting. Within five (5) business days of such request, Facebook will provide one copy of all such Source Code Documents on non-copyable paper including Bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." If the request is served after 5:00pm Pacific Time, it will be deemed served the following business day.  Plaintiffs may challenge the amount of Source Code Documents to be provided in hard copy form under the Special Master's dispute resolution procedures.

g. Plaintiffs shall maintain a log of all paper copies of the source code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images, or make electronic copies, of the source code from any paper copy of the source code for use in any manner (including by way of example only, the Receiving Party may not scan the source code to a PDF or photograph it), and shall not convert any of the information contained in the paper copies

into any electronic format. Images or copies of source code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from court filings (but may be attached as exhibits to court filings as long as the exhibits are filed under seal).  The Receiving Party shall only request additional paper copies if such additional copies are (1) necessary to attach as sealed exhibits to court filings or to a testifying Expert's expert report, (2) necessary for deposition, or (3) necessary for trial.  The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. To the extent a deposition is likely to involve source code, the Party taking the deposition shall provide at least seven (7) days written notice of that fact, and the Producing Party will make a source code computer available at the deposition, minimizing the need for additional paper copies of source code.  The Producing Party is not required to create a new Source Code Computer for the purpose of depositions. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

   h. The Producing Party shall install on the Source Code Computer tools that are sufficient for viewing the code produced.  The Receiving Party's Outside Counsel and/or experts/consultants may request that commercially available software tools for viewing and searching source code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the source code consistent with all of the protections herein. The Producing Party shall approve reasonable requests for additional commercially available software tools. The Receiving Party must provide the Producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least six business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the Receiving Party.  By way of example, the Producing Party will not compile or debug software for

installation.

   i. The Receiving Party's Outside Counsel and/or experts/consultants shall be entitled to take hand-written notes relating to the Source Code Documents but may not copy the source code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

   j. The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code Document must maintain and store any paper copies of the Source Code Document at their offices in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the Source Code Document in a locked room or locked cabinet at all times when it is not being reviewed. Absent good cause shown, no more than a total of five (5) persons identified by the Receiving Party, excluding Outside Counsel, shall have access to the Source Code Documents.

IT IS SO STIPULATED.

Dated: March 14, 2022

| KELLER ROHRBACK L.L.P. | BLEICHMAR FONTI & AULD LLP |
|---|---|
| By: */s/ Derek W. Loeser*<br>   Derek W. Loeser | By: */s/ Lesley E. Weaver*<br>   Lesley E. Weaver |
| Derek W. Loeser (admitted *pro hac vice*)<br>Cari Campen Laufenberg (admitted *pro hac vice*)<br>David J. Ko (admitted *pro hac vice*)<br>Benjamin Gould (SBN 250630)<br>Adele Daniel (admitted *pro hac vice*)<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel.: (206) 623-1900<br>Fax: (206) 623-3384<br>dloeser@kellerrohrback.com<br>claufenberg@kellerrohrback.com<br>dko@kellerrohrback.com<br>bgould@kellerrohrback.com<br>adaniel@kellerrohrback.com | Lesley E. Weaver (SBN 191305)<br>Anne K. Davis (SBN 267909)<br>Matthew S. Melamed (SBN 260272)<br>Angelica M. Ornelas (SBN 285929)<br>Joshua D. Samra (SBN 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>adavis@bfalaw.com<br>mmelamed@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com |

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496

| | |
|---|---|
| 1 | Fax: (805) 456-1497 |
| 2 | cspringer@kellerrohrback.com |
| 3 | *Plaintiffs' Co-Lead Counsel* |
| 4 | GIBSON, DUNN, & CRUTCHER LLP |
| 5 | By: */s/ Orin Snyder* |
| | Orin Snyder (*pro hac vice*) |
| 6 | osnyder@gibsondunn.com |
| | GIBSON, DUNN & CRUTCHER LLP |
| 7 | 200 Park Avenue |
| | New York, NY 10166-0193 |
| 8 | Telephone: 212.351.4000 |
| | Facsimile: 212.351.4035 |
| 9 | |
| 10 | Deborah Stein (SBN 224570) |
| | dstein@gibsondunn.com |
| 11 | 333 South Grand Avenue |
| | Los Angeles, CA 90071-3197 |
| 12 | Telephone: 213.229.7000 |
| | Facsimile: 213.229.7520 |
| 13 | Joshua S. Lipshutz (SBN 242557) |
| | jlipshutz@gibsondunn.com |
| 14 | GIBSON, DUNN & CRUTCHER LLP |
| | 1050 Connecticut Avenue, N.W. |
| 15 | Washington, DC 20036-5306 |
| | Telephone: 202.955.8500 |
| 16 | Facsimile: 202.467.0539 |
| 17 | Kristin A. Linsley (SBN 154148) |
| | klinsley@gibsondunn.com |
| 18 | Martie Kutscher (SBN 302650) |
| | mkutscherclark@gibsondunn.com |
| 19 | GIBSON, DUNN & CRUTCHER LLP |
| | 555 Mission Street, Suite 3000 |
| 20 | San Francisco, CA 94105-0921 |
| | Telephone: 415.393.8200 |
| 21 | Facsimile: 415.393.8306 |
| 22 | *Attorneys for Defendant Facebook, Inc.* |

**ORDER**

Pursuant to stipulation, IT IS SO ORDERED.

DATED: March 17, 2022

Daniel Garrie
Discovery Special Master