GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Rosemarie T. Ring (SBN 220769)
  rring@gibsondunn.com
Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Statement In Support Of Plaintiffs' Administrative Motion To Consider Whether Another Party's Material Should Be Sealed (Dkt. 873). Facebook's proposed redactions are limited to (i) seventeen exhibits that are copies of documents the Court has sealed previously, (ii) limited portions of four exhibits containing confidential information the Court has sealed previously in other filings, and (iii) two highly confidential investigative reports from Facebook's App Developer Investigation ("ADI") that were prepared at the direction of counsel and produced under compulsion. Public disclosure of Facebook's investigative reports would publicly reveal highly confidential information from Facebook's legal investigation; reveal highly sensitive information regarding non-parties; allow Facebook's competitors to copy ADI's proprietary methods; and potentially compromise Facebook's security enforcement. There is good cause to permanently seal this information.

**I.    Background**

On March 11, 2022, Plaintiffs filed an Administrative Motion To Consider Whether Another Party's Material Should Be Sealed, attaching to it Plaintiffs' Notice of Motion, Motion, and Memorandum in Support of Motion for Sanctions and 68 exhibits in support of the Motion. Dkts. 873–76. On March 14, 2022, Plaintiffs filed a Corrected Notice of Motion, Motion, and Memorandum in Support of Motion for Sanctions (the "Motion"). Dkt. 879. On March 21, 2022, the Court granted Facebook until April 1, 2022 to submit a statement and declaration in support of sealing materials contained in Plaintiffs' Motion and attached exhibits. Dkt. 890. Facebook now submits this Statement in Support of Sealing limited portions of the Motion and exhibits.

**II.    The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits**

Courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Doe v. Walmart, Inc.*, 2019 WL 636362 at *1–2 (N.D. Cal. Feb. 11, 2019). Here, the Motion and exhibits are related to the discovery record, not the merits of this action, so

1

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

the good cause standard applies.

## III. There Is Good Cause To Seal Facebook's Proposed Redactions

Facebook asks the Court to permanently seal (i) seventeen exhibits that are versions of documents the Court has sealed previously, (ii) limited portions of four exhibits containing confidential information the Court has sealed previously in other filings, and (iii) two highly confidential investigative reports prepared by Facebook's consulting experts at the direction of counsel, which Facebook produced to Plaintiffs under compulsion over its assertions of attorney-client privilege and work product protection.

***Documents the Court has sealed previously.*** Facebook asks the Court to seal entirely or seal limited portions of the following documents, which contain the same redactions the Court approved previously when these documents were filed on the public docket:

1. Pls.' Ex. 16 (filed with redactions at Dkt. 804-3 at 0395, granted at Dkt. 838);
2. Pls.' Ex. 17 (filed with redactions at Dkt. 804-3 at 1015, granted at Dkt. 838);
3. Pls.' Ex. 18 (filed with redactions at Dkts. 761-3 at 1–14, 804-3 at 1009–13, granted at Dkts. 764, 838);
4. Pls.' Ex. 19 (filed with redactions at Dkt. 820-3, granted at Dkt. 839);
5. Pls.' Ex. 25 (filed with redactions at Dkt. 804-3 at 0006, granted at Dkt. 838);
6. Pls.' Ex. 26 (filed with redactions at Dkt. 778-5, granted at Dkt. 837);
7. Pls.' Ex. 31 (filed with redactions at Dkt. 813-1 at 3426, granted at Dkt. 844);
8. Pls.' Ex. 32 (duplicate of Pls.' Ex. 33 at 139, filed with redactions at Dkt. 813-1 at 3553, granted at Dkt. 844);
9. Pls.' Ex. 33 (filed with redactions at Dkts. 813-1 at 3648–4056, 814 at 4057–4483, granted at Dkt. 844);[1]

---

[1] Plaintiffs' Exhibits 33 and 51 contain a document that was leaked in violation of the protective order filed in *Six4Three LLC v. Facebook, Inc.*, No. CIV533328 (San Mateo Cnty. Sup. Ct.). *See* Pls.' Ex. 33 at 121; Pls.' Ex. 51 at 82; Dkt. 526-3. The Court has previously ordered that Plaintiffs "should not use any documents that were stolen in [Six4Three]" in this litigation, June 23, 2021 Hr'g Tr. 9:22–23. Since the Court issued that instruction, Plaintiffs

2

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

10. Pls.' Ex. 34 (filed with redactions at Dkt. 813-1 at 3632, granted at Dkt. 844);

11. Pls.' Ex. 51 (filed with redactions at Dkt. 803-3 at 253, granted at Dkt. 843);

12. Pls.' Ex. 60 (filed with redactions at Dkt. 813-1 at 3549, granted at Dkt. 844);

13. Pls.' Ex. 61 (filed with Facebook's requested redaction at Dkt. 813 at 2652, granted at Dkt. 844);

14. Pls.' Ex. 63 (duplicate of Pls.' Ex. 33 at 713, redacted entirely at Dkt. 814 at 4359, granted at Dkt. 844);

15. Pls.' Ex. 64 (duplicate of Pls.' Ex. 33 at 721, filed with redactions at Dkt. 814 at 4368, granted at Dkt. 844);

16. Pls.' Ex. 65 (duplicate of Pls.' Ex. 33 at 696, redacted entirely at Dkt. 814 at 4343, granted at Dkt. 844);

17. Pls.' Ex. 66 (redacted entirely at Dkt. 804-3 at 0476, granted at Dkt. 838).

***Confidential information the Court has sealed previously.*** Facebook asks the Court to seal limited portions of the following documents, which contain confidential information that the Court has found good cause to seal previously in other documents:

1. The identities of consulting experts retained by Gibson Dunn to provide professional services related to ADI. Pls.' Ex. 1 at 32–33; Pls.' Ex. 23 at 2; Pls.' Ex. 27 at 1–2; Pls.' Ex. 55 at 11. The Court has previously found good cause to seal this confidential and commercially sensitive information. Dkts. 737, 764, 836, 837, 838, 839, 891.

