# FACEBOOK EXHIBIT AE

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC |
| This document relates to:<br><br>ALL ACTIONS | **NAMED PLAINTIFFS' AMENDED INITIAL DISCLOSURES** |

Named Plaintiffs Steven Akins, Jason Ariciu, Rev. Anthony Bell, Bridgett Burk, Terry Fischer, Tyler King, Jordan O'Hara, and Cheryl Senko, by and through Co-Lead Counsel for Plaintiffs and the Proposed Class, make the following amended initial disclosures pursuant to Federal Rule of Civil Procedure ("Rule") 26(a)(1).[1]

## GENERAL LIMITATIONS AND EXCEPTIONS

The initial disclosures are made upon a good faith review of information reasonably available to Plaintiffs at this time. Plaintiffs reserve the right to modify, amend, or otherwise supplement these disclosures, pursuant to Rule 26(e), as additional information becomes available through formal and informal discovery and investigation. Additionally, Plaintiffs make these disclosures without waiver of attorney-client privilege, work product doctrine, or other applicable privilege or doctrine, and reserve the right to object to production and/or introduction into evidence any document within the categories described herein on the basis of privilege, relevance, materiality, confidence, or otherwise appropriate.

## I.  INITIAL DISCLOSURES

Subject to the foregoing reservations and exceptions, and without waiver thereof, Plaintiffs respond to the initial disclosure items under Rule 26(a)(1) as follows:

**A.  The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

**RESPONSE:**

Based on the information currently available to Plaintiffs, each of the individuals, facilities, or entities below is likely to have discoverable information that Plaintiffs may use to support their claims, along with the subject of such information.

**Named Plaintiffs**. The individuals listed below are represented by Plaintiffs' counsel and should be contacted only through Co-Lead Counsel:

---

[1] Plaintiffs have notified Facebook that Samuel Armstrong seeks to withdraw as a Named Plaintiff. Plaintiffs have provided a draft stipulation to Facebook reflecting his intent.

- Steven Akins (thaturmoil@gmail.com; steven.t.akins.3@facebook.com; stevenakins@hotmail.com)

- Jason Ariciu (jariciu@gmail.com; jariciu@att.net; jasedwa@facebook.com)

- Rev. Anthony Bell (whfcmembers@verizon.net; newbellbackup@gmail.com)

- Bridgett Burk (missourichick@gmail.com; deletedsoul@gmail.com; bridgettbarnhill@gmail.com; bjbucf@gmail.com)

- Terry Fischer (tlfischer975@yahoo.com)

- Tyler King (damendesigns@aol.com; contact.tylerking@gmail.com)

- Jordan O'Hara (zapj080@aa.edu; ohara@uoregon.edu; jordan.ohara11@gmail.com; cavalierofcarnage@gmail.com; jordan.ohara.92@facebook.com)

- Cheryl Senko (cherylsenko@att.net; cheryl@mayfieldcollisioncenter.com; cheryl.senko@facebook.com)

These individuals likely will have information regarding the content and information they provided to Facebook; regarding their communications, including but not limited to correspondence, with Facebook; and/or regarding injury they incurred as a result of Defendants' failure to properly protect Facebook users' content and information from misuse or unauthorized access.

**Current and former Facebook officers, directors, and employees.** Plaintiffs anticipate that current and former agents of Defendant Facebook will have discoverable information to the extent they have knowledge regarding Facebook's relationships with business partners and apps, including the identity of these third parties, what content and information these third parties accessed, whose content and information was accessed, how that content and information was used, and whether Facebook had notice of its use; Facebook's security practices, including what actions Facebook took or omitted to control how third parties accessed and used users' content and information; the monetary gain Facebook accrued from the access it allowed third parties;

and relevant data-misuse or data-compromise events affecting Facebook. The list of such individuals presently known to Plaintiffs includes:

- John Anderson;
- Paul André;
- Ime Archibong;
- Liza Bales;
- Shanquan "Luke" Bao;
- James Barnes;
- Arturo Bejar;
- Mary Berk;
- Monika Bickert;
- Andrew "Boz" Bosworth;
- Michael Buckley;
- Joseph Chancellor;
- Jackie Chang;
- Luke Conlan;
- Laura Covington;
- Chris Cox;
- Simon Cross;
- Amanda Earhart;
- Erin Egan;
- Steven Elia;
- Vladimir Fedorov;
- Pete Fleming;
- Annie Franco;
- Debbie Frost;
- William "Bill" Fusz;

