GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
   osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Rosemarie T. Ring (SBN 220769)
   rring@gibsondunn.com
Kristin A. Linsley (SBN 154148)
   klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
   mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
   dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
   jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN EXHIBITS IN SUPPORT OF OPPOSITION OF FACEBOOK, INC., GIBSON, DUNN & CRUTCHER LLP, AND ORIN SNYDER TO PLAINTIFFS' MOTION FOR SANCTIONS** |

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Administrative Motion To File Under Seal Certain Exhibits In Support of the Opposition of Facebook, Gibson, Dunn & Crutcher, LLP, and Orin Snyder to Plaintiffs' Motion For Sanctions (the "Opposition"). Facebook moves to seal redactions comprising the following limited categories of information:

(i) eleven exhibits with the exact same redactions the Court has approved in documents previously filed on the docket under seal;

(ii) limited portions of four exhibits containing confidential information the Court has sealed previously in other filings;

(iii) confidential information in one exhibit about Facebook's data systems;

(iv) confidential information in one exhibit about certain Facebook personnel; and

(v) confidential information in one exhibit about Facebook's business operations.

For the reasons discussed below, there is good cause to permanently seal this information.[1]

## I.     Background

On March 11, 2022, Plaintiffs filed a Notice of Motion, Motion, and Memorandum in Support of Motion for Sanctions and 68 exhibits in support. Dkts. 873–76. Today, Facebook files its Opposition to Plaintiffs' motion, the declarations in support from Orin Snyder and Deborah Stein ("Stein Declaration), and 47 exhibits in support. Facebook submits this Administrative Motion To File Under Seal to seal limited portions of certain exhibits attached to the Stein Declaration, which contain Facebook's confidential information that would cause Facebook competitive harm or compromise its privacy and security enforcement efforts if publicly disclosed.

## II.    The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits

Courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is

---

[1] Facebook's filed redactions also reflect information in the named plaintiffs' DYI files that Plaintiffs have requested Facebook treat as confidential. *See* Stein Decl. ¶¶ 12.c.–12.d, Ex. 41 at Ex. C, & Ex. 43. These redactions are addressed in Facebook's concurrently filed administrative motion to consider whether another party's material should be sealed.

1

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN EXHIBITS IN SUPPORT OF OPPOSITION OF FACEBOOK, GIBSON, DUNN & CRUTCHER LLP, AND ORIN SNYDER TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC

narrowly tailored. *Doe v. Walmart, Inc.*, 2019 WL 636362 at *1–2 (N.D. Cal. Feb. 11, 2019). Here, the Stein Declaration and exhibits are related to the discovery record, not the merits of this action, so the good cause standard applies.

**III.     There Is Good Cause To Seal Facebook's Proposed Redactions**

Facebook asks the Court to permanently seal (i) eleven exhibits that are versions of documents the Court has sealed previously; (ii) limited portions of four exhibits containing confidential information the Court has sealed previously in other filings; (iii) confidential information regarding Facebook's data systems; (iv) confidential information about certain Facebook personnel; and (v) confidential information about Facebook's proprietary business operations.

*(i) Documents the Court has sealed previously.*  Facebook asks the Court to seal entirely or seal limited portions of the following documents, which contain the same redactions the Court approved previously when these documents were filed on the public docket:

1. Ex. 7 (filed with redactions at Dkt. 813-1 at 3426, granted at Dkt. 844);
2. Ex. 8 (filed with redactions at Dkt. 813-1 at 3550, granted at Dkt. 844);
3. Ex. 9 (filed with redactions at Dkt. 813-1 at 3553, granted at Dkt. 844);
4. Ex. 20 (filed with redactions at Dkt. 813-1 at 3568–3595, granted at Dkt. 844);
5. Ex. 22 (filed with redactions at Dkt. 761, granted at Dkt. 764);
6. Ex. 23 (filed with redactions at Dkt. 767, granted at Dkt. 770);
7. Ex. 25 (filed with redactions at Dkt. 813-1 at 0009, granted at Dkt. 844);
8. Ex. 26 (filed with redactions at Dkt. 804-3 at 0006, granted at Dkt. 844);
9. Ex. 32 (filed with redactions at Dkt. 820-3, granted at Dkt. 839);
10. Ex. 38 (filed with redactions at Dkt. 870, granted at Dkt. 891).
11. Ex. 41 at 38 (FB-CA-MDL-00213424) (sought to be sealed entirely at Dkt. 814 at 4343, granted at Dkt. 844).

