# Exhibit 36

REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS | **MDL NO. 2843** <br><br> CASE NO. 3:18-MD-02843-VC-JSC <br><br> HON. VINCE CHHABRIA <br> HON. JACQUELINE SCOTT CORLEY <br> COURTROOM 4 – 17TH FLOOR <br> SPECIAL MASTER, DANIEL GARRIE, ESQ. <br><br> **TENTATIVE AMENDED SUPPLEMENTAL ORDER REGARDING PRODUCTION OF ADI RELATED DOCUMENTS** |

## BACKGROUND

1. On September 8, 2021, Judge Corley issued an order granting Plaintiffs' motion to compel the production of materials in connection with Facebook's app developer investigation ("ADI") that involved a review of all "apps that had access to large amounts of data before [Facebook] changed [its] platform policies in 2014." See https://about.fb.com/news/2019/09/an-update-on-our-app-developer-investigation/.

2. Pursuant to the order:

> In light of Facebook's unchallenged public proclamations as to the business purpose of the ADI, the Court finds that the ADI served a dual purpose and that, as a general matter, documents generated as part of that investigation were not created because of litigation. On or before September 21, 2021, Facebook shall produce the background and technical reports, audits and developer interviews of the six exemplar apps chosen by the parties as Facebook has offered no special reasons why those particular documents are privileged other than what has been addressed. The parties shall work with the Special Master regarding production of additional materials consistent with the guidance offered by this Order. See Order Granting Motion to Compel ADI Materials.

3. According to Judge Corley's order, Facebook produced 11 documents related to the ADI. Following this production, Plaintiffs raised multiple issues in connection with Facebook's ADI production and requested "all memoranda prepared by ▮▮▮▮▮▮ and/or ▮▮▮▮▮▮ related to ADI of all apps it investigated or investigated at Facebook's direction, the background and technical reports, audits, and developer interviews, and internal Facebook communications regarding these materials (including those pertaining to the six exemplar apps)." See Plaintiffs' Email of September 24, 2021.

4. The parties subsequently met and conferred regarding Facebook's ADI production, but were unable to resolve the outstanding issues.

1
**AMENDED SUPPLEMENTAL ORDER REGARDING PRODUCTION OF ADI RELATED DOCUMENTS**

5. On October 26, 2021, Special Master Garrie issued Order Regarding Outstanding ADI Issues which ordered the parties to provide summaries of the outstanding ADI issues and the parties' respective positions.

6. On October 22, 2021, Plaintiffs submitted their initial statement. Plaintiffs argue that pursuant to Judge Corley's order, Facebook should produce the following in connection with the ADI: (1) all memoranda prepared by ▇▇▇▇ or ▇▇▇▇; (2) all background reports, technical reports, audits, and developer interviews; (3) all internal Facebook communications relating to items 1 and 2; (4) all communications with ▇▇▇▇ or ▇▇▇▇ related to items 1 and 2; and (5) all communications with third-party app developers. See Plaintiffs' Statement Concerning ADI Issues in Advance of Hearing. Plaintiffs also argued that Facebook's production of 11 reports relating to the six exemplar apps pursuant to Judge Corley's order was incomplete because Facebook's privilege logs include references to additional reports relating to these apps that were not provided. Id.

7. On October 22, 2021, Facebook submitted its initial statement. Facebook argues, among other things, that (1) Facebook produced all documents ordered by Judge Corley; and (2) the five categories of ADI-related documents Plaintiffs request go beyond the scope of Judge Corley's order. See Facebook's Supplemental Submission Re: ADI.

8. On November 4, 2021, Plaintiffs submitted their response. Plaintiffs argue, among other things that (1) Facebook should produce additional reports regarding the six exemplar apps because additional reports were identified in Facebook's privilege logs; and (2) Facebook failed to show how the five categories of ADI-related documents Plaintiffs request are not "consistent with the guidance offered by" Judge Corley's order. See Plaintiffs' Response Re: ADI.

