# Exhibit 2

**Pages 1 - 23**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jacqueline Scott Corley, Magistrate Judge

```
IN RE FACEBOOK, INC., CONSUMER )
PRIVACY USER PROFILE          )
LITIGATION.                   )
                              )   NO. 18-MD-02843 VC (JSC)
                              )
_____)
```

San Francisco, California
Friday, July 31, 2020

**TRANSCRIPT OF PROCEEDINGS BY ZOOM**

**APPEARANCES BY ZOOM:**

For Plaintiffs:
        KELLER ROHRBACK LLP
        1201 Third Avenue - Suite 3200
        Seattle, Washington  98101
  BY: **DEREK W. LOESER, ATTORNEY AT LAW**
     **DAVID J. KO, ATTORNEY AT LAW**

        BLEICHMAR, FONTI & AULD LLP
        555 12th Street - Suite 1600
        Oakland, California  94607
  BY: **LESLEY E. WEAVER, ATTORNEY AT LAW**
     **MATTHEW P. MONTGOMERY, ATTORNEY AT LAW**
     **ANGELICA M. ORNELAS, ATTORNEY AT LAW**
     **ANNE K. DAVIS, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
            Official Reporter

```
1   APPEARANCES:  (CONTINUED)

2   For Defendants:
                        GIBSON, DUNN & CRUTCHER LLP
3                       200 Park Avenue
                        New York, New York  10166
4               BY:     ORIN SNYDER, ATTORNEY AT LAW

5                       GIBSON, DUNN & CRUTCHER LLP
                        1881 Page Mill Road
6                       Palo Alto, California  94304
                BY:     MARTIE P. KUTSCHER CLARK, ATTORNEY AT LAW
7
                        GIBSON, DUNN & CRUTCHER LLP
8                       2100 McKinney Avenue - Suite 1100
                        Dallas, Texas  75201
9               BY:     RUSSELL H. FALCONER, ATTORNEY AT LAW

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1 **Friday - July 31, 2020**                                     **8:30 a.m.**

2                          **P R O C E E D I N G S**

3                                   ---oOo---

4         **THE CLERK:**  Court is now in session.

5     Calling Civil action 18-md-2843, In re Facebook, Inc.

6     Counsel, starting with plaintiff, appearances for the

7 record.

8         **MS. WEAVER:**  Leslie Weaver of Bleichmar Fonti.

9         **THE COURT:**  Good morning.

10        **MS. WEAVER:**  With me is Anne Davis and Angelica

11 Ornelas also of Bleichmar Fonti.

12        **MR. MONTGOMERY:**  Also Matt Montgomery with Bleichmar

13 Fonti.

14        **MS. WEAVER:**  Oh.  I'm sorry.  I apologize, Matt.

15        **THE COURT:**  Good morning, Mr. Montgomery.

16        **MR. MONTGOMERY:**  Good morning, Your Honor.

17        **MR. LOESER:**  Derek Loeser from Keller Rohrback for

18 plaintiffs.  Pleased to be wearing a suit again today so thank

19 you for that opportunity.

20        **THE COURT:**  Yes.  Good morning.  Happy Friday.

21        **MR. KO:**  Good morning, Your Honor.  David Ko, Keller

22 Rohrback, also on behalf of plaintiffs, unfortunately not

23 wearing a suit.

24        **THE COURT:**  Not wearing a suit.

25        **MR. LOESER:**  I have to have at least one reason to get

