# Exhibit 18

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DEFENDANT FACEBOOK, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION TO JORDAN O'HARA** |

**PROPOUNDING PARTY:**   FACEBOOK INC.

**RESPONDING PARTIES:**   JORDAN O'HARA

**SET NO.:**   TWO

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26 of the Local Civil Rules of the United States District Court for the Northern District of California, Defendant Face-book, Inc. ("Facebook" or "Defendant"), by and through its attorneys Gibson, Dunn & Crutcher LLP, hereby requests that plaintiffs in the above-referenced action produce the following documents in accordance with the definitions and instructions below for inspection and copying at the offices of Gibson, Dunn & Crutcher LLP, 555 Mission Street, San Francisco, California 94105, within thirty (30) days of the service of this demand.

## DEFINITIONS

The following definitions apply when responding to these Requests:

1. The "Action" refers to *In Re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-MD-02843-VC, and all actions consolidated therewith.

2. The term "Communication" means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by oral, written, telephonic, or electronic utterance, notation, or statement of any nature whatsoever, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, and agreements.

3. The term "Complaint" means the Second Amended Consolidated Complaint filed in the above-captioned action on August 4, 2020.

4. The term "Device" means any personal computer, tablet, mobile phone, or other electronic device that can be used to access the Internet.

5. The term "Document" means the "original" and each "duplicate" of every "writing" and "recording," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and includes all printed, typed, recorded, photographic, written and graphic matter (including audio or video tape recordings), however printed, coded, stored, produced or reproduced, of any kind or description, whether sent or received or not, and all copies, drafts, or versions thereof which are different in any way from the original (whether by interlineation, date-stamp, handwritten notes, highlighting, indication of copies sent or received, or otherwise), including, but not limited to: any paper, book, account, photograph, blueprint, drawing, sketch, schematic, agreement, contract,

memorandum, press release, circular, advertising material, correspondence, letter, computer file, electronic mail message (E-mail), report, opinion, investigation, record, transcript, study, note or notation, working paper, summary, diary or calendar, chart, computer software, check, check stub, delivery ticket, invoice, records or recording or summary of any hearing, meeting, telephone or other conversation, or of any interview or of any conference, or any other written, computerized, recorded, transcribed, taped, filmed or graphic matter of which You have or have had possession, custody or control, or of which You have knowledge.

6.   The term "Related To" means concerning, describing, referring to, constituting, embodying, reflecting, identifying, stating, evidencing, substantiating and/or being in any way relevant to a given subject.

7.   The terms "You" and "Your" refer to Plaintiff Jordan O'Hara, and his representatives, employees, attorneys, investigators, accountants, managers, agents, parent companies, subsidiaries or other persons or entities acting or purporting to act on his behalf.

8.   The term "all" includes "any" and vice-versa.

9.   The connectives "and" and "or" must be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.  The term "App" means an interactive software application.

11.  The terms "Facebook" or "Defendant" refers to Facebook, Inc., the Defendant in this action, and anyone acting on Facebook's behalf, as well as Facebook's platforms, which include www.facebook.com and all Facebook mobile applications.

12.  The term "Social Media Platform" means any Internet-based social network, chatroom, forum, message board, dating service, instant messenger, blog or other like application that enables users to share information with other users over the Internet.  Examples include, but are not limited to, Facebook, LinkedIn, Twitter, Instagram, Snapchat, Myspace, Youtube, Reddit, Periscope, Discord, Tumblr, WhatsApp, Google+, Pinterest, Skype, Tinder, Grindr, Bumble, Match.com, Coffee Meets Bagel, and OkCupid.

13.  The term "Third Party" means any person or entity who is not a party named in

the Complaint, including, without limitation, any government, government agency, and agent or representative of a government or government agency. "Third Party" does not include the attorneys who represent You in this action or officers, employees, agents, attorneys, or representatives of Facebook.

14. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. You are instructed to produce all Documents that are responsive to these Requests and that are in Your possession, custody, or control. A Document is in Your "possession, custody or control" if it is in Your physical possession, or if, as a practical matter, You have the ability, upon request, to obtain possession of the Document or a copy thereof from another person or entity that has physical possession of the Document, including, but not limited to, Yourattorneys, agents, representatives, or employees, regardless of their location.

2. If any Document or category of Documents is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the bestof Your knowledge, information, and belief, and with as much particularity as possible, the Document or portions of the Document that are not being produced.

3. Each Document is to be produced as it is kept in the usual course of business, including, but not limited to, all file folders, binders, notebooks, and other devices by which such Documents may be organized or separated.

4. Electronically stored Documents must be produced in accordance with any ESI Protocol agreed to by the parties.

5. If a Document has been prepared in several copies that are not identical, or if additional copies have been made that are no longer identical, or if original identical copies are no longer identical by reason of subsequent notation or other modification of any kind whatsoever, including, but not limited to, notations on the front or back of pages thereto, each non-identical copy is a separate Document and must be produced.

6. When any part of a Document is responsive to any individual Request, You must

produce the Document in its entirety, including, but not limited to, attachments, cover memoranda, exhibits, and appendices.

7. The present tense includes the past tenses, and the past tense includes the present tenses, as necessary to bring within the scope of these Requests any Document that might otherwise be construed to fall outside the scope of these Requests.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications reflecting any contract, agreement, license, terms of service, terms of use, data policy, or privacy policy Related To any service or Device identified in Your response to Facebook's Interrogatory No. 12.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications reflecting any contract, agreement, license, terms of service, terms of use, data policy, or privacy policy Related To any App identified in Your response to Facebook's Interrogatory No. 13.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications reflecting any contract, agreement, license, terms of service, terms of use, data policy, or privacy policy Related To any App identified in Your response to Facebook's Interrogatory No. 14.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications reflecting any contract, agreement, license, terms of service, terms of use, data policy, or privacy policy Related To any Device, App, or service identified in Your response to Facebook's Interrogatory No. 15.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications reflecting any contract, agreement, license, terms of service, terms of use, data policy, or privacy policy Related To any App identified in Your response to Facebook's Interrogatory No. 16.

