# Exhibit 19

| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>Orin Snyder (*pro hac vice*)<br>osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035 | GIBSON, DUNN & CRUTCHER LLP<br>Deborah Stein (SBN 224570)<br>dstein@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520 |
| Kristin A. Linsley (SBN 154148)<br>klinsley@gibsondunn.com<br>Martie Kutscher (SBN 302650)<br>mkutscherclark@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | Joshua S. Lipshutz (SBN 242557)<br>jlipshutz@gibsondunn.com<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539 |

*Attorneys for Defendant Facebook, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DEFENDANT FACEBOOK INC.'S THIRD SET OF INTERROGATORIES TO PLAINTIFF JORDAN O'HARA** |

**PROPOUNDING PARTY:**       FACEBOOK INC.

**RESPONDING PARTIES:**      PLAINTIFF JORDAN O'HARA

**SET NO.:**                 THREE

---

FACEBOOK'S THIRD SET OF INTERROGATORIES TO PLAINTIFF JORDAN O'HARA
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26 of the Local Civil Rules of the United States District Court for the Northern District of California, Defendant Facebook, Inc. ("Facebook"), by and through its undersigned counsel, hereby requests that Plaintiff Jordan O'Hara respond to these Interrogatories in writing, and under oath, in the time and manner prescribed by the Federal Rules of Civil Procedure and the Local Rules for the Northern District of California. These Interrogatories must be answered in accordance with the definitions and instructions below.

These Interrogatories are deemed continuing. If Plaintiff subsequently learns of additional information responsive to these Interrogatories, Plaintiff is required to supplement the responses as soon as practicable thereafter. Facebook reserves the right to amend, supplement, and revise these Interrogatories as necessary.

## **DEFINITIONS**

1. The "Action" refers to *In Re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-MD-02843-VC, and all actions consolidated therewith.

2. The term "App" means an interactive software application.

3. The term "Communication" means any transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by oral, written, telephonic, or electronic utterance, notation, or statement of any nature whatsoever, including but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, and agreements.

4. The term "Complaint" means the Second Amended Consolidated Complaint filed in the above-captioned action on August 4, 2020.

5. The term "Device" means any personal computer, tablet, mobile phone, or other electronic device that can be used to access the Internet.

6. The term "Document" means the "original" and each "duplicate" of every "writing" and "recording," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and includes all printed, typed, recorded, photographic, written and graphic matter (including audio or video tape recordings), however printed, coded, stored, produced or reproduced, of any kind or description, whether sent or received or not, and all copies, drafts, or versions thereof which are

1  different in any way from the original (whether by interlineation, date-stamp, handwritten notes, highlighting, indication of copies sent or received, or otherwise), including, but not limited to: any paper, book, account, photograph, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, computer file, electronic mail message (E-mail), text message, report, opinion, investigation, record, transcript, study, note or notation, working paper, summary, diary or calendar, chart, computer software, check, check stub, delivery ticket, invoice, records or recording or summary of any hearing, meeting, telephone or other conversation, or of any interview or of any conference, or any other written, computerized, recorded, transcribed, taped, filmed or graphic matter of which You have or have had possession, custody or control, or of which You have knowledge.

7. "Exhibit A" refers to Exhibit A to these Interrogatories. Exhibit A lists the entities identified in Facebook's amended response dated November 20, 2020 to Plaintiffs' Interrogatory No. 14, which asks: "Identify every Business Partner that had the ability to access the Not Generally Available Content and Information of Facebook Users even if such Facebook Users had not downloaded an App from that Business Partner and time period during which each Business Partner had that ability."

8. "Exhibit B" refers to Exhibit B to these Interrogatories. Exhibit B lists Apps identified in Facebook's amended response dated November 20, 2020 to Plaintiffs' Interrogatory No. 27, which asks: "Identify by name and time period all Third Parties to whom Facebook granted whitelisted access, the time period of the grant of whitelisted access, and the Third Parties for which such access was granted."

9. The terms "Facebook" or "Defendant" refers to Facebook, Inc., the Defendant in this action, and anyone acting on Facebook's behalf, as well as Facebook's platforms, which include www.facebook.com and all Facebook mobile applications.

