# Exhibit 28

| | |
|---|---|
| **From:** | Chris Springer |
| **To:** | Swanson, Alexander; Matt Melamed; Lesley Weaver; Derek Loeser; Cari Laufenberg; David Ko; Anne Davis |
| **Cc:** | Stein, Deborah L.; Falconer, Russ; Kutscher Clark, Martie; Davis, Colin B.; Mumm, Laura C.; Buongiorno, Matt |
| **Subject:** | RE: In re Facebook - Facebook"s discovery requests |
| **Date:** | Wednesday, January 5, 2022 12:00:16 AM |
| **Attachments:** | Search Terms for Second Set of RFPs to Plaintiffs - Plaintiffs Proposed Revisions 1-4-2022.docx<br>Tyler King Depo Prep Binder Index_Redacted.pdf |

**[WARNING: External Email]**

Alex,

Our responses to the issues you have identified are set forth inline below.

Chris

--
Chris Springer
Keller Rohrback L.L.P.
Phone: (805) 456-1496
Fax: (805) 456-1497
Email: cspringer@kellerrohrback.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

**From:** Swanson, Alexander <ASwanson@gibsondunn.com>
**Sent:** Thursday, December 23, 2021 11:38 AM
**To:** Chris Springer <cspringer@KellerRohrback.com>; Matt Melamed <mmelamed@bfalaw.com>; Lesley Weaver <lweaver@bfalaw.com>; Derek Loeser <dloeser@KellerRohrback.com>; Cari Laufenberg <claufenberg@KellerRohrback.com>; David Ko <dko@KellerRohrback.com>; Anne Davis <adavis@bfalaw.com>
**Cc:** Stein, Deborah L. <DStein@gibsondunn.com>; Falconer, Russ <RFalconer@gibsondunn.com>; Kutscher Clark, Martie <MKutscherClark@gibsondunn.com>; Davis, Colin B. <CDavis@gibsondunn.com>; Mumm, Laura C. <LMumm@gibsondunn.com>; Buongiorno, Matt <MBuongiorno@gibsondunn.com>
**Subject:** In re Facebook - Facebook's discovery requests

Counsel:

We are still awaiting responses from Plaintiffs as to all the issues raised in my letter of December 13, 2021, including those discussed at the mediation on December 16. In particular, Plaintiffs have yet to state their position on the following issues:

- Whether Plaintiffs have applied Facebook's search terms proposed for Facebook's second set

of Requests for Production.  Facebook proposed these search terms three months ago and Plaintiffs have yet to respond in any way.
Plaintiffs' proposed revisions to the second set of search strings proposed by Facebook are attached.

- Facebook's RFP Nos. 31-34, which generally seek documents sufficient to show Plaintiffs' posts to non-Facebook social media platforms that are substantially similar to information that Plaintiffs shared on Facebook that they claim is personal.  Judge Andler instructed Plaintiffs to provide a response on this issue by December 17, but we have yet to receive one.
As a preliminary matter, you misrepresent that Judge Andler instructed Plaintiffs to provide a response on this issue by December 17, whereas instead Judge Andler communicated that "Facebook requests that any additional response be provided by the end of the day 12/17." Having given additional consideration to these requests, Plaintiffs continue to stand on their objections for the reasons set forth in their responses and objections to Facebook's requests as well as our meet and confer discussions on the subject.

- Facebook's Interrogatory Nos. 15-16, which generally ask Plaintiffs to identify certain apps and devices they know their Facebook friends used.
Having given additional consideration to these interrogatories, Plaintiffs continue to stand on their objections for the reasons set forth in their responses and objections to Facebook's interrogatories as well as our meet and confer discussions on the subject. In particular, we note that Facebook is asking Plaintiffs to answer—for each of Plaintiffs' friends—approximately 65 interrogatories with respect to the entities listed on Exhibit A as well as approximately 50 interrogatories with respect to each of the apps listed on Exhibit B. For a Plaintiff with 300 friends, this would be approximately 35,000 interrogatories. The disproportionate burden and oppressiveness of this request is highlighted by the fact that Facebook already has access to the information responsive to this request—Facebook knows what Facebook apps each Plaintiff's friends used and can simply produce this information, without imposing a burden on Plaintiffs that is substantially greater than the burden is on Facebook to access the same information.

- Facebook's RFP No. 22, which generally seeks identification of Plaintiffs' data storage devices and applications.
Understanding that you are referring to Interrogatory No. 22, with the clarification provided in your December 13, 2021 letter, Plaintiffs agree to provide substantive responses to this interrogatory.

- Facebook's RFP Nos. 27 and 29, which seek documents sufficient to show identifying information for Plaintiffs' social media accounts.
In consideration of our meet and confer discussions on this subject, Plaintiffs agree to produce responsive and non-privileged documents that are located after a reasonable, good faith search. With respect to the requested lists of friends, followers, or subscribers, Plaintiffs plan to redact any such documents so that the number but not the identities of any friends, followers, or subscribers may be determined, in accordance with the objections Plaintiffs have raised regarding privacy and relevance.

In addition, please state by January 4, 2022 whether Plaintiffs agree that the parties are at impasse with respect to Plaintiffs' Rule 26 damages disclosure.
Plaintiffs do not agree that the parties are at impasse with respect to this issue, and agree to

supplement their Rule 26 damages disclosure next week. We note that Plaintiffs' ability to supplement their damages disclosure is limited by Facebook's ongoing refusal to produce the documents and information we have requested on this subject.

We also note that Facebook has repeatedly refused to supplement its initial disclosures, and repeat our request that Facebook supplement its initial disclosures once again. Please let us know whether you agree that we are at impasse with respect to this issue so we may proceed accordingly.

Further, both Plaintiffs Senko and King testified at their depositions that they had reviewed documents that refreshed their recollection as to the matters at issue in this litigation. Please produce all such documents by January 4, 2022.

With respect to the deposition of Plaintiff Senko, we have identified the following documents, both of which are available online and are referenced in the Second Amended Complaint:

- https://web.archive.org/web/20121205191915/https://www.facebook.com/legal/terms
- https://web.archive.org/web/20140710224014/https:/www.facebook.com/full_data_use_policy

With respect to the deposition of Plaintiff King, we refer you to the index provided on December 20, 2021, which lists all non-privileged documents contained in the binder she had during her deposition. That is reattached here. The Bates numbers for the Facebook-produced documents Ms. King referred to at her deposition are: FB-CA-MDL-00001068, FB-CA-MDL-00001093, FB-CA-MDL-01128018, FB-CA-MDL-01198475, and FB-CA-MDL-02089985.

Please let us know if there are any additional documents that you believe are responsive to this request.

**Alexander P. Swanson**

GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7907 • Fax +1 213.229.6907
ASwanson@gibsondunn.com • www.gibsondunn.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.