# Exhibit 46

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

December 13, 2021

<u>VIA ELECTRONIC MAIL</u>

Lesley Weaver
Bleichmar Fonti & Auld LLP
555 12th Street, Suite 1600
Oakland, CA 94607

Derek W. Loeser
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Re:    *In re Facebook, Inc. Consumer Privacy User Profile Litigation*

Counsel:

I write to follow up on issues we discussed at our November 9, 2021 meet and confer concerning Plaintiffs' responses and objections to Facebook's third set of interrogatories and second set of requests for production ("RFPs"). We look forward to discussing these issues at the mediation scheduled for December 16 and welcome any response you may have before then.

**Interrogatory Nos. 15 – 16.** These interrogatories generally ask Plaintiffs to identify the apps and devices listed in Exhibits A and B to the interrogatories that Plaintiffs know their Facebook friends used. As we explained at the meet and confer, this information is plainly relevant to the core allegation in Plaintiffs' case: that third party app developers and device makers gained access to Plaintiffs' personal information through their friends' use of third-party apps and devices. And we further explained that Plaintiffs' *knowledge* of their friends usage of such apps, and thus Plaintiffs' awareness of the alleged potential for disclosure of their information to third parties, is relevant to whether they can claim a privacy injury from such disclosure. Even if Facebook could identify every app and device used by every one of Plaintiffs' Friends (current and former) during the relevant time period, Facebook would still not know what Plaintiffs knew of their friends' app/device usage.

At the meet and confer, you stated you would consider the relevance points we raised and get back to us on your objections. Please let us know if Plaintiffs will continue to refuse to respond to Interrogatory Nos. 15 and 16.

**Interrogatory No. 22.** This interrogatory asks Plaintiffs to "Identify all data storage services, websites, Apps, programs, and Devices that You have used to store Your personal information or data during the Relevant Time Period." At the meet and confer, you asked if

**GIBSON DUNN**

Lesley Weaver
December 13, 2021
Page 2

we could clarify or narrow the scope of this request.  To clarify, we are not seeking identification of every website, program, etc. that happens to store some of a plaintiff's data. Rather, this interrogatory seeks identification of apps, services, and devices specifically dedicated to data storage, such as iCloud or DropBox, which Plaintiffs deliberately used for that purpose.  Further, "personal information" has the meaning that Plaintiffs give it in the SACC. *See, e.g.*, SACC ¶ 167.

Given this clarification, please indicate whether Plaintiffs will provide substantive responses to Interrogatory No. 22.

**Request for Production Nos. 27 and 29.**  These RFPs concern basic information regarding Plaintiffs' non-Facebook social media accounts.  Plaintiffs' stood on their objections and refused to produce responsive documents.  During the November 9, meet and confer, you stated you would review and identify categories of information that you would be willing to produce and explain the basis of your objections to the remaining categories.   Please confirm that Plaintiffs will produce responsive documents.

**Request for Production Nos. 31 – 34.**  These RFPs generally seek documents sufficient to show off-Facebook social media posts that are substantially similar to personal family photos or videos and personal perspectives on politics, religion, relationships, work, and family that Plaintiffs shared on Facebook, as well as documents sufficient to show the privacy settings for such off-Facebook posts.  Plaintiffs stood on their objections to these requests.

At the meet and confer call, you argued that the term "substantially similar" was too vague. We offered to consider whether we could provide a more specific definition and/or examples. Our ability to provide a more specific definition is limited by Plaintiffs' own refusal to clearly distinguish the information on their accounts that is sensitive and private, such that they allegedly suffered a privacy injury from its disclosure, from information that is not sensitive and private.   Nevertheless, we can clarify that "substantially similar" means "depicting or discussing the same or nearly the same subject matter."  For example, if a plaintiff shared a "personal" family photograph on Facebook,[1] then other photographs showing the same group of family members at the same gathering would be "substantially similar."  If a plaintiff shared a personal perspective on the 2016 presidential election, then other comments expressing the same opinion, albeit with some variation in word choice, would be "substantially similar."

With this clarification, please indicate whether Plaintiffs will provide documents responsive

---

[1]  For each Named Plaintiff, the SACC alleges that unauthorized disclosure of such "personal" images constitutes part of the basis for Plaintiffs' claims against Facebook.  *See, e.g.*, SACC ¶¶ 167-170.

**GIBSON DUNN**

Lesley Weaver
December 13, 2021
Page 3


to RFP Nos. 31 to 34.

**Search Term Proposal.**  We asked when we could expect a response to our search term proposal for our second set of RFPs which we provided to Plaintiffs on September 24, 2021—more than two months ago.  You told us at the meet and confer that you would respond in short order but have yet to do so.

**Definition of "You."**  Plaintiffs' objected to the definition of "You" in Facebook's second set of RFPs to the extent it includes "Plaintiffs' counsel in this" litigation and "individuals employed and retained by Plaintiff's counsel in this litigation."  Plaintiffs' also objected to the definition of "You" in their responses and objections to Facebook's third set of interrogatories as "overbroad" as it "includes Plaintiffs "counsel in this matter."

Facebook's concern is that by excluding Plaintiffs' counsel from the definition of "You," Plaintiffs are excluding from their discovery responses documents and information known to and/or in possession of their attorneys that may not be specifically known to or in possession of the Plaintiffs themselves.  For example, Facebook's RFP No. 35 seeks "[a]ll Communications between You and any Third Party Related To the Action, or the claims raised therein."  Likewise, Facebook's Interrogatory No. 17 asks Plaintiffs to "Identify all Third parties with whom You have communicated regarding Related To the Action, the claims raised in the Action, or Your decision, decision-making process, or motivation to participate in the Action."  With Plaintiffs' unilaterally modified definition of "You," their responses to these requests would improperly exclude *counsel's* communications with third parties.  *See also*, *e.g.*, Interrogatory No. 29.  A party cannot withhold discoverable information on the ground that it is solely within the knowledge of the party's attorney. *Hickman v. Taylor*, 329 U.S. 495, 504 (1947); *accord*, Wright & Miller Federal Practice and Procedure, § 2177 ("A party must disclose facts in its attorney's possession even though the facts have not been transmitted to the party.").

During the meet and confer, you stated you are not aware of anything being withheld on these grounds, but that you would confirm.  Please let us know if Plaintiffs have withheld from any of their responses to Facebook's discovery request any responsive documents or information on the ground that such information is in the exclusive possession of Plaintiffs' counsel.

Sincerely,

Alexander P. Swanson