Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*[Additional counsel listed on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC |
| This document relates to:<br><br>ALL ACTIONS | **DECLARATION OF LESLEY E. WEAVER IN SUPPORT OF FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**<br><br>**CIVIL L.R. 7-11 and 79-5(f)**<br><br>Judge:  Hon. Vince Chhabria and Hon. Jacqueline Scott Corley<br>Courtroom:  4, 17th Floor |

I, Lesley E. Weaver, declare and state as follows:

1.      I am Partner-in-Charge of the California office of Bleichmar Fonti & Auld LLP, head of its consumer and antitrust practice, and co-lead counsel to plaintiffs in *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, No. 18-md-02843-VC-JSC (N.D. Cal.). I am a member in good standing of the bar of the State of California and of the United States District Court for the Northern District of California.

2.      I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

3.      I submit this declaration in accordance with Civil Local Rules 79(c)(1) and (f)(3) as an attorney for the "Designating Party," as that term is used in those Rules. This declaration is made in support of Facebook, Inc.'s Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed, Dkt. No. 913.

4.      I have reviewed the documents that Defendant seeks to file under seal pursuant to Civil Local Rule 79-5(f). I submit that there is good cause to seal the following information, which have been designated "Confidential" by Plaintiffs:

|   | Document | Portions Sought to be Sealed |
|---|---|---|
| 1 | Declaration of Deborah Stein ISO Opposition of Facebook, Inc., Gibson Dunn & Crutcher LLP, and Orin Snyder to Plaintiffs' Motion for Sanctions | Portions of paragraphs 12c.–d., 15.qq. |
| 2 | Ex. 41 to the Declaration of Deborah Stein | Ex. C to Ex. 41 |
| 3 | Ex. 43 to the Declaration of Deborah Stein | Entire document |

5.      The above documents, or portions thereof, contain Plaintiffs' personally identifiable information, Plaintiffs' private web browsing history, and Plaintiffs' private information collected and inferred from their interactions on and off the Facebook platform.

6.      Although there is "a general right to inspect and copy public records and documents, including judicial records and documents," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

& n.7 (1978), the presumption of public access can be overcome where the sealing party "articulate[s] compelling reasons supported by specific factual findings . . . that outweigh . . . public policies favoring disclosure such as the public interest in understanding the judicial process." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). Courts "must 'conscientiously balance the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

7.      Compelling reasons to seal include protecting "an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal., Nov. 1, 2007) (permitting redaction of home addresses and financial account information) (citing *Foltz*, 331 F.3d at 1134 [acknowledging privacy interests implicated by sensitive, personally identifying information]); *Pension Plan for Pension Tr. Fund for Op. Eng'rs v. Giacalone Elec. Servs., Inc.*, No. 13-CV-02338-SI, 2015 WL 3956143, at *10 (N.D. Cal. June 29, 2015) (finding a sufficiently compelling reason to seal personally identifying information). Account names, purchasing or consuming histories or tendencies, web browsing history, and application activity, are defined as "personal information" protected under the California Consumer Privacy Act of 2018 ("CCPA"), see Cal. Civ. Code § 1798.140(v)(1). The Ninth Circuit also now recognizes a privacy interest in web browsing history and associated cookies and identifiers. *See, e.g., In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) (privacy harm arising from alleged non-consensual tracking and collection of plaintiffs' browsing history on third-party sites); *accord*, *Henson v. Turn, Inc.*, 15-cv-1497-JSW-JB, 2018 WL 5281629 (N.D. Cal. Oct. 22, 2018) (approving limits on discovery of web browsing history and cookies because of privacy implications).

8.      The above, narrowly defined information Plaintiffs seek to redact falls squarely within these definitions. Accordingly, Plaintiffs request that the Court grants Defendant's Administrative Motion to Seal, Dkt. No. 913, with respect to the documents and portions identified above.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 19th day of April 2022, in Oakland, California.

Dated: April 19, 2022

By:   */s/ Lesley E. Weaver*
Lesley E. Weaver

## CERTIFICATE OF SERVICE

I, Lesley E. Weaver, hereby certify that on April 19, 2022, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

*/s/ Lesley E. Weaver*
Lesley E. Weaver
