| | |
|---|---|
| Derek W. Loeser (admitted *pro hac vice*)<br>KELLER ROHRBACK L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel.: (206) 623-1900<br>Fax: (206) 623-3384<br>dloeser@kellerrohrback.com | Lesley E. Weaver (SBN 191305)<br>BLEICHMAR FONTI & AULD LLP<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com |

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC |
| This document relates to:<br><br>ALL ACTIONS | **DECLARATION OF LESLEY E. WEAVER AND DEREK W. LOESER IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Judge: Hon. Vince Chhabria<br>Hon. Jacqueline Scott Corley<br>Special Master Daniel Garrie<br>Courtroom: 4, 17th Floor<br>Hearing Date: May 19, 2022<br>Hearing Time: 10:00 a.m. |

I, Derek W. Loeser, and I, Lesley E. Weaver, declare and state as follows:

1. Derek W. Loeser is a partner at the law firm of Keller Rohrback L.L.P. and Lesley E. Weaver is a partner at the law firm of Bleichmar Fonti & Auld LLP. We are Co-Lead Counsel for Plaintiffs in the above-captioned matter.

2. We have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

## I. TESTIMONY REGARDING ADI-RELATED DELAYS IN 2020

3. The account Facebook gives of its conduct in summer 2020, Opp'n to Pls.' Mot. for Sanctions at 17:3–9, is inaccurate. The truth is as follows. Facebook tried to convince Judge Corley to defer consideration of the ADI dispute until Plaintiffs had reviewed documents—only some of which had been produced thus far. That Facebook made this argument—and admitted that it had not produced all the documents it insisted that Plaintiffs review before the ADI dispute could move toward resolution—is shown by the transcript of the July 13, 2020 hearing before Judge Corley, a true and correct copy of which is excerpted and attached hereto as Exhibit 69. *See* Ex. 69 at 24:20–25, 25:10–13, 26:14–22. Judge Corley rejected Facebook's argument, stating that there was no need to wait to resolve the ADI dispute until Facebook had produced all the documents it wanted Plaintiffs to review. *Id.* at 37:2–3.

4. Facebook's statements about another ADI-related delay in 2020, Opp'n to Pls.' Mot. for Sanctions at 17 n.8, are misleading. After Judge Corley suggested that the ADI dispute be resolved using a subset of ADI documents and Plaintiffs provided Facebook with a written proposal about how to select and present that subset to the Judge, Facebook took more than a month to respond with a written counterproposal of their own. This is clear from a stipulation signed by both sides. ECF No. 513, ¶¶ 3–4. Facebook says, however, that Plaintiffs have

admitted that Facebook took only ten days to outline a proposal for selecting and presenting the subset of ADI documents. Opp'n to Pls.' Mot. for Sanctions at 17 n.8; *see* ECF No. 495 at 2. This outline, however, was given during an *oral* meet-and-confer session. On its own, an oral outline was not useful, because it was a detailed *written* counterproposal (and eventually a written stipulation) that was needed. Indeed, due to the delay, Judge Corley eventually had to formally order the parties to submit a written stipulation. This is clear from the transcript of a September 4, 2020 hearing, a true and correct copy of which is excerpted and attached as Exhibit 70. *See* Ex. 70 at 4:15–20.

## II. TESTIMONY REGARDING FACEBOOK'S SEARCH FOR ADI DOCUMENTS

5. Since the motion for sanctions was filed in mid-March, we have learned more about the search for ADI documents that Facebook undertook in response to the Special Master's December 2021 and January 2022 orders.

6. Except where otherwise noted, we first learned these facts about the ADI search in late March or early April, through conversations with Facebook's counsel. Thus, we learned these facts *after* Facebook's counsel informed us by email on March 10 that Facebook had completed its production of documents in response to the Special Master's December 20, 2021 and January 31, 2022 orders. A true and correct copy of that email is attached as Exhibit 71.

7. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

8. ███████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
█████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████████████████

9. █████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████

10. ████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████

11. ██████████████████████████████████████████████████████
████████████████████████████████████████████████

12. ██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████

13. ██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████

14. Facebook claims that this forthcoming ADI production goes beyond what Special Master Garrie and this Court ordered Facebook to produce. *See* Opp'n at 13–14. This is not true. On Jan. 31, 2022, Special Master Garrie ordered: "Facebook is to produce all documents relating to the ADI from all custodians that the parties have identified and collected," subject to other conditions set forth in the Order that are not relevant here. These conditions did not include date or custodian limitations. *See* Jan. 31 ADI Order, ¶ 20. Likewise, the Court has now ordered Facebook to produce ADI documents to the present, without limiting what the Special Master previously ordered.

