# Exhibit 80

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:19-CV-04591-VC<br><br>**FACEBOOK'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO REQUESTS FOR PRODUCTION NOS. 31–34**<br><br>Discovery Special Master: Daniel Garrie, Esq. |

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | PROCEDURAL BACKGROUND | | 2 |
| III. | ARGUMENT | | 3 |
| | A. | RFP Nos. 31 through 34 are relevant and proportional to the needs of the case. | 4 |
| | 1. | Plaintiffs' sharing of purportedly private or sensitive information on other social media platforms is relevant to the central issue in this action | 4 |
| | 2. | The discovery sought is proportional. | 6 |
| | B. | Plaintiffs' privacy objection is baseless. | 9 |
| IV. | CONCLUSION | | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Athwal v. Nijjer*,
 No. C17-00740, 2018 WL 1156233 (W.D. Wash. Mar. 5, 2018) ..................................................7

*Benedict v. Hewlett-Packard Co.*,
 No. 13–CV–0119, 2013 WL 3215186 (N.D. Cal. June 25, 2013) ................................................10

*Bond v. Arrowhead Reg'l Med. Ctr.*,
 No. ED CV 11–2057, 2013 WL 12330716 (C.D. Cal. Aug. 12, 2013) .......................................10

*In re Subpoena to PayPal Holdings, Inc.*,
 No. 20-mc-80041, 2020 WL 3073221 (N.D. Cal. June 10, 2020) ..................................................4

*VeroBlue Farms USA Inc. v. Wulf*,
 No. 3:19-cv-764, 2021 WL 5176839 (N.D. Tex. Nov. 8, 2021) ....................................................7

**Rules**

Fed. R. Civ. P. 26 .............................................................................................................................4, 6

## I. INTRODUCTION

With less than two weeks before the parties' document productions are to be substantially complete, Plaintiffs persist in their refusal to undertake more than a minimal effort to produce plainly relevant documents that are crucial to Facebook's defense. Facebook propounded its second set of Requests for Production (RFPs) nearly five months ago, seeking, among other things, documents sufficient to show information that Plaintiffs shared on other social media platforms that is substantially similar to information they claim Facebook improperly disclosed in a manner that caused compensable injury to their privacy interests. Plaintiffs took more than seven weeks to serve boilerplate objections of proportionality and privacy to the requests at issue.

Plaintiffs' objections are meritless. Their claim that they suffered privacy injuries from allegedly unauthorized disclosure of information they shared on Facebook rests on an assumption that the disclosed information—which Plaintiffs vaguely describe as private family photographs and videos and "personal perspectives" on politics, religion, relationships, work, and family—was, in fact, private. Facebook is entitled to conduct discovery to test Plaintiffs' claims of privacy. The requests at issue here—RFP Nos. 31 through 34—are pertinent to that test because they seek production of information Plaintiffs shared outside Facebook that they claim was private when they shared it on Facebook. For example, if a plaintiff claims that their "personal perspectives" on politics shared on Facebook were sensitive such that a privacy injury occurred when that information was disclosed to third parties, the jury deserves to know if the plaintiff tweeted those same "personal perspectives" to thousands of Twitter followers. These requests are therefore directly relevant to one of the most fundamental questions in this action: whether Plaintiffs were actually injured by the alleged disclosure of their Facebook information to third parties.

Plaintiffs cannot avoid this discovery by claiming that producing responsive documents is too burdensome. As Plaintiffs have been keen to point out when seeking voluminous document discovery from Facebook, the "issues at stake are of paramount importance," and thus outweigh concerns that discovery of relevant information is overly burdensome. Pls.' Mot. to Compel M. Zuckerberg and S. Sandberg as Document Custodians, Sept. 22, 2021, at 11, 12 ("MZ/SS Cust. Mot."). Although they have avoided offering more than vague, open-ended descriptions of the scope

of "private" information at issue in this case, Plaintiffs have had years to identify the supposedly private information within their own Facebook accounts. They should thus have little trouble reviewing their other social media accounts for similar content. Nor can Plaintiffs stand on privacy objections, either with respect to their own privacy interests or those of third parties. In the unlikely event that responsive documents contain information that raises genuine privacy concerns for third parties or Plaintiffs, these can be addressed on a case-by-case basis pursuant to the protective order governing discovery in this action.

For these reasons, Plaintiffs should be compelled to provide full and complete responses to Facebook's RFP Nos. 31 through 34 without further delay.

## II.   PROCEDURAL BACKGROUND

Facebook served its Second Set of Requests for Production on August 31, 2021. In general, RFP Nos. 31 to 34 are aimed at discovering the instances in which Plaintiffs shared on other social media platforms the same or similar information they claim they shared privately on Facebook. RFP No. 31 asks Plaintiffs to produce documents "sufficient to show" posts to their off-Facebook social media accounts that "depict any personal family photographs or videos that are substantially similar to any personal family photographs or videos the Plaintiff shared on Facebook." RFP No. 32 asks for documents "sufficient to show any privacy settings or restrictions placed" on those posts. RFP No. 33 has the same structure as No. 31, but focuses on Plaintiffs' "personal perspectives regarding politics, religion, relationships, work, and family."[1] And, like RFP No. 32, RFP No. 34 seeks the privacy settings or restrictions for such posts. Ex. A.

Ten days before Plaintiffs' responses to these requests were due, Plaintiffs sought a three-week extension, and Facebook agreed. Plaintiffs finally served their objections and responses to the RFPs on October 21, 2021. They objected to RFP Nos. 31 to 34 as not relevant and "overbroad, unduly burdensome, and not proportionate to the needs of the case." Plaintiffs also objected to RFP Nos. 31 and 33 on the grounds that they "unduly violate[] Plaintiff's and/or third parties' right(s) to

---

[1]  RFP Nos. 31 and 33 respectively incorporate Interrogatory Nos. 4 and 5, which ask Plaintiffs to identify the social media platforms other than Facebook they have used to share personal family photographs and videos and personal perspectives regarding politics, religion, relationships, work, or family. Ex. B.