# Exhibit 83

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:19-CV-04591-VC<br><br>**REPLY IN SUPPORT OF FACEBOOK'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES 15–16**<br><br>Discovery Special Master: Daniel Garrie, Esq. |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. **Plaintiffs' knowledge of the apps and devices used by their Facebook friends is relevant to their claim that they suffered a privacy injury from unauthorized disclosure.** ............................................................................... 2

        1. The interrogatories are relevant to whether Plaintiffs can prove a privacy injury resulting in emotional distress. ............................................. 2

        2. The interrogatories are probative of the credibility of Plaintiffs' privacy injury claims. ....................................................................................... 3

    B. **Plaintiffs overstate and fail to substantiate the burden of responding to Interrogatories 15 and 16.** ........................................................................ 5

III. CONCLUSION ............................................................................................................... 6

## I.  INTRODUCTION

Interrogatories 15 and 16 are simple.  They ask Plaintiffs to review two lists of apps and devices and identify the ones they *know* their Facebook friends used.  These interrogatories are significant because, according to Plaintiffs' theory of the case, developers and partners who made the apps and devices on this list were able to access Plaintiffs' supposedly sensitive Facebook data through their friends.  Yet, while Plaintiffs continue a scorched-earth discovery campaign to dig up every last document relating to more than a decade of Facebook's operations, they refuse to provide this basic information about their claims and suggest it is too burdensome for Named Plaintiffs to a putative nationwide class action to spend a few hours identifying devices and apps they know their friends used.  Discovery is a two-way street.  Given Plaintiffs' wildly overbroad view of the scope of this case, it is shocking that Plaintiffs claim their knowledge of the third parties with whom their friends may have shared their supposedly sensitive data is somehow not relevant to their privacy claims or too burdensome to write down.  The Special Master should reject these arguments and order Plaintiffs to respond to Interrogatories 15 and 16 in full.

Plaintiffs argue that their personal knowledge of the apps and devices used by their friends has no bearing on their allegations that they suffered intangible privacy injuries, contending that they can prove that they suffered privacy injuries that caused them emotional distress without even knowing that such an injury actually occurred.  Plaintiffs are wrong.  Plaintiffs' knowledge of whether the data at issue was actually disclosed, the extent of the disclosure, and to whom the data was disclosed, is directly relevant to the existence of their alleged privacy injury and emotional distress and critical to the severity, reasonableness, and credibility of their alleged injury.

Nor is there any merit to Plaintiffs' suggestion that responding to Interrogatories 15 and 16 would be disproportionately burdensome.  To answer these interrogatories, each Named Plaintiff would merely need to review two lists of apps and devices and identify the ones that they *know* their Facebook friends used.  It is difficult to conceive of how this exercise could possibly be too burdensome for the Named Plaintiffs to complete, and Plaintiffs offer no evidence—as required—to support this assertion.  Plaintiffs acknowledge that Facebook is not asking the Named Plaintiffs to answer Interrogatories 15 and 16 beyond their own current personal knowledge.  A few hours of

thinking about the apps and devices they *know* their friends used is trivial in the context of this case—particularly compared to the discovery burdens Plaintiffs have imposed on Facebook—and it is not a burden that could outweigh even a request for marginally relevant information. Interrogatories 15 and 16 go to the heart of Plaintiffs' core claim of injury and the Special Master should order Plaintiffs to answer them.

## II.     ARGUMENT

### A. Plaintiffs' knowledge of the apps and devices used by their Facebook friends is relevant to their claim that they suffered a privacy injury from unauthorized disclosure.

Information is relevant if it "has any tendency" to make a fact "of consequence in determining the action" more or less probable than it would be without the information. Fed. R. Evid. 401. Courts liberally construe relevance in favor of permitting discovery. *Wit v. United Behav. Health*, No. 14-CV-02346-JCS, 2016 WL 258604, at *10 (N.D. Cal. Jan. 21, 2016) ("Traditionally, the relevance requirement of Rule 26(b)(1) has been construed broadly.")  As explained in Facebook's motion, Plaintiffs' knowledge about their Facebook friends' usage of certain apps and devices is relevant for two reasons:  (i) the existence and reasonableness of Plaintiffs' alleged privacy injuries; and (ii) the credibility of Plaintiffs' claims that information supposedly disclosed was particularly private and its alleged release genuinely troubling.  Plaintiffs' opposition fails to establish that the information responsive to Interrogatories 15 and 16 has no tendency to make their claim that they were harmed by Facebook's alleged disclosure of their private information more or less probable.

