UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION<br><br>This document relates to:<br><br>*All Actions* | MDL No. 2843<br><br>Case No. 18-md-02843-VC<br><br>**ORDER RE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 873, 905, 906, 907, 910, 913 |

1. <u>Motion to Seal</u>: Facebook has requested that several documents related to the motion for sanctions be redacted or sealed in their entirety. At this time, those documents may remain on the docket in their redacted form. The Court will consider whether they should continue to be sealed when it adjudicates the motion for sanctions. In the meantime, however, the plaintiffs must file the documents Facebook does not designate as sealable on the public docket within 7 days.

2. <u>Opposition to Motion to Seal</u>: The documents discussed in Dkt. No. 910 may remain on the docket in their redacted form, and the Court will consider whether they will continue to be sealed when it adjudicates the motion for sanctions. Regarding the named plaintiff's DYI file, if their Facebook profile was visible to the general public (as opposed to only being visible to friends or friends of friends), then counsel should resubmit all the documents mentioned in Dkt. No. 913 except Exhibit 43 (the entirety of the plaintiff's DYI file) only redacting information that would not have been visible to the public at the time it was posted. For purposes of this motion and going forward, information that would have been visible to the public at the time of

2

its posting, including, for example, status updates, likes, and comments, should not be redacted.

**IT IS SO ORDERED.**

Dated: April 28, 2022

_____
VINCE CHHABRIA
United States District Judge