| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP | GIBSON, DUNN & CRUTCHER LLP |
| Orin Snyder (*pro hac vice*) | Deborah Stein (SBN 224570) |
| osnyder@gibsondunn.com | dstein@gibsondunn.com |
| 200 Park Avenue | 333 South Grand Avenue |
| New York, NY 10166-0193 | Los Angeles, CA 90071-3197 |
| Telephone: 212.351.4000 | Telephone: 213.229.7000 |
| Facsimile: 212.351.4035 | Facsimile: 213.229.7520 |
| | |
| Rosemarie T. Ring (SBN 220769) | Joshua S. Lipshutz (SBN 242557) |
| rring@gibsondunn.com | jlipshutz@gibsondunn.com |
| Kristin A. Linsley (SBN 154148) | 1050 Connecticut Avenue, N.W. |
| klinsley@gibsondunn.com | Washington, DC 20036-5306 |
| Martie Kutscher (SBN 302650) | Telephone: 202.955.8500 |
| mkutscherclark@gibsondunn.com | Facsimile: 202.467.0539 |
| 555 Mission Street, Suite 3000 | |
| San Francisco, CA 94105-0921 | |
| Telephone: 415.393.8200 | |
| Facsimile: 415.393.8306 | |

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Statement In Support Of Plaintiffs' Administrative Motion To Consider Whether Another Party's Material Should Be Sealed. Dkt. 921. Facebook moves to seal redactions comprising the following limited categories of information:

(i) confidential information the Court previously sealed in other filings;

(ii) log-in credentials for a confidential document repository for this litigation;

(iii) confidential information regarding Facebook's data systems; and

(iv) confidential information regarding Facebook's targeted advertising products.

For the reasons discussed below, there is good cause to permanently seal this information.

## I. Background

On April 25, 2022, Plaintiffs filed an Administrative Motion To Consider Whether Another Party's Material Should Be Sealed, attaching to it Plaintiffs' reply brief in support of its motion for sanctions, a declaration in support, and six of Plaintiffs' exhibits attached to the declaration. Dkt. 921. Facebook now submits this Statement in Support of Sealing limited portions of the exhibits attached to Plaintiffs' Administrative Motion, as well as one exhibit Plaintiffs filed on the public docket that contains confidential information.

## II. The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits

Courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Doe v. Walmart, Inc.*, 2019 WL 636362 at *1–2 (N.D. Cal. Feb. 11, 2019). Here, Plaintiffs' reply is related to the discovery record, not the merits of this action, so the good cause standard applies.

## III. There Is Good Cause To Seal Facebook's Four Categories of Confidential Information

Facebook asks the Court to permanently seal the following categories of information: (i) confidential information the Court has previously sealed; (ii) log-in credentials to a confidential

1

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

document repository; (iii) confidential information regarding Facebook's data systems; and (iv) confidential information regarding Facebook's targeted advertising products.

*(i) Confidential information the Court has sealed previously.* Facebook asks the Court to seal limited portions of the following documents, which contain confidential information the Court previously found good cause to seal:

1. An excerpt of a transcript of the December 4, 2021 hearing before the Special Master regarding production of documents related to Facebook's App Developer Investigation, filed on the public docket as Exhibit 88 to the Declaration of Lesley Weaver and Derek Loeser.[1] Dkt. 923-20. The Court previously granted Facebook's limited redactions to this transcript, including Facebook's one proposed redaction to Exhibit 88. Ex. 88 at 59:18; *see* Dkt. 820-3 at 59:18.

2. Two declarations, filed with the same redactions the Court previously granted, and descriptions of these declarations containing the same redacted confidential information. Ex. 74 at Ex. B (filed with same redactions granted at Dkt. 813 at 0031–41); Ex. 74 at Ex. C (filed with same redactions granted at Dkt. 767-3, Ex. B); Ex. 74 at 2 (describing same confidential information redacted at Dkts. 767-3, 813). The Court should again seal this same information.

3. The identities of certain Facebook business partners, which would reveal details of Facebook's confidential business relationships. Ex. 73 at 4; Ex. 86 at 3, 7–8. Courts regularly seal information that reveals confidential business relationships. *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 3642177, at *6 (S.D. Cal. Aug. 1, 2019) (granting a motion to seal information that, if publicly disclosed, would have "identif[ied]" certain "business relationships"). The Court has previously found good cause to seal the names of each of these entities in previous filings. Ex. 73 at 4 (redacted at Dkt. 769-3 at 170:10–11); Ex. 86 at 3, 7–8 (redacted at Dkt. 769-3 at 213:19–21).

---

[1] Upon seeing confidential information the Court previously sealed filed on the public docket, Facebook immediately contacted the Clerk's Office and requested the docket entry be locked. This docket entry is temporarily sealed from public access pending the outcome of this motion.

4. The identity of a confidential consultant and consulting firm retained to provide strategic business advice, as well as communications with the consultant. Ex. 86 at 3, 10–12. As above, courts regularly seal information that reveals confidential business relationships, and the Court previously found good cause to seal the identity of this consultant, the consulting firm, and the confidential communications with the consultant. Dkt. 768-3 at 20:22–21:3 (ECF pagination).

