# EXHIBIT 2

```
                                        Pages 1 - 33

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

IN RE: FACEBOOK, INC. CONSUMER )
PRIVACY USER PROFILE LITIGATION)
                               )   NO. 18-md-02843 VC
                               )
                                  San Francisco, California
                                  Thursday, March 5, 2020
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

```
For Plaintiff:         KELLER ROHRBACK LLP
                       1201 Third Avenue - Suite 3200
                       Seattle, Washington  98101
                  BY:  DEREK W. LOESER, ATTORNEY AT LAW
                       CARI C. LAUFENBERG, ATTORNEY AT LAW
                       DAVID KO, ATTORNEY AT LAW

                       801 Garden Street
                       Santa Barbara, California  93101
                  BY:  CHRISTOPHER L. SPRINGER, ATTORNEY AT LAW

                       BLEICHMAR FONTI & AULD LLP
                       555 12th Street - Suite 1600
                       Oakland, California  94607
                  BY:  LESLEY E. WEAVER, ATTORNEY AT LAW
                       ANNE K. DAVIS, ATTORNEY AT LAW

For Defendant Facebook:

                       GIBSON, DUNN & CRUTCHER LLP
                       555 Mission Street - Suite 3000
                       San Francisco, California  94105
                  BY:  JOSHUA S. LIPSHUTZ, ATTORNEY AT LAW

                       1881 Page Mill Road
                       Palo Alto, California  94304
                  BY:  MARTIE P. KUTSCHER, ATTORNEY AT LAW

        (APPEARANCES CONTINUED ON THE FOLLOWING PAGE)


