# EXHIBIT 8

Pages 1 - 23

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge


IN RE:  FACEBOOK, INC. CONSUMER )
PRIVACY USER PROFILE LITIGATION.)  **NO. 18-MD-02843 VC**
_____  )


San Francisco, California
Thursday, June 24, 2021

**TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS OF THE OFFICIAL**
**ELECTRONIC SOUND RECORDING - 2:22 - 2:48 p.m.**


**APPEARANCES VIA ZOOM:**

For Plaintiffs:

KELLER ROHRBACK LLP
1201 Third Avenue - Suite 3200
Seattle, Washington  98101
BY: **DEREK LOESER, ATTORNEY AT LAW**
**CARI LAUFENBERG, ATTORNEY AT LAW**
**DAVID J. KO, ATTORNEY AT LAW**

BLEICHMAR, FONTI & AULD LLP
555 12th Street - Suite 1600
Oakland, California  94607
BY: **LESLEY E. WEAVER, ATTORNEY AT LAW**
**ANNE K. DAVIS, ATTORNEY AT LAW**
**MATTHEW P. MELAMED, ATTORNEY AT LAW**


**(APPEARANCES CONTINUED ON THE FOLLOWING PAGE)**




Transcribed By:      Marla F. Knox, RPR, CRR, RMR
United States Official Court Reporter

1    Judge Corley, and I'm sure it's intensely frustrating for you.

2        Judge Corley came up with what I thought all of the

3    parties thought was a very good idea to try to deal with some

4    of these issues, which was to have us voluntarily agree to

5    discovery mediation.

6        Frankly, that is something that none of us had ever really

7    attempted before; but in my several -- almost three decades of

8    litigating cases like this, I have never seen discovery have so

9    many problems before.

10       And so we were willing to try this.  And, in fact, it has

11   been quite helpful.  Judge Andler and Mr. Garrie have done an

12   outstanding job attempting to bring the parties together.

13       I would say from the Plaintiffs' perspective the

14   problem -- again, I'm sure Mr. Snyder will disagree -- but

15   mediation doesn't do a great job of dealing with the situation

16   where one side is convinced the other side is utterly

17   incorrect, and there needs to be some type of ruling to move

18   the matter forward.

19       And so what we have seen is there are some limitations to

20   what -- in that type of situation -- what mediation can

21   resolve.

22       We have a solution that we think would really solve that

23   problem, and we think would really accelerate the pace of

24   discovery.

25       And that would be to add a special master -- particularly

1   a special master who is very familiar with the technological

2   issues in a case like this and to have that person able to call

3   some balls and strikes.

4        So we would like to modify the structure Judge Corley has

5   set up -- which, again, we fully support -- by introducing the

6   ability for a technical special master to simply look at the

7   parties -- having heard them; having seen whatever attempt to

8   mediate the issues, if the parties so choose to attempt it that

9   way -- and to call some balls and strikes.

10       Mr. Garrie, who has served in that exact capacity before

11  is perfectly suited for that.  He has already been selected by

12  the parties.  He has the mutual support of the parties to be a

13  mediator for discovery.  And we think if we can simply evolve

14  his role so he can look the parties in the eye after listening

15  to them and say:  Look, you are wrong.  You are right or there

16  is some solution there and I order it, that can then go to

17  Judge Corley.  If the parties want to challenge that decision,

18  they can.

19       I'm hopeful that they won't and that we won't and that

20  Facebook won't.  And then if there is some further need to

21  appeal that on, so be it.  That's usually how it works.

22           THE COURT:  Well, that's -- that last part is the part

23  that I have a problem with.

24       I mean, I think that what you are contemplating now is

25  a -- a scenario where there are basically three levels of

 1   Mr. Garrie as our special masters.  The parties mutually

 2   selected Judge Andler.  She obviously is an esteemed

 3   20-plus-year mediator with JAMS and before that, one of the

 4   most respected judges in the commercial division, I think, in

 5   Santa Barbara.

 6        And she brought in as a technical expert, Mr. Garrie, who

 7   is also incredibly talented.  He understands the technology.

 8   Judge Andler has been a judge and a mediator for many years and

 9   has incredible judicial temperament and judgment on these

10   issues and has been calling balls and strikes without authority

11   and very, very helpful in mediating disputes.

