# EXHIBIT 11

Orin Snyder (*pro hac vice*)
    osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Joshua S. Lipshutz (SBN 242557)
    jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
    klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
    blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS | CASE NO. 3:18-MD-02843-VC <br><br> **DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION** |

Defendant Facebook, Inc. ("Defendant" or "Facebook"), by and through its attorneys, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District of California, the Court orders in this action, and the parties' agreements and conferences among counsel, provides the following responses and objections to Plaintiffs' Second Set of Requests for Production (the "Requests").

## PRELIMINARY STATEMENT

1.      Facebook's responses to the Requests are made to the best of Facebook's current knowledge, information, belief, and understanding of Plaintiffs' requests.  Facebook's factual and legal investigation of this matter is ongoing.  Facebook reserves the right to supplement or amend any responses should future investigation indicate that such supplementation or amendment is necessary.

2.      Facebook's responses to the Requests are made solely for the purpose of and in relation to this action.  Each response is given subject to all appropriate objections (including, but not limited to, objections concerning privilege, competency, relevancy, materiality, propriety, and admissibility).  All objections are reserved and may be interposed at any time.

3.      Facebook's responses are premised on its understanding that Plaintiffs seek only that information that is within Facebook's possession, custody, and control.

4.      Facebook incorporates by reference each and every general objection set forth below into each and every specific response.  From time to time, a specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response shall not be interpreted as a waiver of any general objection to that response.

5.      Nothing contained in these Responses and Objections or provided in response to the Requests consists of, or should be construed as, an admission relating to the accuracy, relevance, existence, or nonexistence of any alleged facts or information referenced in any Request.

## GENERAL OBJECTIONS

1.      Facebook objects to each Request, including the Definitions and Instructions, to the extent that it purports to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Civil Rules of the U.S. District Court for the Northern District of California, and any agreements between the parties.

2.      Facebook objects to each Request to the extent it seeks information unrelated or irrelevant to the claims or defenses in this litigation.  In particular, the Court has held that individuals who joined Facebook in or after 2009 consented to data sharing policies described in Facebook's "Statement of Rights and Responsibilities" and "Data Use Policy," and dismissed Plaintiffs' claims to the extent they are based on data-sharing practices disclosed in these documents.  Facebook will not produce documents relevant only to dismissed claims or theories of relief.  Nor will Facebook produce documents related only to individuals who are not parties to this case.

3.      Facebook objects to each and every Request to the extent that the Request seeks information that is neither relevant nor reasonably likely to lead to the discovery of admissible evidence.

4.      Facebook objects to each Request as overly broad and unduly burdensome, particularly in view of the disproportionate cost necessary to investigate as weighed against Plaintiffs' need for the information.  For example, many of the Requests seek "all documents" regarding particular subject matters, which would require Facebook to conduct searches broader than a reasonable and diligent search of reasonably accessible files (including electronic files) where responsive documents reasonably would be expected to be found.  Such Requests are not proportional to the needs of the case.

5.      Facebook objects to each Request to the extent it purports to request the identification and disclosure of information or documents that were prepared in anticipation of litigation, constitute attorney work product, reveal privileged attorney-client communications, or are otherwise protected from disclosure under any applicable privileges, laws, or rules.

Facebook hereby asserts all such applicable privileges and protections, and excludes privileged and protected information from its responses to each Request.  *See generally* Fed. R. Evid. 502; Cal. Code Evid. § 954.  Inadvertent production of any information or documents that are privileged or otherwise immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to the discovery with respect to such information or documents or the subject matter thereof, or the right of Facebook to object to the use of any such information or documents or the subject matter thereof during these or any other proceedings.  In the event of inadvertent disclosure of any information or inadvertent production or identification of documents or communications that are privileged or otherwise immune from discovery, Plaintiffs will return the information and documents to Facebook and will be precluded from disclosing or relying upon such information or documents in any way.

6.     Facebook objects to each and every Request to the extent it is argumentative, lacks foundation, or incorporates allegations and assertions that are disputed or erroneous.  In furnishing the responses herein, Facebook does not concede the truth of any factual assertion or implication contained in any Request, Definition, or Instruction.  The production of documents in response to any Request shall not be construed as adopting a legal position.

7.     Facebook objects to each and every Request to the extent that the information sought is more appropriately pursued through another means of discovery, such as responses to interrogatories.

8.     Facebook objects to each and every Request, Definition, and Instruction to the extent that it seeks information outside of Facebook's possession, custody, and control.

9.     Facebook objects to each Request to the extent that it requests information protected by the right of privacy of Facebook and/or third parties, or information that is confidential, proprietary, or competitively sensitive.

10.     Facebook objects to each Request to the extent that it seeks documents or information already in Plaintiffs' possession or available in the public domain.  Such information is equally available to Plaintiffs.

11.     Facebook objects to each Request to the extent that it calls for the production of "each," "every," "any," or "all" documents in cases where such a demand is overly broad and/or causes undue burden and expense.

