# EXHIBIT 28

**AMENDED TRANSCRIPT**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

IN RE: FACEBOOK, INC.,           ) No. 18MD02843-VC
CONSUMER PRIVACY USER            )
PROFILE LITIGATION,              )
_____)

San Francisco, California
Thursday, February 10, 2022

TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING 4:23 - 5:01 = 38 MINUTES

APPEARANCES:

For Plaintiffs:
    Bleichmar, Fonti & Auld, LLP
    555 12th Street, Suite 1600
    Oakland, California 94607
BY: LESLEY E. WEAVER, ESQ.
    ANNE KATHLEEN DAVIS, ESQ.
    MATTHEW S. MELAMED, ESQ.

    Keller Rohrback, LLP
    1201 Third Avenue, Suite 3200
    Seattle, Washington 98101
BY: DEREK W. LOESER, ESQ.
    DAVID J. KO, ESQ.
    CARI CAMPEN LAUFENBERG, ESQ.

(APPEARANCES CONTINUED ON NEXT PAGE.)

6

again, Facebook has been stonewalling on it.

I think I should probably set some very tight deadlines for when this stuff needs to be -- when the completion of this discovery needs to occur and we can talk about that. I'll sort of defer to the Plaintiffs on that. But the main thing, you know, aside from setting deadlines, by which this stuff needs to be completely turned over, the main thing -- the main point I want to make right now is I think what's happened so far is sanctionable, very likely, and I want to invite the Plaintiffs to file motions for sanctions on those issues, if they agree with me, and any other issue that they -- where they believe Facebook has engaged in sanctionable conduct.

And again, my tentative view is that the -- that Facebook and the lawyers, the partners on the pleadings, should be jointly liable for the sanctions and they should both be sanctioned. And, I guess, you know I know from prior cases that Mr. Loeser is a very courteous opposing counsel, but if you -- if you're -- and maybe you would not be inclined to include the lawyers, maybe you would not be inclined to move for sanctions at all, but if you move for sanctions, I'm going to want to know if there's a good reason not to sanction the lawyers, as well as the clients. Or the client, I should say.

Also, another issue is the depositions of the named

1  over 40,000 pages of documents on the ADI production.  I
2  think the final order we got was in December, and then we
3  will be rolling thereafter.  And I understand that we can --
4  we think we'll be able to complete that within one month, if
5  not sooner, but certainly tomorrow 40,000 pages are being
6  produced and we're working around the clock to produce
7  those, as we speak.
8           THE COURT:  All documents relating to the app
9  developer investigation must be turned over to the
10 Plaintiffs no later than 21 days from today.
11          MR. SNYDER:  That's fine, your Honor.
12          THE COURT:  And the other instruction that I --
13 the other order that you are operating under, not just for
14 the app developer investigation documents, but for all
15 documents and all information, is that when in doubt,
16 resolve all doubts in favor of turning it over.
17          MR. SNYDER:  We have been doing that, your Honor,
18 for sure.  And we will continue to do so.
19          THE COURT:  Okay.  What else?
20          MR. LOESER:  So that leaves the question of the
21 schedule, the dates, the substantial completion date and all
22 of the dates that flow from it.  You know, the position
23 we're trying to avoid having ourselves end up in is, we're
24 taking depositions and we have a lot of depositions to take,
25 we want these documents for the depositions.  So it may be