# EXHIBIT 43

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071-3197
Tel 213.229.7000
www.gibsondunn.com

November 9, 2021

VIA ELECTRONIC MAIL

Lesley Weaver
Bleichmar Fonti & Auld LLP
555 12th Street, Suite 1600
Oakland, CA 94607

Derek W. Loeser
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Re:    *In re Facebook, Inc. Consumer Privacy User Profile Litigation*

Counsel:

    We write in response to Plaintiffs' November 3, 2021 letter concerning the parties' October 25, 2021 lists of proposed deponents and deposition dates.  We are concerned by Plaintiffs' approach to deposition scheduling, which appears intended to cause unnecessary delay and inefficiency in a case in which discovery has already dragged on for years.  For the reasons discussed in this letter, we propose meeting and conferring about these issues once Special Master Garrie has issued his order on the Parties' proposed deposition scheduling protocols, which we expect will provide additional guidance.

    *First*, Plaintiffs' letter ignores Facebook's proposed dates for the depositions it seeks and instead cites dates that Plaintiffs apparently "had intended to offer" but that now "may no longer work"—including dates and times less than one week away, over weekends and holidays, and one that would begin at 4 pm and extend through the middle of the night.  In other words, rather than engage meaningfully in a discussion about dates, it appears as though Plaintiffs are continuing to try to stonewall Facebook from deposing the Named Plaintiffs.

    *Second*, Plaintiffs incorrectly suggest it was a "mistake" for Facebook to include individuals on its proposed list of deponents who "are no longer Named Plaintiffs." Plaintiffs are wrong that Facebook may not depose individuals who brought claims against Facebook in this case and later decided not the pursue those claims, while preserving their right to reassert them at a later time.

    As counsel knows, when the former Named Plaintiffs dismissed their claims, they did so without prejudice and sought an order excusing those individuals from participating in discovery.  Dkt. 583 at 9.  Judge Corley rejected this approach.  In doing so, she noted: "The

**GIBSON DUNN**

Lesley Weaver
November 9, 2021
Page 2

Defendants often want to go beyond the named Plaintiffs and take a few [depositions of absent class members] . . . they say: This person was a named Plaintiff.  It is not too burdensome on them [to be deposed].  I'm sure Facebook would be happy to depose them." Dec. 9, 2020 Hr'g Tr. 50:15–21.  Plaintiffs' counsel confirmed:  "To be clear, a lot of these Plaintiffs . . . want to be deposed by you." *Id*. at 50:7-9; *see also id.* at 50:22 ("My co-Counsel is going to be mad at me.").  Judge Corley's guidance is consistent with authority making clear that it is perfectly reasonable for a defendant to depose absent class members who—like the former Named Plaintiffs—have "injected" themselves into class action litigation.  *See Aldapa v. Flower Packing Co., Inc.*, No. 1:15-cv-00420-DAD-SAB, 2019 WL 2635947, at *5 (E.D. Cal. June 27, 2019).

Plaintiffs' position that it would be improper to depose former Named Plaintiffs also flies in the face of the burdens Plaintiffs themselves have imposed and continue to impose on scores of third parties.  Plaintiffs have served wide-ranging document subpoenas on more than 60 third parties, expressed their intent to depose up to 50 third-party witnesses, and included numerous third-party former Facebook employees on the initial list of witnesses Plaintiffs seek to depose.  Plaintiffs cannot have it both ways.  If it is Plaintiffs' position that Facebook may not seek discovery from individuals who are not currently parties to the case, Plaintiffs should immediately withdraw all third-party subpoenas they have served to date and cease issuing them.  Further, unlike the dozens of third parties Plaintiffs have burdened with discovery, each of the former Named Plaintiffs made personal allegations against Facebook in this case, sought scores of discovery from Facebook about their Facebook accounts, and have sought to preserve their right to become parties to this action again at a later time.  Plaintiffs' position that Facebook has no right to depose such individuals is as disingenuous as it is unsupported.

We are also concerned by the list of proposed depositions that Plaintiffs provided to Facebook on October 25, which—like Plaintiffs' November 3 letter—also appears intended to create inefficiencies, unnecessary burdens, and delays.

*First*, Plaintiffs are seeking depositions of three witnesses for whom Facebook has produced or will be producing a deposition transcript from a related matter:  Annie Lewis, Mike Vernal, and Eddie O'Neil.  In prior correspondence, we explained the need for Plaintiffs to prioritize the depositions they wish to take to avoid unnecessary depositions that are duplicative of discovery Plaintiffs already have—particularly given Plaintiffs' prior representations that they intend to take nearly 130 depositions in this case.  These proposed deponents suggest that Plaintiffs have not appropriately prioritized the depositions they seek to take.  Indeed, Judge Corley granted Plaintiffs' request for deposition transcripts from related actions in order to create efficiency, noting "you may not need to redepose that person, actually . . . because you might be able to come to an agreement to use [the prior

**GIBSON DUNN**

Lesley Weaver
November 9, 2021
Page 3

transcript]." Mar. 4, 2021 Hr'g Tr. 9:13–19.  Plaintiffs have not demonstrated any good reason to depose individuals for whom they already have deposition transcripts from related proceedings—much less why individuals should be burdened by being required to prepare for and sit for a duplicative deposition before Plaintiffs have completed depositions of individuals who have not yet been deposed and identified a gap that warrants imposing such a burden.

*Second*, multiple individuals on Plaintiffs' list of initial deponents appear to be individuals that Plaintiffs seek to depose, at least in part, on issues relating to Facebook's App Developer Investigation ("ADI").  As Plaintiffs are aware, the parties are continuing to litigate privilege issues regarding ADI.  The parties agreed in their Privilege Protocol to notice depositions only after any "relevant privilege disputes have been resolved."  Dkt. 462 at 6.  Assuming Plaintiffs intend to ask these particular witnesses questions about ADI, their depositions should be scheduled after "relevant privilege disputes have been resolved."

*Third*, your letter withdraws the dates you requested for two of the witnesses because no deposition protocol is in place.  You proposed these early dates knowing full well that the parties were mediating the deposition protocol and that the dates were impractical for a host of reasons.  That is an issue of your own making.

We are working to identify potential deposition dates for the remaining witnesses Plaintiffs identified, which we will endeavor to provide before the parties meet and confer.  In advance of the requested meet and confer, please: (i) confirm representation for each of the former Named Plaintiffs Facebook indicated it would like to depose in the near term; (ii) propose dates and times that each of the 10 witnesses Facebook listed in its October 25 letter are available to be deposed that do not fall on Sundays, holidays, or in the middle of the night, including whether any of the dates Facebook proposed are acceptable; (iii) propose witnesses you would like to depose who have not already been deposed, in lieu of those who have; and (iv) confirm that Plaintiffs will comply with the parties' Privilege Protocol as it relates to noticing depositions.

Sincerely,

*Deborah L. Stein*

Deborah L. Stein