| | |
|---|---|
| Derek W. Loeser (admitted *pro hac vice*) | Lesley E. Weaver (SBN 191305) |
| KELLER ROHRBACK L.L.P. | BLEICHMAR FONTI & AULD LLP |
| 1201 Third Avenue, Suite 3200 | 555 12th Street, Suite 1600 |
| Seattle, WA 98101 | Oakland, CA 94607 |
| Tel.: (206) 623-1900 | Tel.: (415) 445-4003 |
| Fax: (206) 623-3384 | Fax: (415) 445-4020 |
| dloeser@kellerrohrback.com | lweaver@bfalaw.com |

*Plaintiffs' Co-Lead Counsel*

Additional counsel listed on signature page

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' MOTION FOR EXPEDITED RELIEF AND SANCTIONS FOR DEPOSITION CONDUCT**<br><br>Judge: Hon. Vince Chhabria<br>Special Master Daniel Garrie<br><br>JAMS Ref. No.: 1200058674 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

## I.  INTRODUCTION AND SUMMARY

Plaintiffs seek sanctions arising out of the May 5, 2022 30(b)(6) deposition of Facebook's corporate designee, Allison Hendrix. Among other relief, Plaintiffs seek an additional 3.5-hour 30(b)(6) deposition on the topics for which Ms. Hendrix was designated to testify, as well as monetary sanctions for the time spent preparing for and conducting Ms. Hendrix's deposition. Plaintiffs also seek an order regarding forward-looking conduct in this case. Consistent with Local Rule 37-1, Plaintiffs conferred with Facebook prior to filing this motion and are engaged in good faith negotiations regarding conduct going forward in this action, which may moot some of the relief sought herein. *See*, Declaration of David Ko ("Ko Decl."), ¶ 3. However, given that three depositions are scheduled next week, starting on Monday, the course of misconduct in this case to date, and the misstatements of law proffered during yesterday's deposition, Plaintiffs seek expedited relief now through this motion.

Sanctions are warranted in light of Facebook's counsel's improper and repeated instructions to Ms. Hendrix not to answer on the grounds that the questions were beyond the scope of the Second Amended Rule 30(b)(6) Deposition Notice (the "Notice"). Such instructions are improper under clear Ninth Circuit authority, including cases in this district and cases involving Facebook. Rule 26—and certainly not Facebook, its counsel, or its corporate designee—is the final arbiter of what testimony is called for in a 30(b)(6) deposition. Sanctions are also warranted based on Facebook's failure to prepare a witness to testify on the full scope of the topics for which Ms. Hendrix was designated, including identifying for the first time at the deposition that Ms. Hendrix's testimony would be limited to the policies and procedures related to the topics for which she was designated to the testify. Finally, Facebook's counsel filled the record and wasted time with improper speaking objections, including one that lasted more than fifteen minutes. Sanctions are warranted.

## II.  BACKGROUND

Facebook designated Allison Hendrix to testify as to Topics 1, 2(b), 2(d), 3, and portions of Topic 6 of the Notice. *See* Exhibit 4, Email from Robert Blume to Lesley Weaver et al. (Apr.

25, 2022, 11:15 a.m. PT)[1]. Topics 1, 2, 3, and 6 all relate to Facebook's monitoring and enforcement of user data by third parties. *See* Exhibit 2, the Notice. Topic 3(c) sought testimony regarding "Facebook's monitoring and enforcement of contractual terms with Third Parties regarding their use of Users' Data or Information, including enforcement of Policies regulating access to such Data and Information beyond the Use Case." *Id*. Topic 2(d) sought testimony regarding "[i]dentification, by category, of the type of Data and Information to which Facebook sold, made accessible [or] made available … including … How Facebook ensured Third Parties' use of that Data and Information was limited to the Use Case." *Id.* Furthermore, Topic 1(b) sought "[t]he process for drafting, modifying, evaluating, approving, modifying, issuing, and monitoring the effectiveness of" certain relevant policies … that concern (i) the sharing of Users' Data or Information with Third Parties, and (ii) the use of User Data and Information by Third Parties." *Id.*

Ms. Hendrix and her counsel prevented Plaintiffs from obtaining testimony regarding Facebook's monitoring and enforcement of user data by third parties. Facebook's counsel spent a substantial amount of time on the record making speaking objections and ultimately instructed Ms. Hendrix not to answer at least 22 times based on his unilateral view that the question was beyond the scope of the topics in the Notice. Each time, Ms. Hendrix either followed the instruction and refused to provide basic testimony in response to these questions, or provided her own objection to the question. In every instance, counsel for Facebook muddied the record with long speaking objections, often times leading to even longer discussions both on and off the record with the Special Master.

