# EXHIBIT 3

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
    osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Rosemarie T. Ring (SBN 220769)
    rring@gibsondunn.com
Kristin A. Linsley (SBN 154148)
    klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
    mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
    dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
    jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DEFENDANT FACEBOOK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND AMENDED NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendant Facebook, Inc. ("Facebook") hereby submits the following responses and objections to Plaintiffs' Second Amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) (the "Second Amended Notice"):

## GENERAL OBJECTIONS TO SECOND AMENDED DEPOSITION NOTICE

The following General Objections apply to each and every specific deposition topic (the "Topic(s)") and are incorporated by reference in each of the specific responses.  The assertion of the same, similar, or additional objections or partial responses to individual Topics does not waive any of Facebook's General Objections.

1.    Facebook objects to the Second Amended Notice to the extent it purports to notice the deposition for a period of time that "will continue on the day noticed and for additional days, if necessary, excluding Sundays and holidays, until completed," in violation of Federal Rule of Civil Procedure 30(b)(1), the Amended Order Establishing Deposition Scheduling Protocol (the "Deposition Scheduling Protocol") (ECF No. 789) and the agreement reached by the Parties on March 21, 2022 that the 30(b)(6) deposition will take place on separately scheduled days for a total of sixteen hours.

2.    Facebook objects to the Second Amended Notice and each of the Topics to the extent that they seek information unrelated to the particularized allegations detailed in the Second Amended Consolidated Complaint (ECF No. 491), which renders the Second Amended Notice and each of the Topics overly broad, and unduly burdensome, irrelevant, and not relevant to any party's claim or defense in the case.  Facebook will only produce a witness to provide testimony (i) consistent with Federal Rules of Civil Procedure, Local Rules, Discovery Orders, or the Deposition Scheduling Protocol regarding the topics and scope, and (ii) related to Plaintiffs' non-stayed claims as identified in the Court's Pre-Trial Order No. 20.  *See* Discovery Order No. 9, ECF No. 557, at 2 ("[T]he Court rules that discovery is stayed as to the stayed claims.").

3.    Facebook objects to the Second Amended Notice and each of the Topics to the extent that it seeks testimony on topics duplicative of Plaintiffs' February 11, 2021 Amended Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) (the "Amended Notice"), depositions

2

FACEBOOK, INC.'S RESPONSES & OBJECTIONS TO PLAINTIFFS' SECOND AMENDED NOTICE OF DEPOSITION PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)
CASE NO. 3:18-MD-02843-VC

taken pursuant to the Amended Notice, or Judge Corley's prior orders and instruction relating to the Amended Notice.

4.      Facebook reserves the right to set forth additional objections to each Topic at the time of the deposition of any Rule 30(b)(6) witness, and further reserves the right to amend these objections at any time.

5.      By stating that it will produce a witness competent to testify on a Topic, Facebook does not represent that it has any relevant information on that Topic, but merely that a designee will testify to any corporate knowledge obtained through a reasonable investigation.  Further, Facebook's response to any particular Topic should not be taken as an admission that it accepts or admits the existence of any fact set forth or assumed by the Topic, or that the response constitutes admissible evidence.  No response to any portion of any Topic shall be deemed a waiver of any objection not set forth herein that could be made to any such portion regarding relevancy of the information or its admissibility.

## OBJECTIONS TO DEFINITIONS

1.      The Second Amended Notice includes Definitions and Instructions also contained in Plaintiffs' First, Second, Third, and Fourth Sets of Interrogatories and First, Second, Third, Fourth, and Fifth Sets of Requests for Production.  For economy and efficiency, where the Definitions and Instructions overlap, Facebook incorporates by reference its prior responses and objections.

2.      Facebook objects to Plaintiffs' definition of "App" as vague, ambiguous, overbroad, and unduly burdensome on the ground that it includes any "application developed to utilize the core technologies of the Facebook social networking platform" without identifying or defining what the "core," rather than peripheral, technologies of Facebook's platform are or were at any given time.  Facebook further objects to this definition as vague and ambiguous on the ground that Facebook cannot identify what any online applications are or were "developed to" do or presume the intent of any third parties that Facebook does not control.

3

3.      Facebook objects to Plaintiffs' definition of "App Developer" as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "App," "User Data," "software experience," "plugin," and "other Facebook software."

4.      Facebook objects to Plaintiffs' definition of "App Publisher" as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "App" and "publishes."

5.      Facebook objects to Plaintiffs' definition of "App Settings" as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "selectors," "App," and "Content and Information."  Facebook further objects to this definition as overly broad and unduly burdensome on the ground that the applicable account settings available to Facebook members have changed over time and this definition is not limited to a particular time period or particular settings.

6.      Facebook objects to Plaintiffs definition of "Business Plan" as vague, ambiguous, overbroad, and unduly burdensome to the extent the term is meant to include all "plan[s] created or prepared by Facebook" without defining the term "plan."  Facebook further objects to this definition as vague, ambiguous, overbroad, and unduly burdensome on the ground that it seeks all "plan[s]" regarding Facebook's "historical and future business strategy" including its "historical and future operations" and its "historical and future financial positions," which, taken together and depending on the definition of "plan," could encompass every document within Facebook that discusses or reflects upon Facebook's financial results, growth, marketing, or strategy.

7.      Facebook objects to Plaintiffs' definitions of "Communication," "Computer System," "Computer Systems," "Document(s)," "Electronically Stored Information," and "ESI," to the extent that Plaintiffs purpose to use these defined terms to request the identification and disclosure of documents or information that: (a) were prepared in anticipation of litigation;

(b) constitute attorney work product; (b) reveal privileged attorney-client communications; or (d) are otherwise protected from disclosure under any applicable privileges, law, and/or rules. Facebook further objects to the extent that these definitions purport to impose obligations that go beyond the requirements of the Federal, Local Rules and the ESI Protocol (ECF No. 416).

8.     Facebook objects to Plaintiffs' definition of "Content and Information" as vague, ambiguous, overly broad, and unduly burdensome.  Facebook objects to this definition to the extent it purports to seek documents or information that is not relevant to Plaintiffs' non-stayed claims as identified in the Court's Pre-Trial Order No. 20.

9.     Facebook objects to Plaintiffs' definition of "Data" or "Information" as vague and ambiguous on the ground that the terms are defined by reference to other vague, ambiguous, and/or undefined terms, including "Personal Information," "Content and Information," and "Data."  Facebook objects to this definition to the extent it purports to seek documents or information that is not relevant to Plaintiffs' non-stayed claims as identified in the Court's Pre-Trial Order No. 20.

10.     Facebook objects to Plaintiffs' definition of "Data Brokers" as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "specialize," "personal," "Data," "sourced privately," and "uses." Facebook further objects to this definition as overly broad and unduly burdensome on the ground that the definition is not limited to a particular time period or particular companies.  Facebook objects to this definition to the extent it purports to seek material or information that is not relevant to Plaintiffs' non-stayed claims as identified in the Court's Pre-Trial Order No. 20.  *See* Discovery Order No. 9, ECF No. 557.

11.     Facebook objects to Plaintiffs' definition of "Default" as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "Privacy Setting, and "App Setting."  Facebook further objects to this definition as overly broad and unduly burdensome on the ground that the applicable account settings available

to Facebook members have changed over time and this definition is not limited to a particular time period or particular setting.

12.     Facebook objects to Plaintiffs' definition of "Friend" or "Friends" as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "Data or Information," "became accessible," and "Third Party." Facebook further objects to this definition as overly broad and unduly burdensome on the ground that it assumes a Facebook user's data became accessible to another Facebook user's friends "because they were Facebook friends with another User."

13.     Facebook objects to Plaintiffs' definitions of "Including," "including but not limited to," or "including, without limitation," on the ground that the definitions make the Topics overly broad and unduly burdensome and impose obligations that go beyond the requirements of the Federal and Local Rules.  Facebook shall construe these terms as commonly and ordinarily understood.

14.     Facebook objects to Plaintiffs' definition of "Integration Partnership," as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "Partner," "purpose," "partnership," "functionality," "App," "device," and "platform."  Facebook further objects to this definition as overly broad and unduly burdensome to the extent it is inconsistent with, expands or misconstrues prior Orders including but not limited to the Court's Pre-Trial Order No. 20, Judge Corley's Order Re: Business Partners Discovery Dispute (ECF. No. 608), and Special Master Garrie's November 11, 2021 Order Re: Business Partners (ECF. No. 769-4).

15.     Facebook objects to Plaintiffs' definition of "Partner(s)," as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "Whitelisted Partners," "persons," "apps," "entities," "target," and "users."  Facebook further objects to this definition as overly broad and unduly burdensome to the extent it is inconsistent with, expands or misconstrues prior Orders including but not limited to the Court's

Pre-Trial Order No. 20, Judge Corley's Order Re: Business Partners Discovery Dispute (ECF. No. 608), and Special Master Garrie's November 11, 2021 Order Re: Business Partners (ECF. No. 769-4).

16.     Facebook objects to Plaintiffs' definition of "Whitelisted Partners,"  as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "entity," "entities," "person," "persons," "access," "capability," "permission," "read," "write," "informa[]tion," "Whitelist," "Whitelisted, "Whitelisting," and "practice."  Facebook further objects to this definition as overly broad and unduly burdensome to the extent it is inconsistent with, expands or misconstrues prior Orders including but not limited to the Court's Pre-Trial Order No. 20, Judge Corley's Order Re: Business Partners Discovery Dispute (ECF. No. 608), and Special Master Garrie's November 11, 2021 Order Re: Business Partners (ECF. No. 769-4).

17.     Facebook objects to Plaintiffs definition of "Marketing Plan" as vague, ambiguous, overbroad, and unduly burdensome to the extent the term is meant to include all "plan[s] created or prepared by Facebook" without defining the term "plan."  Facebook further objects to this definition as vague, ambiguous, overbroad, and unduly burdensome on the ground it seeks all "plan[s]" regarding Facebook's "historical and future marketing or advertising strategy" which, taken together and depending on the definition of "plan," could encompass every document within Facebook that discusses or reflects upon how Facebook markets or advertises its own products.

18.     Facebook objects to Plaintiffs definition of "Policies and Procedures" as overly broad and unduly burdensome to the extent that Plaintiffs purport to seek the disclosure of information that: (a) was prepared in anticipation of litigation; (b) constitutes attorney work product; (c) reveals privileged attorney-client communications; or (d) is otherwise protected from disclosure under any applicable privileges, laws, and/or rules.  Facebook further objects to

this definition as unduly broad and unduly burdensome to the extent it seeks statements or directives which are implicit, informal, unwritten, or unofficial.

19.     Facebook objects to Plaintiffs' definition of "Users' Privacy Settings" as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "audience," "selectors," "App," and "users."  Facebook further objects to this definition as overly broad and unduly burdensome on the ground that the applicable account settings available to Facebook members have changed over time and this definition is not limited to a particular time period or particular settings.

20.     Facebook objects to Plaintiffs' definition of "Third Parties" as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "Apps," "App Developers," "App Publishers," "Whitelisted Partners," "Partners," "Data Brokers," "integration partnership," and "use."

21.     Facebook objects to Plaintiffs' definition of "Use Case" as vague and ambiguous on the ground that it is defined by reference to other vague, ambiguous, and/or undefined terms, including "purpose," and "entity."  Facebook objects to this definition to the extent it purports to seek material or information that is not relevant to Plaintiffs' non-stayed claims as identified in the Court's Pre-Trial Order No. 20.  *See* Discovery Order No. 9, ECF No. 557, at 2.  Facebook further objects to this definition as overly broad and unduly burdensome on the ground that the applicable use cases may have changed over time and this definition is not limited to a particular time period.

22.     Facebook objects to the portion of Plaintiffs' definition of the term "You," "Your," "Facebook," or "Defendant" that defines Facebook to include its "predecessors, successors, parents, subsidiaries, divisions or affiliates (foreign or domestic), and their respective current and former officers, directors, agents, attorneys, accountants, employees, partners, managers, members or other persons occupying similar positions or performing similar functions, and all persons acting or purporting to act on its behalf."  This portion of the definition

is vague, ambiguous, overly broad, unduly burdensome, and inconsistent with basic principles of corporate separateness and purports to impose obligations that go beyond the requirements of the Federal and Local Rules.  Facebook's will construe this term as referring to only Facebook, Inc.

## OBJECTIONS TO RELEVANT TIME PERIOD

1.      Facebook objects to the Second Amended Notice's defined relevant time period—which purports to request Facebook to respond to each Topic by preparing each deponent on a more than 15-year time period—as overly broad, seeking information that is not relevant to the claims or defenses in this matter, and not proportional to the needs of the case.  Facebook further objects to the use of a continuing time period.  Facebook will respond to the Topics for a time period that is consistent with its responses to Plaintiffs' other discovery requests, unless a specific time period is identified in a particular Topic and/or Facebook's response to a particular request.

## SPECIFIC OBJECTIONS TO SCHEDULE B

1.      Facebook objects to the Second Amended Notice's instruction that Facebook produce or identify by Bates number "[a]ll documents which the person Facebook designates to testify on its behalf has consulted or reviewed or plans to consult in preparation for the deposition and has relied upon or will rely upon for testimony concerning the above deposition topics."  No such requirement exists under the Federal Rules of Civil Procedure, or other applicable federal or state law, and would be a clear invasion of protected attorney work product. *See Stevens v. Corelogic, Inc.*, 2016 WL 397936, at *9-10 (S.D. Cal. Feb. 2, 2016) (holding that documents selected by counsel to review with witnesses in preparation for their depositions were protected against questioning and disclosure by the work product doctrine); *Greer v. Elec. Arts Ltd.*, 2012 WL 6131031, at *2 (N.D. Cal. Dec. 10, 2012) (Corley, J., denying plaintiff's motion to compel defendant to "produce documents reviewed by [defendant's] deponents[] in preparation for the deposition," where plaintiff "had not established that [the deponent] withheld

any information, let alone material information" and that plaintiff "ha[d] not even attempted to explain why [he] should have responded as to facts that he had learned only from counsel").

    2.      Facebook objects to the Second Amended Notice's instruction that Facebook produce or identify by Bates number "[a] curriculum vitae for the person Facebook designates to testify on its behalf."  Facebook's designees will be testifying in their capacities as corporate designees on behalf of Facebook consistent with Rule 30(b)(6).  To the extent Facebook's designees maintain current curricula vitae, such materials are not within the possession, custody, or control of Facebook.

## SPECIFIC OBJECTIONS TO TOPICS

Subject to and without waiving any of the previously stated General Objections, Objections to Definitions, Objections to Relevant Time Period, and Specific Objections to Schedule, Facebook responds to each Topic as follows:

## TOPIC NO. 1:

Your organizational structure, including (i) the names of departments or other organizational designations within Facebook, their functions, and their structure within Facebook and (ii) employees in each department (including their responsibilities and chain of command), as (i) and (ii) relate to:

    a.      The calculation of revenues, gross profits, net profits, goodwill, impairments and assets recognized by Facebook relating to Users' Data or Information, including but not limited to Facebook's public reporting of same;

    b.      The process for drafting, evaluating, approving, modifying, issuing and monitoring the effectiveness of the Statement of Rights and Responsibilities, Data Use Policies, Privacy Policies, disclosures, public statements, Facebook messages or posts by CEO Zuckerberg, Sandberg or any Facebook executive that concern:  (i) the sharing of Users' Data or Information with Third Parties, (ii) the use of Users' Data or Information by Third Parties, including identification of those responsible for these functions; and (iii) Cambridge Analytica or

10

inquiries, investigations, public response, media reports, regulatory or governmental hearings into concerns arising out of the Cambridge Analytica scandal; and

c.     Communications with shareholders, financial stakeholders, regulatory orgs into concerns arising out of the Cambridge Analytica scandal; and governmental entities, and the public arising out of the Cambridge Analytica scandal.

**RESPONSES AND OBJECTIONS TO TOPIC NO. 1:**

Facebook incorporates the General Objections, Objections to Definitions, Objections to Relevant Time Period, and Specific Objections to Schedule B as though fully set forth herein.

(A)     Facebook objects to this Topic as improper, overly broad, and unduly burdensome.

(B)     Facebook further objects to this Topic on the basis that it fails to "describe with reasonable particularity the matters for examination," as required under Rule 30(b)(6) and the Deposition Scheduling Protocol, such that Facebook can reasonably prepare a witness to testify as to this Topic.

(C)     Facebook will meet and confer with Plaintiffs' counsel to address these objections in advance of the deposition, and Facebook will present a witness to testify in response to a more properly tailored request.

**TOPIC NO. 2:**

Identification, by category, of the type of Data or Information to which Facebook sold, made accessible, made available, or allowed Third Parties to use to target Users, including:

a.     The types of User Data or Information Facebook shared, made accessible or permitted Third Parties to target;

b.     The purposes for which such Data or Information was shared or made accessible, or permitted Third Parties to target;

c.     The format or formats through which it is shared or made accessible, or made available to Third Parties to target; and

       d.      How Facebook ensured Third Parties' Use of such Data or Information was limited to the Use Case.

## RESPONSES AND OBJECTIONS TO TOPIC NO. 2:

Facebook incorporates the General Objections, Objections to Definitions, Objections to Relevant Time Period, and Specific Objections to Schedule B as though fully set forth herein.

(A)      Facebook objects to this Topic as improper, overly broad, and unduly burdensome.  Facebook further objects to this Topic as impermissibly duplicative, as it seeks materials or information duplicative of the Amended Notice, and depositions taken pursuant to the Amended Notice.

(B)      Facebook further objects to this Topic on the basis that it fails to "describe with reasonable particularity the matters for examination," as required under Rule 30(b)(6) and the Deposition Scheduling Protocol, such that Facebook can reasonably prepare a witness to testify as to this Topic.

(C)      Facebook will meet and confer with Plaintiffs' counsel to address these objections in advance of the deposition, and Facebook will present a witness to testify in response to a more properly tailored request.

## TOPIC NO. 3:

An overview of the processes of developing Privacy or App Settings or other controls made available to Users to prevent or limit their Data or Information from being accessed by Third Parties, including the dates during which each such Privacy or App Setting or other controls were available, the Data and Information covered by each Setting or control, and the Default setting for each, including:

       a.      How Privacy or App Settings or other privacy designations associated with Users' Data and Information were (or were not) communicated to Third Parties such that Third Parties could comply with them;

b.     Processes, reviews, investigations, inquiries, studies, analyses, and Communications relating to Users' Privacy or App Settings, their efficacy, including user experience, customer service, internal regulators, whether internal or by third parties; and

c.     Facebook's monitoring and enforcement of contractual terms with Third Parties regarding their use of Users' Data or Information, including enforcement of Policies regulating access to such Data or Information beyond the Use Case.

**RESPONSES AND OBJECTIONS TO TOPIC NO. 3:**

Facebook incorporates the General Objections, Objections to Definitions, Objections to Relevant Time Period, and Specific Objections to Schedule B as though fully set forth herein.

(A)     Facebook objects to this Topic as improper, overly broad, and unduly burdensome.

(B)     Facebook further objects to this Topic on the basis that it fails to "describe with reasonable particularity the matters for examination," as required under Rule 30(b)(6) and the Deposition Scheduling Protocol, such that Facebook can reasonably prepare a witness to testify as to this Topic.

(C)     Facebook will meet and confer with Plaintiffs' counsel to address these objections in advance of the deposition, and Facebook will present a witness to testify in response to a more properly tailored request.

**TOPIC NO. 4:**

Facebook's processes of pseudonymization, de-identification, re-identification, association, and deletion of User Data and Information.

**RESPONSES AND OBJECTIONS TO TOPIC NO. 4:**

Facebook incorporates the General Objections, Objections to Definitions, Objections to Relevant Time Period, and Specific Objections to Schedule B as though fully set forth herein.

(A)     Facebook objects to this Topic as improper, overly broad, and unduly burdensome.

(B)     Facebook further objects to this Topic on the basis that it fails to "describe with reasonable particularity the matters for examination," as required under Rule 30(b)(6) and the Deposition Scheduling Protocol, such that Facebook can reasonably prepare a witness to testify as to this Topic.

(C)     Facebook further objects to this Topic as improper, overly broad, and unduly burdensome because it seeks materials or information duplicative of the hearings held before the Special Master, including those held on January 14, 2022, February 17, 2022, and March 9, 2022.  If necessary, Facebook will meet and confer with Plaintiffs' counsel to address these objections in advance of the deposition.

**TOPIC NO. 5:**

The systems, repositories, databases, and other sources (collectively herein, "Systems" or "System" when singular) containing or referencing any Data that can be associated with a User and, for each:

      a.     The schemas, response schemas, and fields for the System;

      b.     The type of Data stored or referenced in the System;

      c.     How the data is stored in or referenced by the System;

      d.     The other Systems that interact with that data, and the manner by which that interaction occurs;

      e.     The manner by which Data from the System is made accessible to Third Parties, or affects in any way the way Data stored or referenced elsewhere is made available to Third Parties.

**RESPONSES AND OBJECTIONS TO TOPIC NO. 5:**

Facebook incorporates the General Objections, Objections to Definitions, Objections to Relevant Time Period, and Specific Objections to Schedule B as though fully set forth herein.

(A)     Facebook objects to this Topic as improper, overly broad, and unduly burdensome.

(B)     Facebook further objects to this Topic on the basis that it fails to "describe with reasonable particularity the matters for examination," as required under Rule 30(b)(6) and the Deposition Scheduling Protocol, such that Facebook can reasonably prepare a witness to testify as to this Topic.

(C)     Facebook further objects to this Topic as improper, overly broad, and unduly burdensome because it seeks materials or information duplicative of the hearings held before the Special Master, including those held on January 14, 2022, February 17, 2022, and March 9, 2022.  If necessary, Facebook will meet and confer with Plaintiffs' counsel to address these objections in advance of the deposition.

**TOPIC NO. 6:**

The development of Friend Sharing, including but not limited to: its purpose and identification of those involved in its development; how the technology functioned; the APIs and permissions associated with Friend Sharing; the communication of this technology to users, including the drafting of Facebook's Terms of Service, SRR and Data and Privacy Policies relating Friend sharing; and the revenue impact and net profits for Facebook relating to Friend sharing throughout the Class Period.

**RESPONSES AND OBJECTIONS TO TOPIC NO. 6:**

Facebook incorporates the General Objections, Objections to Definitions, Objections to Relevant Time Period, and Specific Objections to Schedule B as though fully set forth herein.

(A)     Facebook objects to this Topic as improper, overly broad, and unduly burdensome.

(B)     Facebook further objects to this Topic on the basis that it fails to "describe with reasonable particularity the matters for examination," as required under Rule 30(b)(6) and the Deposition Scheduling Protocol, such that Facebook can reasonably prepare a witness to testify as to this Topic.

(C)     Facebook will meet and confer with Plaintiffs' counsel to address these objections in advance of the deposition, and Facebook will present a witness to testify in response to a more properly tailored request.

**TOPIC NO. 7:**

The decision to Whitelist particular apps or partners, and how Facebook determined which entities to Whitelist, including:

a.     The most efficient way to identify each Whitelisted entity (including but not limited to apps and partners) throughout the Class Period; the purpose of such Whitelisting; what Data or Information each Whitelisted entity had access to; for what period of time; and whether the access granted exceeded the Use Case;  and when such Whitelisting ceased; and calls logs or any other tracking of third-party Whitelisted apps or partners that had access to and made use of Friend Sharing APIs and permissions;

b.     The most efficient way to establish payments, revenues, exchanged value, actual or promised, Facebook received for permitting Whitelisting capabilities, and the revenues and net profits Facebook recognized related to Whitelisting throughout the Class Period, including the evaluation of the benefits, including goodwill, barter or exchange benefits; and

c.     Identification of those with decision-making responsibility relating to whitelisting throughout the Class Period, beginning with those with final and decisive authority.

**RESPONSES AND OBJECTIONS TO TOPIC NO. 7:**

Facebook incorporates the General Objections, Objections to Definitions, Objections to Relevant Time Period, and Specific Objections to Schedule B as though fully set forth herein.

(A)     Facebook objects to this Topic as improper, overly broad, and unduly burdensome.

(B)     Facebook further objects to this Topic on the basis that it fails to "describe with reasonable particularity the matters for examination," as required under Rule 30(b)(6) and the

Deposition Scheduling Protocol, such that Facebook can reasonably prepare a witness to testify as to this Topic.

(C)     Facebook further objects to this Topic as overly broad and unduly burdensome to the extent it is inconsistent with, expands or misconstrues prior Orders including but not limited to Judge Corley's Order Re: Business Partners Discovery Dispute (ECF. No. 608), and Special Master Garrie's November 11, 2021 Order Re: Business Partners (ECF. No. 769-4).

(D)     Facebook will meet and confer with Plaintiffs' counsel to address these objections in advance of the deposition, and Facebook will present a witness to testify in response to a more properly tailored request.

## TOPIC NO. 8:

The methods, tools, technologies, databases, project management tools, task lists, or other internal sources Facebook used to track Third Parties and Data Brokers, including:

a.      The type and purpose of Data and Information Facebook received;

b.      The type and purpose of Data and Information Facebook provided;

c.      The Payments, consideration, actual or promised, Facebook provided or received for engaging in such exchanges; and

d.      The evaluation of the Benefits to Facebook of the information provided or received for engaging in such exchanges.

## RESPONSES AND OBJECTIONS TO TOPIC NO. 8:

Facebook incorporates the General Objections, Objections to Definitions, Objections to Relevant Time Period, and Specific Objections to Schedule B as though fully set forth herein.

(A)     Facebook objects to this Topic as improper, overly broad, and unduly burdensome.

(B)     Facebook further objects to this Topic on the basis that it fails to "describe with reasonable particularity the matters for examination," as required under Rule 30(b)(6) and the

Deposition Scheduling Protocol, such that Facebook can reasonably prepare a witness to testify as to this Topic.

(C)     Facebook will meet and confer with Plaintiffs' counsel to address these objections in advance of the deposition, and Facebook will present a witness to testify in response to a more properly tailored request.

## TOPIC NO. 9:

Video content and information relating to video content, requested or obtained, available to or accessed, interacted with, or shared by users on or via the Facebook platform, specifically:

a.      The amount of such content and how the amount of such content has changed or varied over time;

b.      the records or information that Facebook has regarding such content and users' access to, interactions with or sharing of such content;

c.      Actions taken or decisions made by Facebook in order to enable users to access, interact with, or share such content, and when such actions were taken or decisions were made;

d.      Access by Third Parties to Data and Information related to users' access to, interaction with, or sharing of video content on or via the Facebook platform, and whether and how such access has changed or varied over time, including but not limited to APIs, permissions and capabilities providing access to Facebook users' video related content and information; and

e.      Which persons employed at any time by Facebook have the most knowledge related to the topics listed in paragraphs a through d above.

## RESPONSES AND OBJECTIONS TO TOPIC NO. 9:

Facebook incorporates the General Objections, Objections to Definitions, Objections to Relevant Time Period, and Specific Objections to Schedule B as though fully set forth herein.

(A)     Facebook objects to this Topic as improper, overly broad, and unduly burdensome.

(B)     Facebook further objects to this Topic on the basis that it fails to "describe with reasonable particularity the matters for examination," as required under Rule 30(b)(6) and the Deposition Scheduling Protocol, such that Facebook can reasonably prepare a witness to testify as to this Topic.

(C)     Facebook will meet and confer with Plaintiffs' counsel to address these objections in advance of the deposition, and Facebook will present a witness to testify in response to a more properly tailored request.

**TOPIC NO. 10:**

Facebook's calculation of revenues, gross profits, and net profits recognized by Facebook relating to Users' Data or Information, including but not limited to how Facebook monetized User Data or Information, how Facebook quantified the value of sharing User Data or Information, and Facebook's business and marketing strategy regarding the monetization and quantification of User Data or Information.

**RESPONSES AND OBJECTIONS TO TOPIC NO. 10:**

Facebook incorporates the General Objections, Objections to Definitions, Objections to Relevant Time Period, and Specific Objections to Schedule B as though fully set forth herein.

(A)     Facebook objects to this Topic as improper, overly broad, and unduly burdensome.  Facebook further objects to this Topic as impermissibly duplicative, as it seeks materials or information duplicative of the Amended Notice, and depositions taken pursuant to the Amended Notice.

(B)     Facebook further objects to this Topic on the basis that it fails to "describe with reasonable particularity the matters for examination," as required under Rule 30(b)(6) and the Deposition Scheduling Protocol, such that Facebook can reasonably prepare a witness to testify as to this Topic.

(C)      Facebook further objects to the undefined terms "gross profits," "net profits," "monetized," "monetization," "quantified," and "quantification" as vague, and ambiguous as they cannot be understood even in context.

(D)      Facebook will meet and confer with Plaintiffs' counsel to address these objections in advance of the deposition, and Facebook will present a witness to testify in response to a more properly tailored request.

DATE:  March 29, 2022

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

By:  */s/ Deborah Stein*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Rosemarie T. Ring (SBN 220769)
rring@gibsondunn.com
Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*