# EXHIBIT 6

| | |
|---|---|
| **From:** | Richardson, Heather L. <HRichardson@gibsondunn.com> |
| **Sent:** | Friday, May 6, 2022 7:24 PM |
| **To:** | Lesley Weaver |
| **Cc:** | Derek Loeser; Cari Laufenberg; Matthew Melamed; David Ko; Anne Davis; Ring, Rose |
| **Subject:** | RE: Deposition conduct stipulation/ additional issues |

Lesley- Thank you for raising these issues, and I think we can address resolution of them without a motion. In terms of the substantive scope of the depositions, we will get you a letter about Monday's deposition tomorrow so you have it in advance. We will also get you our position on the other 30b6 depositions scheduled for this week this weekend or Monday. We'll be available this weekend to talk about Monday's depo, and the depos later this week so as to ensure that the deposition is not "the forum to negotiate limitations." Going forward, we will endeavor to get you our view on the scope of the depositions, in writing, a week in advance of the deposition so that we have time to negotiate and discuss. And, of course, if after a deposition you think a witness is not sufficiently prepared on any topic, you're within your rights to seek additional time and a further deposition, and we will meet and confer with you in good faith about that. As with my prior email, if these agreements will resolve your concerns about Monday's deposition, I would also agree to send Special Master Garrie an email confirming them.

I will again reiterate my request that you defer filing your proposed motion until next week (after we've been able to discuss with Rose), so that we can fully vet and discuss these issues (and any others) and try to resolve them before seeking court intervention. As we discussed earlier today, I can make commitments today about what we will do going forward, but I wasn't involved in the deposition of Ms. Hendrix and therefore am not in a position to address the past conduct without Rose's involvement. And if we can resolve the going-forward conduct for Monday, there does not seem to be a need for filing a motion on a Friday night.

**Heather L. Richardson**
(she|her|hers)

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7409 • Fax +1 213.229.6409
HRichardson@gibsondunn.com • www.gibsondunn.com

---

**From:** Lesley Weaver <lweaver@bfalaw.com>
**Sent:** Friday, May 6, 2022 7:06 PM
**To:** Richardson, Heather L. <HRichardson@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@kellerrohrback.com>; Cari Laufenberg <claufenberg@kellerrohrback.com>; Matthew Melamed <mmelamed@bfalaw.com>; David Ko <dko@kellerrohrback.com>; Anne Davis <adavis@bfalaw.com>; Ring, Rose <RRing@gibsondunn.com>
**Subject:** Re: Deposition conduct stipulation/ additional issues

**[WARNING: External Email]**

Hi, Heather,

Again, we appreciate the follow up and your efforts to resolve this on shortened time.

1

Facebook's failure to apprise Plaintiffs of the limitations it imposed in preparing the witness on the 30(b)(6) topics - such as limiting testimony only to policies and procedures, as opposed to the underlying facts - is a significant problem.  Previously, Facebook indicated it was not standing on any objections.  Yesterday, the witness testified that what actually occurred was "beyond the scope" of a topic that discussed enforcement of Facebook's policies.  Facebook never informed Plaintiffs it was so limiting the testimony and instructed a witness actually knowledgeable on these topics not to answer in any capacity.

We have asked many times for Facebook to express, in writing, any such limitations. We understand a letter may now be forthcoming but it is a little late for a Monday deposition or even for the two other depositions schedule for next week.  Facebook had previously said it would provide this but did not.  Again, at this point, we need an order to resolve the issue.

We have also asked for Facebook to agree that the deposition itself will not be the forum to negotiate limitations on the taking of evidence.  The deposition is the stage for the witness to provide evidence.  The lawyers can wrangle before, or if necessary, after, about what is or is not within scope, and whether additional witnesses will be produced.  But oral argument should not take place before the witness on a day set aside for testimony.

We have also asked Facebook to produce documents used to prepare the witnesses ahead of the depositions.  Had we received those prior to yesterday's deposition, Plaintiffs might have been able to suss out the gap in preparation.  We will seek that relief as well.

Plaintiffs are also seeking sanctions for yesterday's conduct, which is a deterrent to future misconduct.  We understand Facebook's position is that this relief is separate from relief with regard to future misconduct, but we do not agree.  All the requested relief flows from the same conduct.  Perhaps the parties can reach an accommodation on some of the requested relief, and we hope that's the case.

Have a good night.

> On May 6, 2022, at 5:39 PM, Richardson, Heather L. <HRichardson@gibsondunn.com> wrote:
>
> Lesley- if there are additional things not covered in my email, I am happy to discuss them.
>
>> On May 6, 2022, at 5:32 PM, Lesley Weaver <lweaver@bfalaw.com> wrote:
>>
>> **[WARNING: External Email]**
>>
>> Heather,
>>
>> We appreciate these concessions and intend to work with Facebook to reach agreement about deposition conduct going forward.  However, this motion needs to filed because of the course of misconduct in this case and because of what occurred yesterday.  After you have had an opportunity to review our motion, please reach out to us so that we can continue discussing remedies Plaintiffs seek, which includes monetary sanctions and a finding that yesterday's conduct constituted discovery abuse, as well as the forward-looking relief, most but not all of which is covered by your email.
>>
>> Have an otherwise good Mother's Day weekend.
>>
>> Lesley

2

**From:** Richardson, Heather L. <HRichardson@gibsondunn.com>
**Sent:** Friday, May 6, 2022 5:19 PM
**To:** Lesley Weaver <lweaver@bfalaw.com>; Derek Loeser <dloeser@kellerrohrback.com>; Cari Laufenberg <claufenberg@kellerrohrback.com>; Matthew Melamed <mmelamed@bfalaw.com>
**Cc:** Ring, Rose <RRing@gibsondunn.com>
**Subject:** Deposition conduct stipulation/ additional issues
**Importance:** High

Lesley, Derek, Cari, and Matt-

Thank you again for the call this evening. I really appreciate your willingness to discuss your concerns.

This email will confirm that we will stipulate to the following (on a going forward basis):
-There will be no speaking objections. We will succinctly state the basis for any objection (privilege, scope, etc.), but nothing more.
-There will be no instruction to witnesses not to answer questions on any basis other than privilege.
-Any lawyer time spent arguing about objections will not count against the witness's testimony time.
-We are also willing to submit a posting with Special Master Garrie today or tomorrow confirming this stipulation.

Per our discussion, these were the concerns that you had about the deposition on Monday (that you believed necessitated filing the motion tonight). I believe this stipulation should resolve the immediate issues- if there are other issues, I am able to talk more tonight or this weekend at your convenience.

As for Ms. Hendrix, I need to confirm with Rose (who as you know, is out of pocket this weekend), but I believe we will agree to bring Ms. Hendrix back, and that the time spent with her yesterday will not count against the 21 total hours of deposition testimony. I need to discuss your other requests with Rose and the client.

I am also not asking that you agree not to file your motion. All I ask is that you wait to file it until after we've been able to discuss the issues regarding Ms. Hendrix's deposition with Rose.

I look forward to hearing your position.

**Heather L. Richardson**
(she|her|hers)

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7409 • Fax +1 213.229.6409
HRichardson@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.