GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Rosemarie T. Ring (SBN 220769)
  rring@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
   dstein@gibsondunn.com
Heather L. Richardson (SBN 246517)
   hrichardson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
   jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11 and 79-5(f), Facebook, Inc. ("Facebook") hereby submits this Statement In Support of Plaintiffs' Administrative Motion To Consider Whether Another Party's Materials Should Be Sealed. Dkt. 934. Facebook's proposed redactions are limited to the names of two confidential Facebook business partners the Court previously found good cause to seal and confidential information regarding Facebook's privacy and platform policy enforcement practices that bad actors could use to evade Facebook's enforcement measures. There is good cause to seal these two categories of information.

**I.      Background**

On May 26, 2022, Plaintiffs filed an Administrative Motion To Consider Whether Another Party's Materials Should Be Sealed, attaching Plaintiffs' Motion for Expedited Relief and Sanctions For Deposition Conduct and Exhibit 5 to the sanctions motion. Dkt. 934. Limited portions of Exhibit 5—the transcript of a deposition in this matter—contain the names of Facebook's confidential business partners and confidential information about Facebook's policy-enforcement practices. Facebook submits this Statement In Support to permanently seal limited portions of Exhibit 5. Facebook does not seek to seal any portion of Plaintiffs' sanctions motion.

**II.     The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits**

When a party seeks to seal judicial records related to the merits of a case, there is a "strong presumption in favor of" public access to the records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). But this high standard does not apply where, as here, the information a party seeks to seal is "unrelated or only tangentially related to the merits of a case." *Doe v. Walmart, Inc.*, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Kamakana,* 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.). Instead, courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Walmart*, 2019

1

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

WL 636362 at *1–*2.  Here, Plaintiffs' sanctions motion and Exhibit 5 are related to a discovery dispute, not the merits of this action, so the good cause standard applies.

**III.    There Is Good Cause To Seal Facebook's Limited Proposed Redactions**

Facebook asks the Court to permanently seal two categories of confidential information: (1) the names of two Facebook business partners the Court previously found good cause to seal; and (2) confidential details of Facebook's policy-enforcement practices that bad actors could use to evade Facebook's enforcement measures.

***Facebook's confidential business partners.***  Facebook seeks to seal the names of two confidential business partners that have not been publicly disclosed.  Ex. 5 at 222:18, 225:17–18.  Courts regularly seal information that would identify confidential business relationships.  *See, e.g.*, *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 3642177, at *6 (S.D. Cal. Aug. 1, 2019) (sealing information that, if publicly disclosed, would have "identif[ied]" certain "business relationships").  As previously stated, public disclosure of the names of these two business partners could harm Facebook's relationships with these partners by disclosing their identities and undercutting Facebook's ability to negotiate fairly with competitors of these partners.  Dkt. 769-2 ¶ 6.  The Court previously found good cause to seal the names of both confidential business partners.  Dkt. 769-3 at 145–46 (names of the business partners redacted).

***Confidential information regarding Facebook's privacy and platform policy enforcement practices.***  There is good cause to seal four passages regarding Facebook's privacy and platform policy enforcement practices.  Ex. 5 at 232:12–22, 233:15–22, 271:19–272:1, 273:9–15.  Disclosure of Facebook's confidential methods for identifying apps and developers violating its policies would reveal confidential details of Facebook's internal business operations.  Richardson Decl. ¶ 3.  If this information were revealed, bad actors could use it to attempt to circumvent and evade Facebook's enforcement strategies, potentially harming both Facebook and its users.  *Id.*  The Court has previously sealed similar information for the same reasons.  *See* Dkt. 768 at 4–5 (explaining harm to Facebook from disclosure of confidential information

regarding enforcement actions against specific developers); Dkt. 771 at 2 (sealing information "that reveal[s] confidential information regarding enforcement actions against developers); Dkt. 812 at 7–8 (explaining harm to Facebook from disclosure of confidential information regarding Facebook's policy enforcement practices, including the "review process for application approval").

**IV.   The Limited Proposed Redactions Are Narrowly Tailored**

Facebook's proposed redactions are narrowly tailored because the redactions are limited to the names of two confidential business partners the Court previously found narrowly tailored or are limited to particular confidential information that would harm Facebook or its users if publicly disclosed. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect . . . proprietary information").

\*   \*   \*

For these reasons, Facebook respectfully requests that the Court permanently seal Facebook's limited proposed redactions to Exhibit 5 to Plaintiffs' sanctions motion.

3

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

Dated:  June 2, 2022                    **GIBSON, DUNN & CRUTCHER, LLP**

By: */s/ Heather L. Richardson*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
Heather L. Richardson (SBN 246517)
hrichardson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Rosemarie T. Ring (SBN 220769)
rring@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

Russell H. Falconer (*pro hac vice*)
rfalconer@gibsondunn.com
2100 McKinney Ave., Suite 1100
Dallas, TX 75201
Telephone: 214.698.3170
Facsimile: 214.571.2958

*Attorneys for Defendant Facebook, Inc.*