GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Rosemarie T. Ring (SBN 220769)
  rring@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
Heather L. Richardson (SBN 246517)
  hrichardson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER FOLLOWING MAY 17, 2022 HEARING REGARDING PRODUCTION OF NAMED PLAINTIFF DATA** |

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER FOLLOWING MAY 17, 2022 HEARING REGARDING PRODUCTION OF NAMED PLAINTIFF DATA
CASE NO. 3:18-MD-02843-VC

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Administrative Motion To File Under Seal the Special Master's Order Following May 17, 2022 Hearing Regarding Production Of Named Plaintiff Data (the "Order").  Facebook's proposed redactions are limited to one passage that the Court previously found good cause to seal.

I.   **Background**

On March 24, 2022, Special Master Garrie issued the Order and filed it on the public docket. Dkt. 931.  The Order quotes a passage from the December 10, 2021 Declaration Of Mengge Ji In Support Of Facebook's Motion For Reconsideration Of The Special Master's Order Regarding Plaintiffs' Motion To Compel Production Of Plaintiff Data, which Facebook attached to its April 18, 2022 letter submission to the Special Master.  Order at 1:16–17; *see* Dkt. 814-1 at 0036 ¶ 16.  The Court previously found good cause to seal this passage in connection with Facebook's Appeal Regarding the Special Master's Amended Order Regarding Plaintiffs' Motion To Compel Production Of Plaintiff Data.  *See* Dkt. 813 at 0036 ¶ 16 (redacting this passage); Dkt. 844 (granting motion to seal).  Immediately after the Order was filed on the public docket, Facebook notified the Special Master that the Order contained Facebook's confidential information, and the Order was promptly locked from the public access.  The Court then removed the Order from the docket.  Dkt. 940. Facebook now submits this Administrative Motion To File Under Seal the Order.

II.  **The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits**

When a party seeks to seal judicial records related to the merits of a case, there is a "strong presumption in favor of" public access to the records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  But this high standard does not apply where, as here, the information a party seeks to seal is "unrelated or only tangentially related to the merits of a case." *Doe v. Walmart, Inc.*, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Kamakana,* 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.).  Instead, courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored.  Walmart, at *1–*2.  Here, the Order is related to a

1

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER FOLLOWING MAY 17, 2022 HEARING REGARDING PRODUCTION OF NAMED PLAINTIFF DATA
CASE NO. 3:18-MD-02843-VC

discovery dispute, not the merits of this action, so the good cause standard applies.

**III.     There Is Good Cause To Seal Facebook's Limited Proposed Redactions**

Facebook asks the Court to permanently seal only the same passage it previously found good cause to seal.  Order at 1:16–17.  If publicly disclosed, this passage would reveal confidential technical information about Facebook's data system and Facebook's proprietary methods for storing and analyzing data.  Richardson Decl. ¶ 5.  How Facebook stores, manages, and processes data are key components of its business that set it apart and ahead of its competitors.  *Id.*  If this information were publicly disclosed, competitors could use it to improve their own methods for managing high volumes of data from interactions with large numbers of third parties.  *Id.*  Courts routinely seal commercially sensitive information that "competitors would be able to take advantage of" and use unfairly if disclosed.  *Asetek Danmark A/S v. CMI USA, Inc.*, 2015 WL 4511036 at *2 (N.D. Cal. July 23, 2015).  Additionally, hackers and other bad actors could use this information to better understand Facebook's data systems and target specific repositories of data, potentially harming both Facebook and its users.  Richardson Decl. ¶ 5.  For these reasons, the Court previously found good cause to seal this exact same confidential information, and should do so again.  Dkts. 812 at 5 (seeking to seal this passage), 844 (granting motion to seal).

Facebook's proposed redactions are narrowly tailored because the redactions are limited to information the Court has previously found narrowly tailored.  Dkt. 844; *see Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect . . . proprietary information").

*     *     *

For these reasons, Facebook respectfully requests that the Court permanently seal Facebook's limited proposed redactions to the Order.

2

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER FOLLOWING MAY 17, 2022 HEARING REGARDING PRODUCTION OF NAMED PLAINTIFF DATA
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Dated: June 15, 2022

**GIBSON, DUNN & CRUTCHER, LLP**

By: /s/ *Heather L. Richardson*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
Heather L. Richardson (SBN 246517)
hrichardson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Rosemarie T. Ring (SBN 220769)
rring@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Russell H. Falconer (*pro hac vice*)
rfalconer@gibsondunn.com
2100 McKinney Ave., Suite 1100
Dallas, TX 75201
Telephone: 214.698.3170
Facsimile: 214.571.2958

*Attorneys for Defendant Facebook, Inc.*

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER FOLLOWING MAY 17, 2022 HEARING REGARDING PRODUCTION OF NAMED PLAINTIFF DATA
CASE NO. 3:18-MD-02843-VC