**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF ALEXANDER H. SOUTHWELL IN SUPPORT OF FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S JUNE 16, 2022 ORDER REGARDING PRODUCTION OF ADI RELATED DOCUMENTS** |

I, Alexander H. Southwell, hereby declare as follows:

1.      I am an attorney licensed to practice law in the State of New York.  I am a partner with the law firm of Gibson, Dunn & Crutcher LLP.  I submit this declaration in support of Facebook's Administrative Motion To File Under Seal Special Master's June 16, 2022 Order Regarding Production Of ADI Related Documents.  I make this declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2.      Attached as **<u>Exhibit A</u>** is a true and correct **redacted** copy of the Special Master's June 16, 2022 Order Regarding Production Of ADI Related Documents (the "Order").

3.      Attached as **<u>Exhibit B</u>** is a true and correct **unreacted** copy of the Order.

4.      Facebook initiated the Application Developer Investigation ("ADI" or the "Investigation") because, in the wake of the reporting of data misuse by Cambridge Analytica in March 2018, Facebook anticipated that it would have to respond to known and expected legal challenges in connection with applications and developers that may have had access to large amounts of user data because they were active before Facebook placed additional, significant limitations on the amount and type of data developers could request from users through the Facebook Platform in 2014.

5.      To this end, Facebook retained outside counsel (Gibson, Dunn & Crutcher LLP) experienced with cybersecurity and data privacy internal investigations to design and direct a new investigation (ADI) that could, among other things, gather the facts necessary for providing legal advice to Facebook about litigation, compliance, regulatory inquiries, and other legal risks facing the company resulting from potential data misuse and activities by third-party app developers operating on the prior version of Facebook's platform.

6.      I led the Gibson Dunn team engaged to develop and conduct the Investigation.  I am a former federal prosecutor and have more than two decades of experience with large-scale, corporate investigations.  The Gibson Dunn team worked with Facebook's in-house attorneys

and members of Facebook's Partnerships, Data Policy, and DevOps teams on the ADI.  I and my team at Gibson Dunn also led the recruitment and retention of technical experts and investigators for the ADI, including two leading forensic consulting firms with expertise in assisting with technology-focused internal investigations.  These consulting experts operated as an extension of the Gibson Dunn team to support our provision of legal advice to Facebook, and the investigators worked under the direction of Gibson Dunn and Facebook Legal.  The "ADI team," as used herein, is comprised of Gibson Dunn lawyers and paralegals, our consulting experts, and Facebook in-house counsel and internal partners including subject matter experts, all of whom operated at the direction of counsel.  At its largest, the ADI team consisted of over 300 members.

7.     Gibson Dunn and in-house counsel needed to partner with the outside expert consulting firms and Facebook personnel to effectively advise Facebook of legal risk.  The ADI team worked at the direction of counsel, relied on counsel's input and guidance, and played a necessary role in facilitating legal advice by counsel and implementing that advice by the company.  The ADI was an iterative process through which ADI team members, including counsel and subject matter experts, were able to learn as the investigation progressed.  As such, documents initially drafted by members of the ADI team were generally prepared by or at the direction of counsel, and counsel edited or otherwise helped shape their contents to ensure they were serving the legal purpose for which they were created.

8.     The Investigation was highly complex and addressed millions of applications operating before changes were made to Facebook's platform.  There was no industry standard for how to conduct such an investigation.  Rather, under Gibson Dunn's and in-house counsel's leadership, the ADI team devised and tailored the ADI's methods, protocols, and strategies to address the specific risks posed by these legal challenges.  These proprietary methods and techniques are valuable to Facebook.

9.     The methods, techniques, and strategies employed during the Investigation are highly confidential.  Indeed, Facebook has taken numerous substantial steps to maintain the

2

confidentiality of details regarding the Investigation.  For example, details about the Investigation are disclosed to Facebook employees only on a need-to-know basis.  As a result, a limited number of Facebook employees, counsel, and third-party experts have accessed this highly sensitive information.

        10.    Facebook asks the Court to permanently seal the names of two consulting expert firms who assisted with the Investigation on a confidential basis, working at Gibson Dunn's direction.  If these names were disclosed publicly, competitors would have access to confidential information regarding Facebook's business relationships with third-party experts.  Public disclosure could undermine Facebook's and Gibson Dunn's current and future relationships with third-party vendors and be used to cause Facebook competitive harm.  The Court has previously found good cause to seal this information.  *See* Dkts. 737, 764, 836, 837, 838, 839, 891.

*     *     *

        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 24, 2022 in New York, New York.

Alexander H. Southwell