GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Rosemarie T. Ring (SBN 220769)
  rring@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
Heather L. Richardson (SBN 246517)
  hrichardson@gibsondunn.com
Colin B. Davis (SBN 273942)
  cdavis@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO ADDRESS NEW REQUESTS FOR PRODUCTION OF FINANCIAL DOCUMENTS** |

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO ADDRESS NEW REQUESTS FOR PRODUCTION OF FINANCIAL DOCUMENTS
CASE NO. 3:18-MD-02843-VC

Pursuant to Civil Local Rule 7-11, Facebook, Inc. ("Facebook" or the "Company") submits this Administrative Motion requesting that the Court set a deadline of July 22, 2022 for Facebook to produce additional financial documents to avoid further litigation over whether Facebook is required to generate new documents responsive to new requests from Plaintiffs.

## I. Background

On June 9, 2022, during a case management conference, this Court ordered Facebook to complete production of "financial documents" Plaintiffs previously requested by July 1, 2022, in advance of a continued Rule 30(b)(6) deposition on the following topic:

> Facebook's calculation of revenues, gross profits and net profits recognized by Facebook relating to Users' Data or Information, including but not limited to how Facebook monetized User Data or Information, how Facebook quantified the value of sharing User Data or Information, and Facebook's business and marketing strategy regarding the monetization and quantification of User Data or Information.

Dkt. 941. During a meet and confer a few days later on June 15, and in a letter the next day, Plaintiffs requested that Facebook produce financial documents "showing the revenue Facebook received from all third parties whose access to data was limited as part of the ADI process," and "[d]ocuments reflecting revenues associated with third parties who were whitelisted." Declaration of Colin B. Davis ¶ 3 (filed concurrently).

Plaintiffs took the position that these requests were not new because Plaintiffs previously requested documents regarding the overall financial impact of ADI and whitelisting *on the Company*. But financial impacts *on the Company* are distinct from financial impacts *by entity*. Facebook explained that it had not identified documents showing the former—although it has produced detailed reports showing the Company's overall financial position over time—but that it would agree to generate documents responsive to the latter, which were new requests. Facebook also explained that it would try to generate these materials by the July 1 deadline for Plaintiffs' previous requests, but that it anticipated it would be "extraordinarily difficult" to do so. Davis Decl. ¶ 4.

On June 29, Facebook determined that, despite diligent efforts, it could not generate new documents responsive to Plaintiffs' new requests by July 1, and asked Plaintiffs to submit a joint request to the Court seeking a new deadline applicable to the new requests. Plaintiffs refused. Davis Decl.

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO ADDRESS NEW REQUESTS FOR PRODUCTION OF FINANCIAL DOCUMENTS
CASE NO. 3:18-MD-02843-VC

¶ 5. To avoid the parties having to litigate whether Facebook is required to generate new documents responsive to Plaintiffs' new requests, and to allow the Company to produce to Plaintiffs information they have requested to try this case, Facebook respectfully requests that the Court set a deadline of July 22, 2022 for Facebook to generate and produce those documents.

## II.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 16(b)(4), scheduling orders may be modified "for good cause and with the judge's consent."  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)); *cf. Ahanchain v. Xenon Pics., Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) ("'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts.").  This standard affords courts "'broad discretion' to modify discovery deadlines."  *Priest v. Bently*, No. 21 Civ. 58, 2021 WL 6500723, at *5 (E.D. Cal. Dec. 7, 2021) (quoting *Johnson*, 975 F.2d at 607).

## III.  There Is Good Cause to Set a New Deadline for Facebook's Voluntary Agreement to Generate and Produce Financial Documents Responsive to Plaintiffs' New Requests

Facebook has diligently sought to collect and produce financial information and documents requested by Plaintiffs.  When Plaintiffs sought the production of seven categories of financial documents in February 2022, Facebook conducted an extensive search and produced by May 6 more than 2,000 additional financial documents responsive to Plaintiffs' requests.  Davis Decl. ¶ 6.

After taking a monetization-focused Rule 30(b)(6) deposition on May 19, Plaintiffs requested the production of additional financial documents.  Facebook responded by agreeing to search for and produce various specific categories of information and requesting to meet and confer with Plaintiffs about others.  Davis Decl. ¶ 7.  The parties met and conferred on June 15.  *Id.* ¶ 8.  In a June 16 letter, Plaintiffs revised certain requests, stating that, regarding the ADI, they sought "1) Documents showing the revenue Facebook received from *all third parties* whose access to data was limited as part of the ADI process, and 2) Documents showing a comprehensive revenue analysis of changes to third parties' access to information as a result of ADI."  *Id.* ¶ 9 (emphasis added).  The same letter also purported to "reiterate[] [Plaintiffs'] longstanding request for … [d]ocuments reflecting revenues associated with

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO ADDRESS NEW REQUESTS FOR PRODUCTION OF FINANCIAL DOCUMENTS
CASE NO. 3:18-MD-02843-VC

third parties who were whitelisted." *Id.*

Facebook responded to Plaintiffs' letter on June 23. Davis Decl. ¶ 10. Facebook made clear in its response that it disagreed that the information Plaintiffs sought regarding whitelisted applications had been requested previously. *Id.* And, more broadly, Facebook explained that it was "unaware of any preexisting materials responsive" to Plaintiffs' new ADI- or whitelisting-related revenue requests. *Id.* Nonetheless, "in the spirit of compromise and to avoid unnecessary dispute," Facebook volunteered "to generate materials to respond to Plaintiffs' specific requests" regarding the purported revenue impacts by entity of the ADI and whitelisting, while noting that "generating those materials [would be] a time-consuming process that will be extraordinarily difficult to complete by July 1." *Id.* Specifically, Facebook agreed to "undertak[e] the time-consuming process of generating materials sufficient to show revenues attributable to app developers whose access was limited or removed as a result of the ADI process, if any, for the period from 2017-2020," and to "generat[e] materials sufficient to show revenues attributable to app developers identified in Facebook's response to Plaintiffs' Interrogatory No. 27 [regarding whitelisting], if any, during the putative class period." *Id.*

Facebook has made diligent efforts to collect and produce the financial documents and information Plaintiffs requested following the May 19 Rule 30(b)(6) deposition. In addition to meeting and conferring with Plaintiffs' counsel and exchanging correspondence, a team of lawyers from Gibson, Dunn & Crutcher and in-house Facebook lawyers have conducted at least sixteen interviews of twenty-five additional Facebook employees to locate and/or generate, as applicable, the documents and information that Plaintiffs seek. Davis Decl. ¶ 11. As a result of these efforts, which are ongoing, Facebook expects to produce a significant quantity of additional financial documents and information sought by Plaintiffs by the July 1 deadline set by this Court. *Id.*

With respect to Facebook's voluntary agreement to generate documents responsive to Plaintiffs' new requests, seeking documents relating to the financial impacts of ADI and whitelisting *by entity*, however, Facebook requires additional time. As Facebook explained to Plaintiffs, no responsive documents exist, but Facebook is working to generate documents responsive to Plaintiffs' requests. But generating these materials—which attempt to capture the advertising revenue attributable to app developers or individual apps—is a complicated, multi-step process requiring the dedication of

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO ADDRESS NEW REQUESTS FOR PRODUCTION OF FINANCIAL DOCUMENTS
CASE NO. 3:18-MD-02843-VC

significant resources.  Davis Decl. ¶ 12.  **First**, Facebook must identify the developer of each app impacted by the ADI process or that received whitelisted access to certain features.  *Id.* ¶ 13.  **Second**, Facebook must manually run queries using search terms (*e.g.*, searching for "Amazon") to identify the relevant corporate entity(ies) associated with each app developer identified in the first step that provided advertising revenue to Facebook.  *Id.* ¶ 14.  **Third**, Facebook must review each entity identified by this query to determine if it actually is affiliated with the relevant app developer (*e.g.*, "Amazon.com, Inc.") or whether it is instead an unrelated entity with a similar name (*e.g.*, "John Smith's Personal Amazon Store" or "Save the Amazon Coalition").  *Id.* ¶ 15.  **Fourth**, once the list of relevant entities is generated, Facebook must query its revenue records to determine the revenue, if any, attributable to each entity over the relevant time period.  *Id.* ¶ 16.  Given the lengthy time period at issue and the amount of revenue data Facebook maintains, this last step requires running queries across vast amounts of data.  *Id.*

To date, Facebook has been unable to successfully complete this last step; the queries either have resulted in errors or have timed out without returning useful results.  Davis Decl. ¶ 17  Facebook is in the process of attempting to develop a technical solution to allow the necessary queries to run successfully, and it is optimistic that it will succeed in achieving a method for doing so, but it cannot guarantee immediate success.  *Id.*  Accordingly, Facebook respectfully submits that good cause exists for setting a new deadline to complete these efforts, so that Facebook can generate and provide Plaintiffs with the revenue information they seek.

Facebook met and conferred with Plaintiffs to inform them of these issues on June 29, but Plaintiffs would not agree to stipulate to a new date for production of these documents.  Davis Decl. ¶ 18.  Yet Plaintiffs will not be prejudiced by Facebook's request for at least three reasons.  **First**, Facebook already is exceeding its document discovery obligations by attempting to create new documents for the purpose of providing Plaintiffs with revenue information they seek.  Plaintiffs therefore cannot be prejudiced by Facebook's inability to produce more promptly documents that do not yet exist.  **Second**, Facebook has made clear that it will accommodate Plaintiffs in obtaining additional information and testimony regarding the revenue materials Facebook is generating, including by rescheduling depositions or permitting additional deposition time if necessary.  **Third**,

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO ADDRESS NEW REQUESTS FOR PRODUCTION OF FINANCIAL DOCUMENTS
CASE NO. 3:18-MD-02843-VC

Plaintiffs have previously indicated their willingness to take additional Rule 30(b)(6) testimony regarding monetization after the July 1 deadline for production of financial documents, and the parties have been discussing a date for that continued deposition in early August (after Plaintiffs declined to accept dates offered by Facebook in late July). *Id.* ¶ 20. Accordingly, Plaintiffs will have a full and fair opportunity to obtain discovery, including testimony, on the documents they seek.

\* \* \*

For these reasons, and to avoid the parties having to litigate whether Facebook is required to generate documents responsive to Plaintiffs' new requests, Facebook respectfully requests that the Court set a deadline of July 22, 2022, for Facebook to generate and produce those documents.

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO ADDRESS NEW REQUESTS FOR PRODUCTION OF FINANCIAL DOCUMENTS
CASE NO. 3:18-MD-02843-VC

Dated: June 30, 2022

**GIBSON, DUNN & CRUTCHER, LLP**

By: /s/ Colin B. Davis
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
Heather L. Richardson (SBN 246517)
hrichardson@gibsondunn.com
Colin B. Davis (SBN 273942)
cdavis@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Rosemarie T. Ring (SBN 220769)
rring@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Russell H. Falconer (*pro hac vice*)
rfalconer@gibsondunn.com
2100 McKinney Ave., Suite 1100
Dallas, TX 75201
Telephone: 214.698.3170
Facsimile: 214.571.2958

*Attorneys for Defendant Facebook, Inc.*

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO ADDRESS NEW REQUESTS FOR PRODUCTION OF FINANCIAL DOCUMENTS
CASE NO. 3:18-MD-02843-VC