| | |
|---|---|
| Derek W. Loeser (admitted *pro hac vice*) | Lesley E. Weaver (SBN 191305) |
| KELLER ROHRBACK L.L.P. | BLEICHMAR FONTI & AULD LLP |
| 1201 Third Avenue, Suite 3200 | 555 12th Street, Suite 1600 |
| Seattle, WA 98101 | Oakland, CA 94607 |
| Tel.: (206) 623-1900 | Tel.: (415) 445-4003 |
| Fax: (206) 623-3384 | Fax: (415) 445-4020 |
| dloeser@kellerrohrback.com | lweaver@bfalaw.com |

*Plaintiffs' Co-Lead Counsel*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MDL No. 2843<br>Case No. 18-md-02843-VC<br><br>**PLAINTIFFS' OPPOSITION TO FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO ADDRESS NEW REQUESTS FOR PRODUCTION OF FINANCIAL DOCUMENTS**<br><br>Judge: Hon. Vince Chhabra<br>Special Master Daniel Garrie<br>Courtroom: 4, 17th Floor |

Plaintiffs oppose Facebook, Inc.'s Administrative Motion to Address New Requests for Production of Financial Documents (the "Admin. Motion"), in which Facebook requests an extension to its deadline to produce financial documents until July 22, 2022. The Court ordered Facebook to complete production of financial documents by July 1, 2022 (ECF 941). Plaintiffs do not accede to Facebook's continued inability to meet the Court's deadlines. Facebook has not established good cause for the extension, and its request for one should be denied.

Facebook claims it needs extra time because Plaintiffs have requested "new" information; namely, documents showing the revenue Facebook received from third parties whose access to data was limited as part of the ADI process and reflecting revenues associated with third parties who were whitelisted. Admin. Motion at 1. These are not new requests. In fact, Facebook recently sent a letter stating its view that the requests it labels as new in the Admin. Motion are actually "already adequately covered" by other collections it is undertaking to review and produce. *See* Declaration of Anne K. Davis ("A. Davis Decl.") ¶ 6, Ex. C. Facebook demanded that Plaintiffs explain why the ADI request was not "covered by Facebook's ongoing search for, and production of, ADI-related materials." *Id*. Facebook further claimed that "documents relating to Facebook's analysis of the revenue impacts of 'any changes' implemented after Cambridge Analytica's activities" would be "fully covered by Facebook's prior document production, which used several Cambridge Analytica-related search strings to identify potentially responsive documents." *Id.* It is troubling that Facebook bases its request for administrative relief on an assertion that Facebook itself contradicted in a letter it sent to Plaintiffs just a few weeks ago, in which it acknowledges that the very same requests are not new and asserts that they are covered by other productions.

Plaintiffs have long sought information about the revenues associated with user data.[1] More specifically, Plaintiffs sent a February 25, 2022 letter following a mediation in which Facebook agreed to search for and produce specific categories of financial documents. This letter confirmed that Plaintiffs sought evidence of, and Facebook would produce documents regarding the financial

---

[1] Plaintiffs outlined the history of this more than 2.5-year-old dispute in Plaintiffs' Motion for Sanctions. *See* ECF 877 at 9-10, Section II.B.

impact of, among other things, "deprecating friends and read permissions, and the impact of whitelisting apps and partners," "limiting . . . access to user data," and "third parties accessing or using FB user content and information that violate FB platform policies." A. Davis Decl. ¶¶ 3-4, Ex. A. That Plaintiffs requested this information again on May 26, 2022 and June 15, 2022 does not make the request new. *See* A. Davis Decl. ¶ 5, Ex. B; Admin. Motion at 1. Rather, each reiteration indicates that the prior requests went unfulfilled. Furthermore, Facebook's specific assertion that Plaintiffs had not, before June 16, 2022, sought information "showing the revenue Facebook received from all third parties whose access to data was limited as part of the ADI process" and "documents reflecting revenues associated with third parties who were whitelisted" is false. Admin. Motion at 2. In addition to repeatedly requesting this information as set forth above, Plaintiffs called out this *specific* information on May 26, 2022, not one day after the parties' meet and confer on this issue on June 15. *See* A. Davis Decl. ¶ 5, Ex. B; Declaration of Colin B. Davis ¶ 3.

      Finally, Plaintiffs note that, due to the timing of its Administrative Motion, Facebook has provided itself a *de facto* extension of the Court-imposed deadline. Facebook had ample time to seek an extension of the July 1 deadline before first reaching out to Plaintiffs at the eleventh hour on June 29 and then filing its request on June 30. Unfortunately, this is only the latest example of Facebook's failure to meet Court-imposed discovery deadlines in this case.

      Though Plaintiffs oppose Facebook's request to extend its production deadline, they still want the documents at issue–even though Facebook did not produce them by July 1. Plaintiffs will address Facebook's failure to meet its deadlines in a supplemental brief in support of their motion for sanctions, and reserve the right to seek monetary and/or issue sanctions that arise from Facebook's violation of the Court's order. Of course, the Court, may in its discretion award such other relief it deems necessary at this time to obtain Facebook's compliance with its orders.

Dated: July 5, 2022                                             Respectfully submitted,

KELLER ROHRBACK L.L.P.                                          BLEICHMAR FONTI & AULD LLP

By:   */s/ Derek W. Loeser*                                     By:   */s/ Lesley E. Weaver*
      Derek W. Loeser                                                 Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)                       Lesley E. Weaver (SBN 191305)
Cari Campen Laufenberg (admitted *pro hac vice*)                Anne K. Davis (SBN 267909)
David Ko (admitted *pro hac vice*)                              Matthew S. Melamed (SBN 260272)
Adele A. Daniel (admitted *pro hac vice)*                       Angelica M. Ornelas (SBN 285929)
Benjamin Gould (SBN 250630)                                     Joshua D. Samra (SBN 313050)
1201 Third Avenue, Suite 3200                                   555 12th Street, Suite 1600
Seattle, WA 98101                                               Oakland, CA 94607
Tel.: (206) 623-1900                                            Tel.: (415) 445-4003
Fax: (206) 623-3384                                             Fax: (415) 445-4020
dloeser@kellerrohrback.com                                      lweaver@bfalaw.com
claufenberg@kellerrohrback.com                                  adavis@bfalaw.com
dko@kellerrohrback.com                                          mmelamed@bfalaw.com
adaniel@kellerrohrback.com                                      aornelas@bfalaw.com
bgould@kellerrohrback.com                                       jsamra@bfalaw.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Eric Fierro (admitted *pro hac vice*)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822
efierro@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)

I, Anne K. Davis, attest that concurrence in the filing of this document has been obtained from the signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of July 2022, in Pacifica, California.

*/s/ Anne K. Davis*
Anne K. Davis
