GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Rosemarie T. Ring (SBN 220769)
  rring@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
Heather L. Richardson (SBN 246517)
  hrichardson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

Pursuant to Civil Local Rules 7-11 and 79-5(f), Facebook, Inc. ("Facebook") hereby submits this Statement In Support of Plaintiffs' Administrative Motion To Consider Whether Another Party's Materials Should Be Sealed. Dkt. 956. Facebook's proposed redactions are limited to confidential information about Facebook's business programs, strategies, and decisions, details regarding how Facebook develops and uses data to target advertisements, and the name of one entity with which Facebook has a confidential business relationship. There is good cause to seal these three categories of information.

## I.  Background

On July 5, 2022, Plaintiffs filed an Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed, attaching Exhibits B and C to Plaintiffs' Opposition to Facebook, Inc.'s Administrative Motion to Address New Requests for Production of Financial Documents (Plaintiffs' "Opposition"). Dkt. 956. Facebook is not seeking to seal or redact any portion of Exhibit B. As for Exhibit C—a June 14, 2022 letter from Gibson Dunn to Plaintiffs' counsel—Facebook only seeks a handful of light redactions. Those redactions will protect confidential information about Facebook's business programs, strategies, and decisions, details regarding how Facebook develops and uses data to target advertisements, and the name of one entity with which Facebook has a confidential business relationship. Facebook submits this Statement In Support to permanently seal those limited portions of Exhibit C. Facebook does not seek to seal any portion of Plaintiffs' Opposition or its other exhibits.

## II.  The Good Cause Standard Applies Because The Motion Is Unrelated To The Merits

When a party seeks to seal judicial records related to the merits of a case, there is a "strong presumption in favor of" public access to the records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). But this high standard does not apply where, as here, the information a party seeks to seal is "unrelated or only tangentially related to the merits of a case." *Doe v. Walmart, Inc.*, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019); *see also Kamakana,* 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-

1

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIALS SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Instead, courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Walmart*, 2019 WL 636362 at *1–*2. Here, Exhibit C is related to a discovery dispute, not the merits of this action, so the good cause standard applies.

### III.   There Is Good Cause To Seal Facebook's Limited Proposed Redactions

Facebook asks the Court to permanently seal three categories of confidential information: (1) confidential information regarding Facebook's business programs, strategies, and decisions; (2) confidential technical details of how Facebook develops and uses data to target advertisements to the most relevant users; and (3) the name of one entity with which Facebook has a confidential business relationship.

***Confidential information regarding Facebook's business programs, strategies, and decisions.*** Ex. C at 3-4. Courts routinely seal information that would allow competitors to learn about a party's confidential business strategy or information that it could use to a party's competitive disadvantage. *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing is warranted to prevent competitors from "gaining insight into the parties' business model and strategy"). Public disclosure of confidential discussions regarding Facebook's potential business models and strategies could allow Facebook's competitors to copy these proposed strategies, or use the ideas developed by Facebook at its own expense to Facebook's competitive disadvantage. Stein Decl. ¶ 3. For the same reasons, this Court has previously found good cause to seal similar information related to Facebook's business models and strategies. Dkt. 550 at 2-3; 550-1 at 1 (explaining that disclosure of certain information would give competitors insight into Facebook's strategy and cause Facebook to suffer harm); Dkt. 638 (granting motion to seal such information).

***Confidential technical details of how Facebook develops and uses data to target***

*advertisements to the most relevant users.* Ex. C at 4. Facebook's ability to serve advertisements to the users who find them most relevant is an essential aspect of its business. Stein Decl. ¶ 4. If publicly disclosed, this information could allow Facebook's competitors to improve their service of advertisements and cause Facebook competitive harm. *Id.* Courts routinely seal documents that would reveal "confidential and competitively-sensitive information" and "confidential business strategies," as well as other "proprietary" information. *See, e.g.*, *In re Lidoderm Antitrust Litig.*, 2016 WL 4191612, at * 26-27 (N.D. Cal. Aug. 9, 2016). For the same reasons, this Court has previously found good cause to seal similar information regarding details of Facebook's advertising targeting. Dkt. 812 at 3-4 (explaining harm to Facebook from public disclosure of the details of Facebook's targeted advertising); Dkt. 844 (granting motion to seal such information).

***The name of one entity with which Facebook has a confidential business relationship.*** Facebook seeks to seal the name of one entity with which Facebook has a confidential business relationship. Ex. C at 4. Courts regularly seal information that would identify confidential business relationships or reveal the terms of business relationships that competitors would be able to use to a party's commercial disadvantage. *See, e.g.*, *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 3642177, at *6 (S.D. Cal. Aug. 1, 2019) (granting a motion to seal information that, if publicly disclosed, would have "identif[ied]" certain "business relationships"). If publicly disclosed, this confidential information could harm Facebook's relationships with this entity by disclosing its identity and confidential negotiations with Facebook. Stein Decl. ¶ 5. Disclosure could also undercut Facebook's ability to negotiate with competitors of this entity. *Id.* For the same reasons, this Court has previously found good cause to seal similar information regarding confidential identities of Facebook's business partners. Dkt. 769 at 3-4 (explaining harm to Facebook from public disclosure of the names of Facebook's business partners and other confidential information about those relationships); Dkt. 772 (granting motion to seal such information).

## IV. The Limited Proposed Redactions Are Narrowly Tailored

Facebook's proposed redactions are narrowly tailored because the redactions are limited to confidential information about Facebook's business programs, strategies, and decisions, details regarding how Facebook develops and uses data to target advertisements, and the name of one entity with which Facebook has a confidential business relationship. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect . . . proprietary information").

*   *   *

For these reasons, Facebook respectfully requests that the Court permanently seal Facebook's limited proposed redactions to Exhibit C to Plaintiffs' Opposition.

4

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO. 3:18-MD-02843-VC

| | |
|---|---|
| Dated:  July 12, 2022 | **GIBSON, DUNN & CRUTCHER, LLP** |

                         By:  */s/Deborah Stein*
                         Orin Snyder (*pro hac vice*)
                         osnyder@gibsondunn.com
                         200 Park Avenue
                         New York, NY 10166-0193
                         Telephone:  212.351.4000
                         Facsimile:  212.351.4035

                         Deborah Stein (SBN 224570)
                         dstein@gibsondunn.com
                         Heather L. Richardson (SBN 246517)
                         hrichardson@gibsondunn.com
                         333 South Grand Avenue
                         Los Angeles, CA 90071-3197
                         Telephone:  213.229.7000
                         Facsimile:  213.229.7520

                         Joshua S. Lipshutz (SBN 242557)
                         jlipshutz@gibsondunn.com
                         1050 Connecticut Avenue, N.W.
                         Washington, DC 20036-5306
                         Telephone:  202.955.8500
                         Facsimile:  202.467.0539

                         Kristin A. Linsley (SBN 154148)
                         klinsley@gibsondunn.com
                         Rosemarie T. Ring (SBN 220769)
                         rring@gibsondunn.com
                         Martie Kutscher (SBN 302650)
                         mkutscherclark@gibsondunn.com
                         555 Mission Street, Suite 3000
                         San Francisco, CA 94105-0921
                         Telephone:  415.393.8200
                         Facsimile:  415.393.8306

                         Russell H. Falconer (*pro hac vice*)
                         rfalconer@gibsondunn.com
                         2100 McKinney Ave., Suite 1100
                         Dallas, TX 75201
                         Telephone: 214.698.3170
                         Facsimile: 214.571.2958

                         *Attorneys for Defendant Facebook, Inc.*