GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
    osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Kristin A. Linsley (SBN 154148)
    klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
    mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
    dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
    jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE SPECIAL MASTER'S AMENDED ORDER REGARDING PRODUCTION OF NAMED PLAINTIFF DATA** |

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Administrative Motion to File Under Seal limited portions of Special Master Garrie's July 1, 2022 Amended Order Regarding Production of Named Plaintiff Data and its attached exhibits (the "Order"). For the reasons explained below, there is good cause to seal permanently this information, and Facebook's request is narrowly tailored.

## I.      Background

On June 27, 2022, Special Master Garrie issued the Order. The Order attaches as exhibits hearing transcripts, prior orders, and the parties' briefs and submissions on this issue, including exhibits thereto, many of which contain Facebook's confidential information.

## II.     The Good Cause Standard Applies Because the Motion Is Unrelated to the Merits

When a party seeks to seal judicial records related to the merits of a case, there is a "strong presumption in favor of" public access to the records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). But this high standard does not apply where, as here, the information a party seeks to seal is "unrelated or only tangentially related to the merits of a case." *Doe v. Walmart, Inc.*, 2019 WL 636362 at * 1 (N.D. Cal. Feb. 11, 2019). Instead, courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Id.* at *1– *2. Here, the Order relates to a dispute regarding the scope of production of documents, not the merits of this action, so the good cause standard applies.

## III.    There Is Good Cause to Seal Facebook's Limited Proposed Redactions

Facebook asks the Court to permanently seal the following categories of information: (i) confidential information the Court previously found good cause to seal; (ii) confidential infor-

mation that Facebook has previously asked the Court to seal; (iii) confidential information regarding Facebook's proprietary data systems and data storage and processing practices; (iv) confidential information regarding Facebook's tool for responding to law-enforcement requests for user records; and (v) confidential information regarding Facebook's privacy and platform policy enforcement practices.

*(i) Confidential information that the Court previously found good cause to seal.* Facebook asks the Court to seal limited portions of the following documents, which contain the same redactions the Court approved previously when these documents were filed on the public docket: Order Ex. D[1] (filed with the same redactions at Dkt. 527-4 at ECF p. 13–14, 16, granted at Dkt. 637); Order Ex. H (filed with the same redactions at Dkt. 813 at 0026–0029, granted at Dkt. 844).

Likewise, Facebook asks the court to seal limited portions of documents that contain the names of Facebook's confidential business partners.  Courts regularly seal information that would identify confidential business relationships.  *See, e.g.*, *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 3642177, at *5 (S.D. Cal. Aug. 1, 2019) (sealing information that would have "identif[ied]" certain "business relationships").  Facebook requests that the Court seal: (1) the identities of consulting experts retained by Gibson Dunn to provide professional services related to ADI, Order Ex. I at Tr. at 133:13, which the Court previously found good cause to seal, *see* Dkts. 737, 764, 836, 837, 838, 839, 891; and (2) the names of other confidential business partners, Order Ex. L at Tr. at 139:21, 140:2–3; Order Ex. N. at Tr. at 66:4, 11, 138:24, 139:24–25, 141:1, 142:18, which the Court also previously found good cause to seal.[2]

---

[1] Special Master Garrie included the redactions from this prior filing in the otherwise unredacted version of his Order and associated exhibits.

[2] *See, e.g.*, Dkt. 814 at 4175 (ECF p. 120) (containing redacted text); Dkt. 844 (granting motion to seal); *see also* Dkt. 813-1 at 3440 (redacting name of business partner); Dkt. 844 (granting motion to seal); *see also* Dkt. 769-3 at ECF p. 170 (redacting name of business partner); Dkt. 772 (granting motion to seal).

*(ii) Confidential information that Facebook has previously asked the Court to seal.* Facebook asks the Court to seal limited portions of the following documents, for which Facebook previously requested that the Court find good cause to seal, upon which the Court has not yet ruled:

1. Order Ex. M at 6–9.  *See, e.g.*, Dkt. 913-5 at ECF p. 2–10 (same language filed with identical proposed redactions); Dkt. 910 (Facebook's explanation for the proposed redactions); Dkt. 924 (the Court's order temporarily allowing sealing pending adjudicating the motion for sanctions).

2. Order Ex. N contains proprietary details of a data set that Facebook acquires and how it uses that data set to enhance its products,[3] which Facebook has previously requested that the Court seal in  a similar context.  *See, e.g.*, Dkt. 910-29 at Internal Ex. B at 3 (requesting redaction of references to this same data set); Dkt. 910 (Facebook's explanation for the proposed redactions); Dkt. 924 (the Court's order temporarily allowing sealing pending adjudicating the motion for sanctions).

3. Order Ex. P at 1–2, 4, 6–7.  *See* Dkt. 927-4 at ECF p. 2–9 (the same language filed with identical proposed redactions); Dkt. 927 (Facebook's explanation for the proposed redactions).  Facebook also requests that the court seal limited portions of Order Ex. Q at 2–4, 6, 9–13, and Order Ex. S at 2–3, which quote from and otherwise directly refer to the letter attached as Order Ex. P, for the same reasons.

4. Order Ex. R at 1 and Order Ex. T at 2.  *See* Dkt. 948-3; 949 (same language filed with proposed redactions); Dkt. 948 (Facebook's explanation for the proposed redactions).

5. Order Ex. V at Internal Ex. A at 5. *See* Dkt. 910-15 (same language filed with proposed redactions); Dkt. 924 (the Court's order temporarily allowing sealing pending adjudicating the motion for sanctions).

---

[3] Order Ex. N at Tr. at 146:2, 4, 9–10, 147:13–14, 148:4, 151:23, 152:3, 7.

***(iii) Confidential information regarding Facebook's proprietary data systems and data storage and processing practices.*** Facebook asks the Court to seal confidential information, set forth in the Stein Declaration and Proposed Order, regarding details about the tables and data systems that house specific data and how Facebook stores, tracks, preserves, deletes, and processes data. How Facebook stores, manages, and processes data for billions of users across all its data systems are key components of its business that set it apart and ahead of its competitors. Stein Decl. ¶ 4. This information reveals confidential technical information about Facebook's data systems and Facebook's proprietary methods for storing, anonymizing, and processing data. *Id.* If this information were publicly disclosed, competitors could use it to improve their own methods for managing high volumes of user data or for tracking and anonymizing user data across data systems. *Id.* Courts routinely seal commercially sensitive information that "competitors would be able to take advantage of" and use unfairly if disclosed. *See, e.g.*, *Asetek Danmark A/S v. CMI USA, Inc.*, 2015 WL 4511036, at *2 (N.D. Cal. July 23, 2015). Additionally, hackers and other bad actors could use this information to better understand Facebook's data systems and target specific repositories of data, potentially harming both Facebook and its users. Stein Decl. ¶ 4. The Court has previously found good cause to seal this type of information. *See, e.g.*, Dkt. 813 at 0026–29 (requesting sealing of names of data systems); Dkt. 844 (granting motion to seal).

***(iv) Confidential information regarding Facebook's tool for responding to law-enforcement requests for user records.*** As set forth in the Stein Declaration and Proposed Order, Facebook asks the Court to seal confidential information regarding Facebook's tool for responding to law-enforcement requests for user records, including the name of the tool, the types of data it contains, the delta between the data within the tool and DYI , and the format in which data from

the tool is produced.  Public disclosure of details about this tool would reveal confidential information regarding Facebook's internal operations that could be used by bad actors to attempt to circumvent and evade Facebook's enforcement strategies and current and future lawful governmental criminal investigations.  Stein Decl. ¶ 5.  Public disclosure of Facebook's internal processes related to the tool also could provide confidential information to competitors about how Facebook tracks and stores data across its systems, to Facebook's competitive disadvantage.  *Id.*

*(v) Confidential information regarding Facebook's privacy and platform policy enforcement practices.*  Facebook asks the Court to seal confidential information, set forth in the Stein Declaration and Proposed Order, regarding Facebook's privacy and platform enforcement practices.  Disclosure of Facebook's confidential methods for identifying apps and developers violating its policies would reveal confidential details of Facebook's internal business operations.  Stein Decl. ¶ 6.  If this information were revealed, bad actors could use it to attempt to circumvent and evade Facebook's enforcement strategies, potentially harming both Facebook and its users.  *Id.* The Court has previously sealed similar information for the same reasons.  *See, e.g.*, Dkt. 812 (requesting sealing of similar information); Dkt. 844 (granting motion to seal).

## IV.    The Limited Proposed Redactions Are Narrowly Tailored

Facebook's proposed redactions are narrowly tailored because the redactions are limited to the five narrow and limited categories of confidential and proprietary information set forth above. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect . . . proprietary information").

\*       \*       \*

For these reasons, Facebook respectfully requests that the Court permanently seal Facebook's limited proposed redactions to the Order.

Dated:  August 5, 2022

**GIBSON, DUNN & CRUTCHER, LLP**

By:  */s/ Deborah Stein*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*