| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>Orin Snyder (*pro hac vice*)<br>  osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035<br><br>Kristin A. Linsley (SBN 154148)<br>  klinsley@gibsondunn.com<br>Martie Kutscher (SBN 302650)<br>  mkutscherclark@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | GIBSON, DUNN & CRUTCHER LLP<br>Deborah Stein (SBN 224570)<br>  dstein@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>Joshua S. Lipshutz (SBN 242557)<br>  jlipshutz@gibsondunn.com<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539 |

*Attorneys for Defendant Facebook, Inc.,*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (Dkt. 988) ("Administrative Motion"). For the reasons explained below, there is good cause to seal permanently this information and Facebook's request is narrowly tailored under the circumstances.

**I. Background**

On August 8, 2022, Plaintiffs filed their Administrative Motion and attached their Supplemental Brief in Support of Sanctions ("Brief"), three declarations, and forty-nine of their fifty-one exhibits in support (Dkts. 984–88). Although attached to Plaintiffs' Administrative Motion, Facebook is not seeking to seal or redact any portion of the Declaration of Cari C. Laufenberg & Matthew S. Melamed in Support of the Brief (Dkt. 988-4), Declaration of David J. Ko in Support of Plaintiffs' Motion for Sanctions (Dkt. 988-5), and Exs. 89, 100–01, 107–08, 110–11, 116, 118, 120, 128, 136 or 138 (Dkts. 988-7, -17 to -18, -24 to -25, -27 to -28, -33, -35, -37, -45, -52, -54).

On August 11, Facebook filed a Stipulation and Proposed Order to extend the deadline to submit its statement and/or declaration in support of the confidentiality of materials attached to the Administrative Motion to August 26, 2022 (Dkt. 990). The Court has not yet ruled on this Stipulation and Proposed Order. For the reasons set forth in that Stipulation, given the large volume of new materials within Plaintiffs' submission that must be evaluated for confidentiality, Facebook will continue evaluating the documents filed under seal by Plaintiffs for material that can be redacted rather than sealed and will supplement its statement by August 26. The documents for which Facebook may propose more targeted redactions include recent deposition transcripts for which the period to designate confidential material has not yet passed. *See, e.g.*, Exs. 98 (Dkt. 988-16) (the full, 341 page transcript for Isabella Leone's 30(b)(6) deposition).

**II. The Good Cause Standard Applies Because the Motion Is Unrelated to the Merits**

Gibson, Dunn & Crutcher LLP

Courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Doe v. Walmart, Inc.*, 2019 WL 636362, at *1–2 (N.D. Cal. Feb. 11, 2019). Here, the Brief, declarations, and exhibits are related to the discovery record, not the merits of this action, so the good cause standard applies.

**III. There Is Good Cause for Facebook's Proposed Redactions and Sealing**

Facebook asks the Court to permanently seal the following categories of information:

*(i) Confidential information that the Court previously found good cause to seal.* Facebook asks the Court to seal the same portions of the following documents that the Court previously approved:

1. Ex. 114 at 1–5 (Dkt. 988-31).  Dkt. 413-3 (filed under seal); Dkt. 437 (granting motion to seal).
2. Ex. 115 at 1–5 (Dkt. 988-32); Ex. 137 at 2–6 (Dkt. 988-53).  Dkt. 636-3 (filed with the same redactions); Dkt. 641 (granting motion to seal).
3. Ex. 117 at 1 (Dkt. 988-34).  Dkt. 813-1 (filed with the same redactions); Dkt. 844 (granting motion to seal).
4. Investigative reports generated by Facebook's consulting experts during ADI to assist counsel in providing Facebook with legal advice.  The Court previously found good cause to seal in full the same investigative report found at Ex. 90 (Dkt. 988-8).  Dkt. 804-3 at ECF p. 544–79 (fully sealed investigative report); Dkt. 838 (granting motion to seal).  Facebook also requests that the Court seal similar ADI investigative reports and ADI documents (and references thereto) for the same reasons, including those reasons articulated in Alexander H. Southwell's declaration evidencing the basis for sealing ADI-related documents.[1]  Dkt. 804-2; *see also* Dkt. 804 (explaining rationale for sealing ADI investigative reports and ADI-related information).

---

[1] Brief at 9–10, 31–32; Declaration of Lesley E. Weaver in Support of Brief at ¶¶ 14–16, 18, 45–47; Exs. 90–94 (Dkt. 988-8 to -12).

2
FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

*(ii) Confidential information regarding Facebook's proprietary data systems and data storage and processing practices.* Facebook asks the Court to seal confidential information regarding details about the data systems that house specific data and how Facebook stores, tracks, preserves, deletes, and processes data. This information involves key components of Facebook's business that set it apart and ahead of its competitors and reveals confidential technical information about its data systems and proprietary methods for storing and processing data. Stein Decl. ¶ 8. If this information were publicly disclosed, competitors could use it to improve their own methods for managing high volumes of user data or for tracking user data across data systems. *Id.* Courts routinely seal commercially sensitive information that "competitors would be able to take advantage of" and use unfairly if disclosed. *See, e.g.*, *Asetek Danmark A/S v. CMI USA, Inc.*, 2015 WL 4511036, at *2 (N.D. Cal. July 23, 2015). Additionally, hackers and other bad actors could use this information to better understand Facebook's data systems and target specific repositories of data, potentially harming both Facebook and its users. Stein Decl. ¶ 8. The Court has previously found good cause to seal this type of information. *See, e.g.*, Dkt. 813 at 0026–29 (requesting sealing data system names); Dkt. 844 (granting motion to seal).

*(iii) Confidential information regarding Facebook's tool for responding to law-enforcement requests for user records.* Facebook asks the Court to seal confidential information regarding Facebook's tool for responding to law-enforcement requests for user records, including the name of the tool, the types of data it contains, the delta between the data within the tool and DYI, and the format in which data from the tool is produced. Public disclosure of details about this tool would reveal confidential information regarding Facebook's internal operations that could be used by bad actors to attempt to circumvent and evade Facebook's enforcement strategies and current and future lawful governmental criminal investigations. Stein Decl. ¶ 9. It also could provide confidential information to competitors about how Facebook tracks and stores data across its systems, to Facebook's competitive disadvantage. *Id.*

3
FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

*(iv) Confidential and competitively sensitive information regarding Facebook's business programs, strategies, decisions, and partners.* Courts routinely seal information that would allow competitors to learn about a party's confidential business strategy or information that it could use to a party's competitive disadvantage. *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017). Courts also regularly seal information that would identify confidential business relationships or reveal the terms of such relationships. *See, e.g.*, *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 3642177, at *5 (S.D. Cal. Aug. 1, 2019). This Court has previously sealed similar information. *See, e.g.*, Dkt. 813-1 at 3440 (redacting name of business partner); Dkt. 844 (granting motion to seal); Dkt. 550 at 2-3; Dkt. 550-1 at 1 (requesting sealing of information that would give competitors insight into Facebook's strategy); Dkt. 638 (granting motion to seal). Public disclosure of this information could allow Facebook's competitors to copy its strategies, or use the ideas developed by Facebook at its own expense to Facebook's competitive disadvantage. Stein Decl. ¶ 10. Public disclosure also could harm Facebook's relationships with its business partners by disclosing their identities and confidential negotiations with Facebook, and also undercut Facebook's ability to negotiate with these entities' competitors. *Id.*

*(v) Confidential and competitively sensitive information contained in documents created during this litigation.* Facebook asks the Court to seal certain documents created during this litigation because counsel created them as part of a confidential mediation process and because they contain confidential and sensitive information. These documents contain information about a number of current and former Facebook employees. *See Murphy v. Kavo America Corp.*, No. CV-11-0410-YGR, 2012 WL 1497489, at * 1 (N.D. Cal. April 27, 2012); *see also* Stein Decl. ¶ 11. These documents also contain other confidential and competitively sensitive information, such as the information regarding business relationships with third parties and about ADI discussed above. *Id.* The Court has previously sealed in full similar documents which were created for the purposes of negotiations between the parties and which contain Facebook's confidential information. *See* Dkt. 413-3 (sealing document regarding the parties' negotiations); Dkt. 437 (granting sealing).

Gibson, Dunn & Crutcher LLP

4

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

1  *(v) Other documents containing Facebook's confidential and competitively sensitive
2  information.* As noted, Facebook will continue evaluating the documents filed under seal by Plaintiffs
3  for material that can be redacted rather than sealed and will supplement its statement by August 26. In
4  the interim, Facebook requests that the Court seal certain documents that contain its confidential and
5  competitively sensitive information. Stein Decl. ¶ 12.

6  **IV. The Proposed Redactions Are Narrowly Tailored**

7  Facebook's proposed redactions are narrowly tailored because the redactions are limited to the
8  five narrow and limited categories of confidential and proprietary information set forth above. *See*
9  *Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests
10 that were "narrowly tailored to protect . . . proprietary information").

11                     *     *     *

12  For these reasons, Facebook respectfully requests that the Court permanently seal the
13  exhibits attached to Plaintiffs' Administrative Motion as set forth herein and as fully set forth in the
14  Proposed Order.

Gibson, Dunn & Crutcher LLP

5
FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

| | |
|---|---|
| Dated: August 15, 2022 | **GIBSON, DUNN & CRUTCHER, LLP** |
| | By: /s/ Deborah Stein |
| | Orin Snyder (*pro hac vice*) |
| | osnyder@gibsondunn.com |
| | 200 Park Avenue |
| | New York, NY 10166-0193 |
| | Telephone: 212.351.4000 |
| | Facsimile: 212.351.4035 |
| | |
| | Deborah Stein (SBN 224570) |
| | dstein@gibsondunn.com |
| | 333 South Grand Avenue |
| | Los Angeles, CA 90071-3197 |
| | Telephone: 213.229.7000 |
| | Facsimile: 213.229.7520 |
| | |
| | Joshua S. Lipshutz (SBN 242557) |
| | jlipshutz@gibsondunn.com |
| | 1050 Connecticut Avenue, N.W. |
| | Washington, DC 20036-5306 |
| | Telephone: 202.955.8500 |
| | Facsimile: 202.467.0539 |
| | |
| | Kristin A. Linsley (SBN 154148) |
| | klinsley@gibsondunn.com |
| | Martie Kutscher (SBN 302650) |
| | mkutscherclark@gibsondunn.com |
| | 555 Mission Street, Suite 3000 |
| | San Francisco, CA 94105-0921 |
| | Telephone: 415.393.8200 |
| | Facsimile: 415.393.8306 |

*Attorneys for Defendant Facebook, Inc.*