1

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
   osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

2

3

4

Kristin A. Linsley (SBN 154148)
   klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
   mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

5

6

7

8

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
   dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
   jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

9

*Attorneys for Defendant Facebook, Inc.,*

10

11

12

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

13

14

15

IN RE: FACEBOOK, INC. CONSUMER
PRIVACY USER PROFILE LITIGATION,

16

17

This document relates to:

18

ALL ACTIONS

19

CASE NO. 3:18-MD-02843-VC

**FACEBOOK, INC.'S AMENDED
STATEMENT IN SUPPORT OF
PLAINTIFFS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIALS
SHOULD BE SEALED**

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

FACEBOOK, INC.'S AMENDED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

1    Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits

2  this Amended Statement in Support of Plaintiffs' Administrative Motion to Consider Whether

3  Another Party's Materials Should Be Sealed (Dkt. 988) ("Administrative Motion").   For the

4  reasons explained below, there is good cause to seal permanently this information and Facebook's

5  request is narrowly tailored under the circumstances.

6  **I.   Background**

7    On August 8, 2022, Plaintiffs filed their Administrative Motion and attached their

8  Supplemental Brief in Support of Sanctions ("Brief"), three declarations, and forty-nine of their

9  fifty-one exhibits in support.  Dkts. 984–88.  Given the large volume of new materials within

10  Plaintiffs' submission that needed to be evaluated for confidentiality, Facebook filed its

11  preliminary statement in support of sealing these materials on August 15, 2022.  Dkts. 991–92.

12  Pursuant to the Court's August 18, 2022 Order granting Facebook until August 26, 2022, to file

13  its motion to permanently seal these materials, Dkt. 994, Facebook hereby submits its amended

14  statement and supplemental declaration in support of sealing these materials.

15    Although attached to Plaintiffs' Administrative Motion, Facebook is not seeking to seal or

16  redact any portion of the Declaration of Cari C. Laufenberg & Matthew S. Melamed in Support of

17  the Brief (Dkt. 988-4), the Declaration of David J. Ko in Support of Plaintiffs' Motion for

18  Sanctions (Dkt. 988-5), and Exs. 89, 100–01, 107–08, 110–11, 113, 116, 118, 120, 126–128, 136

19  or 138 (Dkts. 988-7, -17 to -18, -24 to -25, -27 to -28, -30, -33, -35, -37, -43 to -45, -52, -54).

20  **II.  The Good Cause Standard Applies Because the Motion Is Unrelated to the Merits**

21    Courts seal information in non-dispositive motions so long as there is good cause to do so

22  because public disclosure of the information would cause harm or prejudice, and the request is

23  narrowly tailored.  *Doe v. Walmart, Inc.*, 2019 WL 636362, at *1–2 (N.D. Cal. Feb. 11, 2019).

24  Here, the Brief, declarations, and exhibits are related to the discovery record, not the merits of this

25  action, so the good cause standard applies.

26  **III. There Is Good Cause for Facebook's Proposed Redactions and Sealing**

27    Facebook asks the Court to permanently seal the following categories of information:

28

1

FACEBOOK, INC.'S AMENDED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

Gibson, Dunn &

Crutcher LLP

*(i) Confidential information that the Court previously found good cause to seal.* Facebook asks the Court to seal the same portions of the following documents that the Court previously approved:

1.  Ex. 114 at 1–5 (Dkt. 988-31).  Dkt. 413-3 (filed under seal); Dkt. 437 (granting motion to seal).

2.  Ex. 115 at 1–5 (Dkt. 988-32); Ex. 137 at 2–6 (Dkt. 988-53).  Dkt. 636-3 (filed with the same redactions); Dkt. 641 (granting motion to seal).

3.  Ex. 117 at 1 (Dkt. 988-34).  Dkt. 813-1 (filed with the same redactions); Dkt. 844 (granting motion to seal).

4.  Investigative reports generated by Facebook's consulting experts during ADI to assist counsel in providing Facebook with legal advice.  The Court previously found good cause to seal in full the same investigative report found at Ex. 90 (Dkt. 988-8).  Dkt. 804-3 at ECF p. 544–79 (fully sealed investigative report); Dkt. 838 (granting motion to seal). Facebook also requests that the Court seal similar ADI investigative reports and ADI documents (and references thereto) for the same reasons, including those reasons articulated in Alexander H. Southwell's declaration evidencing the basis for sealing ADI-related documents.[1]  Dkt. 804-2; *see also* Dkt. 804 (explaining rationale for sealing ADI investigative reports and ADI-related information).

*(ii) Confidential information regarding Facebook's proprietary data systems and data storage and processing practices.*   As set forth in the Supplemental Stein Declaration and Amended Proposed Order, Facebook asks the Court to seal confidential information regarding details about the data systems that house specific data and how Facebook stores, tracks, preserves, deletes, and processes data.  This information involves key components of Facebook's business that set it apart and ahead of its competitors and reveals confidential technical information about its data systems and proprietary methods for storing and processing data.  Supplemental Stein Decl. ¶ 8.  If this information were publicly disclosed, competitors could use it to improve their own

---

[1] Brief at 9–10, 31; Declaration of Lesley E. Weaver in Support of Brief at ¶¶ 14–16, 18, 45; Exs. 90–94 (Dkt. 988-8 to -12), 121 (Dkt. 988-38), 122 (Dkt. 988-39).

FACEBOOK, INC.'S AMENDED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

1    methods for managing high volumes of user data or for tracking user data across data systems.  *Id.*

2    Courts routinely seal commercially sensitive information that "competitors would be able to take

3    advantage of" and use unfairly if disclosed.  *See, e.g.*, *Asetek Danmark A/S v. CMI USA, Inc.*, 2015

4    WL 4511036, at *2 (N.D. Cal. July 23, 2015).  Additionally, hackers and other bad actors could

5    use this information to better understand Facebook's data systems and target specific repositories

6    of data, potentially harming both Facebook and its users.  Supplemental Stein Decl. ¶ 8.  The Court

7    has previously found good cause to seal this type of information.  *See, e.g.*,  Dkt. 813 at 0026–29

8    (requesting sealing data system names); Dkt. 844 (granting motion to seal).

9            ***(iii) Confidential information regarding Facebook's tool for responding to law-***

10   ***enforcement requests for user records.***  As set forth in the Supplemental Stein Declaration and

11   Amended Proposed Order, Facebook asks the Court to seal confidential information regarding

12   Facebook's tool for responding to law-enforcement requests for user records, including the name

13   of the tool, the types of data it contains, the delta between the data within the tool and DYI, and

14   the format in which data from the tool is produced.  Public disclosure of details about this tool

15   would reveal confidential information regarding Facebook's internal operations that could be used

16   by bad actors to attempt to circumvent and evade Facebook's enforcement strategies and current

17   and future lawful governmental criminal investigations.  Supplemental Stein Decl. ¶ 9.  It also

18   could provide confidential information to competitors about how Facebook tracks and stores data

19   across its systems, to Facebook's competitive disadvantage.  *Id.*

20           ***(iv) Confidential and competitively sensitive information regarding Facebook's business***

21   ***programs, strategies, decisions, and partners.***  Facebook asks the Court to seal confidential

22   information, set forth in the Supplemental Stein Declaration and Amended Proposed Order,

23   regarding Facebook's business programs, strategies, decisions, and partners, including

24   confidential technical details of how Facebook develops and uses data to target advertisements to

25   the most relevant users. Courts routinely seal documents which would reveal "confidential and

26   competitively-sensitive information" and "confidential business strategies," as well as other

27   "proprietary" information, that competitors could use to a party's competitive disadvantage.  *See,*

28   *e.g.*, *In re Lidoderm Antitrust Litig.*, 2016 WL 4191612, at * 26–27 (N.D. Cal. Aug. 9, 2016); *In*

3

Gibson, Dunn &

Crutcher LLP

1    *re Qualcomm Litig.*, 2017 WL 5176922, at \*2 (S.D. Cal. Nov. 8, 2017).  Courts also regularly seal

2    information that would identify confidential business relationships or reveal the terms of such

3    relationships.  *See, e.g.*, *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 3642177, at

4    \*5 (S.D. Cal. Aug. 1, 2019).   For these reasons, this Court has previously sealed similar

5    information.  *See, e.g.*, Dkt. 813-1 at 3440 (requesting sealing of the name of a business partner);

6    Dkt. 844 (granting motion to seal); Dkt. 550 at 2–3; Dkt. 550-1 at 1 (requesting sealing of

7    information that would give competitors insight into Facebook's strategy); Dkt. 638 (granting

8    motion to seal); Dkt. 812 at 3–4 (explaining harm to Facebook from public disclosure of the details

9    of Facebook's targeted advertising); Dkt. 844 (granting motion to seal such information).  Public

10   disclosure of this information could allow Facebook's competitors to copy its strategies, or use the

11   ideas developed by Facebook at its own expense to Facebook's competitive disadvantage.

12   Supplemental Stein Decl. ¶ 10.  Public disclosure also could harm Facebook's relationships with

13   its business partners by disclosing their identities and confidential negotiations with Facebook.  *Id.*

14   It also could undercut Facebook's ability to negotiate with these entities' competitors.  *Id.*  Finally,

15   Facebook's ability to serve advertisements to the users who find them most relevant is an essential

16   aspect of its business, and if publicly disclosed, this information could allow Facebook's

17   competitors to improve their service of advertisements and cause Facebook competitive harm.  *Id.*

18   ***(v) Confidential information regarding Facebook employees.***   As set forth in the

19   Supplemental Stein Declaration and Amended Proposed Order, Facebook asks the Court to seal

20   certain confidential information regarding Facebook employees, including the names of certain

21   employees, employee email addresses, and employee performance evaluations.   To protect

22   employees' privacy interests, courts regularly seal information about employees who are not

23   parties to the litigation. *See, e.g.*, *Shopify Inc. v. Express Mobile, Inc.*, No. 20-mc-80091, 2020 WL

24   4732334, at \*12 (N.D. Cal. Aug. 14, 2020) (concluding that "good cause exist[ed] to seal" the

25   "names of parties who are not involved with or incident to the current litigation where disclosure

26   of the information would violate a party's legitimate privacy interest"); *Murphy v. Kavo America*

27   *Corp.*, No. CV-11-0410-YGR, 2012 WL 1497489, at \*1 (N.D. Cal. April 27, 2012) (recognizing

28   that "[e]mployees and former employees who are not parties to . . . litigation have privacy interests

FACEBOOK, INC.'S AMENDED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

1   in their personnel information").  Sealing is especially needed for certain documents containing

2   the identities of a large number of employees because publicly revealing the names of these

3   Facebook employees may encourage competitors to recruit these critical employees.  *See In re*

4   *Incretin-Based Therapies Products Liabilities Litig.*, No. 13-md-2452-AJB, 2015 WL 11658712,

5   at \*2 (S.D. Cal. Nov. 18, 2015) ("[C]ourts have maintained documents under seal where the

6   information contained therein could permit competitors to gain access to operational and personnel

7   information."); *see also* Supplemental Stein Decl. ¶ 11.  The Court has previously sealed similar

8   information for the same reasons.  *See, e.g.*, Dkt. 636 (requesting sealing of employee names);

9   Dkt. 641 (granting motion to seal).

10          ***(vi) Confidential information regarding Facebook's privacy and platform policy***

11   ***enforcement practices.***  Facebook asks the Court to seal confidential information, set forth in the

12   Supplemental Stein Declaration and Amended Proposed Order, regarding Facebook's privacy and

13   platform enforcement practices.  Disclosure of information about Facebook's decision-making

14   process for evaluating apps and developers that may be violating its policies would reveal

15   confidential details of Facebook's internal business operations.  Supplemental Stein Decl. ¶ 12.  If

16   this information were revealed, bad actors could use it to attempt to circumvent and evade

17   Facebook's enforcement strategies, potentially harming both Facebook and its users.  *Id.*  The

18   Court has previously sealed similar information for the same reasons.  *See, e.g.*,  Dkt. 812

19   (requesting sealing of similar information); Dkt. 844 (granting motion to seal).

20          ***(vii) Confidential and competitively sensitive information contained in mediation***

21   ***trackers.***  As set forth in the Supplemental Stein Declaration and Amended Proposed Order,

22   Facebook asks the Court to seal mediation trackers related to this litigation because counsel created

23   them as part of a confidential mediation process and because they contain confidential and

24   sensitive information.  Supplemental Stein Decl. ¶ 13.  These trackers contain information about

25   a number of current and former Facebook employees, which should be sealed for reasons explained

26   above.  Likewise, these mediation trackers also contain other confidential and competitively

27   sensitive information, such as the highly confidential information regarding certain business

28   relationships with third parties and about ADI discussed above.  The Court has previously sealed

Gibson, Dunn &
Crutcher LLP

5

1   in full similar documents which were created for the purposes of negotiations between the parties

2   and which contain Facebook's confidential information.  *See* Dkt. 413-3 (sealed document related

3   to parties' negotiation of custodians); Dkt. 437 (granting motion to seal).

4   **IV. The Proposed Redactions Are Narrowly Tailored**

5        Facebook's proposed redactions are narrowly tailored because the redactions are limited to

6   the narrow and limited categories of confidential and proprietary information set forth above.  *See*

7   *Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing

8   requests that were "narrowly tailored to protect . . . proprietary information").

9                 *        *        *

10       For these reasons, Facebook respectfully requests that the Court permanently seal the

11  materials attached to Plaintiffs' Administrative Motion as set forth herein and as fully set forth in

12  the Amended Proposed Order.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

FACEBOOK, INC.'S AMENDED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

Dated:  August 26, 2022

**GIBSON, DUNN & CRUTCHER, LLP**

By: */s/ Deborah Stein*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306


*Attorneys for Defendant Facebook, Inc.*

FACEBOOK, INC.'S AMENDED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC