# EXHIBIT 125-B
# Redacted Version of Document Sought to be Sealed



November 16, 2019

**VIA ELECTRONIC MAIL**

| | |
|---|---|
| Martie Kutscher Clark | Joshua Lipshutz |
| Gibson, Dunn & Crutcher LLP | Gibson, Dunn & Crutcher LLP |
| 1881 Page Mill Road | 1050 Connecticut Ave NW |
| Palo Alto, CA 94304-1211 | Washington DC 20036 |

Re: *In re Facebook, Inc. Consumer Privacy User Profile*, (N.D. Cal.), Case No. 3:18-md-02843-VC

Dear Martie and Josh:

This letter addresses the substance of our Rule 26(f) meet and confer on Monday, November 11, 2019. Plaintiffs write to provide further details regarding their proposals for production of certain categories of documents—given that the parties agree that discovery has been open since November 4, 2019—for which the burden associated with producing the documents is *de minimis*. In an abundance of caution, our proposal for production of certain documents is not a waiver of our right to seek further discovery or a concession as to the relevance of any items not included in this list. In addition, Plaintiffs provide a written list of the additional information Plaintiffs requested which Facebook was not prepared to address on our meet and confer. Consistent with Facebook's representations on the call, we ask that Facebook provide the information set forth herein by November 25, 2019.

**A. Plaintiffs' Proposals for Initial Production of Documents by Facebook**

1. Production of documents relevant to the claims and defenses in this matter that have already been produced in response to regulatory investigations, actions or inquiries. To help determine whether the documents produced to the FTC are relevant here, and consistent with Judge Chhabria's direction, we confirmed to you earlier this week that the FTC does not object to the production of the demand letters and any correspondence relating to the scope of production to the FTC and requested their production. Please let us know when you will produce them.

2. The unredacted PWC reports (including the Initial Assessment Reports and all subsequent Biennial Reports) and supporting work papers.

Lipshutz and Kutscher Clark             **KELLER ROHRBACK L.L.P.**
November 16, 2019             **BLEICHMAR FONTI & AULD LLP**
Page 2

3. Production of organizational charts, including but not limited to the departments that received litigation-hold requests for this action and for the FTC proceedings.

All non-privileged materials relating to the App Developer Investigation, including those produced to the Massachusetts AG's office. These materials include but are not limited to those described in the October 7, 2019 Declaration of Stacey Chen In Support of Respondent's Opposition to the Attorney General's Petition, Case No. 1984CV02597-BLS-1 (attached as Exhibit A) ¶¶ 5, 8, 35, 37. Plaintiffs understand that Chen is a Facebook employee who identified relevant nonprivileged materials already produced to Massachusetts. The Chen Declaration identified the following categories of documents as already produced:

a. Documents relating to the investigations into violations of Facebook's Platform Policies conducted by the Developer Operations team, pertaining to access to user content and information, misuse of user content and information during the relevant time period. *See* Chen Decl. ¶ 5.

b. Documents relating to the "processes and methodologies previously used to assess third parties' compliance with Facebook policies." *See* Chen Decl. ¶ 8.

c. Documents produced in response to Massachusetts Attorney General Civil Investigative Demand Request 3(d)-(i). *See* Chen Decl. ¶ 35.

d. The lists of apps that are the subject of external actions or communications with third parties, including the list of applications Facebook has suspended and the reason for the suspension. *See* Chen Decl. ¶ 35.

e. Communications between Facebook and developers relating to the ADI. *See* Chen Decl. ¶ 37.

**B. Plaintiffs' Requests for Responses and Additional Information from Facebook**

To help advance the discovery and meet-and-confer processes in this matter, we request the following from you.

1. Your response to the proposed ESI protocol circulated by Plaintiffs on November 6, 2019. This will include descriptions of the accessibility of data sources, specific information regarding Facebook's backup and archival systems, a description of data from sources Facebook believes is not discoverable under the proportionality factors, the time frames for which ESI has been preserved, the identification of custodial and non-custodial data sources, and confirmation that Quip chat is being preserved.

Lipshutz and Kutscher Clark
November 16, 2019
Page 3

**KELLER ROHRBACK L.L.P.**
**BLEICHMAR FONTI & AULD LLP**

2. An update regarding the exact number of custodians who have received litigation holds related to this action, whose data and files Facebook is preserving. Facebook previously indicated that ▇ employees have received litigation hold notices.

3. An update regarding the scope of the litigation hold notices issued in March 2018, as described in your letter dated August 17, 2018.

4. An update regarding your disclosure that 25 Facebook Employees have been identified as having information about Cambridge Analytica.

5. An update regarding the number of interviews with current and former Facebook employees. Facebook previously indicated that 60 employees had been interviewed.

6. The date range of information relating to the App Developer Investigation, including the date the investigation commenced, the date range covered by the investigation, and, if applicable, the date upon which the investigation closed. If the investigation is ongoing, so state.

7. The number of apps, identity of apps, and date range for which ▇▇▇ API requests (or "calls") have been preserved, as well as logs of information reflecting what content and information has been accessed through those calls.

Finally, Plaintiffs appreciate Facebook's November 14, 2019 circulation of Facebook's proposed alternative case schedules. In fulfillment of the Court's instruction that the parties meet and confer regarding their respective proposed case schedules, Tr. of Proceedings at 51:2-16, Nov. 4, 2019, Plaintiffs attach their proposed schedules as Exhibits B and C to this letter.

We look forward to hearing from you.

Regards,

Derek W. Loeser
dloeser@kellerrohrback.com

Lesley E. Weaver
lweaver@bfalaw.com

encl.