GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
   osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
   klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
   mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
   dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
   jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN MATERIALS IN SUPPORT OF FACEBOOK, INC., GIBSON, DUNN & CRUTCHER LLP, AND ORIN SNYDER'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS** |

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN MATERIALS IN SUPPORT OF FACEBOOK, INC., GIBSON, DUNN & CRUTCHER LLP, AND ORIN SNYDER'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO 3:18-MD-02843-VC

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Administrative Motion to File Under Seal Certain Materials in Support of Facebook, Inc., Gibson, Dunn & Crutcher LLP, and Orin Snyder's Supplemental Brief in Opposition to Plaintiffs' Motion for Sanctions ("Opposition").  For the reasons explained below, there is good cause to seal permanently this information and Facebook's request is narrowly tailored under the circumstances.

**I. Background**

On August 8, 2022, Plaintiffs filed their Supplemental Brief in Support of Sanctions, and three declarations and fifty-one exhibits in support.  Dkts. 984–88.  On August 22, 2022, Facebook filed temporarily under seal Facebook, Gibson, Dunn & Crutcher LLP, and Orin Snyder's Supplemental Brief in Opposition to Plaintiffs' Motion for Sanctions (the "Supplemental Opposition"), the declaration in support from Rosemarie T. Ring ("Ring Declaration"), the declaration in support from Heather L. Richardson ("Richardson Declaration"), the declaration in support from Austin Schwing ("Schwing Declaration"), and thirty-three exhibits (exhibits 48 through 82) in support.  Dkts. 998, 999. Pursuant to the Court's Order granting Facebook until August 26, 2022 to file its motion to permanently seal these materials, Dkt. 994, Facebook hereby submits its Administrative Motion to File Under Seal to permanently seal limited portions of the Supplemental Opposition, Exhibit 53 attached to the Ring Declaration, the Richardson Declaration, Exhibit 56 attached to the Richardson Declaration, and Exhibits 61, 63, 64, 66, 68–70, 73, and 82 to the Schwing Declaration.

Although attached to Plaintiffs' Administrative Motion, Facebook is not seeking to seal or redact any portion of the Ring Declaration (Dkt. 998-3), the Schwing Declaration (Dkt. 998-16), and Exs. 48–52, 54–55, 62, 65, 67, 71–72, 74–81 (Dkts. 998-4–8, -10–11, -18, -21, -23, -27–28, -30–37).[1]

**II. The Good Cause Standard Applies Because the Motion Is Unrelated to the Merits**

Courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored.  *Doe v. Walmart, Inc.*, 2019 WL 636362, at *1–2 (N.D. Cal. Feb. 11, 2019).  Here, the Supplemental Opposition, Declarations, and Exhibits are related to the discovery record, not the merits

---

[1] Exhibits 49 and 50 (Dkts. 998-5 and 998-6) have existing redactions to privileged communications between Gibson Dunn lawyers.

1

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN MATERIALS IN SUPPORT OF FACEBOOK, INC., GIBSON, DUNN & CRUTCHER LLP, AND ORIN SNYDER'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

of this action, so the good cause standard applies.

### III. There Is Good Cause for Facebook's Proposed Redactions and Sealing

Facebook asks the Court to permanently seal the following categories of information:

***(i) Confidential information that the Court previously found good cause to seal.*** Facebook asks the Court to seal the same portions of the following documents that the Court previously approved:

1. Ex. 63 at 3–4 (Dkt. 998-19); Dkt. 961-3 (filed with the same redactions); Dkt. 966 (granting motion to seal).

***(ii) Confidential information regarding Facebook's proprietary data systems and data storage and processing practices.*** As set forth in the Supplemental Stein Declaration and Amended Proposed Order, Facebook asks the Court to seal confidential information regarding details about the data systems that house specific data and how Facebook stores, tracks, preserves, deletes, and processes data. This information involves key components of Facebook's business that set it apart and ahead of its competitors and reveals confidential technical information about its data systems and proprietary methods for storing and processing data. Supplemental Stein Decl. ¶ 8. If this information were publicly disclosed, competitors could use it to improve their own methods for managing high volumes of user data or for tracking user data across data systems. *Id.* Courts routinely seal commercially sensitive information that "competitors would be able to take advantage of" and use unfairly if disclosed. *See, e.g.*, *Asetek Danmark A/S v. CMI USA, Inc.*, 2015 WL 4511036, at *2 (N.D. Cal. July 23, 2015). Additionally, hackers and other bad actors could use this information to better understand Facebook's data systems and target specific repositories of data, potentially harming both Facebook and its users. Supplemental Stein Decl. ¶ 8. The Court has previously found good cause to seal this type of information. *See, e.g.*, Dkt. 813 at 0026–29 (requesting sealing data system names); Dkt. 844 (granting motion to seal).

***(iii) Confidential information regarding Facebook's tool for responding to law-enforcement requests for user records.*** As set forth in the Supplemental Stein Declaration and Amended Proposed Order, Facebook asks the Court to seal confidential information regarding

2

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN MATERIALS IN SUPPORT OF FACEBOOK, INC., GIBSON, DUNN & CRUTCHER LLP, AND ORIN SNYDER'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Facebook's tool for responding to law-enforcement requests for user records, including the name of the tool, the types of data it contains, the delta between the data within the tool and DYI, and the format in which data from the tool is produced. Public disclosure of details about this tool would reveal confidential information regarding Facebook's internal operations that could be used by bad actors to attempt to circumvent and evade Facebook's enforcement strategies and current and future lawful governmental criminal investigations. Supplemental Stein Decl. ¶ 9. It also could provide confidential information to competitors about how Facebook tracks and stores data across its systems, to Facebook's competitive disadvantage. *Id.*

*(iv) Confidential and competitively sensitive information regarding Facebook's business programs, strategies, decisions, and partners.* Facebook asks the Court to seal confidential information, set forth in the Supplemental Stein Declaration and Amended Proposed Order, regarding Facebook's business programs, strategies, decisions, and partners, including confidential technical details of how Facebook develops and uses data to target advertisements to the most relevant users. Courts routinely seal documents which would reveal "confidential and competitively-sensitive information" and "confidential business strategies," as well as other "proprietary" information, that competitors could use to a party's competitive disadvantage. *See, e.g.*, *In re Lidoderm Antitrust Litig.*, 2016 WL 4191612, at * 26–27 (N.D. Cal. Aug. 9, 2016); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017). Courts also regularly seal information that would identify confidential business relationships or reveal the terms of such relationships. *See, e.g.*, *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 3642177, at *5 (S.D. Cal. Aug. 1, 2018). For these reasons, this Court has previously sealed similar information. *See, e.g.*, Dkt. 813-1 at 3440 (requesting sealing of the name of a business partner); Dkt. 844 (granting motion to seal); Dkt. 550 at 2–3; Dkt. 550-1 at 1 (requesting sealing of information that would give competitors insight into Facebook's strategy); Dkt. 638 (granting motion to seal); Dkt. 812 at 3–4 (explaining harm to Facebook from public disclosure of the details of Facebook's targeted advertising); Dkt. 844 (granting motion to seal such information). Public disclosure of this information could allow Facebook's competitors to copy its strategies, or use the

3

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN MATERIALS IN SUPPORT OF FACEBOOK, INC., GIBSON, DUNN & CRUTCHER LLP, AND ORIN SNYDER'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

ideas developed by Facebook at its own expense to Facebook's competitive disadvantage. Supplemental Stein Decl. ¶ 10. Public disclosure also could harm Facebook's relationships with its business partners by disclosing their identities and confidential negotiations with Facebook. *Id.* It also could undercut Facebook's ability to negotiate with these entities' competitors. *Id.* Finally, Facebook's ability to serve advertisements to the users who find them most relevant is an essential aspect of its business, and if publicly disclosed, this information could allow Facebook's competitors to improve their service of advertisements and cause Facebook competitive harm. *Id*.

(v) ***Confidential information regarding Facebook's privacy and platform policy enforcement practices.*** Facebook asks the Court to seal confidential information, set forth in the Supplemental Stein Declaration and Amended Proposed Order, regarding Facebook's privacy and platform enforcement practices. Disclosure of information about Facebook's decision-making process for evaluating apps and developers that may be violating its policies would reveal confidential details of Facebook's internal business operations. Supplemental Stein Decl. ¶ 11. If this information were revealed, bad actors could use it to attempt to circumvent and evade Facebook's enforcement strategies, potentially harming both Facebook and its users. *Id.* The Court has previously sealed similar information for the same reasons. *See, e.g.*, Dkt. 812 (requesting sealing of similar information); Dkt. 844 (granting motion to seal).

(vi) ***Confidential information regarding Facebook's ADI documents and references thereto.*** Facebook asks the Court to seal confidential information, set forth in the Supplemental Stein Declaration and Amended Proposed Order, regarding ADI documents and references thereto. The Court previously found good cause to seal in full similar ADI materials. *See, e.g.*, Dkt. 804-3 at ECF p. 544–79 (fully sealed investigative report); Dkt. 838 (granting motion to seal). Facebook requests that the Court seal similar ADI documents (and references thereto) for the same reasons, including those reasons articulated in Alexander H. Southwell's declaration evidencing the basis for sealing ADI-related documents. Dkt. 804-2; *see also* Dkt. 804 (explaining rationale for sealing ADI investigative reports and ADI-related information).

4

Facebook, Inc.'s Administrative Motion to File Under Seal Certain Materials in Support of Facebook, Inc., Gibson, Dunn & Crutcher LLP, and Orin Snyder's Supplemental Brief in Opposition to Plaintiffs' Motion for Sanctions
Case No 3:18-md-02843-VC

Gibson, Dunn & Crutcher LLP

### IV. The Proposed Redactions Are Narrowly Tailored

Facebook's proposed redactions are narrowly tailored because the redactions are limited to the narrow and limited categories of confidential and proprietary information set forth above. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2013) (granting sealing requests that were "narrowly tailored to protect . . . proprietary information").

\*   \*   \*

For these reasons, Facebook respectfully requests that the Court permanently seal the confidential information contained in certain materials in the Opposition and supporting materials.

Gibson, Dunn & Crutcher LLP

5

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN MATERIALS IN SUPPORT OF FACEBOOK, INC., GIBSON, DUNN & CRUTCHER LLP, AND ORIN SNYDER'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO 3:18-MD-02843-VC

Dated: August 26, 2022

**GIBSON, DUNN & CRUTCHER, LLP**

By: /s/ *Deborah Stein*
　　Deborah Stein

Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

*Attorneys for Defendant Facebook, Inc.*

6

FACEBOOK, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN MATERIALS IN SUPPORT OF FACEBOOK, INC., GIBSON, DUNN & CRUTCHER LLP, AND ORIN SNYDER'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO 3:18-MD-02843-VC