# Exhibit 4

**Redacted Version of the Declaration of Heather L. Richardson in Support of Facebook, Inc., Gibson, Dunn & Crutcher LLP, and Orin Snyder's Supplemental Opposition to Plaintiffs' Motion for Sanctions to Be Filed Under Seal**

GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
   osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
   klinsley@gibsondunn.com4
Rosemarie T. Ring (SBN 220769)
   rring@gibsondunn.com
Martie Kutscher (SBN 302650)
   mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
   dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
   jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF HEATHER L. RICHARDSON IN SUPPORT OF FACEBOOK, INC., GIBSON, DUNN & CRUTCHER LLP, AND ORIN SNYDER'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF HEATHER L. RICHARDSON
IN SUPPORT OF FACEBOOK'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC

I, Heather L. Richardson, hereby declare as follows:

1. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned case. I am a member in good standing of the State Bar of California. I submit this declaration in support of the Supplemental Opposition To Plaintiffs' Motion For Sanctions filed on behalf of Facebook, Inc.; Gibson, Dunn & Crutcher LLP; and Orin Snyder. I make this declaration based on my own knowledge, information contained in our case files, and discussions with my team, and I would testify to the matters stated herein under oath if called upon to do so.

### A. Named Plaintiff Data

2. I have reviewed all of the transcripts and submissions from the named plaintiff data proceedings before the Special Master, which took place from January 2022 through June 2022. Throughout those proceedings, the Special Master took oral testimony from six Facebook witnesses and Gibson Dunn provided fourteen written submissions. We submitted responses to approximately 50 technical questions and provided information about over 100 different data systems. We also provided detailed technical information about Facebook's primary data systems (Hive and TAO), user identifiers, data query tools, and the ways in which third parties can access user data and through which systems. We provided a submission in which we identified more than 11,000 Hive tables, and we provided information about the contents of those tables. We produced Facebook's contracts with certain third parties. And we produced engineering documentation regarding Facebook's Download Your Information ("DYI") system and extensive details about DYI's contents.

3. Throughout the named plaintiff data proceedings before the Special Master, we explained and submitted evidence that third parties access individually identifiable user data through an industry-standard tool, called application programming interfaces ("APIs"). *See* Dkt. 981-4 at 324-25 (.pdf pagination); *id.* at 458 (128:24-25) ("All access was through the API."); *id.* at 466 (136:7-8) ("I don't know of any ways for partners to get [individually identifiable user] data outside of the API."); Dkt. 780-1 at 0050-51 ¶¶ 3-4 ("Facebook makes individualized data about Facebook users available to third parties—including app developers and partners—through application

1

DECLARATION OF HEATHER L. RICHARDSON
IN SUPPORT OF FACEBOOK'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

1 programming interfaces ('APIs')."). We also provided Plaintiffs information from Facebook about APIs, including identifying the specific systems from which those APIs can and cannot pull data. *See* Dkt. 981-4 at 549-50 (.pdf pagination); Dkt. 780-1 at 0050-51 ¶¶ 3-4 ("Facebook makes individualized data about Facebook users available to third parties—including app developers and partners—through application programming interfaces ('APIs'). These APIs pull data exclusively from Facebook's Social Graph.").

4. Attached as **Exhibit 56** are relevant excerpts of the August 8, 2022 30(b)(6) deposition testimony of Harrison Fisk. At Mr. Fisk's 30(b)(6) deposition, Plaintiffs asked whether third parties could access various data systems and tools in which they have expressed interest, including Hive, and Mr. Fisk confirmed that third parties cannot directly access these systems and tools. *See* Ex. 56 at 95:21-97:2; 185:4-1; 198:5-17. Mr. Fisk specifically testified that "Graph API cannot possibly access Hive. It's both a – a policy. But also a technical infeasibility for Graph API to access any sort of Hive data in the process . . . [t]here's no interaction between Graph API accessing data and Hive." *Id.* 185:4-13.

5. On July 25, 2022, after Plaintiffs raised a concern about which tables preserved in Hive in connection with this case contain named plaintiff data, on July 25, 2022 we provided Plaintiffs with details about the contents of each preserved table containing identifiable user data.

6. We also agreed to produce snapshots Facebook preserved through a system called ▬▬▬▬ in connection with this case and did so on August 1, 2022. We produced two snapshots for each of the named plaintiffs' accounts taken at different points in time.

7. At my direction, members of my team compared the contents of the DYI and ▬▬▬▬ snapshots produced in this action. The categories of data about the named plaintiffs in the ▬▬▬▬ snapshots are largely a subset of the data categories about the named plaintiffs in the DYI snapshots. For a handful of data categories, we did not locate the same category in DYI, but I was able to locate the category on my own Facebook user account, such as my privacy settings and users I blocked.

DECLARATION OF HEATHER L. RICHARDSON
IN SUPPORT OF FACEBOOK'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

8. In certain instances, the DYI snapshots and ▮▮▮▮ snapshots we produced present information about the same categories of information in different ways. For example, the following two screenshots contain information about cookies from ▮▮▮▮ and DYI.

**Information from DYI**

■■■■■■■■■■■■■■■■■■■■■■■■

**Information from ▮▮▮▮**

■■■■■■■■■■■■■■■■■■■■■■■■

3
DECLARATION OF HEATHER L. RICHARDSON
IN SUPPORT OF FACEBOOK'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn &
Crutcher LLP

9. Unlike the DYI snapshots we produced, the ▮▮▮▮ snapshots contain data about other users. For instance, the ▮▮▮▮ snapshots we produced include users who have blocked the named plaintiff and other users who have logged in from the same device. To protect other users' privacy, when we produced the ▮▮▮▮ snapshots to Plaintiffs, we redacted information about the Facebook users who blocked the named plaintiffs and the names of other Facebook users who logged in from the same devices. Plaintiffs have not objected to those redactions.

10. The ▮▮▮▮ snapshots we produced also include snapshots of Facebook Groups, Facebook Business Pages, and Facebook Advertising Accounts. The DYI snapshots we produced include data about the named plaintiffs' activities in Business Pages and Groups. I reviewed snapshots for Facebook Groups, Facebook Business Pages, and Facebook advertising accounts. In contrast with the DYI snapshots we produced, these ▮▮▮▮ snapshots show the activities of other Facebook users on those groups, pages, and accounts (not just the named plaintiffs).

11. Plaintiffs requested *all* data for the named plaintiffs' accounts that Facebook preserved in ▮▮▮▮. Due to the volume of the data, we were not able to process some of the snapshots as single files and needed to break them into multiple files for production, which is why 106 documents were produced. Even then, several files are over 20,000 pages, and one is 45,000 pages. The DYI snapshots we produced include separate files for each category of data.

B. **Privilege Log**

12. We served a privilege log on March 17, 2022, which had 196,243 entries.

13. When Plaintiffs challenged certain categories on the privilege log, we voluntarily began a re-review of all of the entries on the log and served an amended log on June 24, 2022, as ordered. During this review, we prioritized re-reviewing documents Plaintiffs were most likely to use earlier than the June 24 deadline—including by prioritizing witnesses whose depositions had been scheduled and committing to complete the re-review and production of any de-designated documents for those witnesses before the depositions. My colleague Amanda Machin emailed Plaintiffs on May 12, 2022 offering to prioritize the re-review of any other categories of documents Plaintiffs would like expedited. Plaintiffs did not identify any categories beyond those we identified.

4
DECLARATION OF HEATHER L. RICHARDSON
IN SUPPORT OF FACEBOOK'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn &
Crutcher LLP

14. Our initial review and re-review of these materials was challenging, both due to the volume of the materials, time constraints, and because the custodians for the materials included many attorneys, making it difficult for reviewers to easily distinguish legal advice from business advice. Despite these challenges we met the Court's deadline.

15. We completed our production of all materials we de-designated from the log on July 5. I am not aware of any de-designated documents that have not been produced.

16. I am not aware of any depositions that would need to be re-opened based on recently de-designated documents. Plaintiffs elected to postpone fact depositions while Facebook re-reviewed its privilege log.

C. Quips

17. On August 5, 2022, three days before Plaintiffs filed their supplemental brief, Plaintiffs filed a motion before the Special Master seeking an order compelling Facebook to produce additional Quips and materials from other systems.

18. On August 18, 2022 the Special Master denied Plaintiffs' motion in full, "find[ing] that Facebook's collection and production of Quips" and the other materials at issue in their motion "was reasonable and proportional to the needs of the case."  A true and correct copy of this order is attached as **Exhibit 57.**

D. Documents

19. Attached as **Exhibit 58** is a true and correct copy of correspondence sent by my partner, Joshua S. Lipshutz, to Plaintiffs' counsel on September 6, 2018.

5
DECLARATION OF HEATHER L. RICHARDSON
IN SUPPORT OF FACEBOOK'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

| | |
|---|---|
| 1 DATED: August 22, 2022 | _Heather C. Richardson_ |
| | Heather C. Richardson |
| | |
| | GIBSON, DUNN & CRUTCHER LLP |
| | 333 South Grand Avenue |
| | Los Angeles, CA 90071-3197 |
| | Tel:     213-229-7000 |
| | Email   hrichardson@gibsondunn.com |
| | |
| | *Attorneys for Defendant Facebook Inc.* |

Gibson, Dunn & Crutcher LLP

6
DECLARATION OF HEATHER L. RICHARDSON
IN SUPPORT OF FACEBOOK'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC