# EXHIBIT 53-B
# Redacted Version of Document Sought to be Sealed

**Wallace, Brooke Myers**

| | |
|---|---|
| **From:** | Machin, Amanda C. |
| **Sent:** | Sunday, April 24, 2022 8:26 AM |
| **To:** | Cari Laufenberg |
| **Cc:** | Anne Davis; Ring, Rose; Richardson, Heather L.; Derek Loeser; Lesley Weaver; David Ko; Matt Melamed; *** Service-FB-CA_MDL |
| **Subject:** | RE: In re Facebook: Follow up re Mar 28 ADI Meet and Confer |

Cari,

We will respond separately regarding the custodian question. In the meantime, though, I wanted to confirm that we are running revised versions of plaintiffs' proposals M & Q. In the interests of avoiding unnecessary disputes, we are reverting to the originally proposed ███████ for Q. For M, we are adding "CA" and running: "Cambridge Analytica" w/10 (connect* or like or liken or similar* or next).

Amanda

**Amanda C. Machin**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Office +1 202.887.3705 • Cell + 1 773.330.3792
AMachin@gibsondunn.com • www.gibsondunn.com

---

**From:** Machin, Amanda C.
**Sent:** Wednesday, April 20, 2022 8:25 PM
**To:** Cari Laufenberg <claufenberg@kellerrohrback.com>
**Cc:** Anne Davis <adavis@bfalaw.com>; Ring, Rose <RRing@gibsondunn.com>; Richardson, Heather L. <HRichardson@gibsondunn.com>; Derek Loeser <dloeser@kellerrohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; David Ko <dko@kellerrohrback.com>; Matt Melamed <mmelamed@bfalaw.com>; *** Service-FB-CA_MDL <Service-FB-CA_MDL@gibsondunn.com>
**Subject:** Re: In re Facebook: Follow up re Mar 28 ADI Meet and Confer

Thank you, Cari. We will review and revert.

Amanda C. Machin

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Office +1 202.887.3705 • Cell +1 773-330-3792 • Fax +1 202.530.4244
AMachin@gibsondunn.com • www.gibsondunn.com

1

On Apr 20, 2022, at 8:24 PM, Cari Laufenberg <claufenberg@kellerrohrback.com> wrote:

**[WARNING: External Email]**
Amanda and team,

Thank you for providing a spreadsheet of Facebook's intended search terms and custodians. We write to address some of the specific proposals regarding the search that you have communicated over the past few days.

1. Regarding the proposed search string for Cambridge Analytica, as we indicated previously, Cambridge Analytica is commonly referred to as "CA" in many of the documents including those we provided as examples. We think this should be included as an alternative to "Cambridge Analytica."

2. With regard to the search string proposed for ▮▮▮▮▮▮▮," we believe this is likely overly restrictive and is likely to have a high richness score as a standalone term: ▮▮▮▮▮▮

3. We are perplexed by Facebook's determination that it should not perform a search of the data scientist and engineer custodians which Facebook previously proposed be included, based on one engineer's deposition testimony. Particularly perplexing is that Facebook has attributed one engineer's testimony to data scientists as well. Mr. Zarashaw testified he was "working on the ad side of the world" at the time of the email about which he was responding. Tr. 315: 24-25. This does not appear to be the case for Matt Sack who worked in 2018 on "options for changes to the platform in the wake of the CA escalation…" *See* FB-CA-MDL-01143538; *see also* FB-CA-MDL-01151496, FB-CA-MDL-01153455 (describing Matt Sack as a member of a DevOps team working on API enforcement in the wake of Cambridge Analytica). It appears Art Beatte, Brad Hill and Drew Lackman also worked on API enforcement projects as part of FB's "CA response." *See, e.g.* FB-CA-MDL-00328999, FB-CA-MDL-01671729, FB-CA-MDL-01792860 (citing to a post by Mr. Hill referencing changes made to protect user privacy at https://developers.facebook.com/blog/post/2018/05/01/facebook-login-updates-further-protect-privacy/ post Cambridge Analytica); FB-CA-MDL-00317088 (referencing "Project Denzel"); FB-CA-MDL-01152648 (referencing "Cambridge Analytica update"). Furthermore, Facebook has previously recognized the relevance of data scientists and engineers to the ADI process. In connection with the logging exercise for the six exemplar apps, Plaintiffs requested that custodians from these groups be included on the custodial list. Facebook claimed that these individuals would be specific to the apps investigated, and as such would be identified and included in the log after documents were reviewed for the 26 custodians.

Plaintiffs are available to discuss these points if need be.

Thank you,
Cari

---

**From:** Machin, Amanda C. <AMachin@gibsondunn.com>
**Sent:** Tuesday, April 19, 2022 9:32 PM
**To:** Cari Laufenberg <claufenberg@KellerRohrback.com>; Anne Davis <adavis@bfalaw.com>; Ring, Rose <RRing@gibsondunn.com>; Richardson, Heather L. <HRichardson@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; David Ko <dko@KellerRohrback.com>; Matt Melamed <mmelamed@bfalaw.com>; *** Service-FB-CA_MDL <Service-FB-CA_MDL@gibsondunn.com>
**Subject:** RE: In re Facebook: Follow up re Mar 28 ADI Meet and Confer

Cari and team,

On our call today, we discussed plaintiffs' questions about which terms would be applied to which custodians. Attached is a workbook that reflects that information. The terms in red are the ones added in response to plaintiffs' requests.

Please let us know if you have any questions.

Thanks,
Amanda


**Amanda C. Machin**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Office +1 202.887.3705 • Cell + 1 773.330.3792
AMachin@gibsondunn.com • www.gibsondunn.com

---

**From:** Machin, Amanda C.
**Sent:** Tuesday, April 19, 2022 2:50 AM
**To:** Cari Laufenberg <claufenberg@KellerRohrback.com>; Anne Davis <adavis@bfalaw.com>; Ring, Rose <RRing@gibsondunn.com>; Richardson, Heather L. <HRichardson@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; David Ko <dko@KellerRohrback.com>; Matt Melamed <mmelamed@bfalaw.com>; *** Service-FB-CA_MDL <Service-FB-CA_MDL@gibsondunn.com>
**Subject:** RE: In re Facebook: Follow up re Mar 28 ADI Meet and Confer

Cari and team,

We are writing to follow up on two items, as promised:

1. **Search terms**: Plaintiffs proposed "Cambridge Analytica" and "Kogan" as stand-alone search terms. As discussed on our call, Facebook's position is that these search terms are plainly not targeting ADI-related documents. Lesley expressed concern about ensuring that we capture any documents where apps are compared to "Cambridge Analytica" or "Kogan." Without accepting the premise of that request, we are willing to run the following searches directed to documents of that nature:

    "Cambridge Analytica" w/10 (connect* or like or liken or similar* or next)
    Kogan w/10 (connect* or like or liken or similar* or next)

2. **Data Scientists**: Plaintiffs requested that we apply search terms not only to the 26 ADI custodians and the 25 exemplar custodians, but also to certain data scientists: 1) Art Beatte, (2) Brad Hill, (3) Drew Lackman, (4) Matt Sack, and (5) Eugene Zarakhovsky. As noted in our prior correspondence and our discussion last week, we do not believe that is necessary for many reasons, including that in the prior sampling exercise, those custodians had no documents that were not already in the review set. You asked for more reason to believe that these custodians would not have unique documents; we point you to the deposition transcript of Eugene Zarashaw (formerly known as Eugene Zarakhovsky); he described ADI as "well outside [his] purview." Tr. 315:22-25. We are happy to discuss further, in the context of our discussions about any additional searches after 4/27 (e.g., regarding non-ADI investigations).

3

Separately, we wanted to address the issue of the additional app name/ID numbers that we sent last week (with modifications), which come from a list of apps that were looked into internally. Based on review to date, we believe that to the extent ADI-related documents exist that hit on those terms, they would be in the ADI custodians' documents. We are seeing a high volume of mishits on the non-ADI custodians' documents and thus intend to continue review of hits on these terms only in the ADI custodians' documents.

We are happy to discuss tomorrow.

**Amanda C. Machin**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Office +1 202.887.3705 • Cell + 1 773.330.3792
AMachin@gibsondunn.com • www.gibsondunn.com

---

**From:** Machin, Amanda C.
**Sent:** Friday, April 15, 2022 11:17 PM
**To:** Cari Laufenberg <claufenberg@KellerRohrback.com>; Anne Davis <adavis@bfalaw.com>; Ring, Rose <RRing@gibsondunn.com>; Richardson, Heather L. <HRichardson@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; David Ko <dko@KellerRohrback.com>; Matt Melamed <mmelamed@bfalaw.com>; *** Service-FB-CA_MDL <Service-FB-CA_MDL@gibsondunn.com>
**Subject:** RE: In re Facebook: Follow up re Mar 28 ADI Meet and Confer

Cari and team,

We wanted to follow up on the term ▮▮▮▮▮▮▮▮ today, as promised. We continue to disagree that it is an appropriate search term for targeting ADI-documents, but we hear your concern (shared by Lesley on our call) that documents talking about what you term the "transition" could talk about both ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Without opining on whether or not that is in fact the case, we accordingly propose this more tailored search string: "▮▮▮▮▮▮▮ w/25 (transition* or setup or creat* or design*).

Also, we appreciate you sharing the documents that informed your position on the term "Cambridge Analytica." As agreed, we will provide our position on that term, the term "Kogan," and the inclusion of data scientists as custodians on Monday. In the meantime, however, we wanted to advise that one of the documents was inadvertently produced and is privileged. The details are set forth in the attached claw-back notice.

Amanda

**Amanda C. Machin**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

4

1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Office +1 202.887.3705 • Cell + 1 773.330.3792
AMachin@gibsondunn.com • www.gibsondunn.com

**From:** Machin, Amanda C.
**Sent:** Thursday, April 14, 2022 12:34 AM
**To:** Cari Laufenberg <claufenberg@KellerRohrback.com>; Anne Davis <adavis@bfalaw.com>; Ring, Rose <RRing@gibsondunn.com>; Richardson, Heather L. <HRichardson@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; David Ko <dko@KellerRohrback.com>; Matt Melamed <mmelamed@bfalaw.com>; *** Service-FB-CA_MDL <Service-FB-CA_MDL@gibsondunn.com>
**Subject:** RE: In re Facebook: Follow up re Mar 28 ADI Meet and Confer

Cari,

As a follow-up, attached is an updated list of the additional app name/ID terms from my Tuesday night email. Even when we removed "like" and "likes" as search terms, the full list of app names and IDs hit on a total of 7,757,753 documents in a searchable set of 16,553,409 documents. That the terms hit on nearly half of all documents in the searchable set underscores their overbreadth. We continue to propose using the app IDs for all of the identified apps as search terms. However, we have proposed modifications to the app name terms. The primary culprits are terms that are also ordinary words or phrases (or in one case, just a number), which we propose omitting:



There are other terms that we propose replacing rather than eliminating (for example, "▇▇▇▇▇" is the name of an app and, unsurprisingly has a large volume of false hits; we have proposed ▇▇▇▇▇▇▇▇▇).

Let us know if you have any questions about this set of terms. All changes since my Tuesday night email are in red font for ease of identification.

Amanda

Amanda C. Machin
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Office +1 202.887.3705 • Cell + 1 773.330.3792
AMachin@gibsondunn.com • www.gibsondunn.com

---

**From:** Machin, Amanda C.
**Sent:** Wednesday, April 13, 2022 11:16 PM
**To:** Cari Laufenberg <claufenberg@KellerRohrback.com>; Anne Davis <adavis@bfalaw.com>; Ring, Rose <RRing@gibsondunn.com>; Richardson, Heather L. <HRichardson@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; David Ko <dko@KellerRohrback.com>; Matt Melamed <mmelamed@bfalaw.com>; *** Service-FB-CA_MDL <Service-FB-CA_MDL@gibsondunn.com>
**Subject:** RE: In re Facebook: Follow up re Mar 28 ADI Meet and Confer

Thank you, Cari. As discussed on our last call, it would be enormously helpful if you could identify by Bates number any documents that you believe support your request for including "Cambridge Analytica" and "Kogan" as stand-alone search terms. We want to ensure that we are including any search terms that are likely to yield ADI-related documents, but again, believe these terms are too broad.

I am eagerly awaiting an updated STR for the additional app names to see if we've resolved the issue and still expect to send an update on that front tonight. None of that changes our perspective regarding the search terms plaintiffs proposed, but we remain open to considering the terms to which we objected and we are eager to resolve any remaining disputes between the parties about those terms as swiftly and reasonably as possible. From your email, I take it you understand our objections to terms K, L, and P, and that the remaining disputes relate to M, N, O, and Q. With respect to your concern regarding term O, I believe that the use of the additional app names and IDs, as well as the terms we proposed (e.g., "ADI") will capture the ADI-related documents from DevOps. Your email does not address the issue identified with the search term hitting on signature blocks, so I would appreciate further feedback there.

We will provide a further update this week as requested. With respect to the data scientists, my colleague Martie Kutscher Clark explained in a January 5, 2021 email that, "we identified 5 data scientists and/or engineers during our review of the materials collected from the 26 agreed-upon custodians. We ran the names of the 6 apps used for the ADI sampling exercise and those apps' ID numbers on those employees' files and did not locate responsive documents that were not already in our review set. The names of these data scientists/engineers appear on our privilege log, but for clarity they are (1) Art Beatte, (2) Brad Hill, (3) Drew Lackman, (4) Matt Sack, and (5) Eugene Zarakhovsky." Accordingly, we do not understand the basis for requesting that we add them as custodians but are happy to meet and confer about this.

Amanda

Amanda C. Machin
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306

6

Office +1 202.887.3705 • Cell + 1 773.330.3792
AMachin@gibsondunn.com • www.gibsondunn.com

---

**From:** Cari Laufenberg <claufenberg@KellerRohrback.com>
**Sent:** Wednesday, April 13, 2022 10:59 PM
**To:** Machin, Amanda C. <AMachin@gibsondunn.com>; Anne Davis <adavis@bfalaw.com>; Ring, Rose <RRing@gibsondunn.com>; Richardson, Heather L. <HRichardson@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; David Ko <dko@KellerRohrback.com>; Matt Melamed <mmelamed@bfalaw.com>; *** Service-FB-CA_MDL <Service-FB-CA_MDL@gibsondunn.com>
**Subject:** RE: In re Facebook: Follow up re Mar 28 ADI Meet and Confer

**[WARNING: External Email]**

Amanda,

We appreciate the update on Facebook's process. Please let us know when you have arrived at a final set of terms covering ADI.  Given the production deadline of April 27th for all ADI documents, we hope that you finalize the term set soon, and we expect that it will cover the concepts we identified on April 6th. As we discussed on Monday, Plaintiffs think each of the concepts identified are critical. To be clear, we expect that Facebook will include terms that capture DevOps ongoing effort to investigate apps after ADI was completed, which according to representations by counsel, ended in March 2021.  We understand that [REDACTED] and believe any search of the MDL custodians through the present would be incomplete if this term (and any other terms relevant to [REDACTED]) are not included. Similarly, terms relating to the Cambridge Analytica scandal, such as Cambridge Analytica and Kogan, should be included.  Review of the documents produced so far show that Facebook employees involved in ADI frequently referenced both Cambridge Analytica and Kogan when discussing ADI.  Plaintiffs also note that any coverage provided by custodial search terms relating to Kogan and Cambridge Analytica is not sufficient, as the ADI custodians have not been searched with the custodial terms.  As the parties also discussed, the search should include documents through the present to the extent they relate to ADI, regardless of when the ADI program Facebook is referring to may have ceased in March, 2021.


Regarding the ADI custodians, Plaintiffs were able to track down the identity of the data scientists and engineers Facebook included in its review of ADI documents in connection with the sampling/logging exercise.  They are: (1) Art Beatte, (2) Brad Hill, (3) Drew Lackman, (4) Matt Sack, and (5) Eugene Zarakhovsky. When you provide written confirmation regarding the custodians, time period, and data sources for Facebook's ADI production, please confirm that Facebook has included the custodial files for these five individuals in its ADI review. We understand that your written confirmation is forthcoming this week.

Regards,
Cari

**From:** Machin, Amanda C. <AMachin@gibsondunn.com>
**Sent:** Wednesday, April 13, 2022 7:56 AM
**To:** Cari Laufenberg <claufenberg@KellerRohrback.com>; Anne Davis <adavis@bfalaw.com>; Ring, Rose <RRing@gibsondunn.com>; Richardson, Heather L. <HRichardson@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; David Ko <dko@KellerRohrback.com>; Matt Melamed <mmelamed@bfalaw.com>; *** Service-FB-CA_MDL <Service-FB-CA_MDL@gibsondunn.com>
**Subject:** RE: In re Facebook: Follow up re Mar 28 ADI Meet and Confer

Cari and team,

We have run an additional STR of the additional app names/IDs that were attached to my email last night.  In so doing, we've learned it was overly optimistic to think that ▮▮▮▮▮▮▮▮▮ were the only problematic terms.  We have also seen large volumes of hits on a number on such generic terms as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  We are evaluating further refinement possibilities and will provide an update later today, but wanted to give you a heads up.

Amanda


**Amanda C. Machin**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Office +1 202.887.3705 • Cell + 1 773.330.3792
AMachin@gibsondunn.com • www.gibsondunn.com


**From:** Machin, Amanda C.
**Sent:** Wednesday, April 13, 2022 2:12 AM
**To:** Cari Laufenberg <claufenberg@KellerRohrback.com>; Anne Davis <adavis@bfalaw.com>; Ring, Rose <RRing@gibsondunn.com>; Richardson, Heather L. <HRichardson@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; David Ko <dko@KellerRohrback.com>; Matt Melamed <mmelamed@bfalaw.com>; *** Service-FB-CA_MDL <Service-FB-CA_MDL@gibsondunn.com>
**Subject:** RE: In re Facebook: Follow up re Mar 28 ADI Meet and Confer

Cari,

Thank you for the call today and our initial discussion of plaintiffs' proposed additional search terms.  Of course, as Rose has noted separately, we disagree with your characterization below, and we will respond separately to clarify the record there.  But to focus on the plan going forward for now, our position on your proposed search terms is as follows.

We agree to run the following terms.  We note that in the event that the additional collections generate an unexpected volume of hits for any of these terms, we may circle back to address that with you, but we are optimistic that will not happen.  By agreeing to run any of these terms for the purposes of the additional ADI collection and review, we do not intend to concede that all of these terms are ADI-specific.  ▮▮▮▮▮▮▮▮▮▮▮▮▮ for example, is not ADI-specific, but as a compromise, we are agreeing to run it for this exercise anyway:



8

We do not agree to run the following terms and would like to discuss further if needed:
- K. ███
  ███
- L. ███
  ███
- M. "Cambridge Analytica"
    a. We object to this term because it is not targeting documents specific to ADI, and the search terms for non-ADI issues have been negotiated at length by the parties.
    b. We agreed to provide more information on this issue and will do so tomorrow, as discussed.
    c. You mentioned that your primary goal was to capture discussions of apps being like Cambridge Analytica. We believe that those documents, to the extent they existed, would be captured by other search terms. But we are open to proposals for additional terms, with proximity connectors, to address your concern.
- N. "Kogan"
    a. Our position here is the same as for "Cambridge Analytica."
- O. ███
    a. This is hitting on people's signature blocks as well.
    b. This furthermore does not target ADI, as opposed to other kinds of investigations.
- P. ███
    a. This is not specific to ADI and we believe is likely to unnecessarily increase the volume of privileged materials reviewed.
- Q. ███"
    a. ███

In addition, as discussed, we are adding more app names and IDs to the mix. The additional set of app names and IDs are attached. The only one that is giving us too much trouble so far is, as flagged by phone, "███ For that app, we will search the ███ Even on the already-processed population, that term ███ for obvious reasons, generating an enormous volume of hits (703K documents across the 81 MDL custodians, 2M with families).

Amanda


**Amanda C. Machin**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Office +1 202.887.3705 • Cell + 1 773.330.3792
AMachin@gibsondunn.com • www.gibsondunn.com

---

**From:** Cari Laufenberg <claufenberg@KellerRohrback.com>
**Sent:** Wednesday, April 6, 2022 1:16 AM
**To:** Machin, Amanda C. <AMachin@gibsondunn.com>; Anne Davis <adavis@bfalaw.com>; Ring, Rose

<RRing@gibsondunn.com>; Richardson, Heather L. <HRichardson@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; David Ko <dko@KellerRohrback.com>; Matt Melamed <mmelamed@bfalaw.com>
**Subject:** RE: In re Facebook: Follow up re Mar 28 ADI Meet and Confer

[WARNING: External Email]

Counsel,

Thank you for sending these proposed terms.  As we have discussed, we were surprised to learn that Facebook's previous ADI production did not employ any search terms other than app names and ids. While it is welcome news that Facebook is now endeavoring to conduct a more appropriate search based on additional search terms, the terms that Facebook has proposed still appear to be inadequate. It is Facebook's responsibility to make a good faith effort to craft effective search terms that are proven to hit on relevant documents.  We suggest that Facebook add (at least) the following additional concepts as well:



Additionally, we appreciate your providing today the app names and app ids Facebook previously applied as search terms.  Please explain how these app names and ids were identified and selected.

In the parties' conversation about search terms today, Ms. Ring explained that Facebook previously ran its app name and id search on the culled set of MDL custodial documents that had been collected using the MDL search terms. Thus, the app name and id search was not run against the full custodial file of the MDL custodians. This is the second major problem with the prior search. To correct this, and to confirm our discussion today, Plaintiffs requested that Facebook search all MDL and all ADI custodians using appropriate and effective terms for the time period to the present, searching the original custodial files that contain the complete ESI collection.  Plaintiffs have not yet received an update as to the identity of the data scientist/engineers whose files Facebook agreed to search in connection with the ADI sampling exercise, but Plaintiffs continue to believe that the custodial files of those individuals should be included in Facebook's search. Plaintiffs also requested confirmation that Facebook is searching relevant sources, such as Quips, Tasks and any other data source that may contain ADI documents.  If Facebook does not agree to this request, please let us know immediately so that we can seek a speedy resolution, which will enable Facebook to complete this search and production in keeping with Judge Chhabria's order.

Thank you,
Cari

**From:** Machin, Amanda C. <AMachin@gibsondunn.com>
**Sent:** Monday, April 4, 2022 8:40 PM
**To:** Anne Davis <adavis@bfalaw.com>; Ring, Rose <RRing@gibsondunn.com>; Richardson, Heather L. <HRichardson@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@KellerRohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; David Ko <dko@KellerRohrback.com>; Cari Laufenberg <claufenberg@KellerRohrback.com>; Matt Melamed <mmelamed@bfalaw.com>
**Subject:** RE: In re Facebook: Follow up re Mar 28 ADI Meet and Confer

Anne,

I understand that on a call with Rose on Friday, the topic of additional search terms related to ADI came up.  Below are the search terms we propose using.  We will circle back on your remaining questions this week.  We designate the below as highly confidential under the terms of the protective order.

1. "ADI" (as a whole word, rather than ADI*, which would capture any word beginning with those letters)

2. "app developer investigation"

3. 

**Amanda C. Machin**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Office +1 202.887.3705 • Cell + 1 773.330.3792
AMachin@gibsondunn.com • www.gibsondunn.com

---

**From:** Machin, Amanda C.
**Sent:** Thursday, March 31, 2022 5:46 PM
**To:** Anne Davis <adavis@bfalaw.com>; Ring, Rose <RRing@gibsondunn.com>; Richardson, Heather L. <HRichardson@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@kellerrohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; David Ko

11

<dko@kellerrohrback.com>; Cari Laufenberg <claufenberg@kellerrohrback.com>; Matthew Melamed <mmelamed@bfalaw.com>
**Subject:** RE: In re Facebook: Follow up re Mar 28 ADI Meet and Confer

Anne,

We are looking into the issues we discussed, as well as the new issues raised in your email. We will update you as to our timing on responses to these issues by Monday.

Thanks,
Amanda

**Amanda C. Machin**
Of Counsel

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W., Washington, DC 20036-5306
Office +1 202.887.3705 • Cell + 1 773.330.3792
AMachin@gibsondunn.com • www.gibsondunn.com

---

**From:** Anne Davis <adavis@bfalaw.com>
**Sent:** Wednesday, March 30, 2022 11:16 PM
**To:** Ring, Rose <RRing@gibsondunn.com>; Machin, Amanda C. <AMachin@gibsondunn.com>; Richardson, Heather L. <HRichardson@gibsondunn.com>
**Cc:** Derek Loeser <dloeser@kellerrohrback.com>; Lesley Weaver <lweaver@bfalaw.com>; David Ko <dko@kellerrohrback.com>; Cari Laufenberg <claufenberg@kellerrohrback.com>; Matthew Melamed <mmelamed@bfalaw.com>
**Subject:** In re Facebook: Follow up re Mar 28 ADI Meet and Confer

**[WARNING: External Email]**

Good evening, Rose, Amanda, and Heather,

Thanks again for the helpful discussion on Monday. We write to close out on the open questions from that call, starting by providing the names of the MDL custodians (listed below) that Plaintiffs have identified as being involved in ADI. In light of Judge Chhabria's order today, Plaintiffs ask that their custodial files be included in Facebook's further collection of ADI documents through the present time. If you do not agree, please let us know why.

During Monday's call we discussed the scope of Facebook's ADI production, including whether Facebook included the custodial files of all of the MDL custodians in its review and production of ADI documents, and whether Facebook limited its search of the ADI custodians' files in any way (i.e., limiting its search to documents identified as part of the 2020 sampling/logging exercise). You agreed to look into these issues, and provide an update. Please get back to us on this by Monday (April 4).

Plaintiffs expect that Facebook's production 21 days from now (and no later than 28 days from now) will include:

1. All responsive documents touching all MDL custodians as well as the ADI custodians;
2. All documents relating to ADI, without limitation to documents previously identified as related to ADI in the course of Facebook's document review to-date;

12

3. The production will not be limited in any other fashion, including by documents previously identified with MDL search terms or only searching documents from the sampling/logging process.

Plaintiffs further expect that Facebook will be providing an amended privilege log generated in connection with the 2020 sampling/logging exercise on Friday April 1, along with the new ADI log. Please let us know if the parties are not in agreement on these issues.

In addition, as part of the logging exercise, Facebook agreed to "*ascertain from the documents collected for the agreed-upon custodians the names of any data scientists and engineers who worked on the ADI investigations related to the selected apps*" and to "*search for responsive documents from these custodians relating to the selected apps for inclusion on a privilege log*." Dkt. No. 513, Ex. A. Plaintiffs ask that Facebook identify those data scientists and engineers to Plaintiffs by name/title. Please also let us know whether the files of such data scientists and engineers were included in Facebook's review and production of ADI documents. If their files were not included in Facebook's review and production of ADI documents, please correct that oversight. If their files were included, please confirm their inclusion in Facebook's further collection of ADI documents.

Finally, per our letter of yesterday, there are troubling production issues and we have asked that Facebook provide by April 6 replacement load files.

If a call to discuss any of the above would be helpful, we can be available tomorrow at 1:00 pm. Let us know if that works or if there is a better time.

Thank you,

Anne

**MDL Custodians:**
Archibong, Ime
Bao, Luke
Bales, Liza
Berk, Mary
Conlan, Luke
Covington, Laura
Cross, Simon
Earhart, Amanda
Egan, Erin
Elia, Steven
Fedorov, Vladimir
Ginsberg, David
Greene, Chad
Harbath, Katie
Lee, Kristin
O'Neil, Eddie
Pan, Maya
Park, Kian
Sajjadi, Shirine
Sangani, Amit
Sherman, Rob
Silva, Eduardo
Stone, Andy
Varela, Francisco
Walker, Simon

13

Anne Davis
**BLEICHMAR FONTI & AULD LLP**
555 12th St., Suite 1600, Oakland, CA 94607
415.445.4016 | adavis@bfalaw.com

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.