# EXHIBIT 61-B
## Redacted Version of Document Sought to be Sealed

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Amanda M. Aycock
Direct: +1 212.351.2356
Fax: +1 212.351.6355
AAycock@gibsondunn.com

June 20, 2022

VIA ELECTRONIC MAIL

Lesley Weaver
Bleichmar Fonti & Auld LLP
555 12th Street
Suite 1600
Oakland, CA 94607

Cari Laufenberg
Derek W. Loeser
David Ko
Keller Rohrback LLP
1201 Third Avenue
Suite 3200
Seattle, WA 98101

Re:   *In re Facebook, Inc. Consumer Privacy User Profile Litigation* (N.D. Cal.), Case No. 3:18-md-02843-VC

Dear Counsel:

We write in response to Plaintiffs' request for additional testimony on two of Ms. Hendrix's designated 30(b)(6) Topics (Topics 2(d) and 3(c)) as related to the Application Developer Investigation ("ADI")). Ms. Hendrix provided testimony on June 3, 2022, at the end of which Plaintiffs' counsel indicated he had exhausted his questioning. It was not until June 14, 2022, that Plaintiffs alleged for the first time a supposed deficiency in her preparation. Plaintiffs are incorrect. As addressed below, Plaintiffs' request is based on a mischaracterization of testimony, contrary to the record, unduly delayed, and not justified under the law. Plaintiffs' belated regret, in hindsight, that they did not ask more or better questions about ADI does not warrant re-opening Ms. Hendrix's deposition yet again or any additional testimony. Facebook considers its obligations concerning Ms. Hendrix's designated 30(b)(6) topics complete.

Lesley Weaver
Cari Laufenberg
June 20, 2022
Page 2

### 1. Plaintiffs' request relies on a mischaracterization of testimony.

Plaintiffs' allegation that Ms. Hendrix was unprepared to testify about ADI and the results of the investigation is based on misrepresentations of the record. *See* E-mail from Cari Laufenberg to Gibson Dunn (June 14, 2022, 5:27 PM).

Ms. Hendrix had personal knowledge of and involvement with ADI as someone with detailed knowledge of how Facebook's policies applied to third-party apps. Her testimony shows that she was well prepared and gave substantive, well-informed testimony on her designated topics, including the process, scope, and results of ADI. *See, e.g.*, Hendrix June 3, 2022 30(b)(6) Tr. at 594:22-595:12; 611:20-612:14; 646:22-647:12; 648:13-649:14. For example, Ms. Hendrix testified about the framework for ADI, including that it was "a separate investigation carried out by the legal team, both in-house and outside counsel, coupled with [    ] and [    ] and involved a historical "look back to the apps that were in v1." *Id.* at 648:22-649:5. She also confirmed that the ADI team "would send RFIs" to certain apps that "had large amounts of access to user information . . . whether suspected or not," *id.* at 649:6-14, and explained that apps that "did not respond to these RFIs . . . would have been deleted," *id.* at 647:5-12. She further testified that "the ADI team did not surface . . . anything like the . . . Kogan Cambridge situation, like the sales of user data" in their investigation. *Id.* at 612:4-7; *see also id.* at 612:8-14.

Plaintiffs' belated attempt to attack the adequacy of Ms. Hendrix's preparation and testimony is undermined by the very portion of the transcript Plaintiffs cite to support it. *See* E-mail from Cari Laufenberg to Gibson Dunn (June 14, 2022, 5:27 PM) (citing Hendrix June 3, 2022 30(b)(6) Tr. at 594:16-21). Ms. Laufenberg claims that Ms. Hendrix testified that she "only had 'some understanding' of what the ADI revealed regarding 'third-party activity on the Facebook platform.'" *Id.* But, in that sentence, Ms. Hendrix actually made an affirmative statement that she *did* have "[s]ome understanding, *yes*" of the results of ADI (*see* Hendrix June 3, 2022 30(b)(6) Tr. at 594:21 (emphasis added))—an understanding that was reflected by the fact that she was prepared to and did answer such questions when asked. *See, e.g.*, Hendrix June 3, 2022 30(b)(6) Tr. at 646:22-647:12; 648:13-649:14.

The record also shows that where Mr. Ko's questions were unclear, or where Ms. Hendrix disagreed with the premise, she stated as much, providing Mr. Ko an opportunity to rephrase or dig further (which he did not do). *See, e.g., id.* at 594:11-12 ("I wouldn't characterize ADI that way."); *id.* at 648:3-6 ("I don't think I can answer the question the way you've worded it because . . . I don't agree with your word 'suspected' as what triggered the RFI."). Mr. Ko's own failure to rephrase, follow up, or press Ms. Hendrix's responses does not warrant reopening testimony on this topic. *See Google Inc. v. Am. Blind & Wallpaper*

GIBSON DUNN

Lesley Weaver
Cari Laufenberg
June 20, 2022
Page 3


*Factory, Inc.*, No. C 03-5340 JF (RS), 2006 WL 3290402, at *2 (N.D. Cal. Nov. 13, 2006) ("[The plaintiff's] choice not to follow up during the deposition on [the deponent's] assertion [an assertion that the plaintiff did not find credible] does not justify reopening the deposition now.").

To the extent Plaintiffs may point to the few questions to which Ms. Hendrix did not know the answer—for example, she did not know the precise number of apps suspended by Facebook for failing to respond to Requests for Information ("RFIs"), *see* June 3, 2022 30(b)(6) Tr. at 648:7-12—Mr. Ko failed to direct Ms. Hendrix to any specific ADI documents or communications,[1] attempt rephrasing, or pursue an estimate (by asking questions like, "over 100?", "over 1000?," etc.). 30(b)(6) depositions are not pop quizzes or memory tests. "Rule 30(b)(6) witnesses must be prepared and knowledgeable, but they need not be subjected to a memory contest." *Cannavan v. Cnty. of Ventura*, No. CV2010012FMOPVCX, 2021 WL 4945186, at *4 (C.D. Cal. July 16, 2021) (citation and quotation marks omitted). The standard for a 30(b)(6) deponent is reasonableness, not perfect knowledge. *See, e.g.*, *Power Integrations, Inc. v. ON Semiconductor Corp.*, No. 16-CV-06371-BLF(VKD), 2019 WL 2334119, at *2 (N.D. Cal. June 3, 2019) (agreeing in dicta that "no designee could reasonably be expected to testify about all of the circuits in the all of the accused . . . products"); *Crystal Lakes v. Bath & Body Works, LLC*, No. 2:16-CV-2989 MCE GGH, 2018 WL 10467489, at *2 (E.D. Cal. Aug. 15, 2018) ("Rule 30(b)(6) deponents are not expected to be clairvoyant or encyclopedic in their knowledge. . . . Reasonableness of pre-existing knowledge and/or preparation is the touchstone inquiry here."); *United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016) (noting that "a corporation must make a ***good faith*** effort to prepare a 30(b)(6) witness," and that it is "simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything" (emphasis added) (quotations omitted)). Ms. Hendrix has met that standard, and then some, through her ***more than 50 hours*** of preparation for her deposition testimony, and by providing thorough and thoughtful testimony on her designated topics throughout over fourteen hours of questioning.

---

[1] Plaintiffs have received via discovery hundreds of thousands of ADI documents and communications that they could have used to ground their questioning about ADI, but they chose not to use them. These documents include detailed descriptions of ADI's processes, as well as lists and information regarding apps suspended as a result of ADI.

Lesley Weaver
Cari Laufenberg
June 20, 2022
Page 4

**2. Plaintiffs' counsel raised no concerns regarding Ms. Hendrix's ADI testimony during the deposition, and in fact confirmed that questioning on ADI was complete.**

At no point during Ms. Hendrix's more than seven hours of testimony on June 3, 2022, did Mr. Ko state, on or off the record, that Plaintiffs intended to seek additional testimony on any of Ms. Hendrix's designated 30(b)(6) topics, let alone raise concerns about her ADI testimony. This is despite the fact that, as Special Master Garrie reminded the Parties in his June 16, 2022 e-mail to the Parties, "When these disputes [pertaining to the adequacy of deposition testimony or the failure to produce an appropriately prepared witness] arise, the objection should be noted during the deposition on the record. . . ." E-mail from Special Master Garrie to the Parties (June 16, 2022, 10:18 PM). Accordingly, if Plaintiffs had objections regarding the adequacy of Ms. Hendrix's preparation or testimony, they should have raised such concerns on the record during the deposition.

Instead, rather than object on the record to the adequacy of Ms. Hendrix's preparation and testimony concerning ADI, Plaintiffs *did just the opposite* and confirmed that they had completed all questioning related to ADI. After Mr. Hur asked Mr. Ko to confirm that his questioning on ADI was complete, Mr. Ko unequivocally stated on the record, "***That was the last question . . . with ADI. Yup***." Hendrix June 3, 2022 30(b)(6) Tr. at 650:18-651:2 (emphasis added). Mr. Ko did not object or put the Parties on notice at that time (or at any time) that Ms. Hendrix's responses regarding ADI were insufficient, or ask any further questions regarding ADI that he stated Ms. Hendrix was unprepared to answer.

Mr. Ko again confirmed, on the record, at the end of Ms. Hendrix's deposition that "***those are all the questions I have***." *Id*. at 661:19-20 (emphasis added). Prior to that, Mr. Ko repeatedly stated that his questions were almost done, and gave no indication of any intent to call back Ms. Hendrix, or any other witness, on Ms. Hendrix's designated topics. *See, e.g., id*. at 659:21-660:14 (stating, "[l]ast series of questions," "I just have a few more questions," "just a couple more, I promise."). Plaintiffs' failure to state on the record that they considered Ms. Hendrix's ADI testimony to be deficient and intended to call her or another witness back to testify on it is especially telling where Plaintiffs clearly have no trouble doing so, having made many such objections on the record at Ms. Hendrix's prior May 5, 2022 deposition. *See, e.g.*, Hendrix May 5, 2022 30(b)(6) Tr. at 274:21-275:6 ("I'm not going to ask any further questions and I am going to reserve the right to ask questions related to topics 1, topics 2b, 2d, topics 3 and portions of topic 6, to the appropriate Facebook witness that can answer these questions."); 281:10-22 ("So the record is clear, I, of course, do have a lot [of] further [questions]"); *see also id.* at 277:11-20, 287:4-18, 340:1-4.

GIBSON DUNN

Lesley Weaver
Cari Laufenberg
June 20, 2022
Page 5

Ms. Hendrix was prepared to testify on ADI, *despite* the fact that Plaintiffs only notified Facebook that they would question Ms. Hendrix regarding ADI *three days* before the re-do of her 30(b)(6) deposition.[2] Plaintiffs questioned her about ADI, she thoughtfully answered their questions, and then Plaintiffs dismissed her, even after Ms. Hendrix repeatedly stated on the record that she was ready and willing to continue to testify, and did in fact testify, beyond the seven hours required by the federal rules and the Amended Deposition Scheduling Protocol. *See* Hendrix June 3, 2022 30(b)(6) Tr. at 660:5-23.

3. **Plaintiffs unduly delayed in raising this purported issue.**

Plaintiffs failed to raise their concerns about Ms. Hendrix's 30(b)(6) testimony on ADI for nearly two weeks following Ms. Hendrix's June 3, 2022 deposition. Plaintiffs did not raise this request prior to or during the Parties' June 9, 2022 Case Management Conference before Judge Chhabria, during which Plaintiffs spent ample time on the record addressing both ADI *and* Ms. Hendrix's prior May 5, 2022 30(b)(6) deposition. Instead, in what can only be understood as an apparent and sudden shift in strategy or realization of a missed opportunity, Plaintiffs raised their request for additional testimony on ADI for the first time on June 14, leaving only two weeks in advance of the June 30, 2022 Court-ordered deadline for the Parties to: meet confer about the issue, resolve any remaining disputes in mediation before the Special Master, and, if necessary, prepare a witness for additional testimony and schedule and take another deposition. Plaintiffs provide no basis for their delay.

4. **Plaintiffs' regret that they did not ask more questions does not justify additional testimony.**

Plaintiffs' eleventh-hour revelation, apparently in hindsight, that they wish they had asked more or better questions regarding ADI does not warrant recalling a prior deponent or requesting a new one for more testimony. *See M.H. v. City of San Bernardino*, No. EDCV20242JGBKKX, 2020 WL 7247341, at *3, *6 (C.D. Cal. Nov. 10, 2020) (declining to reopen a deposition for general questioning on the grounds that the Plaintiff's counsel "unilaterally chose not to use the approximately one hour of [the defendant's] deposition that remained when the deposition terminated," rather than using that time to ask questions about the disputed issues (but reopening the deposition for a separate, limited purpose where the witness had been instructed not to testify)); *Crystal Lakes v. Bath & Body Works, LLC*, No. 2:16-CV-2989 MCE GGH, 2018 WL 10467489, at *3 (E.D. Cal. Aug. 15, 2018)

---

[2] *See* E-mail from Cari Laufenberg to Gibson Dunn (June 14, 2022, 5:27 PM) ("Plaintiffs also note that Topics 2(d) and Topic 3 relate to Facebook's App Developer Investigation. Plaintiffs expect Ms. Hendrix to be prepared to cover aspects of these topics as they relate to ADI." (quoting May 31, 2022 letter)).

Lesley Weaver
Cari Laufenberg
June 20, 2022
Page 6

("[D]epositions of subsidiary corporate defendant employees should not be permitted after a Rule 30(b)(6) deposition, at least when the further depositions would be otherwise precluded, simply because the deposing party is speculating about a smoking gun, or hopeful in getting some impeachment of the 'binding' corporate answer.").

Facebook worked cooperatively with Plaintiffs to promptly and fully address the Plaintiffs' concerns with Ms. Hendrix's first 30(b)(6) deposition, presenting Ms. Hendrix for a full, repeat deposition on all topics. Indeed, at the end of Ms. Hendrix's second deposition, Special Master Garrie complimented counsel on the record on their "zealous but diligent . . . advocacy and professionalism." Hendrix June 3, 2022 30(b)(6) Tr. at 664:6-8. Plaintiffs had more than enough time to prepare their questions for Ms. Hendrix and have deposed her for approximately fourteen hours. Plaintiffs' regrets now about the questions they asked (or failed to ask) do not justify a third deposition.

\*     \*     \*

For these reasons, Facebook considers its obligations concerning Ms. Hendrix's 30(b)(6) topics, including Topics 2(d) and 3(c) as they concern ADI, complete. Nonetheless, in the spirit of compromise and expedient resolution, Facebook is willing to reach a reasonable agreement, and requests a meet-and-confer on this issue as soon as possible.

Sincerely,


Amanda M. Aycock

AMA