GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER AND EXHIBITS THERETO** |

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER AND EXHIBITS THERETO
CASE NO 3:18-MD-02843-VC

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Amended Administrative Motion to File Under Seal the Special Master's August 19, 2022 Order Regarding Plaintiffs' Request for Leave to Move for Reconsideration of Order Re:  Motion to Compel Production of Documents Related to Protiviti Assessment and the Exhibits thereto (the "Special Master's Protiviti Order and Exhibits").  For the reasons explained below, there is good cause to seal permanently this information and Facebook's request is narrowly tailored under the circumstances.

**I.  Background**

On August 24, 2022, the Special Master indicated that this Court requested all Special Master Orders to be filed on the public docket that same day.  Because Facebook was unable to immediately confirm whether certain information within the Special Master's Protiviti Order and Exhibits required sealing, Facebook requested that the Court allow it to file the Special Master's Protiviti Order and Exhibits under seal temporarily.  Dkt. 1010.   Facebook hereby submits its amended statement and supplemental declaration in support of sealing these materials.

**II.  The Good Cause Standard Applies Because the Motion Is Unrelated to the Merits**

Courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored.  *Doe v. Walmart, Inc.*, 2019 WL 636362, at *1–2 (N.D. Cal. Feb. 11, 2019).  Here, the Special Master's Protiviti Order and Exhibits are related to the discovery record, not the merits of this action, so the good cause standard applies.

**III. There Is Good Cause for Facebook's Proposed Redactions and Sealing**

Facebook asks the Court to permanently seal the following categories of information:

***(i) Confidential information regarding Facebook's proprietary data systems and data storage and processing practices.***  As set forth in the Supplemental Falconer Declaration and Amended Proposed Order, Facebook asks the Court to seal confidential information regarding details about the data systems that house specific data and how Facebook stores, tracks, preserves, deletes, and processes data.  This information involves key components of Facebook's business that set it apart and ahead of its competitors and reveals confidential technical information about its data systems and proprietary methods for storing and processing data.  Supplemental Falconer

1

FACEBOOK, INC.'S AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER AND EXHIBITS THERETO
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Decl. ¶ 4. If this information were publicly disclosed, competitors could use it to improve their own methods for managing high volumes of user data or for tracking user data across data systems. *Id.* Courts routinely seal commercially sensitive information that "competitors would be able to take advantage of" and use unfairly if disclosed. *See, e.g., Asetek Danmark A/S v. CMI USA, Inc.*, 2015 WL 4511036, at *2 (N.D. Cal. July 23, 2015). Additionally, hackers and other bad actors could use this information to better understand Facebook's data systems and target specific repositories of data, potentially harming both Facebook and its users. Supplemental Falconer Decl. ¶ 4. The Court has previously found good cause to seal this type of information. *See, e.g.*, Dkt. 813 at 0026–29 (requesting sealing data system names); Dkt. 844 (granting motion to seal).

*(ii) Confidential information regarding Facebook's privacy and platform policy enforcement practices.* Facebook asks the Court to seal confidential information, set forth in the Supplemental Falconer Declaration and Amended Proposed Order, regarding Facebook's privacy and platform enforcement practices. Disclosure of information about Facebook's decision-making process for evaluating apps and developers that may be violating its policies would reveal confidential details of Facebook's internal business operations. Supplemental Falconer Decl. ¶ 5. If this information were revealed, bad actors could use it to attempt to circumvent and evade Facebook's enforcement strategies, potentially harming both Facebook and its users. *Id.* The Court has previously sealed similar information for the same reasons. *See, e.g.*, Dkt. 812 (requesting sealing of similar information); Dkt. 844 (granting motion to seal).

**IV. The Proposed Redactions Are Narrowly Tailored**

Facebook's proposed redactions are narrowly tailored because the redactions are limited to the narrow and limited categories of confidential and proprietary information set forth above. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2013) (granting sealing requests that were "narrowly tailored to protect . . . proprietary information").

* * *

For these reasons, Facebook respectfully requests that the Court permanently seal the confidential information contained in certain materials in the Opposition and supporting materials.

2

Facebook, Inc.'s Amended Administrative Motion to File Under Seal Special Master's Order and Exhibits Thereto
Case No 3:18-md-02843-VC

Gibson, Dunn & Crutcher LLP

Dated: August 31, 2022

**GIBSON, DUNN & CRUTCHER, LLP**

By: /s/ *Deborah Stein*
 Deborah Stein

Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:  213.229.7000
Facsimile:  213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:  415.393.8200
Facsimile:  415.393.8306

*Attorneys for Defendant Facebook, Inc.*

3

FACEBOOK, INC.'S AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL SPECIAL MASTER'S ORDER AND EXHIBITS THERETO
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP