# EXHIBIT 4
# Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| Derek W. Loeser (admitted *pro hac vice*)<br>KELLER ROHRBACK L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel.: (206) 623-1900<br>Fax: (206) 623-3384<br>dloeser@kellerrohrback.com | Lesley E. Weaver (SBN 191305)<br>BLEICHMAR FONTI & AULD LLP<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com |

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MDL No. 2843<br>Case No. 18-md-02843-VC<br><br>**CORRECTED DECLARATION OF LESLEY E. WEAVER IN SUPPORT OF PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF SANCTIONS**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor<br>Hearing Date: September 2, 2022<br>Hearing Time: 10:00 a.m. |

**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

I, Lesley E. Weaver, declare and state as follows:

1. I am an attorney licensed in the State of California and admitted to the United States District Court for the Northern District of California. I am the Partner-in-Charge of the California Office of Bleichmar Fonti & Auld LLP ("BFA"), Co-Lead Counsel for Plaintiffs in *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 18-md-02843-VC (the "MDL"), and a member in good standing of the bar of the State of California and of this Court.

2. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

### I. SUBSTANTIVE TESTIMONY

3. The depositions of six witnesses have had to be rescheduled due to Facebook's failure to produce documents from witnesses involved in the ADI. These witnesses are: Eddie O'Neil, Dan Rose, Rob Sherman, Erin Egan, Konstantinos Papamilitiadis, and Ime Archibong.

4. Through discovery, Plaintiffs' counsel have learned that Hive is Facebook's data-warehousing system, where it maintains and facilitates the querying of data about ▮▮▮▮ ▮▮▮▮▮▮▮▮ in tables and ▮▮▮▮.

5. Having reviewed the voluminous ▮▮▮▮ snapshots that Defendant has now produced for the Named Plaintiffs (106 "snapshots," consisting of over 170,000 pags of information about the Named Plaintiffs), Plaintiffs' counsel have observed the following:

    A. These records include information not previously available about the Named Plaintiffs' ▮▮▮▮▮▮▮▮▮▮▮▮

    B. They also include information about ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮.

C.  The ▓▓▓▓▓▓ snapshots ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the download-your-information (DYI) files includes a list of datr cookies associated with the Named Plaintiffs, which consists only of a list of hashed alphanumeric identifiers and dates and times.

6. After Plaintiffs sent Facebook's counsel a draft of the 30(b)(6) deposition notice in December 2021, Facebook did not respond until after Plaintiffs had served the operative (and substantively identical) 30(b)(6) notice on March 1 of this year.

7. Facebook's categorical privilege logs have provided document-specific metadata, with each document listed separately for that purpose. Plaintiffs' counsel then had to use that information, along with the categorical claim of privilege, to determine whether to challenge the assertion of privilege on a document-by-document basis. Because Facebook withheld so many documents in full, Plaintiffs' counsel could not be sure which documents were lesser-included documents, or near dupes, merely by looking at the document metadata. Plaintiffs' counsel still had to treat each document individually, an undertaking that required a massive amount of work from those of my colleagues who are working on this part of the litigation.

8. Throughout 2020, Plaintiffs' counsel, during several different meet and confers, explained to counsel for Facebook why the financial information they were requesting was relevant. On those occasions when Facebook's counsel stated that Facebook did not have responsive information, Plaintiffs' counsel consistently expressed disbelief.

9. Production of responsive financial information by Facebook finally began on April 15, 2022.

10. Before January 2022, Facebook had logged fewer than 10,000 documents as privileged (excluding the documents Facebook logged as part of the initial presentation of ADI privilege issues to Judge Corley). On January 28, 2022, Facebook produced an amended categorical privilege log that included documents over which it claimed attorney-client privilege.

11. On the Fourth Amended Categorical Privilege Log (produced by Facebook in March 2022), there were 191,308 entries designated as some form of "Withheld/Withhold." The Seventh Amended Categorical Privilege Log produced on July 21, 2022 has 130,658 entries designated as some form of "Withheld/Withhold." The difference between these two figures (i.e., 60,650 entries) consists of 53,168 entries that were dropped completely and presumably produced in full, plus 7,482 entries that were changed from some form of "Withheld/Withhold" to some form of "Redacted."

12. Facebook informed Plaintiffs on July 17 that Facebook would be producing more than 1,200 ADI documents previously withheld as privileged.

## II.   EXHIBITS

13. Attached as Exhibit **89** is a true and correct copy of the Facebook Data Use Policy last revised June 8, 2012, produced in this litigation by Defendant and bearing Bates number FB-CA-MDL-00001093 on its first page.

14. Attached as Exhibit **90** is a true and correct copy of a document titled ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ dated February 20, 2019, produced in this litigation by Defendant and bearing Bates number FB-CA-MDL-02014206 on its first page.

15. Attached as Exhibit **91** is a true and correct copy of a document titled ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ dated August 13, 2018, produced in this litigation by Defendant and bearing Bates number FB-CA-MDL-02221179 on its first page.

Corr. Weaver Declaration in
Support of Supplemental Brief in
Support of Sanctions

3

MDL No. 2843
Case No. 18-md-02843-VC

16. Attached as Exhibit **92** is a true and correct copy of a document titled ██████████████████████████████████████████ dated June 12, 2018, produced in this litigation by Defendant and bearing Bates number FB-CA-MDL-02709842 on its first page.

17. Attached as Exhibit **93** is a true and correct copy of a document titled "Memorandum," dated March 6, 2020, produced in this litigation by Defendant and bearing Bates number FB-CA-MDL-02851185 on its first page.

18. Attached as Exhibit **94** is a true and correct copy of a document titled ██████████████████████████████████████████████████████████ dated June 22, 2018, produced in this litigation by Defendant and bearing Bates number FB-CA-MDL-02560056 on its first page.

19. Attached as Exhibit **95** is a true and correct copy of excerpts from the transcript of the deposition of Defendant's corporate representative Michael Duffey, conducted pursuant to Rule 30(b)(6) on June 2, 2022.

20. Attached as Exhibit **96** is a true and correct copy of a document titled "30(b)(6) Deposition Notes (6/2/2022)," produced in this litigation by Defendant and bearing Bates number ADVANCE-META-00003256 on its first page.

21. Attached as Exhibit **97** is a true and correct copy of a letter from Heather Richardson, an attorney for the Defendant, to Special Master Daniel Garrie, dated June 16, 2022. The letter's attachments are omitted.

22. Attached as Exhibit **98** is a true and correct copy of excerpts from the court reporter's rough draft of the transcript of the deposition of Defendant's corporate representative Isabella Leone, conducted pursuant to Rule 30(b)(6) on August 5, 2022.

23. Attached as Exhibit **99** is a true and correct copy of the publicly available, redacted version of the Order on Plaintiffs' Motion for Sanctions for Discovery Misconduct, issued in *Brown v. Google LLC*, No. 20-cv-03664-YGR (SVK) (N.D. Cal. filed on public docket May 31, 2022).

24. Attached as Exhibit **100** is a true and correct copy of an email bearing the subject line "RE: Facebook – Phase III Depositions," sent on January 18, 2022 at 7:24 pm, by Matthew Melamed, one of the attorneys for the Plaintiffs, to a number of the attorneys for the Defendant.

25. Attached as Exhibit **101** is a true and correct copy of an email bearing the subject line "RE: Preservation 30(b)(6) meet & confer request," sent on April 27, 2022 at 2:31 pm, by Cari Laufenberg, one of the attorneys for the Plaintiffs, to a number of the attorneys for the Defendant.

26. Attached as Exhibit **102** is a true and correct copy of an email bearing the subject line "Re: FB 30(b)(6) – Topic 4 Request for Documents," sent on May 8, 2022 by Lesley E. Weaver, one of the attorneys for the Plaintiffs, to a number of the attorneys for the Defendant.

27. Attached as Exhibit **103** is a true and correct copy of excerpts from the transcript of the deposition of Defendant's corporate representative Michael Patrick Clark, conducted pursuant to Rule 30(b)(6) on May 18, 2022.

28. Attached as Exhibit **104** is a true and correct copy of Plaintiffs' Motion for Additional Time to Conduct Rule 30(b)(6) Depositions, including the Motion's supporting declaration and exhibits, submitted to the Special Master in this action on August 3, 2022.

29. Attached as Exhibit **105** is a true and correct copy of excerpts from the transcript of the deposition of Defendant's corporate representative Simon Cross, conducted pursuant to Rule 30(b)(6) on several dates in May and June 2022.

30. Attached as Exhibit **106** is a true and correct copy of excerpts from the transcript of the deposition of Jackie Chang, taken in this action on December 16, 2021, including exhibits 7 and 13 to that deposition.

31. Attached as Exhibit **107** is a true and correct copy of a March 24, 2022 letter from Josh Samra and Emma Wright, two of the attorneys for the Plaintiffs, to counsel for the Defendant. The attachment to the letter is omitted.

32. Attached as Exhibit **108** is a true and correct copy of an email from Josh Samra, one of the attorneys for the Plaintiffs, to Amanda C. Machin, one of the attorneys for the Defendant, sent on April 12, 2022 at 6:03 pm. The attachment to the email is omitted.

33. Attached as Exhibit **109** is a true and correct copy of an April 29, 2022 letter from Emma Wright and Josh Samra, two of the attorneys for the Plaintiffs, to counsel for the Defendant. The attachment to the letter is omitted.

34. Attached as Exhibit **110** is a true and correct copy of an email from Amanda C. Machin, one of the attorneys for the Defendant, to Emma Wright, one of the attorneys for the Plaintiffs, sent on May 2, 2022 at 11:37 am. The attachment is omitted.

35. Attached as Exhibit **111** is a true and correct copy of an email from Amanda C. Machin, one of the attorneys for the Defendant, to counsel for the Plaintiffs, sent on May 6, 2022 at 6:05 pm. The voluminous attachments are omitted, but they show that Facebook was withdrawing any privilege claim over 1,938 of the documents, would produce 331 previously withheld documents with redactions, and was withdrawing work-product designation for 17 documents.

36. Attached as Exhibit **112** is a true and correct copy of an email chain involving numerous Facebook employees, produced in this litigation by the Defendant and bearing the Bates number FB-CA-MDL-01537997 on its first page.

37. Attached as Exhibit **113** is a true and correct copy of a message thread involving a number of Facebook employees, produced in this litigation by the Defendant and bearing the Bates number FB-CA-MDL-00303171 on its first page.

38. Attached as Exhibit **114** is a true and correct copy of an April 24, 2020 correspondence from Facebook.

39. Attached as Exhibit **115** is a true and correct copy of a document entitled "Facebook Inc. Consolidated Revenue Streams," marked as Exhibit 9 to the February 24, 2021 deposition of Amy Lee conducted pursuant to Rule 30(b)(6), and produced by the Defendant.

40. Attached as Exhibit **116** is a true and correct copy of excerpts from the deposition of Defendant's corporate representative Amy Lee, conducted pursuant to Rule 30(b)(6) on February 24, 2021.

41. Attached as Exhibit **117** is a true and correct copy of a letter from Derek W. Loeser and Lesley E. Weaver, attorneys for the Plaintiffs, to counsel for the Defendant, dated March 1, 2021.

42. Attached as Exhibit **118** is a true and correct copy of an email sent on March 19, 2021, 11:37 am, by Colin B. Davis, one of the attorneys for the Defendant, to counsel for the Plaintiffs.

43. Attached as Exhibit **119** is a true and correct copy of an email sent on December 15, 2020, 12:55 pm, by Laura Mumm, one of the attorneys for the Defendant, to counsel for the Plaintiffs.

44. Attached as Exhibit **120** is a true and correct copy of a March 4, 2021 letter from Russ Falconer, one of the attorneys for the Defendant, to David Ko, one of the attorneys for the Plaintiffs.

45. Attached as Exhibit **121** is a true and correct copy of a document apparently entitled [REDACTED] dated November 28, 2018, produced in this litigation by the Defendant, and bearing the Bates number CA-MDL-META-0000139627 on its first page.

46. Attached as Exhibit **122** is a true and correct copy of a document apparently entitled [REDACTED] dated June 15, 2018, produced in this litigation by the Defendant, and bearing the Bates number FB-CA-MDL-02539174 on its first page.

47. Attached as Exhibit **123** is a true and correct copy of a Quip entitled [REDACTED] dated April 5, 2018 according to the document's metadata, produced in this litigation by the Defendant, and bearing the Bates number CA-MDL-META-0000163270 on its first page.

48. Attached as Exhibit **124** is a true and correct copy of an email thread from December 2016, produced in this litigation by the Defendant, and bearing the Bates number FB-CA-MDL-03760651 on its first page.

49. Attached as Exhibit **125** is a true and correct copy of a letter from Derek W. Loeser and Lesley E. Weaver to Martie Kutscher Clark and Joshua Lipshutz, dated November 16, 2019.

50. Attached as Exhibit **126** is a true and correct copy of an email sent on August 13, 2021, 2:26 pm, by Matthew Melamed, one of the attorneys for the Plaintiffs, to the Hon. Gail Andler (Ret.) and Mr. Daniel Garrie. The attachments to the email are omitted.

51. Attached as Exhibit **127** is a true and correct copy of an email sent on March 15, 2022 by Matthew Melamed to Special Master Garrie and counsel for the Defendant.

52. Attached as Exhibit **128** is a true and correct copy of a letter from Rose Ring, one of the attorneys for the Defendant, to counsel for Plaintiffs, dated July 22, 2022.

53. Attached as Exhibit **129** is a true and correct copy of an email sent on August 8, 2022, 4:18 pm, by Martie Kutscher Clark, one of the attorneys for the Defendant, to counsel for the Plaintiffs. One of the attachments to the email, a file titled ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ is enclosed. The second attachment to the email is omitted.

54. Attached as Exhibit **130** is a true and correct copy of a mediation tracker in this litigation dated February 7, 2022.

55. Attached as Exhibit **131** is a true and correct copy of an excerpt regarding Quips from the mediation tracker in this litigation dated May 9, 2022.

56. Attached as Exhibit **132** is a true and correct copy of a mediation tracker in this litigation dated July 1, 2022.

57. Attached as Exhibit **133** is a true and correct copy of a mediation tracker in this litigation dated July 18, 2022.

58. Attached as Exhibit **134** is a true and correct copy of a mediation tracker in this litigation dated August 1, 2022.

59. Attached as Exhibit **135** is a true and correct copy of the article "Hive – A Petabyte Scale Data Warehouse using Hadoop," by the Engineering at Meta team, dated March 12, 2021.

60. Attached as Exhibit **136** is a true and correct copy Facebook's Separate Statement in Opposition to Plaintiffs' Motion to Compel Production of Named Plaintiffs' Content and Information.

61. Attached as Exhibit **137** is a true and correct copy of an email bearing the subject line "In re Facebook, Inc. Consumer Privacy User Profile Litigation," sent on February 23, 2021, at 7:14 pm, Russ Falconer, one of the attorneys for the Defendant, to counsel for Plaintiffs.

62. Attached as Exhibit **138** is a true and correct copy of an email bearing the subject line "Re: Preservation 30(b)(6) meet & confer request," sent on April 25, 2022, at 11:15 am, Rob Blume, one of the attorneys for the Defendant, to counsel for Plaintiffs.

63. Attached as Exhibit **139** is a true and correct copy of a document produced in this litigation by the Defendant, and bearing the Bates number FB-CA-MDL-03657078 on its first page.

64. Attached as Exhibit **140** is a true and correct copy of a document produced in this litigation by the Defendant, and bearing the Bates number FB-CA-MDL-03306752 on its first page.

65. Attached as Exhibit **141** is a true and correct copy of a document produced in this litigation by the Defendant, and bearing the Bates number FB-CA-MDL-03334826 on its first page.

66. Attached as Exhibit **142** is a true and correct copy of a document produced in this litigation by the Defendant, and bearing the Bates number FB-CA-MDL-03384808 on its first page.

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct and to the best of my knowledge.

Dated August 24, 2022.

By:    */s/ Lesley E. Weaver*
        Lesley E. Weaver