| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP | GIBSON, DUNN & CRUTCHER LLP |
| Orin Snyder (*pro hac vice*) | Deborah Stein (SBN 224570) |
|   osnyder@gibsondunn.com |   dstein@gibsondunn.com |
| 200 Park Avenue | 333 South Grand Avenue |
| New York, NY 10166-0193 | Los Angeles, CA 90071-3197 |
| Telephone: 212.351.4000 | Telephone: 213.229.7000 |
| Facsimile: 212.351.4035 | Facsimile: 213.229.7520 |
| | |
| Kristin A. Linsley (SBN 154148) | Joshua S. Lipshutz (SBN 242557) |
|   klinsley@gibsondunn.com |   jlipshutz@gibsondunn.com |
| Martie Kutscher (SBN 302650) | 1050 Connecticut Avenue, N.W. |
|   mkutscherclark@gibsondunn.com | Washington, DC 20036-5306 |
| 555 Mission Street, Suite 3000 | Telephone: 202.955.8500 |
| San Francisco, CA 94105-0921 | Facsimile: 202.467.0539 |
| Telephone: 415.393.8200 | |
| Facsimile: 415.393.8306 | |

*Attorneys for Defendant Facebook, Inc.,*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S SUPPLEMENTAL STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S SUPPLEMENTAL STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MO-
TION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed (Dkt. 1007) ("Administrative Motion"). For the reasons explained below, there is good cause to seal permanently this information and Facebook's request is narrowly tailored under the circumstances.

## I. Background

On August 24, Plaintiffs filed a Notice of Errata regarding their Supplemental Brief in Support of Sanctions ("Corrected Supplemental Brief") and Declaration of Lesley E. Weaver in Support of Same ("Corrected Weaver Declaration") which included new exhibits. Dkt. 1008. In connection with this filing, Plaintiffs filed the Administrative Motion to seal these materials. Dkts. 1007. On August 31, Facebook submitted its statement and declaration in support of permanently sealing portions of the Corrected Supplemental Brief and Corrected Weaver Declaration, but indicated to the Court that it would propose more limited redactions to Exhibits 140, 141, and 142, which were filed for the first time with the Corrected Weaver Declaration. Dkt. 1037. Facebook hereby files its Supplemental Statement in Support of Plaintiffs' Administrative Motion respectfully specifying the limited portions of those Exhibits that should be sealed.

## II. The Good Cause Standard Applies Because the Motion Is Unrelated to the Merits

Courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Doe v. Walmart, Inc.*, 2019 WL 636362, at *1–2 (N.D. Cal. Feb. 11, 2019). Here, the Brief, declarations, and exhibits are related to the discovery record, not the merits of this action, so the good cause standard applies.

## III. There Is Good Cause for Facebook's Proposed Limited Redactions and Sealing

Facebook asks the Court to permanently seal the following categories of information:

***(i) Confidential and competitively sensitive information regarding Facebook's business programs, strategies, decisions, and partners.*** Facebook asks the Court to seal confidential information, set forth in the Supplemental Stein Declaration and Supplemental Proposed Order, regarding Facebook's business programs, strategies, decisions, and partners. Courts routinely seal

1

FACEBOOK, INC.'S SUPPLEMENTAL STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

documents that would reveal "confidential and competitively-sensitive information" and "confidential business strategies," as well as other "proprietary" information, that competitors could use to a party's competitive disadvantage. *See, e.g.*, *In re Lidoderm Antitrust Litig.*, 2016 WL 4191612, at * 26–27 (N.D. Cal. Aug. 9, 2016); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017).  For these reasons, this Court has previously sealed similar information. *See, e.g.*, Dkt. 813-1 at 3440 (requesting sealing of the name of a business partner); Dkt. 844 (granting motion to seal); Dkt. 550 at 2–3; Dkt. 550-1 at 1 (requesting sealing of information that would give competitors insight into Facebook's strategy); Dkt. 638 (granting motion to seal); Dkt. 812 at 3–4 (explaining harm to Facebook from public disclosure of the details of Facebook's targeted advertising); Dkt. 844 (granting motion to seal such information).  Public disclosure of this information could allow Facebook's competitors to copy its strategies, or use the ideas developed by Facebook at its own expense to Facebook's competitive disadvantage.  Supp. Stein Decl. ¶ 4.

*(ii) Confidential information regarding Facebook employees.*  As set forth in the Supplemental Stein Declaration and Supplemental Proposed Order, Facebook asks the Court to seal certain confidential information regarding Facebook employees, specifically, employee email addresses.  To protect employees' privacy interests, courts regularly seal information about employees who are not parties to the litigation. *See, e.g.*, *Shopify Inc. v. Express Mobile, Inc.*, No. 20-mc-80091, 2020 WL 4732334, at *12 (N.D. Cal. Aug. 14, 2020) (concluding that "good cause exist[ed] to seal" the "names of parties who are not involved with or incident to the current litigation where disclosure of the information would violate a party's legitimate privacy interest"); *Murphy v. Kavo America Corp.*, No. CV-11-0410-YGR, 2012 WL 1497489, at *1 (N.D. Cal. April 27, 2012) (recognizing that "[e]mployees and former employees who are not parties to . . . litigation have privacy interests in their personnel information"); *see also* Supp. Stein Decl. ¶ 5.  The Court has previously sealed similar information for the same reasons. *See, e.g.*, Dkt. 636 (requesting sealing of employee names); Dkt. 641 (granting motion to seal).

**IV. The Proposed Redactions Are Narrowly Tailored**

Facebook's proposed redactions are narrowly tailored because the redactions are limited to

2

FACEBOOK, INC.'S SUPPLEMENTAL STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

the narrow and limited categories of confidential and proprietary information set forth above. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect . . . proprietary information").

* * *

For these reasons, Facebook respectfully requests that the Court permanently seal the materials attached to Plaintiffs' Administrative Motion as set forth herein and as fully set forth in the Proposed Supplemental Order.

Gibson, Dunn & Crutcher LLP

3

FACEBOOK, INC.'S SUPPLEMENTAL STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

| | |
|---|---|
| Dated: September 2, 2022 | **GIBSON, DUNN & CRUTCHER, LLP** |
| | By: */s/ Deborah Stein* |
| | Orin Snyder (*pro hac vice*) |
| | osnyder@gibsondunn.com |
| | 200 Park Avenue |
| | New York, NY 10166-0193 |
| | Telephone: 212.351.4000 |
| | Facsimile: 212.351.4035 |
| | |
| | Deborah Stein (SBN 224570) |
| | dstein@gibsondunn.com |
| | 333 South Grand Avenue |
| | Los Angeles, CA 90071-3197 |
| | Telephone: 213.229.7000 |
| | Facsimile: 213.229.7520 |
| | |
| | Joshua S. Lipshutz (SBN 242557) |
| | jlipshutz@gibsondunn.com |
| | 1050 Connecticut Avenue, N.W. |
| | Washington, DC 20036-5306 |
| | Telephone: 202.955.8500 |
| | Facsimile: 202.467.0539 |
| | |
| | Kristin A. Linsley (SBN 154148) |
| | klinsley@gibsondunn.com |
| | Martie Kutscher (SBN 302650) |
| | mkutscherclark@gibsondunn.com |
| | 555 Mission Street, Suite 3000 |
| | San Francisco, CA 94105-0921 |
| | Telephone: 415.393.8200 |
| | Facsimile: 415.393.8306 |
| | |
| | *Attorneys for Defendant Facebook, Inc.* |

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S SUPPLEMENTAL STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC