GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Statement in Support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed (Dkts. 1026, 1028, 1030, and 1032) ("Administrative Motions"). For the reasons explained below, there is good cause to seal permanently this information and Facebook's request is narrowly tailored under the circumstances.

### I. Background

On August 30, 2022, Plaintiffs filed four separate Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed pursuant to Civil Local Rule 79-5(f), attaching four Special Master's Orders and the exhibits thereto. Dkts. 1026, 1028, 1030, and 1032. Given the large volume of new materials within Plaintiffs' submission that needed to be evaluated for confidentiality, Plaintiffs and Facebook agreed to and filed a Stipulation and Proposed Order extending Facebook's deadline to respond to Plaintiffs' Administrative Motions to September 9, 2022, which remains pending with the Court. Dkt. 1040. Facebook hereby submits its preliminary statement in support of sealing portions of Special Master's Order Regarding Facebook's Objections to 30(b)(6) Written Questions (Dkt. 1032-3). Facebook will submit an amended statement in support of sealing portions of the exhibits to this Order on September 9, 2022.

Although attached to Plaintiffs' Administrative Motion, Facebook is not seeking to seal or redact the Special Master's Amended Order on Plaintiffs' Motion for Additional Time to Conduct Rule 30(b)(6) Depositions (Dkt. 1026-3), the Special Master's Order on Plaintiffs' Motion for Permission to Serve 30(b)(6) Notice on Facebook Regarding FTC Complaints and Consent Orders (Dkt. 1028-3), or Special Master's Second Amended Order on Plaintiffs' Motion to Compel Additional Production of Quips, Tasks, and Groups (Dkt. 1030-3). Facebook is reviewing the exhibits to these three orders, and will submit an amended statement in support of sealing portions of the exhibits to the Special Master's Orders on September 9, 2022.

### II. The Good Cause Standard Applies Because the Motion Is Unrelated to the Merits

Courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Doe v. Walmart, Inc.*, 2019 WL 636362, at *1–2 (N.D. Cal. Feb. 11, 2019).

1

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

Here, the Special Master's Orders are related to the discovery record, not the merits of this action, so the good cause standard applies.

### III. There Is Good Cause for Facebook's Proposed Redactions and Sealing

Facebook asks the Court to permanently seal the following categories of information:

*(i) Confidential information regarding Facebook's proprietary data systems and data storage and processing practices.* As set forth in the Falconer Declaration and Proposed Order, Facebook asks the Court to seal confidential information regarding details about the data systems that house specific data and how Facebook stores, tracks, preserves, deletes, and processes data. This information involves key components of Facebook's business that set it apart and ahead of its competitors and reveals confidential technical information about its data systems and proprietary methods for storing and processing data. Falconer Decl. ¶ 4. If this information were publicly disclosed, competitors could use it to improve their own methods for managing high volumes of user data or for tracking user data across data systems. *Id.* Courts routinely seal commercially sensitive information that "competitors would be able to take advantage of" and use unfairly if disclosed. *See, e.g.*, *Asetek Danmark A/S v. CMI USA, Inc.*, 2015 WL 4511036, at *2 (N.D. Cal. July 23, 2015). Additionally, hackers and other bad actors could use this information to better understand Facebook's data systems and target specific repositories of data, potentially harming both Facebook and its users. Falconer Decl. ¶ 4. The Court has previously found good cause to seal this type of information. *See, e.g.*, Dkt. 813 at 0026–29 (requesting sealing data system names); Dkt. 844 (granting motion to seal).

*(ii) Confidential information regarding Facebook's privacy and platform policy enforcement practices.* Facebook asks the Court to seal confidential information, set forth in the Falconer Declaration and Proposed Order, regarding Facebook's privacy and platform enforcement practices. Disclosure of information about Facebook's decision-making process for evaluating apps and developers that may be violating its policies would reveal confidential details of Facebook's internal business operations. Falconer Decl. ¶ 5. If this information were revealed, bad actors could use it to attempt to circumvent and evade Facebook's enforcement strategies, potentially harming both Facebook and its users. *Id.* The Court has previously sealed similar

2

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

1  information for the same reasons. *See, e.g.*, Dkt. 812 (requesting sealing of similar information);
2  Dkt. 844 (granting motion to seal).

### IV. The Proposed Redactions Are Narrowly Tailored

Facebook's proposed redactions are narrowly tailored because the redactions are limited to the narrow and limited categories of confidential and proprietary information set forth above. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect . . . proprietary information").

\*   \*   \*

For these reasons, Facebook respectfully requests that the Court permanently seal the materials attached to Plaintiffs' Administrative Motion as set forth herein and as fully set forth in the Proposed Order.

Gibson, Dunn & Crutcher LLP

3

FACEBOOK, INC.'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

Dated: September 6, 2022

**GIBSON, DUNN & CRUTCHER, LLP**

By: /s/ Russell H. Falconer
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Russell H. Falconer (*pro hac vice*)
rfalconer@gibsondunn.com
2100 McKinney Ave., Suite 1100
Dallas, TX 75201
Telephone: 214.698.3170
Facsimile: 214.571.2958

*Attorneys for Defendant Facebook, Inc.*