GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S SUPPLEMENTAL STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S SUPPLEMENTAL STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

Pursuant to Civil Local Rules 7-11 and 79-5, Facebook, Inc. ("Facebook") hereby submits this Supplemental Statement in Support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed (Dkts. 1026, 1028, 1030, and 1032) ("Administrative Motions"). For the reasons explained below, there is good cause to seal permanently this information and Facebook's request is narrowly tailored under the circumstances.

## I. Background

On August 30, 2022, Plaintiffs filed four separate Administrative Motions to Consider Whether Another Party's Materials Should Be Sealed pursuant to Civil Local Rule 79-5(f), attaching four Special Master's Orders and the exhibits thereto. Dkts. 1026, 1028, 1030, and 1032. Given the large volume of new materials within Plaintiffs' submission that needed to be evaluated for confidentiality, Plaintiffs and Facebook agreed to and filed a Stipulation and Proposed Order extending Facebook's deadline to respond to Plaintiffs' Administrative Motions to September 9, 2022, which remains pending with the Court. Dkt. 1040. On August 6, 2022, Facebook submitted its preliminary statement in support of sealing portions of Special Master's Order Regarding Facebook's Objections to 30(b)(6) Written Questions (Dkt. 1032-3). Facebook hereby submits a supplemental statement in support of sealing portions of Exhibit C to Special Master's Amended Order on Plaintiffs' Motion for Additional Time to Conduct Rule 30(b)(6) Depositions (Dkts. 1026-6), Exhibits A, B, and G to Special Master's Second Amended Order on Plaintiffs' Motion to Compel Additional Production of Quips, Tasks, and Groups (Dkts. 1030-4, 1030-5, 1030-10), and Exhibits A and B to Special Master's Order Regarding Facebook's Objections to 30(b)(6) Written Questions (Dkts. 1032-4, 1032-5).

Although attached to Plaintiffs' Administrative Motions, Facebook is not seeking to seal or redact Exhibits A, B, D, or E to Special Master's Amended Order on Plaintiffs' Motion for Additional Time to Conduct Rule 30(b)(6) Depositions (Dkts. 1026-4, 1026-5, 1026-7, 1026-8), any of the exhibits to Special Master's Order on Plaintiffs' Motion for Permission to Serve 30(b)(6) Notice on Facebook Regarding FTC Complaints and Consent Orders (Dkt. 1028-4, 1028-5, 1028-6, 1028-7), or Exhibits C, D, E, F, H, or I to Special Master's Second Amended Order on Plaintiffs' Motion to Compel Additional Production of Quips, Tasks, and Groups (Dkts. 1030-6, 1030-7,

1

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S SUPPLEMENTAL STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

1030-8, 1030-9, 1030-11, 1030-12).

**II. The Good Cause Standard Applies Because the Motion Is Unrelated to the Merits**

Courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Doe v. Walmart, Inc.*, 2019 WL 636362, at *1–2 (N.D. Cal. Feb. 11, 2019). Here, the Special Master's Orders are related to the discovery record, not the merits of this action, so the good cause standard applies.

**III. There Is Good Cause for Facebook's Proposed Redactions and Sealing**

Facebook asks the Court to permanently seal the following categories of information:

***(i) Confidential information that Facebook has previously asked the Court to seal.*** Facebook asks the Court to seal limited portions of the following documents, for which Facebook previously requested that the Court find good cause to seal, upon which the Court has not yet ruled: Ex. 7 to Supplemental Falconer Declaration (Dkt. 1030-10). *See* Dkt. 1012-3 (proposed redactions); Dkt. 1012 (Facebook's explanation for the proposed redactions).

***(ii) Confidential information regarding Facebook's proprietary data systems and data storage and processing practices.*** As set forth in the Supplemental Falconer Declaration and Proposed Order, Facebook asks the Court to seal confidential information regarding details about the data systems that house specific data and how Facebook stores, tracks, preserves, deletes, and processes data. This information involves key components of Facebook's business that set it apart and ahead of its competitors and reveals confidential technical information about its data systems and proprietary methods for storing and processing data. Supp. Falconer Decl. ¶ 14. If this information were publicly disclosed, competitors could use it to improve their own methods for managing high volumes of user data or for tracking user data across data systems. *Id.* Courts routinely seal commercially sensitive information that "competitors would be able to take advantage of" and use unfairly if disclosed. *See, e.g.*, *Asetek Danmark A/S v. CMI USA, Inc.*, 2015 WL 4511036, at *2 (N.D. Cal. July 23, 2015). Additionally, hackers and other bad actors could use this information to better understand Facebook's data systems and target specific repositories of data, potentially harming both Facebook and its users. Supp. Falconer Decl. ¶ 14. The Court

2

Gibson, Dunn & Crutcher LLP

has previously found good cause to seal this type of information. *See, e.g.*, Dkt. 813 at 0026–29 (requesting sealing data system names); Dkt. 844 (granting motion to seal).

*(iii) Confidential information regarding Facebook's tool for responding to law-enforcement requests for user records.* As set forth in the Supplemental Falconer Declaration and Proposed Order, Facebook asks the Court to seal confidential information regarding Facebook's tool for responding to law-enforcement requests for user records, including the name of the tool, the types of data it contains, the delta between the data within the tool and DYI, and the format in which data from the tool is produced. Public disclosure of details about this tool would reveal confidential information regarding Facebook's internal operations that could be used by bad actors to attempt to circumvent and evade Facebook's enforcement strategies and current and future lawful governmental criminal investigations. Supp. Falconer Decl. ¶ 15. It also could provide confidential information to competitors about how Facebook tracks and stores data across its systems, to Facebook's competitive disadvantage. *Id.*

*(iv) Confidential and competitively sensitive information regarding Facebook's business programs, strategies, decisions, and partners.* Facebook asks the Court to seal confidential information, set forth in the Supplemental Falconer Declaration and Proposed Order, regarding Facebook's business programs, strategies, decisions, and partners, including confidential technical details of how Facebook develops and uses data to target advertisements to the most relevant users. Courts routinely seal documents which would reveal "confidential and competitively-sensitive information" and "confidential business strategies," as well as other "proprietary" information, that competitors could use to a party's competitive disadvantage. *See, e.g.*, *In re Lidoderm Antitrust Litig.*, 2016 WL 4191612, at *26–27 (N.D. Cal. Aug. 9, 2016); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017). Courts also regularly seal information that would identify confidential business relationships or reveal the terms of such relationships. *See, e.g.*, *Obesity Rsch. Inst., LLC v. Fiber Rsch. Int'l, LLC*, 2018 WL 3642177, at *5 (S.D. Cal. Aug. 1, 2019). For these reasons, this Court has previously sealed similar information. *See, e.g.*, Dkt. 813-1 at 3440 (requesting sealing of the name of a business partner); Dkt. 844 (granting motion to seal); Dkt. 550 at 2–3; Dkt. 550-1 at 1 (requesting sealing of information that would give

competitors insight into Facebook's strategy); Dkt. 638 (granting motion to seal); Dkt. 812 at 3–4 (explaining harm to Facebook from public disclosure of the details of Facebook's targeted advertising); Dkt. 844 (granting motion to seal). Public disclosure of this information could allow Facebook's competitors to copy its strategies, or use the ideas developed by Facebook at its own expense to Facebook's competitive disadvantage. Supp. Falconer Decl. ¶ 16. Public disclosure also could harm Facebook's relationships with its business partners by disclosing their identities and confidential negotiations with Facebook. *Id.* It also could undercut Facebook's ability to negotiate with these entities' competitors. *Id.* Finally, Facebook's ability to serve advertisements to the users who find them most relevant is an essential aspect of its business, and if publicly disclosed, this information could allow Facebook's competitors to improve their service of advertisements and cause Facebook competitive harm. *Id*.

*(vi) Confidential information regarding Facebook's privacy and platform policy enforcement practices.* Facebook asks the Court to seal confidential information, set forth in the Supplemental Falconer Declaration and Proposed Order, regarding Facebook's privacy and platform enforcement practices. Disclosure of information about Facebook's decision-making process for evaluating apps and developers that may be violating its policies would reveal confidential details of Facebook's internal business operations. Supp. Falconer Decl. ¶ 17. If this information were revealed, bad actors could use it to attempt to circumvent and evade Facebook's enforcement strategies, potentially harming both Facebook and its users. *Id.* The Court has previously sealed similar information for the same reasons. *See, e.g.*, Dkt. 812 (requesting sealing of similar information); Dkt. 844 (granting motion to seal).

*(vii) Confidential information regarding Facebook's ADI documents and references thereto.* Facebook asks the Court to seal confidential information, set forth in the Supplemental Falconer Declaration and Amended Proposed Order, regarding ADI documents and references thereto. The Court previously found good cause to seal in full similar ADI materials. *See, e.g.*, Dkt. 804-3 at ECF p. 544–79 (fully sealed investigative report); Dkt. 838 (granting motion to seal). Facebook requests that the Court seal similar ADI documents (and references thereto) for the same reasons, including those reasons articulated in Alexander H. Southwell's declaration evidencing

4

Gibson, Dunn & Crutcher LLP

the basis for sealing ADI-related documents. Dkt. 804-2; *see also* Dkt. 804 (explaining rationale for sealing ADI investigative reports and ADI-related information).

***(viii) Confidential and competitively sensitive information from mediation discussions.*** As set forth in the Supplemental Falconer Declaration and Amended Proposed Order, Facebook asks the Court to seal information regarding mediation discussions that contains other confidential and competitively sensitive information. Supp. Falconer Decl. ¶ 18. The Court has previously sealed in full similar documents which were created for the purposes of negotiations between the parties and which contain Facebook's confidential information. *See* Dkt. 413-3 (sealed document related to parties' negotiation of custodians); Dkt. 437 (granting motion to seal).

**IV. The Proposed Redactions Are Narrowly Tailored**

Facebook's proposed redactions are narrowly tailored because the redactions are limited to the narrow and limited categories of confidential and proprietary information set forth above. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect . . . proprietary information").

\* \* \*

For these reasons, Facebook respectfully requests that the Court permanently seal the materials attached to Plaintiffs' Administrative Motions as set forth herein and as fully set forth in the Proposed Order.

Gibson, Dunn & Crutcher LLP

| | |
|---|---|
| Dated: September 9, 2022 | **GIBSON, DUNN & CRUTCHER, LLP**<br><br>By: /s/ Russell H. Falconer<br>Orin Snyder (*pro hac vice*)<br>osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035<br><br>Deborah Stein (SBN 224570)<br>dstein@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>Joshua S. Lipshutz (SBN 242557)<br>jlipshutz@gibsondunn.com<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539<br><br>Kristin A. Linsley (SBN 154148)<br>klinsley@gibsondunn.com<br>Martie Kutscher (SBN 302650)<br>mkutscherclark@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br><br>Russell H. Falconer (*pro hac vice*)<br>rfalconer@gibsondunn.com<br>2100 McKinney Ave., Suite 1100<br>Dallas, TX 75201<br>Telephone: 214.698.3170<br>Facsimile: 214.571.2958<br><br>*Attorneys for Defendant Facebook, Inc.* |

Gibson, Dunn & Crutcher LLP

FACEBOOK, INC.'S SUPPLEMENTAL STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC