GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.,*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**SUPPLEMENTAL DECLARATION OF RUSSELL H. FALCONER IN SUPPORT OF FACEBOOK, INC.'S SUPPLEMENTAL STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

SUPPLEMENTAL DECLARATION OF RUSSELL H. FALCONER IN SUPPORT OF FACEBOOK, INC.'S SUPPLEMENTAL STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

I, Russell H. Falconer, hereby declare as follows:

1. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter. I am a member in good standing of the State Bar of Texas. I submit this declaration in support of Facebook's Supplemental Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed. I make this supplemental declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2. Attached as **<u>Exhibit 1</u>** is a true and correct **unredacted** copy of Exhibit C to Special Master's Amended Order on Plaintiffs' Motion for Additional Time to Conduct Rule 30(b)(6) Depositions, dated August 25, 2022.

3. Attached as **<u>Exhibit 2</u>** is a true and correct **redacted** copy of Exhibit C to Special Master's Amended Order on Plaintiffs' Motion for Additional Time to Conduct Rule 30(b)(6) Depositions, dated August 25, 2022.

4. Attached as **<u>Exhibit 3</u>** is a true and correct **unredacted** copy of Exhibit A to Special Master's Second Amended Order on Plaintiffs' Motion to Compel Additional Production of Quips, Tasks, and Groups, dated August 26, 2022.

5. Attached as **<u>Exhibit 4</u>** is a true and correct **redacted** copy of Exhibit A to Special Master's Second Amended Order on Plaintiffs' Motion to Compel Additional Production of Quips, Tasks, and Groups, dated August 26, 2022.

6. Attached as **<u>Exhibit 5</u>** is a true and correct **unredacted** copy of Exhibit B to Special Master's Second Amended Order on Plaintiffs' Motion to Compel Additional Production of Quips, Tasks, and Groups, dated August 26, 2022.

Gibson, Dunn & Crutcher LLP

7. Attached as **Exhibit 6** is a true and correct **redacted** copy of Exhibit B to Special Master's Second Amended Order on Plaintiffs' Motion to Compel Additional Production of Quips, Tasks, and Groups, dated August 26, 2022.

8. Attached as **Exhibit 7** is a true and correct **unredacted** copy of Exhibit G to Special Master's Second Amended Order on Plaintiffs' Motion to Compel Additional Production of Quips, Tasks, and Groups, dated August 26, 2022.

9. Attached as **Exhibit 8** is a true and correct **redacted** copy of Exhibit G to Special Master's Second Amended Order on Plaintiffs' Motion to Compel Additional Production of Quips, Tasks, and Groups, dated August 26, 2022.

10. Attached as **Exhibit 9** is a true and correct **unredacted** copy of Exhibit A to Special Master's Order Regarding Facebook's Objections to 30(b)(6) Written Questions, dated August 8, 2022.

11. Attached as **Exhibit 10** is a true and correct **redacted** copy of Exhibit A to Special Master's Order Regarding Facebook's Objections to 30(b)(6) Written Questions, dated August 8, 2022.

12. Attached as **Exhibit 11** is a true and correct **unredacted** copy of Exhibit B to Special Master's Order Regarding Facebook's Objections to 30(b)(6) Written Questions, dated August 8, 2022.

13. Attached as **Exhibit 12** is a true and correct **redacted** copy of Exhibit B to Special Master's Order Regarding Facebook's Objections to 30(b)(6) Written Questions, dated August 8, 2022.

14. Facebook proposes redacting confidential information regarding its data systems and Facebook's proprietary data storage and processing practices.[1] I understand that how Facebook stores, manages, tracks, preserves, deletes, and processes data for billions of users across its data systems are key components of its business that set it apart and ahead of its competitors. I further understand that,

---

[1] Ex. 1 at 6 (Dkt. 1026-6); Ex. 3 at 4, 5 (Dkt. 1030-4); Ex. 5 at 2, 7, 9, 11, 17 (Dkt. 1030-5); Ex. 7 at i, 12–14, 20 (Dkt. 1030-10); Ex. 9 at 23–25, 26–41, 60, 75–76 (Dkt. 1032-4); Ex. 11 at 6, 10–17, 24–39, 58 (Dkt. 1032-5).

if this information were publicly disclosed, Facebook's competitors could take advantage of it to improve their own methods for managing high volumes of user data or for tracking and storing user data across data systems, to Facebook's competitive disadvantage. I further understand that hackers and other bad actors could use this information to better understand Facebook's data systems and target specific repositories of data, potentially harming both Facebook and its users.

15. Facebook proposes redacting confidential information regarding its tool for responding to law-enforcement requests for user records, including the name of the tool, the types of data it contains, the delta between the data within the tool and DYI, and the format in which data from the tool is produced.[2] I understand that public disclosure of details about this tool would reveal confidential information regarding Facebook's internal operations that could be used by bad actors to attempt to circumvent and evade Facebook's enforcement strategies and current and future lawful governmental criminal investigations. I further understand that public disclosure of Facebook's internal processes related to the tool could provide confidential information to competitors about how Facebook tracks and stores data across its systems, to Facebook's competitive disadvantage.

16. Facebook proposes redacting confidential and competitively sensitive information regarding its business programs, strategies, decisions, and partners, including confidential technical details of how Facebook develops and uses data to target advertisements to the most relevant users.[3] This information also includes confidential strategic discussions regarding Facebook's existing and potential future business models and strategies, as well as confidential information regarding the identities of and negotiations with entities with which I understand Facebook has a business relationship. I am informed and believe that, if publicly disclosed, this information could harm Facebook's relationships

---

[2] Ex. 7 at i, 14–17 (Dkt. 1030-10).

[3] Ex. 7 at 24, 31–32 (Dkt. 1030-10); Ex. 9 at 43–53 (Dkt. 1032-4), 59; Ex. 11 at 18–19, 41–51, 57 (Dkt. 1032-5).

with these entities and undercut Facebook's ability to negotiate with competitors of these entities. I am further informed and believe that public disclosure of confidential information regarding Facebook's business models could allow Facebook's competitors to use this information developed at Facebook's expense to improve or develop their own competing techniques, to Facebook's competitive disadvantage. Additionally, I am informed and believe that public disclosure of confidential information regarding Facebook's business strategies could allow Facebook's competitors to copy these strategies, developed at Facebook's expense, to more effectively compete with Facebook. Finally, Facebook's ability to serve advertisements to its users effectively is an essential aspect of its business and I am informed and believe that, if publicly disclosed, this information could allow Facebook's competitors to improve their serve of advertisements to Facebook's competitive disadvantage.

17. Facebook proposes to seal confidential information regarding Facebook's privacy and platform policy enforcement practices, including Facebook's decision-making process for evaluating apps and developers that may be violating its policies.[4] This includes confidential information regarding ADI documents and references thereto. I understand that public disclosure of details regarding Facebook's policy-enforcement efforts would reveal confidential information regarding Facebook's internal operations that could be used by bad actors to attempt to circumvent and evade Facebook's enforcement strategies, potentially harming Facebook and its users.

18. Facebook asks the Court to seal confidential and sensitive information regarding the parties' confidential mediation process in this litigation.[5] These documents contain confidential and competitively sensitive information, such as the highly confidential information (described in detail in paragraph 14) regarding how Facebook stores, manages, tracks, preserves, deletes, and processes data.

---

[4] Ex. 1 at 7 (Dkt. 1026-6); Ex. 3 at 4 (Dkt. 1030-4); Ex. 7 at 9–10, 31 (Dkt. 1030-10); Ex. 9 at 23, 38–41 (Dkt. 1032-4); Ex. 11 at 6, 20, 24, 36–39 (Dkt. 1032-5).

[5] Ex. 5 at 20, 22 (Dkt. 1030-5).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 9, 2022, in Dallas, Texas.

*/s/ Russell H. Falconer*
Russell H. Falconer