*In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-MD-02843-VC

TIMELINE OF ISSUES RELATED TO NAMED PLAINTIFF DATA

| Date | Description |
|---|---|
| Prior to Oct. 2020 | Facebook produced DYI files for the Named Plaintiffs. But the parties cannot reach agreement about additional production. |
| Oct. 29, 2020 | Judge Corley issues Discovery Order No. 9 defining the 3 categories of discoverable data as: (1) information "collected from a user's on-platform activity"; (2) information "obtained from third parties regarding a user's off-platform activities"; and (3) information "inferred from a user's on or off-platform activity." ECF No. 557 at 2. |
| Dec. 8, 2020 | In a Joint Status Report, Facebook informs the Court and Plaintiffs that it believes it already produced all information relating to Named Plaintiffs that could have been shared with third parties. ECF No. 583. |
| Dec. 11, 2020 | In Discovery Order No. 11, Judge Corley finds that Plaintiffs can take a 30(b)(6) deposition on the categories of "discoverable user data" as defined in Discovery Order No. 9. Judge Corley further notes that Facebook's argument that inferred user data isn't relevant because it is not shared would eliminate the third category of discoverable data. ECF No. 588 at 1. |
| Jan. 15, 2021 | In Discovery Order No. 12, Judge Corley orders the parties to conduct the deposition on the scope of discoverable user data as defined in Discovery Order No. 9, and stated that whether "data is not shared, not admissible, or not monetized, is not a valid reason to object[.]" ECF No. 602. |
| Feb. 23, 2021 | Plaintiffs take the deposition of Facebook's 30(b)(6) designee Konstantinos Papamiltiadis and confirm that Facebook is withholding additional data relating to Named Plaintiffs. ECF No. 1001-3 (full transcript). |
| Feb. 2021 – Oct. 2021 | Facebook refuses to produce any additional information, arguing Judge Corley had rejected Plaintiffs' position. |
| Oct. 2021 | The parties brief the issue of discoverable user data. Facebook again asserts that the only relevant information is data that Facebook admits was shared or made accessible to third parties. Joint Decl., Ex. 61 at 7. |
| Nov. 29, 2021 | Special Master Garrie rules that Judge Corley had not limited discovery the way Facebook claimed, and that certain Plaintiffs' data has not been produced. ECF No. 779-3 at 150. |
| Dec. 23, 2021 | Facebook appeals Special Master Garrie's order. ECF No. 780. |

## TIMELINE OF ISSUES RELATED TO NAMED PLAINTIFF DATA

| Date | Description |
|---|---|
| Jan. 12, 2022 | Judge Corley affirms Special Master Garrie's order and makes clear that the Court's prior order did not limit discovery to what Facebook admits was shared. Judge Corley further finds that Facebook's position "is belied by the Court's discovery ruling two months later." ECF No. 807 at 2. |
| Jan. 2022 – Mar. 2022 | Special Master Garrie orders Facebook to provide basic information about Plaintiffs' data. Facebook's submissions reveal that it hadn't taken meaningful steps to determine what information is collected about Named Plaintiffs, where it is stored or maintained, and how it may be retrieved. ECF Nos. 793, 826, 833, 842, 855, 864, 867, 893-3, 902. |
| June 2, 2022 | Facebook's corporate representative discloses that it has 52 Switchboard snapshots on the Named Plaintiffs and that it preserved data from 137 Hive tables in this action. *See* ECF No. 1001-4 (full transcript of 30(b)(6) Deposition of designee Michael Duffey). |
| June 16, 2022 | Facebook's submission about the Hive tables states that "many" have "nothing to do with Named Plaintiffs' data" –implying that some do. Weaver Decl., Ex. 97. |
| July 25, 2022 | Facebook identifies 66 of the 137 Hive tables as containing "user identifiers." |