# Plaintiffs' Exhibit 17

| | |
|---|---|
| Derek W. Loeser (admitted *pro hac vice*)<br>KELLER ROHRBACK L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel.: (206) 623-1900<br>Fax: (206) 623-3384<br>dloeser@kellerrohrback.com | Lesley Weaver (Cal. Bar No.191305)<br>BLEICHMAR FONTI & AULD LLP<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com |

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC<br><br>**PLAINTIFFS' STATEMENT CONCERNING THE ADI ISSUES IN ADVANCE OF HEARING**<br><br>Judge: Hon. Vince Chhabra<br>Hon. Jacqueline Scott Corley<br>Special Master Daniel Garrie<br>Courtroom: 4, 17th Floor<br><br>JAMS Ref. No.: 1200058674<br><br>ORAL ARGUMENT REQUESTED |

Pursuant to the Special Master's October 15, 2021 email Order, Plaintiffs submit the following preliminary statement concerning the ADI issues.

**I.      ISSUE**

Judge Corley has held that "the ADI served a dual purpose and that, as a general matter, documents generated as part of that investigation were not created because of litigation." Dkt. No. 736 at 6-7. She directed Plaintiffs to work with Facebook and the Special Master regarding production of additional ADI materials consistent with the Order. The issue now before the Special Master is what additional ADI materials should Facebook produce?

**II.     EXAMPLE OF ISSUE**

While Plaintiffs believe the Order justifies the production of a broader scope of documents, as an interim step and to expedite production, Plaintiffs request that Facebook produce the following related to phases two and three of the ADI:[1]

1. All memoranda prepared by FTI Consulting or Stroz Friedberg;
2. All background reports, technical reports, audits, and developer interviews;
3. All internal Facebook communications relating to items 1 and 2;
4. All communications with FTI Consulting or Stroz Friedberg related to items 1 and 2; and
5. All communications with third-party app developers.[2]

The parties met and conferred about Plaintiffs' requests on October 12. Facebook failed to offer a proposal for how it planned to comply with Judge Corley's Order, including its guidance to produce "additional [ADI] materials consistent with the guidance offered by this Order." Dkt. No. 736 at 2.

---

[1] ADI consisted of three phases: (1) Detection and Identification of offending apps, (2) Enhanced Examination, and (3) Enforcement. *See* Dkt. No. 736 at 2.

[2] *See* June 19, 2020 Hr'g T. 14:23-15:2 (Facebook's counsel: "[W]e did identify third parties with respect to which we took certain enforcement measures. We sent them letters. We terminated them. In a few cases, we sued them. All of Facebook's communications with those third parties are fair game. We're going to produce those.")

### III. PLAINTIFFS' POSITION

Under the dual-purpose doctrine and pursuant to Judge Corley's Order, Dkt. No. 736, Plaintiffs are entitled to production of the materials requested above. The Order granted Plaintiffs' motion to compel Facebook to produce "material from the second and third phases" of the ADI. *Id.* at 2. The second phase concerned "Enhanced Examination"; the third, "Enforcement." *Id.* The Court explained that, because "Facebook would have conducted the ADI in substantially the same form even in the absence of potential litigation," the materials Plaintiffs moved to compel are not protected from production. *Id.* at 6; *see United States v. Richey*, 632 F. 3d 559, 568 (9th Cir. 2011) (where a document was not prepared exclusively for litigation, it qualifies for work-product protection only if it """"would not have been created in substantially similar form but for the prospect of litigation""""") (citations omitted); *see also In re Grand Jury*, 13 F.4th 710 (9th Cir. 2021) (dual-purpose attorney-client communications are protected only where the primary purpose concerns legal advice that may not have been provided absent the privilege).

As a first step, the Court ordered Facebook to "produce the background and technical reports, audits and developer interviews" of six exemplar apps previously identified by the parties for the purpose of briefing. *Id.* at 6-7. In response, Facebook produced 11 documents. Nine were memoranda prepared by FTI Consulting or Stroz Friedberg, two external consultants Facebook retained to assist with ADI. These memoranda contain a wealth of relevant information about why these apps were being investigated and what user data they collected. On October 12, Facebook asserted its production relating to the six exemplar apps was complete. However, Facebook's privilege logs concerning those apps identify numerous reports, including 99 reports without counsel listed, which are not or are exceedingly unlikely to be privileged. Facebook should complete its production for the six exemplar apps. Facebook should also produce all such memoranda for any apps or developers investigated in phases two or three of the ADI, all other additional or related "background reports, technical reports, audits, and developer interviews" for all apps or developers investigated in phases two or three of the ADI, and any internal Facebook communications regarding the ADI--in particular, apps investigated during phases two or three of

the ADI. In addition, Facebook should produce all communications with Stroz Friedberg or FTI regarding the ADI. The Order provides Facebook no basis for withholding any of these communications. Finally, Facebook should produce all third-party communications related to ADI; despite earlier representations it would produce all such documents, it recently produced two additional letters, and conceded that it has not.

Dated: October 22, 2021

Respectfully submitted,

| KELLER ROHRBACK L.L.P. | BLEICHMAR FONTI & AULD LLP |
|---|---|
| By: */s/ Derek W. Loeser*<br>    Derek W. Loeser | By: */s/ Lesley E. Weaver*<br>    Lesley E. Weaver |
| Derek W. Loeser (admitted *pro hac vice*)<br>Cari Campen Laufenberg (admitted *pro hac vice*)<br>David Ko (admitted *pro hac vice*)<br>Adele A. Daniel (admitted *pro hac vice*)<br>Benjamin Gould (SBN 250630)<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101<br>Tel.: (206) 623-1900<br>Fax: (206) 623-3384<br>dloeser@kellerrohrback.com<br>claufenberg@kellerrohrback.com<br>dko@kellerrohrback.com<br>adaniel@kellerrohrback.com<br>bgould@kellerrohrback.com | Lesley E. Weaver (SBN 191305)<br>Anne K. Davis (SBN 267909)<br>Matthew S. Melamed (SBN 260272)<br>Angelica M. Ornelas (SBN 285929)<br>Joshua D. Samra (SBN 313050)<br>555 12th Street, Suite 1600<br>Oakland, CA 94607<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>adavis@bfalaw.com<br>mmelamed@bfalaw.com<br>aornelas@bfalaw.com<br>jsamra@bfalaw.com |

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*