# Exhibit C to
# Special Master's Amended Order on Plaintiffs' Motion for Additional Time to Conduct Rule 30(b)(6) Depositions

# Exhibit C

1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS | **MDL NO. 2843** <br><br> CASE NO. 3:18-MD-02843-VC-JSC <br><br> HON. VINCE CHHABRIA <br> HON. JACQUELINE SCOTT CORLEY <br> COURTROOM 4 – 17TH FLOOR <br> SPECIAL MASTER, DANIEL GARRIE, ESQ. <br><br> **ORDER REGARDING FACEBOOK'S OBJECTIONS TO 30(B)(6) WRITTEN QUESTIONS** |

# INTRODUCTION

1. Pending before the Special Master are Facebook's objections to Plaintiffs' written questions following the deposition of Facebook's 30(b)(6) witness Simon Cross.

# BACKGROUND

2. Plaintiffs deposed Facebook's designated 30(b)(6) witness Simon Cross over the course of five days between May 9, 2022 and June 21, 2022.[1]

3. On June 24, 2022, Special Master Garrie held a hearing to address outstanding issues pertaining to the Simon Cross 30(b)(6) deposition and topics on which Plaintiffs sought additional written or oral testimony. At the June 24, 2022 hearing, Special Master Garrie ordered the parties to meet and confer regarding additional written questions to follow up on Simon Cross's 30(b)(6) deposition. Special Master Garrie noted that the additional questions were to be connected to lines of questioning raised in the 30(b)(6) deposition that Simon Cross was unable to answer. See June 24, 2022 Hearing Transcript at 29:1-12, 30:3-7.

4. On June 29, 2022, Plaintiffs provided Facebook with 143 additional written questions, inclusive of sub-parts, in connection with Simon Cross's 30(b)(6) deposition.

5. On July 13, 2022, Facebook provided Plaintiffs with written responses to 57 of the 143 questions.

6. On July 15, 2022 Facebook submitted a Letter Brief in Response to Plaintiffs' 143 Additional 30(b)(6) Questions in which Facebook argued that it should not be required to respond to the rest of Plaintiffs' questions and set forth objections to each of the unanswered questions. See Exhibit A (Facebook's Letter Brief). Broadly, Facebook objected to the unanswered questions on the basis that the questions (a) were never asked during the deposition; (b) were sufficiently answered during the deposition; (c) ask for an unduly burdensome amount of information and detail not

---

[1] The deposition was conducted in five sessions which took place on May 9, 2022, May 12, 2022, June 6, 2022, June 20, 2022, and June 21, 2022.

**ORDER REGARDING FACEBOOK'S OBJECTIONS TO 30(B)(6) WRITTEN QUESTIONS**

1

appropriate for a deposition; (d) ask for irrelevant information outside the scope of Plaintiffs' case; and/or (e) ask for information outside the scope of the noticed topics for the deposition. Facebook set out specific objections to each question in Exhibit C to Facebook's letter brief.

7. On July 15, 2022, Plaintiffs submitted their response to Facebook's objections. Broadly, Plaintiffs argued that (a) Plaintiffs were not required to ask the precise questions in the deposition in order to include such questions in the written questions; (b) Plaintiffs questions are not unduly burdensome, as Facebook is required to answer them pursuant to Rule 30(b)(6); (c) Facebook is required to provide corporate testimony and cannot refuse to answer questions based on objections that the questions already were answered in a personal capacity; (d) the designee must answer questions even if Facebook objects that the questions are outside the scope of the notice; and (e) Facebook's objections that information is better sought through another discovery device are improper because Facebook has not identified any basis permitting it to select the form in which Plaintiffs seek information. See Exhibit B (Plaintiffs' Response to Facebook's Objections). Plaintiffs also provided responses to Facebook's specific objections to each question. Id. at 4-6.

**FINDINGS**

8. Special Master Garrie finds that Facebook is not entitled to avoid answering questions based on Facebook's objections that the precise questions were not asked during the deposition of Simon Cross. In allowing written questions, Special Master Garrie did not require the precise questions to have been asked during the deposition. See June 24, 2022 Hearing Transcript at 30:3-7 (Special Master Garrie stating that Plaintiffs "are going to give them [Facebook] a set of questions that relate to each of those topics."). Each of Plaintiffs' additional questions relate to the topics raised during the deposition of Simon Cross. Therefore, Facebook is not entitled to avoid answering questions based on this objection.

9. Special Master Garrie finds that Facebook is not entitled to avoid answering questions based on objections that the questions were asked and answered when the deponent answered the questions in a personal capacity and not a corporate capacity. Rule 30(b)(6) entitles Plaintiffs to Facebook's

**ORDER REGARDING FACEBOOK'S OBJECTIONS TO 30(B)(6) WRITTEN QUESTIONS**

2

corporate testimony on relevant topics. *Avago Techs., Inc. v. IPtronics Inc.*, No. 5:10-CV-02863-EJD, 2015 WL 2395941, *1–2 (N.D. Cal. May 19, 2015). Simon Cross's personal testimony, or personal testimony from another witness, cannot satisfy Facebook's duty. Therefore, Facebook is not entitled to avoid answering questions on the basis that the questions were previously answered in a personal capacity, e.g. because Simon Cross did not personally create a document (Topics 6 & 7 questions 11–12, 14–16). See *Great Am. v. Vegas Construction*, 251 F.R.D. 534, 539 (D. Nev. 2008) ("The duty to prepare a Rule 30(b)(6) designee goes beyond matters personally known to the witness or to matters in which the designated witness was personally involved."); *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486–87 (N.D. Cal. 2012) ("It is not expected that the designee have personal knowledge as to all relevant facts; however, the designee must become educated and gain the requested knowledge to the extent reasonably available." (quotation omitted)).

10. Special Master Garrie finds that, except as stated below, Facebook is not entitled to avoid answering questions based on objections that the questions are outside the scope of the noticed topics. Objections that a question exceeds the scope of the 30(b)(6) notice "cannot be used to limit what is asked of the designated witness at a deposition." *UniRam Technology, Inc. v. Monolithic Sys. Tech, Inc.*, No. C 04-1268, 2007 WL 915225, at *2 (N.D. Cal. Mar. 23, 2007); *see also, e.g.*, *Baird v. Blackrock Inst. Trust Co., N.A.*, No. 17cv01892, 2019 WL 365845, at *1 (N.D. Cal. Jan. 30, 2019) (citing cases). Rather, "[t]he 30(b)(6) notice establishes the minimum about which the witness must be prepared to testify, not the maximum." Id. These rules apply to depositions upon written questions pursuant to Rule 31. See F.R.C.P Rule 31(a) ("A deposition upon written questions may be taken of a public or private corporation or a partnership or association or governmental agency in accordance with the provisions of Rule 30(b)(6).").[2] Therefore, except as noted below, Facebook is not entitled to avoid answering questions based on objections that the questions are outside the scope of the noticed topics.

---

[2] If Facebook believes the questions are beyond the scope of the notice, it may state its objection with its written response, as it would during in-person 30(b)(6) testimony.

**ORDER REGARDING FACEBOOK'S OBJECTIONS TO 30(B)(6) WRITTEN QUESTIONS**

3

Special Master Garrie finds that Facebook does not have to provide written responses to Topics 2 and 8 questions 12, 12e, 15, and 15i because the questions refer to data in the CAN and DID tables which date to February 16, 2020 at the earliest, which is after the relevant time period for this matter. Special Master Garrie also finds that Facebook does not have to provide testimony with respect to Topics 6 and 7 question 8 because the question pertains solely to ADI, which is the subject of a future 30(b)(6) deposition.

11. Special Master Garrie finds that Facebook is not entitled to avoid answering questions based on objections that the information is better sought through another discovery device because Facebook has not identified any legal basis permitting it to select the form in which Plaintiffs seek information in Facebook's objections or letter brief.

12. Special Master Garrie finds that Facebook is not entitled to avoid answering questions based on objections that answering such questions would be unduly burdensome. Special Master Garrie finds that each of the questions to which Facebook objects based on undue burden seeks relevant information that outweighs the burden of providing such information. See *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-715 SC, 2009 WL 3809815, at *3 (N.D. Cal. Nov. 10, 2009) (Rule 30(b)(6) "imposes a significant duty upon the organization to educate the deponent prior to the deposition."); *Molex v. City & Cty. of San Francisco*, No. C-4:11-1282-YGR KAW, 2012 WL 1965607, at *2 (N.D. Cal. May 31, 2012) ("Even if the documents are voluminous and the review of those documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed.").

13. Special Master Garrie finds that Facebook is not required to answer Topics 6 and 7 questions 1 and 2 because the questions were sufficiently answered by Simon Cross as shown in Facebook's cited excerpts. See Exhibit A (Facebook's Letter Brief) at 41, 45.

14. Special Master Garrie finds that Facebook is not entitled to avoid answering the following questions based on the objections raised, as described below.

**ORDER REGARDING FACEBOOK'S OBJECTIONS TO 30(B)(6) WRITTEN QUESTIONS**
4

a. <u>Topics 6 and 7 Question 7:</u> Was Facebook aware that friends permissions were often called by apps in ways that exceed the use case for the app? Tr. 22:11–15.

   i. <u>Facebook Objection:</u> This question has been asked and answered. Mr. Cross explained that, around 2013, "there was a number of discussions about how apps were using the information they got via the API. One of those reasons would have been that there were some questions about how that information was being used." Tr. 82:7-24. Furthermore, this question is better suited for the upcoming ADI deposition.

   ii. <u>Special Master Findings:</u> Special Master Garrie finds that Facebook is not entitled to avoid answering this question because Simon Cross's response did not sufficiently answer the question and the question is not better suited to the ADI deposition as the question asks for contemporaneous knowledge and is not limited to knowledge obtained from the ADI.

b. <u>Topics 6 and 7 Question 8a:</u> Apart from the ADI, what did Facebook do to investigate if and how apps with access to nonpublic friend data after 2014 exceeded the use case?

   i. <u>Facebook Objection:</u> Asked and answered. Mr. Cross testified that "the partnerships team reviewed the applications and -- and either removed access to private APIs and whitelists or determined that the -- the application had the appropriate level of access." Tr. 1167:22-1168:1. Mr. Cross further explained that "It was a process in 2018 and early 2019 to assess apps that had been granted additional access to information and -- and determine whether or not that access should continue." 1168:3-6.

   ii. <u>Special Master Findings:</u> Special Master Garrie finds that Facebook is not entitled to avoid answering this question because the question falls within Topic 7, which calls for testimony on whitelisted apps or partners "and whether the access granted exceeded the Use Case." Further, Cross did not answer the question. Cross described a process to determine whether access should continue, not an investigation of how apps had exceeded the use case.

c. <u>Topics 6 and 7 Question 9:</u> What are the risks from private APIs? Tr. 616:21–617:19

   i. <u>Facebook Objection:</u> Asked and answered. Mr. Cross testified that "there's a number of potential risks – from private APIs" and that he "can attempt to enumerate some examples." Tr. 616:24-617:6. Mr. Cross then stated that "there a number of -- as I said, a number of private APIs. One of the risks for an API like off.login is that it allowed developers to supply -- to collect user names and passwords in order to allow a user to log in to an experience on a device. And an app that had that capability, there were a number of risks around making sure that the appropriate disclosures are presented to users and that the information that users provide is -- is captured and used correctly. So that would be one -- one risk from one type of – of private API." Tr. 617:7-19. He continues," So we talked about this in a -- in a previous testimony around some of the reasons for the changes to the public API surface area. We'd had concerns from users that they were not always aware how their information was being used by -- by

**ORDER REGARDING FACEBOOK'S OBJECTIONS TO 30(B)(6) WRITTEN QUESTIONS**

5

applications, and so in the case of private APIs, we would want to make sure that information was being used appropriately." Tr. 618:6-13. No further testimony was sought.

    ii. <u>Special Master Findings:</u> Special Master Garrie finds that Facebook is not entitled to avoid answering this question because Simon Cross provided an incomplete answer that only "attempt[s] to enumerate some examples" from "a number of potential risks."

d. <u>Topics 6 and 7 Question 13:</u> Why didn't Facebook review private APIs in an audit of why that app has that capability and whether or not it should continue to have that capability? Tr. 623:17–11.

    i. <u>Facebook Objection:</u> Mr. Cross answered this question by explaining that "there was an effort in 2013 to reduce the number of capability app pairs which existed, and so I think this is -- it's not right to characterize this as 'not done' and 'done.' There were – have been a number of efforts over a number of years to attempt to manage the -- the set of private APIs." 624:5-11.

    ii. <u>Special Master Findings:</u> Special Master Garrie finds that Facebook is not entitled to avoid answering the question because Simon Cross's responses do not address reviewing private APIs in an audit but rather only refers to reducing and managing private APIs.

e. <u>Topics 6 and 7 Question 16:</u> What does the term "strategic partners" mean in the context of determining which apps to continue to whitelist for private APIs? Tr. 631:7–632:3.

    i. <u>Facebook Objection:</u> Plaintiffs have not identified a deposition question asked that Mr. Cross could not answer. In the context of the use of the phrase "strategic partners" in a slide deck prepared by an individual employee, Plaintiffs asked "[w]ho at Facebook could tell me whether there's a subset of partners called 'strategic partners' at Facebook? In response, Mr. Cross explained that "I don't think there's a standard definition for 'strategic partner[.]'" 632:4-6, 13-14. Plaintiffs did not separately seek testimony regarding the meaning of the term "strategic partners" in the context of determining which apps to whitelist for private APIs.

    ii. <u>Special Master Findings:</u> Special Master Garrie finds that Facebook is not entitled to avoid answering this question. Simon Cross did not sufficiently answer the question and Plaintiffs were not required to have asked the precise question during the deposition as set out in paragraph 8 above.

**ORDER REGARDING FACEBOOK'S OBJECTIONS TO 30(B)(6) WRITTEN QUESTIONS**

# ORDER

15. No later than August 20th, 2022, Facebook is to provide written responses to all questions for which Plaintiffs requested written responses, except for the following: Topics 2 and 8 questions 12, 12e, 15, and 15i; Topics 6 and 7 questions 1 and 2; and the 57 questions to which Facebook already provided written responses.

16. The parties are to meet and confer to schedule a follow up 30(b)(6) deposition to cover the questions on which Plaintiffs seek oral testimony, except for Topic 6 and 7 question 8. [3]

IT IS SO ORDERED.

August 8, 2022

Daniel Garrie
Discovery Special Master

---

[3] If the parties believe there are additional issues regarding 30(b)(6) depositions that require rulings they are to bring such issues before the Special Master in a timely manner as they arise.

**ORDER REGARDING FACEBOOK'S OBJECTIONS TO 30(B)(6) WRITTEN QUESTIONS**
7