GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
 osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Rosemarie T. Ring (SBN 220769)
 rring@gibsondunn.com
Kristin A. Linsley (SBN 154148)
 klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
 mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
 dstein@gibsondunn.com
Heather Richardson
 hrichardson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
 jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S RENEWED ADMINISTRATIVE MOTION TO FILE UNDER SEAL CERTAIN DOCUMENTS** |

Pursuant to Civil Local Rules 7-11 and 79-5, and this Court's Order (Dkt. 1082), Facebook, Inc. ("Facebook") hereby submits this Renewed Administrative Motion to File Under Seal Certain Materials ("Administrative Motion"). For the reasons explained below, there is good cause to seal permanently this information and Facebook's request is narrowly tailored under the circumstances.

**I. Background**

On December 6, 2022, this Court entered an order granting, denying, and denying with leave to renew Facebook's pending requests to seal. Dkt. 1082. Facebook has closely scrutinized its previous sealing requests in light of the guidance offered by the Court's order, and submits this Administrative Motion further narrowing its proposed redactions. As the Court instructed, Facebook will also promptly file a chart that cross-references the original ECF docket numbers of each document, previously filed under seal, with the new ECF docket numbers of these newly filed versions with revised proposed redactions.

Although the Court's order denied many Facebook's sealing requests subject to renewal, Facebook is no longer seeking to seal or redact any portion of Plaintiffs' Exhibit 25, Defendant's Exhibit 32, Plaintiffs' Reply Exhibit 73, Plaintiffs' Reply Exhibits 86–88, the Weaver Declaration ISO Plaintiffs' Supplemental Brief ISO Motion Sanctions (and the Corrected Weaver Declaration), Plaintiffs' Supplemental Exhibit 94, Plaintiffs' Supplemental Exhibit 97, Plaintiffs' Supplemental Exhibit 105 (Full Cross Dep. Tr.), Plaintiffs' Supplemental Exhibit 109, Defendant's Supplemental Exhibit 68, Exhibit C to Special Master's Amended Order on Plaintiffs' Motion for Additional Time to Conduct Rule 30(b)(6) Depositions, and Special Master's Order Regarding Facebook's Objections to 30(b)(6) Written Questions. These documents have been filed with Facebook's concurrently filed Notice of Lodging of Unredacted Documents.

**II. The Good Cause Standard Applies Because the Motion Is Unrelated to the Merits**

Courts seal information in non-dispositive motions so long as there is good cause to do so because public disclosure of the information would cause harm or prejudice, and the request is narrowly tailored. *Doe v. Walmart, Inc.*, 2019 WL 636362, at *1–2 (N.D. Cal. Feb. 11, 2019). Here, documents at issue are related to the discovery record, not the merits of this action, so the good cause standard applies.

**III. There Is Good Cause for Facebook's Proposed Redactions and Sealing**

Facebook asks the Court to permanently seal the following categories of information:

*(i) Confidential information regarding Facebook's proprietary data systems and data storage and processing practices.* As set forth in the Stein Declaration and Proposed Order, Facebook asks the Court to seal confidential information regarding details about the data systems that house specific data and how Facebook stores, tracks, preserves, deletes, and processes data. This information involves key components of Facebook's business that set it apart and ahead of its competitors and reveals confidential technical information about its data systems and proprietary methods for storing and processing data. Stein Decl. ¶ 10. If this information were publicly disclosed, competitors could use it to improve their own methods for managing high volumes of user data or for tracking user data across data systems. *Id.* Courts routinely seal commercially sensitive information that "competitors would be able to take advantage of" and use unfairly if disclosed. *See, e.g.*, *Asetek Danmark A/S v. CMI USA, Inc.*, 2015 WL 4511036, at *2 (N.D. Cal. July 23, 2015). Additionally, hackers and other bad actors could use this information to better understand Facebook's data systems and target specific repositories of data, potentially harming both Facebook and its users. Stein Decl. ¶ 10. The Court has previously found good cause to seal this type of information. Dkt. 1082 (noting that "Facebook has shown good cause to seal certain highly technical information related to its data systems").[1]

*(ii) Confidential and competitively sensitive information regarding Facebook's business programs, strategies, and decisions.* Facebook asks the Court to seal confidential information, set forth in the Stein Declaration and Proposed Order, regarding Facebook's business programs, strategies, and decisions, including confidential technical details of how Facebook develops and uses data to target advertisements to the most relevant users.[2] Courts routinely seal documents that would reveal "confidential and competitively-sensitive information" and "confidential

---

[1] As instructed by this Court's order, Facebook has withdrawn sealing requests related to "the terms 'Hive' and 'Switchboard,' general descriptions of those terms, the fact that Facebook preserved 137 Hive tables, and certain general information about the transition to Graph API v2." Dkt. 1082.

[2] As instructed by this Court's order, Facebook has withdrawn sealing requests related to "the names of its business partners." Dkt. 1082.

business strategies," as well as other "proprietary" information, that competitors could use to a party's competitive disadvantage. *See, e.g.*, *In re Lidoderm Antitrust Litig.*, 2016 WL 4191612, at * 26–27 (N.D. Cal. Aug. 9, 2016); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017). *See* Dkt. 550 at 2–3; Dkt. 550-1 at 1 (requesting sealing of information that would give competitors insight into Facebook's strategy); Dkt. 638 (granting motion to seal); Dkt. 812 at 3–4 (explaining harm to Facebook from public disclosure of the details of Facebook's targeted advertising); Dkt. 844 (granting motion to seal such information). Public disclosure of this information could allow Facebook's competitors to copy its strategies, or use the ideas developed by Facebook at its own expense to Facebook's competitive disadvantage. Stein Decl. ¶ 11. Finally, Facebook's ability to serve advertisements to the users who find them most relevant is an essential aspect of its business, and if publicly disclosed, this information could allow Facebook's competitors to improve their service of advertisements and cause Facebook competitive harm. *Id*.

**(iii) Confidential information regarding Facebook's privacy and platform policy enforcement practices.** Facebook asks the Court to seal confidential information, set forth in the Stein Declaration and Proposed Order, regarding Facebook's privacy and platform enforcement practices. Disclosure of information about Facebook's decision-making process for evaluating apps and developers that may be violating its policies would reveal confidential details of Facebook's internal business operations. Stein Decl. ¶ 12. If this information were revealed, bad actors could use it to attempt to circumvent and evade Facebook's enforcement strategies, potentially harming both Facebook and its users. *Id.* The Court has previously sealed similar information for the same reasons. *See, e.g.*, Dkt. 812 (requesting sealing of similar information); Dkt. 844 (granting motion to seal). Facebook also asks to seal specific technical information included in portions of memos prepared by its consultants in connection with its App Developer Investigation. *See* Dkt. 804-2; *see also* Dkt. 804 (explaining rationale for sealing ADI investigative reports and ADI-related information).

**(iv) Confidential information regarding Facebook employees.** As set forth in the Stein Declaration and Proposed Order, Facebook asks the Court to seal certain confidential information regarding Facebook employees, including the names of certain employees and employee email

addresses. To protect employees' privacy interests, courts regularly seal information about employees who are not parties to the litigation. *See, e.g.*, *Shopify Inc. v. Express Mobile, Inc.*, No. 20-mc-80091, 2020 WL 4732334, at *12 (N.D. Cal. Aug. 14, 2020) (concluding that "good cause exist[ed] to seal" the "names of parties who are not involved with or incident to the current litigation where disclosure of the information would violate a party's legitimate privacy interest"); *Murphy v. Kavo America Corp.*, No. CV-11-0410-YGR, 2012 WL 1497489, at *1 (N.D. Cal. April 27, 2012) (recognizing that "[e]mployees and former employees who are not parties to . . . litigation have privacy interests in their personnel information"). Sealing is especially needed for certain documents containing the identities of a large number of employees because publicly revealing the names of these Facebook employees may encourage competitors to recruit these critical employees. *See In re Incretin-Based Therapies Products Liabilities Litig.*, No. 13-md-2452-AJB, 2015 WL 11658712, at *2 (S.D. Cal. Nov. 18, 2015) ("[C]ourts have maintained documents under seal where the information contained therein could permit competitors to gain access to operational and personnel information."); *see also* Stein Decl. ¶ 13. The Court has previously sealed similar information for the same reasons. Dkt. 1082 (granting sealing requests to seal "the names and emails of certain Facebook employees").

**IV. The Proposed Redactions Are Narrowly Tailored**

Facebook's proposed redactions are narrowly tailored because the redactions are limited to the narrow and limited categories of confidential and proprietary information set forth above. *See Dunbar v. Google, Inc.*, 2013 WL 12216625, at *1 (N.D. Cal. Aug. 18, 2014) (granting sealing requests that were "narrowly tailored to protect . . . proprietary information").

\*   \*   \*

For these reasons, Facebook respectfully requests that the Court permanently seal the materials attached to Plaintiffs' Renewed Administrative Motion as set forth herein and as fully set forth in the Proposed Order.

| | |
|---|---|
| Dated:  December 12, 2022 | **GIBSON, DUNN & CRUTCHER, LLP**<br><br>By:  /s/ Deborah Stein<br>Orin Snyder (*pro hac vice*)<br>osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone:  212.351.4000<br>Facsimile:  212.351.4035<br><br>Deborah Stein (SBN 224570)<br>dstein@gibsondunn.com<br>Heather Richardson<br>hrichardson@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone:  213.229.7000<br>Facsimile:  213.229.7520<br><br>Joshua S. Lipshutz (SBN 242557)<br>jlipshutz@gibsondunn.com<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone:  202.955.8500<br>Facsimile:  202.467.0539<br><br>Rosemarie T. Ring (SBN 220769)<br>rring@gibsondunn.com<br>Kristin A. Linsley (SBN 154148)<br>klinsley@gibsondunn.com<br>Martie Kutscher (SBN 302650)<br>mkutscherclark@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone:  415.393.8200<br>Facsimile:  415.393.8306<br><br><br>*Attorneys for Defendant Facebook, Inc.* |