GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Rosemarie T. Ring (SBN 220769)
  rring@gibsondunn.com
Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**DECLARATION OF DEBORAH STEIN IN SUPPORT OF FACEBOOK, INC.'S RENEWED ADMINISTRATIVE MOTION TO SEAL** |

Gibson, Dunn & Crutcher LLP

DECLARATION OF DEBORAH STEIN IN SUPPORT OF FACEBOOK, INC.'S RENEWED ADMINISTRATIVE MOTION TO SEAL
CASE NO 3:18-MD-02843-VC

I, Deborah Stein, hereby declare as follows:

1. I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned matter. I am a member in good standing of the State Bars of California and New York. I submit this supplemental declaration in support of Facebook's Renewed Administrative Motion to Seal. I make this supplemental declaration on my own knowledge, and I would testify to the matters stated herein under oath if called upon to do so.

2. Attached as **Exhibits 33-A, 34-A, 51-A, 63-A, 65–68-A, 74-A, 90–93-A, 95-A, 96-A, 106-A, 112-A, 121-A, and 139-A** are a true and correct **unredacted** copy of Plaintiffs' Exhibits 33, 34, 51, 63, 65–68, 74, 90–95, 96, 106, 112, 121, and 139.

3. Attached as **Exhibits 33-B, 34-B, 51-B, 63-B, 65–68-B, 74-B, 90–93-B, 95-B, 96-B, 106-B, 112-B, 121-B, and 139-B** are a true and correct **redacted** copy of Plaintiffs' Exhibits 33, 34, 51, 63, 65–68, 74, 90–95, 96, 106, 112, 121, and 139.

4. Attached as **Exhibits 7-A, 9-A, 20-A, 25-A, 41-A, 56-A, 64-A, and 73-A** are a true and correct **unredacted** copy of Defendants' Exhibits 7, 9, 20, 25, 41, 56, 64, and 73.

5. Attached as **Exhibits 7-B, 9-B, 20-B, 25-B, 41-B, 56-B, 64-B, and 73-B** are a true and correct **redacted** copy of Defendants' Exhibits 7, 9, 20, 25, 41, 56, 64, and 73.

6. Attached as **Exhibits 1-A** and **1-B** are a true and correct **unredacted** and **redacted** copies, respectively, of the Deposition Transcript of Michael Duffey.

7. Attached as **Exhibits 2-A** and **2-B** are a true and correct **unredacted** and **redacted** copies, respectively, of the Deposition Transcript of Jackie Chang.

8. Attached as **Exhibits 3-A** and **3-B** are a true and correct **unredacted** and **redacted** copies, respectively, of the Special Master's Amended Order Regarding Production of Named Plaintiff Data and the Exhibits thereto.

1
DECLARATION OF DEBORAH STEIN IN SUPPORT OF FACEBOOK, INC.'S RENEWED ADMINISTRATIVE MOTION TO SEAL
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

9. Attached as **Exhibits 4-A** and **4-B** are a true and correct **unredacted** and **redacted** copies, respectively, of Richardson Declaration ISO Facebook, Inc., Gibson, Dunn & Crutcher LLP, and Orin Snyder's Supplemental Brief in Opposition to Plaintiffs' Motion for Sanctions.

10. Facebook proposes redacting confidential information regarding its data systems and Facebook's proprietary data storage and processing practices.[1] How Facebook stores, manages, tracks, preserves, deletes, and processes data for billions of users across its data systems are key components of its business that set it apart and ahead of its competitors. I understand that, if publicly disclosed, Facebook's competitors could take advantage of this information to improve their own methods for managing high volumes of user data or for tracking and storing user data across data systems, to Facebook's competitive disadvantage. Hackers and other bad actors also could use this information to better

---

[1] *See* Plaintiffs' Ex. 33 at 68, 69, 72, 123–127, 142, 144, 166, 167, 172–175, 179–181, 193–206, 227–410, 513–526, 531–616, 619, 62, 665, 666, 697, 698, 701, 703, 704, 706, 707, 711, 714–716, 718, 722, 723, 752, 756, 757, 762, 763, 765, 766, 770, 773–777, 788–792, 794, 800–803; Plaintiffs' Ex. 34 at 9–10, 12–13; Plaintiffs' Ex. 51 at 29–30, 33, 84–88; Plaintiffs' Ex. 63 at 3–5, 7; Plaintiffs' Ex. 66 at 1–2, 5–6, 8–11; Plaintiffs' Ex. 67 at 11–12, 14, 16–17, 19–20, 22–23, 26–27, 29; Plaintiffs' Ex. 68 at 1–2, 4, 9–11, 15–16; Defendants' Ex. 7 at 69:5–6, 108:1–12, 113:13–23, 114:24–115:1, 129:9–25, 130:2–3; Defendants' Ex. 9 at 3, 5; . Defendants' Ex. 20 at 4, 8, 14–15, 17–18, 22, 25–29; Defendants' Ex. 25 at 3, 7–8, 16–17, 19–22, 26–33, 37, 41–42; Limited portions that reveal confidential information regarding Facebook's proprietary data systems and data storage and processing practices. Defendants' Ex. 41 at 31–37, 39; Limited portions that reveal confidential information regarding Facebook's proprietary data systems and data storage and processing practices. Plaintiffs' Reply Ex. 74 at 3, 8, 17–24, 29–44; Limited portions that reveal confidential information regarding Facebook's proprietary data systems and data storage and processing practices. Ex. 3 at 114–117, 128–120, 137–138, 150–152, 156–158, 160, 162, 167, 170, 172–173, 178, 183–185,191, 202, 211, 217, 220, 222, 227, 237, 284, 286, 327–328, 358–359, 398, 400–401, 413, 424, 428, 435, 446, 458, 460–461, 463, 465, 476–477, 488–489, 492, 549, 570, 572, 582–583, 588–589, 602–604, 606, 627–628, 633–634, 637, 655, 670, 672–673, 676, 679, 758–759, 772–774, 789, 792–797, 831; Plaintiffs' Supplemental Ex. 90 at 16–17, 33–34, 36; Plaintiffs' Supplemental Ex. 91 at 17–18; Plaintiffs' Supplemental Ex. 92 at 1–2, 8–9; Plaintiffs' Supplemental Ex. 95 at 42:5–6, 11–15; Plaintiffs' Supplemental Ex. 96 at 2–3; Plaintiffs' Supplemental Ex. 106 (Chang Tr.) at 163:9–10, 11, 13, 15; 182:5, 19–20; 223:8, 224:21–22; 225:5; pdf pages 29–30; Plaintiffs' Supplemental Ex. 112 at 2; Ex. 1 at 42:5–6, 11–15; 54:3–5; 57:16–17, 22–23; 58:12; 64:24–25; 65:16–18; 23–25; 66:1–4; 79:12; 83:14–16; 96:21–22, 25; 97:2; 158:5–6; Ex. 2 at 74:19, 24; 75:19–20; 76:21; 77:4, 7–8; 24–25; 78:11–23; 79:7–9; 80:21–22; 81:4, 81:25–82:3; 82:9-14, 18, 20 - 22; 82:24–83:3; 83:9–11; 84:6–7, 10, 20; 85:3–5, 7, 11; 110:2–4, 6–7; 114:4, 12; 116:22–24; 127:22; 128:2, 6, 11–12, 19;  154:2, 24; 155:2; 156:17; 162:22, 25; 163:9–10, 11, 13, 15; 182:5, 19–20; 184:4–5, 9–10; 203:6, 8, 11–14, 20–25; 204:1–2, 19–22, 24–25; 205:4–5, 7–8, 10–11, 13–14, 20–25; 206: 1–4, 9–16; 222:2–3, 22–23; 223:8, 224:21–22; 225:5; 227:12–16; 24–25; 228:1, 14–20, 24; 229: 2–6, 10, 12; 231:5; 231:21–22; 232:1–4; 233:9–10, 14–23, 25; 234:1–4; 237:6, 9; 252:11–13; 283:12–14, 16, 18; 284:1; 285:3–5, 9–11, 22; Ex. 4 at 5; Defendant's Supplemental Ex. 56 at 185:4–7, 9–10, 12–14,16, 18; Defendant's Supplemental Ex. 64 at 5; Defendants' Supplemental Ex. 73 at 2–3, 5.

2
DECLARATION OF DEBORAH STEIN IN SUPPORT OF FACEBOOK, INC.'S RENEWED ADMINISTRATIVE MOTION TO SEAL
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

understand Facebook's data systems and target specific repositories of data, potentially harming both Facebook and its users. This Court previously ordered that Facebook has shown good cause to seal certain highly technical information related to its data systems. Dkt. 1082.

11.  Facebook proposes redacting confidential and competitively sensitive information regarding its business programs, strategies, and decisions, including confidential technical details of how Facebook develops and uses data to target advertisements to the most relevant users.[2] This information also includes confidential strategic discussions regarding Facebook's existing and potential future business models and strategies. I am informed and believe that public disclosure of confidential information regarding Facebook's business models could allow Facebook's competitors to use this information developed at Facebook's expense to improve or develop their own competing techniques, to Facebook's competitive disadvantage. Additionally, I am informed and believe that public disclosure of confidential information regarding Facebook's business strategies could allow Facebook's competitors to copy these strategies, developed at Facebooks expense, to more effectively compete with Facebook. Finally, Facebook's ability to serve advertisements to its users effectively is an essential aspect of its business and I am informed and believe that, if publicly disclosed, this information could allow Facebook's competitors to improve their serve of advertisements to Facebook's competitive disadvantage.

12.  Facebook proposes to seal confidential information regarding Facebook's privacy and platform policy enforcement practices, including Facebook's decision-making process for evaluating

---

[2] Defendants' Ex. 7 at 61:10–21, 65:12–14, 65:17–66:5, 66:19–23, 66:25–67:11, 69:11–13, 69:16–20, 69:22–25, 70:1–12, 70:20–25, 79:17–78:2, 80:20–81:19, 82:17–19, 83:24–84:1, 85:7–10, 85:13, 85:16–19, 86:9–10, 86:13–22, 88:24–89:2, 89:4–6, 89:8–13, 90:2–3, 90:5–11, 90:20–21, 90:23, 91:1–4, 91:8–10, 91:14, 91:24, 92:2–4, 92:14–16, 92:22–23, 97:3–5, 106:20–107:11, 107:15–16, 107:19–21, 107:22–24, 116:17–25, 130:21–24, 131:21–23, 132:1–4, 132:6–8, 132:19–21, 132:24–25; Plaintiffs' Reply Ex. 74 at 7; Ex. 3 at 758, 772; Defendants' Supplemental Ex. 64 at 4.

3
DECLARATION OF DEBORAH STEIN IN SUPPORT OF FACEBOOK, INC.'S RENEWED ADMINISTRATIVE MOTION TO SEAL
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

apps and developers that may be violating its policies.[3]  This includes confidential information regarding ADI documents and references thereto.  I understand that public disclosure of details regarding Facebook's policy-enforcement efforts would reveal confidential information regarding Facebook's internal operations that could be used by bad actors to attempt to circumvent and evade Facebook's enforcement strategies, potentially harming Facebook and its users.

13.   Facebook also asks the Court to permanently seal certain confidential information regarding Facebook employees, including the names of certain employees and their email addresses.[4]  If these names were disclosed publicly, competitors would have access to confidential information regarding Facebook's employees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 12, 2022 in Los Angeles, California.

*/s/ Deborah Stein*
Deborah Stein

---

[3] Defendants' Ex. 7 at 129:9–25, 130:2–3, 133:9–10, 133:12, 133:16–17, 133:20–22, 133:24, 134:3–5, 134:8–10, 134:12–13; Plaintiffs' Supplemental Ex. 90 at 17, 33–34, 36; Plaintiffs' Supplemental Ex. 91 at 1–2; Plaintiffs' Supplemental Ex. 92 at 1–2, 5–6, 8; Plaintiffs' Supplemental Ex. 93 at 1, 3.

[4] Plaintiffs' Ex. 67 at 169–170, 175, 178, 184, 188; Defendants' Ex. 41 at 8–9; Ex. 3 at 549–550; Plaintiffs' Supplemental Ex. 112 at 2–8; Plaintiffs' Supplemental Ex. 121 at 5; Plaintiffs' Supplemental Ex. 139 at 1; Ex. 2 at 207:16, 22; 208:5;

4
DECLARATION OF DEBORAH STEIN IN SUPPORT OF FACEBOOK, INC.'S RENEWED ADMINISTRATIVE MOTION TO SEAL
CASE NO 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP