# Exhibit 56-B

# Redacted Version of Document Sought to be Sealed

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2             NORTHERN DISTRICT OF CALIFORNIA
 3
    IN RE:  FACEBOOK, INC.,      MDL No. 2843
 4  CONSUMER USER PROFILE        Case No.
    LITIGATION                   18-md-02843-VC-JSC
 5  _____
 6  This document relates to:
 7  ALL ACTIONS
 8
    _____
 9
10
11
12     **HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY**
13        ZOOM DEPOSITION OF FACEBOOK'S 30(b)(6)
14       CORPORATE REPRESENTATIVE - HARRISON FISK
15   (Reported Remotely via Video & Web Videoconference)
16       Menlo Park, California (Deponent's location)
17                Tuesday, August 16, 2022
18                        Volume 1
19
20
    STENOGRAPHICALLY REPORTED BY:
21  REBECCA L. ROMANO, RPR, CSR, CCR
    California CSR No. 12546
22  Nevada CCR No. 827
    Oregon CSR No. 20-0466
23  Washington CCR No. 3491
24  JOB NO. 5345585
25  PAGES 1 - 206
```

Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
1              UNITED STATES DISTRICT COURT
2            NORTHERN DISTRICT OF CALIFORNIA
3

   IN RE:  FACEBOOK, INC.,     MDL No. 2843
4  CONSUMER USER PROFILE       Case No.
   LITIGATION                  18-md-02843-VC-JSC
5  _____
6  This document relates to:
7  ALL ACTIONS
8

   _____
9
10
11
12
13
14
15           DEPOSITION OF HARRISON FISK, taken on
16  behalf of the Plaintiffs, with the deponent located
17  in Menlo Park, California, commencing at
18  9:12 a.m., Tuesday, August 16, 2022, remotely
19  reported via Video & Web videoconference before
20  REBECCA L. ROMANO, a Certified Shorthand Reporter,
21  Certified Court Reporter, Registered Professional
22  Reporter.
23
24
25
```

Page 2

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1              APPEARANCES OF COUNSEL
 2    (All parties appearing via Web videoconference)
 3
 4    For the Plaintiffs:
 5         BLEICHMAR FONTI & AULD LLP
 6         BY:   JOSHUA SAMRA
 7         BY:   ANNE K. DAVIS
 8         BY:   LESLEY E. WEAVER
 9         Attorneys at Law
10         555 12th Street
11         Suite 1600
12         Oakland, California 94607
13         (415) 445-4003
14         jsamra@bfalaw.com
15         adavis@bfalaw.com
16         lweaver@bfalaw.com
17    and
18         KELLER ROHRBACK L.L.P.
19         BY:   CARI CAMPEN LAUFENBERG
20         Attorney at Law
21         1201 Third Avenue
22         Suite 3200
23         Seattle, Washington 98101
24         (206) 623-1900
25
```

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

```
 1                APPEARANCES OF COUNSEL
 2    (All parties appearing via Web videoconference)
 3
 4    For Facebook, Inc.:
 5         GIBSON, DUNN & CRUTCHER LLP
 6         BY:   HEATHER L. RICHARDSON
 7         Attorney at Law
 8         333 South Grand Avenue
 9         Los Angeles, California 90071
10         (213) 229-7409
11         hrichardson@gibsondunn.com
12    and
13         BY:   ROSEMARIE T. RING
14         Attorney at Law
15         555 Mission Street
16         Suite 3000
17         San Francisco, California 94105-0921
18         (415) 393-8247
19         rring@gibsondunn.com
20
21
22
23
24
25    /////
```

```
 1              APPEARANCES OF COUNSEL(cont'd)
 2    (All parties appearing via Web videoconference)
 3
 4    For Facebook, Inc.:
 5         GIBSON, DUNN & CRUTCHER LLP
 6         BY:   MARTIE KUTSCHER CLARK
 7         BY:   PRACHI MISTRY
 8         Attorneys at Law
 9         1881 Page Mill Road
10         Palo Alto, California 94304-1211
11         (650) 849-5348
12         mkutscherclark@gibsondunn.com
13         pmistry@gibsondunn.com
14
15
16
17
18
19
20
21
22
23
24
25    /////
```

Page 5

| | | |
|---|---|---|
| 1 | part -- so in Scuba, you can view like the | 11:55:07 |
| 2 | structure of a table.  But you have to know which | |
| 3 | table you're interested in.  And so that's where | |
| 4 | you'd have to know the -- the table that's -- | |
| 5 | contains these ads -- I believe you're saying ads | 11:55:15 |
| 6 | clicks.  And once you have that, you can then look | |
| 7 | up the metadata associated with that specific | |
| 8 | table. | |
| 9 |     Q.   (By Mr. Samra)  Is there any document | |
| 10 | showing what the field names are in these -- the | 11:56:04 |
| 11 | tables associated with ads_clicked? | |
| 12 |         MS. RICHARDSON:  Objection.  Vague. | |
| 13 | Scope. | |
| 14 |         THE DEPONENT:  I mean, I'm not aware of a | |
| 15 | document like that.  Again, the team may have | 11:56:22 |
| 16 | something, but I don't know.  There's -- there's no | |
| 17 | like automatic thing that describes anything. | |
| 18 |     Q.   (By Mr. Samra)  And is that the same for | |
| 19 | ad clicks and revenue? | |
| 20 |     A.   Yes. | 11:56:50 |
| 21 |     Q.   Do third parties have access to analytics | |
| 22 | provided from Scuba? | |
| 23 |     A.   No. | |
| 24 |     Q.   Do third parties have access to Presto? | |
| 25 |     A.   No.  Whenever a third party could | 11:57:31 |

Page 95

| | | |
|---|---|---|
| 1 | potentially have any sort of access, there's always | 11:57:37 |
| 2 | a lot of controls in order to restrict and ensure | |
| 3 | that doesn't happen inappropriately. | |
| 4 |     Q.   When could a third party have access? | |
| 5 |     A.   Directly into Scuba or Hive, I'm not | 11:58:01 |
| 6 | aware of any. | |
| 7 |     Q.   What about Presto? | |
| 8 |     A.   No, I'm not aware of any. | |
| 9 |     Q.   You testified that whenever a third party | |
| 10 | could potentially have access -- | 11:58:12 |
| 11 |     A.   Yes. | |
| 12 |     Q.   -- it would be -- there would be a lot of | |
| 13 | controls? | |
| 14 |     A.   Yes. | |
| 15 |     Q.   What were some of the instances of | 11:58:20 |
| 16 | potential access that you were referring to? | |
| 17 |     A.   Again, for access through those tools, | |
| 18 | I'm not aware of any. | |
| 19 |     Q.   What about Spark, are you aware of any | |
| 20 | access by third parties? | 11:58:40 |
| 21 |     A.   No. | |
| 22 |     Q.   Diagraph? | |
| 23 |     A.   No. | |
| 24 |     Q.   Centra? | |
| 25 |     A.   No. | 11:58:49 |

Page 96

| | | |
|---|---|---|
| 1 | Q. SRT? | 11:58:52 |
| 2 | A. No. | |
| 3 | MR. SAMRA: Okay. Thank you. | |
| 4 | I think this is a good place for a break. | |
| 5 | We can go off the record. | 11:58:59 |
| 6 | MS. RICHARDSON: Sure. How -- how long | |
| 7 | do you want for a lunch, Josh? | |
| 8 | MR. SAMRA: I'll leave it to Mr. Fisk and | |
| 9 | Rebecca and John. | |
| 10 | Oh, I think we're still on the record, | 11:59:07 |
| 11 | though. | |
| 12 | MS. RICHARDSON: Do you want to go off | |
| 13 | the record and we can talk about lunch. | |
| 14 | THE VIDEOGRAPHER: Sure. Okay. We're | |
| 15 | off the record. It's 11:59 a.m. . | 11:59:19 |
| 16 | (Recess taken.) | |
| 17 | THE VIDEOGRAPHER: Okay. We're back on | |
| 18 | the record. It's 1:03 p.m. | |
| 19 | Q. (By Mr. Samra) Mr. Fisk, do you | |
| 20 | understand you're still under oath? | 01:03:11 |
| 21 | A. Yes. | |
| 22 | Q. We briefly discussed anonymization and | |
| 23 | Hive. | |
| 24 | Do you recall that? | |
| 25 | A. Yes. | 01:03:26 |

Page 97

HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY

| | | |
|---|---|---|
| 1 | Q. Okay. So when it's generate -- when | 04:00:32 |
| 2 | it -- when the PDF is created -- | |
| 3 | A. Yes. | |
| 4 | Q. -- is it reflective of the privacy | |
| 5 | settings as of July 1st, 2022, or is it reflective | 04:00:42 |
| 6 | of the settings as of October 28th, 2020? | |
| 7 | A. So there's two sets of settings here. | |
| 8 | The first settings will be the current settings | |
| 9 | when this was generated in July. And then this set | |
| 10 | would be from the October 28th, 2020, instead. | 04:01:00 |
| 11 | So there's essentially two -- two copies | |
| 12 | of data. One from the past and one from the | |
| 13 | current when this was taken. | |
| 14 | Q. Thank you. | |
| 15 | Switching gears a bit. | 04:01:21 |
| 16 | I want to talk to you about APIs and how | |
| 17 | they interact with Facebook and -- or excuse me -- | |
| 18 | Hive and TAO. | |
| 19 | Are you aware generally of Graph API? | |
| 20 | A. Yes. | 04:01:42 |
| 21 | Q. And are you aware that Graph API allows | |
| 22 | applications to access users' information? | |
| 23 | A. The Graph API has specific data that | |
| 24 | allows access to with user permissions and other | |
| 25 | sorts of controls, but yes. | 04:02:04 |

```
1     Q.   And using Graph API, as an example, what          04:02:10
2    happens in Hive when third parties make API
3    requests for users' information?
4     A.   Yeah.  So the ▇▇▇▇ cannot possibly
5    ▇▇▇▇  It's both a -- a policy.  But also a              04:02:25
6    technical infeasibility for ▇▇▇ to ▇▇▇ any
7    sort of ▇▇▇▇ in the ▇▇▇▇
8     Q.   What intermediate steps are taken, if
9    any, on ▇▇▇ when an ▇▇▇▇ is made on
10   ▇▇▇▇                                                    04:02:48
11    A.   So, again, there's no -- there's no
12   ▇▇▇▇ between ▇▇▇▇▇▇ and
13   ▇▇
14    Q.   Are ▇▇ requests logged in ▇▇▇
15    A.   I believe there could be logs that are            04:03:10
16   generated from these ▇▇ that are ▇▇ into ▇▇
17    Q.   Is there a log of the third parties that
18   have ▇▇▇ to ▇▇▇▇
19         MS. RICHARDSON:  Objection.  Beyond the
20   scope.                                                  04:03:31
21         THE DEPONENT:  Yeah.  I'm not exactly
22   sure how the third-party usage of these APIs are
23   controlled.  I know there's various logs and
24   various controls that go into it.  But I don't know
25   all the specifics.                                      04:03:44
```

Page 185

```
1            SPECIAL MASTER GARRIE:  Counsel Samra,        04:45:54
2    any further questions?
3                      EXAMINATION
4    BY MR. SAMRA:
5        Q.   Mr. Fisk, earlier you were testifying        04:45:59
6    about AI researchers having access to Hive,
7    correct?
8        A.   Yes.
9        Q.   Are you aware of any external researchers
10   having access to Hive?                                04:46:11
11       A.   No.
12       Q.   What about to TAO?
13       A.   No.
14       Q.   Are you aware of external researchers
15   having access to any of the tools that we discussed   04:46:21
16   today?
17       A.   No.
18            MR. SAMRA:  Okay.  No further questions.
19            MS. RICHARDSON:  And we're all -- we're
20   all done, too.                                        04:46:34
21            SPECIAL MASTER GARRIE:  Okay.  So
22   Counsel Richardson, would you like to designate the
23   transcript?
24            MS. RICHARDSON:  I would.  I'd like to
25   designate it as "Confidential" for now, and then      04:46:43
```

Page 198