**Pages 1 - 23**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Vince Chhabria, Judge

IN RE:  FACEBOOK, INC. CONSUMER )
PRIVACY USER PROFILE LITIGATION.)  **NO. 18-MD-02843 VC**
                                )

San Francisco, California
Thursday, June 24, 2021

<u>**TRANSCRIPT OF ZOOM WEBINAR PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND RECORDING - 2:22 - 2:48 p.m.**</u>

<u>**APPEARANCES VIA ZOOM:**</u>

For Plaintiffs:
> KELLER ROHRBACK LLP
> 1201 Third Avenue - Suite 3200
> Seattle, Washington  98101
> BY: **DEREK LOESER, ATTORNEY AT LAW**
> **CARI LAUFENBERG, ATTORNEY AT LAW**
> **DAVID J. KO, ATTORNEY AT LAW**

> BLEICHMAR, FONTI & AULD LLP
> 555 12th Street - Suite 1600
> Oakland, California  94607
> BY: **LESLEY E. WEAVER, ATTORNEY AT LAW**
> **ANNE K. DAVIS, ATTORNEY AT LAW**
> **MATTHEW P. MELAMED, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON THE FOLLOWING PAGE)**

Transcribed By:    Marla F. Knox, RPR, CRR, RMR
                   United States Official Court Reporter

1  Judge Corley, and I'm sure it's intensely frustrating for you.
2      Judge Corley came up with what I thought all of the
3  parties thought was a very good idea to try to deal with some
4  of these issues, which was to have us voluntarily agree to
5  discovery mediation.
6      Frankly, that is something that none of us had ever really
7  attempted before; but in my several -- almost three decades of
8  litigating cases like this, I have never seen discovery have so
9  many problems before.
10     And so we were willing to try this.  And, in fact, it has
11 been quite helpful.  Judge Andler and Mr. Garrie have done an
12 outstanding job attempting to bring the parties together.
13     I would say from the Plaintiffs' perspective the
14 problem -- again, I'm sure Mr. Snyder will disagree -- but
15 mediation doesn't do a great job of dealing with the situation
16 where one side is convinced the other side is utterly
17 incorrect, and there needs to be some type of ruling to move
18 the matter forward.
19     And so what we have seen is there are some limitations to
20 what -- in that type of situation -- what mediation can
21 resolve.
22     We have a solution that we think would really solve that
23 problem, and we think would really accelerate the pace of
24 discovery.
25     And that would be to add a special master -- particularly

1  a special master who is very familiar with the technological
2  issues in a case like this and to have that person able to call
3  some balls and strikes.
4      So we would like to modify the structure Judge Corley has
5  set up -- which, again, we fully support -- by introducing the
6  ability for a technical special master to simply look at the
7  parties -- having heard them; having seen whatever attempt to
8  mediate the issues, if the parties so choose to attempt it that
9  way -- and to call some balls and strikes.
10     Mr. Garrie, who has served in that exact capacity before
11 is perfectly suited for that.  He has already been selected by
12 the parties.  He has the mutual support of the parties to be a
13 mediator for discovery.  And we think if we can simply evolve
14 his role so he can look the parties in the eye after listening
15 to them and say:  Look, you are wrong.  You are right or there
16 is some solution there and I order it, that can then go to
17 Judge Corley.  If the parties want to challenge that decision,
18 they can.
19     I'm hopeful that they won't and that we won't and that
20 Facebook won't.  And then if there is some further need to
21 appeal that on, so be it.  That's usually how it works.
22         **THE COURT:**  Well, that's -- that last part is the part
23 that I have a problem with.
24     I mean, I think that what you are contemplating now is
25 a -- a scenario where there are basically three levels of

1  Mr. Garrie as our special masters. The parties mutually
2  selected Judge Andler. She obviously is an esteemed
3  20-plus-year mediator with JAMS and before that, one of the
4  most respected judges in the commercial division, I think, in
5  Santa Barbara.
6      And she brought in as a technical expert, Mr. Garrie, who
7  is also incredibly talented. He understands the technology.
8  Judge Andler has been a judge and a mediator for many years and
9  has incredible judicial temperament and judgment on these
10 issues and has been calling balls and strikes without authority
11 and very, very helpful in mediating disputes.
12     And so we would consent -- we think they both would be
13 excellent if it works because one is the Judge. The other is
14 the technical. And they compare notes and come to a consensus
15 in their rulings or determinations.
16     And it also helps as a tag-team because they are both very
17 busy, Your Honor. So one is available for an hour. Another
18 one is available for the other hour, and then they come back
19 for the last half hour.
20     So as a tag-team, we think they make an excellent special
21 master. And given some of the technical issues, it is very
22 helpful to have someone with that technical background if not
23 judicial background.
24     We would agree, Your Honor, to their rulings being final
25 and not appealable to anyone; to save you and Judge Corley time

1  and preserve your scarce resources.
2      We would be happy with any level of appellate review to
3  Your Honor or Judge Corley that the Plaintiffs wish, and we
4  would consent to either.  And we believe that giving them that
5  final authority.
6      We would also agree to a cost shifting on an appeal;
7  losing party, to dissuade even further appeals.  Because
8  contrary to what I think Your Honor may believe respectfully,
9  we really are not in the dispute manufacturing business.  We
10 are in the, Let's get to class cert.  Let's get to summary
11 judgment.  Let's get this case on the road.
12     And, unfortunately, there are irreconcilable disputes
13 about the scope of discovery.
14     And Judge Andler and Mr. Garrie understand the case,
15 Your Honor, as well as the parties do.  They know every
16 in-and-out of the case by now, which is an incredibly helpful
17 resource to have.
18     So we think we can efficiently and effectively bring all
19 the disputes to them.  Again, we are happy for it to be final
20 under Rule 53, I think -- I think Your Honor has discretion to
21 order that.  That's how much trust and faith we have in these
22 two mediators/referees/special masters.
23     So whatever Your Honor and the Plaintiffs wish in terms of
24 review, we are happy to consent to it so long as it is both of
25 them because it's been a very effective and successful process.

1  reach agreement on that.
2      **THE COURT:** Okay. I think --
3      **MR. LOESER:** Your Honor --
4      **THE COURT:** Sorry. Go ahead.
5      **MR. LOESER:** I was just going to say, we obviously --
6  confidentiality is important in mediation. That's well
7  understood by all the parties.
8      I think the one thing that is a little nuance here -- that
9  I think the parties are going to have to work through -- is
10 because it is discovery mediation and because we do need to
11 inform the Court of the status of discovery disputes and we do
12 need to be able to argue for the position that we want to take,
13 regardless of whether we mediated it, it is not going to be the
14 same type of confidentiality that you would see in the
15 settlement mediation context where, you know, the parties can
16 agree not to say anything about what happened in mediation
17 because --
18     **THE COURT:** And I will just say that I haven't seen --
19 you know, in the stuff that I have read that you-all have
20 submitted in anticipation of this conference, I haven't seen
21 anything that I think anybody could reasonably describe as
22 objectionable or a breach or anything like that.
23     But -- and I also think that, you know, the issue of
24 confidentiality, when we are talking about mediating discovery
25 disputes, is just so much less of a big deal. It just doesn't

1  seem like a big deal at all to me.  But that may be -- reflect
2  my lack of sophistication on these matters.
3      So I would like to do, if it is okay with everybody, is
4  think about it a little more and, perhaps, have an off-line
5  discussion with Judge Andler and Mr. Garrie and Judge Corley.
6  And then I will issue an order after doing that.
7          **MR. LOESER:**  That's excellent, Your Honor.  And if we
8  could start -- go back to where we started on this call, which
9  is to just very briefly talk about the settlement mediation.
10         **THE COURT:**  Yeah, that's what I have been wanting to
11 talk about.
12         **MR. LOESER:**  Right.  I figured you would want us to
13 address that.  We do appreciate your suggestion that the
14 parties consider that.
15     And the parties have agreed on a mediator and -- unless
16 Orin tells me right now I'm not supposed to say who it is -- I
17 think we can tell you who it is.  It is Judge -- former Judge
18 Gandhi.  We are working with him on dates.
19         **THE COURT:**  Cool.
20         **MR. LOESER:**  He has indicated availability in
21 September and October.  The parties are going to talk about
22 those dates.  And I do think this is going to be one of those
23 situations where it is very important that the litigation --
24         **THE COURT:**  You don't want to get former Judge Grewal
25 to do it?