Pages 1 - 20

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JACQUELINE SCOTT CORLEY, MAGISTRATE JUDGE

IN RE: FACEBOOK, INC. CONSUMER           )
PRIVACY USER PROFILE LITIGATION.         )  NO. 18-MD-2843 VC (JSC)
                                            San Francisco, California
                                            Friday, June 19, 2020

**TRANSCRIPT OF ZOOM VIDEOCONFERENCE PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
        BLEICHMAR FONTI & AULD LLP
        555 12th Street
        Suite 1600
        Oakland, California  94607
  BY: **LESLEY E. WEAVER, ESQ.**
     **ANNE K. DAVIS, ESQ.**
     **MATTHEW MONTGOMERY, ESQ.**

        KELLER RORHBACK, LLP
        1201 Third Avenue
        Suite 3200
        Seattle, Washington  98101
  BY: **DEREK W. LOESER, ESQ.**
     **DAVID J. KO, ESQ.**
     **CARI C. LAUFENBERG, ESQ.**

For Defendants:
        GIBSON DUNN & CRUTCHER LLP
        200 Park Avenue
        New York, New York  10166
  BY: **ORIN SNYDER, ESQ.**

Reported By: **BELLE BALL, CSR 8785, CRR, RDR**
        Official Reporter, U.S. District Court

(Appearances continued, next page)

1    So you can start, deal with that part first.  Right?

2    And either your position will be the same as it is in
3 Massachusetts, or it will be different.

4    And then the next question is:  What, if anything, is
5 there in addition to what was asked for?

6    So is there anything in addition to what was asked for in
7 Massachusetts?

8         **MS. STEIN:**  Yes, so it was --

9         **THE COURT:**  No, no, I guess -- I'm asking the
10 plaintiffs.

11         **MS. STEIN:**  Okay.

12         **MR. KO:**  Your Honor, this is David Ko.  I can speak
13 to that.

14    I want to make sure -- the Massachusetts issues are, of
15 course, relevant.  But our requests with respect to the
16 documents related to the app developer investigation conducted
17 by Facebook are much broader than that.  Right?

18    It's --

19         **THE COURT:**  Okay, right.

20         **MR. KO:**  It's documents related to what they've done
21 in the wake of Cambridge Analytica from 2018 to present,
22 ongoing.  You know, all documents related to that.

23         **THE COURT:**  Right.  Okay, that's -- right.  I'm just
24 trying to break it in two, because I'm figuring with respect
25 to the request as to the Massachusetts documents, it seems to

```
 1   me there's -- there's no problem with saying by next Thursday,
 2   Facebook needs to say what is their position with respect to
 3   that.  Is -- our position presumably it's going to be the same
 4   as it is in the Massachusetts case.
 5        But maybe not.  So they should have to nail that down by
 6   next Thursday.
 7        Now, with respect to the additional docs, is this on your
 8   agenda for your meeting on the 22nd?
 9        Like, next week, are you -- are you discussing this?
10            MS. DAVIS:  So, on the 22nd, we were discussing, you
11   know, those requests that are outstanding where the threshold
12   position of Facebook is that, you know, documents will not be
13   produced, or they are outside the scope of the case.
14        I think it would be a great idea to add this to our agenda
15   for that discussion.
16            THE COURT:  Yeah.  Why don't we do that.  All right.
17        So I won't give you, necessarily, that deadline of the
18   Thursday, but just include it within there, because it sounds
19   like you started talking.
20        But at least with respect to where the request overlaps
21   with what was requested in Massachusetts, by Thursday, you
22   should have your decision finalized.
23            MS. CLARK:  Your Honor, if I may for a second.
24        I do want to be clear that the request plaintiffs have
25   done us is quite different from the request that we received
```

1      So it's not as simple as:  Turn over everything we turned
2  over to Massachusetts.
3          **THE COURT:**  No, no, no, no; I'm sorry.  I
4   misunderstood.
5      I guess all I'm saying is if there were documents that you
6  weren't objecting to turn over, turn over.  That's all.  Not
7  that you have to waive your arguments.
8      But what it sounds to me like is that you are pretty far
9  along, and that you have the position.  That's fine.  They're
10 not arguing right now that your position is right or wrong.
11         **MR. SNYDER:**  Right.
12         **THE COURT:**  They just want you to take your position.
13     So it seems to me as a goal we should have for next
14 Thursday on the ADI, the investigation, take your -- take your
15 position.
16     I'm confident, because you actually have been working
17 really well and don't want to bring disputes to me that you
18 don't have to, that come Thursday, if it looks like there's a
19 path that the dispute can be narrowed, the parties will
20 continue along that path, and try to narrow it.
21     But -- so I'm going to give you that goal of next Thursday
22 on these ADI.  Just take your position.  Whatever it is.
23         **MR. SNYDER:**  Yes, Your Honor.
24         **THE COURT:**  I have no view on it, whatsoever.  Either
25  way.