| | |
|---|---|
| **From:** | Buongiorno, Matt <MBuongiorno@gibsondunn.com> |
| **Sent:** | Tuesday, November 23, 2021 4:59 PM |
| **To:** | Daniel B. Garrie; Kutscher Clark, Martie |
| **Cc:** | Gail Andler; Daniel Garrie; Gail Andler; Stein, Deborah L.; Falconer, Russ; Lesley Weaver; Anne Davis; Matt Melamed; David Ko; Snyder, Orin; Cari Laufenberg; Chris Springer; Mumm, Laura C.; Derek Loeser |
| **Subject:** | RE: Summary if mediation on November 17 2021 |

Special Master Garrie and Judge Andler,

Below Facebook addresses each of the issues Special Master Garrie asked the parties to address.

**Former Named Plaintiff Depositions**

Facebook seeks to depose former Named Plaintiffs including but not limited to Charnae Tutt, Juliana Watson, Shelly Forman, Tonya Smith, and William Lloyd. Plaintiffs object, even though they seek to represent a class of hundreds of millions of Facebook users and have had a rotating cast of Named Plaintiffs throughout the case (more than 40 people in total). Plaintiffs' own statements on the record, Judge Corley's prior instructions on the record, and the relevant authority all make clear that Facebook should be allowed to depose these former Named Plaintiffs.

First, former Named Plaintiffs are not out of the picture. Far from it, they withdrew from the case while reserving their right to rejoin at any time. Dkt. 583 at 8 (Joint Status Report); Dkt. 590 (Stipulation re: Voluntary Dismissal Without Prejudice). And Plaintiffs' counsel still represents at least the first four of the abovementioned individuals (it is unclear whether they still represent Mr. Lloyd), underscoring that they are still striking distance away from rejoining if they so choose. Yet Plaintiffs seek to shield these same individuals who reserved the right "to be re-joined as named plaintiffs at a later date" from being deposed by Facebook. Plaintiffs are trying to have their cake and eat it too. Scheduling depositions has already been difficult enough; Plaintiffs' purported "revolving door" tactic of removing individuals from the scope of discovery—but then potentially re-adding them at a later time—would add another layer of difficulty to an already challenging climate and prejudice Facebook's ability to conduct discovery on those individuals.

Plaintiffs' tactical aim was laid bare last year when Plaintiffs first indicated their intention to "withdraw" certain Named Plaintiffs from the case. Their opening proposal was to leave those individuals in the case but to "deprioritize" them, during which time those "deprioritized" Plaintiffs would be excused from participating in discovery, but could be "reprioritized" at any time. Dkt. 583 at 7-8. Facebook rejected this proposal. Plaintiffs then sent a functionally identical proposed stipulation under which these individuals would be dismissed without prejudice, but purporting that "discovery served on the Withdrawn Plaintiffs [would be] deemed withdrawn" and that those individuals would not be "subject to further discovery unless they were to resume serving as named plaintiffs in the future." Facebook similarly rejected this proposal. Judge Corley also expressly rejected Plaintiffs' effort to excuse the former Named Plaintiffs from discovery, noting that "[t]he Defendants often want to go beyond the named Plaintiffs and take a few [depositions of absent class members] . . . they say: This person was a named Plaintiff. It is not too burdensome on them [to be deposed]. I'm sure Facebook would be happy to depose them." Dec. 9, 2020 Hr'g Tr. 50:15-21. Plaintiffs' counsel confirmed: "To be clear, a lot of these Plaintiffs . . . want to be deposed by you." *Id.* at 50:7-9. Facebook ultimately agreed to stipulate to Plaintiffs' voluntary dismissal of these individuals' claims without prejudice, but did not stipulate to being unable to depose those individuals or to a waiver of its right to seek discovery as to these individuals. *See* Dkt. 590 at 2. Plaintiffs' current position is no different from the position Judge Corley already rejected and that Facebook already refused to stipulate to. Plaintiffs cannot strategically insulate relevant individuals that are still represented by counsel and have injected themselves into the litigation from all discovery while reserving the right to reinstate them at a later date if they so choose.

Second, contrary to Plaintiffs' position that "Facebook has made no showing that discovery of absent class members is warranted," the facts that will be elicited at these depositions will demonstrate that Plaintiffs' putative class faces a minefield of substantive flaws on the merits and individualized issues that will never allow for certification. Facebook's ability to depose these individuals is particularly important to Facebook's preparation for opposing class certification and illustrating that Plaintiffs lack Article III standing. Facebook should have the ability to test these absent class members' lack of Article III standing to establish that *de minimis* threshold.

Third, Facebook's position and Judge Corley's observations are consistent with case law recognizing that deposing absent class members that are former named plaintiffs is proper under these circumstances. For example, in *In re Drassinower*, the court rejected a former named plaintiff's motion to quash a subpoena finding "[t]he deposition is reasonably necessary for preparation for opposing class certification due to lack of commonality, it is not conducted for an improper purpose because [the former named plaintiff] has injected herself in the litigation, and, as a former named plaintiff who signed up to represent the class, a deposition is not unduly burdensome." Case No. 3:21-cv-1370-JLS-AHG, 2021 WL 3772328, at *1, *6 (S.D. Cal. Aug. 25, 2021). The former Named Plaintiffs here even go above and beyond *In re Drassinower* in that they explicitly reserved the right to resume as Named Plaintiffs at any time. There is no question that the former Named Plaintiffs here injected themselves into the litigation—not only by virtue of their former voluntary representation of the putative class, but because of the actions they have taken throughout the case. Each of the former Named Plaintiffs made personal allegations against Facebook and sought (and received) scores of discovery about their Facebook accounts. Just one example, Facebook produced more than 50,000 documents related to Ms. Tutt in response to Plaintiffs' requests for production.

Fourth, unlike Plaintiffs' approach to third-party discovery, Facebook did not choose these individuals at random. Facebook previously noticed the depositions all five of the abovementioned individuals, but Plaintiffs objected to them. Based on its review of these witnesses' documents, Facebook expects that all of them will have relevant information, that each will be helpful to Facebook's arguments at class certification and on the merits, and that Facebook would be prejudiced if it is unable to conduct these depositions. Facebook should not be forced to rely only on depositions of individuals Facebook is "permitted" to take while Plaintiffs insulate other important witnesses—all of whom have a stake in the litigation and have asserted claims against Facebook—from fact discovery. In a putative class action, individuals who once wanted to be active participants in the action but later decided to withdraw from active participation are likely to contain unique knowledge, and offer testimony that cannot be obtained from other sources, about topics relevant to standing, class certification, and the merits.

At bottom, Plaintiffs' position that Facebook has no right to depose such individuals is as disingenuous as it is unsupported. There simply is no good reason why Facebook should not be able to depose each of these individuals.

**Witnesses For Whom There is a Prior Deposition Transcript**

The Deposition Protocol includes a presumption that Plaintiffs may not depose a witness for whom Facebook has already produced a copy of a prior deposition transcript unless Plaintiffs can show good cause as to why the deposition is necessary. Depo. Sched. Protocol Order at II.B.1. Plaintiffs have not done this.

**Plaintiffs' Compliance With the Privilege Protocol**

The parties agreed in their Privilege Protocol to notice depositions only after any "relevant privilege disputes have been resolved." Dkt. 462 at 6. The depositions Plaintiff seek to take should not move forward until after "relevant privilege disputes have been resolved," or at least after Plaintiffs have confirmed they will not ask the witnesses questions about unresolved privilege disputes. Facebook asked Plaintiffs to confirm that they intend to comply with the Privilege Protocol as recently as its November 9 letter and emails sent on November 16 and November 23, but has not heard back from Plaintiffs on this issue.

Thank you,

**Matt Buongiorno**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201
Tel +1 214.698.3204 • Fax +1 214.571.2989
MBuongiorno@gibsondunn.com • www.gibsondunn.com

---

**From:** Daniel B. Garrie <Daniel@lawandforensics.com>
**Sent:** Wednesday, November 17, 2021 8:42 PM
**To:** Kutscher Clark, Martie <MKutscherClark@gibsondunn.com>
**Cc:** Gail Andler <JudgeAndler@icloud.com>; Daniel Garrie <DGarrie@jamsadr.com>; Gail Andler <JudgeAndler@icloud.com>; Stein, Deborah L. <DStein@gibsondunn.com>; Falconer, Russ <RFalconer@gibsondunn.com>; Lesley Weaver <lweaver@bfalaw.com>; Anne Davis <adavis@bfalaw.com>; Matt Melamed <mmelamed@bfalaw.com>; David Ko <dko@kellerrohrback.com>; Snyder, Orin <OSnyder@gibsondunn.com>; Cari Laufenberg <claufenberg@kellerrohrback.com>; Chris Springer <cspringer@kellerrohrback.com>; Mumm, Laura C. <LMumm@gibsondunn.com>; Derek Loeser <dloeser@kellerrohrback.com>
**Subject:** Summary if mediation on November 17 2021

**[WARNING: External Email]**

Counsel,

Thanks for your time today. Good news, each side has 1-deposition on the calendar - Sam Lessin - Jan 13; Steve Akins Jan 20

Additionally, Plaintiffs agreed to inform Facebook once they hear from Jordon O'Hara (12/10) and Tyler King (12/2 or 12/3 at 2 pm PST) work for scheduling.

Regarding the date Facebook suggested for Jackie Chan (12/16) and Eugene Zarakhovsky (12/22), Plaintiff will inform Facebook as soon as possible if these dates work. Facebook will also check with Antonio Garcia-Martinez to see if an earlier date is available and revert promptly.

The parties both agreed to exchange submissions on the issues of "Prior Deposition Transcript" (Pl.), "Raised potential privilege concerns" (Pl.), and "Objection to Deposition" (Facebook). The parties will exchange submissions on 11/23 before 5 pm PST and submit a response on 12/1 before 5 pm PST. All submissions will be done via email, with relevant exhibits attached (no letters or briefs). We will review the submissions and declare an impasse, if appropriate.

Kindly make sure all Orders issued to date are filed before EOD Friday or provide an explanation for the delay.

We both wish you a happy thanksgiving!

Daniel Garrie and Judge Andler

CAUTION: This email originated from outside Law & Forensics's Email System. Please make sure you recognize the sender and know the content is safe before you click on any links or open any attachments.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.