UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE: FACEBOOK, INC. CONSUMER
PRIVACY USER PROFILE LITIGATION,

This document relates to:

ALL ACTIONS

**MDL NO. 2843**

CASE NO. 3:18-MD-02843-VC-JSC

HON. VINCE CHHABRIA
HON. JACQUELINE SCOTT CORLEY
COURTROOM 4 – 17TH FLOOR
SPECIAL MASTER, DANIEL GARRIE, ESQ.

**ORDER RE: DEPOSITIONS OF FORMER NAMED PLAINTIFFS**

## INTRODUCTION

1. Pending before Special Master Garrie is Facebook's Motion to Depose Former Named Plaintiffs.

## BACKGROUND

2. In September of 2020, there were 23 named plaintiffs in this case. That month, Judge Corley held a hearing in which the parties discussed Facebook's interrogatories to the named Plaintiffs, among other topics. During this hearing, Plaintiffs noted the large volume of interrogatories propounded on the named Plaintiffs. See 9/4/2020 Hearing Transcript, at 12-13. Judge Corley stated in response "If you don't want to answer all of [the interrogatories], then have fewer named plaintiffs then." Id. at 13:19-21; see also id. at 11:24–25 ("If you eliminate someone, you eliminate someone. They don't have to answer a rog then.").

3. In the following months, the parties exchanged a series of proposals for voluntary dismissal of certain named Plaintiffs. On December 9, 2020, Judge Corley held a hearing in which the parties discussed their proposals for voluntary dismissal. During this hearing Judge Corley noted that the voluntary dismissal would not "depriv[e] Facebook of any discovery because if those people are put up later, then they get the discovery as to those named Plaintiffs." See 12/9/20 Hearing Transcript, at 48:19–21.

4. On December 18, 2020, the parties filed a stipulation of voluntary dismissal without prejudice for certain named Plaintiffs. Dkt. No. 590.

5. In November 2020, Facebook noticed depositions for five of the named Plaintiffs that were voluntarily dismissed.

6. On December 2, 2021, Special Master Daniel Garrie ("Special Master Garrie") and Judge Gail Andler declared impasse on the issue of whether Facebook may be permitted to depose former named Plaintiffs who have been voluntarily dismissed.

7. On December 7, 2021, Facebook submitted its Motion to Depose Former Named Plaintiffs. See Facebook's Motion to Depose Former Named Plaintiffs. Facebook argues, among other things, that Facebook should be able to depose former named Plaintiffs because (a) the former named Plaintiffs injected themselves into the litigation; (b) the discovery is not designed to take advantage of putative class members; (c) discovery is necessary and relevant; (d) the depositions would not require extensive preparation; and (e) the depositions will reveal information not already known. Id. Facebook further noted in its motion:

> Facebook's ability to depose absent class members is necessary to Facebook's preparation for opposing class certification and illustrating that Plaintiffs lack Article III standing. In particular, Facebook has the right to test whether individuals in Plaintiffs' expansive putative class are similarly situated, had similar privacy expectations, conducted themselves similarly on Facebook and elsewhere, are adequately represented by the class representatives Plaintiffs ultimately propose, and have Article III standing. Id. at 10.

8. On December 9, 2021, Plaintiffs submitted their response, in which Plaintiffs argue, among other things, (a) allowing depositions of absent class members would be inconsistent with Judge Corley's guidance; and (b) Facebooks fails to show the depositions it seeks are necessary or proportionate. See Plaintiffs' Response to Facebook's Motion to Depose Former Named Plaintiffs. As to why the depositions are unnecessary, Plaintiffs argue, among other things, that (a) the depositions are not relevant to determining whether class members have "similar privacy expectations" because relevance extends only to whether class members have a reasonable expectation of privacy; (b) Facebook's own records are the most logical source of information as to whether the absent class members "conducted themselves similarly on Facebook and

elsewhere"; and (c) the five depositions Facebook seeks would not be useful in testing whether absent class members have Article III standing because they are too few to test whether a *de minimis* number of class members are uninjured and a better source of information regarding whether class member's information was shared with third parties would be Facebook's records. Id. at 5-8.

9. On December 13, 2021, Facebook submitted its reply, in which it argues, among other things, (a) Judge Corley's guidance does not pertain here because she addressed only interrogatories; (b) Plaintiffs ignore many reasons why absent class member depositions are appropriate in this case, such as the depositions not being burdensome, extensive preparation would not be necessary, and the information Facebook seeks is not known to Facebook; and (c) what Plaintiffs consider private and sensitive, and how they conducted themselves on Facebook and the internet generally, are both central to the commonality requirement for class certification. See Facebook's Reply in Support of Motion to Depose Former Named Plaintiffs.

## FINDINGS

10. Courts in California have expressed different standards as to the circumstances under which depositions of absent class members are permissible. Courts in the Northern District of California have found that discovery of absent class members is permissible if the discovery is not sought to take undue advantage of class members or to harass class members and is necessary to trial preparation or class certification issues. See Moreno v. Autozone, Inc., No. C-05-4432 MJJ (EMC), 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007). The Southern District of California articulated factors similar to Moreno in McPhail, including: (1) the discovery is not designed to take advantage of class members or reduce the size of the class; (2) the discovery is necessary; (3) responding to discovery requests would not require the assistance of counsel; and (4) the discovery

seeks information that is not already known by the proponent. See McPhail v. First Command Fin. Planning, Inc., 251 F.R.D. 514, 517 (S.D. Cal. 2008); see also Arredondo v. Delano Farms Co., No. 1:09-cv-1247-MJS, 2014 WL 5106401, at *5 (E.D. Cal. Oct. 10, 2014) ("[A]s a general rule, discovery from absent class members may be permitted when reasonably necessary, not conducted for an improper purpose, and not unduly burdensome in the context of the case and its issues.").

      11.    Special Master Garrie finds that Facebook has not shown that the depositions of former named Plaintiffs meet the requirement of necessity articulated in each of the cases cited above. Special Master Garrie finds that the depositions Facebook seeks are unnecessary for the following reasons:

> i. **The depositions would not be useful in determining whether class members have relevant privacy expectations.** Facebook argues that the depositions are necessary to determine if the absent class members have "similar privacy expectations." See Motion to Depose Former Named Plaintiffs, at 10. However, to the extent "privacy expectations" are relevant to Plaintiffs' claims, relevance extends only to whether class members have a reasonable expectation of privacy, which is an objective inquiry that does not depend on individual expectations of privacy. See Hill v. NCAA, 7 Cal. 4th 1, 26, 865 P.2d 633, 648 (1994) ("[T]he common law right of privacy is neither absolute nor globally vague, but is carefully confined to specific sets of interests . . . . A plaintiff's expectation of privacy in a specific context must be objectively reasonable under the circumstances . . . ."). Deposing the former named Plaintiffs to learn about their individual privacy expectations would not be useful to Facebook in testing whether they had a reasonable expectation of privacy.
>
> ii. **Facebook's records contain the most relevant information as to how the class members conducted themselves in relation to the claims at issue.** Facebook argues the depositions are necessary to determine whether the absent class members "conducted themselves similarly on Facebook and elsewhere." See Motion to Depose Former Named Plaintiffs, at 10. To the extent Facebook wishes to determine class members' conduct on Facebook, this information would be available in Facebook's records. To the extent Facebook wishes to determine whether class members were injured because Facebook shared their off-Facebook conduct with third parties, this information would be available in Facebook's records regarding users' off-platform activity. Moreover, Facebook's motion does not demonstrate with sufficient detail how information relating to class members' off-platform activity and how class members

      conducted themselves on "the internet generally" is relevant to class certification issues.

   iii. **The five depositions Facebook seeks would not be useful in testing whether absent class members have Article III standing.** Facebook argues that the depositions are necessary to test the absent class members' Article III standing. See Motion to Depose Former Named Plaintiffs, at 10. However, these five depositions would comprise approximately 0.0000017% of the total class, assuming a class size of approximately 300,000,000, which is not enough to show that more than a *de minimis* number of class members were unharmed. See Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC, 5 F.4th 950 (9th Cir. 2021) (positing the outer limits of the percentage of *de minimis* uninjured class members to be somewhere around 5% to 6% of the class).

## ORDER

12.    Facebook's Motion to Depose Former Named Plaintiffs is denied.

**IT IS SO ORDERED.**

Thursday, December 16, 2021

                                                              Daniel Garrie
                                                              Discovery Special Master