| | |
|---|---|
| **From:** | Buongiorno, Matt <MBuongiorno@gibsondunn.com> |
| **Sent:** | Monday, January 31, 2022 7:20 PM |
| **To:** | Lesley Weaver |
| **Cc:** | Daniel Garrie; Anne Lieu; Michael Mann; Matt Melamed; Derek Loeser; Chris Springer; Anne Davis; Cari Laufenberg; David Ko; Snyder, Orin; Stein, Deborah L.; Falconer, Russ; Davis, Colin B.; Kutscher Clark, Martie; Swanson, Alexander; Mumm, Laura C.; Herbert, Kelly E. |
| **Subject:** | RE: In re Facebook: Depositions of Akins, O'Hara, Ariciu |

Counsel,

The deposition protocol does not bar a party from rescheduling a deposition when the information it requires to take a productive deposition has not yet been provided. In fact, the protocol encourages the parties not to move forward with depositions until all relevant information has been produced. Plaintiffs seemed to acknowledge this when they decided not to move forward with Ime Archibong's deposition—which was originally to occur in Phase I—on the basis that certain ADI materials had not yet been produced. Facebook reserves all rights to reschedule each of the Named Plaintiffs' depositions once Plaintiffs have satisfied their discovery obligations.

For the avoidance of doubt Facebook will also not move forward with the depositions of Bridget Burk, Anthony Bell, and Terry Fischer on February 24, March 1, and March 10 (respectively) and will propose alternate dates for these depositions, including potentially re-designating them to occur during Phase III.

Regards,

**Matt Buongiorno**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201
Tel +1 214.698.3204 • Fax +1 214.571.2989
MBuongiorno@gibsondunn.com • www.gibsondunn.com

---

**From:** Lesley Weaver <lweaver@bfalaw.com>
**Sent:** Wednesday, January 19, 2022 12:13 AM
**To:** Buongiorno, Matt <MBuongiorno@gibsondunn.com>
**Cc:** Daniel Garrie <DGarrie@jamsadr.com>; Anne Lieu <alieu@jamsadr.com>; Michael Mann <mmann@lawandforensics.com>; Matthew Melamed <mmelamed@bfalaw.com>; Derek Loeser <dloeser@kellerrohrback.com>; Chris Springer <cspringer@kellerrohrback.com>; Anne Davis <adavis@bfalaw.com>; Cari Laufenberg <claufenberg@kellerrohrback.com>; David Ko <dko@kellerrohrback.com>; Snyder, Orin <OSnyder@gibsondunn.com>; Stein, Deborah L. <DStein@gibsondunn.com>; Falconer, Russ <RFalconer@gibsondunn.com>; Davis, Colin B. <CDavis@gibsondunn.com>; Kutscher Clark, Martie <MKutscherClark@gibsondunn.com>; Swanson, Alexander <ASwanson@gibsondunn.com>; Mumm, Laura C. <LMumm@gibsondunn.com>; Herbert, Kelly E. <KHerbert@gibsondunn.com>
**Subject:** Re: In re Facebook: Depositions of Akins, O'Hara, Ariciu

**[WARNING: External Email]**

Good evening, Matt,

Plaintiffs of course cannot force Facebook to depose the Named Plaintiffs now or at any time. However, this abrupt notice is both inconvenient and a stark reversal of Facebook's earlier eagerness to depose all of the Named Plaintiffs. Mr. Akins, Mr. O'Hara and Mr. Ariciu have been diligently preparing for their depositions and have made time in their schedules to accommodate Facebook's insistence that they be deposed now. Mr Akins' deposition is set for less than 36 hours from now. Taking these depositions off calendar in this manner is not provided for in the deposition protocol, and notably Facebook has not sought to confer about this at all.

Plaintiffs also disagree that Plaintiffs' productions are deficient, especially in light of Plaintiffs' thoughtful amendment of their initial disclosures and the state of Facebook's own production. The status of Plaintiffs' production has not changed between the time that Facebook noticed these depositions and Facebook's abrupt cancellations. If Facebook's true reasons are grounded in Plaintiffs' production, Plaintiffs would have expected a request to confer on dates continued until after ruling on Facebook's discovery motions. Rather, it seems more likely that the two Named Plaintiff depositions already undertaken - in which Ms. Senko and Ms. King unequivocally established standing for their claims - have diminished Facebook's appetite for deposing additional Named Plaintiffs at this time.

With regard to Mr. Akins, Mr. O'Hara and Mr. Ariciu, Plaintiffs reserve all rights, including as follows:

First, should roles be reversed later in the litigation at a point where Plainitffs seek to continue or withdraw deposition notices of Facebook witnesses, Facebook has established the right to do so.

Second, if Facebook seeks to depose these Named Plaintiffs at another point in time, all production for these Plaintiffs should be completed prior to their depositions, including the production of all profiles, verticals and all other information relating to them as defined relevant by the Special Master. Facebook cannot whipsaw deposition scheduling based on capricious positions regarding discovery.

Third, Facebook does not have an unlimited right to depose these witnesses at any time in this proceeding. The deposition protocol governs. Plaintiffs will argue that Facebook needs to show good cause to depose these three Named Plaintiffs at a later juncture, having foregone their right to do so after noticing and confirming their deposition dates.

Finally, Plaintiffs reserve the right to seek costs for preparing these witnesses for their depositions.

We have informed the Named Plaintiffs that their depositions are not proceeding as scheduled.

Regards,

Lesley

> On Jan 18, 2022, at 3:42 PM, Buongiorno, Matt <MBuongiorno@gibsondunn.com> wrote:
>
> Counsel,
>
> We write to inform you that we will need to reschedule Steven Akins's, Jordan O'Hara's, and Jason Ariciu's depositions for a later time. We are postponing these depositions because we continue to lack basic discovery from Plaintiffs—including discovery regarding the bases of Plaintiffs' claims, alleged injuries, and alleged damages. As you know, we will be filing two motions to compel this information later this week, and we expect to file a motion to compel regarding Plaintiffs' Rule 26 disclosures in short order, given that Plaintiffs did not disclose their alleged damages theories and model as required in their amended disclosures last week. In addition to these issues, we do not see how Plaintiffs'

2

productions could be near complete given that Plaintiffs waited until just two weeks ago to respond to search terms Facebook proposed in September 2021.

We are disappointed that we will not be able to move forward with these depositions at this time, particularly given that it took more than two years to schedule them. But, given the Amended Deposition Protocol's presumption against reopening depositions and Plaintiffs' ongoing failure to disclose the most basic information about their case, Facebook has no choice but to postpone these depositions until a later time.

Regards,

**Matt Buongiorno**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
2001 Ross Avenue Suite 2100, Dallas, TX 75201
Tel +1 214.698.3204 • Fax +1 214.571.2989
MBuongiorno@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.