# EXHIBIT 107
## Unredacted Version of Document Sought to be Sealed

March 24, 2022

**VIA ELECTRONIC MAIL**

| | |
|---|---|
| Martie Kutscher Clark<br>Gibson Dunn & Crutcher LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304-1211<br>mkutscherclark@gibsondunn.com | Russell H. Falconer<br>Gibson Dunn & Crutcher LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>rfalconer@gibsondunn.com |
| Deborah L. Stein<br>Gibson Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>dstein@gibsondunn.com | Colin B. Davis<br>Gibson Dunn & Crutcher LLP<br>3161 Michelson Drive,<br>Irvine, CA 92612-4412 USA<br>cdavis@gibsondunn.com |
| Laura C. Mumm<br>Gibson Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>lmumm@gibsondunn.com | |

Re:  *In re Facebook, Inc. Consumer Privacy User Profile*,
Northern District of California Case No. 3:18-md-02843-VC

Dear Counsel:

This letter and accompanying spreadsheet provide Plaintiffs' Response to entries on Facebook's Third Amended Categorical Privilege Log, that were reasserted on Facebook's Fourth Amended Categorical Privilege Log.

Facebook served its Third Amended Categorical Privilege Log on January 28, 2022. On February 17, 2022, Plaintiffs emailed Facebook to request that—consistent with § C.2.k of the Privilege Protocol—Facebook revise its Third Amended Categorical Privilege Log to "indicat[e] with a unique identifier (e.g., asterisk or double asterisk) [] which individuals on each document are attorneys or staff (paralegals or legal assistants)." Dkt No. 462. Facebook responded on February 22, 2022, stating that it could not do so but that it would provide a list Facebook in-house and outside counsel that appear on Facebook's Third Amended Categorical Privilege Log. Facebook sent that list on March 4, 2022.

Gibson Dunn & Crutcher LLP                  **KELLER ROHRBACK L.L.P.**
March 24, 2022                                     **BLEICHMAR FONTI & AULD LLP**
Page 2

Plaintiffs have evaluated the entries on Facebook's Third Amended Log and determined that 1,738 of the 14,132 entries are deficient for the following general reasons:[1]

- **No Attorney and Context Does Not Appear to Concern Legal Advice** – Plaintiffs challenge Facebook's assertion of attorney-client privilege over documents where no counsel is identified by Facebook or present on the face of the document and the context of the document does not appear to concern legal advice. *See Dolby Labs. Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855, 873 (N.D. Cal. 2019) ("[T]he proponent of the privilege must make a 'clear showing' that the 'primary purpose' of the communication was securing legal advice."). Plaintiffs challenge 1,515 entries on this basis.

- **Distribution List Whose Members are Unknown** – Plaintiffs challenge Facebook's assertion of attorney-client privilege over documents that were disclosed to email distribution lists whose members are unknown. Without the names and job descriptions of persons on these distribution lists, Plaintiffs cannot reasonably evaluate whether the withheld document was "within the sphere of corporate privilege[.]" *Muro v. Target Corp.*, 250 F.R.D. 350, 364 (N.D. Ill. 2007). Plaintiffs challenge 109 entries on this basis.

- **Disclosure to a Third Party** – Plaintiffs challenge Facebook's assertion of attorney-client privilege over documents that were disclosed to a third party, thereby "destroy[ing] the confidentiality of the communications and the privilege protection that is dependent upon that confidentiality." N*idec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007). Plaintiffs challenge 134 entries on this basis.

- **Patent Privilege Improperly Asserted** – Documents where Facebook improperly asserts a "patent" privilege claim but has not provided sufficient information about the document or the nature of the privilege, leaving Plaintiffs with an insufficient basis to evaluate that claim. Plaintiffs challenge one entry on this basis.

- **Improper Work Product** – Documents where Facebook fails to identify that there is more than a remote possibility of litigation, the attorney who prepared the document, or the attorney who directed the preparation of the document. *U.S. v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). Plaintiffs challenge 304 entries on this basis.

The attached spreadsheet provides further information as to the basis of Plaintiffs' challenges. Plaintiffs also challenge any lesser-included version of these 1,738 entries on the same basis as described in the attached spreadsheet.

---

[1] Plaintiffs' challenges to 4,840 entries on this log have been resolved by Special Master Garrie's March 3, 2022 Order Regarding Plaintiffs' Motion to Compel Documents Facebook Designated as Privileged, Dkt. 872. Plaintiffs also reassert challenges made to entries on Facebook's Second Amended Categorical Log that were not resolved by the Special Master's March 2, 2022 Order.

Gibson Dunn & Crutcher LLP  **KELLER ROHRBACK L.L.P.**
March 24, 2022  **BLEICHMAR FONTI & AULD LLP**
Page 3

      On March 17, 2022, Facebook served a Fourth Amended Categorical Privilege Log, which added 182,112 new entries, and informed Plaintiffs that it would provide an amended list of attorneys that are on the log by April 1, 2022. For several entries on this log, Facebook fails to identify the full list of recipients of the communication as required by § C.i of the Privilege Log Protocol. For example, the "Email_BCC" fields for entries FB-MDL-PRIV-00040545, FB-MDL-PRIV-00161404, FB-MDL-PRIV-00161427, and FB-MDL-PRIV-0016143 are incomplete. Consistent with the Privilege Log Protocol, Plaintiffs request that Facebook provide a supplemental log amending these entries to provide "all recipients" of any communications included on the log by no later than April 1, 2022.

      Consistent with § D.1 of the Privilege Log Protocol, Plaintiffs will provide responses to entries added to Facebook's Fourth Amended Categorical Privilege Log a reasonable time after receiving the full list of the recipients for these deficient entries and Facebook's updated attorney list.

      Plaintiffs are available to meet and confer regarding these challenges at your convenience.

                                                                        Sincerely,

Joshua Samra                                                                       Emma Wright
jsamra@bfalaw.com                                               ewright@KellerRohrback.com