# EXHIBIT 120
## Unredacted Version of Document Sought to be Sealed

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

2001 Ross Avenue
Dallas, TX 75201-2911
Tel 214.698.3100
www.gibsondunn.com

Russell H. Falconer
Direct: +1 214.698.3170
Fax: +1 214.571.2958
RFalconer@gibsondunn.com

March 4, 2022

VIA ELECTRONIC MAIL

David Ko
Keller Rohrback L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101

Re:   *In re Facebook, Inc. Consumer Privacy User Profile Litigation*

Counsel:

      We write in response to your February 25, 2022 letter regarding Plaintiffs' pending requests for documents "related to [Facebook's] financial systems and files." In particular, we write to address your request that Facebook produce by tomorrow documents in two categories of Plaintiffs' pending requests, based on Mr. Garcia-Martinez's deposition testimony.

      Regarding your request generally, as you know Facebook has agreed to conduct a reasonable search for each of the seven categories of documents listed in your letter, including the first two listed categories of documents. Facebook's search for those documents is underway, and the Company intends to produce expeditiously any responsive, non-privileged documents identified through that search.

      Specifically regarding the first two categories of documents listed in your letter, it appears to us that your letter reflects a misunderstanding of Mr. Garcia-Martinez's testimony. Your letter states that Plaintiffs learned for the first time during Mr. Garcia-Martinez's deposition that "the monetization and analytics team at Facebook performed revenue impact analyses regarding major product and program initiatives at Facebook" and requests production of any such analyses conducted in connection with the 2014 Platform transition (category 1) and changes to privacy controls for apps (category 2). Both of those requests concern changes to the Platform side of Facebook's business.

      Mr. Garcia-Martinez was not testifying about analyses conducted in connection with any changes to the Platform side of Facebook's business; nor could he have been. As he explained early in his deposition, his "purview, my area of responsibility, was ads-targeting," Garcia-Martinez Tr. at 17:13-14, and he had no direct involvement in or expertise concerning Platform-related issues: "When it came to the developers and Platform, I was not directly involved with Platform at all, and so I wouldn't say that I had domain expertise there," *id.* at 24:20-23. Mr. Garcia-Martinez's testimony relating to whether monetization analytics teams would have engaged in analyses of impact to revenue of certain Facebook programs related to advertising initiatives, not Platform initiatives. Indeed, shortly after

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.

**GIBSON DUNN**

March 4, 2022
Page 2

giving the testimony your letter references, Mr. Garcia-Martinez clarified that, "Everything I've said about studies is in the context of ads, which is a very different context … than the Platform team." *Id.* at 277:3-14.  Thus, we do not understand Mr. Garcia-Martinez to have been testifying about documents falling within the first two categories in your letter.

None of that is to say that we will not search for documents falling within those two categories.  We have agreed to do so and are doing so, and if our ongoing search identifies any non-privileged responsive documents, we will produce them expeditiously.  It is only to say that we do not understand Mr. Garcia-Martinez's testimony to concede or establish the existence of any such documents.

We are, as always, available to discuss if you have any questions.

Sincerely,

*/s/ Russ Falconer*

Russell H. Falconer

cc:    Lesley E. Weaver, Derek W. Loeser