# EXHIBIT 126
## Unredacted Version of Document Sought to be Sealed

| | |
|---|---|
| **From:** | Matthew Melamed <mmelamed@bfalaw.com> |
| **Sent:** | Friday, August 13, 2021 2:26 PM |
| **To:** | Gail Andler |
| **Cc:** | dgarrie@jamsadr.com; Daniel B. Garrie; Lesley Weaver; Stein, Deborah L.; Derek Loeser; Snyder, Orin; Falconer, Russ; Chris Springer; Anne Davis; David Ko; Cari Laufenberg; Benjamin Gould; Mumm, Laura C.; Matthew Levington; Kutscher Clark, Martie |
| **Subject:** | RE: UPDATE Next steps Re: In re Facebook, Inc. Consumer Privacy User Litigation |
| **Attachments:** | 2018-08-28 Pls' RFPs to Facebook (1st Set).pdf; 2019-11-25 Pls' RFPs to Facebook (2nd Set).pdf; 2020-05-06 Pls RFPs to Facebook (3rd Set).pdf; 2020-06-12 Plaintiffs RFPs to Facebook (4th Set).pdf; 2020-07-16 Pl 4th ROGs to Facebook 071620.pdf; 712 - 2021-07-26 Order re Dispute re Facebook Doc Review (Dkt 697).pdf; 557 - 2020-10-29 Discovery Order No. 9.pdf; 608 - 2021-02-01 Order Re Business Partners Discv Dispute.pdf |

Judge Andler, Mr. Garrie, and Counsel:

The discovery requests corresponding to Plaintiffs' impasse and mediation items are provided inline below. We have also attached the relevant discovery requests and orders. Certain issues are not specific to particular discovery requests, but either apply to substantially all of the discovery requests or concern the manner of conducting discovery. We have provided an explanatory note for such issues.

Enjoy your weekend. We look forward to our session on Monday.

Best,
Matt

**Impasse**
1. TAR. *See* Dkt. No. 712.
    - Concerns the manner of Facebook's collection, review, and production.
2. Production of Named Plaintiffs' data in compliance with Dkt. No. 557.
    - Plaintiffs' Request for Production Nos. 9-10 (served Nov. 25, 2019); *see* Request for Production No. 42 (incorporating documents used to answer Plaintiffs' Interrogatories) (served May 6, 2020).
3. Identification of all Business Partners in compliance with Dkt. No. 608.
    - Plaintiffs' Interrogatory Nos. 14-15, 17, 25 (served July 16, 2020); Plaintiffs' Request for Production Nos. 6-7, 11-13, 18, 20-21, 24-31, 34 (served Nov. 25, 2019); 45-49 (served May 6, 2020); 63 (served June 12, 2020); *see* Request for Production No. 42 (incorporating documents used to answer Plaintiffs' Interrogatories) (served May 6, 2020).
4. Production of notes from 30(b)(6) deposition of Amy Lee.
    - Concerns documents reviewed by corporate designee during her deposition (raised on the record during the deposition conducted Feb. 24, 2021; production discussed during discovery mediation in April).

**Issues to Mediate**
1. Addition of Mark Zuckerberg and Sheryl Sandberg as custodians and production of their relevant custodial files.
    - Concerns substantially all of Plaintiffs' Requests for Production, including Nos. 1-4 (served Aug. 28, 2018); 16-19, 21-22, 25, 28-32, 34-36 (served Nov. 25, 2019); 38, 41, 50-56 (served May 6, 2020); 57-59, 62-63 (served June 12, 2020); *see* Request for Production No. 42 (incorporating documents used to answer Plaintiffs' Interrogatories) (served May 6, 2020).

2. Production of non-custodial ESI, including (but not limited to) Tasks, Quip, Walls from relevant Internal Facebook Groups (e.g., "Platform Whitelist Approvers"), Scuba.
   - Concerns all or substantially all of Plaintiffs' Requests for Information; *see* Request for Production No. 42 (incorporating documents used to answer Plaintiffs' Interrogatories) (served May 6, 2020).
3. Production of detailed revenue information for the entire class period as recognized by Judge Chhabria (2007 to present).
   - Plaintiffs' Request for Production Nos. 14-17 (served Nov. 25, 2019); *see* Request for Production No. 42 (incorporating documents used to answer Plaintiffs' Interrogatories) (served May 6, 2020).
4. Regarding the apps that Facebook suspended (see https://about.fb.com/news/2019/09/an-update-on-our-app-developer-investigation/), production of documents reflecting details about the number of those U.S. Facebook users whose data the apps may have accessed, the type of information that may have been accessed, and the apps and developers of those apps that were suspended.
   - Plaintiffs' Request for Production Nos. 2 (served Aug. 28, 2018); 13 ,18-19, 21, 31, 32 (served Nov. 25, 2019); 37 (served May 6, 2020); 57, 63 (served June 12, 2020); *see* Request for Production No. 42 (incorporating documents used to answer Plaintiffs' Interrogatories) (served May 6, 2020).
5. Productions of relevant requests and written responses from Government investigations.
   - Plaintiffs' Request for Production Nos. 6 (served Nov. 25, 2019); 43 (served May 6, 2020); *see* Request for Production No. 42 (incorporating documents used to answer Plaintiffs' Interrogatories) (served May 6, 2020).
6. Production of API v1.0 developer manuals, wikis, and other guides or training materials.
   - Plaintiffs' Request for Production Nos. 26-27 (served Nov. 25, 2019); 55 (served May 6, 2020); *see* Request for Production No. 42 (incorporating documents used to answer Plaintiffs' Interrogatories) (served May 6, 2020).
7. Production of Zuckerberg notebooks.
   - Concerns numerous of Plaintiffs' Requests for Production, including Nos. 1-4 (served Aug. 28, 2018); 16-19, 21-22, 25, 28-32, 34-36 (served Nov. 25, 2019); 38, 41, 50-57 (served may 6, 2020); 57-59, 62-63 (served June 12, 2020).
8. Production of "secret sauce" memo.
   - Plaintiffs' Request for Production Nos. 6, 22-23, 35, 36 (served Nov. 25, 2019); 45-51, 54-60 (served May 6, 2020).
9. Production of documents regarding the number of API calls concerning U.S. Facebook users who requested or interacted with videos on the platform, and other information about such users that third parties could call at the same time.
   - Plaintiffs' Request for Production Nos. 13, 24, 26-27, 31 (served Nov. 25, 2019); 37 (served May 6, 2020); *see* Request for Production No. 42 (incorporating documents used to answer Plaintiffs' Interrogatories) (served May 6, 2020).

---

**From:** Gail Andler <judgeandler@icloud.com>
**Sent:** Thursday, August 12, 2021 6:41 PM
**To:** Kutscher Clark, Martie <MKutscherClark@gibsondunn.com>
**Cc:** dgarrie@jamsadr.com; Daniel B. Garrie <Daniel@lawandforensics.com>; Lesley Weaver <lweaver@bfalaw.com>; Stein, Deborah L. <DStein@gibsondunn.com>; Derek Loeser <dloeser@kellerrohrback.com>; Snyder, Orin <OSnyder@gibsondunn.com>; Falconer, Russ <RFalconer@gibsondunn.com>; Chris Springer <cspringer@kellerrohrback.com>; Anne Davis <adavis@bfalaw.com>; David Ko <dko@kellerrohrback.com>; Matthew Melamed <mmelamed@bfalaw.com>; Cari Laufenberg <claufenberg@kellerrohrback.com>; Benjamin Gould <bgould@KellerRohrback.com>; Mumm, Laura C. <LMumm@gibsondunn.com>; Matthew Levington <MLevington@jamsadr.com>
**Subject:** Re: UPDATE Next steps Re: In re Facebook, Inc. Consumer Privacy User Litigation

Dear Counsel,

Mr. Garrie is traveling but we discussed your submissions and will confer tomorrow regarding the order in which the discovery disputes will be addressed in our mediation sessions. He has also asked me to share with you that since we are mediating discovery disputes, our request that you provide tomorrow a cross-reference for each dispute identified by you to a specific discovery request—e.g. RFP 10, Set One, November 5. 2019, etc.

Thank you for your continuing courtesy and cooperation.

Daniel Garrie and Gail Andler


*Judge Gail Andler (Ret.)*



On Aug 12, 2021, at 5:25 PM, Kutscher Clark, Martie <MKutscherClark@gibsondunn.com> wrote:

Thank you, Judge Andler, and our apologies for the delay. Our agenda items for next week are below.

**Facebook's Proposed Topics**

1. The parties should work to reach agreement on an amended Rule 53 order. Facebook provided a revised draft this week and understands the parties will begin their discussion prior to the mediation session.

2. Facebook seeks to reach agreement, or otherwise a protective order, clarifying that Facebook is not required to preserve or produce inaccessible API call log data amounting to hundreds of petabytes of data currently in cold storage.

3. Plaintiffs agreed at the last mediation session that depositions they noticed for this summer will not move forward in light of Judge Chhabria's scheduling order. Facebook seeks confirmation that Plaintiffs informed any subpoena recipients (other than those represented by Gibson Dunn) that their depositions will not move forward at this time.

4. It came to Facebook's attention this week that, after Facebook invested months of work to revise privilege redactions Plaintiffs' challenged from Facebook's cloned government productions, Plaintiffs' reasserted many hundreds of challenges without reviewing the overlay Facebook provided showing its revisions. Plaintiffs' initial challenges to Facebook's redacted documents also suggested Plaintiffs had not reviewed the documents before challenging the redactions. Facebook seeks Plaintiffs' agreement that Plaintiffs will not raise challenges to redactions without reviewing the documents and redactions at issue.

5. Plaintiffs indicated at a prior session that they are withholding medical records responsive to RFP 14 on the basis that they allege "garden variety emotional distress," but they have not provided a stipulation to that effect, as required to preserve psychotherapist-patient privilege as to documents responsive to RFP No. 14. Nor have they agreed to produce a privilege log of any documents withheld pursuant to the privilege.

6. At least one Named Plaintiff, Bridgett Burk, appears to have not provided a complete response to Facebook's Interrogatory No. 1 seeking identification of all email addresses associated with her Facebook accounts.

7. Facebook would like to understand the status of Plaintiffs' productions and whether Plaintiffs are currently withholding responsive materials. Plaintiffs' document productions appear incomplete, especially with respect to Facebook's RFPs seeking evidence of data security threats and unwanted and/or fraudulent advertising

allegedly resulting from Facebook's unauthorized disclosure of Plaintiffs' user data, as well as documents supporting Plaintiffs' damages claims and regarding their involvement in other class action litigation.

<u>Impasse</u>: Facebook believes the parties are likely at impasse regarding item #2 above but suggests the parties discuss this topic during Monday's session to confirm Plaintiffs' position with respect to whether Facebook is required to preserve or produce hundreds of petabytes of inaccessible API call data that is currently in cold storage.

**Martie Kutscher Clark**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5348 • Fax +1 650.849.5048
MKutscherClark@gibsondunn.com • www.gibsondunn.com

---

**From:** Gail Andler <JudgeAndler@iCloud.com>
**Date:** Wednesday, August 11, 2021 at 7:12 PM
**To:** "Kutscher Clark, Martie" <MKutscherClark@gibsondunn.com>, "dgarrie@jamsadr.com" <dgarrie@jamsadr.com>, "Daniel B. Garrie" <Daniel@lawandforensics.com>, Lesley Weaver <lweaver@bfalaw.com>, "Stein, Deborah L." <DStein@gibsondunn.com>, Derek Loeser <dloeser@kellerrohrback.com>, "Snyder, Orin" <OSnyder@gibsondunn.com>, "Falconer, Russ" <RFalconer@gibsondunn.com>, Chris Springer <cspringer@kellerrohrback.com>, Anne Davis <adavis@bfalaw.com>, David Ko <dko@kellerrohrback.com>, Matt Melamed <mmelamed@bfalaw.com>, Cari Laufenberg <claufenberg@kellerrohrback.com>, Benjamin Gould <bgould@kellerrohrback.com>, "Mumm, Laura C." <LMumm@gibsondunn.com>
**Cc:** Matthew Levington <mlevington@jamsadr.com>
**Subject:** Re: UPDATE Next steps Re: In re Facebook, Inc. Consumer Privacy User Litigation

**[WARNING: External Email]**

Dear Counsel,
Previously we had requested that you provide us with your proposed agenda no later than noon tomorrow for our Monday session, and that for each successive session the proposed agenda would follow the same timeline: by noon two days before the session. We realized that this would require you to provide the proposed agenda for Wednesday while you were still in the Monday session, which of course would not be helpful. As a result, we are requesting you provide us with your proposed agendas as follows:

By no later than 4:00 p.m. tomorrow, please provide us with your proposed agenda with up to a total of 9 discovery disputes you would like to mediate, without argument. Please prioritize the list (i.e., list your highest priority as 1, etc.). Please include in your filing a separate list of discovery disputes you believe to be at impasse, without argument. Mr. Garrie and I will review and compare your proposed agendas and get back to you with the rough order in which we intend to address the disputes in mediation, so that you can have some idea of who should be there on Monday to discuss the specific issues. It is important to have the partners with authority to negotiate resolutions present, and I understand everyone will be at the Monday session. As stated below, the discovery mediators will confer with counsel at the outset of the session regarding whether you agree a discovery dispute is at impasse or whether you disagree and wish to further mediate that discovery dispute. The discovery mediators will then confer with one another on whether they intend to declare impasse. If impasse is declared, the protocol for the Rule 53 briefing and hearing will apply.

Separately, as to the Rule 53 appointment, if counsel believe that the existing order is insufficient or defective in some manner, please meet and confer on a proposed stipulation for an amended order.

Thank you.
Best regards,
Daniel Garrie and Gail Andler

---

**From:** Gail Andler <judgeandler@icloud.com>
**Date:** Friday, August 6, 2021 at 5:15 PM
**To:** "Kutscher Clark, Martie" <MKutscherClark@gibsondunn.com>, <dgarrie@jamsadr.com>, Daniel Garrie <Daniel@lawandforensics.com>, Lesley Weaver <lweaver@bfalaw.com>, "Stein, Deborah L." <DStein@gibsondunn.com>, Derek Loeser <dloeser@kellerrohrback.com>, "Snyder, Orin" <OSnyder@gibsondunn.com>, "Falconer, Russ" <RFalconer@gibsondunn.com>, Chris Springer <cspringer@kellerrohrback.com>, Anne Davis <adavis@bfalaw.com>, David Ko <dko@kellerrohrback.com>, Matt Melamed <mmelamed@bfalaw.com>, Cari Laufenberg <claufenberg@kellerrohrback.com>, Benjamin Gould <bgould@kellerrohrback.com>, "Mumm, Laura C." <LMumm@gibsondunn.com>
**Cc:** Matthew Levington <mlevington@jamsadr.com>
**Subject:** Re: Next steps Re: In re Facebook, Inc. Consumer Privacy User Litigation

Dear Counsel,
Daniel Garrie and Gail Andler spoke this afternoon as your discovery co-mediators and wanted to let you know the protocol for discovery mediation sessions going forward. As to the protocol for briefing and hearings before Mr. Garrie as your Discovery Master, he will communicate separately with you once he receives the copy of his amended Order of Appointment under Rule 53.
The mediation protocol the discovery mediators would like to follow is as follows:
No later than noon 2 days before a scheduled mediation session, each side shall file and serve a proposed agenda with the following content only:
- 3 discovery disputes you would like to mediate (without argument); and
- A list of the discovery disputes you believe to be at impasse (without argument).

The discovery mediators will confer with counsel at the outset of the session regarding whether you agree a discovery dispute is at impasse or whether you disagree and wish to further mediate that discovery dispute. The discovery mediators will then confer with one another on whether they intend to declare impasse. If impasse is declared, the protocol for the Rule 53 briefing and hearing will apply,
Matt Levington has tentatively scheduled discovery mediation sessions August 16, 18, and 20. We understand that all three dates are set aside because it was not possible to have one date where lead counsel for both sides would be in attendance. August 16 is Monday, so please file your proposed agenda including a listing of any discovery disputes at impasse by noon Thursday, August 12 and please confirm with Mr. Levington who will be in attendance each day. Mr. Garrie will be there for each discovery mediation session and unless Gail Andler is selected as a juror she will be there as well. No pre-sessions calls have been scheduled due to the constraints of the calendars involved.

Thank you for your continuing courtesy and cooperation,
Sincerely,
Daniel Garrie and Gail Andler
Discovery Mediators



On Jun 25, 2021, at 11:10 AM, Kutscher Clark, Martie <MKutscherClark@gibsondunn.com> wrote:

Counsel,

Following up on my note below, please confirm that you have informed the individual recipients of the deposition subpoenas you served that the noticed deposition dates are merely placeholder dates, as you indicated in your cover letter to Facebook.

Thank you,
Martie

**Martie Kutscher Clark**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5348 • Fax +1 650.849.5048
MKutscherClark@gibsondunn.com • www.gibsondunn.com

---

**From:** "Kutscher Clark, Martie" <MKutscherClark@gibsondunn.com>
**Date:** Friday, June 18, 2021 at 2:40 PM
**To:** "Sarah R. Skaggs" <sskaggs@KellerRohrback.com>, "Snyder, Orin" <OSnyder@gibsondunn.com>, "Mumm, Laura C." <LMumm@gibsondunn.com>, "Falconer, Russ" <RFalconer@gibsondunn.com>, "Stein, Deborah L." <DStein@gibsondunn.com>, Gail Andler <JudgeAndler@iCloud.com>, "Daniel B. Garrie" <Daniel@lawandforensics.com>, "'dgarrie@jamsadr.com'" <dgarrie@jamsadr.com>
**Cc:** Angelica Ornelas <aornelas@bfalaw.com>, Anne Davis <adavis@bfalaw.com>, Benjamin Gould <bgould@KellerRohrback.com>, Cari Laufenberg <claufenberg@kellerrohrback.com>, Chris Springer <cspringer@kellerrohrback.com>, David Ko <dko@kellerrohrback.com>, Derek Loeser <dloeser@kellerrohrback.com>, Matt Melamed <mmelamed@bfalaw.com>, Jennifer Tuato'o <jtuatoo@KellerRohrback.com>, Josh Samra <jsamra@bfalaw.com>, Ben Lantz <blantz@KellerRohrback.com>, Cesar Tamondong <ctamondong@bfalaw.com>, Lesley Weaver <lweaver@bfalaw.com>
**Subject:** Re: In re Facebook, Inc. Consumer Privacy User Litigation

Counsel,

Facebook objects to this deposition subpoena, as well as the five subpoenas served on June 9, for numerous reasons that we articulated in our June 7 letter, which I reattach here. The parties should work to resolve this discovery dispute in mediation, consistent with Judge Corley's instructions. We suggest we do so during Monday's mediation session.

In the meantime, please confirm that you informed the subpoena recipients that the noticed deposition dates are merely placeholder dates, as you indicated in your cover letter to Facebook.

Thank you,
Martie

**Martie Kutscher Clark**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

6

1881 Page Mill Road, Palo Alto, CA 94304-1211
Tel +1 650.849.5348 • Fax +1 650.849.5048
MKutscherClark@gibsondunn.com • www.gibsondunn.com

---

**From:** "Sarah R. Skaggs" <sskaggs@KellerRohrback.com>
**Date:** Friday, June 11, 2021 at 4:41 PM
**To:** "Lipshutz, Joshua S." <JLipshutz@gibsondunn.com>, "Linsley, Kristin A." <KLinsley@gibsondunn.com>, "Lutz, Brian M." <BLutz@gibsondunn.com>, "Snyder, Orin" <OSnyder@gibsondunn.com>, "Mumm, Laura C." <LMumm@gibsondunn.com>, "Kutscher Clark, Martie" <MKutscherClark@gibsondunn.com>, "Falconer, Russ" <RFalconer@gibsondunn.com>, "Stein, Deborah L." <DStein@gibsondunn.com>, "Davis, Colin B." <CDavis@gibsondunn.com>
**Cc:** Angelica Ornelas <aornelas@bfalaw.com>, Anne Davis <adavis@bfalaw.com>, Benjamin Gould <bgould@KellerRohrback.com>, Cari Laufenberg <claufenberg@KellerRohrback.com>, Chris Springer <cspringer@KellerRohrback.com>, David Ko <dko@KellerRohrback.com>, Derek Loeser <dloeser@KellerRohrback.com>, Matt Melamed <mmelamed@bfalaw.com>, Jennifer Tuato'o <jtuatoo@KellerRohrback.com>, Josh Samra <jsamra@bfalaw.com>, Ben Lantz <blantz@KellerRohrback.com>, Cesar Tamondong <ctamondong@bfalaw.com>, Lesley Weaver <lweaver@bfalaw.com>
**Subject:** RE: In re Facebook, Inc. Consumer Privacy User Litigation

[External Email]
Good evening,

Below please find deposition subpoena to Luke Conlan along with cover letter.

Very truly yours,

Sarah Skaggs
Complex Litigation Legal Assistant/Paralegal to Cari C. Laufenberg, Chris Springer and Felicia Craick
Keller Rohrback L.L.P.
(206) 623-1900
(206) 623-3384
sskaggs@kellerrohrback.com

CONFIDENTIALITY NOTE: This e-mail contains information belonging to the law firm of Keller Rohrback L.L.P., which may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual entity named above. If you think that you have received this message in error, please e-mail the sender. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

---

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.