# EXHIBIT 136
## Unredacted Version of Document Sought to be Sealed

## FACEBOOK'S SEPARATE STATEMENT
## IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION
## OF NAMED PLAINTIFFS' CONTENT AND INFORMATION

| *Written Discovery* | *Discovery Response* | *Relevant History* | *Executive Summary* |
|---|---|---|---|
| **Plaintiffs' Second Set of Requests for Production**<br><br>On November 25, 2019, Plaintiffs served their Second Set of Requests for Production.<br><br>Request for Production 9 sought "All Documents relating to each of the Named Plaintiffs, including but not limited to all Content and Information collected about each of them or gained from business relationships or any other source."<br><br>Request for Production 10 sought "For each of the Named Plaintiffs, Documents sufficient to show the categories of Content and Information Facebook collects, tracks, and maintains about them."<br><br>Request for Production 11 sought "Documents sufficient to identify all Third Parties to | On December 26, 2019, Facebook served its Responses and Objections to Plaintiffs' Second Set of Requests for Production. Facebook agreed to produce documents responsive to Requests 9 and 10 that were "uniquely associated with Content and Information related to the Named Plaintiffs' accounts." Facebook stated that it did not have documents responsive to Requests 11 and 12, as it understood the Requests—because Facebook does not maintain records of which specific data from a specific user was shared with a specific app developer or business partner—and was willing to meet and confer. In response to Request 13, Facebook agreed to produce cease-and-desist letters "sent to app developers identified as | On January 17, 2020, the parties held a meet and confer regarding Facebook's Responses and Objections to Plaintiffs' Second Set of Requests for Production. Facebook explained that it would produce documents containing data associated with the Named Plaintiffs' Facebook accounts and that it was not possible to identify every data point Facebook may maintain that may relate back in some way to a given user.<br><br>On March 11, 2020, Plaintiffs inquired about the scope of Facebook's productions of data relating to the Named Plaintiffs. Facebook explained again that it was producing the information Facebook actually associates with each Named Plaintiffs' account—and was not, and | Plaintiffs' motion should be denied.<br><br>1. Plaintiffs point to no actual deficiencies in Facebook's productions. After saying for more than one year that Facebook's productions are incomplete, rather than point to any evidence to support that false accusation, Plaintiffs request invasive discovery to prove it.<br><br>2. Plaintiffs are not entitled to "discovery on discovery" because they do not believe Facebook's productions are complete. Judge Chhabria, Judge Corley, and the Special Master have previously rejected Plaintiffs' efforts to audit Facebook's discovery process, and the Special |

| Written Discovery | Discovery Response | Relevant History | Executive Summary |
|---|---|---|---|
| which Facebook granted access to Named Plaintiffs' Content and Information, what categories of Content and Information Facebook granted access to, how Facebook allowed these Third Parties to access the Named Plaintiffs' Content and Information, and the business purpose of all such access."<br><br>Request for Production 12 sought "Documents relating to any partnerships or agreements Facebook entered into with Third Parties for access to Named Plaintiffs' Content and Information."<br><br>Request for Production 13 sought "For all Third Parties to which Facebook granted access to Named Plaintiffs' Content and Information, Documents sufficient to show any use by Third Parties of such Content and Information not in connection with the User that granted the permission to the Third Party or inconsistent with | having access to Facebook users' Content and Information during the Relevant Time Period relating to policy violations involving potential misuse of user data."<br><br>Facebook's Responses and Objections are included in full in Plaintiffs' Separate Statement Regarding Motion to Compel Production of Named Plaintiffs' Content and Information. | would not be able to, produce every data point (including aggregated and anonymized data) that Facebook may maintain that may relate back in some way to a given user.<br><br>On March 14, 2020, Facebook informed Plaintiffs that it had produced "all data . . . associated with the accounts of the . . . Named Plaintiffs" and would search for additional data it could produce.<br><br>Facebook subsequently repeatedly informed Plaintiffs and the Court that it had produced the most complete compilation of data associated with the Named Plaintiffs' accounts, including on July 30, 2020 (Dkt. 484), August 13, 2020 (Dkt. 495), and September 18, 2020 (Dkt. 515). During those discussions Plaintiffs insisted that Facebook locate and produce any other data point Facebook may maintain that may relate back or be derived in some way from data relating to one of the Named | Master should do so again here.<br><br>3. Plaintiffs are judicially estopped from demanding user data that was not shared with third parties after arguing to Judge Corley that this data is not relevant. Plaintiffs secured relief based on this concession to Judge Corley, and must be bound by it before the Special Master.<br><br>4. The list of demands in Plaintiffs' motion—which seeks information about Facebook's "data sources" that Plaintiffs say they will use "to develop an efficient discovery plan"—is not properly before the Special Master. This is not the topic on which the mediators declared impasse; the requests Plaintiffs moved on do not seek this information; Judge Corley has repeatedly rejected this request; and it largely concerns materials that Facebook provided in |

| Written Discovery | Discovery Response | Relevant History | Executive Summary |
|---|---|---|---|
| Facebook's agreement with that Third Party." | | Plaintiffs—even if that data was never shared outside of Facebook, and even if it was aggregated or anonymized. Facebook explained that this would not be possible, and even if it were, it would not identify any information that had not been produced that would be probative of any issue in this privacy litigation.<br><br>After ongoing disputes about this issue, the Court suggested that parties brief it.<br><br>On September 18, 2020, Facebook moved the Court to enforce its partial stay of discovery, in relation to Plaintiffs' requests for discovery of data relating to the Named Plaintiffs beyond data the Plaintiffs had shared on Facebook. Dkt. 515.<br><br>On September 28, 2020, Plaintiffs filed a cross-motion to compel production of additional data relating to the Named Plaintiffs including data relating to the Named Plaintiffs' off- | an effort to advance the parties' negotiations and Plaintiffs apparently have not reviewed. |

FACEBOOK'S SEPARATE STATEMENT IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
NAMED PLAINTIFFS' CONTENT AND INFORMATION

| Written Discovery | Discovery Response | Relevant History | Executive Summary |
|---|---|---|---|
| | | Facebook activity and so-called "inferred data." Dkt. 526.<br><br>In its October 8, 2020 Reply brief, Facebook argued that Plaintiffs' request concerned data outside the scope of any live theory of this case and would require it to search "millions of disaggregated data sets" and could not reasonably be identified. Dkt. 537 at 6, 9-10.<br><br>On October 19, 2020, in their Sur-Reply brief, Plaintiffs' stated clearly that "Plaintiffs do not demand, . . . 'that Facebook search millions of disaggregated data sets'" and instead that they only sought data "collected about ten Named Plaintiffs and shared with third parties." Dkt. 548 at 9. They further stated, "Plaintiffs do not contend that information that was not shared is relevant, which substantially narrows the information Facebook would be required to produce in this case." *Id.* | |

| Written Discovery | Discovery Response | Relevant History | Executive Summary |
|---|---|---|---|
| | | On October 29, 2020, Judge Corley ruled that Plaintiffs' claims extended to "the sharing of data Facebook collects from a user's on-platform activity" as well as "Facebook's sharing of user data and alleged failure to monitor how third parties used such shared information." Judge Corley then held that data obtained from third-parties regarding or inferred from user activities were discoverable if "share[d] with third parties." Dkt. 557 at 1-2.<br><br>At a hearing on December 9, 2020, Facebook explained the documents it had already produced "really does cover the universe" of "data that is actually shared or made accessible to third parties." Tr. at 17:13-21. At Plaintiffs' disbelief, the Court ordered that Facebook make available a 30(b)(6) deponent to "verify the representation that yes, we collect [additional] information . . . but it is not made accessible to third parties." *Id.* at 35:3-5. | |

| Written Discovery | Discovery Response | Relevant History | Executive Summary |
|---|---|---|---|
| | | During a January 15, 2021, Judge Corley reiterated that the purpose of the 30(b)(6) was for Plaintiffs to be able to test Facebook's representations that "the stuff that's been produced is all" the data that could have been shared in order to "break through the logjam" regarding the parties' dispute as to the production of user data. Tr. at 19:15-20:19.<br><br>On February 23, 2021, Plaintiffs took the 30(b)(6) deposition of a senior Facebook executive. Plaintiffs did not ask any questions regarding whether Facebook shares categories of information that it had not produced.<br><br>On March 1, 2021, Plaintiffs wrote to Facebook demanding the production of additional user data on the basis that they had identified additional data about users that Facebook may *maintain*.<br><br>Facebook responded on April 1, 2021 and asked Plaintiffs to | |

| Written Discovery | Discovery Response | Relevant History | Executive Summary |
|---|---|---|---|
| | | clarify their position, as none of the evidence cited showed that additional categories of data had been shared with third parties.<br><br>Plaintiffs did not respond.<br><br>During a discovery mediation on July 9, 2021, Plaintiffs asked Facebook to produce a vast array of data regarding its sources of ESI.  Plaintiffs insisted that production of this information would advance the parties' discussions about Facebook's production of Named Plaintiff data.<br><br>Facebook conveyed, through the mediators, that much of the information Plaintiffs requested—such as a "data map"—did not exist, but that it would endeavor to provide Plaintiffs with additional materials that would allow them to understand Facebook's data storage materials.  Facebook produced these documents on September 21, 2021. | |

| Written Discovery | Discovery Response | Relevant History | Executive Summary |
|---|---|---|---|
| | | On September 10, 2021, Plaintiffs wrote to Facebook demanding that it produce, "all data it has collected about" the Named Plaintiffs.<br><br>On September 16, 2021, Facebook responded and asked Plaintiffs to clarify whether they were seeking production of "all" data or only "shared" data, which was the position they had taken before the Court.<br><br>Plaintiffs did not respond.<br><br>On October 6, 2021, the mediators declared impasse on the issue of "Production of Named Plaintiffs' data in compliance with Dkt. No. 557." | |
| **Plaintiffs' Fourth Set of Interrogatories**<br><br>On July 16, 2020, Plaintiffs served their Fourth Set of Interrogatories.<br><br>Interrogatory 9 requested, "For each Database and Data Analytics Infrastructure | On August 17, 2020, Facebook served its initial responses to Plaintiffs Fourth Set of Interrogatories. Facebook identified APIs in response to Interrogatories 9, 10, and 11, as well as the data endpoints where | None. The parties have not met and conferred about or mediated Facebook's responses to these Interrogatories, which Plaintiffs have never disputed. | The Interrogatories Plaintiffs cite are not relevant to this dispute, which concerns only Facebook's documents productions with respect to Discovery Order 9. |

| Written Discovery | Discovery Response | Relevant History | Executive Summary |
|---|---|---|---|
| identified in your answer to Interrogatory No. 8, identify the corresponding query interfaces (e.g., including graphical interfaces, command-oriented interfaces, and APIs) that have called or accessed data from such Database to respond to either internal or external queries."<br><br>Interrogatory 10 requested, "For each query interface identified in your answer to Interrogatory No. 9, identify whether such query interface is or has been used to respond to internal queries, external queries, or both."<br><br>Interrogatory 11 requested, "For each query interface identified in your answer to Interrogatory No. 10 as being or having been used to respond to external queries, identify the complete list of fields or query parameters available for queries by a Third Party via such query interfaces. For each of the fields or query parameters, describe in detail | such information was not publicly available. In its August 17 responses, Facebook did not substantively respond to Interrogatories 16 and 17 because Plaintiffs had exceeded the allowed number of interrogatories (including subparts).<br><br>On November 20, 2020 Facebook amended its responses to Plaintiffs' Fourth Set of Interrogatories, after Judge Corley expanded the number of interrogatories each party would be allowed. Based on further investigation, Facebook identified additional APIs in response to Interrogatories 9, 10, and 11. In response to Interrogatories 16 and 17, Facebook indicated that it was investigating "what, if any, information it can produce in response" to these Requests."<br><br>On February 11, 2021, Facebook served its Second Amended Responses and Objections to Plaintiffs' Fourth Set of Interrogatories. | | |

| Written Discovery | Discovery Response | Relevant History | Executive Summary |
|---|---|---|---|
| the acceptable ranges and formats of their values and identify which parameters are optional for queries and which are required."<br><br>Interrogatory 16 requested, "For each Named Plaintiff, identify all Third Parties who had the ability to access such Named Plaintiff's Not Generally Available Content and Information by virtue of the fact that the Named Plaintiff was a Friend of an Installing User, the date and time of each request for such access, and the specific Content and Information that was accessed."<br><br>Interrogatory 17 requested, "For each Named Plaintiff, identify each Facebook Business Partner that had the ability to access the Named Plaintiff's Not Generally Available Content and Information, even if the Named Plaintiff had not downloaded an App from that Business Partner, the date and time of each request for such access, and the specific Content | Facebook made some clarifying revisions to the text of its responses and to 8 of the end points provided. Facebook indicated it was continuing its investigation regarding Interrogatories 16 and 17. | | |

| *Written Discovery* | *Discovery Response* | *Relevant History* | *Executive Summary* |
|---|---|---|---|
| and Information that was accessed." | | | |