1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS | **MDL NO. 2843** <br><br> CASE NO. 3:18-MD-02843-VC-JSC <br><br> HON. VINCE CHHABRIA <br> HON. JACQUELINE SCOTT CORLEY <br> COURTROOM 4 – 17TH  FLOOR <br> SPECIAL MASTER, DANIEL GARRIE, ESQ. <br><br> **AMENDED ORDER ON PLAINTIFFS' MOTION FOR ADDITIONAL TIME TO CONDUCT RULE 30(b)(6) DEPOSITIONS** |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.   Pending before the Special Master is Plaintiffs' Motion for Additional Time to Conduct Rule 30(b)(6) Depositions.

### BACKGROUND

2.   The parties appear to disagree as to the amount of 30(b)(6) testimony that has been taken so far. Plaintiffs stated that at the time Plaintiffs' motion was filed on August 3, 2022, "Facebook has been on the record for 67 hours and 18 minutes of 30(b)(6) testimony." See Exhibit A (Plaintiffs' Motion) at 1. Facebook stated that "as of the filing of this motion, Plaintiffs had taken 82 hours of 30(b)(6) testimony," and that "Ms. Leone was deposed last Friday [August 5, 2022] for over 7 hours," bringing Facebook's total to 89 hours and 36 minutes. See Exhibit B (Facebook's Letter Brief) at 1; see also Appendix A to Facebook's Letter Brief. Adding the 7 hours and 23 minutes for Ms. Leone's deposition, which took place after Plaintiffs' motion was filed, to Plaintiffs' stated total of 67 hours and 18 minutes brings Plaintiffs' total to 74 hours and 41 minutes, which is approximately 15 hours short of Facebook's total.[1]

3.   According to Plaintiffs, "Facebook has agreed to provide in part, additional testimony on Topics 2 (data made accessible), 6 (friend sharing), 7 (whitelisting), 8 (tracking data), 9 (VPPA), and 10 (monetization), including testimony from a witness Facebook has designated to testify about targeted advertising, which cuts across several of these topics." See Exhibit A (Plaintiffs' Motion) at 1. Plaintiffs also seek testimony on preservation and FTC complaints and consent orders.[2] Id. All of the above additional testimony is subject to the 100-hour limit on 30(b)(6) testimony agreed to by the parties. See Exhibit B (Facebook's Letter Brief) at 1; see also 6/9 CMC Hr'g Tr. at 28:19-22; 29:2.

4.   Plaintiffs "seek an order (1) modifying the 70-hour time limit for Plaintiffs' 30(b)(6)

---

[1] The Special Master notes that Facebook provided a detailed breakdown of the 30(b)(6) hours to date (Appendix A to Facebook's Letter Brief) and Plaintiffs did not provide a breakdown.
[2] Testimony on Topic 5 is also scheduled but Facebook has agreed not to count that time against Plaintiffs' time limits. See Appendix A to Facebook's Letter Brief.

**AMENDED ORDER ON PLAINTIFFS' MOTION FOR ADDITIONAL TIME TO CONDUCT RULE 30(b)(6) DEPOSITIONS**

deposition of Defendant Facebook on specific topics to permit Plaintiffs 50 hours total for all remaining 30(b)(6) testimony; and (2) compelling the attendance of Facebook's General Counsel at all remaining 30(b)(6) depositions." <u>See</u> Exhibit A (Plaintiffs' Motion) at 1.[3] Thus, Plaintiffs seek to modify the total allotted time for 30(b)(6) depositions to 120 hours. Plaintiffs argue that this additional time is necessary because (1) Facebook's designation of multiple witnesses for single topics has required additional time; (2) Facebook failed to properly prepare designees; (3) Plaintiffs' identification of documents and explanations have not solved the problems; and (4) Facebook's counsel exacerbated these issues by objecting during the depositions. <u>Id.</u>

5.   Facebook argues that Plaintiffs' motion should be denied because (1) there has not been any meaningful meet and confer between the parties on this issue; (2) additional time is unnecessary as there is enough time under the 100 hour time limit to complete the remaining depositions; (3) Plaintiffs' motion is premature because it is unclear what if any additional 30(b)(6) depositions will go forward; (4) Plaintiffs have not established good cause for additional time; and (5) Plaintiffs do not make any showing that the attendance of Facebook's most senior legal officer would address the supposed issues. <u>See</u> Exhibit B (Facebook's Letter Brief).

6.   According to Facebook, additional time is unnecessary because the remaining 11 hours allotted to Plaintiffs (per Facebook's account of the total hours of testimony taken to date) is "more than enough time for Mr. Archibong's deposition (limited to 3.5 hours by order of the Special Master) and Ms. Lee's deposition (2.5 hours as proposed by Facebook since she has previously testified for 2 days)." <u>Id.</u> at 1.

7.   Facebook also argues that Plaintiffs' motion is premature because "[f]or Topics 6 and 7, a motion is pending before the Special Master to determine whether there will be additional testimony," the parties are conferring with respect to Topic 9, and Plaintiffs' motion to serve notice regarding the

---

[3] Plaintiffs appear to have erroneously understood the total allotted time for 30(b)(6) depositions to be capped at 70 hours, when Facebook had agreed to 100 total hours for 30(b)(6) depositions. <u>See</u> Exhibit B (Facebook's Letter Brief) at 1.

FTC complaints and consent order to pending before the Special Master. Id. at 2. Facebook also stated that "[f]or preservation, the parties have agreed on written Q&As with a limited follow-up deposition, which should require less than 7 hours." Id.

8.   The Special Master issued an initial order on Plaintiffs' motion on August 19, 2022. See Exhibit D (Initial Order Re: Additional 30(b)(6) Time).

9.   Facebook submitted a motion for reconsideration in which Facebook requests, among other things, that the Special Master "require Plaintiffs to identify the time they propose for each remaining, approved deposition so you may assess the reasonableness of their request and determine how much time is actually needed." See Exhibit E (Motion for Reconsideration).

## FINDINGS

10. Special Master Garrie finds that additional time is necessary to complete the 30(b)(6) depositions because by Facebook's account of the 30(b)(6) deposition time on record at the time of the submissions and by Facebook's estimate of the remaining 30(b)(6) depositions to be taken, the total amount of 30(b)(6) deposition time will exceed 100 hours.[4] According to Facebook, the remaining depositions to be taken at the time of their submission include at least Mr. Archibong's deposition (estimated at 3.5 hours), Ms. Lee's deposition (estimated at 2.5 hours), and a follow up deposition for the preservation written questions (estimated at under 7 hours). Additionally, the Special Master ruled that "[t]he parties are to meet and confer to schedule a follow up 30(b)(6) deposition to cover the questions on which Plaintiffs seek oral testimony, except for Topic 6 and 7 question 8." See Exhibit C (Order Regarding Facebook's Objections to 30(b)(6) Written Questions) at 7. If the follow up deposition ordered by the Special Master were to last 2 hours (as suggested by the Special Master at the June 24, 2022 hearing)[5] that would mean that there remain approximately 15 hours of depositions to be taken

---

[4] The Special Master is referring to Facebook's account of the total hours of 30(b)(6) deposition testimony to date because Facebook provided a detailed breakdown of the total time. See Appendix A to Facebook's Letter Brief.
[5] The Special Master notes that this statement was made before the objections to written questions were briefed and is intended only as a conservative estimate for the deposition.

**AMENDED ORDER ON PLAINTIFFS' MOTION FOR ADDITIONAL TIME TO CONDUCT RULE 30(b)(6) DEPOSITIONS**

(3.5+2.5+7+2=15) without factoring in the Topic 9 and FTC related depositions, if they occur. Adding this to Facebook's total of 89 hours and 36 minutes equals 104 hours and 36 minutes, which exceeds the 100 hour limit. Therefore, the Special Master finds that even under a conservative estimate of the remaining 30(b)(6) depositions to be taken, additional time will be necessary, per Facebook's account of the total hours.

11. Special Master Garrie finds that Plaintiffs' motion is not premature because even though it is unclear exactly how many more 30(b)(6) depositions will be taken at this time, the Special Master finds that additional time will be necessary. In the interest of resolving these issues as quickly as possible, the Special Master finds that establishing a new time limit at this time will facilitate completing at least the depositions discussed in paragraph 8. If it is necessary to adjust the time limits to accommodate other depositions scheduled in the future, the Special Master will address those issues at that time.

12. Special Master Garrie finds that Plaintiffs also established good cause for additional 30(b)(6) deposition time because Facebook failed to properly prepare some 30(b)(6) designees. The Special Master monitored the 30(b)(6) depositions and agrees with Plaintiffs' position that some of Facebook's designees were unable to answer questions within the scope of the topics. For example, Michael Clark, designated for Topic 4 (pseudonymization, de-identification, association, and deletion), stated that he was not prepared to testify as to Facebook's definition of "personal information." See Michael Clark Deposition Transcript, at 218-226. David Miller, designated on subtopic 9(c) (actions enabling users to access and share video content), was not prepared to testify about changes in Facebook infrastructure designed to improve access to and sharing of video content. See David Miller Deposition Transcript, at 39-43. Michael Fahey, designated on subtopic 9(a) (changes to video content and information over time), was not prepared to talk about what caused video-watching and related metrics to change over time. See Michael Fahey Deposition Transcript, at 19-21. The above are only a few examples of where Facebook's designees were not properly prepared to answer questions within the scope of their noticed topics. Special Master Garrie finds that Facebook's failure to prepare some

**AMENDED ORDER ON PLAINTIFFS' MOTION FOR ADDITIONAL TIME TO CONDUCT RULE 30(b)(6) DEPOSITIONS**

designees properly has wasted considerable time and that Plaintiffs are entitled to additional 30(b)(6) time as a result.

13. Special Master Garrie notes that some of Facebook's 30(b)(6) designees were properly prepared for their depositions.

## ORDER

14. No later than August 26, 2022, Plaintiffs are to submit a statement estimating the amount of time Plaintiffs believe is required for the remaining 30(b)(6) depositions agreed to by the parties as of the issuance of this order. After reviewing Plaintiffs' submission, the Special Master will rule regarding the amount of additional 30(b)(6) deposition time.

IT IS SO ORDERED.

August 25, 2022

_____
Daniel Garrie
Discovery Special Master