# Exhibit A

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' MOTION FOR ADDITIONAL TIME TO CONDUCT RULE 30(b)(6) DEPOSITIONS**<br><br>Judge: Hon. Vince Chhabria<br>Special Master Daniel Garrie<br><br>JAMS Ref. No.: 1200058674 |

## I.     INTRODUCTION

Plaintiffs seek an order (1) modifying the 70-hour time limit for Plaintiffs' 30(b)(6) deposition of Defendant Facebook on specific topics to permit Plaintiffs 50 hours total for all remaining 30(b)(6) testimony; and (2) compelling the attendance of Facebook's General Counsel at all remaining 30(b)(6) depositions. This relief is required because the improper conduct of Facebook, its 30(b)(6) designees, and its outside counsel have prevented Plaintiffs from obtaining the complete testimony on key topics to which they are entitled. Facebook has refused to provide the requested relief.

## II.     BACKGROUND

The Special Master is well aware of the lengthy history of negotiations over, and disruptions to the taking of, Facebook's testimony under Rule 30(b)(6). In brief, Plaintiffs first provided Facebook with their draft 30(b)(6) deposition notice on December 23, 2021, inviting Facebook to confer. It didn't. On March 1, 2022, Plaintiffs served the 30(b)(6) notice, which included ten topics. Ex. A. On May 4, 2022, the parties agreed that Plaintiffs would have 21 total hours to complete Topics 1-4 and 6-10. Ex. B. The next day, the deposition of designee Allison Hendrix was repeatedly obstructed by defense counsel's lengthy speaking objections, instructions not to answer based on scope, and failure to prepare the witness to competently testify. Plaintiffs sought sanctions to address Facebook's misconduct, and the parties stipulated to a protocol intended to prevent future disruptions. The parties also agreed to extend the 30(b)(6) time limit on Topics 1-4 and 6-10 to 70 hours, which would not include the time spent deposing or re-deposing Ms. Hendrix. Ex. C.

As of August 3, Facebook has been on the record for 67 hours and 18 minutes of 30(b)(6) testimony on Topics 1-4 and 6-10, but testimony is not complete.[1] Plaintiffs seek, and Facebook has agreed to provide in part, additional testimony on Topics 2 (data made accessible), 6 (friend sharing), 7 (whitelisting), 8 (tracking data), 9 (VPPA), and 10 (monetization), including testimony from a witness Facebook has designated to testify about targeted advertising, which cuts across several of these topics. All of that testimony is subject to the 70-hour limit. In addition, the parties have scheduled testimony about Topic 5, and Plaintiffs seek additional testimony about preservation and testimony about FTC complaints and consent orders.

## III.     FACEBOOK HAS WASTED SUBSTANTIAL DEPOSITION TIME

**Designation of Multiple Witnesses Has Required Additional Time:** Facebook's designation of multiple representatives for single topics has required multiple depositions where one should have sufficed. For example, Facebook designated 3 witnesses to address Topic 9 (VPPA) and 4 witnesses—Ms. Hendrix, Simon Cross, Chris Casorio, and Isabella Leone—to address Topic 2 (data made accessible). Facebook also insisted on presenting distinct witnesses on Targeted Advertising and Data Brokers, which are not themselves discretely noticed 30(b)(6) topics. Instead, Facebook extracted those subjects from numerous topics, including Topics 2, 4, 8, and 9(b). Ex. D, E, F. Because each new witness requires time to ask background and

---

[1] This total overstates the on-the-record time, since the parties' May 17 Stipulation provides that "[t]ime spent arguing about objections will not count against testimony time[.]"

foundational questions, Facebook's designations have substantially encroached on the time allotted for 30(b)(6) testimony. Designating multiple witnesses also created confusion about which witnesses would cover which topics, spawning further on-the-record discussions.

**Facebook failed to prepare designees:** Facebook designees were often unprepared to answer questions that were not merely within the scope of the noticed topics, but also identified by Plaintiffs prior to the depositions. Considerable time was thus wasted on questions designees were unprepared to answer and then on discussions of the designees' knowledge and preparation.

For example, Simon Cross, designated for parts of Topics 2 (data made accessible) and 8 (tracking data), and all of Topics 6 (friend sharing) and 7 (whitelisting), was unprepared to address specific third parties that received access to friend information, Facebook's revenue from friend sharing and whitelisting, or various issues regarding private APIs. *See* Pls.' Resp. filed 7/15/22 ("Cross Response") at 4-6. Cross improperly referred Plaintiffs to other witnesses for answers to questions within the scope of his topics, *id.* at 2, and often simply read documents without being able to testify to Facebook's intent or understanding. Ex. G at 481-83, 611-16.

Mike Clark, designated for Topic 4 (pseudonymization, de-identification, association, and deletion), wasted time refusing to testify about Facebook's definition of "personal information." Ex. H at 218-226. The Special Master stated on the record that "how Facebook defines personal information" is "a critical concept" for the entire case and encouraged Facebook to produce another witness to provide Facebook's definition. *Id.* at 241-45. David Miller, designated on subtopic 9(c) (actions enabling users to access and share video content), was not prepared to testify about changes in Facebook infrastructure designed to improve access to and sharing of video content, *e.g.*, Ex. I at 39-43, or to any investments Facebook made to facilitate user access to, or sharing of, video content, *id.* at 42-43. And Michael Fahey, designated on subtopic 9(a) (changes to video content and information over time), was not prepared to talk about what caused video-watching and related metrics to change over time. Ex. J at 19-21.

These are only examples, and Plaintiffs are happy to provide more at the Special Master's request. In sum, Facebook has routinely failed to fulfill its obligation to adequately educate its designees so they were prepared to fully answer questions within the topics for which they were designated. *Bowoto v. ChevronTexaco Corp.*, 2006 WL 294799, at *1 (N.D. Cal. Feb. 7, 2006).

**Plaintiffs' Identification of Documents and Explanations Have Not Solved the Problems:** Plaintiffs routinely provide Facebook with all intended deposition exhibits at least 3 days prior to each deposition. *See* ECF No. 789 ¶ 24. But Facebook's designees often fail to review the exhibits. Indeed, in just 5 transcripts—the first three days of Mr. Cross's testimony on Topics 6 and 7, Amy Lee's testimony on Topic 10 (monetization), and Mr. Clark's testimony on Topic 4—Facebook's designees stated 109 times that they were unfamiliar with an exhibit or had not made any effort to learn about it.

For example, although Plaintiffs' repeatedly asked Facebook to ensure Ms. Lee was prepared to testify about Onavo, Ex. K, she was not prepared to discuss it during her deposition. Ex. L at 200-01. Similarly, although Plaintiffs specifically asked Facebook to prepare Mr. Cross to address the Capabilities Tool, he was unprepared to answer at least 39 questions Plaintiffs asked about it. Cross Response at Ex. B. And although Plaintiffs identified specific cookies they intended to ask Mr. Clark about, he was unprepared to answer questions about them. Ex. H.

Plaintiffs have had to schedule numerous follow-up depositions to elicit testimony on these and other previously identified topics. They've deposed Mr. Cross for 5 days, had to depose a second designee on Topic 4 (pseudonymization, de-identification, association, and deletion), will depose Ms. Lee for a second time on Topic 10 (monetization), and will depose a second Topic 5 designee (Named Plaintiffs data). Though Facebook has cooperated in putting these additional designees forward, the process of getting answers to Plaintiffs' questions has taken far longer than anticipated. These ongoing depositions also necessitate additional time.

**Facebook's Counsel Exacerbated These Issues:** Facebook's counsel continue to object to topics as outside the scope when a witness is unprepared to address questions within the scope of the noticed topics. For example, Facebook's counsel took the position that Topic 4 concerned only the "deletion" of data, *see* Ex. M, a position flatly contradicted by the text of the notice. *Id*. Facebook later offered a designee to address data association, but this incident wasted considerable time and required a second day of testimony on the topic.

### IV.    RELIEF REQUESTED

**Extension of Cumulative Time Limit:** Plaintiffs require an extension of the time limit for the 30(b)(6) deposition of Facebook. *See* Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."). This time will be required to obtain testimony on the outstanding 30(b)(6) topics Plaintiffs have noticed. There are two topics on which Facebook has not offered testimony: (i) FTC complaints and consent orders; and (ii) Targeted advertising – extracted by Facebook from Topics 2, 4, 6, 8 and 9(b). Plaintiffs also require additional testimony on the following topics: (i) Named Plaintiff Data – Topic 5; (ii) VPPA – Topic 9; (iii) Monetization – Topic 10; (iv) ADI – Topic 2; and (v) Preservation.[2]

In order to simplify timekeeping, Plaintiffs believe it will be easier to start the clock over and provide Plaintiffs 50 hours from this date forward for all 30(b)(6) testimony. Plaintiffs expect this will be sufficient to complete the remaining depositions provided that, going forward, designees are appropriately prepared and counsel minimize on-the-record distractions.

**Attendance of Facebook's General Counsel:** During the July 26, 2022 case management conference, Judge Chhabria suggested ordering "Facebook's general counsel to be at every 30(b)(6) deposition" to avoid continued problems "with Facebook's witnesses not being prepare[d] to answer questions that they were on notice[] that they needed to answer or not being familiar with documents that they were on notice that they needed to answer questions about." Ex. N. Because Facebook's conduct has repeatedly wasted the on (and off) the record time of both the parties and the Special Master, and because it is reasonable to expect that the proposed relief might substantially improve the efficiency of further depositions, Plaintiffs seek an order compelling the attendance of Facebook's General Counsel at all future 30(b)(6) depositions. *See generally Hall v. Clifton Precision, Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 527 (E.D. Pa. 1993) ("Taken together, Rules 26(f), 30, and 37(a), along with Rule 16, . . . vest the court with broad authority and discretion to control discovery, including the conduct of depositions.").

---

[2] Plaintiffs also reserve the right to obtain additional testimony from Simon Cross on Topics 2, 6, 7, and 8 depending on the resolution of the pending dispute regarding written questions.

Dated: August 3, 2022

Respectfully submitted,

KELLER ROHRBACK L.L.P.

By:   */s/ Derek W. Loeser*
     Derek W. Loeser

Derek W. Loeser (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
David Ko (admitted *pro hac vice*)
Adele A. Daniel (admitted *pro hac vice*)
Benjamin Gould (SBN 250630)
Emma M. Wright (admitted *pro hac vice*)
Daniel Mensher (admitted *pro hac vice*)
Michael Woerner (admitted *pro hac vice*)
Matthew Gerend (admitted *pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com
dko@kellerrohrback.com
adaniel@kellerrohrback.com
bgould@kellerrohrback.com
ewright@kellerrohrback.com
dmensher@kellerrohrback.com
mwoerner@kellerrohrback.com
mgerend@kellerrohrback.com

BLEICHMAR FONTI & AULD LLP

By:   */s/ Lesley E. Weaver*
     Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Matthew S. Melamed (SBN 260272)
Angelica M. Ornelas (SBN 285929)
Joshua D. Samra (SBN 313050)
Javier Bleichmar (admitted *pro hac vice*)
Joseph A. Fonti (admitted *pro hac vice*)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
mmelamed@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com
jbleichmar@bfalaw.com
jfonti@bfalaw.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Eric Fierro (admitted *pro hac vice*)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822
efierro@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*