# Exhibit B

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Rosemarie T. Ring
Direct: +1 415.393.8247
Fax: +1 415.801.7358
RRing@gibsondunn.com

August 12, 2022

CONFIDENTIAL (VIA JAMS ACCESS)

Re:     *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, 3:18-md-02843

Dear Special Master Garrie:

## I.      INTRODUCTION

Plaintiffs' motion should be denied as procedurally improper, unnecessary/premature, and without merit.  Plaintiffs did not engage in a meaningful meet and confer before filing this motion and then refused to meet and confer after learning they miscalculated the time remaining under the current 100-hour cap.  Plaintiffs' request for an additional 50 hours is unnecessary and premature because there is enough time under the current 100-hour cap for the scheduled 30(b)(6) depositions, and it is unclear what, if any, additional 30(b)(6) depositions will occur.  Finally, Plaintiffs' request for an order directing Facebook's Chief Legal Officer to attend 30(b)(6) depositions has no legal or factual basis and should also be denied.

## II.      ARGUMENT

**There Has Not Been Any Meaningful Meet And Confer Between The Parties.**  At the end of a call to discuss Plaintiffs' request to extend the deadline for expert disclosures before the July 26, 2022 CMC, Plaintiffs asked whether Facebook would agree to additional 30(b)(6) time without explaining that they believed they had only a few hours left.  Since Plaintiffs in fact had nearly 20 hours left that time, Facebook told Plaintiffs it did not see the need for additional time.  When Plaintiffs filed this motion, Facebook notified Plaintiffs of their error and offered to meet and confer on additional time.  Plaintiffs refused.  Rather than engage in unnecessary motion practice, once it is clear whether additional 30(b)(6) depositions will occur, the parties should meet and confer on additional time, as they have in the past.

**Plaintiffs' Request For Additional Rule 30(b)(6) Time Is Unnecessary.**  The 100-hour limit, plus the time the parties agree on for Topic 5, is more than enough to complete the scheduled 30(b)(6) depositions.  Facebook has agreed to 100 hours of 30(b)(6) testimony, *see, e.g.*, Doc. 939 at 7; 6/9 CMC Hr'g Tr. at 28:19-22; 29:2, four times what Plaintiffs initially requested (*see* Ex. A at 10-14) and more than 14 times what the FRCP permits.  As of the filing of this motion, Plaintiffs had taken 82 hours of 30(b)(6) testimony (*see* App'x A), leaving 18 hours to allocate among the remaining depositions subject to the 100-hour cap: (i) targeted advertising as it relates to Topics 2 and 8 (Ms. Leone); (ii) further deposition on Topics 2(d) and 3(c) as they relate to ADI (Mr. Archibong); and (iii) further deposition on Topic 10 (Ms. Lee).  Ms. Leone was deposed last Friday for over 7 hours, which shows Plaintiffs understand their error in filing this motion.  That leaves 11 hours under the 100-hour cap, which is more than enough time for Mr. Archibong's deposition (limited to 3.5 hours by order of the Special Master) and Ms. Lee's deposition (2.5 hours as proposed by Facebook since she has previously testified for 2 days).  *See* App'x A.

**GIBSON DUNN**

Special Master Daniel B. Garrie
August 12, 2022
Page 2

HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY

**Plaintiffs' Request For Additional Rule 30(b)(6) Time Is Also Premature**.  Plaintiffs request more time for "additional testimony" for Topics 2, 6, 7, 8, 9, and 10, as well as preservation and FTC complaints and consent orders.  For Topics 2 and 8, Plaintiffs are not seeking additional oral testimony, only answers to written questions.  For Topics 6 and 7, a motion is pending before the Special Master to determine whether there will be additional testimony, but even that request is limited to a few questions, and the Special Master stated at the June 24 hearing that "I'm thinking two hours of testimony on the outside."  *Id.* at 29.  For preservation, the parties have agreed on written Q&As with a limited follow-up deposition, which should require less than 7 hours.  With respect to Topic 9, Plaintiffs raised this issue on August 2, and the parties are conferring.  Finally, testimony about the FTC complaints and consent order relates to a new 30(b)(6) notice that Plaintiffs served two weeks ago, withdrew, and are now seeking leave to serve before the Special Master.  Until it is clear what, if any, additional 30(b)(6) depositions will go forward, Plaintiffs' request for time beyond the 100-hour cap is premature and undermines the Special Master's stated intent to "get the depositions done and put to bed."  6/24 JAMS Hr'g Tr. at 25.

**Plaintiffs Have Not Established Good Cause For Additional Time, But Facebook Is Willing To Meet and Confer On That Issue.**  Plaintiffs argue they need more time because Facebook has (1) designated multiple witnesses, (2) witnesses have been unprepared, (3) witnesses have not been able to answer all questions regarding documents Plaintiffs provided in advance, and (4) counsel has objected as to scope.

1.   With respect to Facebook designating multiple witnesses, that is a consequence of Plaintiffs' own notice, which contains 10 broad and disparate topics which make it impossible to educate a single witness on even one topic, let alone all 10 topics.  "The designating party has a duty to designate more than one deponent if necessary to respond to questions on all relevant areas of inquiry listed in the notice or subpoena."  *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012).  Having served a 30(b)(6) notice that is not particularized, as required by the FRCP, Plaintiffs cannot now complain about steps Facebook has taken to overcome that deficiency.

2.   On witness preparation, Facebook more than discharged its "duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and prepare them to fully and unevasively answer questions about the designated subject matter."  *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. Mar. 24, 2008).  Its witnesses prepared for more than ***500 hours*** with the assistance of over ***30 Gibson Dunn attorneys*** and in-house counsel, who devoted well over ***5,000 hours*** to the task.  Plaintiffs complain that witnesses were unable to answer all of their questions, but that is not the standard.  "Rule 30(b)(6) deponents are not expected to be clairvoyant or encyclopedic in their knowledge," *Crystal Lakes v. Bath & Body Works, LLC*, 2018 WL 10467489, at *2 (E.D. Cal. Aug. 15, 2018), and "it is 'simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything.'" *U.S. v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016).  These witnesses gave detailed answers to in-depth

**GIBSON DUNN**

Special Master Daniel B. Garrie
August 12, 2022
Page 3

HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY

questions on a broad range of topics, demonstrating their extensive preparation. To be sure, there were questions witnesses could not answer, but, like the complaint about having to depose multiple witnesses, that is a consequence of Plaintiffs' choice to serve a broad 30(b)(6) notice without the requisite particularity. *Apple Inc. v. Samsung Elecs. Co.*, 2012 WL 1511901, at &2 (N.D. Cal. Jan. 27, 2012) (The "task [of preparing a Rule 30(b)(6) witness] becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand."); *Monopoly Hotel Grp., LLC v. Hyatt Hotels Corp.*, 2013 WL 12246988, at *6 (N.D. Ga. June 4, 2013) (occasional "I don't know" not indicative 30(b)(6) violation in a "massively broad deposition"). When Facebook asked Plaintiffs to provide that particularity in advance of the depositions, Plaintiffs did not provide it, only to ask questions on detailed issues during the depositions showing that they could have provided particularized topics and chose to withhold them.

3. Plaintiffs' use of documents they provided in advance of depositions to argue that witnesses have been unprepared is also false and disingenuous. The protocol requires providing documents in advance to facilitate remote depositions and that is all. *See* Dep. Protocol at § IV.C.24. Plaintiffs are seeking to weaponize this provision of the protocol, adopted because of a global pandemic, to expand the scope of 30(b)(6) topics by claiming that Facebook has a duty to educate witnesses on these documents—provided only 72 hours before the deposition, often on a Friday before a Monday deposition, and most of the time numbering in the tens or hundreds. For example, Plaintiffs provided approximately 127 documents before Ms. Hendrix's deposition, and 138 documents before Mr. Cross's depositions. Plaintiffs' position that Facebook must contact the hundreds of senders and recipients of those documents within 72 hours (again often falling on weekends) to prepare for these depositions, is not only manifestly unreasonable, it is not required by any rule or protocol in this case. Instead, it is a distortion and abuse of the protocol.

4. It is a party's right to preserve its scope objections, and Facebook's scope objections have been both appropriate and necessary. "An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task." *Mailhoit v. Home Depot USA, Inc.*, 2012 WL 12884049, at *2 (C.D. Cal. Aug. 27, 2012). "[F]or Rule [30(b)(6)] to effectively function, the party must take care to designate, *with painstaking specificity*, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Id.* (emphasis added). Because Plaintiffs' Rule 30(b)(6) notice lacks particularity, and Plaintiffs persist in asking questions outside even those broad topics, Facebook often objects based on scope. For example, Plaintiffs asked Simon Cross about advertising, financial analyses of user data, and privacy policies (*see* Cross Tr. at 138:11-17, 114:18-145:1, 146:3-6; 802:17-20)—all topics for which other witnesses were designated. Plaintiffs also asked questions that no witness could answer, such as the meaning of thousands of rows of data and whether all or any of a "relatively large list of APIs" had been deprecated (Cross Tr. at 412:2-11; 513:3-9), all instances in which Facebook applied policies and procedures to thousands of apps (Hendrix Tr. at 316:11-15), all instances in which thousands of developers did or did not comply with Facebook's terms (*id.* at 326:14-19), and details of 137 data tables (Duffey at 72:21-73:2, 77:17-18).

**GIBSON DUNN**

Special Master Daniel B. Garrie
August 12, 2022
Page 4

HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY

**There Is No Basis To Compel The General Counsel To Attend Depositions.**  This unprecedented, unnecessary, and harassing request should be denied.  Plaintiffs take Judge Chhabria's comments at the last CMC out of context, omitting his conclusion that it is necessary to "wait and see how the special master rules on the disputes that [the parties] teed up" and "think about what, *if any*, remedy is required." 7/26 CMC Tr. at 5-10 (emphasis added).  Plaintiffs' position that Facebook is not taking the Rule 30(b)(6) depositions seriously is belied by Facebook's agreement to 100 hours of testimony, the five thousand hours spent by counsel and witnesses (most of whom hold senior positions) preparing for the depositions, and the attendance of senior Facebook outside and in-counsel at all of them.  The Special Master has also attended all of the 30(b)(6) depositions and commended Facebook's counsel for "zealous but diligent . . . advocacy and professionalism." (Hendrix Tr. at 664:6-8.) To now suggest that the Special Master's supervision of these depositions is somehow not enough strains credulity.

Plaintiffs also do not make any showing that the attendance of Facebook's most senior legal officer would address the supposed issues.  Unsurprisingly, Plaintiffs also do not cite any case that supports their request.  Their single authority, *Hall*, relates to witness coaching, which is not an issue here.  If, despite all of the above reasons, the Special Master is inclined to order additional Facebook in-house counsel to attend 30(b)(6) depositions, a less burdensome alternative would be Sandeep Solanki, Vice President and Associate General Counsel, Litigation or Scott Tucker, Vice President & Deputy General Counsel, Global Litigation, who oversees the global litigation and regulatory team at Meta, including in-house and outside counsel who manage  this case.  Tucker Decl. ¶ 4.

Facebook's Chief Legal Officer, Jennifer Newstead, oversees all global legal and corporate governance matters across and on behalf of Facebook, leading a legal department with over 1,800 full-time employees in over 25 countries, and is a member of Facebook's senior management team.  *Id.* at ¶ 6.  While Ms. Newstead is kept apprised of the case, she is not involved in its daily management, given her roles and responsibilities.  *Id.* ¶ 5.  Requiring her to attend 30(b)(6) depositions is unnecessary and unduly burdensome.  *Cf. Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007) ("apex" depositions "create[] a tremendous potential for abuse or harassment").

Sincerely,
 */s/  Rosemarie T. Ring*
     Rosemarie T. Ring

**APPENDIX A**

| Date of Deposition | Witness | Time on Record |
|---|---|---|
| 2/23/21 | Konstantinos Papamiltiadis | 5 hours and 8 minutes |
| 2/24/21 | Amy Lee | 5 hours and 7 minutes |
| 5/5/22 | Ali Hendrix | 6 hours and 55 minutes<br><br>[does not count; Facebook provided a replacement 7 hours for Ali Hendrix] |
| 5/9/22 | Simon Cross | 4 hours and 47 minutes |
| 5/12/22 | Simon Cross | 5 hours and 49 minutes |
| 5/18/22 | Mike Clark | 5 hours and 29 minutes |
| 5/19/22 | Amy Lee | 5 hours |
| 6/2/22 | Mike Duffey | 5 hours and 19 minutes |
| 6/3/22 | Ali Hendrix | 7 hours and 8 minutes<br><br>[this is the replacement 7 hours for the May 5, 2022 Ali Hendrix deposition] |
| 6/6/22 | Simon Cross | 4 hours and 44 minutes |
| 6/20/22 | Simon Cross | 6 hours and 27 minutes |
| 6/21/22 | Simon Cross | 5 hours and 53 minutes |
| 6/30/22 | Mayur Patel | 4 hours and 38 minutes |
| 7/20/22 | Chris Casorio | 6 hours and 7 minutes |
| 7/21/22 | Mike Fahey | 2 hours and 27 minutes |
| 7/21/22 | Steven Elia | 3 hours and 3 minutes |
| 7/22/22 | Steven Elia | 1 hour and 54 minutes |
| 7/22/22 | David Miller | 3 hours and 13 minutes |
| 8/5/22 | Bella Leone | 7 hours and 23 minutes |
| **Total** | | **89 hours and 36 minutes** excluding the May 5, 2022 Ali Hendrix deposition |
| | | **100 hours and 0 minutes**<br>-   **89 hours and 36 minutes**<br>=   **10 hours and 24 minutes** |

**GIBSON DUNN**

Special Master Daniel B. Garrie
August 12, 2022
Page 6

HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY

| Plaintiffs' Remaining Facebook 30(b)(6) Depositions | | | | |
|---|---|---|---|---|
| Date of Deposition | Witness | Topic(s) | Time | Comment |
| 8/16/22 | Harrison Fisk | Topic 5 | N/A | Not subject to Plaintiffs' time limits; to be separately negotiated. |
| 8/18/22 | Amy Lee | Topic 10 | 2.5 | Already deposed for 10 hours 7 minutes on the record; follow-up deposition should be limited |
| 9/1/22 | Ime Archibong | Topics 2(d) and 3(c) as they relate to ADI | 3.5 | Limited to 3.5 hours as ordered by the Special Master |
| **Total** | | | **6 hours of the 10 hours and 24 minutes remaining** | |

105654874.15