# Exhibit E

**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

555 Mission Street
San Francisco, CA 94105-0921
Tel 415.393.8200
www.gibsondunn.com

Rosemarie T. Ring
Direct: +1 415.393.8247
Fax: +1 415.801.7358
RRing@gibsondunn.com

August 24, 2022

CONFIDENTIAL (VIA JAMS ACCESS)

Re:   *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, 3:18-md-02843

Dear Special Master Garrie:

Below please see Facebook's Motion for Reconsideration of Order on Plaintiffs' Motion for Additional Time to Conduct Rule 30(b)(6) Depositions.

Sincerely,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Rosemarie T. Ring*

Rosemarie T. Ring
Partner

MBB
Encl. Facebook's Motion for Reconsideration

cc:   Lesley E. Weaver, Derek W. Loeser

August 24, 2022

Facebook moves for reconsideration of the Special Master's Aug. 18, 2022 Order on Plaintiffs' Motion For Additional Time To Conduct Rule 30(b)(6) depositions. Facebook requested that the motion be denied as procedurally improper, unnecessary/premature, and without merit, largely because Plaintiffs miscalculated the time remaining for 30(b)(6) depositions and Facebook indicated it was "willing to meet and confer on that issue" once there was clarity regarding the additional depositions to be taken. Aug. 12, 2022 Ltr. Br. 2. Plaintiffs requested a blanket extension of deposition time without making any showing whatsoever about why additional time was necessary for each topic or witness, even though Facebook had already agreed to give Plaintiffs 100 hours of deposition time. The Aug. 18 Order gives Plaintiffs 20 additional hours for 30(b)(6) depositions for the depositions identified in paragraph 8 of the Order. But the present record, including new facts on deposition scheduling, make clear that reconsideration of the Order is appropriate. As of today, there are currently 7.5 hours left of the 100 hours. Schwing Decl., ¶ 5. The parties have agreed to 3.5 hours for the ADI deposition scheduled for Sep. 1, and yesterday agreed to 1.5 hours for a follow up video deposition, scheduled for Sep. 16. *Id*., ¶ 6. That leaves 2.5 hours of the 100 hours. That is more than enough time for the very few questions left for topics 6 and 7 per your Aug. 8, 2022 order. *Id*., ¶ 7. The only remaining deposition left would be a potential follow-up deposition on ESI, which should last at most a few hours, and we told Plaintiffs we are happy to meet and confer on that. *Id*. The FTC motion hasn't been decided, but even if it is granted, the additional 20 hours is unnecessary. We respectfully request you to reconsider your Order and require Plaintiffs to identify the time they propose for each remaining, approved deposition so you may assess the reasonableness of their request and determine how much time is actually needed.

Additionally, Facebook respectfully requests that the Special Master reconsider the statements that "Facebook failed to properly prepare some of its 30(b)(6) designees" and "Facebook's failure to prepare some designees properly has wasted considerable time," or at least provide additional context reflecting the tremendous amount of effort that has gone into and been accomplished through the deposition process you supervised. Order ¶ 10. We believe the Special Master intended to recognize that fact when he also noted that "some of Facebooks' 30(b)(6) designees were properly prepared for their depositions," Order ¶ 11, but the Order does not reflect the great lengths to which Facebook's employees and counsel have gone to prepare for the Rule 30(b)(6) depositions.

The amount of effort that has gone into preparing these witnesses has been enormous. The 13 Facebook employees, who have collectively been deposed by Plaintiffs for 92 hours of testimony on the record, spent over 521 hours preparing for that testimony with the support of numerous in-house and outside counsel, who devoted nearly 6,500 hours to those preparation efforts. Schwing Decl. ¶ 13. For example, designees Simon Cross, Amy Lee, and Mike Clark—together spent more than 185 hours preparing for their depositions, interviewing 35 Facebook employees and reviewing hundreds of documents:

- Simon Cross spent approx. 100 hours preparing for his 5-day deposition, interviewing 15 Facebook employees, Schwing Decl. ¶ 8;

- Amy Lee spent approx. 32 hours preparing, interviewing 13 Facebook employees, *id*. ¶ 12;

- Mike Clark spent approx. 55 hours preparing, interviewing 7 Facebook employees, *id*.

Plaintiffs have argued they were not adequately prepared because they could not answer all of Plaintiffs' questions. But this incorrectly conflates a lack of preparation with an understandable inability to answer every conceivable question that Plaintiffs can think of over many hours on extremely broad topics. But "Rule 30(b)(6) is not designed to be a memory contest," *Great Am. Ins. Co.*, 251 F.R.D. at 539, and "it is 'simply impractical to expect Rule 30(b)(6) witnesses to know the intimate details of everything,'" *United*

August 24, 2022

*States v. HVI Cat Canyon, Inc.*, 2016 WL 11683593, at *7 (C.D. Cal. Oct. 26, 2016). There is nothing unreasonable about witnesses being unable to answer some questions over the course of approximately 100 hours of testimony, spanning several thousands of pages of transcripts and covering scores of exhibits. We understand the Special Master's view that some reasonable amount of additional deposition time is appropriate in a case of this complexity, but the facts reflect that the witnesses and lawyers have taken their obligations to prepare for these depositions very seriously.

The Order says that Michael Clark (Topic 4 (pseudonymization, de-identification, etc.)) was not prepared to testify as to Facebook's definition of "personal information." Order ¶ 10. But the question Plaintiffs' counsel put to Mr. Clark involved "personal information" under the California Consumer Privacy Act, and Mr. Clark was unable to answer that question because his understanding came from "guidance and direction of counsel." Schwing Decl. ¶ 15, Ex. 4 (May 18, 2022 Clark 30(b)(6) Dep. Tr. at 220:14–221:5).

The Order also states that David Miller (Topic 9(c) on video) was not prepared to testify on all of Plaintiffs' questions. Order ¶ 10. But Topic 9(c) was broadly worded as any "actions taken or decisions made by Facebook in order to enable users to access, interact with, or share such content, and when such actions were taken or decisions were made." Schwing Decl. ¶ 14, Ex. 3 (Notice). This topic is sweeping in its breadth and is far from the "reasonably particularized" standard of Rule 30(b)(6). We met and conferred with Plaintiffs' counsel numerous times about what they wanted to know about so we could prepare Mr. Miller. Their response was not unhelpful, including stating "How can we tell you what we don't know." Schwing Decl. ¶ 9, Ex. 1. We copied you on this correspondence, and we discussed this issue with you before the deposition, and you indicated that Plaintiffs' counsel should have provided examples to aid the preparation of the witness. *Id*., ¶ 10, Ex. 2. This was not a lack of witness preparation, it was a lack of communication from Plaintiffs' counsel, as the written correspondence demonstrates. *See* Ex. 1. Facebook's counsel spent over 600 hours getting prepared for the video depositions. Schwing Decl., ¶ 9. Mr. Miller spent 30 hours and met with 7 individuals to get prepared. *Id*.

Similarly, the order references Michael Fahey (Topic 9(a)) who Plaintiffs complain was unable to address "what caused video-watching and related metrics over time). Order ¶ 10. But, Topic 9(a) only covers "the *amount* of such content and how the *amount* of such content has changed or varied over time." Schwing Decl. ¶ 14, Ex. 3 (Notice). Nothing in Topic 9(a) calls for testimony about what **caused** changes in video-related statistics. *Id*.; *see also Mailhoit v. Home Depot U.S.A., Inc.*, 2012 WL 12884049, at *2 (C.D. Cal. Aug. 27, 2012) ("[T]he requesting party must designate, with painstaking specificity, the particular areas that are intended to be questioned, and that are relevant to the issues in dispute."). Nor did Plaintiffs ever raise that in any of our meet and confers when we asked what they wanted to cover. To the contrary, they *agreed* to our description of the topic as the attached correspondence shows. Schwing Decl. ¶ 11, Ex. 1. Mr. Fahey spent nearly 30 hours and met with 6 individuals to get prepared for his deposition. *Id*. ¶ 9.

Facebook's employees and counsel have been working hard to prepare for these challenging depositions, and improving with each one, especially in the instances when Plaintiffs' counsel has been willing to engage in meaningful discussions. But despite our best efforts, it is simply not possible to guess everything Plaintiffs might ask in light of the broad nature of the topics. We understand your ruling that you believe some additional time is necessary to finish off the 30(b)(6) depositions, which is why we offered to meet and confer with Plaintiffs so as to eliminate the need for motion practice. We merely ask that you order Plaintiffs to explain how they propose to use that time for each remaining, approved Rule 30(b)(6) topic that has not been finished so you can see if it is justified.