UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | **MDL NO. 2843**<br><br>CASE NO. 3:18-MD-02843-VC-JSC<br><br>HON. VINCE CHHABRIA<br>HON. JACQUELINE SCOTT CORLEY<br>COURTROOM 4 – 17TH FLOOR<br>SPECIAL MASTER, DANIEL GARRIE, ESQ.<br><br>**ORDER ON PLAINTIFFS' MOTION FOR PERMISSION TO SERVE 30(B)(6) NOTICE ON FACEBOOK REGARDING FTC COMPLAINTS AND CONSENT ORDERS** |

**ORDER ON PLAINTIFFS' MOTION FOR PERMISSION TO SERVE 30(B)(6) NOTICE ON FACEBOOK REGARDING FTC COMPLAINTS AND CONSENT ORDERS**

1. Pending before the Special Master is Plaintiffs' Motion for Permission to Serve 30(b)(6) Notice on Facebook Regarding FTC Complaints and Consent Orders.

## BACKGROUND

2. The Deposition Protocol states that each party may serve one Rule 30(b)(6) deposition notice on the other. ECF No. 789 at 8–9. On July 27, 2022, Plaintiffs served a notice seeking a Rule 30(b)(6) deposition regarding the FTC complaints and consent orders. During an August 4, 2022 meet and confer, Facebook informed Plaintiffs of its belief that they had violated the Deposition Protocol because they had already served a Rule 30(b)(6) notice. Later the same day, Plaintiffs withdrew the notice.

3. On August 10, 2022, Plaintiffs submitted their motion in which they argue that Plaintiffs should be granted permission to serve a 30(b)(6) notice on Facebook regarding FTC complaints and consent orders because, among other things, (1) the testimony sought is relevant; (2) the Special Master's March 18, 2022 order does not foreclose the discovery sought; (3) the notice is not untimely; and (4) the notice is not redundant of previously notice topics. See Exhibit A (Plaintiffs' Motion).

4. Facebook submitted an opposition in which it argues, among other things, that the motion should be denied because (1) the notice is untimely; (2) the FTC matters are not new issues; (3) the notice is duplicative of previously noticed topics; (4) Plaintiffs have had ample time opportunity to obtain the information sought in previous depositions; and (5) the notice fails to describe with reasonable particularity the matters for examination. See Exhibit B (Facebook's Opposition).

5. At the Special Master's request, the parties each submitted supplemental statements regarding whether the present notice Plaintiffs seek to serve is duplicative of previously noticed topics. See Exhibit C (Plaintiffs' Supplemental Statement); Exhibit D (Facebook's Supplemental Statement).

## FINDINGS

6. The Special Master finds that topics 1.A and 1.B of Plaintiffs' proposed 30(b)(6) notice are

**ORDER ON PLAINTIFFS' MOTION FOR PERMISSION TO SERVE 30(B)(6) NOTICE ON FACEBOOK REGARDING FTC COMPLAINTS AND CONSENT ORDERS**

duplicative of previously noticed topics and topics 2.A-G of Plaintiffs' proposed 30(b)(6) notice are not duplicative of previously noticed topics.

7. The Special Master finds that topics 1.A and 1.B of Plaintiffs' proposed 30(b)(6) notice are duplicative of previously noticed because these topics concern the allegations in the FTC's 2011 and 2019 complaints, which are substantially similar to allegations in the present matter and concern substantially similar underlying facts to the present matter. The Special Master finds that these substantially similar allegations and underlying facts were addressed in previously noticed deposition topics. For example, Topic 1.A includes "The allegations in the 2011 Complaint," in Paragraphs 10-18, entitled "Facebook's Deceptive Privacy Settings," including about controls available to "restrict access to specified users," ¶ 11, their efficacy vis-à-vis "third parties," ¶ 14, and the types of "[i]nformation shared." See Exhibit 1 to Plaintiffs' Motion. Previously noticed 30(b)(6) topics include Topic 2 "... Data or Information to which Facebook sold, made accessible, made available, or allowed Third Parties to use to target Users, including," *inter alia*, "(a) The types of User Data or Information Facebook shared, made accessible or permitted Third Parties to target" and "(c) The format or formats through which it is shared or made accessible, or made available to Third Parties to target ..."; Topic 3 "An overview of the processes of developing Privacy or App Settings or other controls made available to users to prevent or limit their Data or Information from being accessed by Third Parties, including," inter alia, "(b) Processes, reviews, investigations, inquiries, studies, analyses, and Communications relating to Users' Privacy or App Settings, their efficacy, including user experience, customer service, internal regulators, whether internal or by third parties ..."; and Topic 5.e "The manner by which Data" that "can be associated with a User" is "made accessible to Third Parties ...". The Special Master finds that Topic 1.A of Plaintiffs' proposed FTC notice is substantially duplicative of the above listed previously noticed topics. The Special Master finds that Plaintiffs' argument that FTC notice Topic 1.A differs because it concerns the FTC's allegations is unpersuasive because the subject matter of the allegations is substantially similar to subject matter of the previously noticed topics. Therefore, the Special Master

**ORDER ON PLAINTIFFS' MOTION FOR PERMISSION TO SERVE 30(B)(6) NOTICE ON FACEBOOK REGARDING FTC COMPLAINTS AND CONSENT ORDERS**

finds that Topics 1.A and 1.B, concerning the FTC's allegations, are substantially similar to previously noticed 30(b)(6) topics. See Appendix A to Facebook's Supplemental Statement for a side-by-side comparison of the FTC notice topics and previously noticed topics.

8. The Special Master finds that topics 2.A-G of Plaintiffs' proposed 30(b)(6) notice are not duplicative of previously noticed because these topics concern Facebook's compliance with the 2012 and 2020 FTC consent orders which was not addressed in previously noticed 30(b)(6) topics. For example, Topic 2.E of the FTC notice concerns "Facebook's compliance with the 2012 and 2020 FTC Orders, including … Facebook's reports to the FTC regarding its compliance with the 2012 and 2020 Orders, as required by Sections IX of the 2012 Order and XI of the 2020 Order." See Exhibit 1 to Plaintiffs' Motion. Facebook does not cite to any previously noticed 30(b)(6) topic in response, but rather refers to documents provided prior to the deposition of Allison Hendrix and the deposition of PwC to claim that this topic of the FTC notice is duplicative. The Special Master finds that Facebook's responses regarding Topics 2.A-G of the FTC notice fail to demonstrate that the topics are duplicative of previously noticed topics.

**ORDER**

9. Plaintiffs are entitled to serve a 30(b)(6) notice on Facebook with respect to Topics 2.A-G of Plaintiffs' proposed notice and are not entitled to serve notice with respect to Topics 1.A and 1.B of Plaintiffs' proposed notice.

10. The time limit for Plaintiffs' 30(b)(6) deposition regarding the topics identified above is 3 hours.

IT IS SO ORDERED.

August 26, 2022

_____
Daniel Garrie
Discovery Special Master

**ORDER ON PLAINTIFFS' MOTION FOR PERMISSION TO SERVE 30(B)(6) NOTICE ON FACEBOOK REGARDING FTC COMPLAINTS AND CONSENT ORDERS**