# Exhibit C

| | |
|---|---|
| Derek W. Loeser (admitted *pro hac vice*) | Lesley E. Weaver (SBN 191305) |
| KELLER ROHRBACK L.L.P. | BLEICHMAR FONTI & AULD LLP |
| 1201 Third Avenue, Suite 3200 | 555 12th Street, Suite 1600 |
| Seattle, WA 98101 | Oakland, CA 94607 |
| Tel.: (206) 623-1900 | Tel.: (415) 445-4003 |
| Fax: (206) 623-3384 | Fax: (415) 445-4020 |
| dloeser@kellerrohrback.com | lweaver@bfalaw.com |

*Plaintiffs' Co-Lead Counsel*

*[Additional counsel listed on signature page]*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' ADDITIONAL STATEMENT CONCERNING 30(B)(6) NOTICE ON FACEBOOK REGARDING FTC COMPLAINTS AND CONSENT ORDERS IN RESPONSE TO THE SPECIAL MASTER'S REQUEST**<br><br>Judge: Hon. Vince Chhabria<br>Special Master Daniel Garrie<br><br>JAMS Ref. No.: 1200058674 |

PLAINTIFFS' ADDITIONAL STATEMENT
CONCERNING 30(B)(6) NOTICE ON FB
RE: FTC COMPLAINTS AND CONSENT
ORDERS

MDL NO. 2843
CASE NO. 18-MD-02843-VC
JAMS REF. NO.: 1200058674

Plaintiffs submit this response to the Special Master's August 17 request that each party submit an additional statement concerning whether or not the Plaintiffs' proposed 30(b)(6) notice concerning the FTC complaints and consent orders is duplicative. It is not. Plaintiffs' proposed notice is neither duplicative of any topics previously noticed, nor is the testimony Plaintiffs seek duplicative of testimony that has or could have been provided by another witness.

Plaintiffs' draft notice seeks Facebook's testimony on a limited subset of the allegations in the 2011 and 2019 FTC complaints and its compliance with a limited subset of the 2012 and 2020 FTC consent orders. Facebook hasn't been asked to provide, and hasn't provided, testimony on those issues. Facebook's contention that the notice is "unreasonably cumulative" is incorrect.

***First***, Facebook asserts the notice is cumulative because the FTC has been discussed in at least 25 depositions, including a Rule 30(b)(6) deposition of PwC. Facebook's Opp. at 2. That's a non sequitur. Facebook can't be bound by any of the testimony it points to.[1] Rule 30(b)(6) depositions are unique. They reflect the company's—not an individual's—testimony. As such, the designee's 30(b)(6) testimony binds the corporation that selected them to testify. Joyce C. Wang et al., *Speak for Yourself: The 30(b)(6) Deposition*, American Bar Association (Sept. 9, 2019). An individual's testimony doesn't. Thus, Facebook's focus on Plaintiffs' purported failure to ask a witness testifying in his individual capacity about his role in FTC-related compliance efforts (Facebook's Opp. at 2 (citing Ex. F)) is a red herring. So, too, is Facebook's focus on the remaining depositions (*see id.*), none of which compel Facebook to provide a designee to testify on its behalf about the FTC complaints or consent orders.

Neither can PwC's designee provide testimony that binds Facebook. *Id*. The testimony of PwC's designee only binds PwC. Facebook may contest the veracity of PwC's 30(b)(6) testimony, but may not contest the veracity of its own. *See* Plaintiffs' Mot. at 3. Moreover, as Plaintiffs explained in their opening brief, PwC testified that Facebook made its own representations to the FTC regarding PwC's biennial assessments and failed to provide PwC with some of the information it requested to conduct its assessments. *Id.* Even if PwC's designee's testimony could bind Facebook regarding the 2012 consent order—it can't—PwC couldn't provide information that Plaintiffs seek anyway.

***Second***, Facebook asserts that the proposed notice topic overlaps with topics from Plaintiffs' earlier notice. Not so. The only purportedly overlapping topic Facebook identifies in its brief is one that asked for testimony on its Statement of Rights and Responsibilities, Data Use Policies, Privacy Policies, and disclosures concerning the sharing of User's Data or Information with Third Parties. Facebook's Opp. at 2 n.3. Tellingly, Facebook selectively quotes this topic, omitting that it concerns "[t]he process for drafting, evaluating, monitoring, approving, modifying, issuing, and monitoring the effectiveness of" those provisions. Facebook's Opp., Ex. B at 11. Thus, the focus of the previously issued topic, and Facebook's previous testimony on that topic, was on how these terms were written. The proposed topic concerns the FTC's allegations that Facebook violated them. That is not cumulative of a topic concerning how the terms were written. *See*

---

[1] Plaintiffs reserve the right to respond to any testimony Facebook identifies for the first time in its additional statement.

Plaintiffs' Mot. at 3 (Facebook's contention that the notice is redundant of other noticed issues "is simply inaccurate").[2]

**_Third_**, Facebook contends that Plaintiffs have had ample opportunity to question its 30(b)(6) witnesses during the 89 hours of 30(b)(6) testimony offered so far. Facebook's Opp. at 2.[3] As the Special Master is aware, Plaintiffs have asked thousands of questions and worked assiduously to elicit relevant testimony during that time. Facebook hasn't identified any questions on the FTC complaints or consent orders. Indeed, Plaintiffs have not even introduced them as exhibits. That's because they were not within the scope of the previously issued notices. Because this notice concerns topics that are clearly relevant to Plaintiffs' claims, Facebook's contention militates in favor of Plaintiffs' separate motion for additional time to conduct Rule 30(b)(6) depositions.

In conclusion, Plaintiffs' opening motion identifies the relevance of the testimony they seek (Plaintiffs' Mot. at 1–2), demonstrates that there is good cause for the notice (_id_. at 1–3), and demonstrates that the reasons Facebook provided for opposing the notice are unconvincing. The testimony Plaintiffs seek won't be redundant—it will be revelatory. Facebook has never admitted or denied the allegations in the FTC complaints. There is no just reason to permit Facebook to avoid answering questions about them now. For example:

- Does Facebook admit or deny that, despite telling users their profile settings allowed users to "control who can see" their profile their information, the controls were ineffective as to certain third parties? 2011 FTC Complaint, ¶¶ 12–14.

- Does Facebook admit or deny that, despite telling users that apps could only access the profile information they need to operate, many apps were permitted to access profile information unrelated to the app's purpose or necessary to its operation. _Id._, ¶¶ 30–31.

- Does Facebook admit or deny that, despite telling users that it did not share information about its users with advertisers, it has shared information about users with advertisers by identifying to them the users who clicked on their ads and to whom those ads were targeted? _Id._, ¶¶ 35–38.

- Does Facebook admit or deny that it asked users to provide personal information to take advantage of security measures on the Facebook website or mobile application, and also used that information for advertising? 2019 FTC Complaint, ¶ 13.

- Does Facebook admit or deny that it was aware of the privacy risks posed by

---

[2] Plaintiffs reserve the right to respond to other topics from their earlier notice that Facebook contends, for the first time in its additional statement, overlap with the proposed notice at issue.

[3] Facebook has stated during two hearings that Plaintiffs have up to 100 hours for the testimony they seek on the issues that were the subject of the parties' May 2022 stipulation reflected at ECF No. 936. Plaintiffs filed a motion for additional record time for all Rule 30(b)(6) depositions, including the notice at issue, on August 3, 2022.

PLAINTIFFS' ADDITIONAL STATEMENT
CONCERNING 30(B)(6) NOTICE ON FB
RE: FTC COMPLAINTS AND CONSENT
ORDERS

2

MDL NO. 2843
CASE NO. 18-MD-02843-VC
JAMS REF. NO.: 1200058674

allowing millions of third-party developers to access and collect users' friends' data before it changed the Graph API to remove access to that data. *Id.*, ¶ 81.

- Does Facebook admit or deny that the severity of consequences it administered to third-party developers for violating its platform policies, and the speed with which the measures were effectuated, took into account the financial benefit that Facebook considered the developer to offer to Facebook. *Id.*, ¶ 123.

- Does Facebook admit or deny that it did not inform PwC, its third-party assessor under the 2012 consent order, that the severity of consequences it administered to third-party developers for violating its platform policies, and the speed with which the measures were effectuated, took into account the financial benefit that Facebook considered the developer to offer to Facebook. *Id.*, ¶ 124.

Plaintiffs are entitled to answers to these highly probative questions, among others, from a person designated to provide testimony on Facebook's behalf.

Dated: August 18, 2022                                         Respectfully submitted,

KELLER ROHRBACK L.L.P.                              BLEICHMAR FONTI & AULD LLP

By:   */s/ Derek W. Loeser*                                    By:   */s/ Lesley E. Weaver*
      Derek W. Loeser                                                 Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)            Lesley E. Weaver (SBN 191305)
Cari Campen Laufenberg (admitted *pro hac vice*)     Anne K. Davis (SBN 267909)
David Ko (admitted *pro hac vice*)                   Matthew S. Melamed (SBN 260272)
Adele A. Daniel (admitted *pro hac vice*)            Angelica M. Ornelas (SBN 285929)
Benjamin Gould (SBN 250630)                          Joshua D. Samra (SBN 313050)
Emma M. Wright (admitted *pro hac vice*)             555 12th Street, Suite 1600
Daniel Mensher (admitted *pro hac vice*)             Oakland, CA 94607
Michael Woerner (admitted *pro hac vice*)            Tel.: (415) 445-4003
Matthew Gerend (admitted *pro hac vice*)             Fax: (415) 445-4020
1201 Third Avenue, Suite 3200                        lweaver@bfalaw.com
Seattle, WA 98101                                    adavis@bfalaw.com
Tel.: (206) 623-1900                                 mmelamed@bfalaw.com
Fax: (206) 623-3384                                  aornelas@bfalaw.com
dloeser@kellerrohrback.com                           jsamra@bfalaw.com
claufenberg@kellerrohrback.com
dko@kellerrohrback.com
adaniel@kellerrohrback.com
bgould@kellerrohrback.com
ewright@kellerrohrback.com
dmensher@kellerrohrback.com
mwoerner@kellerrohrback.com

mgerend@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Eric Fierro (admitted *pro hac vice*)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822
efierro@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

PLAINTIFFS' ADDITIONAL STATEMENT
CONCERNING 30(B)(6) NOTICE ON FB
RE: FTC COMPLAINTS AND CONSENT
ORDERS

4

MDL NO. 2843
CASE NO. 18-MD-02843-VC
JAMS REF. NO.: 1200058674

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of August, 2022, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver

PLAINTIFFS' ADDITIONAL STATEMENT
CONCERNING 30(B)(6) NOTICE ON FB
RE: FTC COMPLAINTS AND CONSENT
ORDERS

5

MDL NO. 2843
CASE NO. 18-MD-02843-VC
JAMS REF. NO.: 1200058674