# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS | **MDL NO. 2843** <br><br> CASE NO. 3:18-MD-02843-VC-JSC <br><br> HON. VINCE CHHABRIA <br> HON. JACQUELINE SCOTT CORLEY <br> COURTROOM 4 – 17TH FLOOR <br> SPECIAL MASTER, DANIEL GARRIE, ESQ. <br><br> **SECOND AMENDED ORDER ON PLAINTIFFS' MOTION TO COMPEL ADDITIONAL PRODUCTION OF QUIPS, TASKS, AND GROUPS** |

1. Pending before the Special Master is Plaintiffs' Motion to Compel Additional Production of Quips, Tasks, and Groups.

**BACKGROUND**

2. On July 22, 2022, after a series of meet and confers between the parties, Facebook provided a letter to Plaintiffs describing the steps taken to collect Quips, Tasks, and Groups.[1]

3. On August 5, 2022, Plaintiffs filed the present motion, in which Plaintiffs sought an order from the Special Master compelling Facebook (1) to produce all non-privileged Quips referenced in documents produced to Plaintiffs; and to collect all Quips associated with custodians whose Quips were previously identified by custodial interview, run the previously identified search strings for each such custodian against their collected Quips, and produce all non-privileged Quips surfaced by the search strings; (2) to run all of the parties' previously identified search strings against all documents in the Task repository and produce all nonprivileged Tasks surfaced by the search strings; and (3) to run all of the parties' previously identified search strings against all documents in the Workplace system and produce all nonprivileged conversations surfaced by the search strings. See Exhibit A (Plaintiffs' Motion). Plaintiffs argued that the above additional production is necessary because Facebook's July 22, 2022 letter "provided enough information to confirm that Facebook's processes for collection and production were nowhere near proportionate to the needs of the case." Id. at 1.

4. On August 12, 2022, Facebook submitted their opposition in which they argue that Facebook's collection and production of Quips, Tasks, and Groups was reasonable and Plaintiffs' requested relief is neither reasonable nor proportional. See Exhibit B (Facebook's Opposition). Facebook described the processes by which Quips, Tasks, and Groups were collected and produced, citing to declarations from Ricardo Brums (Forensic Technology Lead on Facebook's eDiscovery &

---

[1] Quips, Tasks, and Groups are tools Facebook employees use internally to collaborate on documents and communicate about company matters.

SECOND AMENDED ORDER ON PLAINTIFFS' MOTION TO COMPEL ADDITIONAL PRODUCTION OF QUIPS, TASKS, AND GROUPS

Information Governance team) and Mark Clews (Senior Managing Director of Facebook's vendor Ankura Consulting's Data and Technology Practice):

> For MDL custodians who identified Quip as a potentially relevant data source, all Quips associated with their accounts were identified and either reviewed with the custodians to identify and collect potentially relevant Quips or were collected in full. (*Id.* ¶ 5.) For MDL custodians who confirmed that Tasks were linked to their email, Tasks were collected through email. (*Id.* ¶ 13.) For MDL custodians who did not confirm that their Tasks were linked to their email, Tasks were collected from the Tasks system. (*Id.*) For MDL custodians who identified Workplace groups as a potentially relevant data source, Workplace groups that they created or had access to were identified and reviewed with the custodians to identify and collect potentially relevant Workplace groups. (*Id.* ¶ 19.) Almost 60,000 documents were produced from Quips, Tasks, and Workplace groups. (Clews Decl. ¶ 9.) See Exhibit B, at 2.

Facebook also argues that Plaintiffs failed to substantiate the alleged gaps in Facebook's production that warrant the relief Plaintiffs seek. Id. at 2 ("Plaintiffs cite to a handful of relevant and responsive Quips, Tasks, and Groups to claim that there must be more "probative" documents that have not been produced. […] Plaintiffs also point to the number of "references" to Quips in produced documents, but that says nothing about the uniqueness of the references or content, or relevance of the documents referencing them."). Facebook agreed to produce individually identified Quips, Tasks, and Groups.

5. With leave from the Special Master, Plaintiffs submitted a reply to Facebook's opposition in which Plaintiffs changed their requested relief to production of (1) all responsive Tasks or Quips where key leaders and decision makers such as Mark Zuckerberg, Sheryl Sandberg, Javier Olivan, Andrew Bosworth, Chris Cox, Ime Archibong, Eddie O'Neil, Allison Hendrix, Simon Cross, Eugene Zarakhovsky, Erin Egan, Vladimir Federov, and Konstantinos Papamiltiadis are subscribers; and (2) all Tasks or Quips referenced in an exhibit marked during a deposition in this case. See Exhibit C (Plaintiffs' Reply).

6. With leave from the Special Master, Facebook submitted a surreply in which Facebook

**SECOND AMENDED ORDER ON PLAINTIFFS' MOTION TO COMPEL ADDITIONAL PRODUCTION OF QUIPS, TASKS, AND GROUPS**

argues that (1) Plaintiffs' reply should be stricken because "Plaintiffs incorrectly represented that Facebook had not offered to search for and produce links to Quips, Tasks, and Workplace groups, then sand-bagged Facebook with an entirely different request for relief than the motion demanded"; (2) Plaintiffs' reply failed to show that the original collections were unreasonable; and (3) Plaintiffs fail to establish that collection of all responsive Quips and Tasks from 11 specified individuals is proportional or likely to yield unique, relevant documents. See Exhibit D (Facebook's Surreply). Facebook reiterated that Facebook agreed to produce requested Quips and Tasks referenced in deposition exhibits. Id.

7.  On August 18, 2022, the Special Master issued an Order on Plaintiffs' Motion to Compel Additional Production of Quips, Tasks, and Groups. See Exhibit E.

8.  On August 20, 2022, Plaintiffs filed a Motion for Reconsideration of the Order on Plaintiffs' Motion to Compel Additional Production of Quips, Tasks, and Groups. See Exhibit F (Plaintiffs' Motion for Reconsideration). Among other things, Plaintiffs argue that Facebook's collection and production of Quips was insufficient because there are references in previously produced documents to probative Quips that have not been produced. Id. Plaintiffs support this assertion by referencing Plaintiffs' Supplemental Brief in Support of Sanctions in which Plaintiffs identify three examples of probative Quips referenced in previously produced documents where the Quips were not produced. See Exhibit G (Plaintiffs' Supplemental Brief in Support of Sanctions) at 31-32. For example, Plaintiffs reference Exhibit 123 to their Supplemental Brief in Support of Sanctions, which is an April 2018 Quip titled "Policy H1 2018 Quip of Quips" that references 23 other Quips. While Plaintiffs note that they were able to locate some of the referenced Quips, Plaintiffs state that many of the Quips referenced in this document do not appear to have been produced, including "CA [Cambridge Analytica] Updates," "Cambridge Analytica General," "Cambridge Analytica Numbers [April 4]," "CubeYou, YouAreWhatYouLike, Cambridge University [April 7]," and "Privacy Improvements Over Time." See CA-MDL-META 0000163270; Exhibit G (Plaintiffs' Supplemental Brief in Support of Sanctions) at 32.

**SECOND AMENDED ORDER ON PLAINTIFFS' MOTION TO COMPEL ADDITIONAL PRODUCTION OF QUIPS, TASKS, AND GROUPS**

This is just one of many documents referencing Quips where Plaintiffs claim the Quips have not been produced. See Exhibit G at 31 ("Facebook employees frequently link to Quips in produced documents. Despite their obvious relevance to this case, however, the overwhelming majority of Quips identified in the documents do not appear to have been produced.").

9. On August 23, 2022, the Special Master issued an Amended Order on Plaintiffs' Motion to Compel Additional Production of Quips, Tasks, and Groups. See Exhibit H (Amended Order).

10. On August 24, 2022 Facebook submitted a motion for reconsideration of the amended order in which Facebook argued, among other things, that the documents referencing Quips cited in Plaintiffs' motion for reconsideration do not demonstrate that Facebook's production is deficient. See Exhibit I (Facebook's Motion for Reconsideration). Facebook investigated the Quips referenced Plaintiffs' motion for reconsideration and determined that of the 35 unique Quips referenced in the exhibits cited by Plaintiffs on reconsideration:

- 6 have been produced ("Full List of Apps with access to V1.0 as of March 2018," "Details of January - March 2018 Device-Integrated API Partners," "[a/c priv] Developer Platform: Legacy API Issues," "H12018 - Master Policy Feedback Tracker," "Platform Updates [March 21 + April 4]," "Timeline-Privacy Improvements over Time");

- 8 were withheld on privilege grounds ("CA-MASTER REQUESTS TRACKER," "GENERAL CA," "Releasing CA Numbers/Geo Breakdowns [April 4]," "April 4 Announcements (Restricting Data Access, CA Numbers, Data Policy/Terms Update, Partner Categories)," "Data Policy/GDPR [April 4]," "March 28 Briefing Document: Global Privacy Update 2018 (A/C PRIV)," "CubeYou; You are what you like; Cambridge university," "CA Exec Messaging Doc");

- 8 were not responsive;

- 2 are currently in the queue for production;

- 6 were not associated with any MDL custodian;

- 3 could not be located in the review set but do not appear to be responsive based on their titles; and

- 2 had names so generic they could not be located.

**SECOND AMENDED ORDER ON PLAINTIFFS' MOTION TO COMPEL ADDITIONAL PRODUCTION OF QUIPS, TASKS, AND GROUPS**

**FINDINGS**

11. The Special Master finds that additional information is necessary to determine whether Facebook's production of Quips and Tasks is deficient. The Special Master finds that Facebook's motion for reconsideration sufficiently explains why 30 of the 35 referenced Quips do not indicate deficiencies in Facebook's production. However, Facebook was not able to locate 5 of the 35 referenced Quips. The Special Master finds that this is a large enough portion of the referenced Quips to warrant additional investigation from Facebook to verify that responsive Quips and Tasks were not excluded from the production. Therefore, as set out in the order below, the Special Master finds that a targeted collection and review of uncollected Quips and Tasks referenced in documents produced to date is appropriate to better understand whether there are deficiencies in Facebook's production.

12. The Special Master finds that Facebook has agreed to produce requested Quips and Tasks referenced in deposition exhibits.

**ORDER**

13. No later than September 2, 2022, Facebook is to collect and review all Quips and Tasks referenced in documents produced to date that have not been collected, i.e. uncollected Quips and Tasks referenced in documents produced to date, and report the results of the review to the Special Master and Plaintiffs. The report is to include the number of uncollected Quips and Tasks referenced in documents produced to date and the number of responsive Quips and Tasks identified from those uncollected Quips and Tasks. If the number of responsive Quips and Tasks is 10% or higher than the number of uncollected Quips and Tasks, Facebook is to produce all relevant, unique, and non-privileged Tasks and Quips where Mark Zuckerberg, Sheryl Sandberg, Javier Olivan, Andrew Bosworth, Chris Cox, Ime Archibong, Eddie O'Neil, Allison Hendrix, Simon Cross, Eugene Zarakhovsky, Erin Egan, Vladimir Federov, or Konstantinos Papamiltiadis are subscribers no later than September 9, 2022. If the number of responsive Quips and Tasks is lower than 10% of the uncollected

Quips and Tasks, Facebook is not required to produce additional Quips or Tasks from the identified custodians.

IT IS SO ORDERED.

August 26, 2022

_____
Daniel Garrie
Discovery Special Master

**SECOND AMENDED ORDER ON PLAINTIFFS' MOTION TO COMPEL ADDITIONAL PRODUCTION OF QUIPS, TASKS, AND GROUPS**