# Exhibit D

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA  90071
Tel 213.229.7000
www.gibsondunn.com

Heather L. Richardson
Direct: +1 213.229.7409
Fax: +1 213.229.6409
HRichardson@gibsondunn.com

Client: 30993-00116

CONFIDENTIAL

August 17, 2022

<u>VIA JAMS ACCESS</u>

Special Master Garrie

Re:   *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, 3:18-md-02843

Dear Special Master Garrie:

Below please see Facebook's surreply to Plaintiffs' reply to their Motion to Compel Additional Production of Quips, Tasks, and Groups, filed August 5, 2022.

Sincerely,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Heather L. Richardson*

Heather L. Richardson
Partner

BMW
Encl. Facebook's Response to Plaintiffs' Reply to their Motion to Compel

cc:   Lesley E. Weaver; Derek W. Loeser

***Plaintiffs' Reply Should Be Stricken.*** To justify a reply, Plaintiffs incorrectly represented that Facebook had not offered to search for and produce links to Quips, Tasks, and Workplace groups, then sand-bagged Facebook with an entirely different request for relief than the motion demanded. Plaintiffs abandon any request for relief with respect to Workplace groups (conceding they are not entitled to these documents under Rule 26), and as to the Quips in deposition exhibits, the request is moot because Facebook has already agreed to and indeed has produced these documents (if requested). Plaintiffs' significantly modified request for relief underscores the baselessness of their motion and is alone grounds for striking the reply. *See, e.g., Sophanthavong v. Palmateer*, 378 F.3d 859, 872 (9th Cir. 2004) (rejecting this form of sandbagging because "[t]he unfairness of such a tactic is obvious"); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Food Mkt. Merch., Inc. v. Calif. Milk Processor Bd.*, 2018 WL 2540323, at *16 (E.D. Cal. May 31, 2018) ("reply briefs *reply* to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.") (cleaned up).

***Plaintiffs' Reply Does Not Save Their Motion***. *First,* the reply fails show that the original collections were unreasonable (which Plaintiffs must prove, at a minimum, to prevail on their motion). Plaintiffs initially moved for an order compelling Facebook to search for all Quips referenced in produced documents, and to export the entire Tasks and Workplace groups systems to a document review platform and apply search terms. Facebook responded with evidence explaining its reasonable process for identifying and collecting these sources. Facebook also submitted detailed sworn testimony establishing what Facebook repeatedly told Plaintiffs during meet-and-confers: the relief requested was immensely overbroad and burdensome. Brums & Clews Decls. In their reply, Plaintiffs do not—because they cannot—refute this evidence. Nor do they provide any evidence or argument as to why any further collection and review of these documents is necessary or would result in the production of relevant, unique documents. Instead, they feign surprise at Facebook's offer to collect and produce individual Quips that Plaintiffs identify. But the specific details substantiating this burden are no newer than Facebook's long-standing offer to consider reasonable requests for *specific* documents (which Plaintiffs have admittedly ignored). *E.g.,* Pls. Ex. 6.

Second, Plaintiffs fail to establish that the lone contested request for relief on reply—i.e., collection of all Quips and Tasks from 11 identified individuals—is proportional or likely to yield unique, relevant documents. Plaintiffs have made no showing using deposition testimony or the production itself to establish that Facebook's production of documents for these 11 people are deficient, that these people are likely to have subscribed to relevant and unique Quips or Tasks not covered by other custodians, or that the unreasonable, overbroad, and burdensome additional collection and review that they demand would result in any unique relevant Quips or Tasks. Plaintiffs seem to simply have chosen the most senior Facebook employees (the collection of whose information poses the greatest burden and inconvenience), with no other explanation as to why an additional search of these individuals' files would be likely to result in unique, relevant documents. In fact, given their position in the company, they are among those least likely to have unique, relevant documents. Moreover, Plaintiffs' requested relief is actually more burdensome than their original request, even if limited to 11 custodians, because Plaintiffs omit a critical limiting component of their original requested relief—the application of the negotiated search terms to narrow the review population. Thus, rather than purport to "narrow" the scope of the requested relief, Plaintiffs' reply actually expands it.