# Exhibit E

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS | **MDL NO. 2843** <br><br> CASE NO. 3:18-MD-02843-VC-JSC <br><br> HON. VINCE CHHABRIA <br> HON. JACQUELINE SCOTT CORLEY <br> COURTROOM 4 – 17TH FLOOR <br> SPECIAL MASTER, DANIEL GARRIE, ESQ. <br><br> **ORDER ON PLAINTIFFS' MOTION TO COMPEL ADDITIONAL PRODUCTION OF QUIPS, TASKS, AND GROUPS** |

1. Pending before the Special Master is Plaintiffs' Motion to Compel Additional Production of Quips, Tasks, and Groups.

**BACKGROUND**

2. On July 22, 2022, after a series of meet and confers between the parties, Facebook provided a letter to Plaintiffs describing the steps taken to collect Quips, Tasks, and Groups.[1]

3. On August 5, 2022, Plaintiffs filed the present motion, in which Plaintiffs sought an order from the Special Master compelling Facebook (1) to produce all non-privileged Quips referenced in documents produced to Plaintiffs; and to collect all Quips associated with custodians whose Quips were previously identified by custodial interview, run the previously identified search strings for each such custodian against their collected Quips, and produce all non-privileged Quips surfaced by the search strings; (2) to run all of the parties' previously identified search strings against all documents in the Task repository and produce all nonprivileged Tasks surfaced by the search strings; and (3) to run all of the parties' previously identified search strings against all documents in the Workplace system and produce all nonprivileged conversations surfaced by the search strings. See Exhibit A (Plaintiffs' Motion). Plaintiffs argued that the above additional production is necessary because Facebook's July 22, 2022 letter "provided enough information to confirm that Facebook's processes for collection and production were nowhere near proportionate to the needs of the case." Id. at 1.

4. On August 12, 2022, Facebook submitted their opposition in which they argue that Facebook's collection and production of Quips, Tasks, and Groups was reasonable and Plaintiffs' requested relief is neither reasonable nor proportional. See Exhibit B (Facebook's Opposition). Facebook described the processes by which Quips, Tasks, and Groups were collected and produced, citing to declarations from Ricardo Brums (Forensic Technology Lead on Facebook's eDiscovery &

---

[1] Quips, Tasks, and Groups are tools Facebook employees use internally to collaborate on documents and communicate about company matters.

**ORDER ON PLAINTIFFS' MOTION TO COMPEL ADDITIONAL PRODUCTION OF QUIPS, TASKS, AND GROUPS**

Information Governance team) and Mark Clews (Senior Managing Director of Facebook's vendor Ankura Consulting's Data and Technology Practice):

> For MDL custodians who identified Quip as a potentially relevant data source, all Quips associated with their accounts were identified and either reviewed with the custodians to identify and collect potentially relevant Quips or were collected in full. (*Id.* ¶ 5.) For MDL custodians who confirmed that Tasks were linked to their email, Tasks were collected through email. (*Id.* ¶ 13.) For MDL custodians who did not confirm that their Tasks were linked to their email, Tasks were collected from the Tasks system. (*Id.*) For MDL custodians who identified Workplace groups as a potentially relevant data source, Workplace groups that they created or had access to were identified and reviewed with the custodians to identify and collect potentially relevant Workplace groups. (*Id.* ¶ 19.) Almost 60,000 documents were produced from Quips, Tasks, and Workplace groups. (Clews Decl. ¶ 9.) See Exhibit B, at 2.

Facebook also argues that Plaintiffs failed to substantiate the alleged gaps in Facebook's production that warrant the relief Plaintiffs seek. Id. at 2 ("Plaintiffs cite to a handful of relevant and responsive Quips, Tasks, and Groups to claim that there must be more "probative" documents that have not been produced. […] Plaintiffs also point to the number of "references" to Quips in produced documents, but that says nothing about the uniqueness of the references or content, or relevance of the documents referencing them."). Facebook agreed to produce individually identified Quips, Tasks, and Groups.

5. With leave from the Special Master, Plaintiffs submitted a reply to Facebook's opposition in which Plaintiffs changed their requested relief to production of (1) all responsive Tasks or Quips where key leaders and decision makers such as Mark Zuckerberg, Sheryl Sandberg, Javier Olivan, Andrew Bosworth, Chris Cox, Ime Archibong, Eddie O'Neil, Allison Hendrix, Simon Cross, Eugene Zarakhovsky, Erin Egan, Vladimir Federov, and Konstantinos Papamiltiadis are subscribers; and (2) all Tasks or Quips referenced in an exhibit marked during a deposition in this case. See Exhibit C (Plaintiffs' Reply).

6. With leave from the Special Master, Facebook submitted a surreply in which Facebook argues that (1) Plaintiffs' reply should be stricken because "Plaintiffs incorrectly represented that Facebook had not offered to search for and produce links to Quips, Tasks, and Workplace groups, then

sand-bagged Facebook with an entirely different request for relief than the motion demanded"; (2) Plaintiffs' reply failed to show that the original collections were unreasonable; and (3) Plaintiffs fail to establish that collection of all responsive Quips and Tasks from 11 specified individuals is proportional or likely to yield unique, relevant documents. See Exhibit D (Facebook's Surreply). Facebook reiterated that Facebook agreed to produce requested Quips and Tasks referenced in deposition exhibits. Id.

## FINDINGS

7. Special Master Garrie finds that Facebook's collection and production of Quips and Tasks, as articulated in its opposition and the attached declarations, was reasonable and proportional to the needs of the case. See The Sedona Principles, 3d. Ed., 19 SEDONA CONF. J. 1, Principle 6, 118 (2018) (stating that the party responding to discovery is best positioned to conduct the search for relevant documents); see also *Hastings v. Ford Motor Co.*, 2021 WL 1238870, at *3 (S.D. Cal. Apr. 2, 2021) (endorsing Principle 6). Each of these platforms comprise terabytes of data and are used for a variety of purposes, both work and non-work related. See Brums Declaration, ¶¶ 4, 10, 12, 16, 18; Clews Decl., ¶ 16. Moreover, neither Quips, Tasks, nor Workplace groups can be searched in their native systems using complex search strings (including proximity limiters) like the ones the parties negotiated here. See Brums Decl. ¶¶ 9, 14, 20. There is also no software or automatic solution for identifying, collecting, and linking hyperlinked documents from emails and it would have to be done manually. Id. ¶ 6. Accordingly, the Special Master finds that it was reasonable for Facebook to focus these collections based on custodial input.

8. Special Master Garrie finds that Plaintiffs have not demonstrated that Facebook's production of Quips and Tasks from the 11 identified individuals is deficient or that the additional collection and review requested would result in any unique relevant Quips or Tasks. Once a reasonable search has been performed, it is the moving party's burden to identify evidence demonstrating a specific deficiency. See *In re: Lorazepam & Clorazepate Antitrust Litig.*, 219 F.R.D. 12, 17 (D.D.C. 2003); *Winn-Dixie Stores v. E. Mushroom Mktg. Coop.*, 2020 WL 3498161, at *4 (E.D. Pa. June 29, 2020); *Uschold v. Carriage*

*Svcs.*, 2019 WL 8298261, *4 (N.D. Cal. Jan. 22, 2019) ("to be both relevant and proportional to the needs of the case, a party seeking [discovery on discovery] 'must show a specific deficiency in the other party's production'"). The Special Master finds that Plaintiffs have not provided evidence demonstrating specific deficiencies in the production of Quips or Tasks from the 11 identified individuals.

9. The Special Master finds that Facebook has agreed to produce requested Quips and Tasks referenced in deposition exhibits.

## ORDER

10. Plaintiffs' request for an order requiring Facebook to produce all responsive Tasks or Quips where key leaders and decision makers such as Mark Zuckerberg, Sheryl Sandberg, Javier Olivan, Andrew Bosworth, Chris Cox, Ime Archibong, Eddie O'Neil, Allison Hendrix, Simon Cross, Eugene Zarakhovsky, Erin Egan, Vladimir Federov, and Konstantinos Papamiltiadis are subscribers is denied.

IT IS SO ORDERED.

August 18, 2022

_____
Daniel Garrie
Discovery Special Master

**ORDER ON PLAINTIFFS' MOTION TO COMPEL ADDITIONAL PRODUCTION OF QUIPS, TASKS, AND GROUPS**