# Exhibit I

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA  90071
Tel 213.229.7000
www.gibsondunn.com

Heather L. Richardson
Direct: +1 213.229.7409
Fax: +1 213.229.6409
HRichardson@gibsondunn.com

CONFIDENTIAL

Client: 30993-00116

August 24, 2022

VIA JAMS ACCESS

Special Master Garrie

Re:     *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, 3:18-md-02843

Dear Special Master Garrie:

Below please see Facebook's Motion for Reconsideration of the Amended Order Granting
Plaintiffs' Motion to Compel Additional Production of Quips and Tasks, issued August 23,
2022.

Sincerely,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Heather L. Richardson*

Heather L. Richardson
Partner

BMW
Encl. Facebook's Motion for Reconsideration

cc:     Lesley E. Weaver; Derek W. Loeser

August 24, 2022
Page 1

Facebook respectfully moves for reconsideration of the Special Master's August 23 Amended Order on Plaintiffs' Motion to Compel Additional Production of Quips and Tasks. Plaintiffs' motion for reconsideration contained no new evidence or law sufficient to justify an about-face from the findings in the original order—i.e., that "Facebook's collection and production of Quips and Tasks, as articulated in its opposition and the attached declaration, was reasonable and proportional to the needs of the case"—or to justify the relief Plaintiffs' requested for the first time in reply. Moreover, an investigation performed by Facebook since the amended order was issued yesterday establishes that there is no evidence that there were deficiencies in Facebook's collection of Quips.

Plaintiffs' reconsideration motion was not grounded in an alleged mistake of fact or law. Indeed, Plaintiffs failed to address or take issue with the law or sworn testimony on which Facebook relied in its opposition or surreply. Instead, Plaintiffs' reconsideration motion drew the Special Master's attention to three examples of Quips that were filed directly with Judge Chhabria *after* Plaintiffs filed their motion to compel. These Quips were available to Plaintiffs *before* they filed their original motion, so they should have raised them then. Raising these Quips for the first time *on reconsideration* deprived Facebook of a full and fair opportunity to address them.

The "new" evidence that appears to be the basis for the amended order is not materially different from the evidence that rightly failed to persuade the Special Master in the first place. In their original motion, Plaintiffs cited a handful of Quips that they said demonstrated that there were "probative" Quips that were not produced (albeit, Plaintiffs' assertions were not supported by sworn testimony). The new Quips cited in their reconsideration motion are only different insofar as they contain links to other Quips. The presence of these links in this Quip is no basis for reconsidering the original order (and, indeed, the original order considered the fact that Quips could be linked in other documents). As an initial matter, there is no independent obligation to collect all of the hyperlinks contained in a produced document. Moreover, the (uncontradicted) sworn testimony submitted by Facebook demonstrates that having to collect all of the Quips linked in a produced document is overbroad and unduly burdensome. Most significantly, however, the existence of these links say nothing about the reasonableness of Facebook's collections of Quips and Tasks, particularly because **only 3 of the 35 unique Quips referenced in Plaintiffs' exhibits were not in Facebook's review set, and there is nothing to suggest that they would be responsive anyways**.

In fact, since the amended order was issued yesterday, Facebook's investigation determined that of the 35 unique Quips referenced in the exhibits cited by Plaintiffs on reconsideration:

- **6 have been produced** ("Full List of Apps with access to V1.0 as of March 2018," "Details of January - March 2018 Device-Integrated API Partners," "[a/c priv] Developer Platform: Legacy API Issues," "H12018 - Master Policy Feedback Tracker," "Platform Updates [March 21 + April 4]," "Timeline-Privacy Improvements over Time");

- **8 were withheld on privilege grounds** ("CA-MASTER REQUESTS TRACKER," "GENERAL CA," "Releasing CA Numbers/Geo Breakdowns [April 4]," "April 4 Announcements (Restricting Data Access, CA Numbers, Data Policy/Terms Update, Partner Categories)," "Data Policy/GDPR [April 4]," "March 28 Briefing Document: Global Privacy Update 2018 (A/C PRIV)," "CubeYou; You are what you like; Cambridge university," "CA Exec Messaging Doc");

August 24, 2022
Page 2

- **8 were not responsive**;

- **2 are currently in the queue for production**;

- **6 were not associated with any MDL custodian;**

- **3 could not be located in the review set but do not appear to be responsive** based on their titles; and

- **2 had names so generic they could not be located**.

The amended order also fails to address the overbroad and unduly burdensome nature of the expansive relief Plaintiffs requested—again, for the first time on reply. Specifically, Plaintiffs ask that Facebook collect and review all of the Quips and Tasks from 11 individuals *without using the agreed search terms to narrow the review population*. Plaintiffs' requested relief is actually more burdensome than their original request, even if limited to 11 custodians, because Plaintiffs omit that critical limiting component of their original requested relief. Thus, rather than purport to "narrow" the scope of the requested relief, Plaintiffs' reply actually expands it.

In addition, just as it was when Plaintiffs raised the new requested relief on reply, the requested relief is not tethered to any evidence of the alleged "gaps" or even the needs of the case, as is required. Plaintiffs have made no showing using deposition testimony or the production itself to establish that Facebook's production of documents for these 11 people are deficient, that these people are likely to have subscribed to relevant and unique Quips or Tasks not covered by other custodians—much less the Quips cited in the amended order—or that the unreasonable, overbroad, and burdensome additional collection and review that they demand would result in any unique relevant Quips or Tasks. Indeed, of the 35 Quips referenced in the cited exhibits, **only 8 of the 11 people are subscribers** to 22 unique Quips: of these, 6 were produced, 8 were withheld as privileged, 4 were not responsive, 2 are in the production queue, and 1 could not be located.

Plaintiffs have simply chosen the most senior Facebook employees (the collection of whose information poses the greatest burden and inconvenience), with no other explanation as to why an additional search of these individuals' files would result in unique, relevant documents—and specifically, the Quips cited in the amended order. Indeed, **Mark Zuckerberg, Sheryl Sandberg, Javier Olivan, Andrew Bosworth, and Chris Cox** were not subscribers of any of the referenced Quips.

Finally, the amended order cites no grounds or reason to extend its findings from Quips to the separate Tasks system. As Facebook explained in its opposition, Tasks were collected through email to the extent linked to the custodian's emails. Search terms were applied to the email collections, as the parties agreed, and the responsive non-privileged results produced. Plaintiffs cite no evidence that collecting and reviewing all the Tasks subscribed to by the 11 individuals identified in the amended order would result in the production of unique, non-cumulative information.