# EXHIBIT 1

# CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

Orin Snyder (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel.: 212.351.4000
Fax: 212.351.4035
osnyder@gibsondunn.com

Joshua S. Lipshutz (SBN 242557)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel.: 202.955.8500
Fax: 202.467.0539
jlipshutz@gibsondunn.com

Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Plaintiffs' Co-Lead Counsel*
*Additional counsel listed on signature page*

*Attorneys for Defendant Meta Platforms, Inc.*
*(formerly known as Facebook, Inc.)*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |

# **TABLE OF CONTENTS**

Page

I.     RECITALS..................................................................................................... 1

II.    DEFINITIONS .............................................................................................. 3

III.   SETTLEMENT CLASS CERTIFICATION ................................................. 9

IV.    SETTLEMENT CONSIDERATION ........................................................... 10

V.     SUBMISSION OF SETTLEMENT AGREEMENT TO COURT FOR REVIEW AND APPROVAL.......................................................................... 11

VI.    RELEASES AND DISMISSAL OF ACTION ............................................. 14

VII.   MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS ....... 17

VIII.  NOTICE AND SETTLEMENT ADMINISTRATION ................................. 18

IX.    PLAN OF ALLOCATION ........................................................................... 22

X.     OPT-OUTS ................................................................................................... 23

XI.    OBJECTIONS ............................................................................................... 24

XII.   MODIFICATION OR TERMINATION OF SETTLEMENT AND RESERVATION OF RIGHTS .............................................................................. 25

XIII.  CAFA NOTICE PURSUANT TO 28 U.S.C. § 1715 .................................. 27

XIV.   TAX MATTERS ........................................................................................... 27

XV.    MISCELLANEOUS PROVISIONS ............................................................. 29

# EXHIBIT LIST

| | |
|---|---|
| **Exhibit A** | **Proposed Preliminary Approval Order** |
| **Exhibit B** | **Settlement Administration Protocol & Notice Plan (Weisbrot (Angeion) Declaration)** |
| **Exhibit C** | **Summary Notice** |
| **Exhibit D** | **Class Notice** |
| **Exhibit E** | **In-App Notice** |
| **Exhibit F** | **Claim Form** |
| **Exhibit G** | **Proposed Final Approval Order** |
| **Exhibit H** | **Proposed Final Judgment** |
| **Exhibit I** | **Escrow Agreement** |

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

This Class Action Settlement Agreement and Release, including Exhibits A–I hereto ("Settlement Agreement"), is made and entered into by, between, and among plaintiffs Steven Akins, Jason Ariciu, Anthony Bell, Bridgett Burk, Terry Fischer, Tyler King, Jordan O'Hara, and Cheryl Senko (together, "Settlement Class Representatives"), on behalf of themselves and the Settlement Class as defined below, and Defendant Meta Platforms, Inc. ("Defendant" or "Meta"). Settlement Class Representatives, the Settlement Class, and Defendant (collectively, the "Parties") enter into this Settlement Agreement to effect a full and final settlement and dismissal of the consolidated action *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC (the "Action").

## I.   RECITALS

1.    WHEREAS, on June 6, 2018, the Judicial Panel on Multidistrict Litigation consolidated various putative class actions filed against Defendant relating to alleged data sharing practices and transferred those actions to this Court for coordinated or consolidated pretrial proceedings (Dkt. 1);

2.    WHEREAS, on July 27, 2018, the Court appointed Derek Loeser and Lesley Weaver as co-lead counsel in this Action (Dkt. 102);

3.    WHEREAS, on August 27, 2018, the Court allowed Plaintiffs' Counsel preliminary discovery for the purposes of drafting a consolidated complaint (Dkt. 130); Plaintiffs filed a Consolidated Complaint on September 21, 2018 (Dkt. 148), Defendant moved to dismiss, and on February 1, 2019 the Court ordered Plaintiffs to file an amended complaint (Dkt. 247);

4.    WHEREAS, on February 22, 2019, Plaintiffs filed a First Amended Consolidated Complaint (Dkt. 257), Defendant moved to dismiss, and on September 9, 2019 the Court issued an order granting in part and denying in part Defendant's motion (Dkt. 298);

5.    WHEREAS, on August 4, 2020, Plaintiffs filed a Second Amended Consolidated Complaint (Dkt. 491), Defendant moved to dismiss claims brought by plaintiffs located in the United Kingdom, and on November 10, 2020 the Court granted Defendant's motion (Dkt. 571);

6.    WHEREAS, this Action was hotly contested and aggressively litigated, including that:

a.    the Parties engaged in extensive discovery, including the production of

over one million documents and other electronic discovery by Meta, production of tens of thousands of documents by Settlement Class Representatives, and production of hundreds of thousands documents by third parties;

b.    the parties exchanged thousands of pages of written discovery requests and responses;

c.    the eight Settlement Class Representatives were each deposed;

d.    Plaintiffs deposed 34 fact witnesses and 13 corporate representatives, three of whom were deposed multiple times (for a total of 110 hours of 30(b)(6) deposition testimony alone);

e.    over the time period between February 2020 through March 2022, scores of discovery disputes were raised before and addressed by multiple neutrals, including then-Magistrate Judge Corley, two discovery mediators, the Hon. Gail Andler (Ret.) and Daniel Garrie, Esq., and Mr. Garrie in his role as Court-appointed Special Master; and

f.    the Court, Judge Corley, and the Special Master conducted dozens of hearings.

7.    WHEREAS, beginning in August 2021 and continuing through August 2022, the parties mediated their dispute with the Honorable Jay C. Gandhi (Ret.) in numerous, arms-length, contested sessions, some that took place in-person, some virtual, and some telephonic, and ultimately reached an agreement in principle regarding the terms of this Settlement Agreement; and further, the Parties subsequently participated in multiple additional mediation sessions with the Honorable Jacqueline Scott Corley, and have also engaged in extensive discovery to confirm the bases of the Settlement Agreement, to finalize the terms reflected herein;

8.    WHEREAS, before entering into this Settlement Agreement, Class Counsel conducted a thorough assessment of the relevant law, facts, and allegations to assess the merits and strengths of the prioritized and non-prioritized claims, potential remedies, and all defenses thereto, and, based on that assessment, believe that the Settlement Agreement reflects an excellent result for the Settlement Class and that it is a fair, reasonable, and adequate resolution to the claims, which they continue to believe are meritorious, when balanced against the risks associated with continuing to litigate them and the time it would take to secure recovery for the Class;

9.    WHEREAS, Defendant denies the allegations in the pleadings in these actions, denies that it has engaged in any wrongdoing, denies that the Settlement Class Representatives' allegations state valid claims, denies that Plaintiffs can maintain a class action for purposes of litigation, and

2

vigorously disputes that Settlement Class Representatives and the Settlement Class are entitled to any relief, but Defendant nevertheless agreed to resolve the Action on the terms set forth in this Settlement Agreement solely to eliminate the uncertainties, burden, expense, and delay of further protracted litigation;

10.    WHEREAS, Defendant has agreed to class action treatment of the claims alleged in this Action solely for the purpose of compromising and settling those claims on a classwide basis as set forth herein;

11.    NOW THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO, AND AGREED, by the Settlement Class Representatives, for themselves and on behalf of the Settlement Class, and by Defendant that, subject to the approval of the Court, the Action shall be settled, and the Released Claims shall be finally and fully settled as to the Released Parties, in the manner and upon the terms and conditions hereafter set forth in this Settlement Agreement.

## II.    DEFINITIONS

12.    In addition to the terms defined elsewhere in the Settlement Agreement, the following terms used in this Settlement Agreement shall have the meanings specified below.

13.    "Action" means the consolidated class action lawsuit (including all related and/or member cases) in the matter entitled *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC, pending in the United States District Court for the Northern District of California.

14.    "Attorneys' Fees and Expenses Award" means such funds as may be awarded by the Court to Class Counsel to compensate Class Counsel for its fees, costs, and expenses in connection with the Action and the Settlement, as described in Paragraphs 82–85.

15.    "Authorized Claimant" means a Settlement Class Member or their authorized legal representative who is approved for payment from the Net Settlement Fund in accordance with the requirements established by the Settlement Agreement and the Court.

16.    "Claim Form" means the proof of claim and release form(s) substantially in the form attached as Exhibit F.

17. "Claims Submission Deadline" means the date by which Claim Forms must be postmarked or electronically submitted to be considered timely. The Claims Submission Deadline shall be one hundred forty-nine (149) days after the Preliminary Approval Order.

18. "Class Counsel" means Derek W. Loeser of Keller Rohrback L.L.P. and Lesley E. Weaver of Bleichmar Fonti & Auld LLP, who have authority and capacity necessary to execute this Settlement Agreement and bind all of the Settlement Class Representatives who have not personally signed this Settlement Agreement, as if each of those individuals had personally executed this Settlement Agreement.

19. "Class Notice" means the Notice of Proposed Settlement of Class Action, substantially in the form attached as Exhibit D.

20. "Class Period" means the time period of May 24, 2007, through December 22, 2022, inclusive.

21. "Court" means the United States District Court for the Northern District of California.

22. "Defense Counsel" means the law firm of Gibson, Dunn & Crutcher LLP and all of Defendant's attorneys of record in the Action.

23. "Discovery Mediators" mean the Hon. Gail A. Andler (Ret.) and Daniel B. Garrie, Esq.

24. "Effective Date" means seven (7) days after both of the following events have occurred: (1) the Final Approval Order and Final Judgment have been entered, and (2) the Final Approval Order and Final Judgment have become Final.

25. "Escrow Account" means the separate, interest-bearing escrow account to be established by the Settlement Administrator, at Huntington National Bank, which shall be the "Escrow Agent." The Parties will meet and confer in good faith regarding the terms of the Escrow Account. Class Counsel will retain final authority over the selection of those terms, but Class Counsel will not reject reasonable, good-faith recommendations from Defendant. The Settlement Fund less the sum of the Initial Deposit and any Periodic Payment(s) shall be deposited into the Escrow Account as described in Paragraph 63, and the money shall be invested in the following types of accounts and/or instruments and no other: United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the

4

Federal Deposit Insurance Corporation ("FDIC") or the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in other such instruments at their then-current market rates.

26.     "Escrow Agreement" means the agreement made among the Parties, the Settlement Administrator, and the Escrow Agent, attached hereto as Exhibit I.

27.     "Final" means, with respect to any judicial ruling or order, that: (1) if no appeal, motion for reconsideration, reargument and/or rehearing, or petition for writ of certiorari has been filed, the time has expired to file such an appeal, motion, and/or petition; or (2) if an appeal, motion for reconsideration, reargument and/or rehearing, or petition for a writ of certiorari has been filed, the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, and/or petition has been denied or dismissed with no further right of review.  Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any application for attorneys' fees or expenses or Plaintiffs' motion for sanctions (at ECF Nos. 879, 911, 922, 984, and 999) will not in any way delay or preclude the judgment from becoming Final.

28.     "Final Approval Hearing" means the hearing that is to take place after the entry of the Preliminary Approval Order and after the Notice Date for purposes of:  (a) entering a Final Approval Order and Final Judgment and dismissing the Action with prejudice; (b) determining whether the Settlement should be approved as fair, reasonable, and adequate; (c) ruling upon an application for a Service Award by the Settlement Class Representatives; (d) ruling upon an application by Class Counsel for an Attorneys' Fees and Expenses Award; and (e) entering any final order providing for an Attorneys' Fees and Expenses Award and Service Award.  The Parties shall request that the Court schedule the Final Approval Hearing for a date that is in compliance with the provisions of 28 U.S.C. § 1715(d).

29.     "Final Approval Motion Deadline" means the date by which Class Counsel shall file the motion seeking final approval of the Settlement.  The Final Approval Motion Deadline shall be one hundred four (104) days after the Preliminary Approval Order, such date being subject to approval or modification by the Court.

30.     "Final Approval Order" means the order finally approving the terms of this Settlement Agreement, without material variation from the terms set forth in the proposed order attached as Exhibit G.

31.     "Final Judgment" means a separate judgment to be entered by the Court, pursuant to Federal Rule of Civil Procedure 58(a), dismissing the Action with prejudice.

32.     "Meta" or "Defendant" means Meta Platforms, Inc., formerly known as Facebook, Inc., and refers to the named defendant Facebook, Inc., as well as all of Meta's current and former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, divisions, branches, units, shareholders, investors, successors, predecessors, and assigns, and all other individuals and entities acting on Meta's behalf.

33.     "Net Settlement Fund" means the Settlement Fund less: (i) the Attorneys' Fees and Expenses Award; (ii) the Service Awards; (iii) Notice and Administration Costs; and (iv) such other costs, expenses, or amounts as may be awarded or allowed by the Court.  As provided in Paragraph 62 if there are any additional and unanticipated Notice and Administration Costs, the Parties will meet and confer in good faith regarding whether those costs are reasonably necessary and whether any such costs will be paid from the Settlement Fund, Meta, or another source, and if they cannot reach agreement, will mediate any dispute.

34.     "Notice" or "Notice Plan" means the dissemination of notice as set forth in Exhibit B, attached hereto. In no event shall the Settlement Administrator disseminate notice in any manner materially different from that set forth in the Notice Plan, unless the Court so orders or the Parties agree in writing to authorize such forms of notice.

35.     "Notice and Administration Costs" means (i) the costs, fees and expenses that are incurred in connection with providing Notice to the Settlement Class; (ii) any costs, fees and expenses that are incurred by the Escrow Agent; and (iii) the costs, fees and expenses that are incurred in connection with administering the Claims process and allocating and distributing payments to Settlement Class Members.

36.     "Notice Date" means the first date upon which the Class Notice is disseminated.

37.     "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement in accordance with Paragraphs 113–116 and the other related terms of this Settlement Agreement in order to qualify them to be able to object to the Settlement.  The Objection Deadline shall be one hundred nineteen (119) days after the Preliminary Approval Order, such date being subject to approval or modification by the Court.

38.     "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request to Opt-Out must be filed in writing with the Settlement Administrator in accordance with Paragraphs 106–112 and the other related terms of this Settlement Agreement in order for a potential Settlement Class Member to be excluded from the Settlement Class.  The Opt-Out Deadline shall be one hundred nineteen (119) days after the Preliminary Approval Order, such date being subject to approval or modification by the Court.

39.     "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund or such other plan of allocation as the Court may approve.

40.     "Preliminary Approval Order" means the order preliminarily approving the Settlement, providing for notice to the Settlement Class, and other related matters, without material variation from the terms set forth in the proposed order attached as Exhibit A.

41.     "Releases," "Released Parties," "Releasing Parties," and "Released Claims" shall have the meanings as set forth in Section VI of the Settlement Agreement.

42.     "Request to Opt-Out" means a written request from a potential Settlement Class Member who seeks to opt out of the Settlement Class, which complies with all requirements in Paragraphs 106–112 of this Settlement Agreement.

43.     "Service Award(s)" means the incentive/service awards for the Settlement Class Representatives as approved by the Court, as set forth in Paragraph 83.

44.     "Settlement" means the settlement embodied in this agreement, including all attached Exhibits (which are an integral part of this agreement and are incorporated in their entirety by reference).

45.     "Settlement Administrator" means the firm Angeion Group, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, which shall provide settlement notice and administration services pursuant to the terms of the Settlement Agreement.

46.     "Settlement Class" includes all Facebook users in the United States during the Class Period. Excluded from the Settlement Class is Meta and its employees, alleged co-conspirators, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies; counsel for any plaintiff whose case was consolidated into this MDL and their employees, including but not limited to the undersigned counsel for Plaintiffs and the undersigned counsel's employees; the Special Master, Discovery Mediators, and Settlement Mediators who participated in this case and their staff; and the Judges and Court staff to whom this Action is or was assigned.

47.     "Settlement Class Member(s)" means any and all persons who fall within the definition of the Settlement Class.

48.     "Settlement Class Representatives" means plaintiffs Steven Akins, Jason Ariciu, Anthony Bell, Bridgett Burk, Terry Fischer, Tyler King, Jordan O'Hara, and Cheryl Senko.

49.     "Settlement Fund" means the non-reversionary cash settlement common fund for the benefit of the Settlement Class in the amount of Seven Hundred Twenty-Five Million U.S. Dollars and zero cents ($725,000,000.00).

50.     "Settlement Mediator" means the Hon. Jay C. Gandhi (Ret.) and the Hon. Jacqueline Scott Corley.

51.     "Settlement Website" means an Internet website that the Settlement Administrator shall establish to inform the Settlement Class of the terms of this Settlement, their rights, dates, deadlines, and related information.

52.     "Special Master" means Daniel B. Garrie, Esq.

53.     "Summary Notice" means the Summary Notice of Settlement, substantially in the form attached as Exhibit C.

54.     "Taxes" means all federal, state, or local taxes of any kind imposed on, or measured by reference to or in connection with any income earned by, the Settlement Fund and the expenses and

8

costs incurred in connection with the taxation or tax treatment of the Settlement Fund (including, in each case and without limitation, interest, penalties, additions to tax and the reasonable expenses of tax attorneys and accountants).

55.     "Tax Expenses" means any tax-related expenses and costs incurred in connection with the operation and implementation of this Settlement Agreement (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) any tax returns or other tax-related documentation (including those described in Section XIV)).

56.     "Treas. Reg." means the United States Treasury regulations.

III.    SETTLEMENT CLASS CERTIFICATION

57.     For purposes of settlement only, the Parties agree to seek provisional certification of the Settlement Class for the Class Period, pursuant to Federal Rule of Civil Procedure 23(b)(3).

58.     The Parties further agree that the Court should make preliminary findings and enter the Preliminary Approval Order granting provisional certification of the Settlement Class subject to the final findings and approval in the Final Approval Order and Final Judgment, and appointing the Settlement Class Representatives as the representatives of the Settlement Class and Class Counsel as counsel for the Settlement Class.

59.     Defendant does not consent to certification of the Settlement Class (or to the propriety of class treatment) for any purpose other than to effectuate the settlement of this Action.  Defendant's agreement to provisional certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind to the Settlement Class Representatives or any of the provisional Settlement Class Members, or any admission as to the certifiability of any class for purposes other than settlement.

60.     If this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the Settlement Agreement shall be void, the order certifying the Settlement Class for purposes of effectuating the Settlement and all preliminary and/or final findings regarding that class certification order shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Settlement Class had never been certified pursuant to this Settlement

Agreement and such findings had never been made, the Action shall return to the procedural posture on August 26, 2022, in accordance with this Paragraph.  No Party nor counsel shall refer to or invoke the vacated findings, order(s) and/or substantive briefing relating to the Settlement or Rule 23 of the Federal Rules of Civil Procedure in connection with the Settlement, if this Settlement Agreement is not consummated and the Action is later litigated and contested by Defendant under Rule 23 of the Federal Rules of Civil Procedure.

## IV.   SETTLEMENT CONSIDERATION

61.    In consideration for the dismissal of the Action with prejudice and the Releases provided in this Settlement Agreement, Defendant agrees to pay the Settlement Fund for the benefit of Settlement Class Members in the manner described in this Section IV of the Settlement Agreement.

### A.   Settlement Fund

62.    All valid claims paid to Settlement Class Members, Notice and Administration Costs, Service Awards to the Settlement Class Representatives approved by the Court, and the Attorneys' Fees and Expenses Award (in the amount determined by the Court), shall be paid from the Settlement Fund.  In no event shall Defendant be liable under this Settlement Agreement for payment of claims paid to Settlement Class Members, Notice and Administration Costs, Service Awards to the Settlement Class Representatives, or the Attorneys' Fees and Expenses Award beyond the amount of the Settlement Fund.  If there are additional and unanticipated Notice and Administration Costs beyond the range set forth in Exhibit B, the Parties will meet and confer in good faith regarding whether those costs are reasonably necessary and whether any such costs will be paid from the Settlement Fund, by Meta, or from another source, and, if they cannot reach agreement, mediate any dispute.

63.    No later than twenty-one (21) calendar days after the Court's entry of the Final Approval Order, Defendant shall pay an amount equal to the Settlement Fund less the sum of the Initial Deposit and any Periodic Payment(s) into the Escrow Account to be administered by the Settlement Administrator pursuant to the terms of this Settlement Agreement.  No appeal shall affect this Paragraph's funding obligation.  Aside from the Initial Deposit, the Periodic Payment(s), Taxes, and Tax Expenses, no payments or distributions (whether for claims paid to Settlement Class Members, Service Awards, or Attorneys' Fees and Expenses) will be made from the Settlement Fund unless and

until the Settlement Agreement becomes Final.  If this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or does not become Final for any reason, or the Effective Date for any reason does not occur, then the funds from the Escrow Account shall be promptly released and returned to Defendant (along with all accrued interest).

### B. Notice and Administration Costs

64.     Within fourteen (14) calendar days after the entry of the Preliminary Approval Order, Defendant shall pay a sum to be determined and sufficient to effectuate the Notice Plan to the Settlement Administrator (the "Initial Deposit").  This deadline may be extended by consent of the Parties and the Settlement Administrator.

65.     Following entry of the Preliminary Approval Order, and after payment of the Initial Deposit, Defendant shall pay all subsequent amounts for Notice and Administration Costs (as invoiced by the Settlement Administrator or Escrow Agent and approved by Class Counsel) (the "Periodic Payment(s)") within thirty (30) calendar days after the submission of an invoice by the Settlement Administrator or Escrow Agent.  This deadline may be extended by mutual consent of the Parties.

## V.  SUBMISSION OF SETTLEMENT AGREEMENT TO COURT FOR REVIEW AND APPROVAL

66.     Solely for purposes of implementing this Settlement Agreement and effectuating the proposed Settlement, the Parties agree and stipulate that Class Counsel shall submit to the Court a motion for preliminary approval of the Settlement together with the Preliminary Approval Order (Exhibit A).

67.     Among other things, Class Counsel will seek a Preliminary Approval Order that shall:

    a.     Approve the Class Notice, substantially in the form set forth at Exhibits C-E;

    b.     Find that the requirements for provisional certification of the Settlement Class have been satisfied, appoint the Settlement Class Representatives as the representatives of the provisional Settlement Class and Class Counsel as counsel for the provisional Settlement Class, and preliminarily approve the Settlement as being within the range of reasonableness such that the Class Notice should be provided pursuant to this Settlement Agreement;

c.     Find that the CAFA notice sent by the Settlement Administrator complies with 28 U.S.C. § 1715 and all other provisions of the Class Action Fairness Act of 2005;

d.     Determine that the Notice Plan, as set forth in this Settlement Agreement, complies with all legal requirements, including but not limited to the Due Process Clause of the United States Constitution;

e.     Appoint the Settlement Administrator;

f.     Direct that Class Notice shall be given to the Class as provided in Paragraphs 86–102 and the other related terms of this Settlement Agreement;

g.     Provide that Settlement Class Members will have until the Claims Submission Deadline to submit Claim Forms;

h.     Provide that any objections by any Settlement Class Member to the certification of the Settlement Class and the proposed Settlement contained in this Settlement Agreement, and/or the entry of the Final Approval Order and Final Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection Deadline, such objector files with the Court a written objection and notice of the objector's intention to appear, and otherwise complies with the requirements in Paragraphs 113–116 and the other related terms of this Settlement Agreement;

i.     Establish dates by which the Parties shall file and serve all papers in support of the application for final approval of the Settlement and/or in response to any valid and timely objections;

j.     Schedule the Final Approval Hearing on a date ordered by the Court, to be provided in the Preliminary Approval Order, and in compliance with applicable law, to determine whether the Settlement should be approved as fair, reasonable, and adequate, and to determine whether a Final Approval Order and Final Judgment should be entered dismissing the Action with prejudice except as to

1        such Settlement Class Members who timely file valid written Requests to Opt-

2        Out in accordance with this Settlement Agreement and the Class Notice;

3    k.   Provide that all Settlement Class Members will be bound by the Final Approval

4        Order and Final Judgment dismissing the Action with prejudice, except

5        Settlement Class Members who timely file valid written Requests to Opt-Out in

6        accordance with this Settlement Agreement and the Class Notice; and

7    l.   Pending the Final Approval Hearing, stay all proceedings in the Action, other

8        than the proceedings necessary to carry out or enforce the terms and conditions

9        of this Settlement Agreement and Preliminary Approval Order.

10    68.   Following the entry of the Preliminary Approval Order, the Class Notice shall be given

11  and published in the manner set forth in Section VIII of the Settlement Agreement and approved by the

12  Court.

13    69.   By the Final Approval Motion Deadline, Class Counsel shall file a motion seeking final

14  approval of the Settlement.  Unless otherwise agreed by the parties, Class Counsel shall request entry

15  of a Final Approval Order and Final Judgment that shall, among other things:

16    a.   Find that the Court has personal jurisdiction over all Settlement Class Members,

17        that the Court has subject matter jurisdiction over the claims asserted in the

18        Action, and that the venue is proper;

19    b.   Finally approve this Settlement Agreement and the Settlement pursuant to Rule

20        23 of the Federal Rules of Civil Procedure;

21    c.   Certify the Settlement Class under Federal Rule of Civil Procedure 23(b)(3) for

22        purposes of settlement only;

23    d.   Find that the Class Notice complied with all laws, including, but not limited to,

24        the Due Process Clause of the United States Constitution;

25    e.   Incorporate the Releases set forth in this Settlement Agreement and make the

26        Releases effective as of the Effective Date;

27    f.   Authorize the Parties to implement the terms of the Settlement;

28

g.      Dismiss the Action with prejudice and enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

h.      Determine that the Settlement Agreement and the Settlement provided for herein, and any proceedings taken pursuant thereto, are not, and should not in any event be offered, received, or construed as evidence of, a presumption, concession, or an admission by any Party of liability or nonliability or of the certifiability or non-certifiability of a litigation class, or of any misrepresentation or omission in any statement or written document approved or made by any Party; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for herein in such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement, as further set forth in this Settlement Agreement;

i.      Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of this Settlement Agreement, the Final Approval Order and Final Judgment, any final order approving the Attorneys' Fees and Expenses Award and Service Awards, and for any other necessary purpose; and

j.      Comply with the timing requirement of 28 U.S.C. § 1715(d).

70.      The Parties agree that the Notice Plan contemplated by this Settlement Agreement is valid and effective, that if effectuated, it would provide reasonable notice to the Class, and that it represents the best practicable notice under the circumstances.

## VI.      RELEASES AND DISMISSAL OF ACTION

71.      "Releases" mean the releases and waivers set forth in this Settlement Agreement and in the Final Approval Order and Final Judgment.

72.      "Released Parties" means Meta and all of Meta's current and former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, divisions, branches, units, shareholders, investors, successors, predecessors, and assigns, and all other individuals and entities acting on Meta's behalf.

73.     "Released Claims" means, with respect to Settlement Class Members, any and all claims, demands, rights, damages, arbitrations, liabilities, obligations, suits, debts, liens, and causes of action pursuant to any theory of recovery (including, but not limited to, those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, regulation, decree, or order) of every nature and description whatsoever, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including known or unknown claims as of the Notice Date by all of the Releasing Parties that were asserted or could have been asserted based on, relating to, or arising out of the identical factual predicate as the allegations in the Action, including but not limited to sharing or otherwise making accessible user data and data about users' friends with/to third parties (including but not limited to third-party developers, whitelisted parties, business partners, advertisers, and data brokers), and monitoring and enforcement of third parties' access to and use and/or sharing of user data with other third parties.  This release expressly excludes relief arising out of the pending motion for sanctions in the Action at ECF Nos. 879, 911, 922, 984, and 999.  The Parties reserve all rights, including appellate rights, to challenge orders regarding the pending motion for sanctions.  The definition of "Released Claims" shall be construed as broadly as possible under Ninth Circuit law to effect complete finality over this Action.  For the avoidance of doubt, the Parties agree that nothing in the Plan of Allocation or any other provision contained herein shall in any way limit the scope of the Release.

74.     Upon the Effective Date, the Settlement Class Representatives and each of the Settlement Class Members (and each of their heirs, estates, trustees, principals, beneficiaries, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns) (collectively, "Releasing Parties") shall be deemed to have, and by operation of the Final Approval Order and Final Judgment in this Action shall have, fully, finally and forever released, relinquished, and discharged each and every Released Claim, and to have covenanted not to pursue any or all Released Claims against any Released Party, whether directly or indirectly, whether on their own behalf or otherwise, and regardless of whether or not such Settlement Class Member submits a Claim Form (except that the foregoing provision shall not apply to any such

representative, spouse, domestic partner, trustee, heir, executor, administrator, successor or assign who independently would be a Settlement Class Member and timely excludes himself, herself or itself).

75.    Upon the Effective Date, Defendant and each of the other Released Parties shall be deemed by operation of law to have released, waived, discharged and dismissed each and every claim relating to the institution or prosecution of the Action by Settlement Class Representatives, Class Counsel and the Settlement Class.

76.    Nothing in this Settlement Agreement is intended to alter the standard terms and conditions for the use of Defendant's products or services by its users, or Defendant's enforcement of the standard terms and conditions for the use of its products or services.  To the extent any conflict exists between the terms and conditions of this Settlement Agreement and the Defendant's standard terms and conditions, the terms and conditions of the Settlement Agreement shall control.

77.    Individuals who have validly opted out of the Settlement by the Opt-Out Deadline do not release their claims and will not obtain any benefits of the Settlement.

78.    After entering into this Settlement Agreement, the Parties may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the claims released by this Settlement Agreement.  The Released Claims include known and unknown claims as set forth above, and this Settlement Agreement is expressly intended to cover and include all such injuries or damages, including all rights of action thereunder.  The Parties hereby expressly, knowingly, and voluntarily waive any and all provisions, rights, and benefits conferred by California Civil Code Section 1542 and any statute, rule, and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

79.    In connection with such waiver and relinquishment, the Settlement Class Representatives hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with

respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims against the Released Parties.

80.    In furtherance of such intention, the Release herein given to the Released Parties shall be and remain in effect as a full and complete general release of the Released Claims notwithstanding the discovery or existence of any such additional different claims or facts.   The Settlement Class Representatives expressly acknowledge that they have been advised by their attorneys of the contents and effect of Section 1542, and with knowledge, each of the Parties hereby expressly waives whatever benefits he/she/it may have had pursuant to such section.   The Settlement Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Approval Order and Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this Release is a part.

81.    Upon the Effective Date: (a) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Representatives and Settlement Class Members; and (b) Settlement Class Representatives and Settlement Class Members stipulate to be and shall be permanently barred from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

## VII.    MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS

82.    Class Counsel may apply to the Court for an award of reasonable attorneys' fees expressed as a percentage of the value conferred on the Settlement Class of no more than 25% of the Settlement Fund, and for reimbursement of costs and expenses incurred in the case to be paid from the Settlement Fund.   Defendant reserves the right to oppose the application seeking an Attorneys' Fees and Expenses Award.   The Attorneys' Fees and Expenses Award determined by the Court will be paid from the Settlement Fund, except as otherwise ordered by the Court in its resolution of the pending motion for sanctions in this Action at ECF Nos. 879, 911, 922, 984, and 999.   The Attorneys' Fees and Expenses Award shall be paid from the Settlement Fund within ten (10) days after the Effective Date occurs.

83.    Consistent with the Pretrial Order No. 8:   Duties and Authority of Co-Lead Counsel (ECF No. 120), Class Counsel shall have the sole and absolute discretion, subject to any orders issued

by the Court, to allocate the Attorneys' Fees and Expenses Award amongst Class Counsel and any other attorneys.  Defendant shall have no liability or other responsibility for allocation of any such Attorneys' Fees and Expenses Award.  The amount ordered by the Court, which shall be paid from the Settlement Fund, shall be the sole monetary obligation for attorneys' fees and expenses pursuant to this Settlement Agreement.

84.    The Parties agree that Class Counsel may apply on behalf of the Settlement Class Representatives to the Court for a Service Award to each of them not to exceed $15,000 for their services as Settlement Class Representatives.  Any Service Award(s) approved by the Court shall be paid from the Settlement Fund within ten (10) days after the Effective Date occurs.  The Parties agree that the Court has the authority under this Settlement Agreement to issue Service Awards, and that the decision whether or not to award any such payment, and the amount of that payment, rests in the exclusive discretion of the Court.

85.    The settlement was reached as a result of mediations conducted before third-party neutrals, Honorable Jay C. Gandhi (Ret.) and Hon. Jacqueline Scott Corley.  The Parties did not discuss service award payments or attorneys' fees and expenses while negotiating the material terms of the Settlement Fund, and during the negotiations of the Settlement Fund, they made no agreements in connection with the Settlement Class Representatives' requests for service award payments or Class Counsel's attorneys' fees and expenses.

## VIII.   NOTICE AND SETTLEMENT ADMINISTRATION

86.    The Settlement Administrator's fees and costs, including the costs of notice, will be paid as described in Section IV.B of this Settlement Agreement.

87.    The Settlement Administrator will execute a confidentiality and non-disclosure agreement with Defendant and Class Counsel and will utilize best efforts to ensure that any information provided to it by Settlement Class Members will be kept confidential and secure, and used solely for the purpose of effecting this Settlement.

88.    For purposes of identifying and providing notice to potential Settlement Class Members, the Preliminary Approval Order shall order Defendant to provide or cause to be provided to the Settlement Administrator within thirty (30) days of the date of entry of the Preliminary Approval Order

information about the Settlement Class Members required by the Settlement Administrator to effect the Notice Plan.

89.     In fulfilling its responsibilities in providing notice to the Settlement Class Members, the Settlement Administrator shall be responsible for, without limitation, consulting on and designing the notice to the Settlement Class via various forms of media, including implementing the direct notice program. The direct notice program will consist of in-app notice by Meta as set forth in more detail in the Notice Plan; a preview of the contemplated language and form of that in-app notice is attached as Exhibit E.  The Parties shall confer on the form and content of the notice contemplated in the Notice Plan, which must be substantially consistent with the Notice of Proposed Settlement of Class Action attached as Exhibit D.  The Parties reserve the right to approve the proposed Notice Plan by the Settlement Administrator prior to submitting the Notice Plan to the Court for approval.

90.     The Settlement Administrator shall commence the Notice Plan to the Settlement Class Members, respectively, on a rolling basis and as soon as practicable, and the Notice Plan shall comply with the deadlines: (a) Notice commences, including in-app notice and the media campaign, fourteen (14) days after the Preliminary Approval Order; (b) the media campaign shall be substantially completed by seventy-four (74) days after the Preliminary Approval Order as set forth in the Notice Plan; and (c) in-app notice shall be substantially completed by eighty (89) days after the Preliminary Approval Order as set forth in the Notice Plan.

91.     A copy of this Settlement Agreement and Exhibits hereto, the motions for preliminary approval, Attorneys' Fees and Expenses Award, Final Approval, and related papers, and Court orders pertaining to the Settlement, shall be posted and available for download on the Settlement Website maintained by the Settlement Administrator.  The information shall remain available on the Settlement Website until after the Effective Date and distribution of all settlement benefits.

92.     Settlement Class Members who wish to receive a cash payment will be required to submit a Claim Form.  The Claim Form shall, among other things, require the Settlement Class Member to provide contact information and to respond to prompts regarding whether they resided in the United States at any time during the Class Period, if they were a Facebook user during the Class Period, the time period during which they were a Facebook user during the Class Period, their Facebook usernames

or the emails associated with their Facebook account, selection of form of payment, and verification of the information provided.

93.     The Claim Forms shall be submitted to the Settlement Administrator via U.S. mail or electronically through the Settlement Website.  To be valid, Claim Forms must be received by the Settlement Administrator by the Claims Submission Deadline.

94.     The Class Notice shall set forth the procedure detailed in Section X of the Settlement Agreement *infra* whereby members of the Settlement Class may exclude themselves from the Settlement by submitting a Request to Opt-Out to the Settlement Administrator.  Requests to Opt-Out must be submitted by the Opt-Out Deadline.  Any member of the Settlement Class who does not timely and validly Request to Opt-Out shall be bound by the terms of this Settlement.  As soon as practicable after the Opt-Out Deadline, the Settlement Administrator shall provide the Court with a list of the individuals who timely and validly requested to opt-out from the Settlement.  Any member of the Settlement Class who submits a timely Request to Opt-Out may not file an objection to the Settlement and shall be deemed to have waived any and all rights and benefits under this Settlement.

95.     The Class Notice shall set forth the procedure detailed in Section XI of the Agreement *infra* whereby Settlement Class Members may object to the Settlement.  Objections shall be filed with the Court by the Objection Deadline.

96.     The Settlement Administrator shall determine whether a submitted Claim Form meets the requirements set forth in this Settlement Agreement.  Each Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine whether each claim shall be allowed. The Settlement Administrator shall use best practices and all reasonable efforts and means to identify and reject duplicate and/or fraudulent claims, including, without limitation, indexing all payments provided to the Settlement Class Members.

97.     If a Claim Form does not substantially comply with the formal requirements set forth in this Settlement and/or in the Claim Form instructions, the Settlement Administrator shall promptly notify the claimant of the noncompliance using the contact information provided in the Claim Form. If the claimant fails to cure the noncompliance within sixty (60) days after the Settlement Administrator has notified the claimant of the noncompliance, the Claim Form shall be rejected as not meeting the

terms and conditions of this Settlement for payment from the Settlement Fund.

98.     Where a good faith basis exists, the Settlement Administrator may reject a Claim Form for the following reasons:  (a) the Claim Form is fraudulent; (b) the Claim Form is duplicative of another Claim Form; (c) the person submitting the Claim Form is not a Settlement Class Member; (d) the person submitting the Claim Form requests that payment be made to a person or entity other than the Settlement Class Member for whom the Claim Form is submitted; (e) the Claim Form is not timely submitted; or (f) the Claim Form otherwise does not meet the requirements of this Settlement Agreement.

99.     Claim Forms that do not meet the terms and conditions of this Settlement for payment from the Settlement Fund shall be rejected by the Settlement Administrator.  The Settlement Administrator shall have eighty (80) days from the Claims Submission Deadline to exercise the right of rejection.  The Settlement Administrator shall notify the claimant of the rejection using the contact information provided in the Claim Form.  Class Counsel and Defense Counsel shall be provided with copies of all such notifications of rejection along with information sufficient to permit the parties to analyze the basis for the rejection.  If any claimant whose Claim Form has been rejected, in whole or in part, desires to contest such rejection, the claimant must, within ten (10) days from receipt of the rejection, transmit to the Settlement Administrator by email or U.S. mail a notice and statement of reasons indicating the claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator, in consultation with Class Counsel and Defense Counsel, of the denial of the claim.  If Class Counsel and Defense Counsel cannot agree on a resolution of the claimant's notice contesting the rejection, the decision of the Settlement Administrator shall be final.  No person shall have any claim against Defendant, Defense Counsel, Settlement Class Representatives, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

100.    The Settlement Administrator will provide information as agreed between Class Counsel and the Settlement Administrator, including weekly reports on the submissions of claims, objections, and Requests to Opt-Out.

101.    As soon as reasonably possible after the Claims Submission Deadline, but no later than

eighty (80) days from the Claims Submission Deadline, the Settlement Administrator shall provide Class Counsel and Defense Counsel with a spreadsheet that contains information sufficient to determine:  (a) the number of Settlement Class Members that submitted a claim; (b) the number of submitted Claim Forms that are valid and timely, and the number that are not; (c) the number of submitted Claim Forms the Settlement Administrator intends to treat as approved claims; (d) the number of submitted Claim Forms the Settlement Administrator has denied and (e) the number of submitted Claim Forms that do not substantially comply with the formal requirements set forth in this Settlement and/or in the Claim Form instructions.  The materials that the Settlement Administrator provides to Class Counsel pursuant to this Paragraph shall not contain the names, email addresses, mailing addresses, or other personal identifying information of the Settlement Class Members.

102.    Defendant may, in its sole discretion, terminate this Settlement Agreement if more than a specified number of individuals submit valid and timely requests to exclude themselves from the Settlement, as agreed to by the Parties and submitted to the Court for in camera review.  If Defendant elects to terminate the Settlement pursuant to this provision of the Settlement Agreement, it shall provide written notice within ten (10) business days following the date the Settlement Administrator informs Defendant of the number of Settlement Class Members who have requested to opt out of the Settlement pursuant to the provisions set forth above.  If Defendant rescinds the Settlement pursuant to this section of the Agreement, it shall have no further obligations to pay the Settlement Fund and shall be responsible for only the fees and expenses actually incurred by the Settlement Administrator, for which the Settlement Class Representatives and Class Counsel are not liable.

## IX.    PLAN OF ALLOCATION

103.    The Plan of Allocation is set forth in a separate document that will be filed by Plaintiffs at the same time as the Settlement Agreement. Defendant shall have no liability or other responsibility for the Plan of Allocation.

104.    This is a common fund settlement. There will be no reversion of the Settlement Fund to Defendant upon the occurrence of the Effective Date irrespective of the number of Claims paid, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

105.    The Plan of Allocation is a matter separate and apart from the proposed Settlement Agreement between Defendant and the Settlement Class Representatives, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement Agreement. The Plan of Allocation is not a necessary term of this Settlement Agreement, and it is not a condition of this Settlement Agreement that any particular plan of allocation be approved by the Court. Any order relating solely to the allocation of the Net Settlement Fund among the Authorized Claimants, or any request for further judicial review from any order relating solely thereto or reversal or modification thereof, shall not operate to terminate the Settlement Agreement.

## X.    OPT-OUTS

106.    Any individual who wishes to exclude themselves from the Settlement must submit a written request for exclusion to the Settlement Administrator, which shall be postmarked no later than the Opt-Out Deadline or submitted online through the claims portal and verified no later than the Opt-Out Deadline.

107.    The written Request to Opt-Out must:

(i)     Identify the case name of the Action;

(ii)    Identify the name and current address of the individual seeking exclusion from the Settlement;

(iii)   Be personally signed by the individual seeking exclusion;

(iv)    Include a statement clearly indicating the individual's intent to be excluded from the Settlement;

(v)     Request exclusion only for that one individual whose personal signature appears on the request;

(vi)    Include the Facebook account URL (if reasonably available) and the email address and telephone number associated with the Facebook account of the individual seeking exclusion; and

(vii)   State that the individual seeking exclusion was a Facebook user during the Class Period.

108.    To be effective and valid, opt-out requests submitted online must verify the Request to Opt-Out no later than the Opt-Out Deadline using the link sent to the individual who submitted the request for exclusion.

109.   Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator.

110.   Any individual who submits a valid and timely Request to Opt-Out in substantial compliance with the requirements described herein shall not:  (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

111.   Any individual who does not substantially comply with the requirements of this Settlement Agreement governing Requests for Opt-Out shall be deemed to be a Settlement Class Member upon expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

112.   All signatories and counsel must not encourage opt-outs.  Counsel for Plaintiffs and counsel for Meta specifically agree not to solicit opt-outs, directly or indirectly, through any means, but rather encourage members of the Settlement Class to participate in the settlement.

## XI.   OBJECTIONS

113.   Any Settlement Class Member who wishes to object to the Settlement must submit a written objection to the Court and Class Counsel on or before the Objection Deadline, as specified in the Preliminary Approval Order.

114.   The written objection must include:

    (i)      The case name and number of the Action;

    (ii)     The full name, address, telephone number, and email address of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

    (iii)    The Facebook account URL (if reasonably available) and the email address and telephone number associated with the objector's Facebook account;

    (iv)    A statement that the objector was a Facebook user during the Class Period and the dates of such use.

    (v)    A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

(vi)     A statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement, along with the caption of each case in which the objector has made such objection;

(vii)    A statement whether the objector has sold or otherwise transferred the right to their recovery in this Action to another person or entity, and, if so, the identity of that person or entity;

(viii)   A statement of the specific grounds for the objection, including any legal and factual support and any evidence in support of the objection;

(ix)     A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel; and

(x)      The objector's signature.

115.    If an objecting Settlement Class Member intends to speak at the Final Approval Hearing (whether *pro se* or through an attorney), these requirements may be excused by the Court upon a showing of good cause.

116.    Any Settlement Class Member who fails to substantially comply with the requirements in this Settlement Agreement governing objections shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Settlement Agreement by appeal or any other means.

## XII.    MODIFICATION OR TERMINATION OF SETTLEMENT AND RESERVATION OF RIGHTS

117.    This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest and approval of the Court; provided, however that, after entry of the Final Approval Order and Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including all Exhibits hereto) without further approval by the Court if such changes are consistent with the Court's Final Approval Order and Final Judgment and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Settlement Agreement.

118.    This Settlement Agreement and any Exhibits attached hereto constitute the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized in such documents.

119.    In the event the terms or conditions of this Settlement Agreement are modified by (or to comply with) any court order as described in this Paragraph, any Party in its sole discretion to be exercised within thirty (30) days after such modification may declare this Settlement Agreement null and void.  For purposes of this Paragraph, modifications include any material changes including but not limited to (a) the definition of the Settlement Class, Settlement Class Members, Released Parties, or Released Claims; and/or (b) the terms of the Settlement Consideration described in Section IV; and/or (c) the Notice Plan, including methods of distributing notice, to the Settlement Class.  In the event of qualifying modification by any court, and in the event the Parties do not exercise their unilateral option to withdraw from this Settlement Agreement pursuant to this Paragraph, the Parties shall meet and confer within seven (7) days of such ruling to attempt to reach an agreement as to how best to effectuate the court-ordered modification.

120.    In the event that a Party exercises his/her/its option to withdraw from and terminate this Settlement Agreement, then the Settlement proposed herein shall become null and void and shall have no force or effect, the Parties shall not be bound by this Settlement Agreement, and the Parties will be returned to their respective positions existing on August 26, 2022.

121.    If this Settlement Agreement is not approved by the Court or the Settlement Agreement is terminated or fails to become effective in accordance with the terms of this Settlement Agreement, the Parties will be restored to their respective positions in the Action on August 26, 2022.  In such event, the terms and provisions of this Settlement Agreement will have no further force and effect with respect to the Parties and will not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Settlement Agreement will be treated as vacated.

122.    The Parties agree that the effectiveness of this Settlement Agreement is not contingent upon the Court's approval of the payment of any Attorneys' Fees or Expenses or Service Awards.  If

the Court declines to approve, in whole or in part, a request for Attorneys' Fees or Expenses or Service Awards, all remaining provisions in this Settlement Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Attorneys' Fees or Expenses or Service Awards, or the amount thereof, shall be grounds for cancellation or termination of this Settlement Agreement.

123.    Defendant denies the material factual allegations and legal claims asserted in the Action, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Similarly, this Settlement Agreement provides for no admission of wrongdoing or liability by any of the Released Parties.  This Settlement is entered into solely to eliminate the uncertainties, burdens, and expenses of protracted litigation.  If this Settlement Agreement is terminated pursuant to its terms, or the Effective Date for any reason does not occur, the Settlement Class will cease to exist, and Defendant reserves the right to challenge the certifiability of any class claims in the Action.  Defendant's agreement to this Settlement does not constitute an admission that certification is appropriate outside of the context of this Settlement.  Class Counsel shall not refer to or invoke Defendant's decision to accept the Settlement Class for purposes of settlement if the Effective Date does not occur and the Action is later litigated and certification is contested by Defendant under Rule 23 of the Federal Rules of Civil Procedure.

**XIII.    CAFA NOTICE PURSUANT TO 28 U.S.C. § 1715**

124.    The Settlement Administrator shall serve notice of the Settlement Agreement that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than ten (10) days following the filing of this Settlement Agreement with the Court.

**XIV.    TAX MATTERS**

125.    The Released Parties and their counsel shall have no liability or responsibility for any Taxes, Tax Expenses, or tax-related reporting or compliance with respect to the Escrow Account, the Settlement Fund or any other matter contemplated by this Settlement Agreement.  Without limiting the generality of the preceding sentence, (i) all Taxes and Tax Expenses shall be paid solely out of the Settlement Fund and (ii) all Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent, as instructed

by the Settlement Administrator, out of the Settlement Fund without the need for any further authorization (including an order from the Court).

126.     The Settlement Administrator shall comply with all legal requirements regarding tax withholding, tax reporting, and tax compliance (including filing all Tax returns and other returns). Class Counsel shall provide such assistance as the Settlement Administrator reasonably requests to enable the Settlement Administrator to comply with the preceding sentence.  All returns filed by the Settlement Administrator shall be consistent with this Section XIV (including with respect to the election described in Paragraph 128).

127.     Notwithstanding anything in this Settlement Agreement or the Escrow Agreement to the contrary, the Settlement Administrator is hereby authorized and instructed to deduct and/or withhold from distribution to Authorized Claimants any (i) taxes required to be deducted or withheld by law (including under Treas. Reg. §1.468B-2(l)(2), if applicable) and (ii) any funds necessary to pay Taxes or Tax Expenses (including the establishment of adequate reserves for any Taxes and Tax Expenses).  Any amount deducted or withheld in accordance with this Paragraph shall be treated as having been paid to the person in respect of whom such deduction or withholding was made.

128.     The Parties agree to treat the Escrow Account at all times as a qualified settlement fund for U.S. federal income tax purposes within the meaning of Treas. Reg. §§ 1.468B-1 through 1.468B-5. The Parties, the Settlement Administrator, and the Escrow Agent shall, and shall cause their affiliates to, take any action reasonably necessary to ensure the Escrow Account satisfies the requirements of Treas. Reg. §§ 1.468B-1 through 1.468B-5 (including the requirement to ensure that economic performance occurs at the time of the transfer to the Escrow Account pursuant to Treas. Reg. § 1.468B-3(c)).  The Settlement Administrator shall be, and hereby is, appointed the "administrator" within the meaning of Treas. Reg. § 1.468B-2(k)(3).  If the Settlement Administrator cannot or will not serve as the administrator in accordance with the preceding sentence, the administrator shall be such other professional settlement administrator firm as the Parties shall reasonably select.

129.     The Parties agree to cooperate with the Settlement Administrator (and any person other than the Settlement Administrator that serves as the administrator of the qualified settlement fund as

described in Paragraph 128), the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Settlement Agreement.

## XV.    MISCELLANEOUS PROVISIONS

130.    The Parties intend the Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement Agreement compromises claims that are contested and will not be deemed an admission by Defendant or Settlement Class Representatives as to the merits of any claim or defense.

131.    Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

> To the Settlement Class Representatives and the Settlement Class:
> Lesley E. Weaver
> Anne Davis
> Bleichmar Fonti & Auld LLP
> 555 12th Street, Suite 1600
> Oakland, CA 94607
>
> Derek W. Loeser
> Cari Campen Laufenberg
> Keller Rohrback LLP
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101
>
> To Counsel for Meta:
> Rosemarie Ring
> Gibson, Dunn & Crutcher LLP
> 555 Mission Street, Suite 3000
> San Francisco, CA 94105-0921
>
> With a Copy to Meta:
> Scott Tucker
> Vice President & Deputy General Counsel, Global Litigation
> Meta Platforms, Inc.
> 1601 Willow Road
> Menlo Park, CA 94025

132.    All of the Exhibits to this Settlement Agreement are an integral part of the Settlement and are incorporated by reference as though fully set forth herein.

133.   The Parties agree that the Recitals are contractual in nature and form a material part of this Settlement Agreement.

134.   No extrinsic evidence or parol evidence shall be used to interpret, explain, construe, contradict, or clarify this Settlement Agreement, its terms, the intent of the Parties or their counsel, or the circumstances under which this Settlement Agreement was made or executed.  This Settlement Agreement supersedes all prior negotiations and agreements.  The Parties expressly agree that the terms and conditions of this Settlement Agreement will control over any other written or oral agreements.

135.   Unless otherwise noted, all references to "days" in this Settlement Agreement shall be to calendar days.  In the event any date or deadline set forth in this Settlement Agreement falls on a weekend or federal legal holiday, such date or deadline shall be on the first business day thereafter.

136.   The Settlement Agreement, the Settlement, all documents, orders, and other evidence relating to the Settlement, the fact of their existence, any of their terms, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement, the Settlement, their existence, or their terms, any negotiations, proceedings, acts performed, or documents drafted or executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall not be offered, received, deemed to be, used as, construed as, and do not constitute a presumption, concession, admission, or evidence of (i) the validity of any Released Claims or of any liability, culpability, negligence, or wrongdoing on the part of the Released Parties; (ii) any fact alleged, defense asserted, or any fault, misrepresentation, or omission by the Released Parties; (iii) the propriety of certifying a litigation class or any decision by any court regarding the certification of a class, and/or (iv) whether the consideration to be given in this Settlement Agreement represents the relief that could or would have been obtained through trial in the Action, in any trial, civil, criminal, administrative, or other proceeding of the Action or any other action or proceeding in any court, administrative agency, or other tribunal.

137.   The Parties to this Action and any other Released Parties shall have the right to file the Settlement Agreement and/or the Final Approval Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata,

collateral estoppel, release, good-faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

138.    The Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement Agreement were negotiated at arm's length, in good faith by the Parties, and reflect a settlement that was reached voluntarily, after consultation with competent legal counsel, and with the assistance of independent, neutral mediators.

139.    The Settlement Class Representatives and Class Counsel have concluded that the Settlement set forth herein constitutes a fair, reasonable, and adequate resolution of the claims that the Settlement Class Representatives asserted against Defendant, including the claims on behalf of the Settlement Class, and that it promotes the best interests of the Settlement Class.

140.    To the extent permitted by law, all agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Settlement Agreement.  Meta reserves the right to disclose the settlement in connection with its customary engagement with regulators and financial reporting practices.

141.    The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement.

142.    This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument. Signatures submitted by email or facsimile shall also be considered originals.  The date of execution shall be the latest date on which any Party signs this Settlement Agreement.

143.    The Parties hereto and their respective counsel agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Settlement Agreement, including to obtain a Final Approval Order and Final Judgment approving the Settlement.

144.    This Settlement Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the Parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize, each of which is entitled to enforce this Settlement Agreement.

145.     This Settlement Agreement was jointly drafted by the Parties.   Settlement Class Representatives, Settlement Class Members, and Defendant shall not be deemed to be the drafters of this Settlement Agreement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter or otherwise resort to the *contra proferentem* canon of construction.  Accordingly, this Settlement Agreement should not be construed in favor of or against one Party as the drafter, and the Parties agree that the provisions of California Civil Code § 1654 and common law principles of construing ambiguities against the drafter shall have no application.

146.     This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to any conflict of laws principles that would result in applying the substantive law of a jurisdiction other than the State of California.

147.     The headings used in this Settlement Agreement are inserted merely for the convenience of the reader, and shall not affect the meaning or interpretation of this Settlement Agreement.

148.     In construing this Settlement Agreement, the use of the singular includes the plural (and vice-versa) and the use of the masculine includes the feminine (and vice-versa).

149.     The provision of the confidentiality agreement entered into with respect to the mediation process concerning this Action is waived for the limited purpose of permitting the Parties to confirm that they participated in the mediation and that the mediation process was successful.

150.     The Settlement Class Representatives further acknowledge, agree, and understand that: (i) each has read and understands the terms of this Settlement Agreement; (ii) each has been advised in writing to consult with an attorney before executing this Settlement Agreement; and (iii) each has obtained and considered such legal counsel as he deems necessary.

151.     All of the Parties warrant and represent that they are agreeing to the terms of this Settlement Agreement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Settlement Agreement with their attorneys, and that the terms and conditions of this document are fully understood and voluntarily accepted.

152.     Each Party to this Settlement Agreement warrants that he/she/it is acting upon his/her/its independent judgment and upon the advice of his/her/its counsel, and not in reliance upon any warranty

or representation, express or implied, of any nature or any kind by any other Party, other than the warranties and representations expressly made in this Settlement Agreement.

153.    Each counsel or other person executing this Settlement Agreement or any of its Exhibits on behalf of any Party hereby warrants that such person has the full authority to do so.  Class Counsel, on behalf of the Settlement Class, is expressly authorized by the Settlement Class Representatives to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Settlement Agreement to effectuate its terms, and is expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Settlement Class that Class Counsel and the Settlement Class Representatives deem appropriate.

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound hereby, have duly executed this Settlement Agreement as of the date set forth below.

1

DATED: __December 22___, 2022

**META PLATFORMS, INC.**

2

3

_____

4

Scott Tucker

Vice President & Deputy General Counsel

5

**PLAINTIFFS' COUNSEL on behalf of the Settlement Class Representatives (who have specifically assented to the terms of this Settlement Agreement) and the Settlement Classes:**

6

7

DATED: _____, 2022

8

9

_____

10

Lesley E. Weaver

Bleichmar Fonti & Auld LLP

Attorneys for Plaintiffs

11

12

Lesley E. Weaver (SBN 191305)

13

Anne K. Davis (SBN 267909)

Matthew S. Melamed (SBN 260272)

14

Angelica M. Ornelas (SBN 285929)

Joshua D. Samra (SBN 313050)

15

555 12th Street, Suite 1600

Oakland, CA 94607

16

Tel.: (415) 445-4003

Fax: (415) 445-4020

17

lweaver@bfalaw.com

18

adavis@bfalaw.com

mmelamed@bfalaw.com

19

aornelas@bfalaw.com

jsamra@bfalaw.com

20

21

22

DATED: _____, 2022

23

_____

24

Derek W. Loeser

Keller Rohrback L.L.P.

Attorneys for Plaintiffs

25

26

Derek W. Loeser (admitted _pro hac vice_)

Cari Campen Laufenberg (admitted _pro hac vice_)

27

David Ko (admitted _pro hac vice_)

Adele A. Daniel (admitted _pro hac vice_)

28

Benjamin Gould (SBN 250630)

1201 Third Avenue, Suite 3200

34

1

DATED: _____, 2022

2

3

4

5

6

7

DATED: _____, 2022

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DATED: ___12/22___, 2022

24

25

26

27

28

**META PLATFORMS, INC.**

_____
Scott Tucker
Vice President & Deputy General Counsel

**PLAINTIFFS' COUNSEL on behalf of the
Settlement Class Representatives (who have
specifically assented to the terms of this
Settlement Agreement) and the Settlement
Classes:**

_____
Lesley E. Weaver
Bleichmar Fonti & Auld LLP
Attorneys for Plaintiffs

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Matthew S. Melamed (SBN 260272)
Angelica M. Ornelas (SBN 285929)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
mmelamed@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

_____
Derek W. Loeser
Keller Rohrback L.L.P.
Attorneys for Plaintiffs

Derek W. Loeser (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
David Ko (admitted *pro hac vice*)
Adele A. Daniel (admitted *pro hac vice*)
Benjamin Gould (SBN 250630)
1201 Third Avenue, Suite 3200

34

Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com
dko@kellerrohrback.com
adaniel@kellerrohrback.com
bgould@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Eric Fierro (admitted *pro hac vice*)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822
efierro@kellerrohrback.com

# EXHIBIT 1-A

# [PROPOSED] PRELIMINARY APPROVAL ORDER

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11   IN RE: FACEBOOK, INC. CONSUMER              CASE NO. 3:18-MD-02843-VC
     PRIVACY USER PROFILE LITIGATION,
12                                               **[PROPOSED] ORDER CERTIFYING
                                                 SETTLEMENT CLASS; GRANTING
13   This document relates to:                   PRELIMINARY APPROVAL OF CLASS
                                                 ACTION SETTLEMENT PURSUANT TO
14   ALL ACTIONS                                 FEDERAL RULE OF CIVIL PROCEDURE
                                                 23(e)(1); AND APPROVING FORM AND
15                                               CONTENT OF CLASS NOTICE**

16
17
18
19
20
21
22
23
24
25
26
27
28

WHEREAS, plaintiffs Steven Akins, Jason Ariciu, Anthony Bell, Bridgett Burk, Terry Fischer, Tyler King, Jordan O'Hara, and Cheryl Senko (together, "Settlement Class Representatives"), and Defendant Meta Platforms, Inc. ("Meta") (collectively "Parties"), entered into a Settlement Agreement on December 22, 2022 (ECF No. ___), which, together with the exhibits and appendices thereto, sets forth the terms and conditions for a proposed resolution of this Action and for its dismissal with prejudice;

WHEREAS, this Court has reviewed the Settlement entered into by the Parties, all exhibits thereto, the record in this case, and the Parties' arguments;

WHEREAS, this Court preliminarily finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23(a) for class certification—numerosity, commonality, typicality, and adequacy—and meets the requirements of Federal Rule of Civil Procedure 23(b)(3)— predominance of common issues, and superiority;

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:[1]

## Preliminary Certification of Settlement Class for Purpose of Settlement Only and Appointment of Class Counsel and Settlement Class Representatives

1.      The Settlement is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Class.  Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as set forth in paragraph 46 of the Settlement Agreement and defined as follows, is preliminarily certified for the purpose of settlement only:

> All Facebook users in the United States between May 24, 2007, and December 22, 2022, inclusive.

Excluded from the Settlement Class are (i) Meta and its employees, alleged co-conspirators, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies; (ii) counsel for any plaintiff whose case was consolidated into this MDL and their employees, including but not limited to the undersigned counsel for Plaintiffs and the undersigned

---

[1] All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS; GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(E)(1); AND APPROVING FORM AND CONTENT OF CLASS NOTICE - CASE NO. 3:18-CV-06793-JD

counsel's employees; (iii) the Discovery Mediators, Special Master, Settlement Mediator who assisted in this action and their staff; and (iv) the Judges and Court staff to whom this Action is or was assigned.

2.     The Court preliminarily finds, for purposes of settlement only, that the proposed Settlement Class as defined above meets the numerosity requirement of Rule 23(a)(1) such that joinder would be impractical; that there are questions of law and fact common to the Settlement Class as required by Rule 23(a)(2); that these common questions predominate over individual questions as required by Rule 23(b)(3); and that the claims of the proposed Settlement Class Representatives are typical of the claims of the Settlement Class under Rule 23(a)(3).

3.     In addition, the Court preliminarily finds that the Class Counsel and Settlement Class Representatives will fairly and adequately represent the interests of the Class under Rule 23(a)(4), have done so, and meet the requirements of Rule 23(g) and, therefore, appoints them as Class Counsel and Settlement Class Representatives under Rules 23(c)(1)(B) and 23(g).

4.     If the Settlement Agreement is not finally approved by this Court, or if such final approval is reversed or materially modified on appeal by any court, this Order (including but not limited to the certification of the class) shall be vacated, null and void, and of no force or effect, and Meta and Settlement Class Representatives shall be entitled to make any arguments for or against certification for litigation purposes.

5.     Class Counsel and the Settlement Class Representatives are appointed as adequate representatives of the Settlement Class.

**Notice to the Settlement Class**

6.     The Court approves the Settlement Administration Protocol & Notice Plan, Summary Notice, Class Notice, In-App Notice, and Claim Form, which are attached to the Settlement Agreement as Exhibits B-F and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), the anticipated motion for

Attorneys' Fees and Expenses Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

7.      By _____ __, **2023** [fourteen (14) calendar days after the issuance of this Order], Meta shall pay or cause to be paid a portion of the Settlement Fund in an amount sufficient to effectuate the Notice Plan to the Settlement Administrator (the "Initial Deposit").

8.      Following issuance of this Order, and after payment of the Initial Deposit, Meta shall pay or cause to be paid all subsequent amounts for Notice and Administration Costs (as invoiced by the Settlement Administrator or Escrow Agent and approved by Class Counsel) (the "Periodic Payments") within thirty (30) calendar days after the submission of an invoice by the Settlement Administrator or Escrow Agent. The deadline may be extended by mutual consent of the Parties.

9.      By _____ __, **2023** [thirty (30) calendar days after the issuance of this Order], Meta shall, for the purpose of facilitating Notice, provide or cause to be provided to the Settlement Administrator information about the Settlement Class Members required by the Settlement Administrator to effectuate the Notice Plan.

10.     The Settlement Administrator and Meta shall provide Notice consistent with the Notice Plan outlined in Exhibit B, and Notice shall be disseminated to Settlement Class Members beginning on the Notice Date on _____, ___ **2023** [fourteen (14) calendar days after the issuance of this Order].

### Settlement Administration

11.     The Court appoints Angeion Group to serve as the Settlement Administrator. Angeion shall establish the Escrow Account as a qualified settlement fund for U.S. federal income tax purposes within the meaning of Treas. Reg. §§ 1.468B-1 through 1.468B-5 as set forth in the Settlement Agreement, supervise and administer the notice procedures, establish and operate the Settlement Website, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement.

12.     The Settlement Administrator shall act in compliance with Pretrial Order No. 10 (Protective Order, ECF No. 122), including but not limited to making all necessary efforts and precautions to ensure the security and privacy of Settlement Class Member information and protect it

3

from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated threats or hazards to the security of Settlement Class Member information; not using the information provided by Meta or Class Counsel in connection with the Settlement or this notice plan for any purposes other than providing notice or conducting claims administration; and not sharing Settlement Class Member information with any third parties without advance consent from the Parties.

13.     Settlement Class Members who wish to make a claim must do so by submitting a Claim Form by _____, \_\_ **2023** [one hundred forty-nine (149) days after the issuance of this Order], in accordance with the instructions contained therein.  The Settlement Administrator shall determine the eligibility of claims submitted and allocate the Settlement Fund in accordance with the Settlement Agreement.

14.     Settlement Class Members who wish to object to the Settlement must object in writing and: (i) clearly identify the case name and number; (ii) include the objector's full name, address, telephone number, email address; Facebook account URL (if reasonably available); the email address and telephone number associated with the Settlement Class Member's Facebook account; (iii) state that the objector was a Facebook user during the Class Period and the dates of such use; (iv) state whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire class; (v) state the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement, along with the caption of each case in which the objector has made such objection; (vi) state whether the objector has sold or otherwise transferred the right to their recovery in this Action to another person or entity, and, if so, the identity of that person or entity; (vii) state with specificity the grounds for the objection, including any legal and factual support and any evidence in support of the objection; (viii) state whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel; and (ix) include the objector's signature.  Objections must be filed with the Court or post-marked by _____, \_\_ **2023** [no later than one hundred nineteen (119) days from the issuance of this Order], to the Court at the following address: Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102.

15.     Any Settlement Class Member who seeks to be excluded from the Settlement Class must submit a written request for exclusion that shall be postmarked and mailed to the Settlement Administrator or submitted online through the claims portal no later than the Opt-Out Deadline, _____, __ 2023 [no later than one hundred nineteen (119) days from issuance of this Order].  To be an effective and valid written request for exclusion, the request must include the following information: (i) identify the case name of the Action; (ii) identify the name and address of the individual seeking exclusion from the Settlement; (iii) be personally signed by the individual seeking exclusion; (iv) include a statement clearly indicating the individual's intent to be excluded from the Settlement; (v) request exclusion only for that one individual whose personal signature appears on the request; (vi) include the Facebook account URL (if reasonably available) and the email address and telephone number associated with the Facebook account of the individual seeking exclusion; and (vii) state that the individual seeking exclusion was a Facebook user during the Class Period.  Any member of the Settlement Class who does not file a valid and timely request for exclusion shall be bound by the final judgment dismissing the Action on the merits with prejudice.

### **Final Approval Hearing**

16.     The Final Approval Hearing shall be held by the Court on _____, __ **2023, beginning at** _____ **.m.**, to determine whether the requirements for certification of the Settlement Class have been met; whether the proposed settlement of the Action on the terms set forth in the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether Class Counsel's motion or application for an Attorneys' Fees and Expenses Award and application for the Service Awards should be approved; and whether final judgment approving the Settlement and dismissing the Action on the merits with prejudice against the Settlement Class Representatives and all other Settlement Class Members should be entered.  The Final Approval Hearing may, without further notice to the Settlement Class Members (except to those who have filed timely and valid objections and requested to speak at the Final Approval Hearing), be continued or adjourned by order of the Court.

17.     Any objector who timely submits an objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objector's counsel.  Any objector

wishing to appear and be heard at the Final Approval Hearing must include a notice of intention to appear in the body of the objector's objection. Objectors who fail to submit or include such timely notice of intention to appear may not speak at the Final Approval Hearing without permission of the Court.

18.     By _____, __ **2023** [not later than eighty-four (84) days after the issuance of this Order], Class Counsel shall file all papers in support of the application for Attorneys' Fees and an Expenses Award and/or for Service Awards.  All opposition papers shall be filed by _____, __ 2023 [one hundred fourteen (114) days after the issuance of this Order], and any reply papers shall be filed by _____, __ 2023 [one hundred twenty-eight (128) days after the issuance of this Order].

19.     By _____, __ **2023** [one hundred four (104) days after issuance of this Order], Class Counsel shall file all papers in support of the application for the Final Approval Order and Final Judgment.  Any reply papers regarding objections to the settlement and to update the Court regarding notice and administration shall be filed by _____, __ 2023 [one hundred twenty-eight (128) days after the issuance of this Order].

20.     Class Counsel's motion or application for Attorneys' Fees and an Expenses Award and for Service Awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any appeal from any order relating solely to Class Counsel's motion for Attorneys' Fees and an Expenses Award, and/or for Service Awards, or any reversal or modification of any such order, shall not operate to terminate, vacate, or cancel the Settlement.

21.     Defense Counsel and Class Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the Settlement Agreement.


IT IS SO ORDERED.


DATED: _____ , 202_          _____

Hon. Vince Chhabria
United States District Judge

# EXHIBIT 1-B

## SETTLEMENT ADMINISTRATION PROTOCOL & NOTICE PLAN (DECLARATION OF STEVEN WEISBROT OF ANGEION GROUP, LLC)

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

IN RE: FACEBOOK, INC. CONSUMER
PRIVACY USER PROFILE LITIGATION,

This document relates to:

ALL ACTIONS

Case No. 3:18-MD-02843-VC

**DECLARATION OF STEVEN**
**WEISBROT OF ANGEION GROUP, LLC**
**RE: SETTLEMENT ADMINISTRATION**
**PROTOCOL & NOTICE PLAN**

DECLARATION OF STEVEN WEISBROT

I, Steven Weisbrot, Esq., declare under penalty of perjury as follows:

1. I am the President and Chief Executive Officer at the class action notice and claims administration firm Angeion Group, LLC ("Angeion"). Angeion specializes in designing, developing, analyzing, and implementing large-scale, unbiased, legal notification plans.

2. I have personal knowledge of the matters stated herein. In forming my opinions regarding notice in this action, I have drawn from my extensive class action experience as well as that of my team, as described below.

3. I have been responsible in whole or in part for the design and implementation of thousands of court-approved notice and administration programs, including some of the largest and most complex notice plans in recent history. I have taught numerous accredited Continuing Legal Education courses on the Ethics of Legal Notification in Class Action Settlements, using Digital Media in Due Process Notice Programs, as well as Claims Administration, generally. I am the author of multiple articles on Class Action Notice, Claims Administration, and Notice Design in publications such as Bloomberg, BNA Class Action Litigation Report, Law360, the ABA Class Action and Derivative Section Newsletter, and I am a frequent speaker on notice issues at conferences throughout the United States and internationally.

4. I was certified as a professional in digital media sales by the Interactive Advertising Bureau ("IAB") and I am co-author of the Digital Media section of Duke Law's *Guidelines and Best Practices—Implementing 2018 Amendments to Rule 23* and the soon to be published George Washington Law School *Best Practices Guide to Class Action Litigation*.

5. I have given public comment and written guidance to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, broadcast media, digital media, and print publication, in effecting Due Process notice, and I have met with representatives of the Federal Judicial Center to discuss the 2018 amendments to Rule 23 and offered an educational curriculum for the judiciary concerning notice procedures.

6. Prior to joining Angeion's executive team, I was employed as Director of Class Action services at Kurtzman Carson Consultants, an experienced notice and settlement administrator. Prior to my notice and claims administration experience, I was employed in private law practice.

DECLARATION OF STEVEN WEISBROT

7.      My notice work comprises a wide range of class actions that include data breach, privacy, mass disasters, product defect, false advertising, employment discrimination, antitrust, tobacco, banking, firearm, insurance, and bankruptcy cases.

8.      I have been at the forefront of infusing digital media, as well as big data and advanced targeting, into class action notice programs. Courts have repeatedly recognized my work in the design of class action notice programs. A comprehensive summary of judicial recognition Angeion has received is attached hereto as **Exhibit A**.

9.      By way of background, Angeion is an experienced class action notice and claims administration company formed by a team of executives that have had extensive tenures at five other nationally recognized claims administration companies. Collectively, the management team at Angeion has overseen more than 2,000 class action settlements and distributed over $15 billion to class members. The executive profiles as well as the company overview are available at https://www.angeiongroup.com/our_team.php.

10.     As a class action administrator, Angeion has regularly been approved by both federal and state courts throughout the United States and abroad to provide notice of class actions and claims processing services.

11.     This declaration will describe the notice plan that, if approved by the Court, we will implement in this matter, including the considerations that informed the development of the plan and why it will provide due process to the Settlement Class.[1] In my professional opinion, the Notice Plan described herein is the best practicable notice under the circumstances and fully comports with due process, Fed. R. Civ. P. 23, and the Northern District's Procedural Guidance for Class Action Settlements.

## SUMMARY OF THE NOTICE PLAN

12.     The proposed Notice Plan provides for direct individual notice combined with a robust media campaign consisting of programmatic display advertising, social media notice, search engine marketing, print publication, and a claim stimulation package consisting of sponsored listings on prominent class action websites, active listening on leading social media platforms, posting by a legal

---

[1] All capitalized terms not defined in this document have the same meaning as in the Settlement Agreement.

social media influencer, and media monitoring across multiple platforms. The Notice Plan also provides for the implementation of a dedicated Settlement Website and a toll-free telephone line where Class Members can learn more about their rights and options pursuant to the terms of the Settlement.

13.     As discussed in greater detail below, the media campaign component of the Notice Plan is designed to deliver an approximate 92.44% reach with an average frequency of 3.00 times. This number is calculated using objective syndicated advertising data relied upon by most advertising agencies and brand advertisers. It is further verified by sophisticated media software and calculation engines that cross reference which media is being purchased with the media consumption habits of our specific Target Audience. What this means in practice is that 92.44% of our Target Audience will see an advertisement concerning the Settlement an average of 3.00 times each. The 92.44% reach does not include the direct notice efforts, dedicated Settlement Website, toll-free telephone line, or claim stimulation efforts, all of which are difficult to measure in terms of reach percentage but will nonetheless provide awareness and further diffuse news of the Settlement to Settlement Class Members.

14.     The Federal Judicial Center states that a publication notice plan that reaches 70% of class members is one that reaches a "high percentage" and is within the "norm." Barbara J. Rothstein & Thomas E. Willging, Federal Judicial Center, "Managing Class Action Litigation: A Pocket Guide for Judges," at 27 (3d ed. 2010).

### DIRECT NOTICE

**Platform / In-App Notification**

15.     The primary and appropriate direct notice methodology for this settlement will be in-app notification. Specifically, Angeion will work with Meta to effectuate notice by jewel notification via the Facebook platform, such that each current account will receive in-app notice on Facebook. The committee notes to the 2018 amendment to Rule 23 emphasize that courts should consider which method or methods of giving notice will be most effective.[2] Here, Facebook users are accustomed to receiving in-app notifications from Meta as opposed to emails or direct mail. The committee notes further emphasize that "Because there is no reason to expect that technological change will cease,

---

[2] *See* Fed. R. Civ. P. 23(c)(2) Advisory Committee Notes to the 2018 Amendment.

when selecting a method or methods of giving notice courts should consider the capacity and limits of current technology, including class members' likely access to such technology." They further note "Counsel should consider which method or methods of giving notice will be most effective; simply assuming that the 'traditional' methods are best may disregard contemporary communication realities." Here, contemporary communication realities dictate that class members be provided with the most current technology which they have access to—the in-app notice with which Facebook users are familiar.

16.     Angeion will draw on its experience from successfully administering in-app notice in *Boone, et. al. v. Snap, Inc.*, Case No. 2022LA000708 (Ill. Cir. Ct.) and *In re: TikTok Inc., Consumer Privacy Litigation*, Case No. 1:20-cv-04699 (N.D. Ill.) to assist the Defendant with the design, implementation and timing of the in-app notification, including a strategically staggered delivery schedule and reporting of results to Angeion.

17.     I have also been advised that the parties will consider supplemental notice methods in order to stimulate claims filing activity, in the event it is deemed necessary based on existing claims filing activity.

**MEDIA NOTICE**

**Programmatic Display Advertising**

18.     Angeion will utilize a form of internet advertising known as Programmatic Display Advertising, which is the leading method of buying digital advertisements in the United States,[3] to provide media notice of the Settlement to Settlement Class Members. The media notice outlined below is strategically designed to provide notice of the Settlement by driving Settlement Class Members to the dedicated Settlement Website where they can learn more about the Settlement, including their

---

[3] Programmatic Display Advertising is a trusted method specifically utilized to reach defined target audiences. It has been reported that U.S. advertisers spent nearly $105.99 billion on programmatic display advertising in 2021, and it is estimated that approximately $123.22 billion will be spent on programmatic display advertising in 2022. *See* Insider Intelligence, *US Programmatic Digital Display Ad Spending 2022*, https://www.emarketer.com/content/us-programmatic-digital-display-ad-spending-2022 (last visited Dec. 15, 2022). In layperson's terms, programmatic display advertising is a method of advertising where an algorithm identifies and examines demographic profiles and uses advanced technology to place advertisements on the websites where members of the audience are most likely to visit (these websites are accessible on computers, mobile phones and tablets).

rights and options.

19.     To develop the media notice campaign and to verify its effectiveness, our media team analyzed data from 2022 comScore Multi-Platform/MRI Simmons USA Fusion[4] to develop a profile of the Settlement Class and arrive at an appropriate Target Audience based on criteria pertinent to this Settlement. Specifically, the following syndicated research definition was used to profile potential Settlement Class Members: "Adults 18+". It should be noted that the reach percentage figures are based on this target audience, and the Notice Plan will include messaging targeted to the parents/guardians of class members between 13-18.

20.     Based on the Target Audience definition used, the size of the Target Audience is approximately 253,524,000 individuals in the United States. In 2022, Facebook's user base in the United States is estimated to be approximately 239,150,000 users[5]. It is important to note that the Target Audience is distinct from the class definition, as is commonplace in class action notice plans. Utilizing an overinclusive proxy audience maximizes the efficacy of the Notice Plan and is considered a best practice among media planners and class action notice experts alike. Using proxy audiences is also commonplace in both class action litigation and advertising generally.[6]

21.     Using an overinclusive audience definition allows us to target both current and former Facebook users.

---

[4] GfK MediaMark Research and Intelligence LLC ("GfK MRI") provides demographic, brand preference and media-use habits, and captures in-depth information on consumer media choices, attitudes, and consumption of products and services in nearly 600 categories. comSCORE, Inc. ("comSCORE") is a leading cross-platform measurement and analytics company that precisely measures audiences, brands, and consumer behavior, capturing 1.9 trillion global interactions monthly. comSCORE's proprietary digital audience measurement methodology allows marketers to calculate audience reach in a manner not affected by variables such as cookie deletion and cookie blocking/rejection, allowing these audiences to be reach more effectively. comSCORE operates in more than 75 countries, including the United States, serving over 3,200 clients worldwide.

[5] Statista, *Number of Facebook Users in the United States from 2018 to 2027*, https://www.statista.com/statistics/408971/number-of-us-facebook-users/ (last visited Dec. 15, 2022).

[6] If the total population base (or number of class members) is unknown, it is accepted advertising and communication practice to use a proxy-media definition, which is based on accepted media research tools and methods that will allow the notice expert to establish that number. The percentage of the population reached by supporting media can then be established. Bolch Judicial Institute & Duke Law School, *Guidelines and Best Practices for Implementing 2018 Amendments to Rule 23 Class Action Settlement Provisions*, 56 (2018).

---

22.     Additionally, the Target Audience is based on objective syndicated data, which is routinely used by advertising agencies and experts to understand the demographics, shopping habits and attitudes of the consumers that they are seeking to reach.[7] Using this form of objective data will allow the parties to report the reach and frequency to the Court with confidence that the reach percentage and the number of exposure opportunities comply with due process and exceed the Federal Judicial Center's threshold as to reasonableness in notification programs. Virtually all professional advertising agencies and commercial media departments use objective syndicated data tools, like the ones described above, to quantify net reach. Sources like these guarantee that advertising placements can be measured against an objective basis and confirm that the reporting statistics are not overstated. Objective syndicated data tools are ubiquitous tools in a media planner's arsenal and are regularly accepted by courts in evaluating the efficacy of a media plan or its component parts. Understanding the socioeconomic characteristics, interests and practices of a target group aids in the proper selection of media to reach that target. Here, the Target Audience has been reported to have the following characteristics:

- 50.23% are ages 25-54, with a median age of 47.6 years old
- 51.68% are female
- 52.86% are now married
- 35.39% have children
- 34.43% have received a bachelor's or post-graduate degree
- 46.11% are currently employed full time
- The average household income is $81,760
- 84.54% have used social media in the last 30 days

23.     To identify the best vehicles to deliver messaging to the Target Audience, the media quintiles, which measure the degree to which an audience uses media relative to the general population, were reviewed. Here, the objective syndicated data shows that members of the Target Audience spend an

---

[7] The notice plan should include an analysis of the makeup of the class. The target audience should be defined and quantified. This can be established through using a known group of customers, or it can be based on a proxy-media definition. Both methods have been accepted by the courts and, more generally, by the advertising industry, to determine a population base. *See infra* note 6.

average of approximately 29.1 hours per month on the internet.

24.     Given the strength of digital advertising, as well as our Target Audience's consistent internet use, we recommend utilizing a robust internet advertising campaign to reach Settlement Class Members along with a print schedule identified below. This media schedule will allow us to deliver an effective reach level and frequency, which will provide due and proper notice to the Settlement Class.

25.     To combat the possibility of non-human viewership of the digital advertisements and to verify effective unique placements, Angeion employs Oracle's BlueKai, Adobe's Audience Manger and/or Lotame, which are demand management platforms ("DMP"). DMPs allow Angeion to learn more about the online audiences that are being reached. Further, online ad verification and security providers such as Comscore Content Activation, DoubleVerify, Grapeshot, Peer39 and Moat will be deployed to provide a higher quality of service to ad performance.

**Social Media**

26.     The Notice Plan also includes a social media campaign utilizing several of the leading social media platforms in the United States such as Twitter, TikTok and Reddit. The social media campaign uses an interest-based approach which focuses on the interests that users exhibit while on these social media platforms.

27.     The social media campaign will engage with the Target Audience desktop sites, mobile sites and mobile apps. Additionally, specific tactics will be implemented to further qualify and deliver impressions to the Target Audience.

28.     The social media campaign will coincide with the programmatic display advertising portion of the Notice Plan. Combined, those media notice efforts are designed to deliver approximately 577 million impressions.

**Paid Search Campaign**

29.     The Notice Plan also includes a paid search campaign on Google to help drive Settlement Class Members who are actively searching for information about the Settlement to the dedicated Settlement Website. Paid search ads will complement the programmatic and social media campaigns, as search engines are frequently used to locate a specific website, rather than a person typing in the URL. Search

---

DECLARATION OF STEVEN WEISBROT

terms would relate to not only the Settlement itself but also the subject matter of the litigation. In other words, the paid search ads are driven by the individual user's search activity, such that if that individual searches for (or has recently searched for) the Settlement, litigation or other terms related to the Settlement, that individual could be served with an advertisement directing them to the Settlement Website.

## PUBLICATION NOTICE

30.     The Notice Plan also includes a nationwide publication schedule for members of the Target Audience who ingest news and current events via print. The chart below illustrates the circulation and total audience size for *People* and *USA Today*.

| Publication | Circulation | Total Audience | Ad Size |
|---|---|---|---|
| *People* | 2.5 million | 24.6 million | ½-page |
| *USA Today* | 674,000 | 11.8 million | ¼-page |

## CLAIMS STIMULATION PROGRAM

31.     In addition to the above-described notice efforts, Angeion will implement a customized and strategic Claims Stimulation package consisting of sponsored listings on two leading class action settlement websites, active listening on Facebook, Instagram, Twitter, TikTok and Reddit, a posting by a legal influencer, and media monitoring. The Claims Stimulation noticing will use simplified messaging specifically designed to drive Settlement Class Members to the Settlement Website and ultimately submit a claim. The timing of the additional noticing is intended to capitalize on the earned media (*i.e.*, mainstream and social media attention) this Settlement is likely to receive given the popularity of Facebook.

**Sponsored Class Action Website Listings**

32.     Angeion will cause the Settlement to be listed and promoted through two leading class action settlement websites: www.topclassactions.com and www.classaction.org. These sites are known to create awareness of pending settlements among consumers and, while not measured in terms of the reported reach percentage, will be instrumental in seeding and disbursing news of the underlying Settlement. Top Class Actions averages 3 million monthly visitors, has approximately 900,000

newsletter subscribers and 145,000 Facebook followers. ClassAction.org averages 100,000 page-views per month and has approximately 130,000 newsletter subscribers. Representative samples of listings on Top Class Actions and ClassAction.org can be viewed on their respective websites.

33.     The promotion on these websites is not capable of precise reach calculations and are thus not included in the reach and frequency figures presented to the Court. Nonetheless, this mechanism will serve an important function in that it will help stimulate interest in the Settlement and drive Settlement Class Members to the dedicated Settlement Website to read and understand their rights and options under the Settlement.

**Active Listening**

34.     Angeion will also monitor conversations about the Settlement taking place on Facebook, Instagram, Twitter, TikTok and Reddit. Our methodology includes an "active listening" component wherein we monitor traffic on these social media platforms for discussion of the Settlement, and actively provide notice and/or answers to frequently asked questions as appropriate.

**Legal Influencer**

35.     The claims stimulation package will further utilize the popularity and following of a legal influencer to further diffuse awareness of the Settlement.

**Media Monitoring**

36.     Angeion will also aggregate data across multiple platforms and systems to quantify the output of print, online, and broadcast coverage of this settlement. At the conclusion of the notice and claims period, Angeion will provide reporting that quantifies and assigns a value to garnered press coverage.

## SETTLEMENT WEBSITE & TOLL-FREE TELEPHONE SUPPORT

37.     The Notice Plan will also implement the creation of a case-specific Settlement Website, where Settlement Class Members can easily view general information about this Settlement in English and Spanish, review relevant Court documents, and view important dates and deadlines pertinent to the Settlement. The Settlement Website will be designed to be user-friendly and make it easy for Class Members to find information about this case. The Settlement Website will also have a "Contact Us" page whereby Settlement Class Members can send an email with any additional questions to a dedicated email address and a chatbot option to streamline responses to questions. Likewise,

---

Settlement Class Members will also be able to submit a claim form online via the Settlement Website.

38.     The Settlement Website will be designed to meet Level AA conformance in the Web Content Accessibility Guidelines ("WCAG").

39.     A toll-free hotline devoted to this case will be implemented to further apprise Settlement Class Members of their rights and options pursuant to the terms of the Settlement. The toll-free hotline will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Settlement. This hotline will be accessible 24 hours a day, 7 days a week, and will be supported in English and Spanish. Additionally, Settlement Class Members will be able to request a copy of the Long-Form Notice or Claim Form via the toll-free hotline.

**REACH AND FREQUENCY**

40.     This declaration describes the reach and frequency evidence which courts systemically rely upon in reviewing class action publication notice programs for adequacy. The reach percentage exceeds the guidelines as set forth in the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide to effectuate a notice program which reaches a high degree of class members.

41.     Specifically, the comprehensive media campaign is designed to deliver an approximate 92.44% reach with an average frequency of 3.00 times each. It should be noted that the 92.44% reach approximation does not include the direct notice efforts, the claim stimulation efforts, press coverage, the dedicated Settlement Website, or the toll-free hotline, which are difficult to measure in terms of reach percentage but will nonetheless provide awareness and further diffuse news of the Settlement to Settlement Class Members.

**NOTICE PURSUANT TO THE CLASS ACTION FAIRNESS ACT OF 2005**

42.     Within ten days of the filing of the Settlement Agreement with this Court, notice will be disseminated to the appropriate state and federal officials pursuant to the requirements of the Class Action Fairness Act, 28 U.S.C. §1715.

**PLAIN LANGUAGE NOTICE DESIGN**

43.     The proposed Notice forms used in this matter are designed to be "noticed," reviewed, and by

---

presenting the information in plain language, understood by members of the Settlement Class. The design of the notices follows the principles embodied in the Federal Judicial Center's illustrative "model" notices posted at www.fjc.gov. The notice forms contain plain-language summaries of key information about the rights and options of members of the Settlement Class pursuant to the Settlement. Consistent with normal practice, prior to being delivered and published, all notice documents will undergo a final edit for accuracy.

44.     Rule 23(c)(2) of the Federal Rules of Civil Procedure requires class action notices to be written in "plain, easily understood language." Angeion maintains a strong commitment to adhering to this requirement, drawing on its experience and expertise to craft notices that effectively convey the necessary information to Settlement Class Members in plain language.

## CLAIMS ADMINISTRATION

### Claim Form Submissions

45.     Pursuant to the terms of the Settlement, Angeion will receive, and process claim form submissions. Specifically, Angeion will evaluate Claim Form submissions for completeness and determine whether submitted Claim Forms meet the requirements set forth in the Settlement Agreement. Claim Forms that do not meet the requirements set forth in the Settlement Agreement shall be rejected.[8]

46.     Angeion will notify Settlement Class Members whose Claim Form is rejected, either in whole or in part, and inform Settlement Class Members of their option to contest their rejection and instructions on how to do so. Angeion will review any contested rejections with Class Counsel and Defense Counsel. If Class Counsel and Defense Counsel cannot agree on a resolution of the claimant's notice contesting the rejection, the Settlement Administrator shall have the discretion that it will exercise in good faith to assess the validity of the disputed claim.

### Duplicative Submissions and Fraud Review

---

[8] A claim form may be rejected for, among other reasons, the following: (a) the Claim Form is not fully complete and/or signed; (b) the Claim Form is illegible; (c) the Claim Form is fraudulent; (d) the Claim Form is duplicative of another Claim Form; (e) the person submitting the Claim Form is not a Settlement Class Member; (f) the person submitting the Claim Form requests that payment be made to a person or entity other than the Settlement Class Member for whom the Claim Form is submitted; (g) the Claim Form is not timely submitted; or (h) the Claim Form otherwise does not meet the requirements of the Settlement Agreement.

---

47.    Angeion maintains a robust, multi-tiered fraud detection system to identify and prevent fraudulent claims submissions. By way of example, we employ an elaborate technical process to identify potential claim duplication. Specifically, a series of database-driven searches are used to find duplicate names and addresses in our claims database. Normally, both the claimant's name and associated nicknames, as well as the standardized addresses, are compared in the database for purposes of claim duplication detection. However, we may use additional data points, depending on what information, if any, Defendant can provide to Angeion.

48.    Other fraud prevention measures Angeion typically applies include:

- IP Duplication Detection: A report driven from the IP logs that display claims filed from the same IP address. The originating claim IP address is coupled with claimant name and address information to review and determine duplication.

- IP Switching Detection: A report where the IP address of the claimant changes during the claim filing process. This might indicate that a claimant is trying to avoid a static IP capture from our website.

- Google reCAPTCHA: This is a Google mechanism for detecting if a real person is entering a claim or an automated system/robot. If Google suspects the claim is being filed by an automated system/robot, then Google prompts the claimant with a series of images. Only if the potential claimant can identify the types of images, will Google allow the claim to be filed. This is an industry standard abuse and spam detection component that is used.

- Claimant Payment Email address: Detection of multiple claims filed using the same payment email or contact email.

**Escrow Account and Distribution of Settlement Benefits**

49.    Angeion shall establish a separate, interest-bearing escrow account, as described in and subject to the terms of the Settlement Agreement, to which the defendant shall deposit the Settlement Fund, less the sum of the Initial Deposit and any Periodic Payment(s).  The money shall be invested in the following types of accounts and/or instruments and no other: United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the Federal Deposit Insurance Corporation ("FDIC") or the

United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in other such instruments at their then-current market rates.

50. Settlement Class Members are able to select from a variety of digital payment options, such as PayPal, Venmo, Zelle, ACH transfers, and virtual pre-paid Mastercard.

51. The digital payment options are reliable, secure, and meet evolving claimant preferences and contemporary payment methodologies. This includes banking solutions (Zelle / ACH), digital-first (PayPal/Venmo), as well as an option for the unbanked or underbanked.

52. A prepaid card serves the interests of the unbanked and underbanked. According to a 2019 report by the Federal Reserve, 63 million American adults are either unbanked or underbanked (22% of adults 18+).[9] Of those, approximately 6% of adults were completely unbanked, meaning that no one in the household had a checking or savings account and are, therefore, reliant on alternative financial service products.[10] The unbanked and underbanked are more likely to have family income less than $40,000 (35%) or be in a racial or ethnic minority group (Black - 49% or Hispanic - 34%). The pre-paid card product being used is designed specifically for class action usage and includes the ability to transfer a remaining balance at any time for no fee.

53. Angeion will also accommodate Settlement Class Members who request that a traditional check be mailed to them in lieu of one of the digital payment options.

## ESTIMATED NUMBER OF CLAIM SUBMISSIONS

54. Estimated claims rates are established by looking at similar matters, with reference to the type of notice, the demographics of class members, and the amount of recovery to which class members are potentially entitled. Those similar claims rates are used in determining the likely cost of the administration since the number of claims dictates the claims processing and distribution costs. We sampled and compared 4 of the largest cases Angeion has administered that we believe to be instructive here. These 4 cases were all nationwide settlements, each with near or over one hundred

---

[9] Board of Governors of the Federal Reserve System, *Report on the Economic Well-Being of U.S. Households in 2018* (May 2019), https://www.federalreserve.gov/publications/2019-economic-well-being-of-us-households-in-2018-banking-and-credit.htm (last visited Dec. 15, 2022).
[10] Federal Deposit Insurance Corporation, *2012 FDIC National Survey of Unbanked and Underbanked Households*, https://www.fdic.gov/analysis/household-survey/index.html (last visited Dec. 15, 2022).

DECLARATION OF STEVEN WEISBROT

million class members and each having utilized a variety of methods to provide notice to the respective settlement classes. The average claim filing rate for these cases is 1.69% (as illustrated in the chart below). While actual claim rates may vary, and Angeion Group has administered a multitude of consumer cases with claims rates both substantially lower and higher than this average, we believe that we will be able to achieve a rate that is excess of this average given the robust notice plan, including in-app notification and anticipated media coverage. For example, Angeion has also considered the Facebook Biometric Privacy Settlement, a case not administered by Angeion, but which also used in-app notice, had a 22% claims rate. *In re Facebook Biometric Information Privacy Litigation*, 3:15-cv-03747-JD (N.D. Cal.).

| Case | Citation | Court | Claims Rate |
|---|---|---|---|
| *In re Google Plus Profile Litigation* | 5:18-cv-06164 | N.D. Cal. | 1.13% |
| *In re TikTok, Inc., Consumer Privacy Litigation* | 1:20-cv-04699 | N.D. Ill. | 1.39% |
| *In re Facebook Internet Tracking Litigation* | 5:12-md-02314 | N.D. Cal. | 1.71% |
| *In re Apple Inc. Device Performance Litigation* | 5:18-md-02827 | N.D. Cal. | 2.53% |
| *In re Facebook Biometric Information Privacy Litigation* | 3:15-cv-03747 | N.D. Cal. | 22% |

## DATA SECURITY & INSURANCE

55.     Angeion recognizes that the security and privacy of client and class member information and data are paramount, which is why Angeion has developed policies and procedures to secure our physical and network environments and to ensure the protection of data. Our Network Security policies include Network Perimeter Security, Server Hardening, Anti-Virus, Data Retention, Incident Response and Disaster Recovery Procedures. A copy of all data is always kept offline. This ensures that should our systems go down for any reason, all data will remain accessible so that cases may be administered with limited interruption.

56.     Angeion has invested in a layered and robust set of trusted security personnel, controls, and technology to protect the data we handle. To promote a secure environment for client and class member data, industry leading firewalls and intrusion prevention systems protect and monitor our

network perimeter with regular vulnerability scans and penetration tests. Angeion deploys best-in-class endpoint detection, response, and anti-virus solutions on our endpoints and servers. Angeion has implemented strong authentication mechanisms and multi-factor authentication is required to access Angeion's systems and the data we protect. In addition, Angeion has employed the use of behavior and signature-based analytics as well as monitoring tools across our entire network, which are managed 24 hours per day, 7 days per week, by a team of experienced professionals.

57.     Angeion's data center is defended by multi-layered, physical access security, including ID Badge entry, biometric device, and CCTV. We also deploy environmental controls including UPS, fire detection and suppression controls, and cooling systems. Our Cloud Infrastructure is bolstered by least privilege access control policies, multi factor authentication, security best practices and image hardening guidelines.

58.     Further, Angeion has a dedicated information security team comprised of highly trained, experienced, and qualified security professionals. Our teams stay on top of important security issues and retain important industry standard certifications, like SANS, CISSP, and CISA. Angeion is cognizant of the ever-evolving digital landscape and continually improves its security infrastructure and processes, including partnering with best-in-class security service providers. Angeion's robust policies and processes cover all aspects of information security to form part of an industry leading security and compliance program, which is regularly assessed by independent third parties.

59.     Our practices and systems are compliant with the California Consumer Privacy Act, as currently drafted and follow local, national, and international privacy regulations. Angeion is also committed to a culture of security mindfulness. All employees routinely undergo cybersecurity training to ensure that safeguarding information and cybersecurity vigilance is a core practice in all aspects of the work our teams complete.

60.     Angeion currently maintains a comprehensive insurance program, including sufficient Errors & Omissions coverage.

## ESTIMATED COST FOR NOTICE AND ADMINISTRATION

61.     Angeion estimates that the approximate cost to provide notice and administration services

(including escrow fees) to be between $3,500,000 and $4,225,000.[11]  The pricing details comprising the administration estimates are competitively sensitive. Upon request, Angeion will provide its itemized estimate to the Court for *in camera* review.

## CONCLUSION

62.    The Notice Plan outlined herein will be effectuated via in-application notice, combined with a comprehensive digital media campaign, print publication, and a customized claim stimulation package that will reach the largest percentage of class members practicable. It is also expected that this Settlement will garner earned media in traditional and online publication sources. The Notice Plan also includes the implementation of a dedicated Settlement Website and toll-free hotline to further inform Settlement Class Members of their rights and options in the Settlement.

63.    In my professional opinion, the Notice Plan described herein will provide full and proper notice to Settlement Class Members before the claims, opt-out, and objection deadlines. Moreover, it is my opinion that the Notice Plan is the best notice that is practicable under the circumstances and fully comports with due process, Fed. R. Civ. P. 23 and the Northern District's Procedural Guidance for Class Action Settlements. After the Notice Plan has been executed, Angeion will provide a final report verifying its effective implementation to this Court.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 22, 2022

STEVEN WEISBROT

---

[11] The estimate was created based on certain specifications provided to Angeion and corresponding assumptions made, including an estimated number of claims submissions between 1% and 2%. Actual costs may vary based on deviations from these assumptions.

DECLARATION OF STEVEN WEISBROT

# Exhibit A



# INNOVATION
## IT'S PART OF OUR DNA

class action | mass tort | legal noticing | litigation support



Changing the Rules

# Judicial Recognition

© Angeion Group, LLC

*IN RE: APPLE INC. DEVICE PERFORMANCE LITIGATION*

**Case No. 5:18-md-02827**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 17, 2021):  Angeion undertook a comprehensive notice campaign…The notice program was well executed, far-reaching, and exceeded both Federal Rule of Civil Procedure 23(c)(2)(B)'s requirement to provide the "best notice that is practicable under the circumstances" and Rule 23(e)(1)(B)'s requirement to provide "direct notice in a reasonable manner."

*IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION*

**Case No. 1:20-cv-04699**

The Honorable John Z. Lee, United States District Court, Northern District of Illinois (October 1, 2021):  The Court approves, as to form and content, the proposed Class Notices submitted to the Court. The Court finds that the Settlement Class Notice Program outlined in the Declaration of Steven Weisbrot on Settlement Notices and Notice Plan (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) meets all requirements of applicable law, Federal Rule of Civil Procedure 23, and due process.

*IN RE: GOOGLE PLUS PROFILE LITIGATION*

**Case No. 5:18-cv-06164**

The Honorable Edward J. Davila, United States District Court, Northern District of California (January 25, 2021):  The Court further finds that the program for disseminating notice to Settlement Class Members provided for in the Settlement, and previously approved and directed by the Court (hereinafter, the "Notice Program"), has been implemented by the Settlement Administrator and the Parties, and such Notice Program, including the approved forms of notice, is reasonable and appropriate and satisfies all applicable due process and other requirements, and constitutes best notice reasonably calculated under the circumstances to apprise Settlement Class Members…

*IN RE: FACEBOOK INTERNET TRACKING LITIGATION*

**Case No. 5:12-md-02314**

The Honorable Edward J. Davila, United States District Court, Northern District of California (March 31, 2022): The Court approves the Notice Plan, Notice of Proposed Class Action Settlement, Claim Form, and Opt-Out Form, which are attached to the Settlement Agreement as Exhibits B-E, and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Actions, the effect of the proposed Settlement (including the releases contained therein), the anticipated Motion for a Fee and Expense Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

# JUDICIAL RECOGNITION



### CITY OF LONG BEACH v. MONSANTO COMPANY
### Case No. 2:16-cv-03493

The Honorable Fernando M. Olguin, United States District Court, Central District of California (March 14, 2022): The court approves the form, substance, and requirements of the class Notice, (Dkt.278-2, Settlement Agreement, Exh. I). The proposed manner of notice of the settlement set forth in the Settlement Agreement constitutes the best notice practicable under the circumstances and complies with the requirements of due process.

### STEWART v. LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC
### Case No. 3:20-cv-00903

The Honorable John A. Gibney Jr., United States District Court, Eastern District of Virginia (February 25, 2022): The proposed forms and methods for notifying the proposed Settlement Class Members of the Settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to notice...Based on the foregoing, the Court hereby approves the notice plans developed by the Parties and the Settlement Administrator and directs that they be implemented according to the Agreement and the notice plans attached as exhibits.

### WILLIAMS v. APPLE INC.
### Case No. 3:19-cv-0400

The Honorable Laurel Beeler, United States District Court, Northern District of California (February 24, 2022): The Court finds the Email Notice and Website Notice (attached to the Agreement as Exhibits 1 and 4, respectively), and their manner of transmission, implemented pursuant to the Agreement (a) are the best practicable notice, (b) are reasonably calculated, under the circumstances, to apprise the Subscriber Class of the pendency of the Action and of their right to object to or to exclude themselves from the proposed settlement, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all requirements of applicable law.

### CLEVELAND v. WHIRLPOOL CORPORATION
### Case No. 0:20-cv-01906

The Honorable Wilhelmina M. Wright, United States District Court, District of Minnesota (December 16, 2021): It appears to the Court that the proposed Notice Plan described herein, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law. Class Notice consists of email notice and postcard notice when email addresses are unavailable, which is the best practicable notice under the circumstances...The proposed Notice Plan complies with the requirements of Rule 23, Fed. R. Civ. P., and due process, and Class Notice is to be sent to the Settlement Class Members as set forth in the Settlement Agreement and pursuant to the deadlines above.

### RASMUSSEN v. TESLA, INC. d/b/a TESLA MOTORS, INC.
**Case No. 5:19-cv-04596**

The Honorable Beth Labson Freeman, United States District Court, Northern District of California (December 10, 2021): The Court has carefully considered the forms and methods of notice to the Settlement Class set forth in the Settlement Agreement ("Notice Plan"). The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

### CAMERON v. APPLE INC.
**Case No. 4:19-cv-03074**

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 16, 2021): The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law.

### RISTO v. SCREEN ACTORS GUILD-AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS
**Case No. 2:18-cv-07241**

The Honorable Christina A. Snyder, United States District Court, Central District of California (November 12, 2021): The Court approves the publication notice plan presented to this Court as it will provide notice to potential class members through a combination of traditional and digital media that will consist of publication of notice via press release, programmatic display digital advertising, and targeted social media, all of which will direct Class Members to the Settlement website...The notice plan satisfies any due process concerns as this Court certified the class under Federal Rule of Civil Procedure 23(b)(1)...

### JENKINS v. NATIONAL GRID USA SERVICE COMPANY, INC.
**Case No. 2:15-cv-01219**

The Honorable Joanna Seybert, United States District Court, Eastern District of New York (November 8, 2021): Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B), the Court approves the proposed Notice Plan and procedures set forth at Section 8 of the Settlement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibits C-G to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed Notice Plan meets the requirements of due process under the United States Constitution and Rule 23, and that such Notice Plan—which includes direct notice to Settlement Class Members sent via first class U.S. Mail and email; the establishment of a Settlement Website (at the URL, www.nationalgridtcpasettlement.com) where Settlement Class Members can view the full settlement agreement, the detailed long-form notice (in English and Spanish),

and other key case documents; publication notice in forms attached as Exhibits E and F to the Settlement sent via social media (Facebook and Instagram) and streaming radio (e.g., Pandora and iHeart Radio). The Notice Plan shall also include a paid search campaign on search engine(s) chosen by Angeion (e.g., Google) in the form attached as Exhibits G and the establishment of a toll-free telephone number where Settlement Class Members can get additional information—is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

### NELLIS v. VIVID SEATS, LLC
### Case No. 1:20-cv-02486

The Honorable Robert M. Dow, Jr., United States District Court, Northern District of Illinois (November 1, 2021):  The Notice Program, together with all included and ancillary documents thereto, (a) constituted reasonable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Litigation…(c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable requirements of due process and any other applicable law. The Court finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.

### PELLETIER v. ENDO INTERNATIONAL PLC
### Case No. 2:17-cv-05114

The Honorable Michael M. Baylson, United States District Court, Eastern District of Pennsylvania (October 25, 2021): The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice, annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶¶7-10 of this Order, meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

### BIEGEL v. BLUE DIAMOND GROWERS
### Case No. 7:20-cv-03032

The Honorable Cathy Seibel, United States District Court, Southern District of New York (October 25, 2021):  The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action…and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.



### *QUINTERO v. SAN DIEGO ASSOCIATION OF GOVERNMENTS*
**Case No. 37-2019-00017834-CU-NP-CTL**

The Honorable Eddie C. Sturgeon, Superior Court of the State of California, County of San Diego (September 27, 2021):  The Court has reviewed the class notices for the Settlement Class and the methods for providing notice and has determined that the parties will employ forms and methods of notice that constitute the best notice practicable under the circumstances; are reasonably calculated to apprise class members of the terms of the Settlement and of their right to participate in it, object, or opt-out; are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and meet all constitutional and statutory requirements, including all due process requirements and the California Rules of Court.

### *HOLVE v. MCCORMICK & COMPANY, INC.*
**Case No. 6:16-cv-06702**

The Honorable Mark W. Pedersen, United States District Court for the Western District of New York (September 23, 2021):  The Court finds that the form, content and method of giving notice to the Class as described in the Settlement Agreement and the Declaration of the Settlement Administrator: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action…(c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

### *CULBERTSON T AL. v. DELOITTE CONSULTING LLP*
**Case No. 1:20-cv-03962**

The Honorable Lewis J. Liman, United States District Court, Southern District of New York (August 27, 2021):  The notice procedures described in the Notice Plan are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

### *PULMONARY ASSOCIATES OF CHARLESTON PLLC v. GREENWAY HEALTH, LLC*
**Case No. 3:19-cv-00167**

The Honorable Timothy C. Batten, Sr., United States District Court, Northern District of Georgia (August 24, 2021):  Under Rule 23(c)(2), the Court finds that the content, format, and method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot filed on July 2, 2021, and the Settlement Agreement and Release, including notice by First Class U.S. Mail and email to all known Class Members, is the best notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and due process.

### IN RE: BROILER CHICKEN GROWER ANTITRUST LITIGATION (NO II)
**Case No. 6:20-md-02977**

The Honorable Robert J. Shelby, United States District Court, Eastern District of Oklahoma (August 23, 2021):  The Court approves the method of notice to be provided to the Settlement Class as set forth in Plaintiffs' Motion and Memorandum of Law in Support of Motion for Approval of the Form and Manner of Class Notice and Appointment of Settlement Administrator and Request for Expedited Treatment and the Declaration of Steven Weisbrot on Angeion Group Qualifications and Proposed Notice Plan…The Court finds and concludes that such notice: (a) is the best notice that is practicable under the circumstances, and is reasonably calculated to reach the members of the Settlement Class and to apprise them of the Action, the terms and conditions of the Settlement, their right to opt out and be excluded from the Settlement Class, and to object to the Settlement; and (b) meets the requirements of Federal Rule of Civil Procedure 23 and due process.

### ROBERT ET AL. v. AT&T MOBILITY, LLC
**Case No. 3:15-cv-03418**

The Honorable Edward M. Chen, United States District Court, Northern District of California (August 20, 2021):  The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort, as well as supplemental notice via a social media notice campaign and reminder email and SMS notices; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of this Action …(d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process under the U.S. Constitution, and any other applicable law.

### PYGIN v. BOMBAS, LLC
**Case No. 4:20-cv-04412**

The Honorable Jeffrey S. White, United States District Court, Northern District of California (July 12, 2021):  The Court also concludes that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the requirements of due process and Rule 23 and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the Scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. Accordingly, the Court approves the Class Notice and Notice Program and the Claim Form.

### WILLIAMS ET AL. v. RECKITT BENCKISER LLC ET AL.
**Case No. 1:20-cv-23564**

The Honorable Jonathan Goodman, United States District Court, Southern District of Florida (April 23, 2021):  The Court approves, as to form and content, the Class Notice and Internet Notice submitted by the parties (Exhibits B and D to the Settlement Agreement or Notices

substantially similar thereto) and finds that the procedures described therein meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide the best notice practicable under the circumstances. The proposed Class Notice Plan -- consisting of (i) internet and social media notice; and (ii) notice via an established a Settlement Website -- is reasonably calculated to reach no less than 80% of the Settlement Class Members.

### NELSON ET AL. v. IDAHO CENTRAL CREDIT UNION
**Case No. CV03-20-00831, CV03-20-03221**

The Honorable Robert C. Naftz, Sixth Judicial District, State of Idaho, Bannock County (January 19, 2021):  The Court finds that the Proposed Notice here is tailored to this Class and designed to ensure broad and effective reach to it...The Parties represent that the operative notice plan is the best notice practicable and is reasonably designed to reach the settlement class members. The Court agrees.

### IN RE: HANNA ANDERSSON AND SALESFORCE.COM DATA BREACH LITIGATION
**Case No. 3:20-cv-00812**

The Honorable Edward M. Chen, United States District Court, Northern District of California (December 29, 2020):  The Court finds that the Class Notice and Notice Program satisfy the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances.

### IN RE: PEANUT FARMERS ANTITRUST LITIGATION
**Case No. 2:19-cv-00463**

The Honorable Raymond A. Jackson, United States District Court, Eastern District of Virginia (December 23, 2020):  The Court finds that the Notice Program...constitutes the best notice that is practicable under the circumstances and is valid, due and sufficient notice to all persons entitled thereto and complies fully with the requirements of Rule 23(c)(2) and the due process requirements of the Constitution of the United States.

### BENTLEY ET AL. v. LG ELECTRONICS U.S.A., INC.
**Case No. 2:19-cv-13554**

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (December 18, 2020):  The Court finds that notice of this Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Litigation, the Settlement, and the Settlement Class Members' rights to object to the Settlement or opt out of the Settlement Class, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.

### IN RE: ALLURA FIBER CEMENT SIDING PRODUCTS LIABILITY LITIGATION
**Case No. 2:19-mn-02886**

The Honorable David C. Norton, United States District Court, District of South Carolina (December 18, 2020):  The proposed Notice provides the best notice practicable under the

circumstances. It allows Settlement Class Members a full and fair opportunity to consider the proposed settlement. The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all members of the Settlement Class who would be bound by the settlement. There is no additional method of distribution that would be reasonably likely to notify Settlement Class Members who may not receive notice pursuant to the proposed distribution plan.

### ADKINS ET AL. v. FACEBOOK, INC.

**Case No. 3:18-cv-05982**

The Honorable William Alsup, United States District Court, Northern District of California (November 15, 2020):  Notice to the class is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co., 399 U.S. 306, 314 (1650).*

### IN RE: 21ST CENTURY ONCOLOGY CUSTOMER DATA SECURITY BREACH LITIGATION

**Case No. 8:16-md-02737**

The Honorable Mary S. Scriven, United States District Court, Middle District of Florida (November 2, 2020):  The Court finds and determines that mailing the Summary Notice  and publication of the Settlement Agreement, Long Form Notice, Summary Notice, and Claim Form on the Settlement Website, all pursuant to this Order, constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members.

### MARINO ET AL. v. COACH INC.

**Case No. 1:16-cv-01122**

The Honorable Valerie Caproni, United States District Court, Southern District of New York (August 24, 2020):  The Court finds that the form, content, and method of giving notice to the Settlement Class as described in paragraph 8 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.  The Court further finds that all of the notices are written in plain language, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

# JUDICIAL RECOGNITION



### BROWN v. DIRECTV, LLC
**Case No. 2:13-cv-01170**

The Honorable Dolly M. Gee, United States District Court, Central District of California (July 23, 2020):  Given the nature and size of the class, the fact that the class has no geographical limitations, and the sheer number of calls at issue, the Court determines that these methods constitute the best and most reasonable form of notice under the circumstances.

### IN RE: SSA BONDS ANTITRUST LITIGATION
**Case No. 1:16-cv-03711**

The Honorable Edgardo Ramos, United States District Court, Southern District of New York (July 15, 2020):  The Court finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

### KJESSLER ET AL. v. ZAAPPAAZ, INC. ET AL.
**Case No. 4:18-cv-00430**

The Honorable Nancy F. Atlas, United States District Court, Southern District of Texas (July 14, 2020):  The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.

### HESTER ET AL. v. WALMART, INC.
**Case No. 5:18-cv-05225**

The Honorable Timothy L. Brooks, United States District Court, Western District of Arkansas (July 9, 2020):  The Court finds that the Notice and Notice Plan substantially in the manner and form set forth in this Order and the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

### CLAY ET AL. v. CYTOSPORT INC.
**Case No. 3:15-cv-00165**

The Honorable M. James Lorenz, United States District Court, Southern District of California (June 17, 2020):  The Court approves the proposed Notice Plan for giving notice to the Settlement Class through publication, both print and digital, and through the establishment of a Settlement Website, as more fully described in the Agreement and the Claims Administrator's affidavits (docs. no. 222-9, 224, 224-1, and 232-3 through 232-6). The Notice Plan, in form, method, and content, complies with the requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### *GROGAN v. AARON'S INC.*

**Case No. 1:18-cv-02821**

The Honorable J.P. Boulee, United States District Court, Northern District of Georgia (May 1, 2020):  The Court finds that the Notice Plan as set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and constitutes the best notice practicable under the circumstances, including direct individual notice by mail and email to Settlement Class Members where feasible and a nationwide publication website-based notice program, as well as establishing a Settlement Website at the web address of www.AaronsTCPASettlement.com, and satisfies fully the requirements the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable law, such that the Settlement Agreement and Final Order and Judgment will be binding on all Settlement Class Members.

### *CUMMINGS v. BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, ET AL.*

**Case No. D-202-CV-2001-00579**

The Honorable Carl Butkus, Second Judicial District Court, County of Bernalillo, State of New Mexico (March 30, 2020): The Court has reviewed the Class Notice, the Plan of Allocation and Distribution and Claim Form, each of which it approves in form and substance. The Court finds that the form and methods of notice set forth in the Agreement: (i) are reasonable and the best practicable notice under the circumstances; (ii) are reasonably calculated to apprise Settlement Class Members of the pendency of the Lawsuit, of their rights to object to or opt-out of the Settlement, and of the Final Approval Hearing; (iii) constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet the requirements of the New Mexico Rules of Civil Procedure, the requirements of due process under the New Mexico and United States Constitutions, and the requirements of any other applicable rules or laws.

### *SCHNEIDER, ET AL. v. CHIPOTLE MEXICAN GRILL, INC.*

**Case No. 4:16-cv-02200**

The Honorable Haywood S. Gilliam, Jr., United States District Court, Northern District of California (January 31, 2020):  Given that direct notice appears to be infeasible, the third-party settlement administrator will implement a digital media campaign and provide for publication notice in People magazine, a nationwide publication, and the East Bay Times. SA § IV.A, C; Dkt. No. 205-12 at ¶¶ 13–23. The publication notices will run for four consecutive weeks. Dkt. No. 205 at ¶ 23. The digital media campaign includes an internet banner notice implemented using a 60-day desktop and mobile campaign. Dkt. No. 205-12 at ¶ 18. It will rely on "Programmatic Display Advertising" to reach the "Target Audience," Dkt. No. 216-1 at ¶ 6, which is estimated to include 30,100,000 people and identified using the target definition of "Fast Food & Drive-In Restaurants Total Restaurants Last 6 Months [Chipotle Mexican Grill]," Dkt. No. 205-12 at ¶ 13. Programmatic display advertising utilizes "search targeting," "category contextual targeting," "keyword contextual targeting," and "site targeting," to place ads. Dkt. No. 216-1 at ¶¶ 9–12. And through "learning" technology, it continues placing ads on websites where the ad is performing well. Id. ¶ 7. Put simply, prospective Class Members will see a banner ad notifying them of the settlement when they search for terms or websites that are similar to or related to Chipotle, when they browse websites that are categorically relevant to Chipotle (for example, a website related to fast casual dining or Mexican food), and when they browse websites that include a relevant keyword (for example, a fitness

website with ads comparing fast casual choices). Id. ¶¶ 9–12. By using this technology, the banner notice is "designed to result in serving approximately 59,598,000 impressions." Dkt. No. 205-12 at ¶ 18.

The Court finds that the proposed notice process is "'reasonably calculated, under all the circumstances,' to apprise all class members of the proposed settlement." Roes, 944 F.3d at 1045 (citation omitted).

### HANLEY v. TAMPA BAY SPORTS AND ENTERTAINMENT LLC
### Case No. 8:19-cv-00550

The Honorable Charlene Edwards Honeywell, United States District Court, Middle District of Florida (January 7, 2020):  The Court approves the form and content of the Class notices and claim forms substantially in the forms attached as Exhibits A-D to the Settlement. The Court further finds that the Class Notice program described in the Settlement is the best practicable under the circumstances. The Class Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's attorney's fees application and the request for a service award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Class notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

### CORCORAN, ET AL. v. CVS HEALTH, ET AL.
### Case No. 4:15-cv-03504

The Honorable Yvonne Gonzalez Rogers, United States District Court, Northern District of California (November 22, 2019):  Having reviewed the parties' briefings, plaintiffs' declarations regarding the selection process for a notice provider in this matter and regarding Angeion Group LLC's experience and qualifications, and in light of defendants' non-opposition, the Court APPROVES Angeion Group LLC as the notice provider. Thus, the Court GRANTS the motion for approval of class notice provider and class notice program on this basis.

Having considered the parties' revised proposed notice program, the Court agrees that the parties' proposed notice program is the "best notice that is practicable under the circumstances." The Court is satisfied with the representations made regarding Angeion Group LLC's methods for ascertaining email addresses from existing information in the possession of defendants. Rule 23 further contemplates and permits electronic notice to class members in certain situations. See Fed. R. Civ. P. 23(c)(2)(B). The Court finds, in light of the representations made by the parties, that this is a situation that permits electronic notification via email, in addition to notice via United States Postal Service. Thus, the Court APPROVES the parties' revised proposed class notice program, and GRANTS the motion for approval of class notice provider and class notice program as to notification via email and United States Postal Service mail.

### PATORA v. TARTE, INC.
**Case No. 7:18-cv-11760**

The Honorable Kenneth M. Karas, United States District Court, Southern District of New York (October 2, 2019):  The Court finds that the form, content, and method of giving notice to the Class as described in Paragraph 9 of this Order: (a) will constitute the best practicable notice; (b) are reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, the terms of the Proposed Settlement, and their rights under the Proposed Settlement, including but not limited to their rights to object to or exclude themselves from the Proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including but not limited to 28 U.S.C. § 1715, Rule 23(c) and (e), and the Due Process Clauses of the United States Constitution. The Court further finds that all of the notices are written in simple terminology, are readily understandable by Settlement Class Members, and are materially consistent with the Federal Judicial Center's illustrative class action notices.

### CARTER, ET AL. v. GENERAL NUTRITION CENTERS, INC., and GNC HOLDINGS, INC.
**Case No. 2:16-cv-00633**

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (September 9, 2019):  The Court finds that the Class Notice and the manner of its dissemination described in Paragraph 7 above and Section VII of the Agreement constitutes the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise proposed Settlement Class Members of the pendency of this action, the terms of the Agreement, and their right to object to or exclude themselves from the proposed Settlement Class. The Court finds that the notice is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process, Rule 23 of the Federal Rules of Ci vii Procedure, and any other applicable laws.

### CORZINE v. MAYTAG CORPORATION, ET AL.
**Case No. 5:15-cv-05764**

The Honorable Beth L. Freeman, United States District Court, Northern District of California (August 21, 2019):  The Court, having reviewed the proposed Summary Notice, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

### MEDNICK v. PRECOR, INC.
**Case No. 1:14-cv-03624**

The Honorable Harry D. Leinenweber, United States District Court, Northern District of Illinois (June 12, 2019):  Notice provided to Class Members pursuant to the Preliminary Class Settlement Approval Order constitutes the best notice practicable under the circumstances, including individual email and mail notice to all Class Members who could be identified

through reasonable effort, including information provided by authorized third-party retailers of Precor. Said notice provided full and adequate notice of these proceedings and of the matter set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of F.R.C.P. Rule 23 (e) and (h) and the requirements of due process under the United States and California Constitutions.

### *GONZALEZ v. TCR SPORTS BROADCASTING HOLDING LLP, ET AL.*
### Case No. 1:18-cv-20048
The Honorable Darrin P. Gayles, United States District Court, Southern District of Florida (May 24, 2019):  The Court finds that notice to the class was reasonable and the best notice practicable under the circumstances, consistent with Rule 23(e)(1) and Rule 23(c)(2)(B).

### *ANDREWS ET AL. v. THE GAP, INC., ET AL.*
### Case No. CGC-18-567237
The Honorable Richard B. Ulmer Jr., Superior Court of the State of California, County of San Francisco (May 10, 2019):  The Court finds that (a) the Full Notice, Email Notice, and Publication constitute the best notice practicable under the circumstances, (b) they constitute valid, due, and sufficient notice to all members of the Class, and (c) they comply fully with the requirements of California Code of Civil Procedure section 382, California Rules of Court 3.766 and 3.769, the California and United States Constitutions, and other applicable law.

### *COLE, ET AL. v. NIBCO, INC.*
### Case No. 3:13-cv-07871
The Honorable Freda L. Wolfson, United States District Court, District of New Jersey (April 11, 2019):  The record shows, and the Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order. The Court finds that the Notice Plan constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this..., (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.

### *DIFRANCESCO, ET AL. v. UTZ QUALITY FOODS, INC.*
### Case No. 1:14-cv-14744
The Honorable Douglas P. Woodlock, United States District Court, District of Massachusetts (March 15, 2019):  The Court finds that the Notice plan and all forms of Notice to the Class as set forth in the Settlement Agreement and Exhibits 2 and 6 thereto, as amended (the "Notice Program"), is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the certification of the Settlement Class, the terms of the Settlement Agreement, and the right of members to object to the settlement or to exclude themselves from the Class. The Notice Program is consistent with the

requirements of Rule 23 and due process, and constitutes the best notice practicable under the circumstances.

### *IN RE: CHRYSLER-DODGE-JEEP ECODIESEL MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION*
### Case No. 3:17-md-02777

The Honorable Edward M. Chen, United States District Court, Northern District of California (February 11, 2019):  Also, the parties went through a sufficiently rigorous selection process to select a settlement administrator. See Proc. Guidance for Class Action Sett. ¶ 2; see also Cabraser Decl. ¶¶ 9-10. While the settlement administration costs are significant – an estimated $1.5 million – they are adequately justified given the size of the class and the relief being provided.

In addition, the Court finds that the language of the class notices (short and long-form) is appropriate and that the means of notice – which includes mail notice, electronic notice, publication notice, and social media "marketing" – is the "best notice…practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B); see also Proc. Guidance for Class Action Sett. ¶¶ 3-5, 9 (addressing class notice, opt-outs, and objections). The Court notes that the means of notice has changed somewhat, as explained in the Supplemental Weisbrot Declaration filed on February 8, 2019, so that notice will be more targeted and effective. See generally Docket No. 525 (Supp. Weisbrot Decl.) (addressing, inter alia, press release to be distributed via national newswire service, digital and social media marketing designed to enhance notice, and "reminder" first-class mail notice when AEM becomes available).

Finally, the parties have noted that the proposed settlement bears similarity to the settlement in the Volkswagen MDL. See Proc. Guidance for Class Action Sett. ¶ 11.

### *RYSEWYK, ET AL. v. SEARS HOLDINGS CORPORATION and SEARS, ROEBUCK AND COMPANY*
### Case No. 1:15-cv-04519

The Honorable Manish S. Shah, United States District Court, Northern District of Illinois (January 29, 2019):  The Court holds that the Notice and notice plan as carried out satisfy the requirements of Rule 23(e) and due process. This Court has previously held the Notice and notice plan to be reasonable and the best practicable under the circumstances in its Preliminary Approval Order dated August 6, 2018. (Dkt. 191) Based on the declaration of Steven Weisbrot, Esq. of Angeion Group (Dkt. No. 209-2), which sets forth compliance with the Notice Plan and related matters, the Court finds that the multi-pronged notice strategy as implemented has successfully reached the putative Settlement Class, thus constituting the best practicable notice and satisfying due process.

### *MAYHEW, ET AL. v. KAS DIRECT, LLC, and S.C. JOHNSON & SON, INC.*
### Case No. 7:16-cv-06981

The Honorable Vincent J. Briccetti, United States District Court, Southern District of New York (June 26, 2018):  In connection with their motion, plaintiffs provide the declaration of Steven Weisbrot, Esq., a principal at the firm Angeion Group, LLC, which will serve as the notice and settlement administrator in this case. (Doc. #101, Ex. F: Weisbrot Decl.) According to Mr.

Weisbrot, he has been responsible for the design and implementation of hundreds of class action administration plans, has taught courses on class action claims administration, and has given testimony to the Judicial Conference Committee on Rules of Practice and Procedure on the role of direct mail, email, and digital media in due process notice. Mr. Weisbrot states that the internet banner advertisement campaign will be responsive to search terms relevant to "baby wipes, baby products, baby care products, detergents, sanitizers, baby lotion, [and] diapers," and will target users who are currently browsing or recently browsed categories "such as parenting, toddlers, baby care, [and] organic products." (Weisbrot Decl. ¶ 18). According to Mr. Weisbrot, the internet banner advertising campaign will reach seventy percent of the proposed class members at least three times each. (Id. ¶ 9). Accordingly, the Court approves of the manner of notice proposed by the parties as it is reasonable and the best practicable option for confirming the class members receive notice.

### IN RE: OUTER BANKS POWER OUTAGE LITIGATION
**Case No. 4:17-cv-00141**

The Honorable James C. Dever III, United States District Court, Eastern District of North Carolina (May 2, 2018):  The court has reviewed the proposed notice plan and finds that the notice plan provides the best practicable notice under the circumstances and, when completed, shall constitute fair, reasonable, and adequate notice of the settlement to all persons and entities affected by or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. Thus, the court approves the proposed notice plan.

### GOLDEMBERG, ET AL. v. JOHNSON & JOHNSON CONSUMER COMPANIES, INC.
**Case No. 7:13-cv-03073**

The Honorable Nelson S. Roman, United States District Court, Southern District of New York (November 1, 2017):  Notice of the pendency of the Action as a class action and of the proposed Settlement, as set forth in the Settlement Notices, was given to all Class Members who could be identified with reasonable effort, consistent with the terms of the Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law in the United States. Such notice constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

### HALVORSON v. TALENTBIN, INC.
**Case No. 3:15-cv-05166**

The Honorable Joseph C. Spero, United States District Court, Northern District of California (July 25, 2017):  The Court finds that the Notice provided for in the Order of Preliminary Approval of Settlement has been provided to the Settlement Class, and the Notice provided to the Settlement    Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notice apprised the members of the Settlement Class of the pendency of the litigation;

of all material elements of the proposed settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of, the Settlement; of the identity of Settlement Class Counsel and of information necessary to contact Settlement Class Counsel; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in the Fairness Hearing. Accordingly, the Court determines that all Final Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

### IN RE: ASHLEY MADISON CUSTOMER DATA SECURITY BREACH LITIGATION
### MDL No. 2669/Case No. 4:15-md-02669

The Honorable John A. Ross, United States District Court, Eastern District of Missouri (July 21, 2017):  The Court further finds that the method of disseminating Notice, as set forth in the Motion, the Declaration of Steven Weisbrot, Esq. on Adequacy of Notice Program, dated July 13, 2017, and the Parties' Stipulation—including an extensive and targeted publication campaign composed of both consumer magazine publications in People and Sports Illustrated, as well as serving 11,484,000 highly targeted digital banner ads to reach the prospective class members that will deliver approximately 75.3% reach with an average frequency of 3.04 —is the best method of notice practicable under the circumstances and satisfies all requirements provided in Rule 23(c)(2)(B) and all Constitutional requirements including those of due process.

The Court further finds that the Notice fully satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; provided, that the Parties, by agreement, may revise the Notice, the Claim Form, and other exhibits to the Stipulation, in ways that are not material or ways that are appropriate to update those documents for purposes of accuracy.

### TRAXLER, ET AL. v. PPG INDUSTRIES INC., ET AL.
### Case No. 1:15-cv-00912

The Honorable Dan Aaron Polster, United States District Court, Northern District of Ohio (April 27, 2017):  The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the proposed Notice Plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*IN RE: THE HOME DEPOT, INC., CUSTOMER DATA SECURITY BREACH LITIGATION*

Case No. 1:14-md-02583

The Honorable Thomas W. Thrash Jr., United States District Court, Northern District of Georgia (March 10, 2017):  The Court finds that the form, content, and method of giving notice to the settlement class as described in the settlement agreement and exhibits: (a) constitute the best practicable notice to the settlement class; (b) are reasonably calculated, under the circumstances, to apprise settlement class members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by settlement class members.

*ROY v. TITEFLEX CORPORATION t/a GASTITE and WARD MANUFACTURING, LLC*

Case No. 384003V

The Honorable Ronald B. Rubin, Circuit Court for Montgomery County, Maryland (February 24, 2017):  What is impressive to me about this settlement is in addition to all the usual recitation of road racing litanies is that there is going to be a) public notice of a real nature and b) about a matter concerning not just money but public safety and then folks will have the knowledge to decide for themselves whether to take steps to protect themselves or not. And that's probably the best thing a government can do is to arm their citizens with knowledge and then the citizens can make decision. To me that is a key piece of this deal. *I think the notice provisions are exquisite* [emphasis added].

*IN RE: LG FRONT LOADING WASHING MACHINE CLASS ACTION LITIGATION*

Case No. 2:08-cv-00051

The Honorable Madeline Cox Arleo, United States District Court, District of New Jersey (June 17, 2016):  This Court further approves the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and the joint motion for preliminary approval. The Court has reviewed the notices attached as exhibits to the Settlement, the plan for distributing the Summary Notices to the Settlement Class, and the plan for the Publication Notice's publication in print periodicals and on the internet, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances. The Court specifically approves the Parties' proposal to use reasonable diligence to identify potential class members and an associated mailing and/or email address in the Company's records, and their proposal to direct the ICA to use this information to send absent class members notice both via first class mail and email. The Court further approves the plan for the Publication Notice's publication in two national print magazines and on the internet. The Court also approves payment of notice costs as provided in the Settlement. The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy.

### FENLEY v. APPLIED CONSULTANTS, INC.
### Case No. 2:15–cv–00259

The Honorable Mark R. Hornak, United States District Court, Western District of Pennsylvania (June 16, 2016):  The Court would note that it approved notice provisions of the settlement agreement in the proceedings today. That was all handled by the settlement and administrator Angeion. The notices were sent. The class list utilized the Postal Service's national change of address database along with using certain proprietary and other public resources to verify addresses. the requirements of Fed.R.Civ.P. 23(c)(2), Fed.R.Civ.P. 23(e) (l), and Due Process....

The Court finds and concludes that the mechanisms and methods of notice to the class as identified were reasonably calculated to provide all notice required by the due process clause, the applicable rules and statutory provisions, and that the results of *the efforts of Angeion were highly successful and fulfilled all of those requirements* [emphasis added].

### FUENTES, ET AL. v. UNIRUSH, LLC d/b/a UNIRUSH FINANCIAL SERVICES, ET AL.
### Case No. 1:15–cv–08372

The Honorable J. Paul Oetken, United States District Court, Southern District of New York (May 16, 2016):  The Court approves, as to form, content, and distribution, the Claim Form attached to the Settlement Agreement as Exhibit A, the Notice Plan, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits B-D, thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Actions, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The Parties, by agreement, may revise the Notices and Claim Form in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

### IN RE: WHIRLPOOL CORP. FRONTLOADING WASHER PRODUCTS LIABILITY LITIGATION
### MDL No. 2001/Case No. 1:08-wp-65000

The Honorable Christopher A. Boyko, United States District Court, Northern District of Ohio (May 12, 2016):  The Court, having reviewed the proposed Summary Notices, the proposed FAQ, the proposed Publication Notice, the proposed Claim Form, and the proposed plan for distributing and disseminating each of them, finds and concludes that the proposed plan for distributing and disseminating each of them will provide the best notice practicable under the circumstances and satisfies all requirements of federal and state laws and due process.

### SATERIALE, ET AL. v. R.J. REYNOLDS TOBACCO CO.
### Case No. 2:09–cv–08394

The Honorable Christina A. Snyder, United States District Court, Central District of California (May 3, 2016):  The Court finds that the Notice provided to the Settlement Class pursuant to

the Settlement Agreement and the Preliminary Approval Order has been successful, was the best notice practicable under the circumstances and (1) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and the rules of the Court.

### FERRERA, ET AL. v. SNYDER'S-LANCE, INC.
### Case No. 0:13-cv-62496

The Honorable Joan A. Lenard, United States District Court, Southern District of Florida (February 12, 2016):  The Court approves, as to form and content, the Long-Form Notice and Short- Form Publication Notice attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits 1 and 2 to the Stipulation of Settlement. The Court also approves the procedure for disseminating notice of the proposed settlement to the Settlement Class and the Claim Form, as set forth in the Notice and Media Plan attached to the Memorandum in Support of Motion for Preliminary Approval of Class Action Settlement as Exhibits G. The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

### IN RE: POOL PRODUCTS DISTRIBUTION MARKET ANTITRUST LITIGATION
### MDL No. 2328/Case No. 2:12-md-02328

The Honorable Sarah S. Vance, United States District Court, Eastern District of Louisiana (December 31, 2014):  To make up for the lack of individual notice to the remainder of the class, the parties propose a print and web-based plan for publicizing notice. The Court welcomes the inclusion of web- based forms of communication in the plan. The Court finds that the proposed method of notice satisfies the requirements of Rule 23(c)(2)(B) and due process. The direct emailing of notice to those potential class members for whom Hayward and Zodiac have a valid email address, along with publication of notice in print and on the web, is reasonably calculated to apprise class members of the settlement. Moreover, the plan to combine notice for the Zodiac and Hayward settlements should streamline the process and avoid confusion that might otherwise be caused by a proliferation of notices for different settlements. Therefore, the Court approves the proposed notice forms and the plan of notice.

### SOTO, ET AL. v. THE GALLUP ORGANIZATION, INC.
### Case No. 0:13-cv-61747

The Honorable Marcia G. Cooke, United States District Court, Southern District of Florida (June 16, 2015):  The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D. The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall

constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

*OTT v. MORTGAGE INVESTORS CORPORATION OF OHIO, INC.*
**Case No. 3:14-cv-00645**
The Honorable Janice M. Stewart, United States District Court, District of Oregon (July 20, 2015): The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

# EXHIBIT 1-C

# SUMMARY NOTICE OF SETTLEMENT

*This is a Court approved Legal Notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

*Para el notificación en Español visite nuestro sitio web.*

United States District Court for the Northern District of California
*In re: Facebook, Inc. Consumer Privacy User Profile Litigation*,
Case No. 3:18-md-02843-VC
[Settlement Website URL]

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

_____

# If you were a Facebook user in the United States between May 24, 2007, and December 22, 2022, inclusive, you may be eligible for a cash payment from a Class Action Settlement.

_____

**What Is the Lawsuit About?**
Numerous lawsuits were brought on behalf of Facebook users who allege that Facebook, Inc. (now Meta Platforms, Inc.) shared or otherwise made accessible to third parties (including but not limited to third-party app developers, "whitelisted" parties, business partners, advertisers, and data brokers) user data and data about users' friends without permission of the users whose data was shared, and did not sufficiently monitor or enforce third-party access to or use of that data. Settlement Class Members include all Facebook users in the United States between May 24, 2007, and December 22, 2022, inclusive (the "Class Period"). Meta expressly denies any liability or wrongdoing.

**Who Is Part of the Settlement Class?**
The Settlement Class includes all Facebook users in the United States between May 24, 2007, and December 22, 2022, inclusive.

**What Does the Settlement Provide?**
**If the Settlement is approved by the Court, Meta will establish a Settlement Fund of seven hundred twenty-five million dollars ($725,000,000.00)**. The Settlement Fund will be used to pay all valid claims submitted by the Settlement Class Members, as well as notice and administration expenses, any attorneys' fees and costs, and any Service Awards for the Settlement Class Representatives.

**How Do I Submit a Claim and Get a Cash Payment?**
Claim Forms may be submitted online at [**INSERT WEBSITE**] **by 11:59 p.m. PST on** [**INSERT CLAIMS SUBMISSION DEADLINE**] or printed from the Settlement Website and mailed to the Settlement Administrator at: [**INSERT ADDRESS**] postmarked by [**INSERT CLAIMS SUBMISSION DEADLINE**]. You may also contact the Settlement Administrator to request a Claim

Form by telephone [**INSERT PHONE NUMBER**], by email [**INSERT EMAIL**], or by U.S. mail at [**INSERT ADDRESS**].

### Do I Have a Lawyer in the Case?

The Court has appointed Derek W. Loeser of Keller Rohrback L.L.P. and Lesley E. Weaver of Bleichmar Fonti & Auld LLP to represent the Settlement Class as Class Counsel.

### Your Other Options

If you are a Settlement Class Member and you do nothing, your rights will be affected, and you will not receive a Settlement payment. If you do not want to be legally bound by the Settlement, you must exclude yourself from it by opting out. The deadline to exclude yourself is [**INSERT OPT OUT DEADLINE**].

Unless you exclude yourself, you will give up any right to sue Facebook based on the legal and factual issues that this Settlement resolves. If you exclude yourself, you cannot get a payment from this Settlement.

If you stay in the Settlement (i.e., do not exclude yourself), you may object to the Settlement or Class Counsel's fees by [**INSERT OBJECTION DEADLINE**]. You can give reasons why you think the Court should not approve it. The Court will consider your views. You can't ask the Court to order a different Settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

More information can be found in the Frequently Asked Questions and Class Action Settlement Agreement and Release, which are available at [**INSERT WEBSITE**]. If you have additional questions, you may contact the Settlement Administrator.

### The Court's Final Approval Hearing

The Court has scheduled a Final Approval Hearing at [**INSERT TIME**] PST on [**INSERT FINAL APPROVAL HEARING DATE**]. The hearing will proceed in person or by video conference. Please check the Settlement Website often to confirm the date, time and location. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve it. The Court will also consider whether to approve Class Counsel's request for an award of attorneys' fees and expenses, as well as the Settlement Class Representatives' Service Awards. If there are objections, the Court will consider them.

**This Notice is only a summary. For more detailed information about the Settlement: Please call [INSERT PHONE NUMBER] or visit [INSERT WEBSITE]**

# EXHIBIT 1-D

# NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

*This is a Court approved Legal Notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

*Para el notificación en Español visite nuestro sitio web.*

United States District Court for the Northern District of California

*In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC

## <u>NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION</u>

---

## If you were a Facebook user in the United States between May 24, 2007, and December 22, 2022, inclusive, you may be eligible for a cash payment from a Class Action Settlement.

---

- A Settlement[1] has been reached between Defendant Facebook, Inc., now known as Meta Platforms, Inc., ("Meta" or "Defendant") and Plaintiffs in a class action lawsuit pending in the United States District Court for the Northern District of California.

- You are included in this Settlement as a Settlement Class Member if you were a Facebook user in the United States between May 24, 2007, and December 22, 2022, inclusive.

- The lawsuit is known as *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.). Defendant denies that it violated any law but has agreed to the Settlement to avoid the costs and risks associated with continuing this case.

- Your rights are affected whether you act or don't act. Please read this Notice carefully.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive a cash payment from this Settlement is by submitting a timely and properly completed Claim Form that obtains approval from the Settlement Administrator. The Claim Form must be submitted no later than [**CLAIMS SUBMISSION DEADLINE**]. <br><br> You can submit your Claim Form online at [**INSERT WEBSITE**] or download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may | [**DEADLINE DATE**] |

---

[1] All capitalized terms not defined in this document have the same meaning as in the Settlement Agreement, which can be viewed at [**INSERT WEBSITE**].

1

**Questions? Call [INSERT PHONE NUMBER] Toll-Free or Visit [INSERT WEBSITE]**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| | also call the Settlement Administrator to receive a paper copy of the Claim Form.<br><br>If your claim is approved by the Settlement Administrator, you will give up the right to sue the Defendant in a separate lawsuit about the legal claims or factual allegations this Settlement resolves.<br><br>For more information see **Question 10.** | |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims and factual allegations resolved by this Settlement. You can choose to hire your own legal counsel at your own expense.<br><br>For more information see **Question 16.** | **[DEADLINE DATE]** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for a payment.<br><br>For more information see **Question 17.** | **[DEADLINE DATE]** |
| **DO NOTHING** | Unless you opt out of the settlement, you are automatically part of the Settlement. If you do nothing, you will not get a payment from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims or factual allegations resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ............................................................................................................... 3

WHO IS IN THE SETTLEMENT ................................................................................................ 4

THE SETTLEMENT BENEFITS ................................................................................................. 4

HOW TO GET A PAYMENT—MAKING A CLAIM ................................................................ 5

THE LAWYERS REPRESENTING YOU .................................................................................... 6

EXCLUDING YOURSELF FROM THE SETTLEMENT ........................................................... 7

COMMENTING ON OR OBJECTING TO THE SETTLEMENT ............................................. 7

**Questions? Call [INSERT PHONE NUMBER] Toll-Free or Visit [INSERT WEBSITE]**

The Court's Final Approval Hearing ................................................................................... 9

If I Do Nothing ..................................................................................................................... 9

Getting More Information ..................................................................................................... 9

## BASIC INFORMATION

### 1. Why was this Notice issued?

A federal court authorized this Notice because you have a right to know about the proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

For information on how to determine if you are a Settlement Class Member, and therefore eligible for benefits under this settlement, see **Question 5**.

### 2. What is this lawsuit about?

Numerous lawsuits were brought on behalf of Facebook users who allege that Facebook (now Meta Platforms, Inc.) shared or otherwise made accessible to third parties (including but not limited to third-party app developers, "whitelisted" parties, business partners, advertisers, and data brokers) user data and data about users' friends without permission of the users whose data was shared, and did not sufficiently monitor and enforce third-party access or use of that data. The Honorable Vince Chhabria of the United States District Court for the Northern District of California was appointed to oversee these lawsuits, which have been consolidated as *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.). The people that filed this lawsuit are called the "Plaintiffs" and the company they sued, Facebook, Inc. (now Meta Platforms, Inc.) is called the "Defendant." Settlement Class Members include all Facebook users in the United States between May 24, 2007, and December 22, 2022, inclusive. Meta expressly denies any liability or wrongdoing.

### 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are known as "class representatives." Together, the people included in the class action are called a "class" or "class members." One court resolves the lawsuit for all class members, except for those who opt out from a settlement. In this Settlement, the Settlement Class Representatives are Plaintiffs Steven Akins, Jason Ariciu, Anthony Bell, Bridgett Burk, Terry Fischer, Tyler King, Jordan O'Hara, and Cheryl Senko.

### 4. Why is there a Settlement?

3

Questions? Call [**INSERT PHONE NUMBER**] Toll-Free or Visit [**INSERT WEBSITE**]

The Court did not decide in favor of Plaintiffs or Defendant. Defendant denies all claims and that it violated any law. Plaintiffs and Defendant agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Settlement Class Members to receive payments from the Settlement. The Settlement Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT?

### 5. Who is in the Settlement?

The Settlement Class includes all Facebook users in the United States between May 24, 2007, and December 22, 2022, inclusive (the "Class Period").

You may file a claim if you were a Facebook user in the United States between May 24, 2007, and December 22, 2022, inclusive. Each Settlement Class Member may only file one claim.

### 6. Are there exceptions to being included?

Yes. The Settlement Class does not include: (i) all persons who are directors, officers, legal representatives, alleged co-conspirators, and agents of Defendant or its wholly or partly owned subsidiaries or affiliated companies or employees of Defendant or its subsidiaries and affiliated companies; (ii) counsel for any plaintiff whose case was consolidated into this MDL and their employees, including but not limited to Class Counsel for Plaintiffs and their employees; (iii) the Special Master, Discovery Mediators, and Settlement Mediator who participated in this case and their staff; and the Judges and Court staff, as well as any appellate court to which this matter is ever assigned; and (iv) eligible persons who elect to opt out of the Settlement Class.

You may file a claim if you were a Facebook user in the United States between May 24, 2007, and December 22, 2022, inclusive.

If you are not sure whether you are included in the Settlement Class, you can ask for free help by emailing the Settlement Administrator at **[INSERT EMAIL]** or calling the Settlement Administrator at **[INSERT PHONE NUMBER]**. You may also view the Settlement Agreement at **[INSERT WEBSITE]**.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

If the Settlement is approved by the Court, Meta will establish a Settlement Fund of seven hundred twenty-five million dollars ($725,000,000.00) to pay all valid claims submitted by the Settlement Class Members, as well as notice and administration expenses, any attorneys' fees and costs, and any Service Awards for the Settlement Class Representatives.

**Questions? Call [INSERT PHONE NUMBER] Toll-Free or Visit [INSERT WEBSITE]**

## 8. How much will my payment be?

The answer depends on how many Settlement Class Members submit valid claims and how long you were a user on Facebook during the Class Period.

First, the total amount distributed will be the Settlement Fund minus the Administrative Costs, any amount awarded by the Court as fees and costs to Class Counsel, and any Service Awards to the Settlement Class Representatives. The resulting amount is called the "Net Settlement Fund." The Net Settlement Fund is the amount of money available to be distributed to Settlement Class Members.

Next, the Net Settlement Fund will be allocated to Settlement Class Members who submit valid claims, also called "Authorized Claimants." The Settlement Administrator will assign each Authorized Claimant one point for each month in which the Authorized Claimant had an activated Facebook account during the Class Period.

After the deadline for submitting a claim (see **Question 11** below), the Settlement Administrator will add up all the points assigned to all the Authorized Claimants and divide the Net Settlement Amount by that number. The result will be the amount of the Net Settlement Fund available for each point. Each Authorized Claimant will receive that per-point amount multiplied by the number of points they were assigned.

## 9. What claims am I releasing if I stay in the Settlement Class?

Unless you exclude yourself from the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendant about any of the legal claims this Settlement resolves or the factual allegations on which this case is based. The "Released Claims" section in the Settlement Agreement describes the legal claims that you give up ("release") if you remain in the Settlement Class. The Settlement Agreement can be found at [**INSERT WEBSITE**].

### HOW TO GET A PAYMENT—MAKING A CLAIM

## 10. How do I submit a claim and get a cash payment?

You may file a claim if you were a Facebook user in the United States between May 24, 2007 and December 22, 2022, inclusive.

Claim Forms may be submitted online at [**INSERT WEBSITE**] or printed from the Settlement Website and mailed to the Settlement Administrator at: [**INSERT ADDRESS**].

You may also contact the Settlement Administrator to request a Claim Form by telephone [**INSERT PHONE NUMBER**], by email [**INSERT EMAIL**], or by U.S. mail at [**INSERT ADDRESS**].

**Questions? Call [INSERT PHONE NUMBER] Toll-Free or Visit [INSERT WEBSITE]**

## 11. What is the deadline for submitting a claim?

If you submit a claim by U.S. mail, the completed and signed Claim Form must be postmarked by [**INSERT CLAIMS SUBMISSION DEADLINE**]. If submitting a Claim Form online, you must do so by **11:59 p.m. PST on** [**INSERT CLAIMS SUBMISSION DEADLINE**].

## 12. When will I get my payment?

The Court has scheduled a Final Approval Hearing for the Settlement of this case on [**INSERT FINAL APPROVAL HEARING DATE**] at [**INSERT FINAL APPROVAL HEARING TIME**] PST to consider: (1) whether to approve the Settlement; (2) any objections to the Settlement or any of its terms submitted to the Court; (3) the requests for awards to the Settlement Class Representatives; and (4) the request for an award of attorneys' fees and costs to Class Counsel for their work in this litigation. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement payments will be distributed as soon as possible if the Court grants Final Approval of the Settlement and after any appeals are resolved.

The briefs and declarations in support of the Final Approval of the Settlement and the requests described above will be posted on the Settlement Website, [**INSERT WEBSITE**], after they are filed. You may ask to appear at the Final Approval Hearing but you do not have to appear. The date and time of the Final Approval Hearing is also subject to modification by the Court. Please review the Settlement Website for any updated information regarding the Final Approval Hearing.

### THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in the case?

Yes. The Court has appointed Derek W. Loeser of Keller Rohrback L.L.P. and Lesley E. Weaver of Bleichmar Fonti & Auld LLP to represent the Settlement Class as Class Counsel. You will not be charged for their services.

| | |
|---|---|
| Derek W. Loeser | Lesley E. Weaver |
| Keller Rohrback L.L.P. | Bleichmar Fonti & Auld LLP |
| 1201 Third Ave., Suite 3200 | 555 12th Street, Suite 1600 |
| Seattle, WA 98101 | Oakland, CA 94607 |

## 14. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel works for you. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Questions? Call [INSERT PHONE NUMBER] Toll-Free or Visit [INSERT WEBSITE]**

## 15. How will the lawyers be paid?

Class Counsel will ask the Court for an award of attorneys' fees not to exceed 25% of the Settlement Fund, as well as reasonable expenses incurred in the litigation. They will also ask the Court to approve a Service Award for each of the Settlement Class Representatives not to exceed $15,000 each. The Court may award less than these amounts. If approved, these fees, expenses and awards will be paid from the Settlement Fund.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

## 16. How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to separately sue the Defendant about the legal issues or factual allegations in this case, you must take steps to exclude yourself from the Settlement Class. This is called "opting out" of the Settlement Class. The deadline for requesting to opt out is **[INSERT OPT OUT DEADLINE]**.

To exclude yourself from the Settlement, you can submit a written request for exclusion that includes the following information: (i) the case name of the Action, *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.); (ii) your name and current address; (iii) your personal signature; (iv) a statement clearly indicating your intent to be excluded from the Settlement (the request can only be made for you, not on another person's behalf unless made by a person who has legal guardianship); (v) your Facebook account URL (if reasonably available) and the email address and telephone number associated with your Facebook account; and (vi) a statement that you were a Facebook user during the Class Period.

**[INSERT SETTLEMENT ADMIN ADDRESS]**

If you exclude yourself, you are stating to the Court that you do not want to be part of the Settlement. You will not be eligible to receive a payment if you exclude yourself. You may only exclude yourself – not any other person, unless that person is under your legal guardianship (such as a minor child). Opt-out requests seeking exclusion on behalf of more than one individual will be found invalid by the Settlement Administrator.

If submitted electronically, your request to opt-out must be submitted no later than 11:59 p.m. PST on or before **[INSERT OPT OUT DEADLINE], 2023**.

If submitted by U.S. mail, the written request to opt-out must be postmarked no later than **[INSERT OPT OUT DEADLINE], 2023**.

### COMMENTING ON OR OBJECTING TO THE SETTLEMENT

## 17. How do I tell the Court if I like or do not like the Settlement?

7

Questions? Call **[INSERT PHONE NUMBER]** Toll-Free or Visit **[INSERT WEBSITE]**

If you are a Settlement Class Member, you can choose to object to the Settlement if you do not like it or a portion of it. You can ask the Court to deny approval by filing an objection. You can give reasons why you think the Court should not approve it. The Court will consider your views. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

Any comments or objections from Settlement Class Members regarding the proposed Settlement Agreement must be submitted in writing to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California; or by filing them in person at any location of the United States District Court for the Northern District of California, and they must be filed or postmarked on or before [**INSERT OBJECTION DEADLINE**].

**Class Action Clerk**
**United States District Court for the Northern District of California**
**450 Golden Gate Avenue, Box 36060**
**San Francisco, CA 94102-3489**

Your objection must include: (i) the case name and number: *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.); (ii) your full name, address, telephone number, and email address; (iii) your Facebook account URL (if reasonably available) and the email address associated with your Facebook account; (iv) the full name, address, telephone number, and email address of your counsel (if you are represented by counsel); (v) a statement that you were a Facebook user during the Class Period and the dates of such use; (vi) a statement of whether your objection applies only to you, to a specific subset of the class, or to the entire class; (vii) a statement of the number of times in which you (and, where applicable, your counsel) have objected to a class action settlement, along with the caption of each case in which you (or your counsel) made such objection; (viii) a statement of whether the objector has sold or otherwise transferred the right to their recovery in this Action to another person or entity, and, if so, the identity of that person or entity; (ix) a statement of the specific grounds for the objection, including any legal or factual support and any evidence in support of the objection; (x) a statement of whether you intend to appear at the Final Approval Hearing, and if so, whether personally or through counsel; and (xi) your signature. These requirements may be excused by the Court upon a showing of good cause.

You or your attorney may speak at the Final Approval Hearing about your objection. To do so, you must include a statement in your objection indicating whether you or your attorney intend to appear at the Final Approval Hearing.

## 18. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

| 19. When is the Court's Final Approval Hearing? |
|---|

The Court has scheduled a Final Approval Hearing at [**INSERT TIME**] PST on [**INSERT FINAL APPROVAL HEARING DATE**]. If the hearing proceeds **in person**, it will be held at the San Francisco Courthouse, Courtroom 4—17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102. If the Court holds the hearing **by video conference**, you will find a link to the video conference at the following address: https://www.cand.uscourts.gov/judges/chhabria-vince-vc/.

At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve Class Counsel's request for an award of attorneys' fees and expenses, as well as the Settlement Class Representatives' Service Awards. If there are objections, the Court will consider them. Judge Chhabria will listen to people who have asked to speak at the hearing (see **Question 17** above). After the hearing, the Court will decide whether to approve the Settlement.

The date or time of the Final Approval Hearing may change. Please check the Settlement Website, [**INSERT WEBSITE**], for any updates, and to find out whether the Final Approval Hearing will be held in person or by video conference.

| 20. Do I have to come to the Final Approval Hearing? |
|---|

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you file an objection, you do not have to come to the Final Approval Hearing to talk about it. If you file your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but such attendance is not necessary for the Court to consider your objection if it was filed on time.

### IF I DO NOTHING

| 21. What happens if I do nothing at all? |
|---|

If you are a Settlement Class Member and you do nothing, you will give up the rights explained in **Question 9**, including your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendant and the Released Parties about the legal issues or factual allegations resolved by this Settlement. In addition, you will not receive a payment from this Settlement.

### GETTING MORE INFORMATION

| 22. How do I get more information? |
|---|

Questions? Call [**INSERT PHONE NUMBER**] Toll-Free or Visit [**INSERT WEBSITE**]

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at the Settlement Website, [**INSERT WEBSITE**].

If you have additional questions, you may contact the Settlement Administrator by email, phone, or mail:

Email: [**INSERT SETTLEMENT ADMINISTRATOR EMAIL**]

Toll-Free: [**INSERT SETTLEMENT ADMINISTRATOR PHONE NUMBER**]

Mail: [**INSERT SETTLEMENT ADMINISTRATOR MAILING ADDRESS**]

Publicly filed documents can also be obtained by:
- accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov;
- reviewing the Court's online docket: https://www.cand.uscourts.gov/judges/chhabria-vince-vc/in-re-facebook-inc-consumer-privacy-user-profile-litigation/; or
- visiting the office of the Clerk of the United States District Court for the Northern District of California at: Office of the Clerk, United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102-3489 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

***Please do not telephone the Court, the Clerk's Office, or Meta to inquire about the Settlement or the Claims Process.***

# EXHIBIT 1-E

# IN-APP NOTICE OF SETTLEMENT



# EXHIBIT 1-F

# CLAIM FORM

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA
*In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-MD-02843-VC
Website URL

## CLAIM FORM INSTRUCTIONS

This Claim Form is for Settlement Class Members.  The Settlement Class includes the following: All Facebook users in the United States between May 24, 2007 and December 22, 2022.  To receive a payment from the Settlement, you must complete and submit this form.

## How To Complete This Claim Form

1. There are two ways to submit this Claim Form to the Settlement Administrator: (a) online at [INSERT Website URL]; or (b) by U.S. Mail to the following address: Facebook Consumer Privacy User Profile Litigation, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.  Your Claim Form must be submitted by [**CLAIM SUBMISSION DEADLINE DATE**]. If you submit your claim by U.S. mail, make sure the completed and signed Claim Form is postmarked by [**CLAIM SUBMISSION DEADLINE DATE**].

2. You must complete the entire Claim Form.  Please type or write your responses legibly.

3. If your Claim Form is incomplete or missing information, the Settlement Administrator may contact you for additional information.  If you do not respond by the deadline provided by the Settlement Administrator for you to supply any such additional information, your claim will not be processed, and you will waive your right to receive money under the Settlement.

4. You may only submit one Claim Form.

5. Submission of the Claim Form does not guarantee payment.  Your Claim Form must be approved by the Settlement Administrator.

6. If you have any questions, please contact the Settlement Administrator by email at [**INSERT EMAIL ADDRESS**], by telephone at 1-XXX-XXX-XXXX, or by U.S. mail at the address listed above.

7. **You must notify the Settlement Administrator if your contact or payment information changes after you submit your Claim Form.  If you do not, even if you submit a valid claim under the Settlement, you may not receive your Settlement payment.**

8. **DEADLINE --** If you submit a claim by U.S. mail, the completed and signed Claim Form must be postmarked by [**CLAIM SUBMISSION DEADLINE DATE**].  If submitting a Claim Form online, you must do so by [**CLAIM SUBMISSION DEADLINE DATE**].

<table>
<tr><td>Your claim must be submitted online or postmarked by: **Deadline Date**</td><td>**UNITED STATES DISTRICT COURT**<br>**NORTHERN DISTRICT OF CALIFORNIA**<br>*In re: Facebook, Inc. Consumer Privacy User Profile Litigation*<br>Case No. 3:18-MD-02843-VC<br>Website URL</td><td>**FCP**</td></tr>
</table>

# Claim Form

## I. YOUR CONTACT INFORMATION

Provide your name and contact information below.  You must notify the Settlement Administrator if your contact information changes after you submit this form.  NOTE: The personal information you provide below will be processed only for purposes of effectuating the Settlement.

|  |  |
|---|---|
| **First Name** | **Last Name** |

**Street Address**

| | | |
|---|---|---|
| **City** | **State** | **Zip Code** |

| | |
|---|---|
| **Current Phone Number** | **Email Address** |

## II. DETAILS

| | |
|---|---|
| Did you reside in the United States at any time between May 24, 2007 and December 22, 2022, inclusive? | Yes ☐<br><br>No ☐ |
| Were you a Facebook user at any time between May 24, 2007 and December 22, 2022? | Yes ☐<br><br>No ☐ |

Enter the email address(es), phone number(s), and/or username(s) associated with your Facebook account between May 24, 2007 and December 22, 2022:

Email(s):

1. _____
2. _____
3. _____

2

Phone Number(s):

1. _____

2. _____

3. _____

Username(s):

*This information can be found on the Facebook mobile application or the website by navigating to "Account" > "Settings and Privacy" > "General Account Settings" > "Username."*

1. _____

2. _____

3. _____

4. _____

5. _____

| | |
|---|---|
| ***IF YOU CURRENTLY HAVE A FACEBOOK ACCOUNT, YOU DO <u>NOT</u> NEED TO ANSWER THIS QUESTION AND CAN PROCEED TO SECTION III.***<br><br>***If you were a Facebook user at any time between May 24, 2007 and December 22, 2022, but have since <u>deleted</u> your account:***<br><br>Provide the date range you were a Facebook user.<br><br>Enter dates as MM/YY (e.g., 01/10 for January 2010). | Start Date:<br><br>__ __ / __ __<br>MM   YY<br><br>End Date:<br><br>__ __ / __ __<br>MM   YY |

## III. PAYMENT SELECTION (choose one)

Please select **<u>one</u>** of the following payment options:

☐ **Prepaid Mastercard –** Enter the **email address** where you will receive the Prepaid Mastercard:

_____

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Zelle -** Enter the **email address or mobile number** associated with your Zelle account:

_____

☐ **Physical Check -** Payment will be mailed to the address provided above.

3

## IV.  VERIFICATION AND ATTESTATION UNDER OATH

By signing below and submitting this Claim Form, I hereby swear under penalty of perjury that I am the person identified above and the information provided in this Claim Form is true and correct.


_____          Date: _____

Your signature                                                                    MM          DD          YYYY


_____

Your name


### <u>REMINDER CHECKLIST</u>

1.  Please make sure you answered all the questions on the Claim Form. Be sure to select only **<u>one</u>** payment option.

2.  Please make sure that you signed and dated the Claim Form.

3.  Please keep a copy of your completed claim form for your own records.

4.  Mail your completed Claim Form to: Facebook Consumer Privacy User Profile Litigation, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103

# EXHIBIT 1-G

# [PROPOSED]
# FINAL APPROVAL ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(E)(2); AWARDING ATTORNEYS' FEES, EXPENSES, AND NAMED PLAINTIFF SERVICE AWARDS**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom 4, 17th Floor<br>Hearing Date: [DATE], 2023<br><br>Time: [TIME] |

WHEREAS, Plaintiffs Steven Akins, Jason Ariciu, Anthony Bell, Bridgett Burk, Terry Fischer, Tyler King, Jordan O'Hara, and Cheryl Senko (together, "Settlement Class Representatives"), and Defendant Facebook, Inc., now known as Meta Platforms, Inc. ("Meta") (collectively the "Parties"), entered into a Class Action Settlement Agreement and Release (the "Settlement Agreement") on December 22, 2022 (ECF No. ____), which, together with the exhibits and appendices thereto, sets forth the terms and conditions for a proposed resolution of this Action and for its dismissal with prejudice;

WHEREAS, by order dated _____, 202__, the Court granted preliminary approval of the Settlement between the parties in the Action, ordering notice to Settlement Class Members through both in-app notice and publication notice through a comprehensive media plan, and providing Settlement Class Members with an opportunity either to exclude themselves from the Settlement Class or to object to the Settlement (ECF No. ____);

WHEREAS, by order dated ____, 202_, the Court also provisionally certified the Settlement Class for settlement purposes only, finding that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that the Settlement Class Representatives and Class Counsel are adequate representatives of the Settlement Class (*id.*);

WHEREAS, the Court held a Final Approval Hearing on _____, 2023, to consider approval of this Settlement;

WHEREAS, the Court has considered the Settlement Agreement, the record in this Action, and the Parties' arguments and authorities;

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:

1.      All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement unless stated otherwise herein or in the Court's Order Granting Preliminary Approval of the Settlement.

2.      The Court has jurisdiction over this Action and the Parties.

1

3.      The Court finds that the Notice Plan constituted the best notice practicable under the circumstances to all Settlement Class Members and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

4.      The Court finds that, for purposes of the Settlement only, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied and certifies the following Settlement Class:

> All Facebook users in the United States between May 24, 2007, and December 22, 2022, inclusive.

Excluded from the Settlement Class are (i) Meta and its employees, alleged co-conspirators, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies; (ii) counsel for any plaintiff whose case was consolidated into this MDL and their employees, including but not limited to the undersigned counsel for Plaintiffs and the undersigned counsel's employees; (iii) the Discovery Mediators, Special Master, and Settlement Mediator who participated in this case and their staff; and (iv) the Judges and Court staff to whom this Action is or was assigned.

5.      Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval of the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members based on the following factors, among other things:

> a.      There is no fraud or collusion underlying this Settlement, and it was reached as a result of extensive arm's length negotiations and mediation sessions with a respected mediator.  *See, e.g., Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 948 (9th Cir. 2011) (presence of a neutral mediator is a factor weighing in favor of a finding of noncollusiveness).  Despite the mediator's presence, the Court has performed its own, independent analysis of the Settlement's fairness, reasonableness, and adequacy pursuant to Federal Rule of Civil Procedure 23(e)(2).  *See Briseño v. Henderson*, 908 F.3d 1014, 1021 (9th Cir. 2021).

2

b.   The complexity, expense, and likely duration of the litigation favor settlement—which provides meaningful benefits on a shorter time frame than otherwise possible—on behalf of the Settlement Class Members.  *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 820 (9th Cir. 2012) (affirming the district court's approval of a settlement where class counsel "reasonably concluded that the immediate benefits represented by the Settlement outweighed the possibility—perhaps remote—of obtaining a better result at trial"); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned").  Based on the stage of the proceedings and the amount of investigation and discovery completed, the Parties have developed a sufficient factual record to evaluate their chances of success at trial and the proposed Settlement.

c.   The support of Class Counsel and the Settlement Class Representatives, who have participated in this litigation and evaluated the proposed Settlement, also favor final approval.  *See Class Plaintiffs*, 955 F.2d at 1294; *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979).

d.   The Settlement provides meaningful relief to the Settlement Class and falls within the range of reasonable possible recoveries by the Settlement Class Members.

6.   Upon the Effective Date: (i) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Representatives and Settlement Class Members; and (ii) Settlement Class Representatives and Settlement Class Members stipulate to be and shall be permanently barred from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.  Likewise, upon the Effective Date, Defendant and each of the other Released Parties shall be deemed by operation of law to have released, waived, discharged and dismissed each and every claim relating to the institution or prosecution of the Action by Settlement Class Representatives, Class Counsel and the Settlement Class.  Accordingly, the

3

Settlement shall terminate the Action. Notwithstanding the foregoing, the release shall not include any claims related to the enforcement of the Settlement, Pretrial Order No. 10 (Protective Order) or Plaintiffs' pending motion for sanctions, including but not limited to ECF Nos. 122, 878, 911, 922, 984, 1000, 1008, 1061, 1063, 1079, ___.

7.      The Court finds that an award of attorneys' fees and expenses is appropriate pursuant to Federal Rule of Civil Procedure 23(e)(2)(C)(iii) and therefore approves such award in an amount, manner and timing as set forth in the Court's separate Order on Class Counsel's motion for Attorneys' Fees and Expenses Award and Service Awards.

8.      Lead Counsel shall distribute the Attorneys' Fees and Expenses Award among Settlement Class Counsel and non-class counsel the Court approved for limited work. ECF No. 433. The amount of the distribution shall be calculated by Class Counsel, subject to the Court's oversight, in accordance with ECF No. 121. No other counsel will be entitled to an independent award of attorneys' fees or expenses.

9.      The Court finds that the payment of Service Awards to the Settlement Class Representatives is fair and reasonable and therefore approves such payment as set forth in the Court's separate Order on Class Counsel's motion for Attorneys' Fees and Expenses Award and Service Awards.

10.     Ten percent of Class Counsel's awarded attorneys' fees shall remain in the Settlement Fund until after Class Counsel files a Notice of Completion of Duties and the Court authorizes the release to Class Counsel of the attorneys' fees remaining in the Settlement Fund.  Class Counsel shall file the Notice of Completion of Duties only after substantially all of the Settlement Fund has been distributed to the Class and administration of the Settlement is substantially complete.  The Notice of Completion of Duties shall generally describe the results of the Settlement administration process, including the total cost of administration, noting the portion of these costs paid by Meta.

11.     The Action, and all claims asserted therein, is settled and dismissed on the merits with prejudice.

12.     Consummation of the Settlement shall proceed as described in the Settlement Agreement, and the Court reserves jurisdiction over the subject matter and each Party to the Settlement

4

with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of any of the terms thereof at the instance of any Party and resolution of any disputes that may arise relating to the implementation of the Settlement or this Order.

13.    In the event that any applications for relief are made, such applications shall be made to the Court.  To avoid doubt, the Final Judgment applies to and is binding upon the Parties, the Settlement Class Members, and their respective heirs, successors, and assigns.

14.    The Settlement and this Order are not admissions of liability or fault by Meta or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Meta or the Released Parties.  To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by, the Released Parties.

15.    Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Settlement or this Order, or to defend against the assertion of released claims in any other proceeding, or as otherwise required by law.

16.    As provided in the Settlement Agreement, the parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements within 21 days after the distribution of the Net Settlement Fund, and payment of Attorneys' Fees or Expenses and/or Service Awards to Class Settlement Representatives, if any. The Court SETS a compliance deadline of [INSERT COMPLIANCE DEADLINE] to verify timely filing of the post-distribution accounting.  The Parties may request a continuance of this deadline if the Net Settlement fund has not been distributed 14 days before the compliance deadline.

[CHART OF SETTLEMENT ADMINISTRATION DEADLINES TO BE INSERTED]

//

//

//

//

//

5

IT IS SO ORDERED.


DATED: _____ , 2023

_____
Hon. Vince Chhabria
United States District Judge

6

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 23(E)(2); AWARDING ATTORNEYS' FEES, EXPENSES, AND NAMED
PLAINTIFF SERVICE AWARDS; AND ENTERING FINAL JUDGMENT - CASE NO. 3:18-MD-02843-VC

# EXHIBIT 1-H

# [PROPOSED]
# FINAL JUDGMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, | CASE NO. 3:18-MD-02843-VC |
| | **[PROPOSED] FINAL JUDGMENT** |
| This document relates to: | |
| ALL ACTIONS | |

On _____, the Court signed and entered its Order Granting Final Approval of Class Action Settlement and its Order on Class Counsel's Motion for Attorneys' Fees and Expenses and Service Awards (ECF Nos. ___) (the "Final Approval Order" and the "Order on Motion for Attorneys' Fees and Expenses and Service Awards") in the above-captioned matter as to the following class of persons:

> All Facebook users in the United States between May 24, 2007, and December 22, 2022, inclusive.

JUDGMENT IS HEREBY ENTERED, pursuant to Federal Rule of Civil Procedure 58, as to the specified class of persons (excluding the individuals who validly and timely requested exclusion from the Settlement Class, as identified in the Final Approval Order); Settlement Class Representatives Steven Akins, Jason Ariciu, Anthony Bell, Bridgett Burk, Terry Fischer, Tyler King, Jordan O'Hara, and Cheryl Senko; and Defendant Facebook, Inc. (now known as Meta Platforms, Inc.) on the terms and conditions of the Settlement Agreement approved by the Court's Final Approval Order.

1.     For purposes of this Order, the Court adopts the terms and definitions set forth in the Settlement Agreement unless otherwise defined in the Preliminary Approval Order or Final Approval Order.

2.     Payments to Settlement Class Members under the Settlement Agreement shall be made as outlined in the Final Approval Order and Settlement Agreement.

3.     Upon the Effective Date: (i) the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Representatives and Settlement Class Members; and (ii) Settlement Class Representatives and Settlement Class Members stipulate to be and shall be permanently barred from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

4.     Likewise, upon the Effective Date, Defendant and each of the other Released Parties shall be deemed by operation of law to have released, waived, discharged and dismissed each and every claim relating to the institution or prosecution of the Action by Settlement Class Representatives, Class Counsel and the Settlement Class. Notwithstanding the foregoing, the release shall not include any claims relating to the continued enforcement of the Settlement, Pretrial Order No. 10 (Protective Order)

1

or Plaintiffs' pending motion for sanctions, including but not limited to ECF Nos. 122, 878, 911, 922, 984, 1000, 1008, 1061, 1063, 1079, ___.

5.      This Action is settled and dismissed on the merits with prejudice.

6.      Without affecting the finality of this Judgment, the Court reserves jurisdiction over the Settlement Class Representatives, the Settlement Class, Class Counsel, and Defendant as to all matters concerning administration, consummation, and enforcement of the Settlement Agreement.

JUDGMENT APPROVED AS TO FORM.


_____
Hon. Vince Chhabria
United States District Judge


JUDGMENT ENTERED:  _____ , 2023

By: CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT 1-I


# ESCROW AGREEMENT

# ESCROW AGREEMENT

This Escrow Agreement dated December 22, 2022, is made among Keller Rohrback L.L.P. and Bleichmar Fonti & Auld LLP, ("Class Counsel"), Meta Platforms, Inc. ("Meta" or the "Defendant"), Gibson, Dunn & Crutcher LLP ("Defense Counsel"), Angeion Group as Settlement Administrator ("Settlement Administrator"), and **THE HUNTINGTON NATIONAL BANK**, as Escrow agent ("Escrow Agent").

## Recitals

A.      This Escrow Agreement governs the deposit, investment and disbursement of the settlement funds that, pursuant to the Class Action Settlement Agreement and Release (the "Settlement Agreement") dated December 22, 2022 , entered into by, among others, Class Counsel on behalf of the Settlement Class Representatives and the Settlement Class, and Defendant, will be paid to settle the class action captioned *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC (the "Action"), pending in the United States District Court for the Northern District of California (the "Court").

B.      Pursuant to the terms of the Settlement Agreement, the Defendant has agreed to pay or cause to be paid the total amount of Seven Hundred Twenty-Five Million U.S. Dollars and zero cents ($725,000,000.00) in cash (the "Settlement Fund") in settlement of the claims brought against the Defendant in the Action.

C.      The Settlement Fund, less the sum of the Initial Deposit and any Periodic Payment(s)), is to be deposited into the Escrow Account (the "Escrow Amount") and used to satisfy payments to Authorized Claimants, the Attorneys' Fees and Expenses Award, Service Awards, payments for tax liabilities, and other payments and costs pursuant to the terms of the Settlement Agreement.  The terms of the Settlement Agreement control for purposes of this provision.  Any conflict between the Escrow Agreement and the Settlement Agreement will be resolved by referring to the Settlement Agreement.

D.      Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

## Agreement

1.      <u>Appointment of Escrow Agent</u>.  The Escrow Agent is hereby appointed to receive, deposit and disburse the Escrow Amount upon the terms and conditions provided in this Escrow Agreement, the Settlement Agreement and any other exhibits or schedules later annexed hereto and made a part hereof.

2.      <u>The Escrow Account</u>.  The Escrow Agent shall establish and maintain one or more Escrow accounts titled as the Facebook User Profile MDL Litigation Escrow Account (the "Escrow Account").  Pursuant to the Settlement Agreement, the Defendant shall cause the Escrow Amount to be deposited into the Escrow Account consistent with the terms of the Settlement Agreement, within 21 days of entry of the Final Approval Order.  Escrow Agent shall receive the

Escrow Amount into the Escrow Account; the Escrow Amount and all interest accrued thereon shall be referred to herein as the "Escrow Fund." The Escrow Fund shall be held and invested on the terms and subject to the limitations set forth herein, and shall be released by Escrow Agent in accordance with the terms and conditions hereinafter set forth and set forth in the Settlement Agreement and in orders of the Court approving the disbursement of the Escrow Fund.

3. <u>Investment of Escrow Fund</u>. At the written direction of the Settlement Administrator, and consistent with the terms of the Settlement Agreement, Escrow Agent shall invest the Escrow Fund exclusively in the following types of accounts and/or instruments and no other: United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the Federal Deposit Insurance Corporation ("FDIC") or the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in other such instruments at their then-current market rates. Defendant shall not bear any responsibility for or liability related to the investment of the Escrow Fund by the Escrow Agent.

4. <u>Escrow Funds Subject to Jurisdiction of the Court</u>. The Escrow Fund shall remain subject to the jurisdiction of the Court until such time as the Fund shall be distributed, pursuant to the Settlement Agreement and on further order(s) of the Court.

5. <u>Tax Treatment and Reporting</u>.

(a) The Escrow Account shall be treated at all times from and after the date of this Agreement as a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. The Settlement Administrator and, as required by law, Meta or any other Party, shall jointly and timely make such elections as necessary or advisable to fulfill the requirements of such Treasury Regulation, including, if required, the "relation-back election" under Treas. Reg. § 1.468B-1(j)(2). The Settlement Administrator shall prepare, deliver for signature, and file any other document necessary to give effect to the provisions of this Section 5(a). For purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" of the Escrow Account shall be the Settlement Administrator within the meaning of Treas. Reg. § 1.468B-2(k).

(b) The Settlement Administrator shall timely and properly prepare and file any informational and other tax returns, reports, statements and/or forms necessary or advisable with respect to the Escrow Funds and the distributions and payments therefrom and shall obtain any signatures necessary from other parties. Such returns shall include, without limitation, the returns described in Treas. Reg. §1.468B-2(k), and to the extent applicable Treas. Reg. § 1.468B-2(1). Upon written approval by Class Counsel, the Settlement Administrator may engage an accounting firm or tax preparer to assist in the preparation of any tax returns, reports, statements, or forms, or the calculation of any tax payments due.

(c) If a person other than the Settlement Administrator is appointed to serve as the administrator of the qualified settlement fund (within the meaning of Treas. Reg. § 1.468B-2(k)) in accordance with the Settlement Agreement, then such other person shall serve as the

2

administrator pursuant to an agreement that contains terms substantially the same as this Agreement.

        (d)     On or before the date of this Agreement, the Defendant shall have provided Escrow Agent with a properly completed Form W-9.

        (e)     Nothing in this Agreement or the Settlement Agreement shall be interpreted to require Meta to provide, or permit any person to receive or view, Meta's tax returns, tax workpapers, or any other non-public tax or financial information.

        6.     <u>Tax Payments of Escrow Fund</u>.  All Taxes and Tax Expenses (each as defined in the Settlement Agreement) shall be treated as and considered to be a cost of administration of the Escrow Fund, and the Escrow Agent shall timely pay such Taxes and Tax Expenses out of the Escrow Fund without prior order of the Court, as directed by the Settlement Administrator in accordance with this Section 6.  The Tax Expenses shall include the expenses of any accounting firm or tax preparer engaged pursuant to Section 5(b).  The Escrow Fund shall indemnify and hold Meta harmless for any taxes that may be deemed to be payable by Meta by reason of the income earned on the Escrow Fund, and Escrow Agent, as directed by the Settlement Administrator, shall establish such reserves as are necessary to cover the tax liabilities of the Escrow Fund including such indemnity obligation.

        7.     <u>Disbursement Instructions</u>

        (a)     After entry of the Final Approval Order but before the Settlement Agreement becomes Final, distributions for Notice and Administration Costs or Taxes or Tax Expenses must be authorized by (i) an order of the Court, or if an order has not issued, (ii) at the written direction of both Class Counsel and Meta.  No other payments or distributions (whether for claims paid to Settlement Class Members, Service Awards, or Attorneys' Fees and Expenses) will be made from the Settlement Fund unless and until the Settlement Agreement becomes Final.  After the Settlement Agreement becomes Final, payments or distributions may be made in accordance with the Court's Final Approval Order and the terms of the Settlement Agreement, and shall be authorized by Class Counsel.

        (b)     In the event funds transfer instructions are given (other than in writing at the time of execution of this Agreement), whether in writing, by facsimile, e-mail, telecopier or otherwise, Escrow Agent will seek confirmation of such instructions by telephone call back when new wire instructions are established to the person or persons designated in subparagraphs (a) and (b) above only if it is reasonably necessary, and Escrow Agent may rely upon the confirmations of anyone purporting to be the person or persons so designated.  It will not be reasonably necessary to seek confirmation if Escrow Agent receives written letters authorizing a disbursement from both Class Counsel and Meta, as applicable and consistent with the terms of the Settlement Agreement, on their letterhead and signed by Class Counsel, and Meta.  To assure accuracy of the instructions it receives, Escrow Agent may record such call backs.  If Escrow Agent is unable to verify the instructions, or is not satisfied with the verification it receives, it shall not execute the instruction until all issues have been resolved.  The persons and telephone numbers for call backs may be validly changed only in a writing that (i) is signed by the party

changing its notice designations, and (ii) is received and acknowledged by Escrow Agent. Class Counsel and Defense Counsel agree to notify Escrow Agent of any errors, delays or other problems within 30 days after receiving notification that a transaction has been executed. If it is determined that the transaction was delayed or erroneously executed as a result of Escrow Agent's error, Escrow Agent's sole obligation is to pay or refund the amount of such error and any amounts as may be required by applicable law. Any claim for interest payable will be at the then-published rate for United States Treasury Bills having a maturity of 91 days.

(c)     The Escrow Agent shall not be liable for any losses, costs or expenses arising directly or indirectly from the Escrow Agent's reliance upon and compliance with such instructions notwithstanding such instructions conflict or are inconsistent with a subsequent written instruction. The party providing electronic instructions agrees; (i) to assume all risks arising out of the use of such electronic methods to submit instructions and directions to the Escrow Agent, including, without limitation, the risk of the Escrow Agent acting on unauthorized instructions, and the risk or interception and misuse by third parties; (ii) that it is fully informed of the protections and risks associated with the various methods of transmitting instructions to the Escrow Agent and that there may be more secure methods of transmitting instructions than the method(s) selected by the Escrow Agent; and (iii) that the security procedures (if any) to be followed in connection with its transmission of instructions provide to it a commercially reasonable degree of protection in light of its particular needs and circumstances.

8.     <u>Termination of Settlement</u>. If the Settlement Agreement is terminated pursuant to its terms, disapproved by account court (including any appellate court), and/or does not become Final for any reason, or the Effective Date for any reason does not occur, Class Counsel and the Defendant shall jointly notify Escrow Agent of the termination of the Settlement Agreement. Upon such notification, the balance of the Escrow Fund, together with any interest earned thereon, shall be promptly released from the Escrow Account and returned to the Defendant in accordance with instruction from Defense Counsel.

9.     <u>Fees</u>. The Escrow Agent shall be entitled to compensation for its services as stated in the fee schedule attached as Exhibit A. All fees and expenses of Escrow Agent shall be paid solely from the Escrow Fund. The Escrow Agent may pay itself such fees from the Escrow Fund only after such fees have been approved for payment by Class Counsel. If Escrow Agent is asked to provide additional services, such as the preparation and administration of payments to Authorized Claimants, a separate agreement and fee schedule will be entered into.

10.     <u>Duties, Liabilities and Rights of Escrow Agent</u>. This Escrow Agreement sets forth all of the obligations of Escrow Agent, and no additional obligations shall be implied from the terms of this Escrow Agreement or any other agreement, instrument or document.

(a)     Escrow Agent may act in reliance upon any instructions, notice, certification, demand, consent, authorization, receipt, power of attorney or other writing delivered to it by Class Counsel or Defense Counsel, as provided herein and consistent with the Settlement Agreement, without being required to determine the authenticity or validity thereof or the correctness of any fact stated therein, the propriety or validity of the service thereof, or the jurisdiction of the court issuing any judgment or order. Escrow Agent may act in reliance upon

any signature which is reasonably believed by it to be genuine, and may assume that such person has been properly authorized to do so.

(b)     Escrow Agent may consult with legal counsel of its selection in the event of any dispute or question as to the meaning or construction of any of the provisions hereof or its duties hereunder, and it shall incur no liability and shall be fully protected to the extent Escrow Agent acts in accordance with the reasonable opinion and instructions of counsel.  Escrow Agent shall have the right to reimburse itself for reasonable legal fees and reasonable and necessary disbursements and expenses actually incurred from the Escrow Account only (i) upon approval by Class Counsel and  or (ii) pursuant to an order of the Court.

(c)     The Escrow Agent, or any of its affiliates, is authorized to manage, advise, or service any money market mutual funds in which any portion of the Escrow Fund may be invested.

(d)     Escrow Agent is authorized to hold any treasuries held hereunder in its federal reserve account.

(e)     Escrow Agent shall not bear any risks related to the investment of the Escrow Fund in accordance with the provisions of paragraph 3 of this Escrow Agreement.  The Escrow Agent will be indemnified by the Escrow Fund, and held harmless against, any and all claims, suits, actions, proceedings, investigations, judgments, deficiencies, damages, settlements, liabilities and expenses (including reasonable legal fees and expenses of attorneys chosen by the Escrow Agent) as and when incurred, arising out of or based upon any act, omission, alleged act or alleged omission by the Escrow Agent or any other cause, in any case in connection with the acceptance of, or performance or non-performance by the Escrow Agent of, any of the Escrow Agent's duties under this Agreement, except as a result of the Escrow Agent's bad faith, willful misconduct or gross negligence.

(f)     Upon distribution of all of the funds in the Escrow Account pursuant to the terms of this Escrow Agreement and any orders of the Court, Escrow Agent shall be relieved of any and all further obligations and released from any and all liability under this Escrow Agreement, except as otherwise specifically set forth herein.

(g)     In the event any dispute shall arise between the parties with respect to the disposition or disbursement of any of the assets held hereunder, the Escrow Agent shall be permitted to interplead all of the assets held hereunder into a court of competent jurisdiction, which absent agreement otherwise by the parties, shall be the Court in accordance with other provisions of this Escrow Agreement.  Thereafter the Escrow Agent shall be fully relieved from any and all liability or obligation with respect to such interpleaded assets. The parties further agree to pursue any redress or recourse in connection with such a dispute, without making the Escrow Agent a party to same.

11.     <u>Non-Assignability by Escrow Agent</u>.  Escrow Agent's rights, duties and obligations hereunder may not be assigned or assumed without the written consent of Class Counsel and Defense Counsel.

12.  <u>Resignation of Escrow Agent</u>.  Escrow Agent may, in its sole discretion, resign and terminate its position hereunder at any time following 120 days prior written notice to the parties to the Escrow Agreement herein.  On the effective date of such resignation, Escrow Agent shall deliver this Escrow Agreement together with any and all related instruments or documents and all funds in the Escrow Account to the successor Escrow Agent, subject to this Escrow Agreement. If a successor Escrow Agent has not been appointed prior to the expiration of 120 days following the date of the notice of such resignation, then Escrow Agent may petition the Court for the appointment of a successor Escrow Agent, or other appropriate relief.   Any such resulting appointment shall be binding upon all of the parties to this Escrow Agreement.

13.  <u>Notices</u>.  Notice to the parties hereto shall be in writing and delivered by hand-delivery, facsimile, electronic mail or overnight courier service, addressed as follows:

If to Class Counsel:     Lesley E. Weaver
Anne Davis
Bleichmar Fonti & Auld LLP
555 12th Street, Suite 1600
Oakland, CA 94607

Derek W. Loeser
Cari Campen Laufenberg
Keller Rohrback LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101

If to Defendant:     Scott Tucker
Vice President & Deputy General Counsel, Global Litigation
Meta Platforms, Inc.
1601 Willow Road
Menlo Park, CA 94025

Rosemarie Ring
Gibson, Dunn & Crutcher LLP
555 Mission Street #3000
San Francisco, CA  94105

| | |
|---|---|
| If to Settlement Administrator : | Steven Weisbrot<br>Angeion Group, LLC<br>1650 Arch Street, Suite 2210<br>Philadelphia, PA 19103 |
| If to Escrow Agent: | THE HUNTINGTON NATIONAL BANK<br>Rose K. Clark, Vice President<br>2 Great Valley Parkway, Suite 300<br>Malvern, PA  19355<br>Telephone:  (215) 430-5289<br>E-mail:  rose.kohles@huntington.com |
| | Susan Brizendine, Trust Officer<br>Huntington National Bank<br>7 Easton Oval – EA5W63<br>Columbus, Ohio 43219<br>Telephone:  (614) 331-9804<br>E-mail:  susan.brizendine@huntington.com |

14.     <u>Patriot Act Warranties</u>.  Section 326 of the USA Patriot Act (Title III of Pub. L. 107-56), as amended, modified or supplemented from time to time (the "Patriot Act"), requires financial institutions to obtain, verify and record information that identifies each person or legal entity that opens an account (the "Identification Information").  The parties to this Escrow Agreement agree that they will provide the Escrow Agent with such Identification Information as the Escrow Agent may request in order for the Escrow Agent to satisfy the requirements of the Patriot Act.

15.     <u>Entire Agreement</u>.  This Escrow Agreement, including all Schedules and Exhibits hereto, constitutes the entire agreement and understanding of the parties hereto.  Any modification of this Escrow Agreement or any additional obligations assumed by any party hereto shall be binding only if evidenced by a writing signed by each of the parties hereto.  To the extent this Escrow Agreement conflicts in any way with the Settlement Agreement, the provisions of the Settlement Agreement shall govern.

16.     <u>Governing Law</u>.  This Escrow Agreement shall be governed by the law of the State of California in all respects.  The parties hereto submit to the jurisdiction of the Court, in connection with any proceedings commenced regarding this Escrow Agreement, including, but not limited to, any interpleader proceeding or proceeding Escrow Agent may commence pursuant to this Escrow Agreement for the appointment of a successor Escrow agent, and all parties hereto submit to the jurisdiction of such Court for the determination of all issues in such proceedings, without regard to any principles of conflicts of laws, and irrevocably waive any objection to venue or inconvenient forum.

17.     <u>Termination of Escrow Account</u>.  The Escrow Account will terminate after all funds deposited in it, together with all interest earned thereon, are disbursed in accordance with the provisions of the Settlement Agreement and this Escrow Agreement.

18.     <u>Miscellaneous Provisions</u>.

(a)     <u>Counterparts</u>.  This Escrow Agreement may be executed in one or more counterparts, each of which counterparts shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Escrow Agreement.

(b)     <u>Further Cooperation</u>.  The parties hereto agree to do such further acts and things and to execute and deliver such other documents as Escrow Agent may request from time to time in connection with the administration, maintenance, enforcement or adjudication of this Escrow Agreement in order (a) to give Escrow Agent confirmation and assurance of Escrow Agent's rights, powers, privileges, remedies and interests under this Agreement and applicable law, (b) to better enable Escrow Agent to exercise any such right, power, privilege or remedy, or (c) to otherwise effectuate the purpose and the terms and provisions of this Escrow Agreement, each in such form and substance as may be acceptable to Escrow Agent.

(c)     <u>Electronic Signatures</u>. The parties agree that the electronic signature (provided by the electronic signing service DocuSign initiated by the Escrow Agent) of a party to this Escrow Agreement shall be as valid as an original signature of such party and shall be effective to bind such party to this Escrow Agreement. The parties agree that any electronically signed document shall be deemed (i) to be "written" or "in writing," (ii) to have been signed, and (iii) to constitute a record established and maintained in the ordinary course of business and an original written record when printed from electronic files.

(d)     <u>Non-Waiver</u>.  The failure of any of the parties hereto to enforce any provision hereof on any occasion shall not be deemed to be a waiver of any preceding or succeeding breach of such provision or any other provision.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first above written.


THE HUNTINGTON NATIONAL BANK, as Escrow Agent

By: _____
        *Rose K Clark*
        Rose K. Clark, Vice President

8

Class Counsel

By: _____
    Lesley E. Weaver

By: _____
    Derek W. Loeser

Meta Platforms, Inc.

By: _____
    Scott Tucker, Vice President & Deputy General Counsel

Defense Counsel

By:_____
    Rosemarie Ring

Angeion Group, LLC as Settlement Administrator

By: _____
    Steven Weisbrot, President and Chief Executive Officer

9

Class Counsel


By: _____
      Lesley E. Weaver



By: _____
      Derek W. Loeser

Meta Platforms, Inc.


By: _____
      Scott Tucker, Vice President & Deputy General Counsel


Defense Counsel

By: _____
      Rosemarie Ring

Angeion Group, LLC as Settlement Administrator


By: _____
      Steven Weisbrot, President and Chief Executive Officer

9

Class Counsel

By: _____
      Lesley E. Weaver

By: _____
      Derek W. Loeser

Meta Platforms, Inc.

By: _____
      Scott Tucker, Vice President & Deputy General Counsel

Defense Counsel

By:_____
      Rosemarie Ring

Angeion Group, LLC as Settlement Administrator

By: _____
      Steven Weisbrot, President and Chief Executive Officer

**Exhibit A**

**Fees of Escrow Agent**

**Acceptance Fee:**                                                    **Waived**

The Acceptance Fee includes the review of the Escrow Agreement, acceptance of the role as Escrow Agent, establishment of Escrow Account(s), and receipt of funds.


**Annual Administration Fee:**                                         **Waived**

The Annual Administration Fee includes the performance of administrative duties associated with the Escrow Account including daily account management, generation of account statements to appropriate parties, and disbursement of funds in accordance with the Escrow Agreement.  Administration Fees are payable annually in advance without proration for partial years.


**Out of Pocket Expenses:**                                            **Waived**

Out of pocket expenses include postage, courier, overnight mail, wire transfer, and travel fees.

10