# EXHIBIT 2

# PLAN OF ALLOCATION

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**PLAN OF ALLOCATION** |

# PLAN OF ALLOCATION

1. **Definitions.** Unless otherwise defined, terms used in this Plan of Allocation have the same meaning as in the Settlement Agreement.

2. **Nonreversionary common fund.** This is a common fund settlement; there shall be no reversion of the Settlement Fund to Meta upon the occurrence of the Effective Date.

3. **No effect on Releases.** This Plan of Allocation does not, and is not intended to, affect the scope of the Released Claims or any other part of the Releases.

4. **Plan of Allocation not a necessary term.** The Plan of Allocation is a matter separate and apart from the proposed Settlement Agreement between Meta and the Settlement Class Representatives, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement Agreement. The Plan of Allocation is not a necessary term of this Settlement Agreement, and it is not a condition of the Settlement Agreement that any particular plan of allocation be approved by the Court. Any order relating solely to the allocation of the Net Settlement Fund among the Authorized Claimants, or any request for further judicial review from any order relating solely thereto, or reversal or modification thereof, shall not operate to terminate the Settlement Agreement.

5. **Distribution to Authorized Claimants.** The Net Settlement Fund—including, to the greatest extent practicable, all interest earned on the Settlement Fund—shall be allocated to each Authorized Claimant pro rata by reference to the total number of allocation points assigned to all Authorized Claimants. Allocation points shall be assigned as follows:

    a. For each calendar month at any time during which an Authorized Claimant was a Facebook user with an activated account during the Class Period, such Authorized Claimant shall be assigned one allocation point.

    b. For purposes of this section, (i) the period from the first day of the Class Period to May 31, 2007, inclusive, shall be deemed a calendar month; and (ii) if the period that elapses between the first day of the month in which the Class Period ends and the day on which the Class Period ends is less than a full calendar month, such period shall be deemed a calendar month.

6. **Minimum payment.** Notwithstanding Section 5, the Settlement Administrator shall have the discretion, after consulting with Class Counsel, to select an amount for minimum payments to Authorized Claimants, with the goal of ensuring that payments to Authorized Claimants are administratively and economically feasible and that as much of the Net Settlement Fund as possible is actually distributed to Authorized Claimants. The Court shall be informed of the amount of the minimum payment before the Net Settlement Fund is distributed to Authorized Claimants.

7. **Unclaimed payments.**

   a. If a payment made according to sections 5-6 and distributed to an Authorized Claimant via a check is not negotiated within ninety (90) days after the Settlement Administrator has contacted, or made reasonable attempts to contact, the Authorized Claimant, the Authorized Claimant shall be deemed to have waived and released their claim for payment under the Settlement Agreement. If an Authorized Claimant reasonably requests that a check be reissued, the Settlement Administrator shall reissue it.

   b. If a check to an Authorized Claimant is returned as undeliverable, the Settlement Administrator shall attempt to obtain a new mailing address for the Authorized Claimant and effect a second mailing. If, after a second mailing, the check is again returned as undeliverable, or if the Settlement Administrator, after reasonable efforts, is unable to determine a second mailing address, there is no obligation to take further efforts to distribute the check, and the Authorized Claimant shall be deemed to have waived and released their claim for payment under the Settlement Agreement.

   c. If a payment is made according to sections 5-6 and distributed to the Authorized Claimant electronically (including via ACH, if such means of payment is made available) and is unable to be processed, the Settlement Administrator shall make reasonable efforts to contact the Authorized Claimant to correct the problem. If the Authorized Claimant does not provide a means of payment within a reasonable amount of time, or provides a means of payment that is unable to be processed, there

is no obligation to take further efforts to distribute the payment, and the Authorized Claimant shall be deemed to have waived and released their claim for payment under the Settlement Agreement.

8. **Residual funds.** If, after the process outlined in sections 5-7 is completed, there remain funds in the Net Settlement Fund, such remaining funds shall be distributed as follows:

   a. If it is administratively and economically feasible to distribute the remaining funds to all Authorized Claimants or some portion thereof, then Class Counsel, in consultation with the Settlement Administrator, shall propose to the Court an equitable method for doing so. Such method of distribution shall be effected if the Court approves (or approves it in modified form).

   b. To the extent there is no distribution of remaining funds according to subsection a of this section, or if funds still remain after distribution according to subsection a of this section, the Parties shall confer and present to the Court a proposal for treatment of the remaining funds. Such proposal shall be effected if the Court approves (or approves it in modified form).

9. **Modification of provisions related to unclaimed payments and residual funds.** Should the Parties agree, after final approval of the Settlement Agreement, that the provisions of this Plan of Allocation governing unclaimed payments and residual funds should be modified in the interests of justice, they shall seek the Court's approval for such modification. If the Court approves, the provisions governing unclaimed payments and residual funds shall be effected as modified.