# EXHIBIT 3

# DECLARATION OF JAY C. GANDHI IN SUPPORT OF PRELIMINARY SETTLEMENT APPROVAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **DECLARATION OF JAY C. GANDHI IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**<br><br>Judge:  Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor |

DECLARATION OF JAY C. GANDHI IN
SUPPORT OF PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF PROPOSED
CLASS ACTION SETTLEMENT

MDL NO. 2843
CASE NO. 18-MD-02843-VC

I, Jay C. Gandhi, declare and state as follows:

1.      I was selected by the Parties to mediate the *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, No. 18-md-02843-VC (N.D. Cal.) (the "Action") and did so as an independent mediator. The formal mediation process, followed by continued negotiations with my assistance, ultimately resulted in the Proposed Class Action Settlement (the "Settlement") now before the Court for preliminary approval.

2.      While the mediation process is confidential, the Parties have jointly authorized me to inform the Court of the procedural and substantive matters set forth herein in support of preliminary approval of the Settlement.

3.      My statements and those of the Parties during the mediation process are subject to confidentiality under, *inter alia*, Federal Rule of Evidence 408, and there is no intention on either my part or the Parties' part to waive such protections. I make this Declaration based on personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them.

## BACKGROUND AND QUALIFICATIONS

4.      I am a former United States Magistrate Judge for the U.S. District Court for the Central District of California. I am also a former litigation partner with the law firm of Paul Hastings LLP. I spent eight (8) years on the federal bench and 12 years at Paul Hastings.

5.      During my time on the bench, I not only presided over many trials, but also oversaw the Court's Alternative Dispute Resolution program and its panel of approximately 200 mediators. While a partner at Paul Hastings, I litigated complex commercial cases and MDL/class actions in a variety of state and federal jurisdictions across the country.

6.      I am the recipient of several professional awards during my time on the bench and in practice, including for example, the Judicial Trailblazer Award, the Benjamin Aranda III Judge of the Year Award, and the Judicial Excellence and Public Service Award.

DECLARATION OF JAY C. GANDHI IN SUPPORT
OF PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION
SETTLEMENT

1

MDL NO. 2843
CASE NO. 18-md-02843-VC

7.      I was and remain active in several professional associations, including for example, as a former member of the Board of Directors of the Los Angeles Federal Bar Association, a former member on the Judicial Advisory Board of Emory Law School's Institute for Complex Litigation and Mass Claims, and as a former Co-Chair of the Alternative Dispute Resolution Committee of the American Bar Association's Litigation Section.

8.      I did and do often speak and write about best practices in alternative dispute resolution and trial advocacy, including in connection with the American Bar Association, the Federal Bar Association, and the U.S. Department of Justice.

9.      I currently serve as a mediator and arbitrator with JAMS. I am also an owner of JAMS and on the Board of Directors of JAMS. JAMS is the world's largest private alternative dispute resolution (ADR) provider. The JAMS panel includes approximately 400 retired state and federal court judges and attorneys with proven track records and extensive practice area and industry expertise. JAMS is supported by more than 200 associates, including ADR system-design experts and case managers with decades of experience.

10.      I have successfully mediated numerous class actions involving consumer privacy rights. I have also successfully mediated many other complex, multi-party cases, including mass torts and class actions; business and commercial matters; antitrust cases; environmental actions; employment matters; entertainment and sports conflicts; health care cases; products liability actions; professional liability disputes; intellectual property matters; real estate cases; and securities and finance actions.

11.      I have also served as a court-appointed Special Master, including for the U.S. District Court for the Central District of California and as an arbitrator, both solely and as a member of a tripartite panel, over complex, multi-party cases.

## THE ARMS-LENGTH SETTLEMENT NEGOTIATIONS

12.      In preparation for mediation in this Action, the Parties provided to me, and exchanged among themselves, briefs, analyses, documents and presentations discussing certain

DECLARATION OF JAY C. GANDHI IN SUPPORT
OF PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION
SETTLEMENT

2

MDL NO. 2843
CASE NO. 18-md-02843-VC

aspects of the factual and procedural background of the Action, as well as certain of the key disputed factual and legal issues in the Action.

13.     It was evident from the submissions and presentations made by the Parties before and during the mediation process that counsel for the Parties had performed a thorough examination of the facts underlying the Action and, with the aid of experts, analyzed it to determine appropriate case viewpoints and valuations. Counsel for the Parties were well informed on the current law and provided legal research and analysis of the relevant law. It was also apparent to me that considerable work was done by counsel for the Parties to prepare the case for mediation. Counsel on both sides have deep experience in class action litigation and settlements.

14.     The Parties participated in several remote and in-person mediation sessions which I oversaw, beginning in September 2021 and continuing for nearly a year thereafter, through August 2022.  Attorneys from Keller Rohrback L.L.P. and Bleichmar Fonti & Auld LLP, co-lead counsel for plaintiffs, attorneys from Gibson, Dunn & Crutcher LLP, counsel for Meta Platforms, Inc. ("Meta") formerly named Facebook, Inc., and in-house counsel for Meta, participated in these mediation sessions, as well as substantial phone and email communications that followed. At the start of the mediation process, the Parties were poles apart, and they fiercely advocated for their clients' interests throughout.  This was also a challenging negotiation given the highly technical and complex nature of the issues in this case.  After the initial mediation sessions, the parties had dramatically divergent perspectives, and nearly a year of intense litigation ensued, including extensive discovery.

15.     Both Parties heavily contested this case throughout 2021 and into 2022.  Diplomacy continued as well.  For instance, the parties updated me regarding the discovery disputes and the results of the disputes.  In early 2022, the Parties met again in person for a full-day mediation. Promising progress was made.  But resolution remained out of reach and robust litigation resumed.

16.     In August, 2022, after multiple additional rounds of lengthy discussions and ample preparation, the Parties met once again in person.  A few days later, after yet more follow-up, the

Parties ultimately reached an agreement in principle on core terms of the proposed settlement. The Parties then continued to negotiate other settlement terms and updated me regarding those negotiations.

17.     Having presided over the lengthy mediation process in this case, I can attest that the Parties' Settlement is the product of forceful, oppositional advocacy and independent, arm's-length negotiations conducted in good faith. This is based on my understanding of the full range of the dispute, the positions of the Parties, and the strengths and weaknesses of those positions, as well as the risks, rewards and costs of litigation in this ever developing and evolving factual and legal landscape.

18.     The Parties' settlement negotiations were hard fought and highly contested, though professional, and tackled virtually every issue in this Settlement. The settlement negotiations were also difficult and contentious because all held strong to their convictions that they had the better factual and legal arguments, with regard to liability, damages and otherwise, and spirited debates were held on virtually every issue, including what motions, trials and appeals would ultimately yield if a negotiated agreement was not achieved. Both Parties had the wherewithal to prosecute and defend this action for many more years.

## CONCLUSION

19.     Based upon my experience as a former federal judge and class action litigator, my knowledge of the issues in dispute, my review of the substantial factual and legal materials presented before and during the mediation, the rigor of the Parties' negotiations, the relative strengths and weaknesses of the Parties' positions, and the benefits achieved by the Settlement, I believe the Settlement – a non-reversionary fund of $725 million – represents a reasoned and sound resolution of this exceptionally uncertain and notable litigation.

20.     The Settlement is the direct result of all counsels' expertise and experience in these types of complex class actions, and the zealous and exemplary representation they exercised on behalf of their clients.

DECLARATION OF JAY C. GANDHI IN SUPPORT
OF PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION
SETTLEMENT

4

MDL NO. 2843
CASE NO. 18-md-02843-VC

\* \* \*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 15th day of December, 2022. in Pacific Palisades, California.

Dated: December 15, 2022

By: _____
Jay C. Gandhi

DECLARATION OF JAY C. GANDHI IN SUPPORT
OF PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION
SETTLEMENT

5

MDL NO. 2843
CASE NO. 18-MD-02843-VC