# EXHIBIT 7

# COMPILATION OF NAMED PLAINTIFF DECLARATIONS

# EXHIBIT 7-A

# DECLARATION OF STEVEN AKINS IN SUPPORT OF PRELIMINARY SETTLEMENT APPROVAL

DocuSign Envelope ID: 6EADB8E4-B62A-4DA2-B2FC-8E4F85E49162

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*[Additional counsel listed on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **DECLARATION OF STEVEN AKINS IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY A SETTLEMENT CLASS AND GRANT PRELIMINARY SETTLEMENT APPROVAL**<br><br>Judge:  Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor<br>Hearing Date:  March 2, 2023<br>Hearing Time:  10:00 a.m. |

I, Steven Akins, declare as follows:

1.      I submit this declaration in support of Plaintiffs' Motion to Certify a Settlement

Class and Grant Preliminary Settlement Approval in *In re: Facebook, Inc. Consumer Privacy*

*User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.); MDL No. 2843. This

declaration is based on my personal knowledge and representations of counsel. If called on to

testify, I could and would testify to the facts stated in this declaration.

2.      I am a competent adult over the age of eighteen years of age and a resident of the

State of Tennessee.

3.      I created my Facebook account in 2008 and still have that account today.

4.      I am one of the named Plaintiffs and proposed Class Representatives in the above-

captioned case.

5.      As a named Plaintiff, I have vigorously pursued this case on behalf of the Class.

Since I was appointed as a named Plaintiff, I have understood that my duty is to act in the best

interest of the Class as a whole, which I have done to the best of my ability throughout my

participation in this case. I would like to continue to represent the Class as a Class

Representative through the Settlement approval process.

6.      Before agreeing to be a named Plaintiff, I discussed my experiences in lengthy

telephone and video calls with my lawyers and expressed my interest in helping to lead this case.

I was informed that a named Plaintiff has a duty to preserve relevant documents and data, and I

have done so to the best of my ability. I also gathered documents, emails, and other information

relevant to the case and worked with vendors hired by my attorneys to collect documents.

7.      I reviewed the complaints and a number of other important filings in the case, and

made myself available to discuss case-related issues with my attorneys throughout the case. I

also prepared for and testified at my deposition. I have stayed up to date and informed about the

case, communicating regularly with my attorneys, asking them questions, and providing them

with additional documents and information as needed.

8.      I actively participated in the discovery process, and I spent considerable time and effort working with my lawyers to provide responses to Facebook's many discovery requests.

9.       From December 2019 to August 2022, Facebook sent me 100 interrogatories, 42 requests for production, and 39 requests for admission. I reviewed each of the discovery requests carefully, then participated in conference calls with my attorneys to provide responses to the requests as best I could. There were often follow-up communications with my attorneys to confirm or correct various details of my responses. I then reviewed and corrected as necessary the formal responses that were prepared based on our communications.

10.     For Facebook's discovery requests that asked for my documents, I provided my lawyers access to a huge amount of my personal email messages and other communications. I also helped locate and access other documents, including assisting my lawyers and their vendors by granting remote access to my devices, email, and Facebook and other social media accounts so they could search for and gather a large set of potentially responsive documents.

11.     In total, I provided 82 pages of responses to twenty-nine of Facebook's interrogatories. I also provided responses to 42 requests for production and produced 3,343 documents totaling 9,203 pages in response to those requests.

12.     In addition to responding to Facebook's discovery requests, I also testified at a full day deposition. My deposition was originally set by Facebook for November 17, 2021 and was subsequently rescheduled for January 20, 2022. Facebook then unilaterally cancelled the January 20, 2022 deposition, and my deposition was subsequently rescheduled for April 28, 2022. I took time off work and used vacation time to prepare for both the January 20, 2022 and April 28, 2022 deposition dates and to attend the deposition. I spent approximately 50 hours preparing for and testifying at my deposition.

13.     Responding to the discovery Facebook sent me, preparing for my deposition, and being deposed took a lot of time and effort.

14.      In total, I have spent approximately 330 hours on activities related to this case. This is time I would have spent on other things if not for the responsibility I took on as a named Plaintiff.

15.      Not only did responding to Facebook's discovery requests and testifying at my deposition take a lot of time, it also addressed topics that are personal and private. The discovery responses, documents, and testimony I provided to Facebook concerned private, non-public information about me, my family, and my friends, including information about my life, my relationships, my work, and my political and religious views. It was difficult to provide documents and information regarding these highly personal subjects to Facebook. In fact, the reason I wanted to join and help lead this case as a named Plaintiff was because I believe Facebook violated my trust by disclosing my personal, private, non-public information to third parties and failed to meaningfully restrict third parties' use of my personal information they got from Facebook.

16.      I was willing to subject myself to the further intrusion on my privacy because I care deeply about representing the Class in this case. For example, I was asked intrusive questions during my deposition about personal issues including my family, my personal relationships, my political views, my religious beliefs, and my health, which were emotionally challenging and stressful to answer. I answered questions about those subjects, as well as every other question I was asked, fully and truthfully even though it was difficult to discuss those topics with strangers like Facebook's attorneys, and even though I knew my answers may get back to Facebook, which I no longer trust with my personal, private, and non-public information.

17.      If this case had continued, I would have been similarly willing to testify fully and truthfully at trial.

18.      I have reviewed the terms of the proposed Settlement and discussed them with my lawyers. I was told the terms of the Settlement were to be kept confidential until filed with the Court, and I have not discussed them with anyone else.

19.     I understand and approve of the terms of the proposed Settlement and think it is fair, reasonable, and in the best interests of the Class. The Settlement is for a substantial amount of money that will have a positive impact for the Class. I also think it will make Facebook less likely to violate its users' trust in the future.

20.     In addition to the terms of the proposed Settlement, I am particularly happy that Facebook has made meaningful changes to how it permits third parties to access user data. It is my understanding that Facebook ended friend permissions – the way that apps could access a user's data through that user's friend – except when the user whose data is being accessed has provided explicit authorization that their information can be shared. It is also my understanding that Facebook no longer "whitelists" any third parties to access data through friend permissions. Thus, it is my understanding that apps can only access my non-public Facebook data if I explicitly say they can.

21.     It is also my understanding that Facebook now has substantially improved its processes for monitoring how third parties use the user data they obtain from Facebook. Specifically, I understand that over the last two years Facebook has initiated reviews of the reasons apps are requesting user data before it permits apps to access the data, annual reviews of how apps who have been permitted to access user data are using the data, and more stringent reviews of apps that have access to specific types of sensitive user data. These steps should limit third parties' ability to misuse Facebook user data in the way that Cambridge Analytica did.

22.     Facebook's confirmation of these changes addresses the reasons I joined this case and volunteered as a named Plaintiff in this case.

23.     I understand that my claims against Facebook are the same as the claims of the other Class Members. I also understand that Facebook's conduct that gave rise to my claims is not unique to me, but is the same conduct that gave rise to the claims of the other Class Members. I am not aware of any conflicts of interest that I would have with any other member of the Class, and, since I became involved in this case, have participated with the goal of helping

others who were also victims of the same conduct. Therefore, I believe I am a typical Class
Representative.

24.     I also understand the responsibilities of a Class Representative, such as acting on
behalf of the Class's best interests and staying involved and informed about the case and the
Settlement approval process. I have already fulfilled these duties to the best of my ability so far
in my role as a named Plaintiff, and I will continue to do so if the Court appoints me as a Class
Representative. Therefore, I believe I am an adequate Class Representative.

25.     I declare under penalty of perjury under the laws of the United States that the
foregoing is true and correct.


Executed _____December 15, 2022_____ in Jackson, Tennessee.



By: _____

Steven Akins

# EXHIBIT 7-B

# DECLARATION OF JASON ARICIU IN SUPPORT OF PRELIMINARY SETTLEMENT APPROVAL

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **DECLARATION OF JASON ARICIU IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY A SETTLEMENT CLASS AND GRANT PRELIMINARY SETTLEMENT APPROVAL**<br><br>Judge:  Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor<br>Hearing Date:  March 2, 2023<br>Hearing Time:  10:00 a.m. |

DocuSign Envelope ID: 1FE8EC07-425F-497D-8F93-5E7D56257AA0

I, Jason Ariciu, declare as follows:

1.      I submit this declaration in support of Plaintiffs' Motion to Certify a Settlement

Class and Grant Preliminary Settlement Approval in *In re: Facebook, Inc. Consumer Privacy*

*User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.); MDL No. 2843. This

declaration is based on my personal knowledge and representations of counsel. If called on to

testify, I could and would testify to the facts stated in this declaration.

2.      I am a competent adult over the age of eighteen years of age and a resident of the

State of Missouri.

3.      I created my Facebook account in 2005 and still have that account today.

4.      I am one of the named Plaintiffs and proposed Class Representatives in the above-

captioned case.

5.      As a named Plaintiff, I have vigorously pursued this case on behalf of the Class.

Since I was appointed as a named Plaintiff, I have understood that my duty is to act in the best

interest of the Class as a whole, which I have done to the best of my ability throughout my

participation in this case. I would like to continue to represent the Class as a Class

Representative through the Settlement approval process.

6.      Before agreeing to be a named Plaintiff, I discussed my experiences in lengthy

telephone and video calls with my lawyers and expressed my interest in helping to lead this case.

I was informed that a named Plaintiff has a duty to preserve relevant documents and data, and I

have done so to the best of my ability. I also gathered documents, emails, and other information

relevant to the case and worked with vendors hired by my attorneys to collect documents.

7.      I reviewed the complaints and a number of other important filings in the case, and

made myself available to discuss case-related issues with my attorneys throughout the case. I

also prepared for and testified at my deposition. I have stayed up to date and informed about the

case, communicating regularly with my attorneys, asking them questions, and providing them

with additional documents and information as needed.

8.      I actively participated in the discovery process, and I spent considerable time and effort working with my lawyers to provide responses to Facebook's many discovery requests.

9.       From December 2019 to August 2022, Facebook sent me 100 interrogatories, 42 requests for production, and 39 requests for admission. I reviewed each of the discovery requests carefully, then participated in conference calls with my attorneys to provide responses to the requests as best I could. There were often follow-up communications with my attorneys to confirm or correct various details of my responses. I then reviewed and corrected as necessary the formal responses that were prepared based on our communications.

10.      For Facebook's discovery requests that asked for my documents, I provided my lawyers access to a huge amount of my personal email messages and other communications. I also helped locate and access other documents, including assisting my lawyers and their vendors by granting remote access to my devices, email, and Facebook and other social media accounts so they could search for and gather a large set of potentially responsive documents.

11.      In total, I provided 80 pages of responses to twenty-nine of Facebook's interrogatories. I also provided responses to 42 requests for production and produced 1,014 documents totaling 7,189 pages in response to those requests.

12.      In addition to responding to Facebook's discovery requests, I also testified at a full day deposition. My deposition was originally set by Facebook for January 31, 2022, and was subsequently rescheduled for March 28, 2022. I spent approximately 30 hours or more preparing for and testifying at my deposition.

13.      Responding to the discovery Facebook sent me, preparing for my deposition, and being deposed took a lot of time and effort.

14.      In total, I have spent approximately 150 hours or more on activities related to this case. This is time I would have spent on other things if not for the responsibility I took on as a named Plaintiff.

15.      Not only did responding to Facebook's discovery requests and testifying at my deposition take a lot of time, it also addressed topics that are personal and private. The discovery

DocuSign Envelope ID: 1FE8EC67-425E-497D-8F93-5E7056257100

responses, documents, and testimony I provided to Facebook concerned private, non-public information about me, my family, and my friends, including information about my life, my relationships, my work, and my political and religious views. It was difficult to provide documents and information regarding these highly personal subjects to Facebook. In fact, the reason I wanted to join and help lead this case as a named Plaintiff was because I believe Facebook violated my trust by disclosing my personal, private, non-public information to third parties and failed to meaningfully restrict third parties' use of my personal information they got from Facebook.

16.      I was willing to subject myself to the further intrusion on my privacy because I care deeply about representing the Class in this case. For example, I was asked intrusive questions during my deposition about personal issues including my family, my personal relationships, my political views, my religious beliefs, my work, and my health, as well as my personal values and beliefs, which were emotionally challenging and stressful to answer. I answered questions about those subjects, as well as every other question I was asked, fully and truthfully even though it was difficult to discuss those topics with strangers like Facebook's attorneys, and even though I knew my answers may get back to Facebook, which I no longer trust with my personal, private, and non-public information.

17.      If this case had continued, I would have been similarly willing to testify fully and truthfully at trial.

18.      I have reviewed the terms of the proposed Settlement and discussed them with my lawyers. I was told the terms of the Settlement were to be kept confidential until filed with the Court, and I have not discussed them with anyone else.

19.      I understand and approve of the terms of the proposed Settlement and think it is fair, reasonable, and in the best interests of the Class. The Settlement is for a substantial amount of money that will have a positive impact for the Class. I also think it will make Facebook less likely to violate its users' trust in the future.

20.     In addition to the terms of the proposed Settlement, I am particularly happy that Facebook has made meaningful changes to how it permits third parties to access user data. It is my understanding that Facebook ended friend permissions – the way that apps could access a user's data through that user's friend – except when the user whose data is being accessed has provided explicit authorization that their information can be shared. It is also my understanding that Facebook no longer "whitelists" any third parties to access data through friend permissions. Thus, it is my understanding that apps can only access my non-public Facebook data if I explicitly say they can.

21.     It is also my understanding that Facebook now has substantially improved its processes for monitoring how third parties use the user data they obtain from Facebook. Specifically, I understand that over the last two years Facebook has initiated reviews of the reasons apps are requesting user data before it permits apps to access the data, annual reviews of how apps who have been permitted to access user data are using the data, and more stringent reviews of apps that have access to specific types of sensitive user data. These steps should limit third parties' ability to misuse Facebook user data in the way that Cambridge Analytica did.

22.     Facebook's confirmation of these changes addresses the reasons I joined this case and volunteered as a named Plaintiff in this case.

23.     I understand that my claims against Facebook are the same as the claims of the other Class Members. I also understand that Facebook's conduct that gave rise to my claims is not unique to me, but is the same conduct that gave rise to the claims of the other Class Members. I am not aware of any conflicts of interest that I would have with any other member of the Class, and, since I became involved in this case, have participated with the goal of helping others who were also victims of the same conduct. Therefore, I believe I am a typical Class Representative.

24.     I also understand the responsibilities of a Class Representative, such as acting on behalf of the Class's best interests and staying involved and informed about the case and the Settlement approval process. I have already fulfilled these duties to the best of my ability so far

in my role as a named Plaintiff, and I will continue to do so if the Court appoints me as a Class Representative. Therefore, I believe I am an adequate Class Representative.

25.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed ___December 15, 2022___ in Springfield, Missouri.


By: _____

Jason C. Ariciu
04525D79934B465...

Jason Ariciu

# EXHIBIT 7-C

# DECLARATION OF ANTHONY BELL IN SUPPORT OF PRELIMINARY SETTLEMENT APPROVAL

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*[Additional counsel listed on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **DECLARATION OF ANTHONY BELL IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY A SETTLEMENT CLASS AND GRANT PRELIMINARY SETTLEMENT APPROVAL**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor<br>Hearing Date: March 2, 2023<br>Hearing Time: 10:00 a.m. |

I, Anthony Bell, declare as follows:

1.      I submit this declaration in support of Plaintiffs' Motion to Certify a Settlement Class and Grant Preliminary Settlement Approval in *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.); MDL No. 2843. This declaration is based on my personal knowledge and representations of counsel. If called on to testify, I could and would testify to the facts stated in this declaration.

2.      I am a competent adult over the age of eighteen years of age and a resident of the State of California.

3.      I created my Facebook account in 2010 and still have that account today.

4.      I am one of the named Plaintiffs and proposed Class Representatives in the above-captioned case.

5.      As a named Plaintiff, I have vigorously pursued this case on behalf of the Class. Since I was appointed as a named Plaintiff, I have understood that my duty is to act in the best interest of the Class as a whole, which I have done to the best of my ability throughout my participation in this case. I would like to continue to represent the Class as a Class Representative through the Settlement approval process.

6.      Before agreeing to be a named Plaintiff, I discussed my experiences in lengthy telephone and video calls with my lawyers and expressed my interest in helping to lead this case. I was informed that a named Plaintiff has a duty to preserve relevant documents and data, and I have done so to the best of my ability. I also gathered documents, emails, and other information relevant to the case and worked with vendors hired by my attorneys to collect documents.

7.      I reviewed the complaints and a number of other important filings in the case, and made myself available to discuss case-related issues with my attorneys throughout the case. I also prepared for and testified at my deposition. I have stayed up to date and informed about the case, communicating regularly with my attorneys, asking them questions, and providing them with additional documents and information as needed.

8.      I actively participated in the discovery process, and I spent considerable time and effort working with my lawyers to provide responses to Facebook's many discovery requests.

9.      From December 2019 to August 2022, Facebook sent me 100 interrogatories, 42 requests for production, and 39 requests for admission. I reviewed each of the discovery requests carefully, then participated in conference calls with my attorneys to provide responses to the requests as best I could. There were often follow-up communications with my attorneys to confirm or correct various details of my responses. I then reviewed and corrected as necessary the formal responses that were prepared based on our communications.

10.      For Facebook's discovery requests that asked for my documents, I provided my lawyers access to a huge amount of my personal email messages and other communications. I also helped locate and access other documents, including assisting my lawyers and their vendors by granting remote access to my devices, email, and Facebook and other social media accounts so they could search for and gather a large set of potentially responsive documents.

11.      In total, I provided 75 pages of responses to twenty-nine of Facebook's interrogatories. I also provided responses to 42 requests for production and produced 5,583 documents totaling 17,829 pages in response to those requests.

12.      In addition to responding to Facebook's discovery requests, I also testified at a full day deposition on March 8, 2022. I took time off working for my personal business and my duties as a pastor, and had to arrange for childcare, to prepare for and attend the deposition. I spent more than 27 hours preparing for and testifying at my deposition.

13.      Responding to the discovery Facebook sent me, preparing for my deposition, and being deposed took a lot of time and effort.

14.      I also independently spent approximately 25 hours reviewing public documents from the court's docket and researching news updates related to the case in order to stay fully informed.

15.      In total, I have spent over 220 hours on activities related to this case. This is time I would have spent on other things if not for the responsibility I took on as a named Plaintiff.

16.     Not only did responding to Facebook's discovery requests and testifying at my deposition take a lot of time, it also addressed topics that are personal and private. The discovery responses, documents, and testimony I provided to Facebook concerned private, non-public information about me, my family, and my friends, including information about my life, my relationships, my work, and my political and religious views. It was difficult to provide documents and information regarding these highly personal subjects to Facebook. In fact, the reason I wanted to join and help lead this case as a named Plaintiff was because I believe Facebook violated my trust by disclosing my personal, private, non-public information to third parties and failed to meaningfully restrict third parties' use of my personal information they got from Facebook.

17.     I was willing to subject myself to the further intrusion on my privacy because I care deeply about representing the Class in this case. For example, I was asked intrusive questions during my deposition about personal issues including my religious and political beliefs, my counseling of parishioners on extremely sensitive matters, and the nature of my friendships with many of the people I befriended on Facebook. I answered questions about those subjects, as well as every other question I was asked, fully and truthfully even though it was difficult to discuss those topics with strangers like Facebook's attorneys, and even though I knew my answers may get back to Facebook, which I no longer trust with my personal, private, and non-public information.

18.     If this case had continued, I would have been similarly willing to testify fully and truthfully at trial.

19.     I have reviewed the terms of the proposed Settlement and discussed them with my lawyers. I was told the terms of the Settlement were to be kept confidential until filed with the Court, and I have not discussed them with anyone else.

20.     I understand and approve of the terms of the proposed Settlement and think it is fair, reasonable, and in the best interests of the Class. The Settlement is for a substantial amount

of money that will have a positive impact for the Class. I also think it will make Facebook less likely to violate its users' trust in the future.

21.     In addition to the terms of the proposed Settlement, I am particularly happy that Facebook has made meaningful changes to how it permits third parties to access user data. It is my understanding that Facebook ended friend permissions – the way that apps could access a user's data through that user's friend – except when the user whose data is being accessed has provided explicit authorization that their information can be shared. It is also my understanding that Facebook no longer "whitelists" any third parties to access data through friend permissions. Thus, it is my understanding that apps can only access my non-public Facebook data if I explicitly say they can.

22.     It is also my understanding that Facebook now has substantially improved its processes for monitoring how third parties use the user data they obtain from Facebook. Specifically, I understand that over the last two years Facebook has initiated reviews of the reasons apps are requesting user data before it permits apps to access the data, annual reviews of how apps who have been permitted to access user data are using the data, and more stringent reviews of apps that have access to specific types of sensitive user data. These steps should limit third parties' ability to misuse Facebook user data in the way that Cambridge Analytica did.

23.     Facebook's confirmation of these changes addresses the reasons I joined this case and volunteered as a named Plaintiff in this case.

24.     I understand that my claims against Facebook are the same as the claims of the other Class Members. I also understand that Facebook's conduct that gave rise to my claims is not unique to me, but is the same conduct that gave rise to the claims of the other Class Members. I am not aware of any conflicts of interest that I would have with any other member of the Class, and, since I became involved in this case, have participated with the goal of helping others who were also victims of the same conduct. Therefore, I believe I am a typical Class Representative.

25.     I also understand the responsibilities of a Class Representative, such as acting on behalf of the Class's best interests and staying involved and informed about the case and the Settlement approval process. I have already fulfilled these duties to the best of my ability so far in my role as a named Plaintiff, and I will continue to do so if the Court appoints me as a Class Representative. Therefore, I believe I am an adequate Class Representative.

26.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15 th of December, 2022 in Long Beach, California.


By: *Anthony Bell*
Anthony Bell (Dec 15, 2022 12:01 PST)

Anthony Bell

# EXHIBIT 7-D

# DECLARATION OF BRIDGETT BURK IN SUPPORT OF PRELIMINARY SETTLEMENT APPROVAL

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*[Additional counsel listed on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **DECLARATION OF BRIDGETT BURK IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY A SETTLEMENT CLASS AND GRANT PRELIMINARY SETTLEMENT APPROVAL**<br><br>Judge:  Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor<br>Hearing Date:  March 2, 2023<br>Hearing Time:  10:00 a.m. |

I, Bridgett Burk, declare as follows:

1.      I submit this declaration in support of Plaintiffs' Motion to Certify a Settlement

Class and Grant Preliminary Settlement Approval in *In re: Facebook, Inc. Consumer Privacy*

*User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.); MDL No. 2843. This

declaration is based on my personal knowledge and representations of counsel. If called on to

testify, I could and would testify to the facts stated in this declaration.

2.      I am a competent adult over the age of eighteen years of age and a resident of the

State of Florida.

3.      I created my Facebook account in 2006 and still have that account today.

4.      I am one of the named Plaintiffs and proposed Class Representatives in the above-

captioned case.

5.      As a named Plaintiff, I have vigorously pursued this case on behalf of the Class.

Since I was appointed as a named Plaintiff, I have understood that my duty is to act in the best

interest of the Class as a whole, which I have done to the best of my ability throughout my

participation in this case. I would like to continue to represent the Class as a Class

Representative through the Settlement approval process.

6.      Before agreeing to be a named Plaintiff, I discussed my experiences in lengthy

telephone and video calls with my lawyers and expressed my interest in helping to lead this case.

I was informed that a named Plaintiff has a duty to preserve relevant documents and data, and I

have done so to the best of my ability. I also gathered documents, emails, and other information

relevant to the case and worked with vendors hired by my attorneys to collect documents.

7.      I reviewed the complaints and a number of other important filings in the case, and

made myself available to discuss case-related issues with my attorneys throughout the case. I

also prepared for and testified at my deposition. I have stayed up to date and informed about the

case, communicating regularly with my attorneys, asking them questions, and providing them

with additional documents and information as needed.

8.      I actively participated in the discovery process, and I spent considerable time and effort working with my lawyers to provide responses to Facebook's many discovery requests.

9.       From December 2019 to August 2022, Facebook sent me 100 interrogatories, 42 requests for production, and 39 requests for admission. I reviewed each of the discovery requests carefully, then participated in conference calls with my attorneys to provide responses to the requests as best I could. There were often follow-up communications with my attorneys to confirm or correct various details of my responses. I then reviewed and corrected as necessary the formal responses that were prepared based on our communications.

10.      For Facebook's discovery requests that asked for my documents, I provided my lawyers access to a huge amount of my personal email messages and other communications. I also helped locate and access other documents, including assisting my lawyers and their vendors by granting remote access to my devices, email, and Facebook and other social media accounts so they could search for and gather a large set of potentially responsive documents.

11.      In total, I provided 99 pages of responses to twenty-nine of Facebook's interrogatories. I also provided responses to 42 requests for production and produced 2,211 documents totaling 9,530 pages in response to those requests.

12.      In addition to responding to Facebook's discovery requests, I also testified at a full day deposition. My deposition was originally set by Facebook for November 12, 2021 and was subsequently rescheduled for March 10, 2022. I took time off work and used vacation time to prepare for and attend the deposition. I spent approximately 35 hours preparing for and testifying at my deposition.

13.      Responding to the discovery Facebook sent me, preparing for my deposition, and being deposed took a lot of time and effort.

14.      In total, I have spent approximately 225 hours on activities related to this case. This is time I would have spent on other things if not for the responsibility I took on as a named Plaintiff.

DocuSign Envelope ID: 2BC01629-C843-4AFF-9055-985BCF09B927

15.     Not only did responding to Facebook's discovery requests and testifying at my deposition take a lot of time, it also addressed topics that are personal and private. The discovery responses, documents, and testimony I provided to Facebook concerned private, non-public information about me, my family, and my friends, including information about my life, my relationships, my work, and my political and religious views. It was difficult to provide documents and information regarding these highly personal subjects to Facebook. It was also uncomfortable and stressful to give vendors complete access to my social media accounts so that they could gather documents from those accounts. In fact, the reason I wanted to join and help lead this case as a named Plaintiff was because I believe Facebook violated my trust by disclosing my personal, private, non-public information to third parties and failed to meaningfully restrict third parties' use of my personal information they got from Facebook.

16.     I was willing to subject myself to the further intrusion on my privacy because I care deeply about representing the Class in this case. For example, I was asked intrusive questions during my deposition about personal issues including my family, my personal relationships, my political views, my religious beliefs, my work, and my health, which were emotionally challenging and stressful to answer. I answered questions about those subjects, as well as every other question I was asked, fully and truthfully even though it was difficult to discuss those topics with strangers like Facebook's attorneys, and even though I knew my answers may get back to Facebook, which I no longer trust with my personal, private, and non-public information.

17.     If this case had continued, I would have been similarly willing to testify fully and truthfully at trial.

18.     I have reviewed the terms of the proposed Settlement and discussed them with my lawyers. I was told the terms of the Settlement were to be kept confidential until filed with the Court, and I have not discussed them with anyone else.

19.     I understand and approve of the terms of the proposed Settlement and think it is fair, reasonable, and in the best interests of the Class. The Settlement is for a substantial amount

of money that will have a positive impact for the Class. I also think it will make Facebook less likely to violate its users' trust in the future.

20.     I addition to the terms of the proposed Settlement, I am particularly happy that Facebook has made meaningful changes to how it permits third parties to access user data. It is my understanding that Facebook ended friend permissions – the way that apps could access a user's data through that user's friend – except when the user whose data is being accessed has provided explicit authorization that their information can be shared. It is also my understanding that Facebook no longer "whitelists" any third parties to access data through friend permissions. Thus, it is my understanding that apps can only access my non-public Facebook data if I explicitly say they can.

21.     It is also my understanding that Facebook now has substantially improved its processes for monitoring how third parties use the user data they obtain from Facebook. Specifically, I understand that over the last two years Facebook has initiated reviews of the reasons apps are requesting user data before it permits apps to access the data, annual reviews of how apps who have been permitted to access user data are using the data, and more stringent reviews of apps that have access to specific types of sensitive user data. These steps should limit third parties' ability to misuse Facebook user data in the way that Cambridge Analytica did.

22.     Facebook's confirmation of these changes addresses the reasons I joined this case and volunteered as a named Plaintiff in this case.

23.     I understand that my claims against Facebook are the same as the claims of the other Class Members. I also understand that Facebook's conduct that gave rise to my claims is not unique to me, but is the same conduct that gave rise to the claims of the other Class Members. I am not aware of any conflicts of interest that I would have with any other member of the Class, and, since I became involved in this case, have participated with the goal of helping others who were also victims of the same conduct. Therefore, I believe I am a typical Class Representative.

DocuSign Envelope ID: 2BC01629-C813-4AFF-9D5F-995DCF09B927

24.     I also understand the responsibilities of a Class Representative, such as acting on behalf of the Class's best interests and staying involved and informed about the case and the Settlement approval process. I have already fulfilled these duties to the best of my ability so far in my role as a named Plaintiff, and I will continue to do so if the Court appoints me as a Class Representative. Therefore, I believe I am an adequate Class Representative.

25.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed ___December 16, 2022___ in Orlando, Florida.


By: _____
                    _Bridgett Burk_
                    28EBA7FADF0443A...
                    Bridgett Burk

# EXHIBIT 7-E

# DECLARATION OF TERRY FISCHER IN SUPPORT OF PRELIMINARY SETTLEMENT APPROVAL

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **DECLARATION OF TERRY FISCHER IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY A SETTLEMENT CLASS AND GRANT PRELIMINARY SETTLEMENT APPROVAL**<br><br>Judge:  Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor<br>Hearing Date:  March 2, 2023<br>Hearing Time:  10:00 a.m. |

I, Terry Fischer, declare as follows:

1. I submit this declaration in support of Plaintiffs' Motion to Certify a Settlement Class and Grant Preliminary Settlement Approval in *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.); MDL No. 2843. This declaration is based on my personal knowledge and representations of counsel. If called on to testify, I could and would testify to the facts stated in this declaration.

2. I am a competent adult over the age of eighteen years of age and a resident of the State of Washington.

3. I created my Facebook account in 2013 and still have that account today.

4. I am one of the named Plaintiffs and proposed Class Representatives in the above-captioned case.

5. As a named Plaintiff, I have vigorously pursued this case on behalf of the Class. Since I was appointed as a named Plaintiff, I have understood that my duty is to act in the best interest of the Class as a whole, which I have done to the best of my ability throughout my participation in this case. I would like to continue to represent the Class as a Class Representative through the Settlement approval process.

6. Before agreeing to be a named Plaintiff, I discussed my experiences in lengthy telephone and video calls with my lawyers and expressed my interest in helping to lead this case. I was informed that a named Plaintiff has a duty to preserve relevant documents and data, and I have done so to the best of my ability. I also gathered documents, emails, and other information relevant to the case and worked with vendors hired by my attorneys to collect documents.

7. I reviewed the complaints and a number of other important filings in the case, and made myself available to discuss case-related issues with my attorneys throughout the case. I also prepared for and testified at my deposition. I have stayed up to date and informed about the case, communicating regularly with my attorneys, asking them questions, and providing them with additional documents and information as needed.

DocuSign Envelope ID: 7751CE33-8CE0-4EFF-9A61-S9EA8C0PB3EF

8.      I actively participated in the discovery process, and I spent considerable time and effort working with my lawyers to provide responses to Facebook's many discovery requests.

9.      From December 2019 to August 2022, Facebook sent me 100 interrogatories, 42 requests for production, and 40 requests for admission. I reviewed each of the discovery requests carefully, then participated in conference calls with my attorneys to provide responses to the requests as best I could. There were often follow-up communications with my attorneys to confirm or correct various details of my responses. I then reviewed and corrected as necessary the formal responses that were prepared based on our communications.

10.      For Facebook's discovery requests that asked for my documents, I provided my lawyers access to a huge amount of my personal email messages and other communications. I also helped locate and access other documents, including assisting my lawyers and their vendors by granting remote access to my devices, email, and Facebook and other social media accounts so they could search for and gather a large set of potentially responsive documents.

11.      In total, I provided 89 pages of responses to twenty-nine of Facebook's interrogatories. I also provided responses to 42 requests for production and produced 1,253 documents totaling 14,155 pages in response to those requests.

12.      In addition to responding to Facebook's discovery requests, I also testified at a full day deposition. My deposition was originally set by Facebook for March 10, 2022, and was subsequently rescheduled for April 15, 2022. I adjusted my work schedule and worked at times when I would not have otherwise worked in order to prepare for and attend the deposition. I spent approximately 30 hours preparing for and testifying at my deposition.

13.      Responding to the discovery Facebook sent me, preparing for my deposition, and being deposed took a lot of time and effort.

14.      In total, I have spent approximately 175 hours on activities related to this case. This is time I would have spent on other things if not for the responsibility I took on as a named Plaintiff.

DocuSign Envelope ID: 7751CE33-8CE0-4EFF-9A61-S9FA8C0PB3EF

15.     Not only did responding to Facebook's discovery requests and testifying at my deposition take a lot of time, it also addressed topics that are personal and private. The discovery responses, documents, and testimony I provided to Facebook concerned private, non-public information about me, my family, and my friends, including information about my life, my relationships, my work, and my political and religious views. It was difficult to provide documents and information regarding these highly personal subjects to Facebook. In fact, the reason I wanted to join and help lead this case as a named Plaintiff was because I believe Facebook violated my trust by disclosing my personal, private, non-public information to third parties and failed to meaningfully restrict third parties' use of my personal information they got from Facebook.

16.     I was willing to subject myself to the further intrusion on my privacy because I care deeply about representing the Class in this case. For example, I was asked intrusive questions during my deposition about personal issues including my family, my personal relationships, my political views, my religious beliefs, my work, and my health, which were emotionally challenging and stressful to answer. I answered questions about those subjects, as well as every other question I was asked, fully and truthfully even though it was difficult to discuss those topics with strangers like Facebook's attorneys, and even though I knew my answers may get back to Facebook, which I no longer trust with my personal, private, and non-public information.

17.     If this case had continued, I would have been similarly willing to testify fully and truthfully at trial.

18.     I have reviewed the terms of the proposed Settlement and discussed them with my lawyers. I was told the terms of the Settlement were to be kept confidential until filed with the Court, and I have not discussed them with anyone else.

19.     I understand and approve of the terms of the proposed Settlement and think it is fair, reasonable, and in the best interests of the Class. The Settlement is for a substantial amount

of money that will have a positive impact for the Class. I also think it will make Facebook less likely to violate its users' trust in the future.

20.     In addition to the terms of the proposed Settlement, I am particularly happy that Facebook has made meaningful changes to how it permits third parties to access user data. It is my understanding that Facebook ended friend permissions – the way that apps could access a user's data through that user's friend – except when the user whose data is being accessed has provided explicit authorization that their information can be shared. It is also my understanding that Facebook no longer "whitelists" any third parties to access data through friend permissions. Thus, it is my understanding that apps can only access my non-public Facebook data if I explicitly say they can.

21.     It is also my understanding that Facebook now has substantially improved its processes for monitoring how third parties use the user data they obtain from Facebook. Specifically, I understand that over the last two years Facebook has initiated reviews of the reasons apps are requesting user data before it permits apps to access the data, annual reviews of how apps who have been permitted to access user data are using the data, and more stringent reviews of apps that have access to specific types of sensitive user data. These steps should limit third parties' ability to misuse Facebook user data in the way that Cambridge Analytica did.

22.     Facebook's confirmation of these changes addresses the reasons I joined this case and volunteered as a named Plaintiff in this case.

23.     I understand that my claims against Facebook are the same as the claims of the other Class Members. I also understand that Facebook's conduct that gave rise to my claims is not unique to me, but is the same conduct that gave rise to the claims of the other Class Members. I am not aware of any conflicts of interest that I would have with any other member of the Class, and, since I became involved in this case, have participated with the goal of helping others who were also victims of the same conduct. Therefore, I believe I am a typical Class Representative.

24.     I also understand the responsibilities of a Class Representative, such as acting on behalf of the Class's best interests and staying involved and informed about the case and the Settlement approval process. I have already fulfilled these duties to the best of my ability so far in my role as a named Plaintiff, and I will continue to do so if the Court appoints me as a Class Representative. Therefore, I believe I am an adequate Class Representative.

25.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed _____December 16, 2022_____ in Silverdale, Washington.


By: _____ _Terry Fischer_ _____
           DocuSigned by:
           ─91B71E8302AF486...
           Terry Fischer

# EXHIBIT 7-F

# DECLARATION OF TYLER KING IN SUPPORT OF PRELIMINARY SETTLEMENT APPROVAL

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **DECLARATION OF TYLER KING IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY A SETTLEMENT CLASS AND GRANT PRELIMINARY SETTLEMENT APPROVAL**<br><br>Judge:  Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor<br>Hearing Date: March 2, 2023<br>Hearing Time: 10:00 a.m. |

I, Tyler King, declare as follows:

1.     I submit this declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement in *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.); MDL No. 2843. This declaration is based on my personal knowledge and representations of counsel. If called on to testify, I could and would testify to the facts stated in this declaration.

2.     I am a competent adult over the age of eighteen years of age and a resident of the State of Florida.

3.     I created my Facebook account in 2008 and closed my Facebook account in 2018.

4.     I am one of the named Plaintiffs and proposed Class Representatives in the above-captioned case.

5.     As a named Plaintiff, I have vigorously pursued this case on behalf of the Class. Since I was appointed as a named Plaintiff, I have understood that my duty is to act in the best interest of the Class as a whole, which I have done to the best of my ability throughout my participation in this case. I would like to continue to represent the Class as a Class Representative through the Settlement approval process.

6.     Before agreeing to be a named Plaintiff, I discussed my experiences in lengthy telephone and video calls with my lawyers and expressed my interest in helping to lead this case. I was informed that a named Plaintiff has a duty to preserve relevant documents and data, and I have done so to the best of my ability. I also gathered documents, emails, and other information relevant to the case and worked with vendors hired by my attorneys to collect documents.

7.     I reviewed the complaints and a number of other important filings in the case, and made myself available to discuss case-related issues with my attorneys throughout the case. I also prepared for and testified at my deposition. I have stayed up to date and informed about the case, communicating regularly with my attorneys, asking them questions, and providing them with additional documents and information as needed.

8.      I actively participated in the discovery process, and I spent considerable time and effort working with my lawyers to provide responses to Facebook's many discovery requests.

9.      From December 2019 to August 2022, Facebook sent me 100 interrogatories, 42 requests for production, and 39 requests for admission. I reviewed each of the discovery requests carefully, then participated in conference calls with my attorneys to provide responses to the requests as best I could. There were often follow-up communications with my attorneys to confirm or correct various details of my responses. I then reviewed and corrected as necessary the formal responses that were prepared based on our communications.

10.     For Facebook's discovery requests that asked for my documents, I provided my lawyers access to a huge amount of my personal email messages and other communications. I also helped locate and access other documents, including assisting my lawyers and their vendors by granting remote access to my devices, email, and social media accounts so they could search for and gather a large set of potentially responsive documents.

11.     In total, I provided 94 pages of responses to twenty-nine of Facebook's interrogatories. I also provided responses to 42 requests for production and produced 1,979 documents totaling 3,659 pages in response to those requests.

12.     In addition to responding to Facebook's discovery requests, I also testified at a full day deposition. I was originally prepared to be deposed by Facebook on December 2, 2021, and my deposition was subsequently scheduled for December 20, 2021. I took time away from work as an author and ghostwriter to prepare for and attend the deposition, including postponing deadlines for delivery of projects.  I estimate that I spent more than 90 hours preparing for and testifying at my deposition.

13.     Responding to the discovery Facebook sent me, preparing for my deposition, and being deposed took a lot of time and effort. While undergoing multiple relocations for my husband's military service, most recently to the Republic of Korea, I made myself available on weekends, early mornings, and late nights to accommodate scheduling across time zones.

14.     In total, I have spent approximately more than 500 hours on activities related to this case. This is time I would have spent on other things if not for the responsibility I took on as a named Plaintiff.

15.     Not only did responding to Facebook's discovery requests and testifying at my deposition take a lot of time, it also addressed topics that are personal and private. The discovery responses, documents, and testimony I provided to Facebook concerned private, non-public information about me, my family, and my friends, including information about my life, my relationships, my work, and my political and religious views. It was difficult to provide documents and information regarding these highly personal subjects to Facebook. In fact, the reason I wanted to join and help lead this case as a named Plaintiff was because I believe Facebook violated my trust by disclosing my personal, private, non-public information to third parties and failed to meaningfully restrict third parties' use of my personal information they got from Facebook.

16.     I was willing to subject myself to the further intrusion on my privacy because I care deeply about representing the Class in this case. For example, I was asked intrusive questions during my deposition about personal issues including deeply sensitive health issues, my relationship with my mother, my husband's military service, my political views, and my religious views. I answered questions about those subjects, as well as every other question I was asked, fully and truthfully even though it was difficult to discuss those topics with strangers like Facebook's attorneys, and even though I knew my answers may get back to Facebook, which I no longer trust with my personal, private, and non-public information.

17.     If this case had continued, I would have been similarly willing to testify fully and truthfully at trial.

18.     I have reviewed the terms of the proposed Settlement and discussed them with my lawyers. I was told the terms of the Settlement were to be kept confidential until filed with the Court, and I have not discussed them with anyone else.

19.     I understand and approve of the terms of the proposed Settlement and think it is fair, reasonable, and in the best interests of the Class. The Settlement is for a substantial amount of money that will have a positive impact for the Class. I am hopeful it will make Facebook less likely to violate its users' trust in the future.

20.     In addition to the terms of the proposed Settlement, I am encouraged that Facebook has made meaningful changes to how it permits third parties to access user data. It is my understanding that Facebook ended friend permissions – the way that apps could access a user's data through that user's friend – except when the user whose data is being accessed has provided explicit authorization that their information can be shared. It is also my understanding that Facebook no longer "whitelists" any third parties to access data through friend permissions. Thus, it is my understanding that apps can only access users' non-public Facebook data if users explicitly say they can.

21.     It is also my understanding that Facebook now has substantially improved its processes for monitoring how third parties use the user data they obtain from Facebook. Specifically, I understand that over the last two years Facebook has initiated reviews of the reasons apps are requesting user data before it permits apps to access the data, annual reviews of how apps who have been permitted to access user data are using the data, and more stringent reviews of apps that have access to specific types of sensitive user data. These steps should limit third parties' ability to misuse Facebook user data in the way that Cambridge Analytica did.

22.     Facebook's confirmation of these changes addresses the primary reasons I joined this case and volunteered as a named Plaintiff in this case.

23.     I understand that my claims against Facebook are the same as the claims of the other Class Members. I also understand that Facebook's conduct that gave rise to my claims is not unique to me, but is the same conduct that gave rise to the claims of the other Class Members. I am not aware of any conflicts of interest that I would have with any other member of the Class, and, since I became involved in this case, have participated with the goal of helping

others who were also victims of the same conduct. Therefore, I believe I am a typical Class Representative.

24.     I also understand the responsibilities of a Class Representative, such as acting on behalf of the Class's best interests and staying involved and informed about the case and the Settlement approval process. I have already fulfilled these duties to the best of my ability so far in my role as a named Plaintiff, and I will continue to do so if the Court appoints me as a Class Representative. Therefore, I believe I am an adequate Class Representative.

25.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this __15__ day of December, 2022 in _____, South Korea.
                                                          Asan Techno Valley


By: _____
        Tyler King (Dec 15, 2022 17:31 GMT+9)

                    Tyler King

# EXHIBIT 7-G

# DECLARATION OF JORDAN O'HARA IN SUPPORT OF PRELIMINARY SETTLEMENT APPROVAL

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*[Additional counsel listed on signature page]*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843 <br> Case No. 18-md-02843-VC |
| This document relates to: <br><br> ALL ACTIONS | **DECLARATION OF JORDAN O'HARA IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY A SETTLEMENT CLASS AND GRANT PRELIMINARY SETTLEMENT APPROVAL** <br><br> Judge:  Hon. Vince Chhabria <br> Courtroom:  4, 17th Floor <br> Hearing Date:  March 2, 2023 <br> Hearing Time:  10:00 a.m. |

I, Jordan O'Hara, declare as follows:

1.     I submit this declaration in support of Plaintiffs' Motion to Certify a Settlement Class and Grant Preliminary Settlement Approval in *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.); MDL No. 2843. This declaration is based on my personal knowledge and representations of counsel. If called on to testify, I could and would testify to the facts stated in this declaration.

2.     I am a competent adult over the age of eighteen years of age and a resident of the State of California.

3.     I created my Facebook account in 2007 and still have that account today.

4.     I am one of the named Plaintiffs and proposed Class Representatives in the above-captioned case.

5.     As a named Plaintiff, I have vigorously pursued this case on behalf of the Class. Since I was appointed as a named Plaintiff, I have understood that my duty is to act in the best interest of the Class as a whole, which I have done to the best of my ability throughout my participation in this case. I would like to continue to represent the Class as a Class Representative through the Settlement approval process.

6.     Before agreeing to be a named Plaintiff, I discussed my experiences in lengthy telephone and video calls with my lawyers and expressed my interest in helping to lead this case. I was informed that a named Plaintiff has a duty to preserve relevant documents and data, and I have done so to the best of my ability. I also gathered documents, emails, and other information relevant to the case and worked with vendors hired by my attorneys to collect documents.

7.     I reviewed the complaints and a number of other important filings in the case, and made myself available to discuss case-related issues with my attorneys throughout the case. I also prepared for and testified at my deposition. I have stayed up to date and informed about the case, communicating regularly with my attorneys, asking them questions, and providing them with additional documents and information as needed.

8.      I actively participated in the discovery process, and I spent considerable time and effort working with my lawyers to provide responses to Facebook's many discovery requests.

9.      From December 2019 to August 2022, Facebook sent me 100 interrogatories, 42 requests for production, and 39 requests for admission. I reviewed each of the discovery requests carefully, then participated in conference calls with my attorneys to provide responses to the requests as best I could. There were often follow-up communications with my attorneys to confirm or correct various details of my responses. I then reviewed and corrected as necessary the formal responses that were prepared based on our communications.

10.     For Facebook's discovery requests that asked for my documents, I provided my lawyers access to a huge amount of my personal email messages and other communications. I also helped locate and access other documents, including assisting my lawyers and their vendors by granting remote access to my devices, email, and Facebook and other social media accounts so they could search for and gather a large set of potentially responsive documents.

11.     In total, I provided 68 pages of responses to twenty-nine of Facebook's interrogatories. I also provided responses to 42 requests for production and produced 1,611 documents totaling 2,815 pages in response to those requests.

12.     In addition to responding to Facebook's discovery requests, I also testified at a full day deposition. My deposition was originally set by Facebook for January 27, 2022 and was subsequently rescheduled for March 4, 2022. I took time off work and used vacation time to prepare for and attend the deposition. I spent more than 17 hours preparing for and testifying at my deposition.

13.     Responding to the discovery Facebook sent me, preparing for my deposition, and being deposed took a lot of time and effort.

14.     In total, I have spent approximately 320 hours on activities related to this case. This is time I would have spent on other things if not for the responsibility I took on as a named Plaintiff.

15.     Not only did responding to Facebook's discovery requests and testifying at my deposition take a lot of time, it also addressed topics that are personal and private. The discovery responses, documents, and testimony I provided to Facebook concerned private, non-public information about me, my family, and my friends, including information about my life, my relationships, my work, and my political and religious views. It was difficult to provide documents and information regarding these highly personal subjects to Facebook. In fact, the reason I wanted to join and help lead this case as a named Plaintiff was because I believe Facebook violated my trust by disclosing my personal, private, non-public information to third parties and failed to meaningfully restrict third parties' use of my personal information they got from Facebook.

16.     I was willing to subject myself to the further intrusion on my privacy because I care deeply about representing the Class in this case. For example, I was asked intrusive questions during my deposition about personal issues including my personal relationships, my political views, my military service, and my physical and mental health. I answered questions about those subjects, as well as every other question I was asked, fully and truthfully even though it was difficult to discuss those topics with strangers like Facebook's attorneys, and even though I knew my answers may get back to Facebook, which I no longer trust with my personal, private, and non-public information.

17.     If this case had continued, I would have been similarly willing to testify fully and truthfully at trial.

18.     I have reviewed the terms of the proposed Settlement and discussed them with my lawyers. I was told the terms of the Settlement were to be kept confidential until filed with the Court, and I have not discussed them with anyone else.

19.     I understand and approve of the terms of the proposed Settlement and think it is fair, reasonable, and in the best interests of the Class. The Settlement is for a substantial amount of money that will have a positive impact for the Class. I also think it will make Facebook less likely to violate its users' trust in the future.

20.     In addition to the terms of the proposed Settlement, I am particularly happy that Facebook has made meaningful changes to how it permits third parties to access user data. It is my understanding that Facebook ended friend permissions – the way that apps could access a user's data through that user's friend – except when the user whose data is being accessed has provided explicit authorization that their information can be shared. It is also my understanding that Facebook no longer "whitelists" any third parties to access data through friend permissions. Thus, it is my understanding that apps can only access my non-public Facebook data if I explicitly say they can.

21.     It is also my understanding that Facebook now has substantially improved its processes for monitoring how third parties use the user data they obtain from Facebook. Specifically, I understand that over the last two years Facebook has initiated reviews of the reasons apps are requesting user data before it permits apps to access the data, annual reviews of how apps who have been permitted to access user data are using the data, and more stringent reviews of apps that have access to specific types of sensitive user data. These steps should limit third parties' ability to misuse Facebook user data in the way that Cambridge Analytica did.

22.     Facebook's confirmation of these changes addresses the reasons I joined this case and volunteered as a named Plaintiff in this case.

23.     I understand that my claims against Facebook are the same as the claims of the other Class Members. I also understand that Facebook's conduct that gave rise to my claims is not unique to me, but is the same conduct that gave rise to the claims of the other Class Members. I am not aware of any conflicts of interest that I would have with any other member of the Class, and, since I became involved in this case, have participated with the goal of helping others who were also victims of the same conduct. Therefore, I believe I am a typical Class Representative.

24.     I also understand the responsibilities of a Class Representative, such as acting on behalf of the Class's best interests and staying involved and informed about the case and the Settlement approval process. I have already fulfilled these duties to the best of my ability so far

in my role as a named Plaintiff, and I will continue to do so if the Court appoints me as a Class Representative. Therefore, I believe I am an adequate Class Representative.

25.    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 16 th day of December, 2022 in San Diego , California.

By: _____
        Jordan O'Hara

# EXHIBIT 7-H

# DECLARATION OF CHERYL SENKO IN SUPPORT OF PRELIMINARY SETTLEMENT APPROVAL

DocuSign Envelope ID: 0EF82579-D7EF-46BB-B639-528D70E75E75

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*[Additional counsel listed on signature page]*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **DECLARATION OF CHERYL SENKO IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY A SETTLEMENT CLASS AND GRANT PRELIMINARY SETTLEMENT APPROVAL**<br><br>Judge:  Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor<br>Hearing Date:  March 2, 2023<br>Hearing Time:  10:00 a.m. |

I, Cheryl Senko, declare as follows:

1.        I submit this declaration in support of Plaintiffs' Motion to Certify a Settlement

Class and Grant Preliminary Settlement Approval in *In re: Facebook, Inc. Consumer Privacy*

*User Profile Litigation*, Case No. 3:18-md-02843-VC (N.D. Cal.); MDL No. 2843. This

declaration is based on my personal knowledge and representations of counsel. If called on to

testify, I could and would testify to the facts stated in this declaration.

2.        I am a competent adult over the age of eighteen years of age and a resident of the

State of Ohio.

3.        I created my Facebook account in 2005 and still have that account today.

4.        I am one of the named Plaintiffs and proposed Class Representatives in the above-

captioned case.

5.        As a named Plaintiff, I have vigorously pursued this case on behalf of the Class.

Since I was appointed as a named Plaintiff, I have understood that my duty is to act in the best

interest of the Class as a whole, which I have done to the best of my ability throughout my

participation in this case. I would like to continue to represent the Class as a Class

Representative through the Settlement approval process.

6.        Before agreeing to be a named Plaintiff, I discussed my experiences in lengthy

telephone and video calls with my lawyers and expressed my interest in helping to lead this case.

I was informed that a named Plaintiff has a duty to preserve relevant documents and data, and I

have done so to the best of my ability. I also gathered documents, emails, and other information

relevant to the case and worked with vendors hired by my attorneys to collect documents.

7.        I reviewed the complaints and a number of other important filings in the case, and

made myself available to discuss case-related issues with my attorneys throughout the case. I

also prepared for and testified at my deposition. I have stayed up to date and informed about the

case, communicating regularly with my attorneys, asking them questions, and providing them

with additional documents and information as needed.

8. I actively participated in the discovery process, and I spent considerable time and effort working with my lawyers to provide responses to Facebook's many discovery requests.

9. From December 2019 to August 2022, Facebook sent me 100 interrogatories, 42 requests for production, and 41 requests for admission. I reviewed each of the discovery requests carefully, then participated in conference calls with my attorneys to provide responses to the requests as best I could. There were often follow-up communications with my attorneys to confirm or correct various details of my responses. I then reviewed and corrected as necessary the formal responses that were prepared based on our communications.

10. For Facebook's discovery requests that asked for my documents, I provided my lawyers access to a huge amount of my personal email messages and other communications. I also helped locate and access other documents, including assisting my lawyers and their vendors by granting remote access to my devices, email, and Facebook and other social media accounts so they could search for and gather a large set of potentially responsive documents.

11. In total, I provided 102 pages of responses to twenty-nine of Facebook's interrogatories. I also provided responses to 42 requests for production and produced 2,950 documents totaling 12,959 pages in response to those requests.

12. In addition to responding to Facebook's discovery requests, I also testified at a full day deposition. My deposition was originally set by Facebook for November 3, 2021, and was subsequently rescheduled for December 10, 2021. I took time off work and used vacation time to prepare for and attend the deposition. I spent approximately 60 hours preparing for and testifying at my deposition.

13. Responding to the discovery Facebook sent me, preparing for my deposition, and being deposed took a lot of time and effort.

14. In total, I have spent approximately 200 hours on activities related to this case. This is time I would have spent on other things if not for the responsibility I took on as a named Plaintiff.

15.     Not only did responding to Facebook's discovery requests and testifying at my deposition take a lot of time, it also addressed topics that are personal and private. The discovery responses, documents, and testimony I provided to Facebook concerned private, non-public information about me, my family, and my friends, including information about my life, my relationships, my work, and my political and religious views. It was difficult to provide documents and information regarding these highly personal subjects to Facebook. In fact, the reason I wanted to join and help lead this case as a named Plaintiff was because I believe Facebook violated my trust by disclosing my personal, private, non-public information to third parties and failed to meaningfully restrict third parties' use of my personal information they got from Facebook.

16.     I was willing to subject myself to the further intrusion on my privacy because I care deeply about representing the Class in this case. For example, I was asked intrusive questions during my deposition about personal issues including my family, my personal relationships, my political views, my work history, and my health, which were emotionally challenging and stressful to answer. I answered questions about those subjects, as well as every other question I was asked, fully and truthfully even though it was difficult to discuss those topics with strangers like Facebook's attorneys, and even though I knew my answers may get back to Facebook, which I no longer trust with my personal, private, and non-public information.

17.     If this case had continued, I would have been similarly willing to testify fully and truthfully at trial.

18.     I have reviewed the terms of the proposed Settlement and discussed them with my lawyers. I was told the terms of the Settlement were to be kept confidential until filed with the Court, and I have not discussed them with anyone else.

19.     I understand and approve of the terms of the proposed Settlement and think it is fair, reasonable, and in the best interests of the Class. The Settlement is for a substantial amount of money that will have a positive impact for the Class. I also think it will make Facebook less likely to violate its users' trust in the future.

20.    In addition to the terms of the proposed Settlement, I am particularly happy that Facebook has made meaningful changes to how it permits third parties to access user data. It is my understanding that Facebook ended friend permissions – the way that apps could access a user's data through that user's friend – except when the user whose data is being accessed has provided explicit authorization that their information can be shared. It is also my understanding that Facebook no longer "whitelists" any third parties to access data through friend permissions. Thus, it is my understanding that apps can only access my non-public Facebook data if I explicitly say they can.

21.    It is also my understanding that Facebook now has substantially improved its processes for monitoring how third parties use the user data they obtain from Facebook. Specifically, I understand that over the last two years Facebook has initiated reviews of the reasons apps are requesting user data before it permits apps to access the data, annual reviews of how apps who have been permitted to access user data are using the data, and more stringent reviews of apps that have access to specific types of sensitive user data. These steps should limit third parties' ability to misuse Facebook user data in the way that Cambridge Analytica did.

22.    Facebook's confirmation of these changes addresses the reasons I joined this case and volunteered as a named Plaintiff in this case.

23.    I understand that my claims against Facebook are the same as the claims of the other Class Members. I also understand that Facebook's conduct that gave rise to my claims is not unique to me, but is the same conduct that gave rise to the claims of the other Class Members. I am not aware of any conflicts of interest that I would have with any other member of the Class, and, since I became involved in this case, have participated with the goal of helping others who were also victims of the same conduct. Therefore, I believe I am a typical Class Representative.

24.    I also understand the responsibilities of a Class Representative, such as acting on behalf of the Class's best interests and staying involved and informed about the case and the Settlement approval process. I have already fulfilled these duties to the best of my ability so far

in my role as a named Plaintiff, and I will continue to do so if the Court appoints me as a Class Representative. Therefore, I believe I am an adequate Class Representative.

25.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed _____December 15, 2022_____ in Parma, Ohio.


By: _____

Cheryl Senko

Senko Decl. ISO Mot. to Certify a
Settlement Class and Grant
Prelim. Settlement Approval

5

MDL No. 2843
Case No. 18-md-02843-VC