UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS | Case No. 18-md-02843-VC <br><br> **ORDER RE RENEWED MOTION TO SEAL** <br><br> Re: Dkt. No. 1086 |

  In the context of a motion for sanctions, parties may file documents under seal so long as there is "good cause" to keep the documents from the public's view. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" do not demonstrate good cause. *Beckman Industries, Inc. v. Int'l Insurance Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotations and citation omitted). "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips*, 307 F.3d at 1211.

  In a prior ruling, the Court rejected as overbroad many of Facebook's requests to seal or redact documents filed in connection with the sanctions motion. Dkt. No. 1082. Facebook has filed a renewed request. Those requests continue to be grossly overbroad.

  Take, for example, Facebook's Exhibit 20 (Dkt. Nos. 1086-23, 1086-24). Not a word in

that exhibit should be redacted. There is much discussion in the exhibit of the type of information Facebook collects (or doesn't collect) on its users, along with some discussion of Facebook making money off this practice. Facebook has not shown that any "particularized harm" will result from the disclosure of this information. And all of that information is central to what the lawsuit is about (and what the sanctions motion is about). There is no basis for hiding it from public view.

Or take Facebook's Exhibit 9 (Dkt. Nos. 1086-21, 1086-22), where Facebook proposes to redact various comments that are mostly about the Hive. Here are some of the statements Facebook seeks to redact with no real basis:

- "Hive stores more than 12 million database tables that are largely used only for internal analytics—many of which contain several terabytes or even petabytes of data."

- "Hive is not indexed by user, and there is no way to search all tables at once for an individual user's ID."

- "To satisfy Plaintiffs' demand, Facebook would have to individually open at least 12 million different books and analyze each for any information that could have originated from one of the Named Plaintiffs."

- "Facebook's Social Graph is not powered by a single database. Rather, Facebook is powered by an extraordinarily complex information architecture that stores user content and information in various databases. The information in these databases is generally not human-readable and instead is intended to be processed for human consumption through Facebook's production environment."

For the plaintiffs' Exhibit 63 (Dkt. Nos. 1086-9, 1086-10), Facebook seeks to redact a seemingly random smattering of phrases within a document, without coming close to explaining how the redactions could be appropriate under the applicable legal standard. For instance, in a section labeled, "What are we doing that's bad (perceived or real) from a privacy perspective?," Facebook seeks to redact:

- "By default, applications can access friends' data (birthday, status updates, photos, videos, etc.) if they get authorization from the end user;"

- "Difficult to impossible to enforce our requirement that applications not share Facebook data with specified fourth parties;"

- "No consistent point-of-view and special relationships with partners that undermine larger philosophical arguments."

And to use a final example, in the plaintiffs' Exhibit 66 (Dkt. No. 1086-13, 1086-14), Facebook seeks to redact numerous passages that obviously cannot be redacted, such as a figure titled "Number of Users by Permissions Granted (API Version >= 2.0)," and the phrase "…version 1 of the Graph API was deprecated." Facebook then seeks to redact different portions of a seemingly identical memo in plaintiffs' Exhibit 92 (Dkt. Nos. 1086-37, 1086-38).

The attached chart disposes of the remaining requests to seal.[1] Facebook is ordered to file unredacted versions of the documents on the docket by tomorrow, February 8, 2023.

**IT IS SO ORDERED.**

Dated: February 7, 2023

VINCE CHHABRIA
United States District Judge

---

[1] All pages cited in the chart reference the pages as numbered by ECF, not the pages native to the document.

| Exhibit No. | Dkt. No. | Decision |
|---|---|---|
| **Plaintiffs' Exhibit 33** | 1086-3, 1086-4 | Denied. |
| **Plaintiffs' Exhibit 34** | 1086-5, 1086-6 | Denied. |
| **Plaintiffs' Exhibit 51** | 1086-7, 1086-8 | Denied. |
| **Plaintiffs' Exhibit 63** | 1086-9, 1086-10 | Denied. |
| **Plaintiffs' Exhibit 65** | 1086-11, 1086-12 | Denied. |
| **Plaintiffs' Exhibit 66** | 1086-13, 1086-14 | Facebook may redact the highlighted portions on pages 2 to 3, ending with item number 3 on the list (i.e., Facebook should not redact anything on page 3 after item 3 on the list). Facebook may also redact the highlighted portions on page 10. The remaining requests are denied. |
| **Plaintiffs' Exhibit 67** | 1086-15, 1086-16 | Facebook may redact the contact's emails. The remaining requests are denied. |
| **Plaintiffs' Exhibit 68** | 1086-17, 1086-18 | Denied. |
| **Defendant's Exhibit 7** | 1086-19, 1086-20 | Denied. |
| **Defendant's Exhibit 9** | 1086-21, 1086-22 | Denied. |
| **Defendant's Exhibit 20** | 1086-23, 1086-24 | Denied. |
| **Defendant's Exhibit 25** | 1086-25, 1086-26 | Facebook may redact Ex. A to the Pope Declaration. The remaining requests are denied. |
| **Defendant's Exhibit 41** | 1086-27, 1086-28 | Facebook may redact the employees' names and the highlighted portions on pages 30 to 36 and page 90. The remaining requests are denied. |
| **Plaintiffs' Reply Exhibit 74** | 1086-29, 1086-30 | Facebook may redact the highlighted portions on pages 29 to 44. The remaining requests are denied. |
| **Am. Order re NP Data** | 1086-31, 1086-32 | Granted. |
| **Plaintiffs' Suppl. Exhibit 90** | 1086-33, 1086-34 | Denied. |
| **Plaintiffs' Suppl. Exhibit 91** | 1086-35, 1086-36 | Denied. |
| **Plaintiffs' Suppl. Exhibit 92** | 1086-37, 1086-38 | Facebook may redact this document consistent with the redactions granted for plaintiffs' Exhibit 66. Any other requests are denied. |
| **Plaintiffs'** | 1086-39, 1086-40 | Denied. |

4

| | | |
|---|---|---|
| **Suppl. Exhibit 93** | | |
| **Plaintiffs' Suppl. Exhibit 95** | 1086-41, 1086-42 | Denied. |
| **Plaintiffs' Suppl. Exhibit 96** | 1086-43, 1086-44 | Denied. |
| **Plaintiffs' Suppl. Exhibit 106** | 1086-45, 1086-46 | Denied. |
| **Plaintiffs' Suppl. Exhibit 112** | 1086-47, 1086-48 | Facebook may redact employees' personally identifiable information (including emails, names, and addresses). The remaining requests are denied. |
| **Plaintiffs' Suppl. Exhibit 121** | 1086-49, 1086-50 | Granted. |
| **Plaintiffs' Suppl. Exhibit 139** | 1086-51, 1086-52 | Granted. |
| **Plaintiffs' Exhibit 95** | 1086-53, 1086-54 | Facebook may redact the highlighted portions on pages 66 to 67. |
| **Plaintiffs' Exhibit 106** | 1086-55, 1086-56 | Denied. |
| **Defendant's Exhibit 4** | 1086-57, 1086-58 | Granted. |
| **Defendant's Exhibit 56** | 1086-59, 1086-60 | Denied. |
| **Defendant's Exhibit 64** | 1086-61, 1086-62 | Granted. |
| **Defendant's Exhibit 73** | 1086-63, 1086-64 | Denied. |