GIBSON, DUNN & CRUTCHER LLP
Orin Snyder (*pro hac vice*)
  osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Kristin A. Linsley (SBN 154148)
  klinsley@gibsondunn.com4
Rosemarie T. Ring (SBN 220769)
  rring@gibsondunn.com
Martie Kutscher (SBN 302650)
  mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

GIBSON, DUNN & CRUTCHER LLP
Deborah Stein (SBN 224570)
  dstein@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
  jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

*Attorneys for Defendant Facebook, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS | CASE NO. 3:18-MD-02843-VC <br><br> **DECLARATION OF ROSEMARIE T. RING IN SUPPORT OF FACEBOOK, INC., GIBSON, DUNN & CRUTCHER LLP, AND ORIN SNYDER'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS** |

Gibson, Dunn & Crutcher LLP

I, Rosemarie T. Ring, hereby declare as follows:

1.      I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, counsel of record for Facebook, Inc. ("Facebook") in the above-captioned case.  I am a member in good standing of the State Bar of California.  I submit this declaration in support of the Supplemental Opposition to Plaintiffs' Motion for Sanctions filed by Facebook, Inc., Gibson, Dunn & Crutcher, and Orin Snyder. I make this declaration based on my own knowledge, information contained in our case files, and discussions with my team, and I would testify to the matters herein under oath if called upon to do so.

## I.      ADI DOCUMENTS

### A.      ADI Proceedings Before Judge Corley

2.      Since mid-2020, when the parties' dispute over ADI documents came to the attention of Judge Corley, Plaintiffs have demanded "every single document" from ADI, including "internal documents and communications."  Dkt. 914-1 at 33:4-6, 40:17-18, 41:10-14.  In response, Facebook asserted that ADI was privileged and that having to produce (or log) every single ADI document and communication would be unduly burdensome and not proportional to the needs of the case.  The threshold issue to be addressed was privilege, and specifically whether the investigation as a whole was shielded from discovery by privilege.

3.      In July 2020, Judge Corley advised the parties that she intended to address the ADI privilege issues "in context," and by way of a sampling process to be negotiated by the parties. Dkt. 914-1 at 36:10-12; 36:16-18, 20-22, 41:24-42:1. Based on this guidance, the parties stipulated in September 2020 to sample documents and communications relating to six apps (and app developers) that were addressed by the ADI.  Dkt. 513-2.  The parties agreed that Facebook would identify apps in three different buckets associated with different ADI outcomes, and Plaintiffs would choose apps from each of the buckets, for a total of six exemplar apps. *Id.*  The buckets were:  (i) "Apps that were investigated but not suspended, (ii) "Apps that were suspended for non-cooperation with ADI," and (iii) "Apps that were suspended for some reason other than non-cooperation with ADI." *Id.*

4.      The custodian review sets for documents and communications associated with the six exemplar apps was addressed in the same stipulation.  Dkt. 513-2.  The parties agreed that Facebook

Gibson, Dunn &
Crutcher LLP

1    would search the files of "ADI custodians" for the "app name and app ID" of the six exemplar apps

2    selected by Plaintiffs.  The stipulation identified a list of 26 "ADI custodians," including several

3    attorneys, and a Facebook email account that was used for ADI-specific communications.  *Id.* at 2-3.

4    Facebook assessed the review set for responsiveness and privilege, as the parties stipulated.

5          5.     In December 2020, Facebook produced a privilege log for each exemplar app, which

6    (in total) contained approximately 6,000 entries.  *See* Dkt. 913-3, ¶ 11(a), (g).  I understand that, in

7    January 2021, Plaintiffs challenged each entry that did not list an attorney as an author or recipient,

8    about 400 of the 6,000 entries.

9          6.     On January 15, 2021, Judge Corley ordered Plaintiffs to select 20 of the privilege log

10   entries they challenged for *in camera* review and ordered simultaneous briefing on those documents.

11   Dkt. 914-6 at 3:20-4:24; Dkt. 602 at 1; *see also* Sanctions Opp. [Dkt. 911] at 18.

12         7.     On April 6, 2021, Judge Corley offered her preliminary view on the ADI dispute but

13   did not issue an order.  Judge Corley stated she believed ADI served a "dual purpose."  Dkt. 914-10

14   at 24:16.  She also stated that certain materials may still be privileged or subject to work-product

15   protection.  Dkt. 804-4 at 0055:22-0056:3.  Judge Corley went on to explain that she believed many

16   of the documents she reviewed were not relevant.  Dkt. 914-10 at 17:8-23.  In light of that, she

17   asked:  "So what is it precisely that the plaintiffs need from that investigation?"  *Id.* at 17:23.

18   Plaintiffs responded: "what we need . . . are the facts underlying the investigation that relate to our

19   claims."  *Id.* at 18:1–4; *see also id.* at 18:13–14 ("the facts underlying these communications are

20   what we're really seeking").

21         8.     Following Judge Corley's guidance and Plaintiffs' statements during the April 6, 2021

22   discovery conference that they were seeking the "facts underlying the investigation that relate to our

23   claims," the parties agreed to mediate the ADI dispute with Judge Andler and Daniel Garrie, and on

24   April 23, 2021, jointly reported to Judge Corley:  "The parties made significant progress toward a

25   negotiated resolution of Plaintiffs' request for ADI materials.  The parties agree to pursue a

26   negotiated resolution of this issue (*in lieu of a court order*) at this time, and they will continue to

27   work with Judge Andler to do so."  Dkt. 662 at 2 (emphasis added).  Judge Corley later set a

28

DECLARATION OF ROSEMARIE T. RING
IN SUPPORT OF FACEBOOK'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn &
Crutcher LLP

deadline of July 2, 2021, for the parties to reach an agreement or brief the ADI dispute.  Dkt. 693 ¶ 2.  The parties were not able to reach an agreement and, on July 2, 2021, submitted a joint letter brief describing the delta between the parties' proposals.  Dkt. 699.

9.      In their portion of the letter brief, Plaintiffs revived their request for "everything" relating to the apps addressed in Phases Two and Three of ADI, including all ADI communications, and enumerated the types of investigatory materials they were seeking, including background and technical reports, interviews, and audits prepared by outside consultants.  Dkt. 699 at 2, 4-5; *see also* Dkt. 711 at 2-3.  Because these types of reports were not among the 20 documents Plaintiffs selected for Judge Corley to review *in camera*, Dkt. 711 at 3, Judge Corley allowed Facebook to file a declaration to substantiate its privilege and work-product claims with respect to these materials. Dkt. 699 at 4; Dkt. 711 at 3.  Facebook did so on August 21, 2021.  Dkt. 720.

10.     ***Order #1:  ADI Reports for Exemplar Apps.***  On September 8, 2021, Judge Corley issued an order (1) holding that, "as a general matter, documents generated as part of [the ADI] were not created because of litigation," (2) directing Facebook to produce "the background and technical reports, audits and developer interviews of the six exemplar apps chosen by the parties," and (3) directing the parties to "work with the Special Master regarding production of additional materials consistent with the guidance offered by this Order."  Dkt. 736 at 6–7 (emphasis added).

11.     **Facebook's Production Under *Order #1*.**  Facebook produced "the background and technical reports, audits and developer interviews of the six exemplar apps chosen by the parties" less than two weeks later, on September 21, 2021.  Dkt. 915, ¶ 11(f).

B.    **ADI Proceedings Before The Special Master**

12.     On October 15, 2021, the Special Master ordered each of the parties to "submit a statement concerning the ADI issues."  Ex. 48; Dkt. 910-12 (formal version of order initially issued on October 15).  On October 22, 2021, the parties submitted their statements.  The Special Master allowed the parties to submit responsive statements on November 4, 2021, which they did, and held a hearing on December 4, 2021. Dkt. 804-4 at 0409-0412, *id.*, 0799-0805; *id.* at 0004, ¶ 10.

Gibson, Dunn &
Crutcher LLP

13.     On December 8, 2021, the Special Master issued an order directing Facebook to produce "all memorandum prepared by [Facebook's outside consultants] and all background reports, technical reports, audits, and non-attorney interviews in connection with the ADI" ("ADI reports"), and defining a process for the production of ADI communications ("ADI communications").  *See* Order Regarding Production of ADI Related Documents at 4, Dkt. 766 ("*December 8 ADI Order*").

14.     On December 15, 2021, Facebook moved for reconsideration of the *December 8 ADI Order*, primarily relating to ADI Communications.  *See* Dkt. 910-18.

15.     **Order #2:  ADI Reports Order**.  On December 20, 2021, the Special Master issued an amended order ("*December 20 ADI Reports Order*").  Dkt. 916-7.  The *December 20 ADI Reports Order* required Facebook to produce "all memoranda prepared by [Facebook's outside consultants] and all background reports, technical reports, audits, and non-attorney developer interviews in connection with the ADI."  *Id.*  The order also referenced the parties' previous sampling process, and required Facebook to "provide to Special Master Garrie for *in camera* review[] all ADI related communications pertaining to the six exemplar applications."  *Id.* ¶ 16.  Facebook provided the Special Master with the communications he asked to review (Dkt. 915, ¶ 10(g)), and, at the same time, appealed portions of that order.  Facebook has understood and treated the *December 20 ADI Reports Order* as the operative order requiring production of the remaining ADI Reports, given its appeal of that order largely challenged the Special Master's ruling that internal ADI communications are discoverable and did not challenge the Special Master's ruling as to ADI Reports, except for narrow portions of the order.  Dkt. 778.

16.     **Facebook's Production Under *Order #2***.  Facebook began producing the remaining ADI reports on January 21, 2022, and completed its production on March 3, 2022.  Dkt. 915 ¶ 11(f).

17.     **Order #3:  ADI Communications Order**.  On January 31, 2022, the Special Master issued an order requiring Facebook to produce "all documents relating to the ADI from all custodians that the parties have identified and collected," with certain exceptions for attorney communications.  Dkt. No. 910-28.  *See* Amended Supplemental Order Regarding Production of ADI Related Documents, Dkt No. 910-28 ("*January 31 ADI Communications Order*").  Facebook

Gibson, Dunn &
Crutcher LLP

has understood and treated the *January 31 ADI Communications Order* as the operative order requiring Facebook to produce ADI communications.

18.    **Facebook's Production Under *Order #3*.**  Facebook reasonably interpreted the *January 31 ADI Communications Order* as covering collected review sets for MDL custodians and ADI custodians agreed upon by the parties in the ADI proceedings before Judge Corley.  For MDL custodians, the review set included documents collected using search strings negotiated by the parties and ordered by Judge Corley for requests for production that Plaintiffs said cover ADI documents.  Facebook produced 1,053 documents covering 46 different MDL custodians.  For ADI custodians, the review set included documents collected using the same type of search terms negotiated by the parties and ordered by Judge Corley in the ADI proceedings.  Facebook produced 11,990 documents/50,166 pages from the 26 ADI custodians.  By March 3, 2022, Facebook produced documents from the collected review sets for all custodians (MDL custodians and ADI custodians), except those identified and logged as privilege or otherwise excluded by the Special Master's order, and therefore completed its production under the *January 31 ADI Communications Order*.

19.    ***Order #4:  March 3 Deadline for Orders #2 and #3*.**  On February 10, 2022, the Court ordered Facebook to complete ADI productions by March 3, 2022.  Dkt. 856 at 13:8-10.  Plaintiffs do not dispute that Facebook met this deadline for the *December 20 ADI Reports Order*.  Instead, Plaintiffs seek sanctions based on Facebook's alleged failure to meet the March 3 deadline (and later the April 27 deadline) for the *January 31 ADI Communications Order*.

20.    **Facebook's Production Under *Order #4*.**  *Supra* ¶¶ 16, 18.  Facebook reasonably interpreted the *January 31 ADI Communications Order*, requiring production of ADI communications for "all custodians that the parties have identified *and collected*," to cover its collected review sets for all custodians (i.e., no new collections, no new search strings).

21.    On January 10, 2022, the Special Master issued a supplemental order regarding production of ADI communications ("*January 10 Supplemental Order*"), requiring production of "all documents relating to the ADI, including communications that include attorneys as lists

DECLARATION OF ROSEMARIE T. RING
IN SUPPORT OF FACEBOOK'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn &
Crutcher LLP

recipients or cc'd except for documents created for the sole and specific purpose of obtaining legal advice from attorneys." *See* Supplemental Order Regarding Production of ADI Related Documents, Dkt. 916-9, ¶ 16 ("*January 10 Supplemental Order*").

22.     On January 12, 2022, the Special Master sent a message to the parties through JAMS, stating that "the [*January 10 Supplemental Order*] and the other ADI Orders do not add any new custodians." Ex. 50.

23.     On January 19, 2022, Facebook filed a motion for reconsideration of the *January 10 Supplemental Order* seeking amendments to address the following objections: (1) *Process*: Order should provide for a process to determine which of "all ADI documents" should be produced; (2) *Legal standards*: Order should apply applicable standards for privilege and work product protections; (3) *Relevance*: Order should make clear that it does not require production of irrelevant documents; and (4) *Scope*: Order should apply only to collected review sets (i.e., no new collections, no new search strings). On (4), Facebook argued that, while the Special Master had made clear that ADI orders do not require new custodians, "even limiting the order to the current custodians may require new collections, and would certainly require new search strings," and therefore requested an amendment to the order making clear that the order did not require additional collections and therefore "applies only to documents in Facebook's review set." Dkt. 910-24.

24.     On January 20, 2022, the Special Master issued a tentative amended supplemental order ("*January 20 Tentative Amended Supplemental Order*"), requiring production of "all documents relating to the ADI from all custodians that the parties have *identified* and *collected*." Dkt. 910-26 (emphasis added). Facebook interpreted this amendment as addressing objection (4). Plaintiffs' response filed on January 24, 2022, suggests the same, arguing that "Facebook raises objections that either lack merit or have been addressed by the [January 20 Tentative Amended Supplemental Order]," and stating that they would only "respond to the objections that lack merit" and then saying nothing about objection (4). Ex. 51.

25.     On January 31, 2022, the Special Master issued the *January 31 ADI Communications Order* which adopted the *January 20 Tentative Amended Supplemental Order* verbatim.

Gibson, Dunn & Crutcher LLP

26.     On March 3, 2022, Facebook completed its production of documents under the *December 20 ADI Reports Order* and the *January 31 ADI Communications Order* as described above in Paragraph 16(b).

27.     On March 7, 2022, Plaintiffs sent an email asking Facebook to "confirm that the ADI production ordered by Judge Chhabria by March 3 is complete," and to "describe categories of documents or information, if any, that you withheld from the production." Ex. 52 at 4-5.

28.     On March 10, 2022, I sent an email to Plaintiffs, confirming compliance and asking for a meet and confer "to discuss whether [the parties] need to add another issue to the [discovery mediation] tracker relating to ADI," since Facebook had "identified a couple of categories of ADI documents that are not called for by the orders." *Id.* at 4.  On March 10, 2022, Plaintiffs responded to my email, asking what "categories Facebook believes are not called for the ADI orders," and I responded by email on March 11, 2022, explaining that I had talked to Mr. Loeser about the issue the day before and that "my use of the term 'categories' was wrong—which is why I thought a call to discuss would be helpful." *Id.* at 2-3.  On March 14, 2022, Plaintiffs responded to my email, again asking me to "describe what documents are being withheld," and saying I had not responded to that question when Plaintiffs asked it in their March 7 email.  *Id.* at 1-2.  On March 14, 2022, I responded, again explaining that Facebook was not "withholding any documents, except in accordance with the privilege protocol," and that "I simply want to discuss with you the limits of the [*January 31 ADI Communications Order*] and whether there is any more we should do." *Id.* at 1.  I explained that "[t]he goal here is to make sure we have a meeting of the minds on this and avoid any further ADI-related disputes." *Id.*  To that end, I proposed a call for March 16, 2022.  *Id.*

29.     During the March 16 meet and confer, Facebook's counsel explained to Plaintiffs that it interpreted the January 31 ADI Communications Order as covering documents in collected review sets and that certain ADI custodians had only been collected through August 2019.  Because ADI continued into mid-2020, we said Facebook was willing to conduct new collections for ADI custodians and proposed that the parties request clarification from the Special Master.

30.     On March 28, 2022, the parties held another meet and confer about the *January 31*

DECLARATION OF ROSEMARIE T. RING
IN SUPPORT OF FACEBOOK'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-2843-VC

Gibson, Dunn &
Crutcher LLP

*ADI Communications Order,* during which Plaintiffs said they thought new collections should also be done for some MDL custodians, in addition to ADI custodians, and offered to send a list of MDL custodians they believed were involved in ADI.  *See* Ex. 53 at 12-13.  Facebook explained that it believed that the new collections should be limited to ADI custodians, since the parties had previously agreed to them in the ADI proceedings before Judge Corley, and that conducting new collections for MDL custodians would be unduly burdensome.  Plaintiffs also asked Facebook to explain what had been included in the review sets produced on March 3, 2022.

31.     ***Order #5****: April 27 Deadline for New ADI Custodian Collections for Order #3.* During the March 30, 2022 case management conference, the Court ordered production of ADI communications to the present by April 27, 2022.  Dkt. 903 at 5:19-6:2.  Facebook interpreted this order to require new collections for ADI custodians, consistent with the joint case management statement submitted by the parties in advance of that conference and the Court's reference to collections through August 2019, which only applied to ADI custodians.  The Court ordered completion of this production within 28 days.  *Id.* at 7:14-24.  Plaintiffs now claim this order required new collections for all MDL custodians by the April 27 deadline.  As explained below, while Facebook agreed to conduct these new collections, this is not a reasonable or fair interpretation of the April 27 deadline.

32.     **Facebook's Production Under *Order #5*.**  On or before April 27, 2022, Facebook conducted new collections for ADI custodians, applied new search terms, and produce documents by April 27, 2022.  While Facebook made every attempt to include the "exemplar" MDL custodians in that production, it was unable to do so.  Between March 30, 2022 and April 27, 2022, Facebook, Gibson Dunn, and multiple outside vendors processed and reviewed over 1.35 million documents to meet the April 27 deadline for the ADI custodians.  This work was completed by a team of over 900 attorneys, over the course of 70,000 hours, and resulted in the production of 190,459 additional communications (spanning 823,013 pages) and other documents demanded by plaintiffs.

33.     **Order #6:  June 3/June 15 Deadlines for New MDL Custodian Collections for Order #3.** During the June 9, 2022 case management conference, the Court ordered the agreed-upon deadlines

DECLARATION OF ROSEMARIE T. RING
IN SUPPORT OF FACEBOOK'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn &
Crutcher LLP

for "exemplar" and "straggler" MDL custodians, which Facebook also met.

34.    **Facebook's Production Under *Order #6*.**  On or before June 3, 2022, Facebook produced ADI communications from new collections for the 25 "exemplar" MDL custodians using the new ADI search strings, except for the term "FTC Response," which for a sample of "exemplar" MDL custodians, Facebook confirmed was predominantly pulling in privileged documents from. Plaintiffs never raised any further concerns with the search terms.  On or before June 15, Facebook produced ADI communications from new collections from new collections for the 53 "straggler" MDL custodians.  Facebook completed these productions through the efforts of more than 600 attorneys who spent more than 70,000 hours collecting, processing, and reviewing more than 2 million documents.  Plaintiffs' insistence on new collections and broad new search strings for all of the MDL custodians required these extraordinary efforts, which, unsurprisingly, yielded far fewer responsive documents for MDL custodians than for ADI custodians.  The responsiveness rate for ADI custodians during the course of review was approximately eight times higher than the responsiveness rate for MDL custodians (which was approximately 3%).  In total, Facebook has produced over 8,000 ADI Reports comprising nearly 300,000 pages, and over 350,000 ADI Communications comprising nearly 1.3 million pages.

35.    ***ADI Documents Plaintiffs Rely Upon For Sanctions***.  Plaintiffs rely on five ADI documents in seeking non-monetary sanctions.  All are ADI Reports produced under the *Remaining ADI Reports Order* and all were produced to Plaintiffs by March 3, 2022.  The documents were produced on the following dates:  (i) Plaintiffs' Exhibit 90:  September 21, 2021; (ii) Plaintiffs' Exhibit 91:  January 21, 2022; (iii) Plaintiffs' Exhibit 92:  February 28, 2022; (iv) Plaintiffs' Exhibit 93:  March 2, 2022; and (v) Plaintiffs' Exhibit 94: February 11, 2022.

36.    ***De-Designation of ADI Documents.***  Plaintiffs' supplemental brief states "it remains unclear whether Facebook has yet complied with the orders" compelling production of ADI documents, pointing to comparatively small productions of ADI-documents that were originally designated as privileged but were de-designated during the course of preparing the privilege logs.  It is typical to de-designate some materials in the course of preparing privilege logs.  And, Plaintiffs

Gibson, Dunn &
Crutcher LLP

knew that these documents were coming because our team flagged it for them.  Once again, Facebook's transparency and cooperative attitude is weaponized against us.  That Facebook de-designated some documents as privileged and has been producing them—rather than simply logging documents over which it anticipated a fight with plaintiffs—does not demonstrate failure to comply with any applicable order.

## II.   Documents

37.     Attached hereto as **Exhibit 48** is a true and correct copy of Special Master Garrie's October 15, 2021 order on ADI.

38.     Attached hereto as **Exhibit 49** is a true and correct copy of an email my colleague Deborah Stein sent to Special Master Garrie and Plaintiffs' counsel on January 11, 2022.

39.     Attached hereto as **Exhibit 50** is a true and correct copy of an message Special Master Garrie distributed to the parties via the JAMS Access Portal on January 12, 2022.

40.     Attached hereto as **Exhibit 51** is a true and correct copy of Plaintiffs' January 24, 2022 Response to Facebook's Motion for Reconsideration of the Special Master's Supplemental ADI Order.

41.     Attached hereto as **Exhibit 52** is a true and correct copy of an email exchange my team and I exchanged with Plaintiffs' counsel between March 7, 2022, and March 14, 2022, with the subject line, "ADI."

42.     Attached hereto as **Exhibit 53** is a true and correct copy of an email exchange my team and I exchanged with Plaintiffs' counsel between March 30, 2022, and April 24, 2022, with the subject line, "In re Facebook: Follow up re Mar 28 ADI Meet and Confer."

43.     Attached hereto as **Exhibit 54** is a true and correct copy of a document produced in this matter as FB-CA-MDL-03192491, which is a copy of the Data Use Policy dated September 23, 2011.

44.     Attached hereto as **Exhibit 55** is a true and correct copy of a Memorandum of Opinion issued by the Cook County Circuit Court on March 2, 2011 in the following action: *People of the State of Illinois v. Facebook*, No. 2018 CH 03868 (Cook Cnty. Cir. Ct. Mar. 2, 2021)

DECLARATION OF ROSEMARIE T. RING
IN SUPPORT OF FACEBOOK'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn & Crutcher LLP

1

2    DATED: August 22, 2022

3                                              Rosemarie T. Ring (SBN 2207690)

4                                              GIBSON, DUNN & CRUTCHER LLP
                                               rring@gibsondunn.com
5                                              555 Mission Street, Suite 3000
                                               San Francisco, CA 94105-0921
6                                              Telephone:  415.393.8200
                                               Facsimile:  415.393.8306

7                                              *Attorneys for Defendant Facebook Inc.*

8    105678891.6

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ROSEMARIE T. RING
IN SUPPORT OF FACEBOOK'S SUPPLEMENTAL OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS
CASE NO. 3:18-MD-02843-VC

Gibson, Dunn &
Crutcher LLP