# Defendant's Exhibit 49



**From:** "Stein, Deborah L." <DStein@gibsondunn.com>
**Date:** Tuesday, January 11, 2022 at 12:05 AM
**To:** Daniel Garrie <dgarrie@jamsadr.com>
**Cc:** Lesley Weaver <lweaver@bfalaw.com>, Matthew Melamed <mmelamed@bfalaw.com>, Anne Davis <adavis@bfalaw.com>, Derek Loeser <dloeser@KellerRohrback.com>, David Ko <dko@KellerRohrback.com>, Cari Laufenberg <claufenberg@KellerRohrback.com>, Chris Springer <cspringer@KellerRohrback.com>, "Snyder, Orin" <OSnyder@gibsondunn.com>, "Falconer, Russ" <RFalconer@gibsondunn.com>, "Davis, Colin B." <CDavis@gibsondunn.com>, "Kutscher Clark, Martie" <MKutscherClark@gibsondunn.com>, "Swanson, Alexander" <ASwanson@gibsondunn.com>, "Mumm, Laura C." <LMumm@gibsondunn.com>, "Buongiorno, Matt" <MBuongiorno@gibsondunn.com>
**Subject:** In re Facebook: Supplemental ADI Order

Dear Special Master Garrie,

We are in receipt of your supplemental ADI order. We are confused about and troubled by the apparent breadth of the order, which seems to contradict and upend Judge Corley's prior order and guidance on ADI.

The supplemental order concludes: "Facebook is to produce all documents relating to ADI, including communications that include attorneys as listed recipients or cc'd except for documents created for the sole and specific purpose of obtaining legal advice from attorneys." Are we correct that you intended to order Facebook to produce every single document relating to ADI, regardless of its relevance? If so, the supplemental order goes far beyond what Judge Corley ordered and even what Plaintiffs requested.

We also write to confirm that you intended to order Facebook to produce attorney communications relating to ADI, including communications with in-house and outside counsel (including Gibson Dunn), without respect to privilege. Such a sweeping order would contradict and exceed the scope of Judge Corley's order delegating this matter to the Special

Master, in which she stated that "Plaintiffs are not seeking documents created by counsel, counsel's edits, or any communications with counsel."

Perhaps we are misreading your supplemental order. We would appreciate if you would provide clarification before our 10 am hearing tomorrow so there is no confusion about the scope of your supplemental order.

Thank you for your prompt consideration.

Respectfully,
Deb
**Deborah L. Stein**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
333 South Grand Avenue, Los Angeles, CA 90071-3197
Tel +1 213.229.7164 • Fax +1 213.229.7520
DStein@gibsondunn.com • www.gibsondunn.com