# Defendant's Exhibit 51

Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley Weaver (Cal. Bar No.191305)
BLEICHMAR FONTI & AULD LLP
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION

This document relates to:

ALL ACTIONS

MDL No. 2843
Case No. 18-md-02843-VC-JSC

**PLAINTIFFS' RESPONSE TO FACEBOOK'S MOTION FOR RECONSIDERATION OF THE SPECIAL MASTER'S SUPPLEMENTAL ADI ORDER**

Judge: Hon. Vince Chhabra
Hon. Jacqueline Scott Corley
Special Master Daniel Garrie
Courtroom: 4, 17th Floor

JAMS Ref. No.: 1200058674

ORAL ARGUMENT REQUESTED

In its motion for reconsideration, Facebook raises objections that either lack merit or have been addressed by the Special Master's tentative amended supplemental order on ADI. Plaintiffs will briefly respond to the objections that lack merit.

***1. The Special Master's finding of relevance.*** Facebook complains about the Special Master's finding that "a substantial number of documents" he reviewed in camera "are relevant to this case and not protected by privilege." Tentative Am. Suppl. ADI Order ¶ 19. According to Facebook, this finding contradicts comments that Judge Corley made in a hearing. There is no contradiction. Judge Corley's informal comments came after her review of twenty documents related to ADI—a sample that was not necessarily representative. The Special Master's formal finding came after a review of "a substantial portion of the 6,000+ documents pertaining to the six exemplar apps." *Id*.

***2. The supposed need for "document by document" review.*** Facebook claims that the Special Master's supplemental order cannot stand because determinations of privilege must be made on a "document by document" basis. This assertion gets the law wrong. Courts routinely make "bulk" determinations of privilege. *See, e.g., United States v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011) (holding that documents in an "appraisal work file" were not protected by the work-product doctrine); *McCaugherty v. Siffermann*, 132 F.R.D. 234, 244 (N.D. Cal. 1990) (rejecting privilege claim and ordering production of "all communications" in a category); *see also Harbor Healthcare Sys., L.P. v. United States*, 5 F.4th 593, 601 n.4 (5th Cir. 2021) (concerns about privilege did not "entail reviewing each and every document," because the magistrate judge could issue "recommendations or rulings based on categories of documents").

***3. Facebook's self-inflicted time crunch.*** Facebook protests that review and production of the documents covered by the supplemental ADI order will take too long, given existing discovery deadlines. This, however, is a problem of Facebook's own making. Facebook knew by *at least* early 2020 that the ADI would likely become the subject of discovery. It could have begun its review of documents far sooner. Indeed, guidance provided by Judge Corley in April 2021 alerted Facebook to the strong possibility that its objections to producing ADI were not

likely to be successful. *See* Hr'g Tr. at 16-17 (Apr. 4, 2021) (expressing view that work product privilege does not apply). Any plausible basis for the belief that Facebook could avoid ADI production was eliminated by Judge Corley's September 8, 2021 Order overruling Facebook's objections and ordering the parties to work with the Special Master to produce other documents "consistent with the guidance" in the Order. Facebook's own delay cannot justify incomplete production. *See Sentry Ins. A Mut. Co. v. Brand Mgmt. Inc.*, No. 10-CV-347 ENV, 2012 WL 6617357, at *7 (E.D.N.Y. Dec. 19, 2012) ("Defendants' attempts to penalize Sentry for defendants' own discovery delays are unavailing."); *City of St. Petersburg v. Total Containment, Inc.*, No. 06-20953CIV, 2008 WL 1995298, at *4 (E.D. Pa. May 5, 2008) ("Any further delay in completion of discovery in the underlying action is a result of PolyFlow's own efforts to slow or prevent the production of the subpoenaed documents, and cannot justify denying the plaintiffs access to these materials."); The Sedona Conference, *Commentary on Proportionality in Electronic Discovery*, 18 Sedona Conf. J. 141, 159 (2017) ("Principle 3: Undue burden, expense, or delay resulting from a party's action or inaction should be weighed against that party.").

***4. Proportionality.*** Facebook suggests that the Special Master's amended supplemental order is not proportionate to the needs of the case. Facebook is incorrect. The fourth category of misconduct that Judge Chhabria recognized in his order on the motion to dismiss was Facebook's failure to properly enforce its policy prohibiting third-party apps from using information about Facebook users for any purpose other than enhancing the interaction between the apps and the user. PTO No. 20 at 9-10, ECF No. 298. Such data misuse by third parties was precisely the focus of the ADI. The ADI—including internal contemporaneous communications about the ADI and is findings—is thus centrally relevant to this case. *See* Order Re: Facebook's Appeal of Special Master's Order Regarding ADI Materials at 4, ECF No. 806 ("Determining relevance is a key component of determining proportionality.").

The Special Master's tentative amended supplemental order on ADI is proper and sufficiently responds to Facebook's objections. No further reconsideration is needed.

Dated: January 24, 2022

Respectfully submitted,

KELLER ROHRBACK L.L.P.

By: */s/ Derek W. Loeser*
Derek W. Loeser

Derek W. Loeser (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
David Ko (admitted *pro hac vice*)
Adele A. Daniel (admitted *pro hac vice)*
Benjamin Gould (SBN 250630)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com
dko@kellerrohrback.com
adaniel@kellerrohrback.com
bgould@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

BLEICHMAR FONTI & AULD LLP

By: */s/ Lesley E. Weaver*
Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Matthew S. Melamed (SBN 260272)
Angelica M. Ornelas (SBN 285929)
Joshua D. Samra (SBN 313050)
555 12th Street, Suite 1600
Oakland, CA 94607
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
mmelamed@bfalaw.com
aornelas@bfalaw.com
jsamra@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

4855-4772-3019, v. 3