# Defendant's Exhibit 78

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC-JSC |
| This document relates to:<br><br>ALL ACTIONS | **AMENDED ORDER ESTABLISHING DEPOSITION SCHEDULING PROTOCOL**<br><br>Judges: Hon. Vince Chhabria<br>Hon. Jacqueline Scott Corley<br>Special Master Daniel Garrie |

## AMENDED DEPOSITION SCHEDULING
## PROTOCOL ORDER

According to the court's order of July 20, 2021, Daniel Garrie ("Special Master") was appointed as Discovery Special Master to resolve discovery disputes that the parties cannot resolve in mediation. The parties were not able to establish a protocol for depositions and impasse was declared.

The purpose of this Deposition Scheduling Protocol Order ("Order") is to set out the protocol for the scheduling and conduct of depositions in the above-referenced action including: (1) those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its order entered on June 6, 2018 (see Case MDL No. 2843, Dkt. No. 140), (2) any tag-along actions transferred to this Court by the JPML pursuant to Rules 7.1 and 7.2 of the Rules of Procedure of the Panel, after the filing of the final transfer order by the Clerk of the Court, and (3) all related actions originally filed in this Court or transferred or removed to this Court and assigned thereto as part of In re: Facebook, Inc. Consumer Privacy User Profile Litigation, MDL No. 2843, Case No. 18-md-02843-VC ("MDL 2843"). These actions are collectively referred to as the MDL Proceedings.

### I.    DEFINITIONS

1.    "Court Reporter" shall mean the individual designated by the Court Reporting Agency to administer and record the Remote Deposition.

2.    "Court Reporting Agency" shall mean any entity agreed to and designated by the Parties to select a Court Reporter, Videographer, and Operator for each Remote Deposition.

3.    "Defending Attorney" shall mean the "first chair" attorney representing the Witness at the Remote Deposition. If the Witness is a current or former employee of one of the Parties, an attorney appearing on behalf of that Party may elect at the start of the Remote Deposition to be considered a Defending Attorney.

4.    "Noticing Attorney" shall mean any attorney listed below the signature block of the deposition notice of the Remote Deposition and any individual affiliated with the attorney's law

firm and authorized by the law firm to communicate about matters relating to the Remote Deposition.

5. "Operator" shall mean the individual designated by the Court Reporting Agency to provide remote technical support to all Participants during the Remote Deposition.

6. "Participant" shall mean the Witness, any person providing in-room technical support to the Witness, Questioning Attorney, Defending Attorney, other attorneys appearing on behalf of one of the Parties, paralegals, testifying experts, non-testifying consultants, or other individuals providing support to the attorneys, Court Reporter, Videographer, and Operator. A testifying expert or non-testifying consultant for a party who is not a fact witness may attend a deposition only if the party employing that expert or non-testifying consultant provides: (a) at least two (2) business days advance notice of their attendance; and (b) confirmation that the expert or consultant has signed attestations confirming adherence to all applicable protective orders. If a party objects to the attendance of a testifying expert or non-testifying consultant to a deposition, the parties shall confer in good faith. If resolution cannot be reached, any party that objects to the attendance of such expert or consultant may seek relief from the Court in advance of the deposition. Under no circumstances shall a person attend any part of a deposition in person, or by any remote means such as telephone, internet link-up, videoconference, or any other kind of remote-access communication, without being identified on the record.

7. "Questioning Attorney" shall mean an attorney questioning the Witness on the record during the Remote Deposition for the purpose of eliciting sworn testimony.

8. "Remote Deposition Video Platform" shall mean any videoconferencing service platforms jointly agreed to and designated by the Parties for hosting the Remote Deposition.

9. "Remote Deposition Exhibit Platform" shall mean any software applications jointly agreed to by the Parties for displaying exhibits during the Remote Deposition.

10. "Videographer" shall mean the individual designated by the Court Reporting Agency to record the Remote Deposition by videographic means.

11.     "Witness" shall mean the individual who gives sworn testimony on the record during the Remote Deposition.

## II.     SCHEDULING OF DEPOSITIONS

The Parties are to continue the currently noticed deposition dates. Depositions will be scheduled under Section II. of this Order. The Parties shall consult before Depositions are noticed and shall make reasonable efforts to schedule depositions (including non- party depositions) on dates and locations convenient for the witnesses and counsel.

### A.     Deposition Phases

1.     The Parties will take depositions in three phases (each a "Phase"). For each Phase, the Parties shall prepare and exchange a good faith list, in accordance with the deadlines set forth below, of the witnesses that they reasonably believe their side will want to depose during the Phase.

2.     <u>Phase I</u>: On October 25, 2021, pursuant to Special Master Mr. Daniel Garrie, Esq.'s October 25, 2021 instruction to the Parties, the Parties exchanged lists of ten anticipated witnesses and two proposed deposition dates for each anticipated Witness for the purpose of scheduling depositions in November, December, and January ("Phase I"). The Parties shall confirm the final list of the deponents and deposition dates for Phase I, as of that date, not later than seven calendar days before the beginning of Phase I.

3.     <u>Phase II</u>: On December 13, 2021, the Parties shall exchange and provide to the Special Master lists of anticipated witnesses and two proposed deposition dates for each proposed Witness for the purpose of scheduling depositions between January 31, 2022, and April 1, 2022 ("Phase II"). Each Party may propose a maximum of fifteen (15) depositions during Phase II, unless otherwise agreed by the Parties or ordered by the Special Master. The Parties shall confirm with each other, the Special Master, and the Special Master's case manager the final list of the deponents and deposition dates for Phase II, as of that date, not later than 28 calendar days before the beginning of Phase II.

4.     <u>Phase III</u>: On February 14, 2022, the Parties shall exchange and provide to the

Special Master lists of anticipated witnesses and two proposed deposition dates for each proposed Witness for the purpose of scheduling depositions between April 4, 2022, and June 17, 2022 ("Phase III"). The Parties are to meet and confer in good faith with the other Party about the number of depositions permitted in Phase III. The Parties shall confirm with each other, the Special Master, and the Special Master's case manager the final list of the deponents and deposition dates for Phase III, as of that date, not later than 28 calendar days before the beginning of Phase III.

5.    Unavailable Witness on Witness List: In the event a witness who is identified on either Party's list cannot be scheduled on the originally proposed dates, the Parties shall use good faith efforts to schedule the deposition of the Witness on another date in the same Phase or as soon as possible in the next Phase. If a witness is on any kind of formal leave from their place of employment during one or more of the Phases, their deposition will be scheduled during a Phase in which they are not on formal leave unless the Parties agree otherwise.

6.    Modifications to Schedule: To the extent necessary, the Parties will promptly confer in good faith regarding any requested changes, or additions to the deposition schedule in any Phase. After the exchange of witness lists, or during a Phase, a Party may remove, substitute or notice additional depositions as long as the Party provides sufficient notice of the new or additional deposition, the Witness(es) and their counsel agree to the schedule change, and the change does not result in exceeding the number of depositions per day allowed during that Phase. The Parties will be responsible for payment of the Special Master's day rate for rescheduling depositions fewer than five (5) business days in advance.

7.    Total Number of Depositions: The Parties will use their best efforts to reach agreement on the number of depositions each Party may take in Phase III. If the Parties do not agree on a number of depositions for Phase III by January 12, 2022, the Parties may ask the Discovery Mediators to declare impasse. If impasse is declared, the issue will be subject to briefing pursuant to the Protocol for Resolving Discovery Disputes – Order No. 1, entered on August 20, 2021.

**AMENDED ORDER AS OF DECEMBER 29, 2021 ESTABLISHING DEPOSITION SCHEDULING PROTOCOL**

**B.**     **Deposition of Witness with a Produced Prior Deposition Transcript**

1. <u>Showing of Good Cause</u>: The presumption is that Plaintiffs may not depose a witness for whom Defendant has already produced a copy of a prior deposition transcript and exhibits in a timely manner. Should the Defendant fail to provide the entirety of the prior deposition transcript and exhibits, it is presumed there is good cause for the deposition.

Where Plaintiffs seek to take a deposition of a witness for whom Defendant has already produced a copy of a prior deposition transcript, including all exhibits, Plaintiffs must show good cause as to why the deposition is necessary including but not limited to: (i) identifying, in good faith, any non-duplicative topic(s) which Plaintiffs seek to examine the Witness on, about which the Witness has material personal knowledge, and that would not be duplicative of other witnesses' testimony; and (ii) demonstrating that Plaintiffs have made a good faith effort to obtain the sought after information from other witnesses for whom they do not have a prior deposition transcript but have not been able to obtain that information from those witnesses.

Upon Plaintiffs' submission, the Parties shall meet and confer in good faith about the Proposed deposition and the requested topic(s). If the Parties are unable to reach an agreement of the deposition of a witness with whom Plaintiffs have received a prior deposition transcript with all exhibits and/or the topic(s) to be covered for that Witness the issue shall be addressed to Discovery Special Master Daniel Garrie, Esq. pursuant to the following process: (1) The parties are to submit within 48-hours of the meet and confer a two-page letter stating their position and the relief sought via JAMS Access, (2) The Special Master may then elect to hold a hearing with the parties, (3) The Special Master will issue a ruling. The Special Master in his discretion may shift costs and fees for the Special Master upon finding a lack of good faith.

2. <u>Limits on Deposition</u>: Any deposition of a witnesses for whom Defendant has already produced a deposition transcript, along with all exhibits, will be limited to the topic(s) agreed upon by the Parties or ordered by Discovery Special Master Mr. Daniel Garrie, Esq.

**C.**     **Scheduling Procedures**

1.      <u>Notice and Subpoena</u>: All deposition notices shall comply with the requirements of

Federal Rule of Civil Procedure 30(b). All depositions noticed or properly cross noticed in the MDL Proceedings are subject to this deposition protocol. All deposition notices shall be served to email addresses provided by the Parties. All third-party subpoenas seeking deposition testimony shall comply with Federal Rule of Civil Procedure 45. A copy of this Protocol shall be attached to each third-party subpoena issued or served in the MDL Proceedings requesting deposition testimony.

2.    <u>Days on Which Depositions May Be Scheduled</u>: Depositions may be scheduled Monday through Friday. Absent good cause or extraordinary circumstances, only one deposition per day may be scheduled during Phase I and II, and no more than two depositions per day may be scheduled during Phase III. To the extent feasible, the Parties will avoid scheduling any deposition that would require one counsel for one Party to take, and counsel for the other Party to defend, depositions on consecutive days.

No depositions may be scheduled on the days of or the day before an in-person Court hearing in the Action, or any national or religious holidays. For purposes of this Deposition Scheduling Protocol, such holidays are New Year's Eve, New Year's Day, Martin Luther King, Jr.'s Birthday, Presidents' Day, Passover (2 days), Good Friday, Easter Monday, Memorial Day, Juneteenth, Independence Day, Labor Day, Rosh Hashanah (2 days), Yom Kippur (2 days), Columbus Day, Veterans' Day, Thanksgiving (Wednesday, Thursday, and Friday), Christmas Eve, and Christmas Day.

3.    <u>Time of Depositions</u>: The Parties shall make reasonable efforts to schedule depositions to begin at 9 a.m. (time zone of deposition) on Monday through Thursday and to begin at 8 a.m. (time zone of deposition) on Friday, unless otherwise agreed to by counsel. The Parties shall meet and confer regarding the timing for all remote depositions when the participants are located in different time zones.

4.    <u>Location of Depositions</u>: To the extent possible and consistent with the Federal Rules of Civil Procedure, the county where the Witness resides or works is the preferred location

for depositions. If a witness does not agree to appear in the county where they reside or work, the location of the deposition will be set in accordance with the Federal Rules of Civil Procedure, and the Parties will make a good faith effort to conduct the deposition near a commercial airport.

If multiple witnesses' depositions will take place in the same city, the Parties shall use their best efforts to schedule those depositions during the same week or weeks of a particular phase in order to reduce the amount of travel required by the Parties and their counsel.

### III.    CONDUCT OF DEPOSITIONS

1.    <u>Duration</u>: Absent agreement of the Parties, a Court order allowing additional time, or for good cause shown, the time limit for the noticing party of a fact witness depositions is one day for seven (7) hours of examination pursuant to Fed. R. Civ. P. 30(d)(1). Examination by the non-noticing side or non-noticing party shall not count against the 7-hour limit for the noticing party. To the extent the party defending the deposition or other counsel involved in the deposition anticipates that its questioning will exceed ninety (90) minutes, it will provide notice at least two (2) calendar days before the scheduled deposition.

2.    <u>Number of Examiners</u>: Consistent with Judge Chhabria's May 5, 2020 order (Dkt. 433), unless otherwise agreed by the Parties, questioning of a witness shall be conducted by no more than one examiner.

3.    <u>Objections</u>: Counsel shall comply with Rule 30(c)(2) of the Federal Rules of Civil Procedure and the Northern District of California Guidelines on Professional Conduct regarding objections at a deposition. Counsel shall refrain from engaging in colloquy during a deposition. No speaking objections are allowed and professionalism is to be maintained by all counsel at all times. Counsel shall not make objections or statements that might suggest an answer to or coach a witness.

4.    <u>Rule 30(b)(6) Depositions</u>: Each side may serve one Rule 30(b)(6) deposition notice on any Party or non-Party Witness that is an organization. Additional Rule 30(b)(6) deposition notices may be served upon a showing of good cause to the Special Master. Any Rule 30(b)(6) deposition notice shall describe with reasonable particularity the proposed matters for

examination. It shall be narrowly tailored to assist the noticing Party with identifying relevant discovery concerning live, non-stayed categories of allegations in the MDL Proceedings. <u>See</u> Dkt. 298; <u>see also</u> Dkt. 557 at 2. The Parties are to confer in good faith about the matters for examination in advance of a Party serving a Rule 30(b)(6) deposition notice. A Party may move for a protective order and seek expenses for unnecessarily responding to or defending an improper Rule 30(b)(6) deposition notice. A Party that receives a notice of deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure shall provide written notice of designating one or more designees to testify on its behalf within 28   calendar days of receiving the Rule 30(b)(6) deposition notice. If the party is designating more than one designee, its written notice shall identify the topic(s) on which each designee will be designated. Where a party designates more than one individual to respond to topics contained in a Rule 30(b)(6) notice, the combined total deposition time for all witnesses may not exceed 7 hours, unless otherwise agreed by the Parties or ordered by the Special Master or the Court upon a showing of good cause. Any Rule 30(b)(6) depositions taken by a Party shall count against the agreed upon or Court ordered number of depositions the taking Party is permitted to take in the Action.

5.    <u>No Additional Deposition Time Based on Status of Document Production</u>: The Parties understand that if either Party chooses to depose a Party or non-Party Witness before the substantial completion of document production on January 31, 2022, the fact that document production was not substantially complete before the deposition will not constitute good cause to reopen the deposition of that Witness, or seek additional deposition time with that Witness, at any later date.

6.    <u>Production of Documents</u>: Parties often request documents in a Notice of Deposition. Documents responsive to such requests that are identical to documents already produced by the Parties or that are publicly available, do not have to be re-produced by a deponent. If a party or third party witness does not provide documents by seven (7) calendar days before the date of a scheduled deposition, the noticing party shall have the right to reschedule the deposition

to allow time for inspection of the documents before the examination commences.

       7.    <u>Transcript and Time to Review Transcript</u>: The Party that noticed the deposition shall be responsible for procuring a written transcript and any video record of the deposition. Without the need for a request by the deponent or a Party before the deposition is completed, all witnesses shall be allowed 30 calendar days after being notified by the officer that the transcript or recording of the deposition is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

       8.    <u>Confidentiality Provisions</u>: Counsel shall have thirty (30) calendar days from receipt of the deposition transcript to designate any portion thereof as "Confidential" or "Highly Confidential – Attorney's Eyes Only" pursuant to the Protective Order entered by the Honorable Vince Chhabria on August 17, 2018 at Dkt. No. 122. Such designations shall indicate the specific portion of the transcript by page and line number that counsel seeks to have designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only." Until thirty (30) calendar days from receipt of the deposition transcript has elapsed, a deposition transcript shall be presumed "Confidential" and is subject to the Stipulated Protective Order entered by the Honorable Vince Chhabria, Dkt. 122.

       If a deponent is questioned about any document or exhibit marked "Confidential" or "Highly Confidential – Attorney's Eyes Only"—or the information contained therein, persons to whom disclosure is not authorized under the Protective Order entered by the Honorable Judge Chharbria, Dkt. 122, will be excluded from the deposition for that portion of the examination. Any portion of a deposition transcript containing "Confidential" or "Highly Confidential – Attorney's Eyes Only" information shall be sealed so as not to waive confidentiality

## IV.    REMOTE DEPOSITIONS

      Due to the restrictions resulting from the COVID-19 pandemic, at either Party's request, any deposition scheduled during Phase I may be taken remotely under Rules 29(a) and 30(b)(4) of

the Federal Rules of Civil Procedure (the "Remote Depositions"). Nothing in this Order precludes the Parties from agreeing to conduct a deposition during Phase I in person rather than as a Remote Deposition.

The following procedures will apply to the scheduling and conduct of any Remote Deposition taken in 2021. The Parties are to meet and confer at a later date about whether depositions taken during 2022 may be taken remotely.

**A.      Technology Requirements, Court Reporter, Videographer and Operator**

13.      <u>Technology Requirements.</u> All video depositions will be stenographically recorded by a court reporter with real-time feed capabilities. Each attendee of a deposition conducted by video must have a webcam-equipped device (such as a desktop, laptop, or tablet), and access to an Internet connection (preferably hard-wired) with at least 5 mbps upload and download speeds. In addition to these requirements, the deponent and any attorney who will question the deponent or object to questions must have a telephone for calling into the deposition if necessary.

14.      <u>Court Reporter and Videographer.</u> In accordance with Fed. R. Civ. P. 30(b)(5), which provides that "[u]nless the parties stipulate otherwise," "an officer appointed or designated under Rule 28," must place the deponent under oath, the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that officer is able to identify the deponent.

15.      <u>Official Record.</u> The court reporter's transcript (as corrected by errata in accordance with Fed. R. Civ. P. 30(e)), and the videographer's recording (if any), shall constitute the official record of the deposition for all purposes.

16.      <u>Other Recording.</u> No Participant other than the court reporter and videographer (if any) may record or photograph any of the proceedings. Nothing in this provision prevents or limits the taking of notes by those identified on the record.

17.      The Court Reporting Agency may designate an Operator to attend each Remote Deposition and troubleshoot any technical issues that may arise.

**AMENDED ORDER AS OF DECEMBER 29, 2021 ESTABLISHING DEPOSITION SCHEDULING PROTOCOL**

**B.      Notice**

18.      At least four (4) calendar days prior to the noticed deposition date, each individual planning to attend the deposition must notify the party noticing the deposition of his/her intent to attend and provide the following information to the noticing party: (a) name, (b) email address, and (c) phone number. The noticing party will share this information with the vendor arranging the deposition for the limited purpose of facilitating each attending person's access to the video web portal for the deposition.

**C.      Conduct of the Remote Depositions**

19.      Unless otherwise set forth herein, the Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable authority shall govern as though the deposition was conducted in-person. Nothing in this Deposition Protocol shall be construed to abrogate the Federal Rules of Civil Procedure or the Local Rules of this Court.

20.      Each individual attending the deposition (including counsel for the deponent) must have an active video stream and audio connection for the duration of the deposition dedicated solely to the deposition. Each such individual should attend from a quiet, private location and will comply with the governing protective order, Dkt. No. 122.

21.      The Witness is not required to have any other individual physically present in the room with them during the Remote Deposition, but if the Defending Attorney (or any other attorney representing the Witness) intends to be physically present in the room with the Witness, the Defending Party shall notify the Opposing Party no later than five (5) business days before the Remote Deposition, and counsel to the Opposing Party will be entitled to have a representative physically present in the same room.

22.      Immediately upon commencement of the Remote Deposition, following the Court Reporter's introduction, all Participants shall announce their names and affiliations on the record. Under no circumstances may a person attend the Remote Deposition in any manner without identifying themselves on the record upon commencement of the Remote Deposition.

23.   Any of the following methods for administering exhibits may be employed during a Remote Deposition, or a combination of one or more methods:

(i) If any Participant is physically present with the Witness during the Remote Deposition, the Noticing Attorneys may designate an attorney to provide in-person physical copies of documents to the Witness when directed to do so by the Questioning Attorney.

(ii) The Noticing Attorneys may choose to mail physical copies of documents that may be used during the Remote Deposition to the Witness, Defending Attorney, other Party's counsel, and Court Reporter. In the event physical copies are mailed, the Noticing Attorneys shall so inform the Defending Attorney, other Party's counsel, and Court Reporter prior to mailing the documents, shall include a pre-paid return label, and shall provide tracking information for the package. Such documents shall be delivered by 12:00 pm (either in the time zone of the Remote Deposition or in the agreed upon time zone for the Remote Deposition if the Participants are in different time zones) the business day before the deposition. The Defending Attorney, other Party's counsel, and Court Reporter shall confirm receipt of the package by electronic mail to the Noticing Attorney. If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the Remote Deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the Questioning Attorney. This same procedure shall apply to any mailed physical copies of documents any other counsel intends to use for examining the Witness. The Noticing Attorney shall include a pre-paid return shipping label in any package of documents mailed to a Witness.

(iii) The Noticing Attorneys may choose to send a compressed .zip file or FTP of the documents that may be used during the deposition via electronic mail to the Witness, Defending Attorney, other Party's counsel, and Court Reporter. The .zip file or FTP link shall be delivered by 12:00 pm (in the time zone of the Remote Deposition) the business day before the deposition. The Defending Attorney, other Party's counsel, and Court Reporter shall confirm receipt of the .zip file or FTP link by electronic mail to the Noticing Attorney. The .zip file or FTP link shall be

password protected, and the Questioning Attorney shall supply the password via electronic email immediately prior to the commencement of the deposition. Every recipient of a .zip file or FTP link shall not open the .zip file until the Remote Deposition begins and when directed to do so by the Questioning Attorney. If sending documents by electronic mail, the Parties will be mindful of file size limitations, which presumptively should be less than 50 MB. Before the close of the Remote Deposition, the Witness shall delete the documents from his or her computer and electronic mail, and state for the record and on video that the documents have been deleted.

(iv) Counsel may introduce exhibits electronically during the deposition, by using the Remote Deposition Exhibit Platform. Prior to the Remote Deposition, the Questioning Attorney may convert intended exhibits to Portable Document Format ("PDF") provided that such conversion does not alter in any way the content of the exhibits. The Questioning Attorney shall confirm that the Witness and Defending Attorney can access each published exhibit prior to questioning the Witness about the exhibit. Exhibits marked and shown to the Witness using the Remote Deposition Exhibit Platform shall be attached to the deposition record to the same extent as if the exhibits were physically marked and shown to the Witness.

24.    The Noticing Attorneys shall inform the Defending Attorney, other Party's counsel, and Court Reporter at least seventy-two (72) hours prior to the Remote Deposition if the Noticing Attorneys will administer exhibits pursuant to the methods in Paragraphs 23(i) – (iii) above. Notwithstanding Paragraph 23, the Noticing Attorneys taking a Remote Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure shall also provide the Defending Attorneys with copies of exhibits at least seventy-two (72) hours prior to the start of the Remote Deposition.

25.    All Witnesses receiving documents before or during a Remote Deposition pursuant to Paragraph 23 above, shall destroy or return the documents to the Noticing Attorney who sent them originally or the attorney who provided them in-person and shall not retain them in any manner. If the documents were received pursuant to Paragraphs 23(ii) – (iv) above, the Witness shall certify in writing to the Noticing Attorney that the documents have been destroyed or returned

within two business days following the completion of the Remote Deposition.

26.     Counsel for the Parties may retain a copy of any exhibit introduced during the deposition. When doing so, counsel shall comply with the Protective Order entered by the Honorable Vince Chhabria on August 17, 2018 at Dkt. No. 122. Counsel for the Parties shall destroy or return any documents received pursuant to Paragraphs 23(ii) – (iv) and not introduced as an exhibit during the Remote Deposition to the Noticing Attorney who sent them originally, shall not retain them in any manner, and shall certify in writing to the Noticing Attorney that the documents have been destroyed or returned within two business days following the completion of the Remote Deposition.

27.     Counsel for non-party witnesses may keep any document used during the deposition, pursuant to the Protective Order entered by the Honorable Vince Chhabria on August 17, 2018 at Dkt. No. 122, and shall destroy or return any documents received pursuant to Paragraphs 23(ii) – (iv) and not used during the Remote Deposition to the Noticing Attorney who sent them originally, shall not retain them in any manner, and shall certify in writing to the Noticing Attorney, if the documents were received pursuant to Paragraphs 23(ii) – (iv) above, that the documents have been destroyed or returned within two business days following the completion of the Remote Deposition.

28.     Except as otherwise provided in this Order, Participants shall take reasonable steps to ensure that no one who is not a Participant can hear or view the Remote Deposition while it is being conducted. The Witness may not consult in any fashion with anyone other than Defending Attorney(s) during questioning.

29.     If the video feed or audio connection of the deponent, questioning attorney, or objecting attorney is interrupted (e.g., the video feed becomes hidden from view), the deposition shall be suspended, and the Parties will go back on the record only when such person's functionality has been restored. Disruptions due to technical problems shall not be counted against record time.

**AMENDED ORDER AS OF DECEMBER 29, 2021 ESTABLISHING DEPOSITION SCHEDULING PROTOCOL**

30.     Witnesses may not use any communication devices other than those necessary to the deposition during questioning. While on the record, counsel for the deponent shall not communicate with the deponent outside of the deposition-dedicated video and audio connection. This prohibition bars, among other communications, emails, instant messaging, and text messaging.

31.     Recorded Remote Depositions may be used at a trial or hearing to the same extent that an in-person deposition may be used at trial or hearing, and the Parties are not to object to the use of these video recordings on the basis that the Remote Deposition was taken remotely. The Parties reserve all other objections to any use of any Remote Deposition testimony at trial.

32.     This Order also shall govern any Remote Depositions of non-party witnesses during Phase I.  To the extent it is consistent with his schedule, Special Master Daniel Garrie will attend each deposition unless both Parties agree that his attendance is not necessary at least 20 calendar days before the deposition. The Parties shall split the Special Master fees and actual expenses for that attendance equally, subject to reallocation upon showing good cause.  If the Parties fail to give notice that Special Master Daniel Garrie is not required 20 calendar days prior, the Parties are responsible for the Special Master's day rate. The deposing party shall provide notice to the Special Master and opposing counsel, together with any counsel for the Witness, at least 20 calendar days before the deposition unless the Special Master finds good cause to shorten the time for notice.

Disputes that arise during the deposition that cannot be resolved by the Parties shall be addressed to Special Master Daniel Garrie. If Special Master Daniel Garrie is not present during the deposition to resolve the dispute, the Parties shall continue the Remote Deposition as to matters not in dispute, reserving all rights under the Federal Rules of Civil Procedure and relevant rules.

## V.     DISPUTES

Unless specifically referenced herein, any disputes arising out of this Deposition Protocol shall be resolved in accordance with Protocol for Resolving Discovery Disputes – Order No. 1,

entered on August 20, 2021.

## VI.    AMENDMENTS

The Parties may modify this Deposition Scheduling Protocol as appropriate by mutual agreement or by order of the Court.