UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br>    ALL ACTIONS | Case No. 18-md-02843-VC<br><br>**ORDER RE PRELIMINARY APPROVAL HEARING**<br><br>Re: Dkt. No. 1096 |

At the hearing on the motion for preliminary approval, the plaintiffs should be prepared to discuss the following.

- Perhaps this is not a case where injunctive relief is needed for the settlement to be fair and reasonable, but the parties should do a better job explaining why. In particular, the plaintiffs' motion does a good job of identifying and explaining the things Facebook is no longer doing, but it is unclear how much of this is the result of restrictions imposed by the FTC Consent Order (or by some other government entity) as opposed to voluntary cessation of conduct by Facebook. The parties should be prepared to give a presentation about this at the hearing. And to the extent the FTC Consent Order does not restrict Facebook from resuming activities described in the motion (in particular, friend sharing), the parties should explain why Facebook should be trusted to continue refraining from those activities.

- Should the settlement website include an opt out form? *See Jabbari, et al. v. Wells Fargo & Company*, Case No. 15-2159, Dkt. No. 162-11. If so, the form should clearly state that opt outs are only valid if the class member verifies the request to opt

out using the link sent to them. *See* Dkt. No. 1096-2 at 27. This should also be made clear on the settlement website.

- Should the settlement website include an objection form? *See Jabbari*, Dkt. No. 162-12.
- Why must objections "state whether the objector has sold or otherwise transferred the right to their recovery in this Action to another person or entity, and, if so, the identity of that person or entity?"
- The Court's standing order says, "Absent extraordinary circumstances, the Court will not enjoin current or future litigation in other courts based on conduct covered by the release. Whether to stay or dismiss any such cases will be for the assigned judge to decide." The proposed order granting final approval says that settlement class representatives and class members are "permanently barred" from asserting any released claims. Do the parties intend for that language to constitute an injunction? What is the value of having an injunction in the Court's order?

The plaintiffs should also be prepared to make the following changes to the materials related to preliminary approval.

- The proposed notice should more clearly state that class members can opt out online or by mail, and it should include a link to the relevant section of the settlement website.
- The proposed notice and proposed order should more clearly state that objectors may appear at the Fairness Hearing without submitting a written objection upon a showing of good cause.
- The "Reminder Checklist" on the Claim Form suggests that the Claim Form must be mailed in. The plaintiffs should clarify the Checklist to say that the Claim Form can also be submitted online.
- The "Payment Selection" heading on the Claim Form is vague, and possibly suggests that class members will need to make some kind of payment. That section should be

renamed to something like, "Method for Receiving Payment."

- The Fairness Hearing will be held over Zoom, not in-person. The proposed notice should be revised to reflect that.

**IT IS SO ORDERED.**

Dated: February 28, 2023

VINCE CHHABRIA
United States District Judge