# APPENDIX C

# SECOND AMENDED [PROPOSED] PRELIMINARY APPROVAL ORDER

# (REDLINED)

1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT
9                           NORTHERN DISTRICT OF CALIFORNIA
10                              SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, | CASE NO. 3:18-MD-02843-VC |
| This document relates to: <br><br> ALL ACTIONS | **[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS; GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(e)(1); AND APPROVING FORM AND CONTENT OF CLASS NOTICE** |

WHEREAS, plaintiffs Steven Akins, Jason Ariciu, Anthony Bell, Bridgett Burk, Terry Fischer, Tyler King, Jordan O'Hara, and Cheryl Senko (together, "Settlement Class Representatives"), and Defendant Meta Platforms, Inc. ("Meta") (collectively "Parties"), entered into a Settlement Agreement on December 22, 2022 (ECF No. 1096-2——), which, together with the exhibits and appendices thereto, sets forth the terms and conditions for a proposed resolution of this Action and for its dismissal with prejudice;

WHEREAS, this Court has reviewed the Settlement entered into by the Parties, all exhibits thereto, the record in this case, and the Parties' arguments;

WHEREAS, this Court preliminarily finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23(a) for class certification—numerosity, commonality, typicality, and adequacy—and meets the requirements of Federal Rule of Civil Procedure 23(b)(3)— predominance of common issues, and superiority;

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:[1]

**Preliminary Certification of Settlement Class for Purpose of Settlement Only
and Appointment of Class Counsel and Settlement Class Representatives**

1. This Court reviews class action settlements just as carefully at the initial stage as it does at the final stage. *See Cotter v. Lyft, Inc.*, 193 F. Supp. 3d 1030, 1036–37 (N.D. Cal. 2016). At the initial stage, the inquiry is whether the settlement is "fair, reasonable, and adequate," Fed. R. Civ. P. 23(e)(2), based on publicly available information and the information received from the parties.

2. The Settlement is hereby preliminarily approved as fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Class. Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, as set forth in paragraph 46 of the Settlement Agreement and defined as follows, is preliminarily certified for the purpose of settlement only:

> All Facebook users in the United States between May 24, 2007, and December 22, 2022, inclusive.

---

[1] All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

1

Excluded from the Settlement Class are (i) Meta and its employees, alleged co-conspirators, officers, directors, legal representatives, heirs, successors, and wholly or partly owned subsidiaries or affiliated companies; (ii) counsel for any plaintiff whose case was consolidated into this MDL and their employees, including but not limited to the undersigned counsel for Plaintiffs and the undersigned counsel's employees; (iii) the Discovery Mediators, Special Master, Settlement Mediator who assisted in this action and their staff; and (iv) the Judges and Court staff to whom this Action is or was assigned.

3.  The Court preliminarily finds, for purposes of settlement only, that the proposed Settlement Class as defined above meets the numerosity requirement of Rule 23(a)(1) such that joinder would be impractical; that there are questions of law and fact common to the Settlement Class as required by Rule 23(a)(2); that these common questions predominate over individual questions as required by Rule 23(b)(3); and that the claims of the proposed Settlement Class Representatives are typical of the claims of the Settlement Class under Rule 23(a)(3).

4.  In addition, the Court preliminarily finds that the Class Counsel and Settlement Class Representatives will fairly and adequately represent the interests of the Class under Rule 23(a)(4), have done so, and meet the requirements of Rule 23(g) and, therefore, appoints them as Class Counsel and Settlement Class Representatives under Rules 23(c)(1)(B) and 23(g).

5.  If the Settlement Agreement is not finally approved by this Court, or if such final approval is reversed or materially modified on appeal by any court, this Order (including but not limited to the certification of the class) shall be vacated, null and void, and of no force or effect, and Meta and Settlement Class Representatives shall be entitled to make any arguments for or against certification for litigation purposes.

6.  Class Counsel and the Settlement Class Representatives are appointed as adequate representatives of the Settlement Class.

### Notice to the Settlement Class

7.  The Court approves the Settlement Administration Protocol & Notice Plan, Summary Notice, Class Notice, In-App Notice, and Claim Form, which are attached to the Settlement Agreement as Exhibits B-F and finds that their dissemination substantially in the manner and form set forth in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23 and due process,

constitutes the best notice practicable under the circumstances, and is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, the effect of the proposed Settlement (including the releases contained therein), the anticipated motion for Attorneys' Fees and Expenses Award and for Service Awards, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement.

8. By _____, 2023 [fourteen (14) calendar days after the issuance of this Order], Meta shall pay or cause to be paid a portion of the Settlement Fund in an amount sufficient to effectuate the Notice Plan to the Settlement Administrator (the "Initial Deposit").

9. Following issuance of this Order, and after payment of the Initial Deposit, Meta shall pay or cause to be paid all subsequent amounts for Notice and Administration Costs (as invoiced by the Settlement Administrator or Escrow Agent and approved by Class Counsel) (the "Periodic Payments") within thirty (30) calendar days after the submission of an invoice by the Settlement Administrator or Escrow Agent.  The deadline may be extended by mutual consent of the Parties.

10. By _____, 2023 [thirty (30) calendar days after the issuance of this Order], Meta shall, for the purpose of facilitating Notice, provide or cause to be provided to the Settlement Administrator information about the Settlement Class Members required by the Settlement Administrator to effectuate the Notice Plan.

11. The Settlement Administrator and Meta shall provide Notice consistent with the Notice Plan outlined in Exhibit B, and Notice shall be disseminated to Settlement Class Members beginning on the Notice Date on _____, ___ 2023 [fourteen (14) calendar days after the issuance of this Order].

### Settlement Administration

12. The Court appoints Angeion Group to serve as the Settlement Administrator.  Angeion shall establish the Escrow Account as a qualified settlement fund for U.S. federal income tax purposes within the meaning of Treas. Reg. §§ 1.468B-1 through 1.468B-5 as set forth in the Settlement Agreement, supervise and administer the notice procedures, establish and operate the Settlement Website, administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties that are reasonably necessary and/or provided for in the Settlement Agreement.

13. The Settlement Administrator shall act in compliance with Pretrial Order No. 10 (Protective Order, ECF No. 122), including but not limited to making all necessary efforts and precautions to ensure the security and privacy of Settlement Class Member information and protect it from loss, misuse, unauthorized access and disclosure, and to protect against any reasonably anticipated threats or hazards to the security of Settlement Class Member information; not using the information provided by Meta or Class Counsel in connection with the Settlement or this notice plan for any purposes other than providing notice or conducting claims administration; and not sharing Settlement Class Member information with any third parties without advance consent from the Parties.

14. Settlement Class Members who wish to make a claim must do so by submitting a Claim Form by _____, \_\_ **2023** [one hundred forty-nine (149) days after the issuance of this Order], in accordance with the instructions contained therein. The Settlement Administrator shall determine the eligibility of claims submitted and allocate the Settlement Fund in accordance with the Settlement Agreement.

15. Settlement Class Members who wish to object to the Settlement should object in writing and: (i) clearly identify the case name and number; (ii) include the objector's full name, address, telephone number, email address; Facebook account URL (if reasonably available); the email address and telephone number associated with the Settlement Class Member's Facebook account; (iii) state that the objector was a Facebook user during the Class Period and the dates of such use; (iv) state whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire class; (v) state the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement, along with the caption of each case in which the objector has made such objection; (vi) state whether the objector has sold or otherwise transferred the right to their recovery in this Action to another person or entity, and, if so, the identity of that person or entity; (vii) state with specificity the grounds for the objection, including any legal and factual support and any evidence in support of the objection; (viii) state whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel; and (ix) include the objector's signature. Objections must be filed with the Court or post-marked by _____, \_\_ **2023** [no later than one hundred nineteen (119) days from the issuance of this Order], to the Court

at the following address: Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102. The Court will require only substantial compliance with these requirements for submitting an objection. Objectors may appear at the Final Approval Hearing without submitting a written objection upon a showing of good cause.

16. Any Settlement Class Member who seeks to be excluded from the Settlement Class must submit a written request for exclusion that shall be postmarked and mailed to the Settlement Administrator or submitted online through the claims portal no later than the Opt-Out Deadline, _____, \_\_ 2023 [no later than one hundred nineteen (119) days from issuance of this Order]. To be an effective and valid written request for exclusion, the request must include the following information: (i) identify the case name of the Action; (ii) identify the name and address of the individual seeking exclusion from the Settlement; (iii) be personally signed by the individual seeking exclusion; (iv) include a statement clearly indicating the individual's intent to be excluded from the Settlement; (v) request exclusion only for that one individual whose personal signature appears on the request; (vi) include the Facebook account URL (if reasonably available) and the email address and telephone number associated with the Facebook account of the individual seeking exclusion; and (vii) state that the individual seeking exclusion was a Facebook user during the Class Period. Any member of the Settlement Class who does not file a valid and timely request for exclusion shall be bound by the final judgment dismissing the Action on the merits with prejudice.

### Final Approval Hearing

17. The Final Approval Hearing shall be held by the Court via video conference on _____, \_\_ **2023, beginning at _____ .m.**, to determine whether the requirements for certification of the Settlement Class have been met; whether the proposed settlement of the Action on the terms set forth in the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether Class Counsel's motion or application for an Attorneys' Fees and Expenses Award and application for the Service Awards should be approved; and whether final judgment approving the Settlement and dismissing the Action on the merits with prejudice against the Settlement Class Representatives and all other Settlement Class Members should be entered. The Final Approval Hearing may, without further notice to the Settlement Class Members (except to those who

have filed timely and valid objections and requested to speak at the Final Approval Hearing), be continued or adjourned by order of the Court.

18. Any objector who timely submits an objection has the option to appear and request to be heard at the Final Approval Hearing, either in person or through the objector's counsel. Any objector wishing to appear and be heard at the Final Approval Hearing should include a notice of intention to appear in the body of the objector's objection. Objectors who fail to submit or include such timely notice of intention to appear may be excused from this prerequisite to appearing in Court to object to the Settlement upon a showing of good cause.

19. By _____, __ **2023** [not later than eighty-four (84) days after the issuance of this Order], Class Counsel shall file all papers in support of the application for Attorneys' Fees and an Expenses Award and/or for Service Awards. All opposition papers shall be filed by _____, __ 2023 [one hundred fourteen (114) days after the issuance of this Order], and any reply papers shall be filed by _____, __ 2023 [one hundred twenty-eight (128) days after the issuance of this Order].

20. By _____, __ **2023** [one hundred four (104) days after issuance of this Order], Class Counsel shall file all papers in support of the application for the Final Approval Order and Final Judgment. Any reply papers regarding objections to the settlement and to update the Court regarding notice and administration shall be filed by _____, __ 2023 [one hundred twenty-eight (128) days after the issuance of this Order].

21. Class Counsel's motion or application for Attorneys' Fees and an Expenses Award and for Service Awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any appeal from any order relating solely to Class Counsel's motion for Attorneys' Fees and an Expenses Award, and/or for Service Awards, or any reversal or modification of any such order, shall not operate to terminate, vacate, or cancel the Settlement.

22. Defense Counsel and Class Counsel are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the Settlement Agreement.

IT IS SO ORDERED.

DATED: _____ , 202_

                                            Hon. Vince Chhabria
                                            United States District Judge

[PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS; GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(E)(1); AND APPROVING FORM AND CONTENT OF CLASS NOTICE - CASE NO. 3:18-MD-02843-VC