| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>Orin Snyder (*pro hac vice*)<br>　osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, NY 10166-0193<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035<br><br>Rosemarie T. Ring (SBN 220769)<br>　rring@gibsondunn.com<br>Martie Kutscher (SBN 302650)<br>　mkutscherclark@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306 | GIBSON, DUNN & CRUTCHER LLP<br>Deborah Stein (SBN 224570)<br>　dstein@gibsondunn.com<br>Heather Richardson<br>　hrichardson@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>Joshua S. Lipshutz (SBN 242557)<br>　jlipshutz@gibsondunn.com<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>Telephone: 202.955.8500<br>Facsimile: 202.467.0539 |

*Attorneys for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**FACEBOOK, INC.'S PRELIMINARY RESPONSE TO THE STATE OF NEW MEXICO'S MOTION TO INTERVENE, FILED PURSUANT TO THE COURT'S MARCH 1 ORDER** |

Facebook does not contend that the proposed settlement in this case (the "MDL"), if approved, would release any portion of the claim brought by New Mexico in a separate action being litigated in New Mexico state court. What preclusive effect, if any, a final judgment approving the proposed settlement in this case could have on claims asserted by New Mexico in a separate action being litigated in New Mexico state court is a question that should be addressed, if at all, by that court.

A final judgment approving the proposed settlement in the MDL could, through the operation of the doctrines of issue preclusion or claim preclusion, have some preclusive effect on the State's claims. *Rex, Inc. v. Manu. Hous. Comm. of State of N.M.*, 892 P.2d 947, 956 (N.M. 1995); *v. IntelliGender, LLC*, 771 F.3d 1169, 1179 (9th Cir. 2014); *New Mexico v. Capital One Bank*, 980 F. Supp. 2d 1346, 1349, 1353 (D.N.M. 2013); *King v. HSBC Bank Nevada*, 2013 WL 12138908, at *1, *3 (D.N.M. 2013).

In response to the State's demand for confirmation that a judgment in the MDL will have no effect on the State's claim, Facebook simply reserved it rights. To be clear: Facebook is *not* asking this Court to enjoin the State's claim or make any determination about the preclusive effect of a judgment in the MDL. Indeed, binding precedent makes clear that preclusion determinations should be made by the court where preclusion is asserted (here, New Mexico state court), not by the court that entered the potentially preclusive judgment (here, this Court). *Smith v. Bayer Corp.*, 564 U.S. 299, 307 (2011) ("Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the second court."); *MK Hillside Partners v. CIR*, 826 F.3d 1200, 1207 n.7 (9th Cir. 2016) ("[T]he first court does not get to dictate to other courts the preclusion consequences of its own judgment."); *Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1307 (9th Cir. 2022) (similar).

In light of the above, the State's request to intervene should be denied. Whatever interest the State has in determining the future preclusive effect of this Court's judgment is not a "significantly protectable interest *related to this case*." (*Contra* Mot. at 6, emphasis added). That interest relates to—and should be adjudicated in—the pending litigation in New Mexico. *Smith*, 564 U.S. at 307; *MK Hillside*, 826 F.3d at 1207 n.7; *Sonner*, 49 F.4th at 1307.

Any restitution interest here belongs to the New Mexico Facebook users; the State's interest is purely "representative." *Rex*, 892 P.2d at 955. An intervenor whose rights are "derivative" of current

parties "has no significant protectable interest" that warrants mandatory intervention. *In re Facebook, Inc. Shareholder Derivative Privacy Litig.*, 367 F. Supp. 3d 1108, 1130 (N.D. Cal. 2019).

Facebook reserves the right to further develop these and other arguments in its response.

Dated: March 1, 2023          **GIBSON, DUNN & CRUTCHER, LLP**

By: */s/ Rosemarie Ring*
Orin Snyder (*pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Deborah Stein (SBN 224570)
dstein@gibsondunn.com
Heather Richardson
Hrichardson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202.955.8500
Facsimile: 202.467.0539

Rosemarie T. Ring (SBN 220769)
rring@gibsondunn.com
Kristin A. Linsley (SBN 154148)
klinsley@gibsondunn.com
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

Russell H. Falconer (*pro hac vice*)
rfalconer@gibsondunn.com
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3170
Facsimile: 214.571.2958

*Attorneys for Defendant Facebook, Inc.*