UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | Case No. 18-md-02843-VC<br><br>**ORDER DENYING MOTION TO INTERVENE AND INVITING FURTHER BRIEFING**<br><br>Re: Dkt. Nos. 1096, 1111 |

  On the eve of the hearing on the motion for preliminary approval of this private consumer class action settlement, the New Mexico Attorney General's Office filed a motion to intervene and asked to be heard at the preliminary approval hearing. The Attorney General's Office asserts that it has an interest in the matter because it has sued Facebook in state court based on the conduct at issue in this case. Other states (represented by Attorneys General or local prosecutors authorized to pursue actions on behalf of their states) have filed similar lawsuits or have initiated formal investigations.

  In the motion to intervene, the Attorney General expresses dismay about recent statements Facebook made about the impact of the settlement agreement on other cases challenging Facebook's conduct. Specifically, the Attorney General complains that last week, Facebook "for the first time explicitly took the position that certain claims asserted in the state's action …. will be released" by the settlement. At the preliminary approval hearing, the Attorney General elaborated, expressing concern that Facebook would argue in the future that the settlement in this case would: (i) prevent states like New Mexico from exercising its police power to recover penalties or obtain injunctive relief based on the conduct at issue in this case;

and (ii) prevent states like New Mexico from obtaining a financial recovery for residents who were harmed by the conduct at issue in this case.

It should be obvious to the New Mexico Attorney General that a private class action settlement cannot prevent a state from pursuing a lawsuit against the defendant based on the same conduct to vindicate its police powers (for example, to impose penalties or obtain injunctive relief). But it should be equally obvious that Facebook could argue that New Mexico is barred from obtaining a financial recovery on behalf of residents who participated in this class action settlement. *See, e.g.*, *Ninth Circuit Holds That State Is Precluded from Seeking Remedies Released Through Previous Class Action Settlement*, Gibson, Dunn & Crutcher (Nov. 13, 2014).[1] Because this should not have been a surprise to the New Mexico Attorney General, any concerns about the issue should have been raised long ago.

More importantly, the possibility that the settlement proposed in this case could prevent states from recovering money on behalf of residents based on the same conduct does not seem like a real concern. Perhaps if there were a likelihood that states could recover a materially larger amount for their residents, that would be a basis for rejecting the proposed settlement. But that does not seem to be true here—indeed, the New Mexico Attorney General has not asked the Court to reject the settlement on this basis. Therefore, the Court is left wondering why the Attorney General has moved to intervene in the case. That motion is denied.

Nonetheless, the plaintiffs' motion for preliminary approval asserts that only the cases in this MDL will be affected by the proposed settlement. As discussed above, that statement may well be erroneous because it's possible that states will be precluded from pursuing a financial recovery for residents who are members of this settlement class. The Court assumes that other states with actions pending against Facebook are fully aware of this possibility and do not believe it is a reason to reject the proposed settlement. But in an abundance of caution, and in light of the misstatement contained in the motion for preliminary approval, the Court will allow

---

[1] https://www.gibsondunn.com/ninth-circuit-holds-that-state-is-precluded-from-seeking-remedies-released-through-previous-class-action-settlement.

an additional period for any state with an interest in this matter to file an objection to the settlement, or to request that the proposed notice to class members be altered to disclose the potential effect of the settlement on any actions by states to recover money on behalf of their residents. Any such filing is due within 14 days of this order. The plaintiffs and Facebook are also welcome to file supplemental briefs within 21 days of this order. The Court will issue a ruling on the motion for preliminary approval promptly thereafter.

      The plaintiffs must serve this order on counsel of record for any state that currently has a lawsuit against Facebook based on the conduct at issue in this case. This includes cases where a local prosecutor or city attorney has brought an action in the name of the state or its people. The plaintiffs must file a proof of service within 3 days of this order.

      **IT IS SO ORDERED.**

Dated: March 6, 2023

VINCE CHHABRIA  
United States District Judge