| | |
|---|---|
| Derek W. Loeser (admitted *pro hac vice*) <br> KELLER ROHRBACK L.L.P. <br> 1201 Third Avenue, Suite 3200 <br> Seattle, WA 98101 <br> Tel.: (206) 623-1900 <br> Fax: (206) 623-3384 <br> dloeser@kellerrohrback.com | Lesley E. Weaver (SBN 191305) <br> BLEICHMAR FONTI & AULD LLP <br> 1330 Broadway, Suite 630 <br> Oakland, California 94612 <br> Tel.: (415) 445-4003 <br> Fax: (415) 445-4020 <br> lweaver@bfalaw.com |

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION <br><br> This document relates to: <br><br> ALL ACTIONS | MDL No. 2843 <br> Case No. 18-md-02843-VC <br><br> **[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** <br><br> Judge: Hon. Vince Chhabria <br> Courtroom: 4, 17th Floor <br> Hearing Date: September 7, 2023 <br> Hearing Time: 1:00 p.m. |

On _____, this Court held a Final Fairness Hearing to determine whether the terms and conditions of the Class Action Settlement Agreement and Release ("Settlement," "Settlement Agreement," or "SA") agreed to by the Settlement Class Representatives, individually and on behalf of the Settlement Class (or "Class"), and Defendant Meta Platforms, Inc. ("Defendant" or "Meta"), should be approved by the Court, at which it also considered Plaintiffs' motion for attorneys' fees, expenses, and Class Representative service awards. This Order grants the request for attorneys' fees, expenses, and service awards for the following reasons.

**Attorneys' Fees: Percentage of the Fund**

1. The Court awards to Class Counsel attorneys' fees in the amount of $181,250,000, or an amount equal to 25% of the Settlement Fund, to be paid pursuant to the terms set forth in this Order. Noting that the Ninth Circuit's "benchmark" for percentage-of-the-recovery awards is 25%, the Court finds that the attorneys' fee award is fair and reasonable under the percentage-of-the-recovery method. The fee award is confirmed by a lodestar cross-check, which yields a multiplier of 1.99 on total hours billed. This is a reasonable multiplier in this case.

2. The Settlement that counsel's efforts have obtained provides significant monetary benefits to the Class. The $725 million Settlement Fund is a substantial portion of the maximum monetary relief that the Class could realistically recover after a trial, post-trial motions, and an appeal. The Court finds that the magnitude of the Settlement Fund is due more to the efforts of counsel than the size of the Class.

3. The challenges posed by novel legal issues, complicated facts, difficulties of proof, as well as the resources of the Defendant and its aggressive approach to litigation, created a meaningful risk that the Class and counsel would ultimately receive nothing. The leadership structure here concentrated that risk on two smaller firms, which bore significant financial burdens and spent more than 149,000 hours on a contingent basis.

4.      While the Court has exercised independent judgment in making a fee award, it has considered empirical research by Professor Brian Fitzpatrick. His research indicates that 24% of the fund is the average fee award in data-privacy and data-breach class settlements of $100 million or more. For post-2008 non-securities class action settlements in the range of $500 million to $1 billion, the average fee award was 20.3% and the median was 20.7%, with a standard deviation of 10.2%, meaning that half of these settlements awarded fees above 25%. These data points point to the conclusion that a 25% fee would be within the range of awards made in similar cases.

5.      The Court also finds that a 25% award would not confer a windfall on counsel in light of (among other things) the amount and quality of work counsel has performed, the risks counsel has assumed during this litigation, the success achieved by counsel's persistence, and the reasonable multiplier (discussed below).

## Attorneys' Fees: Lodestar Cross-Check

6.      While the Court chooses to award a percentage-based fee, a lodestar cross-check confirms that a 25% award is reasonable under the circumstances.

7.      The Court finds that the 149,928.65 hours claimed by counsel are reasonable, especially because this litigation has been unusually prolonged and contentious.

8.      The Court likewise finds that counsel's rates are reasonable. Other courts presiding over class actions, both in this District and elsewhere in the nation, have recently approved Class Counsel's rates. The empirical research submitted by Professor William Rubenstein indicates that counsel's blended rate is somewhat below the mean and median rates for class actions in this District.

9.      A lodestar cross-check yields a multiplier of 1.99, which empirical research indicates is below average in settlements of comparable size. This confirms that a 25% percentage fee is reasonable.

10.     The $800,217.38 in fees already paid as sanctions (Dkt. 1104 at 52) shall be treated as part of the $181,250,000 in fees awarded under this Order and deducted from the total

fee award. The amount of fees to be paid out of the Settlement Fund, therefore, shall be $180,449,782.62.

11. Ten percent of the awarded attorneys' fees shall remain in the Settlement Fund until after Class Counsel files a Notice of Completion of Duties and the Court authorizes the release to Class Counsel of the attorneys' fees remaining in the Settlement Fund. Class Counsel shall file the Notice of Completion of Duties only after substantially all of the Settlement Fund has been distributed to the Class and administration of the Settlement is substantially complete. The Notice of Completion of Duties shall generally describe the results of the Settlement administration process, including the total cost of administration.

## Expenses

12. The Court also awards to Class Counsel $4,101,608.09 as reimbursement of expenses. Class Counsel have adequately documented these expenses, all of which are compensable litigation expenses that were advanced for the benefit of the Class.

13. The $124,861.13 in costs already paid as sanctions (Dkt. 1104 at 52) shall be treated as part of the expenses awarded under this Order and deducted from this award. The amount of expenses to be paid out of the Settlement Fund, therefore, shall be $3,976,746.96.

## Service Awards, Attorneys' Fees, and Expenses

14. The Court finds that the proposed service awards are fair and reasonable, given the amount and kind of work that the Class Representatives have performed on behalf of the Class. It therefore orders that each Class Representative be paid a service award of $15,000 out of the Settlement Fund, which in the aggregate represents only 0.0165% of the Fund.

15. The Court has carefully considered all objections to Plaintiffs' motion for attorneys' fees, costs, and service awards, and overrules them.

**IT IS SO ORDERED.**

Dated: _____, 2023

_____
VINCE CHHABRIA
United States District Judge