Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' ADMINISTRATIVE MOTION FOR PARTIAL RELIEF FROM STAY**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor |

On August 26, 2022, at the joint request of the parties, the Court stayed this case pending a motion for preliminary approval of a class settlement. (*See* Dkt. 1015.) Plaintiffs respectfully ask the Court for partial relief from the stay to conduct limited discovery with respect to objections to the proposed class settlement.[1]

**1. Discovery from objectors is permissible.** An objector who "voluntarily appear[s]" in a case is "properly subject to discovery." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012). The "background and intent" of objectors and their counsel is relevant and discoverable, "particularly when indicative of a motive other than putting the interest of the class members first," such as in cases involving serial or professional objectors. *Chambers v. Whirlpool Corp.*, 2016 WL 9451360, at *2 (C.D. Cal. Aug. 12, 2016) (quoting *Dennis v. Kellogg Co.*, 2013 WL 6055326, at *4 n.2 (S.D. Cal. Nov. 14, 2013)); *see also In re Netflix Privacy Litig.*, 2013 WL 6173772, at *5 (N.D. Cal. Nov. 25, 2013) (allowing plaintiffs to obtain discovery "regarding the merits and motivations behind the Objectors' appeals as well as their relationships with Counsel").

**2. Limited discovery is warranted where there are facially apparent concerns about objections.** Yesterday, an objection was filed on behalf of Sarah Feldman and Jill Mahaney. (Dkt. 1147.) Plaintiffs are concerned that this objection may not have been filed in good faith.

The objectors are represented by Kendrick Jan and John J. Pentz. Courts have called Mr. Pentz a "serial objector[]" who has acted "in bad faith," *In re Initial Public Offering Securities Litig.*, 721 F. Supp. 2d 210, 215 (S.D.N.Y. 2010), and have noted his "documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when [he and his clients] were compensated by the settling class or counsel for the settling class," *In re Wal-Mart Wage & Hour Emp. Pracs. Litig.*, MDL No. 1735, 2010 WL 786513, at *1-2 (D. Nev. Mar. 8, 2010).[2]

---

[1] Plaintiffs have consulted with Facebook about this motion. As of the time of filing, Facebook had not taken a position on the relief Plaintiffs request.

[2] *See also Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 6619983, at n.19 (Dec. 18. 2018) (noting "the apparent history of objector's counsel" Mr. Pentz as a "serial meritless objector[]"); *In re MetLife Demutualization Litig.*, 689 F. Supp. 2d 297, 350 (E.D.N.Y. 2010)

Kendrick Jan, these objectors' other counsel, has appeared several times as co-counsel to Mr. Pentz in cases pending in California, where Mr. Jan can sponsor Mr. Pentz's motions for admission *pro hac vice*. Specifically, he sponsored Mr. Pentz's admission and co-counseled Mr. Pentz in filing objections to class action settlements in *In re Apple Inc. Device Performance Litig.* and *In re Facebook Biometric Information Privacy Litigation*.

Finally, Plaintiffs are also concerned by the response they received when they asked objectors' counsel whether the objectors would sit for depositions. Mr. Jan ruled out cooperation in advance, stating that the objectors would sit for depositions only after the Court issued an order requiring them to do so. Decl. of Cari Campen Laufenberg in Supp. of Pls.' Admin. Mot. for Partial Relief from Stay, Ex. 1.

***3. The discovery permitted under the proposed relief from stay will be narrow and targeted.*** If permitted, Plaintiffs will take discovery only where there is good reason to believe that an objection—like the objection made yesterday—is not made in good faith. Even then, Plaintiffs will only take narrow and minimally burdensome discovery. For example, if appropriate relief from the stay is granted, Plaintiffs intend to depose objectors Feldman and Mahaney concerning the factual bases for their objections, their relationships with their attorneys, any prior objections to settlements they may have made, any documents or communications related to their objections, and any relevant topics prompted by their responses to questioning. And Plaintiffs will only propound limited requests for documents from objectors Feldman and Mahaney. Plaintiffs will seek production of (1) copies of any retainer agreement with their counsel in this case, (2) copies of any materials they reviewed or relied on in deciding

---

(characterizing Mr. Pentz's objections as meritless); *In re Royal Ahold N.V. Securities & ERISA Litig.*, 461 F. Supp. 2d 383, 386 (D. Md. 2006) (Mr. "Pentz is a professional and generally unsuccessful objector"); *Barnes v. Fleetboston Fin. Corp.*, No. 01-10395-NG, 2006 WL 6916834, at *2 (Aug. 22, 2006) ("[Nancy] Feldman and her attorney, John Pentz (who is also her son-in-law) are professional objectors"); *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL No. 1361, 2003 WL 22417252, at *2 n.3 (D. Me. Oct. 7, 2003) (calling Mr. Pentz a "repeat objector" and characterizing his objection as "groundless" and potentially frivolous); Robert Klonoff, *Class Actions Objectors: The Good, the Bad, and the Ugly*, 89 Fordham L. Rev. 475, 490 n.86, 499 (2020) (discussing Mr. Pentz's history).

to object, and (3) non-privileged communications or other documents discussing their objection or decision to object.

      For the reasons given above, Plaintiffs respectfully ask the Court for partial relief from the stay it entered last August, so that they may conduct limited discovery to ensure that objections are made in good faith. A proposed order is submitted herewith.

Dated: July 20, 2023

Respectfully submitted,

KELLER ROHRBACK L.L.P.

By:    */s/ Derek W. Loeser*
      Derek W. Loeser

Derek W. Loeser (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
David Ko (admitted *pro hac vice*)
Adele A. Daniel (admitted *pro hac vice*)
Benjamin Gould (SBN 250630)
Emma M. Wright (admitted *pro hac vice*)
Daniel Mensher (admitted *pro hac vice*)
Michael Woerner (admitted *pro hac vice*)
Matthew Gerend (admitted *pro hac vice*)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com
dko@kellerrohrback.com
adaniel@kellerrohrback.com
bgould@kellerrohrback.com
ewright@kellerrohrback.com
dmensher@kellerrohrback.com
mwoerner@kellerrohrback.com
mgerend@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

BLEICHMAR FONTI & AULD LLP

By:    */s/ Lesley E. Weaver*
      Lesley E. Weaver

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Matthew S. Melamed (SBN 260272)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
mmelamed@bfalaw.com
jsamra@bfalaw.com

Eric Fierro (admitted *pro hac vice*)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822
efierro@kellerrohrback.com

          *Plaintiffs' Co-Lead Counsel*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Derek W. Loeser, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of July, 2023, at Seattle, Washington.

/s/ Derek W. Loeser
Derek W. Loeser

## CERTIFICATE OF SERVICE

I, Sarah Skaggs, hereby certify that on July 20, 2023, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

/s/ *Sarah Skaggs*
Sarah Skaggs