Kendrick Jan, CA SBN 105149
Kendrick Jan, APC
225 Broadway, Suite 2220
San Diego, CA 92101
Telephone: (619) 607-9750
kj@jan-law.com

Counsel for Objector Jill Mahaney

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843 |
| | Case No. 18-md-2834-VC |
| | <u>CLASS ACTION</u> |
| OPPOSITION OF CLASS<br>This Document Relates to:<br><br>ALL ACTIONS | DECLARATION OF KENDRICK JAN IN SUPPORT OF OPPOSITION OF SARAH FELDMAN AND JILL MAHANEY TO PLAINTIFFS ADMINISTRATIVE MOTION FOR PARTIAL RELIEF FROM STAY |

I, Kendrick Jan, declare as follows:

1. I am an attorney licensed by the State Bar of California (SBN 105149), my business address is 225 Broadway, Suite 2220, San Diego, California 92101. I represent Class member/objector Jill Mahaney in the captioned matter and, pursuant to U.S.Dist.Ct.Rules N.D.Cal., Civil L.R. 7-11, make this declaration in support of the Opposition of Class members/Objectors Sarah Feldman and Jill Mahaney to Plaintiffs Administrative Motion for Partial Relief from Stay, as follows:

2.      Objector Jill Mahaney ("Jill") is my niece and is a long-time client of mine. It is my understanding that prior to this case, Jill has never filed or joined in an objection to a class action settlement.

4.      Jill is a Class member and has filed a settlement claim through the settlement website. The Correlation ID assigned to her claim is: 9964f46b-7db1-41ff-9924-58a319a3500a.

5.      I have on a number of occasions met with Jill to discuss the captioned matter and we discussed the case, the proposed settlement, and the attorneys' fee issue.

6.      It is my understanding, Jill's objections to the proposed settlement are entirely rooted in privileged discussions she had with me, her attorney.

7.      Jill reviewed the objection prior to its filing and, knowing it would be attached and filed along with the objection, signed that document entitled Confirmation of Class Member/Objector Jill Mahaney.

8.      I have never had a retainer agreement with Jill and no retainer agreement is in place between Jill and me/my office in connection with this matter.

9.      I have not promised or suggested to Jill that she would be in anyway compensated in connection with her objection, any appeal that might follow, or any favorable action that might be taken by this Court in connection with either her objection or any possible appeal. She has been informed that any settlement of her objection or any subsequent appeal would require the approval of this Court.

10.     Jill's objection complies with each of the nine requirements set forth in paragraph 15 of the Court's March 28, 2023 preliminary approval order and was timely filed on July 19, 2023. Document 1147.

2       Declaration of Kendrick Jan in
Support of Opposition to Plaintiffs'
Administrative Motion (Discovery)

11. Jill's objection revolves around three main concerns: (a) the proposed $725 million settlement represents an unjustified 99.9% discount of available statutory damages and is neither fair, reasonable nor adequate; (b) the settlement fails to treat Class members equitably relative to each other because it fails to account for the far stronger consent defense available to defendant for Class members who joined Facebook after 2009; and (c) Class Counsel's excessive request for attorneys' fees.

12. On July 20, 2023, I received a phone call from lead Class Counsel Cari Laufenberg and Lesley Weaver. At the time of the call, Ms. Laufenberg and Ms. Weaver were bound by a discovery stay in the captioned matter, but failed to inform me of the stay. Instead they stated their immediate intent to take the depositions of objectors Sarah Feldman and Jill Mahaney and asked for dates on which they could depose Sarah and Jill "in-person."

13. As well, on July 20, Ms. Laufenberg and Ms. Weaver stated they would issue a subpoena to require production of documents, including any retainer agreement(s) by which Objectors' counsel was/were retained and all documents that Objectors had read in connection with the settlement in the case. I informed Ms. Laufenberg and Ms. Weaver that no retainer agreements were in place, to which they responded they would issue the subpoena notwithstanding any representations I might make.

14. Following the conversation with Ms. Laufenberg and Ms. Weaver, I looked at the Court's preliminary approval order and found therein no authorization for taking discovery from objectors. As well, I reviewed the long-form notice to Class members and found that nowhere were Class members informed they would be deposed if they filed an objection.

15. After reviewing the preliminary approval order and the long-form notice, I sent Ms. Laufenberg and Ms. Weaver an email asking by what authority they were demanding

3    Declaration of Kendrick Jan in
Support of Opposition to Plaintiffs'
Administrative Motion (Discovery)

Objectors' deposition. A true and correct copy of this email is attached hereto as Exhibit A. Several hours later, Class Counsel filed the instant Administrative Motion seeking relief from the current discovery stay.

16. Except for privileged discussions and documents, and the document provided upon the registration of her claim, it is my understanding Jill does not recall having read, considered, or discussed with any third-party, anything regarding the proposed settlement.

17. The above information answers all issues on which Class Counsel have indicated they seek to depose Jill and there is no other non-privileged information for Class Counsel to discover through the deposition of, or subpoena of documents from, this class member. Class Counsels discovery efforts – if permitted – will serve only to unnecessarily burden Jill in her role as a Class member and objector.

18. Contrary to the statement in Class Counsel's brief (*see* Document 1148, p. 2), I have never sponsored Mr. Pentz's admission *pro hac vice* to any court. In the two cases mentioned by Class Counsel, however, I did act as local counsel in *In re: Apple Inc. Device Performance Litigation*, Case No. 5:18-md-02827-EJD, and I participated in the appeal of that matter to the Ninth Circuit as Case No. 21-15758(L). I also acted as local counsel in *In re: Facebook Internet Tracking Litigation*, Case No. 5:12-MD-2314-EJD, which case is now, with my participation, on appeal to the Ninth Circuit as Case No. 22-16903.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 24, 2023

Kendrick Jan

4      Declaration of Kendrick Jan in Support of Opposition to Plaintiffs' Administrative Motion (Discovery)