Shana E. Scarlett (Bar No. 217895)
shanas@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000

*Counsel for the Klein Plaintiff Objectors (Interim Consumer Class Counsel in the Klein Litigation)*

[*Additional Counsel Listed in Signature Block*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION<br><br>This Document Relates To: All Actions | MDL NO. 2843<br>Case No. 18-md-02843-VC<br><br>Hon. Vince Chhabria<br><br>***KLEIN* PLAINTIFFS' STATEMENT OF OBJECTION TO RELEASE IN *FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION* SETTLEMENT AGREEMENT** |

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................................. 1

II.  BACKGROUND REGARDING *KLEIN* LITIGATION ....................................................... 2

III. RELEVANT PROVISION OF THE CONSUMER PRIVACY USER PROFILE SETTLEMENT ................................................................................................... 3

IV.  LEGAL STANDARD ........................................................................................................... 4

V.   ARGUMENT ......................................................................................................................... 5

    A.   The Settlement cannot release the *Klein* Plaintiff Objectors' claims ...................... 5

    B.   Regardless, the Settlement provides insufficient notice and consideration for any release of the *Klein* claims ................................................. 9

    C.   A single sentence should be added to safeguard due process rights ...................... 10

    D.   Attendance at Final Approval Hearing ................................................................... 11

VI.  CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*B&R Supermarket, Inc., et al. v. Visa, Inc., et al.*,
    No 17-cv-02738 (E.D.N.Y.) ................................................................................................ 10

*In re Currency Conversion Fee Antitrust Litig.*,
    264 F.R.D. 100 (S.D.N.Y. 2010) ........................................................................................... 8

*Dennis v. JPMorgan Chase & Co.*,
    2021 WL 1893988 (S.D.N.Y. May 11, 2021) ....................................................................... 7

*Fraser v. Asus Computer Int'l*,
    2012 WL 6680142 (N.D. Cal. Dec. 21, 2012) ....................................................................... 4

*Gonzalez v. CoreCivic of Tennessee, LLC*,
    2018 WL 4388425 (E.D. Cal. Sept. 13, 2018) ....................................................................... 6

*Hendricks v. StarKist Co.*,
    2016 WL 692739 (N.D. Cal. Feb. 19, 2016) .................................................................... 5, 10

*Hesse v. Sprint Corp.*,
    598 F.3d 581 (9th Cir. 2010) .................................................................................................. 5

*Klein v. Facebook, Inc.*,
    580 F. Supp. 3d 743 (N.D. Cal. 2022) ................................................................................... 7

*Klein v. Meta Platforms, Inc.*,
    Case No. 3:20-cv-08570-JD (N.D. Cal.) ........................................................................ *passim*

*In re Lehman Bros. Sec. & Erisa Litig.*,
    2012 WL 2478483 (S.D.N.Y. June 29, 2012) ........................................................................ 7

*Lovig v. Sears, Roebuck & Co.*,
    2014 WL 8252583 (C.D. Cal. Dec. 9, 2014) ...................................................................... 4, 5

*Marshall v. Northrop Grumman Corp.*,
    2020 WL 5668963 (C.D. Cal. Sept. 18, 2020) ....................................................................... 5

*McKeen-Chaplin v. Franklin Am. Mortg. Co.*,
    2012 WL 6629608 (N.D. Cal. Dec. 19, 2012) ..................................................................... 10

*McKinney-Drobnis v. Massage Envy Franchising, LLC*,
    2017 WL 1246933 (N.D. Cal. Apr. 5, 2017) .......................................................................... 7

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*,
    Case No. 1:05-md-01720-MKB (E.D.N.Y. Sept. 18, 2018), Dkt. 7257-2 ............................ 10

*Raquedan v. Volume Servs., Inc.*,
    2018 WL 3753505 (N.D. Cal. Aug. 8, 2018) .......................................................................... 5

*Staton v. Boeing*,
    327 F.3d 938 (9th Cir. 2003) .................................................................................................. 4

*Willner v. Manpower Inc.*,
    2014 WL 4370694 (N.D. Cal. Sept. 3, 2014) ..................................................................... 4, 5

**STATUTES**

Fair Credit Reporting Act ............................................................................................................. 6

Racketeer Influenced and Corrupt Organizations Act ................................................................... 6

Sherman Act Section 2 ............................................................................................................ 2, 6

Video Privacy Protection Act and Stored Communications Act .................................................. 6

**OTHER AUTHORITIES**

California Constitution .................................................................................................................. 6

Federal Rule of Civil Procedure 23(e) ...................................................................................... 4, 9

3 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 8:17 (6th ed.) ............................................. 9

4 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 13:60 (6th ed.) ........................................... 9

6 NEWBERG ON CLASS ACTIONS § 18:19 (5th ed.) ........................................................................ 5

Northern District of California Local Rule 3-12(b) ...................................................................... 8

Northern District of California's "Procedural Guidance for Class Action
    Settlements" ............................................................................................................................ 8

Objectors Maximilian Klein, Sarah Grabert, and Rachel Banks Kupcho ("the *Klein* Plaintiff Objectors") hereby object to final approval of the Class Action Settlement Agreement and Release ("the Settlement") pending further clarification regarding the scope of the Settlement's release.

## I.   INTRODUCTION

The *Klein* Plaintiff Objectors are the proposed class representatives for the putative Consumer Class in the antitrust case captioned *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570, currently pending in the Northern District of California before Judge James Donato. The *Klein* Plaintiff Objectors understand that the Settlement's release does not and cannot release the claims of the *Klein* Consumer Class and that Settlement Counsel does not contend otherwise. In an abundance of caution, however, the *Klein* Plaintiff Objectors object to the Settlement as currently constructed to the extent that there is any assertion that the Settlement's release language is so broad that it may constitute an "as implied" release of the distinct claims—based on a different set of facts and legal theories—which are currently being litigated before Judge Donato as part of the *Klein* litigation. To the extent such an assertion is raised, the Settlement risks providing a benefit to common defendant Meta Platforms, Inc. ("Facebook") for which it did not bargain and to which it is not entitled, to the detriment of both Settlement Class members in this action and proposed class members in the *Klein* litigation.

The *Klein* Plaintiff Objectors do not wish to unreasonably delay the ultimate approval of the Settlement and relief to Settlement Class members. Instead, the *Klein* Plaintiff Objectors seek only to protect their and others' due process rights through limited relief: adding a single sentence to the Settlement clarifying that it does not waive or otherwise limit the valuable, still-pending claims in *Klein*. This sentence could read: "This Release shall not bar or otherwise limit claims asserted in the case captioned *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570 (N.D. Cal.)." This type of carve out is standard in class action settlements. Prior to filing this objection, the *Klein* Plaintiff Objectors' counsel conferred with Settlement Counsel, whose position is the impact of the release in this case on the claims in the *Klein* case should be determined in the *Klein* litigation.

## II. BACKGROUND REGARDING *KLEIN* LITIGATION

On December 3, 2020, two of the *Klein* Plaintiff Objectors—Maximilian Klein and Sarah Grabert—filed the first of the individual antitrust cases against Facebook in the Northern District of California that would be consolidated as the *Klein* litigation, originally before the Hon. Lucy H. Koh. Additional plaintiffs (including *Klein* Plaintiff Objector Rachel Banks Kupcho) also filed their own antitrust lawsuits in the Northern District of California. Judge Koh then consolidated the various actions under a single case name ("*Klein*"), Case No. 3:20-cv-08570, an active docket. On January 26, 2022 the *Klein* action was reassigned to Judge Donato.[1] With the exception of several depositions, fact discovery is currently closed, and the parties are in the midst of class certification, expert reports, and briefing.

Broadly speaking, the consolidated *Klein* action consists of two sets of actions with separate complaints, putative classes, and court-appointed lead counsel. One group of actions asserts claims against Facebook on behalf of a class of "advertisers," who are individuals and entities that are purchasers of Facebook's advertising services. The other group of actions asserts claims against Facebook on behalf of a class of "consumers," who are users of Facebook's eponymous social networking app.[2] The *Klein* Plaintiff Objectors are the proposed representatives of the Consumer Class, and their undersigned counsel are the court-appointed interim counsel for that Class.

***Klein* Consumer Class Definition**. The proposed *Klein* Consumer Class is defined as: all persons in the United States who maintained and used a Facebook profile at any point from January 1, 2016 to December 3, 2020.[3]

***Klein* Consumer Allegations**. The *Klein* Plaintiff Objectors—on behalf of the *Klein* Consumer Class—assert federal antitrust claims against Facebook for monopolization and attempted monopolization of the Personal Social Network Market in violation of Section 2 of the

---

[1] *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD (N.D. Cal.), Dkt. 218.

[2] *See, e.g.*, *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD (N.D. Cal.), Dkt. 87 (Consolidated Consumer Class Action Complaint).

[3] The class definition has been amended from the pleadings in the recent expert reports served on July 7, 2023.

1  Sherman Act. The *Klein* Plaintiff Objectors allege that, over time, Facebook has obtained and
2  maintained monopoly power by deceiving the market regarding its data collection and use
3  practices. In other words, from 2007 onwards (the conduct period), Facebook repeatedly touted
4  its supposed privacy-friendly data collection and use practices, allowing it to gain and maintain
5  market share, but that later revelations have consistently demonstrated Facebook's representations
6  to be false or misleading.

7  Facebook's ongoing deception allowed it to anticompetitively harm competition and
8  thwart rivals such as MySpace, Google+, Snapchat, and MeWe. Facebook's destruction of
9  competition in the Personal Social Network Market allowed Facebook—free from competitive
10 pressures—to artificially suppress the compensation that Facebook users receive for the data that
11 Facebook obtains from them. Some of the instances of Facebook's deception—that the *Klein*
12 Plaintiff Objectors challenge as anticompetitive—are Facebook's representations and omissions
13 regarding Facebook's: "Beacon" feature; Facebook's sharing of data with advertisers; Facebook's
14 use of "social plug-ins" (e.g., "the Like Button" on third-party websites) and cookies; Facebook's
15 use of phone numbers ostensibly obtained for two-factor authentication security purposes;
16 compliance with multiple consent decrees with the Federal Trade Commission, and access to and
17 provision of data with other third parties, such as the data of Facebook users' friends and the
18 sharing of Facebook users' data with device manufacturers, "whitelisted" third parties, and
19 "Preferred" business and integration partners (which are issues in this MDL).

20 **Procedural Status**. Fact discovery in *Klein* closed on June 23, 2023. The *Klein* Consumer
21 Plaintiffs served their class certification expert disclosures on July 7, 2023. Expert disclosures and
22 briefing are ongoing. A class certification hearing is scheduled for December 14, 2023.[4]

23 **III.    RELEVANT PROVISION OF THE CONSUMER PRIVACY USER PROFILE
                                   SETTLEMENT**
24

25 ***Consumer Privacy User Profile* Settlement Class**. On December 22, 2022—more than
26 two years after *Klein* had been pending—*Consumer Privacy User Profile* Settlement Class

---

[4] *See Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD, Dkt. 379 (Amended Scheduling Order).

Counsel moved to certify a Settlement Class consisting of: "all Facebook users in the United States during the Class Period," which runs from May 24, 2007 through December 22, 2022, inclusive. Dkt. 1145 at 3; *see also* Dkt. 1096 at 14–15.

**Scope of Release in *Consumer Privacy User Profile* Settlement**. The Settlement defines "Released Claims" as:

> ***any and all claims***, demands, rights, damages, arbitrations, liabilities, obligations, suits, debts, liens, and causes of action ***pursuant to any theory of recovery*** (including, but not limited to, those based in contract or tort, common law or equity, federal, state, or local law, statute, ordinance, regulation, decree, or order) ***of every nature and description whatsoever***, ascertained or unascertained, suspected or unsuspected, existing or claimed to exist, including known or unknown claims as of the Notice Date by all of the Releasing Parties that were asserted or could have been asserted based on, relating to, or arising out of ***the identical factual predicate as the allegations in the Action***, including but not limited to sharing or otherwise making accessible user data and data about users' friends with/to third parties (including but not limited to third-party developers, whitelisted parties, business partners, advertisers, and data brokers), and monitoring and enforcement of third parties' access to and use and/or sharing of user data with other third parties.

Dkt. 1096-2 at 15, § 73 (emphases added).

## IV.   LEGAL STANDARD

Federal Rule of Civil Procedure 23(e) "requires the district court to determine whether a proposed settlement is fundamentally fair, reasonable, and accurate."[5] In so doing, "[t]he focus must be on protecting the rights of absent class members" because "[t]heir rights are the rights to be extinguished by a class settlement."[6]

In reviewing a class action settlement agreement's fairness, the Court may withhold preliminary approval of the settlement based on an overbroad release contained in the settlement.[7]

---

[5] *Staton v. Boeing*, 327 F.3d 938, 959 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

[6] *Fraser v. Asus Computer Int'l*, Case No. 3:12-cv-00652-WHA, 2012 WL 6680142, at *3 (N.D. Cal. Dec. 21, 2012).

[7] *See Lovig v. Sears, Roebuck & Co.*, Case No. 5:11-cv-00756-CJC, 2014 WL 8252583, at *2 (C.D. Cal. Dec. 9, 2014) (denying preliminary approval of a settlement on these grounds); *Willner v. Manpower Inc.*, Case No. 3:11-cv-02846-JST, 2014 WL 4370694, at *7 (N.D. Cal. Sept. 3, 2014) (same).

The same is also true for final approval of a class action settlement.[8] In making this determination, "a release of claims that go beyond the scope of the allegations of the operative complaint is impermissible."[9] An overly broad release of claims may be cured, however, by "narrow[ing] the scope of release . . . ."[10]

### V.   ARGUMENT

The *Klein* Consumer Plaintiffs do not believe the *Consumer Privacy User Profile* release applies to their case against Facebook. Out of an abundance of caution, the *Klein* Consumer Plaintiffs have filed this objection to safeguard the rights and claims of the *Klein* Consumer Class.

**A.   The Settlement cannot release the *Klein* Plaintiff Objectors' claims.**

A settlement agreement may only release claims that are "based on the identical factual predicate as that underlying the claims in the settled class action."[11] Importantly, "[s]uperficial similarity between the two class actions is insufficient to justify the release of the later claims by the settlement of the former."[12] Thus, the "identical factual predicate" test is not met—and other claims are not barred—where "none of" the "causes of action" asserted in one case "are substantively the same as those asserted in" the settled class action.[13]

Here, the Settlement purports to release "***any and all claims*** . . . ***pursuant to any theory of recovery*** . . . ***of every nature and description whatsoever***, . . . based on, relating to, or arising out of the ***identical factual predicate*** as the allegations in the Action, including but not limited to sharing or otherwise making accessible user data and data about users' friends with/to third parties . . . and monitoring and enforcement of third parties' access to and use and/or sharing of

---

[8] *See, e.g., Marshall v. Northrop Grumman Corp.*, Case No. 2:16-cv-06794-AB, 2020 WL 5668963, at *2 (C.D. Cal. Sept. 18, 2020); *Hendricks v. StarKist Co.*, Case No. 4:13-cv-00729-HSG, 2016 WL 692739, at *2 (N.D. Cal. Feb. 19, 2016).

[9] *Lovig*, 2014 WL 8252583, at *2 (internal citation and quotation marks omitted).

[10] *Id.*; *Willner*, 2014 WL 4370694, at *7.

[11] *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010) (quoting *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008)); *see also* 6 NEWBERG ON CLASS ACTIONS § 18:19 (5th ed.) ("For [class action] settlement judgments, courts . . . giv[e] preclusive effect to releases contained in settlements so long as the released conduct arises out of the 'identical factual predicate' as the claims at issue in the case.").

[12] *Hendricks*, 2016 WL 692739, at *2.

[13] *Raquedan v. Volume Servs., Inc.*, Case No. 5:18-cv-01139-LHK, 2018 WL 3753505, at *7 (N.D. Cal. Aug. 8, 2018).

user data with other third parties." Dkt. 1096-2 at 15, § 73 (emphasis added). To the extent that the Settlement purports to release "any and all claims" "pursuant to any theory of recovery" regarding "user data and data about users' friends with/to third parties," the release is overbroad.[14]

The Settlement's release appears to incorporate the "identical factual predicate" test, including with respect to allegations related to "sharing or otherwise making accessible user data and data about users' friends with/to third parties (including but not limited to third-party developers, whitelisted parties, business partners, advertisers, and data brokers), and monitoring and enforcement of third parties' access to and use and/or sharing of user data with other parties." Even to the extent there is some superficial overlap between those allegations and some of the factual allegations in *Klein*, this language does not and cannot release the *Klein* Plaintiff Objectors' (or the *Klein* Consumer Class's) distinct antitrust claims under the identical factual predicate test. The claims at issue in this MDL are: (1) contract-based claims; (2) statutory claims under the Video Privacy Protection Act and Stored Communications Act; (3) negligence; (4) deceit-by-concealment; (5) various privacy-based torts including public disclosure of private facts, intrusion upon seclusion, and violation of the right of privacy under the California Constitution; and (6) "deprioritized" claims arising under various non-California consumer protection or privacy statutes, common-law rights of privacy, fraudulent and negligent misrepresentation, conversion, the Fair Credit Reporting Act, and the Racketeer Influenced and Corrupt Organizations Act. Dkt. 1096 at 21–32.

The underlying predicates that the *Klein* Consumer Class's antitrust claims vastly differ from those of the claims at issue here (none of which are antitrust claims). The antitrust claims at issue in *Klein* are pursuant to section 2 of the Sherman Act. These claims require the existence of a relevant market, Facebook's obtaining/maintaining monopoly power within that market through anticompetitive means, measuring Facebook's monopoly power (either through direct evidence, or circumstantially through high market share and entry barriers), harm to competition, and

---

[14] *See Gonzalez v. CoreCivic of Tennessee, LLC*, No. 1:16-cv-01891-DAD-JLT, 2018 WL 4388425, at *11 (E.D. Cal. Sept. 13, 2018) (finding overbroad a provision that released "any and all claims" "that could have been asserted based on the facts ascertained . . . in the Actions.").

impact and damages to the *Klein* Consumer Class members as a result of Facebook's destruction of competition. In contrast, the *Consumer Privacy User Profile* plaintiffs do not pursue any antitrust claims and thus need not and did not establish these and other elements of the *Klein* Plaintiff Objectors' antitrust claims.[15]

The injuries at issue in the *Consumer Privacy User Profile* and *Klein* litigations are also fundamentally different. The *Consumer Privacy User Profile* plaintiffs pursued statutory damages, nominal damages, damages related to invasion of their privacy, negligence, and disgorgement. Dkts. 148, 257. By contrast, the *Klein* Plaintiff Objectors do not, for example, seek to recover for psychological harms (such as emotional harms based on "invasion of their privacy"). The *Klein* Plaintiff Objectors' damages are based on the diminished compensation that they received for their data because of Facebook's destruction of competition—*i.e.*, the compensation (in the form of better services or monetary consideration) they would have received from Facebook or its would-be competitors had the Personal Social Network Market not been distorted by Facebook's anticompetitive acts.[16]

Moreover, while the *Klein* Plaintiff Objectors' antitrust claims involve Facebook's data collection and use practices, that does not mean that any privacy settlement involving Facebook can and does extinguish or otherwise limit the *Klein* Plaintiff Objectors' claims.[17] The *Klein* claims are not "privacy" claims—Facebook's deception about its data collection and use practices is simply the vehicle by which the *Klein* plaintiffs allege that Facebook obtained and maintained its monopoly (*i.e.*, the *Klein* plaintiffs' theory of anticompetitive/exclusionary conduct). *See Klein v. Facebook, Inc.*, 580 F. Supp. 3d 743, 786–802 (N.D. Cal. 2022) (Judge Koh's motion to dismiss order describing deception as viable theory of anticompetitive conduct). That one of the

---

[15] *See Dennis v. JPMorgan Chase & Co.*, Case No. 1:16-cv-6496-LAK, 2021 WL 1893988, at *5 (S.D.N.Y. May 11, 2021) (noting that under "identical factual predicate" test, "[c]laims that rely 'upon proof of further facts,' . . . cannot be released.").

[16] *McKinney-Drobnis v. Massage Envy Franchising, LLC*, Case No. 3:16-cv-06450-MMC, 2017 WL 1246933, at *5 (N.D. Cal. Apr. 5, 2017) ("identical factual predicate" test not met where cases presented "different injuries.").

[17] *See In re Lehman Bros. Sec. & Erisa Litig.*, Case No. 1:08-cv-05523-LAK, 2012 WL 2478483, at *7 (S.D.N.Y. June 29, 2012) (rejecting assertion "that the claims involve losses from the same securities against the same defendants is enough to meet the 'identical factual predicate' test.").

many instances of Facebook's deception the *Klein* Plaintiff Objectors challenge as anticompetitive—relating to Facebook's disclosure of user data to third parties—is also at issue in the *Consumer Privacy User Profile* litigation and the Settlement does not alter the analysis.[18]

Finally, none of the *Consumer Privacy User Profile* parties have raised the existence of the *Klein* case with this Court in connection with the Settlement. For example, Northern District Local Rule 3-12(b) provides that "[w]henever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related . . . the party **must** promptly file . . . an Administrative Motion to Consider Whether Cases Should be Related[.]" Civil L.R. 3-12(b) (emphasis added). Yet, no party ever filed an administrative motion suggesting that *Klein* was "related" to the *Consumer Privacy User Profile* litigation. To the contrary, Facebook has repeatedly taken the position that the *Consumer Privacy User Profile* litigation is ***irrelevant*** to *Klein*. *See, e.g.*, *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570-JD (N.D. Cal), Dkt. 319 at 9 (Facebook discovery brief in *Klein* contending that App Developer Investigation documents are irrelevant and asserting that in the "*Cambridge MDL* . . . the Cambridge Analytica events animate the privacy-based claims" but "[t]his is an antitrust case"). Similarly, in seeking preliminary approval of the Settlement, *Consumer Privacy User Profile* Settlement Class Counsel indicated "[o]ther than the cases that are part of this MDL, Plaintiffs' position is that no other cases will be affected by the Settlement." Dkt. 1096 at 18.

Moreover, the Northern District's "Procedural Guidance for Class Action Settlements" section on "Overlapping Cases" provides that "[w]ithin one day of filing of the preliminary approval motion, ***the defendants should serve a copy on counsel for any plaintiffs with pending litigation, . . . asserting claims on a representative . . . basis that defendants believe may be released by virtue of the settlement***."[19] Facebook did not do so. These are telling indicia that the

---

[18] *In re Currency Conversion Fee Antitrust Litig.*, 264 F.R.D. 100, 119 (S.D.N.Y. 2010) (rejecting assertion that "any allusion to American Express's foreign currency conversion practices in the Complaint—even though these claims bear no transactional relationship to American Express's currency conversion charges—is sufficient to invoke the LiPuma Release.").

[19] *See* Procedural Guidance for Class Action Settlements, § 13, available at: https://www.cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/ (emphasis added).

*Klein* and *Consumer Privacy User Profile* litigations do not arise from an "identical factual predicate."

**B.     Regardless, the Settlement provides insufficient notice and consideration for any release of the *Klein* claims.**

The present Settlement cannot and does not release the *Klein* Consumer Class members' claims because those antitrust claims do not arise from "the identical factual predicate" that forms the basis for the *Consumer Privacy User Profile* claims. Even were Facebook to now claim otherwise, that assertion must fail for at least two reasons.

*First*, neither the Settlement nor any of its attendant documents refers at all to the *Klein* litigation or the antitrust claims presented therein. Therefore, it does not follow that the Settlement somehow releases or otherwise limits claims in the *Klein* litigation—claims that are being actively litigated before Judge Donato—and which may very well yield a substantial recovery for the *Klein* Consumer Class (some of whom may also be Settlement Class members).[20] Indeed, the Advisory Committee's notes on the 2018 Amendment to Rule 23(e)(1) provide that "the parties should provide information about the existence of other pending or anticipated litigation on behalf of class members involving claims that would be released under the proposal."[21] Tellingly, the *Consumer Privacy User Profile* parties did not do so, and in the event that Facebook now reverses course, the Court should reject any belated assertion that the Settlement somehow releases or otherwise limits the *Klein* Consumer Class members' claims in the *Klein* litigation.[22]

*Second*, the Settlement does not provide consideration in return for any supposed release of the *Klein* claims. The Settlement allots $725 million to the Settlement Class (minus Service, Expense, and Attorney Fee Awards). Dkt. 1096-2 at 10, §§ 49, 62. However, the Settlement indicates the Settlement Fund is "for the benefit of the Settlement Class." Dkt. 1096-2 at 8, ¶ 49.

---

[20] *Cf.* 3 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 8:17 (6th ed.) ("To safeguard class members' opportunity to object, notice must be sufficiently clear and informative to make those opportunities meaningful.").

[21] Fed. R. Civ. P. 23(e)(1) advisory committee's notes to 2018 amendment.

[22] *See* 4 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 13:60 (6th ed.) ("[C]ourts are wary when they are not informed of pending related cases during the settlement approval process.").

1  Thus, the Settlement Fund necessarily reflects payment for the claims at issue in the *Consumer*

2  *Privacy User Profile* case and those claims only; it therefore does not and cannot constitute

3  consideration for release of the different claims—based on distinct injuries and additional

4  Facebook misconduct—presented in the *Klein* litigation.[23]

5  **C.   A single sentence should be added to safeguard due process rights.**

6  As stated above, the *Klein* Plaintiff Objectors maintain that the Settlement cannot and

7  does not release or otherwise limit their distinct antitrust claims in the *Klein* litigation, even to the

8  extent those claims in some manner may superficially overlap with some of the data practices at

9  issue in the *Consumer Privacy User Profile* litigation. Nonetheless, the Court can avoid any such

10  confusion—and prevent any future attempt by Facebook to use the Settlement to undermine the

11  still-pending, valuable claims in the *Klein* litigation—by requiring the addition of a single

12  sentence to the Settlement, such as to Section VI, *i.e.*, the "Releases" provision. Dkt. 1096-2 at

13  14. A proposed sentence would be: "This Release shall not bar or otherwise limit claims asserted

14  in the case captioned *Klein v. Meta Platforms, Inc.*, Case No. 3:20-cv-08570 (N.D. Cal.)." Such

15  "carve outs" are common in class action settlements where legally distinct, parallel actions

16  exist.[24]

---

[23] *See Hendricks*, 2016 WL 692739, at *4 (determining that class action settlement's release did not bar separate antitrust claims against same defendant where "[t]here has been no showing that class members 'have been independently compensated for the broad release of claims related to antitrust conspiracies.'"); *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, Case No. 4:10-cv-05243-SBA, 2012 WL 6629608, at *5 (N.D. Cal. Dec. 19, 2012) (separate claims not released because "[t]here has been no showing that Plaintiffs have been independently compensated for the broad release of claims unrelated to any dispute regarding FLSA coverage or wages due, including, among others, claims for discrimination under Title VII, intentional infliction of emotional distress, and 'outrageous conduct.'").

[24] *E.g.*, Superseding & Am. Definitive Class Settlement Agmt, https://www.paymentcardsettlement.com/Content/Documents/New%20Docs/Dkt%20No.%207257-2_Settlement%20Agreement.pdf at 34, *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, Case No. 1:05-md-01720-MKB (E.D.N.Y. Sept. 18, 2018), Dkt. 7257-2 (class action settlement agreement providing that "Notwithstanding anything to the contrary in Paragraphs 29-33 above, the release . . . above shall not release . . . [a]ny claims asserted in *B&R Supermarket, Inc., et al. v. Visa, Inc., et al.*, No 17-cv-02738 (E.D.N.Y.), . . .").

**D.      Attendance at Final Approval Hearing**

Pursuant to § 113 of the Settlement, the *Klein* Plaintiff Objectors hereby provide notice that their counsel intends to appear at the final approval hearing currently set for September 7, 2023. Dkt. 1096-2 at 24.

## VI.      CONCLUSION

Given that any case must be based on an "identical factual predicate," that Facebook has failed to identify the *Klein* action as a related action and given the different factual and legal claims at issue in this case, the release here does not and cannot release any pending claims in the *Klein* matter. If there is any question, however, it should be resolved in favor of inserting one sentence in the Settlement's release to carve out the existing *Klein* litigation.

DATED: July 26, 2023

| **HAGENS BERMAN SOBOL SHAPIRO LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
|---|---|

By: */s/ Shana E. Scarlett*
Shana E. Scarlett (Bar No. 217895)
shanas@hbsslaw.com
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000

Steve W. Berman (admitted *pro hac vice*)
steve@hbsslaw.com
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
W. Joseph Bruckner (admitted *pro hac vice*)
wjbruckner@locklaw.com
Robert K. Shelquist (admitted *pro hac vice*)
rkshelquist@locklaw.com
Brian D. Clark (admitted *pro hac vice*)
bdclark@locklaw.com
Rebecca A. Peterson (Bar No. 241858)
rapeterson@locklaw.com
Arielle S. Wagner (admitted *pro hac vice*)
aswagner@locklaw.com
Kyle Pozan (admitted *pro hac vice*)
kjpozan@locklaw.com
Laura M. Matson (admitted *pro hac vice*)
lmmatson@locklaw.com
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

By: */s/ Kevin Y. Teruya*
Kevin Y. Teruya (Bar No. 235916)
kevinteruya@quinnemanuel.com
Adam B. Wolfson (Bar No. 262125)
adamwolfson@quinnemanuel.com
Claire D. Hausman (Bar No. 282091)
clairehausman@quinnemanuel.com
Brantley I. Pepperman (Bar No. 322057)
brantleypepperman@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000

Michelle Schmit
michelleschmit@quinnemanuel.com
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
Telephone: (312) 705-7400

Manisha M. Sheth (admitted *pro hac vice*)
manishasheth@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000

*Interim Co-Lead Counsel for the Consumer Class*

**ATTESTATION OF SHANA E. SCARLETT**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Shana E. Scarlett. By her signature, Ms. Scarlett attests that she has obtained concurrence in the filing of this document from each of the attorneys identified on the caption page and in the above signature block.

Dated: July 26, 2023                                     /s/ Shana E. Scarlett
                                                        Shana E. Scarlett

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of July, 2023, the foregoing document was served on all attorneys of record by electronic mail.

Dated: July 26, 2023                                     /s/ Shana E. Scarlett
                                                        Shana E. Scarlett