Eric C. Sapp (SBN 240372)
LEGAL SERVICES FOR PRISONERS WITH CHILDREN
4400 Market Street
Oakland, CA 94608
tele: (415) 625-7046
email: erics@prisonerswithchildren.org

*Attorney for Objectors*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: Facebook Inc. Consumer Privacy User Profile Litigation | Case no. 3:18-MD-02843-VC |
| | Judge: Hon. Vince Chhabria |
| | OBJECTION TO FINAL APPROVAL BY ALL OF US OR NONE ET AL. |

INTRODUCTION

This Objection is filed on behalf of All of Us or None as an association and

two of its members, as individuals and as members of said association. The core

objections are that the class definition contained in the Preliminary Approval

Order, the proposed Settlement Agreement, and the Plaintiffs' Motion for Final

Approval is unclear as to the applicability of the class definition to non-natural

persons; that the Plaintiffs' Motion does not accurately state the proper legal standard for approval; that the Preliminary Approval Order appears not to have been in compliance with Rule 23(e) and signaled in anticipation an incorrect application of that Rule for the Final Approval process.

## I. THE OBJECTORS

1.      The present Objection is joined by All of Us or None, Mr. Dorsey Nunn, and Objector Roe 1.

2.      All of Us or None (hereinafter "AOUON") is a community organization and expressive association led by formerly incarcerated individuals, which advocates for the civil and human rights of incarcerated persons, of formerly incarcerated persons, and of persons impacted by the criminal legal system, and for the wellbeing of their families and communities. AOUON's membership extends nationwide, and its headquarters is in Oakland, California.

3.      All of Us or None maintained a Facebook community group since approximately 2011 or 2012.  The group page for the overall organization[1] and Oakland-headquartered unit of AOUON was at url www.facebook.com/AOUON. The number of unique subscribers to that group was approximately 12,370.

---

[1] Some local chapters have distinct community group Facebook pages. The only one known to have been censored by Facebook, or Meta, is the overall group page.

4.      On or about October 24, 2022 the AOUON page was summarily

unpublished by Facebook, aka Meta.  The only notice was a vague reference to

violation of community standards without any details of the allegations and

without any evidence. Multiple intra-system appeals or queries were made without

resulting in an explanation or correction.  Letters to Meta from attorney Eric C.

Sapp were ignored or, at least, received no reply.  Telephone calls and one in-

person visit to the Meta headquarters proved fruitless.

5.      To our knowledge, at no time did the AOUON page violate any community

standards.  The censorship and wrongful suppression of speech, loss of valuable

social networking contacts, and reputational damage caused by Meta's action

caused material harm to AOUON and to its members. Since this censorship and

repression took place within the settlement period, as proposed, it raises difficult

questions as to the scope of applicability for affected persons, natural and non-

natural.

6.      Dorsey Nunn is a founder and member of All of Us or None. He presents his

objection to the settlement in the capacity as a representive of AOUON as well as

as an individual

7.      Mr. Nunn has been a Facebook user from 2013 to the present and inclusive

of the latter part of the settlement period.

8.      Objector Roe 1 is a member of All of Us or None and served as an account

administrator of the All of Us or None community group. Roe 1 was a Facebook

user from November 2015 through to the end of the settlement period. Roe 1

declines to present their detailed personal information for privacy and security

reasons. Due to the alleged privacy breaches by the defendants and co-conspirators

that are the subject of the litigation, and due to credible fear of retaliation from

interested persons, Roe 1 prefers to remain publicly anonymous. Roe 1 has

standing both as a natural person and as a member of the group AOUON. The

personal characteristics of Roe 1 are not relevant to the substance of the objections,

which pertain to the conduct of the class action and the process of judicial

oversight.

## II. THE OBJECTIONS

A.      **The Settlement Class is Not Sufficiently Defined as to the Concept
'Person'**


The class definition preliminarily approved was defined in terms of all

"Facebook users" and cited to paragraph 46 of the Settlement Agreement. Dkt.

1130; Dkt 1096-2. Both the Preliminary Order and the proposed Settlement take

pains to specify that Meta and affiliated or subsidiaries companies are not within

the class.  The canon against surplusage would support the inference that, since it

Objection by All of Us or None et al.

was deemed necessary to expressly exclude those non-natural persons from the scope, the scope of the class may include non-natural persons. Paragraph 47 of the Settlement Agreement further specifies that "any and all persons" who meet the class definition are class members.  Dkt. 1096-2. Plaintiffs' Motion repeats by reference the same vague class definitions. Dkt. 1145.

That for some purposes a non-natural entity may qualify as a legal person is long-established.[2]  First Nat'l Bank of Boston v. Bellotti, 435 U.S. 765, 780 fn. 18 (1978) ("It has been settled for almost a century that corporations are persons within the meaning of the Fourteenth Amendment"); Santa Clara County v. Southern Pacific Railroad Co., 118 U.S. 394, 396 (1886) (Waite, C.J. preambulatory statement: ""The Court does not wish to hear argument on the question whether the provision in the Fourteenth Amendment to the Constitution which forbids a state to deny to any person within its jurisdiction the equal protection of the laws applies to these corporations. We are all of opinion that it does. "). The protection of various liberty rights and privacy interests of civic associations, too, is solidly entrenched in the U.S. constitutional tradition. *See* NAACP v. Alabama ex rel. Patterson, 357 U.S. 449 (1958).

---

[2] The doctrine is just as long lamented by critics, too. Nonetheless, corporate personhood remains the law of the land. *See* Citizens United v. FEC, 558 U.S. 310 (2010).

Objection by All of Us or None et al.

The context of this litigation further indicates that persons may include non-natural persons. The Second Amended Consolidated Complaint includes claims whose elements or defining statutory provisions define persons thusly. "789. Facebook and Doe Defendants are persons within the meaning of the [Stored Communications Act], pursuant to 18 U.S.C. § 2510(6)." Dkt. 491, at 270 (internal pagination).

It is not the contention of the Objectors that non-natural persons are class members. Rather the objection is that the class definition is not sufficiently clear to know whether they are. If this basic contour of the class is vague, then it becomes essentially impossible to satisfy the core requirements of Rule 23(a), 23(b), and 23(e).  The adequacy of representation by representative and class counsel; the typicality of class representatives claims; the equity of treatment among class members, the sufficiency of relief delivery processes, and so on; all of these parameters presuppose an ability to reasonably define the class.  The Settlement does not do that.

**B.  The Preliminary Approval Order and Plaintiffs' Motion for Final Approval Appear to Propose the Wrong Legal Standard for Approval**

Objection by All of Us or None et al.

Plaintiff's Motion for Final approval lists the *Hanlon* factors but completely ignores the Ninth Circuits more recent jurisprudence on Settlement of Class Actions. Dkt. 1145. True, some of those judge-made factors overlap with the Rule 23(e) mandatory factors that a judge approving a class settlement must consider; and the *Hanlon* factors include some desiderata that may be applied in addition to the mandatory Rule 23 (e) inquiry. But the Ninth Circuit has made clear that the district court must rigorously apply Rule 23(e)'s factors as a minimum requirement. Briseño v. Henderson, No. 19-56297 (9th Cir. 2021). *See also* Roes v. SFBSC Management, LLC, No. 17-17079 (9ᵗʰ Cir. 2019). These include factors totally ignored by the Plaintiffs' Motion: arms-length negotiation rather than a collusive deal; and equity as between class members. Specifically, the judge must consider all of the enumerated factors.

(2) Approval of the Proposal. If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at *arm's length*;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members *equitably* relative to each other.

Federal Rules of Civil Procedure, Rule 23(e) (emphasis added).

The Preliminary order did not engage in a searching inquiry on these factors, nor on the issues spanning Rules 23(a), (b), and (e) having to do with the nature of the disputes and adequacy of representation. The Preliminary Order was conclusory in nature, giving little to no reasoning for its conclusions. This would be troubling enough, but in light of the statement in it to the effect that a similar level of scrutiny would apply in the final approval process, it is worrisome indeed. Dkt 1130, p.1 (internal pagination), para 1. The Final Approval needs not to be "just as careful" (Ibid.) but more so, than was the Preliminary Approval.

## CONCLUSION

Objectors respectfully request that the Court not approve the Settlement and not approve a revised settlement unless and until these issues are satisfactorily resolved.

Objection by All of Us or None et al.

Date: July 26, 2023

Respectfully submitted,


/s/ Eric C. Sapp

Eric C. Sapp (SBN 240372)

LEGAL SERVICES FOR

    PRISONERS WITH CHILDREN

4400 Market Street

Oakland, CA 94608

(415) 625-7046

erics@prisonerswithchildren.org


*Attorney for Objectors All of Us or None,*

*Dorsey Nunn, and Objector Roe 1*

Objection by All of Us or None et al.