UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION,<br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-MD-02843-VC<br><br>**ORDER AWARDING ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

On September 7, 2023, this Court held a Final Approval Hearing to determine whether the terms and conditions of the Class Action Settlement Agreement and Release ("Settlement" or "Settlement Agreement") agreed to by the Settlement Class Representatives, individually and on behalf of the Settlement Class (or "Class"), and Defendant Meta Platforms, Inc. ("Defendant" or "Meta"), should be approved by the Court, at which it also considered Plaintiffs' motion for attorneys' fees, expenses, and Class Representative service awards. This Order grants the request for attorneys' fees, expenses, and service awards for the following reasons.

## **Attorneys' Fees: Percentage of the Fund**

1. The Court awards to Class Counsel attorneys' fees of $181,250,000, an amount equal to 25% of the Settlement Fund, to be paid pursuant to the terms set forth in this Order.

2. The Court does not take lightly the concern that a fee award equaling 25% of the Settlement Fund can be inappropriate in cases involving a massive monetary recovery for the class. In many such cases, the 25% benchmark will be too high. *See, e.g.*, *In re Facebook Biometric Information Privacy Litigation*, 522 F. Supp. 3d 617, 630–33 (N.D. Cal. 2021). As a result, the Court has viewed the proposed fee award with greater skepticism, and less deference to the 25% benchmark, than in a typical case. That said, the Court finds that the attorneys' fee award is fair and reasonable under the percentage-of-the-recovery method. As set forth more fully below, the circumstances of this case justify awarding Class Counsel this amount. The fee award is confirmed by a lodestar cross-check, which yields a multiplier of 1.99 on total hours billed as of May 31, 2023. As discussed below in the lodestar cross-check, this is a reasonable multiplier in this case in light of the risks of the litigation, the benefits provided by the Settlement, and the work performed by Class Counsel.

3. The Settlement that counsel's efforts have obtained provides significant monetary benefits to the Class. The $725 million Settlement Fund is a substantial portion of the maximum monetary relief that the Class could realistically recover after a trial, post-trial motions, and an appeal. The magnitude of the Settlement Fund is due more to the efforts of counsel than the size of the Class. For the reasons explained in the separate Order granting final approval to the settlement,

1   the Court overrules the objections suggesting that the $725 million Settlement Fund is an inadequate
2   result. *See, e.g.*, Dkt. No. 1147 at 4-9; Dkt. No. 1160-1, Obj. 56 at 3-7.

3      4.      The challenges posed by novel legal issues, complicated facts, difficulties of proof, as
4   well as the resources of the Defendant and its aggressive approach to litigation, created a meaningful
5   risk that the Class and counsel would ultimately receive nothing. The leadership structure here
6   concentrated that risk on two firms, which bore significant financial burdens and as of May 31, 2023,
7   spent more than 149,000 hours on a contingent basis.

8      5.      While the Court has exercised independent judgment in making a fee award, it has
9   considered empirical research by Professor Brian Fitzpatrick. His research indicates that a 25% fee is
10  within the range of awards made in class-action settlements of comparable size and type. Dkt. No.
11  1140-7 ¶ 21; *see also id.* ¶ 22.

12      6.      Objectors Feldman and Mahaney argue that because the Settlement Fund is a
13  "megafund," the award here must be lower than 25%. Dkt. No. 1147 at 11. The Ninth Circuit,
14  however, has rejected the position that fee percentages must invariably fall as settlement amounts
15  rise. *See In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 933 (9th Cir. 2020) (rejecting
16  "bright-line rule"); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002) (reasonableness
17  of percentage must be evaluated by looking at "all the circumstances of the case" (quotation and
18  citation omitted)). Instead, the Ninth Circuit has asked whether a given percentage would confer
19  "windfall profits . . . in light of the hours spent on the case." *In re Bluetooth Headset Prods. Liab.*
20  *Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Based on the Court's review of all the circumstances of this
21  case, it finds that an award of 25% is reasonable.

22      7.      At the Final Approval Hearing, Objectors Feldman and Mahaney suggested that the
23  hours that counsel spent on the case are irrelevant because Plaintiffs seek a percentage rather than a
24  lodestar fee. Dkt. No. 1176 at 17. They forget that a lodestar cross-check assists a court in evaluating
25  what percentage is reasonable. *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 784 (9th
26  Cir. 2022). This objection to counsel's requested fees is overruled.

27      8.      The Court finds that a 25% award is reasonable and does not confer a windfall on
28  counsel in light of (among other things) the amount and quality of work counsel has performed, the

risks counsel has assumed during this litigation, the success achieved by counsel's persistence, and the reasonable multiplier (discussed below).

### Attorneys' Fees: Lodestar Cross-Check

9. While the Court chooses to award a percentage-based fee, a lodestar cross-check confirms that a 25% award is reasonable under the circumstances.

10. The Court finds that the 149,928.65 hours claimed by counsel as of May 31, 2023, are reasonable, especially because this litigation has been unusually prolonged and contentious. While the Court has exercised independent judgment on the matter, it notes that Professor William Rubenstein's empirical research indicates that the total hours expended here are within the normal range for comparably sized class-action settlements, and that the declaration of Jill Dessalines, who audited counsel's billing records, also supports the number of hours billed and the staffing of the litigation. Dkt. No. 1140-5; Dkt. No. 1140-6.

11. The Court likewise finds that counsel's rates are reasonable. Other courts presiding over class actions, both in this District and elsewhere in the nation, have recently approved Class Counsel's rates. The empirical research submitted by Professor William Rubenstein indicates that counsel's blended rate is somewhat below the mean and median rates for class actions in this District.

12. A lodestar cross-check—based on the hours counsel had billed as of May 31, 2023—yields a multiplier of 1.99, which empirical research indicates is below average in settlements of comparable size. Dkt. No. 1140-6 ¶¶ 42-43. This confirms that a 25% percentage fee is reasonable. Although the Court finds that the multiplier here is reasonable apart from any future hours, counsel's total hours by the end of this case will necessarily exceed the hours spent as of May 31, 2023. If future hours were included in the lodestar, the multiplier here would be even lower than 1.99. *Cf. In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 746 F. App'x 655, 659 (9th Cir. 2018) (no error in including projected time in lodestar cross-check).

13. The $800,217.38 in fees already paid as sanctions (Dkt. No. 1104 at 52) shall be treated as part of the fees awarded under this Order and deducted from the 25% total fee award. Interest on the thus-adjusted fees to be paid out of the Settlement Fund shall accrue to counsel.

14. The fees to be paid out of the Settlement Fund, therefore, shall be $180,449,782.62, plus the interest that will accrue (beginning on the date of this order) on the fees that remain in the Settlement Fund.

15. Ten percent of total awarded attorneys' fees (i.e., $18,125,000) shall remain in the Settlement Fund until after Class Counsel files a Post-Distribution Accounting and the Court authorizes the release to Class Counsel of the attorneys' fees remaining in the Settlement Fund. Class Counsel shall file the Post-Distribution Accounting within 21 days after substantially all of the Settlement Fund has been distributed to the Class. The Post-Distribution Accounting is described in the separate Order granting final approval of the Settlement.

### **Expenses**

16. The Court also awards to Class Counsel $4,101,608.09 as reimbursement of expenses. Class Counsel have adequately documented these expenses, all of which are compensable litigation expenses that were advanced for the benefit of the Class.

17. The $124,861.13 in costs already paid as sanctions (Dkt. No. 1104 at 52) shall be treated as part of the expenses awarded under this Order and deducted from this award. The amount of expenses to be paid out of the Settlement Fund, therefore, shall be $3,976,746.96.

### **Service Awards**

18. The Court finds that the proposed service awards of $15,000 per Settlement Class Representative are fair and reasonable, given the amount and kind of work that the Settlement Class Representatives have performed on behalf of the Class. Each Settlement Class Representative has attested to spending more than 100 hours responding to discovery in this action. Most of the Class Representatives spent 200 hours or more. Dkt. No. 1096-8 at 6, 19, 26, 41, 47, 54. Some of the discovery involved inquiries into private or personal matters. Dkt. No. 1096-8 at 5-6, 12-13, 19-20, 26-27, 33-34, 40-41, 47-48, 54-55. Each of the Settlement Class Representatives had their depositions taken by Defendants.

19. The proposed service awards are in line with those awarded in cases where class representatives have put forth comparable effort (Dkt. No. 1139 at 30 & n.10) and, in the aggregate, represent only 0.0165% of the Settlement Fund.

20. One objection asserts that the service awards create an unfair disparity between what absent Class Members and the Settlement Class Representatives are receiving. Dkt. No. 1160-1, Obj. 56. In fact, nearly the opposite is true. The service awards are intended to prevent an inequitable disparity between the Settlement Class Representatives, who dedicated many hours toward this case, and other members of the Class, who did not expend this kind of effort but nonetheless benefited from the Settlement Class Representatives' efforts. *See* Fed. R. Civ. P. 23(e)(2)(D).

21. The Court therefore orders that each Settlement Class Representative be paid a service award of $15,000 out of the Settlement Fund, for a total of $120,000.

## **Conclusion**

22. The Court has carefully considered all objections to Plaintiffs' motion for attorneys' fees, costs, and service awards, and overrules them. Plaintiffs' motion is granted, and the Court awards the following specific amounts to Class Counsel, which account for fees and costs previously awarded to Class Counsel as sanctions:

- Attorneys' fees in the amount of $180,449,782.62, including interest which shall accrue from the date of this Order;
- Costs in the amount of $3,976,746.96; and
- Service awards of $15,000 to each of the eight Settlement Class Representatives, for a total of $120,000.

**IT IS SO ORDERED.**

Dated: October 10, 2023

VINCE CHHABRIA
United States District Judge