Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MDL No. 2843<br>Case No. 18-md-02843-VC<br><br>**NOTICE OF MOTION AND MOTION TO REQUIRE OBJECTORS FELDMAN AND MAHANEY TO POST BOND UNDER FEDERAL RULE OF APPELLATE PROCEDURE 7**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor<br>Hearing Date: December 21, 2023<br>Hearing Time: 1:00 pm |

## NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 21, 2023, at 1:00 pm, or as such other date as may be agreed upon, in Courtroom 4 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs on behalf of a proposed Settlement Class (or "Class"), will and hereby do move for an order granting Plaintiffs' Motion for Bond Under Federal Rule of Appellate Procedure 7. The Motion is based on this notice, the accompanying Memorandum in Support, the Declaration of Derek W. Loeser and Lesley E. Weaver filed herewith in support of the Motion, and the files and records in this action.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Objectors to a proposed class settlement can provide a meaningful service to absent class members. But when they raise meritless objections and then appeal a court's rejection of them, thereby freezing the distribution of a settlement to class members until the appeal has ended, which may be years later, district courts in this circuit often require the objectors to post a bond under Federal Rule of Appellate Procedure 7.

Here, objectors Feldman and Mahaney raised objections that either misunderstood the plain facts or contradicted controlling Ninth Circuit precedent. The Court rejected those objections. Feldman and Mahaney have now filed a notice of appeal. Before they may pursue their misjudged appeal, the Court should require them to post a $8,500 bond.

## II.    ISSUES TO BE DECIDED

Should the Court require objectors Feldman and Mahaney to post a bond under Federal Rule of Appellate Procedure 7? If so, what should the amount of the bond be?

## III.    RELEVANT BACKGROUND

Represented by John Pentz and Kendrick Jan, Sarah Feldman and Jill Mahaney (relatives of Mr. Pentz and Mr. Jan, respectively) filed an objection to the Settlement and to the motion for attorneys' fees in July 2023. It contained three arguments.

First, Feldman and Mahaney argued that the $725 million Settlement Fund was too small in light of the statutory damages available under the Video Privacy Protection Act (VPPA). Dkt. 1147 at 4-9.

Second, they argued that although Class Members who joined Facebook before 2009 had stronger claims than those who joined it after 2009, both groups received the same treatment under the Settlement's plan of allocation. For this reason, the objectors maintained, the Settlement afforded inequitable treatment to those who joined before 2009. *Id.* at 10-11.

Third, the objectors argued that because of the large size of the Settlement, Class Counsel should receive a fee of 10% or less of the Settlement Fund. *Id.* at 11-13.

These arguments were all considered and rejected by the orders granting final approval to the settlement and awarding attorneys' fees. *See* Dkt. 1182, ¶¶ 12, 17, 24; Dkt. 1183, ¶¶ 3-8. Objectors Feldman and Mahaney have since filed a notice of appeal. Dkt. 1188.

## IV.   ARGUMENT

**A.   Feldman and Mahaney should be required to post a bond for costs on appeal.**

Under Rule 7, this Court "may require [the objectors] to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. To determine whether to require such a bond, "courts in this district generally assess whether an appellant is (1) financially able to post bond, (2) likely to raise arguments that will fail on appeal, and (3) unlikely to pay the costs of an appeal if necessary." *Zamora v. Lyft, Inc.*, No. 16-CV-02558-VC, 2018 WL 5819511, at *1 (N.D. Cal. Nov. 6, 2018).

**1.** Unless appellants demonstrate otherwise, they are presumed to be financially able to post an appeals bond. *Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013); *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010); *see also In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2023 WL 3510393, at *2 (N.D. Cal. May 16, 2023) (noting that Feldman—along with Kendrick Jan, who was himself an objector—did not claim inability to post an appeals bond). This first consideration, therefore, favors requiring a bond.

**2.** Feldman and Mahaney's three arguments are highly unlikely to succeed on appeal, particularly since the Court's orders will be reviewed only for abuse of discretion, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015), which is a "significantly deferential test." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). Hence, the second relevant consideration also favors requiring a bond.

**a.** Feldman and Mahaney have argued that the size of the settlement is too small, but their argument assumes that the maximum potential recovery on the VPPA claim is $625 billion. Dkt. 1147 at 8. That number is purely notional. A $625 billion award would be sure to be reduced on due-process grounds, and its full amount, which is multiple times Meta's total

assets,[1] would trigger corporate reorganization and so would not be collectable. For these reasons, it makes little sense to think of $625 billion as the maximum potential recovery. Feldman and Mahaney's objection also included no analysis of the *risks* involved in the VPPA claim. Perhaps most fundamentally, their method for evaluating the Settlement conflicts with that of the Ninth Circuit, which has declined to use mechanical calculations to evaluate settlements, instead favoring an approach that "put[s] a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). The Ninth Circuit is unlikely to rule that the Court abused its discretion when it found that the Settlement was "a highly favorable result for the Class." Dkt. 1182, ¶ 12.

      **b.** Feldman and Mahaney have argued that, by applying the same allocation formula to all Class Members, the plan of allocation afforded inequitable treatment to Facebook users who signed up before 2009. Treating these users the same as others is inequitable, according to Feldman and Mahaney, because they have stronger claims: Meta's consent defense against them did not prevail as a matter of law at the pleading stage. As Plaintiffs have explained elsewhere, this argument fails on multiple levels. *See* Dkt. 1161 at 23-25. It fails to note that, even after the Court's motion-to-dismiss ruling, Meta actually *retained* the potentially powerful consent defense against users who signed up before 2009—a defense it could have raised on summary judgment or at trial. Feldman and Mahaney's argument also does not account for the VPPA claim whose value they so emphasize. Under that claim, Meta's consent defense did not prevail as to *any* part of the class period. And finally, the argument ignores the plentiful evidence that Meta did *not* have a consent defense against users who signed up *after* 2009. The record does not reflect the objectors' response to any of these points. The Ninth Circuit is unlikely to conclude that this Court abused its discretion by approving the plan of allocation.

      **c.** The objectors have argued that because of the large size of the Settlement Fund, the Court lacked the discretion to award a 25% fee. This argument directly conflicts with Ninth

---

[1] Meta Platforms, Inc., Form 10-K at 86 (Feb. 2, 2023), *available at* https://investor.fb.com/financials ("SEC filings" tab).

Circuit law. *In re Optical Disk Drive Prods. Antitrust Litig.*, 959 F.3d 922, 933 (9th Cir. 2020). The objectors have also maintained that, according to Professor Brian Fitzpatrick, "the market rate" fee for a settlement of this size is 10%. Dkt. 1147 at 12. Professor Fitzpatrick submitted a declaration in support of plaintiff counsel's fee in this case in which he expressly disagreed with the objectors on this point. Noting that half of comparably sized settlements approved fee awards higher than 25%, Professor Fitzpatrick submitted detailed empirical research showing that the fee here is well within the range of awards made in class-action settlements of comparable size and type. Dkt. 1140-7, ¶ 21 & tbl. 1. Feldman and Mahaney's objection did not address this declaration. Because these objectors' arguments against the Court's fee award directly conflict with both the law and the facts, they are likely to be rejected on appeal.

    **3.** This Court has ruled that "[a] party's conduct," including "bad faith conduct," is "useful for assessing the likelihood that it will comply with any obligation to pay costs, and may also be relevant as a standalone consideration." *Zamora*, 2018 WL 5819511, at *2. Relevant conduct may include the conduct of a party's attorney. *See id.* at *1-2. Here, attorney Pentz has a history of "abusing the litigation process." *Id.* at *1. In one case, a district court expressly found that he had acted in bad faith, including by an "outright refusal to comply with this Court's orders." *Initial Pub. Offering*, 728 F. Supp. 2d at 294-95. In another, a court found that he had "a documented history of filing notices of appeal from orders approving other class action settlements, and thereafter dismissing said appeals when they and their clients were compensated by the settling class or counsel for the settling class." *In re Wal-Mart Wage & Hour Emp. Pracs. Litig.*, No. 2:06CV00225-PMPPAL, 2010 WL 786513, at *1 (D. Nev. Mar. 8, 2010); *see also* Robert Klonoff, *Class Actions Objectors: The Good, the Bad, and the Ugly*, 89 Fordham L. Rev. 475, 490 n.86 (2020) (compiling these and other judicial criticisms of attorney Pentz). It is fair to conclude, therefore, that there is some risk that the appellants will not pay the costs on appeal.

Because all three relevant considerations favor imposing a bond, the Court should require Feldman and Mahaney to post one.[2]

**B.     Feldman and Mahaney should be required to post a $8,500 bond.**

Costs on appeal include costs taxable under Federal Rule of Appellate Procedure 39. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). These include the cost of "the preparation and transmission of the record," including preparation of briefs, and "the reporter's transcript, if needed to determine the appeal." Fed. R. App. P. 39(e)(1)-(2); *see also* Ninth Circuit R. 39-1.2. For purposes of calculating these costs, the Ninth Circuit taxes each page of the brief and record at 10 cents. Ninth Circuit R. 39-1.3.

The record here is massive, and several transcripts may be needed to determine the appeal. A conservative estimate of costs on appeal is $8,500, an amount that is consistent with bonds imposed by this and other courts in the District in appeals by class-action objectors. *See* Decl. of Derek W. Loeser and Lesley E. Weaver in Supp. of Mot. to Require Objectors Feldman and Mahaney to Post Bond ¶¶ 3-4 (filed herewith); *Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2023 WL 4238509, at *5 (N.D. Cal. June 27, 2023) ("[T]he Court concludes that the amount of the bond should include Rule 39(e) costs in the amount of $10,000 . . . ."); *Apple Inc. Device Performance*, 2023 WL 3510393, at *3 (imposing $8,500 bond on Jan and Feldman); *Zamora*, 2018 WL 5819511, at *1 (imposing $5,000 bond); *Keller v. Nat'l Collegiate Athletic Ass'n*, No. C 09-1967 CW, 2015 WL 6178829, at *3 (N.D. Cal. Oct. 21, 2015) (imposing $5,000 bond). The bond imposed in *Apple Inc. Device Performance Litigation*, another long-running class action with a sizeable record, is particularly instructive. Just as the court there imposed a $8,500 bond on Jan and Feldman, this Court should impose an $8,500 bond on Feldman and Mahaney.

In a separate motion, Plaintiffs are also asking the Court to impose an $8,500 bond on

---

[2] Moreover, even if the third consideration—the risk that costs will not be paid—were neutral, the appeal's lack of merit would still warrant imposing a bond. *See Apple Inc. Device Performance*, 2023 WL 3510393, at *2 (citing *Miletak v. Allstate Ins. Co.*, No. 06-CV-03778-JW, 2012 WL 3686785, at *2 (N.D. Cal. Aug. 27, 2012)).

objector Fortman. Imposition of bonds on both objector Fortman and objectors Feldman and Mahaney is appropriate, since all the objectors will be jointly and severally liable for costs on appeal. *See, e.g.*, *Mueller v. Dep't of Pub. Safety*, No. CV 17-00571 HG-WRP, 2022 WL 1793165, at *8-9 (D. Haw. Apr. 29, 2022), *report and recommendation adopted*, No. CV 17-00571 HG-WRP, 2022 WL 1749115 (D. Haw. May 31, 2022); *Andresen v. Int'l Paper Co.*, No. 2:13-CV-02079-CAS, 2015 WL 3648972, at *6 (C.D. Cal. June 10, 2015); *Tubbs v. Sacramento Cnty. Jail*, 258 F.R.D. 657, 660 (E.D. Cal. 2009).

## V. CONCLUSION

The Court should require objectors Feldman and Mahaney to post a bond of $8,500, or such other amount as the Court finds appropriate, under Federal Rule of Appellate Procedure 7.

Dated: November 14, 2023                                              Respectfully submitted,

KELLER ROHRBACK L.L.P.                                                BLEICHMAR FONTI & AULD LLP

By:   */s/ Derek W. Loeser*                                           By:   */s/ Lesley E. Weaver*
      Derek W. Loeser                                                       Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)                             Lesley E. Weaver (SBN 191305)
Cari Campen Laufenberg (admitted *pro hac vice*)                      Anne K. Davis (SBN 267909)
David Ko (admitted *pro hac vice*)                                    Matthew S. Melamed (SBN 260272)
Adele A. Daniel (admitted *pro hac vice*)                             Joshua D. Samra (SBN 313050)
Benjamin Gould (SBN 250630)                                           1330 Broadway, Suite 630
Emma M. Wright (admitted *pro hac vice*)                              Oakland, California 94612
1201 Third Avenue, Suite 3200                                         Tel.: (415) 445-4003
Seattle, WA 98101                                                     Fax: (415) 445-4020
Tel.: (206) 623-1900                                                  lweaver@bfalaw.com
Fax: (206) 623-3384                                                   adavis@bfalaw.com
dloeser@kellerrohrback.com                                            mmelamed@bfalaw.com
claufenberg@kellerrohrback.com                                        jsamra@bfalaw.com
dko@kellerrohrback.com
adaniel@kellerrohrback.com
bgould@kellerrohrback.com
ewright@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Eric Fierro (admitted *pro hac vice*)
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Tel: (602) 248-0088
Fax: (602) 248-2822
efierro@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

MOTION TO REQUIRE OBJECTORS
FELDMAN AND MAHANEY TO POST
BOND UNDER FED. R. APP. P. 7

8

MDL NO. 2843
CASE NO. 18-MD-02843-VC

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Derek W. Loeser, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of November, 2023, at Seattle, Washington.

/s/ Derek W. Loeser
Derek W. Loeser

**CERTIFICATE OF SERVICE**

    I, Sarah Skaggs, hereby certify that on November 14, 2023, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

/s/ *Sarah Skaggs*
Sarah Skaggs