| | |
|---|---|
| Derek W. Loeser (admitted *pro hac vice*) | Lesley E. Weaver (SBN 191305) |
| KELLER ROHRBACK L.L.P. | BLEICHMAR FONTI & AULD LLP |
| 1201 Third Avenue, Suite 3200 | 1330 Broadway, Suite 630 |
| Seattle, WA 98101 | Oakland, California 94612 |
| Tel.: (206) 623-1900 | Tel.: (415) 445-4003 |
| Fax: (206) 623-3384 | Fax: (415) 445-4020 |
| dloeser@kellerrohrback.com | lweaver@bfalaw.com |

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **NOTICE OF MOTION AND MOTION TO REQUIRE OBJECTOR FORTMAN TO POST BOND UNDER FEDERAL RULE OF APPELLATE PROCEDURE 7**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor<br>Hearing Date: December 21, 2023<br>Hearing Time: 1:00 pm |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 21, 2023, at 1:00 pm, or as such other date as may be agreed upon, in Courtroom 4 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs on behalf of a proposed Settlement Class (or "Class"), will and hereby do move for an order granting Plaintiffs' Motion for Bond Under Federal Rule of Appellate Procedure 7. The Motion is based on this notice, the accompanying Memorandum in Support, the Declaration of Derek W. Loeser and Lesley E. Weaver filed herewith in support of the Motion, and the files and records in this action.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Objectors to a proposed class settlement can provide a meaningful service to absent class members. Like objectors Feldman and Mahaney, however, *see* Dkt. 1190, objector Jonathan E. Fortman is raising arguments on appeal that are unlikely to succeed and will significantly delay payment to the class. A modest appeal bond of $8,500 is warranted.

## II. ISSUES TO BE DECIDED

Should the Court require objector Fortman to post a bond under Federal Rule of Appellate Procedure 7? If so, what should the amount of the bond be?

## III. RELEVANT BACKGROUND

Objector Fortman's main assertion is that the Settlement amount is inadequate because Plaintiffs' VPPA claim "guaranteed a recovery of $2,500 for each class member," while the Settlement Fund provided only a small fraction of what Fortman saw as the likely recovery under the VPPA. Dkt 1160-1 at 5.

Fortman also objected to the requested service awards and attorneys' fees. He asserted that the service awards created an unwarranted disparity between absent Class Members and the Named Plaintiffs. *Id.* at 8. As for the attorneys' fees, Fortman advocated that Class Counsel receive a negative multiplier on their lodestar, given what he saw as the wholly inadequate Settlement. *Id.* at 9.

## IV. ARGUMENT

**A.   Fortman should be required to post a bond for costs on appeal.**

Under Rule 7, this Court "may require [the objectors] to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7. To determine whether to require such a bond, "courts in this district generally assess whether an appellant is (1) financially able to post bond, (2) likely to raise arguments that will fail on appeal, and (3) unlikely to pay the costs of an appeal if necessary." *Zamora v. Lyft, Inc.*, No. 16-CV-02558-VC, 2018 WL 5819511, at *1 (N.D. Cal. Nov. 6, 2018).

**1.** Unless appellants demonstrate otherwise, they are presumed to be financially able to post an appeals bond. *Schulken v. Washington Mut. Bank*, No. 09-CV-02708-LHK, 2013 WL 1345716, at *4 (N.D. Cal. Apr. 2, 2013); *In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010). As a practicing attorney, moreover, Fortman seems unlikely to be indigent. *See* Dkt. 1160-1 at 1-2 ("Mr. Fortman has also represented objectors in various cases, along with his counsel of record in this underlying matter."). The first relevant consideration thus favors requiring a bond.

**2.** Fortman's arguments are highly unlikely to succeed on appeal, particularly since the Court's orders will be reviewed only for abuse of discretion, *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015), which is a "significantly deferential test." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). Hence, the second relevant consideration also favors requiring a bond.

**a.** Just like objectors Feldman and Mahaney, Fortman argues that the Settlement is too small because of the potential recovery under the VPPA. Fortman's version of this argument is just as unlikely to succeed on appeal as Feldman and Mahaney's. *See* Dkt. 1190 at 3-4.

**b.** Fortman next objects to the service awards that the Named Plaintiffs will receive. His argument on this score, however, fails both on the facts and the law.

Fortman says that the Named Plaintiffs should not receive service awards of $15,000 because they spent only 100 hours on the case. Dkt. 1160-1 at 8. This argument suffers from more than one flaw, but the most fundamental one is factual. All the Named Plaintiffs spent considerably *more* than 100 hours on the case:

| Named Plaintiff | Hours |
|---|---|
| Akins | 330 |
| Ariciu | 150 |
| Bell | 220 |
| Burk | 225 |
| Fischer | 175 |
| King | 500 |
| O'Hara | 320 |
| Senko | 200 |

Source: Dkt. 1096-8

In addition, each Named Plaintiff was deposed and responded to hundreds of highly personal interrogatories. *See* Dkt. 1096-8 (Akins Decl. ¶¶ 15-16; Ariciu Decl. ¶¶ 15-16; Bell Decl. ¶¶ 16-17; Burk Decl. ¶¶ 15-16; Fischer Decl. ¶¶ 15-16; King Decl. ¶¶ 15-16; O'Hara Decl. ¶¶ 15-16; Senko Decl. ¶¶ 15-16).

On the law, Fortman cites no Ninth Circuit decision holding that a service award of $15,000 is excessive as a matter of law when the class representatives have worked 150 hours or more. Such an argument is unlikely to succeed on appeal, especially given the Named Plaintiffs' considerable effort and the intrusiveness of the discovery here. Dkt. 1183, ¶¶ 18-20.

**c.** Fortman's argument for a negative multiplier is likewise unlikely to succeed. His argument appears to be based on *Perdue v. Kenny A. ex. Rel. Winn*, 559 U.S. 542 (2010), a case holding that multipliers under federal fee-shifting provisions are appropriate only in exceptional circumstances. *See* Dkt. 1160-1 at 9. Fortman's reliance on this case is odd, since he is arguing *for* a multiplier, albeit a negative one. At any rate, the Ninth Circuit has already made clear that the rules governing fees awarded under federal fee-shifting statutes do not apply to fees awarded under the common-fund doctrine. *See, e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 967-68 (9th Cir. 2003).

**d.** Finally, to the extent Fortman argues that the large size of the Settlement Fund required a fee lower than 25%, this argument directly conflicts with Ninth Circuit law. Fortman's version of the argument is at least as unlikely to succeed as the version advanced by objectors

Feldman and Mahaney. *See* Dkt. 1190 at 4-5.

3. This Court has ruled that "[a] party's conduct," including "bad faith conduct," is "useful for assessing the likelihood that it will comply with any obligation to pay costs, and may also be relevant as a standalone consideration." *Zamora*, 2018 WL 5819511, at *2. Here, both Fortman and his counsel have a history of "abusing the litigation process." *Id.* at *1. In one class action, attorney Kress was the subject of pointed judicial criticism. *See Chambers v. Whirlpool Corp.*, No. SACV111733FMOJCGX, 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016) (court "troubled" by conduct). In another, the court found that Kress and Fortman, along with other attorneys, were "well-known and recognized by Courts for routinely filing meritless objections to class action settlements," and that their objection "appear[ed] to be driven by an improper motive." *Roberts v. Electrolux Home Prod., Inc.*, No. CV13-2339-CAS VBKX, 2014 WL 4568632, at *15 (C.D. Cal. Sept. 11, 2014); *see also Chambers*, 2016 WL 9451361, at *2 n.1. Given this pattern of behavior, it is fair to conclude that there is some risk that Fortman will not pay the costs on appeal.

**B.     Fortman should be required to post a $8,500 bond.**

Costs on appeal include costs taxable under Federal Rule of Appellate Procedure 39. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). These include the cost of "the preparation and transmission of the record," including preparation of briefs, and "the reporter's transcript, if needed to determine the appeal." Fed. R. App. P. 39(e)(1)-(2); *see also* Ninth Circuit R. 39-1.2. For purposes of calculating these costs, the Ninth Circuit taxes each page of the brief and record at 10 cents. Ninth Circuit R. 39-1.3.

The record here is massive, and several transcripts may be needed to determine the appeal. A conservative estimate of costs on appeal is $8,500, an amount that is consistent with bonds imposed by this and other courts in the District in appeals by class-action objectors. *See* Decl. of Derek W. Loeser and Lesley E. Weaver in Supp. of Mot. to Require Objector Fortman to Post Bond ¶¶ 3-4 (filed herewith); *Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2023 WL 4238509, at *5 (N.D. Cal. June 27, 2023) ("[T]he Court concludes that the

amount of the bond should include Rule 39(e) costs in the amount of $10,000 . . . ."); *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD02827-EJD, 2023 WL 3510393, at *3 (N.D. Cal. May 16, 2023) (imposing $8,500 bond); *Zamora*, 2018 WL 5819511, at *1 (imposing $5,000 bond); *Keller v. Nat'l Collegiate Athletic Ass'n*, No. C 09-1967 CW, 2015 WL 6178829, at *3 (N.D. Cal. Oct. 21, 2015) (imposing $5,000 bond). The $8,500 bond imposed in *Apple Inc. Device Performance Litigation*, another long-running class action with a sizeable record, is particularly instructive. A bond of the same size should be required here.

Plaintiffs have asked the Court to impose an $8,500 bond on objectors Feldman and Mahaney as well. It is likewise appropriate to impose a bond on Fortman, since all the objectors will be jointly and severally liable for costs on appeal. *See, e.g.*, *Mueller v. Dep't of Pub. Safety*, No. CV 17-00571 HG-WRP, 2022 WL 1793165, at *8-9 (D. Haw. Apr. 29, 2022), *report and recommendation adopted*, No. CV 17-00571 HG-WRP, 2022 WL 1749115 (D. Haw. May 31, 2022); *Andresen v. Int'l Paper Co.*, No. 2:13-CV-02079-CAS, 2015 WL 3648972, at *6 (C.D. Cal. June 10, 2015); *Tubbs v. Sacramento Cnty. Jail*, 258 F.R.D. 657, 660 (E.D. Cal. 2009).

## V. CONCLUSION

The Court should require objector Fortman to post a bond of $8,500, or such other amount as the Court deems appropriate, under Federal Rule of Appellate Procedure 7.

Dated: November 14, 2023                                    Respectfully submitted,

KELLER ROHRBACK L.L.P.                                      BLEICHMAR FONTI & AULD LLP

By:  */s/ Derek W. Loeser*                                  By:  */s/ Lesley E. Weaver*
     Derek W. Loeser                                             Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)                   Lesley E. Weaver (SBN 191305)
Cari Campen Laufenberg (admitted *pro hac vice*)            Anne K. Davis (SBN 267909)
David Ko (admitted *pro hac vice*)                          Matthew S. Melamed (SBN 260272)
Adele A. Daniel (admitted *pro hac vice)*                   Joshua D. Samra (SBN 313050)
Benjamin Gould (SBN 250630)                                 1330 Broadway, Suite 630
Emma M. Wright (admitted *pro hac vice)*                    Oakland, California 94612
1201 Third Avenue, Suite 3200                               Tel.: (415) 445-4003
Seattle, WA 98101                                           Fax: (415) 445-4020

Tel.: (206) 623-1900  
Fax: (206) 623-3384  
dloeser@kellerrohrback.com  
claufenberg@kellerrohrback.com  
dko@kellerrohrback.com  
adaniel@kellerrohrback.com  
bgould@kellerrohrback.com  
ewright@kellerrohrback.com  

lweaver@bfalaw.com  
adavis@bfalaw.com  
mmelamed@bfalaw.com  
jsamra@bfalaw.com  

Christopher Springer (SBN 291180)  
801 Garden Street, Suite 301  
Santa Barbara, CA 93101  
Tel.: (805) 456-1496  
Fax: (805) 456-1497  
cspringer@kellerrohrback.com  

Eric Fierro (admitted *pro hac vice*)  
3101 North Central Avenue, Suite 1400  
Phoenix, AZ 85012  
Tel: (602) 248-0088  
Fax: (602) 248-2822  
efierro@kellerrohrback.com  

*Plaintiffs' Co-Lead Counsel*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Derek W. Loeser, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of November, 2023, at Seattle, Washington.

/s/ Derek W. Loeser
Derek W. Loeser

## CERTIFICATE OF SERVICE

I, Sarah Skaggs, hereby certify that on November 14, 2023, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

/s/ *Sarah Skaggs*
Sarah Skaggs