1  TIMOTHY W. LOOSE, SBN 241037
   tloose@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
3  Los Angeles, CA  90071-3197
   Telephone: 213.229.7000
4  Facsimile:  213.229.7520

*Attorney for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br>This document relates to:<br><br>ALL ACTIONS | CASE NO. 3:18-md-02843-VC <br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>*[Civil L.R. 3-12, 7-11]*<br><br>Judge Vince Chhabria<br>Courtroom 5, 17th Floor<br><br>CASE NO. 3:23-cv-04128-PHK<br><br>**PROPOSED CASE TO BE RELATED**<br><br>Assigned to: Magistrate Judge Peter H. Kang<br>Courtroom F, 15th Floor |

Gibson, Dunn & Crutcher LLP

DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 3:18-MD-02843-VC & CASE NO. 3:23-CV-04128-PHK

Pursuant to Civil Local Rule 3-12 and 7-11, Defendant Meta Platforms, Inc. submits this administrative motion to consider whether the action *Rose v. Facebook*, No. 3:23-cv-04128-PHK, filed in this District on August 14, 2023, should be related to *In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, No. 3:18-md-02843-VC (the "MDL"). Under Civil Local Rule 3-12, a party that "knows" or "believes" that an action may be "related to another action which is or was pending in this District . . . must promptly file" an administrative motion that includes: "(1) The title and case number of each apparently related case" and "(2) A brief statement of the relationship of the action according to the criteria set forth in Civil L.R. 3-12(a)." Civ. L.R. 3-12(b), (d). "An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

*Rose* raises factual and legal claims that are based on the same alleged conduct that underlies the MDL—that Facebook allegedly shared user information to third parties without proper consent and allegedly failed to protect user information from being misused by third parties. Plaintiffs in both actions bring claims against Facebook under the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.* ("SCA") as well as an assortment of fraud, privacy, and negligence claims premised on the same alleged conduct. The operative *Rose* complaint even describes key allegations using identical verbiage copied-and-pasted from the MDL complaint, claiming, for example, that Facebook created digital "dossiers" of users used for "psychographic" advertising. Given the complete overlap of allegations underlying both actions, as well as the overlap in the defendant, relating *Rose* to the MDL will avoid inconsistent results and promote judicial economy, thereby making it appropriate for the Court to deem the actions related and to reassign *Rose* to this Court.

As required by Local Rule 7-11, Defendant's counsel contacted Ms. Rose on November 20, 2023, to ask for her position on this motion. (Loose Decl. ¶ 2.) Ms. Rose stated that she opposes this motion. (Loose Decl. ¶ 3.)

Gibson, Dunn & Crutcher LLP

2
DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 3:18-MD-02843-VC & CASE NO. 3:23-CV-04128-PHK

# I. STATEMENT OF THE RELATIONSHIP OF THE ACTIONS

**A.    Both Actions Involve Overlapping Factual Allegations and a Common Defendant.**

The plaintiff in *Rose* alleges that Facebook "violated consumer fraud laws[] and privacy laws by" (1) "sharing user[']s private Facebook information with third parties without user[']s consent or knowledge"; (2) "fail[ing] to purposefully protect user information from unauthorized access," and (3) selling "access to third parties without user[']s knowledge or consent." (*Rose* Dkt. 11 at 3-4.) These are precisely what the Court determined to be the "principal allegations" made by the MDL Plaintiffs in their operative complaint: (1) Facebook "made sensitive user information available to countless companies and individuals without the consent of the users"; and (2) "failed to prevent those same companies and individuals from selling or otherwise misusing the information." (MDL Dkt. 298 at 1.) The *Rose* complaint raises claims under the SCA, along with a deceit by concealment or omission claim under California Civil Code Sections 1709/1710, common-law privacy and negligence claims, and a claim for invasion of privacy under the California Constitution. (*Rose* Dkt. 11 at 5-7.) The MDL Plaintiffs raised all six of these claims in their own action. (MDL Dkt. 491 at 268-272, 276-286, 288-293, 297-99.)

Ms. Rose therefore seeks to bring identical claims against the same defendant, and her opt-out case is effectively a copycat of the MDL. Accordingly, the cases should be related so that they may be considered by the same court.

**B.    Relating These Actions Would Avoid Inconsistent Results and Promote Judicial Economy.**

Reassigning *Rose* to this Court is also necessary to promote judicial economy and avoid inconsistent results. Among other things, this Court is well-versed in the factual allegations underlying both actions as a result of having presiding over the MDL for over five years, including through final approval of settlement. Having a different judge preside over *Rose* would result in the "unduly burdensome duplication of labor and expense" resulting from two judges familiarizing themselves with these common factual allegations. Civil L.R. 3-12(a)(2).

If the *Rose* action were to be heard before a separate jurist, there would also be the risk of inconsistent rulings. This Court has already grappled with the legal issues that the *Rose* complaint raises

3
DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 3:18-MD-02843-VC & CASE NO. 3:23-CV-04128-PHK

Gibson, Dunn & Crutcher LLP

(or will inevitably raise, if permitted to proceed past the pleadings stage) as a result of managing the MDL for over five years. But if the cases were not related, the judge presiding over the *Rose* case would have to retread the same ground and, in so doing, could reach different conclusions as to the same legal questions. This would not only further duplicate judicial resources, but also create intra-district inconsistency.

## II. CONCLUSION

For the reasons stated above, Defendant respectfully requests that the Court grants this administrative motion and relate *Rose* to the MDL, and reassign *Rose* to this Court.

Dated: November 21, 2023

**GIBSON, DUNN & CRUTCHER, LLP**

By:  */s/ Timothy W. Loose*
Timothy W. Loose (SBN 241037)
tloose@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorney for Defendant Facebook, Inc.*

4
DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 3:18-MD-02843-VC & CASE NO. 3:23-CV-04128-PHK

Gibson, Dunn & Crutcher LLP

# CERTIFICATE OF SERVICE

I, Timothy W. Loose, hereby certify that, on November 21, 2023, I electronically filed DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notifications to counsel of record.

/s/ Timothy W. Loose
Timothy W. Loose

5

DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 3:18-MD-02843-VC & CASE NO. 3:23-CV-04128-PHK

Gibson, Dunn & Crutcher LLP