Kendrick Jan, APC (SBN 105149)
225 Broadway, Suite 2220
San Diego, CA 92101
Phone: (619) 231-7702
kj@jan-law.com

John J. Pentz, *pro hac vice*
13133 N. Vistoso Ranch Place
Oro Valley, AZ 85755
Phone: (978) 985-4668
jjpentz3@gmail.com

*Counsel for Objectors Sarah Feldman and Jill Mahaney*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | **Case No. 18-md-02843-VC-JSC**<br><br>**OPPOSITION OF OBJECTORS SARAH FELDMAN AND JILL MAHANEY TO CLASS PLAINTIFFS' MOTION FOR APPEAL BOND**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom No. 4, 17th Fl.<br>Hrg. Date: December 21, 2023<br>Hrg. Time: 10:00 |

### OPPOSITION TO MOTION FOR APPEAL BOND

I.   INTRODUCTION

Class Counsel has filed a motion seeking an order for an $8,500 appeal bond that substantially exceeds reasonable taxable costs. Class Counsel relies on district court cases

and fails to bring to this Court's attention this Circuit's controlling authority. The Ninth Circuit has held that appeal bonds should not exceed "a few hundred dollars" and may not include expenses beyond those permitted by Rule 39 unless such "may be shifted pursuant to another statute." *In re: Magsafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560, 563 (9th Cir. 2014).

## II.     LIMITATION ON TAXABLE COSTS

Taxable costs are those available to a prevailing party in an appeal under FRCP 39(e), only. These costs do not commonly amount to more than a few hundred dollars. *See In re: Magsafe, supra,* 571 Fed. Appx. at 563 ("A district court may always include in an appeal bond the costs specified in Fed. R.App. P. 39. Yet these costs rarely exceed a few hundred dollars when taxed against an appellant.") (*citing Azizian v. Federated Dep.t Stores, Inc.*, 499 F.3d 950, 955-56 (9th Cir. 2007)). Plaintiffs seek a bond of $8,500 for taxable costs, but have established no reasonable basis for that number, which far exceeds the usual total of costs taxable under Rule 39. See *Comparative Study of FRAP 39 Costs for the Advisory Committee on Appellate Rules*,[1] showing median cost award to appellee[2] of $149.75 and a range of $15.00 to $1,302.10. FRAP Rule 39 permits recovery of costs for reproducing copies of a brief and excerpts of record. Here that number will be seven. *See* Ninth Circuit Rule 39-1.2. The cost of reproduction is the lesser of 10 cents per page or actual cost. *See* Ninth Circuit Rule 39-1.3.

---

[1] Federal Judicial Center, *Comparative Study of FRAP 39 Costs for the Advisory Committee on Appellate Rules,* p. 72. Available at https://www.uscourts.gov/file/3170/download.

[2] Rule 39(a)(2) costs awarded "judgment affirmed" "without outliers."

### III. APPELLANTS INTEND TO MOVE THE NINTH CIRCUIT TO STAY THE INSTANT APPEAL PENDING A RULING IN *FACEBOOK TRACKING*

Appellants' principal issue on appeal revolves around the absence of a clear legal standard in the Ninth Circuit that would guide District Courts evaluating settlements that proposes a dramatic compromise and release of individual statutory damage claims, including how to apply the *Wakefield v. ViSalus, Inc.,*[3] due process limits in a class action settlement context. This same issue was raised by objection in *In Re: Facebook Internet Tracking Litigation*, case no. 5:12-md-02314-EJD, which issue is now before the Ninth Circuit in *Perrin Aikens Davis v. Meta Platforms, Inc., FKA Facebook, Inc. v. Feldman and Jan*, case no. 22-16903 ("*Facebook Tracking*").[4] Briefing in *Facebook Tracking* (attached hereto as *Exhibit 1*) is complete and the Ninth Circuit has set oral argument for February 7, 2024.

Appellants intend to move the Ninth Circuit to stay their appeal in this action pending the Ninth Circuit's opinion in *Facebook Tracking*. Plainly, a stay would obviate the need to brief the instant appeal until and unless the Ninth Circuit rules for the appellant in *Facebook Tracking*.[5] Further, Appellants agree that, if the appeal in *Facebook Tracking* is ultimately unsuccessful, Appellants will dismiss their appeal in the instant action, thus sparing Class counsel the need to incur their claimed $8,500 in copying costs.

---

[3] 51 F.4th 1109 (9th Cir. 2022).

[4] There are two appeals pending in *Facebook Tracking*, case nos. 22-16903 and 22-16904. Counsel for Appellants Feldman and Mahaney in the instant case also represent appellants Feldman and Jan in *Facebook Tracking* case no. 22-16903.

[5] Alternatively, this Court may regard reconsideration in view of the Ninth Circuit's *Facebook Tracking* opinion as preferable to renewal of the appeal.

Counsel for Appellants have spoken with counsel for objector/appellant Fortman, and Fortman is likewise willing to stipulate to suspend his appeal in Ninth Circuit case no. 23-3623 pending conclusion of the appeal in *Facebook Tracking*.

On November 22, 2023, Appellants proposed to Class Counsel and counsel for Facebook a stipulation that the instant appeal be stayed, but Class Counsel has rejected the proposal stating they "do not believe the balance of the equities favors a stay."

## IV.  THE STANDARDS FOR IMPOSING AN APPEAL BOND HAVE NOT BEEN SATISFIED IN THIS CASE

The Ninth Circuit "has not expressly delineated the factors courts should consider under Rule 7." *Zamora v. Lyft, Inc.* (N.D. Cal., Nov. 6, 2018, No. 16-CV-02558-VC) 2018 WL 5819511, at *1.  In the Northern District, however, courts "generally assess whether an appellant is (1) financially able to post bond, (2) likely to raise arguments that will fail on appeal, and (3) unlikely to pay the costs of an appeal if necessary." *Id.,* at 1. "[I]mposing too great a burden on an objector's right to appeal may discourage meritorious appeals or tend to insulate a district court's judgment in approving a class settlement from appellate review." *Vaughn v. American Honda Motor Co.*, Inc., 507 F.3d 295, 300 (5th Cir. 2007).

### A.  Objectors'/Appellants' financial ability to post bond

The first factor assesses an appellant's financial ability.  In this case, however, consideration should be given by the court as to whether the aim of Class Counsel is to unreasonably encumber class members Feldman and Mahaney ("Appellants") – indeed any class member who has the temerity to challenge Class Counsel's work and the settlement – in their good faith efforts to protect the interests of the class by appeal to the Ninth Circuit.

4

In this case, Appellants seek to benefit the entire class, and their individual interests in the action are aligned with the 250 million other absent class members whose interests Appellants seek to protect. Ordering that Feldman and Mahaney provide an appellate bond in any amount would unreasonably encumber them in their ability to perform the work to which they are invited by Rule 23 and the class notice. Put simply, such an order undermines the process that guarantees a fair hearing of the important issues raised by Appellants' appeal.

### B.    The appeal is likely to raise argument that will succeed on appeal

The second factor to be considered by the Court requires a look at the issues likely to be raised on appeal. In their objection to Class Counsel's final approval motion, Appellants raised three concerns for the Court's consideration: (1) the need to apply a legal standard consistent with the District's own procedural guidance when examining the compromise of statutory damages in a class action settlement context; (2) the equal apportionment of compensation across all members and month/years violates Rule 23(e)(2)(D); and (3) the sought 25% common-fund percentage represents an extraordinarily high percentage fee in this megafund case, a fee that is supported neither by empirical research nor the product of the work performed. These objections were in good faith brought to the District Court and each was summarily overruled.

Appellants' primary concern in the appeal of the instant action is the protection of the legal standard recognized by the District's procedural guidance that requires examination of the proposed compromise of statutory damages in view of calculable damages and litigation risk. This same issue was raised by objection in *In Re: Facebook Internet Tracking Litigation*, case no. 5:12-md-02314-EJD, which issue is now before the

5

Ninth Circuit in *Facebook Tracking*. No motion for appeal bond was filed by class counsel in *Facebook Tracking*.

    **C.    Appellants are California residents subject to the jurisdiction of this Court and are willing to pay chargeable costs should their appeal not be well taken**

Appellants are aware of the burden to be borne by a losing party in an appeal. They are California residents and have no intention of disregarding the order of this Court made in connection with the recovery of taxable costs. Their objections and the noticed appeal are brought in good faith and the issues presented are important to this case – where the interests of 250 million class members in substantial individual statutory damages are in play – and to class action jurisprudence. Appellants have not, by any stretch, abused the litigation process. *See Zamora v. Lyft, Inc.* (N.D. Cal., Nov. 6, 2018, No. 16-CV-02558-VC) 2018 WL 5819511, at *1. ("Because it appears that McGee and her attorney have no qualms about abusing the litigation process, an appellate bond is appropriate."). Class Counsel's unwarranted and outdated *ad hominem* attacks on Appellants' counsel, aside, there is no reason to suspect Appellants will not comply with an order by the Court of Appeals to reimburse Plaintiffs' copying costs on appeal. Class Counsel has failed to make any showing that Appellants are unlikely to comply with an award of costs by the Court of Appeals.

    **D.    The $8,500 bond amount sought by Class Counsel is excessive**

While the Court may order the filing of an appeal bond to protect against taxable costs, the amount of that bond is restricted to a number that is reasonable in view of the amounts recoverable for taxable costs under Rule 39. Class Counsel have described "the record here is massive, and several transcripts may be needed to determine the appeal."

This *mountain of documents* argument is common but is inconsistent with Circuit Rule 30-1. That rule limits excerpts of record on appeal to "only those parts of the record, that are relevant and useful to the Court in deciding the appeal." Further, the Advisory Committee encourages that the reams of paper consumed in Class Counsel's motion work should not be included in the ER. *See* Advisory Committee Note to Rule 30-1.4 ("Legal memoranda and briefs ordinarily are not relevant to the issues on appeal and, therefore, should be excluded from excerpts."). Plaintiffs' have no filing fee paid or to be paid to this Court or the Ninth Circuit in connection with the filing of their answering brief on appeal, and any recoverable costs they might have under Rule 39 are unlikely to exceed the $505 fee already paid by Appellants upon filing of their Notice of Appeal. The motion for an appeal bond in the amount of $8,500 is absurd in the context of this case where recoverable costs would likely not exceed $500 and – if the Court is inclined to order posting of an appellate bond – Appellants ask that a bond of no more than $500 be ordered.

      **E.**      **Any bond ordered should be for a single reasonable amount that should be shared among Appellants and appellant Fortman**

Class Counsel asks this Court to order Appellants post an $8,500 appeal bond *and* that objector/appellant Fortman likewise post an $8,500 appeal bond. Counsel for Appellants and counsel for Fortman have conferred and agree the appeals in Ninth Circuit case nos. 23-3550 (Feldman/Mahaney Appeal) and 23-3623 (Fortman Appeal) should be consolidated. In view of this, there is certainly no reason to for the posting of bonds in the combined amount of $17,000. Again, this seems an effort on the part of Class Counsel to inhibit class members in the full exercise of their statutory right to object.

## V.    CONCLUSION

For the foregoing reasons, the Court should DENY the Motion for Appeal Bond, or enter an Appeal Bond for no more than $500 consistent with the Ninth Circuit's opinion in *In re: Magsafe*. Further, the amount of any bond ordered should be equally divided between the two appeals taken in this case.

>    Respectfully submitted,
>    Sarah Feldman and Jill Mahaney
>    by their attorneys,
>
>    *s/ Kendrick Jan*
>    Kendrick Jan, APC
>    225 Broadway, Suite 2220
>    San Diego, CA 92101
>    Tel: (619) 231-7702
>    kj@jan-law.com
>
>    *s/ John J. Pentz*
>    John J. Pentz, Esq.,
>    13133 N. Vistoso Ranch Place
>    Oro Valley, AZ 85755
>    Phone: (978) 985-4668
>    jjpentz3@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed with the Clerk of Court using CM/ECF on November 28, 23, and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *s/John Pentz*