John C. Kress (53396 MO)
Kress Law, LLC
P.O. Box 6525
St. Louis, MO  63125
Ph.#:  (314) 631-3883
Fax:  (314) 332-1534
Email:  jckress@thekresslawfirm.com

Attorney for Objector Jonathan E Fortman

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FACEBOOK INC. CONSUMER PRIVACY USER PROFILE LITIGATION SECURITY BREACH LITIGATION | )  MDL. 2843<br>) Case No. 18-md-2834-VC<br>)<br>) **OBJECTOR FORTMAN'S**<br>) **RESPONSE MEMORANDUM**<br>) **OPPOSING MOTION TO**<br>) **POST BOND**<br>)<br>) Date:      December 21, 2023<br>) Time:     1:00 p.m.<br>) Courtroom:  4, 17th Floor<br>) Judge:  Hon. Vince Chhabria<br>) |

**INTRODUCTION**

Class Counsel seeks an order from this Court requiring Objector Fortman to post a bond under Rule 39(e) in the amount of $8,500 (Doc # 1191).  However, Fortman should not be required to post any bond, but if this Court were to require posting of a bond courts in the Ninth Circuit find that $250 to $1,000 is typically sufficient to cover the costs contemplated by Rule 39(e).

   **I.      No justification exists in the Ninth Circuit for requiring Objector Fortman to post a bond, as he has not engaged in bad faith conduct before this Court, and his objections have merit.**

Class Counsel places great reliance on the Court's previous opinion on the issuance of a

bond in the matter of _Zamora v. Lyft, Inc_., _No. 16-CV-02558-VC, Doc #111 (N.D. Cal. Nov. 6, 2018)_.  Before issuing its bond order, this Court opined that the "Ninth Circuit has not expressly delineated the factors the court should consider under Rule 7".  _Id._  This Court identified three areas that courts "generally assess"- ability to pay a bond, merit of arguments on appeal, and unlikeliness of paying the costs of appeal if ordered to do so.  _Zamora, at par. 2._  Objector Fortman is an attorney, and does not dispute his ability to pay a bond.  However, Fortman's appeal has merit, and if ordered to pay costs on appeal, is not likely to shirk such obligation since he is an attorney who practices throughout the United States and would not allow such obligation to interfere with licensure.

In _Zamora_, this Court found bad faith conduct supporting a bond noting that the objector, McGee offered to withdraw her objection "if Lyft paid her almost four thousand times the amount she would have received through settlement." _Id._  And this Court found that McGee's counsel "implied" that he would file a "generic" appellate brief to "draw out" the case. _Id._ McGee's objections were deemed "frivolous" and therefore lacking merit on appeal. _Id._ Objector Fortman has not engaged in any such behavior before this Court, and no basis exists for any such conclusion that Fortman or his counsel are acting in bad faith by the filing of the notice of appeal, as such appeal has merit, and is not based on frivolous claims.

As in _Zamora_, courts in the Ninth Circuit look to the actions and behavior of parties in the present case in which a bond is sought. _Dennis v. Clearwire Corp._, _928 F. Sup 2d 1270 (W.D. Wa, 9th Cir., 2013)_ (finding of "vexatious intent" on actions of objectors undertaken in current case in which a notice of appeal was filed, objector(s) did not dispute or rebut such evidence resulting in order for bond)  Here, Class Counsel attempts to distract this Court with statements made by another court almost ten (10) years ago that are not supported by any facts, but instead

involve conjecture and speculation. *See Roberts v. Electrolux Home Products, Inc.*, 2014 WL 4568632 *15 (C.D. Cal. 2014).

Lacking concrete evidence of any bad faith in this case- or any other, Class Counsel alleges that a Court approximately seven years ago was "troubled" by Kress' conduct, without revealing that the underlying order and facts pertained solely to a discovery dispute and the issue of whether or not Kress should have accepted a subpoena for an attorney. *Chambers v. Whirlpool Corp.*, No. SACV111733 FMOJCGX 2016 WL 9451361, at *2 (C.D. Cal. Aug 12, 2016) (court finding Kress' refusal to accept service "troubling.").   Instead of addressing the merits of Fortman's objection on appeal, Class Counsel engages in disparaging statements designed to undermine the focus of the Court's attention to the real issues at hand.

## II.    Fortman's objections on appeal are meritorious, and supported with authority in the Ninth Circuit.

Here, the named plaintiffs in this underlying case each receive $15,000 when the class members receive approximately $35 each. In the Ninth Circuit, the courts look to the ""Proportion of the representative payment[s] relative to the settlement amount, and the size of each payment." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947 (9th Cir. 2015); *accord Razo v. Mobility Services, LLC* (E.D. Cal.).   The objection is based on the clear disparity between an incentive award of $15,000 when a class member receives under $100.  Class Counsel focuses on the number of hours allegedly worked by each named plaintiff, as justification for the vast discrepancy in payment ("All the named plaintiffs spent considerably more than 100 hours on the case"), and providing this court with a chart of hours worked by plaintiffs, to support a finding that this objection lacks merit.  Class Counsel ignores the fact that each named plaintiff receives a payment that is

approximately 425 times the average payment of $35 to each class member. No argument supports such extraordinary payments of thousands of dollars to named plaintiffs when class members literally receive less than Fifty Dollars. Class Counsel cherry picks one sentence in the objection concerning the number of hours worked and concludes the issue of disparity of payment lacks merit because the named plaintiffs allegedly worked numerous hours.

However, numerous cases support a vast reduction, or rejection of the incentive award of $15,000, as the number of hours "worked" or spent by the named plaintiff is simply one factor out of many reviewed by the courts. Class Counsel cannot justify such vast discrepancy, and "The Ninth Circuit observed: if class representatives expect routinely to receive special awards in addition to their share of the recovery, they may be tempted to accept suboptimal settlements at the expense of the class members whose interests they are appointed to guard." *Conti v. L'Oreal USA S/D, Inc.*, *No. 1:19-cv-0769 JLT SKO (E.D Cal. July 18, 2023)*. In *Conti*, the court pointed out that the named plaintiffs would each receive $5,000 and their "actions undoubtedly benefitted class members" each of which would receive an average payment between $584.59 and $2,849.49. *Id.* In this case, Class Counsel seeks to impose the burden of a bond because they are keenly aware that this issue not only has merit, but has a strong likelihood of reversal as no matter how many hours were spent, or worked by named plaintiffs, the result was only $35 per class member.

The court should inquire as to the "reasonableness" of the plaintiffs' request for payment of an award, "and how large the incentive award is compared to the average

award class members expect to receive." _Conti_, citing _Ontiveros v. Zamora_, 303 F.R.D.

356, 366 (E.D. Cal. Oct. 8, 2014). An incentive award of $5,000 is "presumptively

reasonable" in the Ninth Circuit-not $15,000.  _Richardson v. THD at-Home Servs._, 2016

WL 1366952, at *13 (E.D. Cal. Apr. 6, 2016); _Gonzalez v. NCI Group, Inc._, 2023 WL

373252, at *9 (E.D. Cal. Jan 24, 2023_); Bellinghausen v. Tractor Supply Co._, 306 F.R.D.

245, 266 (N.D. Cal. 2015) (observing that in the Northern District, "a $5,000 payment is

presumptively reasonable").  No cases in the Ninth Circuit support payment of $15,000

for a named plaintiff when class members receive under $100 each.   Courts consider the

proportionality between the incentive payment and the "range of class members'

settlement awards." _Sanft v. SIMS Group Corp._, No. 19-cv-08154-JST (N.D. Cal. Oct. 16,

2023); _Burden v. Select Quote Ins. Servs._, No. C 10-5966 LB, 2013 WL 3988771, at *6

(N.D. Cal. Aug 2, 2013).  Stated another way: Is the payment of $15,000 to each named

plaintiff proportionate to the payment received class members who each receive $35?

     Class Counsel misreads the objection raised by Fortman concerning the

application of a "negative multiplier", somehow inferring that because Fortman chose to

ask the court to apply a multiplier, that he somehow agrees with the fee award (Doc #

1191, p. 5 c).  Likewise, Class Counsel misreads the case of _Staton v. Boeing Co._,

claiming multipliers used in federal fee shifting cases are not applicable to a common

fund, inferring therefore that a "negative multiplier" cannot be applied to the attorneys'

fees in this case. (Doc # 1191, p. 5 c). Class Counsel therefore concludes this part of

Fortman's objection lacks merit. Negative multipliers can be applied by the courts in both

fee shifting cases _and_ those involving a common fund. When settlement creates a

common fund for the class, the court has discretion in applying either the lodestar method or the percentage-of-recovery. *Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). District Courts may adjust the lodestar upward- or downward by either providing a positive, or negative multiplier. Id. The most important consideration when adjusting the lodestar is the "benefit obtained for the class." Id. Providing merely $35, or less to each class member demands the application of a negative multiplier, with the difference in attorney's fees returned to the class. This issue has merit, and the discrepancy between the fees awarded versus the results obtained for the class members require the imposition of a negative multiplier.

The remaining issues set forth in Fortman's objection are subject to oral argument by John Pentz and Kendrick Jan in the matter of *In Re: Facebook Internet Tracking Litigation, No. 5:12-md-02314-EJD,* that is pending before the Ninth Circuit as Perrin Aikens Davis v. Meta Plaforms, Inc., FKA Facebook, Inc. v. Feldman and Jan, Case No. 22-16903 (Doc #1198, p. 3). Oral argument is set for February 7, 2024. Notable, these same issues on appeal were not subject to summary affirmance, or any motion that would call into question the legitimacy or merit of the issues raised.

**III.    If a bond is determined necessary by this Court, it should set under $1,000.**

Even this Court in *Zamora* only issued a bond in the amount of $5,000, not $8,500. Id. But if a bond were ordered, it should be $1,000 or less. In the Ninth Circuit, it is accepted and estimated that only $1,000 is required to ensure payment of costs on appeal under Rule 39(e). *Broomfield v. Craft Brew All, Inc.,* No. 17-cv- 01027-BLF, 2020 WL 1972501 at *4 (N.D. Cal. April 13, 2020)* (court ultimately issued bond for $3,000). This Court would not be out of line

with requiring a $1,000 bond. *See Torczyner v. Staples, Inc., 16CV2965 JM(JLB), 2017 WL 11421542, AT \*2 (S.D. Cal. Nov. 21, 2017); Cody v. SoulCycle, Inc., No CV 15-06457-MWF, 2017 WL 8811115, at \*2 (C.D. Cal. Dec  7, 2017)* (finding $1,000 bond reasonable under 39(e)); *Edwards v. Nat'l Milk Producers Fed'n, No. 11-cv-004766-JSW, 2017 WL 4581926, at \*6 (N.D. Cal. Sept. 2017)* (finding $1,000 per appellant for "anticipated appellate costs"); *Bickley v. Schneider Nat'l, Inc., No. 080CV-05806-JSW, 2016 WL 9114937, at \*5 (N.D. Cal. Nov. 28, 2016).*

A Bond amount of $500 and even $250 is also supported. *Low v. Trump University, LLC, No. 10-cv-00940-GPC-WVG, 2017 WL 2655300, at \*3 (S.D. Cal. June 19, 2017)* (finding $500 bond appropriate in class actions*); Gonzales v. City of Antioch, No. 14-cv-04728-KAW, 2016 WL 631992, at \*3 (N.D. Cal. Feb 17, 2016)* (finding $250 bond appropriate for anticipated appellate costs). The Ninth Circuit reviews objections to the amount of a bond for abuse of discretion. *Magsafe Apple Power Adapter Litigation, No. 12-15757, 12-15782 (9th Cir., San Francisco, CA, April 24, 2014).* District courts "may always include in the appeal bond the costs specified in Rule 39", but the costs "rarely exceed a few hundred dollars." Id.  The amount of a bond, if ordered should be well under $1,000.

Class counsel should be able to provide more than speculation concerning the amount of a bond.  Furthermore, imposition of one (1) bond should be shared equally between all three (3) objectors, as opposed to issuing a bond against each appeal. Since objectors Fortman, Feldman and Mahaney agreed to consolidate their appeals, this further streamlines the process of appeal and obviates the imposition of any bond above $1,000, to be divided equally between each objector.

**IV.     Resolution of Class Counsels' Motion for Bond does not require a hearing, and the Court should enter its order allowing the parties to submit such issue on the briefs.**

To further discourage objectors from pursuing appeals, Class Counsel has set this matter for a hearing on December 21, 2023- during the Holiday Season. Travel to San Francisco will be inconvenient at best and require the resetting of holiday plans for objector's counsel.  Fortman requests that either this matter be submitted on the briefs, as oral argument is unlikely to add anything further not already contained in the briefs.  If attendance is required, Fortman requests that counsel be allowed to participate by telephone, or "Zoom."

**CONCLUSION:**

Objector Fortman respectfully request that this Court deny the Motion for Bond, or in the alternative order an appeal bond of no more than $1,000, to be divided equally among the three (3) objectors Fortman, Feldman and Mahaney, and that this matter be resolved by submission on the briefs instead of after a hearing.

Respectfully submitted,

s/John C. Kress

_____
John C. Kress (#53396 MO)
Kress Law, LLC
P.O. Box 6525
St. Louis, MO  63125
Ph.#:  (314) 631-3883
Fax:  (314) 332-1534
Email:  jckress@thekresslawfirm.com

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing document was filed with the Clerk of Court using CM/ECF on November 28, 2023 resulting in the transmission of this document as an electronic filing generated by CM/ECF.                                    s/ John C Kress