Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Class Counsel*

*Additional counsel listed on signature page*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' REPLY IN SUPPORT OF MOTIONS TO REQUIRE OBJECTORS TO POST BOND UNDER FEDERAL RULE OF APPELLATE PROCEDURE 7**<br><br>Judge:  Hon. Vince Chhabria<br>Courtroom:  4, 17th Floor<br>Hearing Date: December 21, 2023<br>Hearing Time: 10:00 am |

# I.     INTRODUCTION

The objectors' responses largely do not address Plaintiffs' arguments for an appeal bond, confirming that such a bond is appropriate. The three factors that courts in this District consider favor the posting of a bond. Objectors Feldman and Mahaney's future motion to stay appellate proceedings does not change that fact. The $8,500 bonds that Plaintiffs request, moreover, are consistent with Ninth Circuit precedent and with other bonds required in similar cases in this District, including by this Court. Plaintiffs' motions for bonds should be granted.

# II.     ARGUMENT

## A.     The Objectors Should Be Required to Post Bond.

Courts in this District generally consider three factors when deciding whether to require an appeal bond. *Zamora v. Lyft, Inc.*, No. 16-CV-02558-VC, 2018 WL 5819511, at *1 (N.D. Cal. Nov. 6, 2018). The first of those factors, the financial ability to post bond, is undisputed. Feldman and Mahaney do not claim they lack, and Fortman admits he has, the ability to post bond. Dkt. 1198 at 4–5; Dkt. 1199 at 2. On the other two factors—likelihood of success on appeal and the danger of nonpayment of costs—the objectors either advance no arguments at all or offer arguments that do not make sense. Regardless, the objectors' appeals are highly unlikely to succeed, and there is danger of nonpayment given objectors' past conduct.

### 1.  *Feldman and Mahaney fail to explain why their appeal has merit.*

Feldman and Mahaney say that their objection has merit but do not say why. Dkt. 1198 at 5–6. They have had several opportunities to respond to deficiencies in their arguments and have failed to take them. *See* Dkt. 1190 at 4 ("The record does not reflect the objectors' response to any of these points."); *id.* at 5 ("Feldman and Mahaney's objection did not address this declaration."). Their "primary concern" on appeal, it appears, will be that the Court and Plaintiffs failed to put a specific monetary value on Plaintiffs' claims under the Video Protection Privacy Act. Dkt. 1198 at 5. The Ninth Circuit, however, has squarely rejected this exact argument. *See, e.g., Lane v. Facebook, Inc.*, 696 F.3d 811, 823 (9th Cir. 2012) ("reject[ing]" objectors' assertion

that district courts must compare the "specific monetary value" of statutory claims to the settlement award). Given this binding precedent, Feldman and Mahaney's appeal has virtually no chance of success.

### 2. Fortman's defense of his appeal similarly conflicts with Ninth Circuit precedent.

Fortman, in contrast to Feldman and Mahaney, does mount a substantive defense of parts of his objection. His deeply flawed defense is unlikely to convince the Ninth Circuit, which will review this Court's order for "clear abuse of discretion." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015) (quoting *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011)).

On the Named Plaintiffs' service awards, Fortman appears to retreat from his earlier assertion that the Named Plaintiffs have not invested enough hours to justify the awards. Dkt. 1199 at 3–4. He now argues that the awards to the Named Plaintiffs do not pass muster because they are disproportionate to the average payment to other class members. *See id.* at 4 ("425 times the average payment"). But the Ninth Circuit has rejected exactly this argument. In *Online DVD-Rental Antitrust Litigation*, cited in Plaintiffs' final-approval papers, Dkt. 1161 at 26, an objector asked the court to reverse service awards that were 417 times the $12 payment that all class members received. 779 F.3d at 947. The Ninth Circuit declined, noting that the $5,000 service awards were given to a small number of persons (nine), totaled only 0.17% of the settlement fund, and were considerably lower than the $30,000 awards the court had rejected in a past case. *Id.* at 947–48. The same is true of the $15,000 service awards here, which are awarded to only eight persons and total only 0.0166% of the settlement fund, or about one-tenth of the percentage composed by the service awards in *Online DVD-Rental Antitrust Litigation*.

In addition, Fortman's criticism of the service awards as disproportionate ignores what the Ninth Circuit has endorsed as one of the purposes of service awards—"to compensate class representatives for work undertaken on behalf of a class." *Id.* at 943. Thus, when Fortman argues that the service awards are disproportionate, he necessarily ignores an *offsetting* disproportionality: the long and difficult hours of work that the Named Plaintiffs spent on this

2

case and that the absent class members did not invest. That time and dedication cannot be ignored, since the purposes of service awards are "to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). Fortman asserts that hours worked are only one factor, Dkt. 1199 at 4, but that assertion conflicts with *Online DVD-Rental Antitrust Litigation*, which shows that the service awards here pass muster under the other factors the Ninth Circuit has considered. 779 F.3d at 947–48.

Fortman also defends his argument that Class Counsel should receive less than their lodestar. That argument rests ultimately on the fallacious notion that the Settlement was a bad result for the Class. *See* Dkt. 1199 at 6. For reasons that Class Counsel have given at length elsewhere, a finding that the Settlement was an exceptionally good result is not an abuse of discretion based on Ninth Circuit precedent. *See, e.g.*, Dkt. 1161 at 6–11; Dkt. 1096 at 19–36.

### 3. *A persistent pattern of conduct is relevant to the risk of nonpayment as well as the overall decision to require a bond.*

In response to Plaintiffs' discussion of past misconduct, the objectors principally assert that the misconduct is irrelevant because it occurred in the past and before other courts. Dkt. 1198 at 6; Dkt. 1199 at 2. They cite instances where courts have considered misconduct in the present case, but cite no authority for their argument that courts cannot consider past misconduct. Further, this Court has found that "[a] party's conduct is useful for assessing the likelihood that it will comply with any obligation to pay costs, and may also be relevant as a standalone consideration." *Zamora*, 2018 WL 5819511, at *2 (citing *Noatex Corp. v. King Constr. of Hous., LLC*, 732 F.3d 479, 489 (5th Cir. 2013) (directing courts to consider "any *previous* bad faith or vexatious conduct on part of the appellants" when assessing a Rule 7 motion) (emphasis added)). Accordingly, such misconduct should be considered, unless there is a reason to believe the offenders have reformed themselves. The objectors have offered no such reason here.

**B.      The Need for a Bond Is Not Alleviated Simply Because Feldman and Mahaney Plan to File a Motion to Stay Their Appeal.**

Feldman and Mahaney suggest that Plaintiffs' request for a bond should be denied because they plan to file a motion to stay their appeal, which they have not yet filed. Dkt. 1198 at 3–4. That argument should be rejected. The Ninth Circuit will decide whether to stay the appeal, and there is no reason to credit Feldman and Mahaney's assumption that the stay will be granted. Plaintiffs will oppose any motion to stay, and do not agree that the objectors' appeals would raise questions identical to those raised in *In re Facebook, Inc. Internet Tracking Litigation*, No. 5:12-md-02314-EJD (N.D. Cal.), *appeal docketed*, No. 22-16903 (9th Cir. Dec. 13, 2022) ("*Facebook Tracking*"). Moreover, the point of an appeals bond is to provide insurance to guarantee the payment of any appellate costs that may be incurred. *See In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608, 614–15 (8th Cir. 2017), *amended*, 855 F.3d 913 (8th Cir. 2017) ("Appeal bonds are a type of guarantee for an appellee that an unsuccessful appellant can pay the costs the appellee incurs as a result of the appeal."). The need for that insurance is not eliminated because of the possibility that appellate costs might not be incurred.

Further, Feldman and Mahaney's motion for a stay does not implicate Fortman's separate appeal. Fortman's appeal will proceed regardless of the outcome in *Facebook Tracking*. Unlike Feldman and Mahaney, Fortman has not pledged to dismiss his appeal if the Ninth Circuit rejects the objectors' arguments in *Facebook Tracking*. And his appeal raises several distinct issues, not just the one that Feldman and Mahaney believe could be resolved by *Facebook Tracking*. Whatever may be the result in *Facebook Tracking*, Fortman's appeal will require Plaintiffs to incur appellate costs.

**C.      The Court Has the Discretion to Require a $8,500 Bond.**

This Court has discretion over the amount of the bond required. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007) (noting that the abuse of discretion standard applies when the court reviews the amount of a bond). While the objectors argue that costs are likely to be lower than $8,500, Plaintiffs' estimate is wholly consistent with estimates provided,

and bonds required, in similar complex class actions in this District. *See* Dkt. 1191 at 5–6 (collecting cases).

The objectors argue, however, that an unpublished Ninth Circuit decision, *In re Magsafe Apple Power Adapter Litigation*, 571 F. App'x 560 (9th Cir. 2014), limits a bond to no more than several hundred dollars. *Magsafe,* however, is a nonprecedential decision, and courts in this District have regularly required far higher bonds since 2014. Dkt. 1191 at 5–6.  In fact, another nonprecedential Ninth Circuit decision issued after *Magsafe* affirms a bond of $5,000, even though the only appellate costs were those available under Federal Rule of Appellate Procedure 39 (the case featured common-law claims under which attorneys' fees were available to neither party). *Nam Soon Jeon v. 445 Seaside, Inc.*, 637 F. App'x 378, 379 (9th Cir. 2016) (applying law of Hawaii); *see Shoemaker v. Takai*, 561 P.2d 1286, 1289 (Haw. 1977) (Hawaii follows American Rule). Accordingly, no Ninth Circuit precedent has removed this Court's discretion over the amount of the bond. Indeed, this Court has exercised that discretion, even after *Magsafe*. *See Zamora*, 2018 WL 5819511, at *1 (requiring a $5,000 bond).

If, in its discretion, this Court deems a $8,500 bond too high, it should still require a bond. The amount the Court chooses, however, should reflect the purpose of an appeal bond, which is to provide insurance. *Target Corp. Customer Data*, 847 F.3d at 614–15. In keeping with that purpose, the Court would be well within its discretion to require a bond that may ultimately exceed appellate costs, so long as it does not unduly encumber the right of appeal. That right is certainly not abridged by Plaintiffs' request for a modest $8,500 bond, which all agree the objectors can afford.

### III.    CONCLUSION

Plaintiffs respectfully request that the Court require an appeal bond of $8,500, or other amount deemed appropriate, both from objector Fortman and from objectors Feldman and Mahaney.

Pls.' Reply in Supp. of Motions to                           5                    MDL No. 2843
Require Objectors to Post Bond                                          Case No. 18-md-02843-VC
Under Fed. R. App. P. 7

Dated: December 5, 2023                                    Respectfully submitted,


KELLER ROHRBACK L.L.P.                              BLEICHMAR FONTI & AULD LLP

By:    */s/ Derek W. Loeser*                              By:    */s/ Lesley E. Weaver*
       Derek W. Loeser                                            Lesley E. Weaver

Derek W. Loeser (admitted *pro hac vice*)          Lesley E. Weaver (SBN 191305)
Cari Campen Laufenberg (admitted *pro hac vice*)   Anne K. Davis (SBN 267909)
Benjamin Gould (SBN 250630)                        Matthew S. Melamed (SBN 260272)
1201 Third Avenue, Suite 3200                      Joshua D. Samra (SBN 313050)
Seattle, WA 98101                                  1330 Broadway, Suite 630
Tel.: (206) 623-1900                               Oakland, California 94612
Fax: (206) 623-3384                                Tel.: (415) 445-4003
dloeser@kellerrohrback.com                         Fax: (415) 445-4020
claufenberg@kellerrohrback.com                     lweaver@bfalaw.com
bgould@kellerrohrback.com                          adavis@bfalaw.com
                                                   mmelamed@bfalaw.com
Christopher Springer (SBN 291180)                  jsamra@bfalaw.com
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com


*Plaintiffs' Class Counsel*

Pls.' Reply in Supp. of Motions to                        6                        MDL No. 2843
Require Objectors to Post Bond                                                    Case No. 18-md-02843-VC
Under Fed. R. App. P. 7

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of December, 2023, at Oakland, California.

/s/ *Lesley E. Weaver*
Lesley E. Weaver

## CERTIFICATE OF SERVICE

I, Julie Law, hereby certify that on December 5, 2023, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

*/s/ Julie Law*
Julie Law