Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Class Counsel*
*Additional counsel listed on signature page*

Joshua S. Lipshutz (SBN 242557)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel.: 202.955.8500
Fax: 202.467.0539
jlipshutz@gibsondunn.com

Martie Kutscher Clark (SBN 302650)
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301-1744
Tel: 650.849.5300
Fax: 650.849.5333
mkutscherclark@gibsondunn.com

*Attorneys for Defendant Meta Platforms, Inc.*
*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **JOINT REPORT REGARDING REMAINING CASES ON THE DOCKET IN MDL**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor |

The Parties respectfully submit this Joint Report ("Report") in response to the Court's December 1, 2023 Order. *See* Dkt. 1200.

## I. Introduction

This Court's Order Granting Final Approval of Class Action Settlement Pursuant to Federal Rule of Civil Procedure 23(E)(2) ("Final Approval Order") dismissed all actions consolidated within this multidistrict litigation ("MDL") by virtue of the settlement. Dkt. 1189 at 9. However, certain tag-along and related actions have not yet been consolidated with this MDL, including actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") and actions related to this MDL by the Court.[1] These cases should be consolidated into the MDL and, once consolidated, plaintiffs who have opted out may pursue their individual actions once the Effective Date of the Settlement occurs. Those actions should be stayed, however, pending the appeal of the Court's Final Approval Order.

The Parties thus propose that the Court should: (1) enter an order consolidating remaining tag-along or related cases to this MDL; and (2) stay the litigation of all claims brought by opt-out plaintiffs during the pendency of the ongoing appeal in the MDL.

## II. Argument

Since the creation of this MDL, the JPML transferred fifteen actions to this Court by way of conditional transfer orders ("CTOs") for consolidation. *See, e.g.*, CTO-6, JPML Dkt. 194; CTO-5, MDL Dkt. 1179; CTO-4, MDL Dkt. 1141; CTO-3, MDL Dkt. 492; CTO-2, MDL Dkt. 70; CTO-1, MDL Dkt. 9; *see also* "Transfer Order No. 1 by MDL Panel", MDL Dkt. 160.

---

[1] The plaintiffs in several actions transferred pursuant to Conditional Transfer Order (CTO-6), JPML Dkt. 194, have opposed transfer. *See* Plaintiffs' Notice of Opposition to CTO-6, JPML Dkt. 196. As discussed more fully below, whether this Court also consolidates these matters will need to await resolution of this notice of opposition.

However, "[t]ransferred cases are not automatically consolidated in [the transferee's] court. Each case remains a separate action and may be managed separately." THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, *Managing Multidistrict Litigation in Products Liability Cases*: A Pocket Guide for Transferee Judges, (First Edition) 3 (Federal Judicial Center 2011).

Claims in all cases transferred prior to the filing of Plaintiffs' Second Amended Consolidated Complaint, Dkt. 491, were consolidated and incorporated into that superseding complaint. The tag-along actions remaining before this Court are (1) the eight actions transferred pursuant to CTOs entered by the JPML after August 4, 2020, when the Second Amended Consolidated Complaint was filed by Lead Plaintiffs (*see* CTO-6, JPML Dkt. 194, CTO-5, MDL Dkt. 1179, CTO-4, MDL Dkt. 1141, CTO-3, MDL Dkt. 492; *see also* "Transfer Order No. 1 by MDL Panel", MDL Dkt. 160); and (2) *Zimmerman v. Facebook*, 3:19-cv-04591-VC (*see* MDL Dkt. 930). However, as noted above, plaintiffs in the four actions referenced in CTO-6 have opposed transfer. *See* JPML Dkt. 196.

The Parties propose that the actions conditionally transferred by the JPML should be consolidated into this MDL at this time,[2] with the exception of those opposing transfer from CTO-6 until resolution of whether those cases are properly transferred. Similarly, the action filed in this District and related to the MDL under Civil L.R. 3-12 (*Rose v. Facebook*, 3:23-cv-04128-VC) should also be consolidated.

In some of the conditionally transferred or related actions, plaintiffs appear to have opted out of the Parties' settlement. But the Court has recently found that to what "extent [a] plaintiff

---

[2] These cases are *Wilson v. Facebook*, No. 2:20-cv-00189-GJP (transferred via CTO-3, MDL Dkt. 492), *Strothers v. Meta Platforms, Inc.*, 3:23-cv-03217-VC (transferred via CTO-4, MDL Dkt. 1141), and *Dalal v. Meta Platforms, Inc.*, 3:23-cv-05027 (transferred via CTO-5, MDL Dkt. 1179).

has opted out of the settlement . . . is not relevant to whether her case should be related to the MDL." Related Case Order, Dkt. 1203 at 1. Hence, the presence of opt-out plaintiffs does not alleviate the need for consolidation into the MDL.

All eight of the cases to be consolidated also involve at least one plaintiff who appears to have opted out of the settlement. It is within the Court's discretion to stay opt-out actions to manage its docket efficiently. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.("Clean Diesel")*, MDL No. 2672, 2020 WL 5371404, at *1 (N.D. Cal. Sept. 8, 2020) (noting that opt-out actions were stayed immediately upon transfer by the JPML). And here, pending appeals from the Court's final approval order could affect the claims of any plaintiffs who opted out of the settlement such that a stay is in the interest of judicial economy and favorable to all parties to this action. *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962) (factors counseling in favor of issuing a stay include whether a stay would prevent unnecessary expenditure of resources and streamline issues for decision). Although the parties maintain that the appeal in this action has little chance of success, "[i]f the settlement is modified or denied, . . . opt-out Plaintiffs may have the opportunity to and may choose to opt in." *Rego v. Am. Honda Motor Co.*, No. 12-CV-01193, 2012 WL 12953740, at *4 (C.D. Cal. Sept. 20, 2012).

If the Ninth Circuit does not affirm the Court's Final Approval Order as entered, two outcomes could result, both of which counsel in favor of a stay.

First, if the Final Approval Order is not affirmed, Plaintiffs and Facebook could negotiate a revised agreement, and plaintiffs who initially opted out may have an opportunity to join in a modified settlement, mooting individual claims. Allowing individual opt-out matters to move forward at this stage could facilitate one-way-intervention-like gamesmanship, whereby individual plaintiffs could test their own success before this Court now while potentially leaving

open a door to join in a later modified class settlement if they are unsuccessful. *See Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015).

Second, if the Final Approval Order is not affirmed, Plaintiffs and Facebook could decide to resume litigation. As already described, any opt-out cases would need to be rejoined with the putative class action for further consolidated pretrial proceedings if litigation were to proceed. The purpose of relation is to reduce "unduly burdensome duplication of labor and expense or conflicting results." Civil L.R. 3-12(a). If the related opt-out cases were to proceed before the Settlement is final, these efficiencies could be lost, as any consolidated proceeding would include cases in different stages of litigation with different rulings in each, and the Court may need to revisit rulings made in individual matters. Further, class members who opted out of the Settlement have filed individual matters in other jurisdictions. *See* Ex. A to the Report. Many of these cases are subject to Conditional Transfer Orders. If those orders are granted, this Court would be required to adjudicate the jurisdictional challenges pending in those opt-out cases—challenges that may be mooted if the Ninth Circuit does not approve the Court's Final Approval Order as entered.

Finally, the efficiencies gained by staying the remaining MDL cases outweigh any purported harm to opt-out plaintiffs. Mere delay "is not the kind of prejudice which should move a court to deny a requested postponement," particularly here, given the parties have already conducted years of extensive consolidated discovery. *CMAX*, 300 F.2d at 269.

### III.  Conclusion

For the foregoing reasons, the Parties respectfully request that this Court: (1) enter an order consolidating remaining tag-along or related cases to this MDL, with the exception of the four actions referenced in CTO-6, where consolidation should await the Court's resolution of

whether the actions were properly transferred; and (2) stay the litigation of all claims brought by opt-out plaintiffs during the pendency of the ongoing appeal in the MDL.

| | |
|---|---|
| Dated: December 15, 2023 | Respectfully submitted, |
| KELLER ROHRBACK L.L.P. | BLEICHMAR FONTI & AULD LLP |
| By: /s/ *Derek W. Loeser* <br>     Derek W. Loeser | By: /s/ *Lesley E. Weaver* <br>     Lesley E. Weaver |

Derek W. Loeser (admitted *pro hac vice*)
Cari Campen Laufenberg (admitted *pro hac vice*)
Benjamin Gould (SBN 250630)
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com
claufenberg@kellerrohrback.com
bgould@kellerrohrback.com

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Matthew S. Melamed (SBN 260272)
Joshua D. Samra (SBN 313050)
1330 Broadway, Suite 630
Oakland, CA 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com
adavis@bfalaw.com
mmelamed@bfalaw.com
jsamra@bfalaw.com

*Plaintiffs' Class Counsel*

| | |
|---|---|
| Dated: December 15, 2023 | Respectfully submitted, |
| | GIBSON, DUNN & CRUTCHER LLP |
| | By: /s/ *Martie Kutscher Clark* <br>     Martie Kutscher Clark |

Joshua S. Lipshutz (SBN 242557)
jlipshutz@gibsondunn.com
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539

Martie Kutscher Clark (SBN 302650)
mkutscherclark@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

| | |
|---|---|
| Deborah Stein (SBN 224570) | Kristin A. Linsley (SBN 154148) |
| dstein@gibsondunn.com | klinsley@gibsondunn.com |
| 333 South Grand Avenue | 555 Mission Street, Suite 3000 |
| Los Angeles, CA 90071-3197 | San Francisco, CA 94105-0921 |
| Telephone:  213.229.7000 | Telephone:  415.393.8200 |
| Facsimile:  213.229.7520 | Facsimile:  415.393.8306 |

Russell H. Falconer (admitted *pro hac vice*)
rfalconer@gibsondunn.com
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201
Telephone: 214.698.3170
Facsimile: 214.571.2958

*Attorneys for Defendant Meta Platforms, Inc.*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of December, 2023, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver