UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FACEBOOK, INC., CONSUMER
PRIVACY USER PROFILE LITIGATION                                    MDL No. 2843


TRANSFER ORDER


      **Before the Panel:**[*] Plaintiffs in the actions listed on Schedule A move under Panel Rule 7.1 to vacate our order that conditionally transferred their actions to the Northern District of California for inclusion in MDL No. 2843 and, alternatively, ask the Panel to delay ruling until the Middle District of Georgia and Northern District of Georgia rule on plaintiffs' motions to remand to state court. Defendant Meta Platforms, Inc. (Meta), opposes the motions.

      After considering the argument of counsel, we find that these actions involve common questions of fact with the actions transferred to MDL No. 2843, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that centralization was warranted for actions sharing factual questions arising from allegations that Cambridge Analytica and other defendants and third parties exploited Meta's platform to obtain user data, and that Meta should have imposed more robust controls on the use of data by third party applications to prevent this conduct. *See In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 325 F. Supp. 3d 1362 (J.P.M.L. 2018). Plaintiffs in the actions before the Panel allege that Facebook shared or otherwise made accessible to third parties user data and data about users' friends without permission, and did not sufficiently monitor and enforce third-party access or use of that data.

      Plaintiffs do not dispute their actions and the actions in MDL No. 2843 share common factual questions. Instead, in support of their motions to vacate, plaintiffs argue that federal subject matter jurisdiction over their actions is lacking, and their pending motions for remand to state court should be decided before transfer. We are not persuaded by this argument. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[1] *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge."). "This is so even where, as here, plaintiffs assert that the removals were patently improper." *In re Ford Motor*

---

[*]     Judge Nathaniel M. Gorton took no part in the decision of this matter.

[1]     Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

*Co. DPS6 PowerShift Transmission Prods. Liab. Litig.*, 289 F. Supp. 3d 1350, 1352 (J.P.M.L. 2018).

Plaintiffs argue that vacatur will be more convenient for them, but the Panel has found that, "in deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation." *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012). Plaintiffs also argue that discovery was conducted in the MDL, and they can coordinate to minimize duplication. While the parties conducted considerable discovery in the transferee court before a preliminary settlement was reached, final approval of which remains on appeal, common pretrial proceedings have not concluded. Plaintiffs are not the only people who have opted out of the settlement, and all opt-out actions are in a similarly early procedural posture. Coordinated proceedings for these cases should provide significant pretrial efficiencies, but if the transferee judge deems remand of these or any other cases to be warranted, he can suggest Section 1407 remand to return the actions to their transferor courts with a minimum of delay. *See* Panel Rules 10.1-10.3.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Matthew F. Kennelly         David C. Norton
Roger T. Benitez            Dale A. Kimball
Madeline Cox Arleo

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.

ATTEST:
MARK B. BUSBY
Clerk, U.S. District Court
Northern District of California

by: Elizabeth C. Garcia
Deputy Clerk
Date: 05/15/2024

IN RE: FACEBOOK, INC., CONSUMER
PRIVACY USER PROFILE LITIGATION                                   MDL No. 2843

## SCHEDULE A

<u>Middle District of Georgia</u>

JOHNSON, ET AL. v. META PLATFORMS, INC., C.A. No. 5:23−00502

<u>Northern District of Georgia</u>

GLENN, ET AL. v. META PLATFORMS, INC., C.A. No. 1:23−05756
ARRINGTON, ET AL. v. META PLATFORMS, INC., C.A. No. 2:23−00269