UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FACEBOOK, INC., CONSUMER
PRIVACY USER PROFILE LITIGATION                                     MDL No. 2843

ORDER DENYING MOTION FOR RECONSIDERATION

**Before the Panel:** Plaintiffs in the actions listed on Schedule A move the Panel to reconsider our order of April 12, 2024, which transferred their actions to the Northern District of California for inclusion in MDL No. 2843. Defendant Meta Platforms, Inc., opposes the motion for reconsideration.

After considering all argument of counsel, we conclude that we need not reconsider our transfer of these actions to MDL No. 2843. As we previously found, and as plaintiffs do not dispute, these actions share common factual questions with the actions in MDL No. 2843. In moving for reconsideration, plaintiffs argue that the transferor courts were not given adequate time to rule on plaintiffs' motions to remand to state court, because plaintiffs agreed to a lengthy briefing schedule as a "professional courtesy." This is not persuasive reason for us to reconsider our transfer order. While the motions were fully briefed the day after the Panel's hearing, the Panel entered its transfer order two weeks later. Plaintiffs argue that they agreed to a briefing schedule that accommodated defense counsel's workload, but the stipulation extended plaintiffs' briefing time, as well. Defendant removed the actions on December 14, 2023, and, due to the stipulated briefing schedule, plaintiffs' motions for remand were not filed until two months later. Parties are free to stipulate to briefing schedules that accommodate their schedules, but the Panel is not obligated to delay its ruling on that basis, just as the transferor courts were free to deny the parties' request for an extended briefing schedule. As the Panel consistently has held, remand motions can be presented to and decided by the transferee judge. *See, e.g.*, Transfer Order, MDL No. 2843 (J.P.M.L. Apr. 12, 2024), ECF No. 242 at 1. And while transfer of a particular action might inconvenience some parties to that action, such a transfer is often necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re Crown Life Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that the motion for reconsideration of the Panel's April 12, 2024, order transferring the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

| | |
|---|---|
| **IN RE: FACEBOOK, INC., CONSUMER**<br>**PRIVACY USER PROFILE LITIGATION** | MDL No. 2843 |

## SCHEDULE A

<u>Middle District of Georgia</u>

JOHNSON, ET AL. v. META PLATFORMS, INC., C.A. No. 5:23−00502

<u>Northern District of Georgia</u>

GLENN, ET AL. v. META PLATFORMS, INC., C.A. No. 1:23−05756
ARRINGTON, ET AL. v. META PLATFORMS, INC., C.A. No. 2:23−00269