UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FACEBOOK, INC., CONSUMER
PRIVACY USER PROFILE LITIGATION                              MDL No. 2843


**TRANSFER ORDER**


      **Before the Panel:** Plaintiff in the action listed on Schedule A, proceeding *pro se*, moves under Panel Rule 7.1 to vacate our order that conditionally transferred his action (*Zimmerman*) to the Northern District of California for inclusion in MDL No. 2843. Defendant Meta Platforms, Inc. (Meta), opposes the motion.

      After considering the argument of plaintiff and counsel, we find that this action involves common questions of fact with the actions transferred to MDL No. 2843, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that centralization was warranted for actions sharing factual questions arising from allegations that Cambridge Analytica and other defendants and third parties exploited Meta's platform to obtain user data, and that Meta should have imposed more robust controls on the use of data by third party applications to prevent this conduct. *See In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 325 F. Supp. 3d 1362 (J.P.M.L. 2018). Plaintiff in *Zimmerman* alleges that Meta failed to disclose that his personal information was shared with Cambridge Analytica and other unspecified third parties. He also alleges that Meta improperly banned him from its Facebook platform, which caused him harm.

      Plaintiff argues that his action is substantially different from the actions in MDL No. 2843, and that transfer would be inconvenient and burdensome. We are not persuaded by these arguments. While plaintiff's claims regarding his ban from Facebook are unique from most MDL No. 2843 cases, his data privacy-related claims are not. Furthermore, plaintiff filed a similar action directly in the Northern District of California in 2019, and that action is part of MDL No. 2843. The transferee court dismissed plaintiff's non-MDL related claims with prejudice, and his data privacy-related claims are stayed. *Zimmerman* therefore overlaps considerably with his case in MDL No. 2843, and transfer will ensure consistent treatment of his duplicative claims. The Panel has found that, "in deciding issues of transfer under Section 1407, we look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation." *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012).

      That plaintiff has opted out of the pending class-wide settlement does not weigh against transfer. Other plaintiffs have opted out of the settlement, final approval of which remains on appeal, and common pretrial proceedings have not concluded. All opt-out actions are in a similarly

- 2 -

early procedural posture. Coordinated proceedings for these cases should provide significant pretrial efficiencies. If the transferee judge deems remand of these or any other cases to be warranted, he can suggest Section 1407 remand to return the actions to their transferor courts with a minimum of delay. *See* Panel Rules 10.1-10.3.

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Vince Chhabria for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton  Matthew F. Kennelly
David C. Norton      Roger T. Benitez
Dale A. Kimball      Madeline Cox Arleo

**IN RE: FACEBOOK, INC., CONSUMER**
**PRIVACY USER PROFILE LITIGATION**                                MDL No. 2843

## SCHEDULE A

<u>District of District of Columbia</u>

ZIMMERMAN v. META PLATFORMS, INC., et al., C.A. No. 1:23−02139