Derek W. Loeser (admitted *pro hac vice*)
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101
Tel.: (206) 623-1900
Fax: (206) 623-3384
dloeser@kellerrohrback.com

Lesley E. Weaver (SBN 191305)
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, California 94612
Tel.: (415) 445-4003
Fax: (415) 445-4020
lweaver@bfalaw.com

*Plaintiffs' Co-Lead Counsel*

*Additional counsel listed on signature page*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION | MDL No. 2843<br>Case No. 18-md-02843-VC |
| This document relates to:<br><br>ALL ACTIONS | **PLAINTIFFS' OPPOSITION TO COMPLAINT-REQUEST TO INTERVENE AS A THIRD-PARTY PLAINTIFF**<br><br>Judge: Hon. Vince Chhabria<br>Courtroom: 4, 17th Floor |

Jerome Clarke has filed a "Complaint-Request to Intervene as [a] Third Party Plaintiff." Compl.-Req. to Intervene as Third-Party Pl. ("Mot.") at 1 (Dkt. No. 1222). Mr. Clarke states that he was a Facebook user in the United States from 2007 through 2025, and that Defendant sold his personal information to third parties. *Id.* at 2. He seeks to intervene in this action to obtain "a legally binding and enforceable right to [a] benefit" under the Settlement here, which he terms a "consent decree." *Id.* at 3.

Intervention is governed by Rule 24, which provides for two kinds of intervention: intervention as of right and permissive intervention. A timely movant may intervene as of right if it has an "unconditional right to intervene" under a federal statute, or if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Permissive intervention may be granted when a timely movant has "a conditional right to intervene" under a federal statute or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Even if these conditions are satisfied, however, a district court has discretion to deny permissive intervention. *Donnelly v. Glickman*, 159 F.3d 405, 512 (9th Cir. 1998).

***1. Intervention as of right.*** If a would-be intervenor's motion is not timely, the motion may be denied. Here, Mr. Clarke's motion may well be untimely under the relevant factors, *see United States v. Oregon*, 913 F.2d 576, 588–89 (9th Cir. 1990), especially since notice to the class was completed approximately two years ago, *see* Order Granting Final Approval ¶ 4 (Dkt. No. 1182).

More importantly, however, Mr. Clarke's interests have been "adequately represent[ed]," Fed. R. Civ. P. 24(a)(2), by the Class Representatives and Class Counsel. According to the statements in his motion, Mr. Clarke is a member of the Settlement Class. *See* Order Granting Final Approval ¶ 5 (class definition). He appears to seek benefits under the Settlement Agreement. *See* Mot. at 3. It is through the claims process, rather than through intervention, that

Settlement Class Members have been able to claim benefits under the Settlement Agreement. And this Court has ruled that the Settlement's "methods of processing claims and distributing funds to Class Members are fair and adequate." Order Granting Final Approval ¶ 10(f); *see also id.* ¶¶ 7–8 (confirming a previous ruling that Class Representatives and Class Counsel adequately represented the Settlement Class). Thus, Mr. Clarke's interest in seeking benefits under the Settlement Agreement is adequately represented. *See, e.g.*, *Opperman v. PATH, Inc.*, No. 13-cv-00453-JST, 2015 WL 12941889, at *2 (N.D. Cal. Jan. 5, 2015).

Unfortunately, the Settlement Administrator has received no claim form or opt-out from Mr. Clarke. *See* Decl. of Derek W. Loeser and Lesley E. Weaver in Supp. of Pls.' Opp'n ¶ 2 (filed herewith). That fact by itself, however, does not call into question the Court's previous rulings that the processes for submitting claims or opting out were fair.

Because his interest in seeking benefits under the Settlement has been adequately represented, and because Plaintiffs are aware of no federal statute that grants him an unconditional right to intervene, Mr. Clarke has failed to show that he is entitled to intervention as of right.

*2. Permissive intervention.* Plaintiffs will assume that Mr. Clarke "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). As noted above, however, his motion is likely untimely, *see United States v. Oregon*, 913 F.2d at 589 (denying permissive intervention on this basis), and in any event the factors that courts examine in this context disfavor intervention. *See Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011). Mr. Clarke does not appear to assert claims, or allege injuries, that are in any way different from the Settlement Class's. *See Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (class representative and would-be intervenor "represent[ed] the same legal right and interest"); *see also* William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 9:36 (6th ed. Nov. 2024 update) (permissive intervention "tends to be granted somewhere between the Scylla of the intervenor adding nothing to the case, . . . and the Charybdis of the intervenor adding too much"). He does not explain how

his interests are not adequately represented by the appointed Class Representatives and Class Counsel. *See Callahan*, 42 F.4th at 1023 (noting that adequate representation is a relevant factor for permissive intervention). Nor does he explain how his participation in this now-completed action "would significantly contribute to full development of the underlying factual issues in the suit." *Id.* (quotation and citation omitted). Permissive intervention should therefore be denied. *See, e.g.*, *Opperman*, 2015 WL 12941889, at *2.

*   *   *

For the reasons given above, the Court should deny Mr. Clarke's motion to intervene. Denial of that motion moots his request for class certification and other relief. *See, e.g.*, *Apple Inc. v. Iancu*, No. 5:20-CV-06128-EJD, 2021 WL 411157, at *6 (N.D. Cal. Feb. 5, 2021) (denying intervention and denying proposed intervenors' requests for further relief as moot).

Dated: May 13, 2025                                             Respectfully submitted,

| KELLER ROHRBACK L.L.P. | BLEICHMAR FONTI & AULD LLP |
|---|---|
| By:  */s/ Derek W. Loeser*<br>      Derek W. Loeser | By:  */s/ Lesley E. Weaver*<br>      Lesley E. Weaver |
| Derek W. Loeser (admitted *pro hac vice*)<br>Cari Campen Laufenberg (admitted *pro hac vice*)<br>Benjamin Gould (SBN 250630)<br>1201 Third Avenue, Suite 3400<br>Seattle, WA 98101<br>Tel.: (206) 623-1900<br>Fax: (206) 623-3384<br>dloeser@kellerrohrback.com<br>claufenberg@kellerrohrback.com<br>bgould@kellerrohrback.com | Lesley E. Weaver (SBN 191305)<br>Anne K. Davis (SBN 267909)<br>Joshua D. Samra (SBN 313050)<br>1330 Broadway, Suite 630<br>Oakland, California 94612<br>Tel.: (415) 445-4003<br>Fax: (415) 445-4020<br>lweaver@bfalaw.com<br>adavis@bfalaw.com<br>jsamra@bfalaw.com |

Christopher Springer (SBN 291180)
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
cspringer@kellerrohrback.com

*Plaintiffs' Co-Lead Counsel*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Derek W. Loeser, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of May, 2025, at Seattle, Washington.

/s/ Derek W. Loeser
Derek W. Loeser

## CERTIFICATE OF SERVICE

      I, Sarah Skaggs, hereby certify that on May 13, 2025, I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to all counsel of record.

      In addition, on May 13, 2025, I caused the foregoing to be transmitted to Jerome Clarke via U.S. Mail (Priority Mail Express) at the following address (see Dkt. 1223):

Mr. Jerome Clarke, GDC #84959
Clayton Transitional Center
P.O. Box 16158
Atlanta, GA 30321

      /s/ *Sarah Skaggs*
      Sarah Skaggs