UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FACEBOOK, INC., CONSUMER
PRIVACY USER PROFILE LITIGATION                                    MDL No. 2843

ORDER DENYING TRANSFER

**Before the Panel**:[*]   Defendant Meta Platforms, Inc. (Meta) moves under 28 U.S.C. § 1407(c) to transfer the Central District of California *O'Neill* action listed on Schedule A to the Northern District of California for inclusion in MDL No. 2843.  Plaintiff, proceeding *pro se*, opposes transfer.[1]

MDL No. 2843 involves allegations that Cambridge Analytica, other defendants, and third parties exploited Meta's platform to obtain user data, and that Meta should have imposed more robust controls on the use of data by third party applications to prevent such conduct.  *See In re Facebook, Inc., Consumer Privacy User Profile Litig.*, 325 F. Supp. 3d 1362 (J.P.M.L. 2018). Plaintiff in *O'Neill* alleges that Meta shared or otherwise made accessible to third parties user data and data of users' friends, misled users about its privacy tools, and did not sufficiently monitor and enforce third party access to or use of user data.  These allegations undoubtedly share questions of fact with MDL No. 2843.  Plaintiff alleges her action is unique because her complaint also includes assertions about her website and Facebook user profiles using the "Like" button embedded on it.

Much of plaintiff's complaint overlaps with the allegations in the MDL.  But we need not reach the issue of whether this particular action is sufficiently related to justify transfer because, based on our review of the progress of this litigation, and after consultation with the transferee judge, we conclude that inclusion of this and other related actions in MDL No. 2843 no longer is necessary to achieve the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407(a).

As we have noted, the relative merits of transferring new tag-along actions to an ongoing MDL can change over time as the transferee court completes its primary tasks and cases already in the centralized proceedings progress towards trial or other resolution.  *See* MDL No. 1769, *In re Seroquel Prods. Liab. Litig.*, Order Vacating Conditional Transfer Order (J.P.M.L. Feb. 5,

---

[*]        Judge David C. Norton took no part in the decision of this matter.

[1]        Plaintiff filed her opposition to transfer on the Central District of California docket, rather than with the Panel.  Defendant has helpfully included her brief as an attachment.

- 2 -

2010), ECF No. 344, at 1. The point at which the advantages of continuing to transfer tag-along actions outweigh the disadvantages is never absolutely clear, and it necessarily will vary depending on the circumstances of the particular MDL. *See id*. After a certain point, however, the benefits of transfer should not be assumed to continue. *See id*.

After considering the parties' arguments, we will deny the motion to transfer. We centralized this docket in August 2018. In the nearly eight years that have passed since then, the parties "conducted extensive consolidated class action discovery,"[2] and Judge Vince Chhabria has made considered and useful rulings on procedural and substantive issues. In October 2023, he granted final approval of a nationwide class settlement, which was affirmed by the Ninth Circuit in February 2025. The litigation is quite mature. Adding more individual cases to the MDL at this time, in our view, would delay its resolution unnecessarily. Meta argues that transfer prevents delay because Meta must otherwise move to dismiss for improper venue based on its forum selection clause, and plaintiff may refile her case in the Northern District of California. The outcome of any anticipated motions and plaintiff's response are too speculative to justify transfer on that basis.

The presiding judge may find useful guidance in Judge Chhabria's pretrial rulings. Though we are denying transfer, we nevertheless encourage the parties to pursue various alternative approaches, should the need arise, to minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g.*, *In re Eli Lilly & Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* MANUAL FOR COMPLEX LITIG., FOURTH, § 20.14 (2004).

---

2       *See* Deft's Br. In Supp. of Deft's Mot. for Tr., MDL No. 2843 (J.P.M.L. Dec. 29, 2025), ECF No. 258-1, at p. 9.

- 3 -

IT IS THEREFORE ORDERED that the motion to transfer the action listed on Schedule A to MDL No. 2843 is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| Roger T. Benitez | Dale A. Kimball |
| Madeline Cox Arleo | |

**IN RE: FACEBOOK, INC., CONSUMER
PRIVACY USER PROFILE LITIGATION**                    MDL No. 2843

## SCHEDULE A

Central District of California

O'NEILL v. META PLATFORMS, INC., C.A. No. 8:25-02767