Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, California 94301-1744
Telephone:    650.849.5300

Attorneys for Defendant
META PLATFORMS, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: FACEBOOK, INC. CONSUMER PRIVACY USER PROFILE LITIGATION, <br><br> This document relates to: <br><br> ALL ACTIONS | CASE NO. 3:18-MD-02843-VC <br><br> **DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| CASSANDRA O'NEILL <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC. <br><br> Defendant. | CASE NO. 5:26-CV-04492 <br><br> **PROPOSED CASE TO BE RELATED** |

Defendant Meta Platforms, Inc. ("Facebook")[1] submits this Administrative Motion under Civil Local Rules 3-12 and 7-11 to give notice that the action *O'Neill v. Meta Platforms, Inc.*, 5:26-cv-04492, pending before the Honorable Susan van Keulen is "related," as the term is defined in the Civil Local Rules, to *In re Facebook, Inc. Consumer Privacy User Profile Litigation*, 3:18-md-02843-VC (the "MDL"), which is pending before this Court.  Because *O'Neill* raises substantially similar issues of fact and law, and litigating *O'Neill* before a different judge would result in duplication of judicial resources, the Court should consider whether *O'Neill* should be related to the MDL and assigned to this Court.

## I.  INTRODUCTION

Whenever a party knows that an action is "related to an action which is or was pending in this District . . . , the party *must* promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related."  Civil L.R. 3-12(b) (emphasis added). *O'Neill* and the MDL "concern substantially the same parties, property, transaction, or event," and there will be "an unduly burdensome duplication of labor and expense" if *O'Neill* is conducted before a different Court.  Civ. L.R. 3-12(a).

O'Neill is a class member bound by the class settlement approved in the MDL by this Court on October 10, 2023, and she asserts the same allegations and causes of action as the operative MDL complaint.  This Court has overseen the MDL for eight years, retains jurisdiction to enforce the class settlement, and is intimately familiar with the substantive issues relevant to *O'Neill*.  Meta therefore notifies the Court that *O'Neill* is "related" to the MDL under Civil Local Rule 3-12.

---

[1] Facebook, Inc. changed its name to Meta Platforms, Inc. in 2021.  Meta Platforms, Inc. is referred to as "Facebook" throughout, as the events at issue occurred on the Facebook platform and at a time when the company was incorporated as "Facebook, Inc."

1

DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED - CASE NO. 3:18-MD-02843-VC

## II.  STATEMENT OF FACTS

In March 2018, following widespread press about Cambridge Analytica's alleged misuse of Facebook user data, dozens of lawsuits were filed against Facebook.  These lawsuits alleged that Facebook shared user data with third parties without consent or sufficient disclosure and insufficiently monitored third parties' use of user data or compliance with Facebook's data use policies.  Those actions were consolidated before this Court and litigated as a consolidated class action.  And as more cases challenging Facebook's alleged misconduct have been filed, this Court has routinely ordered them related to the MDL, even after approval of the class settlement in October 2023.  *See, e.g.*, ECF Nos. 155 (Oct. 3, 2018), 161 (Oct. 9, 2018), 320 (Oct. 9, 2019), 1203 (Dec. 7, 2023).

O'Neill pleads that she has been a Facebook user since she signed up for Facebook in 2011. SAC ¶ 27.  And her operative complaint copies nearly verbatim approximately 250 paragraphs and 23 causes of action from the MDL complaint.  *Compare* Reischl Decl. Ex. 1 ("SAC"), *with* ECF No. 491 ("MDL Complaint").

In compliance with Civil Local Rule 7-11, Facebook has conferred with O'Neill, who has stated she opposes this motion.  Reischl Decl. ¶ 5.

## III.  ARGUMENT

Civil Local Rule 3-12 provides that "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  *O'Neill* satisfies both requirements and is accordingly related to the MDL.

*First*, *O'Neill* and the MDL do not just "concern substantially the same parties, . . . transaction, or event," Civ. L.R. 3-12(a)(1), they concern the *same* parties and events. As a Facebook user since 2011, SAC ¶ 27, O'Neill is a member of the MDL Class comprising "[a]ll Facebook users in the United States between May 24, 2007, and December 22, 2022." ECF No. 1184 at 1.

O'Neill also copies approximately 250 paragraphs of allegations and 23 causes of action directly from the operative MDL Complaint. Just like the MDL Complaint, the SAC includes several-dozen paragraphs that discuss in detail the Cambridge Analytica incident and its aftermath. *See e.g.*, SAC ¶¶ 3–4, 16–20, 45-51, 71-75, 83–99. And like the MDL complaint, O'Neill's SAC alleges that Facebook allowed app developers and other third parties to access user data without user consent, including via a user's friends. *Compare* SAC ¶¶ 2–15, 34–38, 47–58, 70–74, *with* MDL Compl. ¶¶ 2–15, 229–33, 338–440, 543–47. The SAC also alleges that Facebook whitelisted certain third-party applications and preferred business partners to continue accessing user information and monetize user data. *Compare, e.g.*, SAC ¶¶ 6, 59, 107, 152, *with* MDL Compl. ¶¶ 430–64. Finally, like the MDL Complaint, Plaintiff alleges that Facebook failed to adequately enforce its policies and prevent third parties from misusing and profiting from user data. *Compare* SAC ¶¶ 45–46, 59–65, 143–45, 205, *with* MDL Compl. ¶¶ 465–82.

Plaintiff's copying of the MDL Complaint is so pervasive that it lifts the exact text of the MDL causes of action, down to the numbering of the claims. Plaintiff likewise copies the MDL Plaintiffs' bifurcation of claims into "Prioritized" and "Non-Prioritized" categories—an artifact of lead class counsel's decision to preserve, but not pursue, numerous claims from the actions consolidated in the MDL. Compare SAC ¶ 100, with MDL Complaint ¶ 775. Indeed, the copying is so comprehensive that, although O'Neill proceeds pro se on an individual basis, the SAC

contains numerous references to investigations conducted by legal counsel (e.g., SAC ¶¶ 11, 50) and repeatedly refers to "Plaintiffs" a "Class," and a "Class Period" (e.g., SAC ¶¶ 13, 20, 63–65, 90, 95, 126, 129, 181–184).

**Second**, given the similarity of *O'Neill* to the MDL, litigating *O'Neill* before another judge will create "an unduly burdensome duplication of labor and expense" or a risk of "conflicting results" under Civil Local Rule 3-12(a)(2). This Court has overseen the MDL for eight years. During this time, the Court has become intimately familiar with the factual and legal issues underlying the *O'Neill* complaint and issued substantive rulings regarding the precise issues that *O'Neill* raises. Critically, the Court also retains jurisdiction to enforce the terms of the MDL class settlement—including the release of claims by class members, which will be central to Facebook's motion to dismiss. *See* ECF No. 1184 at 2. Given the substantial judicial resources already invested by this Court in the MDL, it would be an undue duplication of labor for another judge to adjudicate the same factual and legal questions in the MDL that lie at the heart of O'Neill's allegations. And considering the near-total overlap of O'Neill's complaint with the MDL Complaint, there is a risk of inconsistent decisions if *O'Neill* is litigated before a judge less familiar with the MDL. Accordingly, as defined in Civil Local Rule 3-12(a), *O'Neill* is "related" to the MDL.

### IV.  CONCLUSION

For the foregoing reasons, pursuant to Civil Local Rule 3-12, this Court should find *O'Neill* related to the MDL.

DATED:  May 18, 2026

Respectfully submitted,

**GIBSON, DUNN & CRUTCHER, LLP**

By:  */s/  Martie Kutscher*
Martie Kutscher (SBN 302650)
mkutscherclark@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, California 94301-1744
Telephone:650.849.5300

*Attorneys for Defendant Meta Platforms, Inc.*

DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED - CASE NO. 3:18-MD-02843-VC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of May, 2026, I electronically transmitted the foregoing document, and accompanying submissions, to the Clerk's Office using the CM/ECF System.

I further certify that some of the participants in this case are not registered CM/ECF users. On this 18th day of May, 2026, I caused a copy of the foregoing document, and accompanying submissions, to be served on the following non-CM/ECF participant by placing in a sealed United Parcel Service envelope, affixing a pre-paid air bill, and causing the envelope to be delivered to a United Parcel Service agent for delivery:

Cassandra O'Neill

2150 S. State College Blvd #3075

Anaheim, CA 92806

Dated: May 18, 2026                                   Respectfully submitted,

                                                            /s/ *Martie Kutscher*
                                                            Martie Kutscher