2. The identities of apps and developers investigated during ADI. Pls.' Ex. 1 at 33, 38. The apps and developers listed in Plaintiffs' Exhibit 1 are the same apps and developers included in the parties' sampling exercise for ADI-related documents. Dkt. 513-1 (under seal). The Special Master ordered Facebook to produce *in camera* the documents reviewed under this protocol, Dkt. 775-2 ¶ 16, and the identities of these apps and developers have not been publicly

---

have used the leaked document in this litigation twice, attaching it once to a brief they filed before the Special Master, *see* Dkt. 814-1 at 4433–4438 (Ex. 18 to the Oct. 18, 2021 Declaration of Derek Loeser), and again within exhibits to their sanctions motion.

disclosed.  This information is not only confidential to Facebook but also to third parties.  Southwell Decl. ¶ 55.  The Court has found good cause to seal previously the names of these apps and developers.  *See* Dkt. 514-3 (names of same apps and developers filed under seal); Dkts. 519, 838 (sealing such information).

       3.    The identity of a consultant retained to provide strategic business advice.  Pls.' Ex. 55 at 11.  Courts regularly seal information that reveals confidential business relationships.  *In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at *26 (N.D. Cal. Aug. 9, 2015); *Obesity Rsch. Inst., LLC*, 2018 WL 3642177, at *6.  The Court has previously found good cause to seal the identity of this consultant.  Dkts. 768 at 2–3, 768-2 ¶ 7 (seeking to seal identity of this consultant); Dkt. 771 (sealing identity of this consultant).

***Highly confidential investigative reports generated by Facebook's consulting experts.***  There is good cause to seal in their entirety highly confidential investigative reports that were prepared by Facebook's consulting experts at the direction of counsel and to assist counsel in providing Facebook with legal advice as part of ADI, as well as to redact limited portions of the Motion that quote these reports.  Pls.' Mot. at 13; Pls.' Exs. 67, 68.  Facebook continues to assert that these reports are attorney-client privileged and has produced them to Plaintiffs only under compulsion.  The Court has consistently sealed in full investigative reports generated during ADI, as well as excerpts of those reports.  Dkts. 837, 838 (sealing in full investigative reports contained in Dkts. 788 and 804); Dkt. 839 (sealing excerpts of investigative reports referenced in Dkt. 820).  As explained in the declaration of Alexander H. Southwell and Facebook's previous filings, Dkts. 788 at 3–5, 804 at 3–5, 820 at 3–5, if disclosed, these reports and excerpts would harm Facebook and third parties for the same reasons that supported sealing similar reports and excerpts prepared by Facebook's consultants at the direction of counsel in connection with ADI.

First, the investigative reports were intended to identify potential concerns about third-parties for counsel to investigate.  Disclosure of any portion of these reports would reveal confidential and highly sensitive information about third parties.  Southwell Decl. ¶¶ 56, 58, 61.

4
FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

The reports should be sealed to protect the rights of non-parties and for the same reasons the Court has sealed the identities of the apps and developers that Facebook investigated during ADI.

Second, if publicly disclosed, the information in Facebook's highly confidential investigative reports and Plaintiffs' excerpts of those reports could pose security risks to Facebook and its users by revealing ADI's methods, information Facebook considered worthy of investigation, and capabilities of Facebook's investigative team. Southwell Decl. ¶¶ 56, 59, 62. This information could provide bad actors with a roadmap to evade investigative and enforcement mechanisms Facebook has enacted to detect and disrupt abuse of its platform. *Id.* ¶ 62.

Third, disclosure of the reports would publicly reveal commercially sensitive information regarding Facebook's technical infrastructure and operations. Southwell Decl. ¶ 63. The Court has previously sealed information regarding how Facebook stores and processes user data, and it should do so here, too. *See* Dkt. 767 at 4 (seeking to seal such information); Dkt. 770 (order sealing such information).

Fourth, disclosure of any portion of the highly confidential investigative reports would reveal confidential information about the Investigation's innovative and proprietary design, structure, techniques, and strategies. Southwell Decl. ¶¶ 48, 51, 53, 55, 57, 64. Publicly disclosing this information would allow Facebook's competitors to copy ADI's methods and techniques and use Facebook's investment and experience to gain an unfair competitive advantage. *Id.* ¶ 64.

## IV.  The Limited Proposed Redactions Are Narrowly Tailored

Facebook's proposed redactions are narrowly tailored because they are confined to information the Court has previously found good cause to seal or only that information necessary to prevent competitive harm to Facebook or compromise Facebook's privacy and security enforcement efforts. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (sealing material that was "narrowly tailored to protect . . . proprietary information").

For these reasons, Facebook respectfully requests that the Court permanently seal the confidential information contained Plaintiffs' Motion and attached exhibits.

5

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

Dated: April 1, 2022          **GIBSON, DUNN & CRUTCHER, LLP**

By:   */s/ Russell H. Falconer*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Rosemarie T. Ring (SBN 220769)
rring@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Russell H. Falconer (*pro hac vice*)
rfalconer@gibsondunn.com
2100 McKinney Ave., Suite 1100
Dallas, TX 75201
Telephone: 214.698.3170
Facsimile: 214.571.2958

*Attorneys for Defendant Facebook, Inc.*