- Jeremy Galen;
- Antonio Garcia-Martinez;
- David Ginsberg;
- Chad Greene;
- Katie Harbath;
- Allison Hendrix;
- Mustafa Kahn;
- Lauri Kanerva;
- Peter Kang;
- Aldo King;
- Anne Kornblut;
- Yul Kwon;
- Amy Lee;
- George Lee;
- Kristin Lee;
- Anne-Marie Lentini;
- Sam Lessin;
- Anne Lewis;
- Daniel Li;
- Ana Liu;
- Deborah Liu;
- Grace Molnar;
- William Nevius;
- Javier Olivan;
- Edward "Eddie" O'Neil;
- Justin Osofsky;
- Chamath Palihapitiya;

- Edward Palmieri;
- Maya Pan;
- Konstantinos Papamiltiadis;
- Sandy Parakilas;
- Kian Park;
- Eva Press;
- Shyam Rajaram;
- Michael Richter;
- Ryan Ritter;
- Dan Rose;
- Ken Rudin;
- Shirine Sajjadi;
- Sheryl Sandberg;
- Amit Sangani;
- Audrey Savins;
- Matt Scutari;
- Rob Sherman;
- Eduardo Silva;
- Ellen Silver;
- Carl Sjogreen;
- Matt Steinfeld;
- Margaret Gould Stewart;
- Andy Stone;
- Jenny Streets;
- Katherine Tomko;
- Matt Trainer;
- Ly Tran;

- Francisco Varela;

- Michael Vernal;

- Simon Walker;

- Jack Yang;

- Eugene Zarashaw (f/k/a Eugene Zarakhovsky);

- Julie Zhuo;

- Mark Zuckerberg.

**Non-Parties**. Plaintiffs anticipate that current and former employees of companies with whom Facebook partners, including data brokers, data aggregators, advertisers and app developers may have discoverable information to the extent they have knowledge regarding Facebook's relationships with them, including the identity of these third parties, what content and information these third parties accessed, whose content and information was accessed, how that content and information was used, and whether Facebook had notice of its use; Facebook's security practices, including what actions Facebook took or omitted to control how third parties accessed and used users' content and information; the monetary gain Facebook accrued from the access it allowed third parties. The list of such entities presently known to Plaintiffs includes:

- 3DNA Corp. (d/b/a NationBuilder);

- Accenture LLP;

- Acxiom LLC;

- Advance Magazine Publishers Inc.;

- Adways Interactive, Inc.;

- Apple, Inc.;

- Argus Information and Advisory Service, LLC;

- Azumio, Inc.;

- Bumble Trading Inc.;

- Censia Inc.;

- Coffee Meets Bagel, Inc.;

- ComScore, Inc.;
- CubeYou, Inc.;
- Data Axle Inc.;
- Digital Stakeout Inc.;
- DNP Imagingcomm America;
- DT Client Services (d/b/a Data Trust);
- Epsilon Data Management, LLC;
- Equifax Inc.;
- Experian Information Solutions, Inc.;
- FitNow, Inc.;
- Flo Health, Inc.;
- FullContact, Inc.;
- Infostar LLC;
- LiveRamp Holdings, Inc.;
- Move, Inc. (d/b/a Move Holdings);
- Netflix, Inc.;
- Oracle Corporation;
- Six4Three LLC;
- Spotify USA Inc.;
- Steven Levy;
- TransUnion LLC;
- United Parcel Service, Inc.;
- Verisk Analytics Inc.;
- Verv Inc.;
- Walgreens Company;
- Warner Bros. Entertainment Inc.;
- X1 Discovery, Inc.;

- Yahoo!, Inc.;

- Zillow Inc.;

- Zoosk, Inc.;

- Zynga, Inc.

- The list of "100,746 apps that Facebook has suspended as of December 23, 2019 as part of its investigation in the wake of the announcement regarding Cambridge Analytica's potential misuse of Facebook user data in violation of Facebook's policies." FB-CA-MDL-01792948.

Government and other regulatory agencies, and their current and former employees, may have discoverable information to the extent they have knowledge regarding Facebook's relationships with business partners and apps, including the identity of these third parties, what content and information these third parties accessed, whose content and information was accessed, how that content and information was used, and whether Facebook had notice of its use; Facebook's security practices, including what actions Facebook took or omitted to control how third parties accessed and used users' content and information; the monetary gain Facebook accrued from the access it allowed third parties; and relevant data-misuse or data-compromise events affecting Facebook. The list of such entities presently known to Plaintiffs includes:

- Attorney General for the State of Alabama;

- Attorney General for American Samoa;

- Attorney General for State of California;

- Attorney General for State of Colorado;

- Attorney General for State of Connecticut;

- Attorney General for State of Delaware;

- Attorney General for the District of Columbia;

- Attorney General for Guam;

- Attorney General for the State of Hawaii;

- Attorney General for the State of Idaho;

- Attorneys General for the State of Illinois;
- Attorney General for the State of Iowa;
- Attorney General for the State of Kansas;
- Attorney General for the Commonwealth of Kentucky;
- Attorney General for the State of Maine;
- Attorney General for the State of Maryland;
- Attorney General for the Commonwealth of Massachusetts;
- Attorney General for the State of Michigan;
- Attorney General for the State of Minnesota;
- Attorney General for the State of Mississippi;
- Attorney General for the State of Missouri;
- Attorney General for the State of New Hampshire;
- Attorney General for the State of New Jersey;
- Attorney General for the State of New Mexico;
- Attorney General for the State of New York;
- Attorney General for the State of North Carolina;
- Attorney General for the State of North Dakota;
- Attorney General for the State of Ohio;
- Attorney General for the State of Oregon;
- Attorney General for the Commonwealth of Pennsylvania;
- Attorney General for the State of Rhode Island;
- Attorney General for the State of South Dakota;
- Attorney General for the State of Tennessee;
- Attorney General for the State of Vermont;
- Attorney General for the Commonwealth of Virginia;
- Attorney General for the State of Washington;
- United States Congress;

- United States Federal Trade Commission;
- United States Securities and Exchange Commission.

Firms and individuals that provide services to Facebook and/or its executives or other employees, evaluate, investigate, and/or audit Facebook's business and practices, and/or provide advice to Facebook, its officers, directors, or employees, whether by formal engagement or informally, may have discoverable information to the extent they have knowledge regarding Facebook's relationships with business partners and apps, including the identity of these third parties, what content and information these third parties accessed, whose content and information was accessed, how that content and information was used, and whether Facebook had notice of its use; Facebook's security practices, including what actions Facebook took or omitted to control how third parties accessed and used users' content and information; the monetary gain Facebook accrued from the access it allowed third parties; and relevant data-misuse or data-compromise events affecting Facebook. The list of such entities and individuals presently known to Plaintiffs includes:

- Ernst & Young LLP;
- ███████████
- ███████████
- PricewaterhouseCoopers LLP;
- Protiviti, Inc.;
- RiskIQ, Inc.;
- ███████████
- Target Systems Development Inc.

**Non-prioritized Defendants and unnamed Defendant and Non-Defendant co-conspirators**. Plaintiffs anticipate that the following non-prioritized Defendants may have discoverable information:

- Stephen Kevin Bannon | 840 N. Lexington St., Arlington, VA 22205

- Aleksandr Kogan (a/k/a Aleksandr Spectre) | 1285 Main St. Apt. # 312, Buffalo, NY 14209

Plaintiffs anticipate that current and former employees of the following unnamed Defendant and Non-Defendant Co-Conspirators are likely to have discoverable information:

- Cambridge Analytica LLC;
- Cambridge Analytica Commercial LLC;
- Cambridge Analytica Holdings LLC;
- Cambridge Analytica Limited;
- Cambridge Analytica (UK) Limited;
- Cambridge Analytica Political LLC;
- SCL Elections Limited;
- SCL Group Limited;
- SCL USA Inc.;
- Global Science Research Limited.

**B.     A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

**RESPONSE:**

Based on the information currently available to Plaintiffs, Plaintiffs may use the following documents currently in their possession, custody, or control to support their claims:

1. Documents relating to the misuse of users' data and information relating to ThisIsYourDigitalLife ("TIYDL") and any other business partner and/or app developer;

2. Documents regarding Facebook's policies and procedures during the proposed Class Period; and

3. Documents regarding damages suffered by Plaintiffs and the proposed Class, including but not limited to actual or attempted identity theft, credit monitoring, related out-of-pocket costs, fraud reports, police reports, and correspondence regarding the same, as well as documents regarding Plaintiffs' efforts to mitigate, prevent, and address their damages.

4. Documents and other information produced by Facebook in response to discovery served in this case.

5. Documents and other information produced by third parties in response to discovery served in this case.

6. Publicly available documents and information that concern the allegations, claims, or defenses at issue in this action, including but not limited to testimony provided by representatives, employees, former employees, or others associated with Facebook; documents produced in other litigation and investigations, including but not limited to the investigation conducted by the U.K. Department for Digital, Culture, Media and Sport, that have been made publicly available; and other relevant publicly-available documents.

To the extent such documents are not equally available to or are not already in the custody of Defendants, Plaintiffs have begun producing these documents on a rolling basis pursuant to the Protective Order entered in this action.

Plaintiffs expect that the majority of the documents supporting their claims are in the possession, custody, or control of Defendants.

**C.** **A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

**RESPONSE:**

The calculation of damages will involve analysis, including expert analysis, following Defendants' production of documents bearing on such issues. Expert disclosures are governed by Rule 26 and damage computations will be exchanged pursuant to the Federal Rules and the case management order setting forth disclosure deadlines, Dkt. No. 706. Further, discovery is ongoing. Plaintiffs have propounded discovery relating to the value and revenue impact of Facebook's use of Plaintiffs' content, information and data, including inferred, derived and embedded data, and the parties are negotiating its production. Plaintiffs expressly reserve their right to amend these responses based on Facebook's production.

Plaintiffs seek damages and restitution pursuant to their prioritized, live claims in this action. Those claims include breach of contract and unjust enrichment, negligence, three privacy causes of action arising under California law, the Video Privacy Protection Act, and the Stored Communications Act. Pursuant to these causes of action, Plaintiffs seek the following categories of damages:

- Unjust enrichment damages and/or disgorgement of Facebook's excess profits taken by Facebook from third parties as a result of Facebook's unlawful, undisclosed and unconsented use of users' private data, content and information, associated with the unlawful, unconsented use by Facebook of Plaintiffs' data, information and/or content in a manner beyond the scope of Plaintiffs' consent, including but not limited to the value of the data, information and/or content and any diminution in the use of that data, information and/or content as a result of Facebook's unlawful, unconsented to conduct, including but not limited to a failure to protect users' data.

- Compensatory damages associated with the unlawful, unconsented use by Facebook of Plaintiffs' data, information and/or content in a manner beyond the scope of Plaintiffs' consent, including but not limited the value of the data, information and/or content and any diminution in the use of that data, information and/or content as a result of Facebook's unlawful, unconsented to conduct, including but not limited to a failure to protect users' data. In this case, compensatory damages are neither an adequate nor a complete remedy.

- Nominal damages associated with Plaintiffs' claims, including Plaintiffs' contract and negligence claims.

- Punitive damages arising out of Facebook's gross misconduct, including but not limited to claims for negligence and Plaintiffs' privacy claims.

- Statutory damages arising out of Plaintiffs' claims under the VPPA and SCA.

**D.     For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

**RESPONSE:**

Not applicable to Plaintiffs.

| | |
|---|---|
| Dated: January 14, 2022 | Respectfully submitted, |

| | |
|---|---|
| KELLER ROHRBACK L.L.P. | BLEICHMAR FONTI & AULD LLP |
| By:  */s/ Derek W. Loeser*          Derek W. Loeser | By:  */s/ Lesley E. Weaver*          Lesley E. Weaver |
| Derek W. Loeser (admitted *pro hac vice*)<br>Cari Campen Laufenberg (admitted *pro hac vice*)<br>David Ko (admitted *pro hac vice*)<br>Benjamin Gould (SBN 250630)<br>Adele A. Daniel (admitted *pro hac vice*)<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel.: (206) 623-1900<br>Fax: (206) 623-3384<br>dloeser@kellerrohrback.com<br>claufenberg@kellerrohrback.com<br>dko@kellerrohrback.com<br>bgould@kellerrohrback.com<br>adaniel@kellerrohrback.com | Lesley E. Weaver (SBN 191305)<br>Anne K. Davis (SBN 267909)<br>Matthew S. Melamed (SBN 260272)<br>Angelica Ornelas (SBN 285929)<br>Joshua D. Samra (SBN 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>adavis@bfalaw.com<br>mmelamed@bfalaw.com<br>jsamra@bfalaw.com |

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC |
| This document relates to:<br><br>ALL ACTIONS | **CERTIFICATE OF SERVICE** |

I hereby certify that I have served a true and correct copy of:

- **NAMED PLAINTIFFS' AMENDED INITIAL DISCLOSURES**

via Email on this 14th day of January 2022, to the person(s) set forth below

Joshua Seth Lipshutz
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Ave, N.W.
Washington, D.C. 20036-5306
jlipshutz@gibsondunn.com

Kristin A. Linsley
Brian Michael Lutz
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Suite 3000
San Francisco, CA 94105
KLinsley@gibsondunn.com
BLutz@gibsondunn.com

Martie Kutscher-Clark
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA 94304
MKutscherClark@gibsondunn.com

Russell Falconer
Matt Buongiorno
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas TX, 75201
rfalconer@gibsondunn.com
mbuongiorno@gibsondunn.com

Colin B. Davis
**GIBSON, DUNN & CRUTCHER LLP**
3161 Michelson Drive
Irvine, CA 92612-4412
cdavis@gibsondunn.com

Deborah Stein
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
dstein@gibsondunn.com

Orin Snyder
Laura Mumm
Kelly E. Herbert
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
osnyder@gibsondunn.com
lmumm@gibsondunn.com
kherbert@gibsondunn.com

I declare under the penalty of perjury pursuant to the laws of the United States of America that the forgoing is true and correct.

Executed at Oakland, California, on January 14, 2022.

                                       _/s/ Julie Law_
                                       Julie Law