*(ii) Confidential information the Court has sealed previously.*  Facebook asks the Court

to seal limited portions of the following documents, which contain confidential information that the Court has found good cause to seal previously in other documents:

1. The identities of consulting experts retained by Gibson Dunn to provide professional services related to ADI. Exs. 29, 35, 36. The Court has previously found good cause to seal this confidential and commercially sensitive information. Dkts. 737, 764, 836, 837, 838, 839, 891.

2. The number of apps involved in ADI's "Enhanced Investigation" phase, for which the ADI team generated investigative reports. Ex. 35 at 5, 19 (pdf pagination). The Court has previously found good cause to seal this confidential and commercially sensitive information. Dkt. 804-3 at 0011.

3. The identities of certain Facebook business partners, which would reveal details of Facebook's confidential business relationships. The Court has previously found good cause to seal the names of each of these entities in previous filings. Ex. 41 at 8–9 (redacted at Dkt. 769-3 at 170); Ex. 41 at 2–3 of Ex. B (redacted at Dkt. 769-3 at 167).

4. The names of Facebook's data systems, descriptions of how long it would take to search Facebook's data systems, and details of Facebook's data systems and tools that reveal how user data is stored. Ex. 41 at 6–7, 9. The Court has previously found good cause to seal the names of these systems, descriptions of their functions, and how long it would take to search them in previous filings. Dkt. 813 at 0023–24, 0026–29, 0035–40.

*(iii) Confidential information regarding Facebook's data systems and technical capabilities and processes.* In addition to the above information about Facebook's data systems, one exhibit to Facebook's opposition—Exhibit 41—also contains detailed confidential information regarding the architecture and contents of those data systems, which sheds light on the specific locations where user data is stored at Facebook. Ex. 41 at 6–7, 9; Falconer Decl. ¶ 2. If this information were filed publicly, it would harm Facebook and, potentially, Facebook's users, by providing a roadmap to bad actors seeking access to Facebook's internal systems that interact

3

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN EXHIBITS IN SUPPORT OF OPPOSITION OF FACEBOOK, GIBSON, DUNN & CRUTCHER LLP, AND ORIN SNYDER TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC

with user data. *Id.* Facebook's competitors could also use this information to learn more about the systems Facebook uses to store and process large quantities of user data securely and quickly (proprietary systems developed at Facebook's expense), which would be to Facebook's competitive disadvantage. *Id.*; *see In re Google Inc. Gmail Litig.*, 2014 WL 10537440, at *4 (N.D. Cal. Aug. 6, 2014) (sealing information that, if disclosed, "could lead to a breach in the security of the Gmail system"); *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020) (finding compelling reasons to seal information that would make it easier to circumvent Google's detection systems).

Facebook's proposed redactions also contain confidential information regarding Facebook's technical capabilities and processes. Facebook proposes sealing entirely a guide for Facebook engineers on the DYI tool (Ex. 41 at 29–36) that contains technical details and instructions to Facebook engineers regarding building and maintaining the DYI tool—which was developed at significant expense by Facebook—and reveals confidential information regarding Facebook's internal engineering practices. Falconer Decl. ¶ 3. If publicly disclosed, this information could be used by Facebook's competitors to improve their own methods and processes or build competing products on the back of Facebook's work. *Id.*; *In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at * 26 (N.D. Cal. Aug. 9, 2015) (sealing descriptions that "reflect[ed] and convey[ed] confidential, proprietary information" about "business operations").

Exhibit 41 also contains a confidential description of specific data processing tasks, including the length of time to run each task and the inputs and outputs of each task. Ex. 41 at Ex. D. Public disclosure of this specific granular-level information would risk competitive harm to Facebook. Facebook's competitors could use this information to learn more about Facebook's data processing capabilities, and bad actors could use this information to learn more about the information and activity on Facebook's data systems. Falconer Decl. ¶ 4. The Court has previously found good cause to seal similar information. Dkt. 767 at 3 (seeking to seal internal names of Facebook tables, confidential information regarding "specific granular-level information"

4

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN EXHIBITS IN SUPPORT OF OPPOSITION OF FACEBOOK, GIBSON, DUNN & CRUTCHER LLP, AND ORIN SNYDER TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC

regarding Facebook data systems and technical operations); Dkt. 770 (sealing such information).

**(iv) Identities of Facebook employees and the data systems they manage.** Exhibit 41 contains the names of specific employees who are the most knowledgeable about specific data systems interacting with user data (Ex. 41 at 7–8), public disclosure of which would reveal Facebook's confidential operational and personnel information and present security risks. Public access to such information may encourage competitors to poach critical employees. Falconer Decl. ¶ 5; *see In re Incretin-Based Therapies Products Liabilities Litig.*, 2015 WL 11658712, at *2 (S.D. Cal. Nov. 18, 2015) ("[C]ourts have maintained documents under seal where the information contained therein could permit competitors to gain access to operational and personnel information . . . ." (cleaned up)). Public disclosure could also encourage bad actors to target these individuals in efforts to breach Facebook's security and access user data. Falconer Decl. ¶ 5.

**(v) Facebook's proprietary business operations.** Finally, exhibit 41 contains proprietary details of a data set that Facebook acquires and how it uses that data set to enhance its products. Ex. 41 at 3 of Ex. B. If publicly disclosed, this information could be used by Facebook's competitors to improve their own products through the use of this data, to Facebook's competitive disadvantage. Falconer Decl. ¶ 6; *In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at * 26.

## IV.   The Limited Proposed Redactions Are Narrowly Tailored

Facebook's proposed redactions are narrowly tailored because they are confined to information the Court has previously found good cause to seal or only that information necessary to prevent competitive harm to Facebook or compromising Facebook's privacy and security enforcement efforts. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (sealing material that was "narrowly tailored to protect . . . proprietary information").

\*   \*   \*

For these reasons, Facebook respectfully requests that the Court permanently seal the confidential information contained in certain exhibits to the Opposition.

5

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN EXHIBITS IN SUPPORT OF OPPOSITION OF FACEBOOK, GIBSON, DUNN & CRUTCHER LLP, AND ORIN SNYDER TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-md-02843-VC

| | |
|---|---|
| Dated:  April 11, 2022 | **GIBSON, DUNN & CRUTCHER, LLP**<br><br>By:   */s/ Russell H. Falconer*<br>Orin Snyder (*pro hac vice*)<br>osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone:  212.351.4000<br>Facsimile:  212.351.4035<br><br>Deborah Stein (SBN 224570)<br>dstein@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone:  213.229.7000<br>Facsimile:  213.229.7520<br><br>Joshua S. Lipshutz (SBN 242557)<br>jlipshutz@gibsondunn.com<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone:  202.955.8500<br>Facsimile:  202.467.0539<br><br>Kristin A. Linsley (SBN 154148)<br>klinsley@gibsondunn.com<br>Rosemarie T. Ring (SBN 220769)<br>rring@gibsondunn.com<br>Martie Kutscher (SBN 302650)<br>mkutscherclark@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone:  415.393.8200<br>Facsimile:  415.393.8306<br><br>Russell H. Falconer (*pro hac vice*)<br>rfalconer@gibsondunn.com<br>2100 McKinney Ave., Suite 1100<br>Dallas, TX 75201<br>Telephone: 214.698.3170<br>Facsimile: 214.571.2958<br><br>*Attorneys for Defendant Facebook, Inc.* |