9. On November 4, 2021, Facebook submitted its response. Facebook argues, among other things that (1) Facebook's production pursuant to Judge Corley's order is complete; (2) Plaintiffs' requests for all reports and memoranda for all apps or developers investigated in phases two or three of the ADI and beyond the scope of Judge Corley's order; and (3) there is no basis for Plaintiffs to request ADI related communications because Judge Corley previously reviewed these communications *in camera* and did not order the production of such communications. See Facebook's Response Re: ADI.

10. A hearing was held on December 4, 2021, regarding the parties' submissions and other information related to the ADI issues.

11. On December 8, 2021, Special Master Garrie issued an Order Regarding the Production of ADI Documents.

12. On December 15, 2021, Facebook submitted a Motion for Reconsideration of Special Master's Order Regarding the Production of ADI Documents.

13. On December 22, 2021, Special Master Garrie issued an Amended Order Regarding the Production of ADI Documents which required Facebook to provide to Special Master Garrie for *in camera* review, all ADI related communications pertaining to the six exemplar applications.

14. Facebook subsequently provided to Special Master Garrie over 6,000 documents comprising the ADI related communications pertaining to the six exemplar applications.

15. On January 10, 2022, Special Master Garrie issued a Supplemental Order Regarding the Production of ADI Documents.

16. On January 20, 2022, Facebook submitted a Motion for Reconsideration of Supplemental Order Regarding the Production of ADI Documents.

3
**AMENDED SUPPLEMENTAL ORDER REGARDING PRODUCTION OF ADI RELATED DOCUMENTS**

**FINDINGS**

17. Special Master Garrie finds that, pursuant to Judge Corley's Order Granting Motion to Compel ADI Materials, documents prepared in connection with the ADI are not protected from discovery as attorney work product because the documents served a business purpose separate from litigation. See Order Granting Motion to Compel ADI Materials, at 5 ("In light of Facebook's own statements, the Court finds that Facebook would have conducted the ADI in substantially the same form even in the absence of potential litigation; that is, that Facebook did not initiate the ADI because of the prospect of litigation. See *Phoenix Techs. Ltd. v. VMware, Inc.*, 195 F. Supp. 3d 1096, 1105 (N.D. Cal. 2016) (holding that dual purpose documents were not protected work product because they served a business purpose independent of litigation).")

18. Accordingly, all ADI related documents, including communications where attorneys were listed as copied (i.e. cc'd) are discoverable except for ADI related documents created for the primary purpose of obtaining legal advice from attorneys. See *United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002) ("The mere fact that outside counsel was copied with the email will not shield communications not made for the purpose of securing legal advice.").

19. After reviewing a substantial portion of the 6,000+ documents pertaining to the six exemplar apps that Facebook provided, Special Master Garrie finds that a substantial number of the documents are relevant to the case and not protected by privilege. See e.g. FB-ADI-INCAMERA-0000000098.msg; FB-ADI-INCAMERA-0000000005.msg; FB-ADI-INCAMERA-0000000084.msg; FB-ADI-INCAMERA-0000000854.pptx; FB-ADI-INCAMERA-0000000262.pdf; FB-ADI-INCAMERA-0000000126.xlsx.[1]

---

[1] These files are referenced by the file names provided in Facebook's submission of the 6,000+ communications and related documents pertaining to the six exemplar apps.

# ORDER

20. Facebook is to produce all documents relating to the ADI from all custodians that the parties have identified and collected, subject to the following conditions:

    a. Facebook does not need to produce, review, or log for privilege any emails in which Facebook or Gibson Dunn attorneys are listed in the FROM fields of the email header.

    b. Facebook does not need to produce, review, or log for privilege any emails in which Facebook and Gibson Dunn attorneys are the exclusive individuals listed in the TO fields of the email header.

    c. Facebook is to review all others emails in which Gibson Dunn or Facebook attorneys are listed in the CC or BCC fields of the email header, produce such emails that relate to the ADI, and log such emails for which Facebook asserts privilege pursuant to the Privilege Protocol.

21. Any subsequent motions regarding the production of ADI related documents are to be brought before Judge Corley.

**IT IS SO ORDERED.**

January 20, 2022

                                                  Daniel Garrie
                                                  Discovery Special Master