```
 1   the dust off the suits.  It's settling pretty thick at this
 2   point.
 3           THE COURT:  Yes.
 4        And for Facebook?
 5           MR. SNYDER:  Happy Friday and Happy July 31st, Judge.
 6   Orin Snyder with my colleagues Martie Kutscher Clark and
 7   Russell Falconer for Facebook.
 8           THE COURT:  All right.  Good morning.
 9           MR. SNYDER:  Hi, Judge.
10           THE COURT:  Okay.  All right.  Well, thank you,
11   everyone, for your statement.  I don't think we have too much
12   to talk about.  We'll start with sort of the order that
13   plaintiff went.
14        And with respect to the search terms, it sounds like today
15   the plaintiffs are going to respond to Facebook's proposal as
16   to search terms, and I assume the parties have scheduled meet
17   and confer for next week.
18           MS. DAVIS:  We've agreed to meet and confer on the 5th
19   and we'll get that time on the calendar soon.
20           THE COURT:  Okay.  All right.  So I think that's the
21   way the process is supposed to move forward.  It sounds like
22   the plaintiffs are going to have some things to say.
23           MS. DAVIS:  That's right.
24           THE COURT:  Okay.  Let's see, the next issue was
25   plaintiffs' document production.  They're working on it.  I
```

1  don't know if Facebook had anything to say.  Is there anything
2  I should address?
3          **MS. KUTSCHER:**  The preliminary question we have -- I
4  mean, we have some more nuanced questions that I won't get into
5  today that we can discuss on a meet and confer, but the
6  plaintiffs have indicated that they would like to negotiate
7  search terms for the collection of plaintiffs' documents, and
8  we would really just like a preliminary understanding of the
9  volume of material so that we can get a sense of whether that's
10 the appropriate process here.
11         **THE COURT:**  Yeah.  I'm sure they'll tell you.  That's
12 all part of the process and part of the information that should
13 be shared.
14     Okay.  The ADI, you're working on a schedule for bringing
15 that to my attention; is that correct?  That's my
16 understanding.  Yes?
17         **MR. KO:**  Yes, Your Honor -- this is David Ko on behalf
18 of the plaintiffs -- that is correct.
19     One thing that we would ask, our proposal for how to
20 handle this has been pending since July 22nd, which is nine
21 days ago.  I think Facebook had told us that they endeavored to
22 get back to us by this week and no earlier than next Monday, so
23 I think it would be really helpful -- you know, deadlines and
24 orders are helpful for everyone so I think it would be great if
25 they could get back to us no later than Monday.

1      **THE COURT:** I think that's what you meant. Is that
2 right, Ms. Kutscher, you're going to get back to them by
3 Monday?
4      **MS. KUTSCHER:** Yes, absolutely. We're planning on
5 getting back to them on Monday.
6      **MR. KO:** Thank you.
7      **THE COURT:** Okay, so they shall.
8    All right. So there were a few other things. One is
9 Facebook raised a concern about letters, and I guess I would
10 say this, is I never said you can't send a letter. What
11 Facebook's concern was earlier in the case was that plaintiffs
12 were sending letters and raising new issues. The letter I
13 think you raised in your statement was just memorializing
14 Facebook -- I mean, plaintiffs' understanding of a meet and
15 confer. That seems to me entirely appropriate, in fact good
16 practice. So I think the plaintiffs said they wanted some
17 guidance. That's my guidance on that.
18    Another issue plaintiffs wanted to put on the agenda for
19 next time, and maybe we should discuss a little bit now because
20 there seems to be a disconnect, is this plaintiffs' data
21 because Facebook says "We've given it to them" or "Are giving
22 it all to them," and plaintiff says "There's stuff missing."
23    I don't know -- or maybe I should just -- you should
24 just -- we should just put it on the agenda for next time so
25 that you can have some conversations about that because it

1  seems to be each side doesn't understand what the other side is
2  saying.  I don't know if anyone wants to comment on that.
3         **MR. SNYDER:**  Your Honor, I think I might comment
4  briefly, and I think it's a good idea to put it on for next
5  time.
6      The disconnect has to do, I think, with, frankly, a larger
7  fundamental disconnect about the scope of discovery in this
8  case, and we have produced everything the plaintiffs shared on
9  Facebook and all information about all their activities on the
10 platform, and that is everything that is relevant to the four
11 issues in the case that Judge Chhabria identified as the
12 actionable claims for which discovery is appropriate.
13     What we are concerned about is that the plaintiffs have
14 now identified other issues about how our platform operates,
15 other data privacy practices that have nothing to do with the
16 four issues in this case but more broadly our entire -- our
17 business.
18     And so just by way of example, there's an entire other
19 litigation, not this case, an entire other litigation called
20 the Facebook Tracking -- In Re Facebook Tracking; and the
21 plaintiffs want to know how, if at all, we track users, how we
22 target ads to them.  Again, nothing to do with this case.  They
23 want to know -- I'll give you another example.
24     Facebook rolled out a brand new videoconference system
25 called Rooms.  Plaintiffs wanted to know, you know, about its

1  privacy features.  A complaint was filed alleging that Zoom,
2  which we all know about now, shares information with Facebook.
3  Plaintiffs said they want to know about Zoom.
4      So the concern is that this lawsuit not turn into a roving
5  audit of our privacy and platform practices beyond the scope of
6  this case and be confined to what's at issue.
7      And what we produced -- now I'm going back to the issue --
8  what the plaintiffs' information we produced is everything that
9  is relevant to the issues in this case, which has to do with,
10 as Judge Chhabria explained in his decision, what sensitive
11 information -- photographs, videos, religious/political views,
12 relationship information -- that plaintiffs shared with
13 Facebook that then Facebook then shared with third parties
14 before 2009 because the Court held that after 2009 --
15     **THE COURT:**  Okay.  All right.  No, no, no.  So I think
16 maybe there's not a disconnect so much as a disagreement as to
17 relevant.  I don't know who of the plaintiffs want to --
18     **MR. LOESER:**  Your Honor, if I can --
19     **THE COURT:**  I'm not going to answer it right now, but
20 you may want to be heard.
21     **MR. LOESER:**  Your Honor, both Ms. Weaver and I have,
22 I'm sure, something to say about this so I'll start and then
23 Leslie can chime in as well.
24     I mean, this is a really important issue in the case, and
25 I think what I just heard kind of brings to mind the old

1  expression "I'm not paranoid.  It's just that people keep
2  following me."
3      And, you know, we've been very concerned in this case from
4  the start that Facebook's approach to discovery was going to be
5  to withhold critical information and try and win this case by
6  never producing critical information.  And we have asked from
7  the very beginning and made it very, very clear that we were
8  interested in all of the information, even information Facebook
9  collected, about the named plaintiffs, both their platform
10 activity and their off-platform activity, and there has been
11 nothing from Judge Chhabria that would rule out that discovery.
12     And so clearly there's a huge disagreement here.  It is a
13 discovery issue.  We have asked for this information in
14 discovery, specific discovery requests, seeking all plaintiff
15 information.  And what's really concerning -- there's two
16 things concerning here that I think the Court can address
17 immediately.
18     One is a process issue.  So we've been asking for this
19 ==information for months from our earliest discovery requests,==
20 ==and as recently as last week we were told the information just==
21 ==didn't even exist, that we were looked at like we were crazy==
22 ==and there is no dossier,== there is no other information;
23 Facebook just has information about what users post themselves
24 on the platform and that's what Facebook has produced.
25     So last week we were told doesn't even exist, and then we

1    hear for the very first time in a joint statement a detailed
2    description that acknowledges that this data does exist; it's
3    just not being produced.
4        And so as a procedural mechanism, it would be very helpful
5    if we tweaked the joint statement rules a little bit so we
6    exchange an initial four-page statement and then subsequently
7    that initial four pages doesn't change at all but the parties
8    can have a page to provide a reply.
9        Because what we had here was we sent in our statement, we
10   got a very plain vanilla statement from Facebook, and then a
11   complete rewrite which raises these issues for the very first
12   time and identifies information for the very first time that,
13   frankly, we've been asking about for months.  So I think, as a
14   procedural mechanism, it would be very helpful if we could
15   tweak that.
16       But substantively what we really want to do, since this is
17   a ripe discovery dispute, is we want to brief the issue.  We
18   think ten-page briefs with a three-page reply would be enough
19   to deal with the issue, and we'd like to get that heard because
20   it really does have a tremendous impact on the case, the
21   discovery, and everything that flows from here.
22           **MS. WEAVER:**  And if I may, Your Honor.
23           **THE COURT:**  Yes.
24           **MS. WEAVER:**  Thank you.
25       So just two more points.  We discussed with Your Honor at

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Friday, July 31, 2020

_____

Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
U.S. Court Reporter