**REQUEST FOR PRODUCTION NO. 27:**

For all Social Media Platform(s) identified in Your response to Facebook's Interrogatory No. 4, documents sufficient to show the following information for Your accounts: all profile name(s), user handle(s), unique user-account URL(s), registration date(s), deactivation date(s), associated email address(es), user privacy settings, friend list(s), follower list(s), subscriber list(s), and any linked accounts.

**REQUEST FOR PRODUCTION NO. 28:**

For all Social Media Platform(s) identified in Your response to Facebook's Interrogatory No. 4, documents sufficient to show all contracts, agreements, licenses, terms of service, terms of use, data policies, and privacy policies Related To Your use of the Social Media Platforms You identified.

**REQUEST FOR PRODUCTION NO. 29:**

For all Social Media Platform(s) identified in Your response to Facebook's Interrogatory No. 5, documents sufficient to show the following information for Your accounts: all profile name(s), user handle(s), unique user-account URL(s), registration date(s), deactivation date(s), associated email address(es), user privacy settings, friend list(s), follower list(s), subscriber list(s), and any linked accounts.

**REQUEST FOR PRODUCTION NO. 30:**

For all Social Media Platform(s) identified in Your response to Facebook's Interrogatory No. 5, documents sufficient to show all contracts, agreements, licenses, terms of service, terms of use, data policies, and privacy policies Related To Your use of the Social Media Platforms You identified.

**REQUEST FOR PRODUCTION NO. 31:**

You allege in paragraphs 144 through 146 of the Complaint that Facebook failed to protect the alleged confidentiality of Your "personal family photographs" and "personal family videos." Produce Documents sufficient to show all posts to any Social Media Platform identified in Your response to Facebook's Interrogatory No. 4 that depict any personal family photographs or videos that are substantially similar to any personal family photographs or videos You shared on Facebook.

Gibson, Dunn & Crutcher LLP

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show any privacy settings or restrictions placed on posts responsive to Request For Production No. 31.

**REQUEST FOR PRODUCTION NO. 33:**

You contend in paragraphs 144 through 146 of the Complaint that Facebook failed to protect the alleged confidentiality of Your "personal perspectives regarding politics, religion, relationships, work, and family." Produce Documents sufficient to show all posts to any Social Media Platform identified in Your response to Facebook's Interrogatory No. 5 that depict any personal perspectives regarding politics, religion, relationships, work, and family that are substantially similar to such personal perspectives that You shared on Facebook.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show any privacy settings or restrictions placed on posts responsive to Request For Production No. 33.

**REQUEST FOR PRODUCTION NO. 35:**

All Communications between You and any Third Party Related To the Action, or the claims raised therein. This Request includes but is not limited to all Communications Related To Your decision, decision-making process, or motivation to participate in the Action.

**REQUEST FOR PRODUCTION NO. 36:**

All Communications between You and any Third Party Related To any violation of law, breach of duty, or policy violation by Facebook that You allege in this Action.

**REQUEST FOR PRODUCTION NO. 37:**

All Communications between You and any Third Party Related To Facebook's alleged use, treatment, handling, management, sharing, disclosure, or monetization of Facebook user data.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents and Communications (from any source) Related To Facebook's policies including but not limited to Facebook's Terms of Use, Terms of Service, Data Use Policy, Data Policy, Privacy Policy, Statement of Rights and Responsibilities, Platform Application Guidelines,

Platform Guidelines, Platform Terms, Site Governance Page, Developer Principles and Policies, Developer Terms of Service, and/or Platform Policies.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents and Communications forming the basis for any allegation made "upon" or "on" "information and belief" in the Complaint and that You believe supports any of the four potential theories of liability that Judge Chhabria allowed to move forward in his Order Granting in Part and Denying in Part Facebook's Motion to Dismiss (Dkt. 298 at 6-10).

**REQUEST FOR PRODUCTION NO. 40:**

All Documents and Communications Related To any actual, attempted, planned, proposed, contemplated, or completed agreement concerning the allocation of any recovery in the Action between or among You and any Third Party.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents and Communications Related To any actual, attempted, planned, proposed, contemplated, or completed litigation financing Related To the Action.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications Related To any monies, property, loans, or anything else of value provided by a Third Party to You, Your counsel, or anyone else acting in concert with You or Your Counsel, Related To the Action.

Dated: August 31, 2021

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:      */s/ Deborah Stein*
Orin Snyder (pro hac vice)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue

|   |   |
|---|---|
| 1 | Los Angeles, CA 90071-3197 |
| 2 | Telephone: 213.229.7000<br>Facsimile: 213.229.7520 |
| 3 | Joshua S. Lipshutz (SBN 242557) |
| 4 | jlipshutz@gibsondunn.com<br>1050 Connecticut Avenue, N.W. |
| 5 | Washington, DC 20036-5306<br>Telephone: 202.955.8500 |
| 6 | Facsimile: 202.467.0539 |
| 7 | Kristin A. Linsley (SBN 154148)<br>klinsley@gibsondunn.com |
| 8 | Martie Kutscher (SBN 302650)<br>mkutscherclark@gibsondunn.com |
| 9 | 555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921 |
| 10 | Telephone: 415.393.8200<br>Facsimile: 415.393.8306 |
| 11 | *Attorneys for Defendant Facebook, Inc.* |