10. The term "Facebook Account" means any account accessible at www.facebook.com or on any Facebook mobile application, and refers to any and all such accounts that You have opened.

11. The term "Facebook Friend" refers to all Facebook Account holders with whom a user is, or previously was, Friends on the Facebook platform. For the avoidance of doubt, a user's current Facebook Friends are the Facebook Account holders who appear in the section of the user's profile entitled "Friends."

12. The term "Related To" means concerning, describing, referring to, constituting, embodying, reflecting, identifying, stating, evidencing, substantiating and/or being in any way relevant to a given subject.

13. The "Relevant Time Period" refers to the time from January 1, 2007 to December 31, 2019.

14. The term "Third Party" means any person or entity who is not a party named in the Complaint, including, without limitation, any government, government agency, and agent or representative of a government or government agency. "Third Party" does not include the attorneys who represent You in this action or officers, employees, agents, attorneys, or representatives of Facebook.

15. The terms "You" and "Your" refers to Plaintiff Jordan O'Hara and any other person acting on Plaintiff Jordan O'Hara's behalf, including guardians.

16. The term "all" includes "any" and vice versa.

17. The "and" and "or" must be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

18. The use of the past tense includes the present tense and vice versa, as necessary to bring within the scope of each Interrogatory all responses that might otherwise be considered outside its scope. Whenever a term is used in the present, past, future, subjunctive, or other tense, voice, or mood, it includes all other tenses, voices, or moods.

19. The use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

1. You shall restate each Interrogatory in Your written response followed immediately by Your response to each Interrogatory.

2. Answer each Interrogatory separately and under oath. If any answer is based upon information and belief rather than personal knowledge, such answer must state that it is made on that basis.

3. Answer each Interrogatory in good faith and as completely as Your information will permit. Your answers must be based upon Your entire knowledge from all sources, including all information in Your possession, custody, or control.

4. These Interrogatories are to be answered by You with reference to all information which is or may be available to You, or any of Your agents or representatives who are acting or have acted on Your behalf, including Your counsel in this matter.

5. References to any natural person include that natural person's agents, attorneys, representatives, employees, and successors.

6. References to any non-natural person (e.g., corporation, partnership, entity, etc.) include that non-natural person's respective predecessors, successors, divisions, subsidiaries, parents, members, assigns, and affiliates, foreign or domestic, each other person directly or indirectly, wholly or in part, owned by, controlled by, or associated with them, and any others acting or purporting to act on their behalf for any reason, and the present and former officers, directors, partners, consultants, representatives, servants, employees, assigns, attorneys, and agents of any of them.

7. If You contend that any one of the following Interrogatories is objectionable in whole or in part, by claim of privilege or otherwise, state with particularity each objection, the basis for it, and the categories of information sought to which the objection applies, and respond to the Interrogatory insofar as it is not deemed objectionable.

8. If You find the meaning of any term in these Interrogatories unclear, assume a reasonable meaning, state what the assumed meaning is, and respond to the Interrogatory according to the assumed meaning.

9. If no Document or information is responsive to a particular Interrogatory, You shall so state.

10. If You assert a claim of privilege in objecting to an Interrogatory, with respect to each such response or Document withheld, provide a statement setting forth the information necessary for

Defendant to ascertain whether the privilege properly applies, including, but not limited to, describing the matter withheld, stating the privilege being relied upon, and identifying the nature and basis for the claim of privilege. If any portion of any response to these Interrogatories is withheld under a claim of privilege, any non-privileged portion of such response must be produced.

11. These Interrogatories are continuing in nature and, in the event that Your obtain additional information, or if circumstances change so that a response is no longer correct, or a previously asserted objection is no longer available, Your response must be amended.

## INTERROGATORIES

**INTERROGATORY NO. 12:**

Paragraph 240 of the Complaint alleges that "Facebook unlawfully shared [Facebook users'] content and information" with "Apps, Whitelisted Apps, Business Partners, and advertisers." Identify each service or Device that You used during the Relevant Time Period that, to Your knowledge, was offered, provided, sold, distributed, or manufactured by an entity listed in Exhibit A.

**INTERROGATORY NO. 13:**

Paragraph 240 of the Complaint alleges that "Facebook unlawfully shared [Facebook users'] content and information" with "Apps, Whitelisted Apps, Business Partners, and advertisers." Identify by name each App that You used, downloaded, or accessed during the Relevant Time Period that is listed in Exhibit B.

**INTERROGATORY NO. 14:**

Paragraph 240 of the Complaint alleges that "Facebook unlawfully shared [Facebook users'] content and information" with "Apps, Whitelisted Apps, Business Partners, and advertisers." Identify by name each App that You used, downloaded, or accessed during the Relevant Time Period that, to Your knowledge, was offered, provided, sold, distributed, or developed by an entity listed in Exhibit A.

**INTERROGATORY NO. 15:**

Paragraph 240 of the Complaint alleges that "Facebook unlawfully shared [Facebook users'] content and information" with "Apps, Whitelisted Apps, Business Partners, and advertisers." If You know that during the Relevant Time Period one or more of Your Facebook Friends has used a

1  Device, App, or service made available by any entity listed in Exhibit A, identify by name each such
2  Facebook Friend and each such Device, App, or service used by that Facebook Friend.

3  **INTERROGATORY NO. 16:**

4  Paragraph 240 of the Complaint alleges that "Facebook unlawfully shared [Facebook users']
5  content and information" with "Apps, Whitelisted Apps, Business Partners, and advertisers." If You
6  know that during the Relevant Time Period one or more of Your Facebook Friends has used an App
7  listed in Exhibit B, identify by name each such Facebook Friend and each such App used by that
8  Facebook Friend.

9  **INTERROGATORY NO. 17:**

10  Identify all Third Parties with whom You have communicated Related To the Action, the
11  claims raised in the Action, or Your decision, decision-making process, or motivation to participate in
12  the Action.

13  **INTERROGATORY NO. 18:**

14  Identify all Third Parties with whom You have communicated regarding any alleged violation
15  of law, breach of duty, or policy violation by Facebook.

16  **INTERROGATORY NO. 19:**

17  Identify all Third Parties with whom You have communicated regarding Facebook's alleged
18  use, treatment, handling, management, sharing, disclosure, or monetization of Facebook user data.

19  **INTERROGATORY NO. 20:**

20  Describe in detail the harm and any damages You believe you have incurred as a result of
21  Facebook's alleged use, treatment, handling, management, sharing, disclosure, or monetization of
22  Facebook user data and on which Your claims against Facebook in the Action are based.

23  **INTERROGATORY NO. 21:**

24  Identify by Bates number all Documents among those produced in the Action forming the
25  basis for any allegation made "upon" or "on" "information and belief" in the Complaint.

26  **INTERROGATORY NO. 22:**

27  Identify all data storage services, websites, Apps, programs, and Devices that You have used
28  to store Your personal information or data during the Relevant Time Period.

**INTERROGATORY NO. 23:**

Identify any services, Apps, websites, Devices, and programs that You have used during the Relevant Time Period to manage Your Social Media Accounts or to share Your personal information, posts, videos, or photos across Your accounts on multiple Social Media Platforms or Apps.

**INTERROGATORY NO. 24:**

Identify all Third Parties with whom you have communicated Related To any treatment or therapy that You sought or obtained for mental or emotional distress allegedly caused by the conduct You allege in the Complaint.

**INTERROGATORY NO. 25:**

Describe in detail any instance in which You received a Communication from a Third Party Related To an unauthorized disclosure of Your data or a data breach event.

**INTERROGATORY NO. 26:**

For any unauthorized disclosure of Your data or data breach event identified in response to Interrogatory 25, state whether You continued or discontinued Your use of the Third Party's services, product(s), website(s), App(s), or Device(s) upon learning about the disclosure.

**INTERROGATORY NO. 27:**

Describe in detail any instance in which You received a Communication from a Third Party Related To a phishing attempt.

**INTERROGATORY NO. 28:**

Describe in detail any act(s) that You undertook to protect Yourself against identity theft or fraud, including any out-of-pocket costs that You incurred.

**INTERROGATORY NO. 29:**

Identity in detail any monies, property, loans, or anything else of value provided by a Third Party to You, Your counsel, or anyone else acting in concert with You or Your Counsel, Related To the Action.

Dated: August 31, 2021

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:  /s/ *Deborah Stein*
Orin Snyder (pro hac vice)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*