15. Finally, Facebook touts its production in 2020 of its communications with app developers. Opp'n at 6:24–7:1, 14:4–8. ███████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████

### III. TESTIMONY REGARDING NAMED PLAINTIFF DATA

16. Since the motion for sanctions was filed in mid-March, we have learned more about the Facebook's sources of Named Plaintiff data that provides additional substantiation for Plaintiffs' motion for sanctions.

17. On March 22, 2022, the Special Master issued the Order Following March 9, 2022 Hearing Regarding Plaintiffs' Motion to Compel Production of Plaintiff Data ("March 22 Order"). A true and correct copy of the March 22 Order is attached at Ex. 72.

18. In the March 22 Order, the Special Master ordered Facebook to submit answers to a series of written questions by April 1, 2022. *Id.* at 2-3. Among other things, the order required Facebook to:

    A. "Identify a list of Hive tables," i.e., tables of information stored in a proprietary Facebook database called Hive, "containing columns that store a UID, RID, SID, ASID, or other means of identifying a Facebook user" during "the relevant time period." *Id.* at 2.

      B.      Answer how ads interests are associated with a particular user. *Id.* at 3.

19. Facebook asked for and received an extension of time to respond to the March 22 Order, and provided them on April 11, 2022. A true and correct copy of Facebook's April 11, 2022 submission is attached at Ex. 73.

20. In Facebook's April 11, 2022 response, it provided information responsive to the two points above in the following way:



      A.      [REDACTED]

      B.      [REDACTED]

21. In the March 22 Order, the Special Master also ordered Facebook to submit, by April 11, 2022, "a proposed protocol for producing named Plaintiff user data pursuant to Judge Corley's Discovery Order No. 9 (Dkt. 557) beyond what has been produced to date." Ex. 72 at 1.

22. Facebook asked for an received an extension to the deadline by which it had to provide a response, which it filed on April 18, 2022. A true and correct copy of Facebook's April 18 submission is attached at Ex. 74.

23. In Facebook's April 18 submission, Facebook responded to the Special Master's requirement that it submit documentation sufficient to describe the data collected both on or off

platform or provided by Third Parties in specific scenarios. *See* Ex. 72 at 3-4 (March 22 Order); Ex. 74 at 6-7 (Facebook's April 18 submission).

24. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

### IV. TESTIMONY RELEVANT TO DEPOSITION MISCONDUCT

25. Before Facebook filed a motion to compel answers to interrogatories, the Named Plaintiffs had already disclosed to Facebook their profile names or user handles on other social media.

### V. OTHER EXHIBITS

26. Attached hereto as Exhibit 75 is a true and correct copy of an email from Daniel Garrie to counsel in this action dated October 15, 2021, 10:47 am.

27. Attached hereto as Exhibit 76 is a true and correct copy of the transcript of a hearing held in this action on October 20, 2021.

28. Attached hereto as Exhibit 77 is a true and correct copy of excerpts from the transcript of a hearing held in this action on January 11, 2022.

29. Attached hereto as Exhibit 78 is a true and correct copy of excerpts from the transcript of a hearing held in this action on February 10, 2022.

30. Attached hereto as Exhibit 79 is a true and correct copy of excerpts from the transcript of a hearing held in this action on March 30, 2022.

31. Attached hereto as Exhibit 80 is a true and correct copy of Facebook's Motion to Compel Production of Documents in Response to Requests for Production Nos. 31-34, filed in this action.

32. Attached hereto as Exhibit 81 is a true and correct copy of Facebook's Motion to Compel Responses to Interrogatories 15-16.

33. Attached hereto as Exhibit 82 is a true and correct copy of Plaintiffs' Opposition to Facebook's Motion to Compel Responses to Interrogatories 15-16.

34. Attached hereto as Exhibit 83 is a true and correct copy of Reply in Support of Facebook's Motion to Compel Responses to Interrogatories 15-16.

35. Attached hereto as Exhibit 84 is a true and correct copy of an email from Martie Kutscher Clark to numerous counsel in this action, dated February 14, 2022 3:06 pm.

36. Attached hereto as Exhibit 85 is a true and correct copy of an email from Benjamin Gould to Martie Kutscher Clark and other counsel in this action, dated February 16, 2022 10:39 am.

37. Attached hereto as Exhibit 86 is a true and correct copy of an email from Laura C. Mumm to Gail Andler and Daniel Garrie among others, dated January 12, 2022 7:52 pm.

38. Attached hereto as Exhibit 87 is a true and correct copy of an email from Colin B. Davis to Matthew Melamed among others, dated April 21, 2022 8:39 pm.

We each declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of our knowledge.

Dated April 25, 2022.

By: _____  
Derek W. Loeser

By: _____  
Lesley E. Weaver

At: ___Seattle, Washington___

At: ___Oakland, California___