### 1. The interrogatories are relevant to whether Plaintiffs can prove a privacy injury resulting in emotional distress.

Plaintiffs' personal knowledge that their friends used certain apps and devices—and therefore may have shared their supposedly sensitive Facebook data with specific app developers and device manufacturers—is relevant to the existence and severity of Plaintiffs' claimed injury. Mot. at 4. Plaintiffs' response to this argument conflates what is needed to state a claim at the motion-to-dismiss stage with the *facts* Plaintiffs must show to prove that claim at trial; Plaintiffs make the remarkable suggestion that they can *prove* a privacy injury at trial even if they do not know that an unauthorized disclosure of their information even could have occurred, let alone actually did occur.  At trial, Plaintiffs will bear the burden to prove they suffered an actual injury, and their knowledge, if any, of

the disclosures that they claim caused their injuries is relevant to that proof. Facebook is certainly entitled to test that knowledge by propounding interrogatories seeking information about Plaintiffs' knowledge of their friends' app usage.

Further, the alleged emotional harm that Plaintiffs claim to have suffered is entirely subjective and based on their purported sudden realization that third parties gained access to information they did not intend to share. For example, Plaintiffs allege that they "suffered emotional distress, including anxiety, concern, and unease about unauthorized parties viewing and using [their] content and information for improper purposes." SACC ¶¶ 34, 51, 59, 68, 76, 100, 132, 147, 171. The truth, reasonability, and compensability of these claims depend on the extent to which Plaintiffs knew their information had been improperly disclosed to third parties. *See Christensen v. Sup. Ct.*, 54 Cal. 3d 868, 901 (1991) (holding that claims for emotional distress damages must be based on "substantial certainty" that the alleged wrongful conducted specifically affected the plaintiff, as opposed to "a generalized concern . . . arising out of a media report of a pattern of misconduct"); Restatement (2d) of Torts § 652H, cmt. b (1977) ("The plaintiff may also recover damages for emotional distress or personal humiliation that he proves to have been actually suffered by him, if it is of a kind that normally results from such an invasion and it is normal and reasonable in its extent."). An allegation of "emotional distress" becomes less tenable where discovery reveals it stems from a generalized suspicion that private information might have been disclosed, rather than knowledge, grounded on facts, that such disclosure actually occurred. *See Christensen*, 54 Cal. 3d at 902 (explaining that "[t]he source of a plaintiff's knowledge of misconduct which cannot be readily observed, and the time at which the knowledge was acquired . . . go to the reasonableness of a plaintiff's claim to have suffered severe emotional distress and thus present issues for the trier of fact"). Interrogatories 15 and 16 seek information Facebook needs to test whether Plaintiffs' claims of an intangible privacy injury severe enough to cause emotional distress rest on speculation or fact.

    **2. The interrogatories are probative of the credibility of Plaintiffs' privacy injury claims.**

Interrogatories 15 and 16 are relevant for the additional reason that they seek information relating to Plaintiffs' efforts to understand the extent to which their private information could have

been disclosed to third parties. Mot. at 4-5. Whether Plaintiffs took steps to understand the extent of any disclosure of their supposedly sensitive information goes directly to the credibility of Plaintiffs' claims that they suffered emotional distress upon realizing that their friends may have shared information from their Facebook profiles with third parties through friend sharing. If Plaintiffs genuinely experienced distress upon learning that third party developers of apps and devices accessed information that they shared with their friends, one would reasonably expect Plaintiffs to look into—or at least spend some time thinking about—which apps or devices could have exposed their private information. Interrogatory responses demonstrating that the Named Plaintiffs never looked into their friends' app and device usage makes their claim that friend sharing caused them emotional distress substantially less credible.

Plaintiffs respond to this point in two ways, neither of which is persuasive. First, Plaintiffs argue that they did not know the identities of the business partners and whitelisted apps that allegedly gained access to their data. Opp. at 6. This argument misses the point. Plaintiffs allege that Facebook allowed their friends' devices and apps to access Plaintiffs' data; Facebook is merely asking Plaintiffs to identify the devices and apps they *know* their friends used (and therefore believe accessed their data). It is also not true that Plaintiffs did not know about the apps and devices at issue. Many of the so-called whitelisted apps identified in Exhibit B referenced in Interrogatory 16 were known to Plaintiffs at least as early as June 2018, according to their complaint. Sept. 21, 2018 Consolidated Compl. ¶¶ 164-165 (listing, e.g., Coffee Meets Bagel, Dingtone, Endomondo, Garena, Hearsay, Hinge, Hootsuite, Nike, Nimbuzz, Spotify, Sprinklr, and other apps identified in a June 29, 2018 letter from Facebook to Congress). Plaintiffs likewise claimed knowledge of numerous business partners identified in Exhibit A referenced in Interrogatory 15 at least as early as June 2018. *Id.* ¶¶ 169-170 (referring to 52 business partners, including Apple, Amazon, Blackberry, Microsoft, and Samsung). Moreover, a plaintiff with a genuine privacy injury from improper friend sharing would have taken an interest in their friends' app and device usage even without knowing exactly which apps or devices supposedly had access to their data.

Second, Plaintiffs argue that Interrogatories 15 and 16 are not the most direct way for Facebook to discover Plaintiffs' efforts to understand their friends' app and device usage, and that

4

Facebook should instead ask about this issue in depositions of Plaintiffs. Opp. at 6. This argument makes no sense. Facebook is asking Plaintiffs to identify which apps and devices on a list Facebook provided they know their friends used. Such an exercise would be much easier to complete in writing than during a deposition. Nor may Plaintiffs force Facebook to use its deposition time to walk through lists of devices and apps and ask if Plaintiffs are aware of their friends having used each of them. Facebook is entitled to seek this information through written discovery and prioritize its deposition time for other topics. "The scope of interrogatories which may be served under Rule 33" encompasses, "[b]y reference to Rule 26(b) . . . a right to inquire into 'any matter, not privileged, which is relevant to the subject matter involved in the pending action,' whether admissible at trial or not. This rule has been generously construed to provide a great deal of latitude for discovery." *Harris v. Nelson*, 394 U.S. 286, 296–97 (1969).

**B.    Plaintiffs overstate and fail to substantiate the burden of responding to Interrogatories 15 and 16.**

Plaintiffs argue that the "hours" it would take to respond to the interrogatories at issue constitutes a burden that outweighs the relevance of the information sought. Opp. at 7. This argument is as disingenuous as it is incorrect, and Plaintiffs fail to offer a single shred of evidence to support it.

Facebook is asking Plaintiffs to review a list of discrete, specific apps and devices and identify those they are aware of their friends having used. Asking each plaintiff to spend a few hours completing this exercise does not impose a disproportionate burden. Facebook and its counsel have spent *thousands* of hours responding to Plaintiffs' discovery, including reviewing millions of documents and preparing hundreds of pages of interrogatory responses. Plaintiffs claim the "issues at stake are of paramount importance" to justify the burden of their own seemingly limitless discovery demands. Pls.' Mot. to Compel M. Zuckerberg and S. Sandberg as Doc. Custodians, Sept. 22, 2021, at 11. Plaintiffs should thus have no trouble dedicating "hours" of their time as representatives of a putative nationwide class to respond to relevant discovery. Nor is the process likely to be as laborious as Plaintiffs' counsel suggests (without evidence). Plaintiffs either do or do not know the apps and devices their friends used. The requests do not require any research; Plaintiffs just need to

Gibson, Dunn & Crutcher LLP

1  review the lists and write down their answers.

2  Indeed, the supposed burden here is sufficiently light that full and complete responses would be warranted even if the interrogatories were relevant solely to identifying the apps and devices that allegedly could have accessed data Plaintiffs intended to share with only a few hundred "friends." Plaintiffs concede the relevance of that information, but argue they should not be required to disclose it because Facebook can find it in its own records. Opp. at 4. Facebook's motion explained that this is not a valid basis on which to withhold relevant discovery. Mot. at 7-8 (citing *Athwal v. Nijjer*, No. C17-00740, 2018 WL 1156233, at *7 (W.D. Wash. Mar. 5, 2018); *VeroBlue Farms USA Inc. v. Wulf*, No. 3:19-cv-764, 2021 WL 5176839, at *27 (N.D. Tex. Nov. 8, 2021)). Plaintiffs argue that *Athwal* merely holds that the responding party cannot rely *solely* on the fact that the requesting party has access to the information sought, and here, Plaintiffs also claim burden.[1] Opp. at 7-8.

But, as explained, the interrogatories are not burdensome, and Plaintiffs fail to substantiate their burden claim with evidence as required. "A party resisting interrogatories has the burden of showing specifically how, despite the broad construction of the discovery rules, . . . each question is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden." 8B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2173 (3d ed. 1998, Apr. 2021 update); *Caliper Techs. Corp. v. Molecular Devices Corp.*, 213 F.R.D. 555, 562 (N.D. Cal. 2003) ("A producing party is obligated to show, by affidavits or other evidence, the specific nature of the burden imposed"); *Johnson & Johnston v. R.E. Serv.*, No. C 03-2549 SBA(JL), 2004 WL 3174428, at *2 (N.D. Cal. Nov. 2, 2004). Plaintiffs' bald argument that answering Facebook's interrogatories would take each Named Plaintiff "hours" falls woefully short of meeting that standard. Thus, Plaintiffs' argument that Facebook has access to *some* of the responsive information *is* their only excuse for not responding. That is not enough.

### III. CONCLUSION

For the foregoing reasons, Facebook respectfully requests that the Special Master grant its motion to compel responses to Interrogatories 15 and 16.

---

[1] Plaintiffs' assertion in their opposition that "Facebook omits a key word from *Athwal*'s statement"—namely the word, "alone"—is false. Opp. at 7. Facebook's motion accurately quotes *Athwal*. Mot. at 7:25-27.

| | | |
|---|---|---|
| 1 | Dated: February 1, 2022 | **GIBSON, DUNN & CRUTCHER, LLP** |
| 2 | | By: /s/ *Deborah Stein* |
| | | Orin Snyder (*pro hac vice*) |
| 3 | | osnyder@gibsondunn.com |
| | | 200 Park Avenue |
| 4 | | New York, NY 10166-0193 |
| | | Telephone: 212.351.4000 |
| 5 | | Facsimile: 212.351.4035 |
| 6 | | Deborah Stein (SBN 224570) |
| | | dstein@gibsondunn.com |
| 7 | | 333 South Grand Avenue |
| | | Los Angeles, CA 90071-3197 |
| 8 | | Telephone: 213.229.7000 |
| | | Facsimile: 213.229.7520 |
| 10 | | Joshua S. Lipshutz (SBN 242557) |
| | | jlipshutz@gibsondunn.com |
| 11 | | 1050 Connecticut Avenue, N.W. |
| | | Washington, DC 20036-5306 |
| | | Telephone: 202.955.8500 |
| 12 | | Facsimile: 202.467.0539 |
| 13 | | Kristin A. Linsley (SBN 154148) |
| | | klinsley@gibsondunn.com |
| 14 | | Martie Kutscher (SBN 302650) |
| | | mkutscherclark@gibsondunn.com |
| 15 | | 555 Mission Street, Suite 3000 |
| | | San Francisco, CA 94105-0921 |
| 16 | | Telephone: 415.393.8200 |
| | | Facsimile: 415.393.8306 |
| 18 | | *Attorneys for Defendant Facebook, Inc.* |