5. The names of Facebook's data tables and data systems, as well as descriptions that reveal the architecture of the data tables and systems, and what user data they contain. Ex. 73 at 1, 2, 4; Ex. 73 at internal Ex. B; Ex. 74 at 1, 4. If publicly disclosed, this information could harm Facebook, and potentially its users, by providing a roadmap to bad actors seeking to access user data. Falconer Decl. ¶ 7. Facebook also proposes redacting the amount of computer processing time it would take to search Facebook's data systems for user data. Ex. 73 at 2; Ex. 74 at 2. If publicly disclosed, Facebook's competitors could use this to infer the storage architecture and methodology of Facebook's data system, as well as the volume of user data in Facebook's data system. Falconer Decl. ¶ 8. For these reasons, the Court has previously found good cause to seal the names of these systems, the names of data tables within Facebook's Hive data system, the volume of data contained in Facebook's data systems, as well as descriptions of the architecture and function of data tables and systems. Dkt. 813 at 0026–29, 0033–40; Dkt. 767-3 at Ex. B (redacting names of internal Facebook data tables, the volume of data in those tables, and the architecture of those tables).

*(ii) A confidential password to a document repository for this litigation.* Exhibit 87 is an email between Facebook's counsel and Plaintiffs' counsel that contains log-in credentials for a confidential document repository for this litigation. Ex. 87 at 4. If publicly disclosed, this confidential information could grant unauthorized individuals access to documents Facebook has designated Confidential or Highly Confidential under the Protective Order in this action. Falconer Decl. ¶ 9; *see* Dkt. 122. The Court should seal this confidential information.

*(iii) Confidential information regarding Facebook's data systems and technical*

*capabilities and processes.* Facebook proposes sealing the entirety of an internal guide to a Facebook data system for Facebook engineers (Ex. 74 at internal Ex. A), which consists of technical details and capabilities of a data system responsible for storing user data as well as instructions to Facebook engineers regarding how data is stored and organized in the data system. Falconer Decl. ¶ 10. If publicly disclosed, this information could be used by Facebook's competitors to mimic Facebook's internal engineering practices or to copy Facebook's methods for storing and quickly processing large quantities of user data. *Id.*; *In re Liboderm Antitrust Litig.*, 2016 WL 4191612, at * 26 (N.D. Cal. Aug. 9, 2015) (sealing descriptions that "reflect[ed] and convey[ed] confidential, proprietary information" about "business operations"). Bad actors could also use this information as a roadmap to attempt to gain unauthorized access to user data. Falconer Decl. ¶ 10; *In re Google Inc. Gmail Litig.*, 2014 WL 10537440, at *4 (N.D. Cal. Aug. 6, 2014) (sealing information that, if disclosed, "could lead to a breach in the security of the Gmail system").

Facebook's proposed redactions also include a table of data pipelines that analyze advertising data and the output tables in Facebook's data systems. Ex. 73 at 1–2, internal Ex. A. This "specific granular level information" about the flow of certain data through Facebook's systems and where it ultimately resides could provide bad actors with specific guideposts to locate confidential data within Facebook's internal systems. Falconer Decl. ¶ 11; *see* Dkt. 764 at 3. The Court has previously found good cause to seal information that would disclose "the types of data transferred through" Facebook's systems and "how Facebook stores and processes this data." Dkt. 767 at 3–4; *see* Dkt. 770.

(iv) *Confidential information regarding Facebook's targeted advertising products.* Finally, Facebook's proposed redactions include confidential information regarding how Facebook derives and develops data to enhance its targeted advertising products—an essential aspect of its business. Ex. 73 at 2, Ex. 74 at 6–7; Falconer Decl. ¶ 12. If publicly disclosed, this information could be used by Facebook's competitors to improve their own targeted advertising products, to Facebook's competitive disadvantage. Falconer Decl. ¶ 12; *In re Liboderm Antitrust*

*Litig.*, 2016 WL 4191612, at * 26.

## IV. The Limited Proposed Redactions Are Narrowly Tailored

Facebook's proposed redactions are narrowly tailored because they are confined to information the Court has previously found good cause to seal and information necessary to prevent competitive harm to Facebook or compromising Facebook's privacy and security enforcement efforts. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (sealing material that was "narrowly tailored to protect . . . proprietary information").

\*   \*   \*

For these reasons, Facebook respectfully requests that the Court permanently seal the confidential information contained in Plaintiffs' reply papers.

5

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

Dated:  May 2, 2022                              **GIBSON, DUNN & CRUTCHER, LLP**

By:  */s/ Russell H. Falconer*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Rosemarie T. Ring (SBN 220769)
rring@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Russell H. Falconer (*pro hac vice*)
rfalconer@gibsondunn.com
2100 McKinney Ave., Suite 1100
Dallas, TX 75201
Telephone: 214.698.3170
Facsimile: 214.571.2958

*Attorneys for Defendant Facebook, Inc.*