Reported By:   Marla F. Knox, RPR, CRR, RMR, Official Reporter
```

1  And it is the Plaintiffs, Judge, truly -- and we can walk
2  you through how they are holding up things at every turn; and
3  we believe, respectfully, it is because they are not content
4  with these four theories, and they want to search around for
5  something else that they can allege either in the pleading or
6  otherwise.
7  And, Your Honor, the metrics belie any notion of delay
8  here.  Not only did we respond to their 1,400 paragraph
9  Complaint, we produced already 150,000 pages of documents.  We
10 are promptly producing the FTC documents.  We gave them the
11 search terms.
12 We met and conferred with them for over 15 hours.
13 **THE COURT:**  Could I ask you --
14 **MR. SNYDER:**  Ninety --
15 **THE COURT:**  Sorry to interrupt.
16 **MR. SNYDER:**  Sure.
17 **THE COURT:**  Part of the problem with this discussion
18 is, you know, this is nobody's fault; but I don't have the
19 ability based on the amount of time I have spent on this and
20 the amount -- and based on the information you have given me
21 and based on the things that you both are saying here today --
22 I don't have the ability to determine who is in the wrong, who
23 is being unreasonable.  I mean, no matter how --
24 **MR. SNYDER:**  Right.
25 **THE COURT:**  -- no matter how much either of you pound

1  the podium --
2      **MR. SNYDER:**  I have a suggestion -- but I have a
3  suggestion for the Court.  And I think that you said:  Where do
4  we go and what do we do from here?
5      We, Facebook, want to follow the Federal Rules of Civil
6  Procedure with dispatch and the utmost good-faith.  We are
7  already producing hundreds of thousands of documents before the
8  parties have even agreed to an ESI protocol, search terms or
9  custodians.
10     If the Plaintiffs would meet and confer with us on ESI
11 protocol, search terms and custodians, we will get to work in a
12 hurry, Judge; and we will produce whatever is responsive,
13 relevant and non-privileged.
14     **THE COURT:**  I wonder if the best way to move things
15 along is -- I'm interested in both of your thoughts on this --
16 but I wonder if I should try to find a Magistrate Judge who can
17 sit down with you-all -- refer this case to a Magistrate Judge
18 for discovery purposes and have it be somebody who can sit down
19 with you-all in person once every two weeks to sort of make
20 sure that things are still moving; make sure that the
21 Plaintiffs are not unfairly picking at Facebook; to make sure
22 that Facebook is not adopting an artificially narrow definition
23 of relevance; and just to -- you know, is there somebody with
24 the -- and, frankly, somebody who knows something about
25 electronic discovery.

1   You know, that is not something that I ever -- you know,
2   as a lawyer in my practice -- as a lawyer I never had to deal
3   with electronic discovery or hardly ever.  You know, and it is
4   rare that anything comes up for me as a District Judge.
5       Maybe what we need is somebody who can really roll up
6   their sleeves with some expertise on this stuff and help you
7   cut through it all.
8       **MR. SNYDER:**  Your Honor, it is Mr. Snyder.  The issue
9   there is -- we are always happy to meet with a Magistrate Judge
10  if there is an impasse.
11      What I'm trying to explain -- I guess, not effectively --
12  to the Court is it is so premature because the Plaintiffs are
13  not coming to the table in the ordinary course as a Plaintiff
14  prosecuting a case normally would, which would be chomping at
15  the bit to get custodians, search terms and --
16      **THE COURT:**  Right.  But, again -- sorry to interrupt
17  but, again, I'm not in a position to know whether that's
18  actually true or not; right.  I don't -- all I know sitting
19  here is that we have two sides in a massive case that are
20  having a tremendous amount of difficulty even, you know,
21  figuring out the terms under which they are going to negotiate
22  the production of discovery, and --
23      **MR. SNYDER:**  You know what, Judge -- we are okay with
24  that, Judge.  I think -- look, we know -- and I know this
25  sounds overly declarative.  We know that we are not only in

1  conducted internally to produce documents to the FTC.
2       The way the Federal Rules work is the parties meet and
3  confer and agree on search terms based on the case before them.
4  And we would respectfully request that once the Magistrate
5  Judge is in place, this will be the first issue to address; and
6  that we abide that rather than have it -- frankly, a ruling on
7  at best a partial record.
8       **THE COURT:**  It sounds like you are working on briefing
9  already.  Why don't you submit a letter brief to me, a joint
10 letter, by Monday.  And then I will decide whether to rule on
11 it or kick it to the Magistrate Judge.
12      **MR. SNYDER:**  That sounds great.
13      **MR. LOESER:**  Your Honor, Derek Loeser.  That sounds
14 fine.  We do have the materials already prepared.  In case you
15 are interested in knowing, they weren't filed because after we
16 prepared our portion, Facebook indicated that it would provide
17 us with search terms and custodians.  We waited for that.
18 That's when we got their 9 custodian and 12 search strings
19 which wasn't worth waiting for.  So we have those materials.
20      **THE COURT:**  The only other thing I want to say right
21 now, and I'm going to -- I mean, I have said it a number of
22 times on the record already -- I am concerned -- you know,
23 without making any suggestions about anybody, you know, whether
24 anybody is acting in bad faith or being dilatory or anything
25 like that, I am concerned that Facebook has, you know, often

1  made statements reflecting an unduly narrow view of what should
2  be turned over to the Plaintiffs.
3     And, you know, this is a big case.  I mean, there is often
4  a lot of talk about proportionality and whatnot.  This is a big
5  case.  It is a significant issue.  You know, and there is --
6  this is not the type of case where we are going to be saying:
7  Well, that might end up -- that effort might end up uncovering
8  some relevant information; but, you know, it is just too
9  expensive or difficult, and so we are not going to make
10 Facebook do it.
11    This is really not one of those cases where that is
12 very -- that type of argument is likely to carry the day.  You
13 know, and, as I have said a number of times, you know, the best
14 way to figure out what happened as it relates to the claims
15 that are going forward now is to -- for Facebook to produce all
16 information, all documents about the practices associated with
17 giving third parties access to friends' information and
18 friends' of friends information.
19    And I --
20    **MR. SNYDER:**  Your Honor, may I be heard on that
21 because Your Honor has no basis for concern on that score.
22    If I was there, I would look you in the eyes.  I'm telling
23 you, Judge, we are not only acting in good-faith; we are eager
24 to produce documents, whatever the expense, that are relevant
25 to the issues in this case.

1   And we have been trying to do that by meeting and
2   conferring and trying to get moving in accordance with the
3   Federal Rules of Civil Procedure which is, you ask us for
4   documents.  We meet and confer on custodians and search terms,
5   and we produce documents.
6       We are not saying expense.  What we are saying is --
7   Your Honor knows the history of the case as well as we do.  It
8   started in' 18.  Your Honor gave them discovery on five topics.
9   They filed a Complaint.  Your Honor identified deficiencies in
10  that Complaint.  They filed a new Complaint.  Your Honor sifted
11  through this kitchen sink Complaint and identified the viable
12  potential theories.  And on those theories not only is there no
13  ball hiding, we want to get on with it.  It is not that
14  complicated.
15          **THE COURT:**  I have heard --
16          **MR. SNYDER:**  But, Judge -- what they want to do,
17  Judge, is they really are still looking for a better theory and
18  that's what this is all about.  Otherwise, they would be acting
19  like a Plaintiff and saying:  Okay.  Let's get the search terms
20  and let's get the custodians.
21      Instead, they want to backdoor FTC search terms because
22  they are looking for some other theory of the case.  But I am
23  confident, Your Honor, that when you see our performance on the
24  issues in this case in terms of our production of documents,
25  you will have no basis for concern because we want to get on

```
 1   with it because we think those documents actually are the key
 2   to us winning this case.
 3           THE COURT:  I can't wait.  Okay.  So we will -- we
 4   will hear from you-all on a couple of things by Monday.  And in
 5   the meantime, I will look into the possibility of a Magistrate
 6   Judge referral for discovery purposes.
 7           MR. SNYDER:  Great.  Thank you.
 8           MR. LOESER:  Derek Loeser.  Before we all hang up and
 9   go our separate ways, can I raise a couple other discrete
10   issues?
11           THE COURT:  Only if it is really quick.
12           MR. LOESER:  Yeah.  One is just this process for
13   having Your Honor receive joint submissions on disputes, and
14   it's just really a housekeeping thing.
15       Under your rules, you know, there is a procedure where
16   each side puts together five pages and submits it to the Court.
17   One of the problems we have been having with these sort of
18   endless meet-and-confers is there is no deadline to actually
19   submit the materiality to the Court.  And that was the basis
20   for our proposal where there would be five days after a
21   meet-and-confer for one party to submit the materials and then
22   three days after that for the other side.
23        I do think it would remove a real practical problem we are
24   having in terms of the speed with which things can get to the
25   Court.
```