12        And so we would consent -- we think they both would be

13   excellent if it works because one is the Judge.  The other is

14   the technical.  And they compare notes and come to a consensus

15   in their rulings or determinations.

16        And it also helps as a tag-team because they are both very

17   busy, Your Honor.  So one is available for an hour.  Another

18   one is available for the other hour, and then they come back

19   for the last half hour.

20        So as a tag-team, we think they make an excellent special

21   master.  And given some of the technical issues, it is very

22   helpful to have someone with that technical background if not

23   judicial background.

24        We would agree, Your Honor, to their rulings being final

25   and not appealable to anyone; to save you and Judge Corley time

1   and preserve your scarce resources.

2       We would be happy with any level of appellate review to

3   Your Honor or Judge Corley that the Plaintiffs wish, and we

4   would consent to either.  And we believe that giving them that

5   final authority.

6       We would also agree to a cost shifting on an appeal;

7   losing party, to dissuade even further appeals.  Because

8   contrary to what I think Your Honor may believe respectfully,

9   we really are not in the dispute manufacturing business.  We

10  are in the, Let's get to class cert.  Let's get to summary

11  judgment.  Let's get this case on the road.

12      And, unfortunately, there are irreconcilable disputes

13  about the scope of discovery.

14      And Judge Andler and Mr. Garrie understand the case,

15  Your Honor, as well as the parties do.  They know every

16  in-and-out of the case by now, which is an incredibly helpful

17  resource to have.

18      So we think we can efficiently and effectively bring all

19  the disputes to them.  Again, we are happy for it to be final

20  under Rule 53, I think -- I think Your Honor has discretion to

21  order that.  That's how much trust and faith we have in these

22  two mediators/referees/special masters.

23      So whatever Your Honor and the Plaintiffs wish in terms of

24  review, we are happy to consent to it so long as it is both of

25  them because it's been a very effective and successful process.

```
 1   reach agreement on that.

 2             THE COURT:  Okay.  I think --

 3             MR. LOESER:  Your Honor --

 4             THE COURT:  Sorry.  Go ahead.

 5             MR. LOESER:  I was just going to say, we obviously --

 6   confidentiality is important in mediation.  That's well

 7   understood by all the parties.

 8        I think the one thing that is a little nuance here -- that

 9   I think the parties are going to have to work through -- is

10   because it is discovery mediation and because we do need to

11   inform the Court of the status of discovery disputes and we do

12   need to be able to argue for the position that we want to take,

13   regardless of whether we mediated it, it is not going to be the

14   same type of confidentiality that you would see in the

15   settlement mediation context where, you know, the parties can

16   agree not to say anything about what happened in mediation

17   because --

18             THE COURT:  And I will just say that I haven't seen --

19   you know, in the stuff that I have read that you-all have

20   submitted in anticipation of this conference, I haven't seen

21   anything that I think anybody could reasonably describe as

22   objectionable or a breach or anything like that.

23        But -- and I also think that, you know, the issue of

24   confidentiality, when we are talking about mediating discovery

25   disputes, is just so much less of a big deal.  It just doesn't
```

1   seem like a big deal at all to me.  But that may be -- reflect

2   my lack of sophistication on these matters.

3        So I would like to do, if it is okay with everybody, is

4   think about it a little more and, perhaps, have an off-line

5   discussion with Judge Andler and Mr. Garrie and Judge Corley.

6   And then I will issue an order after doing that.

7        **MR. LOESER:**  That's excellent, Your Honor.  And if we

8   could start -- go back to where we started on this call, which

9   is to just very briefly talk about the settlement mediation.

10       **THE COURT:**  Yeah, that's what I have been wanting to

11  talk about.

12       **MR. LOESER:**  Right.  I figured you would want us to

13  address that.  We do appreciate your suggestion that the

14  parties consider that.

15       And the parties have agreed on a mediator and -- unless

16  Orin tells me right now I'm not supposed to say who it is -- I

17  think we can tell you who it is.  It is Judge -- former Judge

18  Gandhi.  We are working with him on dates.

19       **THE COURT:**  Cool.

20       **MR. LOESER:**  He has indicated availability in

21  September and October.  The parties are going to talk about

22  those dates.  And I do think this is going to be one of those

23  situations where it is very important that the litigation --

24       **THE COURT:**  You don't want to get former Judge Grewal

25  to do it?