## OBJECTIONS TO DEFINITIONS

1.     Facebook incorporates by references the responses and objections to Definitions and Instructions contained in its Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents.

2.     Facebook generally objects to any definitions or terms defined by reference to capitalized terms and acronyms relied upon in Plaintiffs' First Amended Complaint, which themselves may be vague, ambiguous, unduly broad, or unduly burdensome.

3.     Facebook objects to Plaintiffs' definition of "App" as vague, ambiguous, overbroad, and unduly burdensome on the ground that it includes any "application developed to utilize the core technologies of the Facebook social networking platform" without identifying or defining what the "core," rather than peripheral, technologies of the Facebook are or were at any given time.  Facebook further objects to this definition as vague and ambiguous on the ground that Facebook cannot identify what any online applications are or were "developed to" do or presume the intent of any third parties that Facebook does not control.

4.     Facebook objects to Plaintiffs' definitions of "App Developer Investigation" and "ADI" as overly broad and unduly burdensome on the ground that these definitions include investigations into persons, entities, applications, and/or developers that are not relevant to Plaintiffs' remaining claims.  Facebook further objects to these definitions to the extent they seek documents or information protected by the attorney-client privilege and/or the work product doctrine.

5.     Facebook objects to Plaintiffs' definition of "Apps Others Use" as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "App," "App Developers," and "API."  Facebook further objects to

this definition as overly broad and unduly burdensome on the ground that the applicable account settings available to Facebook members have changed over time and this definition is not limited to a particular time period or particular settings.

6.      Facebook objects to Plaintiffs' definition of "App Settings" as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "App," "User," "Content and Information," "Apps Others Use," "Granular Data Permissions," and "Platform Opt Out."  Facebook further objects to this definition as overly broad and unduly burdensome on the ground that the applicable account settings available to Facebook members have changed over time and this definition is not limited to a particular time period or particular settings.

7.      Facebook generally objects to Plaintiffs' definitions of "Communication," "Computer System," "Content and Information," "Document(s)," "Electronic Media," "ESI," "Electronically Stored Information," and "Identify" to the extent that Plaintiffs purport to use these defined terms to request the identification and disclosure of documents or information that: (a) were prepared in anticipation of litigation; (b) constitute attorney work product; (c) reveal privileged attorney-client communications; or (d) are otherwise protected from disclosure under any applicable privileges, laws, and/or rules.  Facebook further objects to the extent that these definitions purport to impose obligations that go beyond the requirements of the Federal and Local Rules.

8.      Facebook objects to Plaintiffs' definition and use of the terms "You," "Your," or "Facebook" as vague, ambiguous, overly broad, and unduly burdensome to the extent the terms are meant to include "directors, officers, employees, partners, members, representatives, agents (including attorneys, accountants, consultants, investment advisors or bankers), and any other Person purporting to act on [Facebook, Inc.'s] behalf. . . . parents, subsidiaries, affiliates, predecessor entities, successor entities, divisions, departments, groups, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf" over which Facebook

5

FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 3:18-md-02843-VC

exercises no control, and to the extent that Plaintiffs purport to use these terms to impose obligations that go beyond the requirements of the Federal and Local Rules.

9.      Facebook objects to Plaintiffs' definition of "Granular Data Permissions" as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "App," "User," "Content and Information," and "App Developer."  Facebook further objects to this definition as overly broad and unduly burdensome on the ground that the applicable account settings available to Facebook members have changed over time and this definition is not limited to a particular time period or particular settings.

10.     Facebook objects to Plaintiffs' definitions of "Internal Policy" or "Internal Policies" as overly broad and unduly burdensome to the extent that Plaintiffs purport to seek the identification and disclosure of documents or information that: (a) was prepared in anticipation of litigation; (b) constitute attorney work product; (c) reveal privileged attorney-client communications; or (d) are otherwise protected from disclosure under any applicable privileges, laws, and/or rules.  Facebook further objects to these definitions as unduly broad and unduly burdensome to the extent they seek statements or directives which are implicit, informal, unwritten, or unofficial.  For the purposes of these Responses and Objections, Facebook will interpret and use "Internal Policy" or "Internal Policies" as referring to the final, written, non-privileged version of any relevant policy, procedure, or directive provided to Facebook employees that is relevant to this litigation.

11.     Facebook objects to Plaintiffs' definition of "Misuse of Data" as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "App," "User," and "Content [or] Information," and "App Developer."  Facebook further objects to this definition to the extent it assumes disputed facts or legal conclusions, particularly that Facebook members' data was "misused."

12.     Facebook objects to Plaintiffs' definitions of "Person" as vague, ambiguous, overly broad, and unduly burdensome to the extent that Plaintiffs intend to use the terms to

include "any natural person or any business, legal or governmental entity or association" over which Facebook exercises no control.

13.     Facebook objects to Plaintiffs' definitions of "[i]dentify," "[i]ncluding," "[r]elating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "[c]oncerning," and "concern" on the ground that the definitions make the Requests overly broad and unduly burdensome and impose obligations that go beyond the requirements of the Federal and Local Rules.  Facebook shall construe these terms as commonly and ordinarily understood.

14.     Facebook objects to Plaintiffs' definition of "Platform Opt Out" as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "App," "User," and "Content and [I]nformation."  Facebook further objects to this definition as overly broad and unduly burdensome on the ground that the applicable account settings available to Facebook members have changed over time and this definition is not limited to a particular time period or particular settings

15.     Facebook objects to Plaintiffs' definition of "Privacy Controls" as vague, ambiguous, overly broad, and unduly burdensome on the ground that the applicable account settings available to Facebook members have changed over time and this definition is not limited to a particular time period or particular settings.

16.     Facebook objects to Plaintiffs' definition of "Privacy Controls" as vague, ambiguous, overly broad, and unduly burdensome to the extent the terms are meant to include applications, application developers, and/or "[a]ny person that develops an application, software experience, game, or website that accesses Content and Information from Facebook's API or other Facebook software," and to the extent it encompasses individuals or entities outside of Facebook's knowledge and/or who may not be relevant to this litigation.

17.     Facebook objects to Plaintiffs' "Relevant Time Period," which dates back to January 1, 2007, as overly broad, unduly burdensome, and disproportionate to the needs of the litigation.  In response to Plaintiffs' requests, Facebook will produce the following categories of documents dating back to January 1, 2007:  (i) documents reflecting Facebook's platform

7

policies and user terms, (ii) Facebook's 2009 revisions to its user terms, and (iii) Documents reflecting privacy-related disclosures, communications, and other materials provided to users relating to Facebook's pre-2009 user terms and 2009 revisions to those terms.  For all other categories of materials, Facebook will produce documents dating back to March 20, 2012 in response to Plaintiffs' requests.

## OBJECTIONS TO INSTRUCTIONS

1.      Facebook objects to Plaintiffs' Instructions to the extent that they impose obligations that go beyond the requirements of the Federal and Local Rules.

2.      Facebook objects to Plaintiffs' Instruction No. 2 as ambiguous as to the meaning of "available."  Facebook further objects to the Instruction to the extent it exceeds the requirements of the Federal Local Rules.

3.      Facebook objects to Plaintiffs' Instruction No. 3 as unduly burdensome to the extent it requires Facebook to describe detailed information about documents which are no longer in existence or in Facebook's possession, custody, or control, which likely amounts to an extremely large volume of documents given the scope of Plaintiffs' claims and document requests.  Facebook will comply with Instruction No. 3 only to the extent it can ascertain the requested information about the subject documents through reasonable, good-faith investigation and inquiry.

4.      Facebook objects to Plaintiffs' Instruction No. 7 to the extent that it imposes obligations that go beyond the requirements of the Federal and Local Rules.

5.      Facebook objects to Plaintiffs' Instruction No. 12 as ambiguous and unduly burdensome.  Facebook further objects to the Instruction to the extent it exceeds the requirements of the Federal and Local Rules.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 6:**

All Documents provided to or received from any governmental entity or regulator in the United States and United Kingdom in response to any formal or informal inquiry or investigation relating to whether Users' Content and Information was accessed or obtained by any Third Parties without proper consent or authorization, including but not limited to all inquiries or investigations arising out of the Cambridge Analytica Scandal, the FTC Consent Order, and any inquiry or investigation related to the settlement agreement with the FTC announced on July 24, 2019.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks all documents provided to or received from any governmental entities or regulators in broad categories of "inquir[ies]" and investigation[s]" without regard for whether such information relates to Plaintiffs' claims.

(D) Facebook objects to this Request as overbroad as to time to the extent it seeks document predating March 20, 2012.

Subject to and without waiving the foregoing objections, Facebook will produce documents in response to this Request to the extent that those documents are responsive to Plaintiffs' other Requests, identified by a reasonable, good-faith search, and by December 26, 2019, Facebook will produce all document demand letters from the FTC associated with its 2018-2019 investigation into Facebook along with correspondence regarding the scope of those demands.

**REQUEST FOR PRODUCTION NO. 7:**

All organizational charts, personnel directories, or other documents sufficient to show Your organizational structure, including:

(a)      the identity of subsidiaries, affiliates, and joint ventures, and your ownership interest, control of, or participation in any subsidiary or affiliate or joint venture related to agreements, engineering, access, use, transmission, receipt, collection or analysis of Facebook Users' Content and Information by Third Parties;

(b)      the organization of any division, department, unit or subdivision of your company that has responsibilities relating to agreements, engineering, access, use, transmission, receipt, collection or analysis of Users' Content and Information by Third Parties; and

(c)      the names, titles, job descriptions, and employment periods for your present and former employees who has or had responsibilities relating to agreements, engineering, access, use, transmission, receipt, collection or analysis of Users' Content and Information by Third Parties; and

(d)      the names, titles, job descriptions, and employment periods of Your present or former directors, officers, or senior managers, as well as any secretaries or administrative assistants assigned to these directors, officers, or senior managers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks "all" organizational charts, personnel directories, or other documents sufficient to show Facebook's organizational structure, including the categories of entities, divisions, or individuals described in the Request, which are merely "related" or "relating" to agreements, engineering, access, use, transmission, receipt, collection or analysis of Facebook Users' Content and Information by Third Parties, including those which may have no bearing on any issues in this Action and the names, titles, job descriptions, and employment periods of all present or former Facebook directors, officers, or senior managers, as well as any secretaries or administrative assistants assigned to these directors, officers, or senior managers, including those which may have no involvement with or knowledge of issues in this Action.

(D) Facebook further objects to the Request on the grounds that the Request seeks documents that are public, already in Plaintiffs' possession, custody, or control, or obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, based on Facebook's understanding of the Request, Facebook states it does not have any documents in its possession, custody, or control responsive to this Request.  Facebook is willing to meet and confer with Plaintiffs regarding the documents being sought by this Request, their relevance to the Plaintiffs' claims (if any), and what documents Facebook could reasonably produce proportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 8:**

All versions (including each updated or amended version thereof) of Facebook's "Platform Policies," which have been called the "Developer Principles and Policies," the "Platform Guidelines," or the "Developer Terms of Service" (collectively, the "Platform Policies").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks "all" versions of certain documents without any limitation as to the relevant time period or whether the versions sought are in final form.

(D) Facebook further objects to the Request on the grounds that the Request seeks documents that are public, already in Plaintiffs' possession, custody, or control, or obtainable from some other source that is more convenient, less burdensome, or less expensive.

(E) Facebook further objects to this Request to the extent that the Request seeks materials that are cumulative or duplicate of materials produced to Plaintiffs previously.

Subject to and without waiving the foregoing objections, Facebook will produce the final, written versions of Facebook's Platform Policies issued to users dating back to January 1, 2007, to the extent that those policies have not been produced to Plaintiffs previously.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents relating to each of the Named Plaintiffs, including but not limited to all Content and Information collected about each of them or gained from business relationships or any other source.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks all Documents merely "relating" to each of the Named Plaintiffs, including all Content and Information collected about each of them from any business relationship or any other source, including those which may have no bearing on any issues in this Action, and including those that are outside of Facebook's possession, custody, or control.

(D) Facebook objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks "all" Content and Information "collected about each" Named Plaintiffs, which could include automated logs of actions taken, transaction-level date, and high-level summary documents used only for technical purposes, including those which may have no bearing on any issues in this Action.

(E) Facebook further objects to the Request on the grounds that the Request seeks documents that are public, already in Plaintiffs' possession, custody, or control, or obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Facebook will produce documents that are responsive to this Request and which are uniquely associated with Content and Information related to the Named Plaintiffs' accounts or specifically relate to the sharing of the Named Plaintiffs' Content and Information with third-parties, identified by a reasonable, good-faith search of documents that are in Facebook's possession, custody, or control, to the extent the Named Plaintiffs have provided information sufficient to identify their accounts.

**REQUEST FOR PRODUCTION NO. 10:**

For each of the Named Plaintiffs, Documents sufficient to show the categories of Content and Information Facebook collects, tracks, and maintains about them.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks Documents sufficient to show all categories of Content and Information Facebook collects, tracks, and maintains about each of the Named

14

Plaintiffs, including, for example, Content and Information that Facebook did not share with any third parties and that does not relate to any issue in this Action.

(D) Facebook further objects to the Request to the extent that it is cumulative or duplicative of other Requests, such as Request 9.

(E) Facebook further objects to the Request on the grounds that the Request seeks documents that are public, already in Plaintiffs' possession, custody, or control, or obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Facebook will produce documents that are responsive to this Request and which are uniquely associated with Content and Information related to the Named Plaintiffs' accounts, identified by a reasonable, good-faith search of documents that are in Facebook's possession, custody, or control, to the extent the Named Plaintiffs have provided information sufficient to identify their accounts.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to identify all Third Parties to which Facebook granted access to Named Plaintiffs' Content and Information, what categories of Content and Information Facebook granted access to, how Facebook allowed these Third Parties to access the Named Plaintiffs' Content and Information, and the business purpose of all such access.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection. Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks Documents sufficient to identify all Third Parties to which Facebook granted access to Named Plaintiffs' Content and Information and other information relating to such information sharing, including Third Parties who were granted access to such Content and Information other than in connection with the allegations in Plaintiffs' Complaint.

Subject to and without waiving the foregoing objections, based on Facebook's understanding of the Request, Facebook states it does not have documents in its possession, custody, or control responsive to this Request.  Facebook is willing to meet and confer with Plaintiffs regarding the documents being sought by this Request, their relevance to the Plaintiffs' claims (if any), and what documents Facebook could reasonably produce proportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 12:**

Documents relating to any partnerships or agreements Facebook entered into with Third Parties for access to Named Plaintiffs' Content and Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection. Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it broadly seeks all Documents "relating" to any partnerships or agreements Facebook entered into with Third Parties for access to Named Plaintiffs' Content and Information, including those which may have no bearing on any issues in this Action, and including those that are outside of Facebook's possession, custody, or control.

Subject to and without waiving the foregoing objections, based on Facebook's understanding of the Request, Facebook states it does not have documents in its possession, custody, or control responsive to this Request.  Facebook is willing to meet and confer with Plaintiffs regarding the documents being sought by this Request, their relevance to the Plaintiffs' claims (if any), and what documents Facebook could reasonably produce proportionate to the needs of the case.

## REQUEST FOR PRODUCTION NO. 13:

For all Third Parties to which Facebook granted access to Named Plaintiffs' Content and Information, Documents sufficient to show any use by Third Parties of such Content and Information not in connection with the User that granted the permission to the Third Party or inconsistent with Facebook's agreement with that Third Party.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it broadly seeks Documents regarding "all Third Parties" who obtained access to certain content and information, including Third Parties who were granted access to such Content and Information other than in connection with the allegations in Plaintiffs' Complaint.

(D) Facebook further objects to this Request on the ground, and to the extent, that it seeks information that is outside of Facebook's possession, custody, or control because it seeks information regarding Third Parties' use of Named Plaintiffs' Content and Information.

Subject to and without waiving the foregoing objections, Facebook will produce cease-and-desist letters sent to app developers identified as having access to Facebook users' Content and Information during the Relevant Time Period relating to policy violations involving potential misuse of user data.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show the monetary or retail value of each named Plaintiff's Content and Information to Facebook, updated to reflect whenever Facebook's terms of service changed, including the calculation of revenue earned by Facebook for each Named Plaintiff based upon bartering or selling access to such Named Plaintiff's Content and Information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.   Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request on the grounds that "monetary or retail value of each named Plaintiff's Content and Information to Facebook" and "calculation of revenue earned by Facebook for each Named Plaintiff" are ambiguous and vague.

(D) Facebook further objects to this Request on the grounds that it assumes disputed facts or legal conclusions, particularly that Facebook "barter[s]" or "sell[s]" access to the "Named Plaintiff[s'] Content and Information" to any Third Parties.

Subject to and without waiving the foregoing objections, based on Facebook's understanding of the Request, Facebook states it does not have any documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Documents sufficient to show the money or any other thing of value, including but not limited to money or any other thing of value paid in exchange for targeted advertising, that Facebook received in exchange for each Named Plaintiff's Content and Information, which entities paid Facebook, and when such payments were made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks Documents regarding all entities who provided money or any other thing of value to Facebook other than in connection with the allegations in Plaintiffs' Complaint.

(D) Facebook further objects to this Request on the grounds that "money or any other thing of value . . . that Facebook received in exchange for each Named Plaintiff's Content and Information" is ambiguous and vague.

(E) Facebook further objects to this Request on the grounds that it assumes disputed facts or legal conclusions, particularly that Facebook received "money or any other thing of value" from Third Parties in exchange for the "Named Plaintiff[s'] Content and Information."

Subject to and without waiving the foregoing objections, based on Facebook's understanding of the Request, Facebook states it does not have any documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to show the monetary or retail value of Users' Content and Information to Facebook, including all monthly, quarterly, and annual financial reporting relating to same, and including but not limited to the calculation of average revenue per user, any changes to such monetary or retail value relating to changes to Facebook's terms of service, and any financial reporting of Content and Information as an asset.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other

applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case on the grounds, and to the extent, that the Request seeks information about Users who are not parties to the Action and financial information unrelated to Plaintiffs' claims.

(D) Facebook further objects to this Request on the grounds that "monetary or retail value of Users' Content and Information to Facebook" is ambiguous and vague.

(E)  Facebook further objects to this Request as misleading to the extent that it suggests that Facebook's per-user revenues reflect the value of any information for which Plaintiffs seek compensation in this Action.

Subject to and without waiving the foregoing objections, based on Facebook's understanding of the Request, Facebook states it does not have any documents in its possession, custody, or control responsive to this Request.

## REQUEST FOR PRODUCTION NO. 17:

All Documents relating to Facebook's assessment of the monetary or retail value of Users' Content and Information to Users (as distinct from value to Facebook), including analyses for providing compensation to Users for their Content and Information, including but not limited to Users compensated in connection with the Onavo or Research app.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.   Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case on the grounds, and to the extent, that the Request seeks information about Users who are not parties to the Action.

(D) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case on the grounds, to the extent, that the Request seeks all Documents "relating to" Facebook's assessment of the monetary or retail value of Users' Content and Information to Users and information relating to compensation for data and/or information not related to Plaintiffs' claims

(E) Facebook further objects to this Request on the grounds that "monetary or retail value of Users' Content and Information to Users" is ambiguous and vague.

(F)  Facebook further objects to this Request as misleading to the extent that it suggests any compensation offered for information in connection with the Onavo or Research app reflects the value of any information for which Plaintiffs seek compensation in this Action.

Subject to and without waiving the foregoing objections, based on Facebook's understanding of the Request, Facebook states it does not have any documents in its possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents that have been transmitted to Users by Facebook relating to whether Users' Content and Information was accessed or obtained by Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(B) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case on the grounds, and to the extent, that the Request seeks Documents transmitted to Users who are not parties to the Action.

(C) Facebook further objects to the Request on the ground that the Request seeks documents that are already in Plaintiffs' possession, custody, or control.

Subject to and without waiving the foregoing objections, Facebook will produce Facebook's communications to users regarding the Cambridge Analytica events.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents supporting the escalation of those Apps escalated to Phase Two of ADI for Enhanced Examination and/or Phase Three of ADI for Enforcement and designated as follows in the Chen Declaration ¶ 34:

(d) each [A]pp to which a request for information was sent; (e) each [A]pp for which an interview was sought with the developer; (f) each [A]pp for which a remote or onsite audit was requested to be conducted; (g) each [A]pp for which actual misuse was found and identification of that misuse; (h) each [A]pp that was banned for actual misuse; and (i) each [A]pp that was banned for failing to cooperate with Facebook's investigation.

Facebook has described identification of these Apps as non-privileged and has already produced it to the Massachusetts Attorney General's Office.  *See* Chen Declaration ¶ 35.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case on the grounds that the Request seeks all Documents supporting the escalation of certain Apps, including escalations not relevant to the claims or defenses in this Action.

Facebook is willing to meet and confer with Plaintiffs regarding the documents being sought by this Request, their relevance to Plaintiffs' claims (if any), and what documents Facebook could reasonably produce proportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 20:**

The list of Apps that Facebook provided to the Massachusetts Attorney General's Office and that the Chen Declaration ¶ 35 describes as "the subject of external actions or communications with third parties, including the growing list of Apps Facebook has suspended as part of the [ADI], whether because of policy violations or because of their refusal to cooperate with Facebook's investigation."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

Subject to and without waiving the foregoing objections, Facebook will produce relevant lists of Apps that Facebook provided to the Massachusetts Attorney General's Office.

**REQUEST FOR PRODUCTION NO. 21:**

Communications between Facebook and Third Parties relating to the ADI, including but not limited to Communications that Facebook provided to the Massachusetts Attorney General's Office.  *See* Chen Declaration ¶ 37.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case on the grounds that the Request seeks all Communications between Facebook and Third Parties "relating" to the ADI, including communications unrelated to Plaintiffs' claims.

Subject to and without waiving the foregoing objections, to the extent non-privileged, responsive documents are identified by a reasonable, good-faith search, Facebook will produce Communications between Facebook's ADI team and third-party app developers relating to ADI.

**REQUEST FOR PRODUCTION NO. 22:**

All "Privacy Risk Assessment[s]," and notes or agenda relating to Facebook's "focused subject-matter-specific meetings," "focused subject-matter-specific discussions," "weekly intra- and inter-team meetings," and "Privacy Summit[s]," as detailed in "Facebook's Privacy Program Overview" included in any PricewaterhouseCoopers LLP ("PwC") assessment report prepared pursuant to the FTC Consent Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case on the grounds that the Request seeks

26

FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 3:18-MD-02843-VC

all notes and agenda regarding various topics, including notes and agenda unrelated to Plaintiffs' claims.

Facebook stands on its objections.

**REQUEST FOR PRODUCTION NO. 23:**

Unredacted versions and Documents in support of the assessment reports, including the Initial Assessment Report and Biennial Reports, prepared by PwC pursuant to the FTC Consent Order.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request as seeking information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection. Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects that the term "assessment reports" is ambiguous and vague. Facebook will construe this term to mean the "Privacy Risk Assessments" referenced in Request No. 22.

(D) Facebook further objects to the Request to the extent that the Request seeks documents that are not in Facebook's possession, custody, or control because the Request seeks documents that support assessment reports prepared by another entity.

(E) Facebook further objects to the Request as Facebook lacks sufficient knowledge to identify with certainty documents relied upon by another entity.

Facebook stands on its objections.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify all Third Parties to which Facebook granted access to Users' Content and Information not generally available through Platform pursuant to partnerships or agreements between Facebook and those Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks Documents sufficient to identify all Third Parties to which Facebook granted access to Users' Content and Information not generally available through Platform pursuant to partnerships or agreements between Facebook and those Third Parties, including Third Parties who were granted access to such Content and Information other than in connection with the allegations in Plaintiffs' Complaint.

Subject to and without waiving the foregoing objections, Facebook will produce final agreements with integration partners and device manufacturers responsive to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents relating to agreements or partnerships described in Request No. 24.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks all Documents "relating" to the subject agreements or partnerships, including those which are not relevant to the subject matter of the Action.

(D)  Facebook further objects to the Request to the extent that it is cumulative or duplicative of other Requests, such as Request 24.

Subject to and without waiving the foregoing objections, Facebook will produce agreements with its integration partners and device manufacturers responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

For each of the Third Parties that Facebook entered into partnerships or agreements with as described in Request No. 24, Documents sufficient to identify:

- The fields, kinds, or categories of Content and Information that were accessed or obtained by such Third Parties;

- How each such Third Party accessed or obtained the Content and Information of Users;

- How each such Third Party used the Content and Information accessed or obtained;

- Where the Content and Information obtained by such Third Parties currently resides and who has access to it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to the Request to the extent that the Request seeks Documents that are not in Facebook's possession, custody, or control because the Request relates to the conduct of Third Parties.

(E)  Facebook further objects to this Request as seeking information outside of Facebook's knowledge regarding the actions and knowledge of third parties.

(D) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case on the grounds, and to the extent, that the Request seeks information about Users that are not parties to the Action.

Subject to and without waiving the foregoing objections, based on Facebook's understanding of the Request, Facebook states it does not have documents in its possession, custody, or control responsive to Request No. 26.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show all forms and formats in which Facebook transmitted to Third Parties information concerning Users' liking, viewing, retrieving, or otherwise requesting or obtaining videos on, using, or by means of the Facebook Platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(B) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case on the grounds, and to the extent, that the Request seeks information about Users not a party to the Action.

(C) Facebook further objects to this Request on the grounds that the term "transmitted" is ambiguous and vague in that it could refer to any and all forms of conveying information, including passively making information available to a third party by hosting and displaying the information a User chooses to include on his or her Facebook profile page.

Subject to and without waiving the foregoing objections, Facebook is willing to meet and confer with Plaintiffs regarding the documents being sought by this Request, their relevance to the Plaintiffs' claims (if any), and what documents Facebook could reasonably produce proportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents relating to Internal Policies by Facebook on the monitoring of Third Parties' compliance with Facebook's Platform Policy, Data Policy, or SRR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks all Documents "Relating" to the subject Internal Policies, including Policies unrelated to Plaintiffs' claims.

Subject to and without waiving the foregoing objections, to the extent non-privileged, responsive documents are identified by a reasonable, good-faith search, Facebook will produce final, formal, written Policies that governed access to Facebook consumer data by third-party Applications during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents relating to Internal Policies by Facebook on the enforcement of Facebook's Platform Policy, Data Policy, or SRR against Third Parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other

applicable privilege, doctrine, or protection. Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks all Documents "relating" to the subject Internal Policies, including Policies unrelated to Plaintiffs' claims.

(D) Facebook further objects to the Request to the extent that it is cumulative or duplicative of other Requests, such as Request 28.

Subject to and without waiving the foregoing objections, Facebook is willing to meet and confer with Plaintiffs regarding the documents being sought by this Request, their relevance to the Plaintiffs' claims (if any), and what documents Facebook could reasonably produce proportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents relating to measures and controls, including proposed measures and controls, put in place by Facebook to prevent Third Parties from violating Facebook's Platform Policy, Data Policy, or SRR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection. Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks all Documents "Relating" to the subject measures and controls, including measures and controls unrelated to Plaintiffs' claims.

(D) Facebook further objects to this Request on the grounds that the phrases "measures and controls" and "proposed measures and controls" are ambiguous and vague and undefined.

(F) Facebook further objects to the Request to the extent that it is cumulative or duplicative of other Requests, such as Requests 28 and 29.

Subject to and without waiving the foregoing objections, to the extent non-privileged, responsive documents are identified by a reasonable, good-faith search, Facebook will produce final, formal, written Policies that governed access to Facebook consumer data by third-party Applications during the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents relating to Facebook's audits, inquiries, and investigations of Third Parties investigating compliance with any provisions of Facebook's Platform Policy, Data Policy, or SRR regarding the access, use, transmission, receipt, collection and analysis of Users' Content and Information on and off the Platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other

applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks all Documents "relating" to the subject audits, inquiries, and investigations, including audits, inquires, and investigations unrelated to Plaintiffs' claims.

Subject to and without waiving the foregoing objections, Facebook will produce cease-and-desist letters sent to app developers during the Relevant Time Period relating to policy violations involving the use of User data.  Facebook is willing to meet and confer with Plaintiffs regarding any other documents being sought by this Request, their relevance to the Plaintiffs' claims (if any), and what documents Facebook could reasonably produce proportionate to the needs of the case.

## REQUEST FOR PRODUCTION NO. 32:

All Documents Concerning Misuse of Data, including investigations, examinations, inquiries, or audits-or Communications regarding such investigations, examinations, inquiries, or audits-regarding Misuse of Data prior to the deprecation of Graph API v.1.0.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case in that it seeks all Documents "Concerning" Misuse of Data.

(D) Facebook further objects that the phrase "prior to the deprecation of Graph API v.1.0" is ambiguous and vague and undefined.  Facebook will construe this phrase to mean prior to April 30, 2015.

(E)  Facebook further objects to the Request to the extent that it is cumulative or duplicative of other Requests, such as Requests 31.

Subject to and without waiving the foregoing objections, Facebook will produce cease-and-desist letters sent to app developers during the Relevant Time Period relating to policy violations involving the use of User data.  Facebook is willing to meet and confer with Plaintiffs regarding any other documents being sought by this Request, their relevance to the Plaintiffs' claims (if any), and what documents Facebook could reasonably produce proportionate to the needs of the case.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to show the notice that Facebook provided to Users regarding modifications to Facebook's SRR or Data Policy, and all Communications related thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other

applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action and/or disproportionate to the needs of the case on the grounds that it seeks all Communications "related" to the subject notice.

(D) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case on the grounds, and to the extent, that the Request seeks information about Users who are not parties to the Action.

Subject to and without waiving the foregoing objections, Facebook will produce final, exemplar versions of notifications that Facebook made to users regarding material changes to its Data Use Policy and Statement of Rights and Responsibilities dating back to January 1, 2007.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents relating to the conditioning of Third Parties' access to Users' Content and Information on the purchase of Mobile App Install Ads, payment of Content and Information in-kind (referred internally as Reciprocity or Data Reciprocity), or other payment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case on the grounds that it seeks all Documents "relating" to certain subjects, including Documents unrelated to Plaintiffs' claims and documents that are not within Facebook's possession, custody, or control.

(D)  Facebook further objects to this Request to the extent it is based on the false and incorrect premise that Facebook "condition[ed]" or "condition[s]" access to information on certain purchases and/or payments.

Subject to and without waiving the foregoing objections, Facebook will produce final, formal, written Policies and agreements that governed access to Facebook consumer data by third-party Applications, integration partners, and mobile phone manufacturers during the Relevant Time Period.

## REQUEST FOR PRODUCTION NO. 35:

Documents relating to the manner in which a Facebook User could control how his or her data was shared through their Privacy Controls and App Settings throughout the Relevant Time Period, including but not limited to screenshots of the Facebook website and the Facebook mobile application.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.  Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case on the grounds that it seeks all Documents "relating" to the subject manner of control, including Documents that are not within Facebook's possession, custody, or control.

(D) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action and/or disproportionate to the needs of the case on the grounds, and to the extent, that the Request seeks information about Users that are not parties to the Action.

(E) Facebook further objects to the Request on the grounds that the Request seeks documents that are public, already in Plaintiffs' possession, custody, or control, or obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, to the extent non-privileged documents are identified by a reasonable, good-faith search, Facebook will produce its user terms dating back to January 1, 2007, to the extent they have not been produced to Plaintiffs' previously, and screen shots sufficient to show how a user could control how data was shared with third-party applications.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning User testing, evaluation and analysis of Facebook's Privacy Controls and App Settings during the Relevant Time Period, including but not limited to design documents, correspondence, analyses, and reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Facebook restates and incorporates its Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions as though fully set forth in this Response. Facebook further objects to this Request on the following additional grounds:

39

(A) Facebook objects to this Request to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege, doctrine, or protection.   Facebook interprets this Request as though it excludes documents protected by these privileges and protections.

(B) Facebook objects to this Request to the extent it seeks to impose obligations that go beyond the requirements of the Federal and Local Rules.

(C) Facebook further objects to this Request as ambiguous and confusing on the grounds that the phrase "User testing, evaluation and analysis of Facebook's Privacy Controls and App Settings" is ambiguous and vague and not defined.

(D) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action, unlikely to lead to the discovery of admissible evidence, and/or disproportionate to the needs of the case on the grounds that it seeks all Documents "concerning" the subject User testing, evaluation and analysis, including Documents which are not within Facebook's possession, custody, or control.

(E) Facebook further objects to this Request as overly broad, unduly burdensome, irrelevant to the subject matter of this Action and/or disproportionate to the needs of the case on the grounds, and to the extent, that the Request seeks information about Users that are not parties to the Action.

(F) Facebook further objects to the Request on the grounds that the Request seeks documents that are public, already in Plaintiffs' possession, custody, or control, or obtainable from some other source that is more convenient, less burdensome, or less expensive.

Subject to and without waiving the foregoing objections, Facebook is willing to meet and confer with Plaintiffs regarding the documents being sought by this Request, their relevance to the Plaintiffs' claims (if any), and what documents Facebook could reasonably produce proportionate to the needs of the case.

DATE:  December 26, 2019

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:  /s/ *Joshua S. Lipshutz*
Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Brian M. Lutz (SBN 255976)
blutz@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*