More specifically, Ms. Hendrix refused to answer questions related to how Facebook actually applied its policies and procedures to third parties, even though Topics 2(d) and 3(c) covered these questions. *See, e.g.*, Exhibit 5, Hendrix Rough Tr. 274:6-280:7. Ms. Hendrix also refused to answer questions related to any of the facts or circumstances in which Facebook

---

[1] All "Exhibit ___" references are to the Ko Declaration filed herewith.

actually identified data abuse or misuse by a third party. *Id.* at 251:15-253:7. Furthermore, she also refused to answer questions related to basic and fundamental concepts in this case, including continued access of friend data and whitelisting. *Id.* at 221:19-222:6. One exchange on whitelisting led to a 31-minute discussion related to whether she could even answer the question "███████████████████████████████" after she replied she was familiar with whitelisting. *Id.* at 198:17-212:15.

As set forth above, Plaintiffs and Facebook's counsel conferred today on these issues. Facebook requested that Plaintiffs refrain from filing this motion and offered prospective relief at future depositions. *See* Exhibit 6, Email from Heather Richardson to Lesley Weaver et al. (May 5, 2022, 7:24 p.m. PT). While this prospective relief is certainly related to and justified under the circumstances, it does not remedy the past or eliminate the discovery abuses that occurred during Ms. Hendrix's deposition and the conduct leading up to it. Plaintiffs therefore file this motion to remedy those wrongs.

### III.   LEGAL STANDARD

Plaintiffs seek relief under Rules 30(d)(2) and 37(a). Rule 30(d)(2) provides: "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). Rule 37(a) authorizes a party to move to compel answers to deposition questions, *id.* R. 37(a)(3)(B)(i), and provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond," *id.* R. 37(a)(4).

The Special Master has "broad discretion" to determine an appropriate sanction under Rule 30(d)(2). *Fanaro v. Cty. of Contra Costa*, No. 3:19-CV-03247-WHO, 2021 WL 1244725, at *4 (N.D. Cal. Apr. 2, 2021). Such sanctions do not require a showing of bad faith. *Hylton v. Anytime Towing*, No. 11CV1039 JLS WMC, 2012 WL 3562398, at *2 (S.D. Cal. Aug. 17, 2012) (citing *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 196 (E.D. Pa. 2008)). Likewise, a court that grants a motion to compel under Rule 37(a) has the discretion to craft an appropriate means of

compliance. *Green v. Baca*, 219 F.R.D. 485, 490 (C.D. Cal. 2003).

IV.     ARGUMENT

During the deposition of Ms. Hendrix, Facebook's counsel and its corporate representative violated the Federal Rules of Civil Procedure in several ways.

*First*, it was improper for Facebook's counsel to instruct the witness not to answer, even if—assuming for argument's sake—the questions asked were outside the scope of the Notice. Plaintiffs made clear that it was improper to instruct the witness to answer on any grounds outside of privilege. *E.g.*, Exhibit 5, Hendrix Rough Tr. 177:18-25. Mr. Blume nevertheless continued to instruct Ms. Hendrix not to answer based on scope, misrepresenting the law by indicating that it supported this instruction, and going so far in an off-the-record argument to say that the propriety of his instruction was "deposition 101." *See* Declaration of David Ko ("Ko Decl."), ¶ 8. The following exchange is an example of counsel's improper objections:



Exhibit 5, Hendrix Rough Tr. 90:21-91:17.[2]

Counsel provided at least 22 instructions to Ms. Hendrix not to answer because the questions exceeded the scope of the topics. The record is replete with inappropriate speaking objections, including one that was more than 17 minutes long. *Id.* at 253:8-268:21. Such objections and improper instructions led to hours of discussion on the record (and substantial time off the record), both with the Special Master and with each other.

---

[2] This line of questioning was unquestionably related to Topic 1.a.

As a court in this district has summarized the law: "If the examining party asks questions outside the scope of the matters described in the notice, the general deposition rules govern"—which means "that relevant questions may be asked and no special protection is conferred on a deponent simply because the deposition was noticed under 30(b)(6)." *Detoy v. City & Cty. of San Francisco*, 196 F.R.D. 362, 366–67 (N.D. Cal. 2000). Indeed, in a case involving Facebook, another court in this district recognized that "[t]he proper scope of the questioning of a Rule 30(b)(6) witness is not defined by the notice of deposition, but by Rule 26(b)(1) of the Federal Rules of Civil Procedure, unless a court otherwise directs." *Campbell v. Facebook Inc.*, 310 F.R.D. 439, 450 (N.D. Cal. 2015) (quoting *Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 38 (S.D.N.Y.2009) (citing *Emps. Ins. Co. of Wausau v. Nationwide Mut. Fire Ins. Co.*, 2006 WL 1120632, at *1 (E.D.N.Y. Apr. 26, 2006)); *accord, e.g., EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) ("Most courts have concluded that once the witness satisfies the minimum standard for serving as a designated witness, the scope of the deposition is determined solely by relevance under Rule 26, that is, that the evidence sought may lead to the discovery of admissible evidence." (citations and internal marks omitted)); *Loop AI Labs Inc. v. Gatti*, No. 15-cv-00798-HSG (DMR), 2016 WL 4474584, at *3 (N.D. Cal. Aug. 25, 2016) (quoting *UniRAM Tech., Inc. v. Monolithic Sys. Tech., Inc.*, No. C 04-1268 VRW (MEJ), 2007 WL 915225, at *2 (N.D. Cal. Mar. 23, 2007) ("A party noticing a deposition pursuant to Rule 30(b)(6) must describe with reasonable particularity the matters on which the examination is requested. 'However, the "reasonable particularity" requirement of Rule 30(b)(6) cannot be used to limit what is asked of the designated witness at a deposition.' … 'The 30(b)(6) notice establishes the minimum about which the witness must be prepared to testify, not the maximum.'"); *La Jolla Spa MD, Inc. v. Avidas Pharmaceuticals, LLC*, 2019 WL 4141273, at *7 (S.D. Cal. Aug. 30, 2019) (quoting *ChriMar Systems Inc. v. Cisco Systems Inc.*, 312 F.R.D. 560 (N.D. Cal. 2016)) ("…Rule 30(b)(6) deposition notices *do not* limit the examiner to the topics listed in the notice. … 'The 30(b)(6) notice *establishes the minimum* about which the witness must be prepared to testify, *not the maximum*.'" (emphasis in original)).

Thus, if Facebook has objections, including an objection that a question is "outside the scope of the 30(b)(6) designation," counsel "shall state the objection on the record and the witness shall answer the question, to the best of the witness's ability." *Detoy*, 196 F.R.D. at 367. But "[c]ounsel shall refrain from instructing a witness not to answer, except . . . to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under" Rule 30(d)(3). *Id.* The improper instructions by Facebook's counsel disrupted the deposition and prevented Plaintiffs from obtaining relevant evidence, and for this reason alone, the imposition of sanctions are appropriate. *See Lykins v. CertainTeed Corp.*, 555 F. App'x 791, 797–98 (10th Cir. 2014) (reversing and remanding for reimposition of magistrate judge's sanctions, which were imposed for instructing a 30(b)(6) witness not to answer); *La Jolla Spa MD, Inc. v. Avidas Pharm., LLC*, 2019 WL 4141237, at *7 (S.D. Cal. Aug. 30, 2019) (sanctioning attorney for, among other things, instructing a 30(b)(6) witness not to answer questions as being beyond the scope of a notice; describing such instructions as "utterly baseless"); *Best Buddies Leasing, LLC v. Cabrillo Yacht Sales*, 2009 WL 10671517, at *2 (S.D. Cal. Apr. 23, 2009) (imposing sanctions because, among other things, a 30(b)(6) witness was instructed not to answer); *see also Bd. of Trs. of Leland Stanford Junior Univ. v. Tyco Int'l, Ltd.*, 253 F.R.D. 524, 527 (C.D. Cal. 2008) (noting that the court would have awarded sanctions because 30(b)(6) witnesses were instructed not to answer, had such sanctions been requested).

Relatedly, counsel also improperly instructed Ms. Hendrix not to answer because it called for the "█████████████████████████████████." *See, e.g.*, Exhibit 5, Hendrix Rough Tr. 235:24-236:2. A 30(b)(6) designee "***can*** be examined as to the corporation's opinions and beliefs." Wang et al., *Speak for Yourself: The 30(b)(6) Depositions*, American Bar Association (Sept. 19, 2019) (citing cases) (emphasis added); *see id.* (the corporation has an affirmative duty to educate the witness on "the organization's subjective beliefs, opinions, and interpretations of documents and events").

*Second*, it was equally, if not more, improper for the witness herself to refuse to answer questions because, in her personal view, they were outside the topics for which she was

designated to testify. *See, e.g.*, Exhibit 5, Hendrix Rough Tr. 204:4–6, 212:2–13, 283–284. Just as there is no basis for counsel to instruct the witness not to answer questions on the basis that they are out of scope or seek opinions, there is no basis for the designee to avoid answering on these bases.

*Third*, counsel for Facebook repeatedly made improper speaking objections. *Id.* at 79:15–80:1; 87:14–19; 133:12–19; 155:23–156:3, 160:14–15, 160:19–20, 160:23–24, 162:2–8; *see also Doe v. Uber Techs.*, 2022 WL 767088, at *3 (N.D. Cal. Mar. 11, 2022) (ordering deposition reopened due to speaking objections); *In re Remec, Inc. Sec. Litig.*, 2009 WL 10673212, at *1 (noting that speaking objections are prohibited by Rule 30). These improper speaking objections were made notwithstanding several admonitions by the Special Master not to do so, and Plaintiffs repeated statements regarding the same.

*Fourth*, counsel for Facebook took the position that questions about how Facebook's policies were actually enforced in concrete circumstances were outside the scope of the 30(b)(6) topics. Exhibit 5, Hendrix Rough Tr. 275:2-9. But topic 2(d) asked for testimony on "[h]ow Facebook ensured Third Parties' use of [users' data] was limited to the Use Case," which seeks testimony about how, as a concrete matter, Facebook enforced its limitations on the use of users' data. And topic 3(c) asked for testimony on "Facebook's monitoring and enforcement of contractual terms with Third Parties regarding their use of Users' Data or Information," which likewise seeks testimony about how limitations on use of data were actually enforced.

*Fifth*, at no point before the deposition did Facebook communicate to Plaintiffs in writing or verbally, that, in its view, the topics for which Ms. Hendrix was designated did not include specific facts and circumstances about how Facebook enforced its stated limitations on third parties' use of user data. This is despite that fact that Facebook was originally given notice of this deposition topic on December 23, 2021 and the parties conferred on multiple occasions. According to her testimony, counsel made the choice not to prepare Ms. Hendrix beyond the scope of policies and procedures ahead of the deposition, but counsel ***never informed Plaintiffs*** that it was restricting the scope of testimony in any way. Exhibit 5, Hendrix Rough Tr. 189:15-

190:13 (explaining that counsel interpreted the topic to exclude ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓."). Ms. Hendrix testified that "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" on the topics counsel had deemed excluded. *Id*. at 278:7-18. But at no point has Facebook ever indicated that its interpretation of these topics were so limited, which Facebook's counsel has admitted. Ko Decl., ¶ 10. This means that counsel knowingly limited the witness's preparation on the topics without informing Plaintiffs' counsel until the deposition itself. It was inexcusable for Facebook to wait until the deposition to raise its interpretation of the deposition topics. Facebook's failure to do so supports an inference of bad faith.

Appropriate sanctions for these violations are as follows.

*First*, Plaintiffs should be provided additional time to take 30(b)(6) deposition testimony on the topics for which Ms. Hendrix was the designated witness. That sanction is appropriate because it will make up for the evidentiary hole created by counsel's repeated instructions for Ms. Hendrix not to answer legitimate questions.

*Second*, counsel should be required to provide, as Plaintiffs have repeatedly requested, the documents used to prepare the witness for testimony. While Plaintiffs have requested such documents five days in advance, given the schedule for next week, Plaintiffs request that documents for next week's depositions be provided no later than 7:30 a.m. PT on May 9, 2022, and five days in advance going forward. That sanction is appropriate because it will provide confirmation in advance that Facebook's corporate designees have at the least been presented with information pertaining to the noticed topics.

*Third*, counsel should be limited to stating objections based on form and scope, plainly and briefly stated. No speaking objections should be permitted. And instructions not to answer should be limited to questions that seek privileged information.

*Fourth*, Facebook's counsel should be required to issue an on-the-record instruction at the beginning of each 30(b)(6) deposition that, absent an instruction not to answer on the ground

that the question seeks information protected by privilege, witnesses must answer questions to the best of their ability.

*Fifth*, Facebook should reimburse Plaintiffs for the time the Special Master spent in the deposition. Plaintiffs' counsel should also be reimbursed for the substantial time expended preparing for and taking the deposition. While several other attorneys contributed significantly to preparation for the deposition, Plaintiffs seek only reimbursement for the time spent by Mr. Ko—who deposed Ms. Hendrix—preparing for and conducting the deposition. *See* Ko Decl., ¶ 12.

## V.     CONCLUSION

For the reasons given above, Plaintiffs ask that the Special Master enter an order under Rule 30(d)(2) and 37(a) finding that Facebook and its counsel engaged in discovery abuses. Based on these discovery abuses, Plaintiffs request:

1. Plaintiffs are permitted 3.5 additional hours of 30(b)(6) deposition testimony on the topics for which Ms. Hendrix was designated;

2. Ms. Hendrix's testimony on May 5, 2022 will not be counted against the 21-hour limitation agreed upon by the parties;

3. Clarification for depositions moving forward:

    A. Facebook must provide, in writing, any limitations to the noticed discovery topics more than one week before each scheduled 30(b)(6) deposition;

    B. Objections are limited to form and single word objections in all depositions in this action, other than those on grounds of privilege;

    C. No witness will be instructed not to answer on any ground other than privilege;

    D. Time spent arguing about objections will not count against testimony time;

    E. Parties will litigate any disputes regarding scope prior to the 30(b)(6) depositions, and to the extent they are not, will litigate them after the deposition, such that the time reserved for the taking of testimony is not consumed by legal disputes about

the scope of testimony; and

F. Facebook will provide documents used to prepare the witnesses five days in advance of each deposition so that the parties can confirm a meeting of minds has been reached on the scope of testimony.

4. Monetary costs are awarded sufficient to reimburse Plaintiffs for the Special Master's time spent on this deposition and this motion, and awarding Plaintiffs' counsel reimbursement of $31,311.00 for time spent preparing for and conducting the deposition.

Dated: May 6, 2022                                                                                  Respectfully submitted,

KELLER ROHRBACK L.L.P.

By:   /s/ Derek W. Loeser
      Derek W. Loeser

Derek W. Loeser (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
David Ko (admitted *pro hac vice*)
Adele A. Daniel (admitted *pro hac vice*)
Benjamin Gould (SBN 250630)
Emma M. Wright (admitted *pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com
dko@kellerrohrback.com
adaniel@kellerrohrback.com
bgould@kellerrohrback.com
ewright@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Eric Fierro (admitted *pro hac vice*)
3101 North Central Avenue, Suite 1400

BLEICHMAR FONTI & AULD LLP

By:   /s/ Lesley E. Weaver
      Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Matthew S. Melamed (SBN 260272)
Angelica M. Ornelas (SBN 285929)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
mmelamed@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822
